PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Fl.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward, Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable, Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | Adv. Proc. No. 21-03004-sgj |
| v. | § | |
| | § | Civil Case No. 3:21-CV-00881-X |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., | § | |
| | § | |
| Defendant. | § | |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

**PLAINTIFF'S REPLY TO DEFENDANT'S LIMITED OBJECTION TO REPORT
AND RECOMMENDATION OF THE BANKRUPTCY COURT RELATING TO
DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE**

Highland Capital Management, L.P., the above-captioned Plaintiff (the "Debtor"), by and through its undersigned counsel, hereby files this reply (this "Reply") to the *Defendant's Limited Objection to Report and Recommendation* [Docket No. 5 in Civil Case No. 3:21-CV-00881-X][2] (the "Objection") filed by Defendant Highland Capital Management Fund Advisors, L.P. ("HCMFA" or "Defendant").  For the reasons set forth herein, the Objection should be overruled by the District Court, and the Report and Recommendation of the Bankruptcy Court [Docket No. 2] (the "Report") should be adopted by the District Court.

In support hereof, the Debtor represents as follows:

## I.     PRELIMINARY STATEMENT

1.      By the Objection, HCMFA, an entity controlled by Mr. Dondero,[3] again tries to reargue its disputes with the Debtor, thereby needlessly creating more delay and adding more expense for the Debtor's estate.  HCMFA filed a motion to withdraw the reference, and it and the Debtor fully briefed and argued the relevant issues before the Bankruptcy Court, which court then issued its Report to the District Court.  This matter is now before the District Court for determination.  Nonetheless, HCM, together with Mr. Dondero and other Dondero-controlled entities in their own adversary proceedings involving the Debtor, continue their campaign to harass the Debtor.

---

[2] Unless otherwise noted, all references herein to docket numbers are to the docket of Civil Case No. 3:21-CV-00881-X.

[3] Mr. Dondero is the former principal of the Debtor from its inception until his resignation in January 2020 and ultimate ouster by the Debtor in October 2020.

2.      Ironically, the Bankruptcy Court ***granted*** the substantive portion of HCMFA's motion -- recommending that the District Court finally determine the merits of underlying claims -- while retaining jurisdiction over pre-trial matters, including issuing any reports or recommendations concerning any dispositive motions, a common practice in resolving motions to withdraw the reference.

3.      Indeed, in two other adversary proceedings involving Dondero-affiliated entities, the respective reports and recommendations issued by Judge Jernigan involving nearly identical arguments were recently adopted by the District Court (Judges Cummings and Godbey, respectively) (the "Accepted Reports").  In both actions, the Bankruptcy Court will handle all pre-trial matters.  *See Order Adopting Bankruptcy Court Report and Recommendation*, Docket No. 5 in *Highland Capital Mgmt. LP, et al. v. Highland Capital Management Services, Inc.*, Civil Case No. 3:21-CV-01378-N (Judge Godbey); *Order Adopting Bankruptcy Court Report and Recommendation*, Docket No. 10 in *Highland Capital Mgmt. LP, et al. v. NexPoint Advisors LP*, Civil Case No. 3:21-CV-00880-C (Judge Cummings).

4.      Notably, HCMFA cites no legal predicate for even submitting the Objection for the District Court's consideration.  Without any basis in statute, the Bankruptcy Rules, or otherwise,[4] Defendant wants yet another opportunity to object, forcing the Debtor to, among other things, bear the costs of responding and divert estate resources and attention.  The District Court should disregard the Objection in its entirety on that basis alone.

5.      HCMFA does add one new argument – that the Bankruptcy Court is biased towards Mr. Dondero and entities affiliated with him, including HCMFA.  HCMFA made no such argument in its motion to withdraw the reference [Docket No. 21 in Adv. No. 21-03004-sgj] (the

---

[4] The Report contains no provision allowing for further briefing or objections.

"Withdrawal Motion") or in its reply in support of the Withdrawal Motion [Docket No. 30 in Adv. No. 21-03004-sgj] (the "Withdrawal Reply").  Consequently, the Debtor did not address this issue in its objection to the Withdrawal Motion [Docket No. 28 in Adv. No. 21-03004-sgj].

6.       The District Court should not consider Defendant's newly-asserted bias argument on the ground that it is procedurally improper.  But even if the District Court reviewed this argument, it is of no consequence.  As explained in the Recusal Brief (defined below), Defendant's claims of bias or prejudice by the Bankruptcy Court are groundless.

7.       Although the Bankruptcy Court rejected certain of the Debtor's positions, the Debtor urges the District Court to adopt the Report.  The underlying action is a garden-variety collection action in which the Debtor seeks to recover on unambiguous demand notes.  The Debtor seeks a prompt resolution of this matter, and, based on the circumstances, believes the Bankruptcy Court's recommendation that the Bankruptcy Court retain and handle all pre-trial matters (including any summary judgment or other dispositive pre-trial motions, provided that the Bankruptcy Court will submit a report and recommendation to the District Court as to such motions) is well-supported and appropriate.

## II.       DEFENDANT'S AGAIN-ASSERTED JUDICIAL ECONOMY ARGUMENT HAS THE SITUATION BACKWARDS:  HAVING THE BANKRUPTCY COURT ADDRESS ALL PRE-TRIAL MATTERS WILL FOSTER JUDICIAL ECONOMY

8.       Defendant again argues that judicial economy calls for immediate withdrawal of the action, notably because of the potential filing of summary judgment motions that, Defendant contends, cannot be resolved by the Bankruptcy Court.  (Objection at 4-5).

