PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § | |
| Plaintiff, | § § § | Adv. Proc. Nos. 21-3005; 21-3006; 21-3007 |
| vs. | § § § | Case No. 3:21-cv-00881 |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., | § § § | |
| Defendant. | § § | |

# TABLE OF CONTENTS

**Page**

I.     PRELIMINARY STATEMENT ................................................................................. 1

II.    RELEVANT FACTS ............................................................................................... 3

    A.   The Note Action ............................................................................................ 3

    B.   NexPoint's Affirmative Defense .................................................................. 4

    C.   The Shared Services Agreement ................................................................... 5

    D.   The Adversary Proceeding is Referred to the Bankruptcy Court for Pretrial Proceedings ................................................................................................... 5

    E.   The Court Enters the Scheduling Order ........................................................ 6

    F.   Mr. Waterhouse Testifies that Mr. Dondero Instructed Him Not to Make Any Payments to Highland ................................................................................... 6

    G.   Defendant Files the Motion to Modify the Scheduling Order ....................... 6

    H.   The Bankruptcy Court Denies the Motion to Modify .................................... 9

        1.   Rule 16(b) .......................................................................................... 9

        2.   NexPoint's Explanation for Failing to Previously Identify Expert was Inadequate ........................................................................................ 10

        3.   The Expert Testimony is Improper and Unwarranted .......................... 10

        4.   Highland Would Suffer Prejudice if the Scheduling Order was Modified ........... 11

    I.   Defendant Files the Instant Motion .............................................................. 11

III.   ARGUMENT ...................................................................................................... 12

    A.   The Motion is Procedurally Improper .......................................................... 12

        1.   The Rule 54 Motion was Improperly Filed in this Court ..................... 12

        2.   The Rule 72 Motion is Procedurally Improper Because the Bankruptcy Court is not a Magistrate Judge ........................................................... 13

    B.   The Motion is Without Merit ....................................................................... 15

DOCS_NY:44982.7 36027/003

1.  The Rule 54 Motion is Without Merit ........................................................................ 16

2.  The Rule 72 Objection is Without Merit ................................................................... 19

CONCLUSION ........................................................................................................................... 25

DOCS_NY:44982.7 36027/003

## TABLE OF AUTHORITIES

**Cases**

*Askanase v. Fatjo*,
  130 F.3d 657 (5th Cir. 1997) ........................................................................... 25

*Binh Hoa Le v. Exeter Fin. Corp.*,
  3:15-CV-3839-L, 2019 WL 1436375 (N.D. Tex. Mar. 31, 2019)...................... 10, 22

*Caramba, Inc. v. Nationwide Mutual Fire Ins. Co.*,
  No. H-19-1973, 2021 WL 259388 (S.D.Tex. Jan. 26, 2021) ........................... 12, 17

*Cook v. Flight Services and Systems, Inc.*,
  NO. 16-15759, 2018 WL 6591919 (E.D. La. Dec. 14, 2018) .......................... 13, 18

*Cormier v. Turnkey Cleaning Services, L.L.C.*,
  295 F.Supp.3d 717 (E.D. La 2017) ................................................................. 19

*DAC Surgical Partners P.A. v. United Healthcare Services, Inc.*,
  4:11-CV-1355, 2017 WL 3484507 (S.D. Tex. Aug. 14, 2017) ........................ 17, 19

*Daniels v. Bowles*,
  CIV.A. 3:03-CV-1555-, 2004 WL 1810658 (N.D. Tex. Aug. 9, 2004) ................. 18

*Dell Computer Corporation v. Rodriguez*,
  390 F.3d 377 (5th Cir.2004) ........................................................................... 20

*eTool Dev., Inc. v. Nat'l Semiconductor Corp.*,
  881 F. Supp. 2d 745 (E.D. Tex. 2012) ............................................................ 16, 17

*Flax v. Quitman County Hosp., LLC*,
  2:09-CV-101-M-D, 2011 WL 3585870 (N.D. Miss. Aug. 16, 2011) ................... 24

*Geiserman v. MacDonald*,
  893 F.2d 787 (5th Cir. 1990) ................................................................... passim

*Grand Time Corp. v. Watch Factory, Inc.*,
  3:08-CV-1770-K, 2009 WL 10678210 (N.D. Tex. Nov. 18, 2009) ................... 9, 10

*Guy v. Crown Equip. Corp.*,
  394 F.3d 320 (5th Cir.2004) ........................................................................... 17

*Hamilton v. First American Title Ins. Co.*,
  No. 3:07–CV–1442–G, 2010 WL 791421 (N.D.Tex. Mar. 8, 2020) .................... 19, 20, 21, 22

*Hanspard v. Otis Elevator Co.*,
  CIV.A. 05-1292, 2007 WL 839994 (W.D. La. Jan. 12, 2007) ........................... 24

*Hightower v. Group 1 Automotive, Inc.*,
  NO. 15-1284, 2016 WL 3430569 (E.D. La. June 22, 2016)........................ 16, 17, 19

*Hirsch v. Ushealth Advisors, LLC*,
  4:18-CV-00245-P, 2020 WL 1271374 (N.D. Tex. Mar. 12, 2020) .................... 23, 25

*In re Adelphi Institute, Inc.*,
  112 B.R. 534 (S.D.N.Y. 1990) .................................................................................... 15

*In re Kennedy*,
  48 B.R. 621 (Bankr. D. Ariz. 1985) ............................................................................ 14

*In re Lion Capital Group*,
  46 B.R. 850 (Bankr. S.D.N.Y. 1985) .......................................................................... 14

*In re M & L Business Mach. Co., Inc.*,
  159 B.R. 932 (D. Col. 1993) ................................................................................. 14, 15

*In re THB Corp.*,
  94 B.R. 797 (Bankr. D. Mass. 1988) .......................................................................... 14

*In re Trinsum Group, Inc.*,
  467 B.R. 734 (Bankr. S.D.N.Y. 2012) ........................................................................ 13

*Jenkins v. Robotec, Inc.*,
  No. 1:09cv150HSO-JMR, 2009 WL 5166252 (S.D.Miss. Dec. 29, 2009) ...................... 19, 21

*Lexington Insurance Company v. ACE American Insurance Co.*,
  192 F.Supp.3d 712 (S.D.Tex. 2016) ...................................................................... 12, 19

*Minnis v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.*,
  CV 13-00005-BAJ-RLB, 2014 WL 12811456 (M.D. La. Aug. 15, 2014) .................... 21, 25

*Namer v. Scottsdale Insurance Company*,
  314 F.R.D. 392 (E.D. La 2016) ................................................................ 13, 16, 17, 18

*Neaville v. Wells Fargo Bank, N.A.*,
  3:11-CV-97-P, 2013 WL 12124590 (N.D.Tex. June 4, 2013) ................................... 12, 19

*Nerium SkinCare, Inc. v. Nerium Int'l, LLC*,
  3:16-CV-1217-B, 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) ............................... 20, 21

*Panhandle Adver., LLC v. United Rentals Realty, LLC*,
  2:19-CV-189-Z-BR, 2021 WL 1112901 (N.D. Tex. Feb. 12, 2021) ................................ 24

*Quijano v. United States*,
  325 F.3d 564 (5th Cir. 2003) ......................................................................... 8, 11, 24

*Reliance Ins. Co. v. La. Land & Expl. Co.*,
  110 F.3d 253 (5th Cir. 1997) ............................................................................... 10, 22

*Resolution Tr. Corp. v. Sands*,
  151 F.R.D. 616 (N.D. Tex. 1993) .......................................................................... 23, 25

