Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email: drukavina@munsch.com

ATTORNEYS FOR NEXPOINT ADVISORS, L.P.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Debtor. | §<br>§<br>§<br>§<br>§<br>§ | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civ. Act. No. 3:21-cv-00881-X<br><br>(Consolidated with 3:21-cv-00880-X, 3:21-cv-01010-X, 3:21-cv-01378-X, 3:21-cv-01379-X) |

**REPLY BRIEF IN SUPPORT OF OBJECTION OF NEXPOINT ADVISORS, L.P. TO ORDER DENYING MOTIONS TO EXTEND EXPERT DISCLOSURE AND DISCOVERY DEADLINES**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... iii

I. SUMMARY .......... 1

II. ARGUMENT & AUTHORITIES .......... 2

A. THE BANKRUPTCY COURT LACKS AUTHORITY TO ENTER UNREVIEWABLE ORDERS .......... 2

i. The Bankruptcy Court Lacks Constitutional Authority .......... 2

ii. The Bankruptcy Court Lacks Statutory Authority .......... 4

iii. The Debtor's Case Law is Inapposite or Unpersuasive .......... 6

B. NEXPOINT'S SUBSTANTIVE ARGUMENTS DO NOT "LACK MERIT" .......... 6

C. THE DEBTOR SEEKS CONTEMPT SANCTIONS AGAINST NEXPOINT FOR MAKING AN OFFER OF PROOF, FURTHER EVIDENCING THE NEED FOR THIS COURT'S INTERVENTION .......... 9

III. CONCLUSION .......... 10

CERTIFICATE OF SERVICE .......... 12

# TABLE OF AUTHORITIES

## Cases

*Geiserman v. MacDonald*, 893 F.2d 787 (5th Cir. 1990) ....................7

*Global Gaming Legends, LLC v. Legends Gaming of La.-1, LLC (In re La. Riverboat Gaming P'ship)*, 504 B.R. 439 (Bankr. W.D. La. 2014) ....................4

*Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989) ....................3

*In re World Solar Corp.*, 81 B.R. 603 (Bankr. S.D. Cal. 1988) ....................6

*N. Pipeline Constr. Co v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982) ....................3, 4

*Nukote Int'l, Inc. v. Office Depot, Inc.*, 3:09-0921, 2009 U.S. Dist. LEXIS 106702 (M.D. Tenn. Nov. 16, 2009) ....................6

*Quijano v. United States*, 325 F.3d 564 (5th Cir. 2003) ....................7

*S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533 (5th Cir. 2003) ....................8

*Stern v. Marshall*, 654 U.S. 462 (2011) ....................3

*Streber v. Hunter*, 221 F.3d 701 (5th Cir. 2000) ....................7

*Wellness Int'l Network, Ltd. v. Sharif*, 727 F.3d 751 (7th Cir. 2012) ....................5

*Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665 (2015) ....................5

## Other

28 U.S.C. § 157 ....................4, 5, 6, 8

Fed. R. Civ. P. 1 ....................9

Fed. R. Civ. P. 11 ....................10

Fed. R. Bankr. P. 9011 ....................10

COMES NOW NexPoint Advisors, L.P. ("NexPoint"), one of the defendants in the above styled and numbered Adversary Proceedings initiated by Highland Capital Management, L.P. as the plaintiff (the "Debtor"), and files this its *Reply* in support of its *Objection to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines* (the "Objection"), respectfully stating as follows:

## I. SUMMARY

1. The Debtor withheld critical information when it answered NexPoint's interrogatories. When the information came out in a deposition months later, NexPoint moved to extend the expert designation deadline within ten days. Nevertheless, despite the lack of legal prejudice and despite the fact that this case is still—today—not set for trial, the Bankruptcy Court denied the Motion. That decision fails to survive any standard of review.

2. Perhaps more importantly, this case perfectly exemplifies the reason why NexPoint (and the other defendants) objected to the Bankruptcy Court overseeing pretrial matters. If the Debtor's view of the Bankruptcy Court's authority is correct, this is a Constitutional quagmire. According to the Debtor, the Bankruptcy Court may enter orders determining what evidence the jury may hear, even though the Bankruptcy Court lacks the Constitutional and statutory authority to conduct the trial. According to the Debtor, NexPoint must appeal pretrial orders to this Court while simultaneously appealing the ultimate judgment to the Court of Appeals. Both arguments are wrong and invite this Court to create a Constitutional issue, and the Debtor only makes them to detract from the underlying merits.

