PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:   MHayward@HaywardFirm.com
         ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Adv. Proc. No. 21-03003-sgj |
| vs. | § | |
| | § | |
| JAMES DONDERO, NANCY DONDERO, AND THE | § | |
| DUGABOY INVESTMENT TRUST, | § | Case No. 3:21-cv-00881-X |
| | § | |
| Defendants. | § | |
| | § | |

---

HIGHLAND CAPITAL MANAGEMENT, L.P.,

§
§
§

                    Plaintiff,

§    Adv. Proc. No. 21-03004-sgj

§

vs.

§
§

§    Case No. 3:21-cv-00881-X

HIGHLAND CAPITAL MANAGEMENT FUND
ADVISORS, L.P.,

§
§
§

                    Defendant.

§
§

---

HIGHLAND CAPITAL MANAGEMENT, L.P.,

§
§

                    Plaintiff,

§    Adv. Proc. No. 21-03005-sgj

§

vs.

§
§

NEXPOINT ADVISORS, L.P., JAMES
DONDERO, NANCY DONDERO, AND
THE DUGABOY INVESTMENT TRUST,

§    Case No. 3:21-cv-00881-X
§
§
§

                 Defendants.

§
§

---

HIGHLAND CAPITAL MANAGEMENT, L.P.,

§
§

                    Plaintiff,

§    Adv. Proc. No. 21-03006-sgj

§

vs.

§
§

HIGHLAND CAPITAL MANAGEMENT
SERVICES, INC., JAMES DONDERO,
NANCY DONDERO, AND THE DUGABOY
INVESTMENT TRUST,

§    Case No. 3:21-cv-00881-X
§
§
§

                 Defendants.

§

---

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § |
| | § |
| | § |
| Plaintiff, | §    Adv. Proc. No. 21-03007-sgj |
| | § |
| vs. | § |
| | § |
| | §    Case No. 3:21-cv-00881-X |
| HCRE PARTNERS, LLC (n/k/a NexPoint | § |
| Real Estate Partners, LLC), JAMES | § |
| DONDERO, NANCY DONDERO, AND | § |
| THE DUGABOY INVESTMENT TRUST, | § |
| | § |
| | § |
| Defendants. | § |

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    RELEVANT BACKGROUND ........................................................................................ 1

II.   ARGUMENT ................................................................................................................. 6

    A.   Defendants' Objection Premised on the Alleged Math Error Should Be Overruled ........................................................................................................... 6

    B.   Defendants' Objection that Recoverable Fees Are Limited Only to Breach of Contract and Turnover Is without Merit and Should Be Overruled ................. 7

    C.   Defendants' Objection that Non-Segregated Entries Should Be Excluded Is Without Merit and Should Be Overruled ........................................................ 9

    D.   Defendants' Objection that Fees Related to "Unsuccessful Litigation" Should Be Reduced Is Without Merit and Should Be Overruled ....................... 10

    E.   Defendants' Objection to PSZJ's Rates Is Without Merit and Should Be Overruled ......................................................................................................... 14

    F.   Defendants' Objection that PSZJ Exercised "No Billing Judgment" Is Without Merit and Should Be Overruled ........................................................... 17

III.  CONCLUSION ............................................................................................................. 17

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*,
  306 F.2d 862 (5th Cir. 1962) ................................................................. 13

*Aurzada v. Jenkins (In re Jenkins)*,
  617 B.R. 91 (Bankr. N.D. Tex. 2020)....................................................... 8

*DP Solutions, Inc. v. Rollins, Inc.*,
  353 F.3d 421 (5th Cir. 2003) ................................................................. 11

*Edwards v. Aaron Rents, Inc.*,
  482 F. Supp. 2d 803 (W.D. Tex.2005) ................................................... 11

*G.R.A.V.I.T.Y. Enters., Inc. v. Reece Supply Co.*,
  177 S.W.3d 537 (Tex. App.-Dallas 2005) ............................................... 7

*Hong Kong Dev.*, *Inc. v. Nguyen*,
  229 S.W.3d 415 (Tex. App.-Houston [1st Dist.] 2007)........................... 10

*Hopwood v. Texas*,
  236 F.3d 256 (5th Cir. 2000) ................................................................. 16

*Howell v. Town of Ball*,
  No. 1:12-CV-00951, 2018 WL 580055 (W.D. La Jan. 26, 2018) ............. 9

*In re Mud King Prods., Inc.*,
  525 B.R. 43 (Bankr. S.D. Tex. 2015) ..................................................... 10

*In re Studio Movie Grill Holdings, LLC, et al.*,
  Case No. 20-32633-sgj11 (Bankr. N.D. Tex. July 9, 2021) .................... 16

*In re Tuesday Morning Corp., et al.*,
  Case No. 20-31476-hdh11 (Bankr. N.D. Tex. April 1, 2021) ................. 16

*Jackson Law Office, P.C. v. Chappell*,
  37 S.W.3d 15 (Tex. App.-Tyler 2000)................................................... 10

*Johnson v. Ga. Highway Express, Inc.*,
  488 F.2d 714 (5th Cir. 1974) ................................................................. 14

*Lewallen v. City of Beaumont*,
  CIV.A. 1:05-CV-733TH, 2009 WL 2175637 (E.D. Tex. July 20, 2009),
  *aff'd*, 394 F. App'x 38 (5th Cir. 2010) ................................................... 11

*Mass. Mut. Life Ins. Co. v. Sanders*,
  787 F. Supp. 2d 628 (S.D. Tex. 2011)..................................................... 8

