Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Counsel for Defendant Highland Capital
Management Fund Advisors, L.P.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** § § § § § § § | | **Chapter 11** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | | |
| | | **Case No. 19-34054-sgj11** |
| Debtor. | | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** § § § § § § § § § § § § § | | **Consolidated Under Civ. Act. No. 3:21-cv-00881** |
| Plaintiff, | | **Adv. Proc. No. 21-03082-sgj** |
| v. | | **Civ. Act. No. 3:22-cv-00789** |
| **HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.** | | |
| Defendant. | | |

**HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.'S OBJECTION TO THE BANKRUPTCY COURT'S SUPPLEMENT TO REPORT AND RECOMMENDATION TO AWARD PLAINTIFF <u>ITS ATTORNEYS' FEES AND COSTS</u>[1]**

---

[1] Referred to herein as the "<u>Objection</u>."

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... ii

I.   PRELIMINARY STATEMENT .................................................................................... 1

II.  BACKGROUND ............................................................................................................ 1

    A.   Procedural Background .......................................................................................1

    B.   Factual Background ............................................................................................2

III. ARGUMENTS AND AUTHORITIES ........................................................................... 2

    A.   Legal Standard ....................................................................................................2

    B.   The Bankruptcy Court Recommends an Unreasonable Award of Attorneys' Fees and this Court Must Reduce any Such Award From the Requested Amount. .................................................................................................................4

        1.   The Court Must Reduce the Proposed Award by the Amount of Fee Entries That Fail to Clearly Indicate They Were in Incurred in This Action. ................................................................................................ 4

        2.   The Court Must Reduce the Proposed Award by the Amount of Fees For Drafting a Motion For Summary Judgment That Was Substantively Identical to One From a Related Adversary Proceeding. ........................... 6

        3.   The Court Must Reduce the Proposed Award to the Extent it Exceeds the Customary Rates Charged in the Northern District of Texas. .............. 7

        4.   Plaintiff's Attorneys Exercised Poor Billing Judgment, and Therefore the Court Must Reduce the Award. ........................................................... 11

IV.  CONCLUSION .............................................................................................................. 13

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Arthur Andersen & Co. v. Perry Equipment Corp.*,
  945 S.W.2d 812 (Tex. 1997) ................................................................................................... 3

*Bays v. United States*,
  2016 WL 2983675 (N.D. Tex. May 24, 2016) ........................................................................ 3

*Combs v. City of Huntington, Texas*,
  829 F.3d 388 (5th Cir. 2016) ................................................................................................... 3

*Executive Benefits Ins. Agency v. Arkison*,
  573 U.S. 25 (2014) ................................................................................................................... 2

*Habets v. Waste Mgmt., Inc.*,
  363 F.3d 378 (5th Cir. 2004) ................................................................................................... 3

*Hill v. Schilling*,
  2022 WL 17178739 (N.D. Tex. Nov. 22, 2022) ........................................................... 9, 10, 12

*Hopwood v. State of Texas*,
  236 F.3d 256 (5th Cir. 2000) ............................................................................................. 8, 10

*Mathews v. Weber*,
  423 U.S. 261 (1976) ................................................................................................................. 3

*Mauricio v. Phillip Galyen, P.C.*,
  174 F. Supp. 3d 944 (N.D. Tex. 2016) ................................................................................... 11

*McGibney v. Rauhauser*,
  549 S.W.3d 816 (Tex. App. 2018) ....................................................................................... 3, 4

*Midkiff v. Prudential Ins. Co. of Am.*,
  571 F. Supp. 3d 660 (W.D. Tex. 2021) .................................................................................... 8

*Mirant Corp. v. The Southern Co.*,
  337 B.R. 107 (N.D. Tex. 2006) ................................................................................................ 2

*In re Mud King Products, Inc.*,
  525 B.R. 43 (Bankr. S.D. Tex. 2015) ....................................................................................... 4

*In re OCA, Inc.*,
  No. CIV.A. 06-3811, 2006 WL 4029578 (E.D. La. Sept. 19, 2006) ........................................ 2

CORE/3522697.0002/179718692.3

*Rodriguez v. Countrywide Home Loans, Inc.*,
    421 B.R. 341 (S.D. Tex. 2009) ...................................................................................2

