PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:   MHayward@HaywardFirm.com
         ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., § <br> § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> HIGHLAND CAPITAL MANAGEMENT § <br> FUND ADVISORS, L.P., § <br> § <br> Defendant. § | Adv. Proc. No. 21-03082-sgj <br><br> Case No. 3:21-cv-00881-X |

## **TABLE OF CONTENTS**

**Page**

I.  RELEVANT BACKGROUND ................................................................................... 1

II. ARGUMENT .............................................................................................................. 3

    A.  Legal Standard ............................................................................................... 3

    B.  HCMFA's Objection That the Proposed Award Should Be Reduced Based on Fees That Were Not "Clearly Indicated" Is Without Merit and Should Be Overruled .................................................................................... 4

    C.  HCMFA's Objection That the Proposed Award Should Be Reduced by Fees That Are "Excessive" and "Duplicative" Is Without Merit and Should Be Overruled .......................................................................................... 6

    D.  HCMFA's Objection to PSZJ's Rates Is Without Merit and Should Be Overruled ............................................................................................................ 7

    E.  HCMFA's Objection That PSZJ Exercised "Poor Billing Judgment" Is Without Merit and Should Be Overruled ............................................................ 11

CONCLUSION ............................................................................................................... 13

DOCS_NY:47074.3 36027/003

# TABLE OF AUTHORITIES

**CASES**

*Alford v. Johnston*,
  224 S.W.3d 291 (Tex. App. 2005) .................................................................................. 11

*Berry v. Bay, Ltd.*,
  643 S.W.3d 424 (Tex. App. 2022) .............................................................................. 4, 11

*City of Austin v. Janowski*,
  825 S.W.2d 786 (Tex. App. 1992) .................................................................................... 4

*DP Sols., Inc. v Rollins, Inc.*,
  353 F.3d 421 (5th Cir. 2003) ............................................................................................ 4

*Hopwood v. Texas*,
  236 F.3d 256 (5th Cir. 2000) .......................................................................................... 10

*In re ASARCO, LLC*,
  Case No. 05-21207, 2011 WL 2975716 (Bankr. S.D. Tex. July 20, 2011) ...................... 8

*In re Studio Movie Grill Holdings, LLC, et al.*,
  Case No. 20-32633-sgj11 (Bankr. N.D. Tex. July 9, 2021) ........................................... 10

*In re Tuesday Morning Corp., et al.*,
  Case No. 20-31476-hdh11 (Bankr. N.D. Tex. April 1, 2021) ........................................ 10

*Johnson v. Ga. Highway Express, Inc.*,
  488 F.2d 714 (5th Cir. 1974) ............................................................................................ 7

*JPMorgan Chase Bank, N.A. v. Gonzalez*,
  No. SA–12–CV–105–XR, 2013 WL 321779 (W.D. Tex. Jan. 28, 2013) ...................... 12

*Mathis v. Exxon Corp.*,
  302 F.3d 448 (5th Cir. 2002). ............................................................................... 3, 4, 12

*McMahon v. Zimmerman*,
  433 S.W.3d 680 (Tex. App. 2014) ............................................................................ 11, 13

*Rohrmoos Venture v. UTSW DVA Healthcare, LLP*,
  578 S.W.3d 469 (Tex. 2019) ............................................................................................. 4

*Structural Metals, Inc. v S & C Elec. Co.*,
  590 F. App'x 298 (5th Cir. 2014) ..................................................................................... 3

*Triton 88, L.P. v. Star Elec., L.L.C.*,
  411 S.W.3d 42 (Tex. App. 2013) .................................................................................... 12

*Ye v. Zhang*,
  No. 4:18-cv-4729, 2021 WL 5862778 (S.D. Tex. Apr. 5, 2021) ...................................... 4

**STATUTES**

11 U.S.C. § 330 ........................................................................................................................ 7

Tex. Civ. Prac. & Rem. Code § 38.001(b)(8) ................................................................................. 3
Tex. Civ. Prac. & Rem. Code § 38.003 ......................................................................................... 4
Tex. Civ. Prac. & Rem. Code § 38.004 ......................................................................................... 4

**BRIEF IN RESPONSE TO HCMFA'S OBJECTION TO THE BANKRUPTCY COURT'S SUPPLEMENT TO REPORT AND RECOMMENDATION TO AWARD PLAINTIFF ITS ATTORNEYS' FEES AND COSTS**

Highland Capital Management, L.P. ("Highland" or "Plaintiff"), the plaintiff in the above-captioned proceeding (the "Action"), files this brief in support of its response (the "Response") to *Highland Capital Management Fund Advisors, L.P.'s Objection to the Bankruptcy Court's Supplement to Report and Recommendation to Award Plaintiff Its Attorneys' Fees and Costs* [Docket No. 98][1] (the "Objection") filed by Highland Capital Management Fund Advisors, L.P. ("HCMFA" or "Defendant"). In support of its Response, Highland states as follows.

