Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Counsel for Defendants James Dondero, Nancy Dondero, Highland Capital Management Fund Advisors, L.P., HCRE Partners LLC, and Highland Capital Management Services, Inc.*

Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375
Email: drukavina@munsch.com
Email: jvasek@munsch.com

*Counsel for NexPoint Advisors, L.P. and Highland Capital Management Fund Advisors, L.P.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § § | |
| **Plaintiff,** | § § | **Case No. 3:21-cv-00881-X** |
| **v.** | § § § | |
| **HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., et. al.,** | § § § § | **(Consolidated with 3:21-cv-00880-X, 3:21-cv-01010-X, 3:21-cv-01378-X, 3:21-cv-01379-X)** |
| **Defendants.** | § § | |

## RESPONSE OF JAMES DONDERO, NANCY DONDERO, HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., HCRE PARTNERS LLC N/K/A NEXPOINT REAL ESTATE PARTNERS LLC, HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., AND NEXPOINT ADVISORS, L.P., TO HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT

RESPONSE OF JAMES DONDERO, NANCY DONDERO, HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., HCRE PARTNERS LLC N/K/A NEXPOINT REAL ESTATE PARTNERS LLC, HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., AND NEXPOINT ADVISORS, L.P. TO HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT

PAGE 1

CORE/3522697.0002/180402228.9

James Dondero, Nancy Dondero, Highland Capital Management Fund Advisors, L.P. ("HCMFA"), HCRE Partners LLC n/k/a NexPoint Real Estate Partners LLC ("HCRE"), and Highland Capital Management Services, Inc. ("HCMS"), Defendants in the above captioned and numbered proceeding, submit their Response to Highland Capital Management, L.P.'s Motion for Leave to Exceed Page Limit [Dkt. 102], respectfully stating as follows:

## I.   INTRODUCTION

On Thursday, February 23, 2023, Debtor sent an alleged "conferencing" email to 13 lawyers representing some of at least 15 parties that Debtor seeks to denominate "vexatious litigants" in this proceeding.  The parties the Debtor seeks to label "vexatious" are not all defendants in this consolidated appellate-type proceeding, which seeks review of certain orders and reports and recommendations of the Bankruptcy Court in the "Notes" cases.  Moreover, not all of the targeted parties are represented by the emailed lawyers. Debtor asked for consent on two motions: (1) a Motion for Leave to Exceed Page Limit ("Motion for Additional Pages"), and (2) a Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief ("Vexatious Litigant Motion") (together, the "Motions").

Debtor's decision to seek to have this Court label as vexatious a large group of only partially identified parties – every "entity directly or indirectly controlled by, or acting in concert with, Mr. Dondero, including, without limitation" – presents a serious jurisdictional and due process problem.  Because the emailed lawyers do not represent all of the parties that Debtor seeks to designate as vexatious, the Stinson firm politely requested additional time (beyond the roughly 24 hours given) to attempt to determine which additional counsel required notice and to get an answer, at least on the motion to expand page limits.  In response, Debtor demanded substantive

**RESPONSE OF JAMES DONDERO, NANCY DONDERO, HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., HCRE PARTNERS LLC N/K/A NEXPOINT REAL ESTATE PARTNERS LLC, HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., AND NEXPOINT ADVISORS, L.P. TO HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT**
**PAGE 2**

CORE/3522697.0002/180402228.9

concessions for granting such extra time, making further efforts pointless.  Thereafter, Debtor filed its motion, misleadingly suggesting that defendants had simply rejected their request for additional pages, doubtless to use as further fodder for its Vexatious Litigant Motion.

Almost certainly not coincidentally, at the same time, Debtor asked the Bankruptcy Court to notify this Court that the Bankruptcy Court's Reports and Recommendations with respect to the cases consolidated within Civ. Act. No. 3:21-cv-00881 were ready for this Court's review.[1]  The Vexatious Litigant Motion, therefore, seems like a brazen effort by the Debtor to supplement its oppositions to Defendants' Objections to the Reports and Recommendations (the "Objections") and to do so with pleadings that intemperately attack the Defendants and their counsel personally. This effort is particularly ironic given that Debtor refused to agree to the full page limit Defendants sought in connection with their Objections,[2] and objected to Defendants filing any reply to Debtor's Response.[3]  Not content with the last word it already had, Debtor has filed its Vexatious Litigant Motion to have its scurrilous assertions before the Court at the same time it is urging the Court to render its decisions.  It is Debtor's actions that are vexatious here.  Defendants request that the Court consider these circumstances in deciding whether to grant leave to Debtor.

