PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:  jpomerantz@pszjlaw.com
  jmorris@pszjlaw.com
  gdemo@pszjlaw.com
  hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:  MHayward@HaywardFirm.com
  ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., et al., <br><br> Defendants. | § § § § § § § § § § § § | Case No. 3:21-cv-00881-X <br><br> (Consolidated with 3:21-cv-00880-X, 3:21-cv-01010-X, 3:21-cv-01378-X, 3:21-cv-01379-X) |

**HIGHLAND CAPITAL MANAGEMENT, L.P.'S REPLY IN FURTHER SUPPORT OF
<u>ITS OPPOSED MOTION FOR LEAVE TO EXCEED PAGE LIMIT</u>**

DOCS_NY:46677.6 36027/003

Highland Capital Management, L.P. ("Highland"), by and through its undersigned counsel, hereby files this reply (the "Reply") to the *Response of James Dondero, Nancy Dondero, Highland Capital Management Fund Advisors, L.P., HCRE Partners, LLC n/k/a NexPoint Real Estate Partners, LLC, Highland Capital Management Services, Inc., and NexPoint Advisors, L.P. to Highland Capital Management, L.P.'s Motion to Exceed the Page Limit* [Docket No. 104] (the "Opposition").[1] In further support of the Motion, Highland states as follows:

## REPLY

1.  In its opinion upholding (in substantial part) the Bankruptcy Court's confirmation order, the United States Court of Appeals for the Fifth Circuit noted that its decision should not be "construed to hinder the bankruptcy court's power to enjoin and impose sanctions on Dondero and other entities by following the procedures to designate them vexatious litigants."[2] Following the Fifth Circuit's lead, Highland prepared the Motion and the Brief and—in compliance with the Local Rules—asked counsel for the Dondero Entities whether they were opposed or unopposed to the relief requested in the Motion.[3]

2.  Highland's Vexatious Litigant Motion is serious and substantial. The Motion was needed because the Brief analyzes aspects of years of contentious litigation and, in its most concise form, exceeds the page limit by ten (10) pages. Rather than simply agree to the relief requested,[4]

---

[1] Capitalized terms used but not defined in this Reply shall have the meanings ascribed to them in *Highland Capital Management, L.P.'s Memorandum of Law in Support of Its Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief* [Docket No. 102-1] (Exhibit A) (the "Brief").

[2] *NexPoint Advisors, L.P. v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*, 48 F.4th 419, 439, n.19 (5th Cir. 2022) (citing *In re Carroll*, 850 F.3d 811, 815 (5th Cir. 2015) (*per curiam*)).

[3] Highland sent its request to the lawyer(s) of record for each Dondero Entity specifically identified in footnote 2 of the Brief. *See Appendix of James Dondero, Nancy Dondero, Highland Capital Management Fund Advisors, L.P., HCRE Partners, LLC n/k/a NexPoint Real Estate Partners, LLC, Highland Capital Management Services, Inc., and NexPoint Advisors, L.P.'s Response to Highland Capital Management, L.P.'s Motion to Exceed the Page Limit* [Docket No. 105] ("Dondero's Appendix"), Exhibit A-5.

[4] Despite spilling a lot of ink castigating Highland and its counsel and filing a 30-page appendix in opposition to a simple motion for leave to exceed a page limit by ten pages, ***the Dondero Entities make no substantive argument in opposition to the Motion***.

1

the Dondero Entities asked for a total of five (5) days to respond. Highland (largely) agreed to the Dondero Entities' request but simply asked for assurance that the Dondero Entities would not take advantage of the extension to Highland's prejudice,[5] exactly the type of condition the Dondero Entities previously set and which Highland agreed to.[6]

3. In light of the substance of the Vexatious Litigant Motion and Highland's prior experience,[7] Highland's request for confirmation that it would not be prejudiced by an extension of time was reasonable. When the Dondero Entities failed to respond, Highland prudently contacted the lawyer who had responded on behalf of the Dondero Entities:

> [Highland]: [I]f we do not receive confirmation that the terms of the proposal are acceptable by 5:30 pm Central, we will file the Motive for Leave [sic] right after.
>
> [Dondero Entities]: Understood. Thanks for the head's up.

