# **EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | Case No. 3:21-cv-00881-X |
| | § | |
| vs. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., et al., | § | (Consolidated with 3:21-cv-00880-X, 3:21-cv-01010-X, 3:21-cv-01378-X, 3:21-cv-01379-X) |
| | § | |
| Defendants. | § | |
| | § | |

**ORDER DEEMING THE DONDERO ENTITIES VEXATIOUS LITIGANTS AND GRANTING RELATED RELIEF**

This matter having come before the Court on *Highland Capital Management, L.P.'s Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief* [Docket No. [_]] (the "Motion"), filed by Highland Capital Management, L.P. ("HCMLP") in the above-captioned case; and this Court having considered (a) the Motion; (b) HCMLP's *Memorandum of Law in Support of Its Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief* [Docket No. [_]] (the "Brief");[1] (c) the *Appendix in Support of Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief* [Docket No. [_]], and the exhibits annexed thereto; (d) the arguments and law cited in the Motion and the Brief; and (e) all objections to the Motion, including all evidence and arguments offered in support of such objections [Docket No. [_]]; and this Court having jurisdiction over this matter; and this Court having found that venue of this proceeding and the Motion in this District is proper; and this Court having found that HCMLP's notice of the Motion and opportunity for a hearing on the Motion were appropriate

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Brief.

under the circumstances and that no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion and the Brief establish good cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Motion is **GRANTED** as set forth herein.

2. The Dondero Entities[2] are hereby deemed "vexatious litigants."

3. The Dondero Entities are hereby prohibited from pursuing, instituting, or commencing, a claim or cause of action of any kind, including regulatory or administrative actions, against (a) HCMLP, the Highland Claimant Trust, the Highland Litigation Sub-Trust, and the Highland Indemnity Trust (collectively, the "Highland Entities"), (b) any entity directly or indirectly majority-owned and/or controlled by any Highland Entity, (c) any entity directly or indirectly managed by any Highland Entity ((a)-(c), collectively, the "Highland Parties"), (d) each of the Highland Parties' trustees (including, without limitation, the trustees of the Highland Claimant Trust, Highland Litigation Sub-Trust, and Highland Indemnity Trust), officers, executives, agents, directors, and employees, (e) the current and former members of the Oversight Board of the Highland Claimant Trust and their affiliates, including, without limitation, Farallon Capital Management, L.L.C., Stonehill Capital Management, LLC, Muck Holdings LLC, and Jessup Holdings LLC, (f) the independent board of directors appointed by the Bankruptcy Court on January 9, 2020, and its members John Dubel, James P. Seery, Jr., and Russell Nelms (in their

[2] The Dondero Entities are (a) James Dondero, (b) NexPoint Advisors, L.P., (c) Highland Capital Management Fund Advisors, L.P., n/k/a NexPoint Asset Management, L.P., (d) HCRE Partners LLC n/k/a NexPoint Real Estate Partners LLC, (e) Highland Capital Management Services, Inc., (f) Nancy Dondero, and (g) any entity directly or indirectly controlled by, or acting in concert with, Dondero, including, without limitation, (i) The Charitable DAF Fund, L.P., (ii) CLO HoldCo, Ltd., (iii) The Dugaboy Investment Trust, (iv) Get Good Investment Trust, (v) Hunter Mountain Investment Trust, (vi) NexPoint Strategic Opportunities Fund n/k/a NexPoint Diversified Real Estate, (vii) Highland Income Fund, (viii) Highland Fixed Income Fund, (ix) Highland Global Allocation Fund, (x) NexPoint Capital, Inc., (xi) Strand Advisors, Inc., (xii) The Get Good Non-Exempt Trust 1; (xiii) The Get Good Non-Exempt Trust 2; and (xiv) PCMG Trading Partners XXIII, L.P.

official capacities), (g) James P. Seery, Jr. (in his capacity as CEO/CRO (as such term is defined in the Plan)), (h) the Committee and each of its members (in their official capacities), (i) the professionals (and their respective firms) retained by HCMLP or the Committee during the Bankruptcy Case and by any Highland Party thereafter, and (j) any person or entity indemnified by any Highland Entity ((a)-(j), collectively, the "Covered Parties")[3] arising from or related to the Bankruptcy Case or the management of the Highland Entities or the Highland Entities' property (collectively, the "Estate Administration") without this Court's prior approval obtained *after* reasonable notice to the applicable Covered Parties and a hearing where (a) the Court need not accept the movant's allegations as true as if it were adjudicating a motion to dismiss, (b) the movant(s) and putative defendant(s) may offer evidence to establish or rebut the plausibility of any putative claim(s) and (c) the movant(s) will have the burden of proving, among any other requirements that this Court may impose, that (i) the Action (as defined below) presents plausible claims, (ii) the Action is legally and procedurally sound, (iii) the Action is not being brought for any improper purpose, such as harassment, and (iv) that the factual support for, and allegations in, the Action are more likely than not after giving due weight to the movant's prior legal proceedings.

4. Each Dondero Entity is hereby ordered to file a copy of this Order in any (a) court (whether foreign or domestic), (b) administrative tribunal, or (c) administrative or regulatory

[3] The Covered Parties include, without limitation, HCLOF, Highland Multi Strategy Credit Fund, L.P., Highland Multi Strategy Credit Fund GP, L.P., Highland Multi Strategy Credit Fund, Ltd., Highland Select Equity Master Fund, L.P., Highland Select Equity Fund GP, L.P., Highland Select Equity Fund, L.P., Highland Restoration Capital Partners Master, L.P., Highland Restoration Capital Partners GP, LLC, Highland Restoration Capital Partners, L.P., Gleneagles CLO, Ltd., Aberdeen Loan Funding, Ltd. Argentina Regional Opportunity Fund, Highland Offshore Partners, L.P. (Diversified), Brentwood CLO, Ltd., Eastland CLO, Ltd., Bristol Bay Funding Ltd., Jasper CLO Ltd., Highland Legacy Limited, Grayson CLO, Ltd., Greenbriar CLO, Ltd., Highland Loan Funding V Ltd., Highland Park CDO I, Ltd., Liberty CLO, Ltd., Valhalla CLO, Ltd., Stratford CLO Ltd., Southfork CLO, Ltd., Pam Capital Funding, L.P., Stonebridge-Highland Healthcare Private Equity Fund, Pamco Cayman Ltd., Red River CLO, Ltd., Rockwall CDO II Ltd., Rockwall CDO, Ltd., Westchester CLO, Ltd. Longhorn Credit Funding A, Longhorn Credit Funding B, PensionDanmark Pensionsforsikringsaktieselskab, Highland Dynamic Income Master Fund L.P., Highland Prometheus Master Fund, L.P., Highland Flexible Income UCITS Fund, and Acis CLO 2017-7, Ltd.

agency where any pending or future litigation (including arbitrations and appeals, proceedings, suits, claims, or actions of any kind (any of the forgoing, an "Action")) against any Covered Party concerning Estate Administration is pursued or commenced by any Dondero Entity.

5. The Court shall retain exclusive jurisdiction to hear and determine all matters and disputes arising from the interpretation and implementation of this Order.

**It is so ordered** this ______ day of ___________, 2023.

_________________________________
The Honorable Brantley Starr
United States District Judge