# EXHIBIT 1

EXHIBIT 1*

| | MAIN CASE | | | |
|---|---|---|---|---|
| | *In re Highland Capital Management, L.P.*, Case No. 19-34054-sgj11 (Bankr. N.D. Tex.) | | | |
| **Date** | **Motion or Claim** | **Movant / Objector** | **Summary of Motion or Claim** | **Status** |
| 7/30/20 | First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No Liability Claims; and (F) Insufficient-Documentation Claims [DI[1] 906] **(solely with respect to Proof of Claim No. 146 Filed by HCRE Partners, LLC)** | **Claimant:** HCRE **Objector:** Highland | HCRE asserted Highland had no interest in SE Multifamily due to mutual mistake and lack of consideration. After engaging in substantial discovery and litigating Highland's motion to disqualify HCRE's counsel due to conflict of interest, HCRE filed a motion to withdraw its proof of claim [DI 3443]. Highland objected [DI 3487]. The Court held a hearing on September 12, 2022 and denied withdrawal of the claim after Dondero would not agree to refrain from filing the same claim in a different forum [DI 3525]. | **CONCLUDED:** Trial was held November 1, 2022. On April 28, 2023, the Court entered its order sustaining Highland's objection to HCRE's claim, and disallowing the claim [DI 3767]. |
| 9/23/20 | Debtor's Motion for Entry of an Order Approving Settlement with (a) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (b) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (c) Acis Capital Management, L.P. (Claim No. 159) and Authorizing Actions Consistent Therewith [DI 1087] | **Movant:** Highland **Objectors:** Dondero | Acis filed a claim for at least $75 million. Acis's claim resulted from an involuntary bankruptcy initiated when Dondero refused to satisfy an arbitration award and instead fraudulently transferred assets to leave Acis judgment proof. Highland settled for an allowed Class 8 claim of $23 million and approximately $1 million in cash. t Dondero objected to the settlement [DI 1121] alleging it was unreasonable and constituted vote buying. The Acis Settlement Motion was approved and Dondero's objection was overruled [DI 1302]. | **CONCLUDED:** Dondero appealed [DI 1347]. On March 18, 2022, this Court dismissed the appeal as constitutionally moot [Dist. Ct. Case No. 3:20-cv-03390-X, DI 25]. |
| 11/18/20 | Motion of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) for Authority to Enter into Sub-Servicer Agreements [DI 1424] | **Movant:** Highland **Objectors:** Dondero | Highland filed a motion seeking to retain a sub-servicer to assist in its reorganization consistent with the proposed plan. Dondero alleged the sub-servicer was not needed, was too expensive, and would not be subject to Bankruptcy Court jurisdiction [DI 1447]. | **CONCLUDED:** Dondero withdrew his objection [DI 1460] after forcing Highland to incur costs responding [DI 1459] |
| 11/19/20 | James Dondero's Motion for Entry of an Order Requiring Notice and Hearing for Future Estate Transactions Occurring Outside of the Ordinary Course [DI 1439] | **Movant:** Dondero | Dondero alleged Highland sold assets in violation of 11 U.S.C. § 363 and without providing Dondero a chance to bid. Dondero requested an emergency hearing [DI 1443]. Dondero filed this motion despite having agreed to the Protocols governing such sales. | **CONCLUDED:** Dondero withdrew this motion [DI 1622] after Highland and the Committee were forced to incur costs responding and preparing for trial [DI 1546, 1551]. |
| 12/8/20 | Motion for Order Imposing Temporary Restrictions on Debtor's Ability, as Portfolio Manager, to Initiate Sales by Non-Debtor CLO Vehicles [DI 1522, 1528] | **Movants:** Advisors[2] Funds | Movants sought to prevent Highland from causing the CLOs to sell assets without Movants' consent. Movants provided no support for this position, which directly contradicted the terms of the CLO Agreements. The Motion was filed notwithstanding the Protocols governing such sales. Movants requested an emergency hearing [DI 1523]. | **CONCLUDED:** The motion was denied [DI 1605] and was characterized as "frivolous." |
| 12/23/20 | Debtor's Motion for Entry of an Order Approving Settlement with HarbourVest (Claim Nos. 143, 147, 150, 153, 154) and Authorizing Actions Consistent Therewith [DI 1625] | **Movant:** Highland **Objectors:** Dondero Trusts[3] CLOH | HarbourVest asserted claims in excess of $300 million in connection with an investment in a fund indirectly managed by Highland for, among other things, fraud and fraudulent inducement, concealment, and misrepresentation. Highland settled for an $80 million allowed Class 8 and 9 claim and the transfer of certain assets to a Highland subsidiary. Dondero and the Trusts alleged the settlement was unreasonable; was a windfall to HarbourVest; and vote buying [DI 1697, 1706]. CLOH argued the settlement could not be effectuated under the operative documents [DI 1707]. After analyzing Highland's response, CLOH publicly withdrew its objection. The settlement was approved and the remaining objections were overruled [DI 1788]. | **APPEAL:** The Trusts appealed [DI 1870]. This Court affirmed and dismissed Dugaboy's appeal for lack of standing [Dist. Ct. Case No. 3:21-00261-L, DI 38]. Dugaboy appealed [DI 40]. Oral argument held May 1, 2023. Appeal is *sub judice*. CLOH and DAF separately filed a complaint in this Court alleging, among other things, the settlement was a breach of duty and a RICO violation. *See infra*. |

All capitalized terms used but not defined herein have the meanings given to them in *Highland Capital Management, L.P.'s Memorandum of Law in Support of Its Motion to Deem the Dondero Entities Vexatious Litigants and for Related Sanctions*.

