# EXHIBIT 10

Claim #70  Date Filed: 4/2/2020

**Fill in this information to identify the case:**

Debtor: Highland Capital Management, L.P.

United States Bankruptcy Court for the: Northern District of Texas
(State)

Case number: 19-34054

# Official Form 410
# Proof of Claim
04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

### Part 1: Identify the Claim

**1. Who is the current creditor?**

Hunter Mountain Trust
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Hunter Mountain Trust
c/o E. P. Keiffer
Rochelle McCullough LLP
325 N Saint Paul St Ste 4500
Dallas, TX 75201-3827, USA

Contact phone  214.580.2525
Contact email  pkeiffer@romclaw.com

(see summary page for notice party information)

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___

Where should payments to the creditor be sent? (if different)

See summary page

Contact phone  214.335.7969
Contact email  Jhonis@RandAdvisors.com

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on ___/___/___
                                                                      MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

---

Official Form 410                    Proof of Claim

1934054200402000000000002

**Appx. 00627**

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | | |
|---|---|---|
| 6. | Do you have any number you use to identify the debtor? | ☒ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |
| 7. | How much is the claim? | $ 60,298,739.00 . Does this amount include interest or other charges?<br>☐ No<br>☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. | What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>See attached Exhibit A |
| 9. | Is all or part of the claim secured? | ☐ No<br>☒ Yes.  The claim is secured by a lien on property.<br><br>**Nature or property:**<br>☐ Real estate: If the claim is secured by the debtor's principle residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☒ Other. Describe:   Common law and contractual setoff rights<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br>**Amount of the claim that is secured:** $ 60,298,739.00<br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed) _____ %<br>☐ Fixed<br>☐ Variable |
| 10. | Is this claim based on a lease? | ☒ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |
| 11. | Is this claim subject to a right of setoff? | ☐ No<br>☒ Yes. Identify the property: See summary page |

Official Form 410            Proof of Claim

1934054200402000000000002

Appx. 00628

| | | | |
|---|---|---|---|
| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☒ No | **Amount entitled to priority** |
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check all that apply:* | |
| | | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. | **Is all or part of the claim pursuant to 11 U.S.C. § 503(b)(9)?** | ☒ No | |
| | | ☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. | |
| | | $_____ | |

### Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  __04/02/2020__
                 MM  /  DD  /  YYYY

__/s/John M. Honis_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name         __John M. Honis_____
             First name         Middle name         Last name

Title        __Trustee for Hunter Mountain Trust_____

Company      __Hunter Mountain Trust_____
             Identify the corporate servicer as the company if the authorized agent is a servicer.

