# EXHIBIT 16

Appx. 00682

Claim #103  Date Filed: 4/8/2020

---

**Fill in this information to identify the case:**

Debtor ___Highland Capital Management, L.P.___

United States Bankruptcy Court for the: __Northern__  District of __Texas__
(State)

Case number ___19-34054___

---

Official Form 410

# Proof of Claim
04/19

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

---

**Part 1:    Identify the Claim**

| | |
|---|---|
| 1. **Who is the current creditor?** | __NexPoint Strategic Opportunities Fund__<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. **Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes.   From whom? _____ |
| 3. **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>NexPoint Strategic Opportunities Fund<br>Highland Energy MLP Fund<br>300 Crescent Court, Ste 700<br>Dallas, Texas 75201<br><br>Contact phone _____<br>Contact email __See summary page__<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br>__ __ __ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __ __ __ __ __ |  **Where should payments to the creditor be sent?** (if different)<br><br>Contact phone _____<br>Contact email _____ |
| 4. **Does this claim amend one already filed?** | ☑ No<br>☐ Yes.   Claim number on court claims registry (if known) _____   Filed on _____<br>MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |

---

Official Form 410                                   **Proof of Claim**

page 1

**Appx. 00683**

**Part 2:**   Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br><br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |

| | |
|---|---|
| 7. **How much is the claim?** | $ <u>see attached Exhibit "A" v2</u> . **Does this amount include interest or other charges?**<br><br>☑ No<br><br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br><u> see attached Exhibit "A" v2</u> |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☑ No<br><br>☐ Yes.   The claim is secured by a lien on property.<br><br>**Nature or property:**<br><br>☐ Real estate: If the claim is secured by the debtor's principle residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br><br>☐ Motor vehicle<br><br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br>**Amount of the claim that is secured:** $_____<br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☑ No<br><br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br><br>☐ Yes. Identify the property: _____ |

Official Form 410                                 **Proof of Claim**

**Appx. 00684**

| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☒ No | | Amount entitled to priority |
|---|---|---|---|---|
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ **Yes.** *Check all that apply:* | | |
| | | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $ _____ |
| | | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $ _____ |
| | | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $ _____ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $ _____ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $ _____ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | | $ _____ |
| | | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | | |

| 13. | **Is all or part of the claim pursuant to 11 U.S.C. § 503(b)(9)?** | ☒ No |
|---|---|---|
| | | ☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. |
| | | $ _____ |

---

**Part 3:    Sign Below**

| The person completing this proof of claim must sign and date it. FRBP 9011(b). | *Check the appropriate box:* |
|---|---|
| | ☐ I am the creditor. |
| If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is. | ☒ I am the creditor's attorney or authorized agent. |
| | ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. |
| | ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. |
| **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt. |
| | I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct. |
| | Executed on date    04/08/2020 |
| | MM / DD / YYYY |
| | |
| | /s/Frank George Waterhouse |
| | Signature |
| | |
| | **Print the name of the person who is completing and signing this claim:** |
| | Name    Frank George Waterhouse |
| | First name          Middle name          Last name |
| | Title    Authorized Agent |
| | Company    NexPoint Strategic Opportunities Fund |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| | Address |
| | |
| | Contact phone _____ |

# KCC ePOC Electronic Claim Filing Summary

For phone assistance: Domestic (877) 573-3984 | International (310) 751-1829

| | |
|---|---|
| **Debtor:**<br>19-34054 - Highland Capital Management, L.P.<br>**District:**<br>Northern District of Texas, Dallas Division | |
| **Creditor:**<br>NexPoint Strategic Opportunities Fund<br>Highland Energy MLP Fund<br>300 Crescent Court, Ste 700<br><br>Dallas, Texas, 75201<br>**Phone:**<br><br>**Phone 2:**<br><br>**Fax:**<br><br>**Email:**<br>fwaterhouse@highlandcapital.com | **Has Supporting Documentation:**<br>Yes, supporting documentation successfully uploaded<br>**Related Document Statement:**<br><br>**Has Related Claim:**<br>No<br>**Related Claim Filed By:**<br><br>**Filing Party:**<br>Authorized agent |
| **Other Names Used with Debtor:** | **Amends Claim:**<br>No<br>**Acquired Claim:**<br>No |
| **Basis of Claim:**<br>see attached Exhibit "A" v2 | **Last 4 Digits:**<br>No | **Uniform Claim Identifier:** |
| **Total Amount of Claim:**<br>see attached Exhibit "A" v2 | **Includes Interest or Charges:**<br>No | |
| **Has Priority Claim:**<br>No | **Priority Under:** | |
| **Has Secured Claim:**<br>No | **Nature of Secured Amount:**<br>**Value of Property:** | |
| **Amount of 503(b)(9):**<br>No | **Annual Interest Rate:** | |
| **Based on Lease:**<br>No | **Arrearage Amount:** | |
| **Subject to Right of Setoff:**<br>No | **Basis for Perfection:**<br><br>**Amount Unsecured:** | |
| **Submitted By:**<br>Frank George Waterhouse on 08-Apr-2020 3:21:54 p.m. Eastern Time<br>**Title:**<br>Authorized Agent<br>**Company:**<br>NexPoint Strategic Opportunities Fund | |

## Exhibit A

This Exhibit "A" is being filed by NexPoint Advisors, L.P. and Claimant pursuant to the Amended and Restated Shared Services Agreement dated to be effective as of January 1, 2018, the Sub-Advisory Agreement dated to be effective as of June 1, 2018, the Payroll Reimbursement  Agreement dated to be effective as of January 1, 2018 and Amendment Number One to the Payroll Reimbursement Agreement entered into on December 14, 2018, pursuant to which Claimant has a claim against the Debtor in a contingent and unliquidated amount.  Pursuant to these agreements, Debtor provides accounting and financial services to NexPoint Advisors, L.P. and Claimant.  NexPoint Advisors, L.P. and Claimant have requested information from the Debtor to ascertain the exact amount of the claim.  This process is on-going.  Additionally, this process has been delayed due to the outbreak of the Coronavirus.  Claimant is continuing to work to ascertain the exact amount of its claim and will update its claim in the next ninety days.