# EXHIBIT 46

**Fill in this information to identify the case:**

Debtor    Highland Capital Management, L.P.

United States Bankruptcy Court for the: Northern _____ District of Texas
(State)

Case number   19-34054

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

CLO Holdco, Ltd.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No

☐ Yes.    From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

See summary page

Contact phone   214-777-4200
Contact email   jkane@krcl.com

**Where should payments to the creditor be sent?** (if different)

CLO Holdco, Ltd.
Grant Scott, Director
Myers Bigel P.A.
4140 Park Lake Ave., Ste 600
Raleigh, NC 27612, United States

Contact phone   _____
Contact email   gscott@myersbigel.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☑ No

☐ Yes.    Claim number on court claims registry (if known) _____    Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No

☐ Yes. Who made the earlier filing? _____

Official Form 410                          **Proof of Claim**

page 1

**Appx. 00918**

**Part 2:**   Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br><br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |

| | |
|---|---|
| 7. **How much is the claim?** | $ <u>11,340,751.26</u>            . **Does this amount include interest or other charges?**<br><br>☐ No<br><br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br><u>Participation and Tracking Interests in investment funds</u> |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☑ No<br><br>☐ Yes.  The claim is secured by a lien on property.<br><br>**Nature or property:**<br><br>☐ Real estate: If the claim is secured by the debtor's principle residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br><br>☐ Motor vehicle<br><br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br>**Amount of the claim that is secured:** $_____<br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☑ No<br><br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.**     $_____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br><br>☐ Yes. Identify the property: _____ |

Official Form 410                       **Proof of Claim**

**Appx. 00919**

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☒ No | |
|---|---|---|
| | ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.  $_____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

| 13. **Is all or part of the claim pursuant to 11 U.S.C. § 503(b)(9)?** | ☒ No | |
|---|---|---|

☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.

$_____

---

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   04/08/2020
MM / DD / YYYY

_/s/Grant Scott_
Signature

**Print the name of the person who is completing and signing this claim:**

Name   Grant Scott
First name     Middle name     Last name

Title   Counsel

Company   CLO Holdco, Ltd.
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address

Contact phone   _____

¨1¤}HV4
1034569200408000000000046

---

Official Form 410                  **Proof of Claim**                  page 3

**Appx. 00920**

# KCC ePOC Electronic Claim Filing Summary

For phone assistance: Domestic (877) 573-3984 | International (310) 751-1829

| | |
|---|---|
| **Debtor:** | |
| 19-34054 - Highland Capital Management, L.P. | |
| **District:** | |
| Northern District of Texas, Dallas Division | |

| | |
|---|---|
| **Creditor:** | **Has Supporting Documentation:** |
| CLO Holdco, Ltd. | Yes, supporting documentation successfully uploaded |
| Kane Russell Coleman Logan PC, John J Kane | **Related Document Statement:** |
| 901 Main Street, Suite 5200 | |
| | **Has Related Claim:** |
| Dallas, TX, 75202 | No |
| United States | **Related Claim Filed By:** |
| **Phone:** | |
| 214-777-4200 | |
| **Phone 2:** | **Filing Party:** |
| | Authorized agent |
| **Fax:** | |
| 214-777-4299 | |
| **Email:** | |
| jkane@krcl.com | |

| | |
|---|---|
| **Disbursement/Notice Parties:** | |
| CLO Holdco, Ltd. | |
| Grant Scott, Director | |
| Myers Bigel P.A. | |
| 4140 Park Lake Ave., Ste 600 | |
| | |
| Raleigh, NC, 27612 | |
| United States | |
| **Phone:** | |
| | |
| **Phone 2:** | |
| | |
| **Fax:** | |
| | |
| **E-mail:** | |
| gscott@myersbigel.com | |
| **DISBURSEMENT ADDRESS** | |

| | |
|---|---|
| **Other Names Used with Debtor:** | **Amends Claim:** |
| | No |
| | **Acquired Claim:** |
| | No |

| **Basis of Claim:** | **Last 4 Digits:** | **Uniform Claim Identifier:** |
|---|---|---|
| Participation and Tracking Interests in investment funds | No | |

| | |
|---|---|
| **Total Amount of Claim:** | **Includes Interest or Charges:** |
| 11,340,751.26 | Yes |
| **Has Priority Claim:** | **Priority Under:** |
| No | |
| **Has Secured Claim:** | **Nature of Secured Amount:** |
| No | **Value of Property:** |
| **Amount of 503(b)(9):** | |
| No | **Annual Interest Rate:** |
| **Based on Lease:** | **Arrearage Amount:** |
| No | **Basis for Perfection:** |
| **Subject to Right of Setoff:** | **Amount Unsecured:** |
| No | |

| | |
|---|---|
| **Submitted By:** | |
| Grant Scott on 08-Apr-2020 4:01:05 p.m. Eastern Time | |
| **Title:** | |
| Counsel | |
| **Company:** | |
| CLO Holdco, Ltd. | |

VN: 40FC9A02F31BC75088D8C008E639294D

**Fill in this information to identify the case:**

Debtor 1 _Highland Capital Management, L.P._

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of Texas

Case number _19-34054-sgj11_

Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

CLO Holdco, Ltd.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Kane Russell Coleman Logan PC, John J Kane<br>Name | CLO Holdco, Ltd., Grant Scott, Director<br>Name |
| 901 Main Street, Suite 5200<br>Number          Street | Myers Bigel P.A., 4140 Park Lake Ave., Ste 600<br>Number          Street |
| Dallas                    TX          75202<br>City                  State          ZIP Code | Raleigh                  NC          27612<br>City                  State          ZIP Code |
| Contact phone _214.777.4200_ | Contact phone _____ |
| Contact email _jkane@krcl.com_ | Contact email _gscott@myersbigel.com_ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____   Filed on _____
                                                                                                        MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

---

Official Form 410                     **Proof of Claim**                     page 1

**Part 2:**  **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |

7. **How much is the claim?**    $ _____ 11,340,751.26   **Does this amount include interest or other charges?**
   ☐ No
   ☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

   Limit disclosing information that is entitled to privacy, such as health care information.

   Participation and Tracking Interests in investment funds

9. **Is all or part of the claim secured?**
   ☑ No
   ☐ Yes.   The claim is secured by a lien on property.

   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:**                              $_____
   **Amount of the claim that is secured:**     $_____

   **Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**   $_____

   **Annual Interest Rate** (when case was filed) _____%
   ☐ Fixed
   ☐ Variable

10. **Is this claim based on a lease?**
    ☑ No
    ☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

11. **Is this claim subject to a right of setoff?**
    ☑ No
    ☐ Yes. Identify the property: _____

| | | |
|---|---|---|
| Official Form 410 | **Proof of Claim** | page 2 |

**Appx. 00923**

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   4 / 3 / 2020
                   MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | Grant Scott | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Counsel (Myers Bigel Sibley & Sajovec, P.A.) | | |
| Company | CLO Holdco, Ltd. | | |
| | Identify the corporate service as the company if the authorized agent is a servicer. | | |
| Address | 4140 Park Lake Ave., Suite 600 | | |
| | Number        Street | | |
| | Raleigh | NC | 27612 |
| | City | State | ZIP Code |
| Contact phone | _____ | Email | gscott@myersbigel.com |

**Appx. 00924**

## SUMMARY OF PROOF OF CLAIM

Debtor(s):      Highland Capital Management, L.P. (the "**Debtor**")

Case Info:      19-34054-sgj11; United States Bankrutpcy Court, Northern District of Texas, Dallas Division

Creditor:      CLO Holdco, Ltd. ("**CLO**")

---

A.    **CLO's Proof of Claim**

1.    <u>Claim Amount.</u>   CLO files this Proof of Claim in the amount of $11,340,751.26, which evidences the amount of CLO's claim against the Debtor as of October 16, 2019 (the "Petition Date"). CLO's claim consists of participation interests and tracking interests in shares of certain funds, evidenced by certain transfer documents attached to this Summary.  Below is a summary statement of accounts provided by the Debtor to CLO on October 24, 2019:

Participated & tracking interests

| Partners Name | 6/30/19 NAV | 7/31/19 NAV | Redemptions payable (August 2019) | Total @ 7/31/19 | 8/31/19 NAV | Redemptions payable (August 2019) | Total @ 8/31/19 |
|---|---|---|---|---|---|---|---|
| HCMLP comp | 2,907,647 | 1,761,399 | 1,111,993 | 2,873,393 | 1,741,909 | 1,111,993 | 2,853,902 |
| HCMLP prior | 1,055,973 | 639,692 | 403,844 | 1,043,536 | 632,617 | 403,844 | 1,036,461 |
| Eames, Ltd. | 5,998,476 | 3,723,146 | 2,204,458 | 5,927,604 | 3,680,646 | 2,204,458 | 5,885,104 |
| HCMLP (1) | 360,805 | 223,946 | 132,597 | 356,544 | 221,391 | 132,597 | 353,989 |
| HCMLP (2) | 1,187,441 | 737,023 | 436,388 | 1,173,412 | 728,610 | 436,388 | 1,164,998 |
| Total | $ 11,510,343 | $ 7,085,207 | $ 4,289,281 | $ 11,374,488 | $ 7,005,174 | $ 4,289,281 | $ 11,294,454 |

CLO understands that certain Arbitration Awards beneficial to the Crusader Funds would materially increase the value of CLO's participation and tracking interests.  Accordingly, CLO's claim may materially increase.  As CLO's claim is tied to the value of its participation interests, CLO's recovery cannot be limited to the face amount of its claim as of the Petition Date.

2.    <u>Supporting Documentation.</u>   The total amount due and owing as of the Petition Date is evidenced by the following supporting documentation:

a.    The Statement of Accounts provided above;

b.    Debtor's List of Largest Unsecured Creditors;

c.    Excerpt of Debtor's Schedules; and

d.    Participation Interest and Tracking Interest transfer documents detailing transfer of ownership interests to CLO.

B.    **Reservation of Rights**

By filing this Proof of Claim, CLO expressly reserves all of its rights to, among other things, amend this claim, file an administrative expense claim, file a rejection claim, and seek attorneys' fees and interest as allowed by law.  If the Debtor objects to this Proof of Claim, CLO reserves the right to produce additional documents and facts as necessary to support its claim.  CLO also reserves the right to file a motion for relief from stay or other pleading to enforce its right to the proceeds of certain funds in which CLO owns a participation or tracking interest.

# ATTACHMENT B

| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| DISTRICT OF DELAWARE |
| Case number *(if known)* _____  Chapter __11__ |

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy     4/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's name**  Highland Capital Management, L.P.

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  75-2716725

4. **Debtor's address**

   **Principal place of business**

   **300 Crescent Court**
   **Suite 700**
   **Dallas, TX 75201**
   Number, Street, City, State & ZIP Code

   **Dallas**
   County

   **Mailing address, if different from principal place of business**

   P.O. Box, Number, Street, City, State & ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number, Street, City, State & ZIP Code

5. **Debtor's website (URL)**  www.highlandcapital.com

6. **Type of debtor**
   ☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ■ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Appx. 00927

| Debtor | Highland Capital Management, L.P. | Case number *(if known)* |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☑ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__5259__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No.

☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☑ No

☐ Yes.

| Debtor | _____ | | | Relationship | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number, if known | _____ |

Official Form 201      Voluntary Petition for Non-Individuals Filing for Bankruptcy      page 2

**Appx. 00928**

| Debtor | Highland Capital Management, L.P. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in this district?**   *Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No
☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                           Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes.   Insurance agency _____
          Contact name _____
          Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**   *Check one:*

☑ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☑ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☑ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☑ $100,000,001 - $500 million | ☐ More than $50 billion |

Appx. 00929

| Debtor | **Highland Capital Management, L.P.** | Case number (*if known*) |
|---|---|---|
| | Name | |

 **Request for Relief, Declaration, and Signatures**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  10 / 16 / 2019
          MM / DD / YYYY

X _____
Signature of authorized representative of debtor

Title _____

Strand Advisors, Inc., General Partner
by: James D. Dondero, President
Printed name

**18. Signature of attorney**

X _____   Date  10 / 16 / 2019
Signature of attorney for debtor              MM / DD / YYYY

James E. O'Neill
Printed name

Pachulski Stang Ziehl & Jones LLP
Firm name

919 N. Market Street
17th Floor
Wilmington, DE 19899
Number, Street, City, State & ZIP Code

Contact phone  302-652-4100    Email address  joneill@pszjlaw.com

4042 DE
Bar number and State

Official Form 201        Voluntary Petition for Non-Individuals Filing for Bankruptcy        page 4

## ACTION BY WRITTEN CONSENT OF
## THE SOLE GENERAL PARTNER
### OF
## HIGHLAND CAPITAL MANAGEMENT, L.P.
#### (a Delaware limited partnership)

The undersigned, being the sole general partner (the "**General Partner**") of Highland Capital Management, L.P. (the "**Company**"), hereby takes the following actions and adopts the following resolutions:

WHEREAS, the General Partner, acting pursuant to the laws of the State of Delaware, has considered the financial and operational aspects of the Company's business;

WHEREAS, the General Partner has reviewed the historical performance of the Company, the outlook for the Company's assets and overall performance, and the current and long-term liabilities of the Company;

WHEREAS, the General Partner has carefully reviewed and considered the materials presented to it by the management of and the advisors to the Company regarding the possible need to undertake a financial and operational restructuring of the Company; and

WHEREAS, the General Partner has analyzed each of the financial and strategic alternatives available to the Company, including those available on a consensual basis with the principal stakeholders of the Company, and the impact of the foregoing on the Company's business and its stakeholders.

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the General Partner, it is desirable and in the best interests of the Company, its creditors, partners, and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware;

RESOLVED, that the officers of the General Partner (each, an "**Authorized Officer**") be, and each of them hereby is, authorized, empowered and directed on behalf of the Company to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that any such Authorized Officer deems necessary, desirable and proper in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case, including all actions and steps deemed by any such Authorized Officer to be necessary or desirable to the develop, file and prosecute to confirmation a chapter 11 plan and related disclosure statement;

**Appx. 00931**

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed, on behalf of the Company, to retain the law firm of Pachulski Stang Ziehl & Jones LLP ("**PSZ&J**") as bankruptcy counsel to represent and assist the Company in carrying out its duties under chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Company's rights in connection therewith, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of PSZ&J;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed, on behalf of the Company, to retain and employ Development Specialists, Inc. ("**DSI**") to provide the Company with Bradley D. Sharp as chief restructuring officer ("**CRO**") and additional personnel to assist in the execution of the day to day duties as CRO. The CRO, subject to oversight of the General Partner will lead the Company's restructuring efforts along with the Company's advisors, and to take any and all actions to advance the Company's rights in connection therewith, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy petition, and to cause to be filed an appropriate application for authority to hire the CRO and his affiliated firm, DSI;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed, on behalf of the Company, to employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 case and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed, on behalf of the Company, to obtain post-petition financing and obtain permission to use existing cash collateral according to terms which may be negotiated by or on behalf of the Company, and to enter into any guaranties and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral arrangement; and in connection therewith, the Authorized Officers shall be, and each of them hereby is, hereby authorized, empowered and directed, on behalf of the Company, to execute appropriate loan agreements, cash collateral agreements and related ancillary documents;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed, on behalf of the Company, to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all

2

Appx. 00932

documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by any such Authorized Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful chapter 11 case;

RESOLVED, that any and all actions heretofore taken by any Authorized Officer in the name and on behalf of the Company in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, ratified, confirmed, and approved in all respects.

*[Signature pages follow]*

3

Appx. 00933

IN WITNESS WHEREOF, the undersigned have duly executed this Written Consent as of October 7, 2019.

STRAND ADVISORS, INC.
Sole General Partner of Highland Capital
Management, L.P.

By: _____

James D. Dondero
President

*SIGNATURE PAGE TO THE ACTION BY WRITTEN CONSENT OF*
*THE SOLE GENERAL PARTNER OF HIGHLAND CAPITAL MANAGEMENT, L.P.*

| Fill in this information to identify the case: |
| --- |

Debtor name   HIGHLAND CAPITAL MANAGEMENT, L.P.

United States Bankruptcy Court for the:   District of Delaware

                                                                    (State)

Case number (If known):   19-

☐ Check if this is an
   amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders                    12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1. Redeemer Committee of the Highland Crusader Fund c/o Terri Mascherin, Esq. Jenner & Block 353 N. Clark Street Chicago, IL 60654-3456 | Terri Mascherin Tel:  312.923.2799 Email: tmascherin@jenner.com | Litigation | Contingent Unliquidated Disputed | | | $189,314,946.00 |
| 2. Patrick Daugherty c/o Thomas A. Uebler, Esq. McCollom D'Emilio Smith Uebler LLC 2751 Centerville Rd #401 Wilmington, DE 19808 | Thomas A. Uebler Tel:  302.468.5963 Email: tuebler@mdsulaw.com | Litigation | Contingent Unliquidated Disputed | | | $11,700,000.00 |
| 3. CLO Holdco, Ltd. Grant Scott, Esq. Myers Bigel Sibley & Sajovec, P.A. 4140 Park Lake Ave, Ste 600 Raleigh, NC 27612 | Grant Scott Tel:  919.854.1407 Email: gscott@myersbigel.com | Contractual Obligation | | | | $11,511,346.00 |

**Appx. 00935**

Debtor   HIGHLAND CAPITAL MANAGEMENT, L.P.   Case number (if known) 19-
Name

| | Name | | | | | Amount |
|---|---|---|---|---|---|---|
| 4. | McKool Smith, P.C.<br>Gary Cruciani, Esq.<br>McKool Smith<br>300 Crescent Court, Suite 1500<br>Dallas, TX 75201 | Gary Cruciani<br>Tel: 214.978.4009<br>Email:<br>gcruciani@mckoolsmith.com | Professional Services | Contingent Unliquidated Disputed | | $2,163,976.00 |
| 5. | Meta-e Discovery LLC<br>Paul McVoy<br>Six Landmark Square, 4th Floor<br>Stamford, CT 6901 | Paul McVoy<br>Tel: 203.544.8323<br>Email:<br>pmcvoy@metaediscovery.com | Professional Services | | | $1,852,348.54 |
| 6. | Foley Gardere<br>Holly O'Neil, Esq.<br>Foley & Lardner LLP<br>2021 McKinney Avenue<br>Suite 1600<br>Dallas, TX 75201 | Holly O'Neil<br>Tel: 214.999.4961<br>Email: honeil@foley.com | Professional Services | | | $1,398,432.44 |
| 7. | DLA Piper LLP (US)<br>Marc D. Katz, Esq.<br>1900 N Pearl St, Suite 2200<br>Dallas, TX 75201 | Marc D. Katz<br>Tel: 214.743.4534<br>Email:<br>marc.katz@dlapiper.com | Professional Services | | | $994,239.53 |
| 8. | Reid Collins & Tsai LLP<br>William T. Reid, Esq.<br>810 Seventh Avenue, Ste 410<br>New York, NY 10019 | William T. Reid<br>Tel: 512.647.6105<br>Email:<br>wreid@rctlegal.com | Professional Services | | | $625,845.28 |
| 9. | Joshua & Jennifer Terry<br>c/o Brian P. Shaw, Esq.<br>Rogge Dunn Group, PC<br>500 N. Akard Street, Suite 1900<br>Dallas, TX 75201 | Brian Shaw<br>Tel: 214. 239.2707<br>email:<br>shaw@roggedunngroup.com | Litigation | Contingent Unliquidated Disputed | | $425,000.00 |
| 10. | NWCC, LLC<br>c/o of Michael A. Battle, Esq.<br>Barnes & Thornburg, LLP<br>1717 Pennsylvania Ave N.W. Ste 500<br>Washington, DC 20006-4623 | Michael A. Battle<br>Tel: 202.371.6350<br>Email:<br>mbattle@btlaw.com | Litigation | Contingent Unliquidated Disputed | | $375,000.00 |
| 11. | Duff & Phelps, LLC<br>c/o David Landman<br>Benesch, Friedlander, Coplan & Aronoff LLP<br>200 Public Square, Suite 2300<br>Cleveland, OH 44114-2378 | David Landman<br>Tel: 216.363.4593<br>Email:<br>dlandman@beneschlaw.com | Professional Services | | | $350,000.00 |

Appx. 00936

| Debtor | HIGHLAND CAPITAL MANAGEMENT, L.P. | | | Case number (if known) | 19- | |
|---|---|---|---|---|---|---|
| | Name | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 12. | American Arbitration Association<br>120 Broadway, 21st Floor,<br>New York, NY 10271 | Elizabeth Robertson, Director<br>Tel: 212.484.3299<br>Email:<br>robertsone@adr.org | Professional Services | | | $292,125.00 |
| 13. | Lackey Hershman LLP<br>Paul Lackey, Esq.<br>Stinson LLP<br>3102 Oak Lawn Avenue, Ste 777<br>Dallas, TX 75219 | Paul Lackey<br>Tel: 214.560.2206<br>Email:<br>paul.lackey@stinson.com | Professional Services | | | $246,802.54 |
| 14. | Bates White, LLC<br>Karen Goldberg, Esq.<br>2001 K Street NW, North Bldg Suite 500<br>Washington, DC 20006 | Karen Goldberg<br>Tel: 202.747.2093<br>Email:<br>karen.goldberg@bateswhite.com | Professional Services | | | $235,422.04 |
| 15. | Debevoise & Plimpton LLP<br>c/o Accounting Dept 28th Floor<br>919 Third Avenue<br>New York, NY 10022 | Michael Harrell<br>Tel: 212-909-6349<br>Email:<br>mpharrell@debevoise.com | Professional Services | | | $179,966.98 |
| 16. | Andrews Kurth LLP<br>Scott A. Brister, Esq.<br>111 Congress Avenue, Ste 1700<br>Austin, TX 78701 | Scott A. Brister<br>Tel: 512.320.9220<br>Email:<br>ScottBrister@andrewskurth.com | Professional Services | | | $137,637.81 |
| 17. | Connolly Gallagher LLP<br>1201 N. Market Street<br>20th Floor<br>Wilmington, DE 19801 | Ryan P. Newell<br>Tel: 302.888.6434<br>Email:<br>rnewell@connollygallagher.com | Professional Services | | | $118,831.25 |
| 18. | Boies, Schiller & Flexner LLP<br>5301 Wisconsin Ave NW<br>Washington, DC 20015-2015 | Scott E. Gant<br>Tel: 202.237.2727<br>Email: sgant@bsfllp.com | Professional Services | | | $115,714.80 |
| 19. | UBS AG, London Branch and UBS Securities LLC<br>c/o Andrew Clubock, Esq.<br>Latham & Watkins LLP<br>555 Eleventh Street  NW<br>Suite 1000<br>Washington, DC 20004-130 | Andrew Clubock<br>Tel: 202.637.3323<br>email:<br>Andrew.Clubok@lw.com | Litigation | Contingent Unliquidated Disputed | | | Unliquidated |

Appx. 00937

Debtor ___HIGHLAND CAPITAL MANAGEMENT, L.P.___    Case number *(if known)* __19-___
          Name

| 20. | Acis Capital Management, L.P. and Acis Capital Management GP, LLC c/o Brian P. Shaw, Esq. Rogge Dunn Group, PC 500 N. Akard Street, Suite 1900 Dallas, TX 75201 | Brian Shaw Tel: 214. 239.2707 email: shaw@roggedunngroup.com | Litigation | Contingent Unliquidated Disputed | | | Unliquidated |

**Appx. 00938**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | ) |
|  | ) Case No. 19-_____ (____) |
| Debtor. | ) |
|  | ) |

**CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)**

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the Debtor, certifies that the following is a corporation other than the Debtor, or a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under FRBP 7007.1.

