# EXHIBIT 47

Appx. 00988

Claim #138  Date Filed: 4/8/2020

**Fill in this information to identify the case:**

Debtor: Highland Capital Management, L.P.

United States Bankruptcy Court for the: Northern District of Texas
(State)

Case number: 19-34054

Official Form 410
# Proof of Claim
04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

### Part 1: Identify the Claim

1. **Who is the current creditor?**
   James D. Dondero
   Name of the current creditor (the person or entity to be paid for this claim)
   Other names the creditor used with the debtor _____

2. **Has this claim been acquired from someone else?**
   ☑ No
   ☐ Yes. From whom? _____

3. **Where should notices and payments to the creditor be sent?**

   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   Where should notices to the creditor be sent?
   James D. Dondero
   300 Crescent Court, Ste. 700
   Dallas, TX 75201

   Contact phone _____
   Contact email bryan.assink@bondsellis.com

   Where should payments to the creditor be sent? (if different)

   Contact phone _____
   Contact email _____

   Uniform claim identifier for electronic payments in chapter 13 (if you use one):
   __ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

4. **Does this claim amend one already filed?**
   ☑ No
   ☐ Yes.   Claim number on court claims registry (if known) _____   Filed on ___/___/_____
                                                                                MM / DD / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**
   ☑ No
   ☐ Yes. Who made the earlier filing? _____

Official Form 410                               **Proof of Claim**                                         page 1

Appx. 00989

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**   $ _See attached Exhibit "A"_ .   **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_See attached Exhibit "A"_

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.   The claim is secured by a lien on property.

**Nature or property:**

☐ Real estate: If the claim is secured by the debtor's principle residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                                    $_____

**Amount of the claim that is secured:**       $_____

**Amount of the claim that is unsecured:**   $_____   (The sum of the secured and unsecured amount should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed) _____ %

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

---

Official Form 410                                    **Proof of Claim**

page 2

Appx. 00990

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☒ No | **Amount entitled to priority** |
| | ☐ Yes. *Check all that apply:* | |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. **Is all or part of the claim pursuant to 11 U.S.C. § 503(b)(9)?** | ☒ No | |
| | ☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. | |
| | $_____ | |

### Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  04/08/2020
                  MM / DD / YYYY

/s/James D. Dondero
Signature

**Print the name of the person who is completing and signing this claim:**

Name     James D. Dondero
         First name        Middle name        Last name

Title    _____

Company  _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  D. Michael Lynn, 420 Throckmorton Street, Suite 1000, Fort Worth, Texas, 76102

Contact phone  8174056900           Email  michael.lynn@bondsellis.com

Official Form 410                    **Proof of Claim**                          page 3

Appx. 00991

# KCC ePOC Electronic Claim Filing Summary

For phone assistance: Domestic (877) 573-3984 | International (310) 751-1829

| | |
|---|---|
| **Debtor:** <br> 19-34054 - Highland Capital Management, L.P. <br> **District:** <br> Northern District of Texas, Dallas Division | |
| **Creditor:** <br> James D. Dondero <br> 300 Crescent Court, Ste. 700 <br> Dallas, TX, 75201 <br> **Phone:** <br> **Phone 2:** <br> **Fax:** <br> **Email:** <br> bryan.assink@bondsellis.com | **Has Supporting Documentation:** <br> Yes, supporting documentation successfully uploaded <br> **Related Document Statement:** <br><br> **Has Related Claim:** <br> No <br> **Related Claim Filed By:** <br><br> **Filing Party:** <br> Creditor |
| **Other Names Used with Debtor:** | **Amends Claim:** <br> No <br> **Acquired Claim:** <br> No |
| **Basis of Claim:** <br> See attached Exhibit "A" | **Last 4 Digits:** No    **Uniform Claim Identifier:** |
| **Total Amount of Claim:** <br> See attached Exhibit "A" | **Includes Interest or Charges:** <br> No |
| **Has Priority Claim:** <br> No | **Priority Under:** |
| **Has Secured Claim:** <br> No | **Nature of Secured Amount:** <br> **Value of Property:** |
| **Amount of 503(b)(9):** <br> No | **Annual Interest Rate:** |
| **Based on Lease:** <br> No | **Arrearage Amount:** <br> **Basis for Perfection:** |
| **Subject to Right of Setoff:** <br> No | **Amount Unsecured:** |
| **Submitted By:** <br> James D. Dondero on 08-Apr-2020 4:29:06 p.m. Eastern Time <br> **Title:** <br> **Company:** | |
| **Optional Signature Address:** <br> James D. Dondero <br> D. Michael Lynn <br> 420 Throckmorton Street, Suite 1000 <br> Fort Worth, Texas, 76102 <br> **Telephone Number:** <br> 8174056900 <br> **Email:** <br> michael.lynn@bondsellis.com | |

VN: A70893C668A17E6B39B27C424F4F2E5C

**Appx. 00992**

## Exhibit A

James Dondero ("Claimant") has paid a number of miscellaneous expenses for the benefit of the Debtor and/or its various related entities in an amount totaling not less than $100,000.00 as shown in the chart below. There are potentially additional payments, details of which may be provided after the Debtor completes its examination of its accounting records. Claimant has requested this information from the Debtor to ascertain the exact amount of his claim. This process is on-going. Additionally, this process has been delayed due to the outbreak of the Coronavirus. Claimant will ascertain the exact amount of his claim in the next ninety days.

| POC | Type of pmt | FBO Highland affiliate | Vendor | Amount | Description |
|---|---|---|---|---|---|
| James Dondero | Retainer | Neutra Ltd. | Levinger PC | $50,000.00 | Neutra Ltd is 100% owned by HCMLP (as trustee for and on behalf of Acis CMOA Trust), which is owned 100% by Highland CLO Asset Holdings Limited, which is owned 75% by Dugaboy. Pmt was made by Jim for Dugaboy, via revolving loan agreement with the trust. Payment was made for a retainer for the law firm engaged for Acis appeals. |
| James Dondero | Expenses | HCMLP New York, Inc | Landlord for HCMLP NY | $30,000.00 | HCMLP New York, Inc is owned 99% by Jim Dondero. Jim contributed funds so HCMLP NY could make its monthly rent payments. |
| James Dondero | Expenses | Brave Holdings III Inc. | CT Corp | $354.77 | Jim Dondero is the President of Brave Holdings and paid for the entities DE annual filing. |
| James Dondero | Expenses | HCM Services, Inc. | CT Corp | $225.00 | Highland Capital Management Services, Inc. is 75% owned by Jim Dondero. Mr. Dondero paid for Services DE annual filing. |
| James Dondero | Expenses | NREA Estates Inc. | CT Corp | $225.00 | Jim Dondero is the President of NREA and paid for the entities annual DE filing. |
| James Dondero | Expenses | NREA Meritage Inc | CT Corp | $225.00 | Jim Dondero is the President of NREA Meritage Inc. and paid for the entities annual DE filing. |
| James Dondero | Expenses | HCM AG | Stefan Pellar | $10,247.11 | Highland Capital AG, a Swiss entity, is owned 100% by Dugaboy, pmt was made by JD. The expenses were for director fees. |
| James Dondero | Expenses | HCMLP | Crescent Research Svcs, Inc. | $5,333.40 | Background check research re Bankruptcy |
| James Dondero | Expenses | HCMLP | Crescent Research Svcs, Inc. | $3,399.90 | Background check research re Bankruptcy |
| James Dondero | Expenses | HCMLP | Crescent Research Svcs, Inc. | $3,240.00 | Background check research re Bankruptcy |