# EXHIBIT 53

Claim #151  Date Filed: 4/8/2020

**Fill in this information to identify the case:**

Debtor: Highland Capital Management, L.P.

United States Bankruptcy Court for the: Northern District of Texas
(State)

Case number: 19-34054

Official Form 410
# Proof of Claim
04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

---

**Part 1: Identify the Claim**

1. **Who is the current creditor?**
   NexVest, LLC
   Name of the current creditor (the person or entity to be paid for this claim)
   Other names the creditor used with the debtor _____

2. **Has this claim been acquired from someone else?**
   ☒ No
   ☐ Yes. From whom? _____

3. **Where should notices and payments to the creditor be sent?**

   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   Where should notices to the creditor be sent?

   NexVest, LLC
   Jason Rudd
   3131 McKinney Ave.
   Suite 100
   Dallas, TX 75204, United States

   Contact phone  2147404038
   Contact email  jason.rudd@wickphillips.com

   Where should payments to the creditor be sent? (if different)

   NexVest, LLC
   2515 McKinney Ave., Suite 1100
   United States
   Dallas, Texas 75201

   Contact phone _____
   Contact email _____

   Uniform claim identifier for electronic payments in chapter 13 (if you use one):
   __ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

4. **Does this claim amend one already filed?**
   ☒ No
   ☐ Yes.  Claim number on court claims registry (if known) _____  Filed on ___/___/_____
                                                                        MM   DD   YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**
   ☒ No
   ☐ Yes. Who made the earlier filing? _____

---

Official Form 410                    **Proof of Claim**                         page 1

**Appx. 01025**

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $ <u>see addendum</u>   . **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

<u>Promissory note - see attached addendum</u>

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.   The claim is secured by a lien on property.

**Nature or property:**

☐ Real estate: If the claim is secured by the debtor's principle residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____ %

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Official Form 410                    **Proof of Claim**                                              page 2

Appx. 01026

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☒ No | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check all that apply:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. **Is all or part of the claim pursuant to 11 U.S.C. § 503(b)(9)?** | ☒ No | |
| | ☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. | |
| | $_____ | |

---

**Part 3:   Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   04/08/2020
              MM / DD / YYYY

_/s/James Dondero_
Signature

**Print the name of the person who is completing and signing this claim:**

Name      James Dondero
          First name            Middle name            Last name

Title     Manager

Company   NexVest, LLC
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address

Contact phone _____   Email _____

---

Official Form 410                    **Proof of Claim**                    page 3

**Appx. 01027**

# KCC ePOC Electronic Claim Filing Summary

For phone assistance: Domestic (877) 573-3984 | International (310) 751-1829

| | |
|---|---|
| **Debtor:** <br> 19-34054 - Highland Capital Management, L.P. <br> **District:** <br> Northern District of Texas, Dallas Division | |
| **Creditor:** <br> NexVest, LLC <br> Jason Rudd <br> 3131 McKinney Ave. <br> Suite 100 <br> Dallas, TX, 75204 <br> United States <br> **Phone:** <br> 2147404038 <br> **Phone 2:** <br> **Fax:** <br> **Email:** <br> jason.rudd@wickphillips.com | **Has Supporting Documentation:** <br> Yes, supporting documentation successfully uploaded <br> **Related Document Statement:** <br><br> **Has Related Claim:** <br> No <br> **Related Claim Filed By:** <br><br> **Filing Party:** <br> Creditor |
| **Disbursement/Notice Parties:** <br> NexVest, LLC <br> 2515 McKinney Ave., Suite 1100 <br> United States <br> Dallas, Texas, 75201 <br> **Phone:** <br> **Phone 2:** <br> **Fax:** <br> **E-mail:** <br> **DISBURSEMENT ADDRESS** | |
| **Other Names Used with Debtor:** | **Amends Claim:** <br> No <br> **Acquired Claim:** <br> No |
| **Basis of Claim:** <br> Promissory note - see attached addendum | **Last 4 Digits:** No · **Uniform Claim Identifier:** |
| **Total Amount of Claim:** <br> see addendum | **Includes Interest or Charges:** <br> No |
| **Has Priority Claim:** <br> No | **Priority Under:** |
| **Has Secured Claim:** <br> No | **Nature of Secured Amount:** <br> **Value of Property:** |
| **Amount of 503(b)(9):** <br> No | **Annual Interest Rate:** <br> **Arrearage Amount:** |
| **Based on Lease:** <br> No | **Basis for Perfection:** |
| **Subject to Right of Setoff:** <br> No | **Amount Unsecured:** |
| **Submitted By:** <br> James Dondero on 08-Apr-2020 5:07:59 p.m. Eastern Time <br> **Title:** <br> Manager <br> **Company:** <br> NexVest, LLC | |

