# EXHIBIT 54

Claim #152  Date Filed: 4/8/2020

| Fill in this information to identify the case: |
|---|

Debtor    Highland Capital Management, L.P.

United States Bankruptcy Court for the:   Northern    District of   Texas
                                                         (State)

Case number    19-34054

Official Form 410
# Proof of Claim
04/19

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Hunter Mountain Trust

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Hunter Mountain Trust<br>c/o E. P. Keiffer<br>Rochelle McCullough, LLP<br>325 North St. Paul St., Suite 4500<br>Dallas, TX 75201, United States | See summary page |
| Contact phone   214-580-2525 | Contact phone   214.335.7969 |
| Contact email   pkeiffer@romclaw.com | Contact email   Jhonis@RandAdvisors.com |

(see summary page for notice party information)

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☐ No
☑ Yes.  Claim number on court claims registry (if known) 70      Filed on 04.02.2020
                                                                  MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☑ Yes. Who made the earlier filing?   John Honis

Official Form 410          **Proof of Claim**          page 1

**Part 2:**  **Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**

   ☑ No

   ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. **How much is the claim?**   $ 60,298,739.00   . **Does this amount include interest or other charges?**

   ☐ No

   ☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

   Limit disclosing information that is entitled to privacy, such as health care information.

   See attached Exhibit "A"

9. **Is all or part of the claim secured?**

   ☐ No

   ☑ Yes.   The claim is secured by a lien on property.

   **Nature or property:**

   ☐ Real estate: If the claim is secured by the debtor's principle residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

   ☐ Motor vehicle

   ☑ Other. Describe:   Common law and contractual setoff rights

   **Basis for perfection:** _____

   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:**   $_____

   **Amount of the claim that is secured:**   $ 60,298,739.00

   **Amount of the claim that is unsecured:**   $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**   $_____

   **Annual Interest Rate** (when case was filed) _____%

   ☐ Fixed

   ☐ Variable

10. **Is this claim based on a lease?**

    ☑ No

    ☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

11. **Is this claim subject to a right of setoff?**

    ☐ No

    ☑ Yes. Identify the property: Common law and contractual setoff rights - See Exhibit "A"

Official Form 410                                **Proof of Claim**                                          page 2

**Appx. 01038**

| | | | Amount entitled to priority |
|---|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☒ No | | |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check all that apply:* | | |
| | | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

| | |
|---|---|
| **13. Is all or part of the claim pursuant to 11 U.S.C. § 503(b)(9)?** | ☒ No |
| | ☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. |
| | $_____ |

---

| **Part 3:** | **Sign Below** |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    04/08/2020
                    MM / DD / YYYY

/s/John M. Honis
Signature

**Print the name of the person who is completing and signing this claim:**

Name     John M. Honis
         First name          Middle name          Last name

Title    Trustee for Hunter Mountain Trust

Company  Hunter Mountain Trust
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address

Contact phone    _____

Appx. 01039

# KCC ePOC Electronic Claim Filing Summary

For phone assistance: Domestic (877) 573-3984 | International (310) 751-1829

| | |
|---|---|
| **Debtor:**<br>19-34054 - Highland Capital Management, L.P.<br>**District:**<br>Northern District of Texas, Dallas Division | |
| **Creditor:**<br>Hunter Mountain Trust<br>c/o E. P. Keiffer<br>Rochelle McCullough, LLP<br>325 North St. Paul St., Suite 4500<br>Dallas, TX, 75201<br>United States<br>**Phone:**<br>214-580-2525<br>**Phone 2:**<br>214.914.5625<br>**Fax:**<br>214.953.0185<br>**Email:**<br>pkeiffer@romclaw.com | **Has Supporting Documentation:**<br>Yes, supporting documentation successfully uploaded<br>**Related Document Statement:**<br><br>**Has Related Claim:**<br>Yes<br>**Related Claim Filed By:**<br>John Honis<br><br>**Filing Party:**<br>Authorized agent |
| **Disbursement/Notice Parties:** | |
| Hunter Mountain Trust<br>c/o John Honis<br>Trustee for Hunter Mountain Trust<br>87 Railroad Place - Suite 403<br>Saratoga Springs, NE, 12866<br>United States<br>**Phone:**<br>214.335.7969<br>**Phone 2:**<br>214.335.7969<br>**Fax:**<br>214.335.7969<br>**E-mail:**<br>Jhonis@RandAdvisors.com<br>**DISBURSEMENT ADDRESS** | John Honis, Trustee for Hunter Mountain Trust<br>87 Railroad Place - Suite 403<br>Saratoga Springs, NE, 12866<br>United States<br>**Phone:**<br>214.335.7969<br>**Phone 2:**<br>214.335.7969<br>**Fax:**<br>214.335.7969<br>**E-mail:**<br>Jhonis@RandAdvisors.com |

