PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>NEXPOINT ASSET MANAGEMENT, L.P. (F/K/A HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.), et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 3:21-cv-00881-X<br><br>(Consolidated with 3:21-cv-00880-X; 3:21-cv-01010-X; 3:21-cv-01360-X; 3:21-cv-01362-X; 3:21-cv-01378-X; 3:21-cv-01379-X; 3:21-cv-03207-X; 3:22-cv-0789-X) |

**JOINT AGREED EMERGENCY MOTION FOR ORDER APPROVING STIPULATION REGARDING FINALITY OF JUDGMENTS AND ENTRY OF AMENDED FINAL <u>JUDGMENTS IN NOTES ACTIONS</u>**

COME NOW Highland Capital Management L.P. (the "Highland"), on the one hand, and James Dondero ("Mr. Dondero"), NexPoint Asset Management, L.P. (f/k/a Highland Capital Management Fund Advisors, L.P. ("NexPoint AM"), NexPoint Advisors, L.P. ("NexPoint Advisors"), Highland Capital Management Services, Inc. ("HCMS"), NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC ("NexPoint Real Estate"), Nancy Dondero ("Ms. Dondero"), and The Dugaboy Investment Trust ("Dugaboy" and collectively with Mr. Dondero, NexPoint AM, NexPoint Advisors, HCMS, NexPoint Real Estate, Ms. Dondero, and Dugaboy, the "Defendants" and together with Highland, the "Parties"), on the other hand, by and through their respective undersigned counsel, filing this *Joint Agreed Emergency Motion for Order Approving Stipulation Regarding Finality of Judgments and Entering Amended Final Judgments in Notes Actions* (the "Motion") seeking entry of an order from this Court, in a form substantially similar to that attached hereto as **Exhibit A** (the "Proposed Order"), approving the *Stipulation Regarding Finality of Judgments* (the "Stipulation") executed by the Parties and attached as **Exhibit 1** to the Proposed Order, and directing the Clerk of the Court to enter the amended judgments (the "Amended Judgments") attached to the Stipulation as **Exhibits A-F**, respectively. In support of the Motion, the Parties respectfully state the following:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to sections 1334(a) and (b) of title 11 of the United States Code (the "Bankruptcy Code").

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1409.

## II. BACKGROUND

3. On October 16, 2019 (the "Petition Date"), Highland (in its capacity as a debtor in bankruptcy, the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy

Code in the Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court").

4. On December 4, 2019, the Delaware Court entered an order transferring venue of the Debtor's bankruptcy case to the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") [Bankr. Docket No. 186].[1]

5. On February 22, 2021, the Bankruptcy Court entered the *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Bankr. Docket No. 1943], which confirmed the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P., as Modified* [Bankr. Docket No. 1808] (the "Plan").

6. On August 11, 2021, the Plan went Effective (as defined in the Plan) and the Debtor was succeeded by Highland, the Reorganized Debtor (as defined in the Plan). *See Notice of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Bankr. Docket No. 2700].

7. On January 22, 2021, the Debtor commenced separate adversary proceedings by serving and filing complaints (collectively, the "Original Complaints") against Mr. Dondero (Adv. Pro. No. 21-03003-sgj), NexPoint AM (Adv. Pro. No. 21-03004-sgj), NexPoint Advisors (Adv. Pro. No. 21-3005-sgj); HCMS (Adv. Pro. No. 21-3006-sgj), and NexPoint Real Estate (Adv. Pro. No. 21-03007-sgj) (collectively, the "Adversary Proceedings").[2]

8. In each Original Complaint, the Debtor asserted claims against each defendant (collectively, the "Makers") for (i) breach of contract for each Maker's breach of its respective obligations under certain promissory notes (collectively, the "Notes") and (ii) turnover by each

[1] Citations to "Bankr. Docket No. __" refer to docket entries in the Debtor's bankruptcy case (the "Bankruptcy Case").

[2] Citations to "Adv. Pro. No. __" are to adversary proceeding numbers assigned in the Debtor's Bankruptcy Case.

Maker for all accrued and unpaid principal and interest due under the Notes until the date of payment, plus the Debtor's cost of collection and reasonable attorney's fees (collectively, the "Breach of Contract Claims").

