# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., §<br>§<br>Plaintiff, §<br>§<br>vs. §<br>§<br>NEXPOINT ASSET MANAGEMENT, L.P. §<br>(F/K/A HIGHLAND CAPITAL MANAGEMENT §<br>FUND ADVISORS, L.P.), et al., §<br>§<br>Defendants. § | Case No. 3:21-cv-00881-X<br><br>(Consolidated with 3:21-cv-00880-X; 3:21-cv-01010-X; 3:21-cv-01360-X; 3:21-cv-01362-X; 3:21-cv-01378-X; 3:21-cv-01379-X; 3:21-cv-03207-X; 3:22-cv-0789-X) |

**ORDER GRANTING JOINT AGREED EMERGENCY MOTION FOR ORDER
APPROVING STIPULATION REGARDING FINALITY OF JUDGMENTS AND
ENTRY OF AMENDED FINAL JUDGMENTS IN NOTES ACTIONS**

Upon consideration of the Parties' *Joint Agreed Emergency Motion for Order Approving Stipulation Regarding Finality of Judgments and Entry of Amended Final Judgments in Notes Action* (the "Motion"),[1] the Court hereby finds that the Motion should be GRANTED as set forth below. Accordingly,

**IT IS HEREBY ORDERED** that:

1.      The Motion is **GRANTED** in its entirety.

2.      The Parties' entry into the Stipulation, a copy of which is attached hereto as **Exhibit 1**, is hereby **APPROVED.**

3.      The Clerk of the Court is directed to enter each of the Amended Judgments attached to the Stipulation as **Exhibits A through F**, respectively.

4.      This Court shall have and retain jurisdiction over all disputes arising out of or otherwise concerning the interpretation and enforcement of this Order.

---

[1] Capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

**IT IS SO ORDERED** this _____ day of August, 2023.

_____

The Honorable Brantley Starr
United States District Court Judge

DOCS_NY:48118.1 36027/003

# **<u>EXHIBIT 1</u>**

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:   MHayward@HaywardFirm.com
         ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | Case No. 3:21-cv-00881-X |
| | § | |
| vs. | § | |
| | § | |
| NEXPOINT ASSET MANAGEMENT, L.P. | § | (Consolidated with 3:21-cv-00880- |
| (F/K/A HIGHLAND CAPITAL MANAGEMENT | § | X; 3:21-cv-01010-X; 3:21-cv-01360- |
| FUND ADVISORS, L.P.), et al., | § | X; 3:21-cv-01362-X; 3:21-cv-01378- |
| | § | X; 3:21-cv-01379-X; 3:21-cv-03207- |
| Defendants. | § | X; 3:22-cv-0789-X) |

## STIPULATION REGARDING FINALITY OF JUDGMENTS

This stipulation (the "Stipulation") is made and entered into by and between Highland

Capital Management L.P. ("Highland"), on the one hand, and James Dondero ("Mr. Dondero"),

NexPoint Asset Management, L.P. (f/k/a Highland Capital Management Fund Advisors, L.P.

("NexPoint AM"), NexPoint Advisors, L.P. ("NexPoint Advisors"), Highland Capital Management Services, Inc. ("HCMS"), NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC "NexPoint Real Estate"), Nancy Dondero ("Ms. Dondero"), and The Dugaboy Investment Trust ("Dugaboy" and collectively with Mr. Dondero, NexPoint AM, NexPoint Advisors, HCMS, NexPoint Real Estate, Ms. Dondero, and Dugaboy, the "Defendants" and together with Highland, the "Parties"), on the other hand, by and through their respective undersigned counsel, in connection with the above-captioned consolidated action (the "Action").

## RECITALS

WHEREAS, on October 16, 2019 (the "Petition Date"), Highland (in its capacity as a debtor in bankruptcy, the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court"); and

WHEREAS, on December 4, 2019, the Delaware Court entered an order transferring venue of the Debtor's bankruptcy case to the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") [Bankr. Docket No. 186]; and[1]

WHEREAS, on February 22, 2021, the Bankruptcy Court entered the *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Bankr. Docket No. 1943], which confirmed the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P., as Modified* [Bankr. Docket No. 1808] (the "Plan"); and

WHEREAS, on August 11, 2021, the Plan went Effective (as defined in the Plan) and the Debtor was succeeded by Highland, the Reorganized Debtor (as defined in the Plan). *See Notice*

---

[1] Citations to "Bankr. Docket No. __" refer to docket entries in the Debtor's bankruptcy case (the "Bankruptcy Case").

