IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>NEXPOINT ASSET MANAGEMENT, L.P. (F/K/A HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.), et al.,<br><br>Defendants. | §§§§§§§§§§§§§§ Case No. 3:21-cv-00881-X<br><br>(Consolidated with 3:21-cv-00880-X; 3:21-cv-01010-X; 3:21-cv-01360-X; 3:21-cv-01362-X; 3:21-cv-01378-X; 3:21-cv-01379-X; 3:21-cv-03207-X; 3:22-cv-0789-X) |

# **AMENDED FINAL JUDGMENT AGAINST NEXPOINT ADVISORS, L.P.**

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* [Adv. Proc. No. 21-03005-sgj, Docket No. 131] (the "Motion") filed by Highland Capital Management, L.P. ("Highland"), the reorganized debtor in the chapter 11 case styled *In re Highland Capital Management, L.P.*, case no. 19-34054-sgj11 (the "Bankruptcy Case"), pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"), and plaintiff in the adversary proceeding styled *Highland Capital Management, L.P. vs. NexPoint Advisors, L.P., et al.*, adversary proceeding no. 21-03005-sgj (the "Adversary Proceeding"), filed in the Bankruptcy Court against, among others, NexPoint Advisors, L.P. ("NPA"); and reference of the Adversary Proceeding having been withdrawn from the Bankruptcy Court to this Court, subject to the Bankruptcy Court's retention of the Adversary Proceeding for administration

of all pre-trial matters, including the consideration (but not determination) of any dispositive motions; and the Court having considered (a) Highland's Motion and all arguments and evidence admitted into the record in support of the Motion; (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and (c) the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* [Adv. Proc. No. 21-03005-sgj, Docket No. 207] (the "R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment* [Adv. Proc. No. 21-03005-sgj, Docket No. 234] filed by the Bankruptcy Court on November 10, 2022; and based on the Court's *Order Adopting Report and Recommendation and Final Judgment* [Docket No. 128] entered on July 6, 2023; and pursuant to the terms of the *Stipulation Regarding Finality of Judgment* entered into by and between Highland and NPA, among others, and approved by this Court; the Court hereby enters the following amended final judgment (the "Final Judgment") against NPA.  **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Highland recover the following:

    1.    NPA will owe Highland **$24,746,838.07** in accrued but unpaid principal and interest due under the NexPoint Term Note[1] (issued on May 31, 2017) as of July

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

31, 2023.  Interest will continue to accrue on the NexPoint Term Note as set forth below.

2. In addition to the forgoing, and pursuant to the terms of each applicable Note, NPA shall pay to Highland the amount of **$1,102,978.87**, which is its pro rata allocation (based on the ratio of the outstanding principal and interest owed by NPA to Highland as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Highland as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland, which also includes post-judgment interest accrued from July 6, 2023 through July 31, 2023.  Interest will continue to accrue on these allocable and actual expenses of collection as set forth below.

3. The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of 5.35%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

**IT IS SO ORDERED** this 3rd day of August, 2023.

_____
THE HONORABLE BRANTLEY STARR
UNITED STATES DISTRICT JUDGE