IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** § § | § | **Chapter 11** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § | **Case No. 19-34054-sgj11** |
| Debtor. | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § § | **Civ. Act. No. 3:21-cv-00881-X** |
| Plaintiff, | § § | |
| v. | § § | **(Consolidated with 3:21-cv-00880-X; 3:21-cv-01010-X; 3:21-cv-01360-X; 3:21-cv-01362-X; 3:21-cv-01378-X; 3:21-cv-01379-X; 3:21-cv-03207-X; 3:22-cv-0789-X)** |
| **NEXPOINT ASSET MANAGEMENT, L.P. (F/K/A HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.), et al.,** | § § § § § § § | |
| Defendants. | § | |

**ORDER GRANTING JOINT AGREED EMERGENCY MOTION FOR ORDER APPROVING STIPULATION FOR THE BONDING OF JUDGMENTS AND STAYS OF EXECUTIONS PENDING APPEALS**

Upon consideration of the Parties' *Joint Agreed Emergency Motion for Order Approving Stipulation for the Bonding of Judgments and Stays of Execution Pending Appeals* (the "Motion"),[1] the Court hereby finds that the Motion should be GRANTED as set forth below. Accordingly,

**IT IS HEREBY ORDERED** that:

1. The Motion is **GRANTED** in its entirety.

---

[1] Capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

2. The Parties' entry into the Binding Bonding Agreement, a copy of which is attached hereto as **Exhibit A**, is hereby **APPROVED.**

3. The Parties are directed to comply with each and every term of the Binding Bonding Agreement.

4. The deposit of any amounts required by the Binding Bonding Agreement into the Court Registry will be done in each case in accordance with Miscellaneous Order No. 45, entered by the U.S. District Court of the Northern District of Texas on October 7, 1997 (the "Misc. Order"). For the avoidance of doubt, this Order shall constitute the Court's express order authorizing the deposit or transfer of funds into the Court Registry as required by the terms of the Misc. Order, and the Clerk of Court shall accept this Order as the requisite order of the Court permitting the deposit or transfer of funds into the Court Registry.

5. This Court shall have and retain jurisdiction over all disputes arising out of or otherwise concerning the interpretation and enforcement of this Order.

**IT IS SO ORDERED** this 3rd day of August, 2023.

```
_____
    THE HONORABLE BRANTLEY STARR
    UNITED STATES DISTRICT COURT JUDGE
```

# EXHIBIT A

## Binding Bonding Agreement

This Binding Bonding Agreement ("*Agreement*") is entered into by and between Highland Capital Management, L.P. ("*Highland*") and James Dondero, NexPoint Asset Management, L.P., NexPoint Advisors, L.P., NexPoint Real Estate Partners, LLC, and Highland Capital Management Services, Inc. (the "*Judgment Debtors*") (along with Highland, collectively the "*Parties*") with respect to judgments entered in US Dist. Court Case No. 3:21-cv-00881-X and its consolidated cause numbers (the "*Judgments*" in the "*District Court Case*").

### RECITALS

WHEREAS, as of July 31, 2023, the Judgments entered in the District Court Case on July 6, 2023, total $68,902,707.24 ("*Combined Judgment Amount*"), inclusive of principal, pre- and post-judgment interest, and awarded fees and expenses;

WHEREAS, Highland and the Judgment Debtors dispute the finality of certain of the Judgments;

WHEREAS, Highland may execute upon the Judgments thirty (30) days after the entry of a final Judgment, unless the United States District Court for the Northern District of Texas (the "*District Court*") orders otherwise;

WHEREAS, the Judgment Debtors may stay execution of such Judgments by providing a supersedeas bond in conformance with the District Court's rules ("*Bond*") for each Judgment Debtor;

WHEREAS, the Parties seek to avoid the motion practice, expense, and harm caused by execution of the Judgments;

NOW THEREFORE, the Parties agree as follows:

