K&L GATES LLP
Artoush Varshosaz (TX Bar No. 24066234)
1717 Main Street, Suite 2800
Dallas, TX 75201
Telephone: (214) 939-5659
E-mail: artoush.varshosaz@klgates.com

A. Lee Hogewood, III (*pro hac vice pending*)
301 Hillsborough Street, Suite 1200
Raleigh, NC 27603
Telephone: (919) 743-7300
E-mail: lee.hogewood@klgates.com

*Counsel for Highland Income Fund, NexPoint Strategic Opportunities Fund n/k/a NexPoint Diversified Real Estate Trust, Highland Global Allocation Fund, and NexPoint Capital, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., Plaintiff, | ) | Case No. 3:21-cv-00881-X |
| vs. | ) | |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., et al., Defendants. | ) | (Consolidated with 3:21-cv-00880-X, 3:21-cv-01010-X, 3:21-cv-01378-X, 3:21-cv-01379-X) |

**FUNDS' OBJECTION TO HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION TO DEEM THE DONDERO ENTITIES VEXATIOUS LITIGANTS AND FOR RELATED RELIEF AND MEMORANDUM IN SUPPORT**

Highland Income Fund, NexPoint Strategic Opportunities Fund n/k/a NexPoint Diversified Real Estate Trust, Highland Global Allocation Fund, and NexPoint Capital, Inc. (collectively, the "Funds") submit this objection (the "Objection") to the motion, filed by Highland Capital

Management, L.P. ("HCMLP") on July 14, 2023 [Dkt. No. 136] (the "Motion"), seeking to deem certain entities vexatious litigants, and the memorandum filed in support of the motion [Dkt. No. 137] (the "Memorandum").[1] Capitalized terms used but not otherwise defined in this Objection have the meanings ascribed to them in the Memorandum.

**PRELIMINARY STATEMENT**

1. The only litigation or disputes in which both the Funds and HCMLP are involved are two pending petitions for certiorari before the Supreme Court of the United States filed by HCMLP, on the one hand, and NexPoint Asset Management, L.P.S and NexPoint Advisors, L.P., on the other hand. The Funds are not parties to the above-captioned proceedings, have tried to avoid litigation with HCMLP and wish simply to be left alone. The Funds do not have an appetite to litigate, let alone become embroiled in the above-captioned matters – cases and controversies to which the Funds are not parties and in which they were not served with process as Defendants or joined as Plaintiffs.

2. The few disputes in which the Funds were involved relating to the Bankruptcy Case, reflected in the chart attached to this Objection at Exhibit A, were ones in which the Funds' interests were directly at stake. Notably, out of the six matters listed, four relate to confirmation of HCMLP's Chapter 11 plan of reorganization, the appeal arising out of the confirmation of the plan, which resulted in a reversal of certain aspects of the exculpation provision contained in the plan, and the pending petitions before the Supreme Court.

3. Unfortunately, the Motion forces the Funds to join the fray by filing this Objection in order to preserve the reputation of their respective Boards and the independent businesses they

[1] On August 3, 2023, the Court entered that certain *Order Approving Stipulation Regarding Briefing on Highland Capital Management, L.P.'s Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief* [Dkt. No. 150], whereby the deadline to respond to the Motion was extended to December 15, 2023.

conduct, as well as the confidence of their public shareholders. There are numerous allegations in the Memorandum that are demonstrably false with respect to the Funds. The Memorandum contains many allegations directed at the "Dondero Entities" as one unit. With respect to the Funds, the overinclusion and imprecision of such allegations could create, and probably have caused, unfortunate and undeserved reputational damage.

4. As a result, the Funds are appearing in the above-captioned action for the limited purpose of filing this Objection and requesting that the Court deny the Motion with respect to the Funds.

**OBJECTION**

5. The Motion should be denied with respect to the Funds for two primary reasons.

6. First, the Funds are not parties to the lawsuit in which the Motion was filed, and their inclusion in the Motion is improper. The Motion should be denied as to the Funds for this reason alone.

