**GREENBERG TRAURIG, LLP**
Daniel P. Elms
State Bar No. 24002049
2200 Ross Avenue, Suite 5200
Dallas, Texas  75201
Telephone:  (214) 665-3600
Facsimile:  (214) 665-3601
Email:  elmsd@gtlaw.com

*Counsel for Nancy Dondero*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § | |
| Plaintiff, | § § | |
| v. | § § § | Case No. 3:21-cv-00881-X |
| | § § § § | (Consolidated with 3:21-cv-00880-X; 3:21-cv-01010-X, 3:21-cv-01378-X, 3:21-cv-01379-X) |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., et al., | § § § | |
| Defendants. | § § § | |

### NANCY DONDERO'S MEMORANDUM OF LAW
### IN OPPOSITION TO MOTION TO DEEM VARIOUS PARTIES
### <u>VEXATIOUS LITIGANTS AND FOR RELATED RELIEF</u>

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................................1

II. HISTORY RELEVANT TO NANCY DONDERO ...............................................................2

    A. The Notes Adversary Lawsuits. ..................................................................................2
    B. The Unsecured Creditors Committee's Request for Rule 2004 Examination. .........5

III. LEGAL ARGUMENTS ..........................................................................................................7

    A. Nancy Dondero Has a Constitutional Right to Access the Federal Courts...............7
    B. Nancy Dondero's Participation in the Notes Adversary Lawsuits Was in No Way "Vexatious, Abusive, or Harassing." ................................................................8
    C. HCMLP Provides No Legal Authority that Could Support Deeming Nancy Dondero as a Vexatious Litigant.................................................................................10
    D. Nancy Dondero Is Not a "Dondero Related Entity" Under the Confirmation Order. ...........................................................................................................................11
    E. HCMLP Has Provided No Basis to Conclude that Nancy Dondero Is a Risk for Future Improper Litigation. ..................................................................................12

IV. ADOPTION AND INCORPORATION BY REFERENCE OF CERTAIN ARGUMENTS IN THE JAMES DONDERO MEMORANDUM .................................13

V. CONCLUSION......................................................................................................................14

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alexander v. City Police of Lafayette*,
   2021 U.S. Dist. LEXIS 183464 (W.D. La., Sept. 23, 2021) .................................................. 13

*Baum v. Blue Moon Ventures LLC*,
   513 F.3d 181 (5th Cir. 2008) ........................................................................................ 6, 9, 10, 13

*In re Carroll*,
   2016 Bankr. LEXIS 937 (Bankr. M.D. La. Mar. 16, 2016), *aff'd*, 2016 U.S.
   Dist. LEXIS 100930 (M.D. La. Aug. 2, 2016), *aff'd*, 850 F.3d 811 (5th Cir.
   2017) ..................................................................................................................................... 7, 10, 11

*Spears v. McCraw*,
   No. 20-50406, __ F. App'x. __, 2021 U.S. App. LEXIS 23231 (5th Cir. Aug.
   5, 2021) ........................................................................................................................................ 7

**Statutes**

28 U.S.C. §§ 1332 and 1332 .............................................................................................................. 13

**Other Authorities**

First Amendment ................................................................................................................................. 7

Fourteenth Amendment ....................................................................................................................... 7

Fed. R. Civ. P. 10(c) .......................................................................................................................... 13

Rule 12(b)(6) .................................................................................................................................... 4, 8

U.S. Constitution ................................................................................................................................. 7

Nancy Dondero respectfully submits this Memorandum of Law in Opposition to Highland Capital Management, L.P.'s Motion to Deem Various Parties Vexatious Litigants and for Related Relief, as follows:

## I.   INTRODUCTION

1. Nancy Dondero is not a vexatious litigant. In fact, the only reason she was even a litigant *at all* against debtor Highland Capital Management, L.P. ("HCMLP" or the "Debtor") is because (i) HCMLP sued her in a group of adversary cases relating to certain promissory notes; and (ii) the Unsecured Creditors' Committee sought to issue to her an expansive request for a Rule 2004 examination. Ms. Dondero has not once initiated any litigation against HCMLP or any of the "Covered Parties," as such are defined in HCMLP's Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief (the "Motion").

