# HMIT Exhibit 6

HMIT Appx. 01124

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **HIGHLAND CAPITAL** | § | **Chapter 11** |
| **MANAGEMENT, L.P.** | § | |
| | § | **Case No. 19-34054-sgj11** |
| Reorganized Debtor. | § | |

**APPELLANT HUNTER MOUNTAIN INVESTMENT TRUST'S**
**SECOND SUPPLEMENTAL STATEMENT OF THE ISSUES AND**
**DESIGNATION OF ITEMS FOR INCLUSION IN THE APPELLATE RECORD**

COMES NOW Appellant/Movant Hunter Mountain Investment Trust, both in its individual capacity and derivatively on behalf of the Reorganized Debtor, Highland Capital Management, L.P., and the Highland Claimant Trust,[1] (collectively, "Appellant" or "HMIT"), and files this Second Supplemental[2] Statement of the Issues and Designation of Items for Inclusion in the Appellate Record pursuant to Federal Rule of Bankruptcy Procedure 8009(a)(1):

**I.**
**STATEMENT OF THE ISSUES**

A.  Did the bankruptcy court err in determining that the "colorable" claim analysis allowed the court to consider evidence and other non-pleading materials including, but not limited to, the court's reasoning that:

  1. the colorability analysis is stricter than a non-evidentiary, Rule 12(b)(6)-type analysis;

  2. the colorability analysis is "akin to the standards applied under the … *Barton* doctrine";

  3. the colorability analysis requires a "hybrid" of the *Barton* doctrine and "what courts have applied when considering motions to file suit when a vexatious litigant bar order is in place"; and/or,

---

[1] And in all capacities and alternative derivative capacities asserted in HMIT's Emergency Motion for Leave to File Verified Adversary Proceeding [Dkt. Nos. 3699, 3815, and 3816] ("Emergency Motion"), the supplement to the Emergency Motion [Dkt. No. 3760], and the draft Complaint attached to the same [Dkt. No. 3760-1].

[2] Appellant files this Second Supplement pursuant to the Clerk's request at Docket #3949 and correspondence on 10/23/2023.

Appellant/Movant HMIT's Second Supplemental Statement of Issues
and Designation of Items for Inclusion in the Appellate Record                                Page  1
                                                                                        HMIT Appx. 01125

   4. "[t]here may be mixed questions of fact and law implicated by the Motion for Leave"?

[*See* Dkt. Nos. 3781, 3790, 3903-04].

B. Did the bankruptcy court err in determining that Appellant lacked constitutional or prudential standing to bring its claims in its individual and derivative capacities?

[*See* Dkt. Nos. 3903-04].

C. Did the bankruptcy court err in alternatively determining that, even under a non-evidentiary, Rule 12(b)(6)-type analysis, Appellant did not assert colorable claims including, but not limited to, determining that:

   1. Appellant's allegations are conclusory, speculative, or constitute "legal conclusions";

   2. Appellant's claims or allegations are not "plausible";

   3. Appellant's allegations pertaining to a *quid pro quo* are "pure speculation";

   4. Proposed Defendant James P. Seery ("Seery") owed no duty to Appellant in any capacity as a matter of law;

   5. Appellant failed "to allege facts in the Proposed Complaint that would support a reasonable inference that Seery breached his fiduciary duty to HMIT or the estate as a result of bad faith, self-interest, or other intentional misconduct rising to the level of a breach of the duty of loyalty";

   6. Appellant's allegations pertaining to its aiding and abetting and conspiracy claims are speculative and not plausible;

   7. The remedies of equitable disallowance and equitable subordination are not remedies "available" to Appellant as a matter of law;

   8. Appellant's unjust enrichment claim is invalid as a matter of law because "Seery's compensation is governed by express agreements";

   9. Appellant is not entitled to declaratory relief because it has no colorable claims; and/or

   10. Appellant cannot recover punitive damages for its breach of fiduciary duty claim?

[*See* Dkt. Nos. 3903-04].

Appellant/Movant HMIT's Second Supplemental Statement of Issues
and Designation of Items for Inclusion in the Appellate Record　　　　　　　　Page 2
HMIT Appx. 01126

Case 3:21-cv-00881-X    Document 176 Filed 12/15/23    Page 532 of 1327    PageID 15514

D.    Alternatively, even if the bankruptcy court correctly determined that its "hybrid" *Barton* analysis controls, did the court violate Appellant's due process rights by denying Appellant its requested discovery?

