# HMIT Exhibit 15

HMIT Appx. 02213

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Jordan A. Kroop (NY Bar No. 2680882) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:  jpomerantz@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        jkroop@pszjlaw.com

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:  MHayward@HaywardFirm.com
        ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |

## HIGHLAND CAPITAL MANAGEMENT, L.P.'S BRIEF ESTABLISHING THE NEED FOR AN ADVERSARY PROCEEDING TO OBTAIN THE RELIEF SOUGHT IN VALUATION MOTION[2]

Highland Capital Management, L.P., the reorganized debtor in this Chapter 11 case ("**Highland**"), respectfully submits the following arguments establishing that the relief sought by

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] This brief responds to the Court's request for further briefing regarding the "sole issue [of] whether the relief sought in the motion for a valuation requires an adversary proceeding." Hearing Transcript Nov. 15, 2022, 29:9–10.

The Dugaboy Investment Trust ("**Dugaboy**") in the *Motion for Determination of the Value of the Estate and Assets Held by the Claimant Trust* [Docket No. 3382] (the "**Initial Mtn.**") and the *Supplemental and Amended Motion for Determination of the Value of the Estate and Assets Held by the Claimant Trust* [Docket No. 3533] (the "**Supp. Mtn.**" and, together with the Initial Mtn., the "**Valuation Motion**") and supported by Hunter Mountain Investment Trust ("**HMIT**") must be sought, if at all, by filing an adversary proceeding under Bankruptcy Rule 7001.

## Introduction

1. Dugaboy is clear about what it seeks in the Valuation Motion: an accounting of the assets held in, and the liabilities of, the Highland Claimant Trust (the "**Claimant Trust**") on a consolidated basis (*i.e.,* including the assets of Reorganized Highland, the Highland Litigation SubTrust, and the Indemnity SubTrust) so that Dugaboy may ascertain what, if any, interest it may arguably have in the Claimant Trust. But the Valuation Motion is procedurally improper because the relief sought may only be obtained in a proceeding for: (1) equitable relief; (2) declaratory relief; or (3) a determination of the extent of an interest in property.

2. Each one of these types of proceedings must be commenced by the filing of an adversary proceeding under Bankruptcy Rule 7001. A "proceeding to obtain … equitable relief" requires an adversary proceeding under Bankruptcy Rule 7001(7). A "proceeding to obtain a declaratory judgment" requires an adversary proceeding under Bankruptcy Rule 7001(9). And a "proceeding to determine the … extent of … [an] interest in property" requires an adversary proceeding under Bankruptcy Rule 7001(2). When Bankruptcy Rule 7001 says "The following are adversary proceedings," a proceeding appearing in the rule's list of ten proceeding types *must* be brought as an adversary proceeding.[3]

---

[3] *See, e.g., Haber Oil Co. v. Swinehart (In re Haber Oil Co.),* 12 F.3d 426, 437–40 (5th Cir. 1994).

3. If this Court agrees that the relief sought in the Valuation Motion falls within one or more of these three categories, the Court should require Dugaboy to seek that relief by filing and prosecuting an adversary proceeding under Part VII of the Bankruptcy Rules.

### The Valuation Motion Seeks Equitable Relief

4. Dugaboy acknowledges that the Valuation Motion, at its core, is about obtaining information pertaining to the assets and liabilities of the Claimant Trust—an **accounting**. "By this Motion, … [Dugaboy] respectfully seeks … an **accounting** of the assets currently held [*sic*] the Claimant Trust …."[4] Dugaboy further characterizes the relief it seeks as an invocation of alleged "**accounting rights** of contingent [trust] beneficiaries …."[5]

5. At the initial status conference in this matter, counsel for both Dugaboy and HMIT stated repeatedly that they want an accounting (while carefully avoiding using that magic word), referring to what they want as "information" about the assets and liabilities of the Claimant Trust:

- MR. DRAPER: … The first issue is … am I entitled to the information that I seek? … If in fact I'm entitled to the information and I'm entitled to the hearing, then we should go forward … I'm entitled to the information. And … I believe we're entitled to the information …[6]

- MR. DRAPER: … This is merely seeking information … It's seeking information as to the value of an estate … We're really asking to find out what the—what the estate is entitled—has and whether I'm entitled to a report.[7]

- MR. PHILLIPS: … If, if we could get information … We just don't know what money is there … as a practical matter, if we can get information about the assets, not only at Highland but at the subsidiaries, what's left to be done, and we could see what's reserved, then maybe everybody could stop, everybody could stop and take a look … if we knew what the assets were or we knew what the claims were, then maybe everybody could take a step back and take a look at it.[8]

---

[4] Supp. Mtn. at 1 (emphasis added).
[5] *Id*. at 15 (emphasis added).
[6] Hearing Transcript Nov. 15, 2022, at 6:5–8:17.
[7] *Id.* at 12:2–22.
[8] *Id.* at 15:24–17:18.

