# HMIT Exhibit 16

HMIT Appx. 02226



**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
ENTERED
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET**

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed December 6, 2022**

_____
United States Bankruptcy Judge
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Reorganized Debtor. | § Chapter 11<br>§<br>§ Case No. 19-34054-sgj11<br>§<br>§ |

**ORDER DENYING MOTION [DE # 3382] AND SUPPLEMENTAL MOTION [DE
# 3533] OF DUGABOY INVESTMENT TRUST DUE TO PROCEDURAL
DEFICIENCY: ADVERSARY PROCEEDING IS REQUIRED**

I. **Introduction: Context in Which Underlying Motion and Supplemental Motion Arise.**

By way of background, the above-referenced bankruptcy case of Highland Capital Management, L.P. ("Highland") is in a post-confirmation stage. Highland's Fifth Amended Plan of Reorganization, as Amended (the "Plan"), was confirmed on February 22, 2021 and went effective on August 11, 2021 (the "Effective Date"). Highland will be referred to sometimes as the "Reorganized Debtor," when discussing Highland during the post-Effective Date time period.

1

On the Effective Date of the Plan, a "Claimant Trust" was created pursuant thereto, and is governed by that certain Claimant Trust Agreement, effective as of August 11, 2021 (the "CTA"). The CTA was expressly incorporated into and is a part of the Plan. Highland's assets were either transferred to the Claimant Trust or remained at Highland for monetization. All prepetition equity interests in Highland were canceled pursuant to the Plan. New limited partnership interests in the Reorganized Debtor were issued to the Claimant Trust. Beneficial interests in the Claimant Trust were created in favor of Highland's prepetition general unsecured creditors in Class 8 (General Unsecured Claims) and Class 9 (Subordinated Claims). Former equity interests in Highland are treated under the Plan and CTA as having "Contingent Trust Interests" in the Claimant Trust, and such interests will vest into "Claimant Trust Beneficiaries" upon certification by the Claimant Trustee that holders of Allowed Claims against Highland have been paid indefeasibly in full, plus post-petition interest at the federal judgment rate.

**II.    Pending Motion and Supplemental Motion.**

On June 30, 2022, the Dugaboy Investment Trust ("Dugaboy") filed a "*Motion for Determination of the Value of the Estate and Assets Held by the Claimant Trust*" [DE # 3382] (the "Value Motion"). Notably, prior to the Effective Date of the Plan, Dugaboy owned 0.1866% of Highland's total equity. By its Value Motion, Dugaboy sought "a determination by this Court of the current value of the estate and an accounting of the assets currently held the [sic] Claimant Trust and available for distribution to creditors."

Dugaboy thereafter, on September 21, 2022, filed a *"Supplemental and Amended Motion for Determination of the Value of the Estate and Assets Held by the Claimant Trust"* [DE# 3533] (the "Supp. Value Motion" and, together with the Value Motion, the "Dugaboy Value Motions"). The Supp. Value Motion further stated that "the Court should conduct an evidentiary hearing and

2

require disclosure by the Reorganized Debtor and Claimant Trustee of the value of the estate and all assets held by Claimant Trust that are available for distribution to creditors and residual equity holders." The Dugaboy Value Motions collectively express a belief that the Claimant Trust may have sufficient assets with which to pay creditors in full, with interest. The prayer for relief in the Supp. Value Motion requests "an order: (i) finding that Dugaboy has standing in these bankruptcy proceedings under 11 U.S.C. § 1109(b), Delaware trust law, and Article III of the United States Constitution; and (ii) setting an evidentiary hearing to ascertain the assets currently available for distribution to allowed claimants, to determine the current value of those assets, and to determine whether there is a potential for settling the estate now . . .."

The Dugaboy Value Motions were supported by Hunter Mountain Investment Trust ("HMIT") in a *"Limited Response in Support of Certain Requested Relief"* [DE # 3467] filed on August 24, 2022 ("HMIT Response"). Prior to the Effective Date, HMIT owned 99.5% of Highland's equity.

The Dugaboy Value Motions were opposed by the Reorganized Debtor in a *"Reorganized Debtor's Objection to Motion for Determination of Value"* [DE # 3465] filed August 24, 2022 ("Reorganized Debtor's Objection").

These various pleadings were pending for a while before the parties requested court time. At the parties' request, the court held a non-evidentiary status conference on these pleadings on November 15, 2022.

At the status conference, the court expressed concerns whether the Dugaboy Value Motions required the procedural mechanism (i.e., the due process and protections) of an adversary proceeding, pursuant to Fed. R. Bankr. P. 7001. The court gave the parties until November 29,

2022, to submit briefs solely dealing with the issue of whether an adversary proceeding is required for the relief sought in the Dugaboy Value Motions. The court indicated it would rule on this procedural issue based on these subsequent briefs. Dugaboy, HMIT, and the Reorganized Debtor each filed briefs on November 29, 2022 [DE ## 3637, 3638, and 3639 respectively].

**III.    Ruling.**

Based on the court's review of the briefs and deliberations, the court determines that an adversary proceeding is necessary with regard to the relief sought in the Dugaboy Value Motions.

