# Appendix Exhibit 2

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| ALLIANCE RIGGERS & CONSTRUCTORS, LTD. | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | CASE NO. _____ |
| LINDA S. RESTREPO,  CARLOS E. RESTREPO | § | |
| D/B/A COLLECTIVELY RDI GLOBAL SERVICES | § | (Formerly TC No. 2012-DCV-04523 |
| and R&D INTERNATIONAL | § | County Court at Law No. 5 |
| | § | El Paso County, Texas) |
| **Defendants.** | § | |
| | § | |

## DEFENDANTS LINDA S. RESTREPO AND CARLOS E. RESTREPO NOTICE OF REMOVAL AND  MEMORANDUM IN SUPPORT OF NOTICE

JUDGE DAVID GUADERRAMA

# EP14CV0408

## IN THE COUNTY COURT AT LAW NUMBER 5
## EL PASO COUNTY TEXAS

ALLIANCE RIGGERS &
CONSTRUCTORS, LTD.,
§
§
§

    Plaintiff,
§
§

v.
§

2012-DCV-04523

LINDA S. RESTREPO and CARLOS E.
RESTREPO D/B/A/ Collectively
RDI GLOBAL SERVICE and R&D
INTERNATIONAL,
§
§
§
§
§

JUDGE DAVID GUADERRAMA

**EP14CV0408**

    Defendants
§

*RECEIVED*

*OCT 31 2014*

*CLERK U S DISTRICT COURT*
*WESTERN DISTRICT OF TEXAS*
*BY _____ DEPUTY*

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

    COMES NOW the Defendants, Linda S. Restrepo and Carlos E. Restrepo, and in direct support of their Notice to this Court and all parties, hereby alleges, states, and provides the following:

### Notice of Removal to the United States District Court

1. By the filing of this Notice with the Clerk of this state Court, together with the attached and corresponding petition for removal that was filed in the United States District Court prior, these state proceedings are now REMOVED, by automatic operation of federal law, and these Defendants now formally notify the Court and all parties of that same fact.

2. Pursuant to the express and specific language of 28 U.S.C. 1441, et seq., immediately upon the filing of this Notice, with the Clerk of this Court, this case has been already removed. The removal of jurisdiction from this Court is automatic by operation of federal law, and does not require any additional written order from the District Judge to cause this removal to become "effective" – the removal is an automatic judicial event, and immediate by operation of law.

App. 0005

3. Put another way, the United States Supreme Court clarified and established, clear back in 1966: "The petition is now filed in the first instance in the federal court. After notice is given to all adverse parties and a copy of the petition is filed with the state court, removal is effected and state court proceedings cease unless the case is remanded. 28 U. S. C. § 1446 (1964 ed.). See generally, American Law Institute, Study of the Division of Jurisdiction Between State and Federal Courts, Tentative Draft No. 4, p. 153 et seq. (April 25, 1966)." Georgia v. Rachel, 384 U.S. 780, 809 n27, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966). (emphasis added).

4. Because this cause is now removed, the instant Court is without jurisdiction to effect any judgment in these proceedings (28 U.S.C. § 1446(c)(3)).

5. The Petition for Removal to the United States District Court is attached hereto as required by the express language of federal law, as Exhibit # 1.

WHEREFORE, the undersigned Defendants, Linda S. Restrepo and Carlos E. Restrepo, notify the Court and all other parties that this cause is now removed, that this court now has absolutely no jurisdiction for any judgment in this cause, bar none, unless and until the United States District Court may or may not remand, and further moves for all other relief that is just and proper in the premises.

Respectfully submitted,

LINDA S. RESTREPO  Pro-Se
P.O. Box 12066
El Paso, Texas 79912
(915) 581-2732
E-mail: rd-intl@zianet.com

CARLOS E. RESTREPO  Pro-Se
P.O. Box 12066
El Paso, Texas 79912
(915) 581-2732
E-mail: rd-intl@zianet.com

### CERTIFICATE OF SERVICE

I, certify that a copy of this Notice of Removal were served upon the following this 31st day of October 2014: to Wayne Pritchard, P.C., Attorney of Record, 300 East Main, Suite 1240, El Paso, Texas 79901, (915)533-0080 and the Honorable Judge Carlos Villa, County Court at Law Number Five, 500 East San Antonio St. 8th Floor, Room 806, El Paso, Texas 79901.

Carlos E. Restrepo, Pro Se

# TABLE OF CONTENTS

Page

STATEMENT AS TO IDENTIFY OF THE PARTIES ...................................... 1

NOTICE OF APPEAL............................................................................. 1

PREAMBLE
RESTREPO'S CLAIM FOURTEENTH AMENDMENT
         PROTECTIONS............................................................... 2

FEDERAL COURT REMOVAL JURISDICTION........................................... 5

PROSE DEFENDANTS INVOKE THEIR FIRST AMENDMENT RIGHTS
IN FILING THIS NOTICE OF REMOVAL.............................................. 10

PROSE DEFENDANTS INVOKE THE COURT'S PROTECTION............. 11

NOTICE OF REMOVAL AND MOTION TO TRANSFER VENUE............... 12

MEMORANDUM OF POINTS AND AUTHORITIES................................. 13

        A.  FACTUAL BACKGROUND. (SEE INFOGRAPHIC I)...................... 13

II. THE REMOVAL IS TIMELY.............................................................. 19

III. LEGAL STANDARD....................................................................... 19

28 U.S.C. § 1331. Federal Question.................................................... 19

IV. ARGUMENT.................................................................................. 20

A. This Matter Should Be Removed to the United States District
Court, Western District of Texas, El Paso Division for the Complaint
Alleges Claims Which Create Complete Federal Question Jurisdiction.................. 20

B. This Matter Should Be Removed to the United States District
Court, Western District of Texas, El Paso Division.......................................24

C. Lack of Subject Matter Jurisdiction of State County Court................................ 27

D. Defective Service.................................................................................. 28

ii

E. Transferring the Case to the Western District of Texas,
El Paso Division Would Serve the Interests of Justice...................................... 30

F. Defendants Request Equal Protection Under the Law...................................... 30

V. CONCLUSION.......................................................................................... 31

App. 0008

<u>Case Law</u>                                                                      Page

*In Re Wesley v. Schneckloth,* 346 P. 2d 658 - Wash: Supreme Court 1959............ 3

*Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365 (1978)........................ 6

*United Mine Workers of America, Dist. 12 v. Illinois State Bar Ass'n,*
389 U.S. 217, 222 (1967)............................................................................... 6,7

*Finley v. United States,* 490 U.S. 545 (1989).................................................... 6

*Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 88 S.Ct. 1235,
20 L.Ed.2d 126 (1968)................................................................................... 10

*Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)..................................... 11

*Riley v. Greene,* 149 F. Supp. 2d 1256 (D. Colo. 2001).................................... 11

*Hayes v. Livermore,* 279 F2d 818 (D.C. Cir. 1960............................................ 19

*Amerio Contact Plate Freezers, Inc. v. Knowles,* 274
F2d 755 (D.C. Cir. 1960)................................................................................. 19

*Tanner,* 856 S.W.2d at 730............................................................................. 23

*Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 808-09 (1988)........... 24

*Franchise Tax Bd.,* 463 U.S. at 27-28); 28 U.S.C. § 1331.................................. 24

*Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir. 1996).................................... 24

*See Stockman v. Fed. Election Comm'n,* 138 F. 3rd 144, 151 (5th Cir. 1998)........... 27

*Veldhoen v. United States Coast Guard,* 35 F. 3d 222, 225 (5th Cir. 1994)............. 27

*Main v; Thiboutot.* 100 S. Ct. 2502 (1980)..................................................... 27

*Basso v; Utah Power & Light Co..* 495 F 2d 906, 910....................................... 27

*HUI Top Devefo_pers v; Holiday Pines Service Corp..* 478 So. 2d. 368
(Fla 2nd DCA 1985) ........................................................................................ 27

*Stuclc v: Medical Examiners.* 94 Ca 2d 751. 211 P2d 389.................................. 27

*Jovce v: US.* 474 F2d 215............................................................................. 27

App. 0009

*Rosemond v. Lambert.* 469 F2d 416..................................................................27

*Norwood v. Benfield.* 34 C 329.......................................................................28

*Ex. Parte Giambonini*, 49 P. 732...................................................................28

*In Re AQ.Qlication of Wyatt.* 300 P. 132.........................................................28

*Re Qmd11.* 118 P2d 846..............................................................................28

*DU/on v: DU/on.* 187 P 27............................................................................28

*Rescue Army v. Munjcjpal Court of Los Angeles.* 171 P2d 8; 331
US 549, 91 L. ed. 1666, 67 S.Ct. 1409.............................................................28

*Wuest v: Wuest.* 127 P2d 934, 937.................................................................28

*Merritt v: Hunter. C.A. Kansas,* 170 F2d 739.................................................28

See *Keeton v. Carrasco,* 53 S.W.3d 13, 19 (Tex.App.-San Antonio 2001,
pet. denied)..........................................................................................29

*All Comm. Floors, Inc. v. Barton & Rasor,* 97 S.W.3d 723, 726-27 (Tex. App
Fort Worth 2003, no pet..............................................................................29

*Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex.1990)..........................................29

*Vistaprint. Ltd.,* 628 F.3d 1342, 1346-47 & n.3 (Fed. Cir. 2010)......................29

Federal Statutes
28 U.S.C. §§ 1331, 1332, 1338, 1404(a), 1441(a), 1441(b) and 1446(b)
Federal Copyright Act of 1976
Const. Art. I, § 13
App. C, U.S. Const. Amend I
28 U.S.C. § 1331.
28 USC §1441(a)
28 USC § 1331
28 U.S.C. § 1446.
28 U.S.C. § 1338.
Copyright Act of 1976 and 28 U.S.C § 1338
28 U.S.C. §§ 2201 and 2202, 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.
Copyright Act of 1976 and 28 U.S.C. §1338
State Statutes
Texas Const., Art. 1 § 27
Tex. Const. art. I, § 13
Tex.R. Civ. P. 107

App. 0010

## STATEMENT AS TO IDENTITY OF THE PARTIES

For clarity of Interpretation, Linda S. Restrepo and Carlos E. Restrepo wrongly brought into the frivolous case as Defendants in the County Court at Law Number Five Cause No. 2012-DCV-04523 will be referred to as "Restrepo's".  Plaintiff Alliance Riggers & Constructors, Ltd. will be referred to as "Alliance".  Third Party Defendant GoDaddy Arizona corporation intentionally left out of the Plaintiff Alliance original and first amended petitions will be referred to as: "GoDaddy".

### NOTICE OF APPEAL

The Restrepo's object to any expedited summarily remand of this case back to County Court at Law Number Five and give Notice of Appeal to any expedited remand.  Restrepo's invoke their right to appeal any expedited remand, to the opportunity accorded by federal law to contest any expedited remand of this case, and to a Stay of any expedited remand in order to file a proper appeal in accordance with Federal Appellate Procedures to the Fifth Circuit Court of Appeals before this case is remanded.

This Notice of Removal and Memorandum in Support is filed in accordance with the instructions of the United States District Court for the Western District of Texas El Paso Division, the Honorable Judge Kathleen Cardone Order dated October 29, 2014 which states in relevant part that: "..If Plaintiffs wish to remove a state court proceeding, they must file a Notice of Removal….".

1

**PREAMBLE**
**RESTREPOS CLAIM**
**FOURTEENTH AMENDMENT PROTECTIONS**

Restrepos plead protection under the U.S. Constitution

Fourteenth Amendment, which requires in relevant part that a state is

forbidden to enter judgment attempting to bind person over whom it

has no jurisdiction, and it has even less right to enter judgment

purporting to extinguish interest of such person in property over which

court has no jurisdiction; and any state court judgment purporting to

bind person "or Defendant" over whom court has not acquired 'in

personam' jurisdiction or purporting to exercise jurisdiction over

property outside state is void both within and without state.

U.S.C.A.Const. Amend. 14.

Restrepos bring a claim against Judge Carlos Villa, presiding

Judge of County Court at Law Number Five, El Paso County, Texas in

his individual capacity, pursuant to 42 U.S.C. § 1983 alleging that

Judge Villa failure to abide by Federal Copyright Act of 1976 28 U.S.C.,

deprived Restrepos of their Rights To Due Process under the

Fourteenth Amendment to the U.S. Constitution.

A constitutional court cannot acquire jurisdiction by agreement or

stipulation. Either it has or has no jurisdiction. If it does not have

2

jurisdiction, any judgment entered is void ab initio and has no legal effect. Jurisdiction should not be sustained upon the doctrine of estoppel, especially where personal liberties are involved. *In Re Wesley v. Schneckloth,* 346 P. 2d 658 - Wash: Supreme Court 1959. Thus, because the Honorable Judge Carlos Villa lacks jurisdiction to hear a cause, "any judgment entered is void ab initio and is, in legal effect, no judgment at all." Id. It. The exercise of such abuse of power by Judge Carlos Villa has resulted in injury to the Restrepos for which there is no adequate remedy.

Alliance threw the Court a "red herring" frivolously and fraudulently[1] claiming that:

> "Defendants have, without permission or authority from Plaintiff, registered the domain name "www.alliancereggersandconstructors.com", and in fact, launched a web page at such address in which they make multiple use of Plaintiff's trademark".

The fact is and the Restrepos ask this Court to take Judicial Notice of Appx. Exh. 5, which documents that the domain name "www.alliancereggersandconstructors.com subject of Alliance Petition

---

[1] The Plaintiff's allegation represents a false and perjured statement knowingly, wantonly made to the Court with malice. Defendants NEVER registered the cited purported domain name, Defendants have NEVER purchased the cited purported domain name, Defendants have NEVER used the cited purported domain name. The Petition is premised on a blatant lie and a malicious, groundless, bad faith and harassment lawsuit by the Plaintiffs and their attorney of record Wayne R. Pritchard.

App. 0013

is for sale and was never purchased, was never utilized or was never claimed by the Restrepos. The owner of the domain name GoDaddy, a foreign Arizona corporation was purposely not brought into the suit by Alliance to avoid federal jurisdiction. The Restrepos are the wrong Defendants in this case because they have never had or claimed ownership of the domain name "alliancereggersandconstructors.com". Without GoDaddy the true owners of the domain name Judge Villa has never obtained subject matter jurisdiction.

As a matter of law deprivation of a Federal Right is a violation of a Constitutional Right which arise under the Laws of the United States. Article III, Section 2, of the Constitution extends the judicial power of the federal government to all cases "arising under ... the Laws of the United States." Such cases are commonly referred to as "federal question" cases. In the instant case deprivation of the Restrepos Federal Copyrights by the state County Court is a violation of their Constitutional Rights.

