# Appendix Exhibit 9

Case 19-34054-sgj11 Doc 3926-58 Filed 10/11/23   Entered 10/11/23 18:49:57   Page 1 of 5
Case 19-12239-CSS   Doc 110   Filed 11/12/19   Page 1 of 5   Docket #0123  Date Filed: 12/4/2019
Case 3:21-cv-00881-X   Document 174-9   Filed 12/16/23   Page 2 of 6   PageID 17353

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) ) | Case No. 19-12239 (CSS) |
| Debtor. | ) ) | Hearing Date:  Nov. 19, 2019, at 12:00 p.m. (ET) Obj. Deadline: Nov. 12, 2019, at 4:00 p.m. (ET) |
| | ) | Docket Ref. No.  76 |

## LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE MOTION OF THE DEBTOR FOR AN ORDER AUTHORIZING THE DEBTOR TO RETAIN, EMPLOYEE, AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS

The official committee of unsecured creditors (the "Committee") of Highland Capital Management, L.P. (the "Debtor" or "Highland"), hereby submits this limited objection (this "Limited Objection") to the *Motion of the Debtor for an Order Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business* (the "Motion") [Docket No. 76].[2]  In support of this Objection, the Committee respectfully states as follows:

### INTRODUCTION

1.  The Committee was formed two weeks ago, on October 29, 2019,[3] and is in the process of gathering information and familiarizing itself with the Debtor's opaque and complex

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725).  The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3] On October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief commencing this chapter 11 case, and the United States Trustee appointed the Committee nearly two weeks later on October 29, 2019 [Docket No. 65].  The Committee moved quickly following its appointment to bring in Sidley Austin LLP ("Sidley") as its proposed counsel on October 30, 2019 and FTI Consulting Inc. ("FTI") as its proposed

25579784.1



organizational structure, business operations, and assets under management. Importantly, the Committee has requested relevant information, but, as of yet has not been able to fully familiarize itself with the Debtor's business operations and web of contractual relationships. Without the benefit of an understanding of the Debtor's normal course of business, the Committee feels compelled to object to the Motion. The Committee's chief concern is the use of the Debtor's assets to benefit non-debtor entities without an expected corresponding reimbursement from the non-debtor entity.

2. The Committee is fully aware that, in normal course, the Debtor routinely pays the fees of Ordinary Course Professionals that provide services directly to Related Entities and the Debtor is ultimately reimbursed. The Committee also fully understands that the services provided to Related Entities by the Ordinary Course Professionals may be crucial for those entities, and may very well ultimately benefit the Debtor and the Debtor's estate. For these reasons, the Committee does not object to the retention of Ordinary Course Professionals *per se*. However, as detailed more fully in the Committees' Omnibus Objection filed contemporaneously herewith,[4] the Committee has serious concerns about the potential for value to be siphoned away from the Debtor, and believes that rigorous oversight of the Debtor's assets and operations and, in particular, its transactions with other entities that may be controlled by Mr. James Dondero, or individuals who may be acting in concert with him, is needed to ensure

---

financial advisor on November 6, 2019. Sidley and FTI quickly engaged the Debtor's advisors to get up to speed on this chapter 11 case, but there has not yet been sufficient time for the Committee to even familiarize itself with the Debtor's prepetition transactions.

[4] Contemporaneously with the filing of this Objection, the Committee filed the *Omnibus Objection of the Official Committee of Unsecured Creditors to the Debtor's (I) Motion for Final Order Authorizing Continuance of the Existing Cash management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for "Ordinary Course" Transactions*.

25579784.1

2

App. 0173

that the rights of the Debtor's creditors are protected and the value of the Debtor's assets is maximized.

## OBJECTION

3. The Committee is concerned with the lack of proposed disclosures regarding the services to be performed by Ordinary Course Professionals. Specifically, the Committee notes that the Declaration required by Ordinary Course Professionals attached as Exhibit C to the Motion does not explicitly require the Ordinary Course Professional to list the full names of each legal entity it is proposed to provide services to. The Committee requests that such requirement be added to the Declaration. The Committee also requests that the Declaration include a requirement that the Ordinary Course Professional state that it is not directly or indirectly owned or controlled by the Debtor, its principals, or any affiliate thereof.

4. The Committee is concerned with the ability of Related Entities to reimburse the Debtor. The Committee requests that Related Entities be required to deposit funds with the Debtor equivalent to the highest amount of costs incurred by such Related Entity within a single month in the prior year with respect to the Ordinary Course Professionals. The Committee also requests that the total annual fees paid to Ordinary Course Professionals not exceed $3,500,000 in the aggregate. The Committee also requests that the Debtor confirm that no amounts will be paid to an Ordinary Course Professional on account of any prepetition services provided, unless pursuant to another order of the Court.

5. Lastly, the Committee is concerned with the timely availability of information related to services provided by Ordinary Course Professionals. Specifically, the Committee notes that the proposed order approving the Motion requires the Debtors to file and serve a summary, quarterly, that describes, among other things, the total amounts paid to each Ordinary

Course Professional, such amounts allocable to Related Entities, and any amounts reimbursed by Related Entities. The Committee requests that these summaries be filed monthly, list the full names of each entity that the Ordinary Course Professional provided services to, and include projected total fees and expenses to be incurred by the Ordinary Course Professional and amounts budgeted to be reimbursed by Related Entities within the following month.

*     *     *     *     *

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Committee respectfully requests that the Court sustain this Limited Objection, require the proposed language be included in any order confirming the Motion, and provide such other and any further relief as the Court may deem just and proper.

| | |
|---|---|
| Date: November 12, 2019<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Jaclyn C. Weissgerber*<br>Michael R. Nestor (No. 3526)<br>Edmon L. Morton (No. 3856)<br>Sean M. Beach, Esq. (No. 4070)<br>Jaclyn C. Weissgerber, Esq. (No. 6477)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 571-6600<br><br>-and-<br><br>SIDLEY AUSTIN LLP<br><br>Bojan Guzina, Esq. (*admitted pro hac vice*)<br>Matthew Clemente, Esq. (*admitted pro hac vice*)<br>Alyssa Russell, Esq. (*admitted pro hac vice*)<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-7000<br><br>- and –<br><br>Jessica Boelter, Esq.<br>787 Seventh Avenue<br>New York, NY 10019<br>Telephone: (212) 839-5300<br><br>- and –<br><br>Penny P. Reid, Esq. (*admitted pro hac vice*)<br>Paige Holden Montgomery, Esq. (*admitted pro hac vice*)<br>2021 McKinney Avenue, Suite 2000<br>Dallas, TX 74201<br>Telephone: (214) 981-3300<br><br>*Proposed Counsel for the Official Committee of Unsecured Creditors* |