# Appendix Exhibit 10

Case 19-34054-sgj11 Doc 3924-58 Filed 12/01/22   Entered 12/01/22 16:52:56   Page 1 of 6
Case 19-12239-CSS    Doc 124    Filed 12/04/19    Page 1 of 6
Case 3:21-cv-00881-X   Document 174-10   Filed 12/16/23   Page 2 of 7   PageID 17361
Docket #0124  Date Filed: 12/4/2019

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | Case No. 19-12239 (CSS) |
| Debtor. | Hearing Date: Nov. 19, 2019, at 12:00 p.m. (ET)<br>Obj. Deadline: Nov. 12, 2019, at 4:00 p.m. (ET) |
| | Docket Ref. Nos. 69 & 70 |

## LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF FOLEY GARDERE, FOLEY & LARDNER LLP AND LYNN PINKER COX & HURST AS SPECIAL TEXAS COUNSEL AND SPECIAL TEXAS LITIGATION COUNSEL, *NUNC PRO TUNC* TO THE PETITION DATE

The official committee of unsecured creditors (the "Committee") of Highland Capital Management, L.P. (the "Debtor" or "Highland"), hereby submits this limited objection (this "Limited Objection") to the Debtors' applications, pursuant to Sections 327(e), 328(a), and 330 of the Bankruptcy Code, for entry of orders authorizing the retention and employment of Foley Gardere, Foley & Lardner LLP ("Foley") and Lynn Pinker Cox & Hurst LLP ("Lynn Pinker," and together with Foley, the "Proposed Special Counsel") as Special Texas Litigation Counsel and Special Texas Litigation Counsel, respectively, *nunc pro tunc* to the Petition Date (collectively, the "Applications") [Docket Nos. 69 & 70].[2] In support of this Objection, the Committee respectfully states as follows:

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

[2] Citations to "Foley Application" are to Docket No. 69 and citations to "Lynn Pinker Application" are to Docket No. 70. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Applications.

25579780.1



# INTRODUCTION

1. Proposed Special Counsel have represented the both the Debtor and non-debtor defendants – including Mr. James Dondero, the founder of the Debtor – in various matters since 2016.[3] The Committee was formed two weeks ago, on October 29, 2019,[4] and is in the process of gathering information and familiarizing itself with the Debtor's opaque and complex organizational structure, business operations, and assets under management. Importantly, the Committee has requested relevant information, but as of yet has not been able to fully familiarize itself with the Debtor's web of contractual relationships and transaction histories with its many non-debtor affiliates.[5] Without the benefit of a full understanding of the Debtor's relationships and prepetition transactions with its affiliates, the Committee is unable to determine the appropriateness of Proposed Special Counsel representing both the Debtor and non-debtors in matters going forward, and whether it is appropriate for the costs of such non-debtor representation, especially in matters wholly unrelated to the Debtor, to be borne by the Debtor.[6]

2. The Committee recognizes that Proposed Special Counsel have developed knowledge and expertise from their pre-petition representation of the Debtor. The Committee

---

[3] See Lynn Pinker Application Ex. A ¶ 3.

[4] On October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief commencing this chapter 11 case, and the United States Trustee appointed the Committee nearly two weeks later on October 29, 2019 [Docket No. 65]. The Committee moved quickly following its appointment to bring in Sidley Austin LLP ("Sidley") as its proposed counsel on October 30, 2019 and FTI Consulting Inc. ("FTI") as its proposed financial advisor on November 6, 2019. Sidley and FTI quickly engaged the Debtor's advisors to get up to speed on this chapter 11 case, but there has not yet been sufficient time for the Committee to even familiarize itself with the Debtor's prepetition transactions.

[5] The Committee and its advisors intend to closely scrutinize all prepetition transactions involving the Debtor to determine whether any are avoidable and/or give rise to claims against affiliated entities.

[6] Relatedly, both the Foley Application and the Lynn Pinker Applications disclose large sums of unpaid fees and expenses that have been billed to the Debtor but remain unpaid as of the Petition Date. See Foley Application ¶ 16; Lynn Pinker Application ¶ 19. The Committee is uncertain whether such amounts should be borne by the Debtor and reserves the right to challenge such unsecured claims at the appropriate time.

25579780.1

2

App. 0179

therefore has no objection to the Proposed Special Counsel continuing to represent the Debtor in matters which provide a benefit to the Debtor's estate. The Committee does object, however, to any continuation of Proposed Special Counsels' joint representation of Debtor and non-debtor defendants without certainty of reimbursement for such fees and costs and with no justifying benefit to the Debtor's estate.

