# Appendix Exhibit 15

Case 19-34054-sgj11 Doc 271 Filed 12/23/19    Entered 12/23/19 17:12:11    Page 1 of 13
Case 3:21-cv-00881-X    Document 174-15    Filed 12/16/23    Page 2 of 14    PageID 17399
Docket #0271 Date Filed: 12/23/2019

United States Department of Justice
Office of the United States Trustee
1100 Commerce Street
Dallas, Texas 75242
(214) 767-1080

Lisa L. Lambert,
For the United States Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | § § § § | Case No. 19-34054-SGJ |
| Debtors-in-Possession. | § | (Chapter 11) |

## UNITED STATES TRUSTEE'S MOTION FOR AN ORDER DIRECTING
## THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

A hearing will be held on January 21, 2020. The objection and response deadlines will be governed by the Scheduling Order, ECF No. 269. The Court orally denied the U.S. Trustee's request to have this motion considered in connection with any Governance Motion. See Scheduling Order, ECF. No. 269 and transcript.

TO THE HONORABLE STACEY G.C. JERNIGAN,
UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee for Region 6 moves for an order directing the appointment of a

Chapter 11 Trustee based on cause and the best interests of the creditors. 11 U.S.C. § 1104(a).

The United States Trustee would show:

## Overview

Documented management concerns mandate a trustee in this case. This Court has recognized that Highland's management concerns involve a culture that surpasses the officers and board. Steps such as replacing the board or having a chief restructuring officer who reports to the Court rather do not fix Highland's problems.

Prior efforts to use external oversight to curtail Highland management's self-dealing have failed. As the Acis case demonstrated, the Highland Capital cases have many inter-connected relationships. A trustee can nimbly evaluate whether the inter-company transactions are in the best interests of the estate and creditors. In the Acis case, the trustee concluded other options were either superior, cheaper, or less-conflicted. A board is farther from the impact of the related-entity transactions and the culture of the debtor. It meets periodically. Here, the inter-connected relationships include the Debtor's bank as well as other legal entities.

The remedy Congress defined for these facts is a trustee. The Court should direct the appointment of a trustee.

## Jurisdiction, Power, and Standing

1. The Court has subject matter jurisdiction under 28 U.S.C. § 1334, 28 U.S.C. § 157(a)(1), and the standing order of reference. Appointing a trustee or examiner impacts the case administration and therefore is a core matter that the Court has the power to resolve. 28 U.S.C. § 157(b)(2)(A).

2. The United States Trustee has standing to seek appointment of a trustee or examiner. 11 U.S.C. §§ 307, 1104.

## Facts

*The Acis case involved findings of fraud, self-dealing, and mismanagement by this debtor:*

3. This Court presided over the Acis bankruptcy case, case number 18-30264. In *Acis*, the Court catalogued the decision-making authority as belonging to James Dondero, as president; Mark K. Akada, chief investment officer with a decreasing role; Frank Waterhouse, as treasurer; and –by delegation of authority – Highland in-house counsel Scott Levington and Isaac Leventon. With the exception of Mark K. Akada, the same individuals have decision-making authority for the debtor-in-possession. *In re Acis Capital Mgmt., Inc.*, 584 B.R. 115, 119, 131. The Court found the Acis witnesses' testimony "of questionable reliability and, oftentimes, there seemed to be an effort to convey plausible deniability." *Acis*, 584 B.R. at 131.

4. "[S]ince the arbitration award [in favor of Terry, the petitioning creditor], there has been a calculated effort (largely by Highland) to effectively liquidate the Alleged [Acis] Debtors." *Acis*, 584 B.R. at 148. The Court found the Alleged Debtors were "really out to protect –Highland and Highland-affiliates" in contravention of their fiduciary duties of loyalty. *Acis*, 584 B.R. at 149.

