# Appendix Exhibit 20

Case 19-34054-sgj11 Doc 451 Filed 02/14/20 Entered 02/14/20 10:43:47 Page 1 of 5
Case 3:21-cv-00881-X Document 174-20 Filed 12/16/23 Page 2 of 6 PageID 17331
Docket #0451 Date Filed: 02/14/2020

Brian P. Shaw, Texas Bar No. 24053473
ROGGE DUNN GROUP, PC
500 N. Akard St., Suite 1900
Dallas, Texas 75201
Telephone: (214) 220-3888
Facsimile: (214) 220-3833
shaw@roggedunngroup.com

**ATTORNEYS JOSHUA N. TERRY AND JENNIFER G. TERRY**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | Chapter 11 |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW PURSUIT OF STATE COURT ACTION AGAINST NON-DEBTORS**

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-l(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABEL FEDERAL BUILDING, 1100 COMMERCE ST., RM. 1254, DALLAS, TX 75242 BEFORE CLOSE OF BUSINESS ON MARCH 2, 2020, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

Creditors Joshua N. Terry and Jennifer G. Terry (the "Terrys") file this Motion for Relief from the Automatic Stay to Allow Pursuit of State Court Action Against Non-Debtors (the "Motion") pursuant to 11 U.S.C. § 362(d), and show the Court as follows:

## SUMMARY OF MOTION

1. Out of an abundance of caution, the Terrys request stay relief to pursue their state court claims against non-debtors James Dondero ("Dondero") and Thomas Surgent ("Surgent"). In state court litigation, Surgent and Dondero, along with the Debtor Highland Capital Management, L.P. (the "Debtor"), agreed to pay the Terrys $425,000.00 to resolve claims associated with the theft of monies from the Terrys' retirement accounts. Surgent and Dondero are jointly and severally liable with the Debtor for that amount. In state court, the Terrys wish to sever their claims from those against the Debtor and recoup their retirement savings from Surgent and Dondero. The Terrys have been deprived of their stolen retirement savings for more than three years, and it is about time they get back what was stolen from them in 2016.

## JURISDICTION

2. This Court has jurisdiction over the Motion by virtue of 11 U.S.C. §§103, 361, 362, 363 and 28 U.S.C. §§1334(b), 157(b).

## RELEVANT FACTS

3. As this Court knows, an arbitration panel of three well-respected former state court jurists issued a scathing arbitration award involving actions of the Debtor's former affiliates and present employees, including Dondero and Surgent. A true and correct copy of the arbitration award is attached hereto as **Exhibit 1**. The arbitration panel found that approximately $350,000.00 in the Terrys' retirement accounts were *converted* and that their claims for conversion and damages "should be stated against those parties or others, elsewhere." Ex. 1 at p. 16.

4. The Terrys did as the arbitration panel advised and brought those claims in state court for the conversion of their retirement accounts against the orchestrators of the scheme:

Highland, Dondero and Surgent. The state court suit is in the 162nd District Court of Dallas County, Texas, Case No. DC-16-11396 (the "State Court Litigation").

5. On October 2, 2019, the parties to the State Court Litigation settled, as reflected in the agreement attached hereto as **Exhibit 2,** which is a legally-enforceable agreement pursuant to Texas Rule of Civil Procedure 11 (the "Rule 11"). The Rule 11 provides, among other things, that "Defendants shall pay Plaintiffs $425,000" and **"[t]he parties will mutually, fully, and comprehensively release each other with usual and customary releases (we do not intend to settle this matter if it is Defendants' intent to use one of their thousands of entities, funds, or affiliates to sue, directly or indirectly, Mr. or Mrs. Terry)**; however, the releases shall not release Highland CLO Funding Ltd.'s claims in Guernsey nor any claims of Acis Capital Management, LP or Acis Capital Management GP, LLC." Ex. 2 (emphasis added).

6. On October 16, 2019, Debtor filed this bankruptcy case.

7. On October 21, 2019, Debtor filed a Suggestion of Bankruptcy in the State Court Litigation.

8. Attached hereto as **Exhibit 3** is a declaration of Joshua N. Terry setting out the aforementioned facts.

## ARGUMENT & AUTHORITY

9. "Cause" exists for relief from the automatic stay permitting the Terrys to:

(a) File and pursue to order a motion to sever claims against Dondero and Surgent from those against Debtor, such that the State Court Litigation will have two separate causes with separate defendants, one with the Debtor and one with Dondero and Surgent;

(b) Pursue their claims against Surgent and Dondero in the severed action.

10. Other than severing the claims against Dondero and Surgent from those against the Debtor, the latter of which will remain stayed by the automatic stay, the requested relief will not affect the Debtor.

11. "[W]hile the stay protects the debtor who has filed a bankruptcy petition, litigation can proceed against other co-defendants." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985). The Terrys request the Court grant them stay relief to sever and pursue their state law claims against the Debtor's co-defendants, Dondero and Surgent.

WHEREFORE, PREMISES CONSIDERED, the Terrys respectfully request that upon hearing of the Motion, the Court grants the Terrys the following stay relief to:

(a) File and pursue to order a motion to sever claims against Dondero and Surgent from those as against Debtor, such that the State Court Litigation will have two separate causes with separate defendants, one with the Debtor and one with Dondero and Surgent;

(b) Pursue their claims against Surgent and Dondero in the severed action.

The Terrys also request the Court grant such other and further relief to which they are entitled.

Dated: February 14, 2020

Respectfully Submitted,

    */s/ Brian P. Shaw*
**BRIAN P. SHAW**
State Bar No. 24053473
shaw@roggedunngroup.com

**ROGGE DUNN GROUP, PC**
500 N. Akard St, Suite 1900
Dallas, Texas 75201
Telephone: (214) 888-5000
Facsimile: (214) 220-3833

**ATTORNEYS FOR JOSHUA N. TERRY AND JENNIFER G. TERRY**

## CERTIFICATE OF CONFERENCE

I hereby certify that I personally conferred with John Morris, counsel for the Debtor. Despite counsel for the Debtor and the Terrys' efforts to resolve this matter, a resolution has not yet been reached, therefore this matter is presented to the Court. Counsel for the Debtor and the Terrys will continue to engage in an effort to resolve the matters raised by this Motion.

    */s/ Brian P. Shaw*
Brian P. Shaw

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on February 14, 2020, through the Court's ECF noticing system upon those parties who have requested and agreed to electronic notification.

    */s/ Brian P. Shaw*
Brian P. Shaw