# Appendix Exhibit 21

Case 19-34054-sgj11 Doc 453 Filed 02/14/20    Entered 02/14/20 15:53:28    Page 1 of 8
Case 3:21-cv-00881-X   Document 174-21   Filed 12/16/23   Page 2 of 9   PageID 17537
Docket #0453  Date Filed: 02/14/2020

Rakhee V. Patel – State Bar No. 00797213
Phillip Lamberson – State Bar No. 00794134
Annmarie Chiarello – State Bar No. 24097496
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Telephone:  (214) 745-5400
Facsimile:  (214) 745-5390
rpatel@winstead.com
plamberson@winstead.com
achiarello@winstead.com

Brian P. Shaw – State Bar No. 24053473
**ROGGE DUNN GROUP, PC**
500 N. Akard Street, Suite 1900
Dallas, Texas 75201
Telephone: (214) 888-5000
Facsimile:  (214) 220-3833
shaw@roggedunngroup.com

**COUNSEL FOR ACIS CAPITAL MANAGEMENT, L.P AND ACIS CAPITAL MANAGEMENT GP, LLC**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § § | **CASE NO. 19-34054** |
| DEBTOR. | § § | Chapter 11 |

## ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OBJECTION TO THE SECOND MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF FOLEY GARDERE, FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM DECEMBER 1, 2019 THROUGH DECEMBER 31, 2019

Acis Capital Management, L.P. ("Acis LP") and Acis Capital Management GP, LLC ("Acis GP," together with Acis LP, "Acis") file this *Objection* (the "Second Objection") to the *Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP As Special Texas Counsel for the Period from December 1, 2019 through December 31, 2019* [Docket No. 394] (the "Second Fee Application ").

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OBJECTION TO THE SECOND MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF FOLEY GARDERE, FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM DECEMBER 1, 2019 THROUGH DECEMBER

¡¡¡¡¡¡¡¡¡¡¡¡¡¡¡¡¡¡¡¡¡¡¡¡¡¡¡¡¡¡
1934054200214000000000004

## I.     OBJECTION

1. Acis filed a *Limited Objection to the Debtor's: (I) Application for An Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel, Nunc Pro Tunc to the Petition Date; and (II) Application for An Order Authorizing The Retention of Lynn Pinker Cox, & Hurst LLP as Special Texas Counsel, Nunc Pro Tunc to the Petition Date* [Docket No. 120] (the "Acis Foley Employment Objection") to the *Debtor's Application for An Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel, Nunc Pro Tunc to the Petition Date* [Docket No. 68] (the "Foley Employment Application") filed by Highland Capital Management, L.P. (the "Debtor"). The Official Committee of Unsecured Creditors of the Debtor (the "UCC") also filed a *Limited Objection to the Debtor's Application for An Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel and Lynn Pinker Cox, & Hurst LLP as Special Texas Counsel, Nunc Pro Tunc to the Petition Date* [Docket No. 124] (the "UCC Foley Employment Objection"). Acis expressly incorporates the arguments and authorities set forth in the Acis Foley Employment Objection and the UCC Foley Employment Objection into this Second Objection.

2. Acis filed its *Objection to the First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP As Special Texas Counsel for the Period from October 16, 2019 through November 30, 2019* [Docket No. 353] (the "First Objection"), objecting to the *First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP As Special Texas Counsel for the Period from*

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OBJECTION TO THE SECOND MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF FOLEY GARDERE, FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM DECEMBER 1, 2019 THROUGH DECEMBER 31, 2019     Page 2 of 8

App. 0355

*October 16, 2019 through November 30, 2019* [Docket No. 270] (the "First Fee Application"). Acis expressly incorporates the arguments and authorities set forth in the First Objection.

