# Appendix Exhibit 24

Case 19-34054-sgj11 Doc 580 Filed 04/10/20    Entered 04/10/20 20:10:55    Page 1 of 13
Case 3:21-cv-00881-X   Document 174-24   Filed 12/16/23   Page 2 of 13   PageID 17565
Docket #0580  Date Filed: 04/10/2020

Rakhee V. Patel – State Bar No. 00797213
Phillip Lamberson – State Bar No. 00794134
Annmarie Chiarello – State Bar No. 24097496
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 745-5400
Facsimile: (214) 745-5390
rpatel@winstead.com
plamberson@winstead.com
achiarello@winstead.com

Brian P. Shaw – State Bar No. 24053473
**ROGGE DUNN GROUP, PC**
500 N. Akard Street, Suite 1900
Dallas, Texas 75201
Telephone: (214) 888-5000
Facsimile: (214) 220-3833
shaw@roggedunngroup.com

**COUNSEL FOR ACIS CAPITAL MANAGEMENT, L.P AND ACIS CAPITAL MANAGEMENT GP, LLC**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | **CASE NO. 19-34054** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § § | |
| DEBTOR. | § § | Chapter 11 |

### ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OMNIBUS LIMITED OBJECTION TO APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSE OF FOLEY GARDERE, FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM OCTOBER 16, 2019 THROUGH FEBRUARY 29, 2020

Acis Capital Management, L.P. ("Acis LP") and Acis Capital Management GP, LLC ("Acis GP," together with Acis LP, "Acis") file this *Omnibus Limited Objection* (the "Objection") to the (i) *Amended First Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP As Special Texas Counsel for the Period from October 16, 2019 through November 30, 2019* [Docket No. 538] (the "October/November Application"); (ii) *Amended Second Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP As Special Texas*

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OMNIBUS LIMITED OBJECTION TO APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSE OF FOLEY GARDERE, FOLEY & LARDNER LLP A THE PERIOD FROM OCTOBER 16, 2019 THROUGH FEBRUARY

App. 6562

¶1934054200410000000000006

*Counsel for the Period from December 1, 2019 through December 31, 2019* [Docket No. 539] (the "December Application"); (iii) *Third Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP As Special Texas Counsel for the Period from January 1, 2020 through January 30, 2020* [Docket No. 540] (the "January Application"); and (iv) *Fourth Monthly Application for Compensation and Reimbursement of Expenses of Foley Gardere, Foley & Lardner LLP As Special Texas Counsel for the Period from February 1, 2020 through February 29, 2020* [Docket No. 541] (the "February Application," with the October/November Application, the December Application, and the January Application, the "Fee Applications") filed by Foley Gardere, Foley & Lardner LLP ("Foley").

## I.    SUMMARY OF OBJECTION[1]

1.    Acis objects to Foley's Fee Applications to the extent that Foley fails to allocate Foley's fees between Neutra and the Debtor related to the Debtor Appeal, as required by this Court and the Employment Order. Acis further objects to Foley's Fee Applications to the extent that they seek compensation outside the scope of Foley's employment.

## II.    FACTUAL BACKGROUND

2.    On March 11, 2020, this Court entered the *Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner LLPO as Special Texas Counsel, Nunc Pro Tunc, to the Petition Date* [Docket No. 513] (the "Employment Order").

3.    The Employment Order authorizes Highland Capital Management, L.P. (the "Debtor") to employ Foley "on only the following matter, unless otherwise ordered by the Court the Acis Bankruptcy and the Debtor Appeal. The Debtor shall neither directly nor indirectly pay fees or expenses related to Foley's representation of Neutra in either the Acis Bankruptcy or the

---

[1] Capitalized terms not defined herein have the meanings ascribed to such term later in the Objection.

Debtor Appeal. For the avoidance of doubt, Foley is only representing the Debtor and Neutra in the Acis Bankruptcy and the Debtor Appeal." Employment Order ¶ 2.

4. In the Employment Order, the Acis Bankruptcy is defined as "*In re Acis Capital Management, L.P.,* Case No. 18-30264-SGJ-11 (Bankr. N.D. Tex. 2018) & *In re Acis Capital Management GP, L.L.C.),* Case No. 18-30265-SGJ-11 (Bankr. N.D. Tex. 2018)."

5. In the Employment Order, the Debtor Appeal is defined as "*In re Matter of Acis Management GP, LLC and Acis Capital Management, L.P. v. Highland Capital Management, L.P., et al, v. Robin Phelan, Chapter 11 Trustee*, Case No. 19-10847 (5th Cir. 2019)."

6. The Employment Order further provides that "Foley shall include in any application for compensation an allocation of its fees and expenses between the Debtor, Neutra, and any other represented party as appropriate." Employment Order ¶ 3.

