# Appendix Exhibit 25

Case 19-34054-sgj11 Doc 593 Filed 04/17/20 Entered 04/17/20 20:21:46 Page 1 of 10
Case 3:21-cv-00881-X Document 174-25 Filed 12/16/23 Page 2 of 11 PageID 17578
Docket #0593 Date Filed: 04/17/2020

Rakhee V. Patel – State Bar No. 00797213
Phillip Lamberson – State Bar No. 00794134
Annmarie Chiarello – State Bar No. 24097496
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 745-5400
Facsimile: (214) 745-5390
rpatel@winstead.com
plamberson@winstead.com
achiarello@winstead.com

Brian P. Shaw – State Bar No. 24053473
**ROGGE DUNN GROUP, PC**
500 N. Akard Str., Ste. 1900
Dallas, TX 75201
Telephone: (214) 888-5000
Facsimile: (214) 220-3833
shaw@roggedunngroup.com

**COUNSEL FOR ACIS CAPITAL
MANAGEMENT, L.P. AND ACIS CAPITAL
MANAGEMENT GP, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | **Case No. 19-34054-sgj11** |
| | § | |
| | § | **Chapter 11** |
| **Debtor** | | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW
PURSUIT OF MOTION FOR ORDER TO SHOW CAUSE FOR VIOLATIONS
OF THE ACIS PLAN INJUNCTION**

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(B), A RESPONSE IS REQUIRED TO THIS MOTION OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET ROOM 1254, DALLAS, TEXAS 75242 BEFORE CLOSE OF BUSINESS ON MAY 1, 2020, WHICH IS AT LEAST FOURTEEN (14) DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

Creditors and parties-in-interest in the above-caption bankruptcy case, Acis Capital Management, L.P. and Acis Capital Management GP, LLC (collectively "<u>Acis</u>"), file this Motion for Relief from the Automatic Stay to Allow Pursuit of Motion for Order to Show Cause For Violations of the Acis Plan Injunction (the "<u>Motion</u>") pursuant to 11 U.S.C. § 362(d) regarding Highland Capital Management, L.P. ("<u>Highland</u>" or the "<u>Debtor</u>") and parties acting in concert with the Debtor, including, Highland CLO Funding, Ltd. ("<u>Highland Funding</u>" and Highland are sometimes collectively referred to as the "<u>Highlands</u>"), William Scott ("<u>Scott</u>"), Heather Bestwick ("<u>Bestwick</u>"), J.P. Sevilla ("<u>Sevilla</u>"), Scott Ellington ("<u>Ellington</u>"), James Dondero ("<u>Dondero</u>," and together with the Highlands, Scott, Bestwick, Sevilla and Ellington, the "<u>Violators</u>" ),[1] and any other agents of Highland Funding and Highland that participated in the plan injunction violations, and show as follows:

## SUMMARY OF MOTION

1. After Highland filed for bankruptcy, Acis was hopeful it was a new day at Highland. Acis hoped that Highland would see that the continuation of its failed litigation strategy was not only futile, but also self-destructive, and that the Debtor would turn over a new leaf. Thus, in an attempt to foster potential reconciliation and to provide Debtor's newly-appointed independent board with room to maneuver, Acis deferred pursuing the many wrongs which were needlessly inflicted on it and its principal, from a frivolous lawsuit in Guernsey meant to undermine this Court, to litigation against non-debtor individuals for, among other things, breaches of fiduciary duties owed to Acis.

---

[1] Highland Funding, Scott, Bestwick, Sevilla, Ellington, and Dondero, again, as non-debtors are not protected by the automatic stay, as further described below. To the extent their individual actions on behalf of Highland are protected by the automatic stay, Acis requests relief from the automatic stay, as further described below.

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW PURSUIT OF MOTION FOR ORDER TO SHOW CAUSE FOR VIOLATIONS OF THE ACIS PLAN INJUNCTION PAGE 2 OF 10**

2.  Acis can no longer sit back.[2] The time has come for Highland and the individuals who have engaged in wrongdoing (some of whom continue as highly-compensated employees at the Debtor) to face *individual* consequences for their actions. The legal process is not a game, and the Violators will only understand that when they are subjected to personal accountability for their actions. Good cause exists to lift the automatic stay and permit Acis to pursue the matters set forth in the draft Motion for Order to Show Cause for Plan Injunction Violations attached hereto as **Exhibit 1** (the "Show Cause Motion").[3] The Court should grant the Motion – it is well-founded.

