# Appendix Exhibit 27

Case 19-34054-sgj11 Doc 641 Filed 05/19/20 Entered 05/19/20 15:49:35 Page 1 of 19
Case 3:21-cv-00881-X Document 174-27 Filed 12/16/23 Page 2 of 20 PageID 17593
Docket #0641 Date Filed: 05/19/2020

Rakhee V. Patel – State Bar No. 00797213
Phillip Lamberson – State Bar No. 00794134
Annmarie Chiarello – State Bar No. 24097496
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 745-5400
Facsimile: (214) 745-5390
rpatel@winstead.com
plamberson@winstead.com
achiarello@winstead.com

Brian P. Shaw – State Bar No. 24053473
**ROGGE DUNN GROUP, PC**
500 N. Akard Street, Suite 1900
Dallas, Texas 75201
Telephone: (214) 888-5000
Facsimile: (214) 220-3833
shaw@roggedunngroup.com

**COUNSEL FOR ACIS CAPITAL MANAGEMENT,
L.P AND ACIS CAPITAL MANAGEMENT GP,
LLC**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| **IN RE:** § § § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** § § § § | **CASE NO. 19-34054** |
| **DEBTOR.** § | **Chapter 11** |

**ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OMNIBUS LIMITED OBJECTION TO THE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSE OF FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM OCTOBER 16, 2019 THROUGH MARCH 31, 2020**

Acis Capital Management, L.P. ("Acis LP") and Acis Capital Management GP, LLC ("Acis GP," together with Acis LP, "Acis") file this *Omnibus Limited Objection* (the "Objection") to the (i) *Fifth Monthly Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP As Special Texas Counsel for the Period from March 1, 2020 through March 31, 2020* [Docket No. 601] (the "March Application"); and (ii) *First Interim Application for Compensation and Reimbursement of Expenses of Foley & Lardner LLP As Special Texas Counsel for the Period from October 16, 2019 through March 31, 2020* [Docket

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OMNIBUS LIMITED OBJECTION TO THE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSE OF FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM OCTOBER 16, 2019 THROUGH MARCH 31, 2020

¹9¹340542200519000000000006

No. 602] (the "Interim Application," the "Fee Applications") filed by Foley Gardere, Foley & Lardner LLP ("Foley").

## I. SUMMARY OF OBJECTION[1]

1. Although this Court directed Foley to allocate its fees between Neutra and the Debtor, Foley has not properly allocated its fees between Neutra and the Debtor with respect to the Debtor Appeal. Based on the time entries in the Fee Application, it is impossible to ascertain what would be a ratable allocation of fees between the Debtor and Neutra, as many of the time entries contain non-specific distributions of task such as "work on reply brief"[2] or "oral argument preparation."[3] Acis also objects to Foley's Fee Applications to the extent that Foley seeks compensation outside the scope of Foley's employment.

## II. FACTUAL BACKGROUND

2. On March 11, 2020, this Court entered the *Order Authorizing the Retention and Employment of Foley Gardere, Foley & Lardner LLP as Special Texas Counsel, Nunc Pro Tunc, to the Petition Date* [Docket No. 513] (the "Employment Order").

3. The Employment Order authorizes Highland Capital Management, L.P. (the "Debtor") to employ Foley "on only the following matter, unless otherwise ordered by the Court the Acis Bankruptcy and the Debtor Appeal. The Debtor shall neither directly nor indirectly pay fees or expenses related to Foley's representation of Neutra in either the Acis Bankruptcy or the Debtor Appeal. For the avoidance of doubt, Foley is only representing the Debtor and Neutra in the Acis Bankruptcy and the Debtor Appeal." Employment Order ¶ 2.

---

[1] Capitalized terms not defined herein have the meanings ascribed to such term later in the Objection.

[2] This generic description was used approximately twelve (12) times in the Fee Application.

[3] This generic description was used approximately five (5) times in the Fee Application.

