# Appendix Exhibit 37

Case 19-34054-sgj11 Doc 827 Filed 07/13/20    Entered 07/13/20 15:24:31    Page 1 of 8
Case 3:21-cv-00881-X   Document 174-37   Filed 12/16/23   Page 2 of 9   PageID 17859
Docket #0827  Date Filed: 07/13/2020

D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
Joshua N. Eppich
State Bar I.D. No. 24050567
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

**ATTORNEYS FOR JAMES DONDERO**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | Case No. 19-34054 |
| Debtor. | § § | Chapter 11 |

**JAMES DONDERO'S (I) OBJECTION TO PROOF OF CLAIM OF ACIS CAPITAL
MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP, LLC; AND (II)
JOINDER IN SUPPORT OF HIGHLAND CAPITAL MANAGEMENT, L.P.'S
OBJECTION TO PROOF OF CLAIM OF ACIS CAPITAL MANAGEMENT L.P.
AND ACIS CAPITAL MANAGEMENT GP, LLC**
[Relates to Claim No. 3 and Docket No. 771]

James Dondero ("Dondero"), a creditor, indirect equity security holder, and party in interest in the above-captioned bankruptcy case, hereby files this *(I) Objection to Proof of Claim of Acis Capital Management, L.P. and Acis Capital Management GP, LLC; and (II) Joinder in Support of Highland Capital Management, L.P.'s Objection to Proof of Claim of Acis Capital Management, L.P. and Acis Capital Management GP, LLC* and hereby objects to Proof of Claim No. 3 (the "Acis Claim")[1] filed by claimants Acis Capital Management, L.P. and Acis Capital

---

[1] The Acis Claim was assigned Claim No. 23 by the Debtor's claims' agent.

JAMES DONDERO'S OBJECTION TO PROOF OF CLAIM NO. 3 FILED BY ACIS
AND JOINDER IN SUPPORT OF HIGHLAND CAPITAL MANAGEMENT, LP'S OBJECTION

1934054200713000000000005

App. 0070

Management GP, LLC (collectively, "Acis") in the above-captioned chapter 11 case of Highland Capital Management, L.P. (the "Debtor"). In support thereof, Dondero respectfully represents as follows:

## I.    BACKGROUND

1. On October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court").

2. On October 29, 2019, the Official Committee of Unsecured Creditors (the "Committee") was appointed by the U.S. Trustee in the Delaware Court.

3. On December 4, 2019, the Delaware Court entered an order transferring venue of the Debtor's Bankruptcy Case to this Court [Docket No. 186].

4. On December 27, 2019, the Debtor filed that certain *Motion of the Debtor for Approval of Settlement with the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course* [Docket No. 281] (the "Settlement Motion"). This Court approved the Settlement Motion on January 9, 2020 [Docket No. 339] (the "Settlement Order").

5. The Settlement Order approved, among other things, certain operating and reporting protocols [Docket Nos. 354, 466].

6. In connection with the Settlement Order, an independent board of directors was appointed on January 9, 2020, at the Debtor's general partner, Strand Advisors, Inc. (the "Independent Board").

7. The Acis Claim incorporates the complaint from litigation commenced by the trustee of the former estate in the Acis bankruptcy case (the "Acis Case") at a time when Acis had

unpaid creditors (the "Acis Complaint")[2].

8. On June 23, 2020, the Debtor filed its *Objection to Proof of Claim of Acis Capital Management L.P. and Acis Capital Management GP, LLC* [Docket No. 771] (the "Highland Objection"). The Highland Objection raises many issues that will potentially be litigated in connection with the Acis Complaint. The Highland Objection is set for hearing on August 6, 2020 at 9:30 a.m.

## II.    RELIEF REQUESTED

9. For the reasons set forth in the Highland Objection, Dondero believes that the Acis Claim should be disallowed in its entirety and therefore files this objection to the Acis Claim and joinder in support of the Highland Objection.

