# Appendix Exhibit 38

Case 19-34054-sgj11 Doc 832 Filed 07/14/20 Entered 07/14/20 16:47:13 Page 1 of 9
Case 3:21-cv-00881-X Document 174-36 Filed 12/16/23 Page 2 of 10 PageID 17808
Docket #0832 Date Filed: 07/14/2020

D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

ATTORNEYS FOR JAMES DONDERO

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | **Case No. 19-34054** |
| | § | |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**RESPONSE OF JAMES DONDERO TO THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS' EMERGENCY**
**MOTION TO COMPEL PRODUCTION BY THE DEBTOR**
[Relates to Docket No. 808]

James Dondero ("Dondero"), a party in interest, hereby files this Response to the *Official Committee of Unsecured Creditors' Emergency Motion to Compel Production by the Debtor* [Docket No. 808] (the "Motion"). In support thereof, Dondero respectfully represents as follows:

**BACKGROUND**

1. Through the Motion, the Committee seeks the production by the Debtor of a wide variety of documents, including emails, to aid in its investigation of potential Estate Claims[1] and other potential causes of action against third parties, which includes "any and all estate claims and causes of action against Dondero, [Mark] Okada, other insiders of the Debtor, and each of the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.



¹⁹³⁴⁰⁵⁴²⁰⁰⁷¹⁴⁰⁰⁰⁰⁰⁰⁰⁰⁰⁰⁰⁰⁴

Related Entities,[2] including promissory notes held by any of the foregoing." In accordance with the Final Term Sheet, the Committee also seeks "any privileged documents or communications that related to the Estate Claims."

2.      The Final Term Sheet grants the Committee access to privileged documents and communications in the Debtor's possession, custody, or control specifically related to the investigation and pursuit of the Estate Claims.  The term sheet provides that "solely with respect to the investigation and pursuit of Estate Claims, the document production protocol will acknowledge that the Committee will have access to the privileged documents and communications that are within the Debtor's possession, custody, or control ("Shared Privilege")."

3.      Accordingly, the Proposed Protocol of the Committee seeks, among other things, documents, emails, and other electronically stored information (ESI) exchanged from or between nine different custodians, who include Dondero.[3] The Committee has requested all ESI for the nine custodians, including without limitation, email, chat, text, Bloomberg messaging, or any other ESI attributable to the custodians.

4.      The Debtor's document production to the Committee in this case is subject to the terms and conditions of the Agreed Protective Order [Docket No. 382] entered into between the Committee and the Debtor on January 21, 2020. Under this protective order and the Committee's

---

[2] As described in the Motion, "[t]he Final Term Sheet defines "Related Entities," as, collectively, "(i) any non-publicly traded third party in which Mr. Dondero, Mr. Okada, or Mr. Grant Scott, or Mr. John Honis . . . has any direct or indirect economic or ownership interest, including as a beneficiary of a trust; (ii) any entity controlled directly or indirectly by Mr. Dondero, Mr. Okada, Mr. Grant Scott, or Mr. John Honis . . . ; (iii) MGM Holdings, Inc.; (iv) any publicly traded company with respect to which the Debtor or any Related Entity has filed a Form 13D or Form 13G; (v) any relative . . . of Mr. Dondero or Mr. Okada each solely to the extent reasonably knowable by the Debtor; (vi) the Hunter Mountain Investment Trust and Dugaboy Investment Trust; (vii) any entity or person that is an insider of the Debtor under Section 101(31) the Bankruptcy Code, . . .; and (viii) to the extent not included in [the above], any entity included in the listing of related entities in **Schedule B** hereto (the "Related Entities Listing")." (Dkt. 354-1, at 52.) The Related Entities Listing lists thousands of entities related to the Debtor. CLO Holdco i[s] a shareholder and limited partner of various entities on the Related Entities Listing."

[3] These nine custodians are Patrick Boyce, Jim Dondero, Scott Ellington, David Klos, Isaac Leventon, Mark Okada, Trey Parker, Tom Surgent ("Surgent"), and Frank Waterhouse.

Proposed Protocol, any document not including one of the agreed-upon set of privilege terms (that is, those likely to identify attorney-client privileged communications or attorney work product, but not those related to the Estate Claims) would be produced to the Committee for review, subject to the Agreed Protective Order's provisions on "No Waiver" and "Claw Back of Inadvertently Produced Protected Materials." Thereafter, after review by Debtor's contract attorneys, the Committee's Proposed Protocol suggests that non-privileged documents and "privileged documents related to the Estate Claims would be produced to the Committee on a rolling basis."

