# Appendix Exhibit 39

Case 19-34054-sgj11 Doc 841 Filed 07/15/20    Entered 07/15/20 16:29:34    Page 1 of 8
Case 3:21-cv-00881-X   Document 174-39   Filed 12/16/23   Page 2 of 9   PageID 17878

Docket #0841  Date Filed: 07/15/2020

K&L GATES LLP
Artoush Varshosaz (TX Bar No. 24066234)
1717 Main Street, Suite 2800
Dallas, TX 75201
Tel: (214) 939-5659
artoush.varshosaz@klgates.com

Stephen G. Topetzes (*pro hac vice* pending)
1601 K Street, NW
Washington, DC 20006-1600
Tel: (202) 778-9328
stephen.topetzes@klgates.com

James A. Wright III (*pro hac vice* pending)
1 Lincoln Street
Boston, MA 02110
Tel: (617) 261-3193
james.wright@klgates.com

*Counsel for Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., Highland Funds I and its series Highland Healthcare Opportunities Fund, Highland/iBoxx Senior Loan ETF, Highland Opportunistic Credit Fund, and Highland Merger Arbitrage Fund, Highland Funds II and its series Highland Small-Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland Fixed Income Fund, and Highland Total Return Fund, NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund, Highland Income Fund, Highland Global Allocation Fund, and NexPoint Real Estate Strategies Fund*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | ) ) ) | Case No. 19-34054 (SGJ11) |
| Debtors. | ) ) ) | (Jointly Administered) |

**LIMITED OBJECTION TO (A) OFFICIAL COMMITTEE OF UNSECURED CREDITORS' EMERGENCY MOTION TO COMPEL PRODUCTION BY THE DEBTOR AND (B) DEBTOR'S MOTION FOR ENTRY OF (I) A PROTECTIVE**

**ORDER, OR, IN THE ALTERNATIVE, (II) AN ORDER DIRECTING THE DEBTOR TO COMPLY WITH CERTAIN DISCOVERY DEMANDS TENDERED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7026 AND 7034**

Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., (each, an "**Advisor**", and collectively, the "**Advisors**"), Highland Funds I and its series Highland Healthcare Opportunities Fund, Highland/iBoxx Senior Loan ETF, Highland Opportunistic Credit Fund, and Highland Merger Arbitrage Fund, Highland Funds II and its series Highland Small-Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland Fixed Income Fund, and Highland Total Return Fund, NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund, Highland Income Fund, Highland Global Allocation Fund, and NexPoint Real Estate Strategies Fund (each, a "**Fund**", and collectively, the "**Funds**", and together with the Fund Advisors, the "**Funds and Advisors**"), by and through their undersigned counsel, hereby object, on a limited basis (the "**Limited Objection**"), to the *Official Committee of Unsecured Creditors' Motion to Compel Production by the Debtor* (Docket No. 808) (the "**Committee's Motion**") and the *Debtor's Motion for Entry of (I) a Protective Order, or, in the Alternative, (II) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Official Committee of Unsecured Creditors, Pursuant to Federal Rules of Bankruptcy Procedures 7026 and 7034* (Docket No. 810) (the "**Debtor's Motion**"). In support of this Limited Objection, the Funds and Advisors state as follows:

**PRELIMINARY STATEMENT**

1. The Funds and Advisors submit this limited objection to protect the attorney-client privilege and their confidential commercial information. The Committee's Motion and the Debtor's Motion concern a discovery dispute between the Debtor and the Committee upon which the Fund and Advisors take no position. However, the Committee is seeking in discovery

the production of documents by certain individuals who serve in roles, including fiduciary roles, at certain of the Funds and Advisors.

2. Those individuals, serving in roles for the Funds and Advisors, are parties to communications with counsel to the Funds and Advisors that are protected by the attorney-client privilege, a privilege held by the Funds and Advisors, as well as communications that contain or include protected attorney work product generated by counsel for the Funds and Advisors. Those individuals, also in their capacities for the Funds and Advisors, have highly-sensitive confidential commercial information about the Funds and Advisors, particularly concerning the Funds' investment holdings and strategies as well as legal and compliance matters related thereto.

3. Counsel for the Funds and Advisors have discussed these issues with counsel to the Committee and the Debtor. While we expect the parties may be able to reach a consensual resolution prior to a hearing on these matters, the Funds and Advisors have filed this Limited Objection due to the pending objection deadline.

## BACKGROUND

4. Each Advisor is registered with the U.S. Securities and Exchange Commission ("**SEC**") as an investment advisor under the Investment Advisers Act of 1940 (as amended). Each Fund is a registered investment company or business development company under the Investment Company Act of 1940 (as amended, the "**1940 Act**") and is advised by one of the Advisors.

5. As an investment company or business development company, each Fund is managed by an independent board of trustees subject to 1940 Act requirements. That board determines and contracts with the Advisor for the Fund. None of the Funds have employees.

Instead, they rely on the Advisors, acting pursuant to advisory agreements, to provide the services necessary to their operations.

