# Appendix Exhibit 42

Jason M. Rudd
Texas State Bar No. 24028786
jason.rudd@wickphillips.com
Lauren K. Drawhorn
Texas State Bar No. 24074528
lauren.drawhorn@wickphillips.com
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Telephone: (214) 692-6200
Fax: (214) 692-6255

**COUNSEL FOR NEXPOINT**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | Case No.: 19-34054-sgj11 |
| | § | |
| Debtor. | § | |

**NEXPOINT'S OBJECTION TO OFFICIAL COMMITTEE
OF UNSECURED CREDITORS' EMERGENCY MOTION TO COMPEL
PRODUCTION BY THE DEBTOR AND REQUEST FOR PROTECTIVE ORDER**

NexPoint Real Estate Finance Inc., NexPoint Real Estate Capital, LLC, NexPoint Residential Trust, Inc., NexPoint Hospitality Trust, NexPoint Real Estate Partners, LLC, NexPoint Multifamily Capital Trust, Inc., VineBrook Homes, Trust, Inc., NexPoint Real Estate Advisors, L.P., NexPoint Real Estate Advisors II, L.P., NexPoint Real Estate Advisors III, L.P., NexPoint Real Estate Advisors IV, L.P., NexPoint Real Estate Advisors V, L.P., NexPoint Real Estate Advisors VI, L.P., NexPoint Real Estate Advisors VII, L.P., NexPoint Real Estate Advisors VIII, L.P., and any funds advised by any of the foregoing[1] (collectively "NexPoint") file this Objection

---

[1] This Objection and Request for Protective Order is being filed on behalf of these entities and their subsidiaries.

**OBJECTION TO MOTION TO COMPEL AND REQUEST FOR PROTECTIVE O**



to Official Committee of Unsecured Creditors' Emergency Motion to Compel Production by the Debtor and Request for Protective Order ("Objection and Request for Protective Order") and, in support thereof, respectfully state as follows:

## I. INTRODUCTION AND SUMMARY

1. NexPoint is an alternative investment platform comprised of a group of investment advisors and sponsors, a broker-dealer, and a suite of related investment vehicles. NexPoint is not a debtor in the above-referenced bankruptcy case (the "Bankruptcy Case"). However, NexPoint is party to a Shared Services Agreement with Highland Capital Management, L.P ("Highland") dated effective as of January 1, 2013 and Amended and Restated dated effective as of January 1, 2018 (as modified, amended, and restated from time to time, the "Shared Services Agreement"). Under the Shared Services Agreement, NexPoint retained Highland to provide certain back- and middle-office support and administrative, infrastructure and other services. As a result, NexPoint utilized Highland's server and infrastructure for its emails and other business information. In addition, under the Shared Services Agreement, Highland provides NexPoint utilization of certain individuals employed by Highland to perform various portfolio selection and asset management functions for NexPoint.

2. Despite sharing certain services, NexPoint is a separate entity, with separate and independent operations, and separate ownership from Highland. Thus, when NexPoint utilizes the Highland server to send emails and documents, those communications and business information are specific to NexPoint – independent of Highland and its operations. Similarly, when NexPoint utilizes certain individuals employed by Highland, those services are performed solely on behalf of NexPoint and the issues solely related to NexPoint. Only in limited instances do NexPoint and Highland communications and business issues overlap. The vast majority of NexPoint

communications and business information is unrelated to Highland's business operations and, but for owning the server and infrastructure, Highland would not have access to such information.

3. On July 8, 2020, the Committee filed their Emergency Motion to Compel Production by the Debtor, specifically seeking all custodial data for nine identified custodians, including without limitation, email, chat, text, Bloomberg messaging, or other ESI attributable to the custodians (the "Requested Information"). [ECF No. 808]. Upon information and believe, such custodial data exceeds eight million emails (8,000,000) and attachments. The Committee does not propose any means or terms to narrow, limit, or otherwise restrict the Requested Information. The Committee makes no effort to focus the requests on information relevant to the Estate Claims. The Committee fails to propose any means to limit the request to produce a reasonable volume of responsive information to facilitate an organized review process. Finally, the Requested Information is not even restricted to Highland documents (as opposed to non-debtor information), or otherwise proportional to the needs of the case.

