# Appendix Exhibit 52

Case 19-34054-sgj11 Doc 1099 Filed 09/24/20 Entered 09/24/20 21:52:28 Page 1 of 8
Case 3:21-cv-00881-X Document 174-52 Filed 12/16/23 Page 2 of 9 PageID 18171
Docket #1099 Date Filed: 09/24/2020

| | |
|---|---|
| Jason P. Kathman | Thomas A. Uebler |
| State Bar No. 24070036 | *Pro Hac Vice to be filed* |
| Megan F. Clontz | Joseph L. Christensen |
| State Bar No. 24069703 | *Pro Hac Vice to be filed* |
| PRONSKE & KATHMAN, P.C. | MCCOLLOM D'EMILIO |
| 2701 Dallas Pkwy, Suite 590 | SMITH UEBLER LLC |
| Plano, Texas 75093 | Little Falls Centre Two |
| (214) 658-6500 – Telephone | 2751 Centerville Road, Suite 401 |
| (214) 658-6509 – Telecopier | Wilmington, Delaware 19808 |
| Email: jkathman@pronskepc.com | (302) 468-5960 – Telephone |
| Email: mclontz@pronskepc.com | (302) 691-6834 – Facsimile |

**CO-COUNSEL FOR PATRICK DAUGHERTY**           **CO-COUNSEL FOR PATRICK DAUGHERTY**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **CASE NO. 19-34054-SGJ-11** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P** | § | |
| | § | **CHAPTER 11** |
| | § | |
| **Debtor.** | § | |

## PATRICK DAUGHERTY'S MOTION TO CONFIRM STATUS OF AUTOMATIC STAY, OR ALTERNATIVELY TO MODIFY AUTOMATIC STAY

PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGH MAY BE ENTERED BY DEFAULT.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, RM. 1254, DALLAS, TEXAS 75242-1496 BEFORE CLOSE OF BUSINESS ON OCTOBER 8, 2020, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.

TO THE HONORABLE STACEY G. C. JERNIGAN,



UNITED STATES BANKRUPTCY JUDGE:

Patrick Daugherty ("**Daugherty**"), a creditor and party in interest in the above-referenced bankruptcy case, hereby files this *Motion to Confirm Status of Automatic Stay, or Alternatively to Modify Automatic Stay* (the "**Motion**") pursuant to 11 U.S.C. § 362(d) and would respectfully show the Court as follows:

## INTRODUCTION

1. Prior to Highland Capital Management, L.P.'s ("**Highland**" or "**Debtor**") bankruptcy filing, Daugherty sued the Debtor, Highland Employee Retention Assets LLC, Highland ERA Management LLC, and James Dondero ("**Dondero**"), in the Court of Chancery of the State of Delaware (the "**Delaware Court**"). On the third day of trial, the Debtor filed the instant bankruptcy case. In addition to the case involving the Debtor, Daugherty also sued Dondero, Highland ERA Management LLC, Highland Employee Retention Assets LLC, Hunton Andrews Kurth LLP, Marc Katz, Michael Hurst, Scott Ellington, Thomas Surgent, and Isaac Leventon in a separate case pending in the Delaware Court. Recently, the Debtor sued Daugherty and objected to his claim in the adversary proceeding styled: *Highland Capital Management, L.P. v. Patrick Hagaman Daugherty*, Adv. No. 20-03017-sgj (the "**Daugherty Adversary Proceeding**"). Daugherty seeks to sever the Debtor from the pending litigation in Delaware, consolidate the two cases pending in Delaware, and proceed with his claims against the non-debtors. Although case law holds that severance of a debtor post-petition does not violate the automatic stay, Daugherty seeks confirmation from this Court in the form of an order confirming the status of the stay that his acts in Delaware to sever out the Debtor from the Highland Delaware Case (defined below) will not violate the automatic stay. Alternatively, in the event that the Court believes that the stay

needs to be modified to allow for the severance, cause exists to modify the stay to allow Daugherty to proceed in the Delaware Court.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334(b).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1408 and 1409.

