# Appendix Exhibit 53

Case 19-34054-sgj11 Doc 1121 Filed 10/05/20    Entered 10/05/20 09:52:39    Page 1 of 10
Case 3:21-cv-00881-X   Document 174-53   Filed 12/16/23   Page 2 of 11   PageID 18180
Docket #1121  Date Filed: 10/05/2020

D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
John T. Wilson, IV
State Bar I.D. No. 24033344
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

ATTORNEYS FOR JAMES DONDERO

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, | § | Case No. 19-34054 |
| L.P., | § | |
| | § | |
| Debtor. | § | Chapter 11 |

---

### JAMES DONDERO'S RESPONSE TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT WITH (A) ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP LLC (CLAIM NO. 23), (B) JOSHUA N. TERRY AND JENNIFER G. TERRY (CLAIM NO. 156), AND (C) ACIS CAPITAL MANAGEMENT, L.P. (CLAIM NO. 159), AND AUTHORIZING ACTIONS CONSISTENT THEREWITH
### [Relates to Docket No. 1087]

James Dondero ("Respondent"), a creditor, indirect equity security holder, and party in interest in the above-captioned bankruptcy case, hereby files this Response to *Debtor's Motion for Entry of an Order Approving Settlement with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159), and Authorizing Actions Consistent Therewith* [Docket No. 1087] (the "Motion") filed by Highland Capital Management, L.P. (the "Debtor"). Through the Motion, the Debtor seeks approval of its compromise with Acis Capital

1934054201005000000000001

Management, L.P. and Acis Capital Management GP LLC (collectively, "Acis") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this response, Respondent respectfully represents as follows:

## I. INTRODUCTION

1.       Under Bankruptcy Rule 9019, the Bankruptcy Court is tasked with making an independent judgment on the merits of a proposed settlement to ensure that the proposed settlement is "fair, equitable, and in the best interest of the estate."[1] While Respondent appreciates the apparent lengths the Debtor went through in coming to terms of a settlement with Acis, Respondent believes it is critical that the Court be as fully informed as possible concerning why and how the settlement was arrived at.  Given that just three months ago the Debtor asserted that Acis's claim "should summarily be disallowed in its entirety"[2] as a "$75 million windfall,"[3] it is appropriate for the Court to independently assess the merits of the settlement to understand why the Debtor now believes paying Acis millions of dollars "from the pockets of the Debtor's innocent creditors"[4] to be in the best interest of the estate.

## II. BACKGROUND

2.       On October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court").

3.       On October 29, 2019, the Official Committee of Unsecured Creditors (the "Committee") was appointed by the U.S. Trustee in Delaware.

---

[1] See In re Jackson Brewing Co., 624 F.2d 599, 602 (5th Cir. 1980).
[2] See Debtor Objection, p. 9.
[3] Id. p. 3, para. 2.
[4] Id.

JAMES DONDERO'S RESPONSE TO THE DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING       PAGE 2
SETTLEMENT WITH ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP LLC

App. 0998

4.     On December 4, 2019, the Delaware Court entered an order transferring venue of the Debtor's Bankruptcy Case to this Court [Docket No. 186].

5.     On December 27, 2019, the Debtor filed that certain *Motion of the Debtor for Approval of Settlement with the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course* [Docket No. 281] (the "Settlement Motion"). This Court approved the Settlement Motion on January 9, 2020 [Docket No. 339] (the "Settlement Order").

6.     In connection with the Settlement Order, an independent board of directors was appointed on January 9, 2020, for the Debtor's general partner, Strand Advisors, Inc. (the "Independent Board"). The members of the Independent Board are James P. Seery, Jr., John S. Dubel, and Russell F. Nelms.

7.     On July 16, 2020, this Court entered an order authorizing the Debtor to employ James P. Seery, Jr. as Chief Executive Officer and Chief Restructuring Officer of the Debtor. *See* Docket No. 854.

8.     On December 31, 2019, Acis filed its Proof of Claim Number 23 with the Bankruptcy Court (the "Acis Claim").

9.     The Acis Claim incorporates the complaint from litigation commenced by the trustee of the former estate in the Acis bankruptcy case (the "Acis Case").

