# Appendix Exhibit 57

Case 19-34054-sgj11 Doc 1177 Filed 10/16/20 Entered 10/16/20 14:53:36 Page 1 of 4
Case 3:21-cv-00881-X Document 174-57 Filed 12/16/23 Page 2 of 5 PageID 18266
Docket #1177 Date Filed: 10/16/2020

Joseph M. Coleman (State Bar No. 04566100)
John J. Kane (State Bar No. 24066794)
**KANE RUSSELL COLEMAN LOGAN PC**
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone - (214) 777-4200
Telecopier - (214) 777-4299
Email: jcoleman@krcl.com
Email: jkane@krcl.com

**ATTORNEYS FOR CLO HOLDCO, LTD.**

# THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CHAPTER 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § § | CASE NO. 19-34054-SGJ |
| DEBTOR. | § § § | |

## CLO HOLDCO, LTD.'S RESERVATION OF RIGHTS AND RESPONSE TO DEBTOR'S MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT WITH (A) ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP LLC; (B) JOSHUA N. TERRY AND JENNIFER G. TERRY; AND (C) ACIS CAPITAL MANAGEMENT, LP

CLO Holdco, Ltd. ("**CLO**"), a creditor and party-in-interest in this case, files this *Reservation of Rights and Response* (the "**Response**") to the Debtor's *Motion for Entry of an Order Approving Settlement with (A) Acis Capital Management, L.P. and Acis Capital Management GP LLC, (B) Joshua N. Terry and Jennifer G. Terry, and (C) Acis Capital Management, L.P., and Authorizing Actions Consistent Therewith* (the "**Acis Settlement Motion**") [Dkt. No. 1087]. In support of this Response, CLO states:

### RESERVATION OF RIGHTS & RESPONSE

1. CLO's Response is limited in scope. CLO does not generally oppose the Debtor's settlement of claims and causes of action involving the Acis parties. CLO notes, however, that the

Acis Settlement Motion fails to reference a portion of the proposed settlement that could materially affect numerous non-debtor parties who may not have received notice of the proposed settlement.

2. Exhibit 1 to the *Declaration of Gregory V. Demo* in support of the Acis Settlement Motion (the **"Settlement Agreement"**) [Dkt. No. 1088-1] contains the following material provision:

> On the effective date of a plan of reorganization proposed by HCMLP and confirmed by the Bankruptcy Court, if HCMLP receives written advise of nationally recognized external counsel that it is legally permissible consistent with HCMLP's contractual and legal duties to transfer all of its direct and indirect right, title and interest in Highland HCF Advisor, Ltd. to Acis or its nominee and that doing so would not reasonably subject HCMLP to liability, HCMLP shall transfer all of its right, title and interest in Highland HCF Advisor, Ltd., whether its ownership is direct or indirect, to Acis or its nominee, subject at all times to Acis's right to unilaterally reject the transfer in its sole and absolute discretion;

Settlement Agreement, ¶ 1.(c).

3. Highland HCF Advisor, Ltd. serves as a fund advisor and portfolio manager to numerous parties-in-interest, including funds in which CLO owns a material interest. The Debtor's representatives have noted, on many occasions, Acis's atrocious performance managing CLO funds during the period following Acis' plan confirmation in February, 2019. From CLO's perspective, Acis's performance conclusively validates the Debtor's representatives' allegations. CLO has suffered dearly from Acis's mismanagement of CLO funds in which it owns an interest, and has seen its interests decline in value by tens of millions of dollars since Acis began managing certain fund portfolios.

4. By this Response, CLO reserves its rights against the Debtor should the Debtor effectuate a transfer of Highland HCF Advisor, Ltd. to Acis or its nominee. Given the Debtor's prior representations, CLO questions how the Debtor could effectuate such a transfer in good faith and whether such a transfer would violate its fiduciary duties. Moreover, given the potential change-in-control of Highland HCF Advisor, Ltd., CLO reserves the right to exercise all rights and remedies against Highland HCF Advisor, Ltd., any proposed successor-in-interest, and against the Debtor

arising from any breach of any applicable advisory or portfolio management agreement to which CLO, the Debtor, and Highland HCF Advisor, Ltd. are parties.

WHEREFORE, CLO reserves all rights against the Debtor, Highland HCF Advisor, Ltd., and Acis or its nominee should the Debtor attempt to or effectuate a transfer of its interests in Highland HCF Advisor, Ltd. to Acis or its nominee.

DATED: October 16, 2020  Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: __/s/ John J. Kane__
    **Joseph M. Coleman**
    State Bar No. 0456610
    **John J. Kane**
    State Bar No. 24066794

Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone - (214) 777-4200
Telecopier - (214) 777-4299
Email: jkane@krcl.com; ecf@krcl.com

**ATTORNEYS FOR CLO HOLDCO, LTD.**

## CERTIFICATE OF SERVICE

This is to certify that service of the foregoing document was effected through the Court's Electronic Case Filing system, and, has been sent to counsel for the Debtor and Committee by e-mail on the 16th day of October, 2020.

*/s/ John J. Kane*
John J. Kane
