# Appendix Exhibit 60

Docket #1195  Date Filed: 10/16/2020

**CROWE & DUNLEVY, P.C.**
Vickie Driver
2525 McKinnon Street, Suite 425
Dallas, TX 75201
214-420-2142
Vickie.driver@crowedunlevy.com

**DEBEVOISE & PLIMPTON LLP**
M. Natasha Labovitz (admitted *pro hac vice)*
Erica S. Weisgerber (admitted *pro hac vice)*
Daniel E. Stroik (admitted *pro hac vice)*
919 Third Avenue
New York, NY 10022
212-909-6000
nlabovitz@debevoise.com
eweisgerber@debevoise.com
destroik@debevoise.com

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

-------------------------------------------------------------------- x
                              :

In re:                          :   Chapter 11
                              :

**HIGHLAND CAPITAL MANAGEMENT, L.P.,**   :   Case No. 19-34054
                              :

       Debtor.                    :
                              :
                              :
                              :

-------------------------------------------------------------------- x

**HARBOURVEST LIMITED OBJECTION AND RESERVATION OF RIGHTS TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT WITH (A) ACIS CAPITAL MANAGEMENT, L.P. AND ACIS CAPITAL MANAGEMENT GP LLC (CLAIM NO. 23), (B) JOSHUA N. TERRY AND JENNIFER G. TERRY (CLAIM NO. 156), AND (C) ACIS CAPITAL MANAGEMENT, L.P. (CLAIM NO. 159), AND AUTHORIZING ACTIONS CONSISTENT THEREWITH**

HarbourVest 2017 Global Fund L.P., HarbourVest 2017 Global AIF L.P., HarbourVest Dover

Street IX Investment L.P., HV International VIII Secondary L.P., HarbourVest Skew Base AIF L.P., and



1934054201016000000000020

HarbourVest Partners L.P., on behalf of funds and accounts under management (collectively,

"**HarbourVest**") hereby files this limited objection (the "**Objection**") to the *Debtor's Motion for Entry*

*of an Order Approving Settlement with (A) Acis Capital Management, L.P. and Acis Capital*

*Management GP LLC (Claim No. 23), (B) Joshua N. Terry and Jennifer G. Terry (Claim No. 156), and*

*(C) Acis Capital Management, L.P. (Claim No. 159), and Authorizing Actions Consistent Therewith*

(Docket No. 1087) (the "**Acis Settlement**") by Highland Capital Management, L.P. (the "**Debtor**" or

"**Highland**").  In support of the Objection, the HarbourVest respectfully represents the following:

## I.    PRELIMINARY STATEMENT

1.    HarbourVest objects to the Acis Settlement, on which it otherwise takes no position, to

the extent that it attempts to infringe upon HarbourVest's claims or other rights.  Specifically,

HarbourVest objects to those portions of the Acis Settlement that purport to (i) to release HarbourVest's

claims without the consent or involvement of HarbourVest or (ii) mandate the transfer of Highland HCF

Advisor, Ltd. ("**Advisor**") to Acis Capital Management, L.P. ("**Acis**") without the consent of HCLOF or

its investors, including HarbourVest, in violation of the Investment Advisers Act of 1940 and its

applicable agreements.

## II.    RELEVANT BACKGROUND

2.    HarbourVest owns an approximately 49% interest in Highland CLO Funding, f/k/a Acis

Loan Funding, Ltd. ("**HCLOF**").  Advisor, a subsidiary of the Debtor, is the current portfolio manager

of HCLOF.  As described in its proofs of claim, listed in the Debtor's claim register as claims number

143, 147, 149, 150, 153, and 154 (the "**Proofs of Claim**") and further detailed in the *HarbourVest*

*Response to Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims;*

*(C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims; and (F)  Insufficient-*

*Documentation Claims* [Docket No. 1057] HarbourVest also has significant claims against the Debtor

(the "**HarbourVest Claims**").

3.      The Acis Settlement was negotiated without any input from, or involvement of,

HarbourVest, and HarbourVest has not consented to any of its terms or to the transactions contemplated

thereby.

