# Appendix Exhibit 61

Case 19-34054-sgj11 Doc 1197 Filed 10/16/20    Entered 10/16/20 18:14:54    Page 1 of 10
Case 3:21-cv-00881-X   Document 174-61   Filed 12/16/23   Page 2 of 11   PageID 18330
Docket #1197  Date Filed: 10/16/2020

Jason M. Rudd
Texas State Bar No. 24028786
jason.rudd@wickphillips.com
Lauren K. Drawhorn
Texas State Bar No. 24074528
lauren.drawhorn@wickphillips.com
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Telephone: (214) 692-6200
Fax: (214) 692-6255

**COUNSEL FOR NEXPOINT REAL ESTATE PARTNERS, LLC**
**F/K/A HCRE PARTNERS, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | Case No.: 19-34054-sgj11 |
| | § | |
| Debtor. | § | |

**NEXPOINT REAL ESTATE PARTNERS LLC'S RESPONSE TO DEBTOR'S**
**FIRST OMNIBUS OBJECTION TO CERTAIN (A) DUPLICATE CLAIMS;**
**(B) OVERSTATED CLAIMS; (C) LATE FILED CLAIMS; (D) SATISFIED CLAIMS;**
**(E) NO-LIABILITY CLAIMS; AND (F) INSUFFICIENT-DOCUMENTATION CLAIMS**

NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC ("HCREP") files this Response to the Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No-Liability Claims; and (F) Insufficient-Documentation Claims (the "Objection") and respectfully states as follows:

**I. PROCEDURAL BACKGROUND**

1.      On or about April 8, 2020, HCREP filed its Proof of Claim with Highland Capital Management, LP's (the "Debtor") claims agent, a copy of which is attached hereto as Exhibit 1. [Claim No. 146] (the "Proof of Claim"). In the Proof of Claim, HCREP asserts a claim against the Debtor based on the parties' interests and agreements in connection with an entity called SE

Multifamily Holdings, LLC ("SE Multifamily"). In the Proof of Claim, HCREP notes that it has requested information from the Debtor to ascertain the exact amount of its claim, such process is on-going, and has been delayed due to the outbreak of the Coronavirus. *See* Proof of Claim, Ex. A.

2. On July 30, 2020, Debtor filed its Objection, objecting to various categories of claims that it seeks to disallow, expunge, or reduce. HCREP's Proof of Claim was included in Schedule 5 to the Objection, which the Debtor characterized as alleged "No-Liability Claims." Specifically, the Debtor claims that the Proof of Claim has no basis in the Debtor's Books and Records and is not an obligation of the Debtor. *See* Objection, ¶ 22. The Debtor seeks to disallow and expunge the Proof of Claim.

3. After initial discussions between HCREP and the Debtor, the Debtor agreed to multiple extensions of HCREP's deadline to respond to the Objection, such that the agreed deadline for HCREP to respond to the Objection is now October 16, 2020. The parties have attempted to resolve the Objection; however, have not yet been able to do so.

4. For the reasons set forth in detail below, HCREP respectfully requests the Court enter a scheduling order to allow for discovery in connection with HCREP's Proof of Claim, set an evidentiary hearing on HCREP's Proof of Claim, and overrule the Debtor's Objection and allow the claim in the amount determined at such evidentiary hearing.

## II. RESPONSE

5. After reviewing what documentation is available to HCREP with the Debtor, HCREP believes the organizational documents relating to SE Multifamily Holdings, LLC (the "SE Multifamily Agreement") improperly allocates the ownership percentages of the members thereto due to mutual mistake, lack of consideration, and/or failure of consideration. As such, HCREP has a claim to reform, rescind and/or modify the agreement.

6.	However, HCREP requires additional discovery, including, but not limited to, email communications and testimony, to determine what happened in connection with the memorialization of the parties' agreement and improper distribution provisions, evaluate the amount of its claim against the Debtor, and protect its interests under the agreement. Accordingly, HCREP requests the Court enter a scheduling order allowing for formal discovery and set an evidentiary hearing after such discovery has occurred.

