# Appendix Exhibit 67

Case 19-34054-sgj11 Doc 1514 Filed 12/07/20 Entered 12/07/20 13:07:41 Page 1 of 13
Case 3:21-cv-00881-X Document 174-67 Filed 12/16/23 Page 2 of 16 PageID 18600
Docket #1514 Date Filed: 12/7/2020

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD & ASSOCIATES PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Plaintiff Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § § § § | Case No. 19-34054-sgj11 |
| Debtor. | § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| Plaintiff, | § § § | Adversary Proceeding No. |
| vs. | § § § | _____ |
| JAMES D. DONDERO, | § § § | |
| Defendant. | § § | |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

DOCS_DE:232044.5 36027/002



1934054201207000000000011

**PLAINTIFF HIGHLAND CAPITAL MANAGEMENT, L.P.'S
VERIFIED ORIGINAL COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff, Highland Capital Management, L.P., the above-captioned debtor and debtor-in-possession ("Plaintiff" or the "Debtor"), by its undersigned counsel, files this *Original Complaint* (the "Complaint") against defendant Mr. James D. Dondero ( "Defendant" or "Mr. Dondero") seeking preliminary and permanent injunctive relief pursuant to sections 105(a) and 362 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 7001(7) and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of its Complaint, the Debtor alleges upon knowledge of its own actions and upon information and belief as to other matters as follows:

**PRELIMINARY STATEMENT**

1. Mr. Dondero is the Debtor's former President and Chief Executive Officer, having surrendered those positions in January 2020 as part of a "corporate governance" settlement approved by the Court. The settlement also resulted in, among other things, the imposition of an independent board of directors at Strand Advisors, Inc., the Debtor's general partner, with sole authority to oversee the Debtor's operations, management of its assets, and bankruptcy proceedings.

2. While Mr. Dondero resigned as an officer, he continued to serve as a portfolio manager and employee of the Debtor until October 2020, when the Board[2] asked for his resignation due to certain actions taken by Mr. Dondero that were adverse to the Debtor's estate. Regrettably, since his resignation, Mr. Dondero interfered with the Debtor's operations by intervening to halt certain trades that were authorized by the Debtor's CEO—while issuing warnings to certain of the Debtor's employees. In addition, promptly after the Debtor exercised its right to demand payment

---

[2] Capitalized terms not defined in this Preliminary Statement shall have the meanings ascribed to them below.

2

from Mr. Dondero and certain of his affiliates on almost $30 million of Demand Notes, Mr. Dondero sent a threatening text message to Mr. James R. Seery, Jr. ("Mr. Seery"), the Debtor's CEO and CRO that said simply: "Be careful what you do – last warning."

3. Mr. Dondero cannot be permitted to directly (or indirectly through his corporate entities or anyone else acting on his behalf) control, interfere with, or even influence the Debtor's business and operations or threaten or intimidate the Debtor or any of its directors, officers, employees, professionals, or agents.

4. The Debtor has therefore commenced this adversary proceeding to enjoin Mr. Dondero from: (a) communicating (whether orally, in writing, or otherwise), directly or indirectly, with any Board member unless Defendant's counsel and counsel for the Debtor are included in any such communication; (b) making any express or implied threats of any nature against the Debtor or any of its directors, officers, employees, professionals, or agents; (c) communicating with any of the Debtor's employees, except as it specifically relates to shared services currently provided to affiliates owned or controlled by Defendant; (d) interfering with or otherwise impeding, directly or indirectly, the Debtor's business, including but not limited to the Debtor's decisions concerning its operations, management, treatment of claims, disposition of assets owned or controlled by the Debtor, and pursuit of the Plan or any alternative to the Plan; and (e) otherwise violating section 362(a) of the Bankruptcy Code (collectively, the "Prohibited Conduct").[3]

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and § 1334(b). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

---

[3] The Debtor intends to separately move for a temporary restraining order seeking the same relief.

3

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1409.

