# Appendix Exhibit 71

Case 19-34054-sgj11 Doc 1662 Filed 01/05/21 Entered 01/05/21 15:34:33 Page 1 of 7
Case 3:21-cv-00881-X Document 174-71 Filed 12/16/23 Page 2 of 8 PageID 18058
Docket #1662 Date Filed: 01/05/2021

Laurie A. Spindler
Linebarger Goggan Blair & Sampson, LLP
2777 N Stemmons Fwy, Suite 1000
Dallas, Texas 75207
(214) 880-0089 Telephone
(469) 221-5003 Facsimile
Attorneys for Dallas County,
City of Allen, Allen ISD, City
of Richardson and Kaufman
County

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT,** | § | Case No. 19-34054-SGJ |
| **LP,** | § | |
| Debtor. | § | |

### OBJECTION OF DALLAS COUNTY, CITY OF ALLEN, ALLEN ISD, CITY OF RICHARDSON AND KAUFMAN COUNTY TO CONFIRMATION OF THE FIFTH AMENDED PLAN OF REORGANIZATION OF <u>HIGHLAND CAPITAL MANAGEMENT, L.P.</u>

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Come now Dallas County, City of Allen, Allen ISD, City of Richardson and Kaufman County (collectively, the "Tax Authorities"), creditors and parties-in-interest, and file this, their objection to confirmation of the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (the "Plan") and would respectfully show the Court as follows:

### Background

1. Dallas County, City of Allen, Allen ISD and the City of Richardson, duly organized governmental units of the State of Texas, are the holders of secured claims against the Debtor for unpaid ad valorem business personal property taxes for tax year 2019 in the aggregate amount of $65,181.49.

2. The Tax Authorities are the holders of administrative expense claims against the

Debtor for year 2020 and estimated 2021 ad valorem real and business personal property taxes.

3. The prepetition claims and the administrative expense claims are secured by unavoidable, first priority, perfected liens on all property of the Debtor's estate pursuant to sections 32.01 and 32.05 of the Texas Property Tax Code and 11 U.S.C. Section 362(b)(18). *In re Winn's Stores, Inc.*, 177 B.R. 253 (Bankr. W.D. Tex. 1995); *Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.*, 894 S.W.2d 841 (Tex. App.-Eastland 1995). These liens are *in solido* and attach on January 1 of each year to all business personal property of the property owner and to property subsequently acquired. *In re Universal Seismic Associates, Inc.*, 288 F.3d 205 (5th Cir. 2002); *City of Dallas v. Cornerstone Bank, N.A.*, 879 S.W.2d 264 (Tex. App.-Dallas 1994).

4. Texas Tax Code Section 32.01 provides:

> (a) On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property, whether or not the taxes are imposed in the year the lien attaches. The lien exists in favor of each taxing unit having power to tax the property.
>
> (b) A tax lien on inventory, furniture, equipment, or other personal property is a lien in solido and attaches to all inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires.
>
> …
>
> (d) The lien under this section is perfected on attachment and … perfection requires no further action by the taxing unit.

Tex. Tax Code § 32.01. Texas Tax Code Section 32.05(b) provides:

> (b) . . . a tax lien provided by this chapter takes priority over the claim of any creditor of a person whose property is encumbered by the lien and over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before attachment of the tax lien.

Tex. Tax Code § 32.05(b).

## Objection to Confirmation

The Tax Authorities object to confirmation of the plan for numerous reasons.

5. The Tax Authorities object to confirmation of the Plan because it defines the "Disputed Claims Reserve Amount" as the Cash that would have otherwise been distributed to a Holder of a Disputed Claim at the time any distributions . . . are made to the Holders of Allowed Claims." (Plan, Art. I. Sec. B. 50 at 7). The Tax Authorities object to the failure to pay all postpetition and posteffective date interest that they are entitled to receive on their prepetition claims pursuant to 11 U.S.C. Sections 506(b), 511 and 1129 as well as all penalties and interest that may accrue on their administrative expense claims, which are fully collectible, if the administrative claims are not paid before the state law delinquency date.

6. The Tax Authorities object to confirmation of the Plan because it fails to provide for payment of postpetition ad valorem property taxes in the ordinary course of business prior to the state law delinquency date.

7. The Tax Authorities object to confirmation of the Plan because it fails to provide that they shall receive all penalties and interest that accrue on postpetition ad valorem property taxes if the taxes are not paid prior to the state law delinquency date.

8. The Tax Authorities object to confirmation of the Plan because it violates the provisions of 11 U.S.C. Section 503(b)(1)(D) which very specifically states that a governmental unit is not required to file a request for payment of an administrative expense as a condition of allowance.

9. The Tax Authorities object to confirmation of the Plan because it fails to specifically provide for the retention of the liens that secure postpetition ad valorem property taxes plus all penalties and interest that may accrue.

10. The Tax Authorities object to confirmation of the plan because it fails to provide for the retention of the liens that secure the prepetition claims until they receive payment in full of their claims in violation of 11 U.S.C. Section 1129.

