# Appendix Exhibit 73

Case 19-34054-sgj11 Doc 1668 Filed 01/05/21 Entered 01/05/21 16:25:54 Page 1 of 6
Case 3:21-cv-00881-X Document 174-73 Filed 12/16/23 Page 2 of 7 PageID 18701
Docket #1668 Date Filed: 01/05/2021

DAVID G. ADAMS
State Bar No. 00793227
U.S. Department of Justice, Tax Div.
717 N. Harwood St., Suite 400
Dallas, Texas 75201
Ph: (214) 880-9737
Fax: (214) 880-9742
david.g.adams@usdoj.gov
ATTORNEY FOR THE UNITED STATES (IRS)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Case No.: 19-34054-sgj-11 |
| | § | **Chapter 11** |
| Debtor. | § | |

**UNITED STATES' (IRS) LIMITED OBJECTION TO**
**DEBTOR'S FIFTH AMENDED PLAN OF REORGANIZATION**

The United States of America, on behalf of its agency the Internal Revenue Service, a creditor and governmental unit, files this limited objection to Highland Capital Management, L.P.'s Fifth Amended Plan of Reorganization as the Debtor has failed to comply with its prepetition tax obligations under the Internal Revenue Code, and the Plan contains provisions that violate the Bankruptcy Code and other applicable law. In support of this limited objection, the United States states as follows:

**Objections**

1. The United States objects to the Debtor's Plan because the Plan at Article II, Paragraph C. fails to state that the IRS' priority tax claim will be paid in accordance with Bankruptcy Code section 1129(a)(9)(C), which requires that the total value of the priority taxes, as of the effective date, must be paid over a period ending not later than five years after the petition date. 11 U.S.C. § 1120(a)(9)(C). In addition, the Debtor's Plan fails to specifically state

1



that the Debtor will pay the value of the IRS' priority tax claim as of the Effective Date, as the Debtor's Plan contemplates payments on the IRS' priority tax claim on a date other than, *i.e.*, subsequent to, the Plan's Effective Date, thus allowing the Debtor to avoid its obligation to pay the total value of the IRS' priority tax claim as of the Effective Date. The Debtor's Plan at Article VI, Paragraph A. *Dates of Distributions* provides that "Except as otherwise provided in this Plan, Holders of Claims … shall not be entitled to interest, dividends or accruals on the distributions provided for therein, regardless of whether distributions are delivered on or at any time after the Effective Date." In order to comply with the provisions of 1129(a)(9)C), the Debtor must pay an applicable interest rate on the IRS' priority claim as outlined in Section 511 of the Bankruptcy Code.

    2.    The United States objects to the Debtor's Plan on the grounds that the Debtor has outstanding prepetition tax obligations, including the filing of certain tax returns with the IRS, and thus the Debtor is not in compliance with its federal tax reporting requirements under the Internal Revenue Code. In particular, under 26 U.S.C. § 4376, the Debtor is obligated to file Quarterly Federal Excise Tax Returns (Form 720) with respect to its self-insured health plan. However, as shown on the IRS' latest filed proof of claim (filed April 14, 2020), the IRS does not have a record of the Debtor filing its Form 720 for the June 30, 2014, June 30, 2016 or the June 30, 2017 tax periods.

    As a result of the Debtor's non-compliance with its required tax return filings and tax payments, the United States requests that the Debtor's Plan be amended to include the following default language as to the Internal Revenue Service:

> Default Provision - IRS. Notwithstanding any other provision or term of this Plan or Confirmation Order, the following Default Provision shall control as to the United States of America, Internal Revenue Service ("IRS") and all of its claims, including any administrative claim (the IRS Claim):

(1) Notwithstanding any other provision in the Plan, if the Debtor, the Reorganized Debtor, or any successor in interest fails to pay when due any payment required to be made on federal taxes, the IRS Claim, or other payment required to be made to the IRS under the terms and provisions of this Plan, the Confirmation Order, or the Internal Revenue Code (26 U.S.C.), or fails to timely file any required federal tax return, or if any other event of default as set forth in the Plan occurs, the IRS shall be entitled to give the Debtor, the Reorganized Debtor and/or any successor in interest and their counsel of record, by United States Certified Mail, written notice of the failure and/or default with demand that it be cured, and if the failure and/or default is not cured within 14 days of said notice and demand, then the following shall apply to the IRS:

(A) The administrative collection powers and the rights of the IRS shall be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited to, the assessment of taxes, the filing of a notice of Federal tax lien and the powers of levy, seizure, and collection as provided under the Internal Revenue Code;

(B) The automatic stay of 11 U.S.C. § 362 and any injunction of this Plan or in the Confirmation Order shall, with regard to the IRS only, lift or terminate without further notice or hearing by the Court, and the entire imposed liability owed to the IRS, together with any unpaid current liabilities, may become due and payable immediately; and

(C) The IRS shall have the right to proceed to collect from the Debtor, the Reorganized Debtor or any successor in interest any of the prepetition tax liabilities and related penalties and interest through administrative or judicial collection procedures available under the United States Code as if no bankruptcy petition had been filed and as if no plan had been confirmed.

