# Appendix Exhibit 77

Case 19-34054-sgj11 Doc 1673 Filed 01/05/21    Entered 01/05/21 16:48:48    Page 1 of 7
Case 3:21-cv-00881-X   Document 174-7   Filed 12/16/23   Page 2 of 8   PageID 18793
Docket #1673  Date Filed: 01/05/2021

Jason M. Rudd
Texas State Bar No. 24028786
jason.rudd@wickphillips.com
Lauren K. Drawhorn
Texas State Bar No. 24074528
lauren.drawhorn@wickphillips.com
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Telephone: (214) 692-6200
Fax: (214) 692-6255

**COUNSEL FOR NEXPOINT REAL ESTATE PARTNERS, LLC**
**F/K/A HCRE PARTNERS, LLC**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** § | | **Chapter 11** |
| § | | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** § | | **Case No.: 19-34054-sgj11** |
| § | | |
| **Debtor.** § | | |

## NEXPOINT REAL ESTATE PARTNERS LLC'S OBJECTION
## TO DEBTOR'S FIFTH AMENDED PLAN OF REORGANIZATION

NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC ("NREP") files this Objection to the Debtor's Fifth Amended Plan of Reorganization (the "Objection") and respectfully states as follows:

### I. INTRODUCTION

1.    On November 24, 2020, the Debtor filed the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. [Docket No. 1472] and Disclosure Statement for the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. [Docket No. 1473] (the "Disclosure Statement"). On November 13, 2020, the Debtor filed its Initial Plan Supplement [Docket No. 1389], on December 18, 2020, the Debtor filed its Second Plan Supplement [Docket No. 1606] and on January 4, 2021, the Debtor filed its Third Plan Supplement [Docket No. 1656]

(together with the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P., the "Fifth Amended Plan").

2. The hearing on confirmation of the Fifth Amended Plan is scheduled for January 13, 2021 at 9:30 a.m. (the "Confirmation Hearing") and the deadline to file any objections to confirmation of the Fifth Amended Plan is January 5, 2021. *See* Docket No. 1476.

3. The Fifth Amended Plan provides for the transfer of the majority of the Debtor's assets to a Claimant Trust that will be established for the benefit of the Claimant Trust Beneficiaries. However, ultimately, the Claimant Trust and the Reorganized Debtor will "sell, liquidate, or otherwise monetize all Claimant Trust Assets and Reorganized Debtor Assets." *See* Disclosure Statement, p. 11. Based on the Financial Projections attached as Exhibit C to the Disclosure Statement, the Debtor intends to liquidate its remaining assets and the assets within the Managed Funds over the next two years, concluding in December 2022.

4. NREP filed a proof of claim in this case. *See* Claim Number 146. The Debtor has objected to NREP's claim. If NREP's claim is allowed, NREP possesses a claim in Class 7 or Class 8 under the Fifth Amended Plan.

5. The Fifth Amended Plan also contains provisions to subordinate unidentified claims, a seemingly unfettered ability to set-off claims, and extremely broad exculpation, injunction, and release provisions, all of which fail to comply with the Bankruptcy Code. For the reasons set forth in detail below, NREP respectfully requests the Court deny confirmation of the Fifth Amended Plan.

## II. OBJECTIONS

6. A debtor in bankruptcy bears the burden of proving every element of Bankruptcy Code Section 1129(a) by a preponderance of the evidence in order to attain confirmation of its

plan. *Heartland Fed. Sav. & Loan Ass'n v. Briscoe Enters.* (*In re Briscoe Enters.*), 994 F.2d 1160 (5th Cir. 1993); *In re Barnes*, 309 B.R. 888, 895 (Bankr. N.D. Tex. 2004) (citing *In re T-H New Orleans Ltd. P'ship*, 116 F.3d 790, 801 (5th Cir. 1997)). In addition, a court has a mandatory duty to determine whether a plan has met all the requirements for confirmation, whether specifically raised by dissenting parties in interest or not. *Williams v. Hibernia Nat'l Bank*, 850 F.2d 250, 253 (5th Cir. 1988). The Debtor in this case is unable to meet its burden for confirmation.

