# Appendix Exhibit 92

Case 19-34054-sgj11 Doc 1836 Filed 01/25/21 Entered 01/25/21 17:52:19 Page 1 of 4
Case 3:21-cv-00881-X Document 174-92 Filed 12/16/23 Page 2 of 7 PageID 19133
Docket #1836 Date Filed: 1/25/2021

| | |
|---|---|
| K&L GATES LLP<br>Artoush Varshosaz (TX Bar No. 24066234)<br>1717 Main Street, Suite 2800<br>Dallas, TX 75201<br>Tel: (214) 939-5659<br>artoush.varshosaz@klgates.com | Davor Rukavina, Esq.<br>Texas Bar No. 24030781<br>Julian P. Vasek, Esq.<br>Texas Bar No. 24070790<br>MUNSCH HARDT KOPF & HARR, P.C.<br>3800 Ross Tower<br>500 N. Akard Street |
| Stephen G. Topetzes (*pro hac vice*)<br>1601 K Street, NW<br>Washington, DC 20006-1600<br>Tel: (202) 778-9328<br>stephen.topetzes@klgates.com | Dallas, Texas 75202-2790<br>Telephone: (214) 855-7500<br>Facsimile: (214) 978-4375<br><br>*Attorneys for NexPoint Advisors, L.P.* |
| A. Lee Hogewood, III (*pro hac vice*)<br>4350 Lassiter at North Hills Ave., Suite 300<br>Raleigh, NC 27609<br>Tel: (919) 743-7306<br>Lee.hogewood@klgates.com | |

*Counsel for NexPoint Advisors, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | ) | Case No. 19-34054 (SGJ11) |
| | ) | |
| Debtor. | ) | (Jointly Administered) |
| | ) | |

**EMERGENCY MOTION OF NEXPOINT ADVISORS, L.P. TO
FILE COMPETING PLAN AND DISCLOSURE STATEMENT UNDER SEAL
AND FOR PROCEDURE TO FILE PUBLICLY**

TO THE HONORABLE STACEY G.C. JERNIGAN, U.S. BANKRUPTCY JUDGE:

  COMES NOW NexPoint Advisors, L.P. ("NexPoint"), a creditor and party-in-interest in the above styled and numbered Chapter 11 bankruptcy case (the "Bankruptcy Case") of Highland Capital Management, L.P. (the "Debtor"), and files this its *Emergency Motion to File Competing Plan and Disclosure Statement Under Seal and for Procedure to File Publicly* (the "Motion"), respectfully stating as follows:

1. Exclusivity has expired. *See* Docket No. 1092.

2. NexPoint, together with Highland Capital Management Fund Advisors, L.P. and James Dondero, have prepared a competing plan of reorganization and proposed disclosure statement. NexPoint will not discuss that competing plan in detail in this Motion, but it is the type of "pot" plan the Court heard outlined in open Court before, except that: (i) Mr. Dondero has substantially increased his proposed monetary consideration; (ii) there is the assumption of tens of millions of dollars in liability; and (iii) there is the voluntary subordination of more than ten million dollars of liability, including asserted administrative claims.

3. Normally, NexPoint would simply file its competing plan and disclosure statement, although it would not take any action to solicit the same.

4. Here, however, because of various allegations of interference and various orders of the Court in place, NexPoint submits that the safer course is to first file these documents under seal, see if any party has an objection to the public filing of these documents, and, if it does, that the Court consider the matter on an emergency basis.

5. Voting on the Debtor's plan is over, and the deadline for plan objections expired weeks ago. Thus, the filing of a competing plan cannot possibly unduly interfere with the Debtor's plan, but it can offer options if for some reason the Debtor's plan is not confirmed. Conversely, a competing plan that provides greater returns and options to all creditors is in everyone's best interest, and in the interests of the bankruptcy process itself. That competing plan may have little support, and it may be dead in the water in a matter of days if the Debtor's plan is confirmed, but NexPoint cannot even start the process of a potential competing plan unless and until it is first able to file one without fear of allegations that that filing somehow violates an order of this Court.

