# Appendix Exhibit 97

Case 21-03010-sgj Doc 2 Filed 02/17/21 Entered 02/17/21 08:38:12 Page 1 of 9
Case 3:21-cv-00881-X Document 174-97 Filed 12/16/23 Page 2 of 10 PageID 19183
Docket #0002 Date Filed: 2/17/2021

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 266326) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (TX Bar No. 24044908)
MHayward@HaywardFirm.com
Zachery Z. Annable (TX Bar No. 24053075)
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Debtor. | § § § § § § § | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P. AND NEXPOINT ADVISORS, L.P.,<br><br>Defendants. | § § § § § § § § § § § § § | Adversary Proceeding No.<br><br>21-03010-sgj |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

DOCS_NY:42326.3 36027/002



**DEBTOR'S EMERGENCY MOTION FOR A MANDATORY
INJUNCTION REQURING THE ADVISORS TO ADOPT AND
IMPLEMENT A PLAN FOR THE TRANSITION OF
SERVICES BY FEBRUARY 28, 2021**

Highland Capital Management, L.P., the plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding") and the debtor and debtor-in-possession (the "Debtor" or "Highland") in the above-captioned chapter 11 case ("Bankruptcy Case"), by and through its undersigned counsel, files this emergency motion (the "Motion") seeking entry of an order directing Highland Capital Management Fund Advisors, L.P. ("HCMFA") and NexPoint Advisors, L.P. ("NPA," and together with HCMFA, the "Advisors" or "Defendants") to adopt and implement a plan for the orderly transition of services currently provided under the Shared Services Agreements[2] from the Debtor to NewCo, or any other entity of the Advisors' choosing, by February 28, 2021. In support of the Motion, the Debtor respectfully states the following:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b). The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1409.

3. The predicates for the relief requested in the Motion are sections 105(a) and 362(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 7065 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the *Declaration of Mr. James P. Seery, Jr. in Support of the Debtor's Emergency Motion for a Mandatory Injunction Requiring the Advisors to Adopt and Implement a Plan for the Transition of Services by February 28, 2021* (the "Seery Declaration")  being filed contemporaneously herewith.

2

**RELIEF REQUESTED**

4.     The Debtor requests that this Court issue the proposed form of order attached as hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 362(a) of the Bankruptcy Code and Rules 7001 and 7065 of the Bankruptcy Rules.

5.     For the reasons set forth more fully in the Debtor's *Memorandum of Law in Support of the Debtor's Emergency Motion for a Mandatory Injunction Requiring the Advisors to Adopt and Implement a Plan for the Transition of Services by February 28, 2021* (the "Memorandum of Law") filed contemporaneously with this Motion, the Debtor seeks mandatory injunctive relief compelling Defendants to adopt and implement a transition plan by February 28, 2021 when the Debtor is expected to substantially reduce its workforce as part of the implementation of its plan of reorganization that was recently approved by the Court. Absent mandatory injunctive relief, the Debtor (together with the Funds, the Advisors, and thousands of investors) will be irreparably harmed. Emergency relief is needed to avoid this immediate and irreparable harm that will be caused to the Debtor, among others.

6.     In accordance with Rule 7007-1 of the *Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas* (the "Local Rules"), contemporaneously herewith and in support of this Motion, the Debtor is filing: (a) its Memorandum of Law, (b) the Seery Declaration, and (c) the Debtor's *Motion for Expedited Hearing on Emergency Motion for a Mandatory Injunction Requiring the Advisors to Adopt and Implement a Plan for the Transition of Services by February 28, 2021* (the "Motion to Expedite").

7. Based on (i) the facts set forth in the Seery Declaration and the exhibits annexed thereto, and (ii) the arguments contained in the Memorandum of Law, the Debtor is entitled to the relief requested herein as set forth in the Proposed Order.

8. Notice of this Motion has been provided to Defendants. The Debtor submits that no other or further notice need be provided.

