# Appendix Exhibit 107

Case 19-34054-sgj11 Doc 2247 Filed 04/27/21    Entered 04/27/21 10:41:21    Page 1 of 9
Case 3:21-cv-00881-X   Document 174-107   Filed 12/16/23   Page 2 of 10   PageID 19549
Docket #2247  Date Filed: 04/27/2021

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 266326) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (TX Bar No. 24044908)
MHayward@HaywardFirm.com
Zachery Z. Annable (TX Bar No. 24053075)
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § § | Case No. 19-34054-sgj11 |
| Debtor. | § § | |

**DEBTOR'S MOTION FOR AN ORDER REQUIRING THE VIOLATORS TO SHOW
CAUSE WHY THEY SHOULD NOT BE HELD IN CIVIL CONTEMPT FOR
<u>VIOLATING TWO COURT ORDERS</u>**

Highland Capital Management, L.P., the debtor and debtor-in-possession (the "<u>Debtor</u>" or

"<u>Highland</u>") in the above-captioned chapter 11 case ("<u>Bankruptcy Case</u>"), by and through its

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

DOCS_NY:42974.2 36027/002



undersigned counsel, files this motion (the "Motion") seeking entry of an order requiring The Charitable DAF Fund, L.P. ("The DAF"), CLO Holdco, Ltd. ("CLO Holdco"), the persons who authorized The DAF and CLO Holdco, respectively (together, the "Authorizing Persons") to file the Seery Motion (as defined below) in the DAF Action (as defined below), and Sbaiti & Company PLLC ("Sbaiti & Co." and together with The DAF, CLO Holdco, and the Authorizing Persons, the "Violators"), counsel to The DAF and CLO Holdco in the DAF Action, to show cause why each of them should not be held in civil contempt for violating the Court's: (a) *Order Approving Settlement with Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course* [Docket No. 339], and (b) *Order Approving Debtor's Motion Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing Retention of James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer, and Foreign Representative Nunc Pro Tunc to March 15, 2020* [Docket No. 854] (together, the "Orders").  In support of its Motion, the Debtor states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b).  The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1409.

3. The predicates for the relief requested in the Motion are sections 105(a) and 362(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 7065 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## RELIEF REQUESTED

4.  The Debtor requests that this Court issue the proposed form of order attached as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 362(a) of the Bankruptcy Code and Rules 7001 and 7065 of the Bankruptcy Rules.

5.  For the reasons set forth more fully in the *Debtor's Memorandum of Law in Support of Motion for an Order Requiring the Violators to Show Cause Why They Should Not Be Held in Civil Contempt for Violating Two Court Orders* (the "Memorandum of Law"), filed contemporaneously with this Motion, the Debtor requests that the Court: (a) find and hold each of the Violators in contempt of court; (b) direct the Violators, jointly and severally, to pay the Debtor's estate an amount of money equal to two (2) times the Debtor's actual expenses incurred in bringing this Motion, payable within three (3) calendar days of presentment of an itemized list of expenses; (c) impose a penalty of three (3) times the Debtor's actual expenses incurred in connection with any future violation of any order of this Court (including filing any motion in the District Court to name Mr. Seery as a defendant without seeking and obtaining this Court's prior approval, as required under the Orders), and (d) grant the Debtor such other and further relief as the Court deems just and proper under the circumstances.

6.  In accordance with Rule 7007-1 of the *Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas* (the "Local Rules"), contemporaneously herewith and in support of this Motion, the Debtor is filing: (a) its Memorandum of Law, and (b) the *Declaration of John A. Morris  in Support of the Debtor's Motion for an Order Requiring the Violators to Show Cause Why They Should Not Be Held in Civil Contempt for Violating Two Court Orders* (the "Morris Declaration") together with the exhibits annexed thereto.

7. Based on the exhibits annexed to the Morris Declaration, and the arguments contained in the Memorandum of Law, the Debtor is entitled to the relief requested herein as set forth in the Proposed Order.

8. Notice of this Motion has been provided to all parties. The Debtor submits that no other or further notice need be provided.

WHEREFORE, the Debtor respectfully requests that the Court (i) enter the Proposed Order substantially in the formed annexed hereto as **Exhibit A** granting the relief requested herein, and (ii) grant the Debtor such other and further relief as the Court may deem proper.

Dated: April 23, 2021.

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No. 143717)
Ira D. Kharasch (CA Bar No. 109084)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
       ikharasch@pszjlaw.com
       jmorris@pszjlaw.com
       gdemo@pszjlaw.com
       hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

5

# **EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[2]<br><br>Debtor. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Chapter 11<br><br>Case No. 19-34054-sgj11 |

**ORDER GRANTING DEBTOR'S MOTION FOR AN ORDER REQUIRING THE
VIOLATORS TO SHOW CAUSE WHY THEY SHOULD NOT BE HELD IN CIVIL
<u>CONTEMPT FOR VIOLATING TWO COURT ORDERS</u>**

Having considered (a) the *Debtor's Motion for an Order Requiring the Violators to Show Cause Why They Should Not Be Held in Civil Contempt for Violating Two Court Orders* [Docket No. __] (the "<u>Motion</u>"),[3] (b) the *Debtor's Memorandum of Law in Support of Motion for an Order Requiring the Violators to Show Cause Why They Should Not Be Held in Civil Contempt for*

---

[2] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

[3] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Memorandum of Law.

*Violating Two Court* [Docket No. __] (the "Memorandum of Law"), (c) the exhibits annexed to the *Declaration of John A. Morris in Support of the Debtor's Motion for an Order Requiring the Violators to Show Cause Why They Should Not Be Held in Civil Contempt for Violating Two Court Orders* [Docket No. __] (the "Morris Declaration"), and (d) all prior proceedings relating to this matter, including the proceedings that led to the entry of each of the Orders and the Approval Order; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that sanctions is warranted under sections 105(a) and 362(a) of the Bankruptcy Code and that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish good cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor and for the reasons set forth in the record on this Motion, it is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. The DAF, CLO Holdco, and Sbaiti & Co. shall show cause before this Court on **[ ], May [ ], 2021 at 9:30 a.m. (Central Time)** why an order should not be granted: (a) finding and holding each of the Violators in contempt of court; (b) directing the Violators, jointly and severally, to pay the Debtor's estate an amount of money equal to two (2) times the Debtor's actual expenses incurred in bringing this Motion, payable within three (3) calendar days of presentment of an

itemized list of expenses; (c) imposing a penalty of three (3) times the Debtor's actual expenses incurred in connection with any future violation of any order of this Court (including filing any motion in the District Court to name Mr. Seery as a defendant without seeking and obtaining this Court's prior approval, as required under the Orders), and (d) granting the Debtor such other and further relief as the Court deems just and proper under the circumstances.

3. The Court shall retain exclusive jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

### END OF ORDER ###