# Appendix Exhibit 108

Case 19-34054-sgj11 Doc 2256 Filed 04/29/21    Entered 04/29/21 17:42:12    Page 1 of 9
Case 3:21-cv-00881-X   Document 174-10   Filed 12/16/23   Page 2 of 10   PageID 19539
Docket #2256  Date Filed: 04/29/2021

Douglas S. Draper, La. Bar No. 5073
ddraper@hellerdraper.com
Leslie A. Collins, La. Bar No. 14891
lcollins@hellerdraper.com
Greta M. Brouphy, La. Bar No. 26216
gbrouphy@hellerdraper.com
Heller, Draper & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130
Telephone: (504) 299-3300
Fax: (504) 299-3399
*Attorneys for The Dugaboy Investment Trust and Get Good Trust*

UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | * | Chapter 11 |
| | * | |
| | * | Case No. 19-34054sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | * | |
| | * | |
| Debtor | * | |

**MOTION TO COMPEL COMPLIANCE WITH BANKRUPTCY RULE 2015.3**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, RM. 1254, DALLAS, TEXAS 75242-1496 BEFORE CLOSE OF BUSINESS ON MAY 20, 2021, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

{00375628-16}   1



1934054210429000000000004

App. 7570

Now into Court, through undersigned counsel, come The Dugaboy Investment Trust and Get Good Trust ("Movers"), who file this motion to compel Highland Capital Management, L.P. ("Debtor") to comply with Bankruptcy Rule 2015.3 ("Motion"). In support of the Motion, Movers aver as follows:

## CASE BACKGROUND

1. The Debtor filed for relief under Chapter 11 of the United States Bankruptcy Code on October 16, 2019 in the United States Bankruptcy Court for the District of Delaware.

2. The case was subsequently transferred to this Court on the 4th day of December, 2019 [Dkt. #1].

3. On November 24, 2020, the Debtor filed its *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* ("Fifth Amended Plan of Reorganization") [Dkt. #1472].

4. The Fifth Amended Plan of Reorganization was confirmed by this Court's *Order (I) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (II) Granting Related Relief* ("Order") on the 22nd day of February, 2021 [Dkt. #1943].

5. The Court's Order confirming the Debtor's Fifth Amended Plan of Reorganization has been appealed by Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors, L.P. [Dkt. #1957].

6. In connection with the appeal, Motions for Stay Pending Appeal have been filed by (i) Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors, L.P. [Dkt. #1955] (the "Advisors"); (ii) Highland Income Fund, NexPoint Strategic Opportunities Fund, Highland Global Allocation Fund, and NexPoint Capital, Inc. [Dkt. #1967] (the

"Funds"); (iii) The Dugaboy Investment Trust and Get Good Trust [Dkt. 1971] (the "Movers"); and (iv) James Dondero [Dkt. 1973] ("Dondero").

7. This Court entered an *Order on Motions for Stay Pending Appeal* on March 23, 2021, denying the requests for a stay pending appeal ("Order Denying Requests") [Dkt. #2084].

8. Advisors, Funds, Movers and Dondero have appealed this Court's Order Denying Requests for a stay pending appeal.

9. The appeal of this Court's Order Denying Requests for stay pending appeal is presently before Judge Godbey, United States District Judge for the Northern District of Texas.

10. The Debtor has not filed any reports required by Bankruptcy Rule 2015.3 over the approximately thirty (30) months in which this case has been pending.

11. The Effective Date for the Fifth Amended Plan confirmed by this Court has yet to occur.

## OVERVIEW OF BANKRUPTCY RULE 2015.3

Rule 2015.3 requires "periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or debtor . . . in which the estate holds a substantial or controlling interest." Fed. R. Bankr. P. 2015.3(a). The purpose of Rule 2015.3 is "to assist parties in interest taking steps to ensure that the debtor's interest in any entity . . . is used for payment of allowed claims against the debtor." Pub. L. No. 109-8 § 419(b) (2005).

