# Appendix Exhibit 110

Docket #2341 Date Filed: 05/20/2021

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (admitted *pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (admitted *pro hac vice*)
John A. Morris (NY Bar No. 266326) (admitted *pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (admitted *pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT,** | § | **Case No. 19-34054** |
| **L.P.,** | § | **Chapter 11** |
| | § | |
| **Debtor.** | § | |
| | § | |

**DEBTOR'S OPPOSITION TO MOTION TO**
**COMPEL COMPLIANCE WITH BANKRUPTCY RULE 2015.3**
**FILED BY DUGABOY INVESTMENT TRUST AND GET GOOD TRUST**

Highland Capital Management, L.P., the debtor and debtor-in-possession ("Debtor") in

the above-captioned chapter 11 case, submits this opposition to the *Motion to Compel*

DOCS_SF:105520.10 36027/002

1934054210520000000000013

*Compliance With Bankruptcy Rule 2015.3* [D.I. 2256] ("Motion") filed by Dugaboy Investment

Trust and Get Good Trust (collectively, the "Movant").

### **Preliminary Statement**

1.       The request by the Movant—who are two of James Dondero's family

trusts—that the Court order the Debtor to comply with Federal Rule of Bankruptcy Procedure

2015.3 is not a legitimate request by a creditor for information.  Neither the Movant nor Mr.

Dondero have any bona fide claims against the Debtor and the Motion has nothing to do with

transparency to creditors.  Rather, it is a pretext for Mr. Dondero's latest attempt to (1)

improperly obtain information about assets owned by non-debtors in order to interfere with the

Debtor's monetization of its assets for the benefit of the estate's legitimate creditors; and (2) gain

insight and access to information which will presumably form the basis of the litigation to be

brought against Mr. Dondero and his related entities by the Litigation Trustee and/or the

Reorganized Debtor.  Mr. Dondero and his related entities would not otherwise be entitled to this

information under applicable discovery rules.  Importantly, the Debtor's reluctance to publicly

disclose this information is also due to the fact that much of the information on the Debtor's

controlling interests in its non-debtor subsidiaries was prepared by the Debtor's former legal

team, who now are employed either by Mr. Dondero or by entities controlled by him and certain

of whom were terminated for cause.  The Debtor has substantial concerns whether the existing

information in the Debtor's records prepared by these individuals is accurate.

2.       The Debtor's non-compliance with Bankruptcy Rule 2015.3 was first

raised at the hearing on confirmation of the Debtor's *Fifth Amended Plan of Reorganization of*

DOCS_SF:105520.10 36027/002

App. 2397

*Highland Capital Management, L.P. (as Modified)* [Docket No. 1808] (the "<u>Plan</u>")[1] in a desperate—but futile—attempt to defeat confirmation. Now, eighteen months after commencement of this chapter 11 case, two months after confirmation of the Plan, and shortly before the Debtor anticipates that the Plan will become effective, the Movant seeks the Debtor's compliance with Bankruptcy Rule 2015.3.

3.     The Debtor has determined, in the exercise of its business judgment, that providing Mr. Dondero—either directly or through one of the many entities that have appeared in this case representing his interests—with detailed information regarding affiliate assets, will frustrate the Debtor's ability to maximize value of the assets of the estate and potentially compromise the Debtor's litigation position against Mr. Dondero and his related entities.  The Debtor's position, which is supported by the Committee, is based upon, among other things, the mischief Mr. Dondero has already caused in this case and his documented attempts to interfere with the Debtor's operations and asset sales.   Conversely, the Debtor has provided the Committee—the fiduciary for the Debtor's general unsecured creditors—information to enable it to adequately monitor and evaluate management of assets of entities that would be covered by Bankruptcy Rule 2015.3.

4.     The Debtor currently expects that the Plan will become effective on or about July 1, 2021, provided the Court approves the Debtor's motion to obtain exit financing.[2]  Once the Plan becomes effective, Bankruptcy Rule 2015.3 will no longer apply, and the Motion will be moot.  If the Plan does not become effective by such time, the Debtor requests that the Court

---

[1]  The Plan included certain amendments.  *See Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)*, Ex. B [Docket No. 1875].  Unless otherwise noted, capitalized terms used herein have the meanings ascribed in the Plan.

[2]  *See Debtor's Motion for Entry of an Order (I) Authorizing the Debtor to (A) Enter Into Exit Financing Agreement in Aid of Confirmed Chapter 11 Plan, (B) Incur and Pay Related Fees and Expenses, and (C) Granting Related Relief*, filed on April 20, 2021 [Docket No. 2229] (the "<u>Exit Financing Motion</u>").

enter an order waiving the reporting requirements provided under Bankruptcy Rule 2015.3 to avoid aiding Mr. Dondero, and his related entities in obtaining information that they will improperly use to handicap the Debtor's monetization of its assets and initiate vexatious litigation against the Debtor.

