# Appendix Exhibit 112

Case 19-34054-sgj11 Doc 2626 Filed 07/29/21 Entered 07/29/21 16:41:37 Page 1 of 4
Case 3:21-cv-00881-X Document 174-112 Filed 12/16/23 Page 2 of 5 PageID 19597
Docket #2626 Date Filed: 07/29/2021

Davor Rukavina, Esq.
Thomas D. Berghman, Esq.
Julian P. Vasek, Esq.
MUNSCH HARDT KOPF & HARR, P.C.
500 North Akard Street, Ste. 3800
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

*Counsel for Nexpoint Advisors, L.P.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |

**OBJECTION TO MOTION OF THE DEBTOR
FOR ENTRY OF AN ORDER (I) AUTHORIZING THE SALE AND/OR
FORFEITURE OF CERTAIN LIMITED PARTNERSHIP INTERESTS AND OTHER
RIGHTS AND (II) GRANTING RELATED RELIEF**

NexPoint Advisors, LP ("NPA") files this objection to the *Motion of the Debtor for Entry of an Order (I) Authorizing the Sale and/or Forfeiture of Certain Limited Partnership Interests and Other Rights and (II) Granting Related Relief* (the "Motion") [Dkt. # 2537] filed by Highland Capital Management, L.P. ("Debtor") and would show the Court as follows:

1.  The Motion seeks authority to sell certain partnership and limited partnership interests (the "Interests") pursuant to that certain Partnership Interest Purchase and Sale Agreement by and among the Debtor, PetroCap, the PetroCap III GP, SLP, and the SLP GP (the

-2-

"PetroCap Purchase Agreement").[1] The purchase price under the PetroCap Purchase Agreement is $2,684,886, and certain other related considerations.

2. On July 29, 2021, The Dugaboy Investment Trust ("DPI") submitted an offer of $2,953,374.60 for the Interests in accordance with the Partnership Interest Purchase and Sale Agreement attached hereto as Exhibit A (the "DPI Purchase Agreement"). The DPI Purchase Agreement provides for materially higher estate recoveries on identical terms.

3. Upon information and belief, the Debtor has not yet responded to the DPI Purchase Agreement. NPA therefore files this objection out of an abundance of caution to insure that a competitive bidding process designed to maximize estate recoveries is employed by the Debtor.

4. The DPI Purchase Agreement is substantially identical to the PetroCap Purchase Agreement.[2] As such, the offers submitted by DPI and PetroCap are "apples to apples," other than the fact that DPI's offer provides for an additional $268,488.60 recovery for the estate and its creditors.

5. Consistent with the Debtor's past practice, NPA expects that the Debtor may summarily reject the DPI Purchase Agreement without considering its benefits to the estate. If this occurs, the Debtor will have continued to allow its issues with Mr. Dondero (and, by inapt proxy, DPI) to outweigh its obligations to maximize recoveries for the estate. However, the "paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate." *In re Dura Automotive Sys., Inc.*, 06-11202 KJC, 2007 WL 7728109, at *90 (Bankr.

---

[1] Capitalized terms used but not defined herein have the respective meaning ascribed to such term in the Motion and the Purchase Agreement, as applicable.

[2] A true and correct copy of the redline comparison of the DPI Purchase Agreement to the PetroCap PSA is attached hereto as Exhibit B.

-2-

D. Del. Aug. 15, 2007) (citing *In re Mushroom Transp. Co., Inc*., 382 F.3d 325, 339 (3rd Cir. 2004); *In re Food Barn Stores, Inc*., 107 F.3d 558, 564–65 (8th Cir. 1997)).

6. Any failure by the Debtor to consider the DPI Purchase Agreement would be directly contrary to the recent ruling by the Fifth Circuit in *Walker County Hosp*., which noted that the best way to maximize estate recoveries is to promote competitive bidding. *Matter of Walker County Hosp. Corp*., 3 F.4th 229, 2021 WL 2910595 at *3 (5th Cir. 2021) ("The purpose of § 363 is to promote the finality of bankruptcy sales, thereby maximizing the purchase price of estate assets…. And ultimately, maximizing bidding on and the purchase price for a debtor's assets benefits a debtor's creditors.") (internal citations and quotation marks omitted"). The Court should not sanction a sale process that fails to do so

7. DPI is ready, willing and able to close a sale of the Interests, and the DPI Purchase Agreement eliminates risk and maximizes creditor recoveries.

Based upon the foregoing, NPA requests that the Court deny the Motion and direct the Debtor to consider the DPI Purchase Agreement as a qualified bid for the Interests.

Dated: July 29, 2021

Respectfully submitted,

NEXPOINT ADVISORS, L.P.

By:   s/ Thomas Berghman
      Davor Rukavina, Esq.
      Thomas D. Berghman, Esq.
      Julian P. Vasek, Esq.
      MUNSCH HARDT KOPF & HARR, P.C.
      500 North Akard Street, Ste. 3800
      Dallas, Texas 75201-6659
      Telephone: (214) 855-7500
      Facsimile: (214) 855-7584

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 29th day of July, 2021, a true and correct copy of this document was served via the Court's ECF notification system on all parties entitled to notice thereby, including counsel for movant.

By: */s/ Thomas Berghman*
Thomas D. Berghman, Esq.