# Appendix Exhibit 119

**LATHAM & WATKINS LLP**
Andrew Clubok (*pro hac vice*)
Sarah Tomkowiak (*pro hac vice*)
Jason R. Burt (*pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200

Kathryn George (*pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700

*Counsel for UBS Securities LLC and UBS AG London Branch*

**BUTLER SNOW LLP**
Martin Sosland (TX Bar No. 18855645)
Candice Carson (TX Bar No. 24074006)
2911 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219
Telephone: (469) 680-5502

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re | § Chapter 11 |
| | § |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § Case No. 19-34054-sgj11 |
| | § |
| Debtor. | § |
| | § |
| UBS SECURITIES LLC AND UBS AG LONDON BRANCH, | § Adversary Proceeding |
| | § |
| | § No. 21-03020-sgj |
| Plaintiffs, | § |
| | § |
| vs. | § |
| | § |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § |
| | § |
| Defendant. | § |

**UBS'S RESPONSE TO HIGHLAND CAPITAL MANAGEMENT, L.P.'S
MOTION TO WITHDRAW ITS ANSWER AND CONSENT TO
<u>JUDGMENT FOR PERMANENT INJUNCTIVE RELIEF</u>**

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

1

UBS Securities LLC and UBS AG London Branch (collectively, "UBS"), plaintiffs in the above-captioned adversary proceeding (the "Adversary Proceeding") and creditors in the above-captioned chapter 11 case (the "Bankruptcy Case"), submit this response (the "Response") to the *Motion to Withdraw its Answer and Consent to Judgment for Permanent Injunctive Relief* (the "Motion") filed by Highland Capital Management, L.P. ("Highland" or the "Debtor") on June 8, 2022 (Adv. Dkt. No. 169). In support of the Response, UBS states as follows:

UBS agrees, as Highland states in the Motion, that the Court should permanently enjoin Highland from making or allowing funds under its management or control (including, but not limited to, Multi-Strat and CDO Fund) to make any payments or further transfers to Sentinel or any of its affiliates (the "Sentinel Entities") or any transferees of the Sentinel Entities consisting of, resulting from, or relating to the Transferred Assets, and that "(a) [Highland's] defenses are not warranted by existing law or supported by a non-frivolous argument for extending, modifying, or reversing existing law, or establishing new law, (b) after having a reasonable opportunity for further investigation and discovery, there is no evidentiary support to oppose the relief requested, and (c) certain of Highland's prior denials in its Answer are no longer reasonably based on a lack of information." Mot. at 2.

UBS, however, believes that the Court should modify Highland's proposed judgment attached to the Motion as Exhibit A and submits an alternative proposed judgment attached to this Response as Exhibit 1. Specifically, UBS submits that this Court should find that UBS has satisfied the standard for a permanent injunction: "(1) success on the merits; (2) that a failure to grant the injunction will result in irreparable injury; (3) that said injury outweighs any damages that the injunction will cause the opposing party; and (4) that the injunction will not disserve the public interest." *In re Heritage Real Est. Inv., Inc.*, No. 14-03603-NPO, 2021 WL 1395592, at

*13 (Bankr. S.D. Miss. Feb. 4, 2021) (quoting *Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 824 F.3d 507, 533 (5th Cir. 2016)). UBS intends to submit evidence during the August 8, 2022 hearing that will support the alternative proposed judgment and permit this Court to find that the standard can be met and therefore a permanent injunction is warranted.

As a result, UBS proposes that this Court enter the proposed judgment attached to this Response as **Exhibit 1**. A redline comparison to show the differences between UBS's proposed judgment at Exhibit 1 and Highland's proposed judgment at Exhibit A to the Motion is attached to this Response as **Exhibit 2**.

## CONCLUSION

WHEREFORE, UBS respectfully requests that the Court enter the judgment attached hereto as Exhibit 1 and grant such further relief as the Court deems just and proper.

Dated:  July 27, 2022                                Respectfully submitted,

**LATHAM & WATKINS LLP**

By */s/ Kathryn George*

Andrew Clubok (*pro hac vice*)
Sarah Tomkowiak (*pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, District of Columbia 20004
Telephone:  (202) 637-2200
Email:  andrew.clubok@lw.com
            sarah.tomkowiak@lw.com

Jeffrey E. Bjork (*pro hac vice*)
Kimberly A. Posin (*pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone:  (213) 485-1234
Email:  jeff.bjork@lw.com
            kim.posin@lw.com

Kathryn George (*pro hac vice*)

330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: kathryn.george@lw.com

**BUTLER SNOW LLP**
Martin Sosland (TX Bar No. 18855645)
Candice M. Carson (TX Bar No. 24074006)
2911 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
Telephone: (469) 680-5502
E-mail: martin.sosland@butlersnow.com
candice.carson@butlersnow.com

*Counsel for UBS Securities LLC and UBS AG London Branch*

3

App. 2475

## CERTIFICATE OF SERVICE

I, Martin Sosland, certify that *UBS's Response to Highland Capital Management, L.P.'s Motion to Withdraw its Answer and Consent to Judgment for Permanent Injunctive Relief* was filed electronically through the Court's ECF system, which provides notice to all parties of interest.

Dated: July 27, 2022

                                       */s/ Martin Sosland*
                                       Martin Sosland