# Appendix Exhibit 122



**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed August 19, 2022**

United States Bankruptcy Judge

___

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: § § HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] § § Reorganized Debtor. § | Chapter 11 Case No. 19-34054-sgj11 |
| UBS SECURITIES LLC AND UBS AG LONDON BRANCH, § § § Plaintiffs, § § vs. § § HIGHLAND CAPITAL MANAGEMENT, L.P., § § Defendant. | Adversary Proceeding No. 21-03020-sgj |

**ORDER AND JUDGMENT GRANTING UBS'S REQUEST FOR A PERMANENT INJUNCTION AGAINST HIGHLAND CAPITAL MANAGEMENT, L.P.**

___

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

Case 3:21-cv-00881-X    Document 174-22    Filed 12/16/23    Page 3 of 4    PageID 19679
Document    Page 12 of 16

This matter having come before the Court on *Highland Capital Management, L.P.'s Motion to Withdraw Its Answer and Consent to Judgment for Permanent Injunctive Relief* [Docket No. 169] (the "Motion") filed by Highland Capital Management, L.P. ("Highland"), the defendant in the above-captioned adversary proceeding (the "Adversary Proceeding") and the reorganized debtor in the above-captioned chapter 11 case (the "Bankruptcy Case"); and this Court having considered (a) the Motion and (b) the *Declaration of James P. Seery, Jr. in Support of Highland Capital Management, L.P.'s Motion to Withdraw Its Answer and Consent to Judgment for the Permanent Injunctive Relief Sought by Plaintiff* (the "Seery Declaration" and together with the Motion, "Highland's Papers"),[2] (c) the evidence presented at the August 8, 2022 hearing on the Motion, and (d) all prior proceedings relating to the Adversary Proceeding; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that injunctive relief is warranted under sections 105(a) and 362(a) of the Bankruptcy Code; and this Court having found that Highland's notice of the Motion and opportunity for a hearing on the Motion were appropriate and that no other notice need be provided; and this Court having considered the evidence presented on August 8, 2022, and in consideration of that evidence, the Court having found that the legal and factual bases presented establish good cause for the relief granted herein, and that (1) such relief is necessary to avoid immediate and irreparable harm to UBS Securities LLC and UBS AG London Branch (together, "UBS"), (2) UBS will succeed on the merits of its underlying claim for injunctive relief, (3) the injury to UBS outweighs any damages that the injunction will cause Highland, and (4) such relief

---

[2] Capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in Highland's Papers.

serves the public interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, and for the reasons set forth in the record on this Motion, it is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED IN PART** as set forth herein.

2. Highland's *Answer to Complaint* [Docket No. 84] is deemed **WITHDRAWN**.

3. Subject to any further order of this Court, Highland is hereby permanently **ENJOINED AND RESTRAINED** from making or allowing funds under its control (including, but not limited to, Multi-Strat or CDO Fund) to make any payments or further transfers to the Sentinel Entities (or any entities known by Highland to be transferees of the Sentinel Entities) consisting of, resulting from, or relating to the Transferred Assets pending (i) a decision of a court of competent jurisdiction as to whether the Transferred Assets were fraudulently transferred to or for the benefit of Sentinel, Dondero, Ellington, and/or any of their affiliates or as part of a fraudulent scheme, or (ii) an agreement between Highland and UBS as to the disposition of the Transferred Assets.

4. This Order shall remain in effect unless otherwise ordered by the Court.

5. All objections to the Motion are overruled in their entirety.

6. The Court shall retain exclusive jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

### ### END OF ORDER ###