# Appendix Exhibit 138

Docket #3803  Date Filed: 05/31/2023

Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Counsel for The Dugaboy Investment Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | Case No. 19-34054 (SGJ) |
| Debtor. | DECLARATION OF MICHELLE HARTMANN IN SUPPORT OF THE DUGABOY INVESTMENT TRUST'S MOTION TO COMPEL FORENSIC IMAGING OF JAMES P. SEERY, JR.'S IPHONE |

**Declaration of Michelle Hartmann**

1.    I, Michelle Hartmann, under penalty of perjury pursuant to 28 U.S.C. § 1746, declare as follows:

2.    I am attorney and partner with the firm of Baker & McKenzie LLP, and counsel in this matter for various former Highland Capital Management LP employees, including Scott Ellington.

3.    I submit this declaration in support of The Dugaboy Investment Trust's Motion to Compel Forensic Imaging of James P. Seery Jr.'s iPhone (the "Motion").

4.    This declaration is based on my personal knowledge.

5.    Attached hereto as **Exhibit A** is a true and correct copy of a February 16, 2023



email from John A. Morris, counsel for James P. Seery, Jr. in his capacity as Chief Executive

Officer of HCMLP, to Michele Naudin, counsel for Scott Ellington in *Ellington v. Daugherty*,

Cause No. DC 22-00304 pending in the 101st Judicial District of Dallas, County, Texas.  The top

email in the chain was redacted for privilege.   I also am counsel for Mr. Ellington in the separate

proceeding of *Kirschner v. Dondero et al*., Adv. Pro. No. 21-03076 pending in the United States

Bankruptcy Court for the Northern District of Texas, and obtained Ms. Naudin's communication

with respect to our mutual client Mr. Ellington.

6.      Attached hereto as **Exhibit B** is a true and correct copy of a March 4, 2023 Letter

from me to Mr. Morris.

7.      Attached hereto as **Exhibit C** is a true and correct copy of a March 7, 2023 letter

from me to Mr. Morris and Robert Loigman, counsel for the Litigation Trustee for the Highland

Litigation Sub-Trust in *Kirschner v. Dondero et al.*, Adv. Proc. No. 21-03076-sgj (Bankr. N.D.

Tex.).

8.      Attached hereto as **Exhibit D** is a true and correct copy of a March 10, 2023 email

from Mr. Morris to me.

9.       I declare under penalty of perjury that the foregoing is true and correct.


Executed on May 19, 2023.

_____

Michelle Hartmann

2

# Exhibit A

| From: | Michele Naudin |
|---|---|
| To: | |
| Cc: | |
| Subject: | FW: Follow up from Friday"s call |
| Date: | Thursday, February 16, 2023 1:57:42 PM |
| Attachments: | image001.jpg |

**MICHELE NAUDIN | Attorney**
Lynn**Pinker**Hurst**Schwegmann**
Direct    214 292 3648
Mobile   469 705 2825
mnaudin@lynnllp.com

2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
**lynnllp.com**

The information contained in this communication is confiden ial, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Lynn Pinker Hurst & Schwegmann, LLP. Unau horized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail, and destroy this communication and all copies thereof, including all attachments.

**From:** John A. Morris <jmorris@pszjlaw.com>
**Sent:** Thursday, February 16, 2023 1:54 PM
**To:** Michele Naudin <mnaudin@lynnllp.com>
**Cc:** Hayley R. Winograd <hwinograd@pszjlaw.com>; Michael K. Hurst <MHurst@lynnllp.com>; Laura M. Garcia <lgarcia@weinsteinklein.com>
**Subject:** RE: Follow up from Friday's call

Michele:

The answers to your questions as follows:

1. Mr. Seery's iPhone is personal in nature.  While it is backed up to iCloud, that back-up does not contain deleted items, whether deleted manually or as part of an automatic setting.
2. The automatic text deletion setting is currently set at one year; texts that are manually or automatically deleted are not retrievable; and
3. We have provided all texts and screenshots that we could locate based on a reasonable search.  As I mentioned, we're glad that you had the screenshot of Goldsmith bringing documents to a storage facility because we both recalled that Jim sent that to me and I could

not locate it (and you can see from Jim's response that he told Daugherty to "knock it off"). As you know, our ability to locate documents is based on search terms.  If Jim forwarded a screen shot (or anything else) without comment (which is possible), I would only be able to find it by reviewing every email received from Jim – which, after three years of daily communications, we don't believe we are required to do.  To be as helpful as we can, I recall Jim sending several screenshots to me over the years including:  (a) the one of Goldsmith, (b) one of Scott speaking with someone in front of a house (which I think you sent), (c) one of Thomas Surgent's car (obviously sent in 2020). Jim does currently not have any of those pictures on his iPhone.   And obviously, as verified by the information produced, Jim never requested these unsolicited pictures or did anything with them (other than forward them to me).

To summarize what we also discussed:

1. Jim and I accepted service of the subpoenas despite the fact that service was improper;
2. We produced all responsive emails, pictures, and texts we located after conducting a reasonable search;
3. We immediately withdrew the objection that you challenged to make clear we were not hiding anything;
4. We've acknowledged receiving (or sharing) certain texts that you obtained elsewhere;
5. One of those texts clearly shows Jim's discomfort with the photo of Ms. Goldsmith;
6. My text with Dandeneau (Scott's lawyer for that purpose) during the remand hearing shows I was ready to "pounce" on Daugherty if he even suggested that he was working on behalf or at that direction of Jim or the Trust.

