**Appendix Exhibit 140**

Docket #3851  Date Filed: 06/16/2023

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (TX Bar No. 24044908)
MHayward@HaywardFirm.com
Zachery Z. Annable (TX Bar No. 24053075)
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) |
| | ) Case No. 19-34054-sgj11 |
| Reorganized Debtor. | ) |
| | ) |
| | ) |

### HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR (A) BAD FAITH FINDING AND (B) ATTORNEYS' FEES AGAINST NEXPOINT REAL ESTATE PARTNERS LLC (F/K/A HCRE PARTNERS, LLC) IN CONNECTION WITH PROOF OF CLAIM 146

Highland Capital Management, L.P. ("Highland"), the reorganized debtor in the above-

captioned bankruptcy case, by and through its undersigned counsel, hereby files this *Motion for*

*(A) Bad Faith Finding and (B) Attorneys' Fees Against NexPoint Real Estate Partners, LLC (f/k/a*

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

DOCS_NY:47632.10 36027/003



1934054230616000000000003

*HCRE Partners LLC) in Connection with Proof of Claim 146* (the "Motion") against NexPoint

Real Estate Partners, LLC f/k/a HCRE Partners, LLC ("HCRE" and together with Highland, the

"Parties").  In support of its Motion, Highland states as follows:

## I.    PRELIMINARY STATEMENT[2]

1.    After two years of litigation—including two separate rounds of discovery

sandwiched around a motion to disqualify HCRE's counsel and a full evidentiary hearing—the

Court issued an order sustaining Highland's Objection to HCRE's Proof of Claim and denying

*without prejudice* Highland's request for a bad faith finding and an award of attorneys' fees.

2.    By this Motion, Highland renews its request for a bad faith finding and for

an award of attorneys' fees on the ground that HCRE—and its principals, Messrs. Dondero and

McGraner—lacked a good faith basis to file and prosecute its Proof of Claim.  As described more

fully below, the Motion is based on the following indisputable facts adduced during the Trial:

- Mr. Dondero signed the Proof of Claim on behalf of HCRE under penalty of perjury without a reasonable basis to believe the Proof of Claim was "true and correct," as required by law; and

- The Amended LLC Agreement accurately and unambiguously reflected the parties' intent such that no factual or legal basis existed to support HCRE's contentions that the Amended LLC Agreement "improperly allocate[d] the ownership percentages of the members thereto due to mutual mistake, lack of consideration, and/or failure of consideration," or its "claim to reform, rescind and/or modify" the Amended LLC Agreement.

3.    This entire proceeding was a complete waste of judicial resources and of

the Claimant Trust's assets; the relief sought therefore constitutes reasonable and appropriate

remedies.  Moreover, a bad faith finding and an award of attorneys' fees and related expenses in

---

[2] Capitalized terms not defined in this Preliminary Statement shall have the meanings ascribed to them below.

DOCS_NY:47632.10 36027/003

the aggregate amount of $825,940.55 should be imposed to (hopefully) deter Mr. Dondero and his

affiliated entities and lawyers from filing further frivolous claims and pursuing meritless litigation.

## II.    RELEVANT BACKGROUND

### A.    HCRE Files the Proof of Claim, Highland Objects, and a Contested Matter Is Initiated

4.    On April 8, 2020, James Dondero ("Mr. Dondero") signed and caused

HCRE to file a proof of claim that was denoted by Highland's claims agent as proof of claim

number 146 (the "Proof of Claim"). Morris Dec. Ex. A (at Ex. A).[3] In its Proof of Claim, HCRE

asserted, among other things, that:

> [HCRE] may be entitled to distributions out of SE Multifamily, but such
> distributions have not been made because of the actions or inactions of the
> Debtor.[4] Additionally, [HCRE] contends that all or a portion of Debtor's equity,
> ownership, economic rights, equitable or beneficial interests in SE Multifamily
> does [not] belong to the Debtor or may be the property of [HCRE]. Accordingly,
> Claimant may have a claim against the Debtor. Claimant has requested information
> from the Debtor to ascertain the exact amount of its claim. This process is on-going.
> Additionally, this process has been delayed due to the outbreak of the Coronavirus.
> Claimant is continuing to work to ascertain the exact amount of its claim and will
> update its claim in the next ninety days.

