# Appendix Exhibit 141

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (TX Bar No. 24044908)
MHayward@HaywardFirm.com
Zachery Z. Annable (TX Bar No. 24053075)
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for the Reorganized Debtor and the Highland Claimant Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | § Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § |

### NOTICE OF FILING OF
### THE CURRENT BALANCE SHEET OF THE HIGHLAND CLAIMANT TRUST

**PLEASE TAKE NOTICE** that, pursuant to the Court's *Order (A) Continuing Hearing on Motion to Stay and to Compel Mediation [Dkt. 3752] and (B) Directing Certain Actions in Advance of Continued Hearing* [Docket No. 3870], Highland Capital Management, L.P., the reorganized debtor in the above-captioned bankruptcy case, and the Highland Claimant Trust hereby file the

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are 8357. The headquarters and service address for the Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

DOCS_NY:47931.1 36027/003



current balance sheet attached hereto as **Exhibit A** showing the general categories of assets and liabilities of the Highland Claimant Trust, subject to the accompanying notes.

[*Remainder of Page Intentionally Left Blank*]

DOCS_NY:47931.1 36027/003

Dated: July 6, 2023     **PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
       jmorris@pszjlaw.com
       gdemo@pszjlaw.com
       hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Reorganized Debtor and the Highland Claimant Trust*

3

# **EXHIBIT A**

**Highland Claimant Trust**
**Summarized Consolidated Balance Sheet** [1]
**As of May 31, 2023**
**The accompanying notes are integral to understanding this balance sheet**
(Estimated and unaudited, $ in millions)

|  | Balance per books | | adjustments (see notes) | | Adjusted balance | |
|---|---:|---|---:|---|---:|---|
| **Assets** | | | | | | |
| Cash and equivalents | $ | 13 | $ | - | $ | 13 |
| Disputed claims reserve [2] | | 12 | | - | | 12 |
| Other restricted cash | | 12 | | - | | 12 |
| Investments [3] | | 118 | | (12) [6] | | 106 |
| Notes receivable, net [4] | | 86 | | (83) [4] | | 3 |
| Other assets | | 6 | | - | | 6 |
| **Total assets** | $ | 247 | $ | (95) | $ | 152 |
| | | | | | | |
| **Liabilities** | | | | | | |
| Secured and other debt | $ | - | $ | - | $ | - |
| Distribution payable [2] | | 12 | | - | | 12 |
| Additional indemnification reserves | | - | | 90 [5] | | 90 |
| Other liabilities | | 15 | | 13 [5] | | 28 |
| **Total liabilities** [5] | $ | 27 | $ | 103 | $ | 130 |
| | | | | | | |
| **Book/adjusted book equity (see accompanying notes)** [5] | | 220 | | (198) | | 22 |
| | | | | | | |
| **Total liabilities and book/adjusted book equity** | $ | 247 | $ | (95) | $ | 152 |

**Supplemental Info:** [7]

| | | |
|---|---:|---|
| Sum of remaining allowed Class 8 Trust Beneficiaries, excluding interest | $ | 27 |
| Sum of remaining allowed Class 9 Trust Beneficiaries, excluding interest | | 99 |
| Sum of face amount of pending Class 8/9 potential Trust Beneficiaries, excluding interest | | 13 |
| Sub-total | $ | 139 |

**{SEE ACCOMPANYING NOTES ON THE FOLLOWING PAGE}**

The information contained in this summarized consolidated balance sheet (the "Summary") is based on estimates, and therefore should not be relied upon, as actual results may differ materially from the estimates contained herein.

This Summary is neither an offer nor a solicitation of an offer to buy or sell securities.

Information contained herein is not indicative of, nor does it guarantee, future results.  The information contained in this Summary is based on matters as they exist as of the date of preparation and not as of any future date.  Valuations do not reflect performance in different economic or market cycles and there can be no assurances that valuations will be achieved.  Trust Beneficiaries may experience materially different results and outcomes.

