# Appendix Exhibit 154



**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 12, 2023**

_____
**United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) Case No. 19-34054-sgj11 |
| | ) |
| Reorganized Debtor. | ) |
| | ) |

**ORDER DENYING MOTION FOR AN ORDER REQUIRING SCOTT BYRON ELLINGTON AND HIS COUNSEL TO SHOW CAUSE WHY THEY SHOULD NOT BE HELD IN CIVIL CONTEMPT FOR VIOLATING THE GATEKEEPER PROVISION AND GATEKEEPER ORDERS**

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.



Having considered (1) *Highland Capital Management, L.P., Highland Claimant Trust, and James P. Seery, Jr.'s Joint Motion for an Order Requiring Scott Byron Ellington and His Counsel to Show Cause Why They Should Not Be Held in Civil Contempt for Violating the Gatekeeper Provision and Gatekeeper Orders* [Docket No. 3910] (the "Motion")[2] filed by Highland Capital Management, L.P. ("HCMLP," or, as applicable, the "Debtor"), the reorganized debtor in the above-referenced action, the Highland Claimant Trust (the "Trust," and together with HCMLP, "Highland"), and James P. Seery, Jr., HCMLP's Chief Executive Officer and the Claimant Trustee of the Trust ("Seery," and collectively with Highland, the "Highland Parties") against Scott Byron Ellington ("Ellington") and his counsel, The Pettit Law Firm ("Pettit") and Lynn Pinker Hurst & Schwegmann, LLP (collectively with Ellington, Pettit, and the Highland Parties, the "Parties"); (2) the exhibits annexed to the *Declaration of Joshua S. Levy in Support of Highland Capital Management, L.P., Highland Claimant Trust, and James P. Seery, Jr.'s Joint Motion for an Order Requiring Scott Byron Ellington and His Counsel to Show Cause Why They Should Not Be Held in Civil Contempt for Violating the Gatekeeper Provision and Gatekeeper Orders* [Docket No. 3912]; (3) *Highland Capital Management, L.P., Highland Claimant Trust, and James P. Seery, Jr.'s Reply in Further Support of Their Joint Motion for Civil Contempt and in Opposition to Ellington's Counsel's Motion to Strike* [Docket No. 3969]; (4) the exhibits annexed to the *Declaration of Richard L. Wynne in Support of Highland Capital Management, L.P., Highland Claimant Trust, and James P. Seery, Jr.'s Joint Motion for an Order Requiring Scott Byron Ellington and His Counsel to Show Cause Why They Should Not Be Held in Civil Contempt for Violating the Gatekeeper Provision and Gatekeeper Orders* [Docket No. 3914]; (5) *Ellington's Response in Opposition to the Joint Motion of Highland Capital Management, L.P., Highland*

---

[2] Capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

*Claimant Trust, and James P. Seery, Jr. for an Order Requiring Scott Byron Ellington and His Counsel to Show Cause Why They Should Not Be Held in Civil Contempt for Violating the Gatekeeper Provision and Gatekeeper Orders* [Docket No. 3958]; (6) the exhibits annexed to the *Declaration of Michelle Hartmann in Support of Ellington's Response in Opposition to the Joint Motion of Highland Capital Management, L.P., Highland Claimant Trust, and James P. Seery, Jr. for an Order Requiring Scott Byron Ellington and His Counsel to Show Cause Why They Should Not Be Held in Civil Contempt for Violating the Gatekeeper Provision and Gatekeeper Orders* [Docket No. 3959]; (7) *Lynn Pinker Hurst & Schwegmann, LLP and The Pettit Law Firm's Motion to Strike and Response Subject Thereto Opposing the Movants' Motion Requesting an Order Requiring Lynn Pinker and Pettit to Show Cause Why They Should Not Be Held in Civil Contempt for Violating the Gatekeeper Provision and Gatekeeper Orders* [Docket No. 3957]; and (8) all prior proceedings related to this matter, including the proceedings that led to the entry of each of the Gatekeeper Orders and the Confirmation Order; this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); this Court having found that venue of this proceeding and the Motion in this District is proper pursuant 28 U.S.C. §§ 1408 and 1409; this Court having found that the Highland Parties' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; this Court having found that, as a result of the consensual resolution reached by the Parties, as set forth on the record during the hearing on the Motion, held on December 4, 2023 (the "Hearing"), the relief sought in the Motion is moot; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is **DISMISSED** with prejudice and the relief requested therein is denied as moot.

2. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

###END OF ORDER###