# Appendix Exhibit 156

Case No. 3:21-cv-2268-S

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

In re: Highland Capital Management, L.P.,

Reorganized Debtor.

THE DUGABOY INVESTMENT TRUST and THE GET GOOD TRUST,

Appellants

v.

HIGHLAND CAPITAL MANAGEMENT, L.P.,

Appellee

On Appeal from the
United States Bankruptcy Court, Northern District of Texas, Dallas Division
Case No. 19-34054-sgj11 (Hon. Stacey G.C. Jernigan)

## APPELLEE'S MOTION TO DISMISS APPEAL AS MOOT

| PACHULSKI STANG ZIEHL & JONES LLP | HAYWARD PLLC |
|---|---|
| Jeffrey N. Pomerantz (CA Bar No. 143717) | Melissa S. Hayward (Texas Bar No. 24044908) |
| John A. Morris (NY Bar No. 266326) | Zachery Z. Annable (Texas Bar No. 24053075) |
| Jordan A. Kroop (NY Bar No. 2680882) | 10501 N. Central Expy, Ste. 106 |
| Gregory V. Demo (NY Bar No. 5371992) | Dallas, Texas 75231 |
| 10100 Santa Monica Blvd., 13th Floor | Tel: (972) 755-7100 |
| Los Angeles, CA 90067 | Fax: (972) 755-7110 |
| Telephone: (310) 277-6910 | |
| Facsimile: (310) 201-0760 | |

*Counsel for Appellee*

DOCS_NY:44691.4 36027/003



Appellee Highland Capital Management, L.P. ("**Highland**") respectfully moves this Court for an order dismissing as constitutionally moot Appellants' appeal from the Bankruptcy Court's *Order Denying Motion to Compel Compliance with Bankruptcy Rule 2015.3* (the "**Order**"). Because neither Appellant possesses a claim against Highland's bankruptcy estate, neither Appellant is an adverse party with sufficient legal interest to maintain this appeal, which is now moot, presenting no Article III case or controversy and leaving this Court with no constitutional jurisdiction to hear this appeal. This Court should dismiss this appeal as moot.[1]

**Background Regarding Appellants**

Each Appellant is a family "trust" controlled by James Dondero (Highland's founder and ousted former CEO).[2] Dondero owns no equity in Highland directly, but owns Highland's general partner, Strand Advisors Inc., which owned 0.25% of the total pre-bankruptcy equity in Highland. Dugaboy owned a 0.1866% pre-bankruptcy limited partnership interest in Highland. The Bankruptcy Court previously found that it "is not clear what economic interest the Get Good Trust has, but it seems to be related to Mr. Dondero."[3]

---

[1] *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* 513 U.S. 18 (1994).
[2] *Order (I) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (As Modified) and (II) Granting Related Relief*, entered on February 22, 2021, Bankruptcy Court Docket No. 1943, designated in *Amended Designation of Record*, ROA vol. 1 at 5(a) (the "**Confirmation Order**").
[3] Confirmation Order ¶¶ 18–19.

## Disallowance of Dugaboy's Claims

Appellant Dugaboy filed three proofs of claim in the bankruptcy case below: (a) proof of claim no. 177, filed on April 23, 2020; (b) proof of claim no. 131, filed on April 8, 2020; and (c) proof of claim no. 113, filed on April 8, 2020, allegedly held by the Canis Major Trust, to which Dugaboy purported to be a "successor in interest." On October 27, 2021, with Dugaboy's consent, the Bankruptcy Court entered orders withdrawing Claim 177 and Claim 131 with prejudice.[4] On November 10, 2021, the Bankruptcy Court entered an order approving a stipulation between the Dugaboy and Highland withdrawing Claim 113 with prejudice.[5] Dugaboy did not appeal any of these orders. They are now final.

Consequently, Dugaboy has no claims against Highland or Highland's bankruptcy estate. Its only interest in the estate is a pre-bankruptcy 0.1866% equity interest, which was canceled under the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* (the "**Plan**"), which became effective on August 11, 2021. *Dugaboy has no pecuniary interest in Highland or the bankruptcy estate.*

---

[4] Bankruptcy Docket Nos. 2965, 2966.
[5] Bankruptcy Docket No. 3007.

