# Appendix Exhibit 159

EFiled: May 05 2023 11:38AM EDT
Transaction ID 69960884
Case No. 2023-0493-

IN THE COURT OF CHANCERY
FOR THE STATE OF DELAWARE

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P.<br><br>Plaintiff,<br><br>-against-<br><br>SE MULTIFAMILY HOLDINGS LLC and HCRE PARTNERS, LLC (n/k/a NEXPOINT REAL ESTATE PARTNERS, LCC), in its capacity as the Manager of SE MULTIFAMILY HOLDINGS LLC,<br><br>Defendants. | C.A. No. |

### VERIFIED COMPLAINT FOR SPECIFIC PERFORMANCE
### TO INSPECT AND COPY BOOKS AND RECORDS

Plaintiff Highland Capital Management, L.P. ("Highland"), by and through its undersigned attorneys, for its *Verified Complaint for Specific Performance to Inspect and Copy Books and Records* against defendants SE Multifamily Holdings LLC ("SE Multifamily") and HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC), in its capacity as the Manager of SE Multifamily ("HCRE" or the "Manager" and with SE Multifamily, the "Defendants"), alleges as follows:

### NATURE OF ACTION

1.  Highland is a member of SE Multifamily and is forced to bring this action because the Defendants have unjustifiably refused to make available for

App. 3549

inspection and copying SE Multifamily's books and records as is required by SE Multifamily's *First Amended and Restated Limited Liability Company Agreement*, dated March 15, 2019, effective as of August 23, 2018 (a copy of which is attached hereto as **Exhibit 1** and is incorporated herein by reference) (the "Operating Agreement").

2. Highland seeks specific performance of Defendants' obligations under section 8.3 of the Operating Agreement because that is the only way Highland can obtain full, fair, and complete relief.

3. Highland also seeks recovery of its fees and expenses, including counsel fees and expenses, incurred in bringing this action.

## THE PARTIES

4. Plaintiff Highland is a Delaware limited partnership. Highland is an investment manager with its principal offices in Dallas, Texas. Highland filed for bankruptcy protection in the United States Bankruptcy Court for the District of Delaware on October 16, 2019 (the "Petition Date"), but the case was transferred to the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") in December 2019. Highland's then-management was subsequently replaced by order of the Bankruptcy Court, Highland's plan of reorganization (as amended) was later confirmed, and Highland emerged from bankruptcy as a reorganized entity on August 11, 2021.

5. Defendant SE Multifamily is a Delaware limited liability company with its principal offices in Dallas, Texas. Upon information and belief, SE Multifamily directly or indirectly owns real property in Florida and Texas.

6. Defendant HCRE is a limited liability company formed under the law of the State of Delaware with its principal offices in Dallas, Texas. Upon information and belief, HCRE is the Manager of SE Multifamily.

7. Non-party James Dondero ("Mr. Dondero") is an individual residing in Dallas, Texas. Mr. Dondero is (a) a co-founder of Highland, (b) controlled Highland until January 9, 2020, when he was forced to surrender control to an independent board as part of Highland's bankruptcy, and (c) has controlled (and continues to control) HCRE and SE Multifamily since each of those entities was formed.

## JURISDICTION

8. This Court has subject-matter jurisdiction over this action because Highland seeks equitable relief (*i.e.*, specific performance and recovery of fees and expenses incurred in connection with compelling performance) and has no adequate remedy at law; Defendants' breach of their obligations under section 8.3 of the Operating Agreement would continue indefinitely without the equitable remedy of specific performance.

9. This Court has personal jurisdiction over Defendants because they are both Delaware limited liability companies. 6 Del. C. § 18-105.

10. In addition, the parties irrevocably agreed to the exclusive jurisdiction of the courts of the State of Delaware, "expressly submitt[ed] to the personal jurisdiction and the venue of those courts," and "expressly waive[d] any claim of improper venue and any claim that those courts are an inconvenient forum." **Exhibit 1** § 10.6.

## FACTUAL ALLEGATIONS

### A. Company Background

11. Highland and HCRE are parties to that certain *SE Multifamily Holdings LLC, Limited Liability Company Agreement*, dated as of August 23, 2018 (the "Original Agreement"). Mr. Dondero signed the Original Agreement on behalf of both Highland and HCRE. Highland and HCRE were the only members of SE Multifamily at the time the Original Agreement was executed.

12. SE Multifamily was formed to, among other things, acquire, improve, manage, lease or otherwise deal in real estate-related investment property.

13. On March 15, 2019, Highland, HCRE, and BH Equities LLC ("BH Equities") amended the Original Agreement by entering into the Operating Agreement, effective as of August 23, 2018. The Original Agreement was amended to, among other things, admit BH Equities as a new member of SE Multifamily.

14. Pursuant to the Operating Agreement, (a) Mr. Dondero, in his capacity as an officer of HCRE, was appointed the Manager of SE Multifamily, and (b) the "management, control and direction of [SE Mulitfamily] and its operations, business and affairs [was] vested exclusively in the Manager . . ." *See* **Exhibit 1** §§ 3.1, 3.2.