9.       HCMFA fails to mention that the Bankruptcy Court is very familiar with the litigants, the claims, and the defenses in the underlying action, having already dealt with the litigants in this action as well as in other adversary proceedings and contested matters litigated before the Bankruptcy Court over the past year.  Indeed, if the Objection were sustained, there

would be a risk of inconsistent decisions because the Bankruptcy Court is already handling all pre-trial matters for those cases subject to the Accepted Reports – cases in which the same witnesses will be testifying and which are therefore being consolidated for purposes of discovery.

10.     Moreover, if the Objection is overruled the Bankruptcy Court will provide to the District Court an appropriate, fully-developed record and a detailed report of findings and recommendations, facilitating the District Court's review and decisions in the adversary proceeding.  Given the patent judicial economy and judicial efficiency benefits, the Debtor understands that it is a common practice for bankruptcy courts to handle pre-trial matters, including summary judgment motions and other dispositive motions, in this District.  *See, e.g.*, *Accepted Reports.  See also City Bank v. Compass Bank*, 2011 U.S. Dist. LEXIS 129654, at \*14 (W.D. Tex. Nov. 9, 2011) ("efficiency concerns counsel in favor of allowing this claim to proceed in bankruptcy court, and only withdrawing the referral if a jury trial becomes necessary"); *In re Blake*, 400 B.R. 200, 207 (Bankr. S.D. Tex. 2008) ("The right to a jury trial does not preclude a bankruptcy court from resolving pre-trial dispositive motions.  A right to a jury trial does not arise until jury issues are presented") (numerous Fifth Circuit citations omitted); *Schott v. Massengale*, 2020 U.S. Dist. LEXIS 113810, at \*18 (M.D. La. June 30, 2020) ("[T]he Court finds that withdrawing only the trial portion, leaving the remainder of the case to be handled by the bankruptcy court is the more pragmatic option for efficient case administration.  In addition, it decreases the risk of forum shopping, while protecting the right to a jury trial in an Article III court if the case proceeds to trial.")

11.     Allowing the Bankruptcy Court to handle all discovery and other pre-trial matters will further the important goals of judicial economy, the promotion of uniformity and efficiency

in bankruptcy administration, and the mitigation of forum shopping by Mr. Dondero and his affiliates and the delays and costs to the Debtor's estate.

**III.   DEFENDANT'S ALLEGED JUDICIAL BIAS ARGUMENT, WHICH WAS NOT PREVIOUSLY RAISED AS A REASON FOR WITHDRAWAL OF THE REFERENCE IN THIS ACTION, IS BASELESS, AS PROPERLY CONCLUDED BY THE BANKRUPTCY COURT IN DENYING THE SEPARATE RECUSAL MOTION**

12.     In the Objection, HCMFA now alleges that Judge Jernigan is biased against Mr. Dondero and his affiliates such that the District Court should preclude the Bankruptcy Court from adjudicating this matter by withdrawing the reference.  (Objection at 5-10).   This self-serving allegation of bias was not asserted in the Withdrawal Motion or the Withdrawal Reply.

13.     Any argument relating to "bias" is entirely irrelevant to the Bankruptcy Court's Report, as such argument was the subject of a separate motion decided by the Bankruptcy Court, [Bankr. Docket Nos. 2061 and 2083] (the "Recusal Motion" and "Recusal Order," respectively), and is subject to a pending appeal before the District Court (the "Recusal Appeal"), Case No. 3:21-CV-00879-K.  [D. Ct. Docket Nos. 16 and 20] ("Recusal Brief" and "Debtor's Response").[5]

14.     HCMFA's reliance on *Cooley v. Foti*, No. CIV.A. 86-3704, 1988 WL 10166, 1988 U.S. Dist. LEXIS 1131 (E.D. La. Feb. 5, 1988) is equally inappropriate.  There, the court found that "extraordinary circumstances" warranted withdrawal of the reference of a magistrate judge, pursuant to 28 U.S.C. § 636, where the evidence showed "a degree of anger so pervasive as to amount to personal bias." *Id.* at *5.  Here, the Defendant offers no evidence of "bias" because none exists.  *See generally* Recusal Brief and Recusal Order.   Any arguments relating to "bias" should be summarily rejected by the Court.

---

[5] To the extent the Court considers the Defendant's "bias" argument, the Debtor incorporates by reference the entirety of its Recusal Brief, and the exhibits in support thereof, as if fully set forth herein.

15.     In sum, the District Court should reject Defendant's belated argument of "bias" as another improper, unjustified attempt to relitigate rulings unfavorable to Mr. Dondero and his affiliates.

## IV.   <u>**CONCLUSION**</u>

For the reasons set forth herein, the Debtor respectfully requests that the Court (i) overrule HCMFA's Objection; (ii) adopt the Bankruptcy Court's findings and recommendations in the Report; and (iii) grant such other and further relief as the Court deems just and proper.

Dated: August 5, 2021.     **PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA  90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760
Email:        jpomerantz@pszjlaw.com
                   ikharasch@pszjlaw.com
                   jmorris@pszjlaw.com
                   gdemo@pszjlaw.com
                   hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Debtor and Debtor-in-Possession*