*S.N.A. Nut Co.*,
  No. 96 C 181, 1996 WL 411290 (N.D. Ill. July 19, 1996) ...................................... 14, 15

*Sanders v. Shell Oil Co.*,
  678 F.2d 614 (5th Cir. 1982) ...................................................................................... 20

*Scott v. Monsanto Co.*,
  868 F.2d 786 (5th Cir. 1989) ...................................................................................... 20

iv

*Seabulk Towing, Inc. v. Oceangrafia S.A. de C.V.*,
  01-3791, 2002 WL 398771 (E.D. La. Mar. 12, 2002) ................................. 20

*Streber v. Hunter*,
  221 F.3d 701 (5th Cir. 2000) ........................................................... 7, 11, 24

*Taylor Pipeline Const., Inc. v. Directional Rd. Boring, Inc.*,
  438 F. Supp. 2d 696 (E.D. Tex. 2006) .................................................... 24

*Templet v. Hydro Chem Inc.*,
  367 F.3d 473 (5th Cir. 2004) ............................................................... 16

*T-M Vacuum Products, Inc. v. TAISC, Inc.*,
  CIV.A. H-07-4108, 2008 WL 2785636 (S.D. Tex. July 16, 2008) ........................ 16

Triton Tech of Tex., LLC v. Nintendo of Am., Inc.,
  No. 2:10–CV–328, 2012 WL 2036411 (E.D.Tex. June 6, 2012) ...................... 16, 17

United States v. Saldivar,
  No. 2:03-CR-182-2, 2014 WL 357313 (S.D. Tex. Jan. 31, 2014) ........................ 17

*Waltman v. Int'l Paper Co.*,
  875 F.2d 468 (5th Cir. 1989) ............................................................... 17

*Winfun v. Daimler Chrysler Corporation*,
  255 Fed. Appx. 772 (5th Cir.2007) ........................................................ 20

## Statutes

28 U.S.C. § 157 ............................................................................ 1, 13, 14

28 U.S.C. § 158 ............................................................................ 1, 13, 14

28 U.S.C. § 636(b)(1)(A) ............................................................... 2, 13, 19, 20

## Rules

Fed. R. Civ. P. 16(b)(4) ..................................................................... 9

Fed. R. Civ. P. 54(b) ....................................................................... 16

Fed. R. Civ. P. 59(e) ....................................................................... 16

Fed. R. Civ. P. 72(a) ..................................................................... 13, 19

v

**HIGHLAND CAPITAL MANAGEMENT, L.P.'S BRIEF IN SUPPORT OF ITS OBJECTION AND RESPONSE TO OBJECTIONS TO ORDER DENYING MOTIONS TO EXTEND EXPERT DISCLOSURE AND DISCOVERY DEADLINES**

Highland Capital Management, L.P., the reorganized debtor ("Highland" or "Plaintiff"), hereby files this brief in support of its opposition (the "Opposition") to the *Objection of NexPoint Advisors, L.P. to Order Denying Motions to Extend Expert Discovery and Discovery Deadlines* [Docket No. 27-1][1] (the "Motion"), filed by NexPoint Advisors, L.P. ("NexPoint").[2]

## I.   PRELIMINARY STATEMENT[3]

1.     The Motion should be denied because it is both procedurally improper and without merit.  The Bankruptcy Court, in a proper exercise of its discretion, denied Defendants' Motion to Extend on the ground that Defendants failed to show "good cause" for modifying the Scheduling Order under Rule 16(b).  The Bankruptcy Court's Order denying such relief is subject to appellate review under 28 U.S.C. § 158.

2.     Nevertheless, Defendants seek this Court's review of the Bankruptcy Court's Order under (i) Rule 54(b) and, alternatively, (ii) Rule 72(a).  The Motion constitutes a thinly veiled attempt at forum shopping and an end-run around the appellate process.  Defendants' actions also constitute a wholesale disregard for the Bankruptcy Court's adjudicative powers over discovery matters until the reference is withdrawn under 28 U.S.C. § 157. ("Section 157").  Section 157 authorizes bankruptcy courts to rule on interlocutory matters in "noncore" proceedings, and enter proposed rulings on dispositive motions, until a case is trial-ready.  The statute preserves only "final" orders for entry by the district court.  This division of powers between bankruptcy courts

---

[1] Refers to the docket numbers maintained in this Court.
[2] *See also Objection to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines,* filed by Highland Capital Management Services, Inc. ("HCMS") and HCRE Partners, LLC ("HCRE," and collectively with HCMS and NexPoint, "Defendants") [Docket Nos. 27-4, 27-5].
[3] Capitalized terms used but not defined in this Preliminary Statement shall have the meanings ascribed thereto below.

and district courts promotes the efficient administration of pretrial proceedings.  In attempting to inject this Court into the discovery process, Defendants seek to, without any authority, turn such process on its head by undermining its very purpose.  If credited, Defendants' interpretation of the statute would result in a wholesale deferral of all interlocutory orders to the district court, chaos that Section 157 was designed to prevent.  Thus, in addition to being procedurally improper, Defendants' attempted manipulation of the system should be summary rejected by the Court on public policy grounds.

3.      The Rule 54 Motion is procedurally improper because it should have been filed in the court which rendered the order subject to reconsideration, *i.e.*, the Bankruptcy Court.  To the extent Defendants seeks reconsideration of the Order, the Rule 54 Motion was improperly filed in this Court.  For this reason alone, the Rule 54 Motion should be denied.

4.      The Rule 72 Objection is also procedurally deficient because Rule 72(a) is inapplicable here.  Rule 72(a) objections apply to non-dispositive motions of magistrate judges, rendered pursuant to 28 U.S.C. § 636(b)(1)(A).  In issuing the Order, the Bankruptcy Court was not acting as a magistrate judge.  Pursuant to the Order of Reference, until the Adversary Proceeding is trial-ready, the Bankruptcy Court oversees all pretrial matters.  The Bankruptcy Court properly exercises its jurisdiction in rendering interlocutory discovery orders under Section 157.  Such orders are subject to appellate review under Section 158(a).  Defendants' application of Rule 72(a) on the ground that the Bankruptcy Court is acting as a "magistrate judge" is, therefore, misplaced.  Accordingly, the Motion should be denied on procedural grounds alone.

5.      In the unlikely event the Court considers the substance of the Motion, it is wholly without merit.  Defendants fail to demonstrate that the extraordinary remedy of reconsideration of the Order is warranted under Rule 54(b) because they fail to raise (i) an intervening change in

controlling law; (ii) new evidence not previously available; or (iii) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice.  The arguments set forth in the Rule 54 Motion rehash those considered and rejected by the Bankruptcy Court.  Defendants' Rule 54 Motion demonstrates, at best, Defendants' disagreement with the Order and attempt to re-argue the same issues.  This is insufficient to warrant the rare relief of reconsideration under Rule 54(b).

6.      The Rule 72 Objection is equally meritless.  Defendants fail to meet their heavy burden of showing the Bankruptcy Court abused its broad discretion in finding that Defendants failed to show "good cause" for modifying the Scheduling Order under Rule 16(b).  The Rule 72 Objection restates the same deficient arguments presented to the Bankruptcy Court in support of the Motion to Extend.  Disappointment with the Bankruptcy Court's discretionary findings is insufficient to demonstrate that such findings were "clearly erroneous" or "contrary to law."  The Motion should be denied.