3. Simply put, the Debtor argues this Court may irrevocably delegate the Judicial Power of the United States, which the Constitution bestows exclusively upon Article III courts, to an Article I adjunct. But that is unconstitutional. NexPoint therefore urges this Court to reevaluate

its decision to refer pretrial matters to the Bankruptcy Court. The only reason the magistrate system passes Constitutional muster is because the District Court can review the Magistrate Court's orders before trial. But there is no similar review process when the District Court refers pretrial matters to a Bankruptcy Court. This Court has already accepted that the Bankruptcy Court lacks statutory and Constitutional authority to adjudicate this lawsuit, so this Court must retain the ability to review the Bankruptcy Court's pretrial decisions. If the Debtor really cared about expediency, it would not argue otherwise.

4. To complicate matters further, in a recent motion, the Debtor has moved in the Bankruptcy Court to hold NexPoint *in contempt* for making an offer of proof in its summary judgment response based on the untimely expert designation. This Court will decide the Debtor's summary judgment motion after the Bankruptcy Court makes a report and recommendation, and if this Court sustains the Objection, NexPoint's expert report will be deemed timely. Therefore, NexPoint included its expert report as an offer of proof in its summary judgment response, for the benefit of this Court, expressly acknowledging the Bankruptcy Court's decision as it stands, which no order prohibited. Given the direction the Debtor is unfortunately taking this litigation, all parties would benefit from proceeding solely before the District Court, where its authority is not in question. The Court should withdraw the reference, review the Bankruptcy Court's illegitimate orders *de novo*, and thereby cure the aforementioned Constitutional infirmities.

## II. ARGUMENT & AUTHORITIES

### A. THE BANKRUPTCY COURT LACKS AUTHORITY TO ENTER UNREVIEWABLE ORDERS

#### i. The Bankruptcy Court Lacks Constitutional Authority

5. According to the Debtor, the Bankruptcy Court may enter pretrial orders in non-core proceedings that are not subject to review except on appeal. But the statute does not say that. More importantly, the Constitution does not allow it. Regardless of what the statute says, the

Supreme Court has made it clear multiple times in the context of bankruptcy jurisdiction that Congress cannot confer the Judicial Power of the United States on an Article I adjunct like the Bankruptcy Court. *E.g. Stern v. Marshall*, 654 U.S. 462 (2011). That power is reserved exclusively to Article III courts. *Id.* It flies in the face of this precedent for the Debtor to suggest the Bankruptcy Court may decide what evidence the jury will hear in this non-core proceeding.

6. When confronted with questions about the Bankruptcy Court's Constitutional authority, the Supreme Court has consistently expressed a narrow view. *N. Pipeline Constr. Co v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982) (declaring portions of the Bankruptcy Reform Act of 1978 unconstitutional, leading Congress to enact substantial revisions in the Bankruptcy Amendments and Federal Judgeship Act of 1984); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989) (holding that defendant in fraudulent conveyance action was entitled to jury trial in Article III court notwithstanding that Congress designated such proceedings as "core" in the statute); *Stern v. Marshall*, 654 U.S. 462 (2011) (holding the bankruptcy court lacked constitutional authority to enter a judgment on the debtor's state-law counterclaim even though Congress had conferred statutory authority to do so).

7. No Supreme Court authority suggests the Bankruptcy Court may enter unreviewable pretrial orders in proceedings the Constitution does not empower it to adjudicate. By analogy, the magistrate system only passes Constitutional muster because the District Court maintains plenary oversight power:

> In *United States v. Raddatz*, [447 U.S. 667 (1980)], the Court upheld the 1978 Federal Magistrates Act, which permitted district court judges to refer certain pretrial motions, including suppression motions based on alleged violations of constitutional rights, to a magistrate for initial determination. The Court observed that the magistrate's proposed findings and recommendations were subject to de novo review by the district court, which was free to rehear the evidence or to call for additional evidence. *Id.*, at 676-677, 681-683. Moreover, it was noted that the magistrate considered motions only upon reference from the district court, and that

> the magistrates were appointed, and subject to removal, by the district court. Id., at 685 (BLACKMUN, J., concurring). **In short, the ultimate decisionmaking authority respecting all pretrial motions clearly remained with the district court.** *Id.*, at 682. Under these circumstances, the Court held that the Act did not violate the constraints of Art. III. *Id.*, at 683-684.

*N. Pipeline Constr. Co v. Marathon Pipe Line Co.*, 458 U.S. at 79. Unless the Bankruptcy Court's orders are subject to this Court's review, the system fails the Constitutional test.