*Mauricio v. Phillip Galyen, P.C.*,
  174 F. Supp. 3d 944 (N.D. Tex. 2016) ................................................... 17

*Robbins v. Robbins*,
   550 S.W.3d 846 (Tex. App.—Fort Worth 2018) ........................................................................ 8

*Robles v. Eminent Medical Center, LLC*,
   --- F.Supp.3d ----, 2022 WL 3081827 (N.D. Tex. Aug. 3, 2022) ............................................ 13

*Roggio v. Grasmuck*,
   18 F. Supp. 3d 49 (D. Mass. 2014) .......................................................................................... 13

*Saldivar v. Austin Ind. Sch. Dist.*,
   A-14-CA-00117-SS, 2016 WL 1064654 (WD Tex. Mar. 15, 2016),
   *affd,* 675 F. App'x 429 (5th Cir. 2017) .................................................................................. 11

*Tony Gullo Motors I, L.P. v. Chapa*,
   212 S.W.3d 299 (Tex. 2006) ......................................................................................... 7, 8, 9, 10

*Varner v. Cardenas*,
   218 SW.3d 68 (Tex. 2007) ........................................................................................................ 9

*Ward Family Found. v. Arnette (In re Arnette)*,
   No. 09-38643-BJH-7, 2011 WL 3651294 (Bankr. N.D. Tex. Aug. 18, 2011) ........................... 9

DOCS_NY:46823.4 36027/003

**BRIEF IN RESPONSE TO DEFENDANTS' OBJECTION TO THE BANKRUPTCY COURT'S SUPPLEMENT TO REPORT AND RECOMMENDATION TO AWARD PLAINTIFF ITS ATTORNEYS' FEES AND COSTS**

Highland Capital Management, L.P. ("Highland" or "Plaintiff"), plaintiff in the above-captioned adversary proceedings (the "Adversary Proceedings"), files this brief in support of its response (the "Response") to *Defendants' Objection to the Bankruptcy Court's Supplement to Report and Recommendation to Award Plaintiff its Attorneys' Fees and Costs* [Docket No. 87][1] (the "Objection") filed by James Dondero ("Mr. Dondero"), NexPoint Advisors, L.P. ("NexPoint"), Highland Capital Management Fund Advisors, L.P. ("HCMFA"), Highland Capital Management Services, Inc. ("HCMS"), and HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC) ("HCRE," and collectively with Mr. Dondero, NexPoint, HCMFA, and HCMS, "Defendants"). In support of its Response, Highland states as follows.

## I.      RELEVANT BACKGROUND

1.      On July 20, 2022, the Bankruptcy Court issued its *Report and Recommendation to the District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* [Docket No. 50-1] (the "R&R"), in which it recommended that this Court grant the Motion for Summary Judgment against all Defendants, holding "Defendants liable for (a) breach of contract and (b) turnover for all amounts due under the Notes, … including the costs of collection and reasonable attorneys' fees in an amount to be determined." In the R&R, the Bankruptcy Court directed Plaintiff to submit a form of judgment applicable to each Defendant that calculates the amounts due pursuant to the R&R, including interest accrued

---

[1] Refers to the docket maintained in this Court.

to date (and continuing to accrue per diem), as well as costs and attorneys' fees incurred.  All costs of collection and attorneys' fees related thereto are contractual obligations under the Notes.

2.       In accordance with the Bankruptcy Court's directive, on August 5, 2022, Highland submitted to its proposed form of judgment (the "Proposed Judgment") and supporting documentation, including the (a) *Notice of Attorneys' Fees Calculation and Backup Documentation*[2] (the "Notice and Backup Documentation") regarding the fees and costs of Pachulski, Stang, Ziehl & Jones, LLP ("PSZJ"), (b) *Declaration of David Klos in Support of Highland Capital Management, L.P.'s Proposed Form of Judgment*[3] (the "Klos Dec."), and (c) *Notice of Attorneys' Fees Calculation and Backup Documentation of Hayward PLLC*[4] regarding the fees and costs of Hayward PLLC (the "Hayward Notice").

3.       On August 23, 2022, the Defendants filed their *Objections to Plaintiff's Proposed Form of Judgment Awarding Attorney's Fees and Costs*,[5] in which they objected to Highland's proposed form of judgment ("Proposed Judgment Objection").   The Proposed Judgment Objections identified seven objections (collectively, the "Proposed Judgment Objections"):

(1) Mathematical error (the "Alleged Math Error Objection");
(2) Excessive redaction;
(3) Fees should be limited to breach of contract and turnover claims;
(4) "Unsegregated fees" should be excluded;
(5) Fees attributable to "unsuccessful litigation" should be excluded;

---

[2] *See* Adv. Pro. 21-03003-sgj, Docket No.197; Adv. Pro. 21-03004-sgj, Docket No.169; Adv. Pro. 21-03005-sgj, Docket No. 214; Adv. Pro. 21-03006-sgj, Docket No. 219; and Adv. Pro. 21-03007-sgj, Docket No. 214.

[3] *See* Adv. Pro. 21-03003-sgj, Docket No. 199; Adv. Pro. 21-03004-sgj, Docket No. 171; Adv. Pro. 21-03005-sgj, Docket No. 216; Adv. Pro. 21-03006-sgj, Docket No. 221; and Adv. Pro. 21-03007-sgj, Docket No. 216.

[4] *See* Adv. Pro. 21-03003-sgj, Docket No. 198; Adv. Pro. 21-03004-sgj, Docket No. 170; Adv. Pro. 21-03005-sgj, Docket No. 215; Adv. Pro. 21-03006-sgj, Docket No. 220; and Adv. Pro. 21-03007-sgj, Docket No. 215.