*Saizan v. Delta Concrete Prods. Co.*,
    448 F.3d 795 (5th Cir. 2006) ....................................................................................12

*Smith v. Smith*,
    154 F.R.D. 661 (N.D. Tex. May 10, 1994)................................................................2

*Stewart Title Guar. Co. v. Sterling*,
    822 S.W.2d 1 (Tex. 1991)..........................................................................................4

*Taylor v. Comm'r of Soc. Sec. Admin*,
    2022 WL 2992877 (N.D. Tex. July 27, 2022)...........................................................2

*In re Texans CUSO Inc. Grp., LLC*,
    426 B.R. 194 (Bankr. N.D. Tex. 2010)......................................................................3

*Tollett v. City of Kemah*,
    285 F.3d 357 (5th Cir. 2002) .....................................................................................7

*Tollett v. City of Kemah*,
    285 F.3d at 368–69 ....................................................................................................7

*United States v. Wagner*,
    930 F. Supp. 1148 (N.D. Tex. 1996) .........................................................................4

*United States v. Whisenhunt*,
    2014 WL 1226177 (N.D. Tex. Mar. 25, 2014) ..........................................................3

*Van Horne v. Valencia*,
    2022 WL 2800878 (N.D. Tex. July 18, 2022) ...........................................................2

*Walker v. U.S. Dept. of Hous. & Urban Dev.*,
    99 F.3d 761 (5th Cir. 1996) .....................................................................................11

**Statutes**

28 U.S.C. § 636(b)(1) ............................................................................................................2

Civ. Act. No. 3:21-cv-00881-X ..............................................................................................1

Fed. R. Civ. P. 72(b) ..............................................................................................................2

CORE/3522697.0002/179718692.3

## I. PRELIMINARY STATEMENT

1. On October 12, 2022, the Bankruptcy Court issued its Report and Recommendation to the District Court (the "R&R"), recommending partial summary judgment for Plaintiff with respect to all the promissory notes (each a "Note", and collectively, the "Notes", or the "HCMFA Notes") in this Action.[2] On January 17, 2023, the Bankruptcy Court issued a Supplement to Report and Recommendation (the "R&R Supplement"), recommending an attorneys' fees judgment for Plaintiff in the amount of $387,007.90 incurred in this Action.[3] In this Objection to the R&R Supplement, Defendants request that the District Court: (1) deny Plaintiff's request for an award of attorneys' fees and costs by denying Plaintiff's related motion for summary judgment (for the reasons already separately briefed[4]) or, if the District Court grants Plaintiff's motion for summary judgment, (2) modify any award of such attorneys' fees and costs as requested herein.

## II. BACKGROUND

### A. Procedural Background

2. On October 12, 2022, the Bankruptcy Court recommended summary judgment for Plaintiff, in which it recommended an award of attorneys' fees and directed Plaintiff to file a notice regarding such attorneys' fees with backup documentation.[5] On November 2, 2022, Plaintiff filed its Notice of Attorneys' Fees Calculation and Backup Documentation, requesting an award of $387,007.90 for Plaintiff's attorneys' fees and costs in the Bankruptcy Court (the "Notice of Attorneys' Fees").[6] On November 23, 2022, Defendants filed their Objections to Plaintiff's Proposed Form of Judgment Awarding Attorney's Fees and Costs.[7] On January 17, 2023, in the

---

[2] Adv. Pro. 21-3082, Dkt. 73, at 2. All defined terms in the R&R are adopted and referenced herein.
[3] Adv. Pro. 21-3082, Dkt. 84, at 26, Ex. A (¶ 3).
[4] Civ. Act. No. 3:21-cv-00881-X, Dkt. 78.
[5] Adv. Pro. 21-3082, Dkt. 73, at 49-50.
[6] Adv. Pro. 21-3082, Dkt. 79, Ex. G ("Summary of All Fees and Expenses Incurred").
[7] Adv. Pro. 21-3082, Dkt. 83.