## I.   RELEVANT BACKGROUND

1. On May 27, 2022, Highland filed its *Motion for Summary Judgment* (the "Motion for Summary Judgment") on claims against HCMFA for (a) breach of contract and (b) turnover of amounts due under two promissory notes issued by Highland to HCMFA: (i) a February 26, 2014 note and (ii) a February 26, 2016 note (together, the "Pre-2019 Notes").[2] This Action is a companion case to five other collection actions against James Dondero ("Mr. Dondero") and certain entities he controls arising under additional promissory notes,[3] in which Highland also filed motions for summary judgment.

2. On October 12, 2022, the Bankruptcy Court issued its *Report and Recommendation to the District Court Regarding Highland Capital Management, L.P.'s Motion for Summary Judgment Against Highland Capital Management Fund Advisors, L.P.* [Docket No. 71-1] (the

---

[1] Citations to "Docket No. __" refer to entries on the docket maintained in this Court.

[2] Plaintiff's summary judgment motion against Defendant concerning the Pre-2019 Notes was filed in in the adversary proceeding pending in the Bankruptcy Court, Adv. Proc. No. 21-03082-sgj at Docket Nos. 45-48.

[3] *See* Adv. Proc. Nos. 21-03003-sgj; 21-03004-sgj; 21-03005-sgj; 21-03006-sgj; 21-03007-sgj, all of which were consolidated in the United States District Court for the Northern District of Texas (the "District Court") into Case No. 3:21-cv-00881-X (the "Main Notes Litigation"). This Action was originally filed in the District Court as a separate case but was later consolidated with the Main Notes Litigation. *See* 3:22-cv-00789-K, Docket No. 4.

1

"R&R"), in which it (a) recommended that this Court grant Plaintiff's summary judgment motion against HCMFA for breach of contract and turnover for all amounts due under the Pre-2019 Notes "including the costs of collection and reasonable attorneys' fees as provided for in the Pre-2019 Notes in an amount to be determined," and (b) directed Plaintiff to submit a form of judgment that calculates the amounts due pursuant to the R&R, including interest accrued to date (and continuing to accrue per diem), as well as costs and attorneys' fees incurred (which are contractual obligations under the Pre-2019 Notes).

3. In accordance with the Bankruptcy Court's directive, on November 2, 2022, Highland submitted its proposed form of judgment (the "Proposed Judgment") and supporting documentation, including the (a) *Notice of Attorneys' Fees Calculation and Backup Documentation* (the "Notice and Backup Documentation") regarding the fees and costs of Pachulski, Stang, Ziehl & Jones, LLP ("PSZJ")[4], (b) *Declaration of David Klos in Support of Highland Capital Management, L.P.'s Proposed Form of Judgment* (the "Klos Dec.")[5], and (c) *Notice of Attorneys' Fees and Expenses Calculation and Backup Documentation of Hayward PLLC* regarding the fees and costs of Hayward PLLC (the "Hayward Notice").[6]

4. On November 23, 2022, HCMFA filed its *Objections to Plaintiff's Proposed Form of Judgment Awarding Attorney's Fees and Costs*, in which HCMFA objected to Highland's proposed form of judgment (the "Proposed Judgment Objection").[7] In the Proposed Judgment Objection, HCMFA lodged four objections to the Proposed Judgment alleging: (1) Plaintiff did not clearly indicate which fees were incurred in this case, (2) the fees attributable to the Motion

---

[4] Adv. Proc. 21-03082-sgj, Docket No. 79.

[5] Adv. Proc. 21-03082-sgj, Docket No. 81.

[6] Adv. Proc. 21-03082-sgj, Docket No. 80.

[7] Adv. Proc. 21-03082-sgj, Docket No. 83.

2

for Summary Judgment were "substantively identical" to the one in the Main Notes Litigation, (3) the fees are in excess of customary rates in the Northern District of Texas, and (4) the fees reflect PSZJ's "poor billing judgment."