---

[1] *See* February 27, 2023, email from John Morris to Traci Ellison, annexed hereto as Exhibit 1 ("Ex. 1") at App. 5, 6.

[2] August 8, 2022 email from John Morris to Michael Aigen (eventually agreeing to a number of pages less than sought), annexed hereto as Exhibit 2 ("Ex. 2") at App. 7, 8.  Similarly, on March 23, 2021, when asked for only a 4-day extension of time to answer an adversary proceeding, Debtor refused to give Nexpoint Advisors, L.P. the requested time, even though counsel explained his personal difficulty with the deadline. March 23, 2021, email from John Morris to Davor Rukavina, annexed hereto as Exhibit 3 ("Ex. 3") at App. 13, 14.

[3] Case No. 3:21-cv-00881-X, Dkt 73, p. 1-2, Highland Capital Management, L.P.'s Brief in Support of Motion to Strike Defendants' Reply, filed October 12, 2022; October 11, 2022 email from Hayley Winograd to Michael Aigen, annexed hereto as Exhibit 4 ("Ex. 4") at App. 16, 17.

**RESPONSE OF JAMES DONDERO, NANCY DONDERO, HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., HCRE PARTNERS LLC N/K/A NEXPOINT REAL ESTATE PARTNERS LLC, HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., AND NEXPOINT ADVISORS, L.P. TO HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT**
**PAGE 3**

## II.    OPPOSITION

Debtor's Vexations Litigant Motion seeks the extraordinary relief of having at least 15 parties declared vexations litigants. Specifically, Debtor seeks this relief against the following parties:

> "Dondero Entities" refers, collectively, to (a) Mr. Dondero, (b) NexPoint Advisors, L.P. ("NPA"), (c) Highland Capital Management Fund Advisors, L.P., n/k/a NexPoint Asset Management, L.P. ("HCMFA"), (d) HCRE Partners LLC n/k/a NexPoint Real Estate Partners LLC ("HCRE"), (e) Highland Capital Management Services, Inc., (f) Nancy Dondero, and (g) *any entity directly or indirectly controlled by, or acting in concert with, Mr. Dondero, including, without limitation*, (i) The Charitable DAF Fund, L.P. ("DAF"), (ii) CLO HoldCo, Ltd. ("CLOH"), (iii) The Dugaboy Investment Trust ("Dugaboy"), (iv) Get Good Investment Trust ("Get Good"), (v) Hunter Mountain Investment Trust, (vi) Strand Advisors, Inc., (vii) The Get Good Non-Exempt Trust 1; (viii) The Get Good Non-Exempt Trust 2; and (ix) PCMG Trading Partners XXIII, L.P. ("PCMG").[4]

In support of its requested relief, Debtor seeks to file 35 pages of briefing, as well as an 18-page chart of additional arguments and support (for which it has not sought leave). Debtor informed Defendants of its intent to file its motions for the first time on February 23, 2023 when counsel for Debtor sent 13 different lawyers an email with a copy of both the Motion for Leave and the Vexatious Litigation Motion, demanding a response by 4:00 pm the next day.[5]

As expected, because Defendants only first learned about these motions on February 23, the various lawyers and parties could not know on February 23 (and could not determine by February 24) which lawyers would be representing which entities and what the various Defendants' positions would be on the Motions. Further confusing matters, the Motions were directed not only against the 15 specific Defendants named in the motion, but also against unnamed

---

[4] Case No. 3:21-cv-00881-X, Dkt 102-1, Vexatious Litigant Motion p. 1 fn. 2.

[5] February 23, 2023 email from John Morris to various counsel, annexed hereto as Exhibit 5 ("Ex. 5") at App. 18, 19-20.

**RESPONSE OF JAMES DONDERO, NANCY DONDERO, HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., HCRE PARTNERS LLC N/K/A NEXPOINT REAL ESTATE PARTNERS LLC, HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., AND NEXPOINT ADVISORS, L.P. TO HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT**
**PAGE 4**

parties, including "any entity directly or indirectly controlled by, or acting in concert with, Mr. Dondero . . . ."[6]

In response, one of the emailed counsel responded to Debtor's counsel on February 24 and requested two additional business days to confer with other defense counsel and to adequately confer with Debtor's counsel: "Our side will need to get together as a group to discuss this. We will do so and get back to you by 5:00 cst on Tuesday, February 28, 2023. Let me know if that will be a problem."[7]