Highland's Appx. Ex. 1-B (another email exchange curiously omitted from Dondero's Appendix).

4. After receiving this email, Highland filed the Motion. If anything, the Opposition—filled with personal attacks, an incomplete record, and irrelevant issues—validates Highland's decision to condition the extension of time on the Dondero Entities' refraining from taking any action that would prejudice Highland. Even now, the Dondero Entities characterize

---

[5] *See* Dondero Appendix A-7 (email agreeing to extend to 4 and 5 days, respectively, the total time to respond to Highland's inquires provided that the Dondero Entities agree that they would refrain from taking any action to prejudice Highland during the extension period).

[6] Highland will not burden the Court with evidence showing the many dozens of unconditional extensions of time it has granted the Dondero Entities over the years. But the Dondero Entities' assertion that Dugaboy and HMIT previously granted Highland's request for an extension of time to respond to a different motion "with no strings attached" is just wrong. *See* Opposition at 8. **Strings were attached**. *See Appendix in Support of Highland Capital Management, L.P.'s Reply in Further Support of Its Opposed Motion for Leave to Exceed Page Limit* ("Highland's Appx."), Ex. 1-A (in an email curiously omitted from Dondero's Appendix, counsel responded to Highland's request by saying: "Timing ok if respondents will either oppose or consent to the gatekeeper motion at that time (as opposed to doing something else, such as seeking more time)"). Essentially, just like Highland here, Dugaboy and HMIT agreed to the requested extension so long as they were not prejudiced by it. But unlike the Dondero Entities, Highland did not object to the condition imposed.

[7] *See, e.g.*, *Highland Capital Management, L.P.'s Motion to Strike Defendants' Reply* [Docket No. 72] (motion to strike an unauthorized pleading).

Highland's request for confirmation that it would not be prejudiced by the extension as a demand for "substantive concessions" that made "further efforts pointless." Opposition at 2-3.

5. Finally, notwithstanding the Dondero Entities' protests to the contrary, the emails establish that the Certificate of Conference accurately stated that the parties conferred and were unable to come to an agreement. Under the Local Rule, Highland was required to unequivocally state whether the Dondero Entities were "opposed or unopposed" to the relief; with no agreement reached, Highland properly noted the former.

6. Notably, the Dondero Entities were not prejudiced by Highland's decision to proceed: If the Dondero Entities subsequently decided they were truly unopposed to the relief, they could have simply filed a certificate stating such. Instead, the Dondero Entities manufactured more grievances to oppose the Motion rather than offering any substantive opposition.

WHEREFORE, Highland respectfully requests that the Court (a) grant the Motion; (b) enter an order granting Highland leave to exceed the twenty-five page limit in Local Rule 7.2(c) and to file its Brief in a length not to exceed 35 pages, excluding captions, signature blocks, and/or tables of contents or authorities; and (c) grant Highland such other and further relief as the Court may deem proper.[8]

*[Remainder of Page Intentionally Blank]*

---

[8] In addition to the Brief, as part of its initial request, Highland also provided to counsel for the Dondero Entities a chart summarizing (nearly all of) the litigation between Highland and the Dondero Entities, a copy of which is attached as Exhibit 1-C to Highland's Appendix (the "Chart"); the Chart was not included in the Motion itself. Even though the Chart is a demonstrative exhibit based on docket entries, the Dondero Entities suggest that separate leave was required before Highland could file the Chart with the Brief. Opposition at 4 (asserting that Highland did not seek leave to file the Chart). Highland does not believe a specific request to file a demonstrative exhibit is necessary, but to the extent the Court determines otherwise, Highland respectfully requests that it be permitted to attach the Chart to the Motion.

Dated: March 7, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717) (*pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*pro hac vice*)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA  90067
Tel: (310) 277-6910
Fax:  (310) 201-0760
Email:     jpomerantz@pszjlaw.com
               jmorris@pszjlaw.com
               gdemo@pszjlaw.com
               hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110
Email:     MHayward@HaywardFirm.com
               ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

4