1

| Date | Motion or Claim | Movant / Objector | Summary of Motion or Claim | Status |
|---|---|---|---|---|
| 1/14/21 | Motion to Appoint Examiner Pursuant to 11 U.S.C. § 1104I [DI 1745, 1752] | **Movants:** Trusts Dondero [DI 1756] | Movants filed an emergency motion for the appointment of an examiner after commencement of Plan solicitation and 14 months postpetition. [DI 1748]. | **CONCLUDED:** The motion was denied [DI 1960]. |
| 1/20/21 | James Dondero's Objection to Debtor's Proposed Assumption of Executory Contracts and Cure Amounts Proposed in Connection Therewith [DI 1784] | **Objector:** Dondero | Dondero objected to Highland's proposed assumption of two limited partnership agreements [DI 1719]. | **CONCLUDED:** Dondero withdrew his objection [DI 1876] after forcing Highland to incur costs responding. |
| 1/22/20 | Fifth Amended Plan of Reorganization [DI 1472] | **Objectors:** Dondero [DI 1661] Trusts [DI 1667] Senior Employees [DI 1669] Advisors & Funds [DI 1670] HCRE [DI 1673] CLOH [DI 1675] NexBank Entities [DI 1676] | All objections to the Plan were consensually resolved prior to the confirmation hearing except for the objections of the Dondero Entities and the U.S. Trustee. The U.S. Trustee did not press its objection at confirmation. All objections were overruled and the Confirmation Order was entered. The Confirmation Order specifically found that Dondero threatened to "burn the place down" if his case resolution plan was not accepted. | **APPEAL:** Dondero, the Trusts, the Advisors, and the Funds appealed [DI 1957, 1966, 1970, 1972]. On August 19, 2022, the Fifth Circuit affirmed the Confirmation Order in all respects except with respect to the exculpation. [Case No. 21-10449, DI 00516439341]. On September 2, 2022, the Funds petitioned for rehearing requesting the Fifth Circuit limit the Gatekeeper. On September 7, 2022, the Fifth Circuit granted rehearing but did not grant the requested relief. [DI 516462923]. Highland moved to conform the Plan on September 9, 2022. [DI 3503]. The Dondero Entities objected [DI 3539, 3540, 3551] requesting the Bankruptcy Court limit the Gatekeeper. On February 27, 2023, the Court issued its order granting motion to conform [DI 3672]. The Advisors appeal of the order was certified for direct appeal to the Fifth Circuit. [Case No. 23-10534]. Briefing in process. Highland and the Dondero Entities filed petitions for writ of cert. to SCOTUS on issues of (a) standard of care and (b) exculpation provision in Plan. Case No. 22-631 (Jan. 5, 2023); Case No. 22-669 (Jan. 16, 2023). Solicitor General was invited to file a brief in Supreme Court cases expressing the views of the United States. |
| 1/24/21 | Application for Allowance of Administrative Expense Claim [DI 1826]; [rel. Adv. Proc. No. 21-3010-sgj] | **Movants:** Advisors | The Advisors sought an administrative expense claim for approximately $14 million alleging they overpaid Highland under certain Shared Services Agreements ("SSAs") and Payroll Reimbursement Agreements ("PRAs"). Highland brought a breach of contract claim against the Advisors for failure to pay amounts owed under the SSAs and PRAs [AP No. 21-3010, DI 1]. The claims were consolidated under AP 21-3010 since both arose from the SSAs and PRAs. After a two-day trial, the Court granted Highland's breach of contract claim, denied the Advisors' admin claim. [AP No. 21-3010, DI 124], and entered judgment [AP No. 21-3010, DI 126]. | **APPEAL:** The Advisors' appeal [AP. No. 21-3010, DI 128] was docketed to Dist. Ct. Case No. 3:22-cv-02170. Briefing on appeal is complete, and matter is *sub judice*. |

2

**Appx. 00003**

| Date | Motion or Claim | Movant / Objector | Summary of Motion or Claim | Appeal |
|---|---|---|---|---|
| 3/18/21 | James Dondero, Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., The Dugaboy Investment Trust, The Get Good Trust, and NexPoint Real Estate Partners, LLC, f/k/a HCRE Partners, LLC, a Delaware Limited Liability Company's Motion to Recuse Pursuant to 28 U.S.C. § 455 [DI 2060] | **Movants:** Dondero Advisors Trusts HCRE | In March 2021, the Dondero Entities filed a motion to recuse Judge Jernigan [DI 2060, 2061, 2062] (the "Original Recusal Motion"). Judge Jernigan denied the motion finding, among other things, it was untimely and failed to show bias. [DI 2083] (the "Recusal Order"). The Movants appealed [DI 2149, 2169, 2203].<br><br>In February 2022, this Court entered its Memorandum Opinion and Order [Dist. Ct. Case No. 3:21-cv-00879-K, DI 39], finding the Recusal Order was a non-appealable interlocutory order.<br><br>Notwithstanding this Court's Order, in July 2022, Movants filed a supplemental motion to recuse in the Bankruptcy Court, [DI 3470] (the "Supplemental Recusal Motion"), requesting entry of a final, appealable recusal order.<br><br>On September 1, 2022, the Bankruptcy Court denied the Supplemental Recusal Motion finding it "procedurally improper," [DI 3479], but invited Movants to file (i) a "simple motion" seeking an amended order removing the "reservation of rights" and/or (ii) a new motion to recuse in front of the Bankruptcy Court.<br><br>On September 27, 2022, Movants filed a renewed motion to recuse [DI 3541] (the "Renewed Recusal Motion"), and then on October 17, 2022, filed an amended renewed motion to recuse, [DI 3570]. On March 6, 2023, the Bankruptcy Court entered its order denying the amended renewed motion to recuse [DI 3676]. | **CONCLUDED:** Movants filed a petition for writ of mandamus on April 4, 2023 to the District Court [Case No. 21-cv-879, Docket no. 41]. The next day, the District Court entered an order directing the clerk to unfile the mandamus petition [Docket no. 42]. |
| 4/14/21 | Debtor's Motion to Disqualify Wick Phillips Gould & Martin, LLP as Counsel to HCRE Partners, LLC and for Related Relief [DI 2196] | **Movant:** Highland **Objector:** HCRE [DI 2278] | After Wick Philips refused to withdraw, Highland moved to disqualify them from serving as counsel to HCRE in connection with the prosecution of HCRE's Proof of Claim on the ground that Wick Phillips jointly represented Highland and HCRE (and others) in the negotiation, drafting and formation of the contracts at issue and therefore was conflicted. | **CONCLUDED:** In December 2021, the Bankruptcy Court granted the motion disqualifying Wick Phillips from serving as counsel to HCRE [DI 3106] |
| 4/15/21 | Debtor's Motion for Entry of an Order Approving Settlement with UBS Securities LLC and UBS AG London Branch and Authorizing Actions Consistent Therewith [DI 2199] | **Movant:** Highland | UBS) asserted claims against Highland in excess of $1 billion arising from two Highland-managed funds' breach of contract. The settlement resolved over ten years of litigation but had to be renegotiated after Highland discovered Dondero-controlled Highland had caused the funds to fraudulently transfer over $300 million in assets to Sentinel Reinsurance Ltd. ("Sentinel"), a Cayman-based entity controlled by Dondero and Ellington, in 2017 to thwart UBS's ability to collect on its judgment.<br><br>Only Dondero [DI 2295] and Dugaboy [DI 2268, 2293] objected. The UBS settlement was approved in May 2021 [DI 2389]. | **APPEAL:** The Dondero Entities appealed [DI 2398]. In September 2022, this Court affirmed the Bankruptcy Court's settlement order, [Dist. Ct. Case No. 3:21-cv-01295-X, DI 34], finding, in pertinent part, that in their' "zeal to bamboozle this Court," they omitted critical facts. *Id.* at 12.<br><br>In October 2022, the Dondero Entities appealed this Court's order to the Fifth Circuit. USCA Case No. 22-10983. Oral argument held June 5, 2023. Matter is *sub judice*. |