Address      87 Railroad Place - Suite 403, Saratoga Springs, NE, 12866, USA

Contact phone  __214.335.7969__         Email  __Jhonis@RandAdvisors.com__

Official Form 410                    **Proof of Claim**

1934054200402000000000002

**Appx. 00629**

# KCC ePOC Electronic Claim Filing Summary

For phone assistance: Domestic (877) 573-3984 | International (310) 751-1829

| | |
|---|---|
| **Debtor:**<br>19-34054 - Highland Capital Management, L.P.<br>**District:**<br>Northern District of Texas, Dallas Division | |
| **Creditor:**<br>Hunter Mountain Trust<br>c/o E. P. Keiffer<br>Rochelle McCullough LLP<br>325 N Saint Paul St Ste 4500<br>Dallas, TX, 75201-3827<br>USA<br>**Phone:**<br>214.580.2525<br>**Phone 2:**<br>214.953.0182<br>**Fax:**<br>214.953.0185<br>**Email:**<br>pkeiffer@romclaw.com | **Has Supporting Documentation:**<br>Yes, supporting documentation successfully uploaded<br>**Related Document Statement:** |
| | **Has Related Claim:**<br>No<br>**Related Claim Filed By:** |
| | **Filing Party:**<br>Authorized agent |
| **Disbursement/Notice Parties:**<br>Hunter Mountain Trust<br>John Honis, Trustee for Hunter Mountain Trust<br>87 Railroad Place - Suite 403<br>Saratoga Springs, NE, 12866<br>United States<br>**Phone:**<br>214.335.7969<br>**Phone 2:**<br>**Fax:**<br>**E-mail:**<br>Jhonis@RandAdvisors.com<br>**DISBURSEMENT ADDRESS** | John Honis, Trustee for Hunter Mountain Trust<br>87 Railroad Place - Suite 403<br>Saratoga Springs, NE, 12866<br>United States<br>**Phone:**<br>214.335.7969<br>**Phone 2:**<br>**Fax:**<br>**E-mail:**<br>Jhonis@RandAdvisors.com |
| **Other Names Used with Debtor:** | **Amends Claim:**<br>No<br>**Acquired Claim:**<br>No |
| **Basis of Claim:**<br>See attached Exhibit A | **Last 4 Digits:**<br>No | **Uniform Claim Identifier:** |
| **Total Amount of Claim:**<br>60,298,739.00 | **Includes Interest or Charges:**<br>Yes |
| **Has Priority Claim:**<br>No | **Priority Under:** |
| **Has Secured Claim:**<br>Yes: 60,298,739.00<br>**Amount of 503(b)(9):**<br>No<br>**Based on Lease:**<br>No<br>**Subject to Right of Setoff:**<br>Yes, See attached Exhibit A - Common law and contractual setoff rights | **Nature of Secured Amount:**<br>Other<br>Describe: Common law and contractual setoff rights<br>**Value of Property:**<br>**Annual Interest Rate:**<br>**Arrearage Amount:**<br>**Basis for Perfection:**<br>**Amount Unsecured:** |

VN: A9520313910D362DCA73628BB3BF78D0

Appx. 00630

| |
|---|
| **Submitted By:** |
| John M. Honis on 02-Apr-2020 4:36:21 p.m. Eastern Time |
| **Title:** |
| Trustee for Hunter Mountain Trust |
| **Company:** |
| Hunter Mountain Trust |
| **Optional Signature Address:** |
| John M. Honis |
| 87 Railroad Place - Suite 403 |
| |
| Saratoga Springs, NE, 12866 |
| USA |
| **Telephone Number:** |
| 214.335.7969 |
| **Email:** |
| Jhonis@RandAdvisors.com |

**Fill in this information to identify the case:**

Debtor 1     HIGHLAND CAPITAL MANAGEMENT, L.P.

Debtor 2     _____
(Spouse, if filing)

United States Bankruptcy Court for the:   Northern District of Texas

Case number    19-34054-sgj11

---

Official Form 410

# Proof of Claim
04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Hunter Mountain Trust
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

E. P. Keiffer, Rochelle McCullough, LLP
Name

325 St. Paul St., Ste 4500
Number  Street

Dallas  TX  75201
City  State  ZIP Code

Contact phone  214.580.2525

Contact email  pkeiffer@romclaw.com

Where should payments to the creditor be sent? (if different)

John Honis, Trustee for Hunter Mountain Trust
Name

87 Railroad Place - Suite 403
Number  Street

Saratoga Springs  Ne  12866
City  State  ZIP Code

Contact phone  214.335.7969

Contact email  Jhonis@RandAdvisors.com.

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____  Filed on _____
                                                                        MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

---

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?** $_____60,298,739.00_____. **Does this amount include interest or other charges?**

☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

___See attached Exhibit "A"___

**9. Is all or part of the claim secured?**

☐ No
☑ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☑ Other. Describe:  ___Common law & contractual setoff rights - See Exhibit "A"___

**Basis for perfection:** ___Common law & contractual setoff rights - See Exhibit "A"___

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____
**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☐ No
☑ Yes. Identify the property: ___Common law & contractual setoff rights - See Exhibit "A"___

Official Form 410                    Proof of Claim                    page 2

Appx. 00633

| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | | |
|---|---|---|---|---|
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | | **Amount entitled to priority** |
| | | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | | $_____ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   04/02/2020
                   MM / DD / YYYY