☑ None [*check if applicable*]

Name:
Address:

**Appx. 00939**

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | ) | Case No. 19-_____ (___) |
| | ) | |
| Debtor. | ) | |

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case:

Name:      Strand Advisors, Inc.
Address:      300 Crescent Court
                Suite 700
                Dallas, TX 75201

Name:      The Dugaboy Investment Trust
Address:      300 Crescent Court
                Suite 700
                Dallas, TX 75201

Name:      Mark K. Okada
Address:      300 Crescent Court
                Suite 700
                Dallas, TX 75201

Name:      The Mark and Pamela Okada Family Trust – Exempt Trust #1
Address:      300 Crescent Court
                Suite 700
                Dallas, TX 75201

Name:      The Mark and Pamela Okada Family Trust – Exempt Trust #2
Address:      300 Crescent Court
                Suite 700
                Dallas, TX 75201

Name:      Hunter Mountain Investment Trust
Address:      c/o Rand Advisors LLC
                John Honis
                87 Railroad Place Ste 403
                Saratoga Springs, NY 12866

**Appx. 00940**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) )  Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | ) )  Case No. 19-_____ (___) |
| Debtor. | ) ) ) |

## CERTIFICATION OF CREDITOR MATRIX

Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above captioned debtor (the "Debtor") hereby certifies that the *Creditor Matrix* submitted herewith contains the names and addresses of the Debtor's creditors. To the best of the Debtor's knowledge, the *Creditor Matrix* is complete, correct, and consistent with the Debtor's books and records.

The information contained herein is based upon a review of the Debtor's books and records as of the petition date. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtor.

**Fill in this information to identify the case:**

Debtor name    Highland Capital Management, L.P.

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)  _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended Schedule
■   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■   Other document that requires a declaration   Corporate Ownership Statement, List of Equity Holders, Creditor Matrix Certification

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   10/16/2019    x _____
                            Signature of individual signing on behalf of debtor

                            Frank Waterhouse
                            Printed name

                            Treasurer of Strand Advisors, Inc., General Partner
                            Position or relationship to debtor

Official Form 202            Declaration Under Penalty of Perjury for Non-Individual Debtors

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com           Best Case Bankruptcy

# ATTACHMENT C

| Fill in this information to identify the case: |
|---|

Debtor name  **Highland Capital Management, L.P.**

United States Bankruptcy Court for the:  NORTHERN DISTRICT OF TEXAS

Case number (if known)  **19-34054-SGJ**

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.
   ☑ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors
   with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  |  | Total claim | Priority amount |
|---|---|---|---|---|
| 2.1 | Priority creditor's name and mailing address<br>**All Employees**<br>**300 Crescent Ct.**<br>**Suite 700**<br>**Dallas, TX 75201** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☐ Disputed | **Unknown** | **Unknown** |
|  | Date or dates debt was incurred<br>**2019** | Basis for the claim:<br>**Employee Wages & Bonuses** |  |  |
|  | Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (4) | Is the claim subject to offset?<br>☑ No<br>☐ Yes |  |  |

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
   out and attach the Additional Page of Part 2.

|  |  |  | Amount of claim |
|---|---|---|---|
| 3.1 | Nonpriority creditor's name and mailing address<br>**45 Employees**<br>**300 Crescent Ct.**<br>**Suite 700**<br>**Dallas, TX 75201** | As of the petition filing date, the claim is: *Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☐ Disputed | **Unknown** |
|  | Date(s) debt was incurred **2017, 2018 & 2019**<br>Last 4 digits of account number _ | Basis for the claim: **Deferred Awards**<br>Is the claim subject to offset? ☑ No  ☐ Yes |  |
| 3.2 | Nonpriority creditor's name and mailing address<br>**46 Employees**<br>**300 Crescent Ct.**<br>**Suite 700**<br>**Dallas, TX 75201** | As of the petition filing date, the claim is: *Check all that apply.*<br>☑ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$5,758,166.67** |
|  | Date(s) debt was incurred **2018**<br>Last 4 digits of account number _ | Basis for the claim: **Prior year employee bonuses**<br>Is the claim subject to offset? ☑ No  ☐ Yes |  |

**Appx. 00944**

| Debtor | **Highland Capital Management, L.P.** | Case number (if known) | **19-34054-SGJ** |
|---|---|---|---|
| | Name | | |

---

**3.32** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$1,155.00**

**Centroid**
**1050 Wilshire Dr.**
**Ste #170**
**Troy, MI 48084**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **Trade Payable**

Last 4 digits of account number _ _

Is the claim subject to offset? ☑ No   ☐ Yes

---

**3.33** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$155.81**

**Chase Couriers, Inc**
**1220 Champion Circle**
**#114**
**Carrollton, TX 75006**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **Trade Payable**

Last 4 digits of account number _ _

Is the claim subject to offset? ☑ No   ☐ Yes

---

**3.34** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$11,340,751.26**

**CLO Holdco, Ltd.**
**c/o Grant Scott, Esq**
**Myers Bigel Sibley & Sajovec, P.A.**
**4140 Park Lake Ave, Ste 600**
**Raleigh, NC 27612**

☑ Contingent
☑ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **Contractual Obligation**

Last 4 digits of account number _ _

Is the claim subject to offset? ☑ No   ☐ Yes

---

**3.35** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$198,760.29**

**Cole Schotz**
**Court Plaza North**
**25 Main Street**
**P.O. Box 800**
**Hackensack, NJ 07602-0800**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **See Exhibit A**

Last 4 digits of account number _ _

Is the claim subject to offset? ☑ No   ☐ Yes

---

**3.36** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$52,500.00**

**Coleman Research Group, Inc.**
**120 West 45th St**
**25th Floor**
**New York, NY 10036**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **Trade Payable**

Last 4 digits of account number _ _

Is the claim subject to offset? ☑ No   ☐ Yes

---

**3.37** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$4,090.46**

**Concur Technologies, Inc.**
**18400 NE Union Hill Road**
**Redmond, WA 98052**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **Trade Payable**

Last 4 digits of account number _ _

Is the claim subject to offset? ☑ No   ☐ Yes

---

**3.38** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$118,831.25**

**Connolly Gallagher LLP**
**1201 North Market Street**
**20th Floor**
**Wilmington, DE 19801**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **See Exhibit A**

Last 4 digits of account number _ _

Is the claim subject to offset? ☑ No   ☐ Yes

---

**Appx. 00945**

# ATTACHMENT D

**CHARITABLE DAF GP, LLC (THE "COMPANY")
IN ITS CAPACITY AS GENERAL PARTNER OF
CHARITABLE DAF FUND, LP**

**WRITTEN RESOLUTIONS OF THE MANAGING MEMBER OF THE COMPANY
AS GENERAL PARTNER OF CHARITABLE DAF FUND, LP**

**1.    INTRODUCTION**

1.1    **IT IS NOTED** that:

    (a)    the Company is general partner of Charitable DAF Fund, LP (the "**Partnership**"), a Cayman Islands exempted limited partnership;

    (b)    the partnership agreement of the Partnership confers upon the Company, as general partner of the Partnership, broad power to manage the affairs and conduct the business of the Partnership; and

    (c)    all references in these resolutions to things being done by the Partnership shall be construed as to things being done by the Company as general partner of the Partnership.

**2.    CONTRIBUTION AND TRANSFER**

2.1    **IT IS NOTED** that

    (a)    the Partnership has received an investment contribution from its 99% limited partner, Charitable DAF HoldCo, Ltd. ("**Charitable DAF HoldCo**"), consisting of the assets listed on Exhibit A attached hereto (collectively, the "**Investments**");

    (b)    the Partnership owns 100% of CLO HoldCo, Ltd. ("**CLO HoldCo**");

    (c)    the Partnership contributed and transferred the Investments to CLO HoldCo effective as of December 28, 2016, provided CLO HoldCo assumes and agrees to perform all obligations and assume all liabilities with respect to the Investments as of that date (such contribution and transfer, together with the receipt of the Investments, together the "**Prior Transfer**");

    (d)    each of CLO HoldCo and the Partnership desire to rescind and nullify the portion of the Prior Transfer consisting of the call options (the "**AA Options**") of American Airlines Group, Inc. set forth on Exhibit A attached hereto;

    (e)    the Partnership has received an investment contribution from Charitable DAF HoldCo consisting of the assets listed on Exhibit B attached hereto, which includes a participation interest in the AA Options (the "**AA Participation Interest**");

    (f)    the Partnership wishes to contribute and transfer the AA Participation Interest to CLO HoldCo effective as of December 28, 2016, provided CLO HoldCo assumes and agrees to perform all obligations and assume all liabilities with respect to the AA Participation Interest as of that date (the "**Proposed Transaction**"); and

    (g)    the Managing Member of the Company is of the view that the Proposed Transaction falls within the purpose and investment limitation and restrictions as set out in the partnership agreement of the Partnership.

2.2    **IT IS RESOLVED** that:

Appx. 00947

(a)     as of the date first written above, the AA Options Transfer is hereby rescinded and nullified, and the Partnership hereby irrevocably and unconditionally fully and forever waives and disclaims any right, title or interest in or to the AA Options, except for the AA Participation Interest;

(b)     in the opinion of the Managing Member of the Company, the entry into the Proposed Transaction generally by the Company and/or the Partnership would be in the best interests of the Company and the Partnership (as applicable);

(c)     the Company, in its capacity as the general partner of the Partnership, hereby approves the Proposed Transaction, effective as of December 28, 2016;

(d)     the Company and/or the Partnership does give, make, sign, execute and deliver all such notes, deeds, agreements, letters, notices, certificates, acknowledgments, instructions, fee letters and other documents (whether of a like nature or not) (the "**Ancillary Documents**") as may in the sole opinion and absolute discretion of the Managing Member or any Attorney or Authorised Signatory be considered necessary or desirable for the purpose of the coming into effect of or otherwise giving effect to, consummating or completing or procuring the performance and completion of the Proposed Transaction and the Company and/or the Partnership do all such acts and things as might in the opinion and absolute discretion of the Director or any Attorney or Authorised Signatory be necessary or desirable for the purposes stated above;

(e)     the Ancillary Documents be in such form as the Managing Member of the Company or any Attorney or Authorised Signatory in their absolute discretion and opinion approve, the signature of the Managing Member or any Attorney or Authorised Signatory on any of the Ancillary Documents being due evidence for all purposes of his approval of the terms thereof on behalf of the Company and/or the Partnership; and

(f)     any Ancillary Documents, where required to be executed by the Company and/or the Partnership (whether under hand or as a deed), be executed by the signature thereof of the Managing Member or any Attorney or Authorised Signatory

## 3.     GENERAL AUTHORISATION

3.1     **IT IS RESOLVED** that, in connection with or to carry out the actions contemplated by the foregoing resolutions, the Managing Member, officer or (if applicable) any attorney or duly authorised signatory of the Company (any such person being an "**Attorney**" or "**Authorised Signatory**" respectively) be, and such other persons as are authorised by any of them be, and each hereby is, authorised, in the name and on behalf of the Company, to do such further acts and things as the Managing Member or officer or such duly authorised other person shall deem necessary or appropriate, including to do and perform (or cause to be done and performed), in the name and on behalf of the Company, all such acts and to sign, make, execute, deliver, issue or file (or cause to be signed, made, executed, delivered, issued or filed) with any person including any governmental authority or agency, all such agreements, documents, instruments, certificates, consents or waivers and all amendments to any such agreements, documents, instruments, certificates, consents or waivers and to pay, or cause to be paid, all such payments, as any of them may deem necessary or advisable in order to carry out the intent of the foregoing resolutions, the authority for the doing of any such acts and things and the signing, making, execution, delivery, issue and filing of such of the foregoing to be conclusively evidenced thereby.

## 4.     RATIFICATION OF PRIOR ACTIONS

4.1     **IT IS RESOLVED** that any and all actions of the Company, or of the Managing Member or officer or any Attorney or Authorised Signatory, taken in connection with the actions contemplated by the

**Appx. 00948**

foregoing resolutions prior to the execution hereof be and are hereby ratified, confirmed, approved and adopted in all respects as fully as if such action(s) had been presented to for approval and approved by, the Managing Member prior to such action being taken.

_____
Grant James Scott

Managing Member

CHARITABLE DAF GP, LLC in its Capacity as General Partner of Charitable DAF Fund, LP – Written
Resolution of the Managing Member of the Company as General Partner of Charitable DAF Fund, LP

## Exhibit A

$2,032,183.24 (based on 11/30/16 NAV) Series A Interests of Highland Capital Loan Fund, L.P. (as defined in the Limited Partnership Agreement of Highland Capital Loan Fund, L.P., dated March 28, 2013, as amended from time to time).