**Fill in this information to identify the case:**

Debtor 1: Highland Capital Management, LP

Debtor 2: _____
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of Texas

Case number: 19-34054

---

Official Form 410

# Proof of Claim  04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

NexVest, LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Wick Phillips Attn: Jason Rudd
Name

3131 McKinney Ave., Suite 100
Number     Street

Dallas          TX          75204
City           State        ZIP Code

Contact phone 214-740-4038

Contact email jason.rudd@wickphillips.com

**Where should payments to the creditor be sent?** (if different)

NexVest, LLC
Name

2515 McKinney Ave., Suite 1100
Number     Street

Dallas          TX          75201
City           State        ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
           MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

---

Official Form 410                Proof of Claim                page 1

Appx. 01029

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

6. **Do you have any number you use to identify the debtor?**
   ☑ No
   ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. **How much is the claim?**   $____see attached_____.   **Does this amount include interest or other charges?**
   ☑ No
   ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.

   __Promissory note, see attached addendum_____

9. **Is all or part of the claim secured?**
   ☑ No
   ☐ Yes.   The claim is secured by a lien on property.

   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property**:   $_____
   **Amount of the claim that is secured:**   $_____

   **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**   $_____

   **Annual Interest Rate** (when case was filed)_____%
   ☐ Fixed
   ☐ Variable

10. **Is this claim based on a lease?**
    ☑ No
    ☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

11. **Is this claim subject to a right of setoff?**
    ☑ No
    ☐ Yes. Identify the property: _____

Appx. 01030

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**  A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No  ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                   MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name        James Dondero
            First name        Middle name        Last name

Title       Manager

Company     NexVest, LLC
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     2515 McKinney Ave., Suite 1100
            Number        Street
            Dallas                                   TX        75201
            City                                     State     ZIP Code

Contact phone  _____        Email  _____

Official Form 410                    **Proof of Claim**                    page 3

Appx. 01031

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **Highland Capital Management, L.P.** | § | Case No. 19-34054 |
| | § | |
| Debtor. | § | |

## ATTACHMENT TO PROOF OF CLAIM

This attachment supplements the accompanying Proof of Claim (Official Form 410) and is hereby expressly incorporated into Official Form 410 as if set forth fully therein (collectively, the "Proof of Claim").

NexVest, LLC, (the "Claimant") files this Proof of Claim against Highland Capital Management, L.P. (the "Debtor"). Claimant holds a promissory note dated September 21, 2018, payable by HCRE Partners, LLC ("HCRE") in the original face amount of $44,719,991.57 (the "HCRE Note") scheduled to mature on September 21, 2020 (The "Maturity Date"). Claimant files this Proof of Claim in an abundance of caution to preserve and assert any claim or cause of action Claimant has or may have against Debtor regarding any action, omission or inaction by Debtor, or any party acting for or on behalf of Debtor, that impacts, impairs or delays Claimant's rights and remedies under the HCRE Note, including, without limitation, (i) Claimant's rights to timely collect and receive payment of all amounts due under the HCRE Note, including, without limitation, principal, interest, expenses, costs and fees; (ii) Claimant's rights to pursue or collect against any lien, security interest, pledge or collateral securing any obligation under or related to the HCRE Note; and (iii) Claimant's rights to pursue any claims, causes of action, requests for relief and remedies in contract, law or equity.