| | | |
|---|---|---|
| **Other Names Used with Debtor:** | **Amends Claim:**<br>Yes - 70, 04.02.2020<br>**Acquired Claim:**<br>No | |
| **Basis of Claim:**<br>See attached Exhibit "A" | **Last 4 Digits:**<br>No | **Uniform Claim Identifier:** |
| **Total Amount of Claim:**<br>60,298,739.00 | **Includes Interest or Charges:**<br>Yes | |
| **Has Priority Claim:**<br>No | **Priority Under:** | |
| **Has Secured Claim:**<br>Yes: 60,298,739.00<br>**Amount of 503(b)(9):**<br>No<br>**Based on Lease:**<br>No<br>**Subject to Right of Setoff:**<br>Yes, Common law and contractual setoff rights - See Exhibit "A" | **Nature of Secured Amount:**<br>Other<br>Describe: Common law and contractual setoff rights<br>**Value of Property:**<br><br>**Annual Interest Rate:**<br><br>**Arrearage Amount:**<br><br>**Basis for Perfection:**<br><br>**Amount Unsecured:** | |

**Submitted By:**

John M. Honis on 08-Apr-2020 5:11:09 p.m. Eastern Time

**Title:**

Trustee for Hunter Mountain Trust

**Company:**

Hunter Mountain Trust

**Optional Signature Address:**

John M. Honis

, ,

**Telephone Number:**

**Email:**

VN: DC0E7E8CE93D3AB2618D98389EC8E42B

# EXHIBIT "A"

Hunter Mountain Trust (HMT) is the obligor under an original $63,000,000 Secured Promissory Note that HMT entered into with Highland Capital Management, L.P. (the "Debtor") as payee on or after December 21, 2015 (the "Secured Contribution Note") pursuant to the terms and conditions of the Contribution Agreement of even date where HMT made a cash contribution of $7,000,000 and issued the Secured Contribution Note for the balance of the $70,000,000 obligation detailed in the Contribution Agreement.

Just prior to the Petition Date, as of September 30, 2020, HMT was obligated to the Debtor in the amount of $56,873,209, with interest accruing thereafter with subsequently scheduled principal payments until the Secured Contribution Note comes due by its terms.

The amount of the claim stated on the proof of claim form ($60,298,739) is the maximum balance due by HMT to Debtor per the amortization schedule attached hereto if the Priority Distributions were timely made.

**Notwithstanding denoting this amount as the maximum, the indemnity protect HMT from and against, *any and all losses* incurred or sustained by, or imposed upon it by virtue of the Debtor's failure to perform and such listed amount may necessarily increase over the stated amount in the proof of claim.**

Pursuant to Section 6.02 of the Contribution Agreement (which caused the Secured Contribution Note to be executed and the cash contribution to be made) the Debtor (identified as the Partnership in the Contribution Agreement) agreed to indemnify HMT (identified as Contributor in the Contribution Agreement) as follows:

**Section 6.02    Indemnification By the Partnership**. Subject to the other terms and conditions of this Article VI, the Partnership shall indemnify and defend Contributor and its trustees, sponsors, administrators, grantors, officers, directors, managers, Affiliates, beneficiaries, shareholders, members, partners, successors and assigns (collectively, the "Contributor Indemnified Parties") against, and shall hold the Contributor Indemnified Parties harmless from and against, any and all Losses incurred or sustained by, or imposed upon, any Contributor Indemnified Parties based upon, arising out of, with respect to or by reason of:

(a) any inaccuracy in or breach of any of the representations or warranties of the Partnership contained in this Agreement or any of the other agreements contemplated hereby to which the Partnership is a party;

(b) *any breach or non-fulfillment of any covenant, agreement or obligation to be performed by the Partnership pursuant to this Agreement or any of the other agreements contemplated hereby to which the Partnership is a party*; and

(c) any and all actions, suits, proceedings, claims, demands and Losses incident to any of the foregoing or incurred in attempting to oppose the imposition thereof, or in enforcing this indemnity. [*emphasis added*]

While there are limitations on this indemnity, as detailed in Section 6.05, those limitations do not affect HMT's claim for indemnity for the Debtor's existing or future failures to address its obligation to make Priority Distributions to HMT as detailed first in the Third Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P. dated December 21, 2015 attached to the Contribution Agreement (all of which were retained in the Fourth Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P. dated December 24, 2015 – referenced in the Debtor's Schedule G):

3.9 (b) **Priority Distributions.** Prior to the distribution of any amounts to Partners pursuant to Section 3.9(a), and notwithstanding any other provision in this Agreement to the contrary, the Partnership shall make the following distributions ("***Priority Distributions***") pro-rata among the Class B Partners[1] in accordance with their relative Percentage Interests:

(i) No later than March 31st of each calendar year, commencing March 31, 2017, an amount equal to $1,600,000.00;

(ii) No later than March 31st of each year, commencing March 31, 2017, an amount equal to three percent (3%) of the Partnership's investment gain for the prior year, as reflected in the Partnership's books and records within ledger account number 90100 plus three percent (3%) of the gross realized investment gains for the prior year of Highland Select Equity Fund, as reflected in its books and records; and

(iii) No later than March 31st of each year, commencing March 31, 2017, an amount equal to ten percent (10%) of the Partnership's Operating Cash Flow for the prior year.