9. Between April and June 2021, each Maker filed a substantively similar motion to withdraw the reference (the "Motions to Withdraw") in which the Makers sought to withdraw the Adversary Proceedings from the Bankruptcy Court to this Court.

10. The Bankruptcy Court subsequently issued reports and recommendations (collectively, the "Withdrawal R&Rs") to this Court recommending that the Motions to Withdraw be granted but that the Bankruptcy Court retain the cases for all pre-trial matters, including the consideration (but not determination) of any dispositive motions. This Court subsequently accepted the Withdrawal R&Rs.

11. Mr. Dondero, NexPoint Advisors, HCMS, and NexPoint Real Estate subsequently sought and obtained leave of the Bankruptcy Court to amend their respective answers to the Original Complaints to assert, among other things, that their obligations under the Notes were subject to an oral agreement between Mr. Dondero, on the one hand, and Ms. Dondero, in her capacity as the Trustee of Dugaboy, on the other hand (the "Oral Agreement Defense").

12. In response to the Oral Agreement Defense, Highland (which by this time was the Debtor's successor under the Plan after the Effective Date) amended its Original Complaints (collectively, the "Amended Complaints") to: (a) add as defendants (i) Ms. Dondero; (ii) Dugaboy; and (iii) Mr. Dondero, in his capacity as an "aider and abettor" to Dugaboy (collectively, the "Duty Defendants"); (b) assert claims against the Duty Defendants for (i) declaratory relief; (ii) breach of fiduciary duty; and (iii) aiding and abetting a breach of fiduciary duty, arising from the Duty Defendants' unlawful entry into the oral agreements that allegedly provided the basis for the Oral

Agreement Defense (collectively, the "Duty Defendants' Claims"); and (c) add claims for actual fraudulent transfer against Mr. Dondero, NexPoint Advisors, HCMS, and NexPoint Real Estate (collectively, the "Fraudulent Transfers Claims" and together with the Duty Defendants' Claims, the "Non-Contract Claims").

13. The Duty Defendants subsequently filed motions to compel arbitration and stay litigation of the Non-Contract Claims (collectively, the "Duty Defendants' Motions"), which were denied by the Bankruptcy Court.

14. Thereafter, Highland and the Duty Defendants entered into a stipulation staying briefing on the appeal of the denial of the Duty Defendants' Motions until final resolution of the Partial Summary Judgment Motions (as defined below).

15. Following discovery, Highland moved for partial summary judgment against the Makers on the Breach of Contract Claims (the "Partial Summary Judgment Motions").[3]

16. Following briefing and oral argument, the Bankruptcy Court issued reports and recommendations in which it recommended that this Court grant Highland's (a) Partial Summary Judgment Motions against the Makers, and (b) motion for summary judgment against NexPoint AM with respect to the Second NexPoint AM Complaint, and award Highland all unpaid principal and pre-judgment interest and costs and expenses as specifically set forth in the reports and

[3] On November 9, 2021, Highland commenced a separate adversary proceeding (Adv. Pro. No. 21-03082-sgj) by filing a complaint (the "Second NexPoint AM Complaint") for breach of contract and turnover against NexPoint AM relating to two promissory notes that were not included in the Debtor's Original Complaint against NexPoint AM. Highland did not assert any Non-Contract Claims against NexPoint AM even though that entity asserted the Oral Agreement Defense in its answer to the Second NexPoint AM Complaint. After the Second NexPoint AM Complaint was filed, (a) the Bankruptcy Court issued, and the District Court accepted, a Withdrawal R&R; (b) Highland moved for summary judgment on the Breach of Contract Claims asserted in the Second NexPoint AM Complaint; and (c) the Bankruptcy Court issued reports and recommendations in which it recommended that the District Court grant Highland's summary judgment motion against NexPoint AM under the Second NexPoint AM Complaint and award Highland all unpaid principal and pre-judgment interest as well as costs and expenses as specifically set forth in those reports and recommendations.

recommendations (collectively, the "SJ R&Rs").[4]

17. On July 6, 2023, this Court issued its (a) *Order Adopting Report and Recommendation and Final Judgment* [Dist. Ct. Docket No. 128] in which it, among other things, adopted the SJ R&Rs and entered final judgments against the Makers on the Breach of Contract Claims asserted in the Amended Complaints; and (b) an *Order Adopting Report and Recommendation and Final Judgment* [Dist. Ct. Docket No. 133] in which it, among other things, adopted the SJ R&Rs and entered a final judgment against NexPoint AM on the Breach of Contract Claims asserted in the Second NexPoint AM Complaint (together, the "Judgments").