DOCS_NY:48104.2 36027/003
DOCS_NY:48119.1 36027/003

*of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Bankr. Docket No. 2700]; and

WHEREAS, on January 22, 2021, the Debtor commenced separate adversary proceedings by serving and filing complaints (collectively, the "Original Complaints") against Mr. Dondero (Adv. Pro. No. 21-03003-sgj), NexPoint AM (Adv. Pro. No. 21-03004-sgj), NexPoint Advisors (Adv. Pro. No. 21-3005-sgj); HCMS (Adv. Pro. No. 21-3006-sgj), and NexPoint Real Estate (Adv. Pro. No. 21-03007-sgj) (collectively, the "Adversary Proceedings"); and[2]

WHEREAS, in each Original Complaint, the Debtor asserted claims against each defendant (collectively, the "Makers") for (i) breach of contract for each Maker's breach of its respective obligations under certain promissory notes (collectively, the "Notes") and (ii) turnover by each Maker for all accrued and unpaid principal and interest due under the Notes until the date of payment, plus the Debtor's cost of collection and reasonable attorney's fees (collectively, the "Breach of Contract Claims"); and

WHEREAS, between April and June 2021, each Maker filed a substantively similar motion to withdraw the reference (the "Motions to Withdraw") in which the Makers sought to withdraw the Adversary Proceedings from the Bankruptcy Court to the United States District Court for the Northern District of Texas (the "District Court"); and

WHEREAS, the Bankruptcy Court subsequently issued reports and recommendations (collectively, the "Withdrawal R&Rs") to the District Court recommending that the Motions to Withdraw be granted but that the Bankruptcy Court retain the cases for all pre-trial matters, including the consideration (but not determination) of any dispositive motions; and

WHEREAS, the District Court subsequently accepted the Withdrawal R&Rs; and

---

[2] Citations to "Adv. Pro. No. __" are to adversary proceeding numbers assigned in the Debtor's Bankruptcy Case.

WHEREAS, Mr. Dondero, NexPoint Advisors, HCMS, and NexPoint Real Estate subsequently sought and obtained leave of the Bankruptcy Court to amend their respective answers to the Original Complaints to assert, among other things, that their obligations under the Notes were subject to an oral agreement between Mr. Dondero, on the one hand, and Ms. Dondero, in her capacity as the Trustee of Dugaboy, on the other hand (the "Oral Agreement Defense"); and

WHEREAS, in response to the Oral Agreement Defense, Highland (which by this time was the Debtor's successor under the Plan after the Effective Date) amended its Original Complaints (collectively, the "Amended Complaints") to: (a) add as defendants (i) Ms. Dondero; (ii) Dugaboy; and (iii) Mr. Dondero, in his capacity as an "aider and abettor" to Dugaboy (collectively, the "Duty Defendants"), (b) assert claims against the Duty Defendants for (i) declaratory relief; (ii) breach of fiduciary duty; and (iii) aiding and abetting a breach of fiduciary duty, arising from the Duty Defendants' unlawful entry into the oral agreements that allegedly provided the basis for the Oral Agreement Defense (collectively, the "Duty Defendants' Claims"), and (c) add claims for actual fraudulent transfer against Mr. Dondero, NexPoint Advisors, HCMS, and NexPoint Real Estate (collectively, the "Fraudulent Transfers Claims" and together with the Duty Defendants' Claims, the "Non-Contract Claims"); and

WHEREAS, the Duty Defendants filed Motions to Compel Arbitration and Stay Litigation of the Non-Contract Claims (collectively, the "Duty Defendants' Motions"), which were denied by the Bankruptcy Court; and

WHEREAS, the Highland and the Duty Defendants entered into a stipulation, staying briefing on the appeal of the denial of the Duty Defendants' Motions until final resolution of the Partial Summary Judgment Motions (as defined below); and

WHEREAS, following discovery, Highland moved for partial summary judgment against

the Makers on the Breach of Contract Claims (the "Partial Summary Judgment Motions"); and[3]

WHEREAS, following briefing and oral argument, the Bankruptcy Court issued reports and recommendations in which it recommended that the District Court grant Highland's (a) Partial Summary Judgment Motions against the Makers, and (b) motion for summary judgment against NexPoint AM with respect to the Second NexPoint AM Complaint, and award Highland all unpaid principal and pre-judgment interest and costs and expenses as specifically set forth in the reports and recommendations (collectively, the "SJ R&Rs"); and[4]

WHEREAS, on July 6, 2023, the District Court issued its (a) *Order Adopting Report and Recommendation and Final Judgment* (Dist. Ct. Docket No. 128) in which it, among other things, adopted the SJ R&Rs and entered final judgments against the Makers on the Breach of Contract Claims asserted in the Amended Complaints; and (b) an *Order Adopting Report and Recommendation and Final Judgment* (Dist. Ct. Docket No. 133) in which it, among other things, adopted the SJ R&Rs and entered a final judgment against the NexPoint AM on the Breach of Contract Claims asserted in the Second NexPoint AM Complaint (together, the "Judgments"); and

WHEREAS, the Parties wish to have the Court enter a separate judgment for each Judgment Debtor; and

WHEREAS, the Parties have conferred in good faith and jointly desire to eliminate any