### AGREEMENT

1. The Parties will request the District Court to enter separate judgments ("*Individual Judgment Amount*") for each Judgment Debtor against each respective Judgment Debtor as follows (which the parties agree to consolidate for the purposes of appeal). Each Judgment Debtor shall Bond in the amount of 111% of its Individual Judgment Amount ("*Individual Bond Amount*") as set forth below (the Individual Bond Amounts collectively the "*Combined Bond Amount*"):

| Party | Individual Judgment Amount | Individual Bond Amount |
|---|---|---|
| NexPoint Asset Management, L.P. | $3,628,692.37 | $4,027,848.53 |

| NexPoint Asset Management, L.P. | $8,441,524.65 | $9,370,092.36 |
| --- | --- | --- |
| NexPoint Advisors, L.P. | $25,849,816.94 | $28,693,296.80 |
| NexPoint Real Estate Partners, LLC | $13,251,661.00 | $14,709,343.70 |
| Highland Capital Management Services, Inc. | $7,578,620.41 | $8,412,268.66 |
| James Dondero | $10,152,391.87 | $11,269,154.90 |
| Total | $68,902,707.24 | $76,482,004.95 |

2. The Judgment Debtors shall Bond the Combined Bond Amount according to the following schedule ("*Bonding Schedule*"):

| Date[1] | Additional Bonded Amount | Combined Bonded Amount |
| --- | --- | --- |
| August 11, 2023 | $30,000,000.00 | $30,000,000.00 |
| August 18 2023 | $10,000,000.00 | $40,000,000.00 |
| August 25, 2023 | $10,000,000.00 | $50,000,000.00 |
| September 8, 2023 | $10,000,000.00 | $60,000,000.00 |
| October 11, 2023 | $16,482,004.95 | $76,482,004.95 |

3. In substitution for posting Bond, if, and only if, the registry of the District Court is willing to accept USD$ cash in lieu of a Bond conforming with the rules of the District Court, a Judgment Debtor may post cash as security to an interest-bearing account (if the registry maintains such an account) with the Registry of the District Court ("*Cash Security*"). For all purposes under this Agreement, including calculation of the Combined Bonded Amount under the Bonding Schedule, a Judgment Debtor shall be credited as having posted a Bond equivalent to 111% of all amounts posted as Cash Security only if (a) the interest rate payable on such Cash Security by the registry of the District Court is equal to or greater than the 5.35% Federal Judgment Rate applicable to the Judgments (or, if less, the "Top-up Interest" is paid as described in footnote 2 below) and (b) all interest paid on the Cash Security becomes part of the Cash Security and remains in the Registry of the District Court and available to satisfy the Judgments. If the Registry of the District Court is not willing to accept a Cash Security or does not accrue and apply interest to the Cash Security as required by the immediately preceding sentence hereof, the Judgment Debtor must post the required amount in the form of a supersedeas Bond consistent with the Federal Rules of Civil Procedure and the Local Rules for the District Court. Consistent with the foregoing,

---

[1] For avoidance of doubt, failure to post the required Combined Bond Amount by the calendar dates set forth in the Bonding Schedule will constitute a default permitting the plaintiffs to immediately begin enforcement and collection proceedings for the unbonded amounts then outstanding against each and every Judgment Debtor, unless the parties otherwise agree and adjust the Bonding Schedule, or the District Court extends the stay of execution. If at least $60 million in Bond (or the equivalent required amount in cash) has been posted on or before September 8, 2023, the parties will work in good faith to negotiate a fair and equitable schedule for completing Bonding if it cannot be completed by October 11, 2023; if Highland rejects the proposal of the remaining Judgment Debtors, Highland may begin collection efforts if Judgment Debtors have not obtained a stay of execution within 7 days of such rejection.

interest generated by any acceptable USD$ cash deposit to the Registry of the District Court shall be treated as part of the Bond with respect to the right of collection after finalization of appeals.[2]

4. Upon posting of (a) Bond or (b) if acceptable to the Registry of the District Court, Cash Security in substitution of a Bond, the Judgment Debtors shall notify Highland in writing to counsel of record of the Judgment Debtor(s) on whose behalf such Bond or Cash Security was posted and the amount of Combined Bond Amount posted for the purposes of satisfaction of the Bonding Schedule. Except as set forth in footnote 1, failure to post the required Combined Bond Amount by the calendar date above shall constitute an event of default permitting Highland to immediately begin enforcement and collection proceedings for the unbonded amounts against each Judgment Debtor.

5. Each of the Judgment Debtors hereby represents and warrants on its own behalf that it has not since January 1, 2023, engaged in any Fraudulent Transfers. For the purposes of this Agreement, "Fraudulent Transfer" shall have its meaning as defined in 11 U.S.C. §§ 544, 548.