7. Second, there is no substantive basis to grant the Motion as it pertains to the Funds. HCMLP attempts to lump the Funds together with all other "Dondero Entities," making blanket allegations with respect to such "Dondero Entities." These sweeping allegations are not supported by any evidence from which the court could reasonably find the Funds to be vexatious litigants. Rather, by making allegations broadly against the "Dondero Entities" (which, by the definition provided for in the Motion and the Memorandum, include the Funds), HCMLP significantly misstates the facts as to the Funds.

8. The chart below highlights certain of these inaccuracies and includes the Funds' response thereto.

| **Allegation** | **Citation to Memorandum** | **Response** |
|---|---|---|
| "On remand, the Dondero Entities blatantly mischaracterized the Fifth Circuit's ruling, wrongly asserting the Fifth Circuit had severely limited the Gatekeeper." | Page 3, ¶ 5 | HCMLP's motion to conform the Plan following the Fifth Circuit's ruling took the position that the Fifth Circuit only limited the exculpation provision, and not the injunction or gatekeeper provisions. The Funds' interpretation of the Fifth Circuit's opinion was that it similarly limited the injunction and gatekeeper provision, and as such, filed a limited response to the motion to conform.<br><br>Any reasonable reading of the Fifth Circuit's opinion, the Funds' response to the motion to conform, and the transcript from the hearing on the motion to conform would refute HCMLP's assertion that the Funds' response "blatantly mischaracterized" the Fifth Circuit's ruling. Rather, a genuine and good faith disagreement existed over interpretation of such opinion. Indeed, the Bankruptcy Court's comments at the hearing on the motion to conform highlight the ambiguities stemming from the opinion:<br><br>Well, I promise you all this. I and my law clerk have spent a heck of a lot of time reading and rereading the Fifth Circuit's opinion, reading your pleadings, going back and reading the plan definitions and thinking about this.<br><br>Transcript of Hearing at 42, line 7-11, *In re Highland Capital Management, L.P.*, Case No. 19-34054 (Bankr. N.D. Tex.).<br><br>So, again, we've read this. We've reread this. We've thought about it. We've debated it. As you can glean from my questioning, I thought |

| | | |
|---|---|---|
| | | really hard about Article IX.F, Paragraph 2, provision Romanette (v).<br><br>*Id.* at 44, line 16-19. |
| "The Dondero Entities immediately appealed" the Bankruptcy Court's order conforming the Plan. | Page 3, ¶ 5 | The Funds did not appeal this order. |
| "The Dondero Entities are the only entities currently litigating with the estate." | Page 3, ¶ 6 | The Funds do not have any active litigation with HCMLP or the estate.<br><br>While the Funds technically remain passive parties to the appeal of the Confirmation Order, they did not petition the Supreme Court for certiorari as the other parties to the appeal did (including HCMLP). |
| "Dondero and the Dondero Entities then embarked on a coordinated campaign of destruction: (a) objecting to virtually every settlement; (b) commencing actions that were either frivolous or withdrawn on the eve of trial; (c) forcing HCMLP to sue to collect on over $60 million of simple, two-page demand and term notes and then asserting fabricated and frivolous defenses to repayment; (d) interfering with HCMLP's management of its estate; (e) threatening HCMLP employees and management; and (f) appealing virtually every order." | Page 8, ¶ 14 | This statement is patently untrue with respect to the Funds. The Funds refer the Court to the chart attached to this Objection as Exhibit A, which reflects each action the Funds took in the Bankruptcy Case. |
| "…the Fifth Circuit rejected the Dondero Entities' arguments . . . ." | Page 9, ¶ 17 | The Fifth Circuit agreed with the Funds that the exculpation provision in the Plan was overly broad and reversed and remanded with respect to such provision.<br><br>The Funds also wish to clarify that they did not file a joint appeal with any other supposed "Dondero Entity," but rather, filed a separate appeal, using separate counsel, that focused on and only raised the specific issues of concern to the Funds—the exculpation, injunction and gatekeeper provisions—upon at least one of which the Fifth Circuit agreed with the Funds and thus affirmed in part and reversed in part the Confirmation Order. It is upon this issue that HCMLP now seeks certiorari from the Supreme Court. |