2. The Motion includes the name "Nancy Dondero" just once, when it lumps her into the definition of "Dondero Entities."[1] The Motion's only other mention of Ms. Dondero comes 17 pages later, where it references an "undisclosed oral agreement between [James] Dondero and his sister to forgive the notes under certain conditions."[2] This is the full extent of the conduct that HCMLP believes should require that Nancy Dondero be deemed a vexatious litigant. Other than entering into an "undisclosed oral agreement" with James Dondero, the Motion is entirely silent about any litigation conduct by Ms. Dondero. Ironically, the Motion's only actual accusation about Nancy Dondero is an oral agreement that was made before HCMLP filed any litigation against her.

3. The lack of merit in seeking to deem Ms. Dondero a vexatious litigant is amplified by the Motions' mischaracterizations and false statements about her. The Motion accuses Ms.

---

[1] Motion at ¶ 2, n. 2.
[2] *Id*. at ¶ 26 (fourth bullet).

Dondero of filing documents and making objections that HCMLP knows she did not file or make.[3] The Motion also states that the Court has previously characterized Nancy Dondero as a "Dondero Related Entity" in the Confirmation Order.[4] This is also false, as HCMLP undoubtedly knows.[5] The Motion offers these mischaracterizations because the truth is that Nancy Dondero has never done anything in the nature of vexatious, abusive, or frivolous litigation conduct, and HCMLP's only option is to try to deem her guilty by association. This is profoundly unfair, improper, and inconsistent with the law.

## II.     HISTORY RELEVANT TO NANCY DONDERO

4.      The entirety of Nancy Dondero's litigation activities regarding HCMLP was as a defendant in four Notes Adversary Lawsuits (as defined below) and as a respondent to a request for a Rule 2004 examination. In both circumstances, Ms. Dondero was the target, not the instigator, of the litigation process. And in both, she did nothing more than reasonably and properly exercise her rights under the law.

**A.     The Notes Adversary Lawsuits.**

5.      Nancy Dondero's first involvement in the HCMLP bankruptcy was as a defendant in four adversary proceedings related to certain promissory notes.[6] Specifically, on or about January 22, 2021, HCMLP filed in its bankruptcy case four separate *Complaints for (I) Breach of Contract and (II) Turnover of Property of the Debtor's Estate* against James Dondero, NexPoint Advisors, L.P., Highland Capital Management Services Inc, and HCRE Partners, LLC (n/k/a

---

[3] *Id*. at ¶¶ 24, 25. Nancy Dondero was neither a movant in any of the listed motions nor a party asserting any of the listed objections.
[4] *Id*. at ¶ 14 and n. 23.
[5] Conformation Order at ¶ 16 (Appendix in Support of Nancy Dondero's Memorandum of Law in Opposition to Motion to Deem Various Parties Vexatious Litigants and for Related Relief (hereinafter, "App.") 492-93) (listing the "Dondero Related Entities," which do not include Nancy Dondero).
[6] Those four adversary cases are Case Nos. 21-03003-sgj, 21-3005-sgj, 21-3006-sgj, and 21-3007-sgj (collectively, the "<u>Notes Adversary Lawsuits</u>") (App. 1-55).

**Nancy Dondero's Memorandum of Law in Opposition to**
**Motion to Deem Various Parties Vexations Litiguants and for Related Relief—Page 2**

NexPoint Real Estate Partners, LLC) (collectively, the "Notes Defendants") seeking to recover approximately $65,000,000 as the aggregate face amount of certain promissory notes issued by the Notes Defendants in favor of HCMLP (the "Notes").[7]

6.  The Notes Defendants disputed HCMLP's right to collect on the Notes because, among other reasons, HCMLP and each of the Notes Defendants had orally agreed that the Notes would be forgiven upon the occurrence of certain conditions subsequent (the "Conditional Forgiveness Agreement"). Those conditions subsequent related to the sale of certain HCMLP portfolio companies that might still have occurred, in which case any obligations reflected by the Notes would have been extinguished. Through discovery, the Notes Defendants explained that The Dugaboy Investment Trust ("Dugaboy") caused HCMLP to enter into the Conditional Forgiveness Agreement, and that Nancy Dondero was Dugaboy's trustee.