[*See* Dkt. Nos. 3800, 3853, 3903-04, June 8, 2023 Hearing].

E.    Alternatively, did the bankruptcy court err by denying Appellant's requested discovery including, but not limited to:

1. ordering that Appellant could not request or obtain any discovery other than a deposition of Seery and James D. Dondero; and/or

2. determining that state court "Rule 202" proceedings supported the denial of discovery?

[*See* Dkt. Nos. 3800 & June 8, 2023 Hearing; *see also* Dkt. Nos. 3903-04].

F.    Alternatively, did the bankruptcy court err by denying Appellant's alternative request for a continuance to obtain the requested discovery?

G.    Alternatively, did the bankruptcy court err by excluding Appellant's evidence, or admitting the same for only limited purposes, offered at the June 8, 2023 Hearing?

H.    Alternatively, did the bankruptcy court err by overruling Appellant's objections to Appellees' evidence offered at the June 8, 2023 Hearing?

I.    Alternatively, did the bankruptcy court err by excluding Appellant's experts' testimony?

[*See* Dkt. No. 3853; *see also* Dkt. Nos. 3903-04].

J.    Alternatively, did the bankruptcy court err by striking Appellant's proffer of its excluded experts' testimony from the record?

[*See* Dkt. No. 3869].

K.    Alternatively, if the bankruptcy court correctly determined that its "hybrid" *Barton* analysis controls, did the bankruptcy court err in determining that Appellant had not asserted colorable claims under that "hybrid" analysis including, but not limited to, its findings that:

1. there is no evidence to support that Seery shared material non-public information with the Claims Purchasers;

2. there is no evidence to support the alleged quid pro quo;

3. the material shared was *public* information; and/or

4. the Claims Purchasers had sufficient and lawful reasons to pay the amounts paid

Appellant/Movant HMIT's Second Supplemental Statement of Issues
and Designation of Items for Inclusion in the Appellate Record    Page 3
HMIT Appx. 01127

  for the purchased claims.

[*See* Dkt. Nos. 3903-04].

L.   Did the bankruptcy court err in finding that Appellant is controlled by Dondero, and, as such, Appellant "cannot show that it is pursuing the Proposed Claims for a proper purpose"?

M.   Alternatively, does sufficient evidence support the bankruptcy court's evidentiary findings made pursuant to its "hybrid" *Barton* analysis?

N.   Did the bankruptcy court err in denying an expedited hearing on Appellant's Motion for Leave? [*See* Dkt. 3713].

O.   Does the bankruptcy court's use of a new "colorability" standard to determine if claims by non-debtors against other non-debtors may proceed violate *Stern v. Marshall* and its progeny?

P.   Did the bankruptcy court err in denying Appellant's Motion to Alter or Amend Order, to Amend or Make Additional Findings, for Relief from Order, or Alternatively, for New Trial under Federal Rules of Bankruptcy Procedure 7052, 9023, and 9024 including, but not limited to by:

  1. declining to consider disclosures that demonstrated that Appellant is "in the money"—an issue pertinent to the court's erroneous standing decisions; and

  2. concluding that the disclosures failed to reinforce Appellant's standing to pursue the claims presented?

[Dkt. 3936].

## II.
## DESIGNATION OF ITEMS FOR INCLUSION IN THE APPELLATE RECORD

1. **Notice of Appeal**

    a. Notice of Appeal **[Dkt. 3906]**;

    b. Amended Notice of Appeal **[Dkt. 3908];** and

    c. Second Amended Notice of Appeal **[Dkt. 3945]**

2. **The judgment, order, or decree appealed from:**

    a. Memorandum Opinion and Order Pursuant to Plan "Gatekeeper Provision" and Pre-Confirmation "Gatekeeper Orders": Denying Hunter Mountain Investment

**Appellant/Movant HMIT's Second Supplemental Statement of Issues
and Designation of Items for Inclusion in the Appellate Record**    Page 4
HMIT Appx. 01128

Trust's Emergency Motion for Leave to File Adversary Proceedings **[Dkts. 3903 & 3904]**; and

b. Order Denying Motion of Hunter Mountain Investment Trust Seeking Relief Pursuant to Federal Rules of Bankruptcy Procedure 7052, 9023, and 9024 **[Dkt. 3936]**.