3

6. Whether it's called "information about the assets," or "information about the reserves and claims," or "information about what the estate has," or "what money is there," it remains clear that what Dugaboy and HMIT seek is an **accounting** of the Claimant Trust. An accounting is an equitable remedy that must be sought by adversary proceeding under Bankruptcy Rule 7001(7),[9] which provides that an adversary proceeding includes "a proceeding to obtain an injunction or other equitable relief, except when a … plan provides for the relief."[10] For reasons extensively discussed in Highland's *Reply in Further Opposition to Valuation Motion* [Docket No. 3614], nothing in the confirmed Plan or in the Claimant Trust Agreement entitles contingent beneficiaries of the Claimant Trust to *any* information regarding trust assets, much less an accounting of the sort Dugaboy now seeks. Thus, Dugaboy seeks an equitable remedy from this Court—an accounting. That remedy must be sought by adversary proceeding under Bankruptcy Rule 7001(7). Seeking an accounting by motion as Dugaboy has done in the Valuation Motion, is improper.

7. That Dugaboy and HMIT are both seeking equitable relief is highlighted by their reliance on Bankruptcy Code § 105(a)—equitable relief—to support their request for an

---

[9] *See, e.g., Williams v. Wells Fargo Bank, N.A.,* 560 F. App'x 233, 243 (5th Cir. 2014) ("A suit for accounting is generally founded in equity"); *Animale Group v. Sunny's Perfume, Inc.,* 256 F. App'x 707, 709 (5th Cir. 2007) ("Plaintiffs seek an accounting … which is 'subject to the principles of equity,'" citing *Maltina Corp. V. Cawy Bottling Co.,* 613 F.2d 582 (5th Cir. 1980)); *In re Higgins,* 2009 Bankr. LEXIS 3672 at *2 (Bankr. N.D. Ind. Nov. 19, 2009) ("Determination of this amount … requires an adversary proceeding for an accounting pursuant to Fed.R.Bankr.P. 7001(7)/(9)"); *In re Mitchell,* 44 B.R. 485, 490 (Bankr. N.D. Ala. 1984) ("A proceeding to obtain an accounting is generally an equitable proceeding"); *In re Turner,* 2010 Bankr LEXIS 300 at *5 (Bankr. N.D. Ind. Feb. 9, 2010) ("the debtors' request falls within the provisions of Fed.R.Bankr.P. 7001(7)—'a proceeding to obtain … other equitable relief', i.e., an accounting"); *Campbell v. Cathcart (In re Derivium Capital, LLC),* 380 B.R. 429, 443 (Bankr. D.S.C. 2006) ("These facts, if true, would allow the Court in its equitable jurisdiction to order Veristeel to provide an accounting of all assets of Debtor transferred," citing Bankruptcy Rule 7001(7)); 10 *Collier on Bankruptcy* ¶ 7001.08 (16th ed. 2022) ("'Other equitable relief' as used in Rule 7001(7) should include relief other than injunctions traditionally granted only by courts of equity. Accountings … immediately come to mind ….").

[10] Highland does not concede anything in respect of whether Dugaboy is entitled to the accounting it seeks. But at this point in these proceedings, the Court need not determine Dugaboy's entitlement to an accounting as a substantive matter and need only determine that the information Dugaboy seeks—which amounts to an accounting—must be sought through an adversary proceeding.

4

accounting.[11] The Supreme Court and the Fifth Circuit have long recognized that bankruptcy litigants such as Dugaboy misinterpret Bankruptcy Code § 105(a) as a broad grant of authority allowing bankruptcy courts to "do equity."[12] *Collier* explains the limits on bankruptcy courts' equitable powers: "The *equitable origins* of the bankruptcy power suggest substantial leeway to tailor solutions to meet the diverse problems facing bankruptcy courts. Section 105 gives the bankruptcy court the power to *fill in gaps and further the statutory mandates of Congress* in an efficient manner."[13]

8. Insofar as the Valuation Motion seeks relief that, Dugaboy and HMIT argue, may only be granted under Bankruptcy Code § 105(a), that relief is equitable relief. Bankruptcy Rule 7001(7) requires equitable relief to be sought only through an adversary proceeding.