First, Fed. R. Bankr. P. 7001(2) states that a "proceeding to determine the validity, priority, or extent of a lien or other interest in property" should be brought as an adversary. The Dugaboy Value Motions seek for the court to **_determine_** the **_extent_** of Dugaboy's **_interest_** in the **_property_** in the Creditor's Trust. Specifically, is Dugaboy "in the money" or not? Will its status as a holder of a "Contingent Trust Interest" soon spring into the status of a "Claimant Trust Beneficiary" or not? Same, obviously, for HMIT.

Additionally, Fed. R. Bankr. P. 7001(7) states that the following should be brought as an adversary proceeding: a "proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12 or chapter 13 plan provides for the relief." The Dugaboy Value Motions seek equitable relief that does not appear to be provided for in the confirmed chapter 11 plan. Specifically, the essence of the Dugaboy Value Motions is a request for an accounting (Dugaboy sought "a determination by this Court of the current value of the estate and an accounting of the assets currently held the [sic] Claimant Trust and available for distribution to creditors"). Dugaboy and HMIT have not pointed to any provision of the CTA that establishes a right to an accounting. The court notes anecdotally that section 3.12(a) of the CTA states that "Except as

4

otherwise provided herein, nothing in this Agreement requires the Claimant Trustee to file any accounting or seek approval of any court with respect to the administration of the Claimant Trust, or as a condition for managing any payment or distribution out of the Claimant Trust Assets." But to be clear, it is not as though the Claimant Trustee is operating "under the radar." Section 3.12(b) of the CTA states that:

> "The Claimant Trustee shall provide quarterly reporting to the Oversight Board[1] and Claimant Trust Beneficiaries of (i) the status of the Claimant Trust Assets, (ii) the balance of Cash held by the Claimant Trust (including in each of the Claimant Trust Expense Reserve and Disputed Claim Reserve), (iii) the determination and any re-determination, as applicable, of the total amount allocated to the Disputed Claim Reserve, (iv) the status of Disputed Claims and any resolutions thereof, (v) the status of any litigation, including the pursuit of the Causes of Action, (vi) the Reorganized Debtor's performance, and (vii) operating expenses; provided, however, that the Claimant Trustee may, with respect to any Member of the Oversight Board or Claimant Trust Beneficiary, redact any portion of such reports that relate to such Entity's Claim or Equity Interest, as applicable and any reporting provided to Claimant Trust Beneficiaries may be subject to such Claimant Trust Beneficiary's agreement to maintain confidentiality with respect to any non-public information."

It would appear that Dugaboy and HMIT may be frustrated that they did not negotiate or obtain the same oversight rights as the actual Claimant Trust Beneficiaries in the Plan and CTA.[2]

---

[1] "Oversight Board" was defined in the CTA as "the board comprised of five (5) Members established pursuant to the Plan and Article III of this Agreement to oversee the Claimant Trustee's performance of his duties and otherwise serve the functions set forth in this Agreement and those of the "Claimant Trust Oversight Committee" described in the Plan. Subject to the terms of this Agreement, the initial Members of the Oversight Board shall be: (i) Eric Felton, as representative of the Redeemer Committee; (ii) Josh Terry, as representative of Acis; (iii) Elizabeth Kozlowski, as representative of UBS; (iv) Paul McVoy, as representative of Meta-e Discovery; and (v) David Pauker."

[2] The court notes that Dugaboy seems to argue that it has been deprived of information throughout the Highland bankruptcy case, and that there was a lack of overall transparency. This rings hollow since: (a) this bankruptcy case had a very aggressive, proactive, and sophisticated Official Unsecured Creditors Committee ("UCC") with extensive monitoring rights to information throughout the case; (b) a Board of Independent Directors was appointed post-petition due to concerns about having management free of conflicts—which Board (one of whose members was a retired bankruptcy judge) operated quite transparently; (c) there has been an active, vigilant United States Trustee during the case; and (d) Dugaboy is the family trust of James Dondero, a founder and the former CEO of Highland who had reason to be extremely familiar with everything associated with Highland. While a late-in-the-bankruptcy-case argument was lodged by Dugaboy that Rule 2015.3 statements had not been filed by Highland and that an Examiner should be appointed to look into Highland's non-debtor subsidiary value and activity because of this, such argument was made just prior to Plan confirmation and seemed more like a litigation tactic than an honest desire for information.

Finally, Rule 7001(9) states that the following should be brought as an adversary proceeding: a "proceeding to obtain declaratory judgment relating to any of the foregoing." While Dugaboy seems to urge that it is, at bottom, simply seeking *information* and not a determination or declaration of any kind, this contradicted by both the title of the Dugaboy Value Motions (both containing the word "Determination" therein) the prayers therein, seeking that the court find "that Dugaboy has standing in these bankruptcy proceedings" and for an order "determine[ing] the current value of those assets (i.e., assets of the Reorganized Debtor and Claimant Trust")." These are clearly requests for declaratory judgment as to value of assets, the extent of Dugaboy's and HMIT's interests in assets, and ultimately a declaration as to Dugaboy's standing.

Accordingly, the Dugaboy Valuation Motions (and HMIT's joinder therein) will not be considered at this juncture and are hereby **DENIED** for procedural deficiency. This is without prejudice to the filing of an adversary proceeding.

**IT IS SO ORDERED.**

**# # # # END OF ORDER # # # #**

---

Moreover, the Rule 2015.3 filing requirement can be modified by a court for cause—something that would be reasonable in a case such as this where there was extensive oversight by a UCC and Independent Board.

6

HMIT Appx. 02232