County Court at Law Number Five never had jurisdiction over alliancereggersandconstructors.com. There is complete diversity in that alliancereggersandconstructors.com is owned by an Arizona corporation that is not a party to this litigation. The County Court has

4

App. 0014

no authority or rule on any issue concerning the domain name

alliancereggersandconstructors.com

Federal courts' actual subject-matter jurisdiction derives from Congressional enabling statutes, such as 28 U.S.C. §§ 1330–1369 and 28 U.S.C. §§ 1441–1452. The United States Congress has not extended federal courts' subject-matter jurisdiction to its constitutional limits. The enabling statute for federal question jurisdiction, 28 U.S.C. § 1331, provides that the district courts have original jurisdiction in *all civil actions arising under the Constitution, laws, or treaties of the United States*.

## FEDERAL COURT REMOVAL JURISDICTION

In the United States, removal jurisdiction refers to the right of a defendant to move a lawsuit filed in state court to the federal district court for the federal judicial district in which the state court sits. This is a general exception to the usual American rule giving the plaintiff the right to make the decision on the proper forum. Restrepos file a "notice of removal" in the state court where the lawsuit is presently filed to the Western District of Texas El Paso Division federal court.

Restrepo's removal is governed by statute, 28 U.S.C. § 1441 et seq. At the time of the initial filing, this case should have been filed in federal court. The removal of this case is based on an independent ground for subject-matter jurisdiction and federal question jurisdiction. A case must be removed to the federal district court that encompasses the state court where the action was initiated. Once removed, the case can be transferred to, or consolidated in, another federal court, despite the plaintiff's original intended venue.  Alliance original complaint was

an attempt in bad faith to evade federal jurisdiction by knowingly, wantonly and with m,alice deleting GoDady an Arizona corporation as a defendant by which Go Daddy is the only owner of the domain name "alliancereggersandconstructors" stated in the original complaint.

Restrepos invoke removal of the state law claim base on complete federal jurisdiction and supplemental jurisdiction in that they share a common nucleus of operative fact with claims based on federal Copyright Law.

Supplemental jurisdiction is the authority of United States federal courts to hear additional claims substantially related to the original claim even though the court would lack the subject-matter jurisdiction to hear the additional claims independently. 28 U.S.C. § 1367 is a codification of the Supreme Court's rulings on ancillary jurisdiction (*Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978)) and pendent jurisdiction (*United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966)) and a superseding of the Court's treatment of pendent party jurisdiction (*Finley v. United States*, 490 U.S. 545 (1989)).

The Western District of Texas, El Paso Division federal court has supplemental jurisdiction over "all other claims that are so related . . . that they form part of the same case or controversy" (§ 1367(a)). The true test being that the new claim "arises from the same set of operative facts." This means a federal court hearing a federal claim can also hear substantially related state law claims, thereby encouraging efficiency by only having one trial at the federal level rather than one trial in federal court and another in state court.

App. 0016

Restrepos claim Pendent jurisdiction which is the authority of a United States federal court to hear a closely related state law claim against Alliance already facing a federal claim for violation of Restrepo copyright, described by the Supreme Court as "jurisdiction over nonfederal claims between parties litigating other matters properly before the court." Restrepos plead federal jurisdiction to encourage both "economy in litigation", and fairness by eliminating the need for a separate federal and state trial hearing essentially the same facts yet potentially reaching opposite conclusions.

Pendent jurisdiction refers to the court's authority to adjudicate claims it could not otherwise hear. The related concept of pendent party jurisdiction by contrast is the court's authority to adjudicate claims against a party not otherwise under the court's jurisdiction because the claim arises from the same nucleus of facts as Restrepos federal copyright claim properly before the federal court.

The leading case on pendent jurisdiction is *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966). *Gibbs* has been read to require that (1) there must be a federal claim (whether from the Constitution, federal statute, or treaty) and (2) the non-federal claim arises "from a common nucleus of operative fact" such that a plaintiff "would ordinarily be expected to try them in one judicial proceeding."

Restrepo's claim Ancillary jurisdiction which allows this Federal Court to hear non-federal claims sufficiently logically dependent on Restrepo's federal copyright "anchor claim" (i.e., a federal claim serving as the basis for supplemental jurisdiction), despite that such courts would otherwise lack jurisdiction over such claims. Like pendent

7

jurisdiction, a federal court can exercise ancillary jurisdiction if the anchor claim has original federal jurisdiction either through federal-question jurisdiction or diversity jurisdiction.

Areas where ancillary jurisdiction can be asserted include counterclaims (Fed. R. Civ. P. 13), cross-claims (Fed. R. Civ. P. 13), impleader (Fed. R. Civ. P. 14), interpleader (Fed. R. Civ. P. 22) and interventions (Fed. R. Civ. P. 24). *Moore v. New York Cotton Exchange* and *Owen Equipment & Erection Co. v. Kroger* are seminal cases relating to ancillary jurisdiction.

Ancillary jurisdiction has been replaced entirely by supplemental jurisdiction, per 28 U.S.C. § 1367(b), part of the U.S. supplemental jurisdiction statute:

28 U.S. Code § 1367 - Supplemental jurisdiction
(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Without removal of this case to federal court the federal courts will be jurisdictionally stripped of their complete federal right to exercise jurisdiction over federal copyright cases such as the instant case.

The federal court for the Western District of Texas, El Paso Division has complete jurisdiction over the instant copyright law case both jurisdiction over the parties or things (personal jurisdiction) and

8

jurisdiction over the subject matter. This rule applies to every cause of action and every party in a case.

The County Court at Law Number Five lack of subject matter jurisdiction was never waivable; the county court never had it, and cannot assert it. Furthermore, Restrepo's can raise lack of subject matter jurisdiction at any time; there are no time restraints on when such an objection can be raised thus removal of this case to federal court is proper and timely. FRCP 12(h)(3).

Federal district courts have jurisdiction over this case where a federal question has been raised. 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Jurisdiction under § 1331 is sometimes referred to as "federal question jurisdiction."

Congress has extended the federal trial courts' jurisdiction to other matters, including cases involving: federal patents, copyrights and trademarks, 28 U.S.C. § 1338.

Alliance claimed Federal Jurisdiction by making a claim for a domain name which is a Federal Question based on Restrepo's Copyrights to the domain name subject of the litigation.

It is important to note that federal subject matter jurisdiction was achieved based on the allegations contained Alliance complaint.

It is also important to note that even if Alliance attempts to avoid federal jurisdiction by failing to allege a question of federal law in the complaint and only pleading state law in a claim filed in state court,

App. 0019

where the claim under state law is completely trumped by federal law, the federal courts will retain subject matter jurisdiction over the case. See *Avco Corp. v. Aero Lodge* No. 735, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). In such a situation, the case can be removed to federal court by the Restrepos.

Unlike diversity of citizenship jurisdiction, for federal question jurisdiction, there is no minimum for the amount in controversy, nor must the parties be citizens of different states.

The Federal court for the Western District of Texas El Paso Division has exclusive jurisdiction over the Copyright law case of the Restrepos surreptitiously filed by Alliance in the County Court at Law Number Five to avoid federal jurisdiction.

## PROSE DEFENDANTS INVOKE THEIR FIRST AMENDMENT RIGHTS IN FILING THIS NOTICE OF REMOVAL

ProSe Defendants invoke the First Amendment Right to the United States Constitution which affords access to the courts, including the right to petition the government for redress of grievances. App. C, U.S. Const. Amend I; see also Texas Const., Art. 1 § 27. The right to petition the government is "among the most precious of the liberties safeguarded by the Bill of Rights." *United Mine Workers of America, Dist. 12 v. Illinois State Bar Ass'n,* 389 U.S. 217, 222 (1967). Tex. Const. art. I, § 13 ("All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law")

App. 0020

## PROSE DEFENDANTS INVOKE THE FEDERAL COURT'S PROTECTION

Defendants, Linda S. Restrepo and Carlos E. Restrepo, Pro Se, bring this action on the behalf of themselves. They respectfully come before this Honorable Court in the instant cause as Pro Se litigants. Defendants relied on *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), where the Court stated that; "A Pro Se litigant's pleading are to be construed liberally and to a less stringent standard than formal pleadings drafted by lawyers...If a Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so despite the Plaintiff's failure to site proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction or his unfamiliarity with pleading requirements" (Citation Omitted)." See also *Riley v. Greene*, 149 F. Supp. 2d 1256 (D. Colo. 2001).

App. 0021

## NOTICE OF REMOVAL AND MOTION TO TRANSFER VENUE

Pursuant to the removal statutes 28 U.S.C. §§ 1331, 1332, 1338, 1404(a), 1441(a), 1441(b) and 1446(b) and under the provisions of the Copyright Act of 1976 and other applicable federal law, ProSe Defendants Linda S. Restrepo and Carlos E. Restrepo D/B/A/ Collectively as RDI GLOBAL SERVICES and R&D INTERNATIONAL, hereby file their Motion to Remove this case Number 2012-DCV-04523 based solely on Alliance June 20, 2012 original petition  and Alliance first amended petition filed June 20, 2014, from the County Court at Law Number Five, El Paso County, Texas, the Honorable Carlos Villa presiding, to the United States District Court, Western District of Texas, El Paso Division for acquired exclusive federal copyright jurisdiction, subject matter jurisdiction, amount in controversy and serves the interest of justice.

Because Restrepo's case involves important Federal legal issues of substantial public importance to safeguard the integrity of Copyright laws, the authority of Federal Agencies and Acts of Congress, presenting issues of first impression pertaining to interpretation of Federal Copyright laws, Federal Preemption, Exclusive Jurisdiction of Federal Courts, Authority of Federal Agencies, and mandates of the U.S. Congress, this matter should be removed to Federal Court.

No actions or pleadings by Restrepo's constitute an acquiescence or waiver of procedural or other defects in the Notice of Removal. This Motion is supported by the Memorandum of Points and Authorities below.

App. 0022

## MEMORANDUM OF POINTS AND AUTHORITIES.

## I. FACTUAL BACKGROUND. (SEE INFOGRAPHIC I)

1.  This case arises out of a domain name dispute between the Restrepo's and Alliance where the Restrepo's authorized by Alliance designed an original artistic webpage which Restrepo's Copyrighted, and upload it to the Internet utilizing GoDaddy and Arizona corporation domain names and hosting services. There were other Defendants Copyrighted artistic compositions, corporate videos, articles and ancillary services produced as original works by the Restrepo's under the contract that Alliance received and has benefited from but has refused to pay the Restrepo's for.

2.  Defendants acquired Copyright under the provisions of the Federal Copyright Act of 1976 and claim removal jurisdiction based on Federal question jurisdiction due to the fact that copyright claims are being brought under the Federal Copyright statute for all their original artistic and technical productions i.e., original photographs, original video footage, original narrative compilations, original graphic designs, music composition in the videos, original voice narrations, creation of the html computer code utilized to upload the webpage to the Internet, the web page and its contents, the corporate videos and their content, and to the domain name "allianceriggersdandconstructors.com" by Restrepo's purchase of the domain from GoDaddy an Arizona corporation as sole and only principal property owners and forever grandfather owners of such domain name.

13

App. 0023

3.   Restrepo's claimed, asserted, utilized, made visible and known to all their Copyright ownership by labeling and dating all the pages in the webpage with the "Copyright" symbol which Alliance acquiesced and approved by signing their initials in the webpage (**Exhibit 1**).  Restrepo's also inserted a comprehensive Notice of Copyright at the end of all videos produced, the article written by Restrepo's and published in the SEAA Connector Magazine 2012 Edition. Alliance never made any claims to the contrary and surrendered by operation of law any claims it might have had to the domain name "allianceriggersandconstructors.com", the words thereof, the webpage and its artistic compositions, the videos, articles, photographs et al produced as original artistic work product by the Restrepo's.

4.   This case involves an exclusive federal question of Restrepo's Copyright ownership to the entire original webpage, html codes, video productions, names, the copyrighted Internet domain name "allianceriggersandconstructors.com" pursuant to 28 U.S.C. § 1338(a).

5.   Alliance non-suited their original petition on June 20, 2014 and thus their amended petition filed on the same date is barred by res judicata.   Alliance a vexatious litigant and serial filer of Breach of Contract lawsuits in El Paso, Texas courts, filed a First Amended Petition (**Exhibit 2**) in Texas state County Court at Law Number 5 against Restrepo's alleging trademark infringement by the utilization by Restrepos of a domain name "allianceriggersandconstructors.com",

App. 0024

breach of contract among other ancillary superficial and substantively
lacking pleadings.

6.   Alliance concurred with the Restrepo's copyrighted original
creative work product as attested by the Judicial Admissions (**Exhibit
3**) filed by Alliance General Manager Phillip H. Cordova and Operations
Manager Terry Stevens.

7.   On June 20, 2012 Alliance filed a vexatious frivolous original
Petition (**Exhibit 4**) predicated on fraud against Restrepo's alleging
trademark infringement by the utilization by Restrepo's of a domain
name "alliancereggersandconsdtructors.com", breach of contract
among other ancillary superficial and substantively lacking pleadings.
Alliance fraudulently, knowingly, maliciously and wantonly filed false
and perjured statements to the court knowing that Restrepo's were
never Defendants in this cause.

8.   Restrepo's never purchased, utilized, owned, or uploaded a
webpage to the Internet utilizing the alleged name
"alliancereggers&constructors.com" as fraudulently alleged by Alliance
in the original petition and maintained by Alliance  for 27 months of
litigation. Factually the domain name
"alliancereggers&constructors.com" is and has been available for
purchase from GoDaddy for $12.99 and a Google search of the
Internet disclosed that there is no webpage uploaded to the Internet
via GoDaddy hosting services by the Restrepo's.

App. 0025

9.   On April,18, 2014, Alliance invoked for the second time the exclusive jurisdiction of a Federal agency by filing a second application for trademark to the name "alliance riggers & constructors" before the United States Patent and Trademark Office (USPTO) (**Exhibit 5**).

10.   Previously on May 22, 2012 Alliance invoked Federal Jurisdiction by filing a first application for a trademark to the name "alliance riggers & constructors" to the USPTO.

11.   On September 14, 2012 the USPTO: (1) denied Alliance's Trademark application, (2) informed Alliance and attorney Pritchard that the name Alliance was the sole legal trademark previously owned by Alliance Steel, Inc. an Oklahoma corporation domiciled at 3333 South Council Road, Oklahoma City, Oklahoma under Trademark registration No. 3604909, (3) ordered Alliance to disclaim the use of the words "riggers & constructors", (4) ordered Alliance to make an "Entity Clarification" in that Alliance "has not indicated the names and citizenship of the partners", (5) informed Alliance that the words "riggers & constructors" were common English language words not subject to trademark registration which Alliance failed to comply with. (**Exhibit 6**).