## **OBJECTION**

3. The principal concern the Committee has with respect to the Applications is the lack of clear delineation of the Proposed Special Counsel's proposed engagements and representation, and the Debtor's obligation to pay for the same. For example, the Hurst Declaration discloses Lynn Pinker's representation of Mr. Dondero in the Texas Lawsuit,[7] and within the application itself describes the services to be provided by Lynn Pinker as "Subject to approval by the Bankruptcy Court, the services that the Debtor proposes that the Firm render, and the Firm has agreed to provide, include advising the Debtor in connection with all aspects of the Pending Acis Proceedings and the Texas Lawsuit, and performing the range of services normally associated with matters such as this as the Debtor's Special Texas Litigation Counsel, which the Firm is in a position to provide in connection with the matter referred to above."[8] It is unclear whether Lynn Pinker's proposed retention is limited to representing the Debtor, or includes representation of non-debtors, including Mr. Dondero. It is also unclear if Lynn Pinker will be limited to representing the Debtor (and others) in connection with the Acis Proceedings and the Texas Lawsuit, or if these are just two matters which have been mentioned in the Lynn

---

[7] *See* Lynn Pinker Application Ex. A ¶ 3.

[8] *See* Lynn Pinker Application ¶ 17

Pinker Application.[9] As the proposed order approving the Lynn Pinker Application merely approves the retention of Lynn Parker as Special Texas Litigation Counsel "pursuant to the terms set forth in the Application,"[10] the Committee is unsure which parties Lynn Pinker proposes to represent, and in what matters, and whether the Debtor has agreed to pay for such representations.

4. The Committee also notes that the Applications do not provide for an allocation of attorneys' fees and expenses among the Debtor and non-debtor defendants.[11] The Committee is concerned that the Debtor may be bearing the cost for representations of non-debtors without any justifiable benefit to the Debtor's estate, and without any regard for whether such representations may cause a conflict of interest. Courts have found that such arrangements where the Debtor pays all fees of non-debtor defendants without explicitly justifying such arrangement in the application are improper under Section 327(e). *See In re Perez*, 389 B.R. 180, 184 (Bankr. D. Colo. 2008) (denying application pursuant to Section 327(e) where bankruptcy estate alone was to pay attorneys' fees of special counsel representing debtor and non-debtor co-defendants in appeal of a state court judgment; that "arrangement *may* have been benign enough and 'all in the family' before the Debtor's bankruptcy was filed, but once the bankruptcy case was filed, things changed" and "Debtor became a fiduciary and others had a stake") (emphasis in original).

---

[9] The Lynn Pinker Application also mentions representation of non-debtor related entity Charitable Donor Advised Fund, L.P. in an unrelated matter.

[10] *See* Lynn Pinker Application Ex. B ¶ 8.

[11] The absence of such an allocation is alone grounds to deny any fee request submitted by Proposed Special Counsel. *See In re B.E.S. Concrete Prods., Inc.*, 93 B.R. 228, 234 (Bankr. E.D. Cal. 1988) (finding proposed special counsel under Section 327(e) retained to represent debtors and non-debtors in lawsuit not entitled to recovery of fees because "[t]here [was] no allocation of the bill among the various clients" and "[s]ome services were rendered for the ultimate benefit of persons other than the debtor"). In the event this Court authorizes the retention of Proposed Special Counsel to represent Debtor and non-debtor defendants, the Committee reserves its right to contest fee applications for failure to properly allocate fees and expenses among clients.

25579780.1

4

5. Without greater clarity into the proposed representations included in the Applications, the Committee must request that the Court reject the Applications to the extent that they seek authorization for the Proposed Special Counsel to represent both the Debtor and non-debtor parties and, to the extent the Court is otherwise inclined to approve the Applications, the Court should require the non-debtor entities to deposit on a monthly basis the highest amount incurred in a single month in the prior 12 months to ensure the Debtor's estate will be reimbursed for the fees and costs incurred in connection with the representation of the non-debtor entities.

* * * * *

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Committee respectfully requests that the Court deny the relief requested in the Applications to the extent they seek authorization for the Proposed Special Counsel to represent both the Debtor and non-debtor parties and provide such other and any further relief as the Court may deem just and proper.

| | |
|---|---|
| Date: November 12, 2019<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Jaclyn C. Weissgerber*<br>Michael R. Nestor (No. 3526)<br>Edmon L. Morton (No. 3856)<br>Sean M. Beach, Esq. (No. 4070)<br>Jaclyn C. Weissgerber, Esq. (No. 6477)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 571-6600<br><br>-and-<br><br>SIDLEY AUSTIN LLP<br><br>Bojan Guzina, Esq. (*admitted pro hac vice*)<br>Matthew Clemente, Esq. (*admitted pro hac vice*)<br>Alyssa Russell, Esq. (*admitted pro hac vice*)<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-7000<br><br>- and –<br><br>Jessica Boelter, Esq.<br>787 Seventh Avenue<br>New York, NY 10019<br>Telephone: (212) 839-5300<br><br>- and –<br><br>Penny P. Reid, Esq. (*admitted pro hac vice*)<br>Paige Holden Montgomery, Esq. (*admitted pro hac vice*)<br>2021 McKinney Avenue, Suite 2000<br>Dallas, TX 74201<br>Telephone: (214) 981-3300<br><br>*Proposed Counsel for the Official Committee of Unsecured Creditors* |