5. In addition to finding breaches of fiduciary duty when Highland promoted its self-interests over those of Acis creditors, the Court found "evidence of both intentional and constructive fraudulent transfers." *In re Acis Capital Mgmt., L.P.*, 2019 WL 417149, at *11 (confirmation opinion also referencing "actual intent to hinder, delay, or defraud").

6. After the Court directed the appointment of the Acis chapter 11 trustee, the chapter 11 trustee found service providers unrelated to Highland entities. These providers were cheaper and decreased conflicts.

*The following section is redacted to honor the interim sealing order. The United States Trustee has simultaneously filed an objection to the motion to seal.*





*Prior Efforts to Cabin Highland Capital Management's Self-Dealing and Other Willful and Intentional Acts Have Failed.*

14. Highland has been found to engage in self-dealing and other misconduct for years. The prior efforts to remediate and change the culture have failed.

15. In 2014, the SEC determined that Highland had historically engaged in multiple transactions in its client advisory accounts without disclosing that Highland was acting as principal or obtaining client consent before the trades were completed. The SEC required

Highland to retain an outside compliance consultant and to implement that consultant's recommendations.

16. ███████████████████████████████████████████████████
███████████████████████████████████████████████████

17. Cumulatively, the findings of this Court and other tribunals establish that the problems exist in the management culture at Highland. These problems go beyond the officers and directors.

18. The general partner of Highland is controlled by Dondero.

19. Moreover, the integrated nature of the board for Highland-related entities allows for the possibility that individuals removed from the board and from management may still monitor the financial transactions and use their relationships with the Highland's employees to direct outcomes. For example, Highland proposes to bank, in part, with NexBank. The NexBank website reflects that Dondero chairs the board and Okada is a director. Similarly, Highland Management, the debtor, has intercompany transactions with Highland Capital Management Korea Limited, Highland Capital Management Latin America, L.P., and Highland Capital Management (Singapore) Pte Ltd.

## Legal Analysis and Argument

20. The United States Trustee is charged with monitoring the federal bankruptcy system. *See* 28 U.S.C. § 586(a)(3); *see also United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)* 33 F.3d 294, 295-96 (3d Cir. 1994).

21. Before confirmation, the Court "shall order the appointment of a trustee . . . for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, *either* before *or* after the commencement of the case, or similar

cause." 11 U.S.C. §1104(a)(1) (emphasis added). In addition, by adding appointment of a trustee as a remedy in section 1112, "cause" also may be factors traditionally resulting in dismissal or conversion. 11 U.S.C. §1112(b)(1). Here, an additional factor is "bad faith." Alternatively, the Court must appoint a trustee "if such appointment is in the interest of the creditors, any equity security holders, and other interests of the estate." 11 U.S.C. § 1104(a)(2).

22. The Fifth Circuit has indicated that the burden of proof for the appointment of a trustee is "clear and convincing" evidence, but the Court later adopted the dissent's opinion. *Cajun Elec. Co. v. Louisiana Elec. Co. (In re Cajun Electric Power Co-Op, Inc.)*, 69 F.3d 746, *on reh'g*, 74 F.3d 599 (5th Cir. 1996) (adopting dissent).[1]

23. The duties of a trustee are defined in section 1106, and the Court has the ability to tailor some of them. 11 U.S.C. § 1106(a).

24. The "cause" to appoint an examiner or a trustee may be a reason other than the enumerated factors. *Oklahoma Ref. Co. v. Blaik (In re Oklahoma Ref. Co.)*, 838 F.2d 1133, 1136 (10th Cir. 1988); *cf. Little Creek Dev. Corp. v. Commonwealth Mortg. Corp. (In re Little Creek Dev. Corp.)*, 779 F.2d 1068, 1072 (5th Cir. 1986) (defining "cause" in context of dismissal statute).

25. For example, courts have appointed trustees or examiners when the debtor's insiders have conflicts of interest arising from the sale of the Debtor's assets. In *Cajun Electric*, the Fifth Circuit affirmed the appointment of a trustee, in part, because the co-operative members

---

[1] In *Grogan v. Garner*, the United States Supreme Court held that the burden of proof for dischargeability fraud actions was preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991). In reaching this holding, the Supreme Court cataloged both bankruptcy and non-bankruptcy fraud statutes and held that Congress generally imposed a preponderance standard for fraud in civil proceedings.