3. This Court should deny the Second Fee Application of Foley Gardere, Foley & Lardner LLP ("Foley"), as this Court has not authorized the Debtor to employ Foley. The Foley Employment Application, the Acis Foley Employment Objection, and the UCC Foley Employment Objection are set for hearing on February 19, 2020. As acknowledged by footnote two of the Second Fee Application, this Court has not authorized the Debtor to employ Foley. It is axiomatic that Sections 327, 330, and 331 of the Bankruptcy Code require a professional to be employed pursuant to the applicable statutory section *before* compensation may be awarded. *See Lamie v. United States Tr.,* 540 U.S. 526, 538 (2004) ("330(a)(1) does not authorize compensation awards to debtors' attorneys from estate funds, unless they are employed as authorized by § 327"); *see also In re Aladdin Petroleum Co*., 85 B.R. 738, 740 (Bankr. W.D. Tex. 1988) (this Court concludes that [the Professional's] services were those of a professional person, that Court permission was therefore a prerequisite to his retention, and thus without such permission, he is not entitled to compensation"); *In re Palacios*, No. 14-70076, 2016 Bankr. LEXIS 249, at *42 (Bankr. S.D. Tex. Jan. 27, 2016) ("the Code clearly sets an order of employment as a prerequisite for compensation to be awarded").

4. Court-authorized employment is a prerequisite to compensation even on an interim basis. The plain language of Section 331 states "…any professional person ***employed under section 327*** or 1103 of this title may apply to the court…for such compensation for services rendered…as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement."

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OBJECTION TO THE SECOND MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF FOLEY GARDERE, FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM DECEMBER 1, 2019 THROUGH DECEMBER 31, 2019 Page 3 of 8

App. 0356

11 U.S.C. § 331. Section 331 of the Bankruptcy Code clearly states that employment under Sections 327 or 1103 is a prerequisite for interim compensation. Section 330 requires the same. *See* 11 U.S.C. § 330(a).

5. This Court has not authorized the Debtor to employ Foley. Therefore, Acis objects to the interim allowance and payment of Foley's fees and expenses, as requested by the Second Fee Application.

6. Additionally, as set forth in the Acis Foley Employment Objection and the UCC Foley Employment Objection, Acis objects to the extent the Second Fee Application requests the allowance and payment of fees and expenses for work performed by Foley on behalf of non-debtor entities. As more fully set forth in the Acis Foley Employment Objection, Acis continues to be concerned about fees and expenses incurred by Neutra, Ltd. ("Neutra"), a non-debtor and an affiliate of James Dondero. A significant portion of the fees and expenses included on the Fee Application appear to relate to the Debtor's and Neutra's appeal of Acis's plan of reorganization, which is currently pending in the United States Court of Appeals for the Fifth Circuit under Case Number 19-10847 (the "Confirmation Appeal"). Foley represents both Neutra and the Debtor in the Confirmation Appeal. It appears that the Debtor has been billed 100-percent of the legal fees related to the Confirmation Appeal. Given that this work was performed, in part, for a non-debtor and not likely to benefit the estate, even if Foley is permitted to be retained by the Debtor, the fees and expenses related to the Confirmation Appeal should not be awarded.

7. The Foley Employment Application seeks to be employed as special counsel under Section 327(e). The Foley Employment Application does not seek to employ Foley as *general* bankruptcy counsel. The Second Fee Application, although heavily redacted, appears to

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OBJECTION TO THE SECOND MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF FOLEY GARDERE, FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM DECEMBER 1, 2019 THROUGH DECEMBER 31, 2019   Page 4 of 8

App. 0357

demonstrate that Foley is acting, in part, as general bankruptcy counsel.  For example, on December 4, 2019, Holly O'Neil "provide information to Highland to assist with Schedules and SOFAs (.3)."  *See* Second Fee Application p. 19.  Additionally, the Second Fee Application states it "Foley addressed issues and multiple objections to the Foley and Lynn Pinker retention applications and assisted with responses to the objections."  *See* Second Fee Application p. 10.  Given that Foley has not sought to be employed as general bankruptcy counsel, it is not clear how under the proposed Foley Employment Application, Foley will be entitled to bill the estate for work related to a *different* law firm's employment matters.