### III. APPLICABLE LAW

7. Foley is employed pursuant to Section 327(a) of the Bankruptcy Code.[2] As such, Foley's compensation is subject to Section 330(a) of the Bankruptcy Code, as made applicable to this interim applicable by Section 331 of the Bankruptcy Code.[3] Section 330(a) of the Bankruptcy Code provides:

> **(1)** After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332 an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103 —

---

[2] 11 U.S.C. §§ *et seq.* (the "Bankruptcy Code").

[3] Section 331 of the Bankruptcy Code states as follows: "a trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is **provided under section 330 of this title.** After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement" (emphasis added").

  **(A)** **reasonable compensation for actual, necessary services** rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

  **(B)** reimbursement for actual, necessary expenses.

 **(2)** **The court may**, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, **award compensation that is less than the amount of compensation that is requested.**

 (3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

  **(A)** the time spent on such services;
  **(B)** the rates charged for such services;
  **(C)** whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
  **(D)** whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
  **(E)** with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
  **(F)** whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

 **(4)** (A) Except as provided in subparagraph (B), the court shall not allow compensation for—

  **(ii)** services that were not—
  **(I)** reasonably likely to benefit the debtor's estate; or
  **(II)** necessary to the administration of the case.

11 U.S.C. § 330(a) (emphasis added).

 8. The Fifth Circuit and the United States Supreme Court state that bankruptcy courts are to apply the plain language of Section 330. *See Lamie v. United States Tr.*, 540 U.S. 526, 542 (2004) (interpreting the plain meaning of Section 330); *see also CRG Partners, LLC v.*

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OMNIBUS LIMITED OBJECTION TO APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSE OF FOLEY GARDERE, FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM OCTOBER 16, 2019 THROUGH FEBRUARY 29, 2020 Page 4 of 12

App. 0385

*Neary (In re Pilgrim's Pride Corp.*), 690 F.3d 650, 665 (5th Cir. 2012) ("bankruptcy courts are expected to consider under § 330(a)'s plain language"). The plain language of Section 330(a) permits this Court to award only *reasonable* compensation, at the discretion of this Court, after analyzing "all relevant factors."

9. In *Barron & Newburger, P.C. v. Tex. Skyline, Ltd. (In re Woerner)*, 783 F.3d 266 (5th Cir. 2015), the Fifth Circuit "overturn[ed] *Pro-Snax's* attorney's-fee rule and adopted the prospective, 'reasonably likely to benefit the estate' standard endorsed by [the Fifth Circuit's] sister circuits." *Woerner*, 783 F.3d at 268. Prior to *Woerner*, *Pro-Snax* allowed compensation only if the "services resulted in an identifiable, tangible, and material benefit to the bankruptcy estate." *See Andrews & Kurth, LLP v. Family Snacks (In re Pro-Snax Distributors)*, 157 F.3d 414, 426 (5th Cir. 1998). The *Pro-Snax* standard required a retrospective analysis, while the *Woerner* standard requires a prospective analysis. *See Woerner,* 783 F.3d at 273 ("a court may compensate an attorney for services that are 'reasonably likely to benefit' the estate and adjudge that reasonableness 'at the time at which the service was rendered'").

10. Under Section 330 of the Bankruptcy Code, as made applicable here by Section 331 of the Bankruptcy Code, not only must the overall *amount* of fees be reasonable, the *allocation* of such fees among clients must also be reasonable. *See In re Energy Future Holdings Corp.,* 593 B.R. 217, 259 (Bankr. D. Del. 2018) ("[t]he fee and expense approval process must be done on a debtor-by-debtor basis, and professional fees and expenses that are not incurred for the benefit of a particular debtor should not be paid out of the estate of such debtor"); *see also In re Eagle Creek Subdivision, LLC*, No. 08-04292-8-JRL, 2009 Bankr. LEXIS 5779, *6 (Bankr. E.D.N.C. Feb. 5, 2009); *In re Tropicana Entm't*, No. 08-105856(KJC), 2014 Bankr. LEXIS 5198, *14 (Bankr. Del. Dec. 30, 2014).

11.     Professionals employed under Section 327 of the Bankruptcy Code may only seek compensation pursuant to Section 330 of the Bankruptcy Code for work performed under their authorized scope of employment.  *See PricewaterhouseCoopers, LLP v. Litzler (In re Harbor Fin. Grp., Inc.),* Civil Action No. 3:00-CV-1283-X, 2001 U.S. Dist. LEXIS 14412, *14-*17 (N.D. Tex. Sept. 6, 2001) (affirming the bankruptcy court's disallowance of fees related to work performed outside the scope of a professional's employment); *see also John F. Ames & Co. v. Marshall (In re G.G. Moss Co.)*, No. 94-2587, 1995 U.S. App. LEXIS 14699, *6 (4th Cir. June 15, 1995).