## STATUTORY BASIS AND JURISDICTION

3.  The basis for this Motion is 11 U.S.C. §§ 105 and 362, Federal Rule of Bankruptcy Procedure 4001, and Rule 4001-1 of the Local Rules for the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules").[4] This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. § 157, and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] Acis has engaged in a good-faith effort to work with the Board (as hereinafter defined) and attempt to resolve its Highland-related issues without litigation. During those efforts, Acis was sued in New York federal district court (the "DAF Lawsuit"), many claims of which arose from Acis's bankruptcy in this Court. The DAF Lawsuit harmed Acis's reputation and clouds its attempts at a successful reorganization pursuant to this Court's confirmed plan. While the DAF Lawsuit was eventually voluntarily dismissed, *without* prejudice, that happened only at the urging of the Board. The filing of the DAF Lawsuit demonstrates that the same group of individuals that led the Debtor through a failed litigation strategy, and ultimately bankruptcy, still have significant sway at the Debtor and its affiliates. Nevertheless, Acis appreciates the Board's role and the dismissal of the DAF Lawsuit.

[3] As indicated, the Show Cause Motion is merely a draft and Acis reserves the right to amend or revise it prior to filing, including the ability to make material modifications to the Show Cause Motion. Regardless, the Show Cause Motion provides the parties and the Court with ample notice of the basis for Acis's request for stay relief. Any terms not defined herein have the meanings ascribed to such terms by the Show Cause Motion.

[4] Pursuant to Local Rule 4001-1(e) Acis intends to serve its evidentiary affidavit in advance of any hearing on this Motion, in compliance with the Local Rules.

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW PURSUIT OF MOTION FOR ORDER TO SHOW CAUSE FOR VIOLATIONS OF THE ACIS PLAN INJUNCTION     PAGE 3 OF 10**

App. 0397

## RELEVANT FACTS

4. In addition to the matters specifically set forth below, Acis relies on and incorporates herein the fact section of the Show Cause Motion outlining the Guernsey Action and related matters in the Acis bankruptcy.

5. On October 16, 2019, Debtor filed this bankruptcy case.

6. On January 9, 2020, the Court entered an order approving a settlement with the Official Committee of Unsecured Creditors, which, in turn, approved the installation of a new, independent board of directors (the "Board") for the Debtor. Dkt. No. 339 in Case No. 19-34054.

7. On January 31, 2020, after the installation of the Board, Michael Hurst, this time on behalf of the Charitable Donor Advised Fund, L.P. (the "DAF"), filed a Second Amended Complaint in the United States District Court for the Southern District of New York against U.S. Bank National Association, Moody's Investors Services, Inc., Acis Capital Management, L.P., Brigade Capital Management, LP, and Joshua N. Terry. A true and correct copy of the amended complaint is attached hereto as **Exhibit 2** (the "Amended Complaint"). This Court might recognize some or all of the parties in the Amended Complaint—as well as Mr. Hurst, who has regularly represented Highland before this Court and others—from the Acis Bankruptcy. The DAF is nominally controlled by Mr. Dondero's college roommate, Grant Scott.

8. On February 5, 2020, at the DAF's request, Judge Buchwald of the Southern District of New York dismissed the Amended Complaint. A true and correct copy of Judge Buchwald's order (a notation on Mr. Hurst's letter) is attached as **Exhibit 3**.

9. On February 6, 2020—the next day—the DAF and CLO Holdco, Ltd., a subsidiary of the DAF and also controlled by Mr. Dondero's college roommate (and, upon information and belief, Mr. Dondero), filed suit in the United States District Court of the Southern District of New York, again naming the same Acis-Bankruptcy-related parties, U.S. Bank National Association,

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW PURSUIT OF MOTION FOR ORDER TO SHOW CAUSE FOR VIOLATIONS OF THE ACIS PLAN INJUNCTION      PAGE 4 OF 10**

App. 0398

Moody's Investors Services, Inc., Acis Capital Management, L.P., Brigade Capital Management, LP, and Joshua N. Terry (the "Complaint"). A true and correct copy of the Complaint is attached as **Exhibit 4**.

10. On February 25, 2020, at the Board's urging, the DAF and CLO Holdco, Ltd. filed a Notice of Voluntary Dismissal Without Prejudice, a true and correct copy of which is attached as **Exhibit 5**.