---

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OMNIBUS LIMITED OBJECTION TO THE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSE OF FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM OCTOBER 16, 2019 THROUGH MARCH 31, 2020

4. In the Employment Order and as used herein, the Acis Bankruptcy is defined as "*In re Acis Capital Management, L.P.,* Case No. 18-30264-SGJ-11 (Bankr. N.D. Tex. 2018) & *In re Acis Capital Management GP, L.L.C.),* Case No. 18-30265-SGJ-11 (Bankr. N.D. Tex. 2018)."

5. In the Employment Order and as used herein, the Debtor Appeal is defined as "*In re Matter of Acis Management GP, LLC and Acis Capital Management, L.P. v. Highland Capital Management, L.P., et al. v. Robin Phelan, Chapter 11 Trustee,* Case No. 19-10847 (5th Cir. 2019)." The Debtor Appeal relates to the Debtor's, Neutra Ltd.'s ("Neutra"), and Highland CLO Funding, Ltd.'s ("Highland Funding") appeal of Acis's confirmation order. *See Highland Capital Management, L.P., et al. v. Robin Phelan, Chapter 11 Trustee,* Case No. 19-10847.

6. The Employment Order further provides that "Foley shall include in any application for compensation an allocation of its fees and expenses between the Debtor, Neutra, and any other represented party as appropriate." Employment Order ¶ 3.

7. Although Foley's applications requested that Foley be retained by the Debtor on a larger scope, such relief was denied. Employment Order ¶ 1.

8. Foley also represents Neutra, the only appellant, in Neutra's appeal of Acis's orders for relief, currently pending before the Fifth Circuit Court of Appeals and styled *Neutra, Ltd. v. Joshua N. Terry,* Case No. 19-10846 (the "Involuntary Appeal"). *See Neutra, Ltd. v. Joshua N. Terry,* Case No. 19-10846 (5th Cir. Oct. 30, 2019).

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OMNIBUS LIMITED OBJECTION TO THE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSE OF FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM OCTOBER 16, 2019 THROUGH MARCH 31, 2020

Page 3 of 19
App. 0412

A.     **Appellate Timeline.**

1.     **Involuntary Appeal**

9.     The two parties to the Involuntary Appeal are Neutra (represented by Foley), the appellant, and Joshua N. Terry (represented by Winstead and the Rogge Dunn Group), the appellee. *See generally Neutra, Ltd. v. Joshua N. Terry*, Case No. 19-10846.

10.    Prior to October 16, 2019 (the "Petition Date"), Neutra filed its opening brief in the Involuntary Appeal. *See Neutra, Ltd. v. Joshua N. Terry*, Case No. 19-10846 (5th Cir. Oct. 1, 2019).

11.    On October 30, 2019, the appellee filed his reply brief in the Involuntary Appeal. *See Neutra, Ltd. v. Joshua N. Terry*, Case No. 19-10846 (5th Cir. Oct. 30, 2019).

12.    On November 20, 2019, Neutra filed its Reply Brief in the Involuntary Appeal. *See Neutra, Ltd. v. Joshua N. Terry*, Case No. 19-10846 (5th Cir. Nov. 20, 2019).

13.    On February 14, 2020, the United States Court of Appeals for the Fifth Circuit calendared the Involuntary Appeal for oral argument on March 30, 2020. *See Neutra, Ltd. v. Joshua N. Terry*, Case No. 19-10846 (5th Cir. Feb. 14, 2020).

14.    On March 9, 2020, Jeffrey S. Levinger filed a Notice of Form for Appearance on behalf of Neutra in the Involuntary Appeal (the "Notice"). The Notice states that lead counsel is Holland N. O'Neil. *See Neutra, Ltd. v. Joshua N. Terry*, Case No. 19-10846 (5th Cir. March 9, 2020).

15.    On March 23, 2020, after requesting input from the parties, the United States Court of Appeals for the Fifth Circuit notified parties that oral argument in the Involuntary

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OMNIBUS LIMITED OBJECTION TO THE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSE OF FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM OCTOBER 16, 2019 THROUGH MARCH 31, 2020

Page 4 of 19
App. 0413

Appeal will be set at a later date. *See Neutra, Ltd. v. Joshua N. Terry*, Case No. 19-10846 (5th Cir. March 23, 2020).