10. Terry, whose claim has been, or soon will be, satisfied in full under Acis's plan, should not be granted a $75 million (or more) windfall at the expense of this Debtor's creditors and its estate. As detailed at length in the Highland Objection, the Acis Claim attempts to circumvent established legal principles to obtain a recovery—exponentially larger than Acis's debt—not for the Acis estate (it no longer exists), not for Acis's creditors (they have all been paid or will be soon satisfied), but for Terry himself. Each of Acis's causes of action fails for a variety of independent reasons, many of which stem from the fact that Terry is ultimately seeking a personal recovery. The Court should see the Acis Claim for what it is—a vexatious attempt to obtain an undue personal windfall at the expense of the Debtor, its estate, and its creditors and equity owners. The Court should disallow the Acis Claim in full.

---

[2] Specifically, the Acis Claim incorporates the *Second Amended Complaint (Including Claim Objections and Objections to Administrative Expense Claims)* filed in Adversary No. 18-03078 in the Acis Case.

### III.    STANDING

11.    Dondero, as a creditor, indirect equity security holder, and party in interest, has standing to file this claim objection and joinder pursuant to sections 502(a)-(b) and 1109(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

12.    Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects." 11 U.S.C. § 502(a).

13.    In the event an objection is filed by a party in interest, section 502(b) provides that the court, after notice and hearing, shall determine the allowance of such claim. 11 U.S.C. § 502(b).

14.    While neither sections 101, 502, 1109 nor any other section in the Bankruptcy Code specifically define the term "party in interest," section 1109(b) provides a non-exclusive list of constituents that fall within the meaning of "party in interest" for the purposes of a chapter 11 proceeding. *See Kipp Flores Architects, L.L.C. v. Mid-Continent Cas. Co.*, 852 F.3d 405, 413 (5th Cir. 2017) ("The Bankruptcy Code does not provide an exclusive definition of a party in interest, but the Code broadly includes debtors, creditors, trustees, indenture trustees, and equity security holders among the parties entitled, *e.g.*, to notice of proceedings in the case.").

15.    Specifically, section 1109(b) provides that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee may raise and may appear and be heard on any issue in a case under [Chapter 11]." 11 U.S.C. § 1109(b). This section "has been construed to create a broad right of participation in Chapter 11 cases." *In re Global Industrial Technologies,*

*Inc.*, 645 F.3d 201, 210 (3d Cir. 2011) (quoting *In re Combustion Engineering, Inc.*, 391 F.3d 190, 214 n.21 (3d Cir. 2004)).

16. Parties in interest for the purpose of claims objections "include not only the debtor, but anyone who has a legally protected interest that could be affected by a bankruptcy proceeding." *Adair v. Sherman*, 230 F.3d 890, 894 n. 3 (7th Cir. 2000). "Any 'party in interest' may object to a proof of claim and request the court to determine its correct amount." *Kipp Flores Architects, L.L.C. v. Mid-Continent Cas. Co.*, 852 F.3d 405, 413 (5th Cir. 2017). *See also* 4 COLLIER ON BANKRUPTCY P 502.02 (16th ed. 2020) ("In the context of a chapter 11 case in particular, the term 'party in interest' expressly includes the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee.").

17. Here, Dondero has standing to be heard on any issue in this Chapter 11 case, including this claim objection proceeding, because he is (i) a creditor; (ii) an equity security holder; and (iii) a party in interest as those terms are interpreted under the Bankruptcy Code.

18. Dondero is a creditor of the Debtor because he has prepetition claims against the Debtor and its estate, including, without limitation, those asserted through proofs of claim numbers 141, 142, and 145 filed by Dondero on April 8, 2020.

19. Dondero is also an equity security holder through his role as the President and sole shareholder of Debtor's General Partner, Strand Advisors, Inc. ("<u>Strand</u>"). As the Debtor's General Partner, Strand maintains a 0.2508% partnership interest in the Debtor.