5.      While the Agreed Protective Order provides these and other protections to the Debtor related to the production of documents and information in this proceeding, the order provides that it does not apply to any third-party beneficiaries. Specifically, the order states that it "precludes non-Debtor affiliates, and their Representatives, including any entity affiliated with, owned by, or controlled in any way, directly or indirectly, by James Dondero and his affiliates (the "Dondero Parties") from seeking to enforce or rely on this Order in any way, unless any of the Dondero Parties is asked (formally or informally) to produce or receive Discovery Materials thereby becoming a "Party" as defined herein."[4]

6.      On July 9, 2020, Highland Capital Management, L.P. (the "Debtor" or "Highland") filed *Debtor's Motion for Entry of (I) A Protective Order, or, in the Alternative, (II) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors, Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034* [Docket No. 810].

7.      Because the production of certain privileged information is implicated by the Committee's Motion, including as it relates to Dondero, both individually and in connection with

---

[4] *See* Agreed Protective Order [Docket No. 382], para. 17.

his affiliated entities, Dondero is a Party that may seek relief with this Court in connection with the Agreed Protective Order.

## RESPONSE

8.      While Dondero takes no position as to the relief requested by the Committee in the Motion, he files this Response to ensure his rights are protected in connection with the production of any confidential or privileged documents and other information sought by the Committee.

9.      Under the Final Term Sheet, the Committee is entitled to "privileged documents and communications that are within the Debtor's possession, custody, or control" with respect to its investigation and pursuit of Estate Claims. In turn, members of the Committee will be entitled to access and review such information. Because of the broad scope of access granted to the Committee through the Final Term Sheet and the Shared Privilege, each of the committee members will have access to much more material than in the typical case.

10.     One such member, Joshua Terry ("Terry"), along with his wholly-owned or controlled entities, Acis Capital Management GP, LLC, and Acis Capital Management, L.P. (collectively, "Acis"), would enjoy access to this privileged and confidential information. As the Court is aware, Terry and Acis have commenced a number of proceedings against Dondero, Highland, and various related parties, which are not intended to benefit Highland's creditors generally, but are meant to benefit primarily Terry himself. Because of these pending actions, if the Court grants the Motion, the Court should restrict Terry and Acis's access to the information sought by the Committee, especially that which is privileged or confidential.

11.     While Dondero has found no case law directly on point, there is an analogous situation. Under Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Court may order the examination of any entity. Fed. R. Bankr. P. 2004. Rule 2004

further provides that the Court may order the examination and the production of documentary evidence concerning any matter that relates "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or . . . any matter relevant to the case or the formulation of a plan." Fed. R. Bankr. P. 2004(b).

12.    The scope of discovery under Rule 2004 is very broad. Courts have likened the examination to be in the nature of a "fishing expedition." *In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008).

13.    Although discovery under Rule 2004 is extremely broad, "once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by Rule 2004." *In re SunEdison, Inc.*, 572 B.R. 482, 490 (Bankr. S.D.N.Y. 2017); *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citing *Snyder v. Soc'y Bank*, 181 B.R. 40, 42 (S.D. Tex. 1994), aff'd sub nom. *In re Snyder*, 52 F.3d 1067 (5th Cir. 1995)); *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) ("The well recognized rule is that once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to the Fed. R. Bankr. P. 7026 *et seq.*, rather than by a [Rule] 2004 examination."). Because Rule 2004 is designed to provide the examining party with "broad power to investigate the estate, it does not provide the procedural safeguards offered by Fed. R. Bankr. P. 7026." *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996).

14.    In this case, the Committee and the Debtor have, through the Final Term Sheet, agreed to allow the Committee to conduct broad discovery concerning the Debtor's assets and financial affairs (akin to a 2004 examination) to aid in the Committee's investigation and pursuit of potential Estate Claims and other causes of action. Thus, to the extent there are pending

proceedings to which the Committee or any of its members is a party, they may be affected by this discovery.

15. While the Committee itself has not commenced an adversary proceeding or contested matter against the Debtor, Dondero, or any related entities, Terry has done so. Terry, either on behalf of himself or his wholly-owned and controlled entity, Acis, has commenced a number of adversary proceedings and state court lawsuits against the Debtor, Dondero, a number of Debtor's employees, and certain related entities. These proceedings remain pending and discovery may (for the most part) be taken by the parties.