6. The Funds are each managed by one of the two Advisors. Each Advisor has entered into a shared services agreement with the Debtor, Highland Capital Management, L.P. (the "**Debtor**" or "**HCMLP**"). Under the shares services agreements, HCMLP provides a variety of services, including operational, financial, human resources, information technology, tax, and compliance services to the Advisors.

7. Certain individuals employed or affiliated with the Debtor hold roles for the Advisors and/or Funds, including fiduciary roles. Some of these individuals are the same individuals for which the Committee is seeking the production of "all custodial data" in discovery. See Committee's Motion, ¶10. For example, Frank Waterhouse serves as the Treasurer of Highland Capital Management Fund Advisors, L.P. and as principal financial officer of each of the Funds, and David Klos serves as Assistant Treasurer of the Funds.

8. Counsel for the Funds and Advisors corresponds with and provides legal advice to these persons relative to their distinct roles on behalf of the Funds and Advisors. These persons are also, due to their capacities with the Funds and Advisors, privy to confidential commercial information about the Funds and Advisors, including data regarding the Funds' investment holdings and investment strategies.

## LIMITED OBJECTION

9. The Funds and Advisors object to the production of communications or other documents by the Debtor or the nine custodians identified in the Committee's Motion[1] to the extent such communications or documents are protected by the attorney-client privilege, the work product doctrine, or any similar doctrine or privilege, as held by the Funds or the Advisors. See, e.g., Udoewa v. Plus4 Credit Union, 457 Fed. Appx. 391, 392-393 (5th Cir. 2012) (holding that the work product privilege, which applies to documents prepared in anticipation of litigation, protected investigatory reports and minutes from board of directors' meetings); In re E.E.O.C., 207 Fed. Appx. 426, 431-432 (5th Cir. 2006) (holding that the attorney client communications privilege and the work product doctrine protected general counsel reports and discussions regarding merits of the matter).

10. The Funds and Advisors employ different outside counsel firms than the Debtor. The Funds and Advisors accordingly anticipate it will be relatively easy to search for, identify, and segregate for privilege review documents involving these outside counsel firms. The Funds and Advisors also anticipate that the subject documents are a relatively small subset of the documents sought by the Creditors' Committee.

11. The Funds and Advisors also seek a protective order for their confidential commercial information. See 11 U.S.C. § 107(b)(1) ("On request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .". See also Fed. R. Bankr. P. 9018.

12. The Funds and Advisors have reviewed the *Agreed Protective Order* (Docket

---

[1] The nine custodians identified by the Creditors' Committee are "Patrick Boyce, Jim Dondero, Scott Ellington, David Klos, Isaac Leventon, Mark Okada, Trey Parker, Tom Surgent, and Frank Waterhouse." See Committee's Motion, fn. 8.

No. 382) between the Debtor and the Creditors' Committee. The Funds and Advisors propose that they be designated a "Party" under the Agreed Protective Order such that information of the Funds and Advisors is protected as "Confidential Information" as defined therein.

## CONCLUSION

13.  For the reasons set forth above, the Funds and Advisors respectfully request that the Court (1) require an appropriate review process for documents protected by the attorney-client privilege, work product doctrine, or other similar privilege or doctrine held by the Funds or the Advisors and (2) extend by Court order the protections of the Protective Order to the Funds and Advisors as proposed herein. The Funds and Advisors reserve their right to be heard on all issues set forth herein.

Dated: July 15, 2020      K&L GATES LLP

*/s/ Artoush Varshosaz*
Artoush Varshosaz (TX Bar No. 24066234)
1717 Main Street, Suite 2800
Dallas, TX 75201
Tel: (214) 939-5659
artoush.varshosaz@klgates.com

Stephen G. Topetzes (*pro hac vice* pending)
1601 K Street, NW
Washington, DC 20006-1600
Tel: (202) 778-9328
stephen.topetzes@klgates.com

James A. Wright III (*pro hac vice* pending)
1 Lincoln Street
Boston, MA 02110
Tel: (617) 261-3193
james.wright@klgates.com

*Counsel for Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., Highland Funds I and its series Highland Healthcare Opportunities Fund, Highland/iBoxx Senior Loan ETF, Highland Opportunistic Credit Fund, and Highland Merger Arbitrage Fund, Highland Funds II and its series Highland Small-Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland Fixed Income Fund, and Highland Total Return Fund, NexPoint Capital, Inc., NexPoint Strategic Opportunities Fund, Highland Income Fund, Highland Global Allocation Fund, and NexPoint Real Estate Strategies Fund*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 15, 2020, I caused the foregoing document to be served via first class United States mail, postage prepaid and/or electronic email through the Court's CM/ECF system to the parties that consented to such service, as each are listed in the debtor's service list filed at docket entry 823, Exhibits A and B.

      This the 15th day of July, 2020

                                                */s/ Artoush Varshosaz*
                                                Artoush Varshosaz