4. In response, the Debtor filed its Motion for Entry of (i) Protective Order or, in the Alternative, (ii) an Order Directing the Debtor to Comply with Certain Discovery Demands Tendered by the Committee ("Motion for Protective Order"). [ECF No. 810]. The Motion for Protective Order requests the entry of a protective order authorizing the Debtor to (a) engage in a confidentiality review, as set forth in its Document Review Memorandum, and (b) effectuate a Compliance Process, whereby if the Debtor identified a responsive, non-privileged document that was subject to a Confidentiality Obligation under a Shared Service Agreement, it would give written notice to the counter-party of the Debtor's intent to produce the document absent the counter-party's objection (the "Debtor Proposed Protective Order"). [ECF No. 810, ¶ 39].

5. On July 13, 2020, the Debtor and Committee entered a Stipulation whereby they agreed any objections to the Motion to Compel or Motion for Protective Order shall be filed by July 15, 2020 at 5:00 p.m., any reply in support of the Motion to Compel or Motion for Protective Order shall be filed by July 17, 2020 at 5:00 p.m., and requesting the Court set a hearing on the discovery motions after July 17, 2020. [ECF No. 826].

6. As a counter-party to a Shared Services Agreement with Highland, the Committee's broad request for **all** custodial data, necessarily includes NexPoint's communications, documents, and information – information that is not relevant to the Estate Claims and that contains NexPoint's proprietary and confidential information. Many, if not all, of the nine custodians provided support to NexPoint and, thus, may have NexPoint's confidential and proprietary business information. Further, three of the nine custodians are attorneys and, at some point, may have provided legal services to NexPoint – which information would be protected by NexPoint's attorney-client privilege. Accordingly, NexPoint files this Objection to the Committee's Motion to Compel and requests the Court enter a protective order, protecting NexPoint from the Committee's overly broad, unduly burdensome, and non-relevant discovery requests.

## II. ARGUMENT AND AUTHORITIES

**A.    The discovery sought is unduly burdensome and not proportional to the needs of the case because it requires disclosure of non-relevant, privileged, and other protected matters from nonparties.**

7. Federal Rule of Civil Procedure 26, made applicable to this Bankruptcy Proceeding by Federal Rule of Bankruptcy Procedure 7026, allows parties to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1), FED. R. BANKR. P. 7026. The Court determines whether requested discovery is proportional to the needs of the case by considering "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expenses of the proposed discovery outweighs its likely benefits." FED. R. CIV. P. 26(b)(1), FED. R. BANKR. P. 7026. The Court must limit discovery if the requested information is outside the scope permitted by Rule 26(b)(1). FED. R. CIV. P. 26(b)(3)(iii); FED. R. BANKR. P. 7026.

8. In addition, a party or attorney seeking discovery must certify that each discovery request is "not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and is "neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." FED. R. CIV. P. 26(g)(1)(B)(ii), (iii). The party and/or attorney seeking discovery may be subject to sanctions, including reasonable expenses and attorney's fees, if the certification of a discovery requests violates this rule. FED. R. CIV. P. 26(g)(3); FED. R. BANKR. P. 7026. Here, the Committee does not provide any search terms or other means by which to restrict or limit the Requested Information to information relevant to the Estate Claims. Instead the Motion to Compel proposes discovery that will harass non-debtors, such as NexPoint, needlessly increase the cost of litigation, is not reasonable, and is unduly burdensome and expensive – as clearly indicated by the sheer volume of documents responsive to such a broad request (over eight million). The Requested Information is outside the scope of discovery and does not comply with the requirements and certifications under Rule 26.

9. As a result of the Committee's overly broad and unfocused request, the Requested Information necessarily contains non-debtor information, including NexPoint's confidential and proprietary business information as well as information protected by the attorney-client privilege. However, the Shared Services Agreement does not give Highland unfettered access to NexPoint's

confidential and proprietary business information and the mere fact that NexPoint utilizes Highland's servers and back- and middle office services and infrastructure does not change the character of such information. Again, but for the Shared Services Agreement, Highland would not have access to NexPoint's communications and information, except in limited situations. If a party served document requests on a third-party service provider, the party would not be entitled to all custodial data held by that third-party service provider. Instead, the request must be narrowly tailored, relevant to the claims and defenses at issue, and proportional to the needs of the case. The Committee should be held to the same reasonable standard.

10. The Committee neither tailored the Requested Information to discover information relevant to the Estate Claims nor to be proportional to the needs of the case and, as such, is outside the scope of discovery under Rule 26(b)(1). To allow the Committee such broad, unrestricted, and unlimited, access to the Requested Information – with no search terms or other means of narrowing the request – is contrary to both the scope of discovery and certifications required under Rule 26. Accordingly, the Court should deny the Motion to Compel and require that the Committee submit proposed search terms or other means to tailor the Requested Information to the specific Estate Claims at issue.