4. The statutory basis for relief is 11 U.S.C. § 362(d)(1).

## I. BACKGROUND

### A. The Delaware Cases.

5. Prior to the Petition Date, Daugherty sued the Debtor, Highland Employee Retention Assets LLC, Highland ERA Management LLC, and Dondero in the Delaware Court in a case styled: *Daugherty v. Highland Capital Management, L.P.*, C.A. No. 2017-0488-MTZ (the "**Highland Delaware Case**").[1] In Daugherty's Second Amended Complaint filed in the Highland Delaware Case, Daugherty explains a scheme contrived by the Debtor, Highland Employee Retention Assets LLC, Highland ERA Management LLC, and Dondero to rob and divert assets that were escrowed for Daugherty.

6. During trial of the Highland Delaware Case (and after the Delaware court found that the crime-fraud exception to attorney-client privilege applied to communications with the Debtor's internal and external attorneys), Dondero and his accomplices' scheme became more clear. As a result, Daugherty filed a separate lawsuit against Dondero, Highland ERA Management LLC, Highland Employee Retention Assets LLC, Hunton Andrews Kurth LLP, Marc Katz, Michael Hurst, Scott Ellington, Thomas Surgent, and Isaac Leventon[2] in the Delaware Court in a

---

[1] *See* Declaration of Patrick Daugherty in Support of Motion to Confirm Status of Automatic Stay ("Daugherty Declaration") at ¶ 3.
[2] Daugherty notes that certain of these attorney defendants are still advising the Debtor, and in the case of Leventon has specifically consulted and advised the Debtor and its counsel on Daugherty's claim.

**PATRICK DAUGHERTY'S MOTION TO CONFIRM STATUS OF AUTOMATIC STAY, OR ALTERNATIVELY TO MODIFY AUTOMATIC STAY - PAGE 3**

case styled: *Daugherty v. Dondero et al.*, C.A. No. 2019-0956-MTZ (the "**HERA Delaware Case**") alleging fraudulent transfer and conspiracy.[3]

7. In response to Daugherty's amended complaint in the HERA Delaware Case, the defendants filed motions to dismiss.[4] Daugherty recently filed his Omnibus Brief in Opposition to Defendants' Motion to Dismiss.

8. Daugherty now seeks to sever the Debtor from the Highland Delaware Case and consolidate the Highland Delaware Case and HERA Delaware Case into one case against the non-Debtors.

**B.     The Bankruptcy Case and Adversary Proceeding.**

9. Three days into the trial in the Highland Delaware Case, on October 16, 2019, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Delaware Bankruptcy Court**").

10. On October 29, 2019, the United States Trustee appointed an Official Committee of Unsecured Creditors.

11. On December 4, 2019, the Delaware Bankruptcy Court entered an order transferring this case to this Court.

12. After the Petition Date, Daugherty filed his proof of claim in an amount not less than $37,483,876.62.

13. On August 31, 2020, the Debtor sued Daugherty in this case, initiating the Daugherty Adversary Proceeding, in which the Debtor objects to Daugherty's claim and seeks subordination of part of the claim.

---

[3] *See* Daugherty Declaration at ¶ 4.
[4] *See* Daugherty Declaration at ¶ 5.

**PATRICK DAUGHERTY'S MOTION TO CONFIRM STATUS OF AUTOMATIC STAY, OR ALTERNATIVELY TO MODIFY AUTOMATIC STAY - PAGE 4**

## RELIEF REQUESTED

14. By this Motion, Daugherty seeks an order from the Court that his request to sever the Debtor from the Highland Delaware Case does not violate the automatic stay. Alternatively, in the event that the Court believes that modification of the stay is required in order to sever the Debtor from the Highland Delaware Case, Daugherty seeks a modification of the stay to allow him to sever the Debtor from the Highland Delaware Case so that he may consolidate the two cases in Delaware and pursue his claims against the non-debtor defendants.