10.    In response, on June 23, 2020, the Debtor filed its *Objection to Proof of Claim of Acis Capital Management, L.P. and Acis Capital Management GP, LLC* [Docket No. 771] (the "Debtor Objection").

11.    On July 13, 2020, Respondent filed *James Dondero's (i) Objection to Proof of Claim of Acis Capital Management, L.P. and Acis Capital Management GP, LLC; and (ii) Joinder*

James Dondero's Response to the Debtor's Motion for Entry of an Order Approving
Settlement with Acis Capital Management, L.P. and Acis Capital Management GP LLC

Page 3

App. 0999

*in Support of Highland Capital Management, L.P.'s Objection to Proof of Claim of Acis Capital Management, L.P., and Acis Capital Management GP, LLC* [Docket No. 827].

12. On July 23, 2020, UBS Securities LLC and UBS AG, London Branch filed *UBS (i) Objection to Proof of Claim of Acis Capital Management L.P. and Acis Capital Management GP, LLC and (ii) Joinder in the Debtor's Objection* [Docket No. 891].

13. On July 31, 2020, Acis responded to each objection in its *Omnibus Response to Objection to Proof of Claim of Acis Capital Management, L.P. and Acis Capital Management GP, LLC* [Docket No. 908].

14. On September 23, 2020, the Debtor filed the Motion seeking approval of a proposed settlement of the Acis Claim under Rule 9019.

### III.   STANDING

15. Respondent, as a creditor, indirect equity security holder, and party in interest, has standing to file this response and be heard on the Motion pursuant to section 1109(b) of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules.

16. While neither section 1109 nor any other section in the Bankruptcy Code specifically defines the term "party in interest," section 1109(b) provides a non-exclusive list of entities that fall within the meaning of "party in interest" for the purposes of a chapter 11 proceeding. *See Kipp Flores Architects, L.L.C. v. Mid-Continent Cas. Co.*, 852 F.3d 405, 413 (5th Cir. 2017) ("The Bankruptcy Code does not provide an exclusive definition of a party in interest, but the Code broadly includes debtors, creditors, trustees, indenture trustees, and equity security holders among the parties entitled, *e.g.*, to notice of proceedings in the case.").

17. Specifically, section 1109(b) provides that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an

JAMES DONDERO'S RESPONSE TO THE DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING          PAGE 4
SETTLEMENT WITH ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP LLC

App. 1000

equity security holder, or any indenture trustee may raise and may appear and be heard on any issue in a case under [Chapter 11]." 11 U.S.C. § 1109(b). This section "has been construed to create a broad right of participation in Chapter 11 cases." *In re Global Industrial Technologies, Inc.*, 645 F.3d 201, 210 (3d Cir. 2011) (quoting *In re Combustion Engineering, Inc.*, 391 F.3d 190, 214 n.21 (3d Cir. 2004)). Parties in interest "include not only the debtor, but anyone who has a legally protected interest that could be affected by a bankruptcy proceeding." *Adair v. Sherman*, 230 F.3d 890, 894 n. 3 (7th Cir. 2000). *See also* 4 COLLIER ON BANKRUPTCY P 502.02 (16th ed. 2020) ("In the context of a chapter 11 case in particular, the term 'party in interest' expressly includes the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee.").

18.     Further, in the context of a court's evaluation of a proposed settlement under Rule 9019, the input and interests of creditors are of particular importance. *See In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1996).

19.     Here, Respondent has standing to be heard on any issue in this Chapter 11 case, including related to the Motion, because he is (i) a creditor; (ii) an indirect equity security holder; and (iii) a party in interest as those terms are interpreted under the Bankruptcy Code.

20.     Respondent is a creditor of the Debtor because he has prepetition claims against the Debtor and its estate, including those asserted through proof of claim number 138 filed by Respondent on April 8, 2020. None of those claims has been objected to as of this writing.

21.     Respondent is also an indirect equity security holder through his role as the sole shareholder of Debtor's General Partner, Strand Advisors, Inc. ("Strand"). As the Debtor's General Partner, Strand maintains a 0.2508% partnership interest in the Debtor.