### III.      LIMITED OBJECTION

**A.      The Acis Settlement Purports to Release HarbourVest's Claims**

4.      The General Release, attached Exhibit 2 to the *Declaration of Gregory V. Demo in*

*Support of the Debtor's Motion for Entry of an Order Approving Settlement with (A) Acis Capital*

*Management, L.P. and Acis Capital Management GP LLC (Claim No. 23), (B) Joshua N. Terry and*

*Jennifer G. Terry (Claim No. 156), and (C) Acis Capital Management, L.P. (Claim No. 159), and*

*Authorizing Actions Consistent Therewith* [Docket No.1088] (the "**General Release**") included in the

Acis Settlement purports to release the claims of, and provide releases to, a wide variety of parties –

none of whom were party to the settlement – including HarbourVest.

5.      The General Release provides for each "HCMLP Released Party" to mutually release all

claims against each "Acis Party."  General Release at §1(b).  "HCMLP Released Parties" include, but

are not limited to, entities "managed by either [the Debtor] or a direct or indirect subsidiary of [the

Debtor]" and members of such managed entities.  General Release at §1(a).  As HarbourVest is a

member of HCLOF, which in turn is an entity for which Advisor—a subsidiary of the Debtor—acts as

portfolio manager, it is arguably included in the definition of HCMLP Released Parties.  While HCLOF

is expressly excluded as an HCMLP Released Party, HarbourVest is not.

6.      It is not clear whether the Debtor intended to attempt to release HarbourVest's claims

through this settlement, and nor can the Debtor purport to do so in the context of a settlement between

itself and Acis.  Nonetheless, out of an abundance of caution, HarbourVest files this limited objection to ensure all of its rights and claims are preserved and unaffected by the Acis Settlement.

7.        For the avoidance of doubt, HarbourVest did not and does not consent to this release.  An involuntary release of this nature is beyond the proper scope of the Acis Settlement.  To the extent the Release, or any other provision of the Acis Settlement or the proposed order approving the same, purports to release any HarbourVest Claims, or any other claims or rights of HarbourVest, HarbourVest objects.  HarbourVest respectfully requests that the Court make clear that the rights, and claims, of HarbourVest and its employees and affiliates remain unaffected.

## B.        The Acis Settlement Purports to Unlawfully Transfer Highland HCF Advisor to Acis

8.        The Acis Settlement purports to require the Debtor to "transfer all of its right, title and interest in Highland HCF Advisor, Ltd., whether its ownership is direct or indirect to Acis or its nominee."  Exhibit 1 to the *Declaration of Gregory V. Demo*, § 1(c) (the "**Settlement Agreement**"). Any such transfer, absent the consent of, among others, HarbourVest as an investor in HCLOF, would violate Advisor's portfolio management agreement as well as the Investment Advisers Act of 1940.  To the extent that the Acis Settlement purports to authorize any such transfer absent HarbourVest's express consent, HarbourVest objects.  HarbourVest respectfully requests that the Court make clear that all of its rights under applicable non-bankruptcy law (including those which arise under contract or under the Investment Advisors Act of 1940) are expressly preserved.

Dated: Dallas, Texas                                              Respectfully submitted,

      October 16, 2020

/s/ Vickie Driver
_____

Vickie Driver (No. 24026886)
Crowe & Dunlevy, P.C.

**CROWE & DUNLEVY, P.C.**
Vickie Driver
2525 McKinnon Street, Suite 425
Dallas, TX 75201
214-420-2142
vickie.driver@crowedunlevy.com

**DEBEVOISE & PLIMPTON LLP**
M. Natasha Labovitz (admitted *pro hac vice)*
Erica S. Weisgerber (admitted *pro hac vice)*
Daniel E. Stroik (admitted *pro hac vice)*
919 Third Avenue
New York, NY 10022
212-909-6000
nlabovitz@debevoise.com
eweisgerber@debevoise.com
destroik@debevoise.com


*Attorneys for HarbourVest 2017 Global Fund L.P.,*
*HarbourVest 2017 Global AIF L.P., HarbourVest Dover*
*Street IX Investment L.P., HV International VIII*
*Secondary L.P., HarbourVest Skew Base AIF L.P., and*
*HarbourVest Partners L.P., on behalf of funds and*
*accounts under managemen*