### III.  CONCLUSION

For these reasons, the HCREP respectfully requests that the Court (i) hold a status conference at which it sets a scheduling order in connection with this contested matter; (ii) set a date for an evidentiary hearing on the Proof of Claim; (iii) overrule the Objection and allow HCREP's Proof of Claim in the amount established at such evidentiary hearing; and (iii) grant HCREP such other relief at law or in equity to which it may be entitled.

Respectfully submitted,

*/s/ Lauren K. Drawhorn*
Jason M. Rudd
Texas Bar No. 24028786
Lauren K. Drawhorn
Texas Bar No. 24074528
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Telephone: (214) 692-6200
Fax: (214) 692-6255
Email:  jason.rudd@wickphillips.com
          lauren.drawhorn@wickphillips.com

**COUNSEL FOR NEXPOINT REAL ESTATE PARTNERS, LLC F/K/A HCRE PARTNERS, LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that on October 16, 2020, a true and correct copy of the foregoing Joinder was served via the Court's electronic case filing (ECF) system upon all parties receiving such service in this bankruptcy case; and via e-mail upon the following parties:

Jeffrey N. Pomerantz
Ira D. Kharasch
John A. Morris
Gregory V. Demo
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Email: jpomerantz@pszjlaw.com
      ikharasch@pszjlaw.com
      jmorris@pszjlaw.com
      gdemo@pszjlaw.com

Melissa S. Hayward
Zachery Z. Annable
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Email: MHayward@HaywardFirm.com
      ZAnnable@HaywardFirm.com

      */s/ Lauren K. Drawhorn*
      Lauren K. Drawhorn

# EXHIBIT 1

Case 19-34054-sgj11 Doc 1197 Filed 10/16/20    Entered 10/16/20 18:14:54    Page 6 of 10
Case 3:21-cv-00881-X   Document 174-61   Filed 12/16/23   Page 7 of 11   PageID 18335
Claim #146  Date Filed: 4/8/2020

**Fill in this information to identify the case:**

Debtor: Highland Capital Management, L.P.

United States Bankruptcy Court for the: Northern    District of Texas
(State)

Case number: 19-34054

---

Official Form 410
# Proof of Claim
04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

HCRE Partner, LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor: ____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes.  From whom? ____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

HCRE Partner, LLC
300 Crescent Court, Ste. 700
Dallas, TX 75201

Contact phone: ____
Contact email: bryan.assink@bondsellis.com

**Where should payments to the creditor be sent?** (if different)

Contact phone: ____
Contact email: ____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☒ No
☐ Yes.    Claim number on court claims registry (if known) ____    Filed on ____ / ____ / ____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? ____

---

Official Form 410                                    **Proof of Claim**

1934054200408000000000058

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**
   - ☒ No
   - ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. **How much is the claim?** $ _See attached Exhibit "A"_ . **Does this amount include interest or other charges?**
   - ☒ No
   - ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.

   _See attached Exhibit "A"_

9. **Is all or part of the claim secured?**
   - ☒ No
   - ☐ Yes. The claim is secured by a lien on property.

     **Nature or property:**
     - ☐ Real estate: If the claim is secured by the debtor's principle residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
     - ☐ Motor vehicle
     - ☐ Other. Describe: _____

     **Basis for perfection:** _____
     Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

     **Value of property:** $_____
     **Amount of the claim that is secured:** $_____
     **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)

     **Amount necessary to cure any default as of the date of the petition:** $_____

     **Annual Interest Rate** (when case was filed) _____ %
     - ☐ Fixed
     - ☐ Variable

10. **Is this claim based on a lease?**
    - ☒ No
    - ☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

11. **Is this claim subject to a right of setoff?**
    - ☒ No
    - ☐ Yes. Identify the property: _____