7. This adversary proceeding is commenced pursuant to Bankruptcy Rules 7001 and 7065, Bankruptcy Code sections 105(a) and 362, 28 U.S.C. §§ 2201 and 2202, and applicable Delaware law.

## THE PARTIES

8. Plaintiff is a limited liability partnership formed under the laws of Delaware with a business address at 300 Crescent Court, Suite 700, Dallas, Texas 75201.

9. Upon information and belief, Defendant is an individual residing in Dallas, Texas. Mr. Dondero is the co-founder of the Debtor and was the Debtor's President and Chief Executive Officer until his resignation on January 9, 2020.

## CASE BACKGROUND

10. On October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Delaware Court"), Case No. 19-12239 (CSS) (the "Highland Bankruptcy Case").

11. On October 29, 2019, the U.S. Trustee in the Delaware Court appointed an Official Committee of Unsecured Creditors (the "Committee") with the following members: (a) Redeemer Committee of Highland Crusader Fund, (b) Meta-e Discovery, (c) UBS Securities LLC and UBS AG London Branch (collectively, "UBS"), and (d) Acis Capital Management, L.P. and Acis Capital Management GP LLC (collectively, "Acis").

12. On December 4, 2019, the Delaware Court entered an order transferring venue of the Highland Bankruptcy Case to this Court [Docket No. 186].[4]

---

[4] All docket numbers refer to the main docket for the Highland Bankruptcy Case maintained by this Court.

4

13. The Debtor has continued to operate and manage its business as a debtor-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has been appointed in this chapter 11 case.

## STATEMENT OF FACTS

**A. An Independent Board Is Appointed to Oversee the Debtor's Affairs; Mr. Dondero's Role Becomes Limited and Subject to the Board's Oversight; and Mr. Dondero Is Later Asked to Resign**

14. On December 27, 2019, the Debtor filed that certain *Motion of the Debtor for Approval of Settlement with the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course* [Docket No. 281] (the "Settlement Motion"). On January 9, 2019, this Court entered an Order granting the Settlement Motion [Docket No. 339] (the "Settlement Order").

15. As part of the Settlement Order, this Court also approved a term sheet [Docket No. 354-1] (the "Term Sheet") between the Debtor and the Committee pursuant to which Mr. Seery, Mr. John S. Dubel, and Mr. Russell Nelms (collectively, the "Independent Directors"), were appointed to the board (the "Board") of Strand Advisors, Inc. ("Strand"), the Debtor's general partner.

16. As required by the Term Sheet, on January 9, 2020, Mr. Dondero resigned from his roles as an officer and director of Strand and as the Debtor's President and Chief Executive Officer.

17. While resigning from those roles, Mr. Dondero remained an unpaid employee of the Debtor and retained his title as portfolio manager for each of the investment vehicles and funds managed by the Debtor. However, pursuant to the Term Sheet, Mr. Dondero's authority was subject to oversight and ultimately termination by the Independent Board:

> Mr. Dondero's responsibilities in such capacities shall in all cases be as determined by the Independent Directors . . . [and] will be subject at all times to the supervision,

5

direction and authority of the Independent Directors. In the event the Independent Directors determine for any reason that the Debtor shall no longer retain Mr. Dondero as an employee, Mr. Dondero agrees to resign immediately upon such determination.

18. Although ultimate decision-making authority remained with the Board, by resolution passed on January 9, 2020, the Board authorized Mr. Seery to work with the Debtor's traders and Mr. Dondero with respect to certain of the Debtor's assets where Mr. Dondero remained portfolio manager.

19. During the pendency of the Debtor's bankruptcy case, it became apparent that it would be more efficient and lead to better financial results to have a traditional corporate-management structure oversee the Debtor's operations and assets. Consequently, after due deliberation, the Board determined that it was in the best interests of the Debtor's estate to appoint Mr. Seery as the Debtor's Chief Executive Officer ("CEO") and Chief Restructuring Officer ("CRO"). This Court approved Mr. Seery's appointment as CEO and CRO on July 16, 2020. [Docket No. 854].