11. The Tax Authorities object to confirmation of the Plan because it provides that all Reorganized Debtor Assets[1] will vest in the Reorganized Debtor free and clear of all liens except those that are specifically preserved in the plan. (Plan, Art. IV. Sec. C.5 at 33.)

12. The Tax Authorities object to confirmation of the Plan because it fails to specifically provide for the payment of postpetition preeffective date interest at the state statutory rate of 1% per month, which the Tax Authorities are entitled to pursuant to 11 U.S.C. Sections 506(b) and 511.

13. The Tax Authorities object to confirmation of the Plan because it fails to specifically provide for the payment of posteffective date interest at the state statutory rate of 12% per annum, which the Tax Authorities are entitled to pursuant to 11 U.S.C. Sections 511 and 1129.

14. The Tax Authorities object to confirmation of the Plan because it provides that except as otherwise provided in the Plan the Holders of Claims shall not be entitled to interest in violation of 11 U.S.C. Sections 506(b), 511 and 1129. (Plan, Art. VI, Sec. A. at 39.) The Tax Authorities also object to this provision because it could result in the nonpayment of penalties and interest that accrues on postpetition taxes, which are fully secured and collectible. *See U.S. v. Noland*, 571 U.S. 535 (1996).

15. The Tax Authorities object to confirmation because the Plan provides that distributions to disputed claims that become allowed claims shall be made in the amount that the

---

[1] All capitalized terms that are not defined herein shall have the same meaning as provided in the Plan.

Tax Authorities' Objection to Confirmation of Fifth Amended Plan of Reorganization        Page 4

holder would have received if it been an allowed claim on the Effective Date. (Plan, Art. VI. Sec. E. at 40.) This provision violates 11 U.S.C. Sections 506(b), 511 and 1129. The Tax Authorities also object to this provision because it could result in the nonpayment of penalties and interest that accrues on postpetition taxes, which are fully secured and collectible. *See U.S. v. Noland*, 571 U.S. 535 (1996).

16. The Tax Authorities object to confirmation of the Plan because it does not provide that failure to timely pay postpetition taxes is an event of default under the Plan and because the Plan does not provide a remedy in the event of such a default. The Plan should be amended to provide that in the event of default the Tax Authorities shall send written notice of the default to counsel for the Debtor/Reorganized Debtor via electronic mail, the Debtor/Reorganized Debtor will have 10 days from the date of the notice to cure its default and if the default is not cured, the Tax Authorities shall be entitled to pursue all state law remedies available to them without the need for recourse to the Bankruptcy Court. The Plan should further provide that the Tax Authorities are only required to give the Debtor/Reorganized Debtor two notices of default and if the Debtor defaults a third time, the Tax Authorities will be entitled to pursue collection of all amounts owed pursuant to state law outside the Bankruptcy Court without further notice to the Debtor. An event of default shall include the Debtor's failure to make a payment to one or both of the Tax Authorities under the plan and the Debtor's failure to pay post-petition ad valorem taxes prior to the state law delinquency date.ih38SW!615.00

17. The Tax Authorities object to the definition of "Other Unsecured Claim," which the Plan defines as "any Secured Claim other than the Jeffries Secured Claim and the Frontier Secured Claim." (Plan Art. I, Sec. B. 88 at 17.) Defining a secured claim as an "Other

Unsecured Claim" is not sufficient to reclassify a secured claim or to avoid a creditor's lien or security interest.

Based on the foregoing, the Tax Authorities request that the Court enter an order denying confirmation of the Debtor's plan.

WHEREFORE, PREMISES CONSIDERED, the Tax Authorities request that the Court enter an order denying confirmation of the Debtor's Fifth Amended Plan of Reorganization.

Dated: January 5, 2021.

        Respectfully submitted,

        Linebarger Goggan Blair & Sampson, LLP
        2777 N Stemmons Fwy, Suite 1000
        Dallas, TX 75207
        Ph. No. (214) 880-0089
        Dir. No. (469) 221-5125
        Fax No. (469) 221-5003
        dallas.bankruptcy@publicans.com

By: /s/Laurie A. Spindler
       Laurie A. Spindler SBN 24028720
       Laurie.Spindler@lgbs.com

       ATTORNEYS FOR DALLAS COUNTY, CITY OF ALLEN, ALLEN ISD, CITY OF RICHARDSON AND KAUFMAN COUNTY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 5, 2021, a true and correct copy of the foregoing was served electronically through the Court's electronic case filing system or *via* electronic mail upon: Jeffrey N. Pomerantz, email: jpomerantz@pszjlaw.com ; Ira D. Kharasch, email: jkharasch@pszjlaw.com; Gregory V. Demo, email: gdemopszjlaw.com; Melissa S. Hayward, email: mhayward@haywardfirm.com; Zachery Z. Annable, email: zannable@haywardfirm.com; Matthew A. Clemente, email: mclemente@sidley.com; Alyssa Russell, email: alyssa.russell@sidley.com and Lisa L . Lambert, email: Lisa.L.Lambert@usdoj.gov.

/s/Laurie A. Spindler_____
Laurie A. Spindler