(2) If the IRS declares the Debtor, the Reorganized Debtor, or any successor in interest to be in default of the Debtor's, the Reorganized Debtor's and/or any successor in interest's obligations under the Plan, then the entire imposed liability, together with any unpaid current liabilities, shall become due and payable immediately upon written demand to the Debtor, Reorganized Debtor, and/or any successor in interest. Failure of the IRS to declare a failure and/or default does not constitute a waiver by the United States or its agency the IRS of the right to declare that the Debtor, Reorganized Debtor, and/or any successor in interest is in default.

(3) If full payment is not made within fourteen (14) days of such demand, then the Internal Revenue Service may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code. The IRS shall only be required to send two notices of failure and/or default, and upon the third event of a failure and/or default the IRS shall be entitled to proceed as set out in paragraphs (A), (B), and/or (C) herein above without further notice to the Debtor, the Reorganized Debtor, or any successor in interest, or its counsel. The collection statute expiration date will be extended from the Petition Date until substantial default under the Plan.

(4)  The Internal Revenue Service shall not be bound by any release provisions in the Plan that would release any liability of the responsible persons of the Debtor, the Reorganized Debtor, and/or any successor in interest to the IRS.  The Internal Revenue Service may take such actions as it deems necessary to assess any liability that may be due and owing by the responsible persons of the Debtor, the Reorganized Debtor and/or any successor in interest to the Internal Revenue Service.

(5)  The term "any payment required to be made on federal taxes," as used herein above, is defined as:  any payment or deposit required by the Internal Revenue Code to be made by the Debtor from and after the Confirmation Date, or the Reorganized Debtor and/or any successor in interest from and after the Effective Date, to the date the IRS Claim is together with interest paid in full.  The term "any required tax return," as used herein above, is defined as:  any tax return or report required by the Internal Revenue Code to be made by the Debtor from and after the Confirmation Date, or the Reorganized Debtor and/or any successor in interest from and after the Effective Date, to the date the IRS Claim is together with interest paid in full.

3.    The United States objects to the Debtor's Plan and specifically Article VI, Paragraph A, which states that "Upon the Effective Date, all Claims … against the Debtor shall be deemed fixed and adjusted pursuant to the Plan and none of the Debtor, the Reorganized Debtor, or the Claimant Trust will have liability on account of any Claims … except as set forth in this Plan and in the Confirmation Order."  Because the Debtor has failed to comply with its tax return filing requirements under the Internal Revenue Code as shown on the IRS' proof of claim listing unfiled tax returns and estimates of taxes for the unfiled tax periods, the IRS is unable to fully ascertain the Debtor's tax liability until all the Debtor's tax returns are filed, processed and the tax liabilities assessed by the IRS against the Debtor.  The Debtor should be required to amend or modify its Plan – as to the Internal Revenue Service – to provide that until all required tax returns are filed with the Internal Revenue Service, the IRS' proof of claim will not be deemed fixed for purposes of Section 502 of the Bankruptcy Code and may be amended in order to reflect the IRS' assessment of the Debtor's unpaid priority and general unsecured taxes, penalties and interest after the Debtor has filed all unfiled tax returns.

4. All checks are to be made payable to: Department of the Treasury, and mailed to Internal Revenue Service, 1100 Commerce Street, M/S MC 5027DAL, Dallas, Texas 75242. Reference the Debtor's bankruptcy case number on the memo line on the check.

The United States respectfully request that the Court sustain the United States' objections to the Debtor's Fifth Amended Chapter 11 Plan as set forth above. The United States request such further relief to which it is entitled.

Date: January 5, 2021.                     RICHARD E. ZUCKERMAN
                                           Principal Deputy Assistant Attorney General

                                            /s/ David G. Adams
                                           DAVID G. ADAMS
                                           State Bar No. 00793227
                                           Attorney, Tax Division
                                           U.S. Department of Justice
                                           717 N. Harwood St., Suite 400
                                           Dallas, Texas 75201
                                           Phone: (214) 880-9737
                                           Fax: (214) 880-9742
                                           david.g.adams@usdoj.gov
                                           ATTORNEY FOR THE UNITED STATES (IRS)

**CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel requesting notice, including:

Jeffrey N. Pomerantz  (jpomerantz@pszjlaw.com)
Ira Kharasch  (ikharasch@pszjlaw.com)
Gregory Demo  (gdemo@pszjlaw.com)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd. 13th Floor
Los Angeles, California 90067

Melissa Hayward  (mhayward@haywardfirm.com)
Zachery Annable  (zannable@haywardfirm.com)
Hayward & Associates PLLC
10501 N. Central Expressway, Suite 106
Dallas, Texas 75231

      Matthew Clemente  (mclemente@sidley.com)
      Alyssa Russell  (alyssa.russell@sidley.com)
      Sidley Austin LLP
      One South Dearborn Street
      Chicago, Illinois 60603

      Lisa L. Lambert  (lisa.l.lambert@usdoj.gov)
      Office of the United States Trustee
      1100 Commerce Street, Room 976
      Dallas, Texas 75242

                                                    /s/ David G. Adams
                                                    DAVID G. ADAMS