A.  **The Fifth Amended Plan provides for the improper subordination of unidentified claims.**

7.  The Fifth Amended Plan provides for a class of subordinated claims, which claims may be subordinated to the general unsecured claims or both the general unsecured claims and convenience class. The Fifth Amended Plan then provides that

> Under section 510 of the Bankruptcy Code, upon written notice, the Debtor, the Reorganized Debtor, and the Claimant Trustee reserve the right to re-classify, or to seek to subordinate, any Claim in accordance with any contractual, legal, or equitable subordination relating thereto, and the treatment afforded any Claim under the Plan that becomes a subordinated Claim at any time shall be modified to reflect such subordination.

*See* Fifth Amended Plan, Article III(J).

8.  In the Fifth Circuit, equitable subordination is appropriate when (i) the claimant engaged in inequitable conduct; (ii) the misconduct resulted in harm to the debtor's other creditors or conferred an unfair advantage on the claimant; and (iii) equitable subordination is not inconsistent with the Bankruptcy Code. *See In re Life Partners Holdings, Inc.*, 926 F.3d 103, 121 (5th Cir. 2019). Further, a claim should only be subordinated to the extent necessary to offset the harm which the creditors have suffered as a result of the inequitable conduct. *Id.*

9.  However, section 510 of the Bankruptcy Code only allows equitable subordination of claims "after notice and a hearing." 11 U.S.C. § 510(c). Equitable subordination generally

requires an adversary proceeding and while it may be satisfied through a chapter 11 plan, the debtor must at least satisfy its burden of demonstrating such claim should be subordinated under equitable subordination principles. Fed. R. Bankr. P. 7001(8).

10. Here, the Fifth Amended Plan does not provide for the subordination of any specific claims but, instead, provides for a procedure to subordinate claims that fails to comply with the statutory requirements under section 510 of the Bankruptcy Code or applicable case law. The Fifth Amended Plan provides no notice of the potential targets of such subordination, the basis upon which such subordination of claims may be justified, or any evidence supporting equitable subordination principles. Nor does the Fifth Amended Plan provide any means for due process, adequate notice, or opportunity to oppose such unidentified subordinations. Instead, the Fifth Amended Plan attempts to provide a means by which the Debtor, Reorganized Debtor, and Claimant Trustee can escape the "notice and hearing" requirements of section 510. This does not comply with the provisions of the Bankruptcy Code. As a result, the Fifth Amended Plan fails to satisfy 1129(a)(1) and confirmation should be denied.

**B. The Fifth Amended Plan provides for the improper set-off of unidentified claims against the Debtor.**

11. Similarly, the Fifth Amended Plan also provides the Distribution Agent unfettered set-off rights in violation of section 553 of the Bankruptcy Code. The Fifth Amended Plan provides that:

> The Distribution Agent may, to the extent permitted under applicable law, set off against any Allowed Claim and any distributions to be made pursuant to this Plan on account of such Allowed Claim, the claims, rights and causes of action of any nature that the Debtor, the Reorganized Debtor, or the Distribution Agent may hold against the Holder of such Allowed Claim…. Any Holder of an Allowed Claim subject to such setoff reserves the right to challenge any such setoff in the Bankruptcy Court or any other court with jurisdiction with respect to such challenge.

*See* Fifth Amended Plan, Article VI(M). Thus, under the Fifth Amended Plan, the Distribution Agent may setoff the distribution amount on account of any Allowed Claim, without otherwise providing notice to the Holder of such Allowed Claim and without providing any support for or evidence that such setoff is justified. Instead, after the Distribution Agent arbitrarily determines a setoff is appropriate, the Holder of the Allowed Claim must initiate a proceeding challenging such setoff and seeking its full distribution under the Fifth Amended Plan. In addition, under the Fifth Amended Plan, the Distribution may setoff a pre-petition Allowed Claim on account of not only pre-petition claims but also post-petition claims of the Reorganized Debtor and/or Distribution Agent.