EMERGENCY MOTION OF NEXPOINT ADVISORS, L.P. TO FILE COMPETING PLAN AND DISCLOSURE STATEMENT UNDER SEAL AND FOR PROCEDURE TO FILE PUBLICLY—Page 2

App. 1951

6. Accordingly, NexPoint respectfully requests that the Court enter an order: (i) permitting it to file its proposed competing plan and disclosure statement under seal immediately (with copies provided to the U.S. Trustee, Debtor, and Committee; (ii) that any objection to the unsealing thereof be filed no later than forty-eight (48) hours after the entry of such order and, if no such objection is filed, that NexPoint (and the other plan proponents) be permitted to file the competing plan and disclosure statement on the docket of the case, but not to solicit the same or otherwise violate any law or rule related to solicitation; and (iii) if there be such an objection, that the Court hold an emergency hearing thereon.

RESPECTFULLY SUBMITTED this 25th day of January, 2021.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
3800 Ross Tower
500 N. Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email:    drukavina@munsch.com

- and -

K&L GATES LLP

Artoush Varshosaz (TX Bar No. 24066234)
1717 Main Street, Suite 2800
Dallas, TX 75201
Tel: (214) 939-5659
artoush.varshosaz@klgates.com

EMERGENCY MOTION OF NEXPOINT ADVISORS, L.P. TO FILE COMPETING PLAN AND DISCLOSURE STATEMENT UNDER SEAL AND FOR PROCEDURE TO FILE PUBLICLY—Page 3

App. 1952

                                  A. Lee Hogewood, III (*pro hac vice*)
                                  4350 Lassiter at North Hills Ave., Suite 300
                                  Raleigh, NC 27609
                                  Tel: (919) 743-7306
                                  Lee.hogewood@klgates.com

                                  **COUNSEL FOR NEXPOINT ADVISORS, L.P.**

### CERTIFICATE OF CONFERENCE

      The undersigned hereby certifies that he discussed the relief requested herein with Jeff Pomerantz, Esq., counsel for the Debtor, who stated that the Debtor does not oppose the filing of the competing plan and disclosure under seal and it being shared as such with the major constituents, but that the Debtor does object to the plan and disclosure statement being unsealed or filed publicly prior to the confirmation decision on the Debtor's plan.

      The undersigned further certifies that he requested from counsel for the Committee and the U.S. Trustee whether they oppose the relief requested herein but, as of this filing, has not received a response.

                                  By: /s/ Davor Rukavina
                                          Davor Rukavina, Esq.

### CERTICIATE OF SERVICE

      The undersigned hereby certifies that, on this the 25th day of January, 2021, a true and correct copy of this document was electronically served by the Court's ECF system on parties entitled to notice thereof, including the Debtor, the Committee, and the U.S. Trustee.

                                  By: /s/ Davor Rukavina
                                          Davor Rukavina, Esq.

EMERGENCY MOTION OF NEXPOINT ADVISORS, L.P. TO FILE COMPETING PLAN AND DISCLOSURE STATEMENT UNDER SEAL AND FOR PROCEDURE TO FILE PUBLICLY—Page 4
4842-5412-6553v.1 019717.00001

App. 1953

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | ) | Case No. 19-34054 (SGJ11) |
| | ) | |
| Debtor. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**EMERGENCY MOTION OF NEXPOINT ADVISORS, L.P. TO
FILE COMPETING PLAN AND DISCLOSURE STATEMENT UNDER SEAL
AND FOR PROCEDURE TO FILE PUBLICLY**

CAME ON FOR CONSIDERATION the *Emergency Motion of NexPoint Advisors, L.P. to File Competing Plan and Disclosure Statement Under Seal and for Procedure to File Publicly* (the "Motion"), filed by NexPoint Advisors, L.P.  Having considered the Motion, and finding cause for granting the same, it is hereby:

ORDERED that the Motion is GRANTED; it is further

ORDERED that NexPoint is authorized to immediately file its proposed competing plan and disclosure statement under seal, sharing the same only with the Court, the debtor, the official committee of unsecured creditors, and the U.S. Trustee; it is further

App. 1954

ORDERED that any party may object to the filing of the foregoing publicly no later than two (2) days after the entry of this Order, and serve the same on NexPoint, and that, if no such objection is timely made, NexPoint may file the foregoing publicly, but that, if such objection is timely made, the Court shall consider the matter on an emergency basis and NexPoint shall not publicly file the same pending such consideration; it is further

ORDERED that, for the avoidance of doubt, nothing in this Order prejudices any issue with respect to whether the foregoing documents must or should be filed under seal or publicly, and nothing herein in any way approves or authorizes any solicitation of any proposed competing plan of NexPoint.

### END OF ORDER ###