WHEREFORE, the Debtor respectfully requests that the Court (i) enter the Proposed Order substantially in the formed annexed hereto as **Exhibit A** granting the relief requested herein, and (ii) grant the Debtor such other and further relief as the Court may deem proper.

| | |
|---|---|
| Dated: February 17, 2021. | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | Jeffrey N. Pomerantz (CA Bar No. 143717) |
| | Ira D. Kharasch (CA Bar No. 109084) |
| | John A. Morris (NY Bar No. 266326) |
| | Gregory V. Demo (NY Bar No. 5371992) |
| | Hayley R. Winograd (NY Bar No. 5612569) |
| | 10100 Santa Monica Blvd., 13th Floor |
| | Los Angeles, CA 90067 |
| | Telephone: (310) 277-6910 |
| | Facsimile: (310) 201-0760 |
| | Email: jpomerantz@pszjlaw.com |
| | ikharasch@pszjlaw.com |
| | jmorris@pszjlaw.com |
| | gdemo@pszjlaw.com |
| | hwinograd@pszjlaw.com |

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*

Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Debtor. | § § § § § § § | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P. AND NEXPOINT ADVISORS, L.P.,<br><br>Defendants. | § § § § § § § § § § § § | Adversary Proceeding No.<br><br>21-03010-sgj |

**ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR A MANDATORY INJUNCTION REQUIRING THE ADVISORS TO IMPLEMENT A PLAN FOR THE TRANSITION OF SERVICES BY FEBRUARY 28, 2021**

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725).  The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

The parties subject to this Order are: (1) Highland Capital Management Fund Advisors, L.P. ("HCMFA") and (2) NexPoint Advisors, L.P. ("NPA," and together with HCMFA, the "Defendants").

Having considered (a) the *Debtor's Emergency Motion for a Mandatory Injunction Requiring the Advisors to Implement a Plan for the Transition of Services by February 28, 2021* [Docket No. ___] (the "Motion");[2] (b) the *Declaration of Mr. James P. Seery, Jr. in Support of the Debtor's Emergency Motion for a Mandatory Injunction Requiring the Advisors to Implement a Plan for the Transition of Services by February 28, 2021* [Docket No. ___] (the "Seery Declaration") and the exhibits annexed thereto; (c) the *Debtor's Memorandum of Law in Support of the Debtor's Emergency Motion for a Mandatory Injunction Requiring the Advisors to Implement a Plan for the Transition of Services by February 28, 2021* [Docket No. ___] (the "Memorandum of Law"); (d) the allegations and relief sought in *Plaintiff Highland Capital Management, L.P.'s Verified Original Complaint for Damages and for Declaratory and Injunctive Relief* [Docket No. 1] (the "Complaint"); and (e) all prior proceedings relating to this matter; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that injunctive relief is warranted under sections 105(a) and 362(a) of the Bankruptcy Code and that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest; and this Court having found and concluded that the facts and the law are clearly in the Debtor's favor, and specifically that: (i) absent such relief, the Debtor will suffer

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

irreparable injury, (ii) the Debtor is likely to succeed on the merits of its underlying claims for declaratory relief and breach of contract, (iii) the balance of the equities tips in the Debtor's favor, and (iv) such relief serves the public interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish good cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor and for the reasons set forth in the record on this Motion, it is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. The Defendants are directed to adopt and implement a plan for the orderly transition of services currently provided under the Shared Services Agreements from the Debtor to NewCo, or any other entity of the Advisors' choosing, by February 28, 2021.

3. All objections to the Motion are overruled in their entirety.

4. The Defendants are directed to (a) provide a copy of this Order to each of their respective officers, directors, employees, and agents, and (b) file on the docket a sworn certification attesting to each Defendant's compliance with the foregoing direction (including the manner, date, and time of compliance) within twenty-four (24) hours of the Court's filing of this Order on the docket.

5. The Court shall retain exclusive jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

### END OF ORDER ###