The term "substantial or controlling interest" is not defined, nor does it appear elsewhere in the Bankruptcy Code or Bankruptcy Rules. 9 Collier on Bankruptcy § 2015.3.07 (16th ed. 2020). In the absence of other guidance, Collier suggests that a court may turn to the definition of an "affiliate"[1] or "insider"[2] in the Bankruptcy Code, or even state law on the definition of a

---

[1] Bankruptcy Code § 102(2) defines an affiliate:
(2) The term "affiliate" means—
(A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—

controlling or substantial interest. See 9 Collier on Bankruptcy § 2015.3.07 (16th ed. 2020) ("case law regarding the definition of 'insider' or 'affiliate' may be helpful. Additionally, there is a substantial body of corporate case law regarding controlling interests that could be consulted.")

Under Rule 2015.3, there is a rebuttable presumption that the estate has a "substantial or controlling interest" of an entity in which it "controls or owns at least a 20 percent interest." Fed. R. Bankr. P. 2015.3(c).

The Court may, after notice and a hearing, vary the reporting requirement established by subdivision (a) of this rule for cause, including that the trustee or debtor in possession is not able, after a good faith effort, to comply with those reporting requirements, or that the information

---

        (i)     in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
        (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;
  (B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
        (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
        (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;
  (C) person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or
  (D) entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

[2] The Bankruptcy Code included a non-exclusive list of insiders:
  (B) if the debtor is a corporation—
        (i) director of the debtor;
        (ii) officer of the debtor;
        (iii) person in control of the debtor;
        (iv) partnership in which the debtor is a general partner;
        (v) general partner of the debtor; or
        (vi) relative of a general partner, director, officer, or person in control of the debtor;
  (C) if the debtor is a partnership—
        (i) general partner in the debtor;
        (ii) relative of a general partner in, general partner of, or person in control of the debtor;
        (iii) partnership in which the debtor is a general partner;
        (iv) general partner of the debtor; or
        (v) person in control of the debtor[.]

required by subdivision (a) is publicly available. The examples given for waiving cause are not exclusive. 9 Collier on Bankruptcy §2015.3.08 (16th ed. 2020).

When questioned at the confirmation hearing in connection with Bankruptcy Rule 2015.3, James Seery, on behalf of the Debtor, testified as to the following:

a) He was familiar with BR 2015.3 [Dkt. #1905, pg. 48, lines 12-15];

b) No report in compliance with BR 2015.3 has been filed by the Debtor [Dkt. #1905, pg. 48, lines 15-17]; and

c) "There was no reason for it (failure to file the 2015.3) other than we did not get it done initially and it fell through the cracks" [Dkt. #1905, pg. 49, lines 18-21].

### EXISTING CASE LAW ON BANKRUPTCY RULE 2015.3

Little case law exists on the requirements of Bankruptcy Rule 2015.3. In general, cases where parties have sought and received a waiver fall into two categories: (1) cases where the subsidiary is in the process of being sold; and (2) prepacked bankruptcies if the plan is not confirmed by a certain date. See e.g., *In re RCS Capital Corp.*, Case No. 16-102233 (Bankr. D. Del. Mar. 4, 2016) [Dkt. 714 ¶17] ("The Purchase Agreement has already been approved by the Court . . . . Therefore, within a relatively short period of time . . . , the Debtor will no longer have a substantial or controlling interest in [the subsidiary"); *In re HCR Manorcare*, Case No. 18-10467 (Bankr. D. Del. Oct. 3, 2018) [Dkt. 8 ¶ 47] (Seeking waiver of reporting requirements if a pre-packed bankruptcy plan is not confirmed within a set period of time).

The case law as it exists does not support a waiver of Bankruptcy Rule 2015.3 and especially for the "it slipped through the cracks excuse." It has been three (3) months since the issue of Debtor's failure to comply with Bankruptcy Rule 2015.3 was raised to the Debtor and

Debtor has not sought to remedy the failure and file the requisite 2015.3 reports for the applicable periods or seek leave of Court. The Debtor must believe the issue will simply go away and not be brought to the attention of the Court and, therefore, the Debtor will not have to disclose the financial condition of the assets in which it possesses a controlling or substantial interest. The Debtor's typical excuse in this case is the creditors committee has seen the information, however, Bankruptcy Rule 2015.3 requires a public filing and not a disclosure limited to a select few.

The Seery attempted excuse that "we were told we didn't have separate consolidating statements for every entity and it would be difficult" [Seery testimony Dkt. #1905, page 49, lines 14-20] is not credible in light of the fact that the majority of entities in which Debtor has a controlling or substantial interest are investment funds. Most of the entities listed below in which the Debtor has a substantial or controlling interest are either regulated or have third party investors and, as such, separate accounting and statements on an entity by entity basis are required. In addition, the fact that the Debtor lacked a "consolidated statement" on one entity is not a legitimate excuse for not filing a 2015.3 report for the other entities in which the Debtor has a controlling or substantial interest.