### **Background**

5.      On October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Bankruptcy Court").

6.      On October 29, 2019, the Official Committee of Unsecured Creditors (the "Committee") was appointed by the U.S. Trustee in the Delaware Bankruptcy Court.  On December 4, 2019, the Delaware Bankruptcy Court entered an order transferring venue of the Debtor's chapter 11 case to this Court [Docket No. 186].[3]

7.      On February 22, 2021, after a two-day hearing, the Bankruptcy Court entered the *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Docket No. 1943] (the "Confirmation Order") with respect to the Plan.  The Plan was accepted by 99.8% of the amount of creditors that voted to accept or reject the Plan.  *See* Confirmation Order ¶ 3.

8.      The Effective Date of the Plan has not yet occurred.  The Debtor currently expects that the Effective Date to occur on or after July 1, 2021, provided the Court approves the Exit Financing Motion.

9.      On May 14, 2021, the Committee filed its *Application for Order Pursuant to Section 1103 of the Bankruptcy Code Authorizing the Employment and Retention of Teneo*

---

[3]  All docket numbers refer to the docket maintained by this Court.

App. 2399

*Capital, LLC as Litigation Advisor to the Official Committee of Unsecured Creditors Effective April 15, 2021* [Docket No. 2306] (the "Teneo Retention Application").

10. Upon the effective date of the Plan, a Litigation Sub-Trust created for the benefit of the holders of claims and interests in the Debtor, will be vested with certain claims and causes of action of the Debtor (the "Causes of Action"). Pursuant to the Plan, Marc S. Kirschner, Senior Managing Director of Teneo Capital, LLC ("Teneo"), will be appointed as Litigation Trustee and will be tasked with, among other things, the investigation and monetization of the Causes of Action.

11. To ensure that the Causes of Action are investigated and pursued in a vigorous and timely manner, the Committee believed it was essential to require Mr. Kirschner and Teneo to commence work effective April 15, 2021 on an interim basis under the direction of the Committee. The Committee has noted that if the Plan becomes effective before the return date of the Teneo Retention Application, such application will be withdrawn, and the Litigation Trust will succeed to the Kirschner and Teneo work product as provided for in the Plan.

### The Court Should Defer Debtor's Compliance
### With Bankruptcy Rule 2015.3 Pending the Effective Date of the Plan

12. Bankruptcy Rule 2015.3(a) provides in pertinent part as follows:

> In a chapter 11 case, the . . . debtor in possession shall file periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in a case under title 11, and in which the estate holds a substantial or controlling interest. The reports shall be prepared as prescribed by the appropriate Official Form, and shall be based upon the most recent information reasonably available to the . . . debtor in possession.

Fed. R. Bankr. 2015.3(a). The reporting requirements of Bankruptcy Rule 2015.3 run until "the effective date of a plan or the case is dismissed or converted." *Id.* 2015.3(b).

13.     Upon the occurrence of the Effective Date—anticipated to be on or about July 1, 2021—the reporting requirements of Bankruptcy Rule 2015.3 are no longer applicable and the Reorganized Debtor will implement and carry out the provisions of the Plan that was overwhelmingly supported by the Committee and 99.8% of the dollar amount of creditors.  As the Motion acknowledges, courts have approved similar waivers in connection with plans that were on the eve of becoming effective.  *See In re Hornbeck Offshore Servs.,* No. 20-32679 (DRJ) (Bankr. S.D. Tex. May 20, 2020) (excusing requirement to file Bankruptcy Rule 2015.3 Reports if plan confirmed within 50 days from petition date); *In re Jason Indus.,* No. 20-22766 (RDD) (Bankr. S.D.N.Y. July 2, 2020) (granting 14-day extension to file Bankruptcy Rule 2015.3 reports in connection with debtor's prepackaged plan); *HRC ManorCare,* No. 18-10467 (KG) (Bankr. D. Del. March 6, 2018) (extending time to file Bankruptcy Rule 2015.3 report for approximately 50 days and waiving requirement to file report if plan is confirmed within such time); *see also In re RCS Capital Corp*., No. 16-10223 (MFW) (Bankr. D. Del. May 23, 2016) (waiving requirement to file 2015.3 report for entity that was in the process of being sold and to avoid prejudicial impact).  Given the relatively short time until the anticipated Plan Effective Date, the Debtor's requested waiver of the reporting requirements imposed under Bankruptcy Rule 2015.3 is appropriate and justified, especially in light of the improper purpose by which the Movant and Mr. Dondero would exploit any information obtained on the Debtor's assets to the detriment of the estate.

14.     Movant waited fourteen months after the Petition Date to raise the Debtor's non-compliance with Bankruptcy Rule 2015.3.  And it did so after an aborted effort to require the

DOCS_SF:105520.10 36027/002

Debtor to seek Court approval of sales of non-debtor assets.[4] Movant ambushed the Debtor at the Plan confirmation hearing and unsuccessfully tried to leverage the Debtor's non-compliance to defeat confirmation of the Plan.[5] Movant then waited two months after Plan confirmation to file this Motion. The foregoing demonstrates that the Motion is about leverage and gamesmanship and not about transparency.