Please confirm that Jim and I have done all we need to do to comply the subpoena.  Otherwise, please let me know what questions remain.

Regards,

John

**John A. Morris**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 212.561.7760
Tel: 212.561.7700 | Fax: 212.561.7777
jmorris@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

App. 3034

**From:** Michele Naudin [mailto:mnaudin@lynnllp.com]
**Sent:** Monday, February 13, 2023 11:07 AM
**To:** John A. Morris <jmorris@pszjlaw.com>
**Cc:** Hayley R. Winograd <hwinograd@pszjlaw.com>; Michael K. Hurst <MHurst@lynnllp.com>; Laura M. Garcia <lgarcia@weinsteinklein.com>
**Subject:** Follow up from Friday's call

Mr. Morris,

As a follow up from Friday's call, we look forward to hearing from you this week as to (1) whether Seery's data backed up to the Cloud, (2) Seery's automatic deletion settings, if any and what the setting is, and (3) confirm that you could not locate another email for any other contemporaneous screenshots of Daugherty's texts sent to Seery, which you stated that Seery screenshotted and sent to you from time to time.

Thank you,


**MICHELE NAUDIN  |  Attorney**
**Lynn**Pinker**Hurst**Schwegmann
Direct      214 292 3648
Mobile    469 705 2825
mnaudin@lynnllp.com

2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
**lynnllp.com**

# Exhibit B



**Baker & McKenzie LLP**

900 North Pearl Street, Suite 1500
Dallas, Texas 75201
United States

Tel: +1 214 978 3000
Fax: +1 214 978 3099
www.bakermckenzie.com

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East
& Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Munich
Paris
Prague
Riyadh*
Rome
Stockholm
Vienna
Warsaw
Zurich

**The Americas**
Bogota
Brasilia**
Buenos Aires
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Lima
Los Angeles
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre**
Rio de Janeiro**
San Francisco
Santiago
Sao Paulo**
Tijuana
Toronto
Washington, DC

\* Associated Firm
\*\* In cooperation with
Trench, Rossi e Watanabe
Advogados

March 04, 2023

John Morris, Esq.
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
34th Floor
New York, NY 10017-2024

**By email**
jmorris@pszjlaw.com

Re: *Kirschner v. Dondero, et al.*, Adv. Pro. No. 21-03076-sgj

Dear John:

I write on behalf of Scott Ellington and Isaac Leventon (collectively "***Defendants***") in the above-referenced matter. It recently has come to my attention that Highland Capital Management, L.P.'s ("***HCMLP***") President, Mr. James P. Seery, Jr., has been deleting text messages on his personal iPhone (the "***Phone***"). Via email communication in another matter, attached herein for reference, you stated:

1.  Mr. Seery's iPhone is personal in nature. While it is backed up to iCloud, that back-up does not contain deleted items, whether deleted manually or as part of an automatic setting.

2.  The automatic text deletion setting is currently set at one year; texts that are manually or automatically deleted are not retrievable.

From your statements, it appears that Mr. Seery has been deleting text messages on his Phone via a rolling, automatic deletion setting (the "***Deletion Setting***").

With respect to an iPhone, "you can choose to automatically delete your iMessages from your device after 30 days or a year, or to keep them on your device forever. For your convenience, iMessages are backed up in iCloud and encrypted if you have enabled either iCloud Backup or Messages in iCloud."[1] Accordingly, it appears that Mr. Seery would have had to manually change the settings on his Phone to set text messages to delete automatically after a year.

---

[1] https://www.apple.com/legal/privacy/data/en/messages/#:~:text=You%20can%20choose%20to%20automatically, Backup%20or%20Messages%20in%20iCloud.

Baker & McKenzie LLP is a member of Baker & McKenzie International.

Defendants know that Mr. Seery used his text messages for HCMLP's business purposes because Defendants themselves have seen such messages. Accordingly, Defendants hereby request that you: (1) take action to suspend the Deletion Setting, and (2) instruct Mr. Seery to take all steps necessary to preserve all physical and electronic documents and ESI in his possession, custody, or control that relate to the above-referenced matter, including without limitation, ensuring that potentially relevant documents are preserved intact and are not destroyed, altered, modified, or deleted. In particular, Mr. Seery must immediately suspend any document retention or destruction policies.

In addition, Defendants demand the following information regarding the Deletion Setting:

1. Is the Deletion Setting still enabled on the Phone as of your receipt of this correspondence? If not, when was it disabled?

2. When did Mr. Seery enable the Deletion Setting?

3. When did HCMLP's counsel first become aware of the Deletion Setting on the Phone?

4. What instructions, if any, were given by counsel to Mr. Seery to preserve documents that might be relevant to on-going or anticipated litigation? When were such instructions issued? Which counsel issued such instructions?

5. Prior to the date of this correspondence, was counsel to the Litigation Trustee informed of the Deletion Setting?

6. Has Mr. Seery replaced his Phone since he joined HCMLP's board on or about January 9, 2020? If so, what happened to the old phone and/or the data on the old phone?