*Id*.

5.    On July 30, 2020, Highland objected to HCRE's Proof of Claim (the

"Objection"), contending it had no liability thereunder. Morris Dec. Ex. B.

6.    On October 19, 2020, HCRE filed its response to the Objection (the

"Response"), stating, among other things, as follows:

> After reviewing what documentation is available to [HCRE] with the Debtor,
> [HCRE] believes the organizational documents relating to SE Multifamily
> Holdings, LLC (the "SE Multifamily Agreement") ***improperly allocates the***
> ***ownership percentages of the members thereto due to mutual mistake, lack of***

---

[3] Citations to "Morris Dec. Ex. __" refer to the *Declaration of John A. Morris in Support of Motion for (A) Bad Faith Finding and (B) Attorneys' Fees Against NexPoint Real Estate Partners LLC (f/k/a HCRE Partners, LLC) in Connection with Proof of Claim 146* being filed concurrently with the Motion.

[4] "Debtor" is used interchangeably with Highland, as applicable.

DOCS_NY:47632.10 36027/003

App. 3129

*consideration, and/or failure of consideration. As such, [HCRE] has a claim to reform, rescind and/or modify the agreement.* However, [HCRE] requires additional discovery, including, but not limited to, email communications and testimony, to determine what happened in connection with the memorialization of the parties' agreement and improper distribution provisions, evaluate the amount of its claim against the Debtor, and protect its interests under the agreement.

Morris Dec. Ex. C ¶ 5 (emphasis added).

**B.** **The Parties Engage in Two Rounds of Discovery Sandwiched Around Highland's Motion to Disqualify HCRE's Counsel**

7.       Consistent with a Court-approved pre-trial schedule entered on December 14, 2020 [Docket No. 1568], the Parties engaged in a first round of discovery by (a) serving deposition notices and subpoenas, (b) exchanging discovery demands and written responses, and (c) searching for and producing voluminous documents. *See, e.g.*, Docket Nos. 1898, 1918, 1964, 1965, 1995, 1996, 2118, 2119, 2134, 2135, 2136, and 2137.

8.       During the course of discovery, Highland became aware that HCRE's counsel, Wick Phillips Gould & Martin, LLP ("Wick Phillips"), had jointly represented the Parties in connection with the underlying transactions.  Highland timely moved (a) to disqualify Wick Phillips from representing HCRE in connection with the Proof of Claim litigation (the "Disqualification Motion"), and (b) for an award of costs and fees incurred in bringing the Disqualification Motion.  On December 10, 2021, following a lengthy hearing, the Court issued an order disqualifying Wick Phillips from representing HCRE in this matter but denying Highland's fee request.  Morris Dec. Ex. D at 6-7 (citing to Docket No. 3106).

9.       After HCRE retained new counsel, Hoge & Gameros, the Parties amended the pre-trial schedule (Docket Nos. 3356 and 3368), and participated in an extensive second round of discovery, including exchanging another set of written discovery requests and document productions, serving deposition notices and subpoenas, and taking and defending multiple depositions.  Morris Dec. Ex. D at 9.