## Highland Claimant Trust
**Summarized Consolidated Balance Sheet** [1]
As of May 31, 2023

**Notes:**

(1) This presentation is not in accordance with US GAAP and is unaudited, but has nevertheless been prepared in good faith and with the intention of providing the reader with a comprehensible understanding of the remaining assets and liabilities of the Highland Claimant Trust, Highland Capital Management, LP, HCMLP GP LLC, and Highland Litigation Trust (the "Consolidated Entities"). These entities have each been aggregated on a stand-alone basis, with intercompany amounts eliminated. Funds and entities that may otherwise be consolidated by one or more of the Consolidated Entities under US GAAP are not fully consolidated and rather are included solely at their equity value. For example, if Highland Capital Management, LP is a 20% investor in a managed fund with assets of $100 million and liabilities of zero that would normally require consolidation under US GAAP, the presentation contained herein reflects an investment of $20 million as opposed to fully consolidating the $100 million fund and reflecting minority interest of $80 million. The value of the Highland Indemnity Trust is not included herein. As of May 31, 2023, $35 million has been funded to the Highland Indemnity Trust. Highland Indemnity Trust beneficiaries are Claimant Trust Indemnified Parties. Any unused assets remaining after satisfying indemnification obligations will be transferred to the Highland Claimant Trust or otherwise be distributed to the Claimant Trust Beneficiaries in accordance with the Indemnity Trust Agreement. For presentation purposes, it is assumed that outstanding indemnification obligations will consume the entirety of the Highland Indemnity Trust. Further, no current recovery amount has been ascribed to the "Kirschner Adversary" as all such value is considered to be contingent, nor have any liabilities been reserved for various success fees payable to professionals associated with the Kirschner Adversary or any other litigations. Such liabilities are also contingent in nature.

(2) Amounts already authorized for distribution, but reserved in the Disputed Claims Reserve related to resolution of pending disputed claims.

(3) Value reflected herein consists primarily of ownership in private funds and subsidiaries, valued using NAV as the practical expedient, public & private investments (including residual sale escrows), valued at fair value, and SE Multifamily Holdings, LLC, valued using book equity value as of the most recent financials received. See note 6 for further information. There is substantial risk and uncertainty with respect to the timing and ultimate cash value to be received from monetizations of these investments and such value could ultimately be materially impacted by actual monetizations.

(4) Book amounts reflect principal amounts outstanding on various notes, without discount, adjustment, or estimates of future costs of collection, with two exceptions. The first exception is to the note receivable from Hunter Mountain Investment Trust for which over $90 million of principal and interest is currently due, payable, and in default. These notes are a component of the "Kirschner Adversary" which is currently stayed. These principal and interest amounts are fully reserved based on the assumption that Hunter Mountain Investment Trust has no other assets other than a contingent, unvested interest in the Highland Claimant Trust. That assumption is subject to change. The second exception relates to the note receivable from Highland Select Equity Master Fund, LP. This amount is fully reserved based on the pendency of the Ch. 7 proceeding for Highland Select Equity Master Fund, LP and the minimal remaining value of Highland Select Equity Master Fund, LP's assets, which is expected to be further consumed (at least in part) by trustee and professional fees. Aside from these exceptions, approximately $65 million of these principal amounts (further described below) are subject to ongoing litigation with various note counterparties who are contesting the validity of their obligations. These disputed amounts are contained within the "Balance per books" column herein without discount or adjustment. While the makers have asserted defenses, Highland believes they are meritless and is confident that judgments will ultimately be entered in Highland's favor. However, based on Mr. Dondero's history of failing to satisfy judgments entered against his affiliates by others (e.g., UBS, the Redeemer Committee, Joshua Terry, and Patrick Daugherty), the effect of complete non-payment of principal is reflected in the "adjustments" column, which also assumes non-payment of the currently performing $18 million note receivable from The Dugaboy Investment Trust. Ultimate recoveries from these notes could differ materially from the current principal outstanding depending on the outcome of the pending litigation and no recovery can be assured. Accrued interest is captured in the "Other assets" line item, subject to the exceptions discussed within this footnote. While there is currently a report & recommendation from the bankruptcy court for summary judgment, plus costs of collection, no costs of collection are reflected as assets on this balance sheet, so would be incremental. The estimated amount of such costs of collections are over $3 million.