**Disallowance of Get Good's Claims**

On April 8, 2020, Appellant Get Good filed proof of claim no. 120. On November 10, 2021, the Bankruptcy Court entered an order approving a stipulation between Highland and Get Good withdrawing Claim 120 with prejudice.[6] Get Good was also a purported "successor in interest" to claims allegedly held by the Canis Major Trust for which it filed proofs of claim nos. 128 and 129 on April 8, 2020. With Get Good's consent, Claims 128 and 129 were each deemed withdrawn with prejudice under Bankruptcy Court orders entered on November 10, 2021.[7] Get Good did not appeal any of these orders. They are now final. Consequently, *Get Good has no pecuniary interest in Highland or the bankruptcy estate.*

**Appellants Lack Standing; Appeal Is Now Constitutionally Moot**

Standing to appeal a bankruptcy court decision is a question of law.[8] The standard for determining appellate standing in the bankruptcy context is governed by the "person aggrieved" test, which requires a showing that the appellant was aggrieved by the order being challenged.[9] "The 'person aggrieved' test is an even more exacting standard than traditional constitutional standing."[10] In other words, "Because bankruptcy cases typically affect numerous parties, the 'person aggrieved'

---

[6] Bankruptcy Docket No. 3008.
[7] Bankruptcy Docket Nos. 3009 and 3010.
[8] *Furlough v. Cage (In re Technicool Sys.)*, 896 F.3d 382, 385 (5th Cir. 2018).
[9] *See Harriman v. Vactronic Sci, Inc. (In re Palmaz Sci., Inc.)*, 262 F. Supp. 3d 428, 432 (W.D. Tex. 2017).
[10] *Gibbs & Bruns LLP v. Coho Energy, Inc. (In re Coho Energy Inc.)*, 395 F.3d 198, 202 (5th Cir. 2004).

test demands a higher causal nexus between act and injury …."[11] Appellants "must show that [they] were 'directly and adversely affected pecuniarily by the order of the bankruptcy court.'"[12] Appellants bear the burden of alleging facts sufficient to demonstrate that they have standing to appeal.[13]

The Fifth Circuit Court of Appeals has strictly limited appellant standing:

Bankruptcy courts are not Article III creatures bound by traditional standing requirements. But that does not mean disgruntled litigants may appeal every bankruptcy court order willy-nilly. Quite the contrary. Bankruptcy cases often involve numerous parties with conflicting and overlapping interests. Allowing each and every party to appeal each and every order would clog up the system and bog down the courts. Given the specter of such sclerotic litigation, standing to appeal a bankruptcy court order is, of necessity, quite limited.[14]

In *Technicool*, the debtor's equity holder, Robert Furlough, opposed the debtor's employment of special counsel to pursue litigation. After the bankruptcy court overruled his objection, Furlough appealed, first to the district court and, when he did not prevail there, to the Fifth Circuit Court of Appeals.[15] The circuit court also affirmed, explicitly rejecting Furlough's argument that additional administrative expenses for special counsel would make a recovery on his equity

---

[11] *Id.*
[12] *Id.* (quoting *In re Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983)); *see also Dish Network Corp. v. DBSD N. Am. (In re DBSD N. Am.)*, 634 F.3d 79, 88-89 (2d Cir. 2010) ("an appellant must be 'a person aggrieved' …. An appellant … must show not only 'injury in fact' under Article III but also that the injury is 'direct[]' and 'financial'"), quoting *Kane v. Johns Manville Corp.*, 843 F.3d 636, 642 & n.2 (2d. Cir. 1988); *see also Edwards Family P'ship v. Johnson (In re Cmty. Home Fin. Servs.)*, 990 F.3d 422, 426 (5th Cir. 2021) (same).
[13] *See Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation*, 32 F.3d 205, 208 (5th Cir. 1994).
[14] *Technicool*, 896 F.3d at 385 (citations omitted).
[15] *Id.* at 384–85.