15. Thus, based on the unambiguous terms of the Operating Agreement, the Manager has exclusive control of SE Multifamily. Upon information and belief, HCRE replaced Mr. Dondero as the Manager of SE Multifamily in 2019 (although Mr. Dondero has continued to control HCRE).

## B. Books & Records Request Background

16. Section 8.3 of the Operating Agreement grants to the Members of SE Multifamily—including Highland—a broad, unambiguous, and unconditional right to inspect and copy SE Multifamily's books and records:

> 8.3. <u>Place Kept; Inspection</u>. The books and records of the company shall be maintained at the principal place of business of the Company and ***all such books and records shall be available for inspection and copying at the reasonable request, and at the expense, of any Member*** during the ordinary business hours of the Company.

**Exhibit 1** § 8.3 (emphasis added).

17. Since its formation, SE Multifamily has participated in real estate transactions with an aggregate value of hundreds of millions of dollars and currently owns (directly and/or indirectly) substantial real property.

5

App. 3553

18. Since SE Multifamily was formed, the Manager has made all decisions concerning, among other things, (a) the management of SE Multifamily; (b) the allocation of profits and losses among the Members (as that term is defined in the Operating Agreement); (c) whether, when, and in what amounts to make distributions to the Members; and (d) the preparation of SE Multifamily's federal and state income tax returns (including the Members' Forms K-1).

19. On June 28, 2022, Highland sent a letter to HCRE requesting access to SE Multifamily's books and records (the "<u>Records Request</u>"). **Exhibit 2** at 2.

20. On July 1, 2022, HCRE's counsel informed Highland that the Records Request should be directed to SE Multifamily. Thus, on July 6, 2022, Highland attempted to hand-deliver (as permitted under Section 10.7 of the Operating Agreement) its Records Request to SE Multifamily. SE Multifamily refused delivery asserting that "only Mr. Dondero [was] authorized to accept" the delivery. *See* email communications set forth in **Exhibit 3**.

21. On July 7, 2022, Highland wrote to counsel for HCRE and Mr. Dondero, recounted SE Multifamily's improper refusal to accept delivery of the Records Request, and asked counsel to either acknowledge receipt of its email and propose a date for Highland's inspection of SE Multifamily's books and records, or confirm that none of them were authorized to accept service. *Id*.

22. On July 13, 2022, Mr. Dondero's counsel disclaimed responsibility, vaguely contending "I understand others are addressing this." HCRE's counsel never responded. *Id*. On July 22, Highland's counsel reiterated the Records Request. Again, Highland received no response. *Id*.

23. On October 4, 2022, during a deposition, Mr. Dondero was unable to identify any reason why Highland would not have the right to access and copy SE Multifamily's records.

24. On October 31, 2022, the night before Highland and HCRE were to begin a contested evidentiary hearing in the Bankruptcy Court concerning HCRE's claim that "all or a portion" of Highland's interest in SE Multifamily did not belong to it (the "Trial"), a new law firm emerged as counsel to SE Multifamily who claimed to be "reaching out to find out what exactly you are seeking." **Exhibit 4**.[1]

25. On December 28, 2022, after the Trial and post-trial briefing were completed and in response to SE Multifamily's request for specificity, Highland provided a detailed list of requested information:

    1. Consolidating financial statements: March 31, 2022, June 30, 2022, September 30, 2022, November 30, 2022 (if November is not yet available, then we request October 31, 2022).

---

[1] In hindsight, and based on the timing of the communication, SE Multifamily apparently had no intention of providing any information to Highland but "reach[ed] out" to avoid having the issue raised in the Bankruptcy Court during the Trial.

7

2. Historical distribution amounts to any members of SE Multifamily Holdings LLC listed by date, amount, and LLC unitholder.

3. Closing statement for the purchase of the Florida property in 2021.

4. Current rent roll for Florida property.

5. Monthly property-level reporting from the property manager for all properties that are still owned by SE Multifamily or its subsidiaries, starting with December 31, 2021 until most recent available.

6. For any debt outstanding (whether at the property or SE Multifamily level), list lender name, rate, current amount outstanding, and maturity. If there are other material features to the debt (conversion features, floating rate information, etc.) please note it.

7. For any notes receivable (affiliated or unaffiliated) or other receivables from affiliates at SE Multifamily or its subsidiaries, list borrower/affiliate name, rate (if applicable), current amount outstanding, and maturity. If there are other material features to the receivable (conversion features, floating rate information, etc.) please note it.

8. Copies of all valuations, marketing materials, PPA's, appraisals, or broker opinions of value obtained in 2021 or 2022 for all properties still owned by SE Multifamily or its subsidiaries.

9. Copies of all closing statements for all properties sold 2020-2022.

10. On an on-going basis, provide monthly financial statements for each month end, beginning December 31, 2022, along with property-level reporting from the property manager.

**Exhibit 4** (collectively, the "<u>Initial Specified Requests</u>").

8

26. Over the course of the next six weeks, counsel for Highland and SE Multifamily exchanged a series of communications in which SE Multifamily erected unjustifiable hurdles and advanced new and disingenuous arguments intended to prevent Highland from copying and inspecting SE Multifamily's books and records. *See generally* **Exhibits 4, 5, and 6**.