## II.      RELEVANT FACTS

### A.      The Note Action

7.      On May 31, 2017, James Dondero signed a 30-year term note on behalf of NexPoint and in favor of Highland (the "Note").  Pursuant to the Note, NexPoint was required to pay Highland in Annual Installments:

> 2.1      Annual Payment Dates.  During the term of this Note, [NexPoint] shall pay the outstanding principal amount of the Note (and all unpaid accrued interest through the date of each payment) in thirty (30) equal annual payments (the "Annual Installments") until the Note is paid in full.  [NexPoint] shall pay the Annual Installment on the 31st day of December of each calendar year during the term of this Note, commencing on the first such date to occur after the date of execution of this Note.

Ex. 1 § 2.1 (Appx. 2).[4]

---

[4] "Appx." refers to the *Appendix in Support of Highland Capital Management, L.P.'s Objection and Response to Objections to Order Denying Motions to Extend Expert Discovery and Discovery Deadlines*, filed concurrently herewith.  Citations to the Appendix are notated as follows: Ex. #, Appx. #.

8.    Section 4 of the Note provided:

4.    <u>Acceleration Upon Default</u>.   Failure to pay this Note or any installment hereunder as it becomes due shall, at the election of the holder hereof [i.e., Highland], without notice, demand presentment, notice of intent to accelerate, notice of acceleration, or any other notice of any kind which are hereby waived, mature the principal of this Note and all interest then accrued, if any, and the same shall at once become due and payable and subject to those remedies of the holder hereof [i.e., Highland].

*Id*. § 4.

9.    On December 31, 2020, NexPoint failed to make the Annual Installment payment due under the Note in the amount of $1,406,111.92.  Plaintiff commenced an adversary proceeding against NexPoint (the "<u>Adversary Proceeding</u>") by filing a *Complaint for (I) Breach of Contract and (II) Turnover of Property of the Debtor's Estate* [AP Docket No, 1][5] (the "<u>Original Complaint</u>"). (Ex. 2, Appx. 5-32).  In its Original Complaint, Highland asserted claims against NexPoint for (i) breach of contract and (ii) turnover for all accrued and unpaid principal and interest due under the Notes until the date of payment, plus Highland's cost of collection and reasonable attorney's fees (as provided for under each of the Notes).

**B.    <u>NexPoint's Affirmative Defense</u>**

10.    On March 1, 2021, NexPoint filed its *Original Answer* asserting, among other things, that "[p]ursuant to that certain Shared Services Agreement, [Highland] was responsible for making payments on behalf of [Defendant] under the note" such that any "alleged default" was caused by Highland's own negligence and breach of contract (the "<u>Original Defense</u>"). *Defendant's Original Answer* [AP Docket No. 6] (the "<u>Original Answer</u>") ¶¶ 39-41 (Ex. 3, Appx. 39)  On August 9, 2021, NexPoint filed its *First Amended Answer*, which did not substantively alter its Original Defense.  [AP Docket No. 50] (the "<u>Amended Answer</u>") ¶¶ 39-41. (Ex. 4, Appx.

---

[5] Refers to the docket numbers maintained in the Adversary Proceeding, case no. 21-3005.

48)   On September 1, 2021, after Highland amended its Complaint,[6] NexPoint filed its *Answer to Amended Complaint* [AP Docket No. 64] (the "Final Answer") (Ex. 5, Appx. 51-64).  The Final Answer did not substantively alter NexPoint's Original Defense.  *See id.* ¶¶ 80-82. (Appx. 62)

C.      **The Shared Services Agreement**

11.      NexPoint and Highland entered into an *Amended and Restated Shared Services Agreement* effective as of January 1, 2018 (the "SSA"). (Ex. 6, Appx. 65-84).  The SSA expressly spelled out Highland's contractual duties.  Article II required Highland to provide "assistance and advice" with respect to certain specified services, including "assistance and advice with respect to back-and middle-office functions including, but not limited to … finance and accounting, payments, operation, book keeping, cash management … accounts payable." *Id.* § 2.02 (Appx. 68-70).  No provision in the SSA authorized, let alone required, Highland to effectuate payments on NexPoint's behalf without receiving direction from an authorized representative of NexPoint.  Article II of the SSA provided that "for the avoidance of doubt   . . . [Highland] shall ***not*** provide any advice to [NexPoint] or perform any duties on behalf of [NexPoint], other than the back- and middle office services contemplated herein, with respect to (a) the general management of [NexPoint], its business or activities . . . ." *Id.* § 2.02 (emphasis added) (Appx. 68-70).

D.      **The Adversary Proceeding is Referred to the Bankruptcy Court for Pretrial Proceedings**

12.      In April 2021, each Defendant filed a *Motion to Withdraw the Reference* [*see, e.g.,* AP Docket No. 19] (the "Motions to Withdraw") (Ex. 8, Appx. 159-162), seeking to withdraw its respective Adversary Proceeding from the Bankruptcy Court to the District Court.  In July 2021, the Bankruptcy Court issued *Reports and Recommendations* to the District Court, recommending

---

[6] See *Amended Complaint for (i) Breach of Contract, (ii) Turnover of Property, (iii) Fraudulent Transfer, and (iv) Breach of Fiduciary Duty* [AP Docket No. 63] (Ex. 7, Appx. 85-158).

that (i) the District Court (a) refer all pre-trial maters to the Bankruptcy Court and (b) grant the Motions to Withdraw, but only at such time as the Bankruptcy Court certifies to the District Court that the actions are trial-ready, and (ii) to the extent a dispositive motion is brought, the Bankruptcy Court issue a report and recommendation to the District Court to adopt or reject. [*See* AP Docket No. 40] (the "R&R").  (Ex. 9, Appx. 163-175).  The District Court subsequently adopted the Bankruptcy Court's R&Rs [Docket No. 14] (the "Order of Reference").

E.   **The Court Enters the Scheduling Order**

13.   On September 6, 2021, the Bankruptcy Court entered the Scheduling Order [AP Docket No. 70]. (Ex. 10, Appx. 176-185).   The Scheduling Order provided that "expert designations and disclosures of all opinions, and the bases therefor, will be made by October 29, 2021, and experts will be deposed between October 29, 2021 and November 8, 2021."  *Id.* ¶ 3. (Appx. 178)

F.   **Mr. Waterhouse Testifies that Mr. Dondero Instructed Him Not to Make Any Payments to Highland**

14.   On October 19, 2021, Frank Waterhouse ("Mr. Waterhouse"), Highland's former Chief Financial Officer who also served, and continues to serve, as the Treasurer of NexPoint and HCMS, testified during a deposition that NexPoint did not make the Annual Installment payment due on December 31, 2020 because Mr. Dondero had instructed him in December 2020 not to cause any payments to be made to Highland.  Mr. Waterhouse testified that he never followed up with Mr. Dondero or reminded him that the payment was coming due at the end of the month.  (Ex. 11, at 390:4-392:17, Appx. 285).

G.   **Defendant Files the Motion to Modify the Scheduling Order**

15.   On October 29, 2021, the deadline for expert disclosures, Defendants filed their

Motion to Extend[7] (Ex. 14, Appx. 1219-1664).  In the Motion to Extend, NexPoint requested an extension of the discovery deadlines set forth in the Scheduling Order in order to obtain expert testimony regarding the scope of Highland's alleged duties under the Shared Services Agreement. Specifically, NexPoint proposed to retain an expert to testify "on the standards and duties of care under the parties' Shared Services Agreement . . . with respect to Highland's role in NexPoint's alleged failure to make a December 21, 2020 payment on the Note … specifically, that Highland was responsible for ensuring that NexPoint made this payment." *Id.* ¶ 1 (Appx. 1221).  NexPoint maintained that, while prior to Mr. Waterhouse's deposition, an expert was not needed, in light of Mr. Waterhouse's testimony, the "situation is much more complicated." Reply ¶¶ 12, 13 [AP Docket No. 115] (Ex. 15, Appx. 1671-1672).  NexPoint argued that an expert is "necessary" to testify regarding whether Highland violated an "affirmative duty or obligation" it owed to NexPoint under Section 6.01 of the Shared Services Agreement to effectuate the payment on behalf of NexPoint, despite Mr. Dondero's direct instructions to the contrary.  According to NexPoint:

> [T]he question becomes whether Waterhouse or [Highland] 'put their head in the sand' in violation of any affirmative duty or obligation they may have had regarding the matter, such as; to ask Dondero whether they correctly understood him; to ask Dondero whether he meant NexPoint or the Note; to inform Dondero of the potential consequences of a default by potentially accelerating a 30-year promissory note; or to try to dissuade him from his decision.