8. The Debtor argues that the Bankruptcy Court may enter pretrial orders because they are interlocutory. So did the debtors in *Global Gaming Legends, LLC v. Legends Gaming of La.-1, LLC (In re La. Riverboat Gaming P'ship)*, 504 B.R. 439, 443 (Bankr. W.D. La. 2014). But that argument fails because "the fact that [the Supreme Court] did not go on to address the role of bankruptcy courts with regard to discovery shouldn't be interpreted to mean that bankruptcy courts should be allowed to oversee same simply because a bankruptcy discovery order is not a final order." *Id.* The same is true here.

9. The Debtor's argument also completely overlooks the fact that the Bankruptcy Court's interlocutory orders will become final at some point. If this Court may not review those orders in the meantime, then they are unconstitutional. NexPoint does not dispute that neither rule 54 nor 72 provides a clear mechanism for the District Court to review the Bankruptcy Court's pretrial rulings. But that's the problem. The safer approach, and the only one indisputably consistent with the Constitution and the existing statutory scheme, is to withdraw the reference entirely and review the Bankruptcy Court's orders *de novo*.

### ii. The Bankruptcy Court Lacks Statutory Authority

10. The Debtor argues that 28 U.S.C. § 157 empowers the bankruptcy court to adjudicate pretrial matters. As the Seventh Circuit observed in the wake of *Stern*, however:

> there is no statutory provision authorizing a bankruptcy court to preside over discovery, apart from its authority over core and noncore matters. It is true that magistrate judges often preside over pretrial matters such as discovery, even if the

> district court ultimately decides the claims for which discovery is sought, but 28 U.S.C. § 636(b)(1)(A) expressly authorizes a district judge to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," with certain exceptions and subject to reconsideration by the district judge if "the magistrate judge's order is clearly erroneous or contrary to law." No analogous statutory authorization exists for bankruptcy judges.

*Wellness Int'l Network, Ltd. v. Sharif*, 727 F.3d 751, 776-77 (7th Cir. 2012).[1]

11. The bankruptcy statute in question does not mention interlocutory or pretrial orders at all. Instead, it provides in relevant part as follows:

> Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

28 U.S.C. § 157(b)(1). The Court has already determined this is not a core proceeding, so no authority emanates from this subsection.

12. The statute continues:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1). Again, the statute does not provide any authority to enter binding pretrial orders that are not subject to *de novo* review.

13. Finally, the statutes provides one more alternative:

> Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to

[1] The Supreme Court later reversed the Seventh Circuit's decision on the basis that Sharif waived his Constitutional objection, but the Supreme Court did not address the Bankruptcy Court's power over discovery matters when it otherwise lacks Constitutional authority to decide the dispute. *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665 (2015).

> enter appropriate orders and judgments, subject to review under section 158 of this title.

28 U.S.C. § 157(c)(2). But NexPoint does not consent. If anything, this provision suggests the District Court may not refer any aspect of a non-core proceeding to the Bankruptcy Court without consent. The Debtor does not cite any other statute in support of its argument.

**iii. <u>The Debtor's Case Law is Inapposite or Unpersuasive</u>**

14. The Debtor cites seven cases in support of its argument that the Bankruptcy Court may enter non-reviewable pretrial orders, including orders that will limit what evidence the jury will see. Motion ¶ 31. Six of these seven cases were decided at least fifteen years before the Supreme Court decided *Stern*. Three of them—*S.N.A. Nut co.*, *M&L Business Mach. Co.*, and *Kennedy*—do not mention the Constitution at all. One—*Lion Capital*—"is considered to be incorrectly decided by most authorities." *In re World Solar Corp.*, 81 B.R. 603, 609 (Bankr. S.D. Cal. 1988). Another—*Adelphi Institute*—has also been rejected. *Nukote Int'l, Inc. v. Office Depot, Inc.*, 3:09-0921, 2009 U.S. Dist. LEXIS 106702, *19 n.6 (M.D. Tenn. Nov. 16, 2009). The only recent case—*Trinsum Group*—states as mere *ipse dixit* that a bankruptcy judge may enter interlocutory orders. And the court went as far as to distinguish the limited scope of a magistrate's authority but not far enough to consider the Constitutional reason why it is limited. These cases simply do not provide the persuasive authority the Debtor suggests. Neither the Supreme Court nor any Court of Appeals has ever held a bankruptcy court may do what the Debtor claims it can, and the most analogous authority—related to magistrates—suggests it cannot.