[5] *See* Adv. Pro. 21-03003-sgj, Docket No. 204; Adv. Pro. 21-03004-sgj, Docket No. 173; Adv. Pro. 21-03005-sgj, Docket No. 221; Adv. Pro. 21-03006-sgj, Docket No. 226; and Adv. Pro. 21-03007-sgj, Docket No. 221.

DOCS_NY:46823.4 36027/003

(6) PSZ&J's rates are too high;

(7) The distribution of fees and costs equally among the five Defendants is unreasonable.

4.      In support of their Alleged Math Error Objection, Defendants asserted that there was a "math error" (the "Alleged Math Error") of $395,996.50, *see* Proposed Judgment Objection at 5-6, and "[t]here may be a small portion of that amount attributable to partially redacted entries for which the total was redacted, making it unduly difficult to decipher," *id.* at 6 n. 2.  Thereafter, Highland's counsel informed Defendants' counsel that there was no Alleged Math Error because there are two simple reasons for the discrepancy: (a) Highland inadvertently omitted from its Backup Documentation the invoices for January and February 2022, and (b) some entries were redacted because they referred to tasks unrelated to the Notes Litigation (and not included in the total), but the unredacted time should be added up and multiplied by the hourly rate of the applicable timekeeper. Morris Dec. Ex. A.[6]  Highland also attached to its email, *inter alia*, the invoices for January and February 2022 (the "Supplemental Invoices"), which total $307,493.50 (and which therefore accounts for almost 80% of the Alleged Math Error). Morris Dec. Ex. B and Ex. C, respectively.  Highland's counsel proposed to stipulate to this issue in order to reduce the burden on the Court, advising Defendants' counsel that if they did not respond by noon on Friday, September 23, 2022, Highland would move for leave to supplement the Backup Documentation with the Supplemental Invoices. Morris Dec. Ex. A.  Defendants' counsel did not respond by September 23, 2022 (or anytime thereafter).  On September 27, 2022, Highland filed its Motion

---

[6] References to "Morris Dec." are to the *Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment*, Adv. Pro. 21-03003-sgj [Docket No. 206]; Adv. Pro. 21-03004-sgj [Docket No. 175]; Adv. Pro. 21-03005-sgj [Docket No. 223], Adv. Pro. 21-03006-sgj [Docket No. 228]; and Adv. Pro. 21-03007-sgj [Docket No. 223], filed in the adversary proceedings in connection with Highland's *Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* ("Motion for Leave") filed on September 27, 2022. Adv. Pro. 21-03003-sgj [Docket No. 205]; Adv. Pro. 21-03004-sgj [Docket No. 174]; Adv. Pro. 21-03005-sgj [Docket No. 222]; Adv. Pro. 21-03006-sgj [Docket No. 227]; and Adv. Pro. 21-03007-sgj [Docket No. 222].

for Leave, seeking leave of the Bankruptcy Court to supplement the Backup Documentation with the Supplemental Invoices on the ground that such Invoices had been inadvertently omitted from the original Notice and Backup Documentation. Motion for Leave ¶ 9.

5.       On October 18, 2022—28 days after Defendants' counsel had been provided with copies of the Supplemental Invoices—Defendants filed their *Opposition to Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment*[7] (the "Motion for Leave Opposition").  Defendants argued that Highland should not be allowed to supplement the Backup Documentation with the Supplemental Invoices because allowing such would cause Defendants to "suffer prejudice." Specifically, Defendants asserted that Highland's failure to include the Supplemental Invoices as part of the original Backup Documentation (a) "has prejudiced Defendants by not allowing Defendants to timely examine the statements for accuracy, duplicity of work, redactions, and other factors relating to a reasonableness and necessity-of-attorney's-fees analysis," (b) gives Highland "two bites at the apple to recover [fees and costs] it never presented to Defendants for examination in the first place," and (c) has caused Defendants to be prejudiced and to suffer "undue surprise because [they were] not afforded an opportunity to examine those statements while [they were] briefing on Plaintiff's originally-provided billing statements." Motion for Leave Opposition ¶ 3.  On October 21, 2022, Highland filed its *Reply in Further Support of Its Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment*[8] ("Reply"), and, on October 24, 2022, the Bankruptcy Court entered orders in each of the Adversary Proceedings granting Highland's

---

[7] Adv. Pro. 21-03003-sgj, Docket No. 210; Adv. Pro. 21-03004-sgj, Docket No. 179; Adv. Pro. 21-03005-sgj, Docket No. 227; Adv. Pro. 21-03006-sgj, Docket No. 232; and Adv. Pro. 21-03007-sgj, Docket No. 227.

[8] *See* Adv. Pro. 21-3003, Docket No. 211, Adv. Pro. 21-3004, Docket No. 180, Adv. Pro. 21-3005, Docket No. 228, Adv. Pro. 21-3006, Docket No. 233, and Adv. Pro. 21-3007, Docket No. 228.

Motion for Leave and allowing Highland to supplement the Backup Documentation with the Supplemental Invoices on the grounds that the Supplemental Invoices were inadvertently omitted from the original Backup Documentation and Defendants would not suffer prejudice as they had 28 days to review the Invoices[9] (the "Order Granting Motion for Leave").