R&R Supplement, the Bankruptcy Court recommended an attorneys' fees judgment for Plaintiff in the amount of $387,007.90 without any reduction.[8]

### B.  Factual Background

3.  Each of the HCMFA Notes in this Action permit the holder of the Note to collect only "actual expenses of collection, all court costs and *reasonable* attorneys' fees and expenses incurred by the holder hereof[,]" as stated in the R&R.[9]  The R&R recommends awarding judgment to Plaintiff on all HCMFA Notes, including "reasonable attorneys' fees" and costs.[10]  Note that, in a separate consolidated case (the "Separate Notes Action") involving the same parties and almost identical issues as this Action, the Court identically recommended overruling all of those Defendants' objections to Plaintiff's proposed award of attorneys' fees in that case and awarded Plaintiff all requested fees without question.[11]

## III.  ARGUMENTS AND AUTHORITIES

### A.  Legal Standard

4.  Upon a timely filed objection, District Courts review the Reports and Recommendations of bankruptcy judges deciding non-core matters *de novo*.[12]  Under this standard,

---

[8] Adv. Pro. 21-3082, Dkt. 84, at 26, Ex. A (¶ 3).
[9] Adv. Pro. 21-3082, Dkt. 73, at 14 (emphasis added).
[10] *Id*. at 49.
[11] See, e.g., Case No. 21-03003-sgj, *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment*, Dkt. 217.
[12] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Executive Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 34 (2014) ("If a matter is non-core, and the parties have not consented to final adjudication by the Bankruptcy Court, the bankruptcy judge must propose findings of fact and conclusions of law. Then, the district court must review the proceeding de novo and enter final judgment."); *Rodriguez v. Countrywide Home Loans, Inc.*, 421 B.R. 341, 349 (S.D. Tex. 2009) ("The Bankruptcy Court makes the initial determination of the core status of the proceedings, however, the district court conducts a de novo review of the Bankruptcy Court's findings") (citing *Mirant Corp. v. The Southern Co.*, 337 B.R. 107, 115 n. 13 (N.D. Tex. 2006), internal footnotes omitted); *In re OCA, Inc.*, No. CIV.A. 06-3811, 2006 WL 4029578, at *3 (E.D. La. Sept. 19, 2006) ("The Bankruptcy Court is authorized to make findings of facts and law in the non-core matters, but these determinations will be subject to de novo review by the district court. In this sense, the Bankruptcy Court acts like a magistrate's court with respect to the proceedings that are related but non-core.") (internal citations omitted); *Taylor v. Comm'r of Soc. Sec. Admin*, 2022 WL 2992877 (N.D. Tex. July 27, 2022); *Van Horne v. Valencia*, 2022 WL 2800878, at *1 (N.D. Tex. July 18, 2022); *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. May 10, 1994).

the District Court reviews the case with a fresh set of eyes and makes its own informed, final determination because it is not bound by the lower court's Report and Recommendation, which lacks presumptive weight.[13]

5.   Courts generally determine reasonableness of an award of attorneys' fees based on the two-step lodestar method:

> Courts must apply a two-step method for determining a reasonable fee award. First, they calculate the lodestar, which is equal to the numbers of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. In calculating the lodestar, the **court should exclude all time that is excessive, duplicative, or inadequately documented**. Second, the court should consider whether to decrease or enhance the lodestar based on the *Johnson* factors. The court must provide a reasonably specific explanation for all aspects of a fee determination.
>
> The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[14]

6.   ". . . [T]he trial court's award must be based on supporting evidence."[15] ". . . [A] trial judge is obliged to do more than simply act as a rubber-stamp, accepting carte blanche the

---

[13] *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976); *Habets v. Waste Mgmt., Inc.*, 363 F.3d 378, 381 (5th Cir. 2004); *Bays v. United States*, 2016 WL 2983675, at *1 (N.D. Tex. May 24, 2016) (declining in part to adopt the magistrate judge's findings, conclusions, and recommendation to deny the Defendant's motion for partial dismissal, and instead upon de novo review, determining that the Defendant was entitled to summary judgment on most of its claims); *United States v. Whisenhunt*, 2014 WL 1226177, at *6 (N.D. Tex. Mar. 25, 2014) (declining to adopt the magistrate judge's recommendation under de novo review).

[14] *Combs v. City of Huntington, Texas*, 829 F.3d 388, 391 n.1 (5th Cir. 2016) (citations and internal marks omitted) (emphasis added); *see also In re Texans CUSO Inc. Grp., LLC*, 426 B.R. 194, 222–23 (Bankr. N.D. Tex. 2010) (citing *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997)).