5.     On January 17, 2023, the Bankruptcy Court issued its *Supplement to the October 12, 2022 Report and Recommendation Regarding Attorneys' Fees and Transmitting Proposed Form of Judgment* [Docket No. 97-1] (the "Supplemental R&R"), in which it recommended that the District Court overrule HCMFA's Proposed Judgment Objections and enter the Proposed Judgment.  On January 31, 2023, HCMFA filed the instant Objection to the Supplemental R&R, in which HCMFA lodges the same objections as those raised in the Proposed Judgment Objections.

6.     For the reasons that follow, the Court should overrule the Objection in its entirety and adopt the Bankruptcy Court's Supplemental R&R.

## II.     ARGUMENT

### A.     Legal Standard

7.     "State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Texas law provides for the recovery of attorneys' fees in a breach of contract suit. *See* TEX. CIV. PRAC. & REM. CODE § 38.001(b)(8); *Structural Metals, Inc. v. S & C Elec. Co.*, 590 F. App'x 298, 304 (5th Cir. 2014).   Independently, Plaintiff is also entitled to recover "all actual expenses of collection" under Section 6 of the Pre-2019 Notes:

> Attorneys' Fees. If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

3

8. The determination of what constitutes reasonable attorneys' fees involves two steps. The court must first determine the reasonable hours spent by counsel in the case and a reasonable hourly rate for such work. The court then multiplies the number of such hours by the applicable rate, the product of which is the base fee or lodestar. *See Berry v. Bay, Ltd.*, 643 S.W.3d 424, 433 (Tex. App. 2022). The amount of the fees to award is within the sound discretion of the trial court. *See Mathis*, 302 F.3d at 462. This discretion is guided by two presumptions: (a) "there is a rebuttable presumption of reasonableness for fees that are 'usual' or 'customary,'" *id.,* (citing TEX. CIV. PRAC. & REM. CODE § 38.003), and (b) "where the fees are tried to the court . . . the statute authorizes the judge to take judicial notice of the 'usual and customary fees' and the contents of the case file," *id.* (citing TEX. CIV. PRAC. & REM. CODE § 38.004). "When supported by sufficient evidence, there is a presumption that the base lodestar calculation reflects the reasonable and necessary attorney's fees." *Id.* "A trial court's award is unreasonable 'only if the court acted without reference to any guiding rules and principles.'" *DP Sols., Inc. v. Rollins, Inc.*, 353 F.3d 421, 433 (5th Cir. 2003) (quoting *City of Austin v. Janowski*, 825 S.W.2d 786, 788 (Tex. App. 1992)). Thus, if a fee opponent seeks a reduction in the fee award, it bears the burden of providing specific evidence to overcome the presumptive reasonableness of the base lodestar figure. *See Ye v. Zhang*, No. 4:18-cv-4729, 2021 WL 5862778, at *5 (S.D. Tex. Apr. 5, 2021) (citing *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 501 (Tex. 2019)).

B. **HCMFA's Objection That the Proposed Award Should Be Reduced Based on Fees That Were Not "Clearly Indicated" Is Without Merit and Should Be Overruled**

9. HCMFA alleges that (i) PSZJ's time entries fail "to clearly indicate which entries are attributed to this Action" rather than the Main Notes Litigation, and (ii) the fee award should be reduced for such entries. Objection ¶¶ 8-9. HCMFA fails to demonstrate a reduction in the fee award is warranted on these bases.

4

10. Contrary to HCMFA's assertion, the PSZJ time entries in the Backup Documentation relate *solely* to fees incurred in connection with this Action. The Morris Declaration[8] in support of the Proposed Judgment explicitly states that "[PSZJ has] reviewed the attached invoices and redacted all entries that we concluded were not related to the Action (the "Unrelated Time")" and that "[b]ased on that review, we believe the attached invoices capture and reflect fees properly charged by [PSZJ] to Highland *with respect to the Action*." Morris Declaration ¶ 11 (emphasis added). The Morris Declaration further clarifies, "[f]or the avoidance of doubt," with respect to each of the detailed invoices attached to the PSZJ Notice as Exhibits B through D, "Highland does not seek to recover any amounts concerning any time entry that is redacted" and that "Highland has copied from Exhibit[s B-D] only those time entries for which compensation is sought in connection with the Action and compiled them" on the page preceding each invoice in the relevant exhibit. *Id.* ¶¶ 8-9 nn. 1-2. As the Bankruptcy Court found, "the Morris Declaration provides sufficient evidence that the PSZJ fees sought to be recovered under, and in connection with, the Proposed Judgment are related to this Action and not another action[.]" Supplemental R&R at 5-6.