Rather than consent to Defendants' reasonable request for a short extension of time to communicate with each other and to determine who would be representing whom and what their positions would be on the respective Motions, Debtor double-downed on its aggressive tactics. Debtor conditioned its agreement to give Defendants until February 27, 2023, to conference on Stinson (counsel for Dondero, among others, but not all parties affected) agreeing on behalf of all potential respondents that no respondent would file any pleading that might address in any way the matters at issue in the Vexatious Litigant Motion, a proposition Debtor surely understood that Stinson could not accept.  This is Debtor's self-proclaimed "courteous" demand:

> Nevertheless, after considering your request and solely as a professional courtesy, Highland will agree to the extend (a) until **Monday, February 27, at 5:00 pm Central Time**, the time to respond to the first issue concerning the **Motion for Leave**, and (b) as requested, until **Tuesday, February 28, at 5:00 pm Central Time**, to respond to the second issue concerning the **Vexatious Litigant Motion,** provided that all Dondero Entities (as defined in footnote 2), and anyone acting in concert with all or any of them, agree that they will not file any pleading or motion in any court addressing the matters raised in the Vexatious Litigant Motion or that

---

[6] Case No. 3:21-cv-00881-X, Dkt 102-1, Vexatious Litigant Motion p. 1 fn. 2.

[7] February 24, 2023, email from Michael Aigen to John Morris, annexed hereto as Exhibit 6 ("Ex. 6") at App. 21, 22.

RESPONSE OF JAMES DONDERO, NANCY DONDERO, HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., HCRE PARTNERS LLC N/K/A NEXPOINT REAL ESTATE PARTNERS LLC, HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., AND NEXPOINT ADVISORS, L.P. TO HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT
PAGE 5

CORE/3522697.0002/180402228.9

otherwise enjoins, impedes, interferes with, prejudices, delays, or pre-empts the filing of the Motion for Leave.[8]

Debtor's proposal was obviously intended to trigger rejection because the Motions were directed not only at 15 named parties, several of whom were not parties to the above-captioned proceeding and not represented therein, but also the parties "as defined in footnote 2," including unnamed parties (i.e., "any entity directly or indirectly controlled by, or acting in concert with, Mr. Dondero").

Making matters worse, rather than being honest in the certificate of conference appended to its Motion for Leave, Debtor stated in its certificate of conference and in the title of its Motion for Additional Pages that the Motion for Leave was opposed:

> I hereby certify that, on February 23 and 24, 2023, John A. Morris, counsel for Highland Capital Management, L.P., communicated and conferred with counsel for the Dondero Entities regarding the relief requested in the foregoing Motion. The parties were unable to reach an agreement prior to the filing of this Motion; accordingly, this Motion is submitted to the Court as being **OPPOSED**.[9]

The certificate of conference was false. None of the Defendants actually opposed the Motion for Leave. Instead, counsel for Defendants merely requested a short period of time to meet and discuss the Motions (and in some instances discuss with in-house counsel), but counsel for Debtor not only refused to provide this time, to make matters worse, immediately filed its Motion for Leave, with its false certificate of conference.

Normally, this might not be a matter of great concern to the parties, if this were a typical or routine motion. But here, based on unfounded allegations of Defendants abusing the court

---

[8] February 24, 2023, email from John Morris to Michael Aigen, annexed hereto as Exhibit 7 ("Ex. 7") at App. 24, 25.

[9] Case No. 3:21-cv-00881-X, Dkt 102, Highland Capital Management, L.P.'s Opposed Motion for Leave to Exceed Page Limited filed February 24, 2023.

**RESPONSE OF JAMES DONDERO, NANCY DONDERO, HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., HCRE PARTNERS LLC N/K/A NEXPOINT REAL ESTATE PARTNERS LLC, HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., AND NEXPOINT ADVISORS, L.P. TO HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT**

**PAGE 6**

system, Debtor is seeking the extraordinary relief of having Defendants (many of whom are not even parties before this Court) declared vexatious litigants in a case in which the Court is poised to rule on certain Defendants' objections to the Bankruptcy Court's Reports and Recommendations.  The irony of Debtor seeking this relief in a matter in which certain of the so-called "Dondero Entities" are not Defendants, with the aid of a Motion for Leave containing a false certificate of conference, should not go unnoticed.  There is no doubt that the immediate filing of its Motion for Leave with a false certificate of conference was yet another attempt to create the false impression that Defendants were abusing the court system and harassing Debtor by refusing to agree to otherwise straightforward relief in the form of an increased page limit, which Defendants would typically provide (although Debtor does not).[10]

Making Debtor's requested relief even more incongruous and inequitable, while Debtor seeks to expedite the consideration of its own motions, it has repeatedly sought to slow down Defendants' efforts to obtain relief on their own motions.