| Date | Motion or Claim | Movant / Objector | Summary of Motion or Claim | Status |
|---|---|---|---|---|
| 4/23/21 | Motion for Modification of Order Authorizing Appointment of James P. Seery, Jr. Due to Lack of Subject Matter Jurisdiction [DI 2242] | **Movants:** DAF CLOH | Over 9 months after its entry and post-confirmation of the Plan, DAF and CLOH filed a motion to modify the July Order, alleging the Bankruptcy Court lacked subject matter jurisdiction. Highland opposed the motion [DI 2311] arguing it was a collateral attack barred by *res judicata*, among other things. The Committee joined the opposition [DI 2315]. The Motion was denied on June 25, 2021 [DI 2506]. DAF and CLOH appealed, [DI 2513], but moved to stay the appeal pending the Fifth Circuit's determination of the appeal of the Confirmation Order [Dist. Ct. Case No. 3:21-cv-01585-S, DI 10]. This Court granted the stay motion [DI 21] and, in connection with the *Partially Opposed Motion for Extension of Time to File Appellants" Opening Brief*, directed the appellants to file their opening brief within 14 days of resolution of the Confirmation Order [DI 19], which they failed to do. | **APPEAL:** In September 2022, after the Fifth Circuit affirmed the Confirmation Order, Highland moved for summary affirmance [DI 23]. Appellants opposed [DI 24], and filed a motion to reopen the appeal [DI 25], which Highland opposed [DI 27]. Because they missed the deadline to file their opening brief, Appellants also filed a belated motion for an extension of time [DI 29], claiming "excusable neglect." In November 2022, this Court ordered the appeal remain abated pending resolution of the DAF parties' Fifth Circuit appeal of the order holding them in contempt [USCA Case No. 22-11036, DI 34], on the ground that it was a "related case." |
| 4/27/21 | Debtor's Motion for an Order Requiring the Violators to Show Cause Why They Should Not Be Held in Civil Contempt for Violating Two Court Orders [DI 2247] | **Movant:** Highland | Highland filed a motion by order to show cause why Dondero, CLOH, DAF, and their counsel should not be held in contempt of court for violating the January and July Orders. The Bankruptcy Court entered an order to show cause [DI 2255] and set an in-person hearing for June 8, 2021. On August 4, 2021, following briefing and an evidentiary hearing, the Court held Dondero, CLOH, DAF and others (the "Contemnors") in contempt of court [DI 2660]. | **APPEAL:** In August 2021, the Contemnors appealed [DI 2712, 2713, 2758]. In September 2022, this Court affirmed the Bankruptcy Courts order in relevant part [Dist. Ct. Case No. 3:21-cv-01974-X, DI 49]. In October 2022, the Contemnors appealed to the Fifth Circuit [USCA Case No. 22-11036]. Briefing complete, oral argument tentatively scheduled. |
| 4/29/21 | Motion to Compel Compliance with Bankruptcy Rule 2015.3 [DI 2256] | **Movants:** Trusts | The Trusts filed a motion seeking to compel Highland to file certain reports under Bankruptcy Rule 2015.3 [DI 2256]. Highland [DI 2341] and the Committee [DI 2343] opposed the motion. Following a hearing in June 2021 [DI 2442], the motion was adjourned and later denied as moot after Highland's Plan became effective. [DI 2812]. | **APPEALS:** In August 2022, following the Trusts' appeal, [DI 2840], this Court dismissed the appeal as constitutionally moot [Dist. Ct. Case No. 3:21-cv-02268-S, DI 21]. The Dondero Entities appealed to the Fifth Circuit. [USCA Case No. 22-10831]. In February 22023, the Fifth Circuit issued its order and judgment affirming the District Court [USCA Case No. 22-10831, Docket Nos. 46, 47]. |
| 6/25/21 | Debtor's Motion for Entry of an Order (i) Authorizing the (a) Creation of an Indemnity Subtrust and (b) entry into an Indemnity Trust Agreement and (ii) Granting Related Relief [DI 2491] | **Movant:** Highland | Highland filed a motion seeking authority to create an indemnity trust to secure the Reorganized Highland, Claimant Trust, and Litigation Trust's indemnification obligations [DI 2491]. Dondero, HCMFA, NPA, and Dugaboy objected [DI 2563] arguing it was an improper plan modification. A hearing was held in July 2021 and Highland's motion was granted [DI 2599]. | **APPEAL:** After the Dondero Entities appealed [DI 2673], this Court affirmed the Bankruptcy Court's order. [Dist. Ct. Case No. 3:21-cv-01895-D, DI 45]. The Dondero Entities appealed. [USCA Case No. 22-10189]. In January 2023, the Fifth Circuit affirmed this Court's order. [USCA Case No. 22-10189, Document No. 90-1]. |

| Date | Motion or Claim | Movant / Objector | Summary of Motion or Claim | Status |
|---|---|---|---|---|
| 7/8/21 | Motion of the Debtor for Entry of an Order (I) Authorizing the Sale of Certain Property and (II) Granting Related Relief [DI 2535] | **Movant:** Highland **Objector:** NPA | Highland filed a motion seeking authority to sell certain real property [DI 2535]. NPA objected [DI 2621] arguing Highland created a sale process designed to exclude NPA without a sound business justification. | **CONCLUDED:** A hearing was held on August 4, 2021 and Highland's motion was granted over NPA's objection [DI 2687]. |
| 7/8/21 | Motion of the Debtor for Entry of an Order (I) Authorizing the Sale and/or Forfeiture of Certain Limited Partnership Interests and Other Rights and (II) Granting Related Relief [DI 2537] | **Movant:** Highland **Objector:** NPA | Highland filed a motion seeking authorization to sell, among other things, certain limited partnership interests in PetroCap Partners III, L.P. [DI 2537]. NPA objected, seeking to inject itself into the bidding process. [DI 2626]. | **CONCLUDED:** In August 2021, the Bankruptcy Court overruled NPA's objection and granted Highland's motion [DI 2699]. |
| 10/8/21 | Final Fee applications of FTI [DI 2902], Teneo Capital [DI 2903], Sidley Austin [DI 2904], PSZJ [DI 2906], and Wilmer Cutler [2907] | **Movants:** Highland's professionals **Objector:** NPA | PSZJ, Wilmer Cutler, Teneo Capital, Sidley Austin, and FTI filed final fee applications in the Bankruptcy Court. NPA objected [DI 2977, 3015], sought permission to employ a fee examiner to review the fee applications, and sought expansive discovery. In November 2021, the fee applications were granted after substantial briefing and a hearing. [DI 3047, 3048, 3056, 3057, and 3058]. | **APPEALS:** NPA filed notices of appeal to this Court [DI 3076, 3077, 3078, 3079, and 3080], which were then consolidated [Dist. Ct. Case No. 21-cv-3086-K, DI 9]. In May 2022, this Court dismissed the appeal as constitutionally moot [Dist. Ct. Case No. 21-cv-3086-K, DI 37]. NPA appealed [DI 39]. Fifth Circuit briefing is complete and the appeal is under advisement [USCA 22-10575]. |
| 1/11/22 | Motion to Ratify Second Amendment to Proof of Claim [Claim No. 198] and Response to Objection to Claim [DI 3177, 3178] | **Movant:** CLOH **Objector:** Litigation Trustee | CLOH's requested to ratify its Second Amended CLO HoldCo Crusader Claim [Proof of Claim No. 198], and deny the Litigation Trustee Objection as moot. | **STATUS:** CLOH's motion was denied by the Bankruptcy Court [DI 3457], and its appeal was rejected by this Court. See *CLO Holdco, Ltd. v. Kirschner (In re Highland Cap. Mgmt., L.P.)*, No. 3:22-CV-2051-B, 2023 U.S. Dist. LEXIS 87842, at *1 (N.D. Tex. May 18, 2023). CLOH has appealed to the Fifth Circuit [Case No. 3:22-cv-02051-B D, DI 20]. |
| Jan. 2022 | NPA acquisition of claim [DI 3146] | N/A | In January 2022, NPA acquired a disputed employee claim [DI 3146], which was expunged [DI 3180]. NPA has appealed. Case 3:22-cv-00335-L | Briefing complete. |