Signature   *John M. Honis*

**Print the name of the person who is completing and signing this claim:**

Name        John M. Honis
            First name            Middle name            Last name

Title       Trustee for Hunter Mountain Trust

Company     _____
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     87 Railroad Place - Suite 403
            Number        Street
            Saratoga Springs,                         NY        12866
            City                                      State     ZIP Code

Contact phone   214.335.7969              Email   Jhonis@RandAdvisors.com

# EXHIBIT "A"

Hunter Mountain Trust (HMT) is the obligor under an original $63,000,000 Secured Promissory Note that HMT entered into with Highland Capital Management, L.P. (the "Debtor") as payee on or after December 21, 2015 (the "Secured Contribution Note") pursuant to the terms and conditions of the Contribution Agreement of even date where HMT made a cash contribution of $7,000,000 and issued the Secured Contribution Note for the balance of the $70,000,000 obligation detailed in the Contribution Agreement.

Just prior to the Petition Date, as of September 30, 2020, HMT was obligated to the Debtor in the amount of $56,873,209, with interest accruing thereafter with subsequently scheduled principal payments until the Secured Contribution Note comes due by its terms.

The amount of the claim stated on the proof of claim form ($60,298,739) is the maximum balance due by HMT to Debtor per the amortization schedule attached hereto if the Priority Distributions were timely made.

**Notwithstanding denoting this amount as the maximum, the indemnity protect HMT from and against, *any and all losses* incurred or sustained by, or imposed upon it by virtue of the Debtor's failure to perform and such listed amount may necessarily increase over the stated amount in the proof of claim.**

Pursuant to Section 6.02 of the Contribution Agreement (which caused the Secured Contribution Note to be executed and the cash contribution to be made) the Debtor (identified as the Partnership in the Contribution Agreement) agreed to indemnify HMT (identified as Contributor in the Contribution Agreement) as follows:

> **Section 6.02   Indemnification By the Partnership**. Subject to the other terms and conditions of this Article VI, the Partnership shall indemnify and defend Contributor and its trustees, sponsors, administrators, grantors, officers, directors, managers, Affiliates, beneficiaries, shareholders, members, partners, successors and assigns (collectively, the "Contributor Indemnified Parties") against, and shall hold the Contributor Indemnified Parties harmless from and against, any and all Losses incurred or sustained by, or imposed upon, any Contributor Indemnified Parties based upon, arising out of, with respect to or by reason of:
>
> (a) any inaccuracy in or breach of any of the representations or warranties of the Partnership contained in this Agreement or any of the other agreements contemplated hereby to which the Partnership is a party;
>
> (b) *any breach or non-fulfillment of any covenant, agreement or obligation to be performed by the Partnership pursuant to this Agreement or any of the other agreements contemplated hereby to which the Partnership is a party*; and

(c) any and all actions, suits, proceedings, claims, demands and Losses incident to any of the foregoing or incurred in attempting to oppose the imposition thereof, or in enforcing this indemnity. [*emphasis added*]

While there are limitations on this indemnity, as detailed in Section 6.05, those limitations do not affect HMT's claim for indemnity for the Debtor's existing or future failures to address its obligation to make Priority Distributions to HMT as detailed first in the Third Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P. dated December 21, 2015 attached to the Contribution Agreement (all of which were retained in the Fourth Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P. dated December 24, 2015 – referenced in the Debtor's Schedule G):