The following call options of American Airlines Group, Inc., a Delaware corporation:

| American Airlines Call Options | # Contracts | 12/27/16 MV | Amount Assigned | Total Est. MV Assigned |
|---|---|---|---|---|
| CALL AAL JAN 40 1/20/17 | 10,000 | 8,710,000.00 | 100.0000% | $   8,710,000.00 |

A participation interest and a tracking interest in certain participating shares of Highland Crusader Fund, L.P. and Highland Crusader Fund II, Ltd., in each case, as more particularly described on Schedule 1 attached hereto.

CHARITABLE DAF GP, LLC in its Capacity as General Partner of Charitable DAF Fund, LP – Written Resolution of the Managing Member of the Company as General Partner of Charitable DAF Fund, LP

Appx. 00951

## Schedule I

### The Participation Interest and the Tracking Interest

The following sets forth the terms and conditions with respect to (i) a participation interest (the "Participation Interest") granted by Highland Capital Management, L.P. ("HCMLP") in certain participating shares of Highland Crusader Fund, L.P. (the "Onshore Crusader Fund") and Highland Crusader Fund II, Ltd. (the "Offshore Crusader Fund", and such participating shares collectively, the "Participating Shares"), and (ii) a tracking interest (the "Tracking Interest") in certain participating shares of the Onshore Crusader Fund (the "Tracking Shares").

#### Participation and Tracking Interest

**Crusader Participation Interests**

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Amount Participated | Total NAV Participated |
|---|---|---|---|---|---|
| HCMLP comp | Highland Capital Management, LP | Crusader Fund II, Ltd. | $  3,185,728.54 | 100.00% | $  3,185,728.54 |
| HCMLP prior | Highland Capital Management, LP | Crusader Fund II, Ltd. | 1,158,673.19 | 100.00% | 1,158,673.19 |
| Eames, Ltd. | Eames, Ltd. | Crusader Fund, LP | 6,581,643.01 | 100.00% | 6,581,643.01 |
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 12.86% | 50,968.60 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 12.86% | 167,494.51 |
| Totals | | | $ 12,625,395.44 | | $ 11,144,507.85 |

**Tracking Interests**

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Tracking Amount | Total Tracked Interest |
|---|---|---|---|---|---|
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 87.14% | 345,498.94 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 87.14% | 1,135,388.65 |
| Totals | | | $  1,699,350.70 | | $  1,480,887.59 |

**Total of Crusader Participations and Tracked Interests**                                                                                $ 12,625,395.44

**Evidence of Participations and the Tracking Interest.** HCMLP shall maintain records of all payments received from or owed by the holder of the Participation Interest and the Tracking Interest and all payments made or owed by HCMLP to the holder of the Participation Interest and the Tracking Interest.

**Payments by and to HCMLP with respect to the Participation Interest and the Tracking Interest.** Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Participation Interest an amount equal to such holder's share of each amount received and applied by HCMLP (or Eames, Ltd., a wholly-owned subsidiary of HCMLP, if applicable) in payment of distributions, Plan Claims (as defined in the Joint Plan of Distribution of the Crusader Funds adopted by Highland Crusader Offshore Partners, L.P., the Onshore Crusader Fund, Highland Crusader

Appx. 00952

Fund, Ltd. and the Offshore Crusader Fund, and the Scheme of Arrangement between the Offshore Crusader Fund and its Scheme Creditors, as applicable) and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Participating Shares (such holder's share of such amounts, collectively, the "Participation Proceeds"). Pending such payment of Participation Proceeds by HCMLP to the holder of the Participation Interest, HCMLP will hold the Participation Proceeds in trust for the benefit of such holder and will not commingle such amounts with other property of HCMLP. Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Tracking Interest an amount equal to each amount received and applied by HCMLP in payment of distributions, Plan Claims and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Underlying Shares. Notwithstanding anything herein to the contrary, except for the right to receive amounts specified in this paragraph, no holder shall have, by reason of the Participation Interest or the Tracking Interest, any rights with respect to the Participating Shares or the Tracking Shares.

Nonrecourse Participation Interest and Tracking Interest. The Interest and the Tracking Interest are held by the holder thereof without recourse to HCMLP (except in respect of the HCMLP's express obligations as set forth herein) and for such holder's own account and risk. HCMLP makes no representation or warranty as to, and shall have no responsibility for the value, legality, genuineness, validity, sufficiency or enforceability of the Participating Interest, the Tracking Interest or any of the rights attaching to them; any representation or warranty made by, or the accuracy, completeness, correctness or sufficiency of any information (or the validity, completeness or adequate disclosure of assumptions underlying any estimates, forecasts or projections contained in such information) provided (directly or indirectly through HCMLP) by any person; the performance or observance by any person (at any time, whether prior to or after the date hereof) of the financial condition of the Onshore Crusader Fund or the Offshore Crusader Fund; or (except as otherwise expressly provided herein) any other matter relating to any person, the Participating Interest or the Tracking Interest.

Standard of Care. Notwithstanding anything contained herein to the contrary, HCMLP shall administer the Participation Interest and the Tracking Interest and enforce its rights, with respect to the Participating Shares and the Tracking Shares in the same manner as if it had not granted the Participation Interest or the Tracking Interest but owned the Participating Shares the Tracking Shares solely for its own account with no obligation to make or receive payments in respect of the Participation Interest or the Tracking Interest.

Assignment. Each holder of the Participation Interest or the Tracking Interest is expressly permitted to assign or transfer any or all of its rights with respect thereto without the consent of HCMLP.

**Exhibit B**

$2,032,183.24 (based on 11/30/16 NAV) Series A Interests of Highland Capital Loan Fund, L.P. (as defined in the Limited Partnership Agreement of Highland Capital Loan Fund, L.P, dated March 28, 2013, as amended from time to time).

A participation interest in certain call options of American Airlines Group, Inc., and a participation interest and a tracking interest in certain participating shares of Highland Crusader Fund, L.P. and Highland Crusader Fund II, Ltd., in each case, as more particularly described on Schedule I attached hereto.

## Schedule I

## The Participation Interests and the Tracking Interest

The following sets forth the terms and conditions with respect to (i) a participation interest (the "AA Participation Interest") granted by Highland Capital Management, L.P. ("HCMLP") in certain call options (the "AA Options") of American Airlines Group, Inc. ("AA"), (i) a participation interest (the "Crusader Participation Interest", and together with the AA Participation Interest, the "Participation Interests") granted by HCMLP in certain participating shares of Highland Crusader Fund, L.P. (the "Onshore Crusader Fund") and Highland Crusader Fund II, Ltd. (the "Offshore Crusader Fund", and such participating shares collectively, the "Participating Crusader Shares"), and (ii) a tracking interest (the "Tracking Interest") in certain participating shares of the Onshore Crusader Fund (the "Tracking Crusader Shares").

Participation Interests and Tracking Interest

Crusader Participation Interests

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Amount Participated | Total NAV Participated |
|---|---|---|---|---|---|
| HCMLP comp | Highland Capital Management, LP | Crusader Fund II Ltd. | $ 3,185,728.54 | 100.00% | $ 3,185,728.54 |
| HCMLP prior | Highland Capital Management, LP | Crusader Fund II Ltd. | 1,158,673.19 | 100.00% | 1,158,673.19 |
| Eames, Ltd. | Eames, Ltd. | Crusader Fund, LP | 6,581,643.01 | 100.00% | 6,581,643.01 |
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 12.86% | 50,968.60 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 12.86% | 167,494.51 |
| Totals | | | $ 12,625,395.44 | | $ 11,144,507.85 |

Tracking Interests

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Tracking Amount | Total Tracked Interest |
|---|---|---|---|---|---|
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | $7.14% | 345,498.94 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 87.14% | 1,135,388.65 |
| Totals | | | $ 1,699,350.70 | | $ 1,480,887.59 |

Total of Crusader Participations and Tracked Interests

$ 12,625,395.44

| | # Contracts | 11/30/16 NAV per statement | Amount Participated | Total Est. MV Participated |
|---|---|---|---|---|
| American Airlines Call Options | 10,000 | 12/27/16 MV 8710,000.00 | 100.0000% | $ 8,710,000.00 |
| CALL.AAL.JAN.40 1/20/17 | | | | |

Evidence of Participation Interests and the Tracking Interest. HCMLP shall maintain records of all payments received from or owed by the holder of the Participation Interests and the Tracking Interest and all payments made or owed by HCMLP to the holder of the Participation Interests and the Tracking Interest.

Payments by and to HCMLP with respect to the Participation Interests and the Tracking Interest.  Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Participation Interests an amount equal to such holder's share of (i) each amount received and applied by HCMLP in payment of distributions and proceeds of any sale, assignment or other disposition of any interest in, or exercise of, the AA Options comprising the AA Participation Interest, (ii) each amount received and applied by HCMLP (or Eames, Ltd., a wholly-owned subsidiary of HCMLP, if applicable) in payment of distributions, Plan Claims (as defined in the Joint Plan of Distribution of the Crusader Funds adopted by Highland Crusader Offshore Partners, L.P., the Onshore Crusader Fund, Highland Crusader Fund, Ltd. and the Offshore Crusader Fund, and the Scheme of Arrangement between the Offshore Crusader Fund and its Scheme Creditors, as applicable) and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Participating Crusader Shares (such holder's share of such amounts, collectively, the "Participation Proceeds").  Pending such payment of Participation Proceeds by HCMLP to the holder of the Participation Interests, HCMLP will hold the Participation Proceeds in trust for the benefit of such holder and will not commingle such amounts with other property of HCMLP.  Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Tracking Interest an amount equal to each amount received and applied by HCMLP in payment of distributions, Plan Claims and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Tracking Crusader Shares.  Notwithstanding anything herein to the contrary, except for the right to receive amounts specified in this paragraph and the right to direct the voting and exercise of the AA Options pursuant to the immediately following paragraph, no holder shall have, by reason of the Participation Interests or the Tracking Interest, any rights with respect to the AA Options, the Participating Crusader Shares or the Tracking Crusader Shares.

Exercise of the AA Options.  HCMLP shall exercise or refrain from exercising any rights with respect to the AA Options (including voting rights) as is directed by the holder of the AA Participation Interest with reasonable advance notice.  In the event that the holder of the AA Participation Interest directs the exercise of the AA Options, such holder shall pay to HCMLP in immediately available funds, without set-off, counterclaim or deduction of any kind, the exercise price (unless such AA Options are being exercised via cashless exercise) plus all third party commissions and fees incurred by HCMLP in connection with the exercise of the AA Options on or prior to 11:00 AM Dallas, Texas time on the exercise date.

Nonrecourse Participation Interests and Tracking Interest.  The Participation Interests and the Tracking Interest are held by the holder thereof without recourse to HCMLP (except in respect of the HCMLP's express obligations as set forth herein) and for such holder's own account and risk.  HCMLP makes no representation or warranty as to, and shall have no responsibility for the value, legality, genuineness, validity, sufficiency or enforceability of the Participating Interests, the Tracking Interest or any of the rights attaching to them; any representation or warranty made by, or the accuracy, completeness, correctness or sufficiency of any information (or the validity, completeness or adequate disclosure of assumptions underlying any estimates, forecasts or projections contained in such information) provided (directly or indirectly through HCMLP) by any person; the performance or observance by any person (at any time, whether prior to or after the date hereof) of the financial condition of AA, the Onshore Crusader Fund or the Offshore Crusader Fund; or (except as otherwise expressly provided herein) any other matter relating to any person, the Participating Interests or the Tracking Interest.

Standard of Care.  Notwithstanding anything contained herein to the contrary, but subject to the holder of the AA Participation Interest's right and responsibility to direct the exercise and voting of the AA Options as set forth herein, HCMLP shall administer the Participation Interests and the Tracking Interest and enforce its rights, with respect to the AA Options, the Participating Crusader Shares and the Tracking Crusader Shares in the same manner as if it had not granted the Participation Interests or the Tracking Interest but owned the AA Options, the Participating Crusader Shares the Tracking Crusader Shares solely for its own account with no obligation to make or receive payments in respect of the Participation Interests or the Tracking Interest.