Without limiting the forgoing, Claimant expressly reserves any claim, request of relief or cause of action against Debtor for tortious interference of contract, breach of contract, and any other basis in contract, law or equity in any way related to the HCRE Note. This Proof of Claim includes, without limitation, the right to obtain attorneys' fees and defense costs, or other fees, expenses or obligations arising from all legal proceedings or governmental or private investigations/inquiries in which the Claimant may become involved after the filing of this Proof of Claim.

### **RESERVATION OF RIGHTS**

By filing this Proof of Claim, the Claimant waives nothing and expressly reserves all rights, claims, privileges, benefits, obligations and defenses, whether at contract, law or equity.

The Claimant reserves, without limitation and to the fullest extent allowed by law, the right to amend, modify, renew, extend, restate and supplement, for any reason, this Proof of Claim, including, but not limited to, the right to amend amounts claimed, to assert any liquidated claim amount upon liquidation, and to reflect any additional or supplement amounts owed to the Claimant.

Without prejudice to the claims filed herein, the Claimant also preserves and asserts all claims entitled to priority under sections 503 and 507 of the Bankruptcy Code, or under any order of the Court.

The Claimant reserves all of its rights, claims and defenses, whether under the Bankruptcy Code or other laws, including as to any claims that may be asserted against the Claimant by the Debtor, its bankruptcy estate, successors and assigns of the Debtor or its bankruptcy estate, any trustee, plan agent or liquidating agent, any creditor, or any other person or entity, including, without limitation, any rights of setoff and recoupment.

By filing this Proof of Claim, the Claimant does not waive, and hereby preserves: (a) any obligation owed to the Claimant; (b) any interests, units or security held by the Claimant or for its benefit; (c) any right or rights of action that the Claimant has or may have against the Debtor, its bankruptcy estate or any other person or persons, including, without limitation, insurers, guarantors and sureties, as applicable; (d) any right to contest the validity, priority or extent of any lien, security interest or right purported to be equal, senior or inferior to any right of the Claimant; and (e) any and all rights and remedies at law or in equity available to the Claimant against the Debtor and any of its respective affiliates or subsidiaries, or any other person or entity.

The filing of this Claim shall not constitute: (i) a waiver, release or limitation of the Claimant's rights against any person, entity or property; (ii) a waiver, release or limitation of any rights, remedies, claims or interest of the Claimant, including without limitation, all rights and claims under sections 502 and 365 of the Bankruptcy Code, as applicable; (iii) a consent by the Claimant to the jurisdiction or venue of this Court or any other court with respect to the proceedings, if any, commenced in any case against or otherwise involving the Claimant with respect to the subject matter of the claims set forth in this Proof of Claim, any objection or other proceeding commenced with respect thereto or any other proceeding commenced against or otherwise involving the Claimant; (iv) a waiver, release or limitation of the right of the Claimant to trial by jury in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy or proceeding related thereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the U.S. Constitution; (v) a consent by the Claimant to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto, pursuant

to 28 U.S.C. § 157(e) or otherwise; (vi) a waiver, release or limitation of the Claimant's right to have any and all final orders in any matters or proceedings entered only after de novo review by a United States District Court Judge; (vii) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced against or otherwise involving the Claimant; (viii) a consent to the determination of any liability to Claimant by any particular court, including, without limitation, this Court; (ix) a consent to the final determination or adjudication of any claim or right pursuant to 28 U.S.C. § 157(c); (x) an election of remedies; or (xi) a waiver or release of the Claimant's rights against any third party.

### SUPPORTING DOCUMENTS

Documents referenced in support of the Proof of Claim will be made available either through providing a copy to the appropriate requesting persons or entities, or these documents shall be made available for inspection and copying during normal business hours at a mutually convenient location. Any request for such documents should be directed towards the Claimant's counsel as set forth in Form 410.

Respectfully submitted,

*/s/ Jason M. Rudd*
Jason M. Rudd
Texas Bar No. 24028786
Wick Phillips Gould & Martin, LLP
3131 McKinney Avenue, Suite 100
Dallas, TX 75204
Phone: (214) 692-6200
Fax: (214) 692-6255
Email: jrudd@wickphillips.com

**COUNSEL FOR CLAIMANT**