(iv) No later than December 24th of each year, commencing December 2016, an amount equal to the aggregate annual principal and interest payments on the Purchase Notes for the then current year.

4.2 (e) **Default on Priority Distributions**. If the Partnership fails to timely pay Priority Distributions pursuant to Section 3.9(b), and the Partnership does not subsequently make such Priority Distribution within ninety days of its due date, the Class B Limited Partner may require the Partnership to liquidate publicly traded securities held by the Partnership or Highland Select Equity Master Fund, L.P., a Delaware limited partnership controlled by the Partnership; provided, however, that the General Partner may in its sole discretion elect instead to liquidate other non-publicly traded securities owned by the Partnership in order to satisfy the Partnership's obligations under Section 3.9(b) and this Section 4.2(e). In either case, Affiliates of the General Partner shall have the right of first offer to purchase any securities liquidated under this Section 4.2(e).

---

[1] HMT is the sole Class B Partner

**Exhibit "A"**                                                    **Page 2 of 3**

With regard to missed Priority Distributions and Priority Distributions that likely will not occur hereinafter, HMT claims the maximum benefit available to it on account of the Indemnity referenced in Section 6.02 of the Contribution Agreement, with regard to the Debtor's obligation to fund Priority Distributions per the Fourth Amended and Restated Agreement of Limited Partnership, an "agreement or obligation to be performed by the Partnership pursuant to this Agreement or any of the other agreements contemplated hereby to which the Partnership is a party."

Pursuant to Section 6.05 (e) of the Contribution Agreement HMT's remedy is subject to the following restriction where Partnership is the Debtor and HMT is an Indemnified Party:

(e) Subject to the limitations in this Section 6.05, any indemnification obligation of the Partnership under Section 6.02 shall not be payable to the Indemnified Party in cash, but shall instead be satisfied by a reduction in the principal balance of the Contribution Note for the amount of such indemnification obligation.

This provision of the Contribution Agreement, HMT, asserts, functionally sets up a contractual right of set off as to any claim by the Debtor under the Secured Contribution Note in addition to any common law right of set off which HMT may have as against any claims by the Debtor with regard to the any obligations due under the Secured Contribution Note.

Complete copies of documents supporting this proof of claim are available from counsel for HMT upon request.

HMT, prophylactically on account of the terms of the currently non-rejected Fourth Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P., amends this claim with regard to the independent obligations of the Debtor under Section 3.9(b) of that document, to fund HMT as the holder of Class B Limited Partnership Interests and Class C Limited Partnership Interests in the amounts detailed therein as conditioned therein. HMT reserves the right to file an additional or further amended claim regarding this independent obligation, should the Fourth Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P., be rejected at some later date, pursuant to and consistent with ¶7 of *the Order (I) Establishing Bar Dates For Filing Claims And (Ii) Approving The Form And Manner Of Notice Thereof* [Docket No. 488].

**Exhibit "A"**                                                                                    **Page 3 of 3**

# Scheduled Amortization through 2023

## "Purchase" Notes*

Principal Outstanding 9/30/19: $ 65,009,113

| Payment Date | Interest Due | Principal Due | Total Payment Due | Ending Principal Bal |
|---|---|---|---|---|
| 12/24/19 | 1,696,738 | 1,052,118 | 2,748,855 | 63,956,995 |
| 12/24/20 | 1,673,851 | 1,181,995 | 2,855,846 | 62,775,000 |
| 12/24/21 | 1,638,428 | 4,185,000 | 5,823,428 | 58,590,000 |
| 12/24/22 | 1,529,199 | 4,185,000 | 5,714,199 | 54,405,000 |
| 12/24/23 | 1,419,971 | 4,185,000 | 5,604,971 | 50,220,000 |

* Comprised of four underlying notes owed to each of the Seller's of LP interests

## "Contribution" Note

Principal Outstanding 9/30/19: $ 56,873,209

| Payment Date | Interest PIK'd | Principal Due | Total Payment Due | Ending Principal Bal |
|---|---|---|---|---|
| 12/21/19 | 1,094,855 | - | - | 57,968,065 |
| 12/21/20 | 1,517,112 | - | - | 59,485,176 |
| 12/21/21 | 1,552,563 | 739,001 | 739,001 | 60,298,739 |
| 12/21/22 | 1,573,797 | 5,000,000 | 5,000,000 | 56,872,536 |
| 12/21/23 | 1,484,373 | 5,000,000 | 5,000,000 | 53,356,909 |

Confidential – Do Not Copy or Distribute

7

Appx. 01045