## III. RELIEF REQUESTED

18. The Parties entered into the Stipulation to eliminate any potential ambiguity as to the finality of the Judgments under Fed. R. Civ. P. 54(b) and to otherwise eliminate any perceived uncertainty concerning related matters. Among other terms set forth in the Stipulation, the Parties have agreed (i) to the entry of individual final judgments (the "Amended Judgments") against Mr. Dondero, NexPoint AM, NexPoint Advisors, HCMS, and NexPoint Real Estate, respectively, in the forms attached to the Stipulation as **Exhibits A-F**; (ii) that each of the Non-Contract Claims shall be deemed severed from the Amended Complaints and dismissed without prejudice; *provided*, *however*, that the statute of limitations applicable to each of the Non-Contract Claims shall be deemed tolled from the date each Maker asserted the Oral Agreement Defense until the date that is thirty (30) calendar days *after* a court of competent jurisdiction issues a final, non-appealable order reversing and vacating any of part of any of the Amended Judgments (any such final order, a "Reversal Order"); (iii) that Highland shall not assert any of the Non-Contract Claims against any Duty Defendant unless and until a court of competent jurisdiction enters a Reversal

[4] The SJ R&Rs were filed on the District Court's docket in the Action at Docket Nos. 50, 71, 80-83, 89-93, and 97.

Order; (iv) that if, following a Reversal Order, Highland asserts any of the Non-Contract Claims against any Duty Defendant, then (a) the Duty Defendants may re-file the Duty Defendants' Motions in response; and (b) if they do so, Highland covenants not to argue that any such Motion should be denied on the grounds of delay; and (v) that on the date that this Court enters an order approving the Stipulation, and enters the separate Amended Judgments on the record, the Amended Judgments shall be deemed "final" judgments for purposes of (a) Federal Rule of Civil Procedure 54 (judgments), (b) the Makers' time to appeal under Federal Rule of Appellate Procedure 4, (c) Federal Rule of Civil Procedure 64 (stay of proceedings to enforce a judgment), and (d) 28 U.S.C. §1291 (final decisions of district courts).

19. In accordance with the terms of the Stipulation, the Parties respectfully seek this Court's (a) approval of the Stipulation, and (b) entry of the Amended Judgments attached to the Stipulation, on or before **August 11, 2023**. The Parties have agreed that the Stipulation shall be null and void, and of no force or effect, unless and until this Court enters orders (i) approving the Stipulation and entry of the Amended Judgments as set forth in this Motion; and (ii) granting (1) the *Joint Agreed Emergency Motion for Approval of Stipulation Concerning the Bonding of Certain Judgments and Related Matters*, and (2) the *Joint Agreed Emergency Motion for Approval of Stipulation Extending Time to Respond to Vexatious Litigant Motion* being filed contemporaneously herewith.

WHEREFORE, the Parties respectfully request that the Court (i) grant the Motion; (ii) enter an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A**, approving the Stipulation and entering the Amended Judgments; and (iii) grant such other and further relief as the Court deems just and proper.

*[Remainder of Page Intentionally Blank]*

Dated: August 1, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569) 10100
Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail: jpomerantz@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
hwinograd@pszjlaw.com

- and -

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

- and -

**MUNSCH HARDT KOPF & HARR, P.C.**

*/s/ Davor Rukavina*
Davor Rukavina
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
3800 Ross Tower
500 N. Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
E-mail: drukavina@munsch.com

*Counsel for NexPoint AM*

- and -

**STINSON LLP**
*/s/ Michael P. Aigen*
Deborah Deitsch-Perez
Texas State Bar No. 24036072
Michael P. Aigen
Texas State Bar No. 24012196
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone: (214) 560-2201
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Counsel for Mr. Dondero, NexPoint Advisors, HCMS, NexPoint Real Estate, Ms. Dondero, and Dugaboy*