---

[3] On November 9, 2021, Highland commenced a separate adversary proceeding (Adv. Pro. No. 21-03082-sgj) by filing a complaint (the "Second NexPoint AM Complaint") for breach of contract and turnover against NexPoint AM relating to two promissory notes that were not included in the Debtor's Original Complaint against NexPoint AM.  Highland did not assert any Non-Contract Claims against NexPoint AM even though that entity asserted the Oral Agreement Defense in its answer to the Second NexPoint AM Complaint.  After the Second NexPoint AM Complaint was filed, (a) the Bankruptcy Court issued, and the District Court accepted, a Withdrawal R&R; (b) Highland moved for summary judgment on the Breach of Contract Claims asserted in the Second NexPoint AM Complaint; and (c) the Bankruptcy Court issued reports and recommendations in which it recommended that the District Court grant Highland's summary judgment motion against NexPoint AM under the Second NexPoint AM Complaint and award Highland all unpaid principal and pre-judgment interest as well as costs and expenses as specifically set forth in those reports and recommendations.

[4] The SJ R&Rs were filed on the District Court's docket in the Action at Docket Nos. 50, 71, 80-83, 89-93, and 97.

potential ambiguity concerning the finality of the Judgments;

NOW, THEREFORE, it is hereby stipulated and agreed, and upon approval of this Stipulation by the Court, as follows:

1.      The Parties agree to cooperate and take all steps reasonably necessary to promptly seek and obtain the District Court's approval of this Stipulation.

2.      The Parties shall jointly request (on an emergency basis) that the Court enter final judgments (the "Individual Judgments") in the forms annexed hereto as Exhibits A through F, respectively.

3.      Each of the Non-Contract Claims shall be deemed severed from the Amended Complaints and dismissed without prejudice; *provided*, however, that the statute of limitations applicable to each of the Non-Contract Claims shall be deemed tolled from the date each Maker asserted the Oral Agreement Defense until the date that is thirty (30) calendar days *after* a court of competent jurisdiction issues a final, non-appealable order reversing and vacating any of part of any of the Judgments (any such final order, a "Reversal Order").

4.      Highland covenants not to assert any of the Non-Contract Claims against any Duty Defendant unless and until a court of competent jurisdiction enters a Reversal Order.

5.      If, following a Reversal Order, Highland asserts any of the Non-Contract Claims against any Duty Defendant, then (a) the Duty Defendants may re-file the Duty Defendants' Motions in response; and (b) if they do so, Highland covenants not to argue that any such Motion should be denied on the grounds of delay.

6.      On the date that the District Court enters an order approving this Stipulation, and enters the separate Individual Judgments on the record, the Individual Judgments shall be deemed "final" judgments for purposes of (a) Federal Rule of Civil Procedure 54 (judgments), (b) the

6

Makers' time to appeal under Federal Rule of Appellate Procedure 4; (c) Federal Rule of Civil Procedure 64 (stay of proceedings to enforce a judgment); and (d) 28 U.S.C. §1291 (final decisions of district courts).

7.      The Parties agree that this Stipulation shall be null and void, and of no force or effect, unless and until the District Court also enters orders granting (a) the *Joint Emergency Motion for Approval of Stipulation Concerning the Bonding of Certain Judgments and Related Matters*, and (b) the *Joint Emergency Motion for Approval of Stipulation Extending Time to Respond to Vexatious Litigant Motion* being filed contemporaneously herewith.

8.      If approved by the District Court, this Stipulation shall only be modified in a writing signed by the Parties or upon the entry of an order of the Court entered upon notice to the Parties.

9.      If, for any reason, the District Court declines to approve this Stipulation in whole or in part, or otherwise fails to approve this Stipulation on or before August 11, 2023, this Stipulation shall be deemed null and void and of no force or effect.

10.     The District Court shall retain jurisdiction over all disputes arising out of or otherwise concerning the interpretation and enforcement of this Stipulation.

Dated: August 1, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
E-mail: jpomerantz@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
hwinograd@pszjlaw.com

- and -


**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile:  (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

- and -

DOCS_NY:48104.2 36027/003
DOCS_NY:48119.1 36027/003

**MUNSCH HARDT KOPF & HARR, P.C.**

*/s/ Davor Rukavina*
Davor Rukavina
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
3800 Ross Tower
500 N. Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
E-mail: drukavina@munsch.com

*Counsel for NexPoint AM*

- and –

**STINSON LLP**
*/s/ Michael P. Aigen*
Deborah Deitsch-Perez
Texas State Bar No. 24036072
Michael P. Aigen
Texas State Bar No. 24012196
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone: (214) 560-2201
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Counsel for Mr. Dondero, NexPoint Advisors,
HCMS, NexPoint Real Estate, Ms. Dondero, and
Dugaboy*

9

# EXHIBIT A

## HCMFA (N/K/A NAM) Amended Final Judgment Note 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Case No. 3:21-cv-00881-X |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | (Consolidated with 3:21-cv-00880- |
| NEXPOINT ASSET MANAGEMENT, L.P. | § | X; 3:21-cv-01010-X; 3:21-cv-01360- |
| (F/K/A HIGHLAND CAPITAL MANAGEMENT | § | X; 3:21-cv-01362-X; 3:21-cv-01378- |
| FUND ADVISORS, L.P.), et al., | § | X; 3:21-cv-01379-X; 3:21-cv-03207- |
| | § | X; 3:22-cv-0789-X) |
| Defendants. | § | |