6. None of the Judgment Debtors shall transfer any of its assets with a value of over $100,000 in one or a series of related transactions (an "*Asset Transfer*"), without providing five days (5) written notice to Highland (the "*Notice*") except that Notice is not required for (i) ordinary and customary payments to vendors, employees, contractors, or consultants, including for any bonuses that are already scheduled in the current compensation schedule, all consistent with recent past practice; (ii) payments made pursuant to the terms of a contract executed and effective prior to January 1, 2023 (payments under paragraph 6(i) and (ii) are referred to as "*Ordinary Course Payments*"), or (iii) transfers and transactions made for the purpose of bonding the Judgments. Notwithstanding the foregoing, other than with respect to Ordinary Course Payments being made pursuant to already existing written agreements, the Judgment Debtors *shall* provide Notice to Highland of all contemplated Asset Transfers between or among any Judgment Debtor, on the one hand, and any of Mr. Dondero or Scott Ellington or either of their immediate families or either of their affiliated entities (including Highgate Consulting Group, Inc., d/b/a Skyview Group ("*Skyview*")), on the other (any such contemplated Asset Transfer, an "*Insider Transaction*"). For the avoidance of doubt, items such as contractual payments to Skyview and its employees, scheduled bonus amounts, and medical reimbursements are not required to be disclosed to Highland so long as they otherwise constitute Ordinary Course Payments. While Notice of all other Insider Transactions is required, the Parties do not intend to restrict Asset

---

[2] As set forth above, the interest rate for by the deposit of Cash Security must be equal to or greater than the 5.35% statutory post-judgment interest rate applicable to the Judgments. In the event that the Cash Security interest rate available at the Registry of the District Court is less than the statutory 5.35% post-judgment interest rate applicable to the Judgments, each the Judgment Debtor shall post additional Cash Security or post additional Bond in the amount of the dollar difference between the Cash Security interest rate payable at the Registry of the District Court (as applied to the Judgments) and the 5.35% post-judgment statutory interest rate applicable to the Judgments ("*Top-Up Interest*"). Top-Up Interest must be deposited with the Registry of the District Court and added to the Cash Security on the first business day of each month. Failure to timely deposit Top-Up Interest shall be an event of default hereunder permitting Highland to immediately begin enforcement and collection proceedings for the unbonded amounts against each Judgment Debtor.

Transfers made as Ordinary Course Payments. The provisions of this Paragraph 6 shall expire (a) for each Judgment Debtor upon the posting of a Bond or Cash Security for its Individual Bond Amount or (b) upon the complete satisfaction of the Bonding Schedule. If Highland objects in writing to any Asset Transfer or Insider Transaction, the proposed transaction(s) may only be pursued if Highland has not moved on shortened notice and as expedited a basis as the District Court will accommodate for injunctive or other relief within 5 days of written notice of a Judgment Debtor's objection to Highland's objection (the Parties all hereby consent to having a motion under this provision heard on shortened notice or on an emergency basis), and such period has not been extended pursuant to a written agreement between the parties or by the Court upon good cause shown.

7. Prior to completion of the Bonding Schedule, and promptly following execution of this Agreement and entry of an order of the District Court approving this Agreement (and in any event on or before August 11, 2023), the Judgment Debtors shall grant (or cause to be granted) to Highland properly perfected, first-priority security interests (the "*Liens*") in collateral collectively up to the amount of $76.4 million ("*Interim Collateral*"). To the extent the Liens are perfected through the filing of a UCC-1, the Liens will be recorded with UCC-1 filings in Dallas County, Texas, and in the state of incorporation/formation of the debtor listed in the applicable UCC-1. Each Lien shall be released with respect to each Judgment Debtor as each Judgment Debtor posts a Bond or Cash Security equal to its Individual Bond Amount in accordance with this Agreement as follows: upon approval by the District Court of any Bond or Cash Security equal to an Individual Bond Amount, Highland shall release its lien and security interest on Interim Collateral in the amount of such Bond or Cash Security with respect to the asset of the particular Judgment Debtor posting such Bond or Cash Security.

8. So long as the Judgment Debtors are in strict compliance with the Bonding Schedule (time being of the essence), and paragraphs 6 and 7 concerning Interim Collateral, Highland shall take no action to execute upon the Judgments.

9. Upon execution of this Agreement, the Parties agree that they shall immediately submit this Agreement to the District Court as a stipulation to be entered on the District Court Case docket and approved by the Court.

**AGREED BY COUNSEL TO THE PARTIES TO THIS AGREEMENT:**

_____
Deborah Deitsch-Perez

_____
John A. Morris

Counsel to the Judgement Debtors               Counsel to Highland