| | | |
|---|---|---|
| "The Dondero Entities immediately petitioned for rehearing, effectively requesting that the Fifth Circuit "clarify" its opinion and limit the parties protected by the Gatekeeper so they could continue harassing the estate. The Fifth Circuit granted their petition without a hearing but rejected their request for "clarification." Instead, the Fifth Circuit simply deleted one sentence leaving the substance of its opinion—and its affirmation of the Gatekeeper—intact." | Page 10, ¶ 18 | HCMLP misstates the Funds' petition for rehearing and the Fifth Circuit's granting of that request. The Funds petitioned for rehearing to clarify one specific issue in the Fifth Circuit's opinion. The Fifth Circuit granted the Funds' petition for rehearing, and issued a restated opinion several days later. The sentence that the Fifth Circuit struck from its opinion was one that the Funds highlighted in their petition for rehearing as causing confusion. Thus, the Fifth Circuit granted the relief the Funds requested. |
| "The Dondero Entities immediately appealed [the Bankruptcy Court's order conforming the Plan] and, once again, seek to challenge the Gatekeeper in the Fifth Circuit." | Page 11, ¶ 19 | The Funds did not appeal this order. |
| "Because the Dondero Entities continue to challenge the Gatekeeper (and the July Order), this Motion is necessary to prevent further harassment of HCMLP and its employees." | Page 11, ¶ 19 | The Funds have not taken any action to challenge the Gatekeeper or the July Order, or otherwise taken any action in or pertaining to the Bankruptcy Case or HCMLP since the Bankruptcy Court issued its order conforming the Plan. |
| "During the Bankruptcy Case, the Dondero Entities filed dozens of claims against the estate, every one of which was either withdrawn—after HCMLP was forced to object to them—or disallowed by the Bankruptcy Court (and then, of course, appealed)." | Page 12, ¶ 23 | An employee of HCMLP filed proofs of claim for the Funds. Once the Funds engaged their own counsel, the Funds did not contest HCMLP's objection to such proofs of claim and allowed the claims to be disallowed. The Funds did not file an appeal in connection with this matter. |
| "Motion for Temporary Restriction on CLO Sales: After withdrawing the motion to restrict asset sales, five Dondero Entities moved to prevent HCMLP from causing its managed CLOs to sell assets without the Dondero Entities' approval (the "Restriction Motion"). The movants cited no authority and relied solely on Dondero's disagreement with HCMLP's business decisions. After an evidentiary hearing, the Bankruptcy Court denied the motion as "almost Rule 11 frivolous." | Page 14, ¶ 24 | The Motion for Temporary Restriction on CLO Sales, which addressed the Funds' own investments in the CLOs and their concern over how those investments were being managed by HCMLP, is the only affirmative request for relief that the Funds filed in the Bankruptcy Case. That request was filed three years ago, in December 2020. The Funds did not seek reconsideration or appeal after the Bankruptcy Court denied the motion. |
| Allegations that the Dondero Entities have sought to recuse the Bankruptcy Court on multiple occasions | Page 15, ¶ 24 | The Funds have never filed a motion to recuse or otherwise been a party to any of the recusal proceedings. |

| | | |
|---|---|---|
| ". . . the Dondero Entities objected to nearly every motion HCMLP filed in the Bankruptcy Court." | Page 16, ¶ 25 | The only objection the Funds filed was to confirmation of the Plan. The Funds did not file any of the other referenced objections. |
| "The Dondero Entities were the only parties pressing objections at confirmation." | Page 16, ¶ 25 | This is untrue; the U.S. Trustee likewise objected to confirmation on the same grounds as the Funds – that the exculpation and injunction provisions were overly broad. |
| "The Dondero Entities appealed to the Fifth Circuit, which affirmed the Confirmation Order in all material respects." | Page 16, ¶ 25 | The Funds did appeal the Confirmation Order on narrow grounds relating to the exculpation, injunction and gatekeeper provisions. The Fifth Circuit reversed the Bankruptcy Court with respect to the exculpation provision, which the Fifth Circuit held was overbroad. That issue is the subject of HCMLP's petition for certiorari. |
| "Not content to abuse the Bankruptcy Court's jurisdiction, the Dondero Entities have appealed nearly every Bankruptcy Court order to this Court, and, when unsuccessful here, to the Fifth Circuit." | Page 20, ¶ 27 | Out of the list of appeals referenced, the only appeal to which the Funds were party was the appeal of the Confirmation Order. The Funds won at the Fifth Circuit with respect to the issue they raised concerning the breadth of the exculpation provision in the Plan.<br><br>The Funds did not appeal the Bankruptcy Court's order conforming the Plan following remand.<br><br>The Funds did not appeal any of the orders approving settlements with Acis, UBS or HarbourVest.<br><br>The Funds did not appeal any contempt order (nor were they ever the subject of a contempt motion or found to be in contempt).<br><br>The Funds did not appeal the Court's orders dismissing appeals for lack of prudential standing (nor were the Funds parties to such underlying appeals). |
| "In an effort to evade the Bankruptcy Court, the Dondero Entities have filed multiple lawsuits in other courts and sought regulatory intervention in the Bankruptcy Case." | Page 22, ¶ 28 | The Funds have not initiated a single lawsuit involving HCMLP. The Funds did not write letters to the U.S. Trustee. |
| "On February 6, 2023, certain of the Dondero Entities filed a motion for leave | Page 26, ¶ 29 | The Funds are not parties to or in any way involved in this action. |