7.  On or about August 27, 2021, in response to the Notes Defendants' assertion of the Conditional Forgiveness Agreement as a defense, HCMLP filed *Amended Complaints for (I) Breach of Contract and (II) Turnover of Property of the Debtor's Estate; (III) Fraudulent Transfer, and (IV) Breach of Fiduciary Duty* against each of the Notes Defendants, but also added Dugaboy and Nancy Dondero as defendants in those cases (the "Notes Amended Complaints").[8]

8.  HCMLP made just three allegations against Nancy Dondero in the Notes Amended Complaints. First, HCMLP sought a declaration that Ms. Dondero did not have legal authority to enter into the Conditional Forgiveness Agreement. Second, it alleged that Ms. Dondero had breached her fiduciary duties to HCMLP by entering into the Conditional Forgiveness Agreement (although without explaining how she could owe a fiduciary duty to HCMLP separate and apart

---

[7] App. 1-55.
[8] App. 56-183.

**Nancy Dondero's Memorandum of Law in Opposition to**
**Motion to Deem Various Parties Vexations Litigants and for Related Relief—Page 3**

from Dugaboy). Lastly, it alleged that Ms. Dondero had aided and abetted Dugaboy's breach of fiduciary duty to HCMLP by entering into the Conditional Forgiveness Agreement.[9]

9. As was her right, Nancy Dondero joined in filing two motions in response to the Notes Amended Complaints. First, on or about September 1, 2021, she joined in a Motion to Compel Arbitration and Stay Litigation (the "Motion to Compel Arbitration").[10] Second, on that same day, and subject to the Motion to Compel Arbitration, Ms. Dondero joined in a Rule 12(b)(6) Motion to Dismiss relating only to the claims that HCMLP had asserted against her. Notably, that Motion to Dismiss did not seek any relief as to HCMLP's claims for payment on the Notes by their makers.[11]

10. On or about December 3, 2021, the bankruptcy court issued a Memorandum Opinion and Order Denying Arbitration Request.[12] Shortly thereafter, on December 7, 2021, the bankruptcy court issued an Order denying the Motion to Dismiss.[13] On or about December 16, 2021, Nancy Dondero joined in a Notice of Appeal of the Court's Order Denying Arbitration Request.

11. Given the lack of merit of the claims against her, Ms. Dondero's participation in the discovery process was entirely passive. Ms. Dondero gave two oral depositions in the Notes Adversary Lawsuits, one in her individual capacity (on October 18, 2021) and one in her capacity as a representative of Dugaboy (on April 29, 2022). Nancy Dondero never issued any discovery requests to HCMLP or to any other party involved in the Notes Adversary Lawsuits. And except as listed in Paragraphs 9 and 10 above, Ms. Dondero never filed any motion or otherwise instigated

---

[9] *Id.*
[10] App. 184-291.
[11] App. 292-423.
[12] App. 424-435.
[13] App. 436-438.

**Nancy Dondero's Memorandum of Law in Opposition to**
**Motion to Deem Various Parties Vexations Litigants and for Related Relief—Page 4**

any litigation process against HCMLP. Nancy Dondero has never been involved in any litigation with another "Covered Person," as defined in the Motion.

12. On or about July 19, 2022, the bankruptcy court issued its Report and Recommendation that summary judgment be granted in favor of HCMLP in the Notes Adversary Lawsuits.[14] In so ordering, the bankruptcy court necessarily concluded that the Conditional Forgiveness Agreement was not a valid defense to payment of the Notes, meaning that all of HCMLP's claims against Nancy Dondero were moot. Notably, Nancy Dondero did not object to this Report and Recommendation.

13. On July 6, 2023, the United States District Court for the Northern District of Texas issued its Order Adopting Report and Recommendation and Final Judgment.[15] The District Court's Order and Final Judgment did not mention or refer to Nancy Dondero. Each of the Notes Defendants has appealed that Final Judgment. However, Nancy Dondero is not a party to any of those appeals.[16]

B.   **The Unsecured Creditors Committee's Request for Rule 2004 Examination.**

14. Nancy Dondero's only other involvement in the HCMLP bankruptcy arose when she was included as one of the "Individual Highland Parties" in the July 29, 2021 *Motion of the Official Committee of Unsecured Creditors and the Litigation Advisor for Entry of an Order Authorizing the Examination of Rule 2004 Parties Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* (the "Rule 2004 Examination Request").[17] The Rule 2004 Examination Request posited that it needed discovery from Nancy Dondero because she was "[James]

---

[14] App. 439-455.
[15] App. 456-464.
[16] App. 465-476.
[17] App. 980-1219.