3. Docket sheet.

   a. Bankruptcy Case No. 19-34054

4. Other Items to be included:

   a. HMIT hereby designates the following items in the record on appeal from Cause No. 19-34054-sgj11:

| FILE DATE | DOCKET NO. (INCLUDING ALL ATTACHMENTS AND APPENDICES) | DESCRIPTION |
|---|---|---|
| 01/22/2021 | 1808 | Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (As Modified) |
| 02/22/2021 | 1943 | Order (I) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (II) Granting Related Relief |
| 09/09/2022 | 3503 | Motion to Conform Plan filed by Highland Capital Management, L.P. |
| 02/27/203 | 3671 | Memorandum Opinion and Order on Reorganized Debtor's Motion to Conform Plan |
| 03/28/2023 | 3699 (3699-1 — 3699-5) | HMIT Emergency Motion for Leave to File Verified Adversary Proceeding and Attached Verified Adversary Complaint |
| 03/28/2023 | 3700 (3700-1) | HMIT Motion for Expedited Hearing on Emergency Motion for Leave to File Verified Adversary Proceeding |
| 03/30/2023 | 3704 | Farallon, Stonehill, Jessup and Muck Objection to Motion for Expedited Hearing |
| 03/30/2023 | 3705 | HMIT Amended Certificate of Conference |

**Appellant/Movant HMIT's Second Supplemental Statement of Issues
and Designation of Items for Inclusion in the Appellate Record**    Page 5
HMIT Appx. 01129

| 03/30/2023 | 3706 | HMIT Amended Certificate of Conference |
|---|---|---|
| 03/30/2023 | 3707 | Highland's Response in Opposition to Emergency Motion for Leave |
| 03/30/2023 | 3708 (3708-1 — 3708-8) | Declaration of John Morris in Support of the Highland Parties' Objection to Hunter Mountain Investment Trust's Opposed Application for Expedited Hearing on Emergency Motion for Leave to File Verified Adversary Proceeding |
| 03/31/2023 | 3712 | HMIT Reply in Support of Application for Expedited Hearing |
| 03/31/2023 | 3713 | Order Denying Motion for Expedited Hearing |
| 04/04/2023 | 3718 (3718-1 — 3718-4) | HMIT Motion for Leave to File Appeal |
| 04/04/2023 | 3719 (3719-1) | HMIT Motion for Expedited Hearing on Motion for Leave to File Appeal |
| 04/05/2023 | 3720 | Order Denying HMIT's Opposed Motion for Expedited Hearing |
| 04/05/2023 | 3721 (3721-1 — 3721-2) | HMIT Notice of Appeal |
| 04/06/2023 | 3726 (3726-1) | Certificate of Mailing regarding HMIT Notice of Appeal |
| 04/07/2023 | 3731 | Notice of Docketing Transmittal of Notice of Appeal |
| 04/13/2023 | 3738 (3738-1) | Highland's Opposed Emergency Motion to Modify and Fix a Briefing Schedule and Set a Hearing Date with Respect to HMIT's Emergency Motion for Leave |
| 04/13/2023 | 3739 | Highland's Motion for Expedited Hearing |
| 04/13/2023 | 3740 | Joinder to Highland's Emergency Motion to Modify and Fix Briefing Schedule and Set Hearing Date With Respect to Hunter Mountain Investment Trust's Emergency Motion for Leave to File Verified Adversary Proceeding filed by Farallon |

Appellant/Movant HMIT's Second Supplemental Statement of Issues
and Designation of Items for Inclusion in the Appellate Record                    Page 6
                                                                    HMIT Appx. 01130