### The Valuation Motion Seeks a Determination of the Extent of Dugaboy's Contingent Interest in Property

9. Dugaboy argues that the Plan establishes an interest in property by granting Dugaboy a contingent beneficial interest in the Claimant Trust. True enough, but Dugaboy ignores a critical word—in this context, *the* critical word—in Bankruptcy Rule 7001(2): **extent**. The Valuation Motion is about nothing if not an accounting of Claimant Trust assets and superior beneficial interests in those assets so that Dugaboy may assess the *extent* of its interest in the Claimant Trust (although neither Dugaboy nor HMIT will have any interest until their respective contingent interests vest). That Dugaboy has some sort of unvested interest in the Claimant Trust

---

[11] *Reply in Support,* Docket No. 3606, at 3. "MR. DRAPER: … It's really a 105 argument, Your Honor." Hearing Transcript Nov. 15, 2022, at 11:13–14. "MR. PHILLIPS: … We think that the Court retained authority under 1142(b) and 105 to implement—determine, classify equity interests …" Hearing Transcript Nov. 15, 2022, at 13:6–8.

[12] "We have long held that 'whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of' the Bankruptcy Code." *Law v. Siegel,* 571 U.S. 415, 421 (2014) (referring to Bankruptcy Code § 105(a) and quoting *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206 (1988)). *See also United States v. Sutton*, 785 F.2d 1305, 1308 (5th Cir. 1986) ("[Section 105] does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity").

[13] 2 *Collier on Bankruptcy* ¶ 105.01 (16th ed. 2022) (emphasis added).

5

(and, therefore, its property) is not in dispute—Highland and Dugaboy agree that the Plan grants Dugaboy a contingent, as-yet unvested interest in the Claimant Trust. That undisputed fact certainly cannot be the reason for bringing the Valuation Motion. It is the **extent of that interest** that is the subject of the Valuation Motion. Assessing the extent of Dugaboy's contingent interest in Claimant Trust property is the purpose of the Valuation Motion, Dugaboy's request for an evidentiary hearing, and Dugaboy's demand for an accounting (which is itself, as noted above, a demand for equitable relief requiring an adversary proceeding under Bankruptcy Rule 7001(7)).

10. HMIT's counsel didn't equivocate about this when he argued at the status conference that, "We think that the Court retained authority under 1142(b) and 105 to … determine, classify equity interests …."[14] The Plan already "classifies" equity interests, so what HMIT seeks here is a "determination" of the *extent* of the equity interest. That oral argument is consistent with what HMIT said in its reply in support of the Valuation Motion: "In the Plan, the Bankruptcy Court ***expressly*** retained jurisdiction, citing sections 105 and 1142 of the Bankruptcy Code, to determine or classify any Equity Interest …."[15] "Determining" an equity interest—particularly in the context in which the Plan already classifies equity interests and establishes that Dugaboy and HMIT possess an unvested, contingent equity interest in Highland—can only mean assessing the *extent* of that equity interest, the *extent* of Dugaboy's and HMIT's entitlement to a distribution from the Claimant Trust.

11. A proceeding to "determine" an equity interest, to ascertain the value of Claimant Trust assets via an accounting, is an indispensable part of mathematically assessing the *extent of Dugaboy's interest in property*. Dugaboy concedes as much:

---

[14] Hearing Transcript Nov. 15, 2022 at 13:6.
[15] *Reply in Support,* Docket No. 3606, at 3 (emphasis in original).

6

- An evidentiary "hearing would benefit not only Dugaboy in **ascertaining the value of its current interest in the estate** …"[16]

- "the nature of Dugaboy's interest in the estate … cannot now be classified as remote."[17]

- "Dugaboy's interest in the estate is very much real and realizable …."[18]

- "MR. DRAPER: … "there is no recourse for me to attack, or just not even attack, to have the standing that I have on an appellate issue raised at a various point in time … the February 2021 matters were based on a projection …. I should have the ability to have my standing determined at that point in time, not based upon the set of facts that existed at the confirmation hearing."[19]

12. A request to determine the extent of Dugaboy's potential future interest in the Claimant Trust must be brought as an adversary proceeding under Bankruptcy Rule 7001(2): "a proceeding to determine the … extent of [an] … interest in property …"[20] Whether the proceeding seeks to determine the extent of a movant's ownership in stock or to determine the extent of an entity's limited partnership interest or the extent of a contingent beneficial interest in a creditor trust created by a confirmed Chapter 11 plan, it is a proceeding required to be commenced by the filing of an adversary complaint under Bankruptcy Rule 7001(2).