12.   Alliance never appealed the negative ruling of the USPTO and the Federal Agency ruled on April 15, 2013 that Alliance trademark application had been abandoned. (**Exhibit 7**).

On April 21, 2014, Alliance for the second time in sworn federal documents under penalty of perjury officially disclaimed any rights to

16

App. 0026

the common English words "riggers and constructors" as documented by the official USPTO document attached herein as **Exhibit 9** and incorporated herein by reference as if set forth in its entirety.

Alliance cannot claim any trademark rights to the name "Alliance" because it is the legally owned trademark of Alliance Steel corporation domiciled at 3333 South Council Road, Oklahoma City, Oklahoma, 73179 under trademark registration number 3604909 showing in **Exhibit 6** incorporated herein by reference as if set forth in its entirety.

Alliance disclaimer to the words "riggers and constructors" and their inability to claim any trademark rights to the word "Alliance" completely and entirely voids the lawsuit filed against Restrepo's for lack of standing on the part of Alliance.

Therefore, as a matter of law County Court at Law Number Five never acquired jurisdiction and has no subject matter jurisdiction because Alliance has no standing before the court, or any rights to the name "Alliance" or the word "riggers and constructors". *No cause of actions, no lawsuit, no standing, no basis in fact or in law exists for Alliance vexatious frivolous lawsuit to proceed in the courts.*

Alliance consented by signing a written contract to: (1) a venue and forum selection in federal district court, (2) To GoDaddy Universal Terms of Service requiring venue in Arizona federal district court and (3) To the Department of Commerce ICANN (Internet Corporation of Assigned Names and Numbers) headquartered in California to resolve any tort claims and/or domain names disputes.

Alliance non-suit and amended petition were fraudulent lawsuits in which the Texas County Court at Law Number 5 lacked and never

App. 0027

acquired personal jurisdiction due to improper service of Linda S. Restrepo and neither subject matter jurisdiction. By non-suit of the original petition and refilling with the state County Court substantiates Restrepo's position that the prior petition, that was filed, was fraudulent, as supported by the modified petition which removed the language in the original pleadings.

14.   Alliance aided by attorney R. Wayne Pritchard and aided and abetted by others known and unknown to the Restrepo's, and aiding and abetting others known and unknown to the Restrepo's, devised and intended to devise a scheme and artifice predicated on the conscious doing of wrong for dishonesty and malicious purposes to defraud the Restrepo's and five other national and international corporations through extortion, bribery and the concealment of material information.

15.   Pritchard and Alliance with the intent to defraud, devised a scheme and artifice to defraud and obtain money and personal property by materially false and fraudulent pretenses, representations, that is they conspired among themselves and devised a scheme to defraud Restrepo's and five other National and International corporations of their computer html codes, personal property, intellectual property, trade secrets, copyrighted and trademark property and payment due Restrepo's by filing a frivolous lawsuit in County Court at Law Number 5, El Paso County, Texas.

16.   The unlawful intent of Attorney Pritchard and Alliance in filing the suit against Restrepo's was to disguise a Federal Copyright question under a frivolous bogus "breach of contract" claim to cajole a Texas County Court at Law judge to grant Alliance rights to a federal

18

trademark name legally owned by Alliance Steel an Oklahoma corporation (See **Exhibit 6** USPTO Determination). Through this unlawful scheme attorney Pritchard and Alliance sought to abrogate established federal laws and dilute the congressionally mandated authority of federal agencies to wit: the USPTO, and the Internet Corporation for Assigned Names and Numbers ICANN a federal agency which has the exclusive jurisdiction over domain name disputes. (**Exhibit 8** Go Daddy Legal Agreement Section 23 Governing Law).

## II. THE REMOVAL IS TIMELY

This Notice of Removal is a timely filed Constitutional claim within the time frame of the federal court acceptance of Restrepo's federal copyright lawsuit filed on October 16, 2014 and within one year of Alliance June 20, 2014 amended petition.

## III. LEGAL STANDARD

### A. 28 U.S.C. § 1331. FEDERAL QUESTION:

Section 1331 establishes that district courts shall have original jurisdiction when Motions to Transfer venue under 28 USC §1441(a) and 28 USC § 1331 require that: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction exists when a claim arises pursuant to federal law.

Further, 28 U.S.C. §1446 allows transfer of this cause for original Federal Court jurisdiction. See e.g. *Hayes v. Livermore,* 279 F2d 818 (D.C. Cir. 1960; *Amerio Contact Plate Freezers, Inc. v. Knowles,* 274 F2d 755 (D.C. Cir. 1960)

19

Alliance sought and is currently under the exclusive jurisdiction of a federal agency the USPTO when they applied for a trademark for the second time on April 18, 2014 thus invoking the exclusive application of federal law involving a federal question. Given this fact along with the Restrepo's Copyright and the fact that the Restrepo's have a current and pending appeal of Alliance trademark application Number 76/716209, the removal of this case to the Federal District Court for the Western District of Texas, El Paso Division is warranted. The facts in this case easily satisfy the criteria of exclusive federal law, federal jurisdiction, and venue are proper and the case should be transferred to the Western District of Texas, El Paso Division.

## IV. ARGUMENT

### A. This Matter Should Be Removed to the United States District Court, Western District of Texas, El Paso Division for the Complaint Alleges Claims Which Create Complete Federal Question Jurisdiction.

### "Chasing the Rabbit Down the Hole"

Alliance non-suited and first Amended Petition artfully and maliciously attempts to disguise a federal Copyright matter by claiming trademark infringement by Restrepo's for allegedly using the common English words "alliance riggers and constructors".

Alliance by their own statements under oath to the County Court at Law Number Five have documented that this is a federal case involving federal questions of a domain name ownership of Restrepo's Copyrighted "allianceriggersandconstructors.com" domain name as attested by the court transcript excerpt presented below, **Exhibit 10**. Court Transcript Reporter's Record May 3, 2013.

20

App. 0030

"**MR. PRITCHARD:**  yeah, your Honor, this is a real simple case.  i mean, and not to belabor any of the legal issues we've already talked about,, but the simplicity of the case is this:  is that they have a domain name that is—-
**MR. PRITCHARD**: —- is similar to our trademark.  All we want them to do is transfer the domain name to us.  That's what we want.  We don't want them having another —- and the law is that you can't have domain name that is confusingly similar to a trademark.  That's what this case is about."

However, we must look deeper into the real motivation of Alliance which is to deceitfully gain all the original Copyrighted domain name and product originally created by Defendants contained in the webpage, the html code, the videos, the published articles, the music score, the MP3's (original narrations), slide shows, original footage movies, et. al which are and have been used as Copyrighted original creative work product by Restrepo's thus covered by and subject to determination by Federal District Court under 28 U.S.C. § 1338.

We must also look into the factual dishonest intent of Alliance meritless allegations that his "alliance riggers & constructors" words domain name belongs exclusively to Alliance in light of the fact that there are currently FOUR GoDaddy available for purchase domain names all containing the words "alliance riggers and constructors" to wit: (1) allianceriggersandconstructors.org sells for $12.99; (2) allianceriggersandconstructors.co sells for $6.99; (3) allianceriggersandconstructors.info sells for $2.99; and (4) allianceriggersandconstructors.us sells for $4.99.

The question is then: (1) Why Alliance has not sued GoDaddy the legal owner of the aforementioned domain names all containing the allegedly trademark name "alliance riggers & constructors"? (2) Why

21

App. 0031

Alliance does not purchase anyone of the four domain names, or better yet, all four of the domain names containing the words "alliance riggers and constructors" which can either or all be used as equal identifiers of the webpage?.

     Alliance's disclaimer to the words "riggers and constructors" and their inability to claim any trademark rights to the word "Alliance" completely and entirely voids the lawsuit filed against Restrepo's for lack of standing on the part of Alliance.

Therefore, as a matter of law County Court at Law Number Five never acquired jurisdiction and has no subject matter jurisdiction because Alliance has no standing before the court, or any rights to the name "Alliance" or the generic words "riggers and constructors".

Further, by Alliance's own court recorded admissions this is a federal question domain name ownership copyright case that belongs in the Western District of Texas El Paso Division federal court.

Factually the Federal USPTO has already ruled that Alliance cannot claim title to the word "Alliance" because it is a legal registered trademark of Alliance Steel an Oklahoma corporation. Further, the Federal USPTO has also informed Plaintiff that it cannot register and claim title to the words "riggers" and "constructors" which have been determined to be common usage words contained in the English Dictionary and thus NOT subject to trademark registration.

To the extent that Alliance claims alleged rights to the federal copyrighted domain name "alliance riggers & constructors" those rights are weak, narrow, and exist in a crowded field of merely competing descriptive names, uses and ordinary plain English words as evidenced

by the Federal USPTO ruling against Plaintiffs application dated September 14, 2012.

Alliance contractually agreed and consented to jurisdiction and forum selection in Federal district court for resolution of any domain names disputes by signing the contract and accepting GoDaddy's Universal Terms of Service for GoDaddy software and services as follows: "*For the adjudication of disputes concerning the use of any domain name registered with GoDaddy, You agree to submit to jurisdiction and venue in the U.S. District Court for the district of Arizona located in Phoenix, Arizona.*"

It is then obvious to the casual observer as well as to the Federal Court that Alliance, with no investigation, or exercise of prudent due diligence, and in contradiction to his sworn testimony and judicial admissions asserts a variety of scurrilous, sensational and unfounded accusations against the Restrepo's. Alliance original  and non-suited Petition and subsequent Amended Petition have no standing, no basis in fact or in law, defies common sense, and therefore County Court at Law Number Five never obtained, and cannot exercise any jurisdiction over a federal Copyrighted domain name.

Alliance filed his first Amended Petition without any substantive change from his first Petition and with the knowledge that it was and would be groundless. Thus, his pleading has been, by definition, made in bad faith and for the purpose of harassment. Therefore, Alliance is subject to sanctions. See *Tanner*, 856 S.W.2d at 730.

Alliance  Amended Petition fails to comply with new Supreme Court rules by refusing to classify the damages sought into categories but instead proceed to make his own nebulous category. Plaintiff has

made a claim for damages which are within and in excess of the minimum jurisdictional limits of the Court at the same time.

Restrepo's request that the Alliance Amended Petition be stricken because it is substantially insufficient in law and in fact, or that the action should be dismissed with prejudice.

## B. This Matter Should Be Removed To The United States District Court, Western District Of Texas, El Paso Division

Transfer to Federal District Court is mandatory because a Federal Question Jurisdiction exists by virtue of the Copyright Act of 1976 and 28 U.S.C § 1338. Federal question jurisdiction exists where the complaint "establishes either that [1] federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that 'federal law is a necessary element of one of the well-pleaded ... claims'." *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 808-09 (1988) (quoting *Franchise Tax Bd.,* 463 U.S. at 27-28); 28 U.S.C. § 1331. "[I]n order for a complaint to state a claim 'arising under' federal law, it must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question." *Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir. 1996). Restrepo's have copyrighted the domain name "allianceriggersandconstructors.com" and all original work relating to their original creative video and Internet web page product.

A claim to determine copyright ownership is a federal court claim when interpretation of a copyright statute controls as in this case.

App. 0034

Suits whose purpose is to decide these federal copyright matters are exclusive federal court suits.

Restrepos contend that Alliance other claims of breach of contract, declaratory judgment and violation of the Texas Deceptive Trade Practices Act invoke federal question jurisdiction because all claims are based on and are covered under the umbrella of the protections afforded by the Federal Copyright Act and 28 U.S.C. § 1338.

The U.S. District Court, Western District of Texas, El Paso Division has exclusive subject matter jurisdiction over this case under 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121. The federal district court shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright protection afforded by the Copyright Act of 1976 and 28 U.S.C. §1338 as in this case.

Alliance filing in state County Court however ambiguous and purposely concealed by the ancillary claims of Unfair Competition and Texas Deceptive Trade Practices Act is an attempt to evade the operation of mandatory provisions of Federal statutes and law.

There is not a scintilla of fact or evidence offered by Alliance that the Restrepo's line of business which consists of strategic marketing research and video productions, web page creations, and public relations services are in any way directly or indirectly, or that Restrepo's have the technical, equipment and financial capacity to engage in a competing offering of crane and rigging and steel erection services. Alliance claims otherwise are ludicrous and fail to meet the test of veracity and common sense.

App. 0035

Neither is any factual evidence offered by Plaintiff that Restrepos have engaged in Breach of Contract for all services rendered to Alliance by the Restrepo's were under a contract signed by Alliance for the intended purpose, approved verbally and in writing by Alliance. The Court record reflects that Alliance wrote complimentary E-mails to Defendants for their outstanding work. Further, Alliance has made filed judicial admissions through General Manager Phillip Cordova and Operations Manager Terry Stevens that that they gave permission to the Restrepos to utilize its alleged name in the web page, videos, and all other productions.

A judicial admission once made still is a judicial admission that completely obliterates Alliance claims of any "unauthorized use" of "alliance riggers & constructors" name. Alliance by their own judicial admissions in fact totally defeat any claims against Restrepo's and reflects Alliance lawsuit for what it really is: a vexatious frivolous lawsuit without any basis in fact or in law that defies all common sense and made only for the purpose of harassment of a disabled U.S. Army Veteran senior citizen and his wife.

Alliance claims under Common Law are unsubstantiated as well. Alliance is and has engaged in Interstate commerce outside of El Paso County, across interstate boundaries by having registered to offer its services in the State of New Mexico and other U.S. locations and operated across international borders in Mexico.

The copyrighted domain name "allianceriggersandconstructors.com" subject of Alliance's First Amended Petition is the Restrepo's legally owned and claimed

26

Copyright protected under Federal statutes. Every original creative work product, every document, contains the Restrepo's Copyright symbol and Notice of Copyright thus endowing the jurisdiction of and power of federal courts by statutes and Constitutional protection to adjudicate claims. See *Stockman v. Fed. Election Comm'n*, 138 F. 3rd 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard,* 35 F. 3d 222, 225 (5th Cir. 1994).