Case 3:21-cv-00881-X Document 174-15 Filed 12/16/23 Page 9 of 14 PageID 17406

were interested in purchasing part or all of Cajun Electric's assets. *Cajun Elec. Power Cooperative, Inc. v. Central Louisiana Elec. Co., Inc. (In re Cajun Elec. Power Cooperative, Inc.)*, 69 F.3d 746, 751 (5th Cir. 1995) (Garza, J., dissenting), *adopted as majority opinion on reh'g*, 74 F.3d 599 (5th Cir. 1996). The Fifth Circuit held that "a trustee may be the only effective way to pursue reorganization" when the management has cross-purposes. *Cajun Elec.*, 69 F.2d at 751.

*Cause exists to appoint a chapter 11 trustee:*

26. Here, both express statutory standards and the common law case standards for "cause" exist. Specifically, "fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor" and bad faith exist under the facts of this case.[2]

27. The record regarding a series of self-dealing categories reflects both incompetence and gross mismanagement. *SEC Judgment, pp. 5-7.*

28. Other "cause" exists to appoint a trustee because tribunals have historically found the management's testimony unreliable and the Debtor's actions as reflecting willfulness and intent. This Court has found that the Debtor's management had fraudulent intent when it removed assets from Acis.

*It is in the best interests of creditors to appoint a chapter 11 trustee.*

29. Appointment of chapter 11 trustee is also in the interests of creditors, equity security holders, and other interests of the estate. The Court should direct the appointment of a chapter 11 trustee to serve the "interests of creditors, any equity security holders, and other interests of the estate." 11 U.S.C. §1104(a)(2).

---

[2] "The United States trustee shall move for the appointment of a trustee under subsection (a) if there are reasonable grounds to suspect that current members of the governing body of the debtor, the debtor's chief executive officer . . . participated in actual fraud, dishonesty, or criminal conduct in the management of the debtor or the debtor's public financial reporting." 11 U.S.C. §1104(e).

App. 0223

30. First, it is in the best interest of the creditors to have an independent trustee to assume control over the estate in order to evaluate any alter ego claims, avoidance actions, and other tort claims.

31. Second, it is in the best interest of the creditors and other parties-in-interest to have accurate financial information. Accurate financial information ensures parties understand the facts of the case and avoids post-petition liabilities for violations. Like the information provided to investors in securities filings, the information provided in a bankruptcy case depends on affirmative disclosure.

32. Other efforts to check or monitor the Debtor's management have failed. The Acis trustee's actions reflect a need to be able to bid competing services and replace related-entities when conflicts of interest or cost concerns arise.

33. Congress has defined the remedy for the facts of this case. "The court shall order the appointment of a trustee." 11 U.S.C. § 1104(a).

## Conclusion

For the foregoing reasons, the United States Trustee requests the Court to

a    order the United States Trustee to appoint a Chapter 11 Trustee; or

b    grant to the United States Trustee such other and further relief as is just and proper.

Dated: December 23, 2019

Respectfully Submitted,
WILLIAM T. NEARY
UNITED STATES TRUSTEE

/s/Lisa L. Lambert
Lisa L. Lambert
Asst. U.S. Trustee, TX 11844250 (and NY)
Office of the United States Trustee
1100 Commerce St. Room 976
Dallas, Texas 75242
(214) 767-1080
Lisa.L.Lambert@usdoj.gov

## Certificate of Service

I certify that on December 23, 2019, I sent copies of the foregoing document on to the attached service lists by first class United States mail and by ECF notification to those listed below.