## II.    PRAYER

Acis respectfully requests that this Court deny the Second Fee Application.  Acis also requests such other and further relief to which it may show itself to be justly entitled.

**DATED:  February 14, 2020.**

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OBJECTION TO THE SECOND MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF FOLEY GARDERE, FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM DECEMBER 1, 2019 THROUGH DECEMBER 31, 2019              Page 5 of 8

App. 0358

Respectfully submitted,


By: */s/ Rakhee V. Patel*
Rakhee V. Patel
State Bar No. 00797213
Phillip Lamberson
State Bar No. 00794134
Annmarie Chiarello
State Bar No. 24097496
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Telephone:  (214) 745-5400
Facsimile:   (214) 745-5390
rpatel@winstead.com
plamberson@winstead.com
achiarello@winstead.com

-and-

Brian P. Shaw
State Bar No. 24053473
**ROGGE DUNN GROUP, PC**
500 N. Akard Street, Suite 1900
Dallas, Texas 75201
Telephone: (214) 888-5000
Facsimile:  (214) 220-3833
shaw@roggedunngroup.com

**COUNSEL FOR ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC**

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OBJECTION TO THE SECOND MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF FOLEY GARDERE, FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM DECEMBER 1, 2019 THROUGH DECEMBER 31, 2019    Page 6 of 8

App. 0359

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2020, notice of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District. I further certify that on February 14, 2020, this document will be sent by e-mail and first class mail to the parties listed below.

*/s/ Annmarie Chiarello*
One of Counsel

Highland Capital Management, L.P.
Attn: Isaac Leventon, Esq.
300 Crescent Court, Suite 700
Dallas, TX 75201
(ileventon@highlandcapital.com);

Highland Capital Management, L.P.
c/o Pachulski Stang Ziehl & Jones LLP,
James E. O'Neill, Esq.
919 N. Market Street, 17th Floor
Wilmington, DE 19801
(joneill@pszjlaw.com)

Highland Capital Management, L.P.
c/o Pachulski Stang Ziehl & Jones LLP
Attn: Jeffrey N. Pomerantz, Esq.
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067-4003
(jpomerantz@pszj law.com

Official Committee of Unsecured Creditors
of Highland Capital Management, L.P.
c/o Sidley Austin LLP
Attn: Jessica Boelter, Esq.
787 Seventh Avenue
New York, NY 10019
(jboelter@sidley.com)

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OBJECTION TO THE SECOND MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF FOLEY GARDERE, FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM DECEMBER 1, 2019 THROUGH DECEMBER 31, 2019    Page 7 of 8

App. 0360

Official Committee of Unsecured Creditors
of Highland Capital Management, L.P.
c/o Sidley Austin LLP
Attn: Bojan Guzina
One South Dearborn Street
Chicago, IL 60603
bguzina@sidley.com

Young Conaway Stargatt & Taylor, LLP
Attn: Michael R. Nestor, Esq.
Rodney Square
1000 N. King Street
Wilmington, DE 19801
(mnestor@ycst.com)

The Office of the United States Trustee
Attn.: Jane Leamy, Esq.
844 King Street
Suite 2207, Lockbox 35
Wilmington, DE 19801
(Jane.M.Leamy@usdoj.gov)

Highland Capital Management, L.P.
c/o Hayward & Associates PLLC
Attn: Melissa S. Hayward
10501 N. Central Expressway, Suite 106
Dallas, TX 75231
(MHayward@HaywardFirm.com)

The Office of the United States Trustee
Attn: Lisa L. Lambert
1100 Commerce Street, Room 976
Dallas, TX 75242
(lisa.l.lambert@usdoj.gov)

Foley & Lardner LLP
Attn: Holland N. O'Neil
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
(honeil@foley.com)

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OBJECTION TO THE SECOND MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF FOLEY GARDERE, FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM DECEMBER 1, 2019 THROUGH DECEMBER 31, 2019   Page 8 of 8

4829-2676-9588v.4 62112-1                                                              App. 0361