### IV.    LIMITED OBJECTION

**A.    Foley Has Not Properly Allocated Fees**

12.     Foley has not allocated its fees between Neutra Ltd. ("Neutra") and the Debtor with respect to the Debtor Appeal.  Both Neutra and the Debtor are appellants in the Debtor appeal and Neutra and the Debtor filed joint pleadings in such appeal.  While the Debtor and Neutra filed joint briefing in the Debtor appeal, Neutra is not a similarly situated creditor[4] that is simply "riding the coattails" of the Debtor. In fact, Neutra, the former equity holder of Acis, has its own issues related to the Debtor Appeal. Despite this, Neutra was not allocated any fees for Foley's work performed for it.[5]  In fact, the December Fee Application states: "The amounts requested do not differ but this Amended Fee Application includes an additional breakout of time related to the Confirmation Order Appeal (defined herein) and reassignment of certain fees to the appropriate project categories." December Fee Application n. 2. Neither the January Application

---

[4] The Debtor is a disputed creditor in the Acis bankruptcy case and the Debtor Appeal.

[5] In the October and November Application, Foley did allocate $96,312.44 in fees to Neutra. Presumably, this was for work performed exclusively for Neutra in *Neutra, Ltd. v. Joshua N. Terry,* Case No. 19-10846, regarding the Acis involuntary orders for relief (the "Neutra Appeal"). Highland is not party to the Neutra Appeal.

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OMNIBUS LIMITED OBJECTION TO APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSE OF FOLEY GARDERE, FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM OCTOBER 16, 2019 THROUGH FEBRUARY 29, 2020            Page 6 of 12

App. 0387

nor the February Application attempt to allocate any fees to Neutra despite the fact that work was performed related to the Debtor Appeal. Therefore, Foley has failed to comply with this Court's directive "to include in any application for compensation an allocation of its fees and expenses between the Debtor, Neutra, and any other represented party as appropriate." Employment Order ¶ 3.

**B.     Foley Performed Work Outside The Scope Of Its Employment.**

13.    Although Foley was retained on "only the following matter, unless otherwise ordered by the Court the Acis Bankruptcy and the Debtor Appeal," it appears that Foley performed work outside the scope of its employment. The following time entries demonstrate[6] fees incurred by Foley for work that is not related to the Acis Bankruptcy or the Debtor Appeal:

| **Fee Application** | **Date** | **Time Keeper** | **Time Entry** | **Time** |
|---|---|---|---|---|
| October/November | 10/17/19 | HNO | Listen to first-day hearing in Highland Capital bankruptcy case and emails with Debtor's counsel following same. | 2.0 |
| October/November | 11/04/19 | HNO | Brief review of Order denying expedited hearing on the Venue Transfer motion and emails regarding same (.2) | .20 |
| December | 12/6/19 | HNO | Preparation for and to court for hearing on Scheduling Conference and followup regarding same (3.1). | 3.1 |
| December | 12/16/19 | JCH | Download Highland Capital Schedules and SOFAs (.2); email same to H. O'Neil and print for binder (.2); update time of Dec. 18, 2019 Status conference per order that was entered (.2). | .6 |

---

[6] The following are serve only as demonstrative time entries and are not intended to encompass all time entries that are outside the scope of Foley's employment. In fact, the redactions in the Fee Applications make it nearly impossible to adequately assess the work performed by Foley.

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OMNIBUS LIMITED OBJECTION TO APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSE OF FOLEY GARDERE, FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM OCTOBER 16, 2019 THROUGH FEBRUARY 29, 2020      Page 7 of 12

App. 0388

| | | | | |
|---|---|---|---|---|
| December | 12/30/19 | HNO | Review of myriad of incoming pleadings, including compromise motion related to agreement on governance between Debtor and UCC and emails regarding same. | 1.10 |
| December | 12/20/19 | JCH | Download numerous pleadings filed and circulate same (1.5); calendar upcoming hearing dates and relevant objection deadlines (.8). | 2.30 |
| December | 12/31/19 | HNO | Review of incoming pleadings including MOR, Notice of Hearing on the settlement with the UCC and CNOs as to UCC professionals, expedited hearing order, etc. and emails regarding same. | 1.00 |
| December | 12/27/19 | HNO | Review of M/Appoint Trustee filed by the UST and [REDACTED] (1.7); brief review of M/Protective Order (.3). | 2.00 |
| January | 1/2/20 | HNO | Review of incoming pleadings. | .40 |
| January | 1/3/20 | HNO | Emails to Debtor's counsel regarding status of resolution of corporate governance issues and hearings on 1/9/2020 and emails regarding same (.6). | .60 |
| January | 1/6/20 | HNOI | Brief review of incoming pleadings, primarily related to Objections to the compromise on governance, and follow up regarding [REDACTED] | .90 |

14. Work performed outside the scope of the Employment Order is not compensable.

*See PricewaterhouseCoopers, LLP v. Litzler (In re Harbor Fin. Grp., Inc.),* Civil Action No. 3:00-CV-1283-X, 2001 U.S. Dist. LEXIS 14412, *14-*17 (N.D. Tex. Sept. 6, 2001).