11. On the other hand, the Guernsey Lawsuit (further described by the Show Cause Motion), initiated at the direction and behest of Highland as a naked collateral attack on this Court, remains pending across the Atlantic.

## ARGUMENT & AUTHORITY

12. Acis does not believe that the automatic stay protects the non-Highland, non-Debtor Violators. *See In re Arrow Huss, Inc*., 51 B.R. 853, 856 (Bankr. D. Utah 1985) (collecting cases). ("it is well settled that Section 362 of the Bankruptcy Code, which stays actions against the debtor and against property of the estate, does not forbid actions against its nondebtor principals, partners, officers, employees, co-obligors, guarantors, or sureties."); *see also Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983); *Mar. Elec. Co. v. United Jersey Bank,* 959 F.2d 1194, 1205 (3d Cir. 1991) ("the automatic stay is not available to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor."). However, Acis files this Motion, with respect to the non-Highland Violators, out of an abundance of caution. *See Brown v. Chesnut (In re Chesnut),* 422 F.3d. 298, 304 (5th Cir. 2005) (providing that creditors should seek order of the court before foreclosing or seizing arguable property of the estate). To the extent this Court finds it necessary to determine if causes exists to lift the automatic stay as to non-Highland, non-Debtor Violators, cause exists for the reasons set forth below.

13. This Court has broad discretion to alter or modify the automatic stay under Section 362 of the Bankruptcy Code. The statutory predicate for granting relief from the automatic stay is Section 362(d) of the Bankruptcy Code. That section provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay —
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

14. Because neither the Bankruptcy Code nor the legislative history provides a specific definition of what constitutes "cause" under Section 362(d)(1), courts must determine whether relief is appropriate on a case-by-case basis. *Reitnauer v. Tex. Exotic Feline Found., Inc. (In re Reitnauer),* 152 F.3d 341, 343 n.4 (5th Cir. 1998). "Cause is an intentionally broad and flexible concept, made so in order to permit the courts to respond in equity to inherently fact-sensitive situations." *Mooney v. Gill*, 310 B.R. 543, 546-547 (N.D. Tex. 2002) (quoting *In re Sentry Park, Ltd.*, 87 B.R. 427, 430 (Bankr. W.D. Tex. 1988)). Acis is entitled to stay relief under Section 362(d)(1) of the Bankruptcy Code to permit Acis to file and pursue to order, before this Court or any other court, the Show Cause Motion because the Violators have repeatedly violated this Court's orders and have effectively prevented Acis from reorganizing.

15. "The purposes of the bankruptcy stay under 11 U.S.C. § 362 are to protect the debtor's assets, provide temporary relief from creditors, and further equity of distribution among the creditors by forestalling a race to the courthouse." *Reliant Energy Servs. v. Enron Can. Corp.,* 349 F.3d 816, 825 (5th Cir. 2003). By the Show Cause Motion, Acis is not attempting to gain preferential treatment among Highland's creditors, but rather hold the Violators responsible for their post-confirmation actions against Acis.

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW PURSUIT OF MOTION FOR ORDER TO SHOW CAUSE FOR VIOLATIONS OF THE ACIS PLAN INJUNCTION      PAGE 6 OF 10**

App. 0400

16. The Show Cause Motion requests this Court hold the Violators responsible for their post-confirmation actions against Acis, actions that violate this Court's confirmation order. The Court should exercise its broad discretion to lift the automatic stay to allow Acis to proceed on the Show Cause Motion *before this Court*, the very Court where Debtor's Chapter 11 bankruptcy is pending. Ultimately, this Court will grant any relief granted pursuant to the Show Cause Motion. This Court can ensure that all of the various stakeholders' interests are protected vis-à-vis the Show Cause Motion.

17. The automatic stay does not permanently protect Highland from answering for *its* violations of this Court's orders.[5] None of the policy goals of the automatic stay are furthered by preventing the enforcement of this Court's *own* orders against debtors in bankruptcy like Highland. Further, allowing Highland's bankruptcy proceeding to shield the Violators from accountability for their actions in another pending bankruptcy case only emboldens and benefits the wrongdoers. If this Court does not enforce its own orders, who will? If individuals and entities believe they can flout this Court's orders with impunity, the Court's authority is, at a minimum, severely undermined and, at worst, wholly eviscerated.