### 2. Debtor Appeal

16. The parties to the Debtor Appeal are Neutra (represented by Foley), as appellant, the Debtor (represented by Foley), as appellant, Highland Funding. (represented by King and Spalding, LLP), as appellant, and Robin Phelan, Chapter 11 Trustee (represented by Winstead and the Rogge Dunn Group). *See Highland Capital Management, L.P., et al. v. Robin Phelan, Chapter 11 Trustee*, Case No. 19-10847.

17. Prior to the Petition Date, Highland Funding (represented by King and Spalding) filed its own opening brief in the Debtor Appeal. *See Highland Capital Management, L.P., et al. v. Robin Phelan, Chapter 11 Trustee*, Case No. 19-10847 (5th Cir. Sept. 20, 2019).

18. Prior to the Petition Date, Neutra and the Debtor (represented by Foley) **jointly** filed their opening brief in the Debtor Appeal. *See Highland Capital Management, L.P., et al. v. Robin Phelan, Chapter 11 Trustee*, Case No. 19-10847 (5th Cir. Oct. 14, 2019).

19. On November 13, 2019, the appellee filed his brief in the Debtor Appeal. *See Highland Capital Management, L.P., et al. v. Robin Phelan, Chapter 11 Trustee*, Case No. 19-10847 (5th Cir. Nov. 13, 2019).

20. On December 16, 2019, Highland Funding filed its reply brief in the Debtor Appeal. *See Highland Capital Management, L.P., et al. v. Robin Phelan, Chapter 11 Trustee*, Case No. 19-10847 (5th Cir. Dec. 16, 2019).

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OMNIBUS LIMITED OBJECTION TO THE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSE OF FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM OCTOBER 16, 2019 THROUGH MARCH 31, 2020

Page 5 of 19
App. 0414

21. On December 16, 2019, Neutra and the Debtor (both represented by Foley) filed their **joint** reply brief in the Debtor Appeal. *See Highland Capital Management, L.P., et al. v. Robin Phelan, Chapter 11 Trustee*, Case No. 19-10847 (5th Cir. Dec. 16, 2019).

22. On February 14, 2020, the United States Court of Appeals for the Fifth Circuit calendared the Involuntary Appeal for oral argument on March 30, 2020. *See Highland Capital Management, L.P., et al. v. Robin Phelan, Chapter 11 Trustee*, Case No. 19-10847 (5th Cir. Feb. 14, 2020).

23. On March 23, 2020, after requesting input from the parties, the United States Court of Appeals for the Fifth Circuit notified parties that oral argument in the Debtor Appeal will be set at a later date. *See Highland Capital Management, L.P., et al. v. Robin Phelan, Chapter 11 Trustee*, Case No. 19-10847 (5th Cir. March 23, 2020).

### III.    APPLICABLE LAW

24. Foley is employed pursuant to Section 327(a) of the Bankruptcy Code.[4] As such, Foley's compensation is subject to Section 330(a) of the Bankruptcy Code, as made applicable by Section 331 of the Bankruptcy Code.[5] Section 330(a) of the Bankruptcy Code provides:

> **(1)**    After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103 —
> 
>   **(A)**    **reasonable compensation for actual, necessary services** rendered by the trustee, examiner, ombudsman, professional person, or

---

[4] 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

[5] Section 331 of the Bankruptcy Code states as follows: "a trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is p**rovided under section 330 of this title.**    After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement" (emphasis added).

---

**ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OMNIBUS LIMITED OBJECTION TO THE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSE OF FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM OCTOBER 16, 2019 THROUGH MARCH 31, 2020**

attorney and by any paraprofessional person employed by any such person; and

  **(B)**  reimbursement for actual, necessary expenses.

**(2)**  **The court may**, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, **award compensation that is less than the amount of compensation that is requested.**

**(3)**  In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

  **(A)**  the time spent on such services;
  **(B)**  the rates charged for such services;
  **(C)**  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
  **(D)**  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
  **(E)**  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
  **(F)**  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

**(4)**  **(A)** Except as provided in subparagraph (B), the court shall not allow compensation for—

  **(ii)**  services that were not—
    **(I)**  reasonably likely to benefit the debtor's estate; or
    **(II)**  necessary to the administration of the case.