20. Accordingly, as both a creditor and equity security holder, Dondero qualifies as a "party in interest" under the Bankruptcy Code and has the right to file this claim objection and be heard on any other issue in this Chapter 11 case.

## IV.     LEGAL STANDARD

21.     Section 502 of the Bankruptcy Code provides, in pertinent part, as follows: "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502.

22.     The Bankruptcy Code establishes a burden-shifting framework for proving the validity and amount of a claim. "A proof of claim executed and filed in accordance with the [Bankruptcy Rules] shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); *see also In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006). A proof of claim loses the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) if an objecting party produces evidence sufficient to rebut at least one of the allegations that is essential to the claim's legal sufficiency. *See In re Fidelity Holding Co.*, Ltd., 837 F.2d 696, 698 (5th Cir. 1988); *McGee v. O'Connor (In re O'Connor)*, 153 F.3d 258, 260 (5th Cir. 1998). Once such allegations are rebutted, the burden shifts back to the claimant to prove its claim by a preponderance of the evidence. *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006). Despite this shifting burden, "the ultimate burden of proof always lies with the claimant." *Id.* (citing *Raleigh v. Ill. Dep't of Rev.*, 530 U.S. 15 (2000)).

## V.     OBJECTION AND JOINDER

23.     For the reasons set forth in the Highland Objection, Dondero hereby objects to the Acis Claim and asserts it should be disallowed as articulated in the Highland Objection.

24.     Dondero hereby joins in and adopts in full, and hereby incorporates by reference, the Highland Objection and the objections and supporting legal arguments asserted therein. Without limiting the generality of the foregoing, Dondero specifically objects to the Acis Claim on the following grounds:

a. The Acis Claim for breach of fiduciary duty should be disallowed because sole owners do not owe fiduciary duties to their company.

b. Even if fiduciary duties had been owed, this part of the Acis Claim should be disallowed because Acis cannot sue others for participating in a scheme in which it, as one of the entities it alleges was commonly owned and controlled, was equally culpable.

c. The fraudulent transfer claims should be disallowed because a debtor cannot recover avoidance claims for its own benefit under section 550(a) of the Bankruptcy Code.

d. All claims asserted by Acis on its own behalf against prior equity holders or third parties that were not pending when Mr. Terry purchased the company should be disallowed under the *Bangor Punta* doctrine.

## VI. RESERVATION OF RIGHTS

25. Dondero reserves the right to amend and/or supplement this objection and joinder, including to assert additional claim objections and legal arguments. Dondero further reserves the right to participate in discovery respecting and the hearing on the Highland Objection, including to make argument, present evidence, and examine witnesses.

## CONCLUSION

Dondero respectfully requests that the Court enter an order disallowing the Acis Claim and granting him and the Debtor such other and further relief to which they may be justly entitled.

JAMES DONDERO'S OBJECTION TO PROOF OF CLAIM NO. 3 FILED BY ACIS CAPITAL MANAGEMENT, LP
AND JOINDER IN SUPPORT OF HIGHLAND CAPITAL MANAGEMENT, LP'S OBJECTION TO ACIS'S CLAIM   Page 7

App. 0682

Dated: July 13, 2020

Respectfully submitted,

*/s/ D. Michael Lynn*
D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
Joshua N. Eppich
State Bar I.D. No. 24050567
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: michael.lynn@bondsellis.com
Email: john@bondsellis.com
Email: joshua@bondsellis.com
Email: bryan.assink@bondsellis.com

**ATTORNEYS FOR JAMES DONDERO**

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on July 13, 2020, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on counsel for Acis Capital Management, L.P. and Acis Capital Management GP, LLC, the Debtor, the Office of the U.S. Trustee, and on all other parties requesting or consenting to such service in this case.

*/s/ Bryan C. Assink*
Bryan C. Assink