16. Specifically, the pending proceedings commenced by Terry are (i) by Terry, related to his 401(k), in state court against Dondero and Surgent; (ii) by Acis in state court against former Highland attorneys including in-house counsel; (iii) by Acis in this Court against Highland and its related parties (stayed by Highland's chapter 11 filing); (iv) by Acis against Dondero and certain Highland employees, recently commenced in this Court; and (v) the frivolous motion for contempt by Acis against Dondero, Highland, and certain Highland employees and others, if Acis ever gets around to actually filing it (it has been before the Court as an exhibit to the motion for relief from stay filed in connection with it).

17. If the Committee and each of its members is given access to the confidential and privileged information of Dondero and his affiliates related to the Estate Claims, Terry and by extension his wholly owned and controlled entity, Acis, Highland's competitor and litigation adversary, stand to gain an unfair advantage by accessing proprietary, confidential, or privileged information of Dondero and related parties for the purposes of pending litigation. Allowing Terry to participate in such discovery in Highland's bankruptcy case would circumvent the procedural

protections provided by Bankruptcy Rule 7026 and give Terry unprecedented access to sensitive information he may use to gain undue leverage in these various actions.

18.     Moreover, with the existence of the multitude of the pending actions commenced by Terry and Acis against Dondero and Highland's employees, there is another significant problem posed by Terry's service on the Committee: now that Terry has sued (sometimes in a different case) not only Dondero but numerous other Highland employees, Terry's access to the Committee's privileged information in the Highland case may create significant problems for Dondero and Highland's employees in fulfilling their duties to Highland.

19.     The successful operations of Highland, especially during this critical time, require the close attention and candid disclosures of its employees, including in-house counsel, to the Independent Board and the Committee.  Dondero, for example, often exchanges views with the Independent Directors. In doing so he must be cognizant of the possibility that his words may prejudice him in pending litigation.

20.     The foregoing concerns were first brought to the Court's attention by Dondero in his filed Comment[5] to the *Motion for Leave to File Redacted Quarterly Operating Reports* [Acis Docket No. 1161] (the "QOR Motion") filed by Acis in the Acis case, pursuant to which Acis seeks to conceal critical portions of its quarterly operating report from all creditors and interested parties in the Acis case while at the same time utilizing this Court's time and resources to pursue litigation against Dondero, Highland, its employees, and certain related parties. The QOR Motion remains pending. As discussed in the Comment to the QOR Motion, the advantages to Terry resulting from the Shared Privilege and access to information provided to the Committee are significant.

---

[5] *See* Docket No. 1168 filed in the Acis case.

21.     The observations and concerns raised by Dondero in that Comment are even more striking and relevant in this contested matter. If Terry and Acis are allowed access to the privileged and confidential information being sought by the Committee, such information will undoubtedly be utilized by Terry and Acis in their pursuit of Dondero and Highland. Terry, either on behalf of himself or Acis, has litigation pending against (i) Highland; (ii) Highland's founder, Mr. Dondero; (iii) various Highland related entities; (iv) Highland's former attorneys; and (v) Highland's own employees. Given the extraordinary breadth of these actions, there is an existential threat of abuse by Terry of his access to the information available to the Committee, including through the Shared Privilege, to the detriment of Dondero, the Debtor-related parties, Debtor's employees, and the Debtor's estate.

## **CONCLUSION**

For the reasons set forth above, in the event the Court grants the Motion, Dondero respectfully requests that the Court bar Terry's access to the information sought by the Committee in the Motion. The information sought may be used by Terry and Acis to circumvent the discovery protections under Bankruptcy Rule 7026 to gain an unfair advantage in the litigation Terry has commenced against Dondero, Highland, Highland's employees, and various related parties.

Dated: July 14, 2020

Respectfully submitted,

/s/ D. Michael Lynn
D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: michael.lynn@bondsellis.com
Email: john@bondsellis.com
Email: bryan.assink@bondsellis.com

**ATTORNEYS FOR JAMES DONDERO**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on July 14, 2020, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on counsel for the Committee, the Debtor, and on all other parties requesting or consenting to such service in this case.

/s/ Bryan C. Assink
Bryan C. Assink