B. **If the Court allows the requested discovery, a protective order is required to protect NexPoint from undue burden and expense.**

11. If the Court requires Highland produce the Requested Information (in its entirety or properly narrowed under Rule 26), the Court should enter a protective order in connection with such production. A court may, for good cause, protect a person or party from annoyance, embarrassment, oppression, or undue burden or expense. FED. R. CIV. P. 26(c)(1); FED. R. BANKR. P. 7026. A party seeking a protective order must show good cause and a specific need for protection. *Samsung Elecs. Amer. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 592 (N.D.

Tex. 2017). "Good cause" exists when justice requires the protection of "a party or person from any annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c); *Skyport Global Comms., Inc. v. Intelsat Corp.* (*In re Skyport Global Comms., Inc.*), 408 B.R. 687, 691 (Bankr. S.D. Tex. 2009). The purpose of a protective order is to "carefully balance the competing interests existing between…need to discover 'relevant and necessary' information against the…need to protect the proprietary information upon which [a party's] business relies." *Packet Intelligence LLC v. Ericsson Inc.*, Civ. Action No. 2:18-CV-00381-JRG, 2019 WL 8137142, *2 (E.D. Tex. Jan. 10, 2019); *Williams ex rel. Williams v. Greenlee*, 210 F.R.D. 577, 579 (N.D. Tex. 2002) ("The court must balance the competing interests of allowing discovery and protecting the parties and deponents from undue burdens.").

12. As discussed above, the Requested Information necessarily includes NexPoint's confidential and proprietary business information as well as privileged legal communications. In addition, certain of NexPoint's subsidiaries and affiliates are publicly traded companies – and the disclosure of their confidential and proprietary business information is not only unduly burdensome to NexPoint but also potentially subject to regulatory constraints. NexPoint, Highland, and the Court must prevent any disclosure of non-public information regarding NexPoint's publicly traded funds and related investments.

13. The undue burden and expense NexPoint will incur if its confidential and proprietary business information is disclosed to the public, including the Committee and Highland's creditors, is substantial. On the other hand, as discussed above, NexPoint's business information is unrelated to and separate from Highland's business operations and is neither relevant to the Estate Claims nor proportional to the needs of the case.

14. In sum, good cause exists to protect NexPoint and significantly restrict and limit the disclosure of NexPoint's information. Accordingly, NexPoint requests that the Court enter a protective order ("<u>NexPoint Proposed Protective Order</u>") requiring (a) a relevance and confidentiality review, as set forth in a Document Review Memorandum, with NexPoint's input as to NexPoint information; (b) provide any NexPoint documents to NexPoint before production; (c) allow NexPoint a reasonable amount of time to review and confirm such document is (i) responsive, (ii) relevant; (iii) non-privileged, and (iv) correctly designated as Confidential or Highly Confidential under the Agreed Protective Order [ECF No. 382] in this Bankruptcy Case ("<u>NexPoint Review Process</u>"); and (d) make NexPoint a party to the Agreed Protective Order [ECF No. 382].

C.    **The Requested Information requires the Debtor to directly violate the confidentiality provisions of the Shared Services Agreement.**

15. As noted in Highland's Motion for Protective Order, the Shared Services Agreement contains confidentiality provisions requiring Highland keep any NexPoint information obtained in connection with the Shared Services Agreement confidential. The Court should uphold such provisions by entering a protective order in connection with the Requested Information. NexPoint does not oppose the Debtor Proposed Protective Order, provided that the protective order authorizes NexPoint to participate in the Document Review Memorandum (as it relates to NexPoint information) and have final review of NexPoint information before production.

### III. CONCLUSION

Accordingly, NexPoint respectfully requests that the Court (i) enter an order requiring the Committee submit proposed search terms to tailor the Requested Information to the specific Estate Claims at issue; (ii) enter the NexPoint Proposed Protective Order or, in the alternative, enter the Debtor Proposed Protective Order modified to allow NexPoint to participate in the Document

Review Memorandum and final review of NexPoint Information; and (iii) grant NexPoint such other relief to which it may be entitled at law or in equity.

Respectfully submitted,

*/s/ Lauren K. Drawhorn*
Jason M. Rudd
Texas Bar No. 24028786
Lauren K. Drawhorn
Texas Bar No. 24074528
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Telephone: (214) 692-6200
Fax: (214) 692-6255
Email:  jason.rudd@wickphillips.com
          lauren.drawhorn@wickphillips.com

**COUNSEL FOR NEXPOINT**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served on July 15, 2020 by the Court's ECF noticing system on all parties that consent to such service via electronic filing.

*/s/ Lauren K. Drawhorn*
Lauren K. Drawhorn