## BASIS FOR RELIEF REQUESTED

### A. The Automatic Stay Does Not Protect Co-Defendants and Does Not Prohibit Severance

15. The Fifth Circuit has consistently held that the automatic stay does not apply to co-defendants and does not preclude severance of a debtor in bankruptcy from prepetition litigation. *See Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983)("the protections of § 362 neither apply to co-defendants nor preclude severance."); *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985); *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1144 (5th Cir. 1987). In *Wedgeworth*, the Fifth Circuit examined (as other circuits have addressed the issue) the plain language of section 362 and emphasized that the language "clearly focusses on the insolvent party." *See Wedgeworth*, 706 F.2d at 544. The Fifth Circuit continued that its literal interpretation is bolstered by other portions of section 362(a), comparisons to other parts of the bankruptcy code, the statutory text, and similar interpretations by other circuit courts who had analyzed the issue. *See id.* Because the automatic stay does not protect or apply to non-debtors, and Fifth Circuit law expressly authorizes severance of non-debtor and debtors when a debtor files for bankruptcy, Daugherty respectfully requests entry of an order confirming that his actions in

the Highland Delaware Case and HERA Delaware Case to sever the Debtor and proceed against the non-debtors does not violate the automatic stay.

### B. In the Alternative, Cause Exists to Modify the Stay.

16. In the alternative, if the Court believes that the automatic stay needs to be modified to in order to sever the Debtor, cause exists to modify the stay. Section 362 of the Bankruptcy Code provides that the court *shall* grant relief from the automatic stay, for cause, including lack of adequate protection. *See* 11 U.S.C. § 362(d)(1). In determining whether "cause" exists to lift the stay, courts should consider "the interests of judicial economy, expeditious and economic resolution of the litigation, comity, jurisdiction, and the balancing of the harms between the parties." *See In re S.H. Leggitt Co.*, 2011 WL 1376772, at *4 (Bankr. W.D. Tex. 2011). Cause exists to lift the stay to allow Daugherty to sever the non-Debtor defendants and continue pursuing his claims against those parties in the Delaware Court because the automatic stay does not apply to those parties and the other factors commonly considered apply. More specifically, the Highland Delaware Case had already completed two days of trial when the Debtor filed the instant bankruptcy case. Thus, judicial resources, the ability to expeditiously resolve the disputes against the non-Debtor defendants, comity and the harms all weigh heavily in favor of modifying the stay to allow Daugherty to sever the non-Debtor defendants and continue his trial against those defendants in the Delaware Court. Furthermore, the consolidation of the two cases in Delaware will also preserve judicial resources and allow for a more efficient trial of the issues that exists in both cases.

### WAIVER OF STAY

17. To the extent the stay needs to be modified, Daugherty respectfully requests that the 14-day stay in Rule 4001(a)(c) be waived. Federal Rule of Bankruptcy Procedure 4001(a)(3)

provides that "[a]n order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, *unless the court orders otherwise*." See Fed. Bankr. P. 4001(a)(3)(emphasis added). As outlined above, severance of the Debtor does not violate the statute. Further, the Debtor will not be harmed by a severance, as the action severed against the Debtor will remain stayed by the automatic stay. Accordingly, there is no reason why the 14-day stay should not be waived.

WHEREFORE PREMISES CONSIDERED, Daugherty respectfully requests that this Court enter an order granting the relief requested herein and granting such further relief, whether in law or equity, for which Daugherty may show himself justly entitled.

Dated: September 24, 2020

Respectfully submitted,

*/s/ Jason P. Kathman*
Jason P. Kathman
State Bar No. 24070036
Megan F. Clontz
State Bar No. 24069703
PRONSKE & KATHMAN, P.C.
2701 Dallas Parkway, Suite 590
Plano, Texas 75093
(214) 658-6500 - Telephone
(214) 658-6509 – Telecopier
Email: jkathman@pronskepc.com
Email: mclontz@pronskepc.com

**COUNSEL FOR
PATRICK DAUGHERTY**

### CERTIFICATE OF CONFERENCE

I hereby certify that on September 24, 2020, I attempted to confer with Zachary Annable, counsel for the Debtor, but had not received a response as of the filing of this Motion.

*/s/ Jason P. Kathman*
Jason P. Kathman

## CERTIFICATE OF SERVICE

I hereby certify that, on September 24, 2020, a true and correct copy of the foregoing was filed electronically and served upon the Debtor, and upon each of the parties listed on the attached service list, via the Court's electronic notification system and/or First Class United States Mail.

*/s/ Jason P. Kathman*
Jason P. Kathman