JAMES DONDERO'S RESPONSE TO THE DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING                PAGE 5
SETTLEMENT WITH ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP LLC

App. 1001

22.     Accordingly, as both a creditor and equity security holder, Respondent qualifies as a "party in interest" under the Bankruptcy Code and has the right to file this response and be heard on Debtor's Motion.

## IV.     LEGAL STANDARD

23.     The merits of a proposed compromise should be judged under the criteria set forth in *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). *TMT Trailer* requires that a compromise must be "fair and equitable." *TMT Trailer*, 390 U.S. at 424; *In re AWECO, Inc.*, 725 F.2d 293, 298 (5th Cir. 1984). The terms "fair and equitable," commonly referred to as the "absolute priority rule," mean that (i) senior interests are entitled to full priority over junior interests; and (ii) the compromise is reasonable in relation to the likely rewards of litigation. *In re Cajun Electric Power Coop.*, 119 F.3d 349, 355 (5th Cir. 1997); *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980).

24.     In determining whether a proposed compromise is fair and equitable, a Court should consider the following factors:

(i)     the probabilities of ultimate success should the claim be litigated;

(ii)    the complexity, expense, and likely duration of litigating the claim;

(iii)   the difficulties of collecting a judgment rendered from such litigation; and,

(iv)    all other factors relevant to a full and fair assessment of the wisdom of the compromise.

*TMT Trailer*, 390 U.S. at 424.

25.     In considering whether to approve a proposed compromise, the bankruptcy judge "may not simply accept the trustee's word that the settlement is reasonable, nor may he [or she] merely 'rubber stamp' the trustee's proposal." *In re Am. Res. Corp.*, 841 F.2d 159, 162 (7th Cir. 1987). "[T]he bankruptcy judge must apprise himself of all facts necessary to evaluate the

settlement and make an informed and independent judgment about the settlement." *See TMT Trailer*, 390 U.S. at 424, 434.

26.     While the trustee's business judgment is entitled to a certain deference, "business judgment is not alone determinative of the issue of court approval." *See In re Endoscopy Ctr. of S. Nev., LLC*, 451 B.R. 527, 536 (Bankr. D. Nev. 2011). Further, the business judgment rule does not provide a debtor with "unfettered freedom" to do as it wishes. *See In re Pilgrim's Pride Corp.*, 403 B.R. 413, 426 (Bankr. N.D. Tex. 2009) ("[A]s a fiduciary holding its estate in trust and responsible to the court, a debtor in possession must administer its case and conduct its business in a fashion amenable to the scrutiny to be expected from creditor and court oversight."). The Court must conduct an "intelligent, objective and educated evaluation"[5] of the proposed settlement "to ensure that the settlement is fair, equitable, and in the best interest of the estate and creditors." *See In re Mirant Corp.*, 348 B.R. 725, 739 (Bankr. N.D. Tex. 2006) (quoting *Conn. Gen. Life Ins. Co. v. Foster Mortgage Corp. (In re Foster Mortgage Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995)).

## V.     ANALYSIS OF PROPOSED COMPROMISE

27.     It is Respondent's belief that, in order for the Court to be fully informed regarding the settlement proposed by the Motion, it is critical that the facts be explored through the adversarial process. To that end, Respondent intends to assist the Court by presenting evidence that addresses the advisability of granting or denying the Motion and that, in turn, addresses the merits of the Acis Claim and the merits of the objections to it.

28.     First, the Motion appears to rely heavily on the fact that the settlement will resolve complex litigation that has been pending for years. While all parties can appreciate a settlement

---

[5] *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980) ("To assure a proper compromise the bankruptcy judge, must be apprised of all the necessary facts for an intelligent, objective and educated evaluation. He must compare the terms of the compromise with the likely rewards of litigation.").

JAMES DONDERO'S RESPONSE TO THE DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING            PAGE 7
SETTLEMENT WITH ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP LLC

App. 1003

that resolves a number of long-running disputes, Rule 9019 requires an analysis as to whether the probability of success in litigation is outweighed by the consideration achieved under the settlement. *See In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980) (The Court must "compare the terms of the compromise with the likely rewards of litigation."). Here, the Debtor's Motion does not appear to address this factor in any detail. If the Acis Claim is indeed based upon a "fallacious premise"[6] as the Debtor and others have asserted in their objections, then there may be a strong chance that the Debtor ultimately succeeds on the merits of the litigation.