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** <br><br> A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No <br> ☐ Yes. *Check all that apply:* <br><br> ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). <br><br> ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). <br><br> ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). <br><br> ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). <br><br> ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). <br><br> ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. <br><br> \* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | **Amount entitled to priority** <br><br> $_____ <br><br> $_____ <br><br> $_____ <br><br> $_____ <br> $_____ <br> $_____ |
| 13. **Is all or part of the claim pursuant to 11 U.S.C. § 503(b)(9)?** | ☑ No <br> ☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. <br><br> $_____ | |

---

| **Part 3:** | **Sign Below** |
|---|---|

| | |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).** <br><br> If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is. <br><br> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:* <br><br> ☐ I am the creditor. <br> ☑ I am the creditor's attorney or authorized agent. <br> ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. <br> ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. <br><br> I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt. <br><br> I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct. <br><br> I declare under penalty of perjury that the foregoing is true and correct. <br><br> Executed on date  04/08/2020 <br>                    MM / DD / YYYY <br><br> /s/James D. Dondero <br> Signature <br><br> **Print the name of the person who is completing and signing this claim:** <br><br> Name    James D. Dondero <br>          First name        Middle name        Last name <br><br> Title <br><br> Company    HCRE Partner, LLC <br>          Identify the corporate servicer as the company if the authorized agent is a servicer. <br><br> Address <br><br><br> Contact phone _____      Email _____ |

---

| Official Form 410 | **Proof of Claim** | |
|---|---|---|

1934054200408000000000058

For phone assistance: Domestic (877) 573-3984 | International (310) 751-1829

| | |
|---|---|
| **Debtor:** 19-34054 - Highland Capital Management, L.P. | |
| **District:** Northern District of Texas, Dallas Division | |
| **Creditor:** HCRE Partner, LLC  300 Crescent Court, Ste. 700  Dallas, TX, 75201  **Phone:**  **Phone 2:**  **Fax:**  **Email:** bryan.assink@bondsellis.com | **Has Supporting Documentation:** Yes, supporting documentation successfully uploaded  **Related Document Statement:**  **Has Related Claim:** No  **Related Claim Filed By:**  **Filing Party:** Authorized agent |
| **Other Names Used with Debtor:** | **Amends Claim:** No  **Acquired Claim:** No |
| **Basis of Claim:** See attached Exhibit "A" | **Last 4 Digits:** No     **Uniform Claim Identifier:** |
| **Total Amount of Claim:** See attached Exhibit "A" | **Includes Interest or Charges:** No |
| **Has Priority Claim:** No | **Priority Under:** |
| **Has Secured Claim:** No | **Nature of Secured Amount:**  **Value of Property:** |
| **Amount of 503(b)(9):** No | **Annual Interest Rate:** |
| **Based on Lease:** No | **Arrearage Amount:**  **Basis for Perfection:** |
| **Subject to Right of Setoff:** No | **Amount Unsecured:** |
| **Submitted By:** James D. Dondero on 08-Apr-2020 4:47:11 p.m. Eastern Time  **Title:**  **Company:** HCRE Partner, LLC | |

VN: E06680EE00F9144D26F793E57FB2634B

App. 1155

## Exhibit A

       HCRE Partner, LLC ("Claimant") is a limited partner with the Debtor in an entity called SE Multifamily Holdings, LLC ("SE Multifamily").  Claimant may be entitled to distributions out of SE Multifamily, but such distributions have not been made because of the actions or inactions of the Debtor.  Additionally, Claimant contends that all or a portion of Debtor's equity, ownership, economic rights, equitable or beneficial interests in SE Multifamily does belong to the Debtor or may be the property of Claimant.  Accordingly, Claimant may have a claim against the Debtor.  Claimant has requested information from the Debtor to ascertain the exact amount of its claim.  This process is on-going.  Additionally, this process has been delayed due to the outbreak of the Coronavirus.  Claimant is continuing to work to ascertain the exact amount of its claim and will update its claim in the next ninety days.