20. Mr. Seery's appointment as CEO and CRO formalized his role and authority to oversee the day-to-day management of the Debtor, including the purchase and sale of assets held by the Debtor and its managed investment vehicles, funds, and subsidiaries. Mr. Seery routinely carried out such responsibilities, particularly after the seizure by Jefferies of the Select fund equity account managed by Mr. Dondero as a result of Select's failure to post margin.

21. On August 12, 2020, the Debtor filed its *Plan of Reorganization* [Docket No. 944] (as subsequently amended, the "Plan"). The Plan provides for, among other things, the monetization of the Debtor's assets for the benefit of the Debtor's creditors. Also in August 2020, the Debtor entered into a mediation with certain of its creditors which resulted in, among other things, a settlement with Josh and Jennifer Terry and Acis.

22. After the Acis settlement was publicly announced, Mr. Dondero voiced his displeasure with not just the terms of the Acis settlement, but that a settlement had been reached at all. On October 5, 2020, Mr. Dondero objected [Docket No. 1121] to the Debtor's motion seeking approval of the Acis settlement, thereby creating an actual conflict with the Board and the Debtor.

23. In addition, the Dugaboy Investment Trust—Mr. Dondero's family trust—continued to press its proof of claim alleging that the Debtor, and by extension the Board and Mr. Seery, had mismanaged Highland Multi Strategy Credit Fund, L.P. ("MSCF") with respect to the sale of MSCF's assets in May of 2020. *See, e.g.*, Proof of Claim No. 177; Docket No. 1154.

24. The Debtor concluded that it was untenable for Mr. Dondero to continue to be employed by the Debtor in any capacity while taking positions adverse to the interests of the Debtor's estate. Thus, on October 2, 2020, Mr. Dondero was asked to resign as a portfolio manager at the Debtor and from any roles that he had at MSCF.

25. Mr. Dondero resigned from his positions with the Debtor on October 9, 2020.

**B.    Mr. Dondero Interferes with the Debtor's Business and Instructs and Threatens Certain of the Debtor's Employees**

26. Since tendering his resignation, Mr. Dondero has interfered with the Debtor's operations and the management of the assets under its control, and he has otherwise acted directly and through entities he controls to improperly exert pressure on certain of the Debtor's employees.

27. The Debtor serves as the servicer, portfolio manager, or equivalent of certain pooled collateralized loan obligation vehicles (collectively, the "CLOs"). The Debtor's sole client in these matters is the CLO issuer and not any individual shareholder or noteholder of the CLO.

28. NexPoint Advisors, L.P. ("NexPoint") and Highland Capital Management Fund Advisors, L.P. ("HCMFA," and together with NexPoint, the "Advisors") are investment advisors

directly or indirectly controlled by Mr. Dondero. Upon information and belief, the Advisors and certain investment funds advised by the Advisors and/or their affiliates own interests in the CLOs for which the Debtor serves as portfolio manager or servicer.

29. On October 16, 2020, the Advisors wrote to Mr. Seery and, among other things, questioned the Debtor's business judgment and "request[ed] that no CLO assets be sold without prior notice to and prior consent from the Advisors." Mr. Seery did not accede to the Advisors' "request" nor did he otherwise respond to their letter.

30. On November 24, 2020, the Advisors sent another letter where they again questioned the Debtor's business judgment and "re-urge[d] [their] request that no CLO assets be sold without prior notice to and prior consent from the Advisors."

31. The Debtor has no contractual, legal, or other obligation to provide notice to, or obtain the consent of, the Advisors (or any other holder of interests in the CLOs) before exercising its business judgment to manage and service the CLOs, including in connection with the sale of the CLOs' assets.