12. However, setoff is only available in bankruptcy when the opposing obligations arise on the same side of the bankruptcy date—*i.e.,* both had arisen prior to the petition date or both subsequent to the petition date. *In re Thomas*, 529 B.R. 628, 637 n.2 (Bankr. W.D. Pa. 2015); *In re Univ. Med. Center*, 973 F.2d 1065, 1079 (3d Cir. 1992). A creditor's pre-petition claims against the debtor cannot be set off against post-petition debts owed to the debtor. *In re Univ. Med. Center*, 973 F.2d at 1079. In addition, the burden of proof is on the party asserting the right to setoff. *In re Garden Ridge Corp.*, 338 B.R. 627, 632 (Bankr. D. Del. 2006). The party seeking to enforce a setoff right must establish (i) it has a right to setoff under nonbankruptcy law; and (ii) this right should be preserved in bankruptcy under section 553. *Id*.

13. Here, contrary to the provisions in section 553 of the Bankruptcy Code, the Fifth Amended Plan attempts to both expand the right to setoff by allowing post-petition claims be setoff against pre-petition Allowed Claims and transfer the burden of proof to the Holder of such Allowed Claim, requiring such Holder disprove the Distribution Agent's right to setoff. This does not

comply with the provisions of the Bankruptcy Code. As a result, the Fifth Amended Plan fails to satisfy 1129(a)(1) and confirmation should be denied.

C. **The Fifth Amended Plan provides for improper and overly broad injunctions, releases and exculpation.**

14. In addition, the Fifth Amended Plan provides for broad releases and permanent injunctions against nondebtors. *See* Article IX(F). However, permanent injunctions against nondebtors are not permissible in the Fifth Circuit because such a permanent injunction would "improperly insulate nondebtors in violation of section 524(e)…without any countervailing justification of debtor protection." *See Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 760-61 (5th Cir. 1995) (quoting *Landsing Diversified Props. v. First Nat'l Bank & Trust Co.* (*In re W. Real Estate Fund, Inc.*), 922 F.2d 592, 601-02 (10th Cir. 1990)). Contrary to such prohibition, the Fifth Amended Plan seeks to exculpate certain "Exculpated Parties" and "Protected Parties" from a broad array of claims relating to such entities' post-petition conduct and would bar creditors from pursing claims against various non-debtor parties if such claims relate to their claims against the Debtor. In addition, the language purports to release creditors' claims arising not only from the bankruptcy case but also the administration and implementation of the Fifth Amended Plan and the period of time covered by the release and exculpation provisions extend beyond the effective date and purport to cover post-effective date conduct. Neither the Bankruptcy Code nor applicable case law permits such broad exculpatory and/or injunctive language in favor of third parties. *See In re Zale Corp.*, 62 F.3d at 761, *Bank of N.Y. Trust Co., NA v. Official Unsecured Creditors' Comm. (In re Pac. Lumber Co.)*, 584 F.3d 229, 252-253 (5th Cir. 2009). The injunction, release, and exculpation provisions in the Fifth Amended Plan do not comply with section 524(e) of the Bankruptcy Code or applicable case law and the Court should deny confirmation.

**D.     Reservation of Rights**

15.    NREP reserves the right to amend or supplement this Objection to add any appropriate basis under Sections 1129(a) and (b) and other applicable provisions of the Bankruptcy Code. In addition, NREP reserves the right to join in and support the objections asserted by other parties at the Confirmation Hearing.

### III.  CONCLUSION

For these reasons, the NREP respectfully requests that the Court deny confirmation of the Fifth Amended Plan and grant NREP such other relief at law or in equity to which it may be entitled.

Respectfully submitted,

*/s/ Lauren K. Drawhorn*
Jason M. Rudd
Texas Bar No. 24028786
Lauren K. Drawhorn
Texas Bar No. 24074528
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Telephone: (214) 692-6200
Fax: (214) 692-6255
Email:  jason.rudd@wickphillips.com
          lauren.drawhorn@wickphillips.com

**COUNSEL FOR NEXPOINT REAL ESTATE PARTNERS, LLC F/K/A HCRE PARTNERS, LLC**

### CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2021, a true and correct copy of the foregoing Joinder was served via the Court's CM/ECF system upon counsel for the Debtor and all other parties requesting or consenting to such service in this bankruptcy case.

*/s/ Lauren K. Drawhorn*
Lauren K. Drawhorn