### ENTITIES IN WHICH THE DEBTOR OWNS OR MAY OWN A CONTROLLING INTEREST

There is no complete listing in any one place that identifies the entities in which the Debtor possesses a substantial or controlling interest. To assemble the list, Mover has had to parse through various documents and filings. The entities include, but are not limited, to the following:

a) Highland Select Equity Fund [See ftn. 8, Debtor's Motion for Exit Loan Dkt. #2229].

The Exit Loan Motion identifies Highland Select Entity Fund, L.P., Highland

Restoration Capital Partners, L.P. Highland CLO Funding, Ltd., Highland Multi Strategy Credit Fund L.P., Highland Capital Management Korea Limited, Cornerstone Healthcare and Trussway Industries and Trussway Holdings, LLC.[3]

b) The Exit Financing Motion [Dkt. #2229, pg. 7, ftn. 9] indicates that the Debtor owns additional assets that, by the literal reading of ftn. 9, are not listed in the section of the motion that identifies the collateral for the loan. These entities should be specifically identified and reports should be filed for these entities that are not listed in the collateral section of the motion.

c) In the Deposition of James Seery taken on January 29, 2021, in addition to the entities listed above, James Seery generically identifies CCS Medical Inc., Targa International, PetroCap and JHT as entities controlled by Debtor or controlled through funds that are controlled by Debtor. It is believed the corporate names are PetroCap LLC, PetroCap Partners II LP, PetroCap Incentive Partners II LP , Targa Resources Partners LP, Targa S.A and JHT Holding Inc.

d) SSP Holdings Inc. and Omni Max, which were sold by the Debtor without Court approval based upon the Debtor's belief that Court approval was not required, should also have been the subject of a 2015.3 report for the period between the filing and the date of the sale.

## CONCLUSION

Throughout this case the Debtor has taken the position that it does not have to seek court approval for sales of assets or report to anyone relative to assets owned by entities in which it has

---

[3] a) On information and belief, the Debtor asserted ownership of one hundred percent (100%) of Highland Select Entity Fund LP is incorrect and Mark Okata and PCMG Trading partners XXIII L.P. own an interest.

either control or a substantial interest. See Dondero *Motion for Entry of an Order Requiring Notice and Hearing for Future Estate Transactions Occurring Outside the Ordinary Course of Business* [Dkt. #1439] and the Debtor's Objection thereto [Dkt. #1546]. In its Objection, the Debtor states in PP 9 that the sales at issue (Highland Multi Strategy Credit Fund L.P, Highland Restoration Capital Partners L.P and SSI Holdings Inc.) were not subject to Court approval and 11 USC §363. It appears, however, that this restricted view of Bankruptcy Court jurisdiction no longer suits the Debtor's new narrative and now it is seeking court authority to secure an exit loan and to use the assets of a controlled non-debtor entity (See Debtor's Motion for an Exit Loan, Dkt. # 2229) in order that the Debtor can pay its professionals and, in a second Motion, settle the UBS claim using the assets of a different non-debtor controlled entity [Dkt. #2199].

Had the Debtor followed Bankruptcy Rule 2015.3, both this Court and the creditors, large and small, of the Estate along with the creditors and minority owners of the controlled entities would have had some insight over the Debtor's actions with respect to these entities over the course of the Chapter 11. Bankruptcy Rule 2015.3 was designed to provide transparency and it should be enforced as a matter of public policy.

April 29, 2021

Respectfully submitted,

*/s/Douglas S. Draper.*
Douglas S. Draper, La. Bar No. 5073
ddraper@hellerdraper.com
Leslie A. Collins, La. Bar No. 14891
lcollins@hellerdraper.com
Greta M. Brouphy, La. Bar No. 26216
gbrouphy@hellerdraper.com

                                Heller, Draper & Horn, L.L.C.
                                650 Poydras Street, Suite 2500
                                New Orleans, LA  70130
                                Telephone: (504) 299-3300
                                Fax: (504) 299-3399
                                *Attorneys for The Dugaboy Investment Trust*
                                 *and Get Good Trust*