**If the Expected Plan Effective Date Does Not Occur, the Court**
**Should Waive the Reporting Requirements Pursuant to Bankruptcy Rule 2015.3(d)**

15.     Bankruptcy Rule 2015.3(d) permits a court to modify a debtor's obligations under Bankruptcy Rule 2015.3(a) for cause shown. *See* Fed. R. Bankr. P. 2015.3(d). In addition to this subsection, Bankruptcy Rule 2015.3(e) provides that "the entity in which the estate has substantial or controlling interest, or a person holding an interest in that entity, may request protection of the information under section 107 of the Code." *See id.* 2015.3(e).

16.     Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, providing that:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . .

Fed. R. Bankr. P. 9018.

---

[4]   *See James Dondero's Motion for Entry of an Order Requiring Notice and a Hearing for Future Estate Transactions Occurring Outside of the Ordinary Course of Business*, filed on November 19, 2020 [Docket No. 1439].

[5]   *See* Transcript of Transcript of Proceedings Before Honorable Stacey J.C. Jernigan, United States Bankruptcy Judge, March 19, 2021 Regarding Motion to Stay Pending Appeals, at 69-70:

> "There were, of course, three primary legal issues raised as errors by this Court in the confirmation order. The first two arguments were not pressed too much in legal argument today although they were stressed in the briefing. One, the absolute priority rule violation argument; and then, two, the Bankruptcy Rule 2015.3/Bankruptcy Code Section 1129(a)(2) violation argument. The Court considered these arguments to wholly lack merit, and are borderline frivolous, frankly. They do not raise a serious legal question."

App. 2402

17.    Section 107(b) requires courts to protect confidential commercial information.  *In re Frontier Group,* 256 B.R. 771, 773 (Bankr. E.D. Tenn. 2000).  This Court has defined commercial information as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor,'" the disclosure of which "[must] reasonably be expected to cause the entity commercial injury," and "'is so critical to the operation of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.'"  *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del 2006) (MFW) (internal citations omitted).

18.    The Debtor submits that the unique facts and circumstances of this case provide ample cause to waive the reporting requirements of Bankruptcy Rule 2015.3.  The Debtor has determined, in the exercise of its business judgment that the reporting requirements under Bankruptcy Rule 2015.3 would force the Debtor to disclose confidential propriety information to Movant and Mr. Dondero that would undermine the Debtor's ability to monetize its assets for fair value.   First, the obvious purpose behind the Motion is enable Mr. Dondero to obtain confidential information on the Debtor's assets that he otherwise would not be entitled to and which will be used in future litigation with the Debtor or used to interfere in asset sales.  The Court should not permit Mr. Dondero to gain access and insight on the Debtor's assets, claims and the Causes of Action that will be managed by the Litigation Trust once the Plan becomes effective and provide him with materials that he could not otherwise obtain in the normal course of discovery.  Moreover, providing the information required by Bankruptcy Rule 2015.3 may also inhibit the ability of the Debtor to monetize these assets because other potential buyers would obtain information and insights on the value of these assets to which they otherwise would not be privy.  If such information were made available for public consumption, potential

purchasers would be able to learn potentially valuable information about these entities' operations.

19. Finally, as discussed above, the Debtor has serious concerns about the accuracy and completeness of the information created by its former legal team, who are now employed by Mr. Dondero and his related entities, and are working under his direction and control. As the Court is aware, the many entities in Mr. Dondero's byzantine business enterprise have been the subject of misinformation. For example, the Debtor recently discovered misrepresentations made to it by certain former employees falsely claiming that the redeemed limited partners of one of the Debtor's managed funds (a fund in which the Debtor is also a limited partner) were third party investors unaffiliated by the Debtor.[6] However, the Debtor recently discovered that this was false and that the largest redeemer is Sentinel Reinsurance – an entity owned by Mr. Dondero and the Debtor's former general counsel, Scott Ellington. Sentinel Reinsurance claims to be owed approximately $33 million on account of its redeemed interest. In light of these facts and in the event that the Plan Effective Date is delayed beyond July 1, 2021, the Court should waive the requirements of Bankruptcy Rule 2015.3 to avoid the harm that would befall the Debtor if such information were obtained by Mr. Dondero and his related entities for the improper purposes described herein.

## Conclusion

WHEREFORE, the Debtor respectfully requests that the Court defer the reporting requirements of Bankruptcy Rule 2015.3 until September 1, 2021. If the Effective Date of the Plan occurs by such date, the Motion will be moot. If the Effective Date of the Plan does not occur by

---

[6] See Debtor's Omnibus Reply in Support of Debtor's Motion for Entry of an Order Approving Settlement with UBS Securities and UBS AG London Branch and Authorizing Actions Consistent Therewith, filed on May 14, 2021 [Docket No. 2308]

DOCS_SF:105520.10 36027/002

App. 2404

such date, the Debtor requests that the Court waive the requirements of Bankruptcy Rule 2015.3

for the reasons set forth herein.

Dated: May 20, 2021.
          **PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No.143717) (*pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*pro hac vice*)
John A. Morris (NY Bar No. 266326) (*pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail:    jpomerantz@pszjlaw.com
          ikharasch@pszjlaw.com
          jmorris@pszjlaw.com
          gdemo@pszjlaw.com
          hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

/s/ *Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Debtor and Debtor-in-Possession*