7. Has counsel for HCMLP or for the Litigation Trustee taken any steps to ensure that other identified witnesses under their control do not have a similar Deletion Setting on their personal mobile devices? If so, please inform us of what steps were taken, when those steps were taken, by which counsel, and with respect to which potential witnesses.

Upon receipt of this correspondence, please immediately confirm the suspension of the Deletion Setting on Mr. Seery's Phone. Please respond to the remaining inquiries promptly so that we may take the appropriate next steps with respect to this matter.

Finally, we understand that the parties are discussing a potential standstill of various proceedings, including of the above-referenced matter. However, given the spoliation issues presented above, we found it necessary to promptly send this letter. We do not anticipate that this issue will or should hinder any standstill agreement being reached amongst the parties.

Best regards,

Michelle Hartmann
Partner
michelle.hartmann@bakermckenzie.com

3

App. 3039

| | |
|---|---|
| **From:** | Michele Naudin |
| **To:** | ▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| **Cc:** | |
| **Subject:** | FW: Follow up from Friday"s call |
| **Date:** | Thursday, February 16, 2023 1:57:42 PM |
| **Attachments:** | image001.jpg |

**MICHELE NAUDIN | Attorney**
**LynnPinkerHurstSchwegmann**
Direct    214 292 3648
Mobile   469 705 2825
mnaudin@lynnllp.com

2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
**lynnllp.com**

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Lynn Pinker Hurst & Schwegmann, LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail, and destroy this communication and all copies thereof, including all attachments.

**From:** John A. Morris <jmorris@pszjlaw.com>
**Sent:** Thursday, February 16, 2023 1:54 PM
**To:** Michele Naudin <mnaudin@lynnllp.com>
**Cc:** Hayley R. Winograd <hwinograd@pszjlaw.com>; Michael K. Hurst <MHurst@lynnllp.com>; Laura M. Garcia <lgarcia@weinsteinklein.com>
**Subject:** RE: Follow up from Friday's call

Michele:

The answers to your questions as follows:

1. Mr. Seery's iPhone is personal in nature.  While it is backed up to iCloud, that back-up does not contain deleted items, whether deleted manually or as part of an automatic setting.
2. The automatic text deletion setting is currently set at one year; texts that are manually or automatically deleted are not retrievable; and
3. We have provided all texts and screenshots that we could locate based on a reasonable search.  As I mentioned, we're glad that you had the screenshot of Goldsmith bringing documents to a storage facility because we both recalled that Jim sent that to me and I could

not locate it (and you can see from Jim's response that he told Daugherty to "knock it off"). As you know, our ability to locate documents is based on search terms.  If Jim forwarded a screen shot (or anything else) without comment (which is possible), I would only be able to find it by reviewing every email received from Jim – which, after three years of daily communications, we don't believe we are required to do.  To be as helpful as we can, I recall Jim sending several screenshots to me over the years including: (a) the one of Goldsmith, (b) one of Scott speaking with someone in front of a house (which I think you sent), (c) one of Thomas Surgent's car (obviously sent in 2020). Jim does currently not have any of those pictures on his iPhone.   And obviously, as verified by the information produced, Jim never requested these unsolicited pictures or did anything with them (other than forward them to me).

To summarize what we also discussed:

1. Jim and I accepted service of the subpoenas despite the fact that service was improper;
2. We produced all responsive emails, pictures, and texts we located after conducting a reasonable search;
3. We immediately withdrew the objection that you challenged to make clear we were not hiding anything;
4. We've acknowledged receiving (or sharing) certain texts that you obtained elsewhere;
5. One of those texts clearly shows Jim's discomfort with the photo of Ms. Goldsmith;
6. My text with Dandeneau (Scott's lawyer for that purpose) during the remand hearing shows I was ready to "pounce" on Daugherty if he even suggested that he was working on behalf or at that direction of Jim or the Trust.

Please confirm that Jim and I have done all we need to do to comply the subpoena.  Otherwise, please let me know what questions remain.

Regards,

John

**John A. Morris**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 212.561.7760
Tel: 212.561.7700 | Fax: 212.561.7777
jmorris@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

App. 3041

**From:** Michele Naudin [mailto:mnaudin@lynnllp.com]
**Sent:** Monday, February 13, 2023 11:07 AM
**To:** John A. Morris <jmorris@pszjlaw.com>
**Cc:** Hayley R. Winograd <hwinograd@pszjlaw.com>; Michael K. Hurst <MHurst@lynnllp.com>; Laura M. Garcia <lgarcia@weinsteinklein.com>
**Subject:** Follow up from Friday's call

Mr. Morris,

As a follow up from Friday's call, we look forward to hearing from you this week as to (1) whether Seery's data backed up to the Cloud, (2) Seery's automatic deletion settings, if any and what the setting is, and (3) confirm that you could not locate another email for any other contemporaneous screenshots of Daugherty's texts sent to Seery, which you stated that Seery screenshotted and sent to you from time to time.