**C.**     **Just Before Its Witnesses Were to Be Deposed, HCRE Abruptly Moves to Withdraw Its Proof of Claim**

10.     On August 12, 2022, as the Parties were nearing the completion of discovery, and just days before Highland was scheduled to depose HCRE's witnesses, HCRE abruptly filed its *Motion to Withdraw Proof of Claim* [Docket No. 3442] (the "Motion to Withdraw"), in which HCRE sought leave from the Court to withdraw its Proof of Claim.  HCRE filed its Motion to Withdraw (a) two business days after HCRE completed the depositions of Highland's witnesses, (b) one day after HCRE produced more than 4,000 pages of documents, and (c) two business days before consensually-scheduled depositions of HCRE's witnesses were set to begin.  Shortly thereafter, HCRE unilaterally cancelled the depositions of its witnesses.[5]

11.     On September 2, 2022, Highland objected to HCRE's Motion to Withdraw [Docket No. 3487] (the "Objection to Motion to Withdraw"), and to HCRE's Motion to Quash, and cross-moved to compel the depositions of Mr. Dondero, Mr. McGraner, and HCRE's Rule 30(b)(6) witness. [Docket No. 3483] (the "Objection to Motion to Quash and Cross-Motion to Compel, and together with the Motion to Withdraw and Motion to Quash, the "Motions").

12.     On September 12, 2022, following argument on the Motions, the Court denied the Motion to Withdraw after HCRE failed to unambiguously represent that by withdrawing the Proof of Claim with prejudice, HCRE was also waiving and relinquishing any right to re-litigate or challenge Highland's ownership interest in SE Multifamily.  *See* Morris Dec. Ex. D n.36.  *See also Amended Order Denying Motion to Withdraw Proof of Claim* [Docket No. 3525] (denying Motion to Withdraw and directing the Parties to (a) confer in good faith to complete the

---

[5] In response, on August 16, 2022, Highland filed subpoenas directed to Messrs. Dondero and McGraner [Docket Nos. 3451 and 3452] and a Rule 30(b)(6) deposition notice directed to HCRE [Docket No. 3453], calling for the witnesses to sit for depositions on August 24 and 25, 2022.  On August 23, 2022, the day before the depositions were to begin, HCRE filed a *Motion to Quash and for Protection* [Docket No. 3464] (the "Motion to Quash"), seeking to quash the subpoenas and deposition notice.

DOCS_NY:47632.10 36027/003

depositions of Mr. Dondero, Mr. McGraner, and HCRE; (b) otherwise comply with the Amended

Scheduling Order; and (c) appear for an evidentiary hearing on the Proof of Claim on November

1 and 2, 2022).

## D.   **A Trial Is Held on the Proof of Claim and the Court Issues Its Order**

13.     On November 1, 2022, after discovery was (finally) completed, the Court

held an evidentiary hearing on the Proof of Claim and the Objection (the "Trial"). *See* Morris Dec.

Ex. E.

### 1.     **Mr. Dondero Had No Basis to Swear Under Penalty of Perjury that the Proof of Claim Was True and Correct**

14.     Mr. Dondero signed and executed HCRE's Proof of Claim under penalty of

perjury, purportedly attesting to its truth and accuracy.  Yet, as the Court has already found and

determined, Mr. Dondero lacked any basis to believe that the information in the Proof of Claim

was "true and correct."  On cross-examination, Mr. Dondero admitted that he:

- could not recall "personally [doing] any due diligence of any kind to make sure that Exhibit A was truthful and accurate before [he] authorized it to be filed;"

- did not review or provide comments to the Proof of Claim or its Exhibit A before it was filed;

- did not review the applicable agreements or any other documents before signing the Proof of Claim;

- did not know (a) whose idea it was to file the Proof of Claim, (b) who at HCRE worked with, or provided information to, Bonds Ellis to enable Bonds Ellis to prepare the Proof of Claim, (c) what information was given to Bonds Ellis to formulate the Proof of Claim, or (d) whether "Bonds Ellis ever communicated with anybody in the real estate group regarding" the Proof of Claim;

- "never specifically asked anyone in the real estate group if [the Proof of Claim] was truthful and accurate before [he] authorized it to be filed;

- "didn't check with any member of the real estate group to see whether or not they believed [the Proof of Claim] was truthful and accurate before [he] authorized Bonds Ellis to file it;" and

DOCS_NY:47632.10 36027/003

App. 3132

Main Document   Page 16 of 312

- failed to do "anything . . . to make sure that this proof of claim was truthful and accurate before [he] authorized [his] electronic signature to be affixed and to have it filed on behalf of HCRE."