Detail of note principal amounts subject to report & recommendations of the bankruptcy court, currently pending in district court (excludes accrued interest):

| Note Maker | Principal O/S | Comments |
|---|---|---|
| NexPoint Advisors, LP | $ 25 | Consists of a single note |
| NexPoint Real Estate Partners, LLC | 12 | fka HCRE Partners, LLC; five underlying notes comprise balance |
| NexPoint Asset Management, LP | 11 | fka Highland Capital Management Fund Advisors, LP; four underlying notes comprise balance |
| James Dondero | 10 | Three underlying notes comprise balance |
| Highland Capital Management Services, Inc. | 7 | Five underlying notes comprise balance |
| Sub-total | $ 65 | |

(5) The book equity amount reflects a multitude of estimates including, but not limited to the value of investments and collectability of notes receivable. For book purposes, no contingent liabilities or indemnification reserves have been recorded as liabilities that would reduce book equity, notwithstanding that it is currently expected that there will be a) a need to maintain further material indemnification reserves; and b) further incurrance of springing contingent liabilities if distribution milestones are achieved. The amount of further incremental indemnification reserves are currently expected to exceed $90 million, and may ultimately be greater, which will be required to be funded (at least in part) prior to any further material distributions to Trust Beneficiaries. In the absence of a global settlement that, among other things, fully and finally releases all Claimant Trust Indemnified Parties, Highland believes the additional indemnification reserves are required because, among other reasons, (a) based on the so-called "Dondero exclusion," insurance is likely to remain cost-prohibitive and/or unsatisfactory, leaving the Claimant Trust and Indemnity Trust assets as the sole sources of funding for indemnity obligations, (b) approximately twenty (20) matters are being actively litigated in at least 9 different forums; and (c) based on history, new litigation can be expected. Any unused assets remaining after satisfaction of indemnity obligations will be distributed as required by the Indemnity Trust Agreement. The amount of incremental springing contingent liabilities are expected to range from $5 million to $15 million, which are exclusive of various success fees associated with recoveries under the "Kirschner Adversary" and others. No reserves have been accrued for any current, pending, or threatened litigation brought by any Dondero-related parties. Lastly, it is expected that the trust and its subsidiaries will operate at an operating loss prospectively. The corresponding information in the "adjustments" column above is an estimate of the effects of these incremental indemnification reserves and contingent liabilities, but does not assume any expected future operating cash burn, which is expected to be significant.

6) The value of SE Multifamily Holdings LLC maintained on this balance sheet is $15.7 million, which is a component of the "Investments" line item and is based on a several years stale book-basis balance sheet. Notwithstanding Dondero-entities' previous disclosures of this interest at values of $20 million and $12 million, Highland also received interest from Dondero to acquire the interest for $3.8 million, among other assets. The purpose of this adjustment is to assume that the holding could be monetized at the lower $3.8 million level, which would result in a $11.9 million decrease to Highland's book equity if it were hypothetically transacted at that level. Highland has initiated proceedings in Delaware to receive books and records relating to SE Multifamily Holdings LLC, for which it has the contractual right and has been seeking for approximately a year, but for which Dondero-controlled entities have not provided to date.

7) Amounts described herein represent the face amounts of outstanding allowed and pending claims. The pending claim amounts do not include amounts that are the subject of various appeals or that are unliquidated. The allowed and pending claims (along with accrued interest) could ultimately be satisfied in part or in full using 1) the assets of the disputed claims reserve, 2) the residual amount of cash in the indemnity trust after satisfying all indemnification obligations, and 3) the residual amount of cash remaining after monetizing all other non-cash assets and paying liabilities and future expenses.

The information contained in this summarized consolidated balance sheet (the "Summary") is based on estimates, and therefore should not be relied upon, as actual results may differ materially from the estimates contained herein.

This Summary is neither an offer nor a solicitation of an offer to buy or sell securities.

Information contained herein is not indicative of, nor does it guarantee, future results. The information contained in this Summary is based on matters as they exist as of the date of preparation and not as of any future date. Valuations do not reflect performance in different economic or market cycles and there can be no assurances that valuations will be achieved. Trust Beneficiaries may experience materially different results and outcomes.