less likely because it could reduce recoveries by creditors, whose claims had priority over equity. Significantly, the court further held that some theoretical possibility relating to out-of-the-money equity interest did not accord him standing to appeal: "This speculative prospect of harm is far from a direct, adverse, pecuniary hit. Furlough must clear a higher standing hurdle: *The order must burden his pocket before he burdens a docket.*"[16] The Fifth Circuit reasoned that the bankruptcy court order that was the subject of Furlough's appeal—the appointment of a professional under Bankruptcy Code § 327(a)—did not *directly* affect Furlough's pecuniary interests despite his out-of-the-money equity interests. In other words, just because Furlough "feels grieved by [the professional's] appointment does not make him a 'person aggrieved' for purposes of bankruptcy standing."[17]

The Fifth Circuit's reason for adopting the "pecuniary interest" test for bankruptcy appeals speaks directly to the circumstances under which Appellants Dugaboy and Get Good have burdened this Court's docket:

> In bankruptcy litigation, the mishmash of multiple parties and multiple claims can render things labyrinthine, to say the least. To dissuade umpteen appeals raising umpteen issues, courts impose a stringent-yet-prudent standing requirement: *Only those directly, adversely, and financially impacted by a bankruptcy order may appeal it.*[18]

---

[16] *Id.* (emphasis added).
[17] *Id.*
[18] *Id.* at 384 (emphasis added).

Here, as in *Technicool* and the other cases cited above, Appellants cannot show any direct adverse financial impact from the Bankruptcy Court's entry of the Order. Neither Appellant has a claim against Highland or the bankruptcy estate, since all claims were withdrawn with prejudice. Even Dugaboy's infinitesimal pre-bankruptcy equity interest in Highland has been canceled.[19]

With no pecuniary interest in the bankruptcy estate, these Appellants lack standing under Fifth Circuit law. Even under Appellants' best-case scenario (where this Court reversed the Order and the Bankruptcy Court granted the Motion to Compel) would not "put any money [Appellants'] pocket," as required by the Fifth Circuit.[20] Highland would merely be required to retroactively file reports on its ownership interests in non-debtor subsidiaries as of the bankruptcy petition date. Severely out-of-date reports of years-old facts cannot conceivably lead to additional creditor recoveries. Even if they could, *Appellants aren't creditors*.[21]

---

[19] Among more than a dozen appeals Dondero and his entities are currently prosecuting from this one bankruptcy case alone is an appeal of the Confirmation Order. It is, of course, theoretically possible that the Confirmation Order could be reversed on appeal, technically reinstating Dugaboy's pre-bankruptcy equity interest in Highland. But even in that circumstance, there is no nexus between the reports the Order excused and a miniscule 0.1866% limited partnership interest Dugaboy would arguably have. Even that interest would be insufficient to preserve Dugaboy's standing under the Fifth Circuit's formulation.

[20] *Technicool*, 896 F.3d at 386.

[21] Even were Appellants creditors, reversing the Order could not affect creditor recoveries. The Plan has already been solicited to and accepted by over 99% of the amount of Highland's unsecured creditors. The Plan was confirmed in February 2021 and became effective in August 2021. All Highland's former assets were revested in the Reorganized Debtor and the Claimant Trust under the Plan and Bankruptcy Code § 1141(c). Appellants were not "directly and adversely affected pecuniarily" by the Order because the Plan dictates and controls the disposition of all Highland's former assets. This is why Bankruptcy Rule 2015.3(b) only requires the filing of reports "until the effective date of a plan" because, at that point, the debtor is no longer a debtor-in-possession and the Plan dictates the provisions, reporting requirements, and duties of the reorganized debtor.

The Fifth Circuit requires a bankruptcy appellant to be a creditor with a direct pecuniary interest in the outcome of the appeal and in the relief sought in the District Court hearing the appeal. Neither Appellant is a creditor. Neither Appellant has any direct pecuniary interest in anything having to do with this appeal.

But, it must be noted, Appellants once did, at least arguably. Appellants took this appeal in September 2021, several weeks before the Bankruptcy Court entered orders withdrawing with prejudice all of Appellants' claims (the last of which was entered on November 10, 2021). At least arguably, Appellants possessed standing as holders of claims against the bankruptcy estate when they commenced this appeal. Appellants *lost* that standing, however, when all their claims were withdrawn—that is, when they irrevocably lost their position as creditors.

This appeal has been rendered moot—not justiciable under the "Cases and Controversies" Clause of Article III of the U.S. Constitution—because Appellants have lost their standing during the pendency of this appeal. The U.S. Supreme Court has described mootness as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)."[22]

---

[22] *Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n.22 (1997), quoting *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 397 (1980).