27. In sum, despite Highland's repeated Records Requests made over an eight-month period, SE Multifamily and its Manager have failed to grant Highland access to SE Multifamily's books and records as unambiguously required under the Operating Agreement. **Exhibit 1** § 8.3.

C. <u>**Additional Relevant Facts**</u>

28. The Trial conducted before the Bankruptcy Court concerned HCRE's contention that "all or a portion" of Highland's interest in SE Multifamily "may be" HCRE's property. On April 28, 2023, in an exhaustive 39-page decision (the "<u>Decision</u>"), the Bankruptcy Court rejected all of HCRE's contentions and confirmed that—as the parties always intended—Highland owns a 46.06% interest in SE Multifamily. **Exhibit 7**.

29. Finally, with the entry of the Decision, Highland seeks equitable relief here with a sense of urgency because (a) The Dugaboy Investment Trust—one of Mr. Dondero's "family trusts"—has reported to the Bankruptcy Court that the value of Highland's interest in SE Family inexplicably decreased from $20 million

to approximately $12 million within the last year; and (b) under Highland's plan of reorganization, Highland is required to monetize its assets and distribute the proceeds to creditors (after the satisfaction of all other estate obligations). HCRE's unjustifiable interference with Highland's information rights is preventing Highland from completing the Bankruptcy Court-approved plan, which was affirmed by the United States Court of Appeals for the Fifth Circuit.

30. Highland therefore requires copies of SE Multifamily's books and records to determine the value of its interest and whether HCRE has fulfilled its duties as Manager with respect to, among other things, (a) the management of SE Multifamily; (b) the allocation of profits and losses among the Members (as that term is defined in the Operating Agreement); (c) whether, when, and in what amounts and for what reason distributions have been made to the Members; and (d) the preparation of SE Multifamily's federal and state income tax returns (including the Members' Forms K-1).

## COUNT I
## SPECIFIC PERFORMANCE

31. Highland incorporates by reference all allegations (and the Exhibits upon which they are based) set forth in the preceding paragraphs.

32. Highland is a Member of SE Multifamily.

33. Section 8.3 of the Operating Agreement grants Members a broad and unconditional right to inspect and copy "all" of SE Multifamily's books and records.

34. In contrast to the rights granted under Delaware law (see 6 DEL. C. § 18-305), (a) Members seeking access to SE Multifamily's books and records under section 8.3 are not required to state the purpose of their request or take any other steps to enforce their rights, and (b) the Manager has no right to withhold information on the grounds of "confidentiality" or any other basis.

35. Highland's request to inspect and copy was reasonable because (a) the Initial Specified Requests were tendered in response to SE Multifamily's written inquiry; (b) the Records Request allowed sufficient time for SE Multifamily to produce the requested books and records, and (c) Highland indicated that it was flexible as to the timing and sequence of SE Multifamily's production of the books and records.

36. Defendants have engaged in a continuous pattern of conduct to evade their obligations under section 8.3 and placed unwarranted conditions and restrictions to Highland's Records Requests. *See* Exhibits 3-6.

37. Defendants have not provided any of SE Multifamily's books and records to Highland in response to the Records Requests or the Initial Specific Requests.

38. Highland has no adequate remedy at law because (a) no value can be placed on Highland's contractual right to copy and inspect SE Multifamily's books and records, and (b) Defendants' breach of their obligations under section 8.3 of the Operating Agreement will continue indefinitely in the absence of the equitable remedy of specific performance.

39. Highland therefore requests entry of an order requiring Defendants to permit Highland, its attorneys, and/or agents, to inspect and copy all of SE Multifamily's books and records, including but not limited to those responsive to the Initial Specified Requests.

40. Highland further requests that it be awarded recovery of its full fees, costs, and expenses, including attorneys fees, incurred in bringing this action for address HCRE's unjustifiable failure to comply with its unambiguous contractual obligations.

## CONCLUSION

Wherefore, Highland requests that the Court:

A.  Schedule a prompt final hearing to resolve the claim asserted herein;

B.  Order Defendants to make available for inspection and copying to Highland (a) within fourteen (14) calendar days of the entry of a final order resolving the claim asserted herein, all documents responsive to

the Initial Specified Requests, and (b) any other books and records of SE Multifamily that Highland may reasonably request in the future;

C. Award Highland its fees, costs, and expenses in connection with the prosecution of this action; and

D. Grant Highland such other and further relief as the Court may deem appropriate under the circumstances.

Words:  2,471

Dated: Wilmington, Delaware
May 5, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

By:  /s/ James E. O'Neill
James E. O'Neill (DE Bar No. 4042)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
Wilmington, DE 19899 (Courier19801)
Telephone:   302-652-4100
Email:   joneill@pszjlaw.com
crobinson@pszjlaw.com

*Attorneys for Plaintiff Highland Capital Management, LP*

OF COUNSEL:

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067

14