Motion to Extend ¶ 13 (Appx. 1224); Reply ¶¶ 12, 13 (Appx. 1671-1672).

16.     NexPoint argued that an expert is "appropriate" and "required" to testify regarding the scope of Highland's alleged duties under the SSA. *Id.* ¶ 8 (Appx. 1670).  In support thereof, NexPoint relied on *Streber v. Hunter*, 221 F.3d 701 (5th Cir. 2000), *Geiserman v. MacDonald*,

---

[7] *See also Motion of Highland Capital Management Services, Inc. to Extend Expert Disclosure and Discovery Deadlines*, filed at Docket No. 91 in Adversary Proceeding 21-03006 (Ex. 12, Appx. 317-767) and *Motion of HCRE Partners, LLC to Extend Expert Disclosure and Discovery Deadlines*, filed at Docket No. 86 in Adversary Proceeding 21-03007 (Ex. 13, Appx. 768-1218) (collectively with the Motion to Extend, the "Motions to Extend").

893 F.2d 787 (5th Cir. 1990), and *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003), three professional malpractice cases in which an expert was needed to testify regarding the standard of care in a particular industry.  *See id.*

17.    Regarding timing, NexPoint maintained that in a response to an interrogatory which asked Highland to "explain the legal and factual basis" for its argument that Highland had no duty to effectuate payments on the Note on NexPoint's behalf, Highland did not "include[] in its answer that Mr. Dondero gave Mr. Waterhouse the alleged instruction."  Reply ¶ 22 (Appx. 1677-1678).

18.    NexPoint argued that Highland would not suffer prejudice in the event the Scheduling Order was modified, contending that "[i]f [Highland hires a rebuttal expert and prevails at trial, then it will be entitled to the costs of that expert," and a "trial has not been set."  Reply ¶¶ 27-29 (Appx. 1679-80).

19.    Highland objected to the Motions to Extend [AP Docket No. 105] (the "Objection") (Ex. 16, Appx. 1710-1733), on the ground that Defendants failed to show "good cause" for modifying the Scheduling Order under Rule 16(b).  Highland maintained that (i) NexPoint's suggested expert testimony is improper as a matter of law because it amounts to a legal conclusion, *id.* ¶ 34-38 (Appx. 1724-1725), (ii) NexPoint's explanation for failing to previously identify an expert was deficient because NexPoint had nine months to retain an expert regarding this very defense, *id.* ¶ 43-45 (Appx. 1727-1728), (iii) the suggested expert testimony is irrelevant because (a) the SSA does not impose a duty on Highland to effectuate payments on NexPoint's behalf without authorization from a NexPoint representative and (b) the issue of whether Highland otherwise breached any duties contained in the SSA is within the common understanding of a layperson, and not the type of issue necessitating an expert, *id.* ¶¶ 46-53 (Appx. 1728-1730), and (iv) allowing expert testimony at this stage would prejudice Highland because (a) Highland would

need to expend significant resources responding to NexPoint's latest theory of its defense through additional discovery and (b) any continuance would not cure such prejudice because it would unnecessarily delay the trial and Highland's potential recovery under the Note, *id.* ¶¶ 54-57 (Appx. 1730-1732).   Highland argued that HCRE's and HCMS's' Motions were equally, if not more, frivolous than NexPoint's since HCMS and HCRE were not even parties to the SSA, the document which supposedly formed the basis of the Motion to Extend. *Id.* ¶ 58 (Appx. 1732).

## H.      **The Bankruptcy Court Denies the Motion to Modify**

20.      On December 13, 2021, the Bankruptcy Court held an oral argument on the Motions to Extend (the "Hearing").  *See* December 13, 2021 Hearing Transcript.  (the "Transcript") (Ex. 17, Appx. 1734-1772).   At the conclusion of the hearing, the Bankruptcy Court denied the Motions to Extend on the ground that Defendants failed to show "good cause" to modify the Scheduling Order.   *See* Transcript at 35-37 (Appx. 1734-1772).   The Bankruptcy Court's findings are summarized below.

### 1.      **Rule 16(b)**

21.      The Bankruptcy Court analyzed the Motions to Extend under Rule 16(b) of the Federal Rules of Civil Procedure, which provides that a scheduling order may only be modified upon a showing of "good cause."  FED. R. CIV. P. 16(b)(4).  As the Bankruptcy Court explained, courts consider four factors in determining whether the movant meets the "good cause" standard: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."  *Geiserman*, 893 F.2d at 791.   These are the same four factors used to determine whether to exclude expert testimony under Rule 37(c)(1) of the Federal Rules of Civil Procedure. *See Grand Time Corp. v. Watch Factory, Inc.*, 3:08-CV-1770-K, 2009 WL 10678210, at *2 (N.D. Tex. Nov. 18, 2009).   Ultimately, "the good cause standard requires the party seeking relief to

9

show that the deadlines [could not] reasonably [have been] met despite the diligence of the party

needing the extension." *Binh Hoa Le v. Exeter Fin. Corp.*, 3:15-CV-3839-L, 2019 WL 1436375,

at *14 (N.D. Tex. Mar. 31, 2019). "Under Rule 16(b), the movant has the burden of showing good

cause to modify a scheduling order." *Grand*, 2009 WL 10678210 at *3. Whether to modify a

scheduling order is within the court's broad discretion. *Geiserman*, 893 F.2d at 790 ("[O]ur court

gives the trial court broad discretion to preserve the integrity and purpose of the pretrial order");

*Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997). "[A] trial court's

decision to exclude evidence as a means of enforcing a pretrial order must not be disturbed absent

a clear abuse of discretion." *Geiserman*, 893 F.2d at 790. At the conclusion of the Hearing, the

Bankruptcy Court found that each of these factors weighed in favor of denying the Motions to

Modify. (Transcript at 35:9-13) (Appx. 1769).

## 2. NexPoint's Explanation for Failing to Previously Identify Expert was Inadequate

22.     The Bankruptcy Court found that Defendants' explanation for failing to previously

identify the expert "lacks merit." The Bankruptcy Court explained that "Defendants have always

asserted as a defense" that "it was the fault of [Highland] that Defendants did default on the

payment of these notes," and "the sudden statement of Frank Waterhouse" is not a "game-changer

that creates some new need for an expert." Transcript at 35:15-23 (Appx. 1769).