**B. <u>NEXPOINT'S SUBSTANTIVE ARGUMENTS DO NOT "LACK MERIT"</u>**

15. The Debtor claims the Objection is "without merit." But hyperbole is a rhetorical device ill-suited for serious matters. The facts speak for themselves:

a. The Debtor was responsible for making payments under the Note on NexPoint's behalf because, under the Shared Services Agreement, the Debtor provided various

so-called "back office" services to NexPoint, including treasury, accounting, and payables services. APP 462 at 13 - 464 at 9.

b. Mr. Waterhouse even testified that it was "reasonable for NexPoint to rely on the debtors' employees to inform NexPoint of an upcoming payment due on the $30 million promissory note." APP 473 at 22–APP 474 at 8.

c. But the Debtor did not make the December 31, 2020 payment. Instead, the Debtor declared a default and accelerated the Note. APP 026.

d. Under the Shared Services Agreement, the Debtor owed NexPoint the following duty of care:

> Except as otherwise expressly provided herein, each Covered Person shall discharge its duties under this Agreement with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

APP 115.

e. On October 19, 2021, Mr. Waterhouse testified for the first time that Mr. Dondero instructed him not to make the December 31, 2020 payment on the Note. APP 526-28 (380:4-392:17).

f. The Debtor withheld this critical information when it answered NexPoint's interrogatories months earlier. APP 819 (Interrogatory 2).

g. It is unreasonable for the Debtor to suggest a lay juror would know what the contractual standard of care requires based on these newly disclosed allegations without the aid of expert testimony. *See Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003); *Streber v. Hunter*, 221 F.3d 701, 724 (5th Cir. 2000); *Geiserman v. MacDonald*, 893 F.2d 787, 793-94 (5th Cir. 1990).

h. Within ten days of Mr. Waterhouse's new allegations, NexPoint moved to extend the expert disclosure deadline. APP 097 (motion dated October 29, 2021).

i. Before the Bankruptcy Court heard NexPoint's motion, NexPoint disclosed its expert's opinion. APP 830-31 (Notice of Expert Report dated Dec. 20, 2021).

j. The Debtor would have had every opportunity to take expert discovery and designate its own rebuttal expert, and no trial is set or will be set any time soon (indeed, summary judgment proceedings will not even be heard by the Bankruptcy Court until March 23, 2022, and it will take some time even after that for the Bankruptcy Court to issue its report and recommendation, for the parties to file pleadings in support or opposition, and for this Court to decide the summary judgment motion).

k. Despite these circumstances, the Bankruptcy Court denied NexPoint's motion to extend the expert disclosure deadline.

16. As discussed above, the District Court must have the authority to review the Bankruptcy Court's ruling. The District Court will conduct a jury trial in this case, and the Bankruptcy Court has entered an order limiting what the jury will hear. But there is no question the Bankruptcy Court lacks both the Constitutional and Statutory authority to conduct a jury trial. NexPoint recognizes that neither rule 54 nor rule 72 perfectly fits this situation. If one of them applies, in order to survive Constitutional scrutiny, the standard of review cannot be higher than the standard applicable to magistrates.

17. The Debtor cites 28 U.S.C. § 157. The only standard of review it mentions is *de novo*. 28 U.S.C. § 157(c)(1). Indeed, the only path the statute unequivocally authorizes is to treat the Bankruptcy Court's order as proposed and review it *de novo*. *Id.* Even if rule 72 applies, the Debtor concedes the standard of review is a mere abuse of discretion. Debtor Brief p. 20. Whether the standard is abuse of discretion under rule 72 or *de novo* under § 157, the District Court should sustain the Objection and reverse the Bankruptcy Court's order.

18. Concerning an "untimely submission of expert reports," the Fifth Circuit has articulated the following factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003). The Debtor withheld critical information in discovery, which prompted the need for expert testimony, and NexPoint moved swiftly to procure the same. The fact that the Debtor may need to procure a rebuttal expert slightly later than previously contemplated does not and cannot constitute prejudice under these circumstances. This case is still, even now, not set for trial. Given the lengthy summary judgment briefing underway in the

Bankruptcy Court, there is no reason to expect a trial anytime soon, so a continuance is not even necessary.

19. If anything "lacks merit" it is the Debtor's suggestion that the Bankruptcy Court's order is unreviewable. Reading a Constitutional question into the rules invites lengthy and costly appellate review, which violates the rules' express purpose: "They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Allowing the jury to decide the case after hearing all the evidence, on the other hand, will produce a far more definitive and unassailable result.