6.      On November 14, 2022, the Bankruptcy Court issued its *Supplement to Report and Recommendation Dated July 19, 2022 Transmitting Proposed Forms of Judgment* [Docket No. 83-1] (the "Supplemental R&R"), in which it recommended that the District Court overrule Defendants' Proposed Judgment Objections.  On November 28, 2022, Defendants filed the instant Objection to the Supplemental R&R, lodging many of the same objections as those raised in the Proposed Judgment Objection, with the exception of the "billing judgment" objection at number six:

(1) The fees accounting for the Alleged Math Error should be reduced;
(2) Fees should be limited to breach of contract and turnover claims;
(3) "Unsegregated fees" should be excluded;
(4) Fees attributable to "unsuccessful litigation" should be excluded;
(5) PSZJ's rates are too high;
(6) PSZJ exercised no billing judgment (collectively, the "Objections")

7.      For the reasons that follow, the Objection should be overruled in its entirety, and the Bankruptcy Court's Supplemental R&R adopted.

---

[9] *See* Adv. Pro. 21-03003-sgj, Docket No. 212; Adv. Pro. 21-03004-sgj, Docket No. 181; Adv. Pro. 21-03005-sgj, Docket No. 229; Adv. Pro. 21-03006-sgj, Docket No. 234; and Adv. Pro. 21-03007-sgj, Docket No. 229.

## II.     ARGUMENT

A.     **Defendants' Objection Premised on the Alleged Math Error Should Be Overruled**

8.     Defendants argue that the Proposed Award should be reduced by $395,966.50, which is the amount reflected in the Supplemental Invoices. *See* Objection ¶ 10.  In support thereof, Defendants reiterate the arguments in their Opposition to Motion for Leave, namely, that (a) Plaintiff did not explain why the Supplemental Invoices were not included in the Notice and Backup Documentation originally filed; and (b) Defendants were "prejudiced" by the omission of the Supplemental Invoices because Defendants had insufficient time to "examine the statements for accuracy, duplicity of work, redactions …." Objection ¶¶ 12-13.  As the Bankruptcy Court found in the Order Granting Motion for Leave and the Supplemental R&R, these arguments are without merit.

9.     *First*, contrary to Defendants' assertion, in its Motion for Leave, Plaintiff specifically stated that the omission of the Supplemental Invoices from the original Backup Documentation was due to *inadvertence*. *See* Motion for Leave; Order Granting Motion for Leave. *Second*, Defendants' claim of prejudice is spurious because they were originally made aware of the full amount of attorneys' fees and had 28 days to review the Supplemental Invoices— substantially more time than they agreed was needed to review dozens of other invoices pursuant to a stipulation the parties previously entered into.  *See* Stipulation[10] (providing that Plaintiff shall file form of judgment (including backup for fees and expenses) by August 5, 2022, with Defendants' objections due on August 18, 2022, eighteen (18) days later).  *Finally*, even if Defendants' claim of prejudice had merit (and it does not), such prejudice was eliminated because

---

[10] *See* Adv. Pro. 21-03003-sgj, Docket No. 196; Adv. Pro. 21-03004-sgj, Docket No. 168; Adv. Pro. 21-03005-sgj, Docket No. 212; Adv. Pro. 21-03006-sgj, Docket No. 218; and Adv. Pro. 21-03007-sgj, Docket No. 213.

the Bankruptcy Court 7ubsequenttly heard—and rejected—Defendants' substantive arguments concerning the Supplemental Invoices.[11]   Under these circumstances, Defendants' claim of "prejudice" from the inclusion of the Supplemental Invoices in the Proposed Award is without merit, and their objection to the inclusion of the Supplemental Invoices in the Proposed Judgment should be overruled.

**B.**      **Defendants' Objection that Recoverable Fees Are Limited Only to Breach of Contract and Turnover Is without Merit and Should Be Overruled**

10.      Defendants' argument that Plaintiff may only recover fees for the breach of contract and turnover claims in the complaints because those two counts were "the only claims addressed by the R&R issued by the Court," Objection ¶ 14, likewise lacks merit.  As the Bankruptcy Court correctly found, under the Notes at issue, Highland is entitled to ***all*** costs of collection, not just those directly incurred on a subset of litigated issues. *See* Supplemental R&R at 9.  Nothing in Section 6 limits Highland's recovery of "all actual expenses of collection" to only breach of contract and turnover claims, where all of the causes of action and claims asserted in the Adversary Proceeding were pursued to collect on the Notes which Defendants wrongfully refused to pay.

11.      Defendants' case cites do not support their argument.   For instance, the court in *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299 (Tex. 2006) ("*Chapa*") found that a party could not recover attorneys' fees on a fraud claim where there was no contract between the parties allowing for such recovery, noting that "[a]bsent a contract or statute, trial courts do not have inherent authority to require a losing party to pay the prevailing party's fees." *Id.* at 311; *see also G.R.A.V.I.T.Y. Enters., Inc. v. Reece Supply Co.*, 177 S.W.3d 537, 547 (Tex. App.-Dallas 2005)

---

[11] *See Order (A) Granting Defendants' Motion for Leave to Supplement Their Argument Against Plaintiff's Supplemented Notice of Attorneys' Fees; But (B) Denying Any Further Relief* finding, among other things, that "there is no need to amend its [Supplemental R&R]."  Adv. Pro. 21-03003-sgj, Docket No. 226.