[15] *McGibney v. Rauhauser*, 549 S.W.3d 816, 821 (Tex. App. 2018).

amount appearing on the bill."[16]  "The District Court has the duty to cut fees which the applicant has not shown to be reasonable."[17]

    **B.**    **The Bankruptcy Court Recommends an Unreasonable Award of Attorneys' Fees and this Court Must Reduce any Such Award From the Requested Amount.**

    7.    This Court should reduce the amount of any award of attorneys' fees and costs by the amount of fees that: (1) Plaintiff failed to clearly indicate were incurred in this case, (2) were attributable to drafting a motion for summary judgment in this case that was substantively identical to one from a companion adversary proceeding, (3) are in excess of customary rates in the Northern District of Texas, and (4) reflect Plaintiff's attorneys' poor billing judgment.

    **1.**    **The Court Must Reduce the Proposed Award by the Amount of Fee Entries That Fail to Clearly Indicate They Were in Incurred in This Action.**

    8.    Plaintiff's attorneys failed to clearly indicate which billing entries are attributable to this Action.  "When a plaintiff seeks to charge a defendant with its attorneys' fees, the plaintiff must prove that the fees were incurred while suing the defendant sought to be charged with the fees on a claim which allows recovery of such fees."[18]  Here, Plaintiff has not clearly shown that it incurred certain claimed fees while litigating against Defendant in this Action.  For example, most of the fees on pages 87 to 89 of Plaintiff's documentation do not identify the defendant in the case for which the time was entered:

---

[16] *Id.*
[17] *United States v. Wagner*, 930 F. Supp. 1148, 1154 (N.D. Tex. 1996) (citation omitted).
[18] *In re Mud King Products, Inc.*, 525 B.R. 43, 55 (Bankr. S.D. Tex. 2015) (internal marks omitted) (quoting *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1 (Tex. 1991)).

**DEFENDANT'S OBJECTION TO THE BANKRUPTCY COURT'S SUPPLEMENT TO REPORT AND RECOMMENDATION TO AWARD PLAINTIFF ITS ATTORNEYS' FEES AND COSTS – PAGE 4**
CORE/3522697.0002/179718692.3

| 7/25/2022 | JAM | BL | Work on oral argument, including multiple revisions to deck (0.7). | 0.70 | $1,395.00 | $976.50 |
| | JAM | BL | Prepare for oral argument (1.6); e-mails w/ L. Canty, H. Winograd re: oral argument, deck (0.2); continued prep for oral argument (2.1); tel c. w/ L. Canty re: exhibits, slide deck (0.2); oral argument on motion for summary judgment (1.6); e-mail to T. Ellison, H. Winograd, M. Aigen re: slide deck (0.1); tel c. w/ J. Pomerantz re: hearing (0.2); tel c. w/ J. Seery re: hearing (0.3). | | | |
| 7/27/2022 | | | | 6.30 | $1,395.00 | $8,788.50 |
| | | | **FEES TOTAL** | | | **$131,724.00** |
| **EXPENSES** | | | Reproduction/ Scan Copy | | | $19.90 |
| | | | **TOTAL FEES AND EXPENSES** | | | **$131,743.90** |

9.  Only 14 of the approximately 100 entries on pages 87 to 89 identify HCMFA as a party, and none of the 14 entries specify that the time was entered for this HCMFA case rather than the Separate Notes Action (in which HCMFA is also a party defendant), while other entries in the PSZJ Notice do indicate that they pertain to this particular case involving HCMFA rather than the Separate Notes Action.[19] The Court should not award entries like these that fail to clearly indicate they were incurred in this Action.

10. In rejecting this argument, the R&R Supplement relied on Plaintiff's Morris Declaration, which stated that Plaintiff's attorneys "reviewed the attached invoices and redacted all entries that [they] concluded were not related to [this case]."[20] In awarding fees, "the court should exclude all time that is . . . inadequately documented."[21] In this case, the procedural history, factual background, and arguments made by Plaintiff are similar to those in the Separate Notices Action (*see infra,* Section III.B.2), thus it was necessary for Plaintiff to clearly document whether its attorneys' fees were incurred in this case or the Separate Notes Action. The Bankruptcy Court errantly relied on Plaintiff's attorneys' declaration rather that documentation. Because the Plaintiff failed to clearly document that its fees were incurred in this case, the Court should not award any entries that do not clearly indicated they were incurred in this Action.