11. The time entries in the invoices also establish that the fees relate only to this Action. For instance, in support of its argument that it is unclear which time entries relate to this Action, HCMFA points to two time entries by attorney John A. Morris, dated July 25, 2022, describing time relating to preparing for "oral argument on the motion for summary judgment" and related work. *See* Objection ¶ 8. However, these time entries obviously relate to fees incurred by PSZJ in connection with this Action because oral argument on the Motion for Summary Judgment was held on July 27, 2022. *See* Adv. Proc. 21-03082-sgj, Docket No. 67. In contrast, and as HCMFA

---

[8] Refers to Exhibit 1 attached to the Notice and Backup Documentation.

knows (because it participated in the hearing), oral argument on Plaintiff's motion for summary judgment in the Main Notes Litigation was held in April 2022. *See* Adv. Proc. 21-03003-sgj, Docket No. 185. HCMFA's contention that there is somehow confusion as to which entries relate to this Action versus the Main Notes Litigation is not credible.

12. As the Bankruptcy Court correctly found, HCMFA's conclusory assertion that "the Court should not award any entries that do not clearly indicate they were incurred in this Action" should be overruled because the invoices, the Morris Declaration, and the indisputable timeline establish that Plaintiff seeks to recover only fees incurred in this Action.

C. **HCMFA's Objection That the Proposed Award Should Be Reduced by Fees That Are "Excessive" and "Duplicative" Is Without Merit and Should Be Overruled**

13. HCMFA alleges that Plaintiff's attorneys' fees incurred in connection with the Motion for Summary Judgment are "excessive" because the Motion was "duplicative" of the motion for summary judgment filed in the Main Notes Litigation. Objection ¶¶ 11-12. These allegations likewise lack merit, and HCMFA fails to demonstrate a reduction of fees is warranted on this basis. As the Bankruptcy Court found, HCMFA fails to identify any time entry or fee amount that it contends is "clearly excessive" or that should be reduced. *See* Supplemental R&R at 7.

14. The Bankruptcy Court is intimately familiar with both this Action and the Main Notes Litigation and determined that although the Motion for Summary Judgment in this Action contains similar arguments, it is not "almost identical" to the summary judgment motion filed in the Main Notes Litigation. *See* Supplemental R&R at 8. The Motion for Summary Judgment filed in this Action was based on two separate notes that were not part of the Main Notes Litigation and necessitated additional (albeit modest) discovery, the gathering and analysis of evidence, and addressing and rebutting HCMFA's continuously evolving allegations and theories of defenses

6

that were unique to this Action. Thus, contrary to HCMFA's baseless assertion, there was no "copy and paste." Objection ¶ 11.[9] This fact is reflected in the detailed invoices demonstrating the amount of time that PSZJ spent preparing the Motion for Summary Judgment and supporting documents, taking discovery, and preparing for the hearing on the Motion for Summary Judgment (and other related work). All of this work performed by PSZJ in this Action was, as the Bankruptcy Court found, "necessary and reasonable" in litigating this Action. *See* Supplemental R&R at 8. Accordingly, the Court should overrule HCMFA's objection to the Proposed Award on this basis.

**D.     HCMFA's Objection to PSZJ's Rates Is Without Merit and Should Be Overruled**

15.     HCMFA argues that PSZJ's rates exceed the rates that some local law firms charge for similar services and objects on that basis. *See* Objection ¶¶ 13-21. This argument is without merit as it ignores a wealth of evidence to the contrary.

16.     First, HCMFA ignores the facts that: (a) the Bankruptcy Court "already approved PSZJ's rates as reasonable under Bankruptcy Code § 330,"[10] and (b) Mr. Dondero (who controls HCMFA) personally hired PSZJ to be Highland's bankruptcy counsel when he controlled Highland and "agreed, in writing, to the very fee structure and rates." *Id.* at 19 n. 5.