Specifically, on June of 2022, in the main bankruptcy matter from which this case stems, The Dugaboy Investment ("Dugaboy") Trust (whom Debtor now seeks to declare vexatious) filed a motion (which was later joined by Hunter Mountain Investment Trust ("HMIT")) seeking information regarding the value of the estate, including the assets and liabilities of the Highland Claimant Trust [Bkr. No. 19-34054-sgj11, Dkt. 3382]. Debtor's initial response to this was to file a Motion to Extend Time to Respond, asking the Court to extend its time to respond to the motion from July 21, 2022, to August 24, 2022. [Bkr. No. 19-34054-sgj11, Dkt. 3402]  At Debtor's urging, on December 6, 2022, the Court ordered that Defendants could obtain the relief sought by only

---

[10] Ex. 2, August 8, 2022 email from John Morris to Michael Aigen at App. 7, 8.

RESPONSE OF JAMES DONDERO, NANCY DONDERO, HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., HCRE PARTNERS LLC N/K/A NEXPOINT REAL ESTATE PARTNERS LLC, HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., AND NEXPOINT ADVISORS, L.P. TO HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT
**PAGE 7**

through an adversary proceeding [Bkr. No. 19-34054-sgj11, Dkt. 3645], causing additional delay. Although the Court literally directed Dugaboy and HMIT to file the adversary proceeding, Debtor would not agree that the Chapter 11 Plan's gatekeeper provision (requiring a party to request permission from the Bankruptcy Court to bring certain claims before filing them) was inapplicable. As a result, on February 6, 2023, Dugaboy and HMIT filed a Motion for Leave to File Proceeding, as directed, seeking to file an adversary proceeding to obtain information related to the value of the estate [Bkr. No. 19-34054-sgj11, Dkt. 3662].

In response, counsel for Debtor requested a two-week extension of time to respond to the motion for leave so that Debtor could consider its options and suggested it was indeed considering whether the gatekeeper motion was unnecessary so that the parties could proceed to the merits of the adversary complaint. Specifically, the Debtor represented:

> Highland is considering its options and requests a two-week extension of time, through March 13, to respond to the Motion. Please let us know if Movants consent. I will contact you in the interim if Highland is interested in pursuing a stipulation concerning the Motion.[11]

Dugaboy and HMIT granted Debtor's request with no strings attached. Debtor never made any attempt to contact counsel for Defendants and discuss the motion or resolve it any way. The two-week extension was clearly not an extension sought to attempt to work things out regarding a potential stipulation, but was instead an attempt to delay the relief Dugaboy and HMIT are seeking so that Debtor could draft and file its Vexatious Litigant Motion.

---

[11] February 7, 2023 email from John Morris to Deborah Deitsch-Perez, annexed hereto as Exhibit 8 ("Ex. 8") at App. 28-29.

**RESPONSE OF JAMES DONDERO, NANCY DONDERO, HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., HCRE PARTNERS LLC N/K/A NEXPOINT REAL ESTATE PARTNERS LLC, HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., AND NEXPOINT ADVISORS, L.P. TO HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT**
**PAGE 8**

Typically, it would be uncontroversial for the Court to grant a motion to exceed the page limits and, had Debtor simply afforded the Defendants sufficient time to confer with their respective clients (and in-house counsel), the Defendants' counsel signing below represents that they would have agreed to the increased page limit. Because of the circumstances, however, Defendants request that the Court reject the request, for all of the reasons set forth above.

### III.    REQUEST FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court respond to Debtor's request with the consideration it deserves, deny the request, and grant Defendants such further and other relief to which they may be entitled.

**RESPONSE OF JAMES DONDERO, NANCY DONDERO, HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., HCRE PARTNERS LLC N/K/A NEXPOINT REAL ESTATE PARTNERS LLC, HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., AND NEXPOINT ADVISORS, L.P. TO HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT**

**PAGE 9**

CORE/3522697.0002/180402228.9

Dated: March 3, 2023                    Respectfully submitted,

*/s/Deborah Deitsch-Perez*
Deborah Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

**ATTORNEYS FOR JAMES DONDERO, NANCY DONDERO, HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., HIGHLAND CAPITAL MANAGEMENT SERVICES, INC. AND NEXPOINT REAL ESTATE PARTNERS, LLC**

*/s/Davor Rukavina*
Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email:  drukavina@munsch.com

**ATTORNEYS FOR NEXPOINT ADVISORS, L.P., AND HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.**

**RESPONSE OF JAMES DONDERO, NANCY DONDERO, HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., HCRE PARTNERS LLC N/K/A NEXPOINT REAL ESTATE PARTNERS LLC, HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., AND NEXPOINT ADVISORS, L.P. TO HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR LEAVE TO EXCEED PAGE LIMIT**