| Date | Motion or Claim | Movant / Objector | Summary of Motion or Claim | Status |
|---|---|---|---|---|
| 6/30/22 | Motion for Determination of the Value of the Estate and Assets Held by the Claimant Trust [DI 3382] | **Movant:** Dugaboy **Objector:** Highland | Dugaboy moved for a determination of the current value of the estate and an accounting of its assets available for distribution, arguing it was somehow in the money and therefore had appellate standing and rights (the "Valuation Motion") [DI 3382]. Highland objected. [DI 3465]. After Dugaboy amended its Valuation Motion in September 2022 [DI 3533, 3535], Highland filed its reply in further opposition [DI 3614]. | **STATUS:** During a hearing held in November 2022, the Court questioned whether the relief could only be obtained through an adversary proceeding and requested additional briefing [DI 3625]. After reviewing the supplemental briefs, the Court ruled an adversary proceeding was required [DI 3645]. On May 10, 2023, Dugaboy and Hunter Mountain filed a complaint seeking declaratory relief as to the value of the Claimant Trust assets and their interest therein [AP No. 23-03038-sgj, Docket No. 1]. The timing of Highland's motion to dismiss must be fixed. |
| 2/6/23 | Motion for Leave to File Proceeding [DI 3662] | **Movants:** Dugaboy and Hunter Mountain Investment Trust **Objector:** Highland | Following the ruling on the Valuation Motion, Dugaboy and Hunter Mountain Investment Trust filed a motion for leave to file a complaint against Highland seeking information about the estate's current assets, results of asset sales, and amounts distributed to creditors. | **STATUS:** On May 10, 2023, the parties filed a stipulation withdrawing the motion [DI 3662]. |
| 3/28/23 | Hunter Mountain Investment Trust's Emergency Motion for Leave to File Verified Adversary Proceeding [DI 3699] | **Movant:** Hunter Mountain Investment Trust **Objector:** Highland, Highland Claimant Trust, James P. Seery, Jr., Farallon, Stonehill | Hunter Mountain seeks leave of the Bankruptcy Court to file a complaint against defendants Seery, Stonehill, and Farallon alleging both direct and derivative claims on behalf of Highland of insider trading and breach of fiduciary duty. The proposed complaint alleges that Seery engaged in a *quid pro quo* with Stonehill and Farallon by which Seery put Stonehill and Farallon on the Oversight Board in exchange for a "rubber stamp" of Seery's compensation as CEO of Highland. | Trial was held June 8, 2023, and the matter is under advisement. |
| 6/15/23 | The Dugaboy Investment Trust's Motion to Preserve Evidence and Compel Forensic Imaging of James P. Seery, Jr.'s Phone [Docket No. 3802] | **Movant:** Dugaboy | Dugaboy seeks to preserve the ESI contained on Seery's iPhone and to permit the recovery of his text messages. The basis for this motion was information learned through discovery in a separate action brought by Scott Ellington, Highland's former general counsel, against a former Highland employee, in which Ellington subpoenad Highland's independent directors and bankruptcy counsel, as well as other parties to the bankruptcy case, requiring a motion for a protective order. *See infra.* | The timing of Highland's objection must be fixed. |

| ADVERSARY PROCEEDINGS |||||
|---|---|---|---|---|
| *Highland Capital Management, L.P. v. James D. Dondero*, Adv. Proc. No. 20-03190-sgj (Bankr. N.D. Tex.) |||||
| **Date** | **Motion / Complaint** | **Plaintiff** | **Summary of Proceeding** | **Status** |
| 12/7/20 | Plaintiff Highland Capital Management, L.P.'s Emergency Motion for a Temporary Restraining Order and Preliminary Injunction against Mr. James Dondero [DI 2] | **Movant:** Highland | In December 2020, after Dondero interfered with the management of the estate and threatened certain employees, Highland commenced an adversary proceeding and sought [DI 2] and obtained a TRO [DI 10] and a Preliminary Injunction [DI 59] against Dondero prohibiting him from interfering with Highland's estate and enjoining him from engaging in other wrongful conduct. | **CONCLUDED:** Dondero appealed to this Court [Dist. Ct. Case No. 3:21-cv-01590-N] (which declined to hear the interlocutory appeal), and filed a petition for writ of mandamus from the Fifth Circuit. Ultimately, a consensual injunction was entered [DI 182] and the writ of mandamus was withdrawn. |
| 1/7/21 | Plaintiff's Motion for an Order Requiring Mr. James Dondero to Show Cause Why He Should Not Be Held in Civil Contempt for Violating the TRO [DI 48] | **Movant:** Highland | In late December 2020, Highland discovered Dondero had violated the TRO by, among other things, again interfering with the management of the estate and conspiring with Highland's then-general counsel and assistant general counsel to coordinate offensive litigation against Highland. An extensive evidentiary hearing was held in March 2021, and on June 7, 2021, the Bankruptcy Court entered an order finding Dondero in contempt of court [DI 190]. | **APPEALS:** Dondero appealed [DI 212]. In August 2022, this Court affirmed in substantial part [Dist. Ct. Case No. 3:21-cv-01590-N, DI 42]. Dondero appealed to the Fifth Circuit [USCA Case Number 22-10889]. Briefing complete, oral argument tentatively scheduled. |
| *Highland Capital Management, L.P. v. Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., Highland Income Fund, NexPoint Strategic Opportunities Fund, NexPoint Capital, Inc., and CLO Holdco, Ltd.,* Adv. Proc. No. 21-03000-sgj (Bankr. N.D. Tex.) |||||
| **Date** | **Motion / Complaint** | **Plaintiff** | **Summary of Proceeding** | **Status** |
| 1/6/21 | Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction Against Certain Entities Owned and/or Controlled by Mr. James Dondero [DI 2] | **Movant:** Highland | In late December 2020, Highland received threatening letters from the Funds, the Advisors, and CLOH regarding Highland's management of the CLOs. These letters reiterated the arguments made by these parties in their December motion that the Bankruptcy Court denied as "frivolous." Highland sought to prevent the Dondero Entities from improperly interfering in the management of the estate. In January 2021, the parties agreed to entry of a TRO [DI 20] and later a final disposition of the matter pursuant to Bankruptcy Rule 9019 [DI 2589]. | **CONCLUDED:** In September 2021, the Court entered its order approving the settlement [DI 2829]. |
| *Highland Capital Management, L.P. v. Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors, L.P.,* Adv. Proc. No. 21-03010-sgj (Bankr. N.D. Tex.) |||||
| **Date** | **Motion / Complaint** | **Plaintiff** | **Summary of Proceeding** | **Status** |
| 2/17/21 | Debtor's Emergency Motion for a Mandatory Injunction Requiring the Advisors to Adopt and Implement a Plan for the Transition of Services by February 28, 2021 [DI 2] | **Plaintiff:** Highland | Highland's Plan called for a substantial reduction in its work force. As a result, Highland terminated certain shared services agreements and attempted to negotiate a transition plan with the Advisors to enable them to continue providing services to their funds without interruption, but the Advisors would not say "yes." Concerned the Advisors would be unable to service its clients, Highland commenced this action to force the Advisors to adopt a transition plan. | **CONCLUDED:** During the hearing, the Advisors announced for the first time they had cobbled together their own transition plan. An order was entered in February 2021 [DI 25] making factual findings and ruling the injunction was moot. |