> 3.9 (b) **Priority Distributions.** Prior to the distribution of any amounts to Partners pursuant to Section 3.9(a), and notwithstanding any other provision in this Agreement to the contrary, the Partnership shall make the following distributions ("***Priority Distributions***") pro-rata among the Class B Partners[1] in accordance with their relative Percentage Interests:
>
> > (i) No later than March 31st of each calendar year, commencing March 31, 2017, an amount equal to $1,600,000.00;
> >
> > (ii) No later than March 31st of each year, commencing March 31, 2017, an amount equal to three percent (3%) of the Partnership's investment gain for the prior year, as reflected in the Partnership's books and records within ledger account number 90100 plus three percent (3%) of the gross realized investment gains for the prior year of Highland Select Equity Fund, as reflected in its books and records; and
> >
> > (iii) No later than March 31st of each year, commencing March 31, 2017, an amount equal to ten percent (10%) of the Partnership's Operating Cash Flow for the prior year.
>
> 4.2 (e) <u>**Default on Priority Distributions**</u>. If the Partnership fails to timely pay Priority Distributions pursuant to Section 3.9(b), and the Partnership does not subsequently make such Priority Distribution within ninety days of its due date, the Class B Limited Partner may require the Partnership to liquidate publicly traded securities held by the Partnership or Highland Select Equity Master Fund, L.P., a Delaware limited partnership controlled by the Partnership; provided, however, that the General Partner may in its sole discretion elect instead to liquidate other non-publicly traded securities owned by the Partnership in order to satisfy the Partnership's obligations under Section 3.9(b) and this Section 4.2(e).  In either case, Affiliates of the General Partner shall have the right of first offer to purchase any securities liquidated under this Section 4.2(e).

With regard to missed Priority Distributions and Priority Distributions that likely will not occur hereinafter, HMT claims the maximum benefit available to it on account of the Indemnity referenced in Section 6.02 of the Contribution Agreement, with regard to the Debtor's obligation

---

[1] HMT is the sole Class B Partner

to fund Priority Distributions per the Fourth Amended and Restated Agreement of Limited Partnership, an "agreement or obligation to be performed by the Partnership pursuant to this Agreement or any of the other agreements contemplated hereby to which the Partnership is a party."

Pursuant to Section 6.05 (e) of the Contribution Agreement HMT's remedy is subject to the following restriction where Partnership is the Debtor and HMT is an Indemnified Party:

> (e) Subject to the limitations in this Section 6.05, any indemnification obligation of the Partnership under Section 6.02 shall not be payable to the Indemnified Party in cash, but shall instead be satisfied by a reduction in the principal balance of the Contribution Note for the amount of such indemnification obligation.

This provision of the Contribution Agreement, HMT, asserts, functionally sets up a contractual right of set off as to any claim by the Debtor under the Secured Contribution Note in addition to any common law right of set off which HMT may have as against any claims by the Debtor with regard to the any obligations due under the Secured Contribution Note.

Complete copies of documents supporting this proof of claim are available from counsel for HMT upon request.

# Scheduled Amortization through 2023

## "Purchase" Notes*

| Principal Outstanding 9/30/19 | | | | $ 65,009,113 |
|---|---|---|---|---|
| Payment Date | Interest Due | Principal Due | Total Payment Due | Ending Principal Bal |
| 12/24/19 | 1,696,738 | 1,052,118 | 2,748,855 | 63,956,995 |
| 12/24/20 | 1,673,851 | 1,181,995 | 2,855,846 | 62,775,000 |
| 12/24/21 | 1,638,428 | 4,185,000 | 5,823,428 | 58,590,000 |
| 12/24/22 | 1,529,199 | 4,185,000 | 5,714,199 | 54,405,000 |
| 12/24/23 | 1,419,971 | 4,185,000 | 5,604,971 | 50,220,000 |

* Comprised of four underlying notes owed to each of the Seller's of LP interests

## "Contribution" Note

| Principal Outstanding 9/30/19 | | | | $ 56,873,209 |
|---|---|---|---|---|
| Payment Date | Interest PIK'd | Principal Due | Total Payment Due | Ending Principal Bal |
| 12/21/19 | 1,094,855 | - | - | 57,968,065 |
| 12/21/20 | 1,517,112 | - | - | 59,485,176 |
| 12/21/21 | 1,552,563 | 739,001 | 739,001 | 60,298,739 |
| 12/21/22 | 1,573,797 | 5,000,000 | 5,000,000 | 56,872,536 |
| 12/21/23 | 1,484,373 | 5,000,000 | 5,000,000 | 53,356,909 |

7

Confidential -- Do Not Copy or Distribute

**Appx. 00638**