Assignment.  Each holder of the Participation Interests or the Tracking Interest is expressly permitted to assign or transfer any or all of its rights with respect thereto without the consent of HCMLP.

**CHARITABLE DAF HOLDCO, LTD**
**(THE "COMPANY")**

**WRITTEN RESOLUTIONS OF THE SOLE DIRECTOR**
**OF THE COMPANY DATED EFFECTIVE DECEMBER 28, 2016**

**1.     DIRECTOR'S INTEREST**

1.1     **IT IS NOTED** that:

(a)     the sole Director discloses an interest in the matters the subject of these resolutions as a Managing Member of Charitable DAF GP, LLC, general partner of Charitable DAF Fund, LP (the "**Partnership**");

(b)     such Director therefore:

(i)     is to be considered as interested in any contract or proposed contract or arrangement (the "**transaction**") with the foregoing; and

(ii)     requests that the foregoing be treated as general notice of such interests; and

(c)     pursuant to the articles of association of the Company:

(i)     a Director may vote in respect of any transaction notwithstanding that he may be interested therein; and

(ii)     if he does so his vote shall be counted and he may be counted in the quorum at any meeting of the Director at which any such transaction shall come before the meeting for consideration.

**2.     CONTRIBUTION AND TRANSFER**

2.1     **IT IS NOTED** that

(a)     the Company has received an investment contribution from one of its Participating Shareholders consisting of the assets listed on Exhibit A attached hereto (collectively, the "**Investments**");

(b)     the Company is the sole limited partner of the Partnership;

(c)     the Company contributed and transferred the Investments to the Partnership effective as of December 28, 2016, provided the Partnership assumes and agrees to perform all obligations and assume all liabilities with respect to the Investments as of that date (the "**Prior Transfer**");

(d)     each of the Company and the Partnership desire to rescind and nullify the portion of the Prior Transfer consisting of the call options (the "**AA Options**") of American Airlines Group, Inc. set forth on Exhibit A attached hereto (the "**AA Options Transfer**");

(e)     the Company has received an investment contribution from one of its Participating Shareholders consisting of the assets listed on Exhibit B attached hereto, which includes a participation interest in the AA Options (the "**AA Participation Interest**"); and

1

Appx. 00958

(f)      the Company desires to contribute and transfer the AA Participation Interest to the Partnership effective as of December 28, 2016, provided the Partnership assumes and agrees to perform all obligations and assume all liabilities with respect to the AA Participation Interest as of that date (the "**Proposed Transaction**").

2.2      **IT IS RESOLVED** that:

(a)      as of the date first written above, the AA Options Transfer is hereby rescinded and nullified, and the Company hereby irrevocably and unconditionally fully and forever waives and disclaims any right, title or interest in or to the AA Options, except for the AA Participation Interest;

(b)      in the opinion of the Director, the entry into and performance by the Company of its obligations under the Proposed Transaction generally would be in the best interests of the Company;

(c)      the transactions contemplated by the Proposed Transaction be approved;

(d)      the Company do give, make, sign, execute and deliver all such notes, deeds, agreements, letters, notices, certificates, acknowledgments, instructions, fee letters and other documents (whether of a like nature or not) (the "**Ancillary Documents**") as may in the sole opinion and absolute discretion of the Director or any Attorney or Authorised Signatory be considered necessary or desirable for the purpose of the coming into effect of or otherwise giving effect to, consummating or completing or procuring the performance and completion of all or any of the transactions contemplated by the Proposed Transaction and the Company do all such acts and things as might in the opinion and absolute discretion of the Director or any Attorney or Authorised Signatory be necessary or desirable for the purposes stated above;

(e)      the Ancillary Documents be in such form as the Director or any Attorney or Authorised Signatory in their absolute discretion and opinion approve, the signature of the Director or any Attorney or Authorised Signatory on any of the Ancillary Documents being due evidence for all purposes of his approval of the terms thereof on behalf of the Company; and

(f)      the Ancillary Documents, where required to be executed by the Company (whether under hand or as a deed), be executed by the signature thereof of the Director or any Attorney or Authorised Signatory and where required to be sealed, by affixing thereto of the Seal of the Company, witnessed as required by the Articles of Association of the Company.

## 3.    GENERAL AUTHORISATION

3.1      **IT IS RESOLVED** that, in connection with or to carry out the actions contemplated by the foregoing resolutions, the Director, officer or (if applicable) any attorney or duly authorised signatory of the Company (any such person being an "**Attorney**" or "**Authorised Signatory**" respectively) be, and such other persons as are authorised by any of them be, and each hereby is, authorised, in the name and on behalf of the Company, to do such further acts and things as the Director or officer or such duly authorised other person shall deem necessary or appropriate, including to do and perform (or cause to be done and performed), in the name and on behalf of the Company, all such acts and to sign, make, execute, deliver, issue or file (or cause to be signed, made, executed, delivered, issued or filed) with any person including any governmental authority or agency, all such agreements, documents, instruments, certificates, consents or waivers and all amendments to any such agreements, documents, instruments, certificates, consents or waivers and to pay, or cause to be paid, all such payments, as any of them may deem necessary or advisable in order to carry out the intent of the foregoing resolutions, the authority for the doing of any such acts and things

and the signing, making, execution, delivery, issue and filing of such of the foregoing to be conclusively evidenced thereby.

**4.**     **RATIFICATION OF PRIOR ACTIONS**

4.1     **IT IS RESOLVED** that any and all actions of the Company, or of the Director or officer or any Attorney or Authorised Signatory, taken in connection with the actions contemplated by the foregoing resolutions prior to the execution hereof be and are hereby ratified, confirmed, approved and adopted in all respects as fully as if such action(s) had been presented to for approval and approved by, the Director prior to such action being taken.

*[Signature page follows]*

Grant James Scott

**Director**

CHARITABLE DAF HOLDCO, LTD. – Written Resolutions of the Sole Director of the Company

## Exhibit A

$2,032,183.24 (based on 11/30/16 NAV) Series A Interests of Highland Capital Loan Fund, L.P. (as defined in the Limited Partnership Agreement of Highland Capital Loan Fund, L.P, dated March 28, 2013, as amended from time to time).

The following call options of American Airlines Group, Inc., a Delaware corporation:

| | # Contracts | 12/27/16 MV | Amount Assigned | Total Est. MV Assigned |
|---|---|---|---|---|
| **American Airlines Call Options** | | | | |
| CALL AAL JAN 40 1/20/17 | 10,000 | 8,710,000.00 | 100.00000% | $   8,710,000.00 |

A participation interest and a tracking interest in certain participating shares of Highland Crusader Fund, L.P. and Highland Crusader Fund II, Ltd., in each case, as more particularly described on Schedule I attached hereto.

# Schedule I

## The Participation Interest and the Tracking Interest

The following sets forth the terms and conditions with respect to (i) a participation interest (the "Participation Interest") granted by Highland Capital Management, L.P. ("HCMLP") in certain participating shares of Highland Crusader Fund, L.P. (the "Onshore Crusader Fund") and Highland Crusader Fund II, Ltd. (the "Offshore Crusader Fund", and such participating shares collectively, the "Participating Shares"), and (ii) a tracking interest (the "Tracking Interest") in certain participating shares of the Onshore Crusader Fund (the "Tracking Shares").

### Participation and Tracking Interest

#### Crusader Participation Interests

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Amount Participated | Total NAV Participated |
|---|---|---|---|---|---|
| HCMLP comp | Highland Capital Management, LP | Crusader Fund II, Ltd. | $  3,185,728.54 | 100.00% | $  3,185,728.54 |
| HCMLP prior | Highland Capital Management, LP | Crusader Fund II, Ltd. | 1,158,673.19 | 100.00% | 1,158,673.19 |
| Eames, Ltd. | Eames, Ltd. | Crusader Fund, LP | 6,581,643.01 | 100.00% | 6,581,643.01 |
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 12.86% | 50,968.60 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 12.86% | 167,494.51 |
| Totals | | | $ 12,625,395.44 | | $ 11,144,507.85 |

#### Tracking Interests

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Tracking Amount | Total Tracked Interest |
|---|---|---|---|---|---|
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 87.14% | 345,498.94 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 87.14% | 1,135,388.65 |
| Totals | | | $ 1,699,350.70 | | $ 1,480,887.59 |

**Total of Crusader Participations and Tracked Interests**  $ 12,625,395.44

Evidence of Participations and the Tracking Interest.  HCMLP shall maintain records of all payments received from or owed by the holder of the Participation Interest and the Tracking Interest and all payments made or owed by HCMLP to the holder of the Participation Interest and the Tracking Interest.

Payments by and to HCMLP with respect to the Participation Interest and the Tracking Interest.  Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Participation Interest an amount equal to such holder's share of each amount received and applied by HCMLP (or Eames, Ltd., a wholly-owned subsidiary of HCMLP, if applicable) in payment of distributions, Plan Claims (as defined in the Joint Plan of Distribution of the Crusader Funds adopted by Highland Crusader Offshore Partners, L.P., the Onshore Crusader Fund, Highland Crusader

Appx. 00963

Fund, Ltd. and the Offshore Crusader Fund, and the Scheme of Arrangement between the Offshore Crusader Fund and its Scheme Creditors, as applicable) and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Participating Shares (such holder's share of such amounts, collectively, the "Participation Proceeds"). Pending such payment of Participation Proceeds by HCMLP to the holder of the Participation Interest, HCMLP will hold the Participation Proceeds in trust for the benefit of such holder and will not commingle such amounts with other property of HCMLP.  Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Tracking Interest an amount equal to each amount received and applied by HCMLP in payment of distributions, Plan Claims and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Underlying Shares.  Notwithstanding anything herein to the contrary, except for the right to receive amounts specified in this paragraph, no holder shall have, by reason of the Participation Interest or the Tracking Interest, any rights with respect to the Participating Shares or the Tracking Shares.

Nonrecourse Participation Interest and Tracking Interest.  The Interest and the Tracking Interest are held by the holder thereof without recourse to HCMLP (except in respect of the HCMLP's express obligations as set forth herein) and for such holder's own account and risk.  HCMLP makes no representation or warranty as to, and shall have no responsibility for the value, legality, genuineness, validity, sufficiency or enforceability of the Participating Interest, the Tracking Interest or any of the rights attaching to them; any representation or warranty made by, or the accuracy, completeness, correctness or sufficiency of any information (or the validity, completeness or adequate disclosure of assumptions underlying any estimates, forecasts or projections contained in such information) provided (directly or indirectly through HCMLP) by any person; the performance or observance by any person (at any time, whether prior to or after the date hereof) of the financial condition of the Onshore Crusader Fund or the Offshore Crusader Fund; or (except as otherwise expressly provided herein) any other matter relating to any person, the Participating Interest or the Tracking Interest.

Standard of Care.  Notwithstanding anything contained herein to the contrary, HCMLP shall administer the Participation Interest and the Tracking Interest and enforce its rights, with respect to the Participating Shares and the Tracking Shares in the same manner as if it had not granted the Participation Interest or the Tracking Interest but owned the Participating Shares the Tracking Shares solely for its own account with no obligation to make or receive payments in respect of the Participation Interest or the Tracking Interest.

Assignment.  Each holder of the Participation Interest or the Tracking Interest is expressly permitted to assign or transfer any or all of its rights with respect thereto without the consent of HCMLP.

**Exhibit B**

$2,032,183.24 (based on 11/30/16 NAV) Series A Interests of Highland Capital Loan Fund, L.P. (as defined in the Limited Partnership Agreement of Highland Capital Loan Fund, L.P, dated March 28, 2013, as amended from time to time).

A participation interest in certain call options of American Airlines Group, Inc., and a participation interest and a tracking interest in certain participating shares of Highland Crusader Fund, L.P. and Highland Crusader Fund II, Ltd., in each case, as more particularly described on Schedule I attached hereto.