**AMENDED FINAL JUDGMENT AGAINST NEXPOINT ASSET MANAGEMENT, L.P.
(f/k/a HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.)**

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* [Adv. Proc. No. 21-03004-sgj, Docket No. 91] (the "Motion") filed by Highland Capital Management, L.P. ("Highland"), the reorganized debtor in the chapter 11 case styled *In re Highland Capital Management, L.P.*, case no. 19-34054-sgj11 (the "Bankruptcy Case"), pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"), and plaintiff in the adversary proceeding styled *Highland Capital Management, L.P. vs. Highland Capital Management, Fund Advisors, L.P., et al.*, adversary proceeding no. 21-03004-sgj (the "Adversary Proceeding"), filed in the Bankruptcy Court against NexPoint Asset Management, L.P. (f/k/a Highland Capital Management Fund Advisors, L.P.) ("HCMFA"); and reference of the Adversary Proceeding having been withdrawn from the Bankruptcy Court to this Court, subject to the Bankruptcy Court's retention of the Adversary Proceeding for administration of all pre-trial matters, including the consideration (but not determination) of any dispositive motions; and the Court having considered (a) Highland's Motion

and all arguments and evidence admitted into the record in support of the Motion; (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and (c) the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (with Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* [Adv. Proc. No. 21-03004-sgj, Docket No. 163] (the "R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment* [Adv. Proc. No. 21-03004-sgj, Docket No. 186] filed by the Bankruptcy Court on November 10, 2022; and based on the Court's *Order Adopting Report and Recommendation and Final Judgment* [Docket No. 128] entered on July 6, 2023; and pursuant to the terms of the *Stipulation Regarding Finality of Judgment* entered into by and between Highland and HCMFA, among others, and approved by this Court; the Court hereby enters the following amended final judgment (the "Final Judgment") against HCMFA. **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Highland recover the following:

1.      HCMFA will owe Highland **$2,617,415.34** in accrued but unpaid principal and interest due under HCMFA's First Note[5] (issued on May 2, 2019) as of July 31, 2023.  Interest will continue to accrue on HCMFA's First Note as set forth below.

2.      HCMFA will owe Highland **$5,452,960.55** in accrued but unpaid principal and interest due under HCMFA's Second Note (issued on May 3, 2019) as of July 31, 2023.  Interest will continue to accrue on HCMFA's Second Note as set forth below.

---

[5] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

3.      In addition to the forgoing, and pursuant to the terms of each applicable Note, HCMFA shall pay to Highland the amount of **$371,148.76**, which is its pro rata allocation (based on the ratio of the outstanding principal and interest owed by HCMFA to Highland as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Highland as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland, which also includes post-judgment interest accrued from July 6, 2023 through July 31, 2023.  Interest will continue to accrue on these allocable and actual expenses of collection as set forth below.

4.      The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of 5.35%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.


**It is so ordered** this _____ day of _____, 2023.


_____
The Honorable Brantley Starr
United States District Judge

3

## EXHIBIT B

## HCMFA (N/K/A NAM) Amended Final Judgment Note 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Case No. 3:21-cv-00881-X |
| Plaintiff, | § § § | |
| vs. | § § | (Consolidated with 3:21-cv-00880- |
| NEXPOINT ASSET MANAGEMENT, L.P. (F/K/A HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.), et al., | § § § § § | X; 3:21-cv-01010-X; 3:21-cv-01360-X; 3:21-cv-01362-X; 3:21-cv-01378-X; 3:21-cv-01379-X; 3:21-cv-03207-X; 3:22-cv-0789-X) |
| Defendants. | § | |

## AMENDED FINAL JUDGMENT AGAINST NEXPOINT ASSET MANAGEMENT, L.P. (f/k/a HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.)

This matter having come before the Court on the *Motion for Summary Judgment* [Adv. Proc. No. 21-03082-sgj, Docket No. 45] (the "Motion") filed by Highland Capital Management, L.P. ("Highland"), the reorganized debtor in the chapter 11 case styled *In re Highland Capital Management, L.P.*, case no. 19-34054-sgj11 (the "Bankruptcy Case"), pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"), and plaintiff in the adversary proceeding styled *Highland Capital Management, L.P. vs. Highland Capital Management, Fund Advisors, L.P.*, adversary proceeding no. 21-03082-sgj (the "Adversary Proceeding"), filed in the Bankruptcy Court against NexPoint Asset Management, L.P. (f/k/a Highland Capital Management Fund Advisors, L.P.) ("HCMFA"); and reference of the Adversary Proceeding having been withdrawn from the Bankruptcy Court to this Court, subject to the Bankruptcy Court's retention of the Adversary Proceeding for administration of all pre-trial matters, including the consideration (but not determination) of any dispositive motions; and the Court having considered (a) Highland's Motion and all arguments and evidence admitted into the