| | | |
|---|---|---|
| to file a complaint against HCMLP seeking information about HCMLP's current assets, the results of its asset sales, and the amounts distributed to creditors. . . . The Dondero Entities then filed their action as an adversary proceeding which will likely be dismissed as a matter of law." | | |
| "The Dondero Entities' recent conduct demonstrates that their litigation crusade is far from over." | Page 27, ¶ 31 | As reflected by Exhibit A, the Funds have simply not engaged in *any* recent conduct pertaining to HCMLP. The Funds have not taken any action with respect to the Bankruptcy Case in more than a year. |

9. The facts simply do not support an allegation, much less a finding, that the Funds are vexatious litigants. HCMLP has not demonstrated that any threatened suit or claim exists that the Funds could bring without seeking approval of the Gatekeeper under the Plan. Accordingly, a pre-filing injunction is both unnecessary and inappropriate with respect to the Funds. The Funds are already subject to the provisions of the plan and Confirmation Order that require the Funds to request the Bankruptcy Court's permission to bring litigation in the first place. In the highly unlikely event that the Funds were to desire to assert any such claims, there is already a protective shield for the Reorganized Debtor and other protected parties.

10. The test for imposing a pre-filing injunction is clearly not satisfied with respect to the Funds. Importantly, HCMLP has not demonstrated that the Funds have a history of litigation. As shown in Exhibit A, the Funds were involved in six disputes in the Bankruptcy Case – four of which directly related to Plan confirmation (an objection to the Plan; appealing the Confirmation Order; filing a petition for limited panel rehearing to clarify the Fifth Circuit's opinion; and responding to HCMLP's motion to conform the Plan following remand from the Fifth Circuit). The Funds affirmatively prosecuted one motion in the Bankruptcy Case, which was denied in 2020, and which the Funds never appealed. The one other matter involving the Funds was an

adversary proceeding initiated by HCMLP against the Funds, which was later dismissed with prejudice in 2021 because the Funds settled that case with HCMLP. Vexatious litigants typically do not settle lawsuits. The Funds are not currently prosecuting any litigation against HCMLP or any party involved in this proceeding.[2]

11. HCMLP also cannot show that the Funds lacked a good faith basis in the few disputes they were involved in. The primary matter in which the Funds were involved (as reflected by four out of the six matters in the chart at Exhibit A) is the objection to confirmation and appeal of the Confirmation Order. With respect to that matter, the Funds ultimately obtained a favorable ruling from the Fifth Circuit that the exculpation provision in the Plan was overly broad. The Funds believed that the Fifth Circuit's original opinion was unclear as to whether the Fifth Circuit was similarly limiting the scope of the injunction and gatekeeper provision, and therefore, filed a petition with the Fifth Circuit for limited panel rehearing seeking clarification of this narrow issue. The Fifth Circuit promptly granted the Funds' petition for rehearing and issued a restated opinion. Subsequently, HCMLP filed a motion with the Bankruptcy Court to conform the Plan consistent with the Fifth Circuit's opinion, and took the position that the Fifth Circuit's opinion only limited the exculpation provision, and not the injunction or gatekeeper provisions. The Funds filed a limited response to HCMLP's motion to conform the Plan, as HCMLP and the Funds had differing views as to how the Fifth Circuit's opinion dealt with the injunction and gatekeeper provision in the Plan. Indeed, the Fifth Circuit's restated opinion was not free from ambiguity, as demonstrated by the Bankruptcy Court's comments at the hearing on the motion to conform:

> Well, I promise you all this. I and my law clerk have spent a heck of a lot of time reading and rereading the Fifth Circuit's opinion, reading your pleadings, going back and reading the plan definitions and thinking about this.