**Nancy Dondero's Memorandum of Law in Opposition to**
**Motion to Deem Various Parties Vexations Litigants and for Related Relief—Page 5**

Dondero's sister, and acts (or has acted) as trustee for various trusts related to the Debtor, including Dugaboy and Get Good."[18]

15. The Rule 2004 Examination Request included 22 broadly-worded document requests and topics for examination directed to Nancy Dondero. Several of those Requests were very broad and largely disconnected from any issues involved in HCMLP's bankruptcy.[19] As examples:

- "Any and all Documents or Communications shared between You and any other Individual Highland Party."[20]

- "Any and all Documents or Communications reflecting Your current employer(s)."[21]

- "Any and all Documents and Communications relating to Your financial records, including without limitation, Your tax returns."[22]

16. Understandably, Nancy Dondero believed that the scope of the Rule 2004 Examination Request was improperly broad and excessive. Thus, on August 16, 2021, Ms. Dondero filed a *Reservation of Rights and Limited Objection of Nancy Dondero to Motion of The Official Committee of Unsecured Creditors and the Litigation Advisor for Entry of an Order Authorizing the Examination of Rule 2004 Parties Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* (the "<u>Rule 2004 Examination Request Objection</u>").[23] The basis for the Rule 2004 Examination Request Objection was, among other reasons, that HCMLP had already

---

[18] App. 999.
[19] App. 1072-1090.
[20] App. 1087. In addition to Nancy Dondero, the Rule 2004 Examination Request specifically named 27 "Individual Highland Parties," as well as "any former [HCMLP] employees acting at the direction of [James] Dondero, and all entities under his/her direct or indirect control."
[21] App. 1089.
[22] App. 1090.
[23] App. 1220-1245.

expressed its intention to take Nancy Dondero's deposition in the Notes Adversary Lawsuits. And as noted above, Ms. Dondero did appear and give testimony at deposition on October 18, 2021.[24]

### III. LEGAL ARGUMENTS

17. Although federal courts have the ability to deter "vexatious, abusive, and harassing litigation," any such injunction "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Baum v. Blue Moon Ventures LLC*, 513 F.3d 181, 187 (5th Cir. 2008) (*citing Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir 1986). If this rule means anything, it is that a vexatious litigant designation cannot be based on "guilt by association." Rather, the Court should consider the conduct of each such person or party to be enjoined to determine whether that person or party has conducted themselves as a vexatious litigant.

18. This Court can enter a vexatious litigant injunction against Nancy Dondero only if it is fully convinced that she has abused the litigation process and will do so again unless enjoined. "The threshold for using the court's inherent power to impose [vexatious litigant] sanctions is high. Those powers must be exercised only when essential to preserve the court's authority and even then, tailored narrowly to protect the parties while achieving the desired result." *In re Carroll*, 2016 Bankr. LEXIS 937 at *5-27 (Bankr. M.D. La. Mar. 16, 2016), *aff'd*, 2016 U.S. Dist. LEXIS 100930 (M.D. La. Aug. 2, 2016), *aff'd*, 850 F.3d 811 (5th Cir. 2017) (*citing Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 411 (5th Cir. 1996).

**A.   Nancy Dondero Has a Constitutional Right to Access the Federal Courts.**

19. Nancy Dondero's right to bring claims, as necessary and appropriate, in the federal courts of the United States is guaranteed by the U.S. Constitution. The "right of access to the courts

---

[24] App. 1230-1232.

. . . is founded in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, and the Fifth and Fourteenth Amendment Due Process Clauses." *Spears v. McCraw*, No. 20-50406, __ F. App'x. __, 2021 U.S. App. LEXIS 23231 at *2 n. 16 (5th Cir. Aug. 5, 2021) (citing *Waller v. Hanlon*, 922 F.3d 590, 601 (5th Cir. 2019)).

20. Through the Motion, HCMLP seeks to deny that right to Nancy Dondero in a material way. As noted above, Nancy Dondero had no interest in litigating against HCMLP at all until it added her as a defendant in the Notes Adversary Lawsuits. But if Ms. Dondero were to discover the basis of a claim against HCMLP or another of the "Covered Persons," her constitutional right to pursue that claim in this Court or any other should not be haphazardly restricted. HCMLP's indiscriminate shotgun approach in the Motion risks improperly preventing Nancy Dondero's exercise of fundamental legal rights guaranteed to her under the U.S. Constitution.