| | | |
|---|---|---|
| | | Capital Management, LLC, Jessup Holdings LLC, Muck Holdings LLC, Stonehill Capital Management LLC |
| 04/13/2023 | 3741 | Notice of Hearing for 04/24/2023 at 1:30 PM |
| 04/13/2023 | 3742 | Amended Notice of Hearing for 04/24/2023 at 1:30 PM |
| 04/13/2023 | 3745 | Notice of Appearance and Request for Notice by Omar Jesus Alaniz filed by James P. Seery Jr. |
| 04/15/2023 | 3747 | Joinder by James P. Seery Jr. to Highland's Emergency Motion to Modify and Fix Briefing Schedule and Set Hearing Date with Respect to Hunter Mountain Investment Trusts Emergency Motion for Leave to File Verified Adversary Proceeding |
| 04/17/2023 | 3748 | HMIT's Response and Reservation of Rights |
| 04/19/2023 | 3751 | Notice of Status Conference |
| 04/21/2023 | 3758 | HMIT's Objection Regarding Evidentiary Hearing and Brief Concerning Gatekeeper Proceedings Relating to "Colorability" |
| 04/21/2023 | 3759 | HMIT's Notice of Rescheduling Hearing |
| 04/21/2023 | 3761 | HMIT's Objection Regarding Evidentiary Hearing and Brief Concerning Gatekeeper Proceedings Relating to "Colorability"[3] |
| 04/23/2023 | 3760 (3760-1) | HMIT's Supplement to Emergency Motion for Leave to File Verified Adversary Proceeding and Attached Verified Adversary Complaint |
| 04/25/2023 | 3765 | Transcript of Hearing held on 04/24/2023 |
| 05/11/2023 | 3780 | Objection to Hunter Mountain Investment Trust's (i) Emergency Motion for Leave to File Verified Adversary Proceeding; and (ii) Supplement to Emergency Motion for Leave to File Verified Adversary Proceeding filed by Farallon Capital Management, LLC, Jessup Holdings LLC, Muck |

---

[3] A duplicate of Doc 3758.

Appellant/Movant HMIT's Second Supplemental Statement of Issues
and Designation of Items for Inclusion in the Appellate Record                     Page 7
                                                                         HMIT Appx. 01131

| | | |
|---|---|---|
| | | Holdings LLC, Stonehill Capital Management LLC |
| 05/11/2023 | 3781 | Order Fixing Briefing Scheduling and Hearing Date with Respect to HMIT's Emergency Motion for Leave to File Verified Adversary Proceeding as Supplemented |
| 05/11/2023 | 3783 | Highland and Seery's Joint Response to HMIT's Emergency Motion for Leave |
| 05/11/2023 | 3784 (3784-1 — 3784-46) | Declaration of John Morris in Support of Highland Parties' Joint Response |
| 05/18/2023 | 3785 | HMIT's Reply in Support of Emergency Motion for Leave to File Adversary Proceeding |
| 05/22/2023 | 3787 | Order Pertaining to the Hearing on Hunter Mountain Investment Trust's Motion for Leave to File Adversary Proceeding [DE##3699 & 3760] |
| 05/24/2023 | 3788 (3788-1 — 3788-5) | HMIT's Emergency Motion for Expedited Discovery or, Alternatively, for Continuance of June 8, 2023 Hearing |
| 05/24/2023 | 3789 | HMIT's Application for Expedited Hearing |
| 05/24/2023 | 3790 | Order Pertaining to the Hearing on Hunter Mountain Investment Trust's Motion for Leave to File Adversary Proceeding [DE##3699 & 3760] |
| 05/25/2023 | 3791 (3791-1 — 3791-5) | HMIT's Emergency Motion for Expedited Discovery or, Alternatively, for Continuance of June 8, 2023 Hearing |
| 05/25/2023 | 3792 | Order Setting Expedited Hearing |
| 05/25/2023 | 3795 | Objection to Hunter Mountain Investment Trust's Emergency Motion for Expedited Discovery or, Alternatively, for Continuance of June 8, 2023 Hearing filed by Farallon Capital Management, LLC, Jessup Holdings LLC, Muck Holdings LLC, Stonehill Capital Management LLC |

Appellant/Movant HMIT's Second Supplemental Statement of Issues
and Designation of Items for Inclusion in the Appellate Record    Page 8
HMIT Appx. 01132