13. This is why HMIT's reliance on *Pearl Resources* in its *Reply in Support* is misplaced.[21] The court there, *in an adversary proceeding to invalidate an asserted lien,* was

---

[16] Supp. Mtn. at 17. Of course, Dugaboy misspeaks when it refers to "its current interest in the estate." There is no estate insofar as the Plan became effective well over a year ago and vested all estate assets in the Claimant Trust. Surely, Dugaboy means "its current interest in the Claimant Trust."

[17] Supp. Mtn. at 2.

[18] Supp. Mtn. at 3.

[19] Hearing Transcript Nov. 15, 2022, at 8:23–9:8. Stated simply, Dugaboy wants to assess the **extent** of its interest in property by getting an accounting that may demonstrate that the February 2021 projections are now outdated.

[20] *See, e.g., In re Cadiz Properties,* 278 B.R. 744, 746 (Bankr. N.D. Tex. 2002), in which a dispute arose between a movant and a debtor regarding the extent to which the movant owned stock in the debtor; this Court (Judge Felsenthal) held that the "determination of the ownership of the stock must be resolved in an adversary proceeding," citing Bankruptcy Rules 7001(2) and (9). *See also In re Corky Foods Corp.,* 85 B.R. 903, 904 (Bankr. S.D. Fla. 1988) (movant sought court's determination of a specific value of a limited partnership interest; "In denying this motion, I do not pretermit [fail to mention] movant's contention that the debtor's partnership interest has a present negative value.… [T]his issue may only be presented by an adversary complaint. B.R. 7001(2) or (9)").

[21] *Reply in Support,* Docket No. 3606, at 7.

concerned with the **validity** of a lien for purposes of Bankruptcy Code § 502 and the allowance of a proof of claim relating to a purported lien on mineral property: "The **validity** of Maverick's Lien Claim under Chapter 56 of the Texas Property Code is at the heart of this proceeding."[22] That court was assessing the validity of a creditor's claim against the estate under § 502 that had been made the subject of an objection because it had not been asserted as an adversary proceeding. In overruling the objection on that basis, the court—in the context of a pre-confirmation claim objection under Bankruptcy Code § 502 where "valuation" was incidental to whether the creditor had a claim at all—was addressing whether a proof of claim had to be brought as an adversary proceeding. (In this way, *Pearl Resources* stands for the unremarkable proposition that a would-be secured creditor does not have to commence an adversary proceeding to seek allowance of its proof of claim under Bankruptcy Code § 502.) That court was *not* addressing an effort to assess the **extent** of an equity holder's contingent interest in property (already established and allowed under a confirmed and effective Plan and an effective Claimant Trust Agreement) nearly two years post-confirmation. Dugaboy seeks something entirely different from what the court in *Pearl Resources* was addressing (in the context of pre-confirmation claim allowance)—an accounting of a post-effective date Claimant Trust's assets and liabilities to enable Dugaboy to measure the **extent** of its contingent interest in the Claimant Trust.

14.  All the relief Dugaboy seeks in the Valuation Motion is intended to allow Dugaboy to ascertain the *extent* of its interest in the Claimant Trust (although Dugaboy will never have an interest in the Claimant Trust until its contingent interest has vested). Thus, all the relief Dugaboy seeks in the Valuation Motion must be sought in an adversary proceeding under Bankruptcy Rule 7001(2).

---

[22] *Pearl Res. LLC v. Allied OFS LLC (In re Pearl Res. LLC),* 2022 Bankr. LEXIS 2675 at *22 (Bankr. S.D. Tex. Sept. 26, 2022) (emphasis added).

**The Valuation Motion Seeks a Declaratory Judgment**

15. The Valuation Motion does not only seek information—an accounting of the assets and liabilities of the Claimant Trust on a consolidated basis. The Valuation Motion goes further, seeking a determination from this Court that the value of the Claimant Trust's assets exceeds the Claimant Trust's liabilities and that, therefore, Dugaboy's tiny equity interest in Highland (as a member of Class 10 under the Plan) is "in the money," and entitled to a vested beneficial interest in the Claimant Trust and a distribution from the Claimant Trust on account of its equity interests (after all creditor beneficiaries are paid in full). Leaving aside Dugaboy's mischaracterization of its interest in the Claimant Trust, Dugaboy itself characterizes the relief it seeks in the Valuation Motion as declaratory relief: "Accordingly, this Motion seeks an evidentiary hearing so that the Court may determine the current amount of cash and other assets currently held by the Claimant Trust for distribution to Claimant Trust Beneficiaries …."[23]