### C. Lack of Subject Matter Jurisdiction of State County Court

The Restrepos rely on the following established case precedent: (1) "Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action." *Melo v. US*. 505 F2d 1026. (2) "The law provides that once State Jurisdiction has been challenged, it must be proven." *Main v; Thiboutot*. 100 S. Ct. 2502 (1980). (3) "Jurisdiction can be challenged at any time." and"Jurisdiction, once challenged, cannot be assumed and must be decided." *Basso v; Utah Power & Light Co.*. 495 F 2d 906, 910. (4) "Defense of lack of jurisdiction over the subject matter may be raised at any time, even on appeal." *HUI Top Developers v; Holiday Pines Service Corp.*. 478 So. 2d. 368 (Fla 2nd DCA 1985). (5) "Once challenged, jurisdiction cannot be assumed, it must be proved to exist." *Stuclc v. Metiical Examiners*. 94 Ca 2d 751. 211 P2d 389. (6) "There is no discretion to ignore that lack of jurisdiction." *Jovce v: US.* 474 F2d 215. (7) "The burden shifts to the court to prove jurisdiction." *Rosemond v: Lambert*. 469 F2d 416. (8) "A universal principle as old as the law is that a proceedings of a court without jurisdiction are a

nullity and its judgment therein without effect either on person or property." *Norwood v: Benfield*. 34 C 329; *Ex. parte Giambonini,* 49 P. 732. (9) "Jurisdiction is fundamental and a judgment rendered by a court that does not have jurisdiction to hear is void ab initio." In *Re AQ.Qlication of Wyatt*. 300 P. 132; *Re Qmd11*. 118 P2d 846. (10) "Thus, where a judicial tribunal has no jurisdiction of the subject matter on which it assumes to act, its proceedings are absolutely void in the fullest sense of the term." *DU/on v: DU/on*. 187 P 27. (11) "A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance." *Rescue Army v. Municipal Court of Los Angeles*. 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409. (12) "A departure by a court from those recognized and established requirements of law, however close apparent adherence to mere form in method of procedure, which has the effect of depriving one of a constitutional right, is an excess of jurisdiction." *Wuest v: Wuest*. 127 P2d 934, 937. (13) "Where a court failed to observe safeguards, it amounts to denial of due process of law, court is deprived of juris." *Merritt v: Hunter. C.A. Kansas* 170 F2d 739.

### D. Defective Service

The Record reflect that Restrepos have vigorously contested the lack of personal jurisdiction of County Court at Law Number Five because of insufficient process and insufficient service upon Linda S. Restrepo who never personally received and signed the citation of service. The Record before this Honorable Court document that  Linda

S. Restrepo has made a standing and running objection to defective/ insufficient service and the fact that she has not been properly served.

The Court Record documents that service upon Linda Restrepo was defective in that the "certified mail", "restricted delivery" return receipt does not contain the addressee's signature (CR. Return Service). "A return of citation served by registered or certified mail must contain the return receipt, and the latter must contain the addressee's signature". Tex.R. Civ. P. 107; See *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex.App.-San Antonio 2001, pet. denied). If the return receipt is signed by someone else, then service of process is defective; See *All Comm. Floors, Inc. v. Barton & Rasor,* 97 S.W.3d 723, 726-27 (Tex. App.- Fort Worth 2003, no pet.) (holding that service was defective because the return receipt was signed by neither the addressee or registered agent for the entity). Because the service is defective, the attempted service is invalid and of no effect. *Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex.1990). The County Court has proceeded in this case without personal jurisdiction and contrary to Tex. R. Civl P. Rule 124, No Judgment Without Service.

Alliance alleged claims of ownership of a domain name, Breach of Contract, Unfair Competition, violations of the Texas Deceptive Trade Practices Act necessitate the resolution of a substantial question of federal law because all claims fall within the source of Restrepos copyrightable subject matter, are based on and hinge on the resolution of the disputed domain name Copyrights of Restrepos versus the alleged ownership rights claimed by Alliance.

29

This matter should be removed to the U.S. District Court, Western District of Texas, El Paso Division since there are complete and exclusive federal questions before the Court.

## E. Transferring the Case to the Western District of Texas, El Paso Division Would Serve the Interests of Justice.

The traditional factor - the interest of justice - also supports a transfer to the Western District of Texas. Alliance would not be disadvantaged by a transfer of this case to the Western District of Texas. Because their fraudulent trademark claims and trademark infringement of the registered name "Alliance" and its disclaimer to the words "riggers and constructors" all raise issues of federal law, no one state district court is presumed to be any more or less familiar with the legal standards applicable to those claims. Moreover, the fraudulent Alliance breach of contract claims are based on a "surreptitious phantom trademark" claim that require that any domain name dispute arising under federal law shall be resolved in accordance with the federal jurisdiction of the federal District courts." The transferee District court, sitting in El Paso, Texas, may be presumed to have greater familiarity with the federal copyright, patent and trademark laws underlying these claims.55 I.£11Jl *Vistaprint. Ltd.*, 628 F.3d 1342, 1346-47 & n.3 (Fed. Cir. 2010).

## F. Defendants Request Equal Protection under the Law

Restrepo's request transfer to the U.S. District Court for the Western District  of Texas, El Paso Division based on their claim to Equal Protection under the law.  The County Court at Law Number 5

has treated Restrepo's as one class of people differently than another class of people. County Court at Law Number Five has singled out Restrepo's abuse of process and malicious persecution, differential treatment based on their claims of fraud against Alliance in the on-going El Paso County public corruption case. Restrepo's further state that they have been stripped in County Court at Law Number Five of their 1st Amendment Rights and their Rights to Due Process. The presiding Judge Carlos Villa is a state actor acting under the Color of Law under section 1983, who due to his bias against the Restrepo's for the fact that his nephew was part of the public corruption case which the Restrepo's have sought claims against Alliance, has decided to allow the Alliance to operate without complying with discovery, requests for production, disclosure, without stating a cause of action and without standing all in violation of the Restrepo's Constitutional and Due Process Rights which makes this a federal case.

## V. CONCLUSION

This case is based on complete Federal Issues and complete Federal Copyright Law and does not belong in the County Court at Law Number Five of El Paso, Texas. It belongs in the Western District of Texas, El Paso Division - the exclusive Federal Forum originally acquired and required by the Federal Copyright Laws. Alliance alleged claims require an interpretation of federal copyright law in a federal court. A transfer to the Western District of Texas, El Paso Division would square with both common sense and fundamental fairness, particularly when the key witnesses in this case, and all of Alliance's owners, officers, currently employees identified to date that could

provide critical testimony work and reside in the Western District of Texas.

By this Notice of Removal and Motion to Transfer Venue,  the Restrepo's do not waive any objections they may have as to appeal remand of the case to state court, service,, jurisdiction or venue, or any other defenses and objections it may have to any expedited rulings in this action. Restrepo's  intend no admissions of fact, law, or liability by this Notice and Motion, and expressly reserve all appeals, defenses, motions and/or pleas.  Restrepo's reserve the right to amend and/or supplement this Notice of Removal and Motion.  This Notice of Removal is not brought for the purpose of delay but so that justice may be served.

Respectfully Submitted,

Dated this 31st Day of October.

Linda S. Restrepo- Pro Se
P.O. Box 12066
El Paso, Texas  79912
(915) 581-2732

Carlos E. Restrepo- Pro Se
P.O. Box 12066
El Paso, Texas  79912
(915) 581-273

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 31st day of October 2014 a copy of Defendants Motion to Transfer Venue Memorandum in Support, Declaration of Linda S. Restrepo and Declaration of Carlos E. Restrepo were served upon the following via E-mail to : wpritchard@pritchlaw.com, and the Honorable Judge Carlos Villa at: pbustmante@epcounty.com

Carlos E. Restrepo- Pro Se

## **Exhibits**

Exhibit 1:  Plaintiffs Initials on Webpage Acceptance
Exhibit 2:  Plaintiffs First Amended Petition-non-suit of Original Petition
Exhibit 3:  Plaintiffs Judicial Admissions
Exhibit 4:  Plaintiffs Original Petition
Exhibit 5:  Plaintiffs USPTO Application
Exhibit 6:  USPTO Ruling
Exhibit 7:  Abandonment of Trademark Ruling
Exhibit 8:  Go Daddy Forum Selection Clause
Exhibit 9:  Plaintiffs disclaim of the words riggers & constructors to the
            USPTO
Exhibit 10:  Court Record

App. 0043

000026

Exhibit 1:     Plaintiffs Initials on Webpage Acceptance

App. 0044

000027

2/13/12

chroselogsilicaintnl.com







click here                     click here                     click here

**PROJECT SLIDESHOWS**





**WELCOME TO ALLIANCE RIGGERS & CONSTRUCTORS, LTD.**

Alliance Riggers & Constructors is a Southwest Regional Services provider offering premium service throughout Texas and New Mexico. Our talented and professional staff offers an extensive menu of services and the expertise and equipment to assist YOUR or Owners, and Construction Partners in making YOUR Vision a reality, safely, on time, and within budget. Operated by H/V Alliance Riggers & Constructors, with limited partner, El Paso Crane & Rigging, our team of always a family owned business doing business in El Paso Texas and the surrounding area for many 40 years

00 558

000028

Exhibit 2:   Plaintiffs First Amended Petition

25

000029

IN THE COUNTY COURT AT LAW NUMBER 5
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| ALLIANCE RIGGERS & CONSTRUCTORS, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2012-DCV04523 |
| | § | |
| LINDA S. RESTREPO and CARLOS E. RESTREPO | § | |
| D/b/a Collectively RDI Global Services and R&D | § | |
| International, | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes, ALLIANCE RIGGERS & CONSTRUCTORS, LTD., by and through its attorney of record, R. Wayne Pritchard, P.E., of the law firm R. Wayne Pritchard, P.C., complaining of LINDA S. RESTREPO and CARLOS E. RESTREPO d/b/a Collectively RDI Global Services and R&D International, Defendants, and for cause of action would respectfully show the court as follows:

### I.
### DISCOVERY LEVEL

1.     Discovery is to be conducted in accordance with Rule 190.3 of the Texas Rules of Civil Procedure, Level 2.

### II.
### PARTIES

2.     Plaintiff is limited partnership having its principal place of business in El Paso, Texas.

3.     CARLOS E. RESTREPO has appeared and answered herein.

App. 0047

4.      LINDA S. RESTREPO has appeared and answered herein.

## III.
### TRADEMARK INFRINGEMENT/UNFAIR COMPETITION

5.      By virtue of its long time use both here in El Paso County, Texas as well as elsewhere, Plaintiff is the owner of the well known common law trademark, ALLIANCE RIGGERS & CONSTRUCTORS.

6.      As shown on the attached Exhibit "A", incorporated by reference for all purposes herein, on March 19, 2012, Defendants, without permission or authority from Plaintiff, registered the domain name "www.allianceriggersandconstructors.com", and have in fact, launched a web page at such address in which they make multiple use of Plaintiff's common law trademark.  Despite this lawsuit, Defendants continue to maintain and assert ownership over the afore-referenced domain name.

7.      The use by Defendants of Plaintiff's trademark without permission or authority constitutes trademark infringement and unfair competition under the laws of the State of Texas.

8.      As a direct and proximate result of the actions complained of above, Plaintiff has suffered damages in excess of the minimum jurisdictional limits of this court, meaning, damages above the minimum jurisdictional limit.  Put another way, Plaintiff is requesting damages within the jurisdictional limits of this Court.

## IV.
### BREACH OF CONTRACT

9.      On or about March 2011, Plaintiff and Defendants entered into a contract ("Contract"), the primary purpose of which was to design for Plaintiff a web page. Defendants have breached the Contract by failing to design for Plaintiff the web page as

-2-

App. 0048

agreed.  As a direct and proximate result of the conduct of Defendants described above, Plaintiff has suffered damages in excess of the minimum jurisdictional limits of this court, meaning, damages above the minimum jurisdictional limit.  Put another way, Plaintiff is requesting damages within the jurisdictional limits of this Court.

## V.
### DECLARATORY JUDGMENT REQUEST

10.     By letter dated June 12, 2012, Defendant alleged that Plaintiff had breached the Contract and made demand that Plaintiff pay Defendants $3,500.00.

11.     As shown above, Plaintiff has not breached the Contract as alleged by Defendants and furthermore, does not owe Defendants any sum of money.

12.     Plaintiff requests that pursuant to Section 37.001 et seq., of the Texas Civil Practice and Remedies Code, commonly referred to as the Texas Declaratory Judgment Act, this Court declare that Plaintiff is not in breach of the Contract and does not owe Defendants any amounts of money.

13.     Plaintiff is entitled to recover from Defendants, jointly and severally, pursuant to Section 37.009 of the Texas Declaratory Judgment Act, its reasonable and necessary attorneys' fees incurred in this action.

## VI.
### VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

14.     In connection with the their agreement to design for Plaintiff a web page, Defendants:

    A.     Represented that services had characteristics, uses or benefits which they did not have in violation of Section 17.46(b)(5) of the Texas Deceptive Trade Practices Act ("TDPA");

-3-

App. 0049

B.    Represented that services were of a particular standard, quality or grade when they were of another in violation of Section 17.46(b)(7) of the TDPA;

C.    Represented that an agreement conferred or involved rights, remedies or obligations which it did not have or involve in violation of Section 17.46(b)(12) of the TDPA;

D.    Failed to disclose information concerning services which was known at the time of the transaction, when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed in violation of Section 17.46(b)(24) of the TDPA;

E.    Engaged in unconscionable actions or course of actions in violation of Section 17.50(a)(3) of the TDPA;

15.    The actions of Defendants complained of in paragraph 10, were a producing cause of damages to Plaintiff and are therefore actionable under Section 17.50(a)of the TDPA.

16.    The conduct of Defendants as described above was committed knowingly entitling Plaintiff to recover three times its economic damages as provided in Section 17.50(b)(1) of the TDPA.

App. 0050

## VII.
### ATTORNEYS' FEES

17.    Plaintiff is entitled to recover its reasonable attorneys' fees incurred in this action pursuant to Sections 37.009 and 38.001 et seq. of the Texas Civil Practice and Remedies Code as well as under the Texas Deceptive Trade Practices Act.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon final hearing in this matter, after proper notice to Defendants, that it recover from Defendants, jointly and severally, its actual damages, its economic damages, three times its economic damages, as well as court costs and reasonable attorneys' fees together with prejudgment and post-judgment interest as allowed by law, and such other and further relief to which it is entitled.

Respectfully submitted,

**R. WAYNE PRITCHARD, P.C.**
300 East Main, Suite 1240
El Paso, Texas 79901
Tel. (915) 533-0080
Fax (915) 533-0081

By: _____
R. WAYNE PRITCHARD
State Bar No. 16340150

**ATTORNEYS FOR PLAINTIFF**

-5-

App. 0051

000034

## CERTIFICATE OF SERVICE

    I, R. WAYNE PRITCHARD, do hereby certify that on the 20th day of June 2014, a true and correct copy of the foregoing document was delivered as required by the Texas Rules of Civil Procedure to Defendants, LINDA S RESTREPO and CARLOS E. RESTREPO d/b/a RDI Global Services and R&D International, P.O. Box 12066, El Paso, Texas 79912

R. WAYNE PRITCHARD, P.E.

-6-

App. 0052

United States - English    USD

24/7 Support (480) 505-8877    Sign In    Register

**GoDaddy**
it's go time

All Products    Domains    Websites    Hosting & SSL    Get Found    Email & Tools    Support

WHOIS search results for:
ALLIANCERIGGERSANDCONSTRUCTORS.CO...
(Registered)

Is this your
domain?        GO
Add hosting, email and more.