/s/ Lisa L. Lambert
Lisa L. Lambert

| | | |
|---|---|---|
| **Highland Capital Management**<br>300 Crescent Court<br>Suite 700<br>Dallas, TX 75201 | **Pachulski Stang Ziehl & Jones LLP**<br>Richard M. Pachulski, Jeffrey N. Pomerantz,<br>Ira D. Kharasch, Maxim B. Litvak, James E. O'Neill<br>919 North Market Street<br>17th Floor<br>Wilmington, DE 19801 | **Pachulski Stang Ziehl & Jones LLP**<br>Richard M. Pachulski, Jeffrey N. Pomerantz,<br>Ira D. Kharasch, Maxim B. Litvak, James E. O'Neill<br>10100 Santa Monica Blvd, 13th Floor<br>Los Angeles, CA 90067 |
| **Kurtzman Carson Consultants**<br>Joe Morrow<br>222 N. Pacific Coast Hwy Ste 300<br>El Segundo, CA 90245 | **Hayward & Associates PLLC**<br>Melissa S. Hayward, Zachery Z. Annable<br>10501 N. Central Expy, Ste. 106<br>Dallas, TX 75231 | **Pachulski Stang Ziehl & Jones LLP**<br>Maxim B. Litvak<br>150 California Street, 15th Floor<br>San Francisco, CA 94111-4500 |
| **Pachulski Stang Ziehl & Jones LLP**<br>John A. Morris and Gregory V. Demo<br><br>780 Third Avenue, 34th Floor<br>New York, NY 10017-2024 | **Ashby & Geddes, P.A.**<br>William P. Bowden, Esq., Michael D. DeBaecke, Esq.<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899-1150 | **BBVA**<br>Michael Doran<br>8080 North Central Expressway<br>Suite 1500<br>Dallas, TX 75206 |
| **Blank Rome LLP**<br>John E. Lucian, Josef W. Mintz<br>1201 N. Market Street, Suite 800<br>Wilmington, DE 19801 | **Carlyon Cica Chtd.**<br>Candace C. Carlyon, Esq., Tracy M. Osteen, Esq.<br>265 E. Warm Springs Road, Suite 107<br>Las Vegas, NV 89119 | **Chipman, Brown, Cicero & Cole, LLP**<br>Mark L. Desgrosseilliers<br>Hercules Plaza<br>1313 North Market Street, Suite 5400<br>Wilmington, DE 19801 |
| **Cole, Schotz, Meisel, Forman & Leonard, P.A.**<br>Michael D. Warner, Esq.<br>301 Commerce Street, Suite 1700<br>Fort Worth, TX 76102 | **Condon Tobin Sladek Thornton PLLC**<br>J. Seth Moore<br>8080 Park Lane, Suite 700<br>Dallas, TX 75231 | **Cross & Simon LLC**<br>Michael L. Vild, Esquire<br>1105 N. Market Street, Suite 901<br>Wilmington, DE 19801 |
| **Dentons US LLP**<br>Lauren Macksoud, Esq.<br>1221 Avenue of the Americas<br>New York, NY 10020-1089 | **Dentons US LLP**<br>Patrick C. Maxcy, Esq.<br>233 South Wacker Drive<br>Suite 5900<br>Chicago, IL 60606-6361 | **Frontier State Bank**<br>Attn: Steve Elliot<br>5100 South I-35 Service Road<br>Oklahoma City, OK 73129 |
| **Frost Brown Todd LLC**<br>Mark A. Platt<br>100 Crescent Court, Suite 350<br>Dallas, TX 75201 | **Gibson, Dunn & Crutcher LLP**<br>Marshall R. King, Esq., Michael A. Rosenthal, Esq. & Alan Moskowitz, Esq.<br>200 Park Avenue<br>New York, NY 10066 | **Gibson, Dunn & Crutcher LLP**<br>Matthew G. Bouslog, Esq.<br>3161 Michelson Drive<br>Irvine, CA 92612 |
| **Hunter Mountain Investment Trust**<br>c/o Rand Advisors LLC<br>John Honis<br>87 Railroad Place Ste 403<br>Saratoga Springs, NY 12866 | **Internal Revenue Service**<br>Attn Susanne Larson<br>31 Hopkins Plz Rm 1150<br>Baltimore, MD 21201 | **Internal Revenue Service**<br>Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| **Internal Revenue Service**<br>Centralized Insolvency Operation<br>2970 Market St<br>Philadelphia, PA 19104 | **Jackson Walker L.L.P.**<br>Michael S. Held<br>2323 Ross Avenue, Suite 600<br>Dallas, TX 75201 | **Jefferies LLC**<br>Director of Compliance<br>520 Madison Avenue, 16th Floor<br>Re: Prime Brokerage Services<br>New York, NY 10022 |
| **Jefferies LLC**<br>Office of the General Counsel<br>520 Madison Avenue, 16th Floor<br>Re: Prime Brokerage Services<br>New York, NY 10022 | **Jenner & Block LLP**<br>Marc B. Hankin, Richard Levin<br>919 Third Avenue<br>New York, NY 10022-3908 | **Kane Russell Coleman Logan PC**<br>John J. Kane<br>901 Main Street, Suite 5200<br>Dallas, TX 75242-1699 |