C. **Winstead Appeal**

15. While the Employment Order states that "Although the Debtor has determined not to proceed with the Winstead Matter, Foley may seek approval of its fees and expenses incurred related thereto in subsequent fee applications" this Court has not determined that fees and expenses related to the Winstead Matter (as defined by the Employment Order) meet the *Woerner* "reasonably likely to benefit" standard. The Fee Applications contained more than *de minimus* time related to the Winstead Matter (as defined by the Employment Order). It is not clear that the fees and expenses related to the Winstead Matter (as defined by the Employment Order) provided any benefit to the estate.

V. **PRAYER**

Acis respectfully requests that this Court only allow Foley fees and expenses to the extent such fees actually benefited the Debtor, comply with the Employment Order, and are within the scope of employment authorized by the Employment Order. Acis also requests such other and further relief to which it may show itself to be justly entitled.

**DATED: April 10, 2020.**

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OMNIBUS LIMITED OBJECTION TO APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSE OF FOLEY GARDERE, FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM OCTOBER 16, 2019 THROUGH FEBRUARY 29, 2020                    Page 9 of 12

App. 0390

Respectfully submitted,

By: */s/ Annmarie Chiarello*
Rakhee V. Patel
State Bar No. 00797213
Phillip Lamberson
State Bar No. 00794134
Annmarie Chiarello
State Bar No. 24097496
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 745-5400
Facsimile: (214) 745-5390
rpatel@winstead.com
plamberson@winstead.com
achiarello@winstead.com

-and-

Brian P. Shaw
State Bar No. 24053473
**ROGGE DUNN GROUP, PC**
500 N. Akard Street, Suite 1900
Dallas, Texas 75201
Telephone: (214) 888-5000
Facsimile: (214) 220-3833
shaw@roggedunngroup.com

**COUNSEL FOR ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC**

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OMNIBUS LIMITED OBJECTION TO APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSE OF FOLEY GARDERE, FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM OCTOBER 16, 2019 THROUGH FEBRUARY 29, 2020  Page 10 of 12

App. 0391

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2020, notice of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District. I further certify that on April 10, 2020, this document will be sent by e-mail and first class mail to the parties listed below.

/s/ Annmarie Chiarello
One of Counsel

Highland Capital Management, L.P.
Attn: Isaac Leventon, Esq.
300 Crescent Court, Suite 700
Dallas, TX 75201
(ileventon@highlandcapital.com)

Highland Capital Management, L.P.
c/o Pachulski Stang Ziehl & Jones LLP
James E. O'Neill, Esq.
919 N. Market Street, 17th Floor
Wilmington, DE 19801
(joneill@pszjlaw.com)

Highland Capital Management, L.P.
c/o Pachulski Stang Ziehl & Jones LLP
Attn: Jeffrey N. Pomerantz, Esq.
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
(jpomerantz@pszj law.com

Official Committee of Unsecured Creditors
of Highland Capital Management, L.P.
c/o Sidley Austin LLP
Attn: Jessica Boelter, Esq.
787 Seventh Avenue
New York, NY 10019
(jboelter@sidley.com)

Official Committee of Unsecured Creditors
of Highland Capital Management, L.P.
c/o Sidley Austin LLP

---

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OMNIBUS LIMITED OBJECTION TO APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSE OF FOLEY GARDERE, FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM OCTOBER 16, 2019 THROUGH FEBRUARY 29, 2020           Page 11 of 12

Attn: Bojan Guzina
One South Dearborn Street
Chicago, IL 60603
bguzina@sidley.com

Young Conaway Stargatt & Taylor, LLP
Attn: Michael R. Nestor, Esq.
Rodney Square
1000 N. King Street
Wilmington, DE 19801
(mnestor@ycst.com)

The Office of the United States Trustee
Attn.: Jane Leamy, Esq.
844 King Street
Suite 2207 Lockbox 35
Wilmington, DE 19801
(Jane.M.Leamy@usdoj.gov)

Highland Capital Management, L.P.
c/o Hayward & Associates PLLC
Attn: Melissa S. Hayward
10501 N. Central Expressway, Suite 106
Dallas, TX 75231
(MHayward@HaywardFirm.com)

The Office of the United States Trustee
Attn: Lisa L. Lambert
1100 Commerce Street, Room 976
Dallas, TX 75242
(lisa.l.lambert@usdoj.gov)

Foley & Lardner LLP
Attn: Holland N. O'Neil
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
(honeil@foley.com)