18. Contempt powers are necessary to ensure that "courts [are not] impotent." *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911). The Court has cause to lift the automatic stay to demonstrate exactly that.

19. There is good cause in this case for the Court to grant Acis relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

---

[5] Highland is responsible for all of the actions of Highland, its agents, and its affiliates, including Highland Funding. *In re Acis Capital Mgmt., L.P.*, 18-30264-SGJ-11, 2019 WL 417149, at *7 (Bankr. N.D. Tex. Jan. 31, 2019), aff'd, 604 B.R. 484 (N.D. Tex. 2019).

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW PURSUIT OF MOTION FOR ORDER TO SHOW CAUSE FOR VIOLATIONS OF THE ACIS PLAN INJUNCTION     PAGE 7 OF 10**

App. 0401

20. Acis does not believe that the automatic stay protects the non-Highland, non-Debtor Violators. *See In re Arrow Huss, Inc.*, 51 B.R. 853, 856 (Bankr. D. Utah 1985) (collecting cases). ("it is well settled that Section 362 of the Bankruptcy Code, which stays actions against the debtor and against property of the estate, does not forbid actions against its nondebtor principals, partners, officers, employees, co-obligors, guarantors, or sureties."); *see also Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983); *Mar. Elec. Co. v. United Jersey Bank,* 959 F.2d 1194, 1205 (3d Cir. 1991) ("the automatic stay is not available to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor.").  However, Acis files this motion, with respect to the non-Highland Violators, out of an abundance of caution. *See Brown v. Chesnut (In re Chesnut),* 422 F.3d. 298, 304 (5th Cir. 2005) (providing that creditors should seek order of the court before foreclosing or seizing arguable property of the estate).  To the extent this Court finds it necessary to determine if causes exists to lift the automatic stay as to non-Highland, non-Debtor Violators, cause exists for the reasons set forth above.

## WAIVER OF BANKRUPTCY RULE 4001(a)(3) STAY

21. To the extent applicable, cause exists to lift the 14-day stay of Federal Rule of Bankruptcy Procedure 4001(a)(3).  Removing the 14-day stay is an appropriate remedy to immediately permit Acis to file and prosecute the Show Cause Motion.

**WHEREFORE, PREMISES CONSIDERED**, Acis respectfully requests that upon hearing of the Motion, the Court grant Acis stay relief permitting Acis to file and pursue to order, before this Court or any other court, the Show Cause Motion, and any other relief to which Acis is entitled.

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW PURSUIT OF MOTION FOR ORDER TO SHOW CAUSE FOR VIOLATIONS OF THE ACIS PLAN INJUNCTION     PAGE 8 OF 10**

App. 0402

**Dated: April 17, 2020.**

Respectfully submitted,

*/s/ Brian P. Shaw*
Brian P. Shaw
State Bar No. 24053473
**ROGGE DUNN GROUP, P.C.**
500 N. Akard Street, Suite 1900
Dallas, Texas 75201
Telephone: (214) 888-5000
Facsimile: (214) 220-3833
shaw@roggedunngroup.com

-and-

Rakhee V. Patel
State Bar No. 00797213
Phillip Lamberson
State Bar No. 00794134
Annmarie Chiarello
State Bar No. 24097496
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 745-5400
Facsimile: (214) 745-5390
rpatel@winstead.com
plamberson@winstead.com
achiarello@winstead.com

**COUNSEL FOR ACIS CAPITAL MANAGEMENT, L.P.,
AND ACIS CAPITAL MANAGEMENT GP, LLC**

## CERTIFICATE OF CONFERENCE

      I hereby certify that I personally conferred with John Morris, counsel for the Debtor. Despite counsels' efforts, no resolution was reached and, therefore, this matter is presented to the Court. On March 18, counsel for the Debtor, John Morris, advised that Debtor opposes the relief requested by this Motion.

*/s/ Brian P. Shaw*
Brian P. Shaw

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served on April 17, 2020, through the Court's ECF noticing system upon those parties who have requested and agreed to electronic notification.

*/s/ Brian P. Shaw*
Brian P. Shaw

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW PURSUIT OF MOTION FOR ORDER TO SHOW CAUSE FOR VIOLATIONS OF THE ACIS PLAN INJUNCTION     PAGE 10 OF 10**
4836-7817-9770v.4 62112-1 4/17/2020

App. 0404