11 U.S.C. § 330(a) (emphasis added).

25.  The Fifth Circuit and the United States Supreme Court have routinely stated that bankruptcy courts are to apply the plain language of Section 330. *See Lamie v. United States Tr*., 540 U.S. 526, 542 (2004) (interpreting the plain meaning of Section 330); *see also CRG*

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OMNIBUS LIMITED OBJECTION TO THE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSE OF FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM OCTOBER 16, 2019 THROUGH MARCH 31, 2020

Page 7 of 19
App. 0416

*Partners, LLC v. Neary (In re Pilgrim's Pride Corp*.), 690 F.3d 650, 665 (5th Cir. 2012) ("bankruptcy courts are expected to consider under § 330(a)'s plain language"). The plain language of Section 330(a) permits this Court to award only *reasonable* compensation, at the discretion of this Court, after analyzing "all relevant factors."

26. In *Barron & Newburger, P.C. v. Tex. Skyline, Ltd. (In re Woerner)*, 783 F.3d 266 (5th Cir. 2015), the Fifth Circuit "overturn[ed] *Pro-Snax's* attorney's-fee rule and adopted the prospective, 'reasonably likely to benefit the estate' standard endorsed by [the Fifth Circuit's] sister circuits." *Woerner*, 783 F.3d at 268. Prior to *Woerner*, *Pro-Snax* allowed compensation only if the "services resulted in an identifiable, tangible, and material benefit to the bankruptcy estate." *See Andrews & Kurth, LLP v. Family Snacks (In re Pro-Snax Distributors)*, 157 F.3d 414, 426 (5th Cir. 1998). The *Pro-Snax* standard required a retrospective analysis, while the *Woerner* standard requires a prospective analysis. *See Woerner,* 783 F.3d at 273 ("a court may compensate an attorney for services that are 'reasonably likely to benefit' the estate and adjudge that reasonableness 'at the time at which the service was rendered'").

27. Under Section 330 of the Bankruptcy Code, as made applicable here by Section 331 of the Bankruptcy Code, not only must the overall *amount* of fees be reasonable, the *allocation* of such fees among clients must also be reasonable. *See In re Energy Future Holdings Corp.,* 593 B.R. 217, 259 (Bankr. D. Del. 2018) ("[t]he fee and expense approval process must be done on a debtor-by-debtor basis, and professional fees and expenses that are not incurred for the benefit of a particular debtor should not be paid out of the estate of such debtor"); *see also In re Eagle Creek Subdivision, LLC*, No. 08-04292-8-JRL, 2009 Bankr.

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OMNIBUS LIMITED OBJECTION TO THE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSE OF FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM OCTOBER 16, 2019 THROUGH MARCH 31, 2020

Page 8 of 19

App. 0417

LEXIS 5779, *6 (Bankr. E.D.N.C. Feb. 5, 2009); *In re Tropicana Entm't*, No. 08-105856(KJC), 2014 Bankr. LEXIS 5198, *14 (Bankr. Del. Dec. 30, 2014).

28. Foley, the applicant, bears initial burden of proof regarding the Fee Application. *Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Charles N. Wooten, Ltd. (In re Evangeline Refining Co.),* 890 F.2d 1312, 1326 (5th Cir. 1989). The "Court should not venture guesses nor undertake extensive investigation to justify a fee for an attorney or trustee who has not done so himself." *Id*.

29. Finally, professionals employed under Section 327 of the Bankruptcy Code may only seek compensation pursuant to Section 330 of the Bankruptcy Code for work performed under their authorized scope of employment. *See PricewaterhouseCoopers, LLP v. Litzler (In re Harbor Fin. Grp., Inc.),* Civil Action No. 3:00-CV-1283-X, 2001 U.S. Dist. LEXIS 14412, *14-*17 (N.D. Tex. Sept. 6, 2001) (affirming the bankruptcy court's disallowance of fees related to work performed outside the scope of a professional's employment); *see also John F. Ames & Co. v. Marshall (In re G.G. Moss Co.)*, No. 94-2587, 1995 U.S. App. LEXIS 14699, *6 (4th Cir. June 15, 1995).