29.     Further, while the expeditious administration of a claim is a laudable goal, that, standing alone, may not justify a proposed settlement. *See In re Alfonso*, No. 16-51448-RBK, 2019 Bankr. LEXIS 2816, at *11 (Bankr. W.D. Tex. Sep. 6, 2019) ("to the extent that this settlement does facilitate expeditious administration of the remaining claim, such benefits are outweighed by the large discrepancy between the potential significant recovery if the case were to proceed and the $105,000 Proposed Settlement amount").

30.     To be sure, as noted by the Debtor in the Motion, the litigation between Acis and the Debtor is complex. But the Motion does not appear to address the fact that many of the claims may be subject to summary adjudication. The Debtor Objection, for example, asserts that many of the causes of action underlying the Acis Claim (at least twenty-five separate counts) are subject to summary adjudication based on the current record before the Court. If that is true, a resolution of at least some of these issues could reduce the Acis Claim substantially. In fact, the parties themselves apparently contemplated that not only would a number of issues be promptly brought before the Court for summary adjudication,[7] but that there would be an "expeditious trial setting"

---

[6] *See* Debtor Objection, p. 3, para. 3 ("Attempted windfalls usually have a fallacious premise, and this one is a $75 million whopper.").
[7] *See* HCMLP Hearing Transcript, July 21, 2020, p. 111, lines 6-8, 10-14.

JAMES DONDERO'S RESPONSE TO THE DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING                 PAGE 8
SETTLEMENT WITH ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP LLC

App. 1004

where the remaining issues would be determined by the Court.[8] In late July, the Debtor anticipated that such trial setting could even happen before Plan confirmation.[9] And this Court previously entered a scheduling order directing the parties to file motions for summary judgment by September 17, 2020.

31.    Even if not all claims are subject to summary disposition, because of this Court's familiarity with the litigation, an adjudication of the Acis Claim may not be needlessly lengthy. There is no question that this Court already has a unique understanding of the claims and facts underlying the litigation. For example, prior to the Debtor's bankruptcy filing, the Court prepared a lengthy report and recommendations to the District Court as to the pending motions to withdraw the reference.[10] While the Debtor Objection raises new legal theories and defenses to the Acis Claim, the Court should be able to analyze those relatively promptly due to its familiarity with the parties, facts, and causes of action involved.

32.    Another factor not directly addressed by the Debtor in the Motion is the expense of litigating the claim. The amount to be paid on account of the Acis Claim—as much as approximately $27 million—is likely exponentially higher than the cost to litigate the claim. If indeed many of the claims can be adjudicated through the summary judgment process, the initial cost to trim down the basis of the Acis Claim should not be substantial relative to the potential benefit.

33.    Based on the foregoing issues, Respondent believes it is appropriate for the Court to independently address the merits of the proposed settlement.

---

[8] *See* HCMLP Hearing Transcript, July 21, 2020, p. 113, lines 19-20.
[9] *Id.* at lines 22-24.
[10] *See* HCMLP Hearing Transcript, July 21, 2020, p. 117, lines 21-24.

JAMES DONDERO'S RESPONSE TO THE DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING                   PAGE 9
SETTLEMENT WITH ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP LLC

App. 1005

## CONCLUSION

Respondent respectfully requests that the Court independently assess the merits of the proposed settlement and provide him such other and further relief to which he may be justly entitled.

Dated: October 5, 2020

Respectfully submitted,

/s/ D. Michael Lynn
D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
John T. Wilson, IV
State Bar I.D. No. 24033344
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: michael.lynn@bondsellis.com
Email: john@bondsellis.com
Email: john.wilson@bondsellis.com
Email: bryan.assink@bondsellis.com

**ATTORNEYS FOR JAMES DONDERO**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on October 5, 2020, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on counsel for the Debtor and on all other parties requesting or consenting to such service in this case.

/s/ Bryan C. Assink
Bryan C. Assink

JAMES DONDERO'S RESPONSE TO THE DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING                PAGE 10
SETTLEMENT WITH ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP LLC

App. 1006