32. On November 24, 2020, Mr. Dondero personally intervened to prevent sales of certain CLO assets that he knew Mr. Seery had authorized. Upon learning that the trades that Mr. Seery had authorized were being executed, Mr. Dondero sent an e-mail to Mr. Matthew Pearson (with copies to Mr. Hunter Covitz and Mr. Joseph Sowin) in which he said "No…… do not." About an hour later, Mr. Pearson (an HCMFA employee, not an employee of the Debtor) cancelled the trades, but Mr. Dondero warned Mr. Pearson that "HCMFA and DAF has [sic] instructed Highland in writing not to sell any CLO underlying assets . . . there is potential liability, don't do it again please."

33. Mr. Dondero's threat had the intended effect as Mr. Sowin (an HCMFA employee, not an employee of the Debtor) responded by saying that "Compliance should never have approved this order then – will coordinate with them Jim [Dondero].  Post:  Please block all orders from Hitting the trading desk for the fun[ds] Jim [Dondero] mentioned."

34. On November 27, 2020, after learning that Mr. Seery had attempted to effectuate the trades, Mr. Dondero continued to interfere with the Debtor's business and engage in threating conduct, this time writing to Thomas Surgent (the Debtor's Chief Compliance Officer) that "I understand Seery is working on a work around to trade these securities anyway.  Trades that contradict investor desires and have no business purpose or investment rational.  You might want to remind him (and yourself) that the chief compliance officer has personal liability."

35. On December 3, 2020, the Debtor demanded that the Advisors "cease and desist from making or initiating, directly or indirectly, any instructions, requests, or demands to HCMLP regarding the terms, timing, or other aspects of any portfolio transactions of any of the CLOs."

36. The Debtor made the same demand of Mr. Dondero the following day.

**C.    The Debtor Demands that Mr. Dondero and His Affiliates Satisfy Certain Demand Notes, and Mr. Dondero Issues an Explicit Threat**

37. HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC), Highland Capital Management Funds Advisors, LP, and Highland Capital Management Services, Inc. (collectively, the "Corporate Obligors") are the makers under a series of promissory notes in favor of the Debtor (collectively, the "Corporate Obligors' Notes").

38. In addition, Mr. Dondero, in his personal capacity, is the maker under a series of promissory notes in favor of the Debtor (collectively, the "Dondero Notes" and together with the Corporate Obligors' Notes, the "Demand Notes").

39. Each of the Demand Notes provides, among other things, that (a) all accrued interest and principal "shall be due and payable upon demand," and that (b) the maker shall pay the holder (*i.e.*, the Debtor) all court costs and costs of collection, including reasonable attorneys' fees and expenses, if, among other things, the Note is "collected through a bankruptcy court."

40. On December 3, 2020, Debtor's counsel sent letters to representatives of Mr. Dondero and each of the Corporate Obligors demanding payment of all unpaid principal and accrued interest due under the Demand Notes by December 11, 2020 (collectively, the "<u>Demand Letters</u>"). These demands were made to collect funds that will be required to fund the reorganized Debtor and the trust under the plan of reorganization that is subject to confirmation before this Court in January 2021.

41. Shortly after the Debtor sent the Demand Letters, Mr. Dondero sent a text message to Mr. Seery that stated only: "Be careful what you do – last warning."

## **CLAIM FOR RELIEF**

### **(For Injunctive Relief -- 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7065)**

42. The Debtor repeats and realleges the allegations in each of the foregoing paragraphs as though fully set forth herein.

43. The Debtor seeks, pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rule 7065, a preliminary and permanent injunction enjoining Mr. Dondero from engaging in the Prohibited Conduct.

44. Bankruptcy Code section 105(a) authorizes the Court to issue "any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a).

45. Bankruptcy Rule 7065 incorporates by reference rule 65 of the Federal Rules of Civil Procedure and authorizes the Court to issue injunctive relief in adversary proceedings.

46. The interference and threats described herein are embodied in written communications and are without any justification; the Debtor is therefore likely to prevail on its claim for injunctive relief.