Thank you,


**MICHELE NAUDIN  |  Attorney**
**Lynn**Pinker**Hurst**Schwegmann
Direct      214 292 3648
Mobile    469 705 2825
mnaudin@lynnllp.com

2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
**lynnllp.com**

# Exhibit C

# Baker McKenzie.

**Baker & McKenzie LLP**

900 North Pearl Street, Suite 1500
Dallas, Texas 75201
United States

Tel: +1 214 978 3000
Fax: +1 214 978 3099
www.bakermckenzie.com

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East
& Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Munich
Paris
Prague
Riyadh*
Rome
Stockholm
Vienna
Warsaw
Zurich

**The Americas**
Bogota
Brasilia**
Buenos Aires
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Lima
Los Angeles
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre**
Rio de Janeiro**
San Francisco
Santiago
Sao Paulo**
Tijuana
Toronto
Washington, DC

* Associated Firm
** In cooperation with
Trench, Rossi e Watanabe
Advogados

March 07, 2023

Robert S. Loigman
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

**By email**
robertloigman@quinnemanuel.com

John Morris, Esq.
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
34th Floor
New York, NY 10017-2024

**By email**
jmorris@pszjlaw.com

Re: *Kirschner v. Dondero, et al.*, Adv. Pro. No. 21-03076-sgj

Dear Robert:

I am writing in response to your correspondence of March 7, 2023 ("*Trustee Correspondence*") regarding my March 4, 2023 letter to John Morris of Pachsulski, Stang, Ziehl, & Jones, Debtor's counsel and counsel for Mr. Seery, regarding Mr. Seery's apparent on-going destruction of potentially relevant documents ("*Defendants' Correspondence*"). While I would appreciate clarification of the respective responsibility being assumed by Pachulski and Quinn Emanuel regarding the Deletion Setting, I will nonetheless include both firms in all future correspondence regarding this matter.

As a preliminary matter, I find it disturbing that John Morris had time to consult with you on this matter and you had the time to write me, but neither of you have taken the time to confirm that the on-going destruction of potentially responsive evidence is stopped.[1] Therefore, please confirm that Mr. Seery has suspended the Deletion Setting and has been instructed to otherwise preserve potentially relevant documents in his possession, custody, or control. If you are refusing to put a stop to the apparent on-going destruction of documents, please let me know as soon as possible so that we may determine the next appropriate steps.

With respect to Defendants' Correspondence, that the Highland Litigation Sub-Trust (the "*Trustee*") has taken interest in Mr. Seery's Deletion Setting answers the question of whether the Trustee is aware of the Deletion Setting, however, please clarify when the Trustee became

---

[1] There is no reasonable dispute that Mr. Seery's text messages should have been preserved as electronically stored information potentially relevant to the on-going matters. In his correspondence dated March 31, 2021 to my clients, John Morris specifically identifies that the parties must preserve all documents, including "text messages" and that my clients should "immediately suspend any document retention/destruction policies…that could result in the destruction or deletion of any potentially relevant documents in its possession, custody, or control." *See* the letters attached.

Baker & McKenzie LLP is a member of Baker & McKenzie International.

aware of the Deletion Setting. Additionally, please provide substantive answers to the remaining inquiries from Defendants' Correspondence.

With respect to the balance of your letter, you raise several points, including that (a) neither side has committed yet to production of text messages, (b) certain defendants allegedly rendered collection of their text messages impossible, and (c) the Trustee has produced millions of pages of documents and the Defendants very few. I am not aware of any case law that would consider any of these facts as justifications for, much less relevant to, a party principal's *currently on-going deletion of potentially relevant documents*. We can continue discussions regarding what should be produced in this matter, but regardless, Mr. Seery cannot continue to destroy potentially relevant evidence.

I am copying John on this correspondence as he is Mr. Seery's counsel and still has not responded to the Defendants' Correspondence. While it is unclear to me which of the various firms advising Mr. Seery have assumed responsibility for his on-going Deletion Setting, you all collectively are responsible for stopping the deletion pending a final determination of what should and will be produced in the various on-going matters. I expect that you will comply with this duty to prevent further destruction of evidence.

Best regards,

Michelle Hartmann
Partner
michelle.hartmann@bakermckenzie.com

2



## PACHULSKI
## STANG
## ZIEHL
## JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

NEW YORK, NY
LOS ANGELES, CA
COSTA MESA, CA
SAN FRANCISCO, CA
WILMINGTON, DE

780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE: 212/561 7700**

FACSIMILE: 212/561 7777

**LOS ANGELES**

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

**TELEPHONE: 310/277 6910**

FACSIMILE: 310/201 0760

**COSTA MESA**

650 TOWNE CENTER DRIVE
SUITE 1500
COSTA MESA
CALIFORNIA 92626

**TELEPHONE: 714/384 4750**

FACSIMILE: 714/384 4751

**SAN FRANCISCO**

150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

**TELEPHONE: 415/263 7000**

FACSIMILE: 415/263 7010

**DELAWARE**

919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE: 302/652 4100**

FACSIMILE: 302/652 4400

WEB: www.pszjlaw.com

John A. Morris

March 31, 2021

212.561.7700
jmorris@pszjlaw.com

**Via Federal Express**

Scott Ellington
3100 Independence Parkway
Suite 311
Plano, Texas 75075

The Ritz-Carlton, Dallas
2525 N. Pearl St.
Unit 1201
Dallas, TX 75201

Re:    *In re Highland Capital Management, L.P.*, Case No.
         19-34054-sgj11 (Bankr. N.D. Tex.)