Morris Dec. Ex. D at 4-5 (citing evidence).  In a feeble attempt to excuse his failure to do *anything* to confirm that the Proof of Claim was "truthful and accurate" before authorizing his electronic signature to be affixed and filed on behalf of HCRE, Mr. Dondero vaguely testified that he relied on some unidentified "process" in choosing to proceed.  Morris Dec. Ex. E at 58:4-59:2.

15.     Mr. Dondero cannot hide behind an unidentified "process" (assuming a "process" actually existed) that completely failed to uncover the indisputable evidence (including Mr. McGraner's unqualified admissions) that the Amended LLC Agreement accurately reflected the Parties' intentions concerning capital contributions and the allocation of membership interests. Based on his own testimony, and this Court's findings of fact, Mr. Dondero signed the Proof of Claim on HCRE's behalf in bad faith.

**2.     The Evidence Established that the Amended LLC Agreement Accurately and Unambiguously Reflected the Parties' Intent Leaving No Factual or Legal Basis for HCRE to File or Pursue the Proof of Claim**

16.     The evidence at Trial, including documentary evidence and the testimony of Mr. Dondero, Mr. McGraner, and BH Equities (a third-party signatory to the Amended LLC Agreement), proves that HCRE filed its Proof of Claim in bad faith.

17.     Specifically, the evidence indisputably and definitively established that the Amended LLC Agreement accurately and unambiguously reflected the signatories' intent concerning their respective capital contributions and the allocation of memberships interests in SE Multifamily:

- Representatives of the signatories exchanged views and drafts concerning capital contributions and ownership interests that were consistent with the final,

7

executed version of the Amended LLC Agreement (Morris Dec. Ex. D at 20-21 (citing evidence));

- Mr. Dondero "agreed that [Schedule A] comported with his expectations when he signed the Amended LLC Agreement on behalf of HCRE and Highland, including his expectation that Highland's 49% interest was going to be diluted by the 6% being granted to BH Equities." (*Id*. at 21-22 (citing evidence));

- Mr. McGraner (a) reviewed Schedule A before the Amended LLC Agreement was executed, (b) saw that it showed Highland made a capital contribution of $49,000 and was receiving a 46.06% interest in SE Multifamily, and (c) concluded that this allocation reflected his understanding of the terms between HCRE and Highland (*Id*. at 22 (citing evidence));

- BH Equities' corporate representative also acknowledged during his deposition that "'BH Equities agreed that [Highland] would hold a 46.06 percentage interest in SE Multifamily while making a capital contribution of $49,000' and 'believed Schedule A accurately reflected the intent of the parties.'" (*Id*. (citing evidence));

- Numerous other provisions in the Amended LLC Agreement ratified the allocation of membership interests set forth in Schedule A (*Id*. at 23-25 (citing evidence)); and

- Based on information provided by HCRE, SE Multifamily's tax returns "confirm that the parties intended that Highland, having made a capital contribution of $49,000, owned 46.06% of the SE Multifamily membership interests." (*Id*. at 25-26 (citing evidence)).

18.    At the conclusion of the Hearing, HCRE requested that the Court "grant the proof of claim and reallocate the equity [in SE Multifamily] based on the capital contribution[s]."[6] *Id*. at 11.  Highland requested that the Court enter an order (i) disallowing HCRE's Proof of Claim and (ii) finding that HCRE filed its Proof of Claim in bad faith and awarding the Reorganized Debtor its "costs." *Id.*

---

[6] Despite (a) the explicit claims asserted in HCRE's own Response (Morris Dec. Ex. B ¶ 5), and (b) the Court's concerns of "gamesmanship" expressed in connection with HCRE's Motion to Withdraw (*see*, *e.g.*, Morris Dec. Ex. D at n.36), HCRE's counsel persisted—in yet another act of bad faith—to attempt to preserve the very claims that formed the basis of HCRE's Proof of Claim: "HCRE's counsel also argued that the issues of reformation, rescission, and modification, of the Amended LLC Agreement were not before the court and that, if the court were to grant the Reorganized Debtor's Objection, it should enter only a simple order denying the claim, without making any findings." Morris Dec. Ex. D at 12.