The Fifth Circuit Court of Appeals, in addressing a bankruptcy appeal in which the appellant lost standing after the appeal began, held thus: "A controversy is mooted when there are no longer adverse parties with sufficient legal interests to maintain the litigation."[23] A mooted appeal must be dismissed because a "moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents."[24]

Here, when all of Appellants' claims were withdrawn with prejudice on November 10, 2021, Appellants lost whatever standing they may have had when they commenced this appeal. This appeal, in the words of *Goldin,* no longer has any appellant with a sufficient legal interest to maintain the appeal. As such, this appeal is moot. Respectfully, when the Appellants lost their status as creditors of the Highland bankruptcy estate, this Court lost its Article III jurisdiction over this appeal. All that remains is for this Court to dismiss this appeal for lack of jurisdiction.

---

[23] *Goldin v. Bartholow,* 166 F.3d 710, 717 (5th Cir. 1999), citing *Chevron, U.S.A. v. Traillour Oil Co.,* 987 F.2d 1138, 1153 (5th Cir. 1993).

[24] *Goldin,* 166 F.3d at 717–18, citing *Hogan v. Mississippi University for Women,* 646 F.2d 1116, 1117 n.1 (5th Cir. 1981). Mootness in this sense is distinct from the concept of "equitable mootness," which this Court may have seen in bankruptcy contexts before, particularly with respect to appeals of orders confirming a fully-consummated plan of reorganization. Constitutional mootness is a matter of Article III jurisdiction, whereas "equitable mootness" addresses the concern that an appellate court with unquestioned jurisdiction can only render relief that could inequitably harm third parties not before the court. *See, e.g., Manges v. Seattle-First Nat'l Bank (In re Manges),* 29 F.3d 1034, 1039 (5th Cir. 1994) (comparing constitutional mootness with equitable mootness).

## Conclusion

Because both Appellants have lost their standing to prosecute this appeal, and because a loss of both Appellants' standing renders this appeal constitutionally moot, this Court should dismiss this appeal.

Dated:  December 15, 2021

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Jordan A. Kroop (NY Bar No. 2680882)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
 jmorris@pszjlaw.com
 jkroop@pszjlaw.com
 gdemo@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

# CERTIFICATE OF COMPLIANCE WITH RULE 8013

The undersigned hereby certifies that this Motion complies with the type-volume limitation set by Rule 8013(f)(3) of the Federal Rules of Bankruptcy Procedure. This Motion contains 2,176 words.

*/s/ Zachery Z. Annable*
Zachery Z. Annable

## CERTIFICATE OF SERVICE

    I hereby certify that, on December 15, 2021, a true and correct copy of the foregoing Motion was served electronically upon all parties registered to receive electronic notice in this case via the Court's CM/ECF system.

                                                */s/ Zachery Z. Annable*
                                                Zachery Z. Annable

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THE DUGABOY INVESTMENT TRUST and GET GOOD TRUST, <br><br> Appellants, <br><br> vs. <br><br> HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br> Appellee. | § § § § § § § § § § § § § <br><br> Case No. 3:21-cv-02268-S |

## ORDER GRANTING APPELLEE'S MOTION TO DISMISS APPEAL AS MOOT

Before the Court is *Appellee's Motion to Dismiss Appeal as Moot* [Docket No. __] (the "Motion")[1] filed by Highland Capital Management, L.P., appellee ("Appellee" or "Highland") in the above-captioned appeal (the "Appeal"). Having considered (a) the Motion; (b) any responses to the Motion; (c) any reply in support of the Motion; and (d) the arguments made by parties on the record of any hearing on the Motion, the Court finds and concludes that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. § 158; (ii) Highland's notice of the Motion was appropriate under the circumstances and no other notice need be provided; and (iii) the legal and factual bases set forth in the Motion establish good cause for the relief granted herein. Accordingly, it is **HEREBY ORDERED THAT**:

    1.    The Motion is **GRANTED**.

    2.    The Appeal is hereby **DISMISSED** as being constitutionally moot.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

**It is so ordered** this _____ day of _____, 202__.

_____
The Honorable Karen G. Scholer
United States District Judge