## 3. The Expert Testimony is Improper and Unwarranted

23.     The Bankruptcy Court found that the second factor—the importance of the expert

testimony—weighed in favor of denying the Motions to Extend. The Bankruptcy Court explained

that the suggested expert testimony is improper and unwarranted because an "expert cann[ot]

testify about contractual duties and attempt to interpret its provisions," noting "[t]hat is the job of

the Court." Transcript at 36:3-6 (Appx. 1770). The Bankruptcy Court explained that while experts

are often used in "legal malpractice or medical malpractice" cases, such as in *Quijano* and *Streber*—the cases relied on by Defendants—where duties might be needing of elaboration, here, the contract spells out the duties." *Id.* at 36:15-19 (Appx. 1770). The Bankruptcy Court noted there was nothing "unique" or "exotic" about the Shared Services Agreement, because such agreements are "in the corporate world generally," and "courts see these in all kinds of cases." *Id.* On this basis, the Bankruptcy Court found the professional malpractice cases cited by Defendants inapplicable. *Id.* at 36:15-19 (Appx. 1770). Ultimately, the Bankruptcy Court found, expert testimony interpreting the contractual terms of the Shared Services Agreement was not warranted. *Id.* at 36:7-14 (Appx. 1770).

### 4.     Highland Would Suffer Prejudice if the Scheduling Order was Modified

24.     The Bankruptcy Court found that granting the Motions to Extend would prejudice Highland because an extension of the expert deadlines "will be costly, add a layer of expense and delay to this litigation," especially when such expert testimony "would [not] be admissible at trial ultimately." Transcript at 36:2-24 (Appx. 1770). On December 22, 2021, the Bankruptcy Court issued its *Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines*. [AP Docket No. 138] (the "Order") (Ex. 18, Appx. 1773-1776).

### I.     Defendant Files the Instant Motion

25.     On January 5, 2022, Defendants filed the Motion, seeking this Court's review of the Order pursuant to (i) Federal Rule of Civil Procedure 54(b) (the "Rule 54 Motion"), and alternatively, (ii) Federal Rule of Civil Procedure 72(a) (the "Rule 72 Objection"). *See* Motion ¶¶ 20-21.[8] Defendants maintain, without any authority, that the "District Court may reconsider, modify, or reverse the Order and grant the Motion *de novo* as it could do with respect to any of its

---

[8] Paragraph cites refer to the *Brief in Support of Objection of NexPoint Advisors, L.P. to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines* [Docket No. 27-2].

own pretrial orders under Rule 54(b)," and that alternatively, review under Rule 72 is appropriate because "the Bankruptcy Court appears to understand that it is acting in the capacity of a magistrate judge." *Id.* ¶¶ 20-21.

26.      In support of the Motion, Defendants rehash the same arguments previously raised and rejected by the Bankruptcy Court, including that: (i) "the Bankruptcy Court failed to take into account [Highland's] failure to fully answer NexPoint's interrogatory," Motion ¶ 43; (ii) expert testimony "on whether [Highland] acted with care" is "potentially required," and "absolutely admissible" at trial, *id.* ¶ 46; and (iii) there is no prejudice in allowing the expert testimony because, "if it prevails at trial," Highland would be reimbursed for any costs incurred in responding to NexPoint's suggested expert. *Id.* ¶ 48.

### III.      <u>ARGUMENT</u>

### A.      <u>The Motion is Procedurally Improper</u>

#### 1.      <u>The Rule 54 Motion was Improperly Filed in this Court</u>

27.      The Rule 54 Motion is procedurally improper because it should have been filed in the Bankruptcy Court.

28.      Rule 54(b) motions for reconsideration must be filed in the court which rendered the order subject to reconsideration.  *See Lexington Insurance Company v. ACE American Insurance Co.*, 192 F.Supp.3d 712, 714 (S.D.Tex. 2016) (denying Rule 54(b) motion for reconsideration of its own interlocutory order, noting that Rule 54 allows court to "vacate their own findings"); *Neaville v. Wells Fargo Bank, N.A.*, 3:11-CV-97-P, 2013 WL 12124590, at *2 (N.D.Tex. June 4, 2013) (reviewing Rule 54(b) motion for reconsideration of "its previous Order"); *Caramba, Inc. v. Nationwide Mutual Fire Ins. Co.*, No. H-19-1973, 2021 WL 259388, at *2-3 (S.D.Tex. Jan. 26, 2021) (reviewing Rule 54(b) motion for reconsideration, which asks the Court to "revise its prior ruling," noting that it is within the power of the "rendering district court

to afford such relief"); *See Cook v. Flight Services and Systems, Inc.*, NO. 16-15759, 2018 WL 6591919, at *1 (E.D. La. Dec. 14, 2018) (reviewing Rule 54(b) motion for consideration of "its rulings on two earlier motions"); *Namer v. Scottsdale Insurance Company*, 314 F.R.D. 392, 393 (E.D. La 2016) (reviewing Rule 54(b) motion for reconsideration, "asking that this Court vacate its order").

29.     To the extent Defendants seek reconsideration of the Bankruptcy Court's Order under Rule 54(b), it should have filed its Rule 54 Motion in the Bankruptcy Court.  This Court is not the appropriate venue to determine such motion.   Accordingly, the Rule 54 Motion is procedurally improper, and for this reason alone, the Rule 54 Motion should be denied.

### 2.     The Rule 72 Motion is Procedurally Improper Because the Bankruptcy Court is not a Magistrate Judge

30.     Defendants' Rule 72 Motion is procedurally improper because Rule 72(a) does not apply.  Rule 72(a) provides that a party "may serve and file objections to" a "magistrate judge's" nondispositive matters under 28 U.S.C. § 636(b)(1)(A).  Fed. R. Civ. P. 72(a).  Defendants' unsupported argument for applying rules governing the Federal Magistrates Act is without merit.

31.     In issuing the Order, the Bankruptcy Court was not acting as a magistrate judge. Pursuant to the Order of Reference, the Bankruptcy Court retains jurisdiction to oversee pretrial matters in this Adversary Proceeding until it is trial-ready.  Until that time, the Bankruptcy Court is authorized to enter appropriate orders and judgments, including interlocutory discovery orders, subject to appellate review under 28 U.S.C. § 158.  *See In re Trinsum Group, Inc.*, 467 B.R. 734, 740 n. 8 (Bankr. S.D.N.Y. 2012) (noting that while in a "noncore" matter under 28 U.S.C. § 157, "the bankruptcy court must file proposed findings of fact and conclusions of law" on a final order or judgment, "a bankruptcy judge may enter interlocutory orders in all cases; and appellate review of interlocutory orders is discretionary by the district court under 28 U.S.C. § 158(a)(3) and Rule

13

8003.”); *In re S.N.A. Nut Co.*, No. 96 C 181, 1996 WL 411290, at *3 (N.D. Ill. July 19, 1996) (until case is “ripe for withdraw” for jury trial, “the bankruptcy court may properly resolve interlocutory pretrial disputes” subject to appellate review under 28 U.S.C. § 158, noting that “[u]nless this court withdraws its reference to the bankruptcy court, it does not sit in [the district court’s] original jurisdiction”); *In re M & L Business Mach. Co., Inc.*, 159 B.R. 932, 935 (D. Col. 1993) (noting that case was referred to the bankruptcy court to rule on “all pretrial issues in this and related adversary proceedings,” and that “in the meantime, the bankruptcy court retains jurisdiction over pre-trial matters,” and that “any disagreement over its rulings must be treated as an appeal subject to [28 U.S.C. § 158]”); *In re THB Corp.*, 94 B.R. 797, 803 (Bankr. D. Mass. 1988) (“A bankruptcy judge may adjudicate interlocutory matters under § 157(c)(1); the statute preserves only “final” orders for entry by the district judge, and its procedure would be unworkable if the district judge had to adjudicate interlocutory matters.”); *In re Kennedy*, 48 B.R. 621, 622 (Bankr. D. Ariz. 1985) (noting that under 28 U.S.C. § 157(c), only “final” orders shall to be submitted to the district court, while “bankruptcy interlocutory orders in noncore proceedings need not be submitted to District Court,” noting that a “contrary interpretation would require wholesale referral to the District Court of every order concerning discovery, continuances or every other interlocutory order of substantive or procedural import”); *In re Lion Capital Group*, 46 B.R. 850, 854 (Bankr. S.D.N.Y. 1985) (“Congress enabled the district courts to withdraw the reference under § 157(d),” and “sought to involve the district courts only with respect to final orders in referred proceedings and that the bankruptcy courts are to issue interlocutory orders in related cases referred to them,” noting that a contrary interpretation “would require wholesale deferral of all interlocutory matters, such as orders regulating discovery and the like, to the district courts thereby swamping district court calendars”); *In re Adelphi Institute, Inc.*, 112 B.R. 534, 539 (S.D.N.Y.