### C. THE DEBTOR SEEKS CONTEMPT SANCTIONS AGAINST NEXPOINT FOR MAKING AN OFFER OF PROOF, FURTHER EVIDENCING THE NEED FOR THIS COURT'S INTERVENTION

20. Recent developments also warrant discussion. On January 20, 2022, NexPoint and various other defendants filed their brief in response to the Debtor's motion for summary judgment. APP 897-961.[2] In a section titled *If Dondero Issued the Non-Payment Instruction: Offer of Proof*, NexPoint discussed its expert report. APP 950-52. But NexPoint expressly recognized that the Bankruptcy Court denied its motion to extend the expert disclosure deadline. APP 951 (¶ 99). NexPoint also pointed out that it "timely filed a motion with the District Court seeking its review of the Bankruptcy Court's denial of its motion for leave …." *Id.*

21. By making an offer of proof, NexPoint recognized that the report is currently inadmissible under the Bankruptcy Court's order, subject to review by this Court. When the Debtor threatened contempt, NexPoint even offered to stipulate that "[t]he Bankruptcy Court may disregard the Pully Material in the Opposition and consider the Opposition as if it did not contain

[2] Contemporaneously herewith, NexPoint is filing its *Supplemental Appendix in Support of Objection of NexPoint Advisors, L.P. to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines*, which continues the pagination from NexPoint's principal appendix.

any references to the Pully Material (until and unless the Expert Deadline Order is modified to allow the Pully Report to be used by Defendants)." APP 970. But the Bankruptcy Court cannot ultimately decide the summary judgment motion. Only this court can. The point of making the offer of proof was to include the expert report in case this Court sustains the Objection and deems the report timely.

22. The Debtor rejected NexPoint's stipulation and filed a motion for contempt. APP 973. NexPoint believes the Debtor's motion seeking to hold it in contempt for making an offer of proof violates Fed. R. Civ. P. 11 and Fed. R. Bankr. P. 9011—there is no order that prohibits making an offer of proof, and the purpose of the threat is plainly to harass—and NexPoint is evaluating whether to seek sanctions. This development further illustrates potential problems with referring pretrial matters to the Bankruptcy Court. For the avoidance of doubt, NexPoint does not consent to the Bankruptcy Court deciding either the motion for contempt or any future motion for sanctions. The Debtor's actions provide further grounds for the District Court to withdraw the reference from the Bankruptcy Court at once.

## III. CONCLUSION

23. The District Court will conduct the jury trial in this case, and the District Court must control what evidence the jury will weigh. It is neither statutorily nor Constitutionally permissible to delegate the Judicial Power of the United States to the Bankruptcy Court. But that is what the Debtor asks this Court to do. The safest path, Constitutionally speaking, is to withdraw the reference and treat the Bankruptcy Court's orders as proposed findings and conclusions, subject to *de novo* review. Even under the standard applicable to magistrates, the District Court should sustain the Objection and reverse the Bankruptcy Court's rule 16 order.

RESPECTFULLY SUBMITTED this the 14th day of February, 2022.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
Davor Rukavina
State Bar No. 24030781
Julian P. Vasek.
State Bar No. 24070790
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375
Email: drukavina@munsch.com
Email: jvasek@munsch.com

**ATTORNEYS FOR NEXPOINT ADVISORS, L.P.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on February 14, 2022, a true and correct copy of the foregoing document, including any exhibit(s) thereto, was served on the following recipients via the Court's CM/ECF system:

Daniel P Elms elmsd@gtlaw.com, guerrak@gtlaw.com

Deborah Rose Deitsch-Perez deborah.deitsch-perez@stinson.com, kinga.mccoy@stinson.com, patricia.tomasky@stinson.com

Michael P Aigen michael.aigen@stinson.com, stephanie.gratt@stinson.com

Clay M Taylor clay.taylor@bondsellis.com

Davor Rukavina drukavina@munsch.com

Melissa S Hayward mhayward@haywardfirm.com, mholmes@haywardfirm.com

Douglas Draper ddraper@hellerdraper.com, dhepting@hellerdraper.com, gbrouphy@hellerdraper.com, vgamble@hellerdraper.com

Leslie A Collins lcollins@hellerdraper.com, dhepting@hellerdraper.com

Zachery Z. Annable zannable@haywardfirm.com, zannable@franklinhayward.com

Julian Preston Vasek jvasek@munsch.com

Lauren Kessler Drawhorn lauren.drawhorn@wickphillips.com, samantha.tandy@wickphillips.com

Bryan Christopher Assink bryan.assink@bondsellis.com

John A Morris jmorris@pszjlaw.com, hwinograd@pszjlaw.com, lsc@pszjlaw.com

Jeffrey N Pomerantz jpomerantz@pszjlaw.com

Gregory V Demo gdemo@pszjlaw.com, hwinograd@pszjlaw.com, jfried@pszjlaw.com, lsc@pszjlaw.com

Case Admin Sup txnb_appeals@txnb.uscourts.gov

Stacey G Jernigan sgj_settings@txnb.uscourts.gov, anna_saucier@txnb.uscourts.gov

/s/ Davor Rukavina
Davor Rukavina