7

(standing for general proposition that a party cannot recover attorney's fees unless provided for by contract or statute); *Aurzada v. Jenkins (In re Jenkins)*, 617 B.R. 91, 113 (Bankr. N.D. Tex. 2020) (same); *Mass. Mut. Life Ins. Co. v. Sanders*, 787 F. Supp. 2d 628, 641 (S.D. Tex. 2011) (denying motion for award of attorneys' fees because the federal Declaratory Judgment Act does not provide statutory authority to award attorneys' fees); *Robbins v. Robbins*, 550 S.W.3d 846, 855 (Tex. App.—Fort Worth 2018, no pet.) (dealing with whether attorney's fees can be recovered in sole claim for fiduciary duty).  Here, by contrast, Section 6 of the Notes provides that Highland is entitled to ***all*** costs of collection, not just those directly incurred on a subset of litigated issues:

> **Attorneys' Fees.** If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

12.     All of the counts in the amended complaint were directly related to Highland's pursuit of recovery on the Notes.  All of the time spent by Highland's counsel responding to Defendants' various defenses and litigating the myriad issues that have arisen in these proceedings were incurred in pursuit of, and were necessary to, Highland's recovery on the Notes.  Thus, because all of Highland's attorneys' fees and costs were incurred as "actual expenses of collection" on the Notes, the Bankruptcy Court properly concluded that they are recoverable by Highland.  *See* Supplemental R&R at 10-11.[12]  This is consistent with *Chapa*, as well as other cases within the Fifth Circuit. *See Chapa*, 212 S.W.3d at 314-15 (holding that "when discrete legal services

---

[12] Defendants' argument would reward them for their own abuse of process.  As the record makes clear, Plaintiff added onto their breach of contract and turnover claims in response to Defendants' amendment of their Answers to include the fabricated "Alleged Oral Agreement" defense.  Having caused Plaintiff to incur the expense of adding new counts (that then became the subject of yet more meritless motion practice), Defendants' argument in this regard is particularly disingenuous.

advance both a recoverable and unrecoverable claim that they are so intertwined," they need not be segregated).[13]  Accordingly, Defendants' objection on this ground should be overruled.

## C.  Defendants' Objection that Non-Segregated Entries Should Be Excluded Is Without Merit and Should Be Overruled

13.  Defendants argue that the Court should exclude from the Proposed Award entries that are not segregated by Defendant, relying the *Clearview Properties* case.  *See* Objection ¶¶ 21-25.  Under *Clearview Properties*, a plaintiff seeking an award of fees must demonstrate that segregation is not required.  *Clearview Props., L.P. v Prop. Tex. SC One Corp.*, 287 S.W.3d 132, 144 (Tex. App. Houston [14th Dist.] 2009, pet. den.) (citing *Chapa*, 212 S.W.3d at 313).  Plaintiff easily meets that burden based on ***Defendants' own agreement to consolidate the Adversary Proceedings***.  Specifically, early in the proceedings, the Bankruptcy Court approved a stipulation providing, among other things:

> The Parties agree that discovery taken in this case will be consolidated with discovery taken in the [] [A]dversary [P]roceedings and all discovery in each of the [A]dversary [P]roceedings will be treated as if it was taken in all of the [A]dversary [P]roceedings . . . so that each witness will only need to be deposed once and documents produced in any of the [Adversary P]roceedings are usable as if received in every other [P]roceeding.

---

[13] *See also Varner v. Cardenas*, 218 SW3d 68, 69 (Tex. 2007) ("But we disagree that fees defending against the Cardenases' counterclaim must be segregated too. By asserting a shortfall in acreage as a defense and counterclaim, the Cardenases sought to reduce the amount collected on the note; to collect the full amount, the Varners had to overcome this defense. As their attorney's efforts to that effect were necessary to recover on their contract, they are recoverable"); *Ward Family Found. v. Arnette (In re Arnette)*, No. 09-38643-BJH-7, 2011 WL 3651294, at *3-*4 (Bankr. N.D. Tex. Aug. 18, 2011) (where the bankruptcy court found that fees incurred by plaintiff in plaintiff's successful suit on a note that were incurred to prove plaintiff's (a) fraud claims "contributed directly to the [plaintiff's] efforts to collect and enforce the notes against [the defendant such that] . . . [t]he terms of the notes themselves make these fees recoverable," and (b) § 523 claims "were part and parcel of its efforts to collect and enforce the breach of contract and suit on a note claims. These efforts fall within the ambit of the recoverable fees under the notes"); *Howell v. Town of Ball*, No. 1:12-CV-00951, 2018 WL 580055, at *6 (W.D. La Jan. 26, 2018) (finding that fees should not be reduced for "unsuccessful claims" where, although plaintiff asserted claims which were either dismissed or abandoned, "these claims were neither discrete nor unrelated to [plaintiff's] ultimately successful claims …. Rather the claims were inextricably intertwined, involved a common core of operative facts, and were based on related legal theories," noting "this Court could reach no meaningful distinctions in [attorney's] work between different claims" and plaintiff's "recovery at trial was neither insubstantial compared to, nor notably distinct from, his unsuccessful claims").

*See Order Approving Stipulation Governing Discovery and Other Pre-Trial Issues* [Adv. Pro. 21-03003-sgj, Docket No. 86] ¶ 4.[14]

14.    Consolidation made sense because (a) the corporate Defendants were all owned and controlled by Mr. Dondero; (b) the individual Defendants were brother and sister; (c) all Makers ultimately asserted the same fabricated "Alleged Oral Agreement" defense; (d) all Defendants relied on the same witnesses and documents; (e) the Makers were (ultimately) represented by the same law firms (who appeared at all depositions and hearings and who collaborated in the defense of these actions); and (f) the Notes, which are functionally identical, all contain Section 6, entitling Highland to "all expenses of collection."  Defendants agreed to consolidation for good reasons, but that consolidation rendered "segregation" of time impossible.