---

[19] *See, e.g.*, Case No. 21-03082-sgj, *Notice of Attorneys' Fees Calculation and Backup Documentation*, Dkt. 79, at 12, 19, 24, 40, 46, 64, 73.
[20] Adv. Pro. 21-3082, Dkt. 84, at 6.
[21] *Combs v. City of Huntington, Texas*, 829 F.3d 388, 391 n.1 (5th Cir. 2016).

**DEFENDANT'S OBJECTION TO THE BANKRUPTCY COURT'S SUPPLEMENT TO REPORT AND RECOMMENDATION TO AWARD PLAINTIFF ITS ATTORNEYS' FEES AND COSTS – PAGE 5**
CORE/3522697.0002/179718692.3

> **2.   The Court Must Reduce the Proposed Award by the Amount of Fees For Drafting a Motion For Summary Judgment That Was Substantively Identical to One From a Related Adversary Proceeding.**

11. Plaintiff spent $104,817.00 in May of 2022 for drafting a motion for summary judgment in this Action.[22] Then, Plaintiff spent $90,894.50 in July of 2022 for drafting a 15-page reply in support of that same summary judgment motion.[23] Notably, Plaintiff's motion for summary judgment in this case (the "HCMFA MSJ") is *substantially similar* in both substance and form to Plaintiff's motion for summary judgment in the Separate Notes Case (the "Notes MSJ", and together the "MSJs"). Specifically, the HCMFA MSJ arguments almost identically mirror those of the Notes MSJ arguments and utilize the same appendix.[24] Because both MSJs utilized the same framework and almost identical legal arguments, Plaintiff's attorneys should not benefit from duplicative billing when the HCMFA MSJ was effectually a "copy-and-paste" version of the Notes MSJ, save two brief and insignificant additional arguments. Plaintiff's attorneys' fees are clearly excessive and must be reduced accordingly.

12. The R&R Supplement rejected this argument based on the conclusion that the Plaintiff's arguments were not "almost identical."[25] In awarding fees, "the court should exclude all time that is . . . duplicative . . ."[26] In this case, Plaintiffs largely repeated arguments from the Separate Notes Action, as follows:

- Section II.A. of the MSJs is substantially similar, but for procedural history recitations;

---

[22] Case No. 21-03082-sgj, *Notice of Attorneys' Fees Calculation and Backup Documentation*, Dkt. 79, at 64–67.
[23] *Id.*, at 87–89.
[24] Compare [*Plaintiff's*] *Memorand[a] of Law in Support of Motion for Partial Summary Judgment*, Case 21-03003-sgj [Dkt. 134], Case 21-03004-sgj [Dkt. 93], Case 21-03005-sgj [Dkt. 133], Case 21-03006-sgj [Dkt. 131], Case 21-03007-sgj [Dkt. 126], with [*Plaintiff's*] *Memorandum of Law in Support of Motion for Summary Judgment*, Case 21-03082-sgj [Dkt. 46] (making the same arguments for why the Court should not believe the Agreements defense and why Nancy Dondero did not have the capacity to enter into the Agreements).
[25] Adv. Pro. 21-3082, Dkt. 84, at 8.
[26] *Combs v. City of Huntington, Texas*, 829 F.3d 388, 391 n.1 (5th Cir. 2016).

**DEFENDANT'S OBJECTION TO THE BANKRUPTCY COURT'S SUPPLEMENT TO REPORT AND RECOMMENDATION TO AWARD PLAINTIFF ITS ATTORNEYS' FEES AND COSTS – PAGE 6**
CORE/3522697.0002/179718692.3

- Section II.B of the HCMFA MSJ follows the same form of describing similar key terms under the Notes and similar supporting facts that would constitute default under the Notes as the Notes MSJ;

- Section II.C of the MSJs is similar, but for paragraphs 51–53, 64, 67, 68, and 69–74;

- Section II.D of the HCMFA MSJ refers back to the Notes MSJ but lacks any new arguments in paragraphs 89 and 97–100; and

- Section III.A of the MSJs is identical, and Section III.B largely summarizes Section II.D of each brief.[27]

Because the MSJs are duplicative, the Court should reduce $195,000-plus in fees Plaintiff spent in this case.