17.     Second, as the Bankruptcy Court explained, "[i]n engaging in a market rate comparison, bankruptcy courts are not circumscribed in their analysis by arbitrary geographic limitations, but, instead, "[t]he 'community' of professionals to which a bankruptcy court properly

---

[9] The fees documented in this Action ($387,007.90) are a small fraction of the fees documented in the Main Notes Litigation ($2,797,105.35). *Compare* Proposed Judgment in this Action (Docket No. 97-1) with the summary of the amounts due under the Proposed Judgments rendered by the Bankruptcy Court in the Main Notes Litigation (Docket No. 83-1, Exhibit F).

[10] Supplemental R&R at 18 (citing Bankr. Case No. 19-34054-sgj11, *Fifth and Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP* [Bankr. Docket No. 2906] at 37–39 (describing how PSZJ's fees satisfied the *Johnson* factors—*see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); *Order Granting Fifth and Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP* [Bankr. Docket No. 3055].

7

should look for comparison purposes is the community of lawyers capable of performing 'similar work.'" Supplemental R&R at 21 (quoting *In re ASARCO, LLC*, Case No. 05-21207, 2011 WL 2975716, at *20 (Bankr. S.D. Tex. July 20, 2011)). Thus, "[t]he 'relevant community' in this Action should be defined as the community of practitioners who specialize in complex litigation in large chapter 11 bankruptcy cases, frankly, in any district that regularly is the situs for complex business reorganizations." Supplemental R&R at 21.

18. In support of its argument that PSZJ's fees are "in excess of the customary rates in the Northern District of Texas," HCMFA relies solely on the rates charged by Highland's local counsel, Hayward PLLC ("Hayward"). *See* Objection ¶ 14. This argument is meritless and Mr. Dondero—of all people—should know that because ***he personally hired both firms to represent Highland*** in this bankruptcy case. In any event, the comparison between PSZJ and Hayward is not "apples to apples." PSZJ is widely recognized as having one of the premiere bankruptcy practices in the country, with nearly 80 restructuring professionals located in offices in Los Angeles, New York, Wilmington, San Francisco, and Houston. It is a matter of public record that PSZJ serves as lead counsel to debtors and creditors' committees in some of the largest and most complex bankruptcies anywhere and regularly competes against firms with Dallas offices such as Kirkland & Ellis, Akin Gump Strauss Hauer & Feld LLP, Weil Gotshal & Manges, and DLA Piper LLP, whose hourly rates exceed PSZJ's (often by significant amounts). In comparison, Hayward is a considerably smaller, regional firm that does not generally compete on the same level.

19. As the Bankruptcy Court observed, large, national bankruptcy practices like PSZJ's (which happens to have a Houston office, among others) regularly serve as lead counsel for debtors and committees in some of the largest and most complex bankruptcy cases in the country, including, specifically, those pending in the Northern District of Texas—such as this one. Thus,

8

a more appropriate comparison to PSZJ's rates would be to the Dallas-based attorneys at Sidley Austin LLP ("Sidley"), a firm with a national practice (and that happens to have a Dallas office) who represented the official committee of unsecured creditors in the underlying bankruptcy case.

20.     A quick review of Sidley's fee applications shows hourly rates exceeding PSZJ's so-called "coastal" rates. By way of example, John Morris, a senior litigation partner at PSZJ who graduated from law school in 1990, charged $1,245 per hour in 2021. Penny Reid, a Dallas-based Sidley litigation partner and a 1989 law school graduate, charged $1,400 per hour in 2021—more than 10% higher than Mr. Morris' rate.[11] Hayley Winograd, a litigation associate at PSZJ, graduated from law school in 2017 and joined PSZJ as an associate in 2020 following a judicial clerkship. In 2021, PSZJ charged $695 per hour for Ms. Winograd's time. At the same time, Sidley charged $815 per hour for Juliana Hoffman (a 2017 restructuring associate); $715 per hour for Chandler Rognes (a 2019 litigation associate); and $885 per hour for Elliot Bromagen (a 2017 restructuring associate in Sidley's "non-coastal" Chicago office).[12] Based on the foregoing, the hourly rate charged by PSZJ for its senior litigation partner and associate is actually less than the rates charged by one of its competitors. If Mr. Dondero believed that PSZJ's rates were too high, he could have hired any Dallas-based firm he wanted to serve as Highland's lead bankruptcy counsel. He did not, and his current complaint lacks any factual basis or credibility and should be rejected yet again.