| CONSOLIDATED NOTES LITIGATION (Bankr. N.D. Tex.) |||||
|---|---|---|---|---|
| MEMBER CASES: Adv. Proc. Nos. 21-03003-sgj, 21-03004-sgj, 21-03005-sgj, 21-03006-sgj, 21-03007-sgj, 21-03082-sgj |||||
| **MAIN NOTES LITIGATION** <br> 1. *Highland Capital Management, L.P. v. James Dondero*, Adv. Proc. No. 21-03003-sgj (Bankr. N.D. Tex.) <br> 2. *Highland Capital Management, L.P. v. Highland Capital Management Fund Advisors, L.P.*, Adv. Proc. No. 21-03004-sgj (Bankr. N.D. Tex.) <br> 3. *Highland Capital Management, L.P. v. NexPoint Advisors, L.P.*, Adv. Proc. No. 21-03005-sgj (Bankr. N.D. Tex.) <br> 4. *Highland Capital Management, L.P. v. Highland Capital Management Services, Inc.*, Adv. Proc. No. 21-03006-sgj (Bankr. N.D. Tex.) <br> 5. *Highland Capital Management, L.P. v. HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC)*, Adv. Proc. No. 21-03007-sgj (Bankr. N.D. Tex.) |||||
| **Date** | **Motion / Complaint** | **Plaintiff** | **Summary of Proceeding** | **Status** |
| 1/22/21 | Complaint for (i) Breach of Contract and (ii) Turnover of Property of the Debtor's Estate [DI 1] | **Plaintiff:** Highland | After Dondero and four affiliates (HCMFA, NPA, HCMS, HCRE) refused to satisfy over $60 million on certain promissory notes, Highland filed collection actions against each Dondero Entity. *See* AP Nos. 21-03003-sgj; 21-03004-sgj; 21-03005-sgj; 21-03006-sgj; 21-03007-sgj. <br><br> Three months after the complaint was filed, the Dondero Entities moved to withdraw the reference. Following a hearing in May 2021, the Bankruptcy Court recommended the Bankruptcy Court adjudicate pre-trial matters, including consideration (but not determination) of dispositive motions. This Court adopted the R&Rs and the actions were later consolidated. <br><br> Dondero amended his answer to assert, among other things, that he and his sister, Nancy Dondero, entered an undisclosed oral agreement claiming the notes would be forgiven upon fulfillment of certain conditions subsequent (the "<u>Alleged Agreement Defense</u>"). All Dondero Entities (except, initially, HCMFA) adopted the Alleged Agreement Defense. Dondero, NPA, and HCRE also asserted Highland "negligently" caused their defaults under the term notes by not effectuating the payments on their behalf. In support of this "negligence" defense, the Dondero Entities moved to extend expert discovery to litigate the legal issue of whether Highland had an affirmative "duty" to effectuate payments on their behalf. The Bankruptcy Court denied the motion, finding, in pertinent part, that expert testimony on legal issues was improper. The Dondero Entities sought improperly sought reconsideration in this Court. <br><br> HCMFA contended the HCMFA notes were "void" or "unenforceable" due to "mutual mistake," and specifically, that Waterhouse, HCMFA's treasurer and Highland's former CFO, lacked authority to execute the notes and signed them by "mistake" ("<u>HCMFA's Mistake Defense</u>"). HCMFA subsequently sought leave to assert that Waterhouse did not sign the HCMFA notes at all. After a hearing on HCMFA's motion for leave, the Bankruptcy Court denied the motion on the ground that the proposed additional defense (that Waterhouse did not sign the notes) was futile. HCMFA again improperly sought reconsideration in this Court. <br><br> In December 2021, Highland moved for Partial Summary Judgment. Following a hearing in April 2022, the Bankruptcy Court issued its Report & Recommendation (the "<u>R&R</u>"), recommending Partial Summary Judgment in favor of Highland. <br><br> In the R&R, the Bankruptcy Court found no reasonable trier of fact could find the Alleged Agreement existed, the Alleged Agreement Defense did not pass the "straight-face test," and "there was a complete lack of evidence" supporting the Alleged Agreement Defense. The Bankruptcy Court also found no reasonable trier of fact could believe HCMFA's Mistake Defense ("the 'Mutual Mistake' defense—like the 'oral agreement' defense asserted by the other Note Maker Defendants—is farfetched, to say the least, especially in the context of a multi-billion company with perhaps the world's most iconic and well-known public accounting firm serving as its auditors."). <br><br> In August 2022, Highland filed a notice of attorneys' fees and backup documentation in support of the proposed judgments. The Dondero Entities objected. Highland responded in September 2022. <br><br> The Dondero Entities then filed an unauthorized reply in support of their objection. Highland moved to strike on the grounds it was not permitted under Fed. R. Bankr. P. 9033 or the parties' Stipulation. <br><br> Highland then moved to supplement its backup documentation to include two invoices inadvertently omitted. The Dondero Entities filed a meritless objection which was overruled. <br><br> In November 2022, the Bankruptcy Court issued a supplemental R&R overruling the Dondero Entities' objections to the Proposed Judgment. The Dondero Entities objected and Highland responded. | **CONCLUDED:** On July 6, 2023, the District Court entered an order adopting the Bankruptcy Court's R&R, granting partial summary judgment on breach of the notes and entering judgment [Case No. 3:21-cv-00881-X, DI 128]. The Court also entered orders finding moot (a) Highland's motion to Strike Defendants' Unauthorized Reply and (b) NPA/HCMS/HCRE's objection to the Bankruptcy Court's order denying the motion to extend expert discovery [DI 135]. |