# Schedule I

## The Participation Interests and the Tracking Interest

The following sets forth the terms and conditions with respect to (i) a participation interest (the "AA Participation Interest") granted by Highland Capital Management, L.P. ("HCMLP") in certain call options (the "AA Options") of American Airlines Group, Inc. ("AA"), (i) a participation interest (the "Crusader Participation Interest", and together with the AA Participation Interest, the "Participation Interests") granted by HCMLP in certain participating shares of Highland Crusader Fund, L.P. (the "Onshore Crusader Fund") and Highland Crusader Fund II, Ltd. (the "Offshore Crusader Fund", and such participating shares collectively, the "Participating Crusader Shares"), and (ii) a tracking interest (the "Tracking Interest") in certain participating shares of the Onshore Crusader Fund (the "Tracking Crusader Shares").

Participation Interests and Tracking Interest

### Crusader Participation Interests

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Amount Participated | Total NAV Participated |
|---|---|---|---|---|---|
| HCMLP comp | Highland Capital Management, LP | Crusader Fund II Ltd. | $ 3,185,728.54 | 100.00% | $ 3,185,728.54 |
| HCMLP prior | Highland Capital Management, LP | Crusader Fund II Ltd. | 1,158,673.19 | 100.00% | 1,158,673.19 |
| Eames, Ltd. | Eames, Ltd. | Crusader Fund LP | 6,581,643.01 | 100.00% | 6,581,643.01 |
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund LP | 396,467.54 | 12.86% | 50,968.60 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund LP | 1,302,883.16 | 12.86% | 167,494.51 |
| Totals | | | $ 12,625,395.44 | | $ 11,144,507.85 |

### Tracking Interests

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Tracking Amount | Total Tracked Interest |
|---|---|---|---|---|---|
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund LP | 396,467.54 | 87.14% | 345,498.94 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund LP | 1,302,883.16 | 87.14% | 1,135,388.65 |
| Totals | | | $ 1,699,350.70 | | $ 1,480,887.59 |

### Total of Crusader Participations and Tracked Interests

$ 12,625,395.44

| American Airlines Call Options | # Contracts | 12/27/16 MV | Amount Participated | Total Est. MV Participated |
|---|---|---|---|---|
| CALL AAL JAN 40 1/20/17 | 10,000 | 8,710,000.00 | 100.0000% | $ 8,710,000.00 |

Evidence of Participation Interests and the Tracking Interest. HCMLP shall maintain records of all payments received from or owed by the holder of the Participation Interests and the Tracking Interest and all payments made or owed by HCMLP to the holder of the Participation Interests and the Tracking Interest.

Payments by and to HCMLP with respect to the Participation Interests and the Tracking Interest.  Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Participation Interests an amount equal to such holder's share of (i) each amount received and applied by HCMLP in payment of distributions and proceeds of any sale, assignment or other disposition of any interest in, or exercise of, the AA Options comprising the AA Participation Interest, (ii) each amount received and applied by HCMLP (or Eames, Ltd., a wholly-owned subsidiary of HCMLP, if applicable) in payment of distributions, Plan Claims (as defined in the Joint Plan of Distribution of the Crusader Funds adopted by Highland Crusader Offshore Partners, L.P., the Onshore Crusader Fund, Highland Crusader Fund, Ltd. and the Offshore Crusader Fund, and the Scheme of Arrangement between the Offshore Crusader Fund and its Scheme Creditors, as applicable) and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Participating Crusader Shares (such holder's share of such amounts, collectively, the "Participation Proceeds").  Pending such payment of Participation Proceeds by HCMLP to the holder of the Participation Interests, HCMLP will hold the Participation Proceeds in trust for the benefit of such holder and will not commingle such amounts with other property of HCMLP.  Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Tracking Interest an amount equal to each amount received and applied by HCMLP in payment of distributions, Plan Claims and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Tracking Crusader Shares.  Notwithstanding anything herein to the contrary, except for the right to receive amounts specified in this paragraph and the right to direct the voting and exercise of the AA Options pursuant to the immediately following paragraph, no holder shall have, by reason of the Participation Interests or the Tracking Interest, any rights with respect to the AA Options, the Participating Crusader Shares or the Tracking Crusader Shares.

Exercise of the AA Options.  HCMLP shall exercise or refrain from exercising any rights with respect to the AA Options (including voting rights) as is directed by the holder of the AA Participation Interest with reasonable advance notice.  In the event that the holder of the AA Participation Interest directs the exercise of the AA Options, such holder shall pay to HCMLP in immediately available funds, without set-off, counterclaim or deduction of any kind, the exercise price (unless such AA Options are being exercised via cashless exercise) plus all third party commissions and fees incurred by HCMLP in connection with the exercise of the AA Options on or prior to 11:00 AM Dallas, Texas time on the exercise date.

Nonrecourse Participation Interests and Tracking Interest.  The Participation Interests and the Tracking Interest are held by the holder thereof without recourse to HCMLP (except in respect of the HCMLP's express obligations as set forth herein) and for such holder's own account and risk.  HCMLP makes no representation or warranty as to, and shall have no responsibility for the value, legality, genuineness, validity, sufficiency or enforceability of the Participating Interests, the Tracking Interest or any of the rights attaching to them; any representation or warranty made by, or the accuracy, completeness, correctness or sufficiency of any information (or the validity, completeness or adequate disclosure of assumptions underlying any estimates, forecasts or projections contained in such information) provided (directly or indirectly through HCMLP) by any person; the performance or observance by any person (at any time, whether prior to or after the date hereof) of the financial condition of AA, the Onshore Crusader Fund or the Offshore Crusader Fund; or (except as otherwise expressly provided herein) any other matter relating to any person, the Participating Interests or the Tracking Interest.

Standard of Care.  Notwithstanding anything contained herein to the contrary, but subject to the holder of the AA Participation Interest's right and responsibility to direct the exercise and voting of the AA Options as set forth herein, HCMLP shall administer the Participation Interests and the Tracking Interest and enforce its rights, with respect to the AA Options, the Participating Crusader Shares and the Tracking Crusader Shares in the same manner as if it had not granted the Participation Interests or the Tracking Interest but owned the AA Options, the Participating Crusader Shares the Tracking Crusader Shares solely for its own account with no obligation to make or receive payments in respect of the Participation Interests or the Tracking Interest.

Assignment. Each holder of the Participation Interests or the Tracking Interest is expressly permitted to assign or transfer any or all of its rights with respect thereto without the consent of HCMLP.

Appx. 00968

## DONATIVE ASSIGNMENT OF INTERESTS

### RECITALS

WHEREAS, The Get Good Nonexempt Trust (the "Trust") is a Texas trust created under a Trust Agreement dated June 29, 2001 (the "Partnership Agreement"); and

WHEREAS, the Trust previously gave, donated and assigned all of the assets list on Exhibit A attached hereto to Highland Dallas Foundation, Inc. (the "Prior Donative Assignment"); and

WHEREAS, the Trust wishes to rescind and nullify the portion of the Prior Donative Assignment consisting of call options (the "AA Options") of American Airlines Group, Inc. as set forth on Exhibit A attached hereto; and

WHEREAS, the Trust owns all of the assets listed on Exhibit B attached hereto, which includes a participation interest in the AA Options (the "Participation Interest"); and

WHEREAS, Grant James Scott, in the exercise of his discretion as Trustee of the Trust, has approved the distribution of the Participation Interest as a charitable contribution to Highland Dallas Foundation, Inc., a permissible beneficiary of the Trust which is a tax exempt public charity that is a supporting organization described in Section 509(a)(3) of the Internal Revenue Code of 1986, as amended (the "Code"); and

WHEREAS, the Trustee of the Trust wishes to give and assign the Participation Interest to Highland Dallas Foundation, Inc. effective December 28, 2016;

### TRANSFER AND ASSIGNMENT

NOW, THEREFORE, the Trustee of the Trust hereby rescinds and nullifies the AA Option Donative Assignment; and

The Trustee of the Trust hereby gives, donates and assigns the Participation Interest to Highland Dallas Foundation, Inc.

This donative assignment is to be effective as 5:00 p.m. CST, December 28, 2016.

THE GET GOOD NONEXEMPT TRUST

By: _____
Grant James Scott, Trustee

The undersigned hereby acknowledges that it (i) is aware of this donative assignment of interests from The Get Good Nonexempt Trust to Highland Dallas Foundation, Inc., and (ii) agrees to be bound by this donative assignment.

HIGHLAND CAPITAL MANAGEMENT, L.P.

By: Strand Advisors, Inc.
    Its General Partner

By: _____
    James Dondero, President

## Exhibit A

$2,032,183.24 (based on 11/30/16 NAV) Series A Interests of Highland Capital Loan Fund, L.P. (as defined in the Limited Partnership Agreement of Highland Capital Loan Fund, L.P., dated March 28, 2013, as amended from time to time).

The following call options of American Airlines Group, Inc., a Delaware corporation:

| | # Contracts | 12/27/16 MV | Amount Assigned | Total Est. MV Assigned |
|---|---|---|---|---|
| American Airlines Call Options CALL AAL JAN 40 1/20/17 | 10,000 | 8,710,000.00 | 100.00000% $ | 8,710,000.00 |

A participation interest and a tracking interest in certain participating shares of Highland Crusader Fund, L.P. and Highland Crusader Fund II, Ltd., in each case, as more particularly described on Schedule I attached hereto.

## Schedule I

### The Participation Interest and the Tracking Interest

The following sets forth the terms and conditions with respect to (i) a participation interest (the "Participation Interest") granted by Highland Capital Management, L.P. ("HCMLP") in certain participating shares of Highland Crusader Fund, L.P. (the "Onshore Crusader Fund") and Highland Crusader Fund II, Ltd. (the "Offshore Crusader Fund", and such participating shares collectively, the "Participating Shares"), and (ii) a tracking interest (the "Tracking Interest") in certain participating shares of the Onshore Crusader Fund (the "Tracking Shares").

Participation and Tracking Interest

Crusader Participation Interests

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Amount Participated | Total NAV Participated |
|---|---|---|---|---|---|
| HCMLP comp | Highland Capital Management, LP | Crusader Fund II, Ltd. | $ 3,185,728.54 | 100.00% | $ 3,185,728.54 |
| HCMLP prior | Highland Capital Management, LP | Crusader Fund II, Ltd. | 1,158,673.19 | 100.00% | 1,158,673.19 |
| Eames, Ltd. | Eames, Ltd. | Crusader Fund, LP | 6,581,643.01 | 100.00% | 6,581,643.01 |
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 12.86% | 50,968.60 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 12.86% | 167,494.51 |
| Totals | | | $ 12,625,395.44 | | $ 11,144,507.85 |

Tracking Interests

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Tracking Amount | Total Tracked Interest |
|---|---|---|---|---|---|
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 87.14% | 345,498.94 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 87.14% | 1,135,388.65 |
| Totals | | | $ 1,699,350.70 | | $ 1,480,887.59 |

Total of Crusader Participations and Tracked Interests                                $ 12,625,395.44

Evidence of Participations and the Tracking Interest. HCMLP shall maintain records of all payments received from or owed by the holder of the Participation Interest and the Tracking Interest and all payments made or owed by HCMLP to the holder of the Participation Interest and the Tracking Interest.

Appx. 00972

Payments by and to HCMLP with respect to the Participation Interest and the Tracking Interest. Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Participation Interest an amount equal to such holder's share of each amount received and applied by HCMLP (or Eames, Ltd., a wholly-owned subsidiary of HCMLP, if applicable) in payment of distributions, Plan Claims (as defined in the Joint Plan of Distribution of the Crusader Funds adopted by Highland Crusader Offshore Partners, L.P., the Onshore Crusader Fund, Highland Crusader Fund, Ltd. and the Offshore Crusader Fund, and the Scheme of Arrangement between the Offshore Crusader Fund and its Scheme Creditors, as applicable) and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Participating Shares (such holder's share of such amounts, collectively, the "Participation Proceeds"). Pending such payment of Participation Proceeds by HCMLP to the holder of the Participation Interest, HCMLP will hold the Participation Proceeds in trust for the benefit of such holder and will not commingle such amounts with other property of HCMLP. Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Tracking Interest an amount equal to each amount received and applied by HCMLP in payment of distributions, Plan Claims and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Underlying Shares. Notwithstanding anything herein to the contrary, except for the right to receive amounts specified in this paragraph, no holder shall have, by reason of the Participation Interest or the Tracking Interest, any rights with respect to the Participating Shares or the Tracking Shares.