record in support of the Motion; (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on July 27, 2022, on the Motion; and (c) the *Report and Recommendation to District Court Regarding Highland Capital Management, L.P.'s Motion for Summary Judgment Against Highland Capital Management Fund Advisors, L.P.* [Adv. Proc. No. 21-03082-sgj, Docket No. 73] (the "R&R") filed by the Bankruptcy Court on October 12, 2022, and the *Supplement to the October 12, 2022 Report and Recommendation: Regarding Attorneys' Fees and Transmitting Proposed Form of Judgment* [Adv. Proc. No. 21-03082-sgj, Docket No. 84] filed by the Bankruptcy Court on January 17, 2023; and based on the Court's *Order Adopting Report and Recommendation and Final Judgment* [Docket No. 133] entered on July 6, 2023; and pursuant to the terms of the *Stipulation Regarding Finality of Judgment* entered into by and between Highland and HCMFA, among others, and approved by this Court; the Court hereby enters the following amended final judgment (the "Final Judgment") against HCMFA.  **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Highland recover the following:

1.     HCMFA will owe Highland **$2,206,160.24** in accrued but unpaid principal and interest due under the 2014 Note[6] (issued on February 26, 2014) as of July 31, 2023.  Interest will continue to accrue on the 2014 Note as set forth below.

2.     HCMFA will owe Highland **$1,034,106.08** in accrued but unpaid principal and interest due under the 2016 Note (issued on February 26, 2016) as of July 31, 2023.  Interest will continue to accrue on the 2016 Note as set forth below.

---

[6] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

DOCS_NY:48003.8 36027/004
CORE/3522697.0002/183484236.1
DOCS_NY:48104.2 36027/003
DOCS_NY:48119.1 36027/003

3.      In addition to the forgoing, and pursuant to the terms of each applicable Note, HCMFA shall pay to Highland the amount of **$388,426.05**, which is the total actual expenses of collection, including attorneys' fees and costs, incurred by Highland, which also includes post-judgment interest accrued from July 6, 2023 through July 31, 2023.

4.      The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of 5.35%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

**It is so ordered** this _____ day of _____, 2023.

_____
The Honorable Brantley Starr
United States District Judge

DOCS_NY:48003.8 36027/004
CORE/3522697.0002/183484236.1
DOCS_NY:48104.2 36027/003
DOCS_NY:48119.1 36027/003

## **EXHIBIT C**

## **NPA Amended Final Judgment**

DOCS_NY:48003.8 36027/004
CORE/3522697.0002/183484236.1
DOCS_NY:48104.2 36027/003
DOCS_NY:48119.1 36027/003

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

---------------------------------------------------------------------

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Case No. 3:21-cv-00881-X |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | (Consolidated with 3:21-cv-00880- |
| NEXPOINT ASSET MANAGEMENT, L.P. | § | X; 3:21-cv-01010-X; 3:21-cv-01360- |
| (F/K/A HIGHLAND CAPITAL MANAGEMENT | § | X; 3:21-cv-01362-X; 3:21-cv-01378- |
| FUND ADVISORS, L.P.), et al., | § | X; 3:21-cv-01379-X; 3:21-cv-03207- |
| | § | X; 3:22-cv-0789-X) |
| Defendants. | § | |

---------------------------------------------------------------------

## AMENDED FINAL JUDGMENT AGAINST NEXPOINT ADVISORS, L.P.

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* [Adv. Proc. No. 21-03005-sgj, Docket No. 131] (the "Motion") filed by Highland Capital Management, L.P. ("Highland"), the reorganized debtor in the chapter 11 case styled *In re Highland Capital Management, L.P.*, case no. 19-34054-sgj11 (the "Bankruptcy Case"), pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"), and plaintiff in the adversary proceeding styled *Highland Capital Management, L.P. vs. NexPoint Advisors, L.P., et al.*, adversary proceeding no. 21-03005-sgj (the "Adversary Proceeding"), filed in the Bankruptcy Court against, among others, NexPoint Advisors, L.P. ("NPA"); and reference of the Adversary Proceeding having been withdrawn from the Bankruptcy Court to this Court, subject to the Bankruptcy Court's retention of the Adversary Proceeding for administration of all pre-trial matters, including the consideration (but not determination) of any dispositive motions; and the Court having considered (a) Highland's Motion and all arguments and evidence admitted into the record in support of the Motion; (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support

of such responses and objections, and the arguments presented by counsel during the hearing held

on April 20, 2022, on the Motion; and (c) the *Report and Recommendation to District Court: Court*

*Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker*

*Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated*

*Note Actions* [Adv. Proc. No. 21-03005-sgj, Docket No. 207] (the "R&R") filed by the Bankruptcy

Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022,*

*Transmitting Proposed Forms of Judgment* [Adv. Proc. No. 21-03005-sgj, Docket No. 234] filed

by the Bankruptcy Court on November 10, 2022; and based on the Court's *Order Adopting Report*

*and Recommendation and Final Judgment* [Docket No. 128] entered on July 6, 2023; and pursuant

to the terms of the *Stipulation Regarding Finality of Judgment* entered into by and between

Highland and NPA, among others, and approved by this Court; the Court hereby enters the

following amended final judgment (the "Final Judgment") against NPA.  **IT IS THEREFORE**

**ORDERED, ADJUDGED, AND DECREED** that Highland recover the following:

1.      NPA will owe Highland **$24,746,838.07** in accrued but unpaid principal and

interest due under the NexPoint Term Note[7] (issued on May 31, 2017) as of July 31, 2023.  Interest

will continue to accrue on the NexPoint Term Note as set forth below.