---

[2] Although certain other appellants and HCMLP petitioned for certiorari following the Fifth Circuit's ruling on the appeal of the Confirmation Order, the Funds did not.

Transcript of Hearing at 42, line 7-11, *In re Highland Capital Management, L.P.*, Case No. 19-34054 (Bankr. N.D. Tex.).

> So, again, we've read this. We've reread this. We've thought about it. We've debated it. As you can glean from my questioning, I thought really hard about Article IX.F, Paragraph 2, provision Romanette (v).

*Id.* at 44, line 16-19.

12. Following the Bankruptcy Court's ruling on HCMLP's motion to conform, the Funds have not been involved in any litigation or contested matter relating to HCMLP or its Bankruptcy Case. The Funds did not appeal the Bankruptcy Court's ruling on HCMLP's motion to conform, nor did they petition the U.S. Supreme Court for certiorari with respect to the Fifth Circuit's opinion (although other parties, including HCMLP, did).

13. The four filings by the Funds pertaining to Plan confirmation issues were in good faith and were not the result of overly litigious behavior. Of the other two matters involving the Funds, neither (a) the adversary proceeding initiated by HCMLP against the Funds and certain other defendants, nor (b) the single motion filed by the Funds in the Bankruptcy Case three years ago, and which pertained directly to investment vehicles in which the Funds had an interest, can be a basis for finding the Funds to have acted in bad faith or to be vexatious litigants.

14. Additionally, HCMLP has not shown that the few matters the Funds have been involved in imposed any burden on the courts, or that the applicable rules regarding pleadings in general are inadequate to protect HCMLP from undue litigation burdens.

15. Moreover, in addition to the utter lack of support for HCMLP's Motion with respect to the Funds, it merits briefly outlining that the Funds are registered investment companies, subject to regulation under the Investment Company Act of 1940, as amended ("1940 Act"). As such, the Funds are governed in accordance with the 1940 Act, which requires each Fund's Board to consist of a majority of independent members who are unaffiliated with such Fund's investment adviser

and Mr. Dondero. It is worth noting that earlier this year, the Fifth Circuit upheld such a finding of independence with respect to one of the funds, Highland Capital Global Allocation Fund. *See Lanotte v. Highland Capital Management Fund Advisors, L.P.*, Case No. 20-10649, at *6-7 (5th Cir. Mar. 28, 2023). Each Board also is advised by its own independent counsel.

**CONCLUSION**

For the reasons stated in this Objection, there is no basis to grant the Motion with respect to the Funds, and the Funds request that the Court deny the Motion as to the Funds.

Dated: December 15, 2023

**K&L GATES LLP**

*/s/ Artoush Varshosaz*
Artoush Varshosaz (TX Bar No. 24066234)
1717 Main Street, Suite 2800
Dallas, TX 75201
Telephone: (214) 939-5659
E-mail: artoush.varshosaz@klgates.com

A. Lee Hogewood, III (*pro hac vice pending*)
4350 Lassiter at North Hills Ave., Suite 300
Raleigh, NC 27609
Telephone: (919) 743-7300
E-mail: lee.hogewood@klgates.com

*Counsel for Highland Income Fund,*
*NexPoint Strategic Opportunities Fund n/k/a*
*NexPoint Diversified Real Estate Trust,*
*Highland Global Allocation Fund, and*
*NexPoint Capital, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2023, I caused the foregoing document to be served via first class United States mail, postage prepaid and/or electronic email through the Court's CM/ECF system to the parties that consented to such service.

Dated: December 15, 2023

*/s/ Artoush Varshosaz*
Artoush Varshosaz