**B.  Nancy Dondero's Participation in the Notes Adversary Lawsuits Was in No Way "Vexatious, Abusive, or Harassing."**

21. As noted above, the full extent of Nancy Dondero's actions in the Notes Adversary Lawsuits consisted of the following – all of which were prompted and necessitated by HCMLP adding her as a defendant in those cases. Specifically, Ms. Dondero:

- Joined in a Motion to Compel Arbitration and Motion to Stay;

- Joined in a Rule 12(b)(6) Motion to Dismiss, but only as to the claims asserted against her;

- Gave two depositions, once each in her individual capacity and as a representative of Dugaboy; and

- Joined in the appeal of the bankruptcy court's denial of the Motion to Compel Arbitration.

22. Nancy Dondero's only other activity in any litigation proceeding relating to the HCMLP bankruptcy was her Rule 2004 Examination Request Objection which was based, in part,

**Nancy Dondero's Memorandum of Law in Opposition to
Motion to Deem Various Parties Vexations Litigants and for Related Relief—Page 8**

on the fact that she was already providing her evidence and testimony in the Notes Adversary Lawsuits.

23. Far from being "vexatious, abusive, and harassing," each of these actions is plainly authorized by federal law and bankruptcy procedure and they are all commonly used in litigation matters of all types, including bankruptcy adversary suits. And even though the bankruptcy court denied the Motion to Compel Arbitration and the Motion to Dismiss, it did not deem either of those filings to be in bad faith or otherwise improper in any manner.

24. The Motion before the Court does not assert otherwise. Neither the Motion to Compel Arbitration nor the Motion to Dismiss is even mentioned there. And the Motion does not include the Notice of Appeal of the Court's Order Denying Arbitration Request as an example of an "abusive appeal" by the Dondero Entities.[25] HCMLP does not suggest, and there is no law to support, that conduct in litigation is "vexatious, abusive, and harassing" solely because it is ultimately unsuccessful.

25. It is fair to say that the Court was deeply skeptical of the merits of the Conditional Forgiveness Agreement as a defense to the Notes Adversary Lawsuits.[26] However, Nancy Dondero never asserted the Conditional Forgiveness Agreement as a defense to any of the claims asserted against her. Instead, that defense was asserted solely by and on behalf of the makers of the Notes. Of course, Ms. Dondero provided her testimony regarding her and Dugaboy's knowledge about the facts underlying the Conditional Forgiveness Agreement (as the law required her to do), but she did not assert it as a defense in any of the Notes Adversary Lawsuits.

26. So even if the bankruptcy court or this Court were to consider the Conditional Forgiveness Agreement as meritless or unfounded, Nancy Dondero bears no responsibility for

---

[25] *See* Motion at ¶ 27.
[26] Motion at ¶ 26 (fourth bullet) (noting the bankruptcy court's criticisms of the defenses).

**Nancy Dondero's Memorandum of Law in Opposition to**
**Motion to Deem Various Parties Vexations Litigants and for Related Relief—Page 9**

making it part of any litigation. Ms. Dondero never made that argument as a defense to any of HCMLP's claims against her. The essence of a vexatious litigant inquiry is what that person or party did *in litigation* that could deemed harassing or frivolous. To punish someone for making an oral agreement outside of litigation, when *someone else* subsequently relies on that agreement as a defense to a litigation claim, would turn the doctrine on its head.

C. **HCMLP Provides No Legal Authority that Could Support Deeming Nancy Dondero as a Vexatious Litigant.**

27. A court may order a pre-filing injunction only "to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures LLC*, 513 F.3d 181, 187 (5th Cir. 2008). In making such decisions, courts consider the following four factors: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Id.* at 189.

28. None of these factors remotely applies to Nancy Dondero. She has never filed *any* litigation against HCMLP. To the extent Ms. Dondero has ever burdened the bankruptcy court, this Court, HCMLP, or any other party, it is because HCMLP added her to the Notes Adversary Lawsuits and the Unsecured Creditors Committee issued the Rule 2004 Examination Request. And HCMLP says nothing to suggest that Ms. Dondero intends to undertake an abusive litigation campaign absent the vexatious litigant label. Such an argument would be difficult to make with a straight face.