| | | |
|---|---|---|
| 05/25/2023 | 3798 (3798-1) | Highland Parties' Joint Response in Opposition to HMIT's Emergency Motion for Expedited Discovery |
| 05/26/2023 | 3800 | Order Regarding Hunter Mountain Investment Trust's Emergency Motion for Expedited Discovery or, Alternatively, for Continuance of the June 8, 2023 Hearing |
| 05/28/2023 | 3801 | Order Regarding Hunter Mountain Investment Trust's Emergency Motion for Expedited Discovery or, Alternatively, for Continuance of the June 8, 2023 Hearing |
| 06/05/2023 | 3815 (3815-1) | Hunter Mountain Investment Trust's Emergency Motion for Leave to File Verified Adversary Proceeding |
| 06/05/2023 | 3816 (3816-1) | Hunter Mountain Investment Trust's Emergency Motion for Leave to File Verified Adversary Proceeding |
| 06/05/2023 | 3817 (3817-1 — 3817-5) | Highland Parties' Witness and Exhibit List with Respect to Evidentiary Hearing on June 8, 2023 |
| 06/05/2023 | 3818 (3818-1 — 3818-9) | HMIT's Witness and Exhibit List in Connection with its Emergency Motion for Leave to File Verified Adversary Proceeding, and Supplement |
| 06/07/2023 | 3820 | Highland Parties' Joint Motion to Exclude Testimony and Documents of Scott Van Meter and Steve Pully |
| 06/07/2023 | 3821 (3821-1 — 3821-3) | Declaration in Support of Highland Parties' Joint Motion to Exclude Testimony and Documents of Scott Van Meter and Steve Pully |
| 06/07/2023 | 3822 (3822-1) | HMIT's Unopposed Motion to File Exhibit Under Seal [WITHDRAWN] |
| 06/07/2023 | 3823 | Joinder to Joint Motion to Exclude Testimony and Documents of Scott Van Meter and Steve Pully filed by Farallon Capital Management, LLC, Jessup Holdings LLC, Muck Holdings LLC, Stonehill Capital Management LLC |

Appellant/Movant HMIT's Second Supplemental Statement of Issues
and Designation of Items for Inclusion in the Appellate Record                          Page 9
HMIT Appx. 01133

| | | |
|---|---|---|
| 06/07/2023 | 3824 | HMIT's Objections to the Highland Parties' Exhibit and Witness List |
| 06/08/2023 | 3828 | HMIT's Response to Highland Claimant Trust and James P. Seery, Jr.'s Joint Motion to Exclude Testimony and Documents of Experts Scott Van Meter and Steve Pully |
| 06/09/2023 | 3837 | Request for transcript regarding hearing held on 06/08/2023 |
| 06/12/2023 | 3838 | Court admitted exhibits on hearing June 8, 2023 (*See* Docket Entry Nos. 3817 & 3818) |
| 06/12/2023 | 3841 | Highland Parties' Reply in Further Support of their Joint Motion to Exclude Testimony and Documents of Scott Van Meter and Steve Pully |
| 06/12/2023 | 3842 (3842-1) | Claim Purchasers' Joinder to Highland Capital Management, L.P., Highland Claimant Trust, and James P. Seery Jr.'s Reply in Further Support of Their Joint Motion to Exclude Testimony and Documents of Scott Van Meter and Steve Pully filed by Farallon Capital Management, LLC, Jessup Holdings LLC, Muck Holdings LLC, Stonehill Capital Management LLC |
| 06/13/2023 | 3843 | Transcript regarding Hearing Held 06/08/2023 |
| 06/13/2023 | 3844 | Transcript regarding Hearing Held 05/26/2023 |
| 06/13/2023 | 3845 | HMIT's Request for Oral Hearing or, Alternatively, a Schedule for Evidentiary Proffer |
| 06/13/2023 | 3846 | Response in Opposition to Hunter Mountain Investment Trust's Request for Oral Argument or, Alternatively, a Schedule for Evidentiary Proffer filed by Debtor Highland Capital Management, L.P., Other Professional Highland Claimant Trust, Creditor James P. Seery Jr. |
| 06/13/2023 | 3847 | HMIT's Reply to the Highland Parties' Response to Request for Oral Hearing |
| 06/16/2023 | 3853 | Memorandum Opinion and Order Granting Joint Motion to Exclude Expert Evidence |