16. Dugaboy is asking this Court for an accounting so that the Court can *declare* Dugaboy to be "in the money." Dugaboy is asking this Court to *declare* that its contingent, inchoate, and unvested interest in the Claimant Trust somehow has positive value today—to *declare* the extent of its interest in property. Dugaboy is asking this Court to *declare* that it possesses "person aggrieved" appellate standing under applicable Fifth Circuit precedent because its contingent equity interests may someday have positive value and that, therefore, the outcome of its many appeals to the District Court and the Fifth Circuit Court of Appeals will affect Dugaboy pecuniarily.[24] Dugaboy is asking this Court to *declare* that it is unreasonable for the Litigation

---

[23] Supp. Mtn. at 4–5.

[24] "Dugaboy's Appellate Rights Are Compromised … Dugaboy has argued [to appellate courts] that *Coho's* iteration of standing [that an appellant lacks appellate standing because it is not a "person aggrieved" and not pecuniarily affected by the outcome of the appeal] cannot be correct because the value of estate assets fluctuates during and after bankruptcy, such that the value of interests held by creditors and residual equity holders likewise fluctuates over time." Initial Mtn. at 13.

9

SubTrust to pursue causes of action against Dugaboy and HMIT because only Dugaboy and HMIT "stand to profit" from those proceedings.[25]

17. These requests all constitute a multi-faceted prayer for declaratory relief. By filing the Valuation Motion, Dugaboy has asked this Court for a declaratory judgment, something that Bankruptcy Rule 7001(9) requires to be sought only through an adversary proceeding: "The following are adversary proceedings: … (9) a proceeding to obtain a declaratory judgment relating to any of the foregoing [types of relief] …." Dugaboy seeks equitable relief that must be sought, if at all, by an adversary proceeding under Bankruptcy Rule 7001(7). It also seeks a determination of the extent of its interest in Claimant Trust assets, which must be sought, if at all, by an adversary proceeding under Bankruptcy Rule 7001(2). But Dugaboy also seeks declaratory relief relating to the equitable relief it seeks and the requested determination of the extent of its interest in Claimant Trust property.[26] Seeking declaratory relief relating to each of these matters—any of these matters—requires Dugaboy to file and prosecute an adversary proceeding to obtain that declaratory relief under Bankruptcy Rule 7001(9), a third basis for this Court to compel Dugaboy to commence an adversary proceeding if it wants the relief it seeks in the Valuation Motion.

### Conclusion

18. Irrespective of whether the Court deems the relief sought in the Valuation Motion as equitable relief or declaratory relief or relief to determine the extent of Dugaboy's interest in property, or some combination of two or all three of those categories, that relief must be sought

---

[25] *[Dugaboy's] Reply in Support of Its Motion for Determination of Value* [Docket No. 3603] at 9.

[26] *See, e.g., In re Eastman Kodak Co.,* 2012 Bankr. LEXIS 2746 at *6 (Bankr. S.D.N.Y. June 15, 2012) (a party's request for a declaratory judgment pertaining to a determination of the extent of an interest in property requires an adversary proceeding); *In re Ortiz,* 2012 Bankr. LEXIS 2148 at *6–*8 (Bankr. S.D. Tex. May 15, 2012) (creditor sought a "declaratory judgment 'determining that [his] claim cannot be barred for lack of notice … and deeming such Proof of Claim timely filed,'" but court did "not reach [his] request for a declaratory judgment, for the reason that the seeking of a declaratory judgment requires the filing of an adversary proceeding").

within the confines of an adversary proceeding. Dugaboy (and, ostensibly, HMIT) must be required to commence an adversary proceeding.

*Remainder of page intentionally left blank*

11

**HMIT Appx. 02224**

| | |
|---|---|
| Dated: November 29, 2022 | **PACHULSKI STANG ZIEHL & JONES LLP**<br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>John A. Morris (NY Bar No. 2405397)<br>Gregory V. Demo (NY Bar No. 5371992)<br>Jordan A. Kroop (NY Bar No. 2680882)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email: jpomerantz@pszjlaw.com<br>      jmorris@pszjlaw.com<br>      gdemo@pszjlaw.com<br>      jkroop@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>MHayward@HaywardFirm.com<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100<br>Fax: (972) 755-7110<br><br>*Counsel for Highland Capital Management, L.P.* |

12