Want to buy
this domain?    GO
Get it with our Domain Buy service.

Domain Name: ALLIANCERIGGERSANDCONSTRUCTORS.COM
Registry Domain ID: 1707909851_DOMAIN_COM-VRSN
Registrar WHOIS Server: whois.godaddy.com
Registrar URL: http://www.godaddy.com
Update Date: 2014-02-17 12:13:15
Creation Date: 2012-03-19 11:36:57
Registrar Registration Expiration Date: 2015-03-19 11:36:57
Registrar: GoDaddy.com, LLC
Registrar IANA ID: 146
Registrar Abuse Contact Email: abuse@godaddy.com
Registrar Abuse Contact Phone: +1.480-624-2505
Domain Status: clientTransferProhibited
Domain Status: clientUpdateProhibited
Domain Status: clientRenewProhibited
Domain Status: clientDeleteProhibited
Registry Registrant ID:
Registrant Name: Carlos Restrepo
Registrant Organization: R D International
Registrant Street: P.O. Box 12066
Registrant City: El Paso
Registrant State/Province: Texas
Registrant Postal Code: 79912
Registrant Country: United States
Registrant Phone: +1.9159999999
Registrant Phone Ext:
Registrant Fax:
Registrant Fax Ext:
Registrant Email: pdi-lat@zianet.com
Registry Admin ID:
Admin Name: Carlos Restrepo
Admin Organization: R D International
Admin Street: P.O. Box 12066
Admin City: El Paso
Admin State/Province: Texas
Admin Postal Code: 79912
Admin Country: United States
Admin Phone: +1.9159999999
Admin Phone Ext:
Admin Fax:
Admin Fax Ext:
Admin Email: pdi-lat@zianet.com
Registry Tech ID:
Tech Name: Carlos Restrepo
Tech Organization: R D International
Tech Street: P.O. Box 12066
Tech City: El Paso
Tech State/Province: Texas
Tech Postal Code: 79912
Tech Country: United States
Tech Phone: +1.9159999999
Tech Phone Ext:
Tech Fax:
Tech Fax Ext:
Tech Email: pdi-lat@zianet.com
Name Server: NS19.DOMAINCONTROL.COM
Name Server: NS20.DOMAINCONTROL.COM
DNSSEC: unsigned
URL of the ICANN WHOIS Data Problem Reporting System: http://wdprs.internic.net/
Last update of WHOIS database: 2014-6-19T16:00:00Z

The data contained in GoDaddy.com, LLC's WHOIS database,
while believed by the company to be reliable, is provided "as is"
with no guarantee or warranties regarding its accuracy. This
information is provided for the sole purpose of assisting you
in obtaining information about domain name registration records.
Any use of this data for any other purpose is expressly forbidden without the prior written
permission of GoDaddy.com, LLC. By submitting an inquiry,
you agree to these terms of usage and limitations of warranty. In particular,
you agree not to use this data to allow, enable, or otherwise make possible,
dissemination or collection of this data, in part or in its entirety, for any
purpose, such as the transmission of unsolicited advertising and
solicitations of any kind, including spam. You further agree
not to use this data to enable high volume, automated or robotic electronic
processes designed to collect or compile this data for any purpose,
including mining this data for your own personal or commercial purposes.

Please note: the registrant of the domain name is specified
in the "registrant" section. In most cases, GoDaddy.com, LLC
is not the registrant of domain names listed in this database.

See Underlying Registry Data

## Domain already taken?

Enter Domain Name   .com ▼   Search

### NameMatch Recommendations

GoDaddy.com NameMatch has found similar domain names related to your search.
Registering multiple domain names may help protect your online brand and enable you to
capture more Web traffic, which you can then direct to your primary domain

Domains available for new registration:

Alternate TLDs

| | | |
|---|---|---|
| allianceriggersandconstruc...info | SAVE! | $2.99*/yr |
| allianceriggersandconstruc...net | SAVE! | $8.99*/yr |
| allianceriggersandconstruc...org | SAVE! | $12.99*/yr |
| allianceriggersandconstruc...us | SAVE! | $3.99/yr |
| allianceriggersandconstruc...biz | SAVE! | $7.99*/yr |
| allianceriggersandconstruc...mobi | SAVE! | $9.99*/yr |
| allianceriggersandconstruc...ca | | $12.99/yr |
| allianceriggersandconstruc...ms | SAVE! | $9.99/yr |

Similar Premium Domains ?

| | |
|---|---|
| TireAndRims.com | $1,999.00* |
| UsedTiresAndRims.com | $1,249.00* |
| CheapRimsAndTires.com | $1,699.00* |
| ActionAlliance.com | $3,488.00* |
| AdvancedAlliance.com | $1,988.00* |
| AllianceAcquisitions.com | $3,588.00* |

ADD TO CART

Domains available at Go Daddy Auctions®:

| | |
|---|---|
| a-trigger.com Ends on: 9/18/2014 3:58:00 AM PDT | $2,400.00* |
| thatsandwagetables.net Ends on: 9/17/2014 8:35:00 PM PDT | $2,488.00* |
| hispanicalliance.com Ends on: 9/17/2014 7:11:00 PM PDT | $1,100.00* |
| nursingalliance.com Ends on: 9/17/2014 3:55:00 PM PDT | $4,488.00* |
| newsandstuff.com Ends on: 9/17/2014 1:40:00 PM PDT | $588.00* |
| natealexandrins.com Ends on: 9/17/2014 1:12:00 PM PDT | $4,088.00* |

VIEW LISTING

### Learn more about

Private Registration    ?    Online Registration    ?

Business Registration    ?    Protected Registration    ?

EXHIBIT
A
FBSAND 800-631-6989

... domain name year.
... registered through Go Daddy Domains Canada, Inc., a CIRA certified registrar.

000036

Exhibit 3:    Plaintiffs Judicial Admissions

26

0000037

EXHIBIT G

IN THE COUNTY COURT AT LAW NUMBER 5
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| ALLIANCE RIGGERS & CONSTRUCTORS, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2012-DCV04523 |
| | § | |
| LINDA S. RESTREPO and CARLOS E. RESTREPO | § | |
| D/b/a Collectively RDI Global Services and R&D | § | |
| International, | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFF'S RESPONSE TO REQUEST FOR ADMISSIONS OF CARLOS E. RESTREPO

TO:   Defendants, LINDA S RESTREPO and CARLOS E. RESTREPO d/b/a RDI Global Services
and R&D International, P.O. Box 12066, El Paso, Texas 79912

COMES NOW ALLIANCE RIGGERS & CONSTRUCTORS, LTD, and serves these their

Objections and Answers to Defendant, CARLOS E. RESTREPO's Request for Admissions in

accordance with the Texas Rules of Civil Procedure.

Respectfully submitted,

R. WAYNE PRITCHARD, P.C.
300 E. Main, Suite 1240
El Paso, Texas 79901
Tel. (915) 533-0080
Fax  (915) 533-0081

By:   _R. Wayne P_____

R. WAYNE PRITCHARD
State Bar No.  16340150

ATTORNEYS FOR PLAINTIFF

00 274

App. 0055

000138

## CERTIFICATE OF SERVICE

I, R. WAYNE PRITCHARD, do hereby certify that on the 20th day of December 2012, a true and correct copy of the foregoing document was delivered as required by the Texas Rules of Civil Procedure to Defendants, LINDA S RESTREPO and CARLOS E. RESTREPO d/b/a RDI Global Services and R&D International, P.O. Box 12066, El Paso, Texas 79912

R. WAYNE PRITCHARD, P.E.

-2-

000039

### REQUEST FOR ADMISSION NUMBER 10:

Admit that Plaintiff submitted a reversed typeset Alliance Logo to the Defendants to be utilized in the webpage.

### RESPONSE:

Plaintiff admits that it permitted Defendants to use its trademark in connection with the design of its web page. Plaintiff denies the remaining portions of this request.

### REQUEST FOR ADMISSION NUMBER 11:

Admit that Exhibit "A" is an accurate copy of the reversed typeset Alliance Logo Plaintiff submitted to the Defendants. A true and correct copy of the reversed typeset Alliance Logo submitted to Defendants by Plaintiff is attached hereto as Exhibit "A."

### RESPONSE:

Plaintiff admits that Exhibit "A" contains a copy of its trademark and that it allowed Defendants to use such trademark in connection with the design of Plaintiff's web page. Plaintiff denies the remaining portions of this request.

### REQUEST FOR ADMISSION NUMBER 12:

Admit that the Alliance Logo (Exhibit "A") was submitted by Plaintiff to Defendants with instructions to be utilized in the webpage.

### RESPONSE:

Plaintiff admits that Exhibit "A" contains a copy of its trademark and that it allowed Defendants to use such trademark in connection with the design of Plaintiff's web page. Plaintiff denies the remaining portions of this request.

### REQUEST FOR ADMISSION NUMBER 13:

Admit that Plaintiff edited and approved the webpage and submitted said edits to the Defendants.

### RESPONSE:

Plaintiff admits that some but not all edits, changes and modifications to its web page were submitted to Plaintiff for approval. Plaintiff denies the remaining portions of this request.

### REQUEST FOR ADMISSION NUMBER 14:

Admit that Exhibit "B" is an accurate copy of Alliance Riggers web edit submitted to the Defendants by Plaintiff. A true and correct copy of an email from Plaintiff with attached Alliance Riggers web edit.pdf is attached hereto as Exhibit "B."

-5-

00 276

Exhibit 4:    Plaintiffs Original Petition

App. 0058

000041

IN THE COUNTY COURT AT LAW NUMBER ___
EL PASO COUNTY TEXAS

FILED
NORMA L. FAVELA
DISTRICT CLERK

2012 JUN 20 PM 1 49

EL PASO COUNTY, TEXAS

BY _____
DEPUTY

| ALLIANCE RIGGERS & CONSTRUCTORS, LTD., | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| LINDA S. RESTREPO and CARLOS E. RESTREPO | § |
| D/b/a Collectively RDI Global Services and R&D | § |
| International, | § |
| | § |
| Defendants. | § |

Cause No. 2012-DCV 04523

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes, ALLIANCE RIGGERS & CONSTRUCTORS, LTD., by and through its attorney of record, R. Wayne Pritchard, P.E., of the law firm R. Wayne Pritchard, P.C., complaining of LINDA S. RESTREPO and CARLOS E. RESTREPO d/b/a Collectively RDI Global Services and R&D International, Defendants, and for cause of action would respectfully show the court as follows:

### I.
### DISCOVERY LEVEL

1.     Discovery is to be conducted in accordance with Rule 190.3 of the Texas Rules of Civil Procedure, Level 2.

### II.
### PARTIES

2.     Plaintiff is limited partnership having its principal place of business in El Paso, Texas.

App. 0059

000042

3.     CARLOS E. RESTREPO is an individual residing in El Paso County, Texas who may be served with process at his principal lace of residence located at 804 Pintada Place, El Paso, Texas 79912.

4.     LINDA S. RESTREPO is an individual residing in El Paso County, Texas, who may be served with process at her principal place of residence located at 804 Pintada Place, El Paso, Texas 79912.

### III.
#### TRADEMARK INFRINGEMENT/UNFAIR COMPETITION

5.     Plaintiff is the owner of the well known common law trademark, ALLIANCE RIGGERS & CONSTRUCTORS.

6.     Defendants have, without permission or authority from Plaintiff, registered the domain name "www.alliancereggersandcontructors.com", and have in fact, launched a web page at such address in which they make multiple use of Plaintiff's trademark.

7.     The use by Defendants of Plaintiff's trademark without permission or authority constitutes trademark infringement and unfair competition under the laws of the State of Texas.

8.     As a direct and proximate result of the actions complained of above, Plaintiff has suffered damages in excess of the minimum jurisdictional limits of this court.

### IV.
#### BREACH OF CONTRACT

9.     On or about March 2011, Plaintiff and Defendants entered into a contract ("Contract"), the primary purpose of which was to design for Plaintiff a web page. Defendants have breached the Contract by failing to design for Plaintiff the web page as

-2-

App. 0060

agreed.  As a direct and proximate result of the conduct of Defendants described above, Plaintiff has suffered damages in excess of the minimum jurisdictional limits of this court.

## V.
### DECLARATORY JUDGMENT REQUEST

10.    By letter dated June 12, 2012, a true and correct copy of which is attached hereto as Exhibit "A" and incorporated by reference for all purposes, Defendant alleged that Plaintiff had breached the Contract and made demand that Plaintiff pay Defendants $3,500.00.

11.    As shown above, Plaintiff has not breached the Contract as alleged by Defendants and furthermore, does not owe Defendants any sum of money.

12.    Plaintiff requests that pursuant to Section 37.001 et seq., of the Texas Civil Practice and Remedies Code, commonly referred to as the Texas Declaratory Judgment Act, this Court declare that Plaintiff is not in breach of the Contract and does not owe Defendants any amounts of money.

13.    Plaintiff is entitled to recover from Defendants, jointly and severally, pursuant to Section 37.009 of the Texas Declaratory Judgment Act, its reasonable and necessary attorneys' fees incurred in this action.

## VI.
### VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

14.    In connection with the their agreement to design for Plaintiff a web page, Defendants:

> A.    Represented that services had characteristics, uses or benefits which they did not have in violation of Section 17.46(b)(5) of the Texas Deceptive Trade Practices Act ("TDPA");

-3-

000044

B.  Represented that services were of a particular standard, quality or grade when they were of another in violation of Section 17.46(b)(7) of the TDPA;

C.  Represented that an agreement conferred or involved rights, remedies or obligations which it did not have or involve in violation of Section 17.46(b)(12) of the TDPA;

D.  Failed to disclose information concerning services which was known at the time of the transaction, when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed in violation of Section 17.46(b)(24) of the TDPA;

E.  Engaged in unconscionable actions or course of actions in violation of Section 17.50(a)(3) of the TDPA;

15.  The actions of Defendants complained of in paragraph 10, were a producing cause of damages to Plaintiff and are therefore actionable under Section 17.50(a)of the TDPA.

16.  The conduct of Defendants as described above was committed knowingly entitling Plaintiff to recover three times its economic damages as provided in Section 17.50(b)(1) of the TDPA.