App. 0226

**KeyBank National Association**
as Administrative Agent
225 Franklin Street, 18th Floor
Boston, MA 02110

**KeyBank National Association**
as Agent
127 Public Square
Cleveland, OH 44114

**Kurtzman Steady, LLC**
Jeffrey Kurtzman, Esq.
401 S. 2nd Street, Suite 200
Philadelphia, PA 19147

**Latham & Watkins LLP**
Asif Attarwala
330 N. Wabash Avenue, Ste. 2800
Chicago, IL 60611

**Latham & Watkins LLP**
Jeffrey E. Bjork
355 South Grand Avenue, Ste. 100
Los Angeles, CA 90071

**Linebarger Goggan Blair & Sampson LLP**
Elizabeth Weller, Laurie A. Spindler
2777 N. Stemmons Freeway
Suite 1000
Dallas, TX 75207

**Lynn Pinker Cox & Hurst, L.L.P.**
Michael K. Hurst, Esq.
2100 Ross Avenue, Ste 2700
Dallas, TX 75201

**Mark K. Okada**
300 Crescent Court
Suite 700
Dallas, TX 75201

**Morris, Nichols, Arsht & Tunnell LLP**
Curtis S. Miller, Kevin M. Coen
1201 North Market Street, Suite 1600
Wilmington, DE 19801

**Morrison Cohen LLP**
Joseph T. Moldovan, Esq. & Sally Siconolfi,
Esq.
909 Third Avenue
New York, NY 10022

**NexBank**
John Danilowicz
2515 McKinney Ave
Ste 1100
Dallas, TX 75201

**Nixon Peabody LLP**
Louis J. Cisz, III, Esq.
One Embarcadero Center, 32nd Floor
San Francisco, CA 94111

**Office of General Counsel**
Securities & Exchange Commission
100 F St NE
Washington, DC 20554

**Office of the Attorney General**
Ken Paxton
300 W. 15th Street
Austin, DE 78701

**Office of the Attorney General**
Main Justice Building, Room 5111
10th & Constitution Avenue, N.W.
Washington, DC 20530

**Office of the United States Attorney**
Erin Nealy Cox, Esquire
1100 Commerce Street, 3rd Floor
Dallas, TX 75202

**Office of the United States Trustee**
Lisa L. Lambert, Esquire
1100 Commerce Street, Room 976
Earle Cabell Federal Building
Dallas, TX 75242

**Pension Benefit Guaranty Corporation**
Michael I. Baird
Office of the General Counsel
1200 K Street, N.W.
Washington, DC 20005-4026

**Perdue, Brandon, Fielder, Collins & Mott,
L.L.P.**
Linda D. Reece
1919 S. Shiloh Rd., Suite 310
Garland, TX 75042

**Potter Anderson & Corroon LLP**
Jeremy W. Ryan, Esq., R. Stephen McNeill,
Esq. & D. Ryan Slaugh, Esq.
1313 North Market Street, 6th Floor
Wilmington, DE 19801