## IV. <u>LIMITED OBJECTION</u>

### A. Foley Has Not Properly Allocated Fees, As Directed By This Court.

30. At the hearing on Foley's employment application, the Court stated the following with respect to the Debtor's employment of Foley in the Debtor Appeal:

> I will say yes to that, but they need to be prepared to have their fees split. I'm not saying 50/50, I don't know what the percentage is, but they are going to be allocated between Neutra and Highland, and they should not expect to get a hundred percent of those covered by Highland at the end of the day. Okay? There's going to be a deep dive into looking at how that allocation, should work, okay?

---

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OMNIBUS LIMITED OBJECTION TO THE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSE OF FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM OCTOBER 16, 2019 THROUGH MARCH 31, 2020

Tr. 180:19-181:1 (Feb. 19, 2020).

31. Foley has not properly allocated its fees between Neutra and the Debtor with respect to the Debtor Appeal. During the period covered by the Fee Applications, Foley filed <u>one</u> reply brief on behalf of <u>Neutra only</u> in the Involuntary Appeal, and <u>one</u> reply brief on behalf of <u>both the Debtor and Neutra</u> in the Debtor Appeal. *See* Interim Fee Application Docket No. 602-2. It is not clear from the Fee Applications if Foley prepared for oral argument on behalf of Neutra in only the Debtor Appeal, or both the Involuntary Appeal and the Debtor Appeal. *See* Interim Fee Application Docket No. 602-2. Foley also prepared for oral argument on behalf of the Debtor in the Debtor Appeal. *See* Interim Fee Application Docket No. 602-2.

32. During the period covered by the Fee Applications, Foley states the following amounts were billed to Neutra and the Debtor, respectively:

| Time Period | Relevant Action By Appellants | Relevant Action By Appellee | Amount Billed to Neutra for Involuntary Appeal | Amount Billed to Neutra for Debtor Appeal | Amount Billed to Debtor for Debtor Appeal |
|---|---|---|---|---|---|
| Oct. 16, 2019 -Nov. 30, 2019 | Reply brief filed by Neutra in Involuntary Appeal | Appellee Brief filed in Involuntary Appeal and Appellee Brief filed in Debtor Appeal | $96,312.44 (unclear because Foley did not delineate between Involuntary Appeal and Debtor Appeal) | | $18,424.00 |
| December 2019 | Joint reply brief filed by **both** Neutra and Debtor in Debtor Appeal | | $0 | $0 | $87,369.10 |

| | | | | | |
|---|---|---|---|---|---|
| January 2020 | | | $0 | $0 | $4,054.50 |
| February 2020 | Oral argument calendared in **both** appeals | | $10,356.50 (unclear because Foley did not delineate between Involuntary Appeal and Debtor Appeal) | | $31,560.00 |
| March 2020 | Oral argument in both appeals scheduled | | $12,617.00 (unclear because Foley did not delineate between Involuntary Appeal and Debtor Appeal) | | $60,707.50 |
| **Total** | | | **$119,285.94** (unclear because Foley did not delineate between Involuntary Appeal and Debtor Appeal) | | **$202,115.10** |

33.  Foley's calculation shows that Neutra is being billed approximately **half** the amount that the Debtor is being billed, even though Foley represents Neutra in **two** appeals, including one **joint** appeal with the Debtor, whereas it represents the Debtor in only one appeal, a joint appeal with Neutra. According to the Application, the Debtor is responsible for 63% of the total fees incurred for both appeals despite the fact that the Debtor is only party to the Debtor appeal, while Neutra is responsible for 37% of fees despite the fact that it is party to both appeals. Foley's allocation of 63% of the total fees to the Debtor for both appeals appears to be unreasonable and disproportionate to the work performed.[6]

---

[6] Foley has stated that $321,401.04 in fees are attributable to both the Involuntary Appeal and the Debtor Appeal. Assuming, half of those fees relate to the Involuntary Appeal, Neutra should be responsible for approximately $160,700.52, related to solely the Involuntary Appeal. If the remaining fees, related to the Debtor appeal, are split equally between the Debtor and Neutra, the Debtor would be responsible for $80,350.26 (rather than the current $202,115.10) and Neutra would be responsible for the same amount of fees, related to the Debtor Appeal. Note, this is based on mere assumptions as Foley has not provided time entries that attribute time/fees to specific entity.