47. In the absence of injunctive relief, the Debtor will be irreparably harmed because Mr. Dondero is likely to engage in some or all of the Prohibited Conduct, thereby interfering with the Debtor's operations, management of assets, and pursuit of a plan of reorganization, all to the detriment of the Debtor, its estate, and its creditors.

48. In light of, among other things, (a) the Debtor's status as a debtor in bankruptcy subject to the jurisdiction of this Court, (b) the Settlement Order, (c) the Term Sheet, (d) Mr. Dondero's resignations as the Debtor's President and CEO and later as portfolio manager and an employee, and (e) the authority vested in the Board and Mr. Seery, as CEO and CRO, there is no legal or equitable basis for Mr. Dondero to engage in any of the Prohibited Conduct, and the balance of the equities strongly favors the Debtor in its request to engage in business without Mr. Dondero engaging in any Prohibited Conduct.

49. Injunctive relief would serve the public interest by re-enforcing the implicit mandate in the Bankruptcy Code that debtors are to be managed and controlled only by court-authorized representatives, free from threats and coercion.

50. Based on the foregoing, the Debtor requests that the Court preliminarily and permanently enjoin Mr. Dondero from engaging in any prohibited Conduct.

## **PRAYER**

WHEREFORE, the Debtor prays for judgment as follows:

(a) For a preliminary injunction enjoining Mr. Dondero from engaging in the Prohibited Conduct;

(b) For a permanent injunction enjoining Mr. Dondero from engaging in the Prohibited Conduct; and

(c) For such other and further relief as this Court deems just and proper.

Dated: December 7, 2020. **PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail:　jpomerantz@pszjlaw.com
　　　　　ikharasch@pszjlaw.com
　　　　　jmorris@pszjlaw.com
　　　　　gdemo@pszjlaw.com

-and-

**HAYWARD & ASSOCIATES PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Plaintiff Highland Capital Management, L.P.*

## VERIFICATION

I have read the foregoing <u>VERIFIED ORIGINAL COMPLAINT FOR INJUNCTIVE RELIEF</u> and know its contents.

| | |
|---|---|
| ☐ | I am a party to this action. The matters stated in it are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true. |
| ☒ | I am the Chief Executive Officer and Chief Restructuring Officer of Highland Capital Management, L.P., the Plaintiff in this action, and am authorized to make this verification for and on behalf of the Plaintiff, and I make this verification for that reason. I have read the foregoing document(s). I am informed and believe and on that ground allege that the matters stated in it are true. |
| ☐ | I am one of the attorneys of record for _____, a party to this action. Such party is absent from the county in which I have my office, and I make this verification for and on behalf of that party for that reason. I have read the foregoing document(s). I am informed and believe and on that ground allege that the matters stated in it are true. |

I certify and declare under penalty of perjury under the laws of the United States that the foregoing is true and correct as of this 7th day of December 2020.

*/s/ James P. Seery, Jr.*
James P. Seery, Jr.

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Highland Capital Management, L.P. | **DEFENDANTS**<br>James D. Dondero |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Hayward & Associates, PLLC<br>10501 N. Central Expressway, Suite 106, Dallas, TX 75231<br>Tel: (972) 755-7110 | **ATTORNEYS** (If Known)<br>Bonds Ellis Eppich Schafer Jones LLP<br>420 Throckmorton St., Suite 1000, Fort Worth, TX 76102<br>Tel: (817) 405-6900 |
| **PARTY** (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Request for injunctive relief pursuant to 11 U.S.C. 105(a) and Rule 7065 of the Federal Rules of Bankruptcy Procedure | |

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☑ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand  $0.00 |
| Other Relief Sought<br>Preliminary and permanent injunction against Mr. James D. Dondero | |

App. 1430

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Highland Capital Management, L.P. ||| BANKRUPTCY CASE NO.<br>19-34054-sgj11 |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Texas || DIVISION OFFICE<br>Dallas | NAME OF JUDGE<br>Stacey G. C. Jernigan |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>December 7, 2020 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Zachery Z. Annable |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

App. 1431