Dear Mr. Ellington:

We are counsel to Highland Capital Management, L.P. ("HCMLP"),
the debtor in the above captioned Chapter 11 case (the "Bankruptcy
Case"). The purpose of this document preservation notice (this
"Notice") is to notify you of your obligation to preserve documents
and information relating in any way to the matters referenced herein.

UBS Securities LLC and UBS AG London Branch (together, "UBS")
has recently commenced an adversary proceeding against HCMLP
(the "Adversary Case") in connection with the Bankruptcy Case. In
the Adversary Case, UBS has alleged that HCMLP, acting through
and at the direction of James Dondero and other former employees of
HCMLP, fraudulently transferred hundreds of millions of dollars of
assets (the "Transferred Assets") away from Highland CDO
Opportunity Master Fund, L.P. ("CDO Fund") and Highland Special
Opportunities Holding Company ("SOHC," and together with CDO
Fund, the "Funds") and affiliated entities—in anticipation of a
judgment that UBS obtained against the Funds in the UBS

DOCS_NY:42746.1 36027/002

App. 3046



PACHULSKI
STANG
ZIEHL
JONES

L A W   O F F I C E S

The Ritz-Carlton, Dallas
March 31, 2021
Page 2

Litigation[1]—to Sentinel Reinsurance, Ltd. ("Sentinel," and together with its affiliates, the "Sentinel Entities"), a Cayman Islands entity that Mr. Dondero and Scott Ellington owned and controlled.

UBS further alleges that certain of these assets were fraudulently transferred to Sentinel pursuant to a purported purchase agreement (the "Purchase Agreement"), dated as of August 7, 2017, purportedly to satisfy the premium on a legal liability insurance policy issued by Sentinel (the "Insurance Policy"), which policy was supposedly intended to insure the Funds against an adverse judgment in the UBS Litigation. Among the assets that were purportedly transferred to Sentinel are (i) an interest in Multi-Strat that was ostensibly redeemed in November 2019 (the "Sentinel Redemption") and (ii) assets held by CDO Fund related to Greenbriar CLO Ltd., Greenbriar CLO Corp., Aberdeen Loan Funding Ltd., Eastland CLO Ltd., Grayson CLO Ltd., Valhalla CLO Ltd., and Governance Re, Ltd., including cash payments related to those assets.

HCMLP will seek discovery from various parties and third parties in connection with the Adversary Case and any other legal actions that may be commenced relating to the subject matter of this Notice, potentially including from you. You are receiving this preservation demand because we believe that you have documents or other materials related to the matters referenced herein. Applicable law and the rules of discovery require the immediate preservation of all documents and electronically stored information in your possession, custody, or control that relate in any way to these matters.

Pursuant to the Notice, HCMLP demands that you retain all documents, communications (including e-mails and text messages), and other materials in its possession, custody, or control (including such documents and materials in the possession or custody of your representatives, agents, employees, subsidiaries, or affiliates) that relate, directly or indirectly, to the subject matter of this Notice, including, *but not limited to*, any of the following:

---

[1] "UBS Litigation" refers to the action commenced by UBS in the Supreme Court of the State of New York against HCMLP, the Funds, and Highland Credit Opportunities CDO, L.P. (n/k/a Highland Multi Strategy Credit Fund, L.P.) ("Multi-Strat"), among other defendants, and which has been consolidated in the action captioned *UBS Securities LLC et al. v. Highland Capital Management, L.P. et al.*, No. 650097/2009 (N.Y. Sup. Ct.).



PACHULSKI
STANG
ZIEHL
JONES

L A W   O F F I C E S

The Ritz-Carlton, Dallas
March 31, 2021
Page 3

- The Bankruptcy Case;

- The Adversary Case and any future claims or actions that may be brought relating to the subject matter of this Notice;

- UBS or the UBS Litigation, including without limitation any actual or potential judgments entered therein;

- The Sentinel Entities, including without limitation Sentinel Reinsurance, Ltd., Sentinel Holdings, Ltd., and SS Holdings, Ltd., and all predecessors, successors, directors, officers, employees, representatives, and agents of the Sentinel Entities;

- The Insurance Policy, including without limitation any claims made on the Insurance Policy, and all related documents and agreements;

- The Purchase Agreement and all related documents and agreements;

- All assets actually or potentially transferred from HCMLP, the Funds, or any affiliated entities to the Sentinel Entities, including without limitation the value of all such assets;

- All documents and agreements relating to any accounts in which such assets are or have been transferred, deposited, or held;

- All documents and agreements reflecting any actual or potential transfer of assets from HCMLP, the Funds, or any affiliated entities to the Sentinel Entities;

- All actual or potential interests that any Sentinel Entities have had or purport to have in Multi-Strat, including without limitation any redemption interests, partnership interests, or other economic interests; and

App. 3048



PACHULSKI
STANG
ZIEHL
JONES

L A W   O F F I C E S

The Ritz-Carlton, Dallas
March 31, 2021
Page 4

- All documents and agreements relating to any subsequent transfers by the Sentinel Entities of any assets received from HCMLP, the Funds, or any affiliated entities.

For the avoidance of doubt, the foregoing topics are not intended to be exhaustive; you must retain all documents and other materials that relate in any way to the subject matter of this Notice. The terms "related to" or "relating to" should be construed as broadly as possible, and any doubts concerning the potential relevance of a document should be resolved in favor of preservation.