DOCS_NY:47632.10 36027/003

App. 3134

19.     On April 28, 2023, the Court issued its *Memorandum Opinion and Order Sustaining Debtor's Objection to, and Disallowing, Proof of Claim Number 146 [Dkt. No. 906]* (the "Order"), Morris Dec. Ex. D, in which the Court sustained Highland's Objection to the Proof of Claim, and disallowed the Proof of Claim for all purposes.  The Court denied, without prejudice, Highland's oral request for a bad faith finding and for sanctions against HCRE in the form of reimbursement of Highland's attorney's fees and costs because HCRE did not have an opportunity to respond to such requests. *Id*. at 38-39.

### III.     ARGUMENT

### A.     HCRE's Proof of Claim Was Filed in Bad Faith

20.     The undisputed documentary and testimonial evidence adduced at Trial establishes that HCRE filed and prosecuted the Proof of Claim in bad faith.

21.     As the Court has already found and determined, Mr. Dondero failed to conduct any due diligence before signing HCRE's Proof of Claim and otherwise lacked *any* basis (let alone a reasonable basis) to believe that the Proof of Claim was truthful.  Indeed, had Mr. Dondero simply asked Mr. McGraner, he would have learned that the Amended LLC Agreement accurately and unambiguously reflected the Parties' intent—and that there was therefore no basis to "reform, rescind and/or modify" the Amended LLC Agreement.  *See* Morris Dec. Ex. D at 3-5.

22.     That is what Highland established during the Trial. Mr. McGraner, the "quarterback" of Project Unicorn, admitted that at the time he reviewed the ownership allocations in SE Multifamily before the operative documents were signed, he had no reason to believe there was any "mistake."  The Court made numerous other factual findings that prove there was no "dispute" concerning the Parties' respective membership interests in SE Multifamily.  Morris Dec. Ex. D at 19-26 (citing to substantial documentary and testimonial evidence); *see also supra* ¶ 17.

23.     Based on the foregoing, the Court should find that HCRE's Proof of Claim

was filed and prosecuted in bad faith.

**B.      Highland Is Entitled to Attorneys' Fees from HCRE for Costs Incurred in Connection
with the Bad Faith Filing of the Proof of Claim**

24.     HCRE should be sanctioned for its bad faith filing and prosecution of the

Proof of Claim by reimbursing Highland for attorneys' fees and expenses incurred in connection

with litigating the Proof of Claim.

25.     Bankruptcy courts possess inherent authority under section 105 of the

Bankruptcy Code to issue sanctions after making a finding of bad faith.  *See In re Yorkshire, LLC*,

540 F3d 328, 332 (5th Cir. 2008) (affirming bankruptcy court's imposition of sanctions for bad

faith filing "following an extensive hearing in which the bankruptcy court heard testimony from

the parties and witnesses and made certain credibility determinations," and "made specific findings

that Appellants acted in bad faith."); *In re Brown*, 444 B.R. 691, 695 (E.D. Tex. 2009) (issuing

sanctions against party and their counsel, and relying on section 105(a) of the Bankruptcy Code as

a basis for awarding attorney's fees against parties for acting "with reckless disregard of their duty

to this Court"); *In re Paige*, 365 BR 632, 637-399 (Bankr. N.D. Tex. 2007) (awarding attorneys'

fees against debtor for their "bad faith" conduct during bankruptcy case, noting "[t]he sanction

here is derived from the Court's inherent power to sanction" under section 105(a)); *In re Lopez*,