1990) (noting that the Bankruptcy Court's role in rendering reports and recommendations to the District Court on dipositive motions pursuant to 28 U.S.C. 157(c)(1) does not prevent the Bankruptcy Court from adjudicating pre-trial interlocutory matters).[9]  In issuing the Order, the Bankruptcy Court was acting within its jurisdictional powers to adjudicate pretrial discovery proceedings under Section 157.

32.      Accordingly, Rule 72(a) is inapplicable and the Bankruptcy Court's Order is subject to ordinary appellate review under 28 U.S.C. 158(a).  *See S.N.A. Nut*, 1996 WL 411290, at *3 (finding that party's "unsupported argument for applying" Rule 72(a) "conclusively lacks merit," noting that "the Federal Magistrates Act governs proceedings before magistrate judges; the Bankruptcy Code governs bankruptcy proceedings.  The Bankruptcy Code permits interlocutory orders to be reviewed only with leave of the district court sitting in its appellate jurisdiction."); *M & L Business*, 159 B.R. at 934 (rejecting party's motion for district court's review of a bankruptcy court's pretrial order under Rule 72(a), noting "the parties appear to be confused as to the proper way to seek review of the bankruptcy court's rulings in those adversary proceedings which I remanded to the bankruptcy court for pretrial purposes," explaining "while I could have referred this proceeding to a magistrate judge for pre-trial pursues … I did not.  Instead I referred it to the bankruptcy court.  Therefore, Rule 72 does not apply.")

33.      The Rule 72 Motion is improper and should be denied on procedural grounds alone.

**B.      <u>The Motion is Without Merit</u>**

34.      In the unlikely event the Court overrules Highland's procedural objections, the Rule 54 Motion and the Rule 72 Motion are each meritless.  Highland addresses each in turn.

---

[9] *See also* 1 *Collier on Bankruptcy* ¶ 3.03 at 3-47 (15th ed. 2009) ("[A] bankruptcy judge may enter interlocutory orders in a matter being tried under the section 157(c)(1) procedure.").

1.        **The Rule 54 Motion is Without Merit**

35.       Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).  "[S]ome courts in the Fifth Circuit have analyzed motions to reconsider interlocutory orders under Rule 54(b)." *Hightower v. Group 1 Automotive, Inc.*, NO. 15-1284, 2016 WL 3430569, at *1 (E.D. La. June 22, 2016).  Reconsideration under Rule 54(b) is "an extraordinary remedy that should be used sparingly" and the motion must "clearly establish" that reconsideration is warranted.  *Id.*; *see also Templet v. Hydro Chem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).

36.       Motions for reconsideration under Rule 54(b) are considered under the same standards governing Rule 59(e), which governs motions "to alter or amend a judgment." Fed. R. Civ. P. 59(e); *see Triton Tech of Tex., LLC v. Nintendo of Am., Inc.,* No. 2:10–CV–328, 2012 WL 2036411, at *1 (E.D.Tex. June 6, 2012) ("It is this Court's practice to consider motions to reconsider interlocutory orders under the standard of Federal Rule of Civil Procedure 59(e)."); *T-M Vacuum Products, Inc. v. TAISC, Inc.*, CIV.A. H-07-4108, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008) ("A motion seeking reconsideration of a judgment or order [under Rule 54(b)] is generally considered a motion to alter or amend a judgment under Rule 59(e) if it seeks to change the order or judgment issued," and "Rule 59(e)'s legal standards are applied to motions for reconsideration of interlocutory orders."); *Namer v. Scottsdale Insurance Company*, 314 F.R.D. 392, 393 (E.D. La 2016) (same); *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F. Supp. 2d 745, 748 (E.D. Tex. 2012) (same).

37.       To justify reconsideration under Rule 59(e), and therefore under Rule 54(b), the movant must show at least one of the following: "1) an intervening change in controlling law; 2)

new evidence not previously available; 3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice." *United States v. Saldivar*, No. 2:03-CR-182-2, 2014 WL 357313, at *1 (S.D. Tex. Jan. 31, 2014); *see also Triton*, 2012 WL 2036411, at *1; *eTool*, 881 F. Supp. 2d at 748. "A 'manifest error' is not demonstrated by the disappointment of the losing party." Reconsideration is warranted only when the moving party can show the rendering court's "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Namer*, 314 F.R.D. at 395; *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir.2004) ("manifest error" is "one that is plain and indisputable, and that amounts to a complete disregard of the controlling law.").

38.     "Motions for reconsideration should not be used to raise arguments that could, and should, have been made before entry of an order or to re-urge matters that have already been advanced by a party." *Hightower*, 2016 WL 3430569, at *3; *see also DAC Surgical Partners P.A. v. United Healthcare Services, Inc.*, 4:11-CV-1355, 2017 WL 3484507, at *2 (S.D. Tex. Aug. 14, 2017) (Rule 54(b) motions may not be used to "rehash the same arguments or, without justification, raise new arguments for the first time."); *eTool*, 881 F. Supp. at 748 ("Like a motion under Rule 59(e), a motion to reconsider may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised before the entry of the judgment or order," noting that "district court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."). "Instead, they serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'' *Hightower*, 2016 WL 3430569, at *2 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)); *Caramba, Inc. v. Nationwide Mutual Fire Ins. Co.*, No. H-19-1973, 2021 WL 259388, at *3 (S.D.Tex. Jan. 26, 2021) ("This Court must exercise its broad discretion under Rule 54(b)

17

sparingly to prevent the unnecessary reexamination of interlocutory orders with the resulting burdens, including expense and delay.").

39.     Defendants fail to demonstrate that the extraordinary remedy of reconsideration of the Order is warranted.  They do not (i) identify any newly discovered evidence; (ii) point to an intervening change in the controlling law; or (iii) demonstrate that the Bankruptcy Court made a "manifest error of law or fact" and that reconsideration is necessary to prevent a "manifest injustice" to Defendants.