15.    To pretend that each Defendant has litigated these matters separately is absurd and would obscenely allow these Defendants to benefit from the efficiencies created by the agreed-upon consolidation while simultaneously punishing Plaintiff—the prevailing party—for that same consolidation.   Defendants' objection on this ground should be overruled.[15]

## D.    Defendants' Objection that Fees Related to "Unsuccessful Litigation" Should Be Reduced Is Without Merit and Should Be Overruled

16.    Defendants contend that the Court should reduce the Proposed Award by the amount of fees charted related to "unsuccessful litigation."  Objection ¶¶ 26-30.  The three matters

---

[14] *See also* Adv. Pro. 21-03004-sgj, Docket No. 68 (same); Adv. Pro. 21-03005-sgj, Docket No. 70 (same); Adv. Pro. 21-03006-sgj, Docket No. 75 (same); and Adv. Pro. 21-03007-sgj, Docket No. 70 (same).

[15] Defendants' remaining case cites are distinguishable because, unlike in the Adversary Proceedings, they do not involve consolidation of claims as to all defendants. *See In re Mud King Prods., Inc.*, 525 B.R. 43, 55 (Bankr. S.D. Tex. 2015); *Jackson Law Office, P.C. v. Chappell*, 37 S.W.3d 15, 23 (Tex. App.-Tyler 2000, pet. den,).  The court in *Hong Kong Development, Inc. v. Nguyen*, 229 S.W.3d 415, 454 (Tex. App.-Houston [1st Dist.] 2007, no pet.) held that the plaintiff should have segregated fees against multiple defendants in a consolidated case only because the plaintiff did not show that the "exception to the segregation-of-fees duty applied" under *Chapa*.  Here, unlike in *Hong Kong*, all of Plaintiff's claims against Defendants were alternative theories of liability against Defendants, brought solely as a result of Defendants' evolving defenses, and solely in connection with collecting on the Notes.  Thus, the claims were all inextricably intertwined because they all served the purpose of advancing the ultimate recovery Plaintiff sought, collection under the Notes.  In such circumstances, segregation is not warranted.

10

in which Defendants assert Highland "did not prevail" include (1) its opposition to Defendants' motion to strike a David Klos declaration; (2) its motion for sanctions that was filed as a part of a single motion seeking two forms of relief: (a) the striking of an argument in opposition to summary judgment that was precluded by a prior court order and (b) sanctions for that conduct; and (3) its motion to consolidate these proceedings before a different district court judge than who ultimately received these cases. *See* Objection ¶ 27.

17.     Contrary to Defendants' assertion, in the Fifth Circuit, "a party may recover for time spent on unsuccessful motions so long as it succeeds in the overall claim." *DP Solutions, Inc. v. Rollins, Inc.,* 353 F.3d 421, 434 (5th Cir.2003); *see also Saldivar v. Austin Ind. Sch. Dist.*, A-14-CA-00117-SS, 2016 WL 1064654, at *4 (W.D. Tex. Mar. 15, 2016), *affd,* 675 F. App'x 429 (5th Cir. 2017) ("a litigant who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage," finding that "[a]lthough [plaintiff] was unable to establish that [defendant] acted willfully or that she was entitled to liquidated damages, the Court finds [attorney's] actions were a necessary step to [plaintiff's] ultimate victory. To hold otherwise would discourage counsel from zealously advocating for their clients, because they fear their actions may not be fully compensated. [Plaintiff] ultimately prevailed on her FLSA claim, and this Court will not second-guess each strategic decision simply because it has the benefit of hindsight"); *Edwards v. Aaron Rents, Inc.,* 482 F. Supp. 2d 803, 812 (W.D. Tex.2005); *Lewallen v City of Beaumont*, CIV.A. 1:05-CV-733TH, 2009 WL 2175637, at *8 (E.D. Tex. July 20, 2009), *aff'd,* 394 F. App'x 38 (5th Cir. 2010). As set forth in Section 6 of the Notes, Plaintiff is entitled to "all expenses of collection."  This includes all expenses incurred on the way to, and necessary to, prevailing on the ultimate claim for breach of contract.

18.     Defendants' reliance on *Wal-Mart Stores, Inc. v. Qore, Inc.*, 647 F.3d 237 (5th Cir. 2011), is misplaced.  In *Wal-Mart,* the issue on appeal involved whether the district court erred in holding Qore, one of three defendants in an action involving claims for defective construction, liable for the entirety of Wal-Mart's attorney's fees against all three defendants and for unsuccessful claims, where the attorney's fee provision in the contract between Wal-mart and Qore provided that "[Qore] agrees to indemnify… Wal-Mart" for, among other things, attorney's fees "caused by any negligent act or omission by [Qore]." *Id.* at 243.  The Fifth Circuit found that the district court's $810,000 fee award erroneously reimbursed Wal-Mart for its attorney's fees (i) incurred in pursuit of claims against other defendants, and (ii) in pursuit of damages that the jury attributed to Wal-Mart's own negligence, as opposed to Qore's.  *See id.* at 244-46.  The court reasoned that "[b]ecause Wal–Mart's indemnification rights were derivative of Qore's negligent acts or omissions, i.e., the fault allocated to Qore on the building repair claim, Qore is only liable for the reasonable attorney's fees Wal–Mart incurred in enforcing those rights," and thus, "Wal–Mart's recovery should have been limited to those attorney's fees incurred in proving Qore's liability on the building repair claim." *Id.* at 245.  *Wal-Mart* does not deal with whether a plaintiff can recover for fees incurred from ancillary matters that necessarily arose in pursuit of prevailing on the ultimate form of relief and is thus entirely inapplicable to the present facts.