### 3. The Court Must Reduce the Proposed Award to the Extent it Exceeds the Customary Rates Charged in the Northern District of Texas.

13. Plaintiff's counsel charged Plaintiff far above the customary rates in Dallas, Texas, and their award (if any) must be reduced accordingly. The "relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits."[28] Here, the relevant market is Dallas, Texas. "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there."[29] Here, Plaintiff offered no such affidavits.

14. By way of example, Plaintiff's local counsel in Dallas, Hayward PLLC, charged $400.00 to $450.00 per hour. However, PSZJ, with its office in Los Angeles, California, according

---

[27] Comparing [*Plaintiff's*] *Memorand[a] of Law in Support of Motion for Partial Summary Judgment*, Case 21-03003-sgj [Dkt. 134], Case 21-03004-sgj [Dkt. 93], Case 21-03005-sgj [Dkt. 133], Case 21-03006-sgj [Dkt. 131], Case 21-03007-sgj [Dkt. 126], with [*Plaintiff's*] *Memorandum of Law in Support of Motion for Summary Judgment*, Case 21-03082-sgj [Dkt. 46].
[28] *Tollett v. City of Kemah*, 285 F.3d 357, 369 (5th Cir. 2002) (citations and internal marks omitted).
[29] *Tollett v. City of Kemah*, 285 F.3d at 368–69 (citation omitted).

**DEFENDANT'S OBJECTION TO THE BANKRUPTCY COURT'S SUPPLEMENT TO REPORT AND RECOMMENDATION TO AWARD PLAINTIFF ITS ATTORNEYS' FEES AND COSTS – PAGE 7**
CORE/3522697.0002/179718692.3

to the pleadings and bills in the exhibits to the Notice of Attorneys' Fees, and with its attorneys (that billed the time to be awarded) having bar licenses in California and New York according to the pleadings and the Notice of Attorneys' Fees, charged rates from $460 to $1,445 per hour.[30]

15.     In *Hopwood v. State of Texas*, in which the federal Fifth Circuit did "not perceive [the case] to have been extraordinarily difficult" and the type of matter "has been the subject of legal discourse for many years," the Fifth Circuit held that the trial court's decision to cut the billing attorney's Washington D.C. rate in half to meet Dallas rates was not an abuse of discretion.[31] Here, the case was a breach of contract and turnover case based on several Notes. This Court must follow the Fifth Circuit precedent in *Hopwood* and cut PSZJ's Los Angeles and New York rates in half to reduce them to reasonable Dallas rates.

16.     Plaintiff's anticipated argument that an exception supporting an award using out-of-district rates would not apply here. "Courts have found the use of out-of-district prevailing rates proper where a case is transferred for the convenience of the parties and witnesses," and the party wishes to retain previously retained counsel from the initial district.[32] Here, the bankruptcy was originally filed in Delaware and was subsequently transferred to the Northern District of Texas. Plaintiff's attorneys of PSZJ appear to be located in Los Angeles and New York. They also have not pled that their out-of-district rates should apply. There is no reason to award fees in this case at Los Angeles or New York rates.

17.     In its R&R Supplement, the Bankruptcy Court stated that in the case of "a suit on a note governed by Texas contract law," "Texas law does not have a requirement that the fee

---

[30] *See* Adv. Pro. 21-03082-sgj, Dkt. 79, at 69 (showing one PSZJ associate billing at a rate of $750 per hour, partner John Morris billing at a rate of $1,395 per hour, partner Jeffrey Pomerantz billing at a rate of $1,445 per hour, and paralegal Asia Canty billing at a rate of $495 per hour – more than any of Plaintiff's local counsel).
[31] *Hopwood v. State of Texas*, 236 F.3d 256, 281 (5th Cir. 2000).
[32] *Midkiff v. Prudential Ins. Co. of Am.*, 571 F. Supp. 3d 660, 667 (W.D. Tex. 2021) (citations omitted).