21.     For this same reason, HCMFA's argument that "out-of-district rates" rates do not apply here and that the Court should reduce PSZJ's rates "in half to reduce them to reasonable

---

[11] *See Twenty-First Monthly and Final Fee Application of Sidley Austin LLP, Attorneys for the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses for the Monthly Fee Period from July 1, 2021 Through and Including August 11, 2021 and for the Final Fee Period from October 29, 2019 Through and Including August 11, 2021*, Case No. 19-34054-sgj11, Docket No. 2904 at iv (Bankr. N.D. Tex. Oct. 8, 2021).

[12] *See id.*

Dallas rates," Objection ¶¶ 15-16, is moot. As set forth *supra*, Plaintiff does not attempt to apply any "exception" that would support using "out-of-district rates," and such analysis is not applicable for present purposes. HCMFA's cite to *Hopwood v. Texas*, 236 F.3d 256 (5th Cir. 2000), is also inapplicable, as that case dealt with whether "out-of-town" rates should apply. *Id.* at 281.

22. PSZJ's fee rates have also been approved as reasonable in other chapter 11 cases in this District in cases not nearly as complex as this one and in cases that did not feature a vexatious litigant bent on making good on his threat to "burn the place down." *See, e.g.*, *In re Studio Movie Grill Holdings, LLC, et al.*, Case No. 20-32633-sgj11 (Bankr. N.D. Tex. July 9, 2021), Docket No. 989; *In re Tuesday Morning Corp., et al.*, Case No. 20-31476-hdh11 (Bankr. N.D. Tex. April 1, 2021), Docket No. 2214. The Bankruptcy Court correctly found PSZJ's rates to be "reasonable" based on its own (a) knowledge of the hourly rates approved in cases pending in this District and its extensive experience in approving fees in similar complex chapter 11 litigation (and in this particular bankruptcy case and its many adversary proceedings wherein fee-shifting has been approved); (b) knowledge of the usual and customary rates charged for similar legal services by attorneys with the level of skill, competence, and ability of PSZJ's attorneys; (c) intimate familiarity with the legal, procedural, and factual complexities in this Action; and (d) review of the Morris Declaration and the detailed time entries provided by PSZJ in the PSZJ Invoices. *See* Supplemental R&R at 20. As the Bankruptcy Court explained, it "reviews hundreds of fee applications a year and can take judicial notice of the billing rates charged by many Texas firms (or firms with Texas offices) and, unequivocally, many of them charge rates comparable to those of PSZJ." *Id.* at 22.[13]

---

[13] In support of this finding, the Bankruptcy Court cited to various attorney billing rates in recent, complex chapter 11 cases filed in the Northern District of Texas. *See id.* at n. 70.

10

23. Based on these judicially noticed facts, the Bankruptcy Court properly found that PSZJ's rates are "reasonable." *See Alford v. Johnston*, 224 S.W.3d 291, 298 (Tex. App. 2005) ("In addition to the evidence presented, the trial court was entitled to take judicial notice of the usual and customary attorney's fees for the services provided and the contents of the case file, even though no request was made for the trial court to do so and the trial court did not formally announce that it had done so," and finding "the trial court did have sufficient information upon which to determine the usual and customary attorney's fees for the contract claim at issue. The usual and customary attorney's fees are presumed to be reasonable"); *McMahon v. Zimmerman*, 433 S.W.3d 680, 693-94 (Tex. App. 2014) (noting that trial courts are allowed to take "judicial notice of usual and customary attorney's fees as well as the contents of a case file to award attorney's fees under the statute, even without receiving additional evidence," noting that "trial courts are considered experts on the reasonableness of attorney's fees," and can "draw on their common knowledge and experience as lawyers and as judges in considering the testimony, the record, and the amount in controversy in determining attorney's fees") (internal quotations omitted). The Court should adopt this finding and overrule HCMFA's objection on this ground.

### E. HCMFA's Objection That PSZJ Exercised "Poor Billing Judgment" Is Without Merit and Should Be Overruled

24. HCMFA's baseless argument that the Proposed Award must be reduced due to PSZJ's "poor billing" judgment, Objection ¶¶ 22-24, is equally without merit. Texas law requires that the evidence simply be "sufficient" to allow the trial court to conduct a meaningful review of the hours and rates claimed. *Alford*, 224 S.W.3d at 298; *see also Berry*, 643 S.W.3d at 433 ("When supported by sufficient evidence, there is a presumption that the base lodestar calculation reflects the reasonable and necessary attorney's fees").