8

| | **HCMFA NOTES LITIGATION II** *Highland Capital Management, L.P. v. Highland Capital Management Fund Advisors, L.P.*, Adv. Proc. No. 21-03082-sgj (Bankr. N.D. Tex.) | | | |
|---|---|---|---|---|
| **Date** | **Motion / Complaint** | **Plaintiff** | **Summary of Proceeding** | **Status** |
| 11/9/21 | Complaint for (i) Breach of Contract and (ii) Turnover of Property of the Debtor's Estate [DI 1] | **Plaintiff:** Highland | In November 2021, Highland commenced another collection action against HCMFA for breach of two additional promissory notes (the "Pre-2019 Notes") that were subject to a prepetition standstill agreement that Dondero entered into with himself. This action was consolidated with the main litigations.<br><br>HCMFA adopted the Alleged Agreement Defense asserted in the main litigation. During discovery, Dondero was forced to change story his story yet again, stating he, not his sister, entered into the Alleged Agreement.<br><br>Highland moved for summary judgment. After a hearing, the Bankruptcy Court issued its Report & Recommendation recommending summary judgment be entered against HCMFA, finding, "[t]he Alleged Oral Agreement Defense appears to be a 'cut-and-paste' of the same alleged 'oral agreement' defense that was ultimately asserted in the Five Earlier-Filed Note Actions by four of the five Note Maker Defendants (all but HCMFA)" and the defense "morphed" as the five earlier-filed Main Note Litigation progressed, "The only summary judgment evidence submitted by HCMFA in support of its Alleged Oral Agreement Defense is the conclusory, self-serving, unsubstantiated declarations of Dondero and his sister regarding the existence of the Alleged Oral Agreements."<br><br>HCMFA objected to the R&R in this Court and to Highland's proposed judgment in Bankruptcy Court. The Bankruptcy Court issued its supplemental R&R recommending this Court overrule HCMFA"s objections to the proposed judgment. HCMFA filed the same objection to the supplemental R&R in this Court, and Highland responded. | **CONCLUDED:** On July 6, 2023, the District Court entered an order adopting the Bankruptcy Court's R&R, granting summary judgment on breach of the notes and entering judgment [Case No. 3:21-cv-00881-X, DI 133]. |
| | ***UBS Securities LLC and UBS AG London Branch vs. Highland Capital Management L.P.***, Adv. Pro. No. 21-03020-sgj (Bankr. N.D. Tex.) | | | |
| **Date** | **Motion / Complaint** | **Plaintiff** | **Summary of Proceeding** | **Status** |
| 3/31/21 | Original Complaint for Injunctive Relief [DI 3] | **Plaintiff:** UBS | In early 2021, Highland discovered certain former employees under Dondero's direction caused certain entities to transfer $300 million in face amount of cash and securities to Sentinel to avoid the judgment in favor of UBS. UBS then sought to enjoin Highland from allowing funds under its management to make transfers to Sentinel, its affiliates, or transferees pending decision as to whether assets were fraudulently transferred.<br><br>On June 8, 2022, Highland filed motion to withdraw its answer and consent to judgment [DI 169] | **CONCLUDED:** On August 23, 2022, the Court granted Highland's motion to withdraw the answer, and a permanent injunction was issued [DI 185].<br><br>At the hearing, the Court said it would assess the evidence to determine whether a criminal referral was warranted. |

| **Charitable DAF Fund, L.P., and CLO Holdco, Ltd., v. Highland Capital Management, L.P., Highland HCF Advisor, Ltd., and Highland CLO Funding, Ltd., Adv. Proc. No. 21-03067-sgj (Bankr. N.D. Tex.)** | | | | |
|---|---|---|---|---|
| **Date** | **Motion / Complaint** | **Plaintiff** | **Summary of Proceeding** | **Status** |
| 4/12/21 | Original Complaint | **Plaintiffs:** DAF CLOH | The Dondero Entities filed their original complaint in April 2021 in this Court alleging Highland and Seery violated SEC rules, breached fiduciary duties, engaged in self-dealing, and violated RICO in connection with its settlement with HarbourVest [Dist. Ct. Case No. 21-cv-00842-B].<br><br>The Dondero Entities brought this complaint even though CLOH previously withdrew its objection to the HarbourVest settlement. Highland believes the complaint is frivolous and represents a collateral attack on the order approving the HarbourVest settlement.<br><br>On May 19, 2021, Highland filed a motion to enforce the reference and have the case referred to the Bankruptcy Court [DI 22]. Highland also filed a motion to dismiss the complaint (the "Original MTD") [DI 26].<br><br>After the motions were briefed, the Dondero Entities moved to stay the proceeding pending resolution of the confirmation appeal [DI 55] (the "First Stay Motion"). Highland opposed the First Stay Motion. In September 2021, the Court entered an order enforcing the reference [DI 64], and this matter was sent to the Bankruptcy Court under Adv. Proc. No. 21-3067.<br><br>On November 18, 2021, five days prior to the hearing on the Original MTD, the Dondero Entities filed an amended motion to stay the proceedings pending resolution of the appeal of the confirmation order [DI 69] (the "Second Stay Motion"), in which they reiterated the arguments in the First Stay Motion, and attached a motion to withdraw the reference [id. at Exhibit A], which reiterated the same arguments in the Dondero Entities' opposition to Highland's motion to enforce the order of reference.<br><br>In March 2022, the Court dismissed the action on collateral and judicial estoppel grounds [DI 100]. The Dondero Entities appealed and that appeal was consolidated with their appeal of the order denying their motion for a stay [3:21-cv-03129-B].<br><br>On September 2, 2022 [DI 28], this Court reversed the Bankruptcy Court's finding that Plaintiffs' claims were barred by collateral estoppel. On judicial estoppel, this Court affirmed the Bankruptcy Court's finding that the first two elements were satisfied but remanded to determine if CLOH's inconsistent position was "inadvertent."<br><br>Highland filed its renewed Motion to Dismiss on October 14, 2022 [DI 122, 123].<br><br>On November 18, 2022, Plaintiffs filed a renewed motion to withdraw the reference [DI 128]. | **APPEALS:**<br>A hearing on both motions was held on January 25, 2023. On February 6, 2023, the Bankruptcy Court issued its R&R, recommending denial of Plaintiffs' renewed motion to withdraw the reference [DI 158], and, on February 21, 2023, the Dondero Entities objected to the R&R [Dist. Ct. Case No. 3:22-cv-02802-S, DI 3]. The R&R is pending final decision of the District Court.<br><br>On June 25, 2023, the Bankruptcy Court issued its order granting Highland's renewed motion to dismiss [AP No. 21-03067-sgj, DI 167].<br><br>On June 27, 2023, DAF/CLOH appealed the order dismissing the action [DI 168]. The appeal is docketed to Dist. Ct. Case No. 3:23-cv-01503-G. |

10

| | | *The Charitable DAF Fund, LP v. Highland Capital Management, L.P.*, Adv. Proc. No. 22-03052-sgj (Bankr. N.D. Tex.) | | |
|---|---|---|---|---|
| **Date** | **Motion / Complaint** | **Plaintiff** | **Summary of Proceeding** | **Status** |
| 7/22/21 | Original Complaint | **Plaintiff:** DAF | DAF filed its original complaint in July 2021 in this Court alleging Highland violated SEC rules and breached fiduciary duties by causing one of its investment vehicles to sell assets [Dist. Ct. Case No. 3:21-cv-01710-N, DI 1]. DAF's allegations duplicated allegations Dugaboy made in proofs of claim filed in the Bankruptcy Court and in its complaint filed in this Court. DAF never served the Complaint but filed a motion to stay (which was also not served) pending appeal of the confirmation order [DI 6]. In September 2021, the Court stayed the proceeding [DI 7]. Highland then voluntarily appeared, and moved for reconsideration of the stay order [DI 8] and to dismiss [DI 11]. In May 2022, the Court lifted the stay and referred the case to the Bankruptcy Court. Highland filed its amended motion to dismiss in May 2022 [DI 19, 20] arguing the complaint asserted time-barred administrative expense claims. In September 2022, following a hearing, the Court dismissed the complaint as time-barred [DI 42, 43]. | **CONCLUDED:** DAF filed a notice of appeal on October 5, 2022 [Case No. 3:22-cv-02280-S] but on February 21, 2023 (the day its opening brief was due) notified counsel it no longer intended to pursue it. A joint stipulation dismissing the appeal with prejudice was filed on February 22, 2023 [DI 9]. |