Nonrecourse Participation Interest and Tracking Interest. The Interest and the Tracking Interest are held by the holder thereof without recourse to HCMLP (except in respect of the HCMLP's express obligations as set forth herein) and for such holder's own account and risk. HCMLP makes no representation or warranty as to, and shall have no responsibility for the value, legality, genuineness, validity, sufficiency or enforceability of the Participating Interest, the Tracking Interest or any of the rights attaching to them; any representation or warranty made by, or the accuracy, completeness, correctness or sufficiency of any information (or the validity, completeness or adequate disclosure of assumptions underlying any estimates, forecasts or projections contained in such information) provided (directly or indirectly through HCMLP) by any person; the performance or observance by any person (at any time, whether prior to or after the date hereof) of the financial condition of the Onshore Crusader Fund or the Offshore Crusader Fund; or (except as otherwise expressly provided herein) any other matter relating to any person, the Participating Interest or the Tracking Interest.

Standard of Care. Notwithstanding anything contained herein to the contrary, HCMLP shall administer the Participation Interest and the Tracking Interest and enforce its rights, with respect to the Participating Shares and the Tracking Shares in the same manner as if it had not granted the Participation Interest or the Tracking Interest but owned the Participating Shares the Tracking Shares solely for its own account with no obligation to make or receive payments in respect of the Participation Interest or the Tracking Interest.

Assignment. Each holder of the Participation Interest or the Tracking Interest is expressly permitted to assign or transfer any or all of its rights with respect thereto without the consent of HCMLP.

Appx. 00973

**Exhibit B**

$2,032,183.24 (based on 11/30/16 NAV) Series A Interests of Highland Capital Loan Fund, L.P. (as defined in the Limited Partnership Agreement of Highland Capital Loan Fund, L.P, dated March 28, 2013, as amended from time to time).

A participation interest in certain call options of American Airlines Group, Inc., and a participation interest and a tracking interest in certain participating shares of Highland Crusader Fund, L.P. and Highland Crusader Fund II, Ltd., in each case, as more particularly described on Schedule I attached hereto.

## Schedule I

## The Participation Interests and the Tracking Interest

The following sets forth the terms and conditions with respect to (i) a participation interest (the "AA Participation Interest") granted by Highland Capital Management, L.P. ("HCMLP") in certain call options (the "AA Options") of American Airlines Group, Inc. ("AA"), (i) a participation interest (the "Crusader Participation Interest", and together with the AA Participation Interest, the "Participation Interests") granted by HCMLP in certain participating shares of Highland Crusader Fund, L.P. (the "Onshore Crusader Fund") and Highland Crusader Fund II, Ltd. (the "Offshore Crusader Fund", and such participating shares collectively, the "Participating Crusader Shares"), and (ii) a tracking interest (the "Tracking Interest") in certain participating shares of the Onshore Crusader Fund (the "Tracking Crusader Shares").

Participation Interests and Tracking Interest

**Crusader Participation Interests**

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Amount Participated | Total NAV Participated |
|---|---|---|---|---|---|
| HCMLP comp | Highland Capital Management, LP | Crusader Fund II, Ltd. | $ 3,185,728.54 | 100.00% | $ 3,185,728.54 |
| HCMLP prior | Highland Capital Management, LP | Crusader Fund II, Ltd. | 1,158,673.19 | 100.00% | 1,158,673.19 |
| Eames, Ltd. | Eames, Ltd. | Crusader Fund, LP | 6,581,643.01 | 100.00% | 6,581,643.01 |
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 12.86% | 50,968.60 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 12.86% | 67,494.51 |
| Totals | | | $ 12,625,395.44 | | $ 11,144,507.85 |

**Tracking Interests**

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Tracking Amount | Total Tracked Interest |
|---|---|---|---|---|---|
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 87.14% | 345,498.94 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 87.14% | 1,135,388.65 |
| Totals | | | $ 1,699,350.70 | | $ 1,480,887.59 |

Total of Crusader Participations and Tracked Interests: $ 12,625,395.44

American Airlines Call Options
CALL AAL JAN 40 1/20/17

| # Contracts | 12/27/16 MV | Amount Participated | Total Est. MV Participated |
|---|---|---|---|
| 10,000 | 8,710,000.00 | 100.0000% | $ 8,710,000.00 |

Evidence of Participation Interests and the Tracking Interest. HCMLP shall maintain records of all payments received from or owed by the holder of the Participation Interests and the Tracking Interest and all payments made or owed by HCMLP to the holder of the Participation Interests and the Tracking Interest.

Payments by and to HCMLP with respect to the Participation Interests and the Tracking Interest. Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Participation Interests an amount equal to such holder's share of (i) each amount received and applied by HCMLP in payment of distributions and proceeds of any sale, assignment or other disposition of any interest in, or exercise of, the AA Options comprising the AA Participation Interest, (ii) each amount received and applied by HCMLP (or Eames, Ltd., a wholly-owned subsidiary of HCMLP, if applicable) in payment of distributions, Plan Claims (as defined in the Joint Plan of Distribution of the Crusader Funds adopted by Highland Crusader Offshore Partners, L.P., the Onshore Crusader Fund, Highland Crusader Fund, Ltd. and the Offshore Crusader Fund, and the Scheme of Arrangement between the Offshore Crusader Fund and its Scheme Creditors, as applicable) and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Participating Crusader Shares (such holder's share of such amounts, collectively, the "Participation Proceeds"). Pending such payment of Participation Proceeds by HCMLP to the holder of the Participation Interests, HCMLP will hold the Participation Proceeds in trust for the benefit of such holder and will not commingle such amounts with other property of HCMLP. Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Tracking Interest an amount equal to each amount received and applied by HCMLP in payment of distributions, Plan Claims and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Tracking Crusader Shares. Notwithstanding anything herein to the contrary, except for the right to receive amounts specified in this paragraph and the right to direct the voting and exercise of the AA Options pursuant to the immediately following paragraph, no holder shall have, by reason of the Participation Interests or the Tracking Interest, any rights with respect to the AA Options, the Participating Crusader Shares or the Tracking Crusader Shares.

Exercise of the AA Options. HCMLP shall exercise or refrain from exercising any rights with respect to the AA Options (including voting rights) as is directed by the holder of the AA Participation Interest with reasonable advance notice. In the event that the holder of the AA Participation Interest directs the exercise of the AA Options, such holder shall pay to HCMLP in immediately available funds, without set-off, counterclaim or deduction of any kind, the exercise price (unless such AA Options are being exercised via cashless exercise) plus all third party commissions and fees incurred by HCMLP in connection with the exercise of the AA Options on or prior to 11:00 AM Dallas, Texas time on the exercise date.

Nonrecourse Participation Interests and Tracking Interest. The Participation Interests and the Tracking Interest are held by the holder thereof without recourse to HCMLP (except in respect of the HCMLP's express obligations as set forth herein) and for such holder's own account and risk. HCMLP makes no representation or warranty as to, and shall have no responsibility for the value, legality, genuineness, validity, sufficiency or enforceability of the Participating Interests, the Tracking Interest or any of the rights attaching to them; any

representation or warranty made by, or the accuracy, completeness, correctness or sufficiency of any information (or the validity, completeness or adequate disclosure of assumptions underlying any estimates, forecasts or projections contained in such information) provided (directly or indirectly through HCMLP) by any person; the performance or observance by any person (at any time, whether prior to or after the date hereof) of the financial condition of AA, the Onshore Crusader Fund or the Offshore Crusader Fund; or (except as otherwise expressly provided herein) any other matter relating to any person, the Participating Interests or the Tracking Interest.

Standard of Care.   Notwithstanding anything contained herein to the contrary, but subject to the holder of the AA Participation Interest's right and responsibility to direct the exercise and voting of the AA Options as set forth herein, HCMLP shall administer the Participation Interests and the Tracking Interest and enforce its rights, with respect to the AA Options, the Participating Crusader Shares and the Tracking Crusader Shares in the same manner as if it had not granted the Participation Interests or the Tracking Interest but owned the AA Options, the Participating Crusader Shares the Tracking Crusader Shares solely for its own account with no obligation to make or receive payments in respect of the Participation Interests or the Tracking Interest.

Assignment.  Each holder of the Participation Interests or the Tracking Interest is expressly permitted to assign or transfer any or all of its rights with respect thereto without the consent of HCMLP.

### HIGHLAND DALLAS FOUNDATION, INC.

**Unanimous Written Consent of Directors**
**In Lieu of Meeting**

THE UNDERSIGNED, being all of the directors of Highland Dallas Foundation, Inc. ("Foundation"), a Delaware nonprofit nonstock corporation, do hereby consent to the adoption of, and do hereby adopt, the following resolutions pursuant to Section 141(f) of the General Corporation Law of the State of Delaware, and hereby direct that this Written Consent be filed with the minutes of the proceedings of the Board of Directors of the Foundation:

WHEREAS, the Foundation received and accepted a gift from The Get Good Nonexempt Trust created by Trust Agreement dated June 29, 2001 (the "Trust") consisting of the assets listed on Exhibit A attached hereto (collectively, the "Prior Gifted Interests"), effective December 28, 2016;

WHEREAS, the Foundation and Get Good desire to rescind and nullify the portion of the Prior Gifted Interests consisting of call options (the "AA Options") of American Airlines Group, Inc. set forth on Exhibit A attached hereto;

WHEREAS, the Foundation has received and hereby accepts a gift from the Trust consisting of the assets listed on Exhibit B attached hereto, effective December 28, 2016, which includes a participation interest in the AA Options (the "Gifted Participation Interest"); and

WHEREAS, the Foundation currently owns 100 Participating Shares in Charitable DAF HoldCo, Ltd. ("DAF HoldCo"), a Cayman Islands exempted company, which shares represent one-third of the economic value of DAF HoldCo; and

WHEREAS, the Foundation's interest in DAF HoldCo has produced significant returns for the Foundation that are used in furtherance of its exempt purposes and those of its supported organization; and

WHEREAS, the directors of the Foundation, after careful consideration, believe it is in the best interests of the Foundation and its supported organization to contribute the Gifted Participation Interest to DAF HoldCo;

NOW, THEREFORE, be it hereby

RESOLVED, that the Board of Directors of the Foundation hereby approves and authorizes the rescission and nullification of the gift of the AA Options, and the Foundation hereby irrevocably and unconditionally fully and forever waives and

disclaims any right, title or interest in or to the AA Options, except for the Gifted Participation Interest;

RESOLVED, that the Board of Directors of the Foundation hereby approves and authorizes the Foundation to contribute the Gifted Participation Interest to DAF HoldCo, effective December 28, 2016;

FURTHER RESOLVED, that the officers of the Foundation are hereby authorized to execute and deliver such documents, and to take such other actions, as are appropriate to implement the purposes of the foregoing resolution, with such additional terms and conditions, consistent therewith, as may be approved by such officers; and

FURTHER RESOLVED, that this Written Consent may be validly executed by electronic means to the fullest extent permitted by Delaware law.

IN WITNESS WHEREOF, the undersigned, being all of the directors of the Foundation, have caused this Unanimous Written Consent to be executed effective as of December 28, 2016.

_____
James Dondero

_____
Grant Scott

_____
Mary M. Jalonick

HIGHLAND DALLAS FOUNDATION, INC. – UNANIMOUS WRITTEN CONSENT OF DIRECTORS IN LIEU
OF MEETING

## Exhibit A

$2,032,183.24 (based on 11/30/16 NAV) Series A Interests of Highland Capital Loan Fund, L.P. (as defined in the Limited Partnership Agreement of Highland Capital Loan Fund, L.P., dated March 28, 2013, as amended from time to time).

The following call options of American Airlines Group, Inc., a Delaware corporation:

| American Airlines Call Options | # Contracts | 12/27/16 MV | Amount Assigned | Total Est. MV Assigned |
|---|---|---|---|---|
| CALL AAL JAN 40 1/20/17 | 10,000 | 8,710,000.00 | 100.0000% | $ 8,710,000.00 |

A participation interest and a tracking interest in certain participating shares of Highland Crusader Fund, L.P. and Highland Crusader Fund II, Ltd., in each case, as more particularly described on Schedule I attached hereto.