2.      In addition to the forgoing, and pursuant to the terms of each applicable Note, NPA

shall pay to Highland the amount of **$1,102,978.87**, which is its pro rata allocation (based on the

ratio of the outstanding principal and interest owed by NPA to Highland as of August 8, 2022, to

the total principal and interest owed by all Note Maker Defendants to Highland as of August 8,

2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs,

---

[7] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

2

incurred by Highland, which also includes post-judgment interest accrued from July 6, 2023 through July 31, 2023.  Interest will continue to accrue on these allocable and actual expenses of collection as set forth below.

3.    The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of 5.35%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

**It is so ordered** this _____ day of _____, 2023.

_____
The Honorable Brantley Starr
United States District Judge

DOCS_NY:48003.8 36027/004
CORE/3522697.0002/183484236.1
DOCS_NY:48104.2 36027/003
DOCS_NY:48119.1 36027/003

**EXHIBIT D**

**HCRE (N/K/A NREP) Amended Final Judgment**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., §<br>§<br>Plaintiff, §<br>§<br>vs. §<br>§<br>NEXPOINT ASSET MANAGEMENT, L.P. §<br>(F/K/A HIGHLAND CAPITAL MANAGEMENT §<br>FUND ADVISORS, L.P.), et al., §<br>§<br>Defendants. §<br>§ | Case No. 3:21-cv-00881-X<br><br>(Consolidated with 3:21-cv-00880-<br>X; 3:21-cv-01010-X; 3:21-cv-01360-<br>X; 3:21-cv-01362-X; 3:21-cv-01378-<br>X; 3:21-cv-01379-X; 3:21-cv-03207-<br>X; 3:22-cv-0789-X) |

**AMENDED FINAL JUDGMENT AGAINST**
**NEXPOINT REAL ESTATE PARTNERS, LLC (f/k/a HCRE PARTNERS, LLC)**

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* [Adv. Proc. No. 21-03007-sgj, Docket No. 124] (the "Motion") filed by Highland Capital Management, L.P. ("Highland"), the reorganized debtor in the chapter 11 case styled *In re Highland Capital Management, L.P.*, case no. 19-34054-sgj11 (the "Bankruptcy Case"), pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"), and plaintiff in the adversary proceeding styled *Highland Capital Management, L.P. vs. HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC), et al.*, adversary proceeding no. 21-03007-sgj (the "Adversary Proceeding"), filed in the Bankruptcy Court against, among others, NexPoint Real Estate Partners, LLC (f/k/a HCRE partners, LLC) ("HCRE"); and reference of the Adversary Proceeding having been withdrawn from the Bankruptcy Court to this Court, subject to the Bankruptcy Court's retention of the Adversary Proceeding for administration of all pre-trial matters, including the consideration (but not determination) of any dispositive motions; and the Court having considered (a) Highland's Motion and all arguments and evidence admitted into the record in support of the Motion; (b) all responses

and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and (c) the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* [Adv. Proc. No. 21-03007-sgj, Docket No. 208] (the "R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment* [Adv. Proc. No. 21-03007-sgj, Docket No. 234] filed by the Bankruptcy Court on November 10, 2022; and based on the Court's *Order Adopting Report and Recommendation and Final Judgment* [Docket No. 128] entered on July 6, 2023; and pursuant to the terms of the *Stipulation Regarding Finality of Judgment* entered into by and between Highland and HCRE, among others, and approved by this Court; the Court hereby enters the following amended final judgment (the "Final Judgment") against HCRE. **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Highland recover the following:

1. HCRE will owe Highland **$210,395.08** in accrued but unpaid principal and interest due under HCRE's First Demand Note[8] (issued on November 27, 2013) as of July 31, 2023. Interest will continue to accrue on HCRE's First Demand Note as set forth below.

2. HCRE will owe Highland **$3,822,585.00** in accrued but unpaid principal and interest due under HCRE's Second Demand Note (issued on October 12, 2017) as of July 31, 2023. Interest will continue to accrue on HCRE's Second Demand Note as set forth below.

---

[8] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

2

3.      HCRE will owe Highland **$1,061,829.42** in accrued but unpaid principal and interest due under HCRE's Third Demand Note (issued on October 15, 2018) as of July 31, 2023. Interest will continue to accrue on HCRE's Third Demand Note as set forth below.