29. The Motion primarily relies on *Carroll v. Abide* as its legal authority to deem Nancy Dondero a vexatious litigant.[27] It is hard to imagine a wider gap between Ms. Dondero's actions in defending the allegations against her in the Notes Adversary Lawsuits and the objectionable behavior in the *Carroll* lawsuit.

30. In *Carroll*, the court cited "fifteen years scheming to retain assets and rebuff creditors through several bankruptcy cases" and "wag[ing] war against creditors and the trustee in several forums for nearly as long"[28] employing a "legion" number of "frivolous filings"[29] The court further found that the Carrolls spent years making "contrived arguments" and filing "misleading motions and dishonest filings," had a pattern of "filing numerous-usually non-meritorious, often repetitive-motions and other documents to delay or thwart the trustee's efforts," and attempted to remove the trustee through "unscrupulous and deceitful efforts designed solely to harass the trustee to the detriment of the estates' creditors."[30]

31. HCMLP does not even attempt to draw a comparison between Nancy Dondero's actions in the Notes Adversary Lawsuits and the conduct in *Carroll*. This is because any attempt to do so would be plainly absurd. HCMLP provides not a word of authority to support the abusive and unfair notion that a party can be deemed a vexatious litigant based on the actions and conduct of someone else – regardless of who may share that party's last name.

**D.    Nancy Dondero Is Not a "Dondero Related Entity" Under the Confirmation Order.**

32. In the Motion, HCMLP mischaracterizes the bankruptcy court's previous findings and restrictions as they relate (or do not relate) to Nancy Dondero. The Motion conflates the "Dondero Related Entities," as defined in the Confirmation Order, and the "Dondero Entities," as

---

[27] *In re Carroll*, 2016 Bankr. LEXIS 937 at *5-27.
[28] *Id.* at *1.
[29] *Id*.
[30] *Id.* at 8, 9.

**Nancy Dondero's Memorandum of Law in Opposition to**
**Motion to Deem Various Parties Vexations Litigants and for Related Relief—Page 11**

defined in the Motion.[31] These are not the same. The "Dondero Related Entities" are specifically identified and defined in the Confirmation Order, and that list does not include Nancy Dondero.[32] This makes sense because the Notes Amended Complaints, whereby Ms. Dondero was added to that litigation, were not filed until more than six months after the Confirmation Order was entered.[33]

33.     As another example of misstatements in the Motion, HCMLP claims that "In the Confirmation Order, the Bankruptcy Court found [James] Dondero controlled the Dondero Entities and they were 'marching' to his orders."[34] As to Nancy Dondero, this is false. The bankruptcy court's comment about certain parties "marching" to James Dondero's orders applied only to those parties who had objected to confirmation of the Plan of Reorganization.[35] Nancy Dondero made no such objection, which HCMLP well knows.

E.     **HCMLP Has Provided No Basis to Conclude that Nancy Dondero Is a Risk for Future Improper Litigation.**

34.     The notion that Nancy Dondero presents a risk of future vexatious or frivolous litigation against HCMLP or any other Covered Person is entirely groundless. The Motion does, however, articulate why it believes a vexatious litigant injunction is necessary. And unsurprisingly, that rationale has almost nothing to do with Nancy Dondero.

35.     After recounting the complex litigation history in the HCMLP bankruptcy – none of which involved Nancy Dondero in any way, other than the Notes Adversary Lawsuits and the Rule 2004 Examination Request as described above – HCMLP then tells the Court why it believes

---

[31] *See, e.g.,* Motion at ¶ 14 and n. 23. The Motion claims that the "Bankruptcy Court found that the *Dondero Entities*' litigation was intended to harass" and then cites to a finding in the Confirmation Order about the conduct of the "*Dondero Related Entities*." (italics added).
[32] Confirmation Order at ¶ 16 (App. 492-493).
[33] *Cf.* Confirmation Order (entered on February 21, 2021) and Notes Amended Complaints (filed on August 27, 2021).
[34] Motion at ¶ 15, *citing* Confirmation Order at ¶ 19.
[35] Confirmation Order at ¶¶ 18, 19.