Appellant/Movant HMIT's Second Supplemental Statement of Issues
and Designation of Items for Inclusion in the Appellate Record
Page 10
HMIT Appx. 01134

| | | |
|---|---|---|
| 06/16/2023 | 3854 | Memorandum Opinion and Order Granting Joint Motion to Exclude Expert Evidence |
| 06/19/2023 | 3858 (3858-1 — 3858-2) | Hunter Mountain Investment Trust's Evidentiary Proffer Pursuant to Rule 103(a)(2)[4] |
| 06/23/2023 | 3860 | The Highland Parties' Objections to and Motion to Strike Hunter Mountain Investment Trust's Purported Proffer |
| 06/23/2023 | 3861 | Claim Purchasers' Joinder to the Highland Parties' Objections and Motion to Strike Hunter Mountain Investment Trust's Purported Proffer |
| 07/05/2023 | 3869 | Order Striking HMIT's Evidentiary Proffer Pursuant to Rule 103(a)(2) and Limiting Briefing |
| 07/06/2023 | 3872 | Notice of Filing of the Current Balance Sheet of the Highland Claimant Trust filed by Debtor Highland Capital Management, L.P. and the Highland Claimant Trust |
| 07/21/2023 | 3888 | Post-Confirmation Report for Highland Capital Management, LP for the Quarter Ending June 30, 2023 filed by Highland Capital Management, L.P. |
| 07/21/2023 | 3889 | Post-Confirmation Report for Highland Capital Management, LP for the Quarter Ending June 30, 2023 filed by the Highland Claimant Trust |
| 08/17/2023 | 3901 | Withdrawal of HMIT's Unopposed Motion to File Exhibit Under Seal filed by Creditor Hunter Mountain Investment Trust |
| 09/08/2023 | 3905 (3905-1 — 3905-6) | Motion to Alter or Amend Order, to Amend or Make Additional Findings, for Relief from Order, or, Alternatively, for New Trial Under Federal Rules of Bankruptcy Procedure 7052, 9023, and 9024 and Incorporated Relief Filed by Creditor Hunter Mountain Investment Trust |

---

[4] HMIT understands that the Court struck this proffer in docket entry 3869. Because the proffer appears to remain on the record and to avoid any argument that HMIT has failed its burden to designate the record, HMIT designates this docket entry out of an abundance of caution.

Appellant/Movant HMIT's Second Supplemental Statement of Issues
and Designation of Items for Inclusion in the Appellate Record　　　　　　　　　　　　　　　Page 11
HMIT Appx. 01135

| 09/11/2023 | 3907 | Clerk's Correspondence regarding HMIT's Notice of Appeal |
| --- | --- | --- |
| 09/22/2023 | 3928 | Notice Regarding Appeal and Pending Post-Judgment Motion filed by HMIT |

**B.**    **Exhibits.**

Further, the Parties submitted hearing exhibits. HMIT designates for inclusion in the record for appeal all the hearing exhibits submitted to the Court, which were all electronically filed and are in the Court's record and are a part of this Appellate Record. (Docs. 3817 and 3818). The following exhibits are submitted and included in the Court's record:

| **HMIT Exhibits** <br> **(Dkts. 3818, 3818-1, 3818-2, 3818-3, 3818-4, 3818-5. 3818-6, 3818-7, 3818-8, and 3818-9)** |
| --- |
| HMIT Exhibits 1-4, 6-80 |
| **HCM Exhibits** <br> **(Dkts. 3817, 3817-1, 3817-2, 3817-3, 3817-4, 3817-5)** |
| HCM Exhibits 2-15, 25-34, 36, 38-42, 45-46, 51, 59-60, 100 |

Dated:  October 23, 2023                    Respectfully Submitted,

**PARSONS MCENTIRE MCCLEARY PLLC**

By:  */s/ Sawnie. A. McEntire*
       Sawnie A. McEntire
Texas State Bar No. 13590100
smcentire@pmmlaw.com
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 237-4300
Facsimile: (214) 237-4340

Roger L. McCleary
Texas State Bar No. 13393700
rmccleary@pmmlaw.com
One Riverway, Suite 1800
Houston, Texas 77056
Telephone: (713) 960-7315
Facsimile: (713) 960-7347

**Appellant/Movant HMIT's Second Supplemental Statement of Issues**
**and Designation of Items for Inclusion in the Appellate Record**                    Page  12
                                                                                       HMIT Appx. 01136

                                                  *Attorneys for Hunter Mountain Investment Trust*

## CERTIFICATE OF SERVICE

      A true and correct copy of the foregoing document was served via ECF notification on October 23, 2023, on all parties receiving electronic notification.

                                                */s/ Sawnie A. McEntire*
                                                Sawnie A. McEntire

**Appellant/Movant HMIT's Second Supplemental Statement of Issues
and Designation of Items for Inclusion in the Appellate Record**    Page 13
HMIT Appx. 01137