-4-

000045

## VII.
### ATTORNEYS' FEES

17.    Plaintiff is entitled to recover its reasonable attorneys' fees incurred in this action pursuant to Sections 37.009 and 38.001 et seq. of the Texas Civil Practice and Remedies Code as well as under the Texas Deceptive Trade Practices Act.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon final hearing in this matter, after proper notice to Defendants, that it recover from Defendants, jointly and severally, its actual damages, its economic damages, three times its economic damages, as well as court costs and reasonable attorneys' fees together with prejudgment and post-judgment interest as allowed by law, and such other and further relief to which it is entitled.

Respectfully submitted,

**R. WAYNE PRITCHARD, P.C.**
300 East Main, Suite 1240
El Paso, Texas 79901
Tel. (915) 533-0080
Fax (915) 533-0081

By: _____
R. WAYNE PRITCHARD
State Bar No.  16340150

**ATTORNEYS FOR PLAINTIFF**

-5-

000046

June 12, 2012

Certified Mail Return Receipt Requested
7010 2780 0002 4346 6730
THIRD NOTICE REQUEST FOR OVERDUE PAYMENT

Subject: ALLIANCE CORPORATE VIDEO
Mr. Phil Cordova
CEO/General Manager
Alliance Riggers & Constructors
1200 Kastrin
El Paso, Texas   79907

Mr. Cordova:

We have not received a response from you regarding our continued requests for payment for past due invoices on your Corporate Video.   We renew our request for immediate payment for outstanding invoices and amounts due on the Corporate Video.  Alliance Riggers is unjustly enriching itself at our expense.  Alliance Riggers is required to make restitution for benefits received, retained or appropriated.  Please be advised that we consider  you to be in breach of contract and your actions theft of services and will take every legal remedy available to us against all entities and parties involved.

Dr. Carlos E. Restrepo
(915) 581-2732



EXHIBIT
'A'

App. 0064

# Invoice

| | | Project Title: | Alliance Corporate Video |
|---|---|---|---|
| Attention: | Phillip H. Cordova | | |
| Company Name: | Alliance Riggers & Constructors | Close Out Invoice | ALLI 4-24-12 |
| | 1200 Kastrin | Terms | Cash |
| Address: | | | |
| City, State Zip Code: | El Paso, Texas 79907 | | |
| Date: | 4/24/12 | | |

| Description | Included in Basic Contract | Additional Work Requested/ Approved by Client | Paid | PAST DUE |
|---|---|---|---|---|
| | | | $17,500 | $1,000.00 |
| Corporate Video - 5 minutes | X | | $0.00 | $2,500.00 |
| Additional Corporate Video Minutes (4min. 32Sec) | | X | | |
| **Total Amount Past Due** | | | | $3,500.00 |

Sincerely yours,

Dr. Carlos E. Restrepo
P.O. Box 12086
El Paso, Texas 79912

000048

Exhibit 5:    Plaintiffs USPTO Application

28

000049

04-21-2014

U.S. Patent & TMOfc/TM Mail Rcpt Dt. #22

Applicant:                         Alliance Riggers & Constructors, Ltd..
Applicant's Address:               1200 Kastrin Street
                                   El Paso, Texas 79907
Goods recited in application:      Crane and Erectors Services, namely: Structural Steel
                                   Erection, Tilt-up and Precast Erection, Crane and Rigging,
                                   Overhead Crane Systems, Machinery Moving, In-Plant
                                   Heavy Hauling, Welding Service, Crane Lift Drafting, Trans-
                                   Loading, and Pre-Engineered Metal Building Erection, din
                                   International Class 037



TRADEMARK



76716209

3

App. 0067

# TRADEMARK APPLICATION:

## 76716209

SERIAL NO._____

## U.S. DEPARTMENT OF COMMERCE

## PATENT AND TRADEMARK OFFICE

## FEE SHEET

04/21/2014 SWILSON1 00000009 76716209
01 FC:6001                    375.00 OP

000051

# R. WAYNE PRITCHARD, P.C.

### Intellectual Property Law

*R. Wayne Pritchard, P. E.*
Admitted to Practice before the United States Patent & Trademark Office

300 East Main, Suite 1240
El Paso, Texas 79901
Telephone: (915) 533-0080
Facsimile: (915) 533-0081
wpritchard@pritchlaw.com

April 18, 2014

**Via Express Mail**

Commissioner for Trademarks
P.O. Box 1451
Alexandria, Virginia 22313-1451

> I HEREBY CERTIFY THAT THIS CORRESPONDENCE IS BEING
> DEPOSITED WITH THE UNITED STATES POSTAL SERVICE AS
> EXPRESS MAIL NO. EI 498 586 363 US, IN AN ENVELOPE
> ADDRESSED TO: COMMISSIONER FOR TRADEMARKS, P.O. BOX
> 1451, ALEXANDRIA, VIRGINIA 22313-1451.
>
> _R. Wayne Pritchard_
> R. WAYNE PRITCHARD
> 04/18/2014
> DATE

Re:   Applicant:   Alliance Riggers & Constructors, Ltd
      Mark:        ALLIANCE RIGGERS & CONSTRUCTORS (with design)

Dear Sirs:

In connection with the above referenced marks, please find enclosed the original actual use trademark application for the mark "Alliance Riggers & Constructors" (with design), one specimen; and a check made payable to the Commissioner for Trademarks in the amount of $375.00. Should you have any questions relating to the foregoing, please do not hesitate to contact me.

Respectfully,

*R. Wayne Pritchard*

R. Wayne Pritchard, P.E.
Registration Number 34,903

App. 0069

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## TRADEMARK/SERVICE MARK APPLICATION

MARK:              ALLIANCE RIGGERS & CONSTRUCTORS with Design

INT. CL. NO. :     037

INT. CL. TITLE:    BUILDING   CONSTRUCTION; REPAIR; INSTALLATIONS
                   SERVICES

TO THE ASSISTANT SECRETARY AND
COMMISSIONER OF PATENTS AND TRADEMARKS:

APPLICANT:              Alliance Riggers & Constructors, Ltd

APPLICANT IS:           A Texas Limited Partnership

BUSINESS ADDRESS:       1200 Kastrin Street
                        El Paso, Texas 79907

GOODS OR SERVICES:      Crane and Erectors Services, namely: Structural Steel
                        Erection, Tilt-up and Precast Erection, Crane and Rigging,
                        Overhead Crane Systems, Machinery Moving, In-Plant
                        Heavy Hauling, Welding Service, Crane Lift Drafting, Trans-
                        Loading, and Pre-Engineered Metal Building Erection, din
                        International Class 037

Applicant requests registration of the above identified trademark/service mark shown on the

accompanying drawing in the United States Patent and Trademark Office on the Principal Register

established by the Act of July 25, 1946 (15 U.S.C. §1051, et seq.) as amended for the above

identified goods/services.

The Applicant is using the mark in commerce or in connection with the above identified

goods/services (15 U.S.C. §1051(a), as amended). Pursuant to Section 904.1 of the TMEP,

Applicant submits one specimen showing the mark as used in commerce.

Date of first use of the mark anywhere:              July 1, 1997

Date of first use of the mark in interstate commerce:     July 1, 1997

### POWER OF ATTORNEY

The Applicant hereby appoints R. Wayne Pritchard of the firm R. Wayne Pritchard, P.C.,

300 East Main, Suite 1240, El Paso, Texas 79901, Telephone Number (915) 533-0080, Facsimile

App. 0070

000053

Number (915) 533-0081, e-mail address wpritchard@pritchlaw.com, to prosecute and pursue this

mark and this application to register, to transact all business with the Patent and Trademark Office

in connection therewith, and to receive the Certificate of Registration. The USPTO is authorized

to communicate with the applicant through its designated agent at the above stated e-mail address.

### DECLARATION

The undersigned being hereby warned that willful, false statements and the like so made

are punishable by fine or imprisonment, or both, under 18 U.S.C. §1001, and that such willful, false

statements may jeopardize the validity of the application or any resulting registration, declares that

he/she believes the applicant to be the owner of the mark sought to be registered, or, if the

application is being filed under 15 U.S.C. §1051(b), he/she believes applicant to be entitled to use

such mark in commerce; to the best of his/her knowledge and belief no other person, firm,

corporation, or association has the right to use said mark in commerce either in identical form

thereof or in such near resemblance thereto as to be likely , when applied to the goods of such

other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made

of his/her own knowledge are true and that all statements made on information and belief are

believed to be true.

Alliance Riggers & Constructors, Ltd.

By: _____

Name: Phillip H. Cordova

Its: General Manager

Date: April 17, 2014

2

000054

**Exhibit 6:**    **USPTO Ruling**

000055

## EXHIBIT B

### UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)
### OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION

**APPLICATION SERIAL NO.**   76711574

**MARK:** ALLIANCE RIGGERS & CONSTRUCTORS

**\*76711574\***

**CORRESPONDENT ADDRESS:**
R. WAYNE PRITCHARD
Wayne Pritchard, P.C.
300 E MAIN DR STE 1240
EL PASO, TX 79901-1359

CLICK HERE TO RESPOND TO THIS LETTE
http://www.uspto.gov/trademarks/teas/response_forms.j

**APPLICANT:**      Alliance Riggers & Constructors, Ltd

**CORRESPONDENT'S REFERENCE/DOCKET NO :**
N/A
**CORRESPONDENT E-MAIL ADDRESS:**

## OFFICE ACTION

## STRICT DEADLINE TO RESPOND TO THIS LETTER

TO AVOID ABANDONMENT OF APPLICANT'S TRADEMARK APPLICATION, THE USPTO MUST RECEIVE APPLICANT'S COMPLETE RESPONSE TO THIS LETTER  WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE BELOW.

**ISSUE/MAILING DATE:**

The referenced application has been reviewed by the assigned trademark examining attorney.  Applicant must respond timely and completely to the issues below.  15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

**Summary of Issues**

--Section 2(d) Refusal – Likelihood of Confusion
--Identification of Services
--Disclaimer Required
--Entity  Clarification

### SECTION 2(d) REFUSAL – LIKELIHOOD OF CONFUSION

Registration of the applied-for mark is refused because of a likelihood of confusion with the marks in U.S.

00 228

App. 0073

000056

Welding Service, Crane Lift Drafting, Trans- Loading, and Pre-Engineered Metal Building Erection, din" in the identification of services is indefinite and must be clarified because it is too broad and could include services in other international classes. *See* TMEP §§1402.01, 1402.03. Applicant must further specify the nature of the particular services and in some instances indicate the purpose of the services is for construction purposes.

Additionally, welding is a Class 40 service. Applicant must correctly classify the services or delete the services from the application.

Applicant may substitute the following wording, if accurate:

<u>Class 037</u>: <u>Construction and pre-construction services, namely</u>, providing crane and erectors services <u>in the nature of</u> structural steel erection, tilt-up and pre-cast <u>concrete</u> erection, and pre-engineered metal building erection; providing crane and rigging services <u>for heavy lifting and hoisting, machinery moving, in-plant heavy hauling, and trans-loading for construction purposes; rental of</u> overhead crane systems <u>for construction purposes</u>; Providing crane lift drafting, namely, _____ {specify with more particularity the nature of the services}

And/or

<u>Class 039</u>: Crane services for loading and unloading purposes;   Transportation services, namely, transloading of building materials

And /or

<u>Class 040</u>: Welding services


### Guidelines for Amending the Identification of Services

Identifications of services can be amended only to clarify or limit the services; adding to or broadening the scope of the services is not permitted. 37 C.F.R. §2.71(a); *see* TMEP §§1402.06 *et seq*., 1402.07. Therefore, applicant may not amend the identification to include services that are not within the scope of the services set forth in the present identification.

For assistance with identifying and classifying goods and/or services in trademark applications, please see the online searchable *Manual of Acceptable Identifications of Goods and Services* at http://tess2.uspto.gov/netahtml/tidm.html. *See* TMEP §1402.04.


### Disclaimer

Applicant must disclaim the descriptive wording "RIGGERS & CONSTRUCTORS" apart from the mark as shown because it merely describes a feature or purpose of applicant's services. *See* 15 U.S.C. §§1052(e)(1), 1056(a); *In re Steelbuilding.com*, 415 F.3d 1293, 1297, 75 USPQ2d 1420, 1421 (Fed. Cir. 2005); *In re Gyulay*, 820 F.2d 1216, 1217-18, 3 USPQ2d 1009, 1010 (Fed. Cir. 1987); TMEP §§1213, 1213.03(a).

Applicant seeks registration of the wording "ALLIANCE RIGGERS & CONSTRUCTORS" for "Crane

00 229

000057

If applicant has questions about its application or needs assistance in responding to this Office action, please telephone the assigned trademark examining attorney.

/Kathleen Lorenzo/
Examining Attorney
Law Office 109
(571) 272-5883
kathleen.lorenzo@uspto.gov

**TO RESPOND TO THIS LETTER:**  Go to http://www.uspto.gov/trademarks/teas/response_forms.jsp.  **Please wait 48-72 hours from the issue/mailing date before using TEAS, to allow for necessary system updates of the application.  For *technical* assistance with online forms, e-mail TEAS@uspto.gov.  For questions about the Office action itself, please contact the assigned trademark examining attorney.  E-mail communications will not be accepted as responses to Office actions; therefore, do not respond to this Office action by e-mail.**

**All informal e-mail communications relevant to this application will be placed in the official application record.**

**WHO MUST SIGN THE RESPONSE:**  It must be personally signed by an individual applicant or someone with legal authority to bind an applicant (i.e., a corporate officer, a general partner, all joint applicants).  If an applicant is represented by an attorney, the attorney must sign the response.

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:**  To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using Trademark Applications and Registrations Retrieval (TARR) at http://tarr.uspto.gov/.  Please keep a copy of the complete TARR screen.  If TARR shows no change for more than six months, call 1-800-786-9199.  For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:**  Use the TEAS form at http://www.uspto.gov/teas/eTEASpageE.htm.

00 230

App. 0075

000058

# EXHIBIT E

**Print: Sep 12, 2012**                                    77225637

**DESIGN MARK**

**Serial Number**
77225637

**Status**
REGISTERED

**Word Mark**
ALLIANCE

**Standard Character Mark**
No

**Registration Number**
3604909

**Date Registered**
2009/04/14

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(3) DESIGN PLUS WORDS, LETTERS AND/OR NUMBERS

**Owner**
Alliance Steel, Inc. CORPORATION OKLAHOMA 3333 South Council Road
Oklahoma City OKLAHOMA 73179

**Goods/Services**
Class Status -- ACTIVE.  IC 006.  US  002 012 013 014 023 025 050.  G
& S: Pre-engineered buildings made of metal, namely, prefabricated
buildings made of metal; components for pre-engineered buildings made
of metal, namely, metal framing, metal beams, metal ceiling and door
panels, metal trim, metal flashing and metal gutters.  First Use:
1971/07/01.  First Use In Commerce: 1971/07/01.