**Prime Brokerage Services**
Jefferies LLC
520 Madison Avenue
New York, NY 10022

**Pronske & Kathman, P.C.**
Jason P. Kathman
2701 Dallas Parkway, Suite 590
Plano, TX 75093

**Richards, Layton & Finger PA**
Michael J. Merchant, Sarah E. Silveira
One Rodney Square
920 North King Street
Wilmington, DE 19801

**Schulte Roth & Zabel LLP**
James T. Bentley
919 Third Avenue
New York, NY 10022

**Securities & Exchange Commission**
Andrew Calamari, Regional Director
New York Regional Office
Brookfield Place, Suite 400
200 Vesey Street
New York, NY 10281

**Securities & Exchange Commission**
Sharon Binger, Regional Director
Philadelphia Regional Office
One Penn Center, Suite 520
1617 JFK Boulevard
Philadelphia, PA 19103

**Sidley Austin LLP**
Bojan Guzina, Matthew Clemente, Alyssa
Russell, Elliot A. Bromagen
One South Dearborn Street
Chicago, IL 60603

**Sidley Austin LLP**
Jessica Boelter
787 Seventh Avenue
New York, NY 10019

**Sidley Austin LLP**
Lee S. Attanasio, Esq.
787 Seventh Avenue
New York, NY 10019

**Sidley Austin LLP**
Penny P. Reid, Paige Holden Montgomery,
Charles M. Person, Juliana Hoffman
2021 McKinney Avenue Suite 2000
Dallas, TX 75201

| | | |
|---|---|---|
| **State Comptroller of Public Accounts**<br>Revenue Accounting Division-<br>Bankruptcy Section<br>P.O. Box 13258<br>Austin, TX 78711 | **State of Delaware**<br>Division of Corporations - Franchise Tax<br>401 Federal Street<br>PO Box 898<br>Dover, DE 19903 | **Strand Advisors, Inc.**<br>300 Crescent Court<br>Suite 700<br>Dallas, TX 75201 |
| **Sullivan Hazeltine Allinson LLC**<br>William A. Hazeltine, Esq.<br>901 North Market Street, Suite 1300<br>Wilmington, DE 19801 | **Texas Attorney General's Office**<br>Bankruptcy-Collections Division<br>P.O. Box 12548<br>Austin, TX 78711-2548 | **The Dugaboy Investment Trust**<br>300 Crescent Court<br>Suite 700<br>Dallas, TX 75201 |
| **The Mark and Pamela Okada Family Trust –**<br>**Exempt Trust #1**<br>300 Crescent Court<br>Suite 700<br>Dallas, TX 75201 | **The Mark and Pamela Okada Family Trust –**<br>**Exempt Trust #2**<br>300 Crescent Court<br>Suite 700<br>Dallas, TX 75201 | **U.S. Department of the Treasury**<br>Office of General Counsel<br>1500 Pennsylvania Avenue, NW<br>Washington, DC 20220 |
| **United States Attorney General**<br>U.S. Department of Justice<br>William Barr, Esquire<br>950 Pennsylvania Avenue, NW,<br>Room 4400<br>Washington, DC 20530-0001 | **Winstead PC**<br>Rakhee V. Patel, Phillip Lamberson<br>2728 N. Harwood Street, Suite 500<br>Dallas, TX 75201 | **Young Conaway Stargatt & Taylor, LLP**<br>Michael R. Nestor, Edmon L. Morton, Sean M. Beach, Esq., Jaclyn C. Weissgerber, Esq.<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801 |
| **Zillah A. Frampton**<br>Bankruptcy Administrator<br>Delaware Division of Revenue<br>Carvel State Office Building, 8th Floor<br>820 N. French Street<br>Wilmington, DE 19801 | | |