This Objection relates to approximately 25-percent of the total fees at issue. Further, Foley requests 100-percent of its fees and 100-percent of its expenses on an interim basis. This *Court's Guidelines of Compensation and Expense*

---

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OMNIBUS LIMITED OBJECTION TO THE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSE OF FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM OCTOBER 16, 2019 THROUGH MARCH 31, 2020

34. Foley's time entries do not support the allocation described above because many of the time entries are generic. It is not clear from the entries why the Debtor, rather than Neutra, is tasked with compensating Foley. Certain of Foley's time entries related to the Debtor appeal do not clearly relate to the **Debtor**, rather than Neutra, so one cannot decipher if Foley complied with the Court's directive to allocate fees between Neutra and the Debtor. For example:[7]

| Fee Application | Date | Time Keeper | Time Entry | Time |
|---|---|---|---|---|
| October/November | 11/7/2020 | HNO | Preparation for and conference call with HCLOF counsel to discuss the 5th Cir. appellate brief and follow up regarding same | .80 |
| October/November | 11/14/19 | HNO | Commence review of Brief of Appellee (Trustee) in the Confirmation Order Appeal. | 1.1 |
| October/November | 11/18/19 | SRO | Draft motion to extend reply brief deadline in HCM appeal in Fifth Circuit. | .80 |

---

*Reimbursement of Professionals* provide for professionals to be paid up to 80-percent of their compensation for services rendered on an interim basis. *See Guidelines of Compensation and Expense Reimbursement of Professionals* § I.H. However, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 141] entered by the Delaware Bankruptcy Court contains no such requirement.

[7] These time entries are intended to be examples. In fact, most of the time entries related to the Debtor Appeal do not specifically relate to the Debtor or Neutra.

---

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OMNIBUS LIMITED OBJECTION TO THE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSE OF FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM OCTOBER 16, 2019 THROUGH MARCH 31, 2020

Page 12 of 19
App. 0421

| | | | | |
|---|---|---|---|---|
| October/November | 11/22/19 | HNO | Review of Appellee's Brief on the Acis Confirmation Order appeal and work on issues as to Appellant's Reply Brief. | 8.40 |
| December | 12/02/2019 | DEG | Work on reply brief. | 3.50 |
| December | 12/03/2019 | DEG | Work on reply brief. | 7.00 |
| December | 12/04/2019 | DEG | Work on reply brief. | 3.2 |
| December | 12/09/2019 | DEG | Work on reply brief. | 8.00 |
| December | 12/12/2019 | DEG | Extensive work on the 5th Circuit Reply Brief and myriad of emails with D. Green regarding same. | 7.70 |
| December | 12/13/2019 | HNO | Work on 5th Circuit Brief and related issues, including emails with client regarding [REDACTED] and review of [Redacted]. | 8.20 |
| December | 12/15/2019 | HNO | Work on Reply Brief and emails to client regarding same. | 3.30 |
| February | 2/10/2020 | HNO | Oral argument preparation issues. | 2.10 |
| February | 2/16/2020 | HNO | Address 5th Circuit oral argument preparation and mapping. | 3.80 |
| February | 2/17/2020 | DBG | Review briefs and discuss oral argument strategy with H. O'Neil; review Fifth Circuit order regarding oral argument. | 3.10 |
| March | 3/8/2020 | HNO | Review of record on appeal. | 2.0 |

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OMNIBUS LIMITED OBJECTION TO THE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSE OF FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM OCTOBER 16, 2019 THROUGH MARCH 31, 2020

Page 13 of 19

App. 0422

| | | | | |
|---|---|---|---|---|
| March | 3/12/2020 | HNO | Work on oral argument with review of record and briefing arguments. | 2.40 |
| March | 3/14/2020 | HNO | Review of Record on appeal and overlay with argument in the brief. | 3.50 |

35. The narrative explanation provided by Foley, related to how time was divided between Neutra and the Debtor, does not tie back to specific time entries. *See* Interim Fee Application Docket No. 602-2. Further, Foley states "[t]hese fees related to preparation for oral argument and were divided up accordingly." *See* Interim Fee Application Docket No. 602-2. However, it is not clear how "accordingly" was determined and by whom.