For purposes of this Notice, the term "documents" should be construed broadly to encompass all manner of communication and information, whether or not in physical or electronic form, and shall have the broadest meaning allowable under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure. "Documents" expressly include, without limitation, all of the following:

- Hard copy documents, including without limitation writings (whether typed or printed, or in final or draft form), printouts, calendars, handwritten notes, notebooks, sketches, photographs, drawings, photographs, and other tangible objects; and

- Electronic files and electronically stored information ("ESI"), including without limitation emails and attachments, text messages, chat messages, instant messages, electronic calendars, schedules, social media content and communications, video or sound recordings, pictures, presentations (e.g., PowerPoint), spreadsheets, PDFs, word processing documents, presentations, voicemails, diagrams, images, databases, servers, metadata, and other electronic information, whether stored or maintained on a laptop, desktop computer, hard drive, server, network, legacy system, flash drive, internal or external hard drive, shared drive, CD, CD-ROM, DVD, PDA, tablet, iPad, iPhone, smartphone, Blackberry, computer log, or other removable media or storage device. This also includes potentially relevant documents and information stored on products HCMLP does not own,

App. 3049



The Ritz-Carlton, Dallas
March 31, 2021
Page 5

such as the personal laptops or home computers of its employees, subsidiaries, or affiliates.

You must take all steps necessary to preserve all physical and electronic documents and ESI in its possession, custody, or control that relate to the subject matter of this Notice, including without limitation ensuring that potentially relevant documents are preserved intact and are not destroyed, altered, modified, or deleted. In particular, you must immediately suspend any document retention/destruction policies, including any backup tape recycling policies, that could result in the destruction or deletion of any potentially relevant documents in its possession, custody, or control, and must retain all software, hardware, or other information required to access or view potentially relevant ESI. Failure to take such actions may subject you to sanctions.

This preservation demand is continuing in nature and requires your preservation of potentially relevant documents and materials that come into its possession, custody, or control after the date of this Notice.

Please acknowledge receipt of this Notice and promptly confirm that you will comply with this preservation demand.

Very truly yours,

/s/ John A. Morris

John A. Morris

cc:     Debra Dandeneau
        Michelle Hartman
        James P. Seery, Jr.

PACHULSKI

STANG

ZIEHL

JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

N E W   Y O R K ,   N Y
L O S   A N G E L E S ,   C A
C O S T A   M E S A ,   C A
S A N   F R A N C I S C O ,   C A
W I L M I N G T O N ,   D E

780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE: 212/561 7700**

FACSIMILE: 212/561 7777

**LOS ANGELES**

10100 SANTA MONICA BLVD.

13th FLOOR

LOS ANGELES

CALIFORNIA 90067

**TELEPHONE: 310/277 6910**

FACSIMILE: 310/201 0760

**COSTA MESA**

650 TOWNE CENTER DRIVE

SUITE 1500

COSTA MESA

CALIFORNIA 92626

**TELEPHONE: 714/384 4750**

FACSIMILE: 714/384 4751

**SAN FRANCISCO**

150 CALIFORNIA STREET

15th FLOOR

SAN FRANCISCO

CALIFORNIA 94111-4500

**TELEPHONE: 415/263 7000**

FACSIMILE: 415/263 7010

**DELAWARE**

919 NORTH MARKET STREET

17th FLOOR

P.O. BOX 8705

WILMINGTON

DELAWARE 19899-8705

**TELEPHONE: 302/652 4100**

FACSIMILE: 302/652 4400

WEB: www.pszjlaw.com

John A. Morris

March 31, 2021

212.561.7700
jmorris@pszjlaw.com

**Via Federal Express**

Isaac Leventon
409 Pleasant Valley Lane
Richardson, TX 75080

Re:    *In re Highland Capital Management, L.P.*, Case No.
       19-34054-sgj11 (Bankr. N.D. Tex.)

Dear Mr. Leventon:

We are counsel to Highland Capital Management, L.P. ("HCMLP"),
the debtor in the above captioned Chapter 11 case (the "Bankruptcy
Case"). The purpose of this document preservation notice (this
"Notice") is to notify you of your obligation to preserve documents
and information relating in any way to the matters referenced herein.

UBS Securities LLC and UBS AG London Branch (together, "UBS")
has recently commenced an adversary proceeding against HCMLP
(the "Adversary Case") in connection with the Bankruptcy Case. In
the Adversary Case, UBS has alleged that HCMLP, acting through
and at the direction of James Dondero and other former employees of
HCMLP, fraudulently transferred hundreds of millions of dollars of
assets (the "Transferred Assets") away from Highland CDO
Opportunity Master Fund, L.P. ("CDO Fund") and Highland Special
Opportunities Holding Company ("SOHC," and together with CDO
Fund, the "Funds") and affiliated entities—in anticipation of a
judgment that UBS obtained against the Funds in the UBS
Litigation[1]—to Sentinel Reinsurance, Ltd. ("Sentinel," and together

---

[1] "UBS Litigation" refers to the action commenced by UBS in the Supreme Court
of the State of New York against HCMLP, the Funds, and Highland Credit
Opportunities CDO, L.P. (n/k/a Highland Multi Strategy Credit Fund, L.P.)
("Multi-Strat"), among other defendants, and which has been consolidated in the
action captioned *UBS Securities LLC et al. v. Highland Capital Management, L.P.
et al.*, No. 650097/2009 (N.Y. Sup. Ct.).