576 B.R. 84, 93 (S.D. Tex. 2017) (same).

26.     Here, the Bankruptcy Court should award sanctions against HCRE in the

form of attorneys' fees and expenses incurred by Highland in connection with the bad faith filing

and prosecution of the Proof of Claim, in the aggregate amount of $825,940.55. Morris Dec. ¶¶

10-17, Morris Dec. Exs. F-I.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Highland respectfully requests that the Court

enter an order (a) finding that HCRE filed and prosecuted the Proof of Claim in bad faith, (b)

entering sanctions against HCRE in the form of reimbursement to Highland of Highland's costs

and expenses incurred in objecting to HCRE's Proof of Claim in the aggregate amount of

$825,940.55; and (c) granting such other and further relief that the Court deems just and proper

under the circumstances.

Dated:  June 16, 2023                    **PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
E-mail:jpomerantz@pszjlaw.com
            jmorris@pszjlaw.com
            gdemo@pszjlaw.com
            hwinograd@pszjlaw.com

- and -

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile:  (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

DOCS_NY:47632.10 36027/003

App. 3137

## CERTIFICATE OF CONFERENCE

I hereby certify that, on June 16, 2023, Mr. John A. Morris, counsel for Highland Capital Management, L.P., corresponded with Ms. Amy Ruhland and Mr. William Gameros, counsel for HCRE, regarding the relief requested in the foregoing Motion.  As of the filing of this Motion, counsel for HCRE had not responded to Mr. Morris' correspondence; however, given the nature of the relief requested in the Motion, it is presumed that HCRE is **OPPOSED** to such requested relief.

*/s/ Zachery Z. Annable*
Zachery Z. Annable

DOCS_NY:47632.10 36027/003

App. 3138

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

-------------------------------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
| | ) | |
| Reorganized Debtor. | ) | |
| | ) | |

-------------------------------------------------------------------------------

**ORDER GRANTING HIGHLAND CAPITAL MANAGEMENT, L.P.'S
MOTION FOR (A) BAD FAITH FINDING AND (B) ATTORNEYS' FEES AGAINST
NEXPOINT REAL ESTATE PARTNERS LLC (F/K/A HCRE PARTNERS, LLC) IN
CONNECTION WITH PROOF OF CLAIM 146**

Having considered (a) the *Motion for (A) Bad Faith Finding and (B) Attorneys' Fees*

*Against NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners LLC) in Connection with Proof*

*of Claim 146* (the "Motion")[2] filed by Highland Capital Management, L.P. ("Highland"), the

reorganized debtor in the above-captioned bankruptcy case (the "Bankruptcy Case"), (b) the

---

[1] Highland's last four digits of its taxpayer identification number are (8357).  The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] Capitalized terms not otherwise defined in this Order shall have the meanings set forth in the Motion.

App. 3139

evidence set forth in the *Declaration of John A. Morris in Support of Motion for (A) Bad Faith Finding and (B) Attorneys' Fees Against NexPoint Real Estate Partners LLC (f/k/a HCRE Partners, LLC) in Connection with Proof of Claim 146* (the "Morris Declaration"), and (c) the record of proceedings in this Bankruptcy Case, the Court finds and concludes that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) notice of the Motion was sufficient under the circumstances; (iv) NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC ("HCRE") filed and prosecuted proof of claim number 146 (the "Proof of Claim") in bad faith; and (v) as a sanction for HCRE's bad-faith conduct in filing and prosecuting the Proof of Claim, HCRE should be required to reimburse Highland's costs and expenses incurred in objecting to HCRE's Proof of Claim. Accordingly, it is therefore

**ORDERED** that HCRE reimburse Highland's costs and expenses incurred in objecting to HCRE's Proof of Claim in the aggregate amount of $825,940.55; and it further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

### End of Order ###

2

App. 3140