40.     Instead, the Motion is a mere rehashing of, and attempt to re-litigate, the same arguments previously raised and rejected in the Bankruptcy Court.  *Compare* Motion to Extend (Appx. 1219-1664) and Reply (Appx. 1665-1709) *with* Motion ¶¶ 23-48.  Such arguments are improper on a motion for reconsideration, and demonstrate, at best, Defendants' disagreement with the Bankruptcy Court's findings.  This is insufficient to show "manifest error" warranting the exceptional remedy of reconsideration.  *See Namer*, 314 F.R.D. at 395 (denying Rule 54(b) motion where, "[f]ar from demonstrating such manifest error, [movant's] motion simply advances arguments he could and should have raised previously," where "this alone is a sufficient basis for refusing [movant's] requested relief," noting that "[w]hile [a party] may disagree with the Court's conclusion, [a] 'manifest error' is not demonstrated by the disappointment of the losing party"); *Daniels v. Bowles*, CIV.A. 3:03-CV-1555-, 2004 WL 1810658, at *2 (N.D. Tex. Aug. 9, 2004) (denying Rule 54(b) motion for reconsideration where it "sets forth no newly discovered evidence, alleges no intervening change in the law, and does not claim clear error or manifest injustice" but only "attempts to distinguish the cases cited by this Court in a second attempt to argue the same points he has alleged in previous pleadings"); *Cook*, 2018 WL 6591919, at *3 (denying Rule 54(b) motion where "the Court finds very few arguments that were not raised in [movant's] earlier"

18

papers, and where "the memorandum in support of their motion to reconsider is an almost verbatim re-litigation of their earlier arguments."); *Cormier v. Turnkey Cleaning Services, L.L.C.*, 295 F.Supp.3d 717, 725 (E.D. La 2017) (denying Rule 54(b) motion where movant, "without providing anything which was not available prior to this Court's [prior] Order, [] merely reasserts its prior arguments … arguments which were previously considered and rejected by this Court.  Although [movant] disagrees with this Court's determination … such disagreement does not present a clear error of law or fact, nor manifest injustice. [Movant's] request for an additional chance to sway the Court is simply not appropriate."); *DAC Surgical*, 2017 WL 3484507, at *2 (denying Rule 54(b) motion where "several of [movant's] arguments have been raised previously and are not appropriately raised in the [motion]").[10]

41.     Accordingly, the Rule 54 Motion is without merit and should be denied.

**2.     The Rule 72 Objection is Without Merit**

42.     The Rule 72 Objection is without merit and should be overruled.  Defendants fail to carry their burden of showing the Bankruptcy Court abused its discretion in denying the Motion to Extend.

43.     Title 28 U.S.C. § 636(b)(1)(A) allows a district court to reconsider a magistrate judge's pretrial order under Fed. R. Civ. P. 72(a) only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.'"  *Hamilton v. First American Title Ins. Co.*, No. 3:07–CV–1442–G, 2010 WL 791421, at *2 (N.D.Tex. Mar. 8, 2020) (quoting 28 U.S.C. § 636(b)(1)(A)); *see also Jenkins v. Robotec, Inc.*, No. 1:09cv150HSO-JMR, 2009 WL 5166252, at *1 (S.D.Miss. Dec. 29, 2009); *Seabulk Towing, Inc. v. Oceangrafia S.A. de C.V.*, 01-3791, 2002

---

[10] *See also Lexington*, 192 F.Supp.3d at 715; *Hightower*, 2016 WL 3430569, at *3-4; *Neaville*, 2013 WL 12124590, at *2.

WL 398771, at *2 (E.D. La. Mar. 12, 2002).  An "abuse of discretion standard governs review of

that vast area of choice that remains to the [magistrate judge] who has properly applied the law to

the fact findings that are not clearly erroneous." *Nerium SkinCare, Inc. v. Nerium Int'l, LLC*, 3:16-

CV-1217-B, 2017 WL 9934881, at *1 (N.D. Tex. Feb. 6, 2017).  "Rule 72(a)'s framework for

review is 'highly deferential.'" *Id.*

44.    "A magistrate judge's discretionary decisions will be reversed only for an abuse of

discretion-*i.e.,* when the district court 'has a definite and firm conviction that the court below

committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant

factors.'" *Hamilton* 2010 WL 791421, at *3 (quoting *Dell Computer Corporation v. Rodriguez,*

390 F.3d 377, 385 n. 14 (5th Cir.2004)); *Seabulk*, 2002 WL 398771, at *2 ("28 U.S.C. §

636(b)(1)(A) specifically requires the district court to apply a "clearly erroneous" standard when

reviewing a magistrate judge's ruling on a non-dispositive, pretrial motion such as a discovery

motion.").  "A party who seeks to overturn a magistrate judge's order disposing of a discovery

matter shoulders a heavy burden." *Hamilton*, 2010 WL 791421, at *4; *see also Winfun v. Daimler

Chrysler Corporation,* 255 Fed. Appx. 772, 773 (5th Cir.2007) ("The District Court has broad

discretion in discovery matters … we reverse discovery rulings only in 'unusual' and 'exceptional'

cases."); *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982) ("A trial court enjoys wide

discretion in determining the scope and effect of discovery ... [i]t is, in fact, unusual to find an

abuse of discretion in discovery matters."); *Scott v. Monsanto Co.*, 868 F.2d 786, 792 (5th Cir.

1989) ("[D]iscovery orders ... are rarely reversed for an abuse of discretion."); *Nerium*, 2017 WL

9934881, at *1 ("[W]hen discovery matters are involved, as here, the objecting party's burden is

especially heavy.").  "For a plaintiff to prevail, she must show, not that the magistrate judge could

have exercised his discretion and ruled in her favor, but rather that she is entitled to a ruling in her

favor as a matter of law." *Jenkins*, 2009 WL 5166252, at *1.

45.     Defendants fails to carry their heavy burden of showing that the Bankruptcy Court abused its discretion in denying the Motion to Extend the Scheduling Order.

46.     As discussed *supra*, the Rule 72 Objection is a verbatim rehashing of the arguments considered by the Bankruptcy Court. *Compare* (i) Motion to Extend (Appx. 1219-1664) and (ii) Reply (Appx. 1665-1709) *with* Motion ¶¶ 41-48; *see also* Transcript at 35:20-37:2 (Appx. 1769-1771).   Defendants' restatement of its same conclusory arguments fails to demonstrate an abuse of discretion.   *See Hamilton*, 2010 WL 791421, at *4 (denying Rule 72 objections, noting that party "has failed to carry the heavy burden of showing that [judge] abused his discretion" where party's "objections to [] order simply rehash the arguments [party] raised in its" original response); *Minnis v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.*, CV 13-00005-BAJ-RLB, 2014 WL 12811456, at *2 (M.D. La. Aug. 15, 2014) (denying Rule 72(a) objections to discovery order where "the Defendant has merely managed to rehash  the same arguments originally set forth in the motion to compel," noting that "a repetitive presentation of arguments does not convince the Court that a different conclusion should be reached."); *Nerium*, 2017 WL 9934881, at *2 (denying Rule 72(a) objections to discovery order where "having considered the objections , the record evidence, and the applicable law," the judge's order "fully considered each of Plaintiffs' arguments.")

47.     Nevertheless, Highland addresses each of Defendants' objections.

48.     First, Defendants fail to demonstrate that the Bankruptcy Court "clearly erred" in finding that Defendants' explanation for its untimely expert deficient. *See* Motion ¶¶ 41-43.  As the Bankruptcy Court explained, Defendants have "always asserted as a defense" that "it was the fault of [Highland]" that they defaulted on its Note, and Mr. Waterhouse's deposition did not

21

suddenly trigger expert testimony.  Transcript at 35:15-23 (Appx. 1769).  This finding was within the bounds of the Bankruptcy Court's broad discretion.  *See Reliance*, 110 F.3d at 257 (affirming lower court's denial of party's request to supplement expert report where "[movant] asked for an opportunity to avoid the deadline for its expert report merely because the deposition of its expert witness did not go well," noting that "[d]istrict judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case"); *Geiserman*, 893 F.2d at 792 (party failed to provide a "valid reason that would justify excusing him from the deadlines imposed by the lower court," noting "[t]he claimed importance of expert testimony underscores the need for [party] to have timely designated his expert witness," and "[t]he importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders"); *Binh Hoa*, 2019 WL 1436375 at *20 ("vague and conclusory statements regarding the need for additional information or facts do not adequately explain [party's] failure to meet the expert deadline in the Scheduling Order").