19.     Here, unlike in *Wal-Mart*, the issue is not whether Plaintiff should recover damages on a negligence claim for which a jury attributed to Plaintiff a percentage of the negligence, nor is the issue whether Plaintiff should recover for unsuccessful claims against any other defendants who were not a party to the Notes at issue.  Again, all of the Notes that were the subject of this litigation provide that Highland is entitled to recover "***all*** actual expenses of collection" on the Notes, including "all court costs and reasonable attorneys' fees incurred by the holder hereof."

(Emphasis added).  If this Court adopts the R&R and Plaintiff prevails on its claims against Defendants for breach of the Notes, then, pursuant to the Notes, Plaintiff is entitled to collect all attorney's fees in pursuit of proving Defendants' breach thereunder.[16]

20.     Notably, Defendants also mischaracterize all three instances of so-called "unsuccessful" litigation.  *First*, the Bankruptcy Court's grant of Defendants' motion to strike the Klos declaration (*see, e.g.*, Adv. Pro. 21-03003-sgj, Docket No. 169) on the ground that Plaintiff did not seek leave of court (*see id.* at Docket No. 187) was a simple evidentiary ruling by the Court and does not constitute an example of "unsuccessful litigation."   *Second*, Plaintiff did not "lose" its "motion for sanctions." Objection ¶ 27.  The motion Defendants refer to was not a stand-alone motion for sanctions, but was a single motion seeking two forms of relief: (i) the striking of an argument in opposition to summary judgment that was precluded by a prior court order; and (ii) sanctions for that conduct.[17]  While the Defendants narrowly dodged the imposition of sanctions, Plaintiff *prevailed* on that motion because this Court granted the motion to strike.[18]  It would have been impossible to parse the work done with respect to the striking of the impermissible argument from the work done with respect to seeking sanctions for pursuing the same impermissible

---

[16] Defendants' cite to *Roggio v. Grasmuck*, 18 F. Supp. 3d 49 (D. Mass. 2014) is likewise inapplicable. *Roggio*, like *Wal-Mart*, stands for the general proposition that a plaintiff "should not recover attorneys' fees for work on *claims* as to which [they] did not prevail." *Id.* at 56 (emphasis added).  Defendants argue that fees for the ancillary matters here, such as the consolidation motion and motions to strike, should constitute a "claim" for purposes of attorney's fees on the conclusory basis that stating that an "an unnecessarily narrow reading of 'claim' would improperly permit Plaintiff to recover fees" for such matters. Objection ¶ 30.  As discussed above, fees incurred in connection with these ancillary matters are precisely the type contemplated by the attorney fees provision of the Note, as they were reasonably incurred in connection with the ultimate success on Plaintiff's breach of contract claim.  Defendants' cites to *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) and *Robles v. Eminent Med. Center, LLC*, --- F. Supp. 3d ----, 2022 WL 3081827, at *24 (N.D. Tex. Aug. 3, 2022) for the general law on sanctions, *see* Objection ¶ 30, are entirely irrelevant and also do not support Defendants' argument.  Defendants otherwise offer no support for their assertion that in order to prevail on "all expenses of collection" under the Notes, Plaintiff must succeed on every ancillary matter on its way to prevailing on the ultimate breach of contract claim.  As discussed *supra*, Fifth Circuit law says otherwise.

[17] Adv. Proc. 21-03006-sgj, Docket No. 162.

[18] *Id.*, Docket No. 208.

DOCS_NY:46823.4 36027/003

argument. ***Finally***, Plaintiff's motion to consolidate these proceedings followed the "typical procedure," but the cases were ultimately consolidated in this Court on grounds of "judicial efficiency" and "other factors"—hardly a stinging rebuke or defeat.   *See* R&R at 4, n.5. Defendants' objection on this ground should be overruled.

### E.   Defendants' Objection to PSZJ's Rates Is Without Merit and Should Be Overruled

21.     Defendants object to the Proposed Award on the ground that PSZJ's rates are unreasonably high because they exceed the rates that some law firms located in Dallas charge for similar services. *See* Objection ¶¶ 31-37.  This objection ignores reality because (a) the Bankruptcy Court "already approved PSZJ's rates as reasonable under Bankruptcy Code § 330" (Supplemental R&R 16);[19] and (b) Mr. Dondero (who controls Defendants) personally hired PSZJ to be Highland's bankruptcy counsel when he controlled Highland and "agreed, in writing, to the very fee structure and rates." *See* Supplemental R&R at 16.

22.     In support of their contention that PSZJ's fees are "far in excess of the customary rates in the Northern District of Texas," Defendants rely ***solely*** on a comparison of the rates charged by Highland's local counsel, Hayward PLLC ("Hayward"). Objection ¶ 32.   Such argument does not pass muster, and Mr. Dondero—of all people—should know that since ***he personally hired both firms to represent Highland*** in this bankruptcy case.  During the hearing on the Final Fee Applications, Highland and PSZJ lauded Hayward's work, but—most respectfully—the comparison is not "apples to apples."  PSZJ is widely recognized as having one

---

[19] Citing Bankr. Case No. 19-34054-sgj11, *Fifth and Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP* [Bankr. Docket No. 2906], at 37–39 (describing how PSZJ's fees satisfied the *Johnson* factors—*see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)); *Order Granting Fifth and Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP* [Bankr. Docket No. 3055].