**DEFENDANT'S OBJECTION TO THE BANKRUPTCY COURT'S SUPPLEMENT TO REPORT AND RECOMMENDATION TO AWARD PLAINTIFF ITS ATTORNEYS' FEES AND COSTS – PAGE 8**
CORE/3522697.0002/179718692.3

applicant submit evidence that its rates are within the range of rates charged by the relevant legal community."[33] On the contrary, this Court, in *Hill v. Schilling*, recently held in an injunction proceeding based on Texas probate and contract law that the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation" is used to determine the "reasonable hourly rate" that is part of calculating the lodestar benchmark (before then proceeding to exclude "excessive, duplicative, unnecessary, or inadequately documented" time).[34] Applying Texas law, this Court further held that "[t]he relevant legal community is the community in which the district court sits."[35] "The burden is on the movant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are reasonable."[36] "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there."[37]

18.     The movants in *Hill* asserted the following hourly rates were reasonable for Dallas-based attorneys of the law firm of Dorsey & Whitney: $700, $350, and $370. The movants supported the reasonableness of such rates by the affidavit of the lead attorney from Dorsey & Whitney in which the attorney "certifie[d] that the requested rates are commensurate with similar services by lawyers and paralegals of reasonably comparable skill, experience, and reputation in the Dallas area."[38]

19.     In this case – oft referred to as "a suit on a note governed by Texas contract law"[39] – this Court, as it recently did in the case of *Hill* (also a suit on a contract under Texas law), should

---

[33] Adv. Pro. 21-3082-sgj, Dkt. 84, at 19.
[34] *Hill v. Schilling*, 2022 WL 17178739, at *2–3, 4–5 (N.D. Tex. Nov. 22, 2022).
[35] *Hill v. Schilling*, 2022 WL 17178739, at *5 (citation omitted).
[36] *Id.* (citation omitted).
[37] *Id.*, at *21 (citation omitted).
[38] *Id.*
[39] Adv. Pro. 21-3082, Dkt. 84, at 19.

enforce the "prevailing market rate" in Dallas.[40]  Here, Plaintiff's attorneys failed to "certif[y] that the requested rates are commensurate with similar services by lawyers and paralegals of reasonably comparable skill, experience, and reputation in the Dallas area,"[41] and this Court should reduce their rates by half to make them comparable.[42]  Plaintiff's attorneys charge rates up to $1,445 per hour (over double the rate of a partner at Dorsey & Whitney).  Obviously, these astronomical rates may be competitive in New York City or Los Angeles, but they dwarf the reasonable rates of Dallas, Texas.  Plaintiff's attorneys' rates are clearly excessive for Dallas and must be reduced.

20.   In determining that the rates charged by Plaintiff's attorneys of PSZJ were reasonable, the R&R Supplement largely relied on rates "charged and approved by [the Bankruptcy Court] of Sidley & Austin LLP, a firm with a national practice (and that happens to have a Dallas office) who represented the official committee of unsecured creditors in *this* case."[43]  By "this case," the Bankruptcy Court referred to the case in which this adversarial proceeding arose.  Sidley & Austin – one of the five largest law firms in the world – represented the Official Committee of Unsecured Creditors in this case, not any party in this Action.  PSZJ's work on this Action does not compare to representing a committee of unsecured creditors in a complex bankruptcy.

21.   Additionally, the Bankruptcy Court's approval of Sidley & Austin's fees in that case also lacked a certification by those attorneys that the requested rates are commensurate with similar services by lawyers and paralegals of reasonably comparable skill, experience, and reputation *in the Dallas area*.[44]  Just because the Bankruptcy Court did not require evidence of

---

[40] *Hill v. Schilling*, 2022 WL 17178739, at *21.
[41] *Id*.
[42] *Hopwood v. State of Texas*, 236 F.3d at 281.
[43] Adv. Pro. 21-3082, Dkt. 84, at 22 (emphasis in original).
[44] Case No. 19-34054-sgj11, Dkt. 2904, at 17, 118–19.

Dallas rates to enforce Dallas rates in prior case does not warrant it doing so here, particularly where Defendant has raised the issue. Thus, this Court must disregard the R&R Supplement and reduce Plaintiff's fee award.

### 4. Plaintiff's Attorneys Exercised Poor Billing Judgment, and Therefore the Court Must Reduce the Award.

22. Despite the conclusions of the R&R Supplement, Plaintiff's attorneys exercised poor billing judgment and their fees must be reduced accordingly. "Billing judgment refers to the usual practice of law firms in writing off unproductive, excessive, or redundant hours."[45] "Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but hours written off."[46] "The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment."[47] Where no billing judgment is exercised, a reduction in the range of 10% to 20% is appropriate.[48] Here, Plaintiff exercised no billing judgment. There is no evidence in the PSZJ Notice that Plaintiff's attorneys wrote off or reduced any hours. Therefore, the Court should reduce the aggregate claimed amount (after cutting their rates in half) by 10% to 20%.