11

25.  Here, PSZJ provided sufficient evidence under Texas law to support the Proposed Award.  As discussed *supra*, the PSZJ invoices contain detailed time entries that document the services performed, who performed them and at what hourly rate, when they were performed, and how much time the work required.   Mr. Morris also declared in his Declaration that he (and others working at his direction) had reviewed the PSZJ Invoices, that the detailed time records contained therein were kept in the ordinary course of business of his firm, and that each of the timekeepers recorded billable time in one-tenth of an hour increments and classified their work by task codes "to differentiate between individual tasks conducted for the same client."  Mr. Morris expressly stated that PSZJ "redacted all entries that we concluded were not related to the Action" and that "***the attached invoices capture and reflect fees properly charged by my Firm to Highland with respect to the Action.***"  Morris Declaration ¶ 11 (emphasis added).

26.  This evidence was more than sufficient to allow the Bankruptcy Court to make a meaningful review under Texas law of the reasonableness of the PSZJ fees sought to be recovered by Plaintiff in the Proposed Judgment, including whether PSZJ exercised billing judgment in connection with the fees requested in this case.  See *JPMorgan Chase Bank, N.A. v. Gonzalez*, No. SA–12–CV–105–XR, 2013 WL 321779, at *2-3 (W.D. Tex. Jan. 28, 2013) (plaintiff submitted sufficient evidence to support award of attorney's fees under Texas law for breach of contract, where plaintiff prevailed on its breach of contract claim and motion for attorney's fees "contains a detailed time sheet as an exhibit"); *Mathis*, 302 F.3d at 462 (affirming award of attorney's fees under Texas law where affidavits "combined with the presumption of reasonableness and the court's ability to use judicial notice to guide the reasonableness finding is enough for us to conclude that the district court did not abuse its discretion in awarding fees"); *Triton 88, L.P. v. Star Elec., L.L.C.*, 411 S.W.3d 42, 64-65 (Tex. App. 2013) (overruling fee opponent's objections

to attorney's fees where fee applicant submitted affidavit and list of specific tasks law firm undertook during course of representation, where opponent "did not file controverting affidavit or any other evidence disputing [applicant's] evidence," and therefore, "cannot overcome the presumption of reasonableness accorded to [applicant's affidavit in support of an award of attorney's fees"); *McMahon*, 433 S.W.3d at 694 (finding there was legally and factually sufficient evidence to support the [fee award] on the breach-of-contract claim. The detailed invoices and counsel's testimony concerning the customary fee and his fee for legal services were some evidence in support of the award, meeting the legal sufficiency requirement").

27. HCMFA's contention Sidley & Austin "agreed to a 10% reduction as a matter of standard operating procedure," Objection ¶ 24, is misleading. Sidley and the Committee agreed to a ten percent (10%) reduction of Sidley's standard hourly billing rates prior to the engagement, as represented in the Committee's fee application to the Bankruptcy Court. *See* Bankr. Docket Nos. 206 at 7-8; 2904. This reduction was not in the context of a motion for attorney's fees in a note collection case in which the notes expressly require the maker to pay the collection fees. HCMFA otherwise offers no basis for reducing the fee award and does not point to any evidence, much less any particular time entry in the PSZJ invoices, in support of its conclusory allegation that PSZJ failed to exercise "billing judgment." HCMFA's Objection on this ground should be overruled.

28. Accordingly, HCMFA fails to demonstrate that a reduction in fees is warranted, and its Objection should be overruled.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court (a) overrule the Objection in its entirety, and (b) adopt the Bankruptcy Court's Supplemental R&R.

| | |
|---|---|
| Dated: February 14, 2023 | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | Jeffrey N. Pomerantz (CA Bar No. 143717)<br>John A. Morris (NY Bar No. 2405397)<br>Gregory V. Demo (NY Bar No. 5371992)<br>Hayley R. Winograd (NY Bar No. 5612569)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email:  jpomerantz@pszjlaw.com<br>           jmorris@pszjlaw.com<br>           gdemo@pszjlaw.com<br>           hwinograd@pszjlaw.com |
| | -and- |
| | **HAYWARD PLLC** |
| | */s/ Zachery Z. Annable*<br>Melissa S. Hayward (Texas Bar No. 24044908)<br>Zachery Z. Annable (Texas Bar No. 24053075)<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Telephone: (972) 755-7100<br>Facsimile: (972) 755-7110<br>Email:  MHayward@HaywardFirm.com<br>           ZAnnable@HaywardFirm.com |
| | *Counsel for Highland Capital Management, L.P.* |