| | | *PCMG Trading Partners XXIII, L.P. v. Highland Capital Management, L.P.*, Adv. Proc. No. 22-03062-sgj (Bankr. N.D. Tex.) | | |
|---|---|---|---|---|
| **Date** | **Motion / Complaint** | **Plaintiff** | **Summary of Proceeding** | **Status** |
| 5/21/21 | Original Complaint | **Plaintiff:** PCMG Trading Partners XXIII, L.P. | PCMG filed its original complaint in April 2021 in this Court alleging Highland violated SEC rules and breached fiduciary duties by causing one of its investment vehicles to sell assets [Dist. Ct. Case No. 3:21-cv-01169-N, DI 1]. PCMG is owned and controlled by Dondero, and held less than a 0.05% interest in the investment vehicle. Highland believed the complaint was frivolous. PCMG never served the Complaint but filed a motion to stay (which was also not served) pending appeal of the confirmation order [DI 6]. In September 2021, the Court stayed the proceeding [DI 7]. Highland then voluntarily appeared, and moved for reconsideration of the stay order [DI 8] and to dismiss [DI 11]. In May 2022, the Court lifted the stay and referred the case to the Bankruptcy Court. Highland filed its amended motion to dismiss on June 16, 2022 [DI 20, 21] arguing the complaint asserted time-barred administrative expense claims. PCMG withdrew the complaint in July 2022 after forcing Highland to incur substantial expense litigating the matter. | **CONCLUDED:** An amended Stipulation of Dismissal of Adversary Proceeding (with prejudice) [DI 27] was filed on August 1, 2022. |

| | DISTRICT COURT ACTIONS | | | |
|---|---|---|---|---|
|  | ***Charitable DAF Fund, L.P., and CLO Holdco, Ltd., v. Highland Capital Management, L.P., Highland HCF Advisor, Ltd., and Highland CLO Funding, Ltd.,* Case No. 21-cv-00842-B (N.D. Tex. April 12, 2021)** | | | |
| **Date** | **Motion** | **Movant / Objector** | **Summary of Motion** | **Status** |
| 4/19/21 | Plaintiff's Motion for Leave to File First Amended Complaint in the District Court | **Plaintiffs:** DAF CLOH | Plaintiffs filed a motion seeking leave from this Court to add Seery as a defendant and to seek, in this Court, a reconsideration of two final Bankruptcy Court orders [DI 6]. | **CONCLUDED:** This Court denied the motion but with leave to refile. This matter was referred to the Bankruptcy Court on September 20, 2021. *See* Adv. Proc. No. 21-03067-sgj (Bankr. N.D. Tex.) |
|  | ***The Dugaboy Investment Trust v. Highland Capital Management, L.P.,* Case No. 21-cv-01479-S (N.D. Tex. June 23, 2021)** | | | |
| **Date** | **Motion/Complaint** | **Movant / Objector** | **Summary of Motion** | **Status** |
| 6/23/21 | Original Complaint | **Plaintiff:** Dugaboy | Dugaboy alleges Highland violated SEC rules and breached fiduciary duties by causing one of its investment vehicles to sell assets. Dugaboy is Dondero's family trust holding less than a 2% interest in the vehicle. Dugaboy's allegations duplicated allegations it made in proofs of claim filed in the Bankruptcy Court. | **CONCLUDED:** Dugaboy withdrew the Complaint after Highland informed the Bankruptcy Court of the filing. |

| OTHER DONDERO-RELATED LITIGATION ||||
| Date | Parties | Summary of Litigation | Status |
|---|---|---|---|
| 2009 | UBS, Highland, Multiple Highland Entities | In 2008, two funds managed by Highland breached their contractual obligations to UBS by failing to meet a margin call. UBS filed suit in New York Supreme Court in 2009. After a decade of litigation, UBS secured a $1 billion plus judgment against the two funds and sought to hold Highland, among others, liable as an alter ego. *Judgment*, Index No. 650097/2009, Docket No. 646 (N.Y. Sup. Feb. 10, 2020).<br><br>UBS and the Dondero Entities continue to litigate. UBS filed a turnover motion in February 2023 seeking to hold Dondero and Scott Ellington, his long-time general counsel, liable for the full $1 billion plus judgment. *Special Turnover Petition*, Index No. UNASSIGNED, Docket No. 142 (N.Y. Sup. Feb. 8, 2023). | This matter is currently being litigated. |
| 2018 | Joshua Terry, Acis, Highland, Neutra, Ltd., HCLOF | After Joshua Terry secured an $8 million arbitration award against Acis, Dondero caused the stripping of Acis's assets to make it judgment proof. Terry subsequently filed an involuntary bankruptcy petition. Case No. 18-30264-sgj11 (Bankr. N.D. Tex.). Through Acis's confirmed plan of reorganization, Terry became Acis's sole owner.<br><br>The Acis bankruptcy was marked by extremely acrimonious litigation and multiple adverse credibility findings regarding Dondero and other Highland employees (acting at Dondero's direction).<br><br>In the Acis bankruptcy, the Bankruptcy Court issued:<br><br>*Bench Ruling and Memorandum of Law in Support of: (A) Final Approval of Disclosure Statement; and (B) Confirmation of Chapter 11 Trustee's Third Amended Joint Plan* [DI 827]<br><br>*Findings of Fact, Conclusions of Law, and Order Granting Final Approval of Disclosure Statement and Confirming the Third Amended Joint Plan for Acis Capital Management LP and Acis Capital Management GP LLC, as Modified* [DI 829]<br><br>*Findings of Fact, Conclusions of Law, and Order Granting Final Approval of Disclosure Statement and Confirming the Third Amended Joint Plan for Acis Capital Management LP and Acis Capital Management GP LLC, as Modified* [DI 830]<br><br>Highland and its proxies appealed to this Court and the Fifth Circuit but their appeals were denied: Civ. Case No. 3:19-cv-00291-D; USCA Case No. 19-10847.<br><br>As soon as the injunction in Acis's plan expired, Dondero (through NSOF) immediately filed suit against Acis and Terry, among others, in the U.S. District Court for the Southern District of New York (Civ. Case No. 1:21-cv-04384). The court dismissed Dondero's federal claims and NSOF appealed to the Second Circuit (USCA Case No. 22-1912). The appeal is pending.<br><br>Stymied in federal court, Dondero, again through NSOF, filed a substantially similar action against Acis and Terry, among others, in New York state court. Index No. 653654/2022 (N.Y. Sup. 2022). Motions to dismiss NSOF's state law action are *sub judice*.<br><br>Immediately after the expiration of the injunction in Acis' plan, Dondero—through NSOF—filed suit against Acis, Terry, and others in the Southern District of New York alleging they violated their fiduciary duties to NSOF as an investor in a CLO managed by Acis (and which had been managed by Dondero prior to the Acis bankruptcy). Civ. Case No. 21-cv-04384-GHW (S.D.N.Y. May 14, 2021). Dondero's litigation caused Acis to halt distributions from its managed CLOs thus depriving HCMLP of approximately $20 million in proceeds. The Southern District of New York dismissed Dondero's litigation. *NexPoint Diversified Real Estate Trust v. Acis Cap. Mgmt., L.P.*, 620 F.Supp. 3d 36 (S.D.N.Y. 2022). Undeterred, Dondero appealed to the Second Circuit (Case No. 22-1912 (2d Cir.)), re-filed his breach of fiduciary duty claims in New York state court (Index No. 653654/2022 (N.Y. Sup. 2022)), asserted duplicative counterclaims in another pending litigation involving Acis (Case No. 23-cv-11059-GHW (S.D.N.Y. Dec. 24, 2021)), and filed a lawsuit against HCLOF in the Royal Court of Guernsey alleging HCLOF unfairly prejudiced CLOH by settling with Acis, rather than suing it (No. 106-25786898 (Royal Court of Guernsey)) | **CONCLUDED:** On July 9, 2021, the Fifth Circuit affirmed the bankruptcy court's order confirming the Chapter 11 plan, concluding the appeal of plan injunction was moot [USCA Case No. 19-10847, Doc. No. 00515931634]. |