## Schedule I

## The Participation Interest and the Tracking Interest

The following sets forth the terms and conditions with respect to (i) a participation interest (the "Participation Interest") granted by Highland Capital Management, L.P. ("HCMLP") in certain participating shares of Highland Crusader Fund, L.P. (the "Onshore Crusader Fund") and Highland Crusader Fund II, Ltd. (the "Offshore Crusader Fund", and such participating shares collectively, the "Participating Shares"), and (ii) a tracking interest (the "Tracking Interest") in certain participating shares of the Onshore Crusader Fund (the "Tracking Shares").

Participation and Tracking Interest

**Crusader Participation Interests**

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Amount Participated | Total NAV Participated |
|---|---|---|---|---|---|
| HCMLP comp | Highland Capital Management, LP | Crusader Fund II Ltd. | $ 3,185,728.54 | 100.00% | $ 3,185,728.54 |
| HCMLP prior | Highland Capital Management, LP | Crusader Fund II Ltd | 1,158,673.19 | 100.00% | 1,158,673.19 |
| Eames, Ltd. | Eames, Ltd. | Crusader Fund, LP | 6,581,643.01 | 100.00% | 6,581,643.01 |
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 12.86% | 50,968.60 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 12.86% | 167,494.51 |
| Totals | | | $ 12,625,395.44 | | $ 11,144,507.85 |

**Tracking Interests**

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Tracking Amount | Total Tracked Interest |
|---|---|---|---|---|---|
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 87.14% | 345,498.94 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 87.14% | 1,135,388.65 |
| Totals | | | $ 1,699,350.70 | | $ 1,480,887.59 |

Total of Crusader Participations and Tracked Interests     $ 12,625,395.44

Evidence of Participations and the Tracking Interest.  HCMLP shall maintain records of all payments received from or owed by the holder of the Participation Interest and the Tracking Interest and all payments made or owed by HCMLP to the holder of the Participation Interest and the Tracking Interest.

Payments by and to HCMLP with respect to the Participation Interest and the Tracking Interest. Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Participation Interest an amount equal to such holder's share of each amount received and applied by HCMLP (or Eames, Ltd., a wholly-owned subsidiary of HCMLP, if applicable) in payment of distributions, Plan Claims (as defined in the Joint Plan of Distribution of the Crusader Funds adopted by Highland Crusader Offshore Partners, L.P., the Onshore Crusader Fund, Highland Crusader Fund, Ltd. and the Offshore Crusader Fund, and the Scheme of Arrangement between the Offshore Crusader Fund and its Scheme Creditors, as applicable) and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Participating Shares (such holder's share of such amounts, collectively, the "Participation Proceeds"). Pending such payment of Participation Proceeds by HCMLP to the holder of the Participation Interest, HCMLP will hold the Participation Proceeds in trust for the benefit of such holder and will not commingle such amounts with other property of HCMLP. Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Tracking Interest an amount equal to each amount received and applied by HCMLP in payment of distributions, Plan Claims and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Underlying Shares. Notwithstanding anything herein to the contrary, except for the right to receive amounts specified in this paragraph, no holder shall have, by reason of the Participation Interest or the Tracking Interest, any rights with respect to the Participating Shares or the Tracking Shares.

Nonrecourse Participation Interest and Tracking Interest. The Interest and the Tracking Interest are held by the holder thereof without recourse to HCMLP (except in respect of the HCMLP's express obligations as set forth herein) and for such holder's own account and risk. HCMLP makes no representation or warranty as to, and shall have no responsibility for the value, legality, genuineness, validity, sufficiency or enforceability of the Participating Interest, the Tracking Interest or any of the rights attaching to them; any representation or warranty made by, or the accuracy, completeness, correctness or sufficiency of any information (or the validity, completeness or adequate disclosure of assumptions underlying any estimates, forecasts or projections contained in such information) provided (directly or indirectly through HCMLP) by any person; the performance or observance by any person (at any time, whether prior to or after the date hereof) of the financial condition of the Onshore Crusader Fund or the Offshore Crusader Fund; or (except as otherwise expressly provided herein) any other matter relating to any person, the Participating Interest or the Tracking Interest.

Standard of Care. Notwithstanding anything contained herein to the contrary, HCMLP shall administer the Participation Interest and the Tracking Interest and enforce its rights, with respect to the Participating Shares and the Tracking Shares in the same manner as if it had not granted the Participation Interest or the Tracking Interest but owned the Participating Shares the Tracking Shares solely for its own account with no obligation to make or receive payments in respect of the Participation Interest or the Tracking Interest.

Assignment. Each holder of the Participation Interest or the Tracking Interest is expressly permitted to assign or transfer any or all of its rights with respect thereto without the consent of HCMLP.

**Exhibit B**

$2,032,183.24 (based on 11/30/16 NAV) Series A Interests of Highland Capital Loan Fund, L.P. (as defined in the Limited Partnership Agreement of Highland Capital Loan Fund, L.P, dated March 28, 2013, as amended from time to time).

A participation interest in certain call options of American Airlines Group, Inc., and a participation interest and a tracking interest in certain participating shares of Highland Crusader Fund, L.P. and Highland Crusader Fund II, Ltd., in each case, as more particularly described on <u>Schedule I</u> attached hereto.

## Schedule I

### The Participation Interests and the Tracking Interest

The following sets forth the terms and conditions with respect to (i) a participation interest (the "AA Participation Interest") granted by Highland Capital Management, L.P. ("HCMLP") in certain call options (the "AA Options") of American Airlines Group, Inc. ("AA"), (i) a participation interest (the "Crusader Participation Interest", and together with the AA Participation Interest, the "Participation Interests") granted by HCMLP in certain participating shares of Highland Crusader Fund, L.P. (the "Onshore Crusader Fund") and Highland Crusader Fund II, Ltd. (the "Offshore Crusader Fund", and such participating shares collectively, the "Participating Crusader Shares"), and (ii) a tracking interest (the "Tracking Interest") in certain participating shares of the Onshore Crusader Fund (the "Tracking Crusader Shares").

Participation Interests and Tracking Interest

Crusader Participation Interests

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Amount Participated | Total NAV Participated |
|---|---|---|---|---|---|
| HCMLP comp | Highland Capital Management, LP | Crusader Fund II, Ltd. | $ 3,185,728.54 | 100.00% | $ 3,185,728.54 |
| HCMLP prior | Highland Capital Management, LP | Crusader Fund II, Ltd. | 1,158,673.19 | 100.00% | 1,158,673.19 |
| Eames, Ltd. | Eames, Ltd. | Crusader Fund, LP | 6,581,643.01 | 100.00% | 6,581,643.01 |
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 12.86% | 50,968.60 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 12.86% | 167,494.51 |
| Totals | | | $ 12,625,395.44 | | $ 11,144,507.85 |

Tracking Interests

| Account Name | Legal Owner | Feeder Fund Investment | 11/30/16 NAV per statement | Tracking Amount | Total Tracked Interest |
|---|---|---|---|---|---|
| HCMLP (1) | Highland Capital Management, LP | Crusader Fund, LP | 396,467.54 | 87.14% | 345,498.94 |
| HCMLP (2) | Highland Capital Management, LP | Crusader Fund, LP | 1,302,883.16 | 87.14% | 1,135,388.65 |
| Totals | | | $ 1,699,350.70 | | $ 1,480,887.59 |

Total of Crusader Participations and Tracked Interests    $ 12,625,395.44

| American Airlines Call Options | # Contracts | 12/27/16 MV | Amount Participated | Total Est. MV Participated |
|---|---|---|---|---|
| CALL AAL JAN 40 1/2017 | 10,000 | 8,710,000.00 | 100.00000% | $ 8,710,000.00 |

Evidence of Participation Interests and the Tracking Interest.  HCMLP shall maintain records of all payments received from or owed by the holder of the Participation Interests and the Tracking Interest and all payments made or owed by HCMLP to the holder of the Participation Interests and the Tracking Interest.

Payments by and to HCMLP with respect to the Participation Interests and the Tracking Interest.  Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Participation Interests an amount equal to such holder's share of (i) each amount received and applied by HCMLP in payment of distributions and proceeds of any sale, assignment or other disposition of any interest in, or exercise of, the AA Options comprising the AA Participation Interest, (ii) each amount received and applied by HCMLP (or Eames, Ltd., a wholly-owned subsidiary of HCMLP, if applicable) in payment of distributions, Plan Claims (as defined in the Joint Plan of Distribution of the Crusader Funds adopted by Highland Crusader Offshore Partners, L.P., the Onshore Crusader Fund, Highland Crusader Fund, Ltd. and the Offshore Crusader Fund, and the Scheme of Arrangement between the Offshore Crusader Fund and its Scheme Creditors, as applicable) and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Participating Crusader Shares (such holder's share of such amounts, collectively, the "Participation Proceeds"). Pending such payment of Participation Proceeds by HCMLP to the holder of the Participation Interests, HCMLP will hold the Participation Proceeds in trust for the benefit of such holder and will not commingle such amounts with other property of HCMLP. Subject to any applicable tax withholding, HCMLP shall promptly pay to the holder of the Tracking Interest an amount equal to each amount received and applied by HCMLP in payment of distributions, Plan Claims and proceeds of any sale, assignment or other disposition of any interest, in each case, with respect to or in the Tracking Crusader Shares.  Notwithstanding anything herein to the contrary, except for the right to receive amounts specified in this paragraph and the right to direct the voting and exercise of the AA Options pursuant to the immediately following paragraph, no holder shall have, by reason of the Participation Interests or the Tracking Interest, any rights with respect to the AA Options, the Participating Crusader Shares or the Tracking Crusader Shares.

Exercise of the AA Options.  HCMLP shall exercise or refrain from exercising any rights with respect to the AA Options (including voting rights) as is directed by the holder of the AA Participation Interest with reasonable advance notice.  In the event that the holder of the AA Participation Interest directs the exercise of the AA Options, such holder shall pay to HCMLP in immediately available funds, without set-off, counterclaim or deduction of any kind, the exercise price (unless such AA Options are being exercised via cashless exercise) plus all third party commissions and fees incurred by HCMLP in connection with the exercise of the AA Options on or prior to 11:00 AM Dallas, Texas time on the exercise date.

Nonrecourse Participation Interests and Tracking Interest.  The Participation Interests and the Tracking Interest are held by the holder thereof without recourse to HCMLP (except in respect of the HCMLP's express obligations as set forth herein) and for such holder's own account and risk.  HCMLP makes no representation or warranty as to, and shall have no responsibility for the value, legality,

**Appx. 00986**

genuineness, validity, sufficiency or enforceability of the Participating Interests, the Tracking Interest or any of the rights attaching to them; any representation or warranty made by, or the accuracy, completeness, correctness or sufficiency of any information (or the validity, completeness or adequate disclosure of assumptions underlying any estimates, forecasts or projections contained in such information) provided (directly or indirectly through HCMLP) by any person; the performance or observance by any person (at any time, whether prior to or after the date hereof) of the financial condition of AA, the Onshore Crusader Fund or the Offshore Crusader Fund; or (except as otherwise expressly provided herein) any other matter relating to any person, the Participating Interests or the Tracking Interest.

Standard of Care.  Notwithstanding anything contained herein to the contrary, but subject to the holder of the AA Participation Interest's right and responsibility to direct the exercise and voting of the AA Options as set forth herein, HCMLP shall administer the Participation Interests and the Tracking Interest and enforce its rights, with respect to the AA Options, the Participating Crusader Shares and the Tracking Crusader Shares in the same manner as if it had not granted the Participation Interests or the Tracking Interest but owned the AA Options, the Participating Crusader Shares the Tracking Crusader Shares solely for its own account with no obligation to make or receive payments in respect of the Participation Interests or the Tracking Interest.

Assignment.  Each holder of the Participation Interests or the Tracking Interest is expressly permitted to assign or transfer any or all of its rights with respect thereto without the consent of HCMLP.