4.      HCRE will owe Highland **$932,827.77** in accrued but unpaid principal and interest due under HCRE's Fourth Demand Note (issued on September 25, 2019) as of July 31, 2023. Interest will continue to accrue under HCRE's Fourth Demand Note as set forth below.

5.      HCRE will owe Highland **$6,667,744.06** in accrued but unpaid principal and interest due under the HCRE Term Note (issued on May 31, 2017) as of July 31, 2023.  Interest will continue to accrue on the HCRE Term Note as set forth below.

6.      In addition to the forgoing, and pursuant to the terms of each applicable Note, HCRE shall pay to Highland the amount of **$556,279.67**, which is its pro rata allocation (based on the ratio of the outstanding principal and interest owed by HCRE to Highland as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Highland as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland, which also includes post-judgment interest accrued from July 6, 2023 through July 31, 2023.  Interest will continue to accrue on these allocable and actual expenses of collection as set forth below.

7.      The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of 5.35%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

DOCS_NY:48003.8 36027/004
CORE/3522697.0002/183484236.1
DOCS_NY:48104.2 36027/003
DOCS_NY:48119.1 36027/003

**It is so ordered** this _____ day of _____, 2023.

_____
The Honorable Brantley Starr
United States District Judge

DOCS_NY:48003.8 36027/004
CORE/3522697.0002/183484236.1
DOCS_NY:48104.2 36027/003
DOCS_NY:48119.1 36027/003

<u>**EXHIBIT E**</u>

<u>**HCMS Amended Final Judgment**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

---

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., § | Case No. 3:21-cv-00881-X |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | (Consolidated with 3:21-cv-00880- |
| NEXPOINT ASSET MANAGEMENT, L.P. § | X; 3:21-cv-01010-X; 3:21-cv-01360- |
| (F/K/A HIGHLAND CAPITAL MANAGEMENT § | X; 3:21-cv-01362-X; 3:21-cv-01378- |
| FUND ADVISORS, L.P.), et al., § | X; 3:21-cv-01379-X; 3:21-cv-03207- |
| § | X; 3:22-cv-0789-X) |
| Defendants. § | |

---

**AMENDED FINAL JUDGMENT AGAINST
HIGHLAND CAPITAL MANAGEMENT SERVICES, INC.**

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* [Adv. Proc. No. 21-03006-sgj, Docket No. 129] (the "<u>Motion</u>") filed by Highland Capital Management, L.P. ("<u>Highland</u>"), the reorganized debtor in the chapter 11 case styled *In re Highland Capital Management, L.P.*, case no. 19-34054-sgj11 (the "<u>Bankruptcy Case</u>"), pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "<u>Bankruptcy Court</u>"), and plaintiff in the adversary proceeding styled *Highland Capital Management, L.P. vs. Highland Capital Management Services, Inc., et al.*, adversary proceeding no. 21-03006-sgj (the "<u>Adversary Proceeding</u>"), filed in the Bankruptcy Court against, among others, Highland Capital Management Services, Inc. ("<u>HCMS</u>"); and reference of the Adversary Proceeding having been withdrawn from the Bankruptcy Court to this Court, subject to the Bankruptcy Court's retention of the Adversary Proceeding for administration of all pre-trial matters, including the consideration (but not determination) of any dispositive motions; and the Court having considered (a) Highland's Motion and all arguments and evidence admitted into the record in support of the Motion; (b) all responses and objections to the Motion and all arguments

and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and (c) the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* [Adv. Proc. No. 21-03006-sgj, Docket No. 213] (the "R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment* [Adv. Proc. No. 21-03006-sgj, Docket No. 239] filed by the Bankruptcy Court on November 10, 2022; and based on the Court's *Order Adopting Report and Recommendation and Final Judgment* [Docket No. 128] entered on July 6, 2023; and pursuant to the terms of the *Stipulation Regarding Finality of Judgment* entered into by and between Highland and HCMS, among others, and approved by this Court; the Court hereby enters the following amended final judgment (the "Final Judgment") against HCMS. **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Highland recover the following:

1.      HCMS will owe Highland **$171,155.61** in accrued but unpaid principal and interest due under HCMSI's First Demand Note[9] (issued on March 28, 2018) as of July 31, 2023.  Interest will continue to accrue on HCMS's First Demand Note as set forth below.

2.      HCMS will owe Highland **$229,906.25** in accrued but unpaid principal and interest due under HCMS's Second Demand Note (issued on June 25, 2018) as of July 31, 2023.  Interest will continue to accrue on HCMS's Second Demand Note as set forth below.

---

[9] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

2

3.      HCMS will owe Highland **$436,232.03** in accrued but unpaid principal and interest due under HCMS's Third Demand Note (issued on May 29, 2019) as of July 31, 2023.  Interest will continue to accrue under HCMS's Third Demand Note as set forth below.

4.      HCMS will owe Highland **$163,470.17** in accrued but unpaid principal and interest due under HCMS's Fourth Demand Note (issued on June 26, 2019) as of July 31, 2023.  Interest will continue to accrue on HCMS's Fourth Demand Note as set forth below.