**Nancy Dondero's Memorandum of Law in Opposition to**
**Motion to Deem Various Parties Vexations Litigants and for Related Relief—Page 12**

a vexatious litigant injunction is warranted, noting that "The Pending Actions Prove the Need for Additional Sanctions."[36] The Motion then explains that "certain of the Dondero Entities" sought leave to file a complaint against HCMLP seeking information about its current assets.[37] Those "certain" Dondero Entities were Dugaboy and Hunter Mountain Investment Trust ("HMIT").[38] Because the Confirmation Order's Gatekeeper provisions were not implicated by the complaint, Dugaboy and HMIT filed their claims as an adversary proceeding.[39]

36.     For reasons unknown, however, the Motion states that the "Dondero Entities" filed this adversary complaint.[40] This is incorrect as to Nancy Dondero. She did not file, and is not a party, to that adversary complaint.[41]

37.     HCMLP may retort that Dugaboy is a plaintiff in that case and that Nancy Dondero is Dugaboy's trustee. But whether Dugaboy has proven itself to be a vexatious litigant (which Nancy Dondero denies) is a question separate and distinct from whether Nancy Dondero has done so. An injunction based on vexatious litigation cannot be done on a shotgun approach, and the net may be cast no wider than necessary to capture those who have rightfully earned that designation by their own conduct. *See Baum*, 513 F.3d at 187 (injunction "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants").

IV.    **ADOPTION AND INCORPORATION BY REFERENCE OF CERTAIN ARGUMENTS IN THE JAMES DONDERO MEMORANDUM**

38.     This memorandum is intended to highlight the various reasons that a vexatious litigation designation is improper as to Nancy Dondero. Additionally, Nancy Dondero hereby

---

[36] Motion at 26 (subheading vii).
[37] Motion at ¶ 29.
[38] App. 638-951.
[39] App. 952-979.
[40] Motion at ¶ 29.
[41] App. 952.

**Nancy Dondero's Memorandum of Law in Opposition to
Motion to Deem Various Parties Vexations Litigants and for Related Relief—Page 13**

adopts and incorporates by reference certain of the arguments and legal authorities in the Memorandum of Law in Opposition to Motion to Deem Various Parties Vexatious Litigants and for Related Relief filed on December 15, 2023 by James Dondero (the "James Dondero Memorandum"). FED. R. CIV. P. 10(c); *Alexander v. City Police of Lafayette*, 2021 U.S. Dist. LEXIS 183464 *8 (W.D. La., Sept. 23, 2021).

39. Specifically, Nancy Dondero adopts and incorporates by reference the following arguments from the James Dondero Memorandum:

(a) The District Court lacks jurisdiction to adjudicate the Motion because: (i) the Court has already issued a final judgement in Case No. 3:21-cv-00881-X and it is on appeal to the United States Court of Appeals for the Fifth Circuit; (ii) the Motion is not a direct appeal of any bankruptcy order; and (iii) the Motion does not present a federal question or diversity case as provided in 28 U.S.C. §§ 1332 and 1332. This Court's lack of jurisdiction over the Motion applies for the same reasons, and with equal force, to Nancy Dondero.

(b) The injunction requested by the Motion is impermissibly vague, overbroad, and excessive because it fails to specifically identify who would be subject to that injunction and because it is unlimited as to jurisdiction or territory. Nancy Dondero further adopts and incorporates by reference the objection to the Court "blue penciling" the proposed injunction to cure its fatal errors.

V.     CONCLUSION

40. When HCMLP sued her, Nancy Dondero did nothing more or less than what the law allows and requires. She challenged the proper forum for that dispute through a Motion to Compel Arbitration and the legal basis for those claims through a Motion to Dismiss. Then she

appealed the adverse ruling on the Motion to Compel Arbitration, as the law permitted her to do. After that, Nancy Dondero participated in the discovery process as HCMLP requested. There is no other litigation activity that can be fairly attributed to Ms. Dondero, and there is no credible argument that Ms. Dondero's actions in defending HCMLP's claims were "vexatious, abusive, and harassing" in any manner. The Motion is overreach and abuse as to Nancy Dondero, and it should be denied.

41. Wherefore, for all of the foregoing reasons, movants request that the court deny the motion and grant such other and further relief as the court deems just and proper.

GREENBERG TRAURIG, LLP

/s/ Daniel P. Elms
Daniel P. Elms
State Bar No. 24002049
2200 Ross Avenue, Suite 5200
Dallas, Texas  75201
Telephone:  (214) 665-3600
Facsimile:  (214) 665-3601
Email:  elmsd@gtlaw.com

*Counsel for Nancy Dondero*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of December 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel for record.

/s/ Daniel P. Elms
Daniel P. Elms