**Colors Claimed**
Color is not claimed as a feature of the mark.

**Filing Date**
2007/07/10

**Examining Attorney**
RICHARDS, LESLIE

**Attorney of Record**

-1-

00 235

App. 0076

000059

Exhibit 7:    Abandonment of Trademark Ruling

000060

Side - 1



## NOTICE OF ABANDONMENT
## MAILING DATE: Apr 15, 2013

The trademark application identified below was abandoned in full because a response to the Office Action mailed on Sep 17, 2012 was not received within the 6-month response period.

If the delay in filing a response was unintentional, you may file a petition to revive the application with a fee. If the abandonment of this application was due to USPTO error, you may file a request for reinstatement. Please note that a petition to revive or request for reinstatement **must be received within two months from the mailing date of this notice.**

For additional information, go to http://www.uspto.gov/teas/petinfo.htm. If you are unable to get the information you need from the website, call the Trademark Assistance Center at 1-800-786-9199.

**SERIAL NUMBER:** 76711574
**MARK:** ALLIANCE RIGGERS & CONSTRUCTORS
**OWNER:** Alliance Riggers & Constructors, Ltd

Side - 2

UNITED STATES PATENT AND TRADEMARK OFFICE
COMMISSIONER FOR TRADEMARKS
P.O. BOX 1451
ALEXANDRIA, VA  22313-1451

FIRST-CLASS
MAIL
U.S POSTAGE
PAID

R. WAYNE PRITCHARD
Wayne Pritchard, P.C.
300 E MAIN DR STE 1240
EL PASO , TX  79901-1359

C01780

App. 0078

*EXHIBIT 8*

C L O S E   W I N D O W

# *GO DADDY*
# *UNIVERSAL TERMS OF SERVICE AGREEMENT*

**PLEASE READ THIS UNIVERSAL TERMS OF SERVICE AGREEMENT CAREFULLY, AS IT CONTAINS IMPORTANT INFORMATION REGARDING YOUR LEGAL RIGHTS AND REMEDIES.**

## 1. OVERVIEW

This Universal Terms of Service Agreement (this "Agreement") is entered into by and between GoDaddy.com, LLC, a Delaware limited liability company ("Go Daddy") and you, and is made effective as of the date of your use of this website ("Site") or the date of electronic acceptance. This Agreement sets forth the general terms and conditions of your use of the Site and the products and services purchased or accessed through this Site (individually and collectively, the "Services"), and is in addition to (not in lieu of) any specific terms and conditions that apply to the particular Services.

Whether you are simply browsing or using this Site or purchase Services, your use of this Site and your electronic acceptance of this Agreement signifies that you have read, understand, acknowledge and agree to be bound by this Agreement, along with the following policies and the applicable product agreements, which are incorporated herein by reference:

Agreements

| | | |
|---|---|---|
| Auctions Membership Agreement | CashParking® Service Agreement | Change of Registrant Agreement |
| Direct Affiliate Program Agreement | Domain Buy Service Agreement | Domain Name Appraisal Agreement |
| Domain Name Proxy Agreement | Domain Name Registration Agreement | Domain Name Transfer Agreement |
| Hosting Agreement | Marketing Applications Agreement | GoDaddy Online Bookkeeping Service |
| Professional Design Services Agreement | Quick Blogcast Service Agreement | Quick Shopping Cart Agreement |
| Reseller Agreement | Website and Web Design Service | Web Store Website Builder Service Agreement |
| Website Protection Agreement | Workspace Service | Get Found Service Agreement |

Policies

| | | |
|---|---|---|
| Privacy Policy | Subpoena Policy Tips | Attorney Dispute on Transfer Away Form |
| Uniform Domain Name Dispute Resolution Policy | ICANN Registrant Rights and Responsibilites | ICANN Registrar Transfer Dispute Resolution Policy |
| Trademark Copyright Infringement | Brand Guidelines Permissions | and Patent Notice |

The terms "we", "us" or "our" shall refer to Go Daddy. The terms "you", "your", "User" or "customer" shall refer to any individual or entity who accepts this Agreement, has access to your account or uses the Services. Nothing in this Agreement shall be deemed to confer any third-party rights or benefits.

App. 0079

Go Daddy may, in its sole and absolute discretion, change or modify this Agreement, and any policies or agreements which are incorporated herein, at any time, and such changes or modifications shall be effective immediately upon posting to this Site. Your use of this Site or the Services after such changes or modifications have been made shall constitute your acceptance of this Agreement as last revised. If you do not agree to be bound by this Agreement as last revised, do not use (or continue to use) this Site or the Services. In addition, Go Daddy may occasionally notify you of changes or modifications to this Agreement by email. It is therefore very important that you keep your shopper account ("Account") information current. Go Daddy assumes no liability or responsibility for your failure to receive an email notification if such failure results from an inaccurate email address.

## 2. ELIGIBILITY; AUTHORITY

This Site and the Services are available only to Users who can form legally binding contracts under applicable law. By using this Site or the Services, you represent and warrant that you are (i) at least eighteen (18) years of age, (ii) otherwise recognized as being able to form legally binding contracts under applicable law, and (iii) are not a person barred from purchasing or receiving the Services found under the laws of the United States or other applicable jurisdiction.

If you are entering into this Agreement on behalf of a corporate entity, you represent and warrant that you have the legal authority to bind such corporate entity to the terms and conditions contained in this Agreement, in which case the terms "you", "your", "User" or "customer" shall refer to such corporate entity. If, after your electronic acceptance of this Agreement, Go Daddy finds that you do not have the legal authority to bind such corporate entity, you will be personally responsible for the obligations contained in this Agreement, including, but not limited to, the payment obligations. Go Daddy shall not be liable for any loss or damage resulting from Go Daddy's reliance on any instruction, notice, document or communication reasonably believed by Go Daddy to be genuine and originating from an authorized representative of your corporate entity. If there is reasonable doubt about the authenticity of any such instruction, notice, document or communication, Go Daddy reserves the right (but undertakes no duty) to require additional authentication from you. You further agree to be bound by the terms of this Agreement for transactions entered into by you, anyone acting as your agent and anyone who uses your account or the Services, whether or not authorized by you.

## 3. ACCOUNTS; TRANSFER OF DATA ABROAD

*Accounts*. In order to access some of the features of this Site or use some of the Services, you will have to create an Account. You represent and warrant to Go Daddy that all information you submit when you create your Account is accurate, current and complete, and that you will keep your Account information accurate, current and complete. If Go Daddy has reason to believe that your Account information is untrue, inaccurate, out-of-date or incomplete, Go Daddy reserves the right, in its sole and absolute discretion, to suspend or terminate your Account. You are solely responsible for the activity that occurs on your Account, whether authorized by you or not, and you must keep your Account information secure, including without limitation your customer number/login, password, Payment Method(s) (as defined below), and shopper PIN. For security purposes, Go Daddy recommends that you change your password and shopper PIN at least once every six (6) months for each Account . You must notify Go Daddy immediately of any breach of security or unauthorized use of your Account. Go Daddy will not be liable for any loss you incur due to any unauthorized use of your Account. You, however, may be liable for any loss Go Daddy or others incur caused by your Account, whether caused by you, or by an authorized person, or by an unauthorized person.

*Transfer of Data Abroad*. If you are visiting this Site from a country other than the country in which our servers are located, your communications with us may result in the transfer of information (including your Account information) across international boundaries. By visiting this Site and communicating electronically with us, you consent to such transfers.

## 4. AVAILABILITY OF WEBSITE/SERVICES

Subject to the terms and conditions of this Agreement and our other policies and procedures, we shall use commercially reasonable efforts to attempt to provide this Site and the Serviceson a twenty-four (24) hours a day, seven (7) days a week basis. You acknowledge and agree that from time to time this Site may be inaccessible or inoperable for any reason including, but not limited to, equipment malfunctions; periodic maintenance, repairs or replacements that we undertake from time to time; or causes beyond our reasonable control or that are not reasonably foreseeable including, but not limited to, interruption or failure of telecommunication or digital transmission links, hostile network attacks, network congestion or other failures. You acknowledge and agree that we have no control over the availability of this Site or the Service on a continuous or uninterrupted basis, and that we assume no liability to you or any other party with regard thereto.

From time to time, Go Daddy may offer new Services (limited preview services or new features to existing Services) in a pre-release version. New Services, new features to existing Services or limited preview services shall be known, individually and collectively, as "Beta Services". If you elect to use any Beta Services, then your use of the Beta Services is subject to the following terms and conditions: (i) You acknowledge and agree that the Beta Services are pre-release versions and may not work properly; (ii) You acknowledge and agree that your use of the Beta Services may expose you to unusual risks of operational failures; (iii) The Beta Services are provided as-is, so we do not recommend using them in production or mission critical environments; (iv) Go Daddy reserves the right to modify, change, or discontinue any aspect of the Beta Services at any time; (v) Commercially released versions of the Beta Services may change substantially, and programs that use or run with the Beta Services may not work with the commercially released versions or subsequent releases; (vi) Go Daddy may limit availability of customer service support time dedicated to support of the Beta Services; (vii) You acknowledge and agree to provide prompt feedback regarding your experience with the Beta Services in a form reasonably requested by us, including information necessary to enable us to duplicate errors or problems you experience. You acknowledge and agree that we may use your feedback for any purpose, including product development purposes. At our request you will provide us with comments that we may use publicly for press materials and marketing collateral. Any intellectual property inherent in your feedback or arising from your use of the Beta Services shall be owned exclusively by Go Daddy; (viii) You acknowledge and agree that all information regarding your use of the Beta Services, including your experience with and opinions regarding the Beta Services, is confidential, and may not be disclosed to a third party or used for any purpose other than providing feedback to Go Daddy; (ix) The Beta Services are provided "as is", "as available", and "with all faults".
   To the fullest extent permitted by law, Go Daddy disclaims any and all warranties, statutory, express or implied, with respect to the Beta Services including, but not limited to, any implied warranties of title, merchantability, fitness for a particular purpose and non-infringement.

## 5. GENERAL RULES OF CONDUCT

You acknowledge and agree that:

  i.  Your use of this Site and the Services , including any content you submit, will comply with this Agreement and all applicable local, state, national and international laws, rules and regulations.

 ii.  You will not collect or harvest (or permit anyone else to collect or harvest) any User Content (as defined below) or any non-public or personally identifiable information about another User or any other person or entity without their express prior written consent.

iii.  You will not use this Site or the Services in a manner (as determined by Go Daddy in its sole and absolute discretion) that:

  • Is illegal, or promotes or encourages illegal activity;

  • Promotes, encourages or engages in child pornography or the exploitation of

App. 0081

## 19. SUCCESSORS AND ASSIGNS

This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, successors and assigns.

## 20. NO THIRD-PARTY BENEFICIARIES

Nothing in this Agreement shall be deemed to confer any third-party rights or benefits.

## 21. U.S. EXPORT LAWS

This Site and the Services found at this Site are subject to the export laws, restrictions, regulations and administrative acts of the United States Department of Commerce, Department of Treasury Office of Foreign Assets Control ("OFAC"), State Department, and other United States authorities (collectively, "U.S. Export Laws"). Users shall not use the Services found at this Site to collect, store or transmit any technical information or data that is controlled under U.S. Export Laws. Users shall not export or re-export, or allow the export or re-export of, the Services found at this Site in violation of any U.S. Export Laws. None of the Services found at this Site may be downloaded or otherwise exported or re-exported (i) into (or to a national or resident of) any country with which the United States has embargoed trade; or (ii) to anyone on the U.S. Treasury Department's list of Specially Designated Nationals or the U.S. Commerce Department's Denied Persons List, or any other denied parties lists under U.S. Export Laws. By using this Site and the Services found at this Site, you agree to the foregoing and represent and warrant that you are not a national or resident of, located in, or under the control of, any restricted country; and you are not on any denied parties list; and you agree to comply with all U.S. Export Laws (including "anti-boycott", "deemed export" and "deemed re-export" regulations). If you access this Site or the Services found at this Site from other countries or jurisdictions, you do so on your own initiative and you are responsible for compliance with the local laws of that jurisdiction, if and to the extent those local laws are applicable and do not conflict with U.S. Export Laws. If such laws conflict with U.S. Export Laws, you shall not access this Site or the Services found at this Site. The obligations under this section shall survive any termination or expiration of this Agreement or your use of this Site or the Services found at this Site.

## 22. COMPLIANCE WITH LOCAL LAWS

Go Daddy makes no representation or warranty that the content available on this Site or the Services found at this Site are appropriate in every country or jurisdiction, and access to this Site or the Services found at this Site from countries or jurisdictions where its content is illegal is prohibited. Users who choose to access this Site or the Services found at this Site are responsible for compliance with all local laws, rules and regulations.

## 23. GOVERNING LAW; JURISDICTION; VENUE; WAIVER OF TRIAL BY JURY

Except for disputes governed by the Uniform Domain Name Dispute Resolution Policy referenced above and available here, this Agreement shall be governed by and construed in accordance with the federal law of the United States and the state law of Arizona, whichever is applicable, without regard to conflict of laws principles. You agree that any action relating to or arising out of this Agreement shall be brought in the state or federal courts of Maricopa County, Arizona, and you hereby consent to (and waive all defenses of lack of personal jurisdiction and forum non conveniens with respect to) jurisdiction and venue in the state and federal courts of Maricopa County, Arizona. You agree to waive the right to trial by jury in any action or proceeding that takes place relating to or arising out of this Agreement.

## 24. TITLES AND HEADINGS; INDEPENDENT COVENANTS; SEVERABILITY

The titles and headings of this Agreement are for convenience and ease of reference only and shall not be utilized in any way to construe or interpret the agreement of the parties as otherwise set forth

App. 0082

herein. Each covenant and agreement in this Agreement shall be construed for all purposes to be a separate and independent covenant or agreement. If a court of competent jurisdiction holds any provision (or portion of a provision) of this Agreement to be illegal, invalid, or otherwise unenforceable, the remaining provisions (or portions of provisions) of this Agreement shall not be affected thereby and shall be found to be valid and enforceable to the fullest extent permitted by law.

## 25. CONTACT INFORMATION

If you have any questions about this Agreement, please contact us by email or regular mail at the following address:

Go Daddy Legal Department
14455 North Hayden Rd.
Suite 219
Scottsdale, AZ 85260
legal@godaddy.com

C L O S E  W I N D O W

# GO DADDY
# UNIFORM DOMAIN NAME DISPUTE RESOLUTION POLICY

(As Approved by ICANN on October 24, 1999)

## 1. PURPOSE

This Uniform Domain Name Dispute Resolution Policy (the "Policy") has been adopted by the Internet Corporation for Assigned Names and Numbers ("ICANN"), is incorporated by reference into your Registration Agreement, and sets forth the terms and conditions in connection with a dispute between you and any party other than us (the registrar) over the registration and use of an Internet domain name registered by you. Proceedings under Paragraph 4 of this Policy will be conducted according to the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules of Procedure"), which are available at dispute policy, and the selected administrative-dispute-resolution service provider's supplemental rules.