36. Additionally, certain time entries are not clearly attributable to the Debtor Appeal (in which Foley is retained to represent the Debtor) rather than the Involuntary Appeal (which Foley is not retained to represent the Debtor). For example:

| **Fee Application** | **Date** | **Time Keeper** | **Time Entry** | **Time** |
|---|---|---|---|---|
| October/November | 11/01/19 | NJOV | Analyze brief to pull case cites and prepare a notebook at the request of D. Green; coordinate with Special Delivery to hand deliver the notebook.[8] | .80 |
| October/November | 11/11/19 | HNO | Address litigation and appellate matters. | 1.5 |
| October/November | 11/19/19 | JBB | Review Fifth Circuit reply brief and exchange e-mails discussing same. | 1.1 |

---

[8] Given the date of this time entry (the day after the Appellee's brief was filed in the Involuntary Appeal and before the Appellee's brief was filed in the Debtor Appeal), this time may be attributable to Neutra, and therefore, the Debtor should not be responsible for the fees and expenses related to the same.

---

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OMNIBUS LIMITED OBJECTION TO THE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSE OF FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM OCTOBER 16, 2019 THROUGH MARCH 31, 2020

37.     Additionally, the time related to oral argument preparations in February and March is not clearly attributable to the Debtor Appeal, rather the Involuntary Appeal, as both were set to take place on the same day.

38.     Foley has "allocated" a majority of the fees incurred by both Neutra and the Debtor to the Debtor. Foley's time entries do not elucidate on what particular work was being performed and for whom. This Court stated there was going to be a "deep dive" into the allocation of fees between Neutra and the Debtor. The current explanation provided by Foley is shallow. Foley bears the burden with respect to its Fee Application and it has failed to meet this burden. Therefore, the "Court should not venture guesses nor undertake extensive investigation to justify a fee for an attorney or trustee who has not done so himself." *Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Charles N. Wooten, Ltd. (In re Evangeline Refining Co.),* 890 F.2d 1312, 1326 (5th Cir. 1989).

**B.      Foley May Have Performed Work Outside The Scope Of Its Employment.**

39.     Foley was retained on "only the following matter, unless otherwise ordered by the Court the Acis Bankruptcy and the Debtor Appeal." Employment Order ¶ 2.  Foley has billed over $110,000.00 (approximately 22% of the total fees billed) to the "case administration" category (presumably for work unrelated to the Acis Bankruptcy or the Debtor appeal, which are largely included in the Adverse Proceeds/Appeal or Confirmation Order Appeal categories). Many of the time entries related to the "case administration" category and elsewhere are heavily redacted. These redactions in the Fee Applications make it nearly impossible to adequately assess the work performed by Foley. At a minimum, the unredacted invoices should be submitted

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OMNIBUS LIMITED OBJECTION TO THE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSE OF FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM OCTOBER 16, 2019 THROUGH MARCH 31, 2020

Page 15 of 19

App. 0424

for *in camera* review. Acis objects to the Fee Applications to the extent Foley seeks to be compensated for work performed outside the scope of its employment.

## V. CONCLUSION

40. Acis recognizes that it is atypical to file a lengthy and substantive objection to an interim fee application. While Foley seeks payment on an interim basis, it is important to note that Foley seeks payment of 100-percent of its fees and expenses, rather than the customary 80-percent of fees and 100-percent of expenses.[9] Additionally, the allocation issues appear to relate to a significant portion of the total fees requested by the Fee Applications. Finally, as Foley was retained by the Debtor on two discrete topics: (i) the Acis Bankruptcy (which had little activity since the Petition Date, as the adversary involving the Debtor is stayed) and (ii) the Debtor Appeal (which now has briefing completed), the vast majority of work to be performed by Foley, pursuant to the Employment Order, has already occurred. Therefore, Acis requests this Court only award Foley fees and expenses to the extent that such fees actually benefited the Debtor and comply with the Employment Order. As this Court has already determined, Neutra must pay its own way.