App. 3051



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES

Isaac Leventon
March 31, 2021
Page 2

with its affiliates, the "Sentinel Entities"), a Cayman Islands entity that Mr. Dondero and Scott Ellington owned and controlled.

UBS further alleges that certain of these assets were fraudulently transferred to Sentinel pursuant to a purported purchase agreement (the "Purchase Agreement"), dated as of August 7, 2017, purportedly to satisfy the premium on a legal liability insurance policy issued by Sentinel (the "Insurance Policy"), which policy was supposedly intended to insure the Funds against an adverse judgment in the UBS Litigation. Among the assets that were purportedly transferred to Sentinel are (i) an interest in Multi-Strat that was ostensibly redeemed in November 2019 (the "Sentinel Redemption") and (ii) assets held by CDO Fund related to Greenbriar CLO Ltd., Greenbriar CLO Corp., Aberdeen Loan Funding Ltd., Eastland CLO Ltd., Grayson CLO Ltd., Valhalla CLO Ltd., and Governance Re, Ltd., including cash payments related to those assets.

HCMLP will seek discovery from various parties and third parties in connection with the Adversary Case and any other legal actions that may be commenced relating to the subject matter of this Notice, potentially including from you. You are receiving this preservation demand because we believe that you have documents or other materials related to the matters referenced herein. Applicable law and the rules of discovery require the immediate preservation of all documents and electronically stored information in your possession, custody, or control that relate in any way to these matters.

Pursuant to the Notice, HCMLP demands that you retain all documents, communications (including e-mails and text messages), and other materials in its possession, custody, or control (including such documents and materials in the possession or custody of your representatives, agents, employees, subsidiaries, or affiliates) that relate, directly or indirectly, to the subject matter of this Notice, including, *but not limited to*, any of the following:

- The Bankruptcy Case;

- The Adversary Case and any future claims or actions that may be brought relating to the subject matter of this Notice;

App. 3052



Isaac Leventon
March 31, 2021
Page 3

- UBS or the UBS Litigation, including without limitation any actual or potential judgments entered therein;

- The Sentinel Entities, including without limitation Sentinel Reinsurance, Ltd., Sentinel Holdings, Ltd., and SS Holdings, Ltd., and all predecessors, successors, directors, officers, employees, representatives, and agents of the Sentinel Entities;

- The Insurance Policy, including without limitation any claims made on the Insurance Policy, and all related documents and agreements;

- The Purchase Agreement and all related documents and agreements;

- All assets actually or potentially transferred from HCMLP, the Funds, or any affiliated entities to the Sentinel Entities, including without limitation the value of all such assets;

- All documents and agreements relating to any accounts in which such assets are or have been transferred, deposited, or held;

- All documents and agreements reflecting any actual or potential transfer of assets from HCMLP, the Funds, or any affiliated entities to the Sentinel Entities;

- All actual or potential interests that any Sentinel Entities have had or purport to have in Multi-Strat, including without limitation any redemption interests, partnership interests, or other economic interests; and

- All documents and agreements relating to any subsequent transfers by the Sentinel Entities of any assets received from HCMLP, the Funds, or any affiliated entities.

For the avoidance of doubt, the foregoing topics are not intended to be exhaustive; you must retain all documents and other materials that

App. 3053



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES

Isaac Leventon
March 31, 2021
Page 4

relate in any way to the subject matter of this Notice. The terms "related to" or "relating to" should be construed as broadly as possible, and any doubts concerning the potential relevance of a document should be resolved in favor of preservation.

For purposes of this Notice, the term "documents" should be construed broadly to encompass all manner of communication and information, whether or not in physical or electronic form, and shall have the broadest meaning allowable under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure. "Documents" expressly include, without limitation, all of the following:

- Hard copy documents, including without limitation writings (whether typed or printed, or in final or draft form), printouts, calendars, handwritten notes, notebooks, sketches, photographs, drawings, photographs, and other tangible objects; and

- Electronic files and electronically stored information ("ESI"), including without limitation emails and attachments, text messages, chat messages, instant messages, electronic calendars, schedules, social media content and communications, video or sound recordings, pictures, presentations (e.g., PowerPoint), spreadsheets, PDFs, word processing documents, presentations, voicemails, diagrams, images, databases, servers, metadata, and other electronic information, whether stored or maintained on a laptop, desktop computer, hard drive, server, network, legacy system, flash drive, internal or external hard drive, shared drive, CD, CD-ROM, DVD, PDA, tablet, iPad, iPhone, smartphone, Blackberry, computer log, or other removable media or storage device. This also includes potentially relevant documents and information stored on products HCMLP does not own, such as the personal laptops or home computers of its employees, subsidiaries, or affiliates.

You must take all steps necessary to preserve all physical and electronic documents and ESI in its possession, custody, or control that relate to the subject matter of this Notice, including without limitation ensuring that potentially relevant documents are preserved

App. 3054



Isaac Leventon
March 31, 2021
Page 5

intact and are not destroyed, altered, modified, or deleted. In particular, you must immediately suspend any document retention/destruction policies, including any backup tape recycling policies, that could result in the destruction or deletion of any potentially relevant documents in its possession, custody, or control, and must retain all software, hardware, or other information required to access or view potentially relevant ESI. Failure to take such actions may subject you to sanctions.