49.     Defendants' contention that the Bankruptcy Court "did not take into account" Highland's answer to the interrogatory is belied by the record, and in any event, is insufficient to rise to the rare level of abuse of discretion.[11]  Again, in reaching its findings, the Bankruptcy Court considered all of the arguments and evidence set forth by Defendants (and Highland).  *See* Transcript 5-25 (Appx. 1739-1759).  Such findings were consistent with the Bankruptcy Court's broad discretion under Rule 16(b).  *See Hamilton*, 2010 WL 791421, at *4 (overruling Rule 72 objections where court's "decision was informed and aided by the parties' presentation of argument at a hearing held on this issue" and "his decision … was both consistent with the liberal

---

[11] NexPoint's complaint about Highland's interrogatory answer is ironic since, at the time the interrogatory was served, (i) Mr. Dondero and Mr. Waterhouse had *no* affiliation with Highland, but (ii) Mr. Dondero controlled all of the Defendants with Mr. Waterhouse serving as their Treasurer.  If anyone should have known about the conversation between Mr. Dondero and Mr. Waterhouse at the time Highland served the interrogatory, it was Defendants.

approach to discovery of the Federal Rules of Civil procedure and comfortably within the bounds

of his discretion"); *Resolution Tr. Corp. v. Sands*, 151 F.R.D. 616, 619 (N.D. Tex. 1993)

(overruling Rule 72 objections, and characterizing the possibility that different judges "would

approach a similar issue differently" as "the essence of the exercise of discretion," noting that

"[o]nce again, this is an abuse of discretion argument parading as assertions of legal and factual

error … No abuse of discretion has been shown."); *Hirsch v. Ushealth Advisors, LLC*, 4:18-CV-

00245-P, 2020 WL 1271374, at *3 (N.D. Tex. Mar. 12, 2020) (overruling objection that "assert[ed]

the same basic arguments as before" and where defendants' assertions "that the Magistrate Judge

failed to consider evidence [are] premised entirely on the fact that Defendants disagree with the

outcome of the Discovery Order.")   Accordingly, Defendants' objection to the Order on such

grounds should be overruled.

50.     Defendants' argument that expert testimony "on whether [Highland] acted with

care" is "potentially required," and "absolutely admissible" at trial, Motion ¶ 46, is equally

unavailing.  The Bankruptcy Court properly exercised its discretion under Rule 16(b) in finding

Defendants' suggested expert testimony both improper and irrelevant.  As noted *supra*, Defendants

sought to have their expert improperly testify regarding Highland's "duties of care under the

parties' [SSA]" and whether "Highland was responsible" under the SSA for "ensuring that

NexPoint made" its Annual Installment payment under its Note.  Motion to Extend ¶¶ 1, 8 (Appx.

1221-1222); Reply ¶ 1 (Appx. 1667) (seeking expert testimony regarding whether "[Highland]

was obligated to do next under the contractual standard of care").  The Bankruptcy Court correctly

applied the law in holding these were improper subjects for an expert because they amount to legal

questions within the province of the Court.  *See* Transcript at 36:3-6 (Appx. 1770).  *See Panhandle*

*Adver., LLC v. United Rentals Realty, LLC*, 2:19-CV-189-Z-BR, 2021 WL 1112901, at *5 (N.D.

23

Tex. Feb. 12, 2021) (excluding expert testimony "as to his opinions regarding the legal duties Defendant owed Plaintiff under the lease at issue" because "opinions on the duties owed by the defendants and whether they fulfilled those duties were legal conclusions and not the proper subject for expert testimony"); *Flax v. Quitman County Hosp., LLC*, 2:09-CV-101-M-D, 2011 WL 3585870, at *5 (N.D. Miss. Aug. 16, 2011) (prohibiting expert testimony "on the issue of *law* of whether a duty of care was owed").[12]

51.     As the Bankruptcy Court found, the cases Defendants relied on in support of their contention that expert testimony on the standard of care is "required"—*Quijano*, *Streber*, and *Geiserman*—are inapplicable to the present facts.  Those cases involved professional malpractice, in which an expert was needed to testify regarding the standard of care in an industry.  *See Quijano*, 325 F.3d at 567 (expert testimony required in medical malpractice case); *Streber*, 221 F.3d at 724 (expert testimony required in medical malpractice case).  Here, by contrast, Defendants do not seek to have an expert testify regarding the standard of care in a particular industry.  Rather, Defendants seek to have their expert testify regarding the scope of Highland's contractual duties under the SSA—a garden variety device used throughout the corporate world—and ultimately whether Highland fulfilled its obligations thereunder, *i.e.*, whether Highland breached.[13]  Nor does this case involve professional malpractice.  The Bankruptcy Court, therefore, properly exercised its discretion in finding the suggested expert testimony improper and unwarranted.

52.     To the extent Defendants sought to retain an expert to "opine on whether [Highland's] failure comported with the standard of care actually set forth in the contract," Motion

---

[12] *Hanspard v. Otis Elevator Co.*, CIV.A. 05-1292, 2007 WL 839994, at *2 (W.D. La. Jan. 12, 2007) (prohibiting expert testimony "as to the scope of [party's] contractual duties" constitutes a legal conclusion); *Taylor Pipeline Const., Inc. v. Directional Rd. Boring, Inc.*, 438 F. Supp. 2d 696, 706 (E.D. Tex. 2006) (expert testimony improper "as to the duties" owed by parties because "they amount to conclusions of law").

[13] Indeed, in separate context, James Dondero himself acknowledged the commonality of such "shared service" devices. *See* Case No. 21-1590, Docket No. 16 at 38.

24

¶ 45, such expert testimony is likewise improper.  The question of whether Highland breached any contractual obligations is an issue for the trier of fact to decide and is not the proper subject for expert testimony.  *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) ("Whether [party] breached their fiduciary duties is an issue for the trier of fact to decide. It is not for [the expert] to tell the trier of fact what to decide").  Defendants' objection that the Bankruptcy Court erred "as a matter of law," Motion ¶¶ 44-46, should be overruled.  *Resolution*, 151 F.R.D. at 619 (overruling Rule 72 objection that magistrate judge's order was "contrary to law or clearly erroneous" where party's arguments "do not so plainly mandate the production of expert testimony as to warrant reversal of the magistrate judge's ruling.").

53.     Defendants' conclusory statement that "increased fees and expenses" incurred by Highland in connection with responding to an expert at this stage is "not legally cognizable prejudice," Motion ¶ 48, is insufficient to show any abuse of discretion.  Again, the Bankruptcy Court rejected all these arguments at the Hearing.  The Rule 72 Objection demonstrates nothing more than a disagreement with the Bankruptcy Court's findings.  Such disagreement does not come close to showing any abuse of discretion.  *Minnis*, 2014 WL 12811456, at *2 (denying Rule 72(a) objection where "Defendant has not rebutted any of the legal authorities that the [judge] found relevant to this case, nor has it presented any additional facts that would necessitate consideration of other possible authorities in reaching a decision."); *Hirsch*, 2020 WL 1271374, at *3 (overruling "conclusory" objection to discovery order).  Defendants have failed to carry their burden of showing that the Bankruptcy Court's rulings were "clearly erroneous or contrary to law."

54.     The Rule 72 Objection should be overruled.

## <u>CONCLUSION</u>

Highland respectfully requests that the Court (i) deny the Motion and (ii) grant such other and further relief as the Court deems just and proper.

25

Dated:  January 31, 2022.                    **PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail:      jpomerantz@pszjlaw.com
                jmorris@pszjlaw.com
                gdemo@pszjlaw.com
                hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
E-mail:      MHayward@HaywardFirm.com
                ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

26