14

of the premiere bankruptcy practices in the country, with nearly 80 restructuring professionals located in offices in Los Angeles, New York, Wilmington, San Francisco, and Houston.  It is a matter of public record that PSZJ serves as lead counsel to debtors and creditors' committees in some of the largest and most complex bankruptcies anywhere and regularly competes against firms with Dallas offices such as Kirkland & Ellis, Akin Gump Strauss Hauer & Feld LLP, Weil Gotshal & Manges and DLA Piper LLP whose hourly rate structures exceed PSZJ's (often by significant amounts).  In comparison, Hayward is a considerably smaller, regional firm that does not generally compete on the same level.

23.      Instead, a more appropriate comparison to PSZJ's rates would be to the Dallas-based attorneys at Sidley Austin LLP ("Sidley"), a firm with a national practice that represented the official committee of unsecured creditors in this case. A quick review of Sidley's fee applications shows hourly rates in excess of PSZJ's so-called "coastal" rates.  By way of example, John Morris, a senior litigation partner at PSZJ who graduated law from school in 1990, charged $1,245 per hour in 2021.  Penny Reid, a Dallas-based Sidley litigation partner and a 1989 law school graduate, charged $1,400 per hour in 2021, more than 10% higher than Mr. Morris' rate.[20] Hayley Winograd, a litigation associate at PSZJ, graduated from law school in 2017 and joined PSZJ as an associate in 2020 following a judicial clerkship.  In 2021, PSZJ charged $695 per hour for Ms. Winograd's time.  At the same time, Sidley charged $815 per hour for Juliana Hoffman (a 2017 restructuring associate); $715 per hour for Chandler Rognes (a 2019 litigation associate); and $885 for Elliot Bromagen (a 2017 restructuring associate in Sidley's "non-coastal" Chicago

---

[20] See Twenty-First Monthly and Final Fee Application of Sidley Austin LLP, Attorneys for the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses for the Monthly Fee Period from July 1, 2021 Through and Including August 11, 2021 and for the Final Fee Period from October 29, 2019 Through and Including August 11, 2021, Case No. 19-34054-sgj11, Docket No. 2904 at iv (Bankr. N.D. Tex. Oct. 8, 2021).

15

office).[21]   Based on the foregoing, the hourly rate charged by PSZJ for its associate and a senior partner is actually less than the rates charged by one of its competitors.   If Mr. Dondero believed that PSZJ's rates were too high, he could have hired any Dallas-based firm he wanted to serve as Highland's lead bankruptcy counsel. He did not, and his current complaint lacks any factual basis or credibility and should be rejected for the third time.

24.     For this same reason, Defendants' argument that "out-of-district rates" do not apply here, and that the Court should reduce PSZJ's rates "in half to bring them on par with Dallas rates," Objection ¶¶ 33-34, is moot.   As set forth *supra*, Plaintiff does not attempt to apply any "exception" that would support using "out-of-district rates."   Defendants' cite to *Hopwood v. Texas*, 236 F.3d 256 (5th Cir. 2000), is therefore also inapplicable, as that case dealt with whether "out-of-town" rates should apply. *Id.* at 281.

25.     Finally, PSZJ's fee rates have been approved as reasonable in other Chapter 11 cases in this District in cases not as complex as this one and in cases that did not feature a vexatious litigant bent on making good on his threat to "burn the place down." *See, e.g.*, *In re Studio Movie Grill Holdings, LLC, et al.,* Case No. 20-32633-sgj11 (Bankr. N.D. Tex. July 9, 2021), Docket No. 989; *In re Tuesday Morning Corp., et al.,* Case No. 20-31476-hdh11 (Bankr. N.D. Tex. April 1, 2021), Docket No. 2214.   Defendants' objection on this ground should be overruled.[22]

---

[21] *See id.*

[22] Defendants' suggestion that these Adversary Proceedings were simple breach of contract and turnover cases is obscene. *See* Objection ¶ 33.   That's what they should have been.   Instead, over the last two years, they have evolved into unnecessarily long, drawn-out, and highly tedious litigations filled with obviously fabricated and constantly evolving defenses, discovery disputes, and endless motion practice.   To cite but one example: how much time, money, and effort has Plaintiff been forced to expend *defending rates that Mr. Dondero personally approved*?

16

**F.**     **Defendants' Objection that PSZJ Exercised "No Billing Judgment" Is
           Without Merit and Should Be Overruled**

26.     Defendants argue that they are entitled to a 10-20% discount in the Proposed

Judgment by vaguely asserting that "Plaintiff exercised no billing judgment," an argument they

failed to make before the Bankruptcy Court.  *See* Objection ¶ 37.  While "[b]illing judgment refers

to the usual practice of law firms in writing off unproductive, excessive, or redundant hours,"

*Mauricio v. Phillip Galyen, P.C.*, 174 F. Supp. 3d 944, 950 (N.D. Tex. 2016), here, all hours

incurred in connection with collecting on the Notes were necessary and productive in light of this

highly tedious litigation involving five defendants over a nearly two-year span.  No hours worked

in this case were "unproductive" or excessive," and therefore, Plaintiff submits that no write-offs

were necessary.  Defendants' objection on this ground should be overruled.

### III.     CONCLUSION

27.     WHEREFORE, Plaintiff respectfully requests that the Court (a) overrule the

Objection in its entirety and (b) adopt the Bankruptcy Court's Supplemental R&R.

*[Remainder of Page Intentionally Blank]*

DOCS_NY:46823.4 36027/003

Dated: December 12, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
          jmorris@pszjlaw.com
          gdemo@pszjlaw.com
          hwinograd@pszjlaw.com


-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
          ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

18