23. Rather than reduce the award of fees because the PSZJ Notice lacks any evidence of reduced time, the R&R Supplement improperly shifted the burden of proof on the question of "billing judgment" to HCMFA.[49] As previously stated by this Court, "[t]he applicant bears the burden of establishing a reasonable number of hours expended and proving that billing judgment was exercised."[50] But the Bankruptcy Court stated "that [HCMFA] does not point to any evidence,

---

[45] *Mauricio v. Phillip Galyen, P.C.*, 174 F. Supp. 3d 944, 950 (N.D. Tex. 2016) (citing *Walker v. U.S. Dept. of Hous. & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996)).
[46] *Id.* (citation omitted).
[47] *Id.* (internal marks and citation omitted).
[48] *Id.*
[49] *See* Adv. Pro. 21-3082, Dkt. 84, at 17.
[50] *Hill v. Schilling*, 2022 WL 17178739, at *4 (citing *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006)).

much less any particular time entry in the PSZJ Invoices, in support of its conclusory allegation that PSZJ failed to exercise billing judgment."[51] Regardless of Plaintiff's counsel and the Bankruptcy Court improperly looking to Defendant to explain PSZJ's billing judgment, nowhere in the PSZJ Notice is there any evidence of any time written off or reduced.

24. Additionally, the Bankruptcy Court reached to posit in its R&R Supplement that writing off fees is not required as part of exercising billing judgment under Texas law (according to the Bankruptcy Court, it's only requirement under federal law).[52] On the contrary, in a recent case of an injunction proceeding based on Texas probate and contract law, this Court reiterated the rule that "[b]illing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant."[53] There, because there were no "reductions or documentation of hours written off as excessive or unproductive during the litigation," the Court held that there was "a lack of billing judgment" and imposed a 10% reduction of fees, while citing other cases of reductions of 20%, 15%, and 13%.[54] Notably, even Sidley & Austin – which the Bankruptcy Court cited as authority in the R&R Supplement[55] -- agreed to a 10% reduction as a matter of standard operating procedure.[56] Here, the PSZJ Notice evidences no reductions or documentation of hours written off as excessive or unproductive, therefore the Court must disregard the R&R Supplement and impose at least a 10% to 20% reduction in accordance with *Hill*.

---

[51] Adv. Pro. 21-3082, Dkt. 84, at 17.
[52] *Id*., at 8–15.
[53] *Hill v. Schilling*, 2022 WL 17178739, at *15 (citing *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006).
[54] *Id*.
[55] Adv. Pro. 21-3082, Dkt. 84, at 22.
[56] Case No. 19-34054-sgj11, Dkt. 2904, at 118–19.

**DEFENDANT'S OBJECTION TO THE BANKRUPTCY COURT'S SUPPLEMENT TO REPORT AND RECOMMENDATION TO AWARD PLAINTIFF ITS ATTORNEYS' FEES AND COSTS – PAGE 12**
CORE/3522697.0002/179718692.3

## IV. CONCLUSION

25. The District Court should disregard the R&R Supplement and reduce the amount of any award of attorneys' fees by the amount of fees that (1) that Plaintiff failed to clearly indicate were incurred in this case, (2) for a summary judgment motion that is substantively identical to a companion adversarial proceeding, (3) in excess of customary rates in the Northern District of Texas, and (4) for which Plaintiff's attorneys exercised no billing judgment (further reduce the award by 10% to 20%).

Dated: January 31, 2023

Respectfully submitted,

*/s/ Michael P. Aigen*
Deborah Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Attorneys for Highland Capital Management Fund Advisors, L.P.*

**CERTIFICATE OF SERVICE**

I certify that on January 31, 2023, a true and correct copy of the foregoing document was served via the Court's Electronic Case Filing system to the parties that are registered or otherwise entitled to receive electronic notices in this proceeding.

                                         */s/ Michael P. Aigen*
                                         Michael P. Aigen