13

Appx. 00014

| STATE COURT ACTIONS | | | | |
|---|---|---|---|---|
| *James Dondero, Petitioner v. Alvarez Marsal, et al.,* Cause No. DC-21-09534 (95th Civil District Court, Tex. July 22, 2021) | | | | |
| **Date** | **Motion** | **Movant / Objector** | **Summary of Motion** | **Status** |
| 7/22/21 | Verified Petition to Take Deposition Before Suit and Seek Documents | **Movant:** Dondero | Dondero sought pre-suit discovery from Farallon, a purchaser of certain claims in the Bankruptcy Case, and Alvarez. Dondero alleged Farallon breached certain U.S. Trustee requirements when it purchased claims. Dondero also alleged Farallon purchased those claims because of its relationship to Seery and Seery was leveraging his relationship with Farallon to ensure he remained in control of Highland.<br><br>Farallon and Alvarez removed the action to the Bankruptcy Court [DI 1]. Dondero moved to remand [DI 4]. On January 4, 2022, the Court remanded the case [DI 22, 23]. | **CONCLUDED:** The state court dismissed the matter as without merit |
| *Ellington v. Daugherty,* Cause No. DC-22-00304 (101st Jud. Dist. Tex. 2022) | | | | |
| **Date** | **Motion** | **Plaintiff / Defendant** | **Summary of Motion** | **Status** |
| 1/11/22 | Plaintiff's Original Petition, Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction | **Plaintiff:** Scott Ellington<br><br>**Defendant:** Patrick Daugherty | Scott Ellington, Highland's former general counsel, sued Daugherty, a former Highland employee, for stalking; Ellington subpoenaed Highland's independent directors, Highland's bankruptcy counsel, and other parties to the bankruptcy case requiring a motion for a protective order in New Jersey; Ellington moved to hold an independent director in contempt, in violation of the gatekeeper order; Ellington subpoenaed deposition of another independent director.<br><br>Farallon and Alvarez removed the action to the Bankruptcy Court [DI 1]. Dondero moved to remand [DI 4]. On January 4, 2022, the Court remanded the case [DI 22, 23]. | Dondero's long-time legal counsel is using the pretext of a "stalking" lawsuit to seek to discovery from Highland that they have improperly used in the Highland bankruptcy. |
| *In re Hunter Mountain Investment Trust,* Cause No. DC-23-01004 (191st Civil District Court, Tex. Jan. 20, 2023) | | | | |
| **Date** | **Motion** | **Movant / Objector** | **Summary of Motion** | **Status** |
| 1/20/23 | Petitioner Hunter Mountain Investment Trust's Verified Rule 202 Petition | **Movant:** Hunter Mountain Investment Trust | Hunter Mountain Investment Trust sought pre-suit discovery from Farallon and Stonehill as purchasers of certain claims. Hunter Mountain's petition is substantially similar to the petition for pre-suit discovery filed by Dondero in Texas state court in July 2021. | **CONCLUDED:** The state court dismissed the matter as without merit. |
| *Highland Cap. Mgmt., L.P. v. SE Multifamily Holdings LLC, et al,* Case No. 2023-0493 (Del. Chan.) | | | | |
| **Date** | **Motion** | **Movant / Plaintiff** | **Summary of Motion** | **Status** |
| 5/5/23 | Verified Complaint for Specific Performance to inspect and Copy Books and Records | **Plaintiff:** Highland | Highland filed complaint seeking specific performance of the SE Multifamily operating agreement, *First Amended and Restated Limited Liability Company Agreement,* dated March 15, 2019, effective as of August 23, 2018, to allow Highland to inspect books and records after defendants SE Multifamily Holdings LLC and HCRE refused to make available for inspection and copying SE Multifamily's books and records as is required by Agreement. | Highland was forced to bring an action for specific performance when Dondero failed to comply with his unambiguous contractual obligation to provide Highland with access to SEM's books and records. |

14

| OTHER | | |
|---|---|---|
| **US TRUSTEE LETTERS** | | |
| **Date** | **Summary of Matter** | **Status** |
| 2021; 2022 | Dugaboy, NPA, and HCMFA sent three baseless and factually inaccurate letters to the Office of General Counsel, Executive Office for U.S. Trustees in November 2021 and May 2022. The letters, totaling roughly 200 pages, allege a litany of wrongdoing by Highland, Seery, and others, arising from their administration of the bankruptcy estate. [DI 3662-1] | N/A |
| **TEXAS STATE SECURITIES BOARD** | | |
| **Date** | **Summary of Matter** | **Status** |
| May 2023 | Mark Patrick, as the DAF's trustee, admitted that the DAF or "one of its entities" filed a complaint against HCMLP with the Texas State Securities Board (the "TSSB") during the Bankruptcy Case. | In May 2023, the TSSB, after "full consideration," closed its investigation of HCMLP without finding any wrongdoing. |
| *In re Highland Select Equity Master Fund, L.P.*, Case No. 23-31037-swe7 and *In re Highland Select Equity Fund GP, L.P.*, Case No. 23-31039-mvl7 (not jointly administered) | | |
| **Date** | **Summary of Proceeding** | **Status** |
| 5/25/23 | Select Equity Master Fund and Select Equity Fund filed for bankruptcy in May 2023. These entities only filed because Dugaboy initiated litigation in SDNY. *See The Dugaboy Investment Trust v. Highland Select Equity Master Fund, L.P. et al.,* Case No. 1:23-cv-01636-MKV. | Dugaboy and PCMG both tried to sue Highland for mismanagement of Select fund during the Highland bankruptcy, but were stymied. Highland made an offer to give Dugaboy everything in Select Fund to avoid costs being incurred, but Dugaboy has not responded. Dugaboy filed objection to reassign the case to Judge Jernigan, arguing she is biased. |