5.      HCMS will owe Highland **$6,245,606.57** in accrued but unpaid principal and interest due under the HCMS Term Note (issued on May 31, 2017) as of July 31, 2023.  Interest will continue to accrue on the HCMS Term Note as set forth below.

6.      In addition to the forgoing, and pursuant to the terms of each applicable Note, HCMS shall pay to Highland the amount of **$332,249.78**, which is its pro rata allocation (based on the ratio of the outstanding principal and interest owed by HCMS to Highland as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Highland as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland, which also includes post-judgment interest accrued from July 6, 2023 through July 31, 2023.  Interest will continue to accrue on these allocable and actual expenses of collection as set forth below.

7.      The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of 5.35%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

3

**It is so ordered** this _____ day of _____, 2023.

_____
The Honorable Brantley Starr
United States District Judge

4

DOCS_NY:48003.8 36027/004
CORE/3522697.0002/183484236.1
DOCS_NY:48104.2 36027/003
DOCS_NY:48119.1 36027/003

## **EXHIBIT F**

## **Dondero Amended Final Judgment**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

---------------------------------------------------------------------

HIGHLAND CAPITAL MANAGEMENT, L.P.,     §    Case No. 3:21-cv-00881-X
                   Plaintiff,     §
                                       §

vs.                                      §    (Consolidated with 3:21-cv-00880-X; 3:21-cv-01010-X; 3:21-cv-01360-X; 3:21-cv-01362-X; 3:21-cv-01378-X; 3:21-cv-01379-X; 3:21-cv-03207-X; 3:22-cv-0789-X)

NEXPOINT ASSET MANAGEMENT, L.P. (F/K/A HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.), et al.,     § § § § §

                   Defendants.     §

---------------------------------------------------------------------

## <u>AMENDED FINAL JUDGMENT AGAINST JAMES DONDERO</u>

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* [Adv. Proc. No. 21-03003-sgj, Docket No. 132] (the "<u>Motion</u>") filed by Highland Capital Management, L.P. ("<u>Highland</u>"), the reorganized debtor in the chapter 11 case styled *In re Highland Capital Management, L.P.*, case no. 19-34054-sgj11 (the "<u>Bankruptcy Case</u>"), pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "<u>Bankruptcy Court</u>"), and plaintiff in the adversary proceeding styled *Highland Capital Management, L.P. vs. James Dondero et al.*, adversary proceeding no. 21-03003-sgj (the "<u>Adversary Proceeding</u>"), filed in the Bankruptcy Court against, among others, James Dondero ("<u>Dondero</u>"); and reference of the Adversary Proceeding having been withdrawn from the Bankruptcy Court to this Court, subject to the Bankruptcy Court's retention of the Adversary Proceeding for administration of all pre-trial matters, including the consideration (but not determination) of any dispositive motions; and the Court having considered (a) Highland's Motion and all arguments and evidence admitted into the record in support of the Motion; (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support

of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and (c) the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* [Adv. Proc. No. 21-03003-sgj, Docket No. 191] filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment* [Adv. Proc. No. 21-03003-sgj, Docket No. 217] (the "R&R") filed by the Bankruptcy Court on November 10, 2022; and based on the Court's *Order Adopting Report and Recommendation and Final Judgment* [Docket No. 128] entered on July 6, 2023; and pursuant to the terms of the *Stipulation Regarding Finality of Judgment* entered into by and between Highland and Dondero, among others, and approved by this Court; the Court hereby enters the following amended final judgment (the "Final Judgment") against Dondero.  **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Highland recover the following:

1.       Dondero will owe Highland **$3,981,474.95** in accrued but unpaid principal and interest due under Dondero's First Note[10] (issued on February 2, 2018) as of July 31, 2023.  Interest will continue to accrue on the First Dondero Note as set forth below.

2.       Dondero will owe Highland **$2,863,095.74** in accrued but unpaid principal and interest due under Dondero's Second Note (issued on August 1, 2018) as of July 31, 2023.  Interest will continue to accrue on Dondero's Second Note as set forth below.

---

[10] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

2

3.     Dondero will owe Highland **$2,863,123.24** in accrued but unpaid principal and interest due under Dondero's Third Note (issued on August 13, 2018) as of July 31, 2023.  Interest will continue to accrue on Dondero's Third Note as set forth below.

4.     In addition to the forgoing, and pursuant to the terms of each applicable Note, Dondero shall pay to Highland the amount of **$444,697.94**, which is his pro rata allocation (based on the ratio of the outstanding principal and interest owed by Dondero to Highland as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Highland as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland, which also includes post-judgment interest accrued from July 6, 2023 through July 31, 2023.  Interest will continue to accrue on these allocable and actual expenses of collection as set forth below.

5.     The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of 5.35%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

**It is so ordered** this _____ day of _____, 2023.


_____
The Honorable Brantley Starr
United States District Judge

3