## 2. YOUR REPRESENTATIONS

By applying to register a domain name, or by asking us to maintain or renew a domain name registration, you hereby represent and warrant to us that (a) the statements that you made in your Registration Agreement are complete and accurate; (b) to your knowledge, the registration of the domain name will not infringe upon or otherwise violate the rights of any third party; (c) you are not registering the domain name for an unlawful purpose; and (d) you will not knowingly use the domain name in violation of any applicable laws or regulations. It is your responsibility to determine whether your domain name registration infringes or violates someone else's rights.

## 3. CANCELLATIONS, TRANSFERS, AND CHANGES

We will cancel, transfer or otherwise make changes to domain name registrations under the following circumstances:

   i. subject to the provisions of Paragraph 8, our receipt of written or appropriate electronic instructions from you or your authorized agent to take such action;

   ii. our receipt of an order from a court or arbitral tribunal, in each case of competent jurisdiction, requiring such action; and/or

   iii. our receipt of a decision of an Administrative Panel requiring such action in any administrative proceeding to which you were a party and which was conducted under this Policy or a later version of this Policy adopted by ICANN. (See Paragraph 4(i) and (k) below.)

We may also cancel, transfer or otherwise make changes to a domain name registration in accordance with the terms of your Registration Agreement or other legal requirements.

## 4. MANDATORY ADMINISTRATIVE PROCEEDING

This Paragraph sets forth the type of disputes for which you are required to submit to a mandatory administrative proceeding. These proceedings will be conducted before one of the administrative-dispute-resolution service providers listed here (each, a "Provider").

App. 0084

i.  A. **Applicable Disputes.** You are required to submit to a mandatory administrative proceeding in the event that a third party (a "complainant") asserts to the applicable Provider, in compliance with the Rules of Procedure, that

- your domain name is identical or confusingly similar to a trademark or service mark in which the complainant has rights; and

- you have no rights or legitimate interests in respect of the domain name; and

- your domain name has been registered and is being used in bad faith.

In the administrative proceeding, the complainant must prove that each of these three elements are present.

B. **Evidence of Registration and Use in Bad Faith.** For the purposes of Paragraph 4(a)(iii), the following circumstances, in particular but without limitation, if found by the Panel to be present, shall be evidence of the registration and use of a domain name in bad faith:

- circumstances indicating that you have registered or you have acquired the domain name primarily for the purpose of selling, renting, or otherwise transferring the domain name registration to the complainant who is the owner of the trademark or service mark or to a competitor of that complainant, for valuable consideration in excess of your documented out-of-pocket costs directly related to the domain name; or

- you have registered the domain name in order to prevent the owner of the trademark or service mark from reflecting the mark in a corresponding domain name, provided that you have engaged in a pattern of such conduct; or

- you have registered the domain name primarily for the purpose of disrupting the business of a competitor; or

- by using the domain name, you have intentionally attempted to attract, for commercial gain, Internet users to your web site or other on-line location, by creating a likelihood of confusion with the complainant's mark as to the source, sponsorship, affiliation, or endorsement of your web site or location or of a product or service on your web site or location.

C. **How to Demonstrate Your Rights to and Legitimate Interests in the Domain Name in Responding to a Complaint.** When you receive a complaint, you should refer to Paragraph 5 of the Rules of Procedure in determining how your response should be prepared. Any of the following circumstances, in particular but without limitation, if found by the Panel to be proved based on its evaluation of all evidence presented, shall demonstrate your rights or legitimate interests to the domain name for purposes of Paragraph 4(a)(ii):

- before any notice to you of the dispute, your use of, or demonstrable preparations to use, the domain name or a name corresponding to the domain name in connection with a bona fide offering of goods or services; or

- you (as an individual, business, or other organization) have been commonly known by the domain name, even if you have acquired no trademark or service mark rights; or

App. 0085

- you are making a legitimate noncommercial or fair use of the domain name, without intent for commercial gain to misleadingly divert consumers or to tarnish the trademark or service mark at issue.

D. Selection of Provider. The complainant shall select the Provider from among those approved by ICANN by submitting the complaint to that Provider. The selected Provider will administer the proceeding, except in cases of consolidation as described in Paragraph 4(f).

E. Initiation of Proceeding and Process and Appointment of Administrative Panel. The Rules of Procedure state the process for initiating and conducting a proceeding and for appointing the panel that will decide the dispute (the "Administrative Panel").

F. Consolidation. In the event of multiple disputes between you and a complainant, either you or the complainant may petition to consolidate the disputes before a single Administrative Panel. This petition shall be made to the first Administrative Panel appointed to hear a pending dispute between the parties. This Administrative Panel may consolidate before it any or all such disputes in its sole discretion, provided that the disputes being consolidated are governed by this Policy or a later version of this Policy adopted by ICANN.

G. Fees. All fees charged by a Provider in connection with any dispute before an Administrative Panel pursuant to this Policy shall be paid by the complainant, except in cases where you elect to expand the Administrative Panel from one to three panelists as provided in Paragraph 5(b)(iv) of the Rules of Procedure, in which case all fees will be split evenly by you and the complainant.

H. Our Involvement in Administrative Proceedings. We do not, and will not, participate in the administration or conduct of any proceeding before an Administrative Panel. In addition, we will not be liable as a result of any decisions rendered by the Administrative Panel.

I. Remedies. The remedies available to a complainant pursuant to any proceeding before an Administrative Panel shall be limited to requiring the cancellation of your domain name or the transfer of your domain name registration to the complainant.

J. Notification and Publication. The Provider shall notify us of any decision made by an Administrative Panel with respect to a domain name you have registered with us. All decisions under this Policy will be published in full over the Internet, except when an Administrative Panel determines in an exceptional case to redact portions of its decision.

K. Availability of Court Proceedings. The mandatory administrative proceeding requirements set forth in Paragraph 4 shall not prevent either you or the complainant from submitting the dispute to a court of competent jurisdiction for independent resolution before such mandatory administrative proceeding is commenced or after such proceeding is concluded. If an Administrative Panel decides that your domain name registration should be canceled or transferred, we will wait ten (10) business days (as observed in the location of our principal office) after we are informed by the applicable Provider of the Administrative Panel's decision before implementing that decision. We will then implement the decision unless we have received from you during that ten (10) business day period official documentation (such as a copy of a complaint, file-stamped by the clerk of the court) that you have commenced a

lawsuit against the complainant in a jurisdiction to which the complainant has submitted under Paragraph 3(b)(xiii) of the Rules of Procedure. (In general, that jurisdiction is either the location of our principal office or of your address as shown in our Whois database. See Paragraphs 1 and 3(b)(xiii) of the Rules of Procedure for details.) If we receive such documentation within the ten (10) business day period, we will not implement the Administrative Panel's decision, and we will take no further action, until we receive (i) evidence satisfactory to us of a resolution between the parties; (ii) evidence satisfactory to us that your lawsuit has been dismissed or withdrawn; or (iii) a copy of an order from such court dismissing your lawsuit or ordering that you do not have the right to continue to use your domain name.

## 5. ALL OTHER DISPUTES AND LITIGATION

All other disputes between you and any party other than us regarding your domain name registration that are not brought pursuant to the mandatory administrative proceeding provisions of Paragraph 4 shall be resolved between you and such other party through any court, arbitration or other proceeding that may be available.

## 6. OUR INVOLVEMENT IN DISPUTES

We will not participate in any way in any dispute between you and any party other than us regarding the registration and use of your domain name. You shall not name us as a party or otherwise include us in any such proceeding. In the event that we are named as a party in any such proceeding, we reserve the right to raise any and all defenses deemed appropriate, and to take any other action necessary to defend ourselves.

## 7. MAINTAINING THE STATUS QUO

We will not cancel, transfer, activate, deactivate, or otherwise change the status of any domain name registration under this Policy except as provided in Paragraph 3 above.

## 8. TRANSFERS DURING A DISPUTE

**Transfers of a Domain Name to a New Holder**

You may not transfer your domain name registration to another holder (i) during a pending administrative proceeding brought pursuant to Paragraph 4 or for a period of fifteen (15) business days (as observed in the location of our principal place of business) after such proceeding is concluded; or (ii) during a pending court proceeding or arbitration commenced regarding your domain name unless the party to whom the domain name registration is being transferred agrees, in writing, to be bound by the decision of the court or arbitrator. We reserve the right to cancel any transfer of a domain name registration to another holder that is made in violation of this subparagraph.

**Changing Registrars**

You may not transfer your domain name registration to another registrar during a pending administrative proceeding brought pursuant to Paragraph 4 or for a period of fifteen (15) business days (as observed in the location of our principal place of business) after such proceeding is concluded. You may transfer administration of your domain name registration to another registrar during a pending court action or arbitration, provided that the domain name you have registered with us shall continue to be subject to the proceedings commenced against you in accordance with the terms of this Policy. In the event that you transfer a domain name registration to us during the pendency of a court action or arbitration, such dispute shall remain subject to the domain name dispute policy of the registrar from which the domain name registration was transferred.

## 9. POLICY MODIFICATIONS

We reserve the right to modify this Policy at any time with the permission of ICANN. We will post our revised Policy at this location at least thirty (30) calendar days before it becomes effective. Unless this Policy has already been invoked by the submission of a complaint to a Provider, in which event the version of the Policy in effect at the time it was invoked will apply to you until the dispute is over, all such changes will be binding upon you with respect to any domain name registration dispute, whether the dispute arose before, on or after the effective date of our change. In the event that you object to a change in this Policy, your sole remedy is to cancel your domain name registration with us, provided that you will not be entitled to a refund of any fees you paid to us. The revised Policy will apply to you until you cancel your domain name registration.

App. 0088



Trademark Electronic Search System (TESS)

10/28/14, 1:49 PM

United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

**TESS was last updated on Tue Oct 28 03:21:02 EDT 2014**

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: [        ] OR [Jump] to record: [        ]  **Record 1 out of 2**

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | **ALLIANCE RIGGERS & CONSTRUCTORS** |
| **Goods and Services** | IC 037. US 100 103 106. G & S: Crane and erector services, namely, structural steel erection. FIRST USE: 19970701. FIRST USE IN COMMERCE: 19970701 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 17.07.04 - Carpenter squares; Drawing triangles; T-squares<br>26.01.02 - Circles, plain single line; Plain single line circles<br>26.17.13 - Letters or words underlined and/or overlined by one or more strokes or lines; Overlined words or letters; Underlined words or letters |
| **Serial Number** | 76716209 |
| **Filing Date** | April 21, 2014 |
| **Current Basis** | 1A;1B |
| **Original Filing Basis** | 1A;1B |
| **Published for Opposition** | September 30, 2014 |

App. 0089

Case 3:21-cv-00881-X   Document 174-2   Filed 12/16/23   Page 88 of 91   PageID 17273

| | |
|---|---|
| **Owner** | (APPLICANT) Alliance Riggers & Constructors, Ltd Cordova Alliance, LLC, a Texas limited liability company LIMITED PARTNERSHIP TEXAS 1200 Kastrin Street El Paso TEXAS 79907 |
| **Attorney of Record** | R. WAYNE PRITCHARD |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "RIGGERS & CONSTRUCTORS" APART FROM THE MARK AS SHOWN |
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of a representation of the end of a three-pronged architectural ruler superimposed across a circle. The wording "ALLIANCE RIGGERS & CONSTRUCTORS" appears below the three-pronged design with a solid triangle between "ALLIANCE" and the rest of the wording. |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |



TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP   PREV LIST   CURR LIST   NEXT LIST

FIRST DOC   PREV DOC   NEXT DOC   LAST DOC

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

App. 0090

RECEIVED

**REPORTER'S RECORD**

MAY 8 2013

**VOLUME 1 OF 1 VOLUME**

JORGE PACHECO, CLERK
EIGHTH COURT OF APPEALS

**TRIAL COURT CAUSE NO. 2012-DCV04523**

| | |
|---|---|
| ALLIANCE RIGGERS & CONSTRUCTORS, LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) IN THE COUNTY COURT |
| | ) |
| LINDA S. RESTREPO and CARLOS E. | ) AT LAW NUMBER FIVE |
| RESTREPO, d/b/a Collectively | ) |
| RDI GLOBAL SERVICES and R&D | ) EL PASO COUNTY, TEXAS |
| INTERNATIONAL, | ) |
| | ) |
| Defendants. | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTIONS HEARING**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On the 7th day of December, 2012, the following

proceedings came on to be heard in the above-entitled and

numbered cause before the Honorable Carlos Villa, Judge

Presiding, held in El Paso, Texas:

Proceedings reported by machine shorthand.

1

## A P P E A R A N C E S

2

3    Mr. R. Wayne Pritchard
     Attorney at Law
     SBOT NO. 16340150
4    300 E. Main Street #1240
     El Paso, Texas 79901
5    PHONE: 915-533-0080
     FAX: 915-533-0081
6    ATTORNEY FOR PLAINTIFF

7    Mr. Carlos E. Restrepo
     Pro Se
8    Ms. Linda S. Restrepo
     Pro Se
9    804 Pintada Place
     El Paso, Texas 79912

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

LAURA T. BERNADETTE; OFFICIAL COURT REPORTER
COUNTY COURT AT LAW #5; 500 E. SAN ANTONIO, ROOM 806
EL PASO, TX 79901  (915) 546-2004

App. 0092

 1   appealable either.  But if they want to try it, fine.

 2   You certainly --

 3                   MR. RESTREPO:  May I approach the Court,

 4   Your Honor?

 5                   MR. PRITCHARD:  Oh, before we go, Your

 6   Honor, I have the responses to those other motions that

 7   weren't taken up today -- the first ones that were -- I

 8   just want to give it to them.

 9                   THE COURT:  I know there is some trademark

10   infringement here.  Would going to mediation help

11   anything?

12                   MR. PRITCHARD:  Yeah, Your Honor, this is a

13   real simple case.  I mean, and not to belabor any of the

14   legal issues we've already talked about, but the

15   simplicity of the case is this:  Is that they have a

16   domain name that is --

17                   MS. RESTREPO:  Your Honor --

18                   MR. PRITCHARD:  -- is similar to our

19   trademark.  All we want them to do is transfer the domain

20   name to us.  That's what we want.  We don't want them

21   having another -- and the law is that you can't have a

22   domain name that is confusingly similar to a trademark.

23   That's what the case is about.

24                   MS. RESTREPO:  Your Honor, objection to him

25   arguing the case before the Court before it's called on