## VI. PRAYER

Acis respectfully requests that this Court only allow Foley fees and expenses to the extent such fees actually benefited the Debtor and comply with the Employment Order. Acis also requests such other and further relief to which it may show itself to be justly entitled.

**DATED: May 19, 2020.**

---

[9] This is permitted by the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 141].

---

**ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OMNIBUS LIMITED OBJECTION TO THE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSE OF FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM OCTOBER 16, 2019 THROUGH MARCH 31, 2020**

Respectfully submitted,

By: */s/ Annmarie Chiarello*
Rakhee V. Patel
State Bar No. 00797213
Phillip Lamberson
State Bar No. 00794134
Annmarie Chiarello
State Bar No. 24097496
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 745-5400
Facsimile: (214) 745-5390
rpatel@winstead.com
plamberson@winstead.com
achiarello@winstead.com

-and-

Brian P. Shaw
State Bar No. 24053473
**ROGGE DUNN GROUP, PC**
500 N. Akard Street, Suite 1900
Dallas, Texas 75201
Telephone: (214) 888-5000
Facsimile: (214) 220-3833
shaw@roggedunngroup.com

**COUNSEL FOR ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC**

---

ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OMNIBUS LIMITED OBJECTION TO THE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSE OF FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM OCTOBER 16, 2019 THROUGH MARCH 31, 2020

## CERTIFICATE OF SERVICE

      I hereby certify that on May 19, 2020, notice of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District. I further certify that on May 19, 2020, this document will be sent by e-mail and first class mail to the parties listed below.

                                                   */s/ Annmarie Chiarello*
                                                   One of Counsel

Highland Capital Management, L.P.
Attn: Isaac Leventon, Esq.
300 Crescent Court, Suite 700
Dallas, TX 75201
(ileventon@highlandcapital.com)

Highland Capital Management, L.P.
c/o Pachulski Stang Ziehl & Jones LLP
James E. O'Neill, Esq.
919 N. Market Street, 17th Floor
Wilmington, DE 19801
(joneill@pszjlaw.com)

Highland Capital Management, L.P.
c/o Pachulski Stang Ziehl & Jones LLP
Attn: Jeffrey N. Pomerantz, Esq.
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
(jpomerantz@pszj law.com

Official Committee of Unsecured Creditors
of Highland Capital Management, L.P.
c/o Sidley Austin LLP
Attn: Jessica Boelter, Esq.
787 Seventh Avenue
New York, NY 10019
(jboelter@sidley.com)

Official Committee of Unsecured Creditors
of Highland Capital Management, L.P.
c/o Sidley Austin LLP

---

**ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OMNIBUS LIMITED OBJECTION TO THE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSE OF FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM OCTOBER 16, 2019 THROUGH MARCH 31, 2020**

Attn: Bojan Guzina
One South Dearborn Street
Chicago, IL 60603
bguzina@sidley.com

Young Conaway Stargatt & Taylor, LLP
Attn: Michael R. Nestor, Esq.
Rodney Square
1000 N. King Street
Wilmington, DE 19801
(mnestor@ycst.com)

The Office of the United States Trustee
Attn.: Jane Leamy, Esq.
844 King Street
Suite 2207 Lockbox 35
Wilmington, DE 19801
(Jane.M.Leamy@usdoj.gov)

Highland Capital Management, L.P.
c/o Hayward & Associates PLLC
Attn: Melissa S. Hayward
10501 N. Central Expressway, Suite 106
Dallas, TX 75231
(MHayward@HaywardFirm.com)

The Office of the United States Trustee
Attn: Lisa L. Lambert
1100 Commerce Street, Room 976
Dallas, TX 75242
(lisa.l.lambert@usdoj.gov)

Foley & Lardner LLP
Attn: Holland N. O'Neil
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
(honeil@foley.com)

---

**ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC'S OMNIBUS LIMITED OBJECTION TO THE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSE OF FOLEY & LARDNER LLP AS SPECIAL TEXAS COUNSEL FOR THE PERIOD FROM OCTOBER 16, 2019 THROUGH MARCH 31, 2020**