This preservation demand is continuing in nature and requires your preservation of potentially relevant documents and materials that come into its possession, custody, or control after the date of this Notice.

Please acknowledge receipt of this Notice and promptly confirm that you will comply with this preservation demand.

Sincerely,

/s/ John A. Morris

John A. Morris

cc:     Debra Dandeneau
        Michelle Hartman
        James P. Seery, Jr.

App. 3055

# Exhibit D

| | |
|---|---|
| **From:** | <u>Giles, Courtney</u> |
| **Cc:** | <u>Hartmann, Michelle</u>; <u>Cahn, Blaire</u>; <u>Zimmerman, Laura</u> |
| **Subject:** | FW: Kirschner v. Dondero et al.: Letter re text messages |
| **Date:** | Friday, March 10, 2023 3:26:41 PM |
| **Attachments:** | <u>image001.png</u> |



███████████████████████████████████████████

Thanks,

**Courtney Giles**
Associate, Litigation
Baker & McKenzie LLP
700 Louisiana, Suite 3000
Houston, TX 77002
United States
Tel: +1 713 427 5000
Direct: +1 713 427 5086
Fax: +1 713 427 5099
<u>courtney.giles@bakermckenzie.com</u>



<u>bakermckenzie.com</u> | <u>Facebook</u> | <u>LinkedIn</u> | <u>Twitter</u>

**From:** John A. Morris <jmorris@pszjlaw.com>
**Sent:** Friday, March 10, 2023 3:20 PM
**To:** Hartmann, Michelle <Michelle.Hartmann@bakermckenzie.com>
**Cc:** Jeff Pomerantz <jpomerantz@pszjlaw.com>; Gregory V. Demo <GDemo@pszjlaw.com>; Hayley R. Winograd <hwinograd@pszjlaw.com>; 'Robert Loigman' <robertloigman@quinnemanuel.com>; 'Aaron Lawrence' <aaronlawrence@quinnemanuel.com>; Giles, Courtney <Courtney.Giles@bakermckenzie.com>
**Subject:** [EXTERNAL] Kirschner v. Dondero et al.: Letter re text messages

Michelle:

As you know, Mr. Seery is (among other things) the CEO of our client, Highland Capital Management, L.P., and we represent him in that capacity, not in his personal, individual capacity.

In response to the communication, please be advised that Mr. Seery recently suspended his deletion setting; separately, all potentially relevant documents in his possession, custody, and control have been preserved.

Regards,

John

**John A. Morris**

Pachulski Stang Ziehl & Jones LLP
Direct Dial: 212.561.7760
Tel: 212.561.7700 | Fax: 212.561.7777
jmorris@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

**From:** Giles, Courtney [mailto:Courtney.Giles@bakermckenzie.com]
**Sent:** Tuesday, March 7, 2023 10:05 PM
**To:** robertloigman@quinnemanuel.com; Aaron Lawrence <aaronlawrence@quinnemanuel.com>;
Hartmann, Michelle <Michelle.Hartmann@bakermckenzie.com>
**Cc:** Dandeneau, Debra A. <Debra.Dandeneau@bakermckenzie.com>; qe-highland <qe-highland@quinnemanuel.com>; Jeff Pomerantz <jpomerantz@pszjlaw.com>; John A. Morris <jmorris@pszjlaw.com>; Gregory V. Demo <GDemo@pszjlaw.com>; Hayley R. Winograd <hwinograd@pszjlaw.com>
**Subject:** RE: Kirschner v. Dondero et al.: Letter re text messages

Counsel,

Please see the attached correspondence.

Best regards,

**Courtney Giles**
Associate, Litigation
Baker & McKenzie LLP
700 Louisiana, Suite 3000
Houston, TX 77002
United States
Tel: +1 713 427 5000
Direct: +1 713 427 5086
Fax: +1 713 427 5099
courtney.giles@bakermckenzie.com



bakermckenzie.com | Facebook | LinkedIn | Twitter

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.

**From:** Aaron Lawrence <aaronlawrence@quinnemanuel.com>

**Sent:** Tuesday, March 7, 2023 2:08 PM
**To:** Hartmann, Michelle <Michelle.Hartmann@bakermckenzie.com>
**Cc:** Giles, Courtney <Courtney.Giles@bakermckenzie.com>; Dandeneau, Debra A.
<Debra.Dandeneau@bakermckenzie.com>; qe-highland <qe-highland@quinnemanuel.com>;
'jpomerantz@pszjlaw.com' <jpomerantz@pszjlaw.com>; John A. Morris <jmorris@pszjlaw.com>;
Gregory V. Demo <GDemo@pszjlaw.com>; Hayley R. Winograd <hwinograd@pszjlaw.com>
**Subject:** [EXTERNAL] Kirschner v. Dondero et al.: Letter re text messages


Michelle,


Please see the attached correspondence.


Best,


**Aaron Lawrence**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

51 Madison Avenue, 22nd Floor
New York, NY 10010
Direct
212-849-7000 Main Office Number
212-849-7100 FAX
aaronlawrence@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.