PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:   MHayward@HaywardFirm.com
         ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| Plaintiff, | § | |
| vs. | § | Adv. Proc. No. 21-03003-sgj |
| JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § | Case No. 3:21-cv-01010-E |
| Defendants. | § | |

---

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., §<br>§<br>Plaintiff, §<br>§<br>vs. §<br>§<br>NEXPOINT ADVISORS, L.P., JAMES §<br>DONDERO, NANCY DONDERO, AND §<br>THE DUGABOY INVESTMENT TRUST, §<br>§<br>§<br>Defendants. § | Adv. Proc. No. 21-3005-sgj<br><br>Case No. 3:21-cv-00880-C |

---

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., §<br>§<br>Plaintiff, §<br>§<br>vs. §<br>§<br>HIGHLAND CAPITAL MANAGEMENT §<br>SERVICES, INC., JAMES DONDERO, §<br>NANCY DONDERO, AND THE DUGABOY §<br>INVESTMENT TRUST, §<br>§<br>Defendants. § | Adv. Proc. No. 21-3006-sgj<br><br>Case No. 3:21-cv-01378-N |

---

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., §<br>§<br>§<br>Plaintiff, §<br>§<br>vs. §<br>§<br>HCRE PARTNERS, LLC (n/k/a NexPoint §<br>Real Estate Partners, LLC), JAMES §<br>DONDERO, NANCY DONDERO, AND §<br>THE DUGABOY INVESTMENT TRUST, §<br>§<br>§<br>Defendants. § | Adv. Proc. No. 21-3007-sgj<br><br>Case No. 3:21-cv-01379-X |

# TABLE OF CONTENTS

                                                                          Page

I.   PRELIMINARY STATEMENT ................................................................. 1

     A.   The Alleged Agreement Defendants admit to Plaintiff's Prima Facie Case ......... 3

     B.   Summary Judgment Should be Granted Dismissing the Alleged
          Agreement Defendants' Defense based on the Alleged Agreements .................. 4

          1.   No Reasonable Jury Could find that the Alleged
               Agreements Actually Existed .......................................... 5

               (i)    The Undisputed Facts in Support of Summary
                      Judgment ...................................................... 5

               (ii)   The Alleged Agreement Defendants purport to
                      contest Plaintiff's assertion that Nancy Dondero
                      was not competent to enter into the Alleged
                      Agreements (Compare Motion ¶¶ 96-97 with
                      Opposition ¶ 69-79). ........................................ 8

               (iii)  The Alleged Agreement Defendants purport to
                      contest Plaintiff's assertion that Highland did not
                      have a "standard practice" of forgiving loans
                      (Compare Motion ¶¶ 103-104 with Opposition ¶ 7)........ 10

               (iv)   The Alleged Agreement Defendants purport to
                      contest Plaintiff's assertion that the Alleged
                      Agreements were "secret" (Compare Motion ¶ 98
                      with Opposition ¶ 11-13, 45). ......................... 11

               (v)    The Alleged Agreement Defendants purport to
                      contest Plaintiff's assertion that Mr. Dondero failed
                      to specifically identify the Notes at issue (Compare
                      Motion ¶ 93 with Opposition ¶¶ 14-15)........................ 11

               (vi)   The Alleged Agreement Defendants' Contentions of
                      "waiver" and that they only made "periodic interest
                      payments" are false ...................................... 12

          2.   The Alleged Agreements are not support by Consideration........ 14

     C.   Summary Judgment Should be Granted Dismissing the Alleged
          Agreement Defendants' defense that Plaintiff Had an Obligation to Make
          the Payments Due under the SSAs without instruction or authority .................. 16

     D.   Summary Judgment Should be Granted Dismissing the Alleged
          Agreement Defendants' pre-payment defense.................................... 18

CONCLUSION................................................................................ 20

### PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST THE ALLEGED AGREEMENT DEFENDANTS[1]

Highland Capital Management, L.P., the reorganized debtor and the plaintiff in the above-captioned adversary proceedings ("Highland" or "Plaintiff"), hereby files its *Reply Memorandum of Law in Further Support of its Motion for Partial Summary Judgment Against the Alleged Agreement Defendants* (the "Reply") in response to *Defendants' Memorandum of Law in Response to Plaintiff's Motion for Partial Summary Judgment* (the "Opposition")[2] filed by defendants James Dondero, NexPoint Advisors, L.P. ("NexPoint"), Highland Capital Management Services, Inc. ("HCMS"), and HCRE Partners, LLC ("HCRE") (collectively, the "Alleged Agreement Defendants").  In further support of its Motion, Plaintiff states as follows:

## I.    PRELIMINARY STATEMENT

1.    In their Opposition, the Alleged Agreement Defendants (i) ignore substantial portions of the undisputed evidence supporting the Motion, (ii) unilaterally deem other material portions "irrelevant" solely because they cannot be disputed, and (iii) otherwise attempt to fabricate "disputes" on the basis of uncorroborated, self-serving declarations and snippets of testimony taken out of context.  Applying long-standing Fifth Circuit precedent, the Opposition is so "weak [and] tenuous on [the] essential fact[s]" and Plaintiff's undisputed, admissible evidence "is so overwhelming," that the Motion should be granted.

2.    The Opposition is noteworthy for at least three other reasons that cast considerable doubt on the veracity of the defenses being asserted and that evince utter disregard for this process.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

[2] *See* Adv. Pro. No. 21-03003 [Docket No. 154], Adv. Pro. No. 21-03005 [Docket No. 156], Adv. Pro. No. 21-03006 [Docket No. 157], and Adv. Pro. No. 21-03007 [Docket No. 152].

3.      ***First***, Mr. Dondero is so desperate to avoid repaying the money that he and his corporate affiliates indisputably borrowed from Highland that he and his sister have (if their testimony were to be believed) admitted to a litany of bankruptcy violations.  Specifically, they swear that they secretly entered into one of the Alleged Agreements (a) after the Petition Date, (b) while Mr. Dondero controlled the Debtor, (c) without seeking (let alone obtaining) this Court's permission, and (d) without disclosing the secret, unwritten Alleged Agreement to the Court or anyone else until after the commencement of litigation and confirmation of Highland's Plan.[3]  This tale is as brazen as it is unsurprising and unbelievable given Mr. Dondero's conduct throughout this case.  Either the Alleged Agreements are a complete fiction (as Plaintiff believes the admissible evidence conclusively proves) or Mr. Dondero and his sister have admitted to engaging in bankruptcy fraud by purportedly entering into a secret, post-petition agreement intended to divest the Debtor of millions of dollars in assets.

4.      ***Second***, in another audacious act intended to create chaos, the Corporate Obligors defiantly ignored multiple court Orders and did exactly what this Court told them they could not:  (a) offer expert opinions concerning Plaintiff's alleged duties under a written (and allegedly unwritten) Shared Services Agreement, and (b) press an affirmative defense that the Court prohibited after an evidentiary hearing.  Defendants' obstinate decision to ignore this Court's Orders is the subject of a separate motion being filed simultaneously with this Reply.[4]

---

[3] *See Declaration of James Dondero* ¶ 26, identified as Exhibit 1 to the *Appendix In Support of Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment* (the "Defendants' Appendix"), Adv. Pro. No. 21-03003, Docket No. 155 (citations to Defendant's Appendix are noted as "Def. Ex. __ at __, Def. Appx. at __"); and *Declaration of Nancy M. Dondero* ¶ 8, identified as Exhibit 2 in Defendants' Appendix.

[4] *See Plaintiff's Omnibus Motion (A) to Strike Certain Evidence and Arguments, (B) for Sanctions and (C) for an Order of Contempt* (the "Sanctions Motion") being filed simultaneously with this Reply.

5.      ***Finally***, the Opposition is noteworthy for its omissions.  Defendants offer ***no*** probative documents of any kind nor have they submitted ***any*** declarations in support of any affirmative defense from any disinterested person.  Frank Waterhouse -- Mr. Dondero's hand-picked Chief Financial Officer who simultaneously served (and continues to serve) as an officer of HCMFA and NexPoint and who remains responsible for accounting and finance -- is nowhere to be found.  In the end, the limited and self-serving evidence relied upon by the Alleged Agreement Defendants, including a handful of deposition citations, does nothing to create genuine disputes of material facts.

6.      Taken as a whole, the admissible evidence shows that the Alleged Agreements are fictitious.  Even if they weren't, they cannot be enforced due to a complete lack of consideration.  The "Shared Services Agreement" defense also fails (a) as a matter of law because NexPoint's Shared Services Agreement did not authorize (let alone require) Highland to make payments against the Term Notes without direction or instruction from the applicable makers, and (b) as a matter of fact because there is no dispute that the applicable makers ***never*** provided any such direction or instruction.  Finally, the "Pre-Payment" defense fails (i) as a matter of law based on the unambiguous provisions of the Term Notes, and (ii) as a matter of fact based on the undisputed documentary evidence and the facts set forth in Mr. Klos' Declarations.

7.      For the reasons set forth in the Motion, and those set forth herein, the Motion should be granted in its entirety.

**A.**     **The Alleged Agreement Defendants admit to Plaintiff's Prima Facie Case**

8.      In its Motion, Plaintiff cited to admissible evidence establishing (i) the existence of the Notes in question, (ii) that the Alleged Agreement Defendants signed each applicable Note, (iii) that Plaintiff is the legal owner and holder of each Note, and (iv) that a

certain balance is currently due and owing on each Note.  Plaintiff also established that, except for the date, the amount, the maker, and the interest rate, each of the Demand Notes and each of the Term Notes is identical.  Motion ¶¶ 19-37 (citing evidence).

9.      The Alleged Agreement Defendants do not dispute *any* of the foregoing facts. Indeed, Mr. Dondero has admitted that each of the Alleged Agreement Defendants borrowed funds from Highland in exchange for each of the applicable Notes.  J. Dondero Dec. ¶¶ 5-18, Def. Appx. at 4-12.[5]

10.     On the basis of the foregoing, the Court should recommend and report that Plaintiff has proven its prima facie case against the Alleged Agreement Defendants.

**B.      Summary Judgment Should be Granted Dismissing the Alleged Agreement Defendants' Defense based on the Alleged Agreements**

11.     In its Motion, Plaintiff offered a mountain of admissible evidence in support of its contentions that (a) no reasonable jury could find that the Alleged Agreements actually existed, and (b) even if one could, the Alleged Agreements cannot be enforced as a matter of law due to a lack of consideration.  Motion ¶¶ 39-53, 66-104 (citing evidence).

12.     In response, the Alleged Agreement Defendants fail to dispute any of the key facts cited by Plaintiff and instead attempt to create "disputed facts" largely by relying on the self-serving, unsupportable declarations of Mr. Dondero and his sister.  Those efforts are for naught.

---

[5] Mr. Dondero contends that each Note is an unsecured "soft note" that was not subject to a personal guaranty.  *See generally* J. Dondero Dec. ¶¶ 5-18, Def. Appx. at 4-12.  Whatever a "soft note" may be, these facts (even if credited) do nothing to void or mitigate the Alleged Agreement Defendants' obligations under their respective Notes.

### 1. No Reasonable Jury Could find that the Alleged Agreements Actually Existed

13.     Notwithstanding Mr. and Ms. Dondero's protests to the contrary, no reasonable jury could find that the Alleged Agreements actually exist or ever existed.

14.     Context is critical.  According to Mr. Dondero's expert, Alan Johnson, Highland paid Mr. Dondero approximately $1.7 million during the three-year period 2017-19 as Highland was hurtling towards bankruptcy.  Def. Ex. G at 19, Def. Appx. at 255.  During that same period, the Alleged Agreement Defendants tendered to Highland promissory notes with an aggregate face amount of more than $70 million in exchange for loans of equal value, all of which are purportedly subject to the Alleged Agreements entered into for the supposed purpose of motivating and potentially compensating Highland's allegedly underpaid executive, Mr. Dondero.  Dondero Dec. ¶¶ 5-18, Def. Appx. at 4-12; N. Dondero Dec. ¶ 10, Def. Appx. at 81-83.

(i)     The Undisputed Facts in Support of Summary Judgment

15.     Thus, the face amount of the Notes subject to the Alleged Agreements was more than *40 times* Mr. Dondero's direct cash compensation from Highland.  Given the enormity of Mr. Dondero's personal interest in the Alleged Agreements, a jury would reasonably expect Mr. Dondero to have (i) contemporaneously taken steps to make sure those Alleged Agreements were documented and disclosed to remove any impediment to enforcement, and (ii) immediately and accurately recited the relevant facts if enforcement was ever questioned.[6]

---

[6] Ms. Dondero and Dugaboy should have also been motivated to memorialize and disclose the terms and existence of the Alleged Agreements in order to protect themselves from second-guessing or claims of breach of fiduciary duty; to ensure that all stakeholders were aware of Highland's alleged obligations; and to increase the likelihood that Ms. Dondero's brother would reap the benefits of the alleged bargain.  But there is no dispute that Ms. Dondero *never* put anything in writing and *never* told a soul about the Alleged Agreements.  Ex. 25 (Responses to RFAs 1-6, 9-16,

16.     Yet, the evidence conclusively proves that the ***exact opposite*** occurred such that, except as described below, the Alleged Agreement Defendants are forced to ignore or deem "irrelevant" the following undisputed facts that plainly constitute admissions:

- All of the Notes (including the HCMFA Notes) were fully described in Highland's audited financial statements without discount or reference to the Alleged Agreements or any other defense, and those financial statements relied on Mr. Dondero's representation letters (Motion ¶¶ 39-55 (citing evidence));

- Highland carried all of the Notes (including the HCMFA Notes) as assets on its balance sheet without discount or reference to the Alleged Agreements or any other defense. (*Id.* ¶¶67, 70-72 (citing evidence));

- NexPoint and HCMFA informed the Retail Board in October 2020 that they were obligated to pay Highland under their respective Notes without discount or reference to the Alleged Agreements or any other defense.  (*Id.* ¶¶ 56-65 (citing evidence));[7]

- Highland included the Notes (including the HCMFA Notes) in every one of its Schedules and MORs filed with the Bankruptcy Court without discount or reference to the Alleged Agreements or any other defense. (*Id.* ¶¶ 66-72 (citing evidence));

- None of the Alleged Agreement Defendants objected to the Debtor's projected recovery on the Notes even though the Notes were described as substantial sources of recovery for creditors, and Mr. Dondero and his affiliated companies otherwise lodged myriad objections to the Plan. (*Id.* ¶¶ 73-78 (citing evidence));

- Even though Plaintiff had already commenced the Adversary Proceedings, the Alleged Agreement Defendants remained silent about the Alleged Agreements and all other defenses during the confirmation hearing, despite the fact that Mr. Dondero's counsel cross-examined

---

responses to Interrogatories 1-2, Appx. 538-542; Ex. 26 (Responses to RFAs 1-6, 9-16, responses to Interrogatories 1-2, Appx. 554-558); Motion ¶ 99 (citing evidence).

[7] Notably, on September 21, 2020, a month before the Advisors responded to the Retail Board (Ex. 59, Appx. 885), Plaintiff filed its *Disclosure Statement for the First Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1080] (the "Disclosure Statement").  The Disclosure Statement provided for the anticipated Reorganized Debtor to purse an asset monetization plan. Docket No. 1080 at 7.  Thus, if approved, and the Alleged Agreements actually existed, Mr. Dondero stood to gain tens of millions of dollars because the assets were certain to be sold by a third-party, one of the so-called "conditions subsequent."  A reasonable jury would expect Mr. Dondero and NexPoint to have informed the Retail Board that the obligations under the NexPoint Term Note were likely to be forgiven pursuant to the Alleged Agreements.

Mr. Seery about the Notes and offered arguments concerning them. (*Id.*);

- As described in detail below, Mr. Dondero, HCMS, and NexPoint paid nearly $40,000,000 to Highland from 2017-2019 on account of obligations due under promissory notes, something that would never happen if the Alleged Agreements actually existed;

- Even though they are all indisputably controlled by Mr. Dondero, HCMS, HCRE, and NexPoint all failed to disclose or rely upon the Alleged Agreements in their Original Answers. (*Id.* ¶ 81 (citing evidence));

- In his Original Answer, Mr. Dondero asserted that Plaintiff had already agreed that it "would not collect on the Notes" rather than assert that the Alleged Agreements were subject to "conditions subsequent." (*Id.*);

- After amending his Original Answer to adopt the "conditions subsequent" provision of the Alleged Agreements, Mr. Dondero failed to identify his sister as a person "likely" to have discoverable information even though he named fifteen (15) other people. (*Id.* ¶¶ 82-83 (citing evidence));

- Mr. Dondero initially swore that *he* entered into the Alleged Agreements on behalf of Highland, not Nancy. (*Id.* ¶¶ 84-85 (citing evidence));

- Mr. Dondero failed to initially identify his sister as someone he believed had "actual knowledge of each [Alleged] Agreement." (*Id.* ¶ 86 (citing evidence));

- Nancy Dondero failed to make any inquiry into any fact relevant to the Alleged Agreements, and simply accepted the few "facts" her brother fed her without question. (*Id.* ¶96 (citing evidence); N. Dondero Dec. ¶¶ 4-5, 9, Def. Appx. at 80-81, 83).

- With two legally irrelevant exceptions addressed below, Mr. and Ms. Dondero failed to disclose the terms or existence of the Alleged Agreements to *anyone*. (Motion ¶ 98 (citing evidence)).

- Mr. and Ms. Dondero failed to create *any* document, or even send a confirming e-mail, reflecting the terms or existence of the Alleged Agreements. (*Id.* ¶ 99 (citing evidence)); and

- Ms. Dondero made *no* attempt to negotiate any aspect of the Alleged Agreements with Mr. Dondero. (*Id.* ¶ 102 (citing evidence)).

17.     The Alleged Agreement Defendants do not (and cannot) contest any of the foregoing facts, every one of which was (i) directly contrary to Mr. Dondero's self-interest, and (ii) within Mr. Dondero's control to alter.  Instead, the Alleged Agreement Defendants either ignore the foregoing facts or deem them "irrelevant" on the ground that Plaintiff did not cite to any "legal authority" that any of them are dispositive or that the Alleged Agreement Defendants were required to take, or refrain from taking, any particular action.

18.     Predictably, the Alleged Agreement Defendants miss the point.  Viewed in isolation, none of the foregoing undisputed facts singularly proves that the Alleged Agreements are a fiction (although many, individually, come close).  Yet, when viewed together, there is only one reasonable conclusion: the Alleged Agreement Defendants will never be able to carry their burden of persuading a reasonable jury that the Alleged Agreements actually exist, particularly given the enormous stakes for Mr. Dondero, and the fact that the only evidence supporting their story is their own self-serving statements.

19.     While the foregoing undisputed admissions are more than enough to support Plaintiff's motion for summary judgment, the Alleged Agreement Defendants' attempts to fabricate genuine disputes of material fact fail.

(ii)     The Alleged Agreement Defendants purport to contest Plaintiff's assertion that Nancy Dondero was not competent to enter into the Alleged Agreements (*Compare* Motion ¶¶ 96-97 *with* Opposition ¶ 69-79).

20.     Relying on (a) Ms. Dondero's extensive admissions proving that she had neither the skillset nor the experience to enter into the Alleged Agreements without obtaining professional advice, and did ***nothing*** to educate herself about ***any*** issue concerning the Alleged Agreements, and (b) the expert testimony of Mr. Johnson confirming why her failure

to do so is fatal, Plaintiff established that Ms. Dondero was not competent to enter into the Alleged Agreements.  Motion ¶¶ 96-97 (citing evidence).

21.    In a vain attempt to create a "disputed fact," the Alleged Agreement Defendants rely **exclusively** on Ms. Dondero's conclusory and thread-bare Declaration.  In her Declaration, Ms. Dondero purports to disclose **everything** her brother told her (N. Dondero Dec. ¶ 4, Def. Appx. at 80-81), and **everything** she otherwise knew (N. Dondero Dec. ¶¶ 9-10, Def. Appx. at 83-84).  No reasonable jury could ever consider those disclosures and conclude that Ms. Dondero was sufficiently informed to enter into Alleged Agreements worth over $70 million or that there is any basis for her self-serving and conclusory statements that she had "all of the facts and information [she] considered necessary, reasonable, and appropriate" to enter into the Alleged Agreements and that she "appreciated the effect of what [she] was doing."  (N. Dondero Dec. ¶¶ 11-12, Def. Appx. at 84).[8]

22.    Ms. Dondero's Declaration is notable for one other thing:  she does not dispute a single fact set forth in paragraph 96 of the Motion, only Plaintiff's reasonable conclusions based on those facts.  The Alleged Agreement Defendants have failed to create a genuine dispute of material fact and will never be able to convince a reasonable jury that anyone in Ms. Dondero's position could have or would have entered into a series of agreements worth over $70 million under the circumstances.

---

[8] As described in detail below, if Ms. Dondero had done **any** due diligence, she would have learned, among other things, that (a) each of the three portfolio companies was already "**in the money**" when she supposedly entered into the Alleged Agreements thereby eliminating the supposed "motivation" that constituted the "consideration" Highland allegedly received; (b) Highland did not have a "standard practice" of forgiving loans; had not forgiven any loan in almost a decade; had never forgiven an affiliate loan; and had never forgiven a loan of more than $500,000; (c) Mr. Dondero earned millions of dollars per year from the Highland enterprise even though only a portion was allocated to Highland; and (d) had she consulted a compensation expert such as Mr. Johnson, Mr. Dondero was allegedly "undercompensated" by only $10-20 million for the seven-year period 2013-2019 (Def. Ex. G at 19, Def. Appx. at 255) rendering **completely gratuitous** a loan forgiveness program worth (at the time of entry) over $70 million.  This is in addition to the indisputable fact that Ms. Dondero simply did not have the authority to bind Highland.

      (iii)    <u>The Alleged Agreement Defendants purport to contest Plaintiff's assertion that Highland did not have a "standard practice" of forgiving loans (*Compare* Motion ¶¶ 103-104 *with* Opposition ¶ 7).</u>

23.     In its Motion, Plaintiff cited to audited financial statements and the undisputed testimony of Mr. Dondero and his expert, Mr. Johnson, to establish that (a) Highland has not forgiven a loan to anyone in the world since 2009, (b) the largest loan Highland has forgiven since 2008 was $500,000, (c) Highland has not forgiven a loan to Mr. Dondero since at least 2008, and (d) Highland has never forgiven in whole or in part any loan that it extended to any affiliate.  Motion ¶¶ 103-04 (citing evidence).

24.     The Alleged Agreement Defendants purport to contest these facts, relying on (a) Mr. Dondero's uncorroborated assertions (Opposition ¶ 7; J. Dondero Dec. ¶ 23, Def. Appx. at 13-14); and (b) snippets of transcripts from the depositions of David Klos and Kristin Hendrix.  Notably, the Alleged Agreement Defendants do not cite to *any* documents to support their contentions and the transcript citations actually support Plaintiff's assertions.[9]  In sum, the Alleged Agreement Defendants have failed to come forward with any admissible evidence to create a genuine dispute of a material fact.[10]

---

[9] The cited testimony of Ms. Hendrix and Mr. Klos (Opposition ¶ 7, n. 11) is consistent with Plaintiff's Motion on this point; indeed, Plaintiff urges the Court to review that testimony together with other portions of their testimony that the Alleged Agreement Defendants ignore.  Ex. 194 (Hendrix) at 133:5-23, Appx. 3160 (to Ms. Hendrix's knowledge going back fifteen years, Highland has *never* forgiven an affiliate loan; and any forgiven loan was *required* to be disclosed in HCMLP's audited financial statements); Ex. 195 (Klos) at 122:18-123:24, Appx. 3212 (to Mr. Klos' knowledge, Highland has *never* forgiven an affiliate loan; *no* loan has been forgiven for at least seven (7) years; and *no* loan was forgiven for more than $500,000).  *See also* Ex. 98 (Dondero) at 423:9-14, Appx. 1776 (Mr. Dondero could not identify a single intercompany loan that was ever forgiven as part of compensation).  The Court can also note from its own prior orders that Highland did not forgive the loan of Mr. Okada that was satisfied post-petition.

[10] The Alleged Agreement Defendants contend that Plaintiff has "recognize[ed]" or "conceded" that HCMLP "has forgiven loans to Jim Dondero in the past."  Opposition ¶¶ 7, 47.  Sadly, this is another fabrication.  In the quoted language, Plaintiff obviously referred to the year 2008 as the starting point because it only used audited financial statements in its examination of Mr. Johnson going back that far.  *See* Ex. 101 at 119:14-189:21, Appx. 1988-2005. Indeed, even Mr. Dondero does not contend that he ever received a loan from Highland that was forgiven in whole or in part.

        (iv)    <u>The Alleged Agreement Defendants purport to contest Plaintiff's
assertion that the Alleged Agreements were "secret" (*Compare*
Motion ¶ 98 *with* Opposition ¶ 11-13, 45).</u>

25.      With two irrelevant "exceptions," Defendants do not dispute that neither Mr.
Dondero nor his sister nor Dugaboy ever told ***anyone*** about the existence or terms of the
Alleged Agreements.  *Compare* Motion ¶ 98 *with* Opposition ¶¶ 11, 45.

26.      The two "exceptions" are irrelevant because they are vague, self-serving
statements insufficient to create a genuine dispute of material fact.  *See* Def. Ex. 1-D, Def.
Appx. at 74 (letter sent ***after*** the commencement of litigation that expressed Mr. Dondero's
"views" but omitted the words "agreement," "forgiveness," "contingency," "conditions
subsequent," "Nancy," and "Dugaboy"); Opposition ¶11, n.28 (even accepting Mr. Dondero's
statements as true, Mr. Dondero spoke to Mr. Waterhouse only in the context of settlement
discussions and failed to say "agreement," "forgiveness," "contingency," "conditions
subsequent," "Nancy," or "Dugaboy").[11]

        (v)    <u>The Alleged Agreement Defendants purport to contest Plaintiff's
assertion that Mr. Dondero failed to specifically identify the Notes
at issue (*Compare* Motion ¶ 93 *with* Opposition ¶¶ 14-15).</u>

27.      In its Motion, Plaintiff cited to evidence proving that Mr. Dondero never
identified the Notes that were subject to each Alleged Agreement during his discussions with
his sister.  Mr. Dondero's attempt to "correct the record" with his self-serving testimony
should be rejected.  *Compare* Ex. 99 at 79:6-81:23, Appx. 1832 *with* Opposition ¶¶ 14-15.
The relevant question and answer are unambiguous:

Q:     Mr. Dondero, during your discussions with the Dugaboy Trustee, did you
identify the Promissory Notes that were going to be the subject of each Agreement?

---

[11] Given Mr. Dondero's own words, his assertion that he "did not discuss every detail of the Agreements" with Mr.
Waterhouse is (to be quite charitable) an extraordinary understatement; he admittedly did not discuss ***any*** detail of the
Alleged Agreements with him.  *See* Ex. 99 at 167:10-168:3, Appx. 1854; Dondero Dec. ¶ 28, Def. Appx. at 15.

MS. DEITSCH-PEREZ: Object to form.

A:      No, not that I recall.

Ex. 99 at 79:6-12, Appx. 1832.

28.     Indeed, under continued questioning, Mr. Dondero **never** testified that he identified the Notes subject to the Alleged Agreements. *Id*. at 80:8-17, Appx. 1832 ("She was aware that they were notes due to Highland from a variety of entities."), 81:11-23, Appx. 1832 ("I can't sit here as I remember – as I sit here today and remember whether or not I specifically identified HCRE or not, you know; but she knew they were related entities.").

29.     Mr. Dondero's testimony speaks for itself.  His inability to provide unequivocal testimony on this issue is fatal given the undisputed facts that (i) Nancy Dondero never saw any Note signed by her brother or on behalf of an affiliate, (ii) no writing exists memorializing the terms of the Alleged Agreements, and (iii) no one contemporaneously created a list of the Notes subject to the Alleged Agreements.  *See* Motion ¶¶ 96 (fourth bullet point), 99 (citing evidence).

>                    (vi)     The Alleged Agreement Defendants' Contentions of "waiver" and
>                             that they only made "periodic interest payments" are false

30.     Mr. Dondero's assertions that Highland "waived" its right to collect on the Notes and that he only "intended to make periodic interest payments … until forgiveness actually occurred" is, once again, demonstrably false.  *See* J. Dondero Dec. ¶ 31, Def. Appx. at 16.  Between December 2017 and December 2019 (when Mr. Dondero supposedly entered into the Alleged Agreements), he and NexPoint and HCMS paid Highland nearly $40,000,000 on account of certain of the Notes at issue and other notes that Mr. Dondero tendered to Highland in exchange for loans:

| Borrower | Date | Amount | Exhibit |
| --- | --- | --- | --- |

12

| | | | |
|---|---|---|---|
| HCMS | 03/05/19 | $1,015,000 | 120 |
| HCMS | 08/09/19 | $550,000 | 121 |
| HCMS | 08/21/19 | $5,600,000 | 121 |
| HCMS | 12/30/19 | $65,360 | 122 |
| NexPoint | 03/29/19 | $725,000 | 120 |
| NexPoint | 04/16/19 | $1,300,000 | 117 |
| NexPoint | 06/04/19 | $300,000 | 123 |
| NexPoint | 06/19/19 | $2,100,000 | 118 |
| NexPoint | 07/09/19 | $630,000 | 119 |
| NexPoint | 08/13/19 | $1,300,000 | 121 |
| NexPoint | 12/09/19 | $1,518,575 | 122 |
| NexPoint | 12/30/19 | $530,112 | 122 |
| Dondero | 12/08/17 | $677,501 | 106 |
| Dondero | 12/18/18 | $2,000,000 | 107 |
| Dondero | 12/19/19 | $782,623 | 107 |
| Dondero | 02/14/19 | $3,000,000 | 108 |
| Dondero | 03/13/19 | $5,000,000 | 109 |
| Dondero | 05/02/19 | $2,400,000 | 110 |
| Dondero | 05/03/19 | $4,400,000 | 110 |
| Dondero | 05/07/19 | $600,000 | 110 |
| Dondero | 05/23/19 | $1,500,000 | 110 |
| Dondero | 06/17/19 | $3,000,000 | 111 |
| Dondero | 12/23/19 | $783,012 | 112 |
| | | **$39,777,183** | |

*See also* Ex. 38, Appx. 798, Ex. 73, Appx. 1337.

31.    These payments (a) prove that the Alleged Agreements are fictitious because they cannot be reconciled with Mr. Dondero's claim that he only intended to make "periodic interest payments" (which themselves were not required under the Demand Notes) or the existence of the Alleged Agreements, (b) show that Mr. Dondero actually paid off in full two other Notes (making even more important Mr. Dondero's failure to identify the Notes to his sister or to recall the Notes subject to each Alleged Agreement), and (c) the Court cannot credit any "course of dealing" defense because Mr. Dondero clearly used Highland and its related entities as piggybanks, shifting money from one pocket to another as he wished prior to the Petition Date.

32.     All of that changed with Highland's bankruptcy filing.  Mr. Dondero still apparently has not come to grips with the fact that when he caused Highland to file, he lost control of Highland, others assumed responsibility for its operations, and business could no longer be carried on "as usual" with Mr. Dondero's personal interests carrying the day.

### 2.     <u>The Alleged Agreements are not support by Consideration</u>

33.     According to the Alleged Agreement Defendants, all of the Notes were to be forgiven if either (a) Mr. Dondero sold one of three "portfolio" companies "for greater than cost" (the "<u>Dondero Sale Contingency</u>") or (b) the portfolio companies were sold "on a basis outside of Defendant James Dondero's control" (the "<u>Third Party Contingency</u>").  *See, e.g.*, Ex. 31 ¶ 82, Appx. 655.

34.     Plaintiff cited to admissible evidence establishing that even if a fact-finder found that the Alleged Agreements existed, they are unenforceable as a matter of law due to a lack of consideration.  ¶¶ 100-101.

35.     In response, Alleged Agreement Defendants repeat their contention that the Alleged Agreements were intended to serve as "an incentive for Jim Dondero to work particularly diligently" and to otherwise "motivate and retain" him.  Opposition ¶ 10; J. Dondero Dec. ¶ 24, Def. Appx. at 14; N. Dondero Dec. ¶ 10, Def. Appx. at 83-84. [12]  Not only is this facially absurd, it is also irrelevant because the Dondero Sale Contingency will ***never*** occur. [13]

---

[12] Significantly, even Defendants' "incentive" concept of consideration is completely illusory.  Had Ms. Dondero bothered to ask, her brother would have told her that the value of each of the portfolio companies was either "substantially higher" or "moderately higher" than Highland's cost of acquisition at the time the Alleged Agreements were entered into.  Unsurprisingly, Mr. Dondero could not recall sharing this information with his sister.  Ex. 99 at 74:4-75:19, Appx. 1831.

[13] The Alleged Agreement Defendants also contend that Highland "benefitted from the Agreements by not paying Jim Dondero higher base compensation, something Jim Dondero thought was 'great for the [Plaintiff] at the time,'" and "reduces other compensation [that he would have otherwise taken]."  Opposition ¶ 10.  The Alleged Agreement Defendants have it backwards.  The loans were a benefit to Mr. Dondero, not Highland, because they ostensibly

36.     Instead, the portfolio companies will be sold by the Reorganized Highland and (assuming the Alleged Agreements actually exist) the Third Party Contingency would apply. However, there is **no** evidence in the record establishing that Highland will receive anything of value in that scenario.  Indeed, Ms. Dondero testified as follows:

> Q:     Did you expect Highland to benefit if the portfolio companies were sold on a basis outside of Mr. Dondero's control?
>
> A:     I have no idea, John.
>
> Q:     Did you have any idea – did you or Dugaboy have any idea when you entered into the agreement if Highland would benefit from the sale of the portfolio companies on a basis outside of Mr. Dondero's control?
>
> A:     I wouldn't know that.

Ex. 100 at 203:7-18, Appx. 1925.

37.     In short, the Alleged Agreement Defendants have failed to come forward with **any** admissible evidence showing the consideration Highland received in exchange for forgiving over $50 million in Notes when the portfolio companies are sold in accordance with Highland's confirmed Plan of Reorganization (*i.e.,* the Third Party Contingency) (because there is no conceivable benefit).

38.     Separately, Mr. Dondero's expert, Mr. Johnson, again supports Plaintiff's position, this time that the Alleged Agreements fail due to a lack of consideration.  Mr. Johnson initially concluded that for the seven-year period from 2013 through 2019, Mr. Dondero's alleged "compensation shortfall" was approximately $21 million – or only about (i) 30% of the original aggregate face amount of the Notes ($70 million) or (ii) 40% of the

---

allowed him to defer the realization of income and the concomitant payment of personal income taxes.  Highland, on the hand, still transferred over $70 million in capital in the form of loans and was forced to defer the realization of the expense that would have reduced its taxable income.  This whole scheme was for Mr. Dondero's sole benefit.

current principal due on the Notes ($50 million).  *See* Def. Ex. G at 19, Def. Appx. 255.[14]  But even Mr. Johnson's initial conclusion was grossly overstated because Mr. Dondero failed to disclose to Mr. Johnson millions of dollars in compensation he received from the Highland, largely in the form of stock options.

39.    The Alleged Agreement Defendants offer no argument, let alone admissible evidence, showing that Highland received fair consideration in forgiving $50-70 million in loans (depending on the timing) when Mr. Dondero's own expert calculated that his alleged compensation "shortfall" was only between $10-20 million.

**C.    Summary Judgment Should be Granted Dismissing the Alleged Agreement Defendants' defense that Plaintiff Had an Obligation to Make the Payments Due under the SSAs without instruction or authority**

40.    In its Motion, Highland established that (a) its Shared Services Agreement with NexPoint did not authorize, let alone require, Highland to make payments under the NexPoint Term Note without receiving instruction or direction from an authorized representative of NexPoint, and (b) Highland never received and such instruction or direction in December 2020.  Motion ¶¶ 123-126 (citing evidence).

41.    In response, Mr. Dondero insists that Highland was "responsible" for making the payment due on December 31, 2020, and he "fully expected" Highland to make the payment, but there is absolutely nothing to corroborate these self-serving statements.

---

[14] Mr. Johnson prepared his report in the spring of 2021 before the corporate affiliates adopted Mr. Dondero's "conditions subsequent" defense.  As a result, Mr. Johnson was never told that the affiliate notes were part of the Alleged Agreements.  Mr. Johnson's report thus provides further confirmation that the Alleged Agreements are completely fictitious because the Alleged Agreement Defendants will never be able to credibly explain to a jury (a) why they failed to disclose the affiliate loans to Mr. Johnson, or (b) why there is a gap of tens of millions of dollars between the face value of the Notes subject to the Alleged Agreements (*i.e.*, more than $70 million when issued) and Mr. Johnson's conclusion (*i.e.*, Mr. Dondero was undercompensated by $21 million), let alone after his conclusion is properly adjusted downwards by the millions of dollars of compensation Mr. Dondero failed to disclose to him.

Dondero Dec. ¶¶ 32-39, Def. Appx. at 16-19.   And the overwhelming, objective and
undisputed facts show that his "expectations" are misplaced, at best:

- Try as they might, the Term Note Defendants have yet to identify any
  provision under NexPoint's Shared Services Agreement that required
  (or even authorized) Highland to make the payments required under the
  Term Notes;

- Mr. Waterhouse was NexPoint's Treasurer who also oversaw
  Highland's accounting department, yet he offers nothing on the topic
  and remains gainfully employed on behalf of Mr. Dondero's enterprise;
  and

- Ms. Hendrix testified without qualification that while she made
  "overhead" payments in the ordinary course, she would never effectuate
  an intercompany transfer without direction or instruction from
  Mr. Dondero or Mr. Waterhouse.

42.   But the best evidence that Mr. Dondero's statements are false is Highland's
contemporaneous conduct.   On December 3, 2020, Highland sent letters demanding that
HCMS, HCRE, and HCMFA pay, in the aggregate, over $13.5 million under the applicable
Demand Notes.  Ex. 1 (Exhibit 3); Ex. 3 (Exhibit 5); Ex. 4 (Exhibit 5).  If Highland believed
that it had the right, let alone the obligation, to make payments on behalf of the Term Note
Defendants, it surely would have grabbed the money while it could.  And had it done so,
Mr. Dondero surely would have protested loudly.  But none of that occurred because Highland
did not have the right, let alone the obligation, to take money for itself without direction or
instruction from the maker.

43.   By December 30, 2020, (a) Mr. Dondero had been terminated from Highland,
(b) Highland had obtained a TRO against Mr. Dondero, (c) Highland was managed by an
Independent Board and was no longer affiliated with NexPoint, HCRE, or HCMS, (d)
Highland had already made demands under all of its Demand Notes, and (e) Highland had
given notice of termination of the Shared Services Agreements.

44.     Given that the Term Notes Defendants cannot identify any provision in the Shared Services Agreement requiring Highland to effectuate the payments under the Term Notes, no jury could reasonably credit Mr. Dondero's "expectations" that Highland would do anything more than required under the circumstances.[15]

## D.    Summary Judgment Should be Granted Dismissing the Alleged Agreement Defendants' pre-payment defense

45.     Plaintiff offered overwhelming evidence to establish that the "pre-payment" defense is meritless as a matter of law and as a matter of fact.  Motion ¶ 128 (citing evidence). In response, NexPoint and HCMS attempt to create ambiguities where none exist and rely on a "course of conduct" that is not supported by any admissible evidence and could not serve to amend the Term Notes in any event.

46.     NexPoint and HCMS go to great lengths to try to impose ambiguities in the Notes.  Opposition ¶¶ 103-112.  But if the plain and ordinary terms are given their plain and ordinary meanings, those efforts fail.  There is no dispute that the makers (a) were required to make Annual Installments and (b) had the right to make "prepayments."  *See, e.g.,* Klos Dec. Ex. A § 2.1, 3.  The only question is how "prepayments" were to be applied.  Section 3 of the Term Notes provides the answer:

> 3.  Prepayment Allowed; Renegotiation Discretionary.  Maker may prepay in whole or in part the unpaid principal or accrued interest of this Note.  **Any payments on this Note shall be applied first to**

---

[15] Mr. Dondero's self-serving contention that HCMS and HCRE had "oral" or "unwritten" shared services is shameful. Why would that be the case?  Why would Highland obligate itself to provide free services to those entities when NexPoint and HCMFA were paying millions of dollars for the same services?  Why didn't HCMS and HCRE file an administrative claim against Highland like HCMFA and NexPoint?  Or did Highland continue to service HCMS and HCRE but not HCMFA or NexPoint?  Was Highland's "oral agreement" assumed or rejected?  When did Highland give notice of termination, if it ever did?  No document exists reflecting the terms or existence of these "oral agreements" because they do not exist.  Highland's employees may have performed services for these entities when Mr. Dondero controlled them; but that does not prove an enforceable agreement existed, let alone one that authorized and required Highland to pay itself at a time they were in an adversarial position.

> **unpaid accrued interest hereon, and then to unpaid principal hereof.**

*Id.*

47.     This section unambiguously provides that (a) "Prepayment[s] [are] Allowed;" (b) "Renegotiation [is] Discretionary;" (c) prepayments of "unpaid principal or accrued interest" are permitted; and (d) payments "shall be applied first to unpaid accrued interest hereon, and then to unpaid principal."

48.     NexPoint's attempt to create an ambiguity out of the words "accrued interest" fails for the simple reason that it is used in the past tense; it cannot possibly be interpreted to apply to future interest.[16]  And while the parties' "course of dealing" is consistent with Section 3, it cannot serve as an "amendment" to the plain terms of the Notes – particularly after the Petition Date when Mr. Dondero ceded control to an Independent Board, Highland was no longer formally affiliated with NexPoint, HCRE, or HCMS, and there is no evidence that any understanding was reached on these matters.

49.     NexPoint's "pre-payments" were previously addressed by Mr. Klos (Klos Dec. ¶¶ 8-14), and NexPoint comes forward with _no_ evidence to rebut his sworn and admissible Declaration.[17]

50.     HCMS fares no better.   When Mr. Dondero controlled both HCMS and Highland, he exercised the right under Section 3 to "renegotiate" the application of

---

[16] Because there is no ambiguity, the litany of cases cited by NexPoint are simply inapplicable.

[17] NexPoint has no admissible evidence to support its defense but it does create multiple strawmen.  Plaintiff does not dispute that Prepayments are possible, nor does it dispute that at year end 2017, 2018, and 2019, NexPoint "never made the full" Annual Installment payment in December.  Opposition ¶ 106.  The question is why NexPoint made any payment at all.  And the answer is simple: applying the unambiguous terms of Section 3, NexPoint's prepayments were "applied first to unpaid accrued interest thereon, and then to unpaid principal."  Thus, the payments made in December of each year equaled all interest that *accrued* between the date each prepayment was made and year end. That is the indisputable course of dealing; neither NexPoint nor HCMS had any basis to believe that it could forego paying interest.

prepayments.  But even then, ***under his watch***, HCMS ***still*** made its interest payment at year end 2019 -- even though HCMS had paid off millions of dollars in principal just months earlier.

51.     If Mr. Dondero and HCMS truly believed that HCMS's pre-payments applied to eliminate ***all*** future obligations of principal and interest, they never would have paid (a) $65,360.49 on 12/31/19 (when Mr. Dondero was in control of both entities), (b) $181,226.83 on January 21, 2021 (in an effort to "cure" the default even though the HCMS Term Note provides no cure rights); or (c) the payment due at year end 2021 (Klos Reply Dec. ¶¶ 1-7).  And that eliminates any dispute of fact.

## <u>CONCLUSION</u>

For the foregoing reasons, and for those set forth in the Motion, the Memorandum of Law in support of the Motion, and Plaintiff's Appendix, Plaintiff respectfully requests that the Court (a) grant the Motion in all respects, (b) provide Plaintiff with a reasonable opportunity to present all of its costs and fees incurred in connection with collection, and (c) grant such other and further relief as the Court deems just and proper.

Dated:  February 7, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        hwinograd@pszjlaw.com


-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
        ZAnnable@HaywardFirm.com


*Counsel for Highland Capital Management, L.P.*

DOCS_NY:45091.5 36027/003

21

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
          jmorris@pszjlaw.com
          gdemo@pszjlaw.com
          hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:   MHayward@HaywardFirm.com
          ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

---------------------------------------------------------------------

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Adv. Proc. No. 21-03003-sgj |
| JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § § § § | Case No. 3:21-cv-01010-E |
| Defendants. | § § § | |

---------------------------------------------------------------------

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § |
| | § |
| Plaintiff, | § Adv. Proc. No. 21-3005-sgj |
| | § |
| vs. | § |
| | § |
| NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § Case No. 3:21-cv-00880-C |
| | § |
| | § |
| | § |
| Defendants. | § |

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § |
| | § |
| Plaintiff, | § Adv. Proc. No. 21-3006-sgj |
| | § |
| vs. | § |
| | § |
| HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § Case No. 3:21-cv-01378-N |
| | § |
| | § |
| | § |
| Defendants. | § |

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § |
| | § |
| | § |
| Plaintiff, | § Adv. Proc. No. 21-3007-sgj |
| | § |
| vs. | § |
| | § Case No. 3:21-cv-01379-X |
| HCRE PARTNERS, LLC (n/k/a NexPoint Real Estate Partners, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § |
| | § |
| | § |
| | § |
| | § |
| Defendants. | § |

**APPENDIX IN SUPPORT OF PLAINTIFF'S REPLY MEMORANDUM**
**OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR PARTIAL**
**SUMMARY JUDGMENT AGAINST THE ALLEGED AGREEMENT DEFENDANTS**

| Ex. | Description | Appx. # |
|:---:|:---|:---:|
| 1. | Reply Declaration of David Klos in Further Support of Highland Capital Management L.P.'s Motion for Partial Summary Judgment | 1-6 |
| 2. | Stipulation Governing the Admissibility of Evidence in Connection with Plaintiff's Motion for Partial Summary Judgment **(Adv. Pro. No. 21-3003, <mark>Docket No. 128</mark>)** | 7-26 |

Dated:  February 7, 2022.                    **PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*

Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

# EXHIBIT 1

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
        ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| Plaintiff, | § | |
| vs. | § | Adv. Proc. No. 21-03003-sgj |
| JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § | Case No. 3:21-cv-01010-E |
| Defendants. | § | |

DOCS_NY:45115.2 36027/003

**Appx. 00002**

| | § | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | Adv. Proc. No. 21-3005-sgj |
| | § | |
| vs. | § | |
| | § | |
| NEXPOINT ADVISORS, L.P., JAMES | § | Case No. 3:21-cv-00880-C |
| DONDERO, NANCY DONDERO, AND | § | |
| THE DUGABOY INVESTMENT TRUST, | § | |
| | § | |
| Defendants. | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | Adv. Proc. No. 21-3006-sgj |
| | § | |
| vs. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT | § | Case No. 3:21-cv-01378-N |
| SERVICES, INC., JAMES DONDERO, | § | |
| NANCY DONDERO, AND THE DUGABOY | § | |
| INVESTMENT TRUST, | § | |
| | § | |
| Defendants. | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| | § | |
| | § | Adv. Proc. No. 21-3007-sgj |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | Case No. 3:21-cv-01379-X |
| HCRE PARTNERS, LLC (n/k/a NexPoint | § | |
| Real Estate Partners, LLC), JAMES | § | |
| DONDERO, NANCY DONDERO, AND | § | |
| THE DUGABOY INVESTMENT TRUST, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**REPLY DECLARATION OF DAVID KLOS IN FURTHER SUPPORT OF HIGHLAND
CAPITAL MANAGEMENT L.P.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

I, David Klos, pursuant to 28 U.S.C. § 1746, under penalty of perjury, declare as follows:

1.      I am the Chief Financial Officer ("CFO") of the reorganized Highland
Capital Management, L.P. ("Highland"), and I submit this Declaration in support of *Highland
Capital Management, L.P.'s Motion for Partial Summary Judgment* (the "Motion").   This
Declaration is based on my personal knowledge.   I could and would testify to the facts and
statements set forth herein if asked or required to do so.

2.      I write to correct the speculative and uniformed arguments advanced by
Highland Capital Management Services, Inc. ("HCMS) in connection with its "pre-payment"
defense.  *See Defendants' Memorandum of Law in Response to Plaintiff's Motion for Partial
Summary Judgment* (the "Opposition") Adv. Pro. 21-03003, Docket No. 154 ¶¶ 103-117.

3.      The argument that Highland's failure to call a "default" because HCMS
made its Annual Installment payment on December 30, 2019 rather than December 31, 2019, is
not serious.  As the HCMS Amortization Schedule conclusively shows, HCMS paid ***all*** interest
due on December 30, 2019 (in other words, one day early), which included one extra day of
interest, such that zero interest was outstanding on December 31, 2019.  This payment was made
and applied in accordance with Mr. Dondero's direction (at a time when he still controlled both
HCMS and Highland) and was completed to ensure that HCMS's Note had no interest outstanding
as of December 31, 2019.

4.      Mr. Dondero's direction to make the payment, the application of the
payment to all interest due through year end, and the payment itself (if anyone tries to deny the
direction was given) conclusively establish that HCMS knew that all interest due as of December

31, 2019 was required to be paid notwithstanding any prior "pre-payment." Stated another way, if HCMS actually believed that no payments were due at the end of the year because of prior "pre-payments," then why did they effectuate a payment of $65,360.49 on December 30 – an amount precisely equal to all accrued and unpaid interest through the end of the year?

5.    As HCMS's Amortization Schedule conclusively shows, HCMS was current on its obligations under the HCMS Term Note as of December 31, 2019. All "prepayments" had been fully applied to principal and interest such that HCMS's accrued interest balance was $0. No other payments were made on account of HCMS' Term Note until January 21, 2021, three weeks after the due date and after Highland declared a default.

6.    Prior to the Petition Date, while HCMS and Highland were both controlled by Mr. Dondero, certain payments were applied to include short-term prepayments of interest, which is expressly provided for within the terms of the Term Note. This is precisely the type of "renegotiation" that was permitted under section 3 of the HCMS Term Note. But as the Amortization Schedule shows, these prepayments never exceeded one year and the reason that no payment occurred on December 31st in 2017 and 2018 was precisely because no accrued interest was outstanding on December 31, 2017 or December 31, 2018, having each been paid within months of year-end. HCMS's suggestion that payments made in 2017 and 2018 were intended to relieve HCMS of all future interest obligations multiple years into the future is undercut by a complete lack of evidence and documentation – precisely because none exists.

7.    No payments were timely received on or before December 31, 2020, and the Note was properly accelerated. Late payments received after acceleration in January 2021 (which payments were due in December 2020), and December 2021, each which included the amounts of interest and principal accrued and owing on December 31 of year-ends 2020, and

2021, respectively, were applied to the accelerated principal amount of the Note and accrued

interest thereon in accordance with its terms.

Dated: February 7, 2022

_____/s/ David Klos_____
David Klos

# EXHIBIT 2

Case 21-03003-sgj   Doc 160   Filed 02/07/22   Entered 02/07/22 23:35:02   Desc Main
Case 3:21-cv-00881-X   Document 176-10   Filed 01/09/24   Page 36 of 131   PageID 26515
Case 21-03003-sgj   Doc 128   Filed 12/17/21   Entered 12/17/21 16:30:42   Page 1 of 19

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
         rfeinstein@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:   MHayward@HaywardFirm.com
         ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Adv. Proc. No. 21-03003-sgj |
| JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § § § § | Case No. 3:21-cv-01010-E |
| Defendants. | § § | |
| | § | |

Case 21-03003-sgj    Doc 160    Filed 02/07/22    Entered 02/07/22 23:35:02    Desc Main
Case 3:21-cv-00881-X    Document 170-10    Filed 11/09/430    Page 37 of 131    PageID 26516
Case 21-03003-sgj    Doc 128    Filed 12/17/21    Entered 12/17/21 16:30:42    Page 2 of 19

---

| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| | § | |
| | § | Adv. Proc. No. 21-3004 |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | Case No. 3:21-cv-00881-X |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | |

---

| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| | § | |
| Plaintiff, | § | Adv. Proc. No. 21-3005 |
| | § | |
| vs. | § | |
| | § | |
| NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § | Case No. 3:21-cv-00880-C |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

---

| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| | § | |
| Plaintiff, | § | Adv. Proc. No. 21-3006 |
| | § | |
| vs. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § | Case No. 3:21-cv-01378-N |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

---

Case 21-03003-sgj    Doc 160    Filed 02/07/22    Entered 02/07/22 23:35:02    Desc Main
Case 3:21-cv-00881-X    Document 170-10    Filed 09/09/21    Page 38 of 131    PageID 26517
Case 21-03003-sgj Doc 128 Filed 12/17/21    Entered 12/17/21 16:30:42    Page 3 of 19

--------------------------------------------------------

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § |
| | § |
| Plaintiff, | § Adv. Proc. No. 21-3007 |
| | § |
| vs. | § |
| | § |
| HCRE PARTNERS, LLC (n/k/a NexPoint | § Case No. 3:21-cv-01379-X |
| Real Estate Partners, LLC), JAMES | § |
| DONDERO, NANCY DONDERO, AND | § |
| THE DUGABOY INVESTMENT TRUST, | § |
| | § |
| Defendants. | § |

--------------------------------------------------------

### STIPULATION GOVERNING THE ADMISSIBILITY OF EVIDENCE IN CONNECTION WITH PLAINTIFF'S MOTION FOR <u>PARTIAL SUMMARY JUDGMENT</u>

This Stipulation is entered into between and among Highland Capital Management, L.P., the plaintiff (the "<u>Plaintiff</u>") in the above-referenced adversary proceedings (the "<u>Adversary Proceedings</u>"), on the one hand, and James Dondero ("<u>Mr. Dondero</u>"), Highland Capital Management Fund Advisors, L.P. ("<u>HCMFA</u>"), NexPoint Advisors, L.P. ("<u>NexPoint</u>"), Highland Capital Management Services, Inc. ("<u>HCMS</u>"), and HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC) ("<u>HCRE</u>" and together with Mr. Dondero, NexPoint, and HCMS, the "<u>Defendants</u>," and Plaintiff and Defendants together, the "<u>Parties</u>") on the other hand.

### <u>RECITALS</u>

WHEREAS, on January 22, 2021, Plaintiff commenced the Adversary Proceedings against each respective Defendant; and

WHEREAS, Plaintiff subsequently amended its pleading to add additional claims and parties (collectively, the "<u>Amended Complaints</u>"); and

Case 21-03003-sgj    Doc 160    Filed 02/07/22    Entered 02/07/22 23:35:02    Desc Main
Case 3:21-cv-00881-X    Document 170-1    Filed 05/06/80    Page 39 of 131    PageID 26518
Case 21-03003-sgj Doc 128 Filed 12/17/21    Entered 12/17/21 16:30:42    Page 4 of 19

WHEREAS, on December 17, 2021, Plaintiff will move for partial summary judgment against each of the Defendants on the First and Second Claims for Relief set forth in the Amended Complaints (the "<u>Motion</u>"); and

WHEREAS, the Parties have conferred concerning the admissibility of certain documents that Plaintiff intends to offer into evidence in support of its Motion, and counsel to the Parties pledge to continue to confer in good faith on all evidentiary issues that may arise in connection with Defendants' opposition to the Motion and Plaintiff's reply.

### **<u>STIPULATION</u>**

NOW, THEREFORE, in consideration of the foregoing, the parties agree and stipulate as follows:

1.      Attached as **<u>Exhibit A</u>** is Plaintiff's Exhibit List that identifies each document that Plaintiff intends to offer into evidence in support of the Motion (collectively, the "<u>Exhibits</u>").

2.      The Parties agree that all Parties, and not just the Plaintiff, can use the Exhibits that are agreed to in this Stipulation with respect to admissibility.

3.      The Defendants, individually and collectively, have no objection to the admission into evidence of any of the Exhibits, except Exhibits 38, 73, 78, 94-101, 105, and 192-195.

**Appx. 00011**

Case 21-03003-sgj    Doc 160    Filed 02/07/22    Entered 02/07/22 23:35:02    Desc Main
Case 3:21-cv-00881-X    Document 176-10    Filed 01/09/24    Page 40 of 131    PageID 26519
Case 21-03003-sgj    Doc 128    Filed 12/17/21    Entered 12/17/21 16:30:42    Page 5 of 19

Dated:  December 17, 2021

CONSENTED AND AGREED TO BY:


/s/ John A. Morris

John A. Morris *(pro hac vice)*
(NY Bar No. 266326)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone:  (310) 277-6910
Email: jmorris@pszjlaw.com

*Attorneys for Debtor Highland Capital*
*Management, LP*

/s/ Davor Rukavina

Davor Rukavina (TX Bar No. 24030781)
Julian P. Vasek (TX Bar No. 24070790)
MUNSCH HARDT KOPE & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
Telephone:  (214) 855-7500
Email: drukavina@munsch.com
          jvasek@munsch.com

*Attorneys for Defendant NexPoint Advisors, L.P.*


/s/ Michael P. Aigen

Deborah Deitsch-Perez (TX Bar No. 24036072)
Michael P. Aigen (TX Bar No. 24012196)
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone:  (214) 560-2201
Email: Deborah.deitschperez@stinson.com
          Michael.aigen@stinson.com

*Attorneys for NexPoint Advisors, L.P., Highland*
*Capital Management Services, Inc., and HCRE*
*LLC (n/k/a NexPoint Real Estate Partners, LLC)*

Case 21-03003-sgj    Doc 160    Filed 02/07/22    Entered 02/07/22 23:35:02    Desc Main
Case 3:21-cv-00881-X    Document 176-20    Filed 01/09/24    Page 41 of 131    PageID 26520
Case 21-03003-sgj Doc 128 Filed 12/17/21    Entered 12/17/21 16:30:42    Page 6 of 19

## CERTIFICATE OF SERVICE

I certify that on December 17, 2021, a true and correct copy of the foregoing document was served via the Court's Electronic Case Filing system to the parties that are registered or otherwise entitled to receive electronic notices in this adversary proceeding.

*/s/ Zachery Annable*
Zachery Annable

Case 21-03003-sgj Doc 128 Filed 12/17/21   Entered 12/17/21 16:30:42   Page 7 of 19

# **EXHIBIT A**

Case 21-03003-sgj    Doc 160    Filed 02/07/22    Entered 02/07/22 23:35:02    Desc Main
Case 3:21-cv-00881-X    Document 176-10    Filed 01/09/30    Page 43 of 131    PageID 26522
Case 21-03003-sgj Doc 128 Filed 12/17/21    Entered 12/17/21 16:30:42    Page 8 of 19

# Highland Capital Management, L.P. Consolidated Notes Litigation

## *SUMMARY JUDGMENT EXHIBITS*

| Tab | Document | Docket No(s). | Bates |
|---|---|---|---|
| 1. | Complaint against HCMFA **(Adv. Pro. No. 21-3004)** | 1 | D-CNL002795 - 814 |
| 2. | Amended Complaint against NPA et al. **(Adv. Pro. No. 21-3005)** | 63 | D-CNL002935 - 3007 |
| 3. | Amended Complaint against HCMS **(Adv. Pro. No. 21-3006)** | 68 | D-CNL003083 - 3165 |
| 4. | Amended Complaint against HCRE et al **(Adv. Pro. No. 21-3007)** | 63 | D-CNL003241 - 3323 |
| 5. | HCMFA's Original Answer **(Adv. Pro. No. 21-3004)** | 6 | D-CNL002868 - 2874 |
| 6. | HCMS's Answer to Plaintiff's Complaint **(Adv. Pro. No. 21-3006)** | 6 | N/A |
| 7. | HCRE's Answer to Plaintiff's Complaint **(Adv. Pro. No. 21-3007)** | 7 | N/A |
| 8. | HCMS's Motion For Leave to File Amended Answer and Brief In Support **(Adv. Pro. No. 21-3006)** | 15 | N/A |
| 9. | HCRE's Motion For Leave to File Amended Answer and Brief In Support **(Adv. Pro. No. 21-3007)** | 16 | N/A |
| 10. | HCMFA's Motion For Leave to Amend Answer **(Adv. Pro. No. 21-3004)** | 32 | N/A |
| 11. | NexPoint's Motion For Leave to Amend Answer **(Adv. Pro. No. 21-3005)** | 35 | N/A |
| 12. | HCMS's First Amended Answer to Plaintiff's Complaint **(Adv. Pro. No. 21-3006)** | 34 | N/A |
| 13. | HCMFA's Amended Answer **(Adv. Pro. No. 21-3004)** | 48 | N/A |
| 14. | NexPoint's First Amended Answer **(Adv. Pro. No. 21-3005)** | 50 | N/A |
| 15. | NexPoint's Answer to Amended Complaint **(Adv. Pro. No. 21-3005)** | 64 | N/A |
| 16. | HCMS's Answer to Amended Complaint **(Adv. Pro. No. 21-3006)** | 73 | N/A |
| 17. | HCRE's Answer to Amended Complaint **(Adv. Pro. No. 21-3007)** | 68 | N/A |
| 18. | HCMFA's Objections and Responses to Plaintiff's Requests For Admissions, Interrogatories, and Requests For Production **(Adv. Pro. No. 21-3004)** | N/A | N/A |

Case 21-03003-sgj   Doc 160   Filed 02/07/22   Entered 02/07/22 23:35:02   Desc Main
Case 3:21-cv-00881-X   Document 170-10   Filed 12/09/20   Page 44 of 131   PageID 26523
Document   Page 209 of 430
Case 21-03003-sgj Doc 128 Filed 12/17/21   Entered 12/17/21 16:30:42   Page 9 of 19

| Tab | Document | Docket No(s). | Bates |
|---|---|---|---|
| 19. | NexPoint's Objections and Responses to Plaintiff's Requests For Admissions, Interrogatories, and Requests For Production (**Adv. Pro. No. 21-3005**) | N/A | N/A |
| 20. | HCMS's Responses to Highland Capital Management, L.P.'s First Requests For Admissions (**Adv. Pro. No. 21-3006**) | N/A | D-CNL003076 - 79 |
| 21. | HCMS's Answers to Highland Capital Management, L.P.'s First Set of Interrogatories (**Adv. Pro. No. 21-3006**) | N/A | D-CNL003071 - 75 |
| 22. | HCRE's Responses to Debtor Highland Capital Management, L.P.'s Requests For Admissions (**Adv. Pro. No. 21-3007**) | N/A | N/A |
| 23. | HCRE's Answers to Debtor Highland Capital Management, L.P.'s First Set of Interrogatories (**Adv. Pro. No. 21-3007**) | N/A | N/A |
| 24. | James Dondero's Objections and Responses to Plaintiff's Requests For Admission, Interrogatories, and Requests For Production (**Adv. Pro. No. 21-3003**) | N/A | N/A |
| 25. | Nancy Dondero's Objections and Responses to Plaintiff's Requests For Admission, Interrogatories, and Requests For Production (**Adv. Pro. No. 21-3003**) | N/A | N/A |
| 26. | The Dugaboy Investment Trust's Objections and Responses to Plaintiff's Requests For Admission, Interrogatories, and Requests For Production (**Adv. Pro. No. 21-3003**) | N/A | N/A |
| 27. | NexPoint's Objections and Responses to Plaintiff's Requests For Admission, Interrogatories, and Requests For Production (**Adv. Pro. No. 21-3005**) | N/A | N/A |
| 28. | HCMS's Objections and Responses to Plaintiff's Requests For Admission, Interrogatories, and Requests For Production (**Adv. Pro. No. 21-3006**) | N/A | N/A |
| 29. | HCRE's Objections and Responses to Plaintiff's Requests For Admission, Interrogatories, and Requests For Production (**Adv. Pro. No. 21-3007**) | N/A | N/A |
| 30. | Fourth Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P. | N/A | D-CNL002970 – 3005 |
| 31. | James Dondero's Answer to Amended Complaint (**Adv. Pro. No. 21-3003**) | 83 | D-CNL002045 - 59 |
| 32. | Amended Complaint against James Dondero, et. al (**Adv. Pro. No. 21-3003**) | 79 | D-CNL001975 - 2044 |
| 33. | June 3, 2019 Management Representation Letter (**J. Dondero 5/8/21 Depo., Ex. 16**) (**P. Burger 7/30/21 Depo., Ex. 1**) | N/A | D-JDNL-033411 - 21 |
| 34. | Highland's Consolidated Financial Statements, dated December 31, 2018 (**J. Dondero 5/8/21 Depo., Ex. 15**) (**P. Burger 7/30/21 Depo., Ex. 4**) | N/A | D-CNL-000212 - 257 |

DOCS_NY:44700.1 36027/003

**Appx. 00016**

Case 21-03003-sgj   Doc 160   Filed 02/07/22   Entered 02/07/22 23:35:02   Desc Main
Case 3:21-cv-00881-X   Document 176-10   Filed 01/09/24   Page 45 of 131   PageID 26524
Case 21-03003-sgj Doc 128 Filed 12/17/21   Entered 12/17/21 16:30:42   Page 10 of 19

| Tab | Document | Docket No(s). | Bates |
|-----|----------|---------------|-------|
| 35. | HCMFA's Incumbency Certificate, April 2019 | N/A | D-CNL003578 |
| 36. | Email string re 15(c) Follow up (10/2/21 – 10/6/21) | N/A | D-HCMFA290880 – 83 |
| 37. | NexPoint's Incumbency Certificate | N/A | D-CNL003590 |
| 38. | Schedule of HCMLP receipts from other Dondero-related notes | N/A | D-CNL003683 |
| 39. | HCMLP Operating Results (February 2018) **(Adv. Pro. No. 21-3003)** | 11-13 | N/A |
| 40. | Summary of Assets and Liabilities for Non-Individuals **(Adv. Pro. No. 21-3003) (J. Dondero 5/8/21 Depo., Ex. 17)** | 11-15 | N/A |
| 41. | December 2019 Monthly Operating Report **(Adv. Pro. No. 21-3003) (J. Dondero 5/8/21 Depo., Ex. 22)** | 11-16 | N/A |
| 42. | September 2020 Monthly Operating Report **(Adv. Pro. No. 21-3003)** | 11-18 | N/A |
| 43. | Dondero Promissory Note in the amount of $7.9m dated January 18, 2018 | N/A | D-CNL000550 - 51 |
| 44. | **INTENTIONALLY OMITTED** | | |
| 45. | HCMFA's Consolidated Financial Statements and Supplemental Information (December 31, 2018) **(Adv. Pro. No. 21-3004)** | 35 | D-CNL002273 - 96 |
| 46. | NexPoint's 2019 Audited Financial Statements | N/A | N/A |
| 47. | Plaintiff's Amended Notice of Rule 30(b)(6) Deposition to NexPoint Advisors, L.P. **(Adv. Pro. No. 21-3005)** | 82 | N/A |
| 48. | Plaintiff's Amended Notice of Rule 30(b)(6) Deposition to HCMS **(Adv. Pro. No. 21-3006)** | 87 | N/A |
| 49. | Plaintiff's Amended Notice of Rule 30(b)(6) Deposition to HCRE **(Adv. Pro. No. 21-3007)** | 82 | N/A |
| 50. | Jim Dondero 2017 PY Comp Statement | N/A | D-CNL003587 |
| 51. | Jim Dondero 2018 PY Comp Statement | N/A | D-CNL003588 |
| 52. | Jim Dondero 2019 PY Comp Statement | N/A | D-CNL003589 |
| 53. | 5/2/19 e-mail and attachment (spreadsheet) | N/A | D-CNL003768-70 |
| 54. | 5/2/19 e-mail and attachment (Promissory Note) | N/A | D-CNL003777-79 |
| 55. | List of Wire Transfers (5/2/19) | N/A | D-CNL003772 |
| 56. | 5/3/19 e-mail | N/A | D-CNL003763 |

DOCS_NY:44700.1 36027/003

**Appx. 00017**

Case 21-03003-sgj    Doc 160    Filed 02/07/22    Entered 02/07/22 23:35:02    Desc Main
Case 3:21-cv-00881-X    Document 176-10    Filed 12/16/23    Page 46 of 131    PageID 26525
Case 21-03003-sgj Doc 128 Filed 12/17/21    Entered 12/17/21 16:30:42    Page 11 of 19

| Tab | Document | Docket No(s). | Bates |
|---|---|---|---|
| 57. | 5/3/19 Promissory Note | N/A | D-CNL003764-65 |
| 58. | 13 Week Cash Flows 12.14.20 | N/A | D-CNL003810 |
| 59. | Supplemental 15(c) Information Request 10.23.20 | N/A | HCMFAS 25-31 |
| 60. | 7.31.20 HCMLP Requests | N/A | D-CNL003795-98 |
| 61. | **INTENTIONALLY OMITTED** | | |
| 62. | **INTENTIONALLY OMITTED** | | |
| 63. | HCMLP Audited Financial Statements for 2008 | N/A | D-CNL000001-56 |
| 64. | HCMLP Audited Financial Statements for 2009 | N/A | D-CNL000258-304 |
| 65. | HCMLP Audited Financial Statements for 2010 | N/A | D-CNL000305-351 |
| 66. | HCMLP Audited Financial Statements for 2011 | N/A | D-CNL000352 - 400 |
| 67. | James Dondero 2019 Form W-2 (NexPoint Residential Trust Inc.) **(REDACTED)** | N/A | EXPERT 0000001 - 02 |
| 67-2. | James Dondero 2017 Form W-2 (NexPoint Residential Trust Inc.) **(REDACTED)** | N/A | EXPERT 0000937 - 39 |
| 67-3. | James Dondero 2013 Form 1040 (pdf page 279 of 335) **(REDACTED)** | N/A | EXPERT 0000031; 308 |
| 67-4. | James Dondero 2014 Form 1040 (pdf page 235 of 290) **(REDACTED)** | N/A | EXPERT 0000390; 623 |
| 67-5. | James Dondero 2015 Form 1040 (pdf page 200 of 254) **(REDACTED)** | N/A | EXPERT 0001325; 1523 |
| 67-6. | James Dondero 2016 Form 1040 (pdf page 182 of 235) **(REDACTED)** | N/A | EXPERT 0001999; 2179 |
| 67-7. | James Dondero 2017 Form 1040 (pdf page 170 of 225) **(REDACTED)** | N/A | EXPERT 0000704; 872 |
| 67-8. | James Dondero 2018 Form 1040 (pdf page 248 of 300) **(REDACTED)** | N/A | EXPERT 0001581; 1828 |
| 67-9. | James Dondero 2019 Form 1040 (pdf page 242 of 301) **(REDACTED)** | N/A | EXPERT 0001023; 1264 |

DOCS_NY:44700.1 36027/003

**Appx. 00018**

Case 21-03003-sgj    Doc 160    Filed 02/07/22    Entered 02/07/22 23:35:02    Desc Main
Case 3:21-cv-00881-X    Document 176-10    Filed 12/39 of 430    Page 47 of 131    PageID 26526
Case 21-03003-sgj Doc 128 Filed 12/17/21    Entered 12/17/21 16:30:42    Page 12 of 19

| Tab | Document | Docket No(s). | Bates |
|---|---|---|---|
| 68. | Jim Dondero 2016 PY Comp Statement | N/A | D-CNL003585 |
| 69. | HCMLP Audited Financial Statements for 2014 | N/A | D-CNL000109-157 |
| 70. | HCMLP Audited Financial Statements for 2015 | N/A | D-CNL000158-211 |
| 71. | HCMLP Audited Financial Statements for 2016 | N/A | D-CNL000452-501 |
| 72. | Highland's Audited Financial Statements for 2017 **(J. Dondero 5/8/21 Depo., Ex. 13) (P. Burger 7/30/21 Depo., Ex. 2)** | N/A | D-CNL000502-549 |
| 73. | Schedule of HCMLP receipts from Dondero notes | N/A | D-CNL003591 |
| 74. | Dondero Promissory Note in the amount of $3.825m dated February 2, 2020 **(J. Dondero 5/8/21 Depo., Ex. 1)** | N/A | N/A |
| 75. | HCMLP Operating Results (February 2018) **(J. Dondero 5/8/21 Depo., Ex. 2)** | N/A | N/A |
| 76. | Dondero Promissory Note in the amount of $2.5m dated August 1, 2018 **(Adv. Pro. No. 21-3003) (J. Dondero 5/8/21 Depo., Ex. 3)** | 1-2 | N/A |
| 77. | Dondero Promissory Note in the amount of $2.5m dated August 13, 2018 **(J. Dondero 5/8/21 Depo., Ex. 4)** | N/A | N/A |
| 78. | HCMLP Operating Results (August 2018) **(J. Dondero 5/8/21 Depo., Ex. 5)** | N/A | N/A |
| 79. | December 3, 2020 Demand Letter **(J. Dondero 5/8/21 Depo., Ex. 6)** | N/A | N/A |
| 80. | James Dondero's Original Answer **(Adv. Pro. No. 21-3003) (J. Dondero 5/8/21 Depo., Ex. 7)** | 6 | N/A |
| 81. | James Dondero's Objections and Responses to Highland Capital Management, L.P.'s First Request For Admissions **(Adv. Pro. No. 21-3003) (J. Dondero 5/8/21 Depo., Ex. 8)** | N/A | N/A |
| 82. | James Dondero's Objections and Responses to Highland Capital Management, L.P.'s First Set of Interrogatories **(Adv. Pro. No. 21-3003) (J. Dondero 5/8/21 Depo., Ex. 9)** | N/A | N/A |
| 83. | James Dondero's Amended Answer **(Adv. Pro. No. 21-3003) (J. Dondero 5/8/21 Depo., Ex. 10)** | 16 | N/A |
| 84. | James Dondero's Objections and Responses to Highland Capital Management, L.P.'s Second Request For Admissions **(Adv. Pro. No. 21-3003) (J. Dondero 5/8/21 Depo., Ex. 11)** | N/A | N/A |
| 85. | James Dondero's Objections and Responses to Highland Capital Management, L.P.'s Second Set of Interrogatories **(Adv. Pro. No. 21-3003) (J. Dondero 5/8/21 Depo., Ex. 12)** | N/A | N/A |
| 86. | May 18, 2018 Management Representation Letter **(J. Dondero 5/8/21 Depo., Ex. 14)** | N/A | D-JDNL-033400-10 |
| 87. | Statement of Financial Affairs For Nonindividuals Filing Bankruptcy **(Case No. 19-34054) (J. Dondero 5/8/21 Depo., Ex. 19)** | 248 | N/A |

DOCS_NY:44700.1 36027/003

**Appx. 00019**

Case 21-03003-sgj   Doc 160   Filed 02/07/22   Entered 02/07/22 23:35:02   Desc Main
Case 3:21-cv-00881-X   Document 176-10   Filed 12/16/23   Page 48 of 131   PageID 26527
Case 21-03003-sgj   Doc 128   Filed 12/17/21   Entered 12/17/21 16:30:42   Page 13 of 19

| Tab | Document | Docket No(s). | Bates |
|---|---|---|---|
| 88. | October 2019 Monthly Operating Report **(Case No. 19-34054) (J. Dondero 5/8/21 Depo., Ex. 20)** | 405 | N/A |
| 89. | November 2019 Monthly Operating Report **(Case No. 19-34054) (J. Dondero 5/8/21 Depo., Ex. 21)** | 289 | N/A |
| 90. | Exhibit C, Liquidation Analysis/Financial Projections **(Case No. 19-34054) (J. Dondero 5/8/21 Depo., Ex. 23)** | 1473 | N/A |
| 91. | Highland Capital Management LP Financial Projections (1/28/21) **(J. Dondero 5/8/21 Depo., Ex. 24)** | N/A | N/A |
| 92. | 2017 Workpapers **(P. Burger 7/30/21 Depo., Ex. 3)** | N/A | N/A |
| 93. | 2018 Workpapers **(P. Burger 7/30/21 Depo., Ex. 5)** | N/A | N/A |
| 94. | Peet Burger 7/30/21 Deposition Transcript | N/A | N/A |
| 95. | James Dondero 1/5/21 Deposition Transcript | N/A | N/A |
| 96. | James Dondero 5/28/21 Deposition Transcript | N/A | N/A |
| 97. | James Dondero 6/1/21 Deposition Transcript | N/A | N/A |
| 98. | James Dondero 10/29/21 Deposition Transcript | N/A | N/A |
| 99. | James Dondero 11/4/21 Deposition Transcript | N/A | N/A |
| 100. | Nancy Dondero 10/18/21 Deposition Transcript | N/A | N/A |
| 101. | Alan Johnson (Expert)11_02_21 Deposition Transcript | N/A | N/A |
| 102. | **INTENTIONALLY OMITTED** | | |
| 103. | **INTENTIONALLY OMITTED** | | |
| 104. | **INTENTIONALLY OMITTED** | | |
| 105. | Frank Waterhouse 10/19/21 Deposition Transcript | N/A | N/A |
| 106. | Payment from James Dondero dated 12/08/17 | N/A | D-CNL003542-45 |
| 107. | Payment from James Dondero dated 12/18/17 | N/A | D-CNL003546-55 |
| 108. | Payment from James Dondero dated 02/14/19 | N/A | D-CNL003490-500 |
| 109. | Payment from James Dondero dated 03/13/2019 | N/A | D-CNL003503-12 |
| 110. | Payments from James Dondero dated 05/02/19, 05/03/19, 05/07/19, 05/23/19 | N/A | D-CNL003515-27 |
| 111. | Payment from James Dondero dated 06/17/19 | N/A | D-CNL003528-32 |

DOCS_NY:44700.1 36027/003

Appx. 00020

Case 21-03003-sgj   Doc 160   Filed 02/07/22   Entered 02/07/22 23:35:02   Desc Main
Case 3:21-cv-00881-X   Document 176-10   Filed 12/16/23   Page 49 of 131   PageID 26528
Case 21-03003-sgj   Doc 128   Filed 12/17/21   Entered 12/17/21 16:30:42   Page 14 of 19

| Tab | Document | Docket No(s). | Bates |
|---|---|---|---|
| 112. | Payment from James Dondero dated 12/23/19 | N/A | D-CNL003556-62 |
| 113. | Payment from HCMFA dated 05/29/19 | N/A | D-CNL003617-29 |
| 114. | Payment from HCMFA dated 09/05/19 | N/A | D-CNL003663-65 |
| 115. | Payment from HCMFA dated 10/03/19 | N/A | D-CNL003666-75 |
| 116. | Payment from HCRE dated 09/30/19 | N/A | D-CNL003655-62 |
| 117. | Payment from NPA dated 04/16/2019 | N/A | D-CNL003608-16 |
| 118. | Payment from NPA dated 06/19/19 | N/A | D-CNL003639-43 |
| 119. | Payment from NPA dated 07/09/19 | N/A | D-CNL003644-51 |
| 120. | Payments from HCMSI and NPA dated 03/05/19 and 03/29/19 | N/A | D-CNL003598-607 |
| 121. | Payments from HCMSI and NPA dated 08/09/19, 08/13/19, 08/21/19 | N/A | D-CNL003652-54 |
| 122. | Payments from HCRE, HCMSI, NPA dated 12/09/19, 12/30/19 | N/A | D-CNL003676-82 |
| 123. | Payments from HCMFA and NPA dated 06/04/19 | N/A | D-CNL003630-38 |
| 124. | Payment from NPA, HCMSI, HCRE dated 01/14/21 and 01/21/21 | N/A | D-CNL003593-97 |
| 125. | Payment to James Dondero dated 02/02/18 | N/A | D-JDNL-033060-74 |
| 126. | Payments to James Dondero dated 08/01/18 and 08/13/18 | N/A | D-JDNL-033057-59 |
| 127. | Payment to HCMSI dated 05/29/15 | N/A | HCMS000094-96 |
| 128. | Payment to HCMSI dated 10/01/15, 10/02/15, and 10/30/15 | N/A | HCMS000156-62 |
| 129. | Payment to HCMSI dated 10/27/15 | N/A | HCMS000166-68 |
| 130. | Payment to HCMSI dated 10/28/15 | N/A | HCMS000163-65 |
| 131. | Payment to HCMSI dated 11/23/15 | N/A | HCMS000172-76 |
| 132. | Payment to HCMSI dated 11/24/15 | N/A | HCMS000169-71 |
| 133. | Payment to HCMSI dated 02/10/16 | N/A | HCMS000072-77 |
| 134. | Payment to HCMSI dated 02/11/16 | N/A | HCMS000056-71 |
| 135. | Payment to HCMSI dated 04/05/16 | N/A | HCMS000082-93 |

DOCS_NY:44700.1 36027/003

Appx. 00021

Case 21-03003-sgj   Doc 160   Filed 02/07/22   Entered 02/07/22 23:35:02   Desc Main
Case 3:21-cv-00881-X   Document 176-10   Filed 12/16/23   Page 50 of 131   PageID 26529
Case 21-03003-sgj  Doc 128  Filed 12/17/21   Entered 12/17/21 16:30:42   Page 15 of 19

| Tab | Document | Docket No(s). | Bates |
|-----|----------|---------------|-------|
| 136. | Payment to HCMSI dated 05/04/16 | N/A | HCMS000097-99 |
| 137. | Payment to HCMSI dated 07/01/16 | N/A | HCMS000122-125 |
| 138. | Payment to HCMSI dated 08/05/16 | N/A | HCMS000126-39 |
| 139. | Payment to HCMSI dated 08/19/16 | N/A | HCMS000140-43 |
| 140. | Payment to HCMSI dated 09/22/16 | N/A | HCMS000144-55 |
| 141. | Payment to HCMSI dated 12/12/16 | N/A | HCMS000177-80 |
| 142. | Payment to HCMSI dated 03/31/17 | N/A | HCMS000078-81 |
| 143. | Payment to HCMSI dated 03/26/18 | N/A | HCMS000181-83 |
| 144. | Payment to HCMSI dated 06/25/18 | N/A | HCMS000184-86 |
| 145. | Payment to HCMSI dated 05/29/19 | N/A | HCMS000100-12 |
| 146. | Payment to HCMSI dated 06/26/19 | N/A | HCMS000113-21 |
| 147. | Payments to HCMFA dated 05/02/19 and 05/03/19 | N/A | N/A |
| 148. | Payment to HCRE dated 11/27/13 | N/A | D-HCRE-000114-16 |
| 149. | Payment to HCRE dated 01/09/14 | N/A | D-HCRE-000100-06 |
| 150. | Payment to HCRE dated 01/30/14 | N/A | D-HCRE-000060-62 |
| 151. | Payment to HCRE dated 03/28/14 | N/A | D-HCRE-000107-13 |
| 152. | Payment to HCRE dated 01/26/15 | N/A | D-HCRE-000063-65 |
| 153. | Payment to HCRE dated 04/02/15 | N/A | D-HCRE-000066-71 |
| 154. | Payment to HCRE dated 10/12/17 | N/A | D-HCRE-000080-90 |
| 155. | Payment to HCRE dated 10/15/18 | N/A | D-HCRE-000091-99 |
| 156. | Payment to HCRE dated 09/25/19 | N/A | D-HCRE-000072-79 |
| 157. | Payment to NPA dated 08/21/14 | N/A | D-NNL-029156-59 |
| 158. | Payment to NPA dated 10/01/14 | N/A | D-NNL-029160-66 |
| 159. | Payment to NPA dated 11/14/14 | N/A | D-NNL-029167-69 |

DOCS_NY:44700.1 36027/003

Appx. 00022

Case 21-03003-sgj   Doc 160   Filed 02/07/22   Entered 02/07/22 23:35:02   Desc Main
Case 3:21-cv-00881-X   Document 176-10   Filed 12/16/23   Page 51 of 131   PageID 26530
Case 21-03003-sgj Doc 128 Filed 12/17/21   Entered 12/17/21 16:30:42   Page 16 of 19

| Tab | Document | Docket No(s). | Bates |
|---|---|---|---|
| 160. | Payment to NPA dated 01/29/15 | N/A | D-NNL-029152-55 |
| 161. | Payment to NPA dated 07/22/15 | N/A | D-NNL-029171-85 |
| 162. | Robert Half Legal Invoices dated 05/06/21 and 5/20/21 | N/A | D-CNL003821-23 |
| 163. | Robert Half Legal Invoice dated 06/17/21 | N/A | D-CNL003824-25 |
| 164. | Robert Half Legal Invoice dated 07/01/21 | N/A | D-CNL003826-27 |
| 165. | Robert Half Legal Invoice dated 07/15/21 | N/A | D-CNL003828-29 |
| 166. | Robert Half Legal Invoice dated 08/19/21 | N/A | D-CNL003830-31 |
| 167. | Robert Half Legal Invoice dated 09/16/21 | N/A | D-CNL003832-33 |
| 168. | Robert Half Legal Invoices dated 09/02/21 and 09/30/21 | N/A | D-CNL003834-36 |
| 169. | Highland December 2020 Billing Detail | N/A | D-CNL000979-89 |
| 170. | Highland January 2021 Billing Detail | N/A | D-CNL000995-1016 |
| 171. | Highland February 2021 Billing Detail | N/A | D-CNL000990-94 |
| 172. | Highland March 2021 Billing Detail | N/A | D-CNL001080-1105 |
| 173. | Highland April 2021 Billing Detail | N/A | D-CNL000923-58 |
| 174. | Highland May 2021 Billing Detail | N/A | D-CNL001106-53 |
| 175. | Highland June 2021 Billing Detail | N/A | D-CNL001042-79 |
| 176. | Highland July 2021 Billing Detail | N/A | D-CNL001017-41 |
| 177. | Highland August 2021 Billing Detail | N/A | D-CNL001154-57 |
| 178. | Highland Supplemental August 2021 Billing Detail | N/A | D-CNL000959-78 |
| 179. | Highland September 2021 Billing Detail | N/A | D-CNL003812-20 |
| 180. | Highland October 2021 Billing Detail | N/A | D-CNL003837-66 |
| 181. | Declaration of Dennis C. Sauter, Jr. **(Adv. Pro. No. 21-3004)** | 32-1 | N/A |
| 182. | GAF Resolution Memo dated May 28, 2019 | N/A | N/A |
| 183. | **INTENTIONALLY OMITTED** | | |

DOCS_NY:44700.1 36027/003

**Appx. 00023**

Case 21-03003-sgj   Doc 160   Filed 02/07/22   Entered 02/07/22 23:35:02   Desc Main
Case 3:21-cv-00881-X   Document 176-10   Filed 01/09/24   Page 52 of 131   PageID 26531
Case 21-03003-sgj   Doc 128   Filed 12/17/21   Entered 12/17/21 16:30:42   Page 17 of 19

| Tab | Document | Docket No(s). | Bates |
|---|---|---|---|
| 184. | Defendant James Dondero's Rule 26 Initial Disclosures | N/A | N/A |
| 185. | Plaintiff's Third Amended Notice of Rule 30(b)(6) Deposition to HCMFA **(Adv. Pro. No. 21-3004)** | 84 | N/A |
| 186. | **INTENTIONALLY OMITTED** | | |
| 187. | **INTENTIONALLY OMITTED** | | |
| 188. | Email from David Klos to the Debtor's Corporate Accounting group, with a copy to Melissa Schroth, dated February 2, 2018 **(Adv. Pro. No. 21-3003)** | 11-1 | N/A |
| 189. | Email dated February 2, 2018 confirming a wire transfer in the amount of $3,825,000 from the Debtor to James Dondero **(Adv. Pro. No. 21-3003)** | 11-2 | N/A |
| 190. | (a) Email from Blair Hillis to David Klos and the Debtor's Corporate Accounting group, with a copy to Melissa Schroth, dated August 1, 2018 and (b) an email from David Klos to the Debtor's Corporate Accounting group, with a copy to Melissa Schroth, dated August 1, 2018 **(Adv. Pro. No. 21-3003)** | 11-4 | N/A |
| 191. | Email chain re Objections to Rule 30(b)(6) Notices (October 7 – 15, 2021) | N/A | N/A |
| 192. | Dustin Norris 12/1/21 Deposition Transcript | N/A | N/A |
| 193. | Dennis C. Sauter 11/17/21 Deposition Transcript | N/A | N/A |
| 194. | Kristin Hendrix 10/27/21 Deposition Transcript | N/A | N/A |
| 195. | David Klos 10/27/21 Deposition Transcript | N/A | N/A |
| 196. | Debtor's back-up for the December Monthly Operating Report, titled "December 2019 Due From Affiliates" **(Adv. Pro. No. 21-3003)** | 11-17 | N/A |
| 197. | Debtor's back-up for the September Monthly Operating Report, titled "September 2020 Due From Affiliates" **(Adv. Pro. No. 21-3003)** | 11-19 | N/A |
| 198. | Debtor's back-up for the January 2021 Monthly Operating Report, titled "January 2021 Due From Affiliates" **(Adv. Pro. No. 21-3003)** | 11-21 | N/A |
| 199. | Debtor's January 2021 Affiliates Loan Receivables Summary **(Adv. Pro. No. 21-3003)** | 11-22 | N/A |
| 200. | Amortization Schedule **(K. Hendrix 10/27/21 Depo., Ex. 14)** | N/A | D-NNL-029141-51 |
| 201. | Debtor's Motion to Cause Distributions to Certain "Related Entities" **(Case No. 19-34054)** | 474 | N/A |
| 202. | Committee's Objection to Debtor's Motion to Cause Distributions to Certain "Related Entities" **(Case No. 19-34054)** | 487 | N/A |

10

Case 21-03003-sgj    Doc 160    Filed 02/07/22    Entered 02/07/22 23:35:02    Desc Main
Case 3:21-cv-00881-X    Document 170-30    Filed 12/16/23    Page 53 of 131    PageID 26532
Case 21-03003-sgj Doc 128 Filed 12/17/21    Entered 12/17/21 16:30:42    Page 18 of 19

| Tab | Document | Docket No(s). | Bates |
|-----|----------|---------------|-------|
| 203. | Joinder of Acis Capital Management, L.P. and Acis Capital Management GP, LLC to Committee's Objection to Debtor's Motion to Cause Distributions to Certain "Related Entities" **(Case No. 19-34054)** | 489 | N/A |
| 204. | Debtor's Reply in Support of Motion to Cause Distributions to Certain "Related Entities" **(Case No. 19-34054)** | 499 | N/A |
| 205. | NexPoint's Amended and Restated Shared Services Agreement as of January 1, 2018 **(Adv. Pro. No. 21-3005)** | 86-2 | N/A |
| 206. | Transcript of February 2, 2021 Hearing | N/A | N/A |
| 207. | Transcript of February 3, 2021 Hearing | N/A | N/A |

**Appx. 00025**

Case 21-03003-sgj    Doc 160    Filed 02/07/22    Entered 02/07/22 23:35:02    Desc Main
Case 3:21-cv-00881-X    Document 176-10    Filed 01/09/24    Page 54 of 131    PageID 26533
Case 21-03003-sgj Doc 128 Filed 12/17/21    Entered 12/17/21 16:30:42    Page 19 of 19



*IN RE: HIGHLAND CAPITAL
MANAGEMENT, L.P.
CONSOLIDATED NOTES LITIGATION*

# SUMMARY JUDGMENT EXHIBITS

Clay M. Taylor
Bryan C. Assink
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: bryan.assink@bondsellis.com
**Attorneys for James Dondero**

Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com
**Attorneys for James Dondero, Nancy Dondero,
Highland Capital Management Services, Inc. and
HCRE Partners, LLC**

Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email: drukavina@munsch.com

**Attorneys for NexPoint Advisors, L.P. and
Highland Capital Management Fund Advisors, L.P.**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Case No. 19-34054** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | **Chapter 11** |
| | § | |
| Plaintiff. | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff, | § | **Adv. Proc. No. 21-03003-sgj** |
| | § | |
| vs. | § | |
| | § | |
| **JAMES DONDERO, NANCY DONDERO, AND** | § | |
| **THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § | |
| **Plaintiff,** | § § § | **Adv. Proc. No. 21-03005-sgj** |
| **vs.** | § § | |
| **NEXPOINT ADVISORS, L.P., JAMES DONDERO, AND NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § | |
| **Defendants.** | § § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § | |
| **Plaintiff,** | § § § | **Adv. Proc. No. 21-03006-sgj** |
| **vs.** | § § | |
| **HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § | |
| **Defendants.** | § § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § | **Adv. Proc. No. 21-03007-sgj** |
| **Plaintiff,** | § § § | |
| **vs.** | § § | |
| **HCRE PARTNERS, LLC (n/k/a NexPoint Real Estate Partners, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § | |
| **Defendants.** | § § | |

## DEFENDANTS' MOTION TO STRIKE APPENDIX IN SUPPORT OF PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST <u>THE ALLEGED AGREEMENT DEFENDANTS</u>

James Dondero, NexPoint Advisors, L.P., Highland Capital Management Services, Inc., and HCRE Partners, LLC, the Defendants in the above-captioned and related adversary proceedings, file this *Motion to Strike Appendix in Support of Plaintiff's Reply Memorandum of Law in Further Support of its Motion for Partial Summary Judgment Against the Alleged Agreement Defendants* (the "Motion") and would respectfully show the Court as follows:

## I.    <u>BACKGROUND</u>

1.    On December 17, 2021, Plaintiff filed its *Motion for Partial Summary Judgment in Notes Actions* (the "MSJ").  In its MSJ, Plaintiff seeks partial summary judgment in favor of Plaintiff on its first and second claims for relief.  Together with its MSJ, Plaintiff filed its *Appendix in Support of Motion for Partial Summary Judgment in Notes Actions* (the "Appendix").  The Appendix contains the summary judgment evidence submitted by Plaintiff in support of its MSJ. The MSJ is presently set for a hearing before this Court on March 23, 2022.

2.    On or about January 20, 2022, Defendants filed their response, brief, and appendix in opposition to the MSJ.

3.    On February 7, 2022, Plaintiff filed its reply in support of its MSJ and its *Appendix in Support of Plaintiff's Reply Memorandum of Law in Further Support of its Motion for Partial Summary Judgment Against the Alleged Agreement Defendants* (the "Supplemental Appendix"). The Supplemental Appendix contains additional summary judgment evidence offered by Plaintiff in support of its MSJ, including, for example, a Reply Declaration of David Klos in Further Support of Highland Capital Management L.P.'s Motion for Partial Summary Judgment (the "Klos Declaration"). The Klos Declaration provides two pages of new testimony from Mr. Klos that attempts to address the arguments made by Defendants in connection with their pre-payment defense.  Nowhere in its reply does Plaintiff even attempt to explain why it did not include this testimony with its MSJ or why it should be allowed to introduce new evidence in violation of the law discussed below.

4.    On February 24, 2022, counsel for Defendant conferred with counsel for Plaintiff regarding the inappropriate inclusion of the Klos Declaration and to give Plaintiff an opportunity to withdraw the Klos Declaration from the record or to explain why including this new evidence in its reply was appropriate. In response, rather than withdrawing the Klos Declaration or providing

any legal authority, counsel for Plaintiff simply stated, without any further explanation, that, "[t]he reply declaration was a classic reply."[1] The fact that parties ignore rules often enough that such conduct is "classic" does not make it correct.

## II.    RELIEF REQUESTED

5.      By this Motion, Defendants request that the Court strike the Supplemental Appendix from the record of the summary judgment proceedings, as having been filed in violation of local rules and without an opportunity for Defendants to rebut any evidentiary effect contained therein.

## III.    DISCUSSION

6.      Local District Court Rule 56.7, made applicable to this proceeding by Local Bankruptcy Rule 7056.1 and Local District Court Rule 56.1, and labeled "Limit on Supplemental Materials," provides that "[e]xcept for the motions, responses, replies, briefs, and appendixes required by these rules, a party may not, without the permission of the presiding judge, file supplemental pleadings, briefs, authorities, or evidence." The District Court has explained the need for, and the purpose of, this rule:

> Rule 56.7, by contrast, regulates the summary judgment materials that can be filed in relation to a specific pending summary judgment motion. This Rule addresses the former practice of filing supplemental materials, without leave of court, at any time while the motion was pending. Such filings often prompted requests by the opposing party for the opportunity to respond to the new materials, thereby delaying a decision based on a supplemental filing (and response) that may have had no bearing on the court's ruling, or that otherwise created uncertainty about whether the summary judgment motion was ripe for a decision.

*Home Depot USA Inc. v. National Fire Ins. Co. of Hartford*, 2007 WL 1969752 * 2 (N.D. Tex. 2007). The Fifth Circuit likewise recognizes the need for an orderly summary judgment process: in affirming the exclusion of new summary judgment evidence, albeit after the summary judgment

---

[1] Declaration of Michael Aigen ("Aigen Decl."), Exhibit A (App. 6).

CORE/3522697.0002/172817696.1

hearing, the circuit noted that "the summary judgment procedure [would become] uncontrolled, if a court could not enforce some limits on the timely submission of appropriate evidence." *Bernhardt v. Richardson-Merrell, Inc.*, 892 F.2d 440, 444 (5th Cir. 1990).  Stated differently, "[t]he purpose of Local Rule 56.7 is to prevent the irresistible urges of parties to respond in kind to opposing parties' supplementation of evidence, the undue delay of resolving a pending motion and the creation of uncertainty of the ripeness of a dispositive motion." *Hyde v. Hoffman-La Roche Inc.*, 2008 WL 2923818 at *4 (N.D. Tex. 2008).

7.    Accordingly, the Northern District of Texas unambiguously holds that Local District Court Rule 56.7 prohibits a summary judgment movant from introducing new summary judgment evidence by way of the movant's reply: "a summary judgment movant may not, as of right, file an appendix in support of his reply brief . . .  If, under the governing substantive law, the summary judgment movant is entitled at the reply stage to rely on additional evidence to support his motion, he must seek leave of court to file a reply appendix." *Dethrow v. Parkland Health Hospital Sys.*, 204 F.R.D. 102, 104 (N.D. Tex. 2001) (emphasis added).  This rule is required in order to avoid prejudice to the non-movant, who is faced with no opportunity to contest the movant's new evidence or to otherwise respond to the same:

> Of equal importance is the rule that the nonmovant should be given a fair opportunity to respond to a motion.  This principle informs the court's practice of declining to consider arguments raised for the first time in a reply brief.  It follows that a reply brief that presents dispositive evidence by way of new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond.

*Spring Indus. Inc. v. American Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991) (additionally noting that a movant wishing to introduce new summary judgment evidence should, at a minimum, first consult with the non-movant).

8.       The District Court considered a case similar to the present case, in which the defendant filed a motion for summary judgment, with an appendix, to which the plaintiff responded, with an appendix, to which the defendant replied and submitted a supplemental appendix, which the plaintiff sought to strike:

> And Local Rule 56.7 states that additional summary judgment evidence may only be filed with leave of court. (See Local Rule 56.7.) Accordingly, a party may not file a reply brief appendix without first obtaining leave of court.  <u>Because the purpose of a reply brief is to rebut the nonmovant's response, not to introduce new evidence, such leave will be granted only in limited circumstances.</u> Because a summary judgment movant may not, as of right, file an appendix in support of his reply brief, and because Defendants have failed to provide the Court with a good reason for allowing the evidence at this stage of the summary judgment briefing, Plaintiff's motion to strike Volume VI of Defendants' Appendix is hereby GRANTED.

*Racetrac Petroleum Inc. v. J.J.'s Fast Stop Inc.*, ==2003 WL 251318== at * 19 (N.D. Tex. 2003).

9.       Here, Plaintiff neither sought nor obtained leave to file its Supplemental Appendix. Moreover, the Supplemental Appendix threatens prejudice to Defendants, which have no ability to either rebut any evidence contained therein or to discuss any such evidence in any responsive briefing.  Plaintiff had the ability to structure its MSJ as it wished, to offer evidence in support of its MSJ as it wished, and to have the final say on the MSJ in its reply brief.  The tradeoff, however, is that it is Defendants, and not Plaintiff, that has the last ability to present summary judgment evidence to this Court to demonstrate the existence of a genuine issue of material fact.  Anything more is not only prejudicial to Defendants, but seeks to convert a process that examines whether there is a genuine issue of material fact into an adjudicatory process that weighs that underlying evidence and decides the issue.

## IV.     **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court grant this Motion and that the Court strike Plaintiff's Supplemental Appendix, including the Klos Declaration.

Dated: February 25, 2022

Respectfully submitted,

*/s/Deborah Deitsch-Perez*
Deborah Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com
**ATTORNEYS FOR JAMES DONDERO, NANCY DONDERO, HIGHLAND CAPITAL MANAGEMENT SERVICES, INC. AND NEXPOINT REAL ESTATE PARTNERS, LLC**

*/s/Clay M. Taylor*
Clay M. Taylor
State Bar No. 24033261
Bryan C. Assink
State Bar No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: bryan.assink@bondsellis.com
**ATTORNEYS FOR JAMES DONDERO**

6

*/s/Davor Rukavina*
Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email: drukavina@munsch.com

**ATTORNEYS FOR NEXPOINT ADVISORS, L.P. AND
HIGHLAND CAPITAL MANAGEMENT FUND
ADVISORS, L.P.**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on February 24, 2022, counsel for Defendants conferenced with Plaintiff's counsel, John Morris, regarding the relief requested herein. The parties were unable to reach an agreement regarding the issues. Defendants therefore understand this Motion is opposed.

*/s/Michael P. Aigen*
*Michael P. Aigen*

7

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on February 25, 2022, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on counsel for Plaintiff Highland Capital Management, L.P. and on all other parties requesting or consenting to such service in this case.

*/s/Deborah Deitsch-Perez*
Deborah Deitsch-Perez

8

Clay M. Taylor
Bryan C. Assink
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: bryan.assink@bondsellis.com
**Attorneys for James Dondero**

Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com
**Attorneys for James Dondero, Nancy Dondero,
Highland Capital Management Services, Inc. and
HCRE Partners, LLC**

Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email: drukavina@munsch.com

**Attorneys for NexPoint Advisors, L.P. and
Highland Capital Management Fund Advisors, L.P.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | **Case No. 19-34054** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | **Chapter 11** |
| | § | |
| Debtor. | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff, | § | **Adv. Proc. No. 21-03003-sgj** |
| | § | |
| vs. | § | |
| | § | |
| **JAMES DONDERO, NANCY DONDERO, AND** | § | |
| **THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § | |
| **Plaintiff,** | § § § | **Adv. Proc. No. 21-03005-sgj** |
| **vs.** | § § | |
| **NEXPOINT ADVISORS, L.P., JAMES DONDERO, AND NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § | |
| **Defendants.** | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § | |
| **Plaintiff,** | § § | **Adv. Proc. No. 21-03006-sgj** |
| **vs.** | § § | |
| **HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § | |
| **Defendants.** | § § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § | **Adv. Proc. No. 21-03007-sgj** |
| **Plaintiff,** | § § | |
| **vs.** | § § | |
| **HCRE PARTNERS, LLC (n/k/a NexPoint Real Estate Partners, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § § | |
| **Defendants.** | § § | |

## APPENDIX IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE APPENDIX IN SUPPORT OF PLAINTIFF'S REPLY MEMORANDUM OF LAW

Defendants James Dondero, NexPoint Advisors, L.P., Highland Capital Management Services, Inc., and HCRE Partners, LLC file this Appendix in Support of their Motion to Strike Appendix in Support of Plaintiff's Reply Memorandum of Law in Further Support of its Motion for Partial Summary Judgment Against the Alleged Agreement Defendants, and request the Court take judicial notice of the documents contained herein.

CORE/3522697.0002/172857716.1

| Exhibit | Document | Appendix Page(s) |
|:---:|:---|:---|
| **1** | **Declaration of Michael Aigen, dated February 25, 2022** | App. 1-4 |
| A | Email from J. Morris to M. Aigen, dated February 24, 2022 | App. 5-6 |

2

Dated: February 25, 2022           Respectfully submitted,

*/s/Deborah Deitsch-Perez*
Deborah Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com
**ATTORNEYS FOR JAMES DONDERO, NANCY DONDERO, HIGHLAND CAPITAL MANAGEMENT SERVICES, INC. AND NEXPOINT REAL ESTATE PARTNERS, LLC**

*/s/Clay M. Taylor*
Clay M. Taylor
State Bar No. 24033261
Bryan C. Assink
State Bar No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: bryan.assink@bondsellis.com
**ATTORNEYS FOR JAMES DONDERO**

*/s/Davor Rukavina*
Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email:  drukavina@munsch.com

**ATTORNEYS FOR NEXPOINT ADVISORS, L.P.  AND HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P**.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on February 25, 2022, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on counsel for Plaintiff Highland Capital Management, L.P. and on all other parties requesting or consenting to such service in this case.

*/s/Deborah Deitsch-Perez*
Deborah Deitsch-Perez

4

# Exhibit 1

Clay M. Taylor
Bryan C. Assink
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: bryan.assink@bondsellis.com

**Attorneys for James Dondero**

Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email: drukavina@munsch.com

**Attorneys for NexPoint Advisors, L.P. and
Highland Capital Management Fund Advisors, L.P.**

Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

**Attorneys for James Dondero, Nancy  Dondero,
Highland Capital Management Services, Inc. and
HCRE Partners, LLC**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | **Case No. 19-34054** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | **Chapter 11** |
| | § | |
| Debtor. | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff, | § | **Adv. Proc. No. 21-03003-sgj** |
| | § | |
| vs. | § | |
| | § | |
| **JAMES DONDERO, NANCY DONDERO, AND** | § | |
| **THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| Defendants. | § | |

**App. 2**

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,<br><br>Defendants. | § § § § § § § § § § § § | Adv. Proc. No. 21-03005-sgj |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,<br><br>Defendants. | § § § § § § § § § § § § | Adv. Proc. No. 21-03006-sgj |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>HCRE PARTNERS, LLC (n/k/a NexPoint Real Estate Partners, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,<br><br>Defendants. | § § § § § § § § § § § § | Adv. Proc. No. 21-03007-sgj |

## DECLARATION OF MICHAEL P. AIGEN IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE APPENDIX IN SUPPORT OF PLAINTIFF'S <u>REPLY MEMORANDUM OF LAW</u>

Michael P. Aigen, pursuant to 28 U.S.C. § 1746(a), under penalty of perjury, declares as follows:

1.    I am a member of the law firm of Stinson LLP, counsel to Defendant James Dondero, Highland Capital Management Services, Inc. and HCRE Partners, LLC n/k/a NexPoint Real Estate Partners, LLC, and I submit this Declaration in support of the *Defendants' Motion to Strike Appendix in Support of Plaintiff's Reply Memorandum of Law in Further Support of its*

1

*Motion for Partial Summary Judgment Against the Alleged Agreement Defendants*, which is being filed concurrently with this Declaration.  I submit this Declaration based on my personal knowledge and the documents listed below.

2.    Attached as **Exhibit A** is a true and correct copy of an email from J. Morris to M. Aigen, dated February 24, 2022.

Dated:  February 25, 2022.                              */s/Michael P. Aigen*
                                                        Michael P. Aigen

**App. 4**

# Exhibit A

| | |
|---|---|
| **From:** | John A. Morris <jmorris@pszjlaw.com> |
| **Sent:** | Thursday, February 24, 2022 10:23 AM |
| **To:** | Aigen, Michael P. |
| **Cc:** | Hayley R. Winograd; Rukavina, Davor; Deitsch-Perez, Deborah R.; Bryan Assink; Jeff Pomerantz; Gregory V. Demo |
| **Subject:** | RE: HCMLP/Dondero: conference on motion to strike |

**External Email – Use Caution**

No.

The reply declaration was a classic reply.

And the stipulation  was already on the docket.

Thanks,

John

**From:** Aigen, Michael P. [mailto:michael.aigen@stinson.com]
**Sent:** Thursday, February 24, 2022 11:17 AM
**To:** John A. Morris <jmorris@pszjlaw.com>
**Cc:** Hayley R. Winograd <hwinograd@pszjlaw.com>; Rukavina, Davor <drukavina@munsch.com>; Deitsch-Perez, Deborah R. <deborah.deitschperez@stinson.com>; Bryan Assink <bryan.assink@bondsellis.com>
**Subject:** HCMLP/Dondero: conference on motion to strike

John,
On February 8, 2022, the Debtor filed its Appendix in Support of Plaintiff's Reply Memorandum of Law in Further Support of its Motion for Partial Summary Judgment Against the Alleged Agreement Defendants (the "Appendix"). As you know, the Appendix contains new evidence and that is not allowed under the applicable rules.  Please let me know immediately whether you will agree to withdraw your Appendix or whether we will need to file a motion to strike the Appendix.
Michael

**Michael P. Aigen**
Partner

STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, TX 75219
Direct: 214.560.2201  \ Bio

STINSON.COM
This communication (including any attachments) is from a law firm and may contain confidential and/or privileged information.  If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

**App. 6**

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com


-and-

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:   MHayward@HaywardFirm.com
         ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

-------------------------------------------------------------

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| | § | |
| Plaintiff, | § | Adv. Proc. No. 21-03003-sgj |
| | § | |
| vs. | § | |
| | § | |
| | § | Case No. 3:21-cv-00881-X |
| JAMES DONDERO, NANCY DONDERO, AND THE | § | |
| DUGABOY INVESTMENT TRUST, | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

-------------------------------------------------------------

```
--------------------------------------------------
```

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § |
| | § |
| Plaintiff, | § |
| | § |
| | § Adv. Proc. No. 21-03005-sgj |
| vs. | § |
| | § |
| NEXPOINT ADVISORS, L.P., JAMES | § |
| DONDERO, NANCY DONDERO, AND | § Case No. 3:21-cv-00881-X |
| THE DUGABOY INVESTMENT TRUST, | § |
| | § |
| | § |
| Defendants. | § |

```
--------------------------------------------------
```

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § |
| | § |
| Plaintiff, | § |
| | § |
| | § Adv. Proc. No. 21-03006-sgj |
| vs. | § |
| | § |
| HIGHLAND CAPITAL MANAGEMENT | § |
| SERVICES, INC., JAMES DONDERO, | § Case No. 3:21-cv-00881-X |
| NANCY DONDERO, AND THE DUGABOY | § |
| INVESTMENT TRUST, | § |
| | § |
| Defendants. | § |

```
--------------------------------------------------
```

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § |
| | § |
| | § |
| | § Adv. Proc. No. 21-03007-sgj |
| Plaintiff, | § |
| | § |
| vs. | § |
| | § Case No. 3:21-cv-00881-X |
| HCRE PARTNERS, LLC (n/k/a NexPoint | § |
| Real Estate Partners, LLC), JAMES | § |
| DONDERO, NANCY DONDERO, AND | § |
| THE DUGABOY INVESTMENT TRUST, | § |
| | § |
| | § |
| Defendants. | § |

```
--------------------------------------------------
```

**OPPOSITION TO DEFENDANTS' MOTION TO STRIKE
APPENDIX IN SUPPORT OF PLAINTIFF'S REPLY MEMORANDUM
OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT AGAINST THE ALLEGED AGREEMENT DEFENDANTS**

Highland Capital Management, L.P. ("Highland" or "Plaintiff"), the reorganized debtor in the above-captioned chapter 11 case (the "Bankruptcy Case") and plaintiff in the above-referenced adversary proceedings (collectively, the "Notes Actions"), hereby files this opposition (the "Opposition") to *Defendants' Motion to Strike Appendix in Support of Plaintiff's Reply Memorandum of Law in Further Support of Its Motion for Partial Summary Judgment Against the Alleged Agreement Defendants*[1] (the "Motion to Strike") filed by James Dondero, NexPoint Advisors, L.P. ("NexPoint"), Highland Capital Management Services, Inc. ("HCMS"), and HCRE Partners, LLC ("HCRE", and collectively with James Dondero, NexPoint, and HCMS, "Defendants").  Highland fully incorporates by reference its contemporaneously filed brief in opposition to the Motion to Strike and would show unto the Court as follows:

**RELIEF REQUESTED**

1.      By this Opposition, Highland respectfully requests that the Court enter an order denying the Motion to Strike.

2.      Pursuant to Rules 7.1(d) and (h) of the *Local Civil Rules of the United States District Court for the North District of Texas* (the "Local Rules"), a separate brief (the "Brief") is being filed contemporaneously with this Opposition and is incorporated by reference.

---

[1] Adv. Proc. No. 21-03003, Docket No. 169; Adv. Proc. No. 21-03005, Docket No. 177; Adv. Proc. No. 21-03006, Docket No. 178; and Adv. Proc. No. 21-03007, Docket No. 173.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Highland respectfully requests that the Court

(i) deny the Motion to Strike and (ii) grant such other and further relief as the Court deems just

and proper.

Dated:  March 18, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
        ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

2

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:  jpomerantz@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:  MHayward@HaywardFirm.com
        ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| | § | |
| Plaintiff, | § | Adv. Proc. No. 21-03003-sgj |
| | § | |
| vs. | § | |
| | § | |
| | § | Case No. 3:21-cv-00881-X |
| JAMES DONDERO, NANCY DONDERO, AND THE | § | |
| DUGABOY INVESTMENT TRUST, | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

---------------------------------------------------------------

HIGHLAND CAPITAL MANAGEMENT, L.P., §
§
Plaintiff, §
§    Adv. Proc. No. 21-03005-sgj
§
vs. §
§
NEXPOINT ADVISORS, L.P., JAMES §    Case No. 3:21-cv-00881-X
DONDERO, NANCY DONDERO, AND §
THE DUGABOY INVESTMENT TRUST, §
§
§
Defendants. §

---------------------------------------------------------------

HIGHLAND CAPITAL MANAGEMENT, L.P., §
§
Plaintiff, §
§    Adv. Proc. No. 21-03006-sgj
§
vs. §
§
HIGHLAND CAPITAL MANAGEMENT §    Case No. 3:21-cv-00881-X
SERVICES, INC., JAMES DONDERO, §
NANCY DONDERO, AND THE DUGABOY §
INVESTMENT TRUST, §
§
Defendants. §

---------------------------------------------------------------

HIGHLAND CAPITAL MANAGEMENT, L.P., §
§
§
§    Adv. Proc. No. 21-03007-sgj
Plaintiff, §
§
vs. §
§
§    Case No. 3:21-cv-00881-X
HCRE PARTNERS, LLC (n/k/a NexPoint §
Real Estate Partners, LLC), JAMES §
DONDERO, NANCY DONDERO, AND §
THE DUGABOY INVESTMENT TRUST, §
§
§
Defendants. §

---------------------------------------------------------------

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ................................................................................... 1

RELEVANT FACTS ................................................................................................... 2

    A.   HCMS Did Not Assert Its "Prepayment" Defense Until Discovery Was Nearly
         Complete ...................................................................................................... 2

    B.   HCMS's Rule 30(b)(6) Witness Failed to Identify Any Substantive Facts
         Concerning HCMS's "Prepayment" Defense ................................................ 3

    C.   Plaintiff Rebuts NexPoint's "Prepayment" Defense in Its Summary
         Judgment Motion ......................................................................................... 4

    D.   HCMS Proffers Allegations Concerning Its Prepayment Defense for the First Time
         in Its Response to Summary Judgment ........................................................ 5

    E.   Plaintiff Rebuts HCMS's New "Prepayment" Allegations in Its Reply to Summary
         Judgment ...................................................................................................... 6

ARGUMENT ............................................................................................................. 6

    A.   Legal Standard ............................................................................................. 6

    B.   The Evidence in the Reply Appendix Is Proper Because It Rebuts an Argument
         Raised by HCMS in the Response ................................................................ 8

CONCLUSION .......................................................................................................... 11

## TABLE OF AUTHORITIES

**CASES**

*Banda v. Owens Corning Corp.*,
    NO. 3:17-CV-1787-B, 2018 WL 6726542 (N.D. Tex. Dec. 21, 2018) ................................. 7, 9

*Bernhardt v. Richardson-Merrell, Inc.*,
    892 F.2d 440 (5th Cir. 1990) ..................................................................................... 9

*C&M Oilfield Rentals, LLC v. Location Illuminator Technologies, LLC*,
    18-CV-00039-DC-DF, 2020 WL 4708714 (W.D. Tex. July 13, 2020) ................................. 8

*Dethrow v. Parkland Health Hospital Sys.*,
    204 F.R.D. 102 (N.D. Tex. 2001) ............................................................................. 10, 11

*Home Depot U.S.A., Inc. v. National Fire Ins. Co. of Hartford*,
    No. 3:06 CV 0073 D, 2007 WL 1969752 (N.D. Tex. June 27, 2007) ................................. 9

*Hyde v. Hoffman-La Roche Inc.*,
    No. 3:04–CV–1473–B, 2008 WL 2923818 (N.D. Tex. July 30, 2008) ................................. 9

*Keller v. Cox Radio, Inc.*,
    No. SA–08–CA–284–OG, 2009 WL 10700097 (W.D. Tex. April 30, 2009) .......................... 8

*Lawson v. Parker Hannifin Corp.*,
    2014 U.S. Dist. LEXIS 37085, 2014 WL 1158880, at (N.D. Tex. Mar. 20, 2014) .................. 8

*Lynch v. Union Pac. R.R. Co.*,
    No. 3:13-CV-2701-L , 2015 WL 6807716 (N.D. Tex. Nov. 6, 2015) ................................. 7, 9

*Murray v. TXU Corp.*,
    No. Civ.A. 303CV0888P, 2005 WL 1313412 (N.D. Tex. May 27, 2005) .............................. 7, 9

*Racetrac Petroleum Inc. v. J.J.'s Fast Stop Inc.*,
    No. Civ.A. 3:01−CV−1397, 2003 WL 251318 (N.D. Tex. Feb. 3, 2003) ......................... 10, 11

*Spring Indus. Inc. v. American Motorists Ins. Co.*,
    137 F.R.D. 238 (N.D. Tex. 1991) ............................................................................... 10

*Van Alstyne v. GC Servs.*,
    LP, NO. H-08-3175, 2009 WL 10695068 (S.D. Tex. Dec. 11, 2009) ................................. 8

ii

**PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION TO STRIKE APPENDIX IN
SUPPORT OF REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST THE ALLEGED
AGREEMENT DEFENDANTS**

Highland Capital Management, L.P. ("Highland" or "Plaintiff"), the reorganized debtor in

the above-captioned chapter 11 case (the "Bankruptcy Case") and plaintiff in the above-referenced

adversary proceedings (collectively, the "Notes Actions"), hereby files this memorandum of law

in support of its opposition (the "Opposition") to *Defendants' Motion to Strike Appendix in

Support of Plaintiff's Reply Memorandum of Law in Further Support of Its Motion for Partial

Summary Judgment Against the Alleged Agreement Defendants*[1] (the "Motion to Strike"), filed by

James Dondero, NexPoint Advisors, L.P. ("NexPoint"), Highland Capital Management Services,

Inc. ("HCMS"), and HCRE Partners, LLC ("HCRE," collectively, with James Dondero, NexPoint,

and HCMS, "Defendants").[2]

## PRELIMINARY STATEMENT[3]

1.      In their Motion to Strike, Defendants take issue with the Second Klos Declaration,

and for good reason: it rebuts HCMS's Prepayment Defense.

2.      HCMS's Prepayment Defense was not substantively addressed in the Summary

Judgment Motion or the First Klos Declaration because HCMS had failed to proffer any facts in

support of the defense until it filed its Response.  HCMS did not expressly assert the Prepayment

Defense in its Original Answer, its Amended Answer, or its Answer to Plaintiff's Amended

---

[1] *See* Adv. Proc. No. 21-03003, Docket No. 169; Adv. Proc. No. 21-03005, Docket No. 177; Adv. Proc. No. 21-03006, Docket No. 178; and Adv. Proc. No. 21-03007, Docket No. 173.

[2] Other than the fact that Mr. Dondero dominates and controls all of the Defendants and related parties, it is not at all clear (i) why Mr. Dondero or HCRE are making this Motion to Strike since neither is alleged to have made any "prepayments" or (ii) why NexPoint is making this Motion to Strike since the Second Klos Declaration does not address NexPoint's "prepayments" in any way.

[3] Capitalized terms not defined in this Preliminary Statement shall have the meanings ascribed to them below.

DOCS_NY:45355.6 36027/004

Complaint.  During his deposition as HCMS's Rule 30(b)(6) witness, Mr. Dondero could not

identify any substantive facts concerning HCMS's Prepayment Defense.

3.      In their Response, Defendants proffer, for the first time, substantial assertions

underlying HCMS's Prepayment Defense through Mr. Dondero's self-serving Declaration.  The

Second Klos Declaration is appropriately submitted with the Reply because it serves to rebut such

factual assertions and arguments introduced for the very first time in opposition to the Summary

Judgment Motion.  Thus, contrary to Defendants' contention, the Second Klos Declaration does

not constitute "new evidence" or "new issues" contemplated under Local Rule 56.7.  Under Fifth

Circuit law, the Second Klos Declaration is proper, admissible, and should be considered by the

Court.  The Motion to strike should be denied.[4]

## RELEVANT FACTS

A.    **HCMS Did Not Assert Its "Prepayment" Defense Until Discovery Was Nearly Complete**

4.      As is relevant to this matter, Plaintiff sued HCMS to collect amounts due and owing

under a Term Note after HCMS failed to make the Annual Installment payment that was due on

December 31, 2020.  Ex. 3 ¶¶ 35-44, 56-69, Appx. 104-06, 108-09.[5]

5.      In its Answer to Plaintiff's Amended Complaint, HCMS provided a list of

affirmative defenses, none of which used the word "prepayment" or otherwise put Plaintiff on

---

[4] Rather than taking the unnecessary step of seeking leave to file the Second Klos Declaration as HCMS mistakenly suggests was required, Plaintiff could have moved to strike paragraphs 42-46 from Mr. Dondero's declaration on the ground that he did not make any of the assertions set forth therein during his deposition as the Rule 30(b)(6) witness for HCMS and NexPoint.  But the Prepayment Defense is so devoid of merit that Plaintiff believed addressing it head on with the Second Klos Declaration was more efficient than engaging in further motion practice – proving again, that no good deed goes unpunished.

[5] Refers to the *Appendix in Support of Highland Capital Management, L.P.'s Motion for Partial Summary Judgment in Notes Actions* [Adv. Proc. No. 21-03006, Docket No. 132] (the "Appendix").

notice that HCMS contended it had no obligation to make the Annual Installment due on December 31, 2020 because it had allegedly "prepaid." Ex. 16 ¶¶ 94-102, Appx. 451-52.[6]

**B.**     **HCMS's Rule 30(b)(6) Witness Failed to Identify Any Substantive Facts Concerning HCMS's "Prepayment" Defense**

6.       During discovery, Plaintiff served a deposition notice on HCMS pursuant to Federal Rule of Civil Procedure 30(b)(6) (the "HCMS 30(b)(6) Notice"). The HCMS 30(b)(6) Notice required HCMS to tender a witness to testify about "each Affirmative Defense in [HCMS'] Answer, including but not limited to all facts and circumstances, Communications, and Documents Concerning each Affirmative Defense. *See* Answer ¶¶ 94-102." Ex. 48, Appx. 853 (Topic 2).

7.       James Dondero ("Mr. Dondero") served as HCMS's corporate representative. Ex. 98 at 362:12-364:25, Appx. 1761-62. During his deposition, Mr. Dondero contended that under the affirmative defense of "justification and/or repudiation," HCMS had no obligation to make the Annual Installment due on December 31, 2020, because it had "prepaid" (the "Prepayment Defense"). Ex. 98 at 365:9-367:13, Appx. 1762. This was the first time HCMS put Plaintiff on notice that it was asserting a Prepayment Defense.

8.       However, Mr. Dondero was unable to identify *any* substantive facts concerning the HCMS Prepayment Defense, including:

- how he learned that HCMS made a prepayment to Plaintiff;

- when he learned that HCMS made a prepayment to Plaintiff; or

- when the payments were made.

Ex. 98 at 367:14-370:11, Appx. 1762-63.

---

[6] The same is true with respect to HCMS's *Original Answer* (Adv. Pro. No. 21-03006, Docket No. 6 ¶¶ 53-56), and *First Amended Answer* (Adv. Pro. No. 21-03006, Docket No. 34 ¶¶ 53-57).

9.      The **only** "fact" Mr. Dondero identified during his deposition as HCMS' rule 30(b)(6) witness was his vague assertion that HCMS had made "numerous and material prepayments."  Ex. 98 at 368:23-369:3, Appx. 1763.

## C.      Plaintiff Rebuts NexPoint's "Prepayment" Defense in Its Summary Judgment Motion

10.     On December 7, 2021, Plaintiff moved for partial summary judgment against Defendants for their breaches under the Notes [*see, e.g.*, Adv. Proc. 21-03006, Docket No. 129] (the "Summary Judgment Motion").

11.     As part of its Summary Judgment Motion, Plaintiff offered the *Declaration of David Klos in Support of Highland Capital Management L.P.'s Motion for Partial Summary Judgment in Notes Action* [Exhibit 210] (the "First Klos Declaration").  The First Klos Declaration addressed, among other things, allegations concerning *NexPoint's* Prepayment Defense. *See id.* ¶¶ 3-14.[7]

12.     Plaintiff was able to address NexPoint's Prepayment Defense because Plaintiff had notice of the factual allegations underlying NexPoint's Prepayment Defense, including the NexPoint amortization schedule relating to its Term Note.  Specifically, the topic of NexPoint's Prepayment Defense was covered extensively by counsel in his depositions of Mr. Klos, Kristin Hendrix (Plaintiff's Controller), and James P. Seery, Jr. (Plaintiff's Chief Executive Officer).  *See* Ex. 194 (Hendrix) at 76:10-82:9, Appx. at 3145-47; Ex. 195 (Klos) at 27:15-29:23, 36:11-51:7, 63:1-65:7, 110:18-114:14, 129:12-135:8, Appx. at 3188-94, 3197-98, 3209-10, 3214-15; *Appendix*

---

[7] To be clear, like HCMS, NexPoint failed to use the word "prepayment" in any of its pleadings or otherwise put Plaintiff on notice that NexPoint contended it had no obligation to make the Annual Installment due on December 31, 2020, because it had allegedly "prepaid." *Original Answer* (Adv. Pro. No. 21-03005, Docket No. 6 ¶¶ 39-41), *First Amended Answer* (Adv. Pro. No. 21-03005, Docket No. 50 ¶¶ 39-42), and *Answer to Amended Complaint* (Ex. 15 ¶¶ 80-86, Appx. at 435-36).  Unlike HCMS, however, NexPoint identified the documents it was relying upon and put Plaintiff on notice of its contentions concerning its Prepayment Defense through its extensive examination of Plaintiff's witnesses.

*in Support of Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment* [Adv. Pro. No. 21-03006, Docket No. 158] ("Def. Appx.") Ex. 3A (Seery) at 66:14-68:3, 92:11-93:14, 141:21-142:6, Appx. 114, 120, 132-22.

13.    The First Klos Declaration did not address HCMS's Prepayment Defense for the simple reason that Plaintiff was unaware of the factual allegations underlying HCMS's Prepayment Defense.  No questions were asked of Plaintiff's witnesses concerning HCMS's Prepayment Defense and, as set forth above, Mr. Dondero failed to identify any substantive facts in support of that defense even though he was HCMS's corporate representative and HCMS was on notice that Plaintiff would inquire as to the facts, circumstances, communications, and documents concerning its affirmative defenses.

**D.    HCMS Proffers Allegations Concerning Its Prepayment Defense for the First time in Its Response to Summary Judgment**

14.    On January 20, 2022, Defendants (including HCMS and NexPoint) filed their response to the Summary Judgment Motion [*see, e.g.*, Adv. Proc. 21-03006, Docket Nos.156-58] (the "Response").

15.    As part of its Response, HCMS made arguments and offered evidence for the first time concerning its Prepayment Defense, including by relying on the HCMS Amortization Schedule.  *See Defendants' Memorandum of Law in Response to Plaintiff's Motion for Partial Summary Judgment* (the "Opposition"), Adv. Pro. 21-03006, Docket No. 157 ¶¶ 32-34; Def. Ex. 1 (Declaration of James Dondero) ¶¶ 42-46, Appx. 20-22, Def. Ex. 1A (HCMS Amortization Schedule), Def. Appx. 25.  Notably, during his deposition as HCMS's Rule 30(b)(6) witness, Mr. Dondero failed to identify a single fact that later appeared in his declaration in support of

Defendants' Response. *Compare* Dondero Deposition Testimony (Ex. 98 at 365:9-370:11, Appx. 1762-63) *with* Dondero Declaration (Def. Ex. 1 ¶¶ 42-46, Def. Appx 20-22).[8]

**E.**    **Plaintiff Rebuts HCMS's New "Prepayment" Allegations in Its Reply to Summary Judgment**

16.    On February 7, 2022, Plaintiff filed its *Reply Memorandum of Law in Further Support of Its Motion for Partial Summary Judgment Against the Alleged Agreement Defendants* [*see, e.g.*, Adv. Pro. No. 21-03006, Docket No. 165] (the "Reply").  In support of its Reply, Plaintiff included an appendix (the "Reply Appendix") containing two documents:  (a) the *Reply Declaration of David Klos in Further Support of Highland Capital Management L.P.'s Motion for Partial Summary Judgment* (the "Second Klos Declaration") and (b) a stipulation concerning the admissibility of nearly all of the documents Plaintiff offered in support of its Summary Judgment Motion (the "Stipulation").  *See, e.g.*, Adv. Pro. No. 21-03006, Docket No. 166 ("Reply Appx.").[9]

17.    The Second Klos Declaration does nothing but rebut HCMS's factual allegations concerning HCMS's Prepayment Defense that were advanced for the first time in the Response. *See generally* Reply Appx. 4-6.

**ARGUMENT**

**A.**    **Legal Standard**

18.    Although Local Rule 56.7 generally prohibits parties from filing additional materials with a reply brief in support of summary judgment without leave of court, such rule applies ***only*** with respect to "***new*** issues, legal arguments, or theories."  *Banda v. Owens Corning*

---

[8] HCMS has no excuse for waiting until its Response to identify facts relevant to its own Prepayment Defense.  Plaintiff produced the HCMS Amortization Schedule (Def. Ex. 1A) on June 9, 2021, before HCMS served its Answer and First Amended Answer to the Amended Complaint, and more than four months before Mr. Dondero testified.  *See Appendix in Support of Support to Defendants' Motion to Strike Appendix in Support of Plaintiff's Reply Memorandum of Law in Further Support of Its Motion for Partial Summary Judgment* at 3 ¶ 2.

[9] Curiously, HCMS does not appear to object to the inclusion of the Stipulation in Plaintiff's reply appendix.

*Corp.*, NO. 3:17-CV-1787-B, 2018 WL 6726542, at \*4 (N.D. Tex. Dec. 21, 2018) (citing N.D.

Tex. Civ. R. 56.7).  Evidence is properly attached to a reply to summary judgment where, as here,

it serves to rebut argument and evidence relied on by the nonmovant in their response.  *See Lynch*

*v. Union Pac. R.R. Co.*, No. 3:13-CV-2701-L, 2015 WL 6807716, at \*1 (N.D. Tex. Nov. 6, 2015)

(denying motion to strike reply evidence despite [movant] not moving for leave to file such

evidence where reply and related evidence were "specifically directed at and responsive to

arguments and evidence in [nonmovant's] response," finding "this is not a situation in which a

new issue was raised for the first time in a reply that would … require the court to strike the reply,"

and that "to conclude otherwise would allow [nonmovant] an unfair advantage in using a 'gotcha'

procedural approach"); *Banda*, 2018 WL 6726542, at \*4 (denying motion to strike evidence

attached to reply appendix and exercising discretion to consider such evidence, despite party not

seeking leave to file such evidence, because "it is directed at new allegations made by [nonmovant]

in his response" to summary judgment, and "does not raise new issues, legal arguments, or

theories"); *Murray v. TXU Corp.*, No. Civ. A. 303CV0888P, 2005 WL 1313412, at \*4 (N.D. Tex.

May 27, 2005) (denying motion to strike reply appendix where contents of appendix did not raise

"new arguments" or legal theories, but instead, "[a]ll of [movant's] arguments either rebut

[nonmovant's] response, or bolster the arguments made in [movant's] initial motion").

19.    This approach is consistent with the purpose of a reply, which is to give the movant

the final opportunity to be heard, and to *rebut* the nonmovant's response.  *See Murray*, 2005 WL

1313412, at \*4 ("The purpose for having a motion, response, and reply is to give the movant the

final opportunity to be heard, and to *rebut* the nonmovant's response, thereby persuading the court

that the movant is entitled to the relief requested by the motion") (emphasis in original) (internal

quotations omitted).

**B.     The Evidence in the Reply Appendix Is Proper Because It Rebuts an Argument Raised by HCMS in the Response**

20.     The Second Klos Declaration is properly included in Plaintiff's reply because it rebuts Mr. Dondero's assertions in support of HCMS's "prepayment" defense made for the first time in the Response.  This is precisely the type of evidence courts within the Fifth Circuit routinely consider on summary judgment.  *See Van Alstyne v. GC Servs.*, *LP*, NO. H-08-3175, 2009 WL 10695068, at *7 (S.D. Tex. Dec. 11, 2009) (denying motion to strike evidence submitted by plaintiff in his reply to defendant's response to motion for summary judgment, where such evidence does not "constitute newly presented and untimely evidence" because it is "offered solely to respond to" an affirmative defense raised for the first time in defendant's response to summary judgment); *Keller v. Cox Radio, Inc.*, No. SA–08–CA–284–OG, 2009 WL 10700097, at *5 (W.D. Tex. April 30, 2009) (denying motion to strike evidence attached to reply in support of summary judgment where such evidence was in response to nonmovant's argument, raised by for the first time in her response, finding that reply evidence "was not a new argument, but a rebuttal argument that is proper in a reply"); *C&M Oilfield Rentals, LLC v. Location Illuminator Techs., LLC*, 18-CV-00039-DC-DF, 2020 WL 4708714, at *2 (W.D. Tex. July 13, 2020) (denying defendant's motion to strike declarations attached to plaintiff's reply in support of motion for summary judgment where the "new evidence" that defendant seeks to strike "are simply rebuttals to evidence that [defendant] *itself* introduced" for the first time through new declarations in response to plaintiff's motion for summary judgment) (emphasis in original); *Lawson v. Parker Hannifin Corp.*, 2014 U.S. Dist. LEXIS 37085, 2014 WL 1158880, at *5-6 (N.D. Tex. Mar. 20, 2014) (denying motion to strike evidence in reply appendix and considering it "in the interest of giving each party a full and fair opportunity to address the issue before the Court"); *Lynch* , 2015 WL

6807716, at *1 (same); *Banda*, <mark>2018 WL 6726542</mark>, at *4 (same); *Murray*, <mark>2005 WL 1313412</mark>, at *4 (same).

21.    Defendants' case cites in support of their Motion to Strike are inapplicable to the present facts.  In *Home Depot U.S.A., Inc. v. National Fire Insurance Co. of Hartford*, No. 3:06 CV 0073 D, <mark>2007 WL 1969752</mark> (N.D. Tex. June 27, 2007), the court granted a motion to submit a second summary judgment motion against defendant, under Local Rule 56.2, to address an issue identified by the court's initial ruling on an earlier summary judgment motion.  In broadly stating the purpose of Local Rule 56.7 is to address the "practice of filing supplemental materials, without leave of court, at any time while the motion was pending," the court was simply distinguishing this rule from Local Rule 56.2, which addresses the limit on the number of summary judgment motions that can be filed without leave of court.  *Id.* at *5.

22.    *Bernhardt v. Richardson-Merrell, Inc.*, <mark>892 F.2d 440, 444</mark> (5th Cir. 1990) is equally irrelevant.  There, the Fifth Circuit affirmed the district court's exclusion of an affidavit as untimely where such affidavit was first submitted two-and-a-half years after the motion for summary judgment was filed, after the district court issued its ruling on summary judgment, and where the party failed to seek a continuance to obtain necessary discovery prior to such ruling. Here, Plaintiff does not seek to submit evidence after summary judgment has been fully briefed or after a ruling on summary judgment, nor does it seek any continuance to obtain relevant discovery. Again, the Second Klos Declaration simply rebuts factual assertions raised for the first time in the Response.

23.    In *Hyde v. Hoffman-La Roche Inc.*, No. 3:04–CV–1473–B, <mark>2008 WL 2923818</mark> (N.D. Tex. July 30, 2008), the court denied plaintiff's motion to submit supplemental evidence into the summary judgment record under Local Rule 56.7 four years after the summary judgment

DOCS_NY:45355.6 36027/004

briefing was complete, where plaintiff did not specify what new evidence he wished to submit, such evidence had been available for years, and where "the opportunity to submit [relevant] evidence" had "come and gone." *Id.* at *4. Here, Plaintiff does not attempt to inject new evidence into the record, let alone years after the completion of summary judgment briefing.

24.     *Spring Industries, Inc. v. American Motorists Insurance Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991) also does not support Defendants' argument.  In *Spring*, a party moved for leave to file a reply brief to its motion to stay discovery under an outdated local rule requiring parties to seek leave of court before filing replies to responses, for the purpose of submitting additional evidentiary support for its motion.  The court ultimately allowed the reply brief, explaining that the purpose of replies "is to rebut the nonmovant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion.  The document is to contain argument, not new supporting materials." *Id.* at 239-240.  Here, there is no issue whether a reply brief was permitted without leave of court.  Plaintiff also did not submit the Second Klos Declaration for the purpose of adding evidentiary support for its own motion, but rather to directly rebut assertions raised for the first time in Defendants' Response.

25.     The court in *Racetrac Petroleum Inc. v. J.J.'s Fast Stop Inc.*, No. Civ. A. 3:01–CV–1397, 2003 WL 251318 (N.D. Tex. Feb. 3, 2003), granted a motion to strike reply evidence, but there was no indication whether such evidence was submitted for the specific purpose of rebutting new arguments raised for the first time in the defendant's response.  *See also Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 103 (N.D. Tex. 2001) (issuing vague ruling striking evidence in reply appendix, without proving any background or otherwise specifying the nature of the prohibited evidence attached to the reply).  Here, based on the parties' pleadings and the record as a whole, the purpose of the Second Klos Declaration is to rebut new arguments raised in

Defendants' response, not to introduce additional evidentiary support or new issues or theories. Under the law of Defendants' own case cites, such as *Racetrac* and *Dethrow*, the Second Klos Declaration is properly submitted with the Reply because it serves the singular purpose of rebutting arguments advanced in Defendants' Response.  *See Racetrac*, 2003 WL 251318, at *19 ("[T]he purpose of a reply brief is to rebut the nonmovant's response, not to introduce new evidence"); *Dethrow*, 204 F.R.D. at 104 ("[T]he purpose of a reply brief is to rebut the nonmovant's response").

26.    Accordingly, Defendants' Motion to Strike should be denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Motion to Strike.

Dated:  March 18, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
        ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com


-and-

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:   MHayward@HaywardFirm.com
         ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

---------------------------------------------------------------

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| | § | |
| Plaintiff, | § | Adv. Proc. No. 21-03003-sgj |
| | § | |
| vs. | § | |
| | § | |
| | § | Case No. 3:21-cv-00881-X |
| JAMES DONDERO, NANCY DONDERO, AND THE | § | |
| DUGABOY INVESTMENT TRUST, | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

---------------------------------------------------------------

-------------------------------------------------------

HIGHLAND CAPITAL MANAGEMENT, L.P.,           §
                                             §
                        Plaintiff,           §
                                             §     Adv. Proc. No. 21-03005-sgj
vs.                                          §
                                             §
NEXPOINT ADVISORS, L.P., JAMES               §     Case No. 3:21-cv-00881-X
DONDERO, NANCY DONDERO, AND                  §
THE DUGABOY INVESTMENT TRUST,                §
                                             §
                                             §
                        Defendants.          §
-------------------------------------------------------
HIGHLAND CAPITAL MANAGEMENT, L.P.,           §
                                             §
                        Plaintiff,           §
                                             §     Adv. Proc. No. 21-03006-sgj
vs.                                          §
                                             §
HIGHLAND CAPITAL MANAGEMENT                  §     Case No. 3:21-cv-00881-X
SERVICES, INC., JAMES DONDERO,               §
NANCY DONDERO, AND THE DUGABOY               §
INVESTMENT TRUST,                            §
                                             §
                        Defendants.          §
-------------------------------------------------------
HIGHLAND CAPITAL MANAGEMENT, L.P.,           §
                                             §
                                             §
                        Plaintiff,           §     Adv. Proc. No. 21-03007-sgj
                                             §
vs.                                          §
                                             §     Case No. 3:21-cv-00881-X
HCRE PARTNERS, LLC (n/k/a NexPoint           §
Real Estate Partners, LLC), JAMES            §
DONDERO, NANCY DONDERO, AND                  §
THE DUGABOY INVESTMENT TRUST,                §
                                             §
                        Defendants.          §

**APPENDIX IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO STRIKE
APPENDIX IN SUPPORT OF PLAINTIFF'S REPLY MEMORANDUM
OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR PARTIAL
<u>SUMMARY JUDGMENT AGAINST THE ALLEGED AGREEMENT DEFENDANTS</u>**

2

| Ex. | Description | Appx.# |
|:---:|:---|:---:|
| 1. | Declaration of Hayley R. Winograd in Support of Opposition to Defendants' Motion to Strike Appendix in Support of Plaintiff's Reply Memorandum of Law in Further Support of Its Motion for Partial Summary Judgment Against the Alleged Agreement Defendants | 1-7 |

Dated:  March 18, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
        ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

3

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:   MHayward@HaywardFirm.com
         ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| Plaintiff, | § § | Adv. Proc. No. 21-3003 |
| vs. | § § | |
| | § | Case No. 3:21-cv-00881-X |
| JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § § § | |
| Defendants. | § § § | |

**Appx. 00001**

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| Plaintiff, | § | Adv. Proc. No. 21-3005 |
| vs. | § § | |
| NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § § § § § | Case No. 3:21-cv-00881-X |
| Defendants. | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| Plaintiff, | § | Adv. Proc. No. 21-3006 |
| vs. | § § | |
| HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § § § § § | Case No. 3:21-cv-00881-X |
| Defendants. | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| Plaintiff, | § | Adv. Proc. No. 21-3007 |
| vs. | § § | |
| HCRE PARTNERS, LLC (n/k/a NexPoint Real Estate Partners, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § § § § § | Case No. 3:21-cv-00881-X |
| Defendants. | § | |

**DECLARATION OF HAYLEY R. WINOGRAD IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO STRIKE APPENDIX IN SUPPORT OF REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST THE ALLEGED AGREEMENT DEFENDANTS**

I, Hayley R. Winograd, pursuant to <mark>28 U.S.C. § 1746</mark>, under penalty of perjury, declare as follows:

1.      I am an attorney in the law firm of Pachulski, Stang, Ziehl & Jones LLP, counsel to Highland Capital Management, L.P., the reorganized debtor in the above-captioned chapter 11 case and plaintiff in the above-referenced adversary proceedings, and I submit this Declaration in support of *Opposition to Defendant's Motion to Strike Appendix in Support of Plaintiff's Reply Memorandum of Law in Further Support of its Motion for Partial Summary Judgment Against the Alleged Agreement Defendants* (the "Opposition").  I submit this Declaration based on my personal knowledge and review of the documents listed below.

2.      Plaintiff produced to HCMS the HCMS Amortization Schedule on June 9, 2021. Attached as **Exhibit A** is a true and correct copy of the email transmitting the document production.

Dated: March 18, 2022

                      */s/ Hayley R. Winograd*
                      Hayley R. Winograd

# EXHIBIT A

**From:** "Hayley R. Winograd" <hwinograd@pszjlaw.com>
**Date:** Wed Jun 09 22:25:46 EDT 2021
**To:** "'Lauren Drawhorn'" <lauren.drawhorn@wickphillips.com>,"Jason Rudd" <jason.rudd@wickphillips.com>
**Cc:** "John A. Morris" <jmorris@pszjlaw.com>
**Subject:** FW: HCMLP Document Production to HCMS Adv. Proc. 21-3006

Lauren and Jason,

Below please find the link and password to the Debtor's production in response to Highland Capital Management Services, Inc.'s First Set of Discovery Requests.

We will send a supplemental production in a separate email.

Thanks,

Hayley

**Hayley R. Winograd**
Pachulski Stang Ziehl & Jones LLP
Tel: 212.561.7700 | Fax: 212.561.7777
hwinograd@pszjlaw.com



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

Password: LKJ*57=

HCMS000001 - HCMS000519

**Appx. 00005**



# Pachulski IT has shared 7 files.



7 files • 20.1 MB total • Expires 06/23/2021

HCMS RFP No. 1.zip

ZIP

2.4 MB

HCMS RFP No. 13.zip

ZIP

3 MB

HCMS RFP No. 23.zip

ZIP

6.7 MB

Appx. 00006

HCMS RFP No. 4.zip

ZIP                                                                    4.5 MB

HCMS RFP No. 7.zip

ZIP                                                                    1.1 MB

+ 2 MORE

VIEW ALL FILES

Share large files securely through Hightail. Sign up for a free account.

Terms  |  Privacy

Powered By Hightail

**Appx. 00007**

Clay M. Taylor
Bryan C. Assink
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: bryan.assink@bondsellis.com
**Attorneys for James Dondero**

Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com
**Attorneys for James Dondero, Nancy Dondero,
Highland Capital Management Services, Inc. and
HCRE Partners, LLC**

Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email: drukavina@munsch.com

**Attorneys for NexPoint Advisors, L.P. and
Highland Capital Management Fund Advisors, L.P.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | **Case No. 19-34054** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | **Chapter 11** |
| | § | |
| Plaintiff. | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff, | § | **Adv. Proc. No. 21-03003-sgj** |
| | § | |
| vs. | § | |
| | § | |
| **JAMES DONDERO, NANCY DONDERO, AND** | § | |
| **THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § | |
| **Plaintiff,** | § § § | **Adv. Proc. No. 21-03005-sgj** |
| **vs.** | § § | |
| **NEXPOINT ADVISORS, L.P., JAMES DONDERO, AND NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § | |
| **Defendants.** | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § | |
| **Plaintiff,** | § § | **Adv. Proc. No. 21-03006-sgj** |
| **vs.** | § § | |
| **HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § § | |
| **Defendants.** | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § | **Adv. Proc. No. 21-03007-sgj** |
| **Plaintiff,** | § § | |
| **vs.** | § § | |
| **HCRE PARTNERS, LLC (n/k/a NexPoint Real Estate Partners, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § | |
| **Defendants.** | § § | |

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE APPENDIX IN SUPPORT OF PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST THE ALLEGED AGREEMENT DEFENDANTS

James Dondero, NexPoint Advisors, L.P., Highland Capital Management Services, Inc., and HCRE Partners, LLC, the Defendants in the above-captioned and related adversary proceedings, file this *Reply in Support of Defendants' Motion to Strike Appendix in Support of Plaintiff's Reply Memorandum of Law in Further Support of its Motion for Partial Summary*

1

*Judgment Against the Alleged Agreement Defendants*, and would respectfully show the Court as follows:

I.    **REPLY POINTS**

**A.    Debtor failed to address HCMS' prepayment defense in its Motion for Summary Judgment despite knowing about it and taking discovery related to the defense.**

In its Brief in Opposition to Motion to Strike Appendix in Support of Rely Memorandum of Law in Further Support of Motion for Partial Summary Judgment (the "Response"), Debtor suggests that its Klos Declaration was properly included in its summary judgment reply because HCMS' prepayment defense and the assertions supporting it were "made for the first time in the [Summary Judgment] Response." Response at ¶ 20. As explained below, even if this was correct and HCMS' prepayment defense was raised for the first time in its summary judgment response, this would be irrelevant because Fifth Circuit law simply does not allow new evidence to be filed in a summary judgment reply. Debtor, however, is incorrect and this assertion is nothing but a misleading attempt to cover up for the fact that Debtor simply forgot to include any arguments and evidence in its summary judgment motion related to HCMS's prepayment defense.

Initially, Debtor's claim that the prepayment defense was made for the first time in Defendants' summary judgment response is just wrong. On October 28, 2021, counsel for Defendants specifically confirmed to counsel for the Debtor that the defense of prepayment was included as part of the justification defense asserted by the various defendants. October 18, 2021 email from Deborah Deitsch-Perez to John Morris (Declaration of Michael Aigen, Exhibit A (App. 6). HCMS' corporate representative was thereafter questioned at length by counsel for Debtor regarding this defense during a deposition taken on October 29, 2022, two months before Debtor filed its motion for summary judgment and three months before Defendants filed their summary judgment response on January 20, 2022. *See* James Dondero Deposition, pp. 366-370 (Plaintiff's

2

Appendix in Support of Motion for Partial Summary Judgment in Notes Action ("Debtor's Appx."), 01762-63).  Debtor concedes that it questioned the corporate representative on this defense in its Response and admits that HCMS provided testimony on prepayment (without reconciling how it could also take the inconsistent position in its Response that the prepayment defense was raised for the first time in HCMS' summary judgment response).

In other words, Debtor was well aware that HCMS was asserting prepayment as a defense prior to and during the deposition of HCMS' corporate representative and, in fact, questioned the witness on this defense (as Debtor's Response makes clear).  Debtor's only specific complaints regarding the supposed inadequacy of the witness' answers are that he did not remember how or when he learned about this defense (which is certainly irrelevant) and that the witness did not memorize exactly when the payments were made that form the basis of the prepayment defense. Response at ¶ 8.  What Debtor omits from its Response is that counsel for Debtor was specifically told during the deposition that the spreadsheet identifying the dates of the specific payments was available and that the witness could answer these questions if presented with the spreadsheet, but counsel for Debtor chose not to either provide HCMS' 30(b)(6) witness with the documents containing the relevant details, or for that matter use the materials he brought to the deposition for the express purpose of being able to provide the minutia it would be impractical to memorize. Dondero Deposition at 369:4-13 (Debtor's Appx. 01763) ("MS. DEITSCH-PEREZ: If you want, John, if you would like for him to give you dates, he could probably dig up the spreadsheet and give you dates, but you have it also. MR. MORRIS: Thank you. Okay. I think we're doing just fine here.").  In other words, Debtor's complaint is that it did not have all the answers that it wanted related to HCMS' prepayment defense, but Debtor never bothered to ask anyone the questions it wanted answered, provide the witness with the documents that contained the relevant information,

or allow the witness to use his own prepared materials. Debtor's failure to follow the rules should not be excused based on its own failure to take adequate discovery.

The simple fact is Debtor forgot to address the prepayment defense or tactically decided to withhold its counter-arguments as it applies to HCMS in its Motion for Summary Judgment. As more detailed in Defendants' summary judgment response, Debtor named HCMS (along with NexPoint) in several headings related to the prepayment defense, but never actually made **any** arguments or raised **any** facts specific to HCMS and not one paragraph in Mr. Klos's original Declaration mentions the HCMS Term Note or the HCMS prepayment defense. Despite including HCMS in the headings along with NexPoint, Debtor only actually argued and presented evidence in its summary judgment related to NexPoint. Rather than admitting it made this mistake and filing a motion for leave to add additional arguments and evidence, Debtor suggests that this omission was intentional and based on HCMS corporate representative failing to identify "any substantive facts" concerning this defense. Response at ¶ 8. If this was the case, Debtor certainly would have said something (anything!) about HCMS and its prepayment defense in its summary judgment motion. It did not. It said nothing. Clearly, this was a tactical decision now regretted or a mistake made by counsel for Plaintiff, which was compounded by its decision to not seek leave to supplement its summary judgment evidence.

As explained below, whether Debtor even knew about the prepayment defense and what details it specifically discovered about this defense are irrelevant to this Motion to Strike. Parties are simply not permitted to submit additional evidence as part of a summary judgment reply. Even if this was permitted, however, it certainly would not be the case here, where Debtor was well aware of HCMS' prepayment defense, failed to ask the corporate representative detailed questions about the defense, failed to show the corporate representative relevant documents or ask about

those documents, failed to file a motion for leave, and either hoped to lull HCMS into not addressing all of its defenses or simply forgot to include evidence related to this defense in its motion for summary judgment.

> **B.    The cases cited by Debtor in its Response do not allow it to submit new evidence in its Summary Judgment Reply.**

Debtor claims that the Northern District of Texas's local rules generally prohibit parties from filing additional materials with a reply brief "*only* with respect to *new* issues, legal arguments, or theories."  Response at 6 (emphasis in original).  Plaintiff also claims that "[e]vidence is properly attached to a reply to summary judgment [when] it serves to rebut argument and evidence relied on by the nonmovant in their response."  *Id*.  In support of this proposition, Plaintiff cites to three unpublished cases.  However, Plaintiff's claims are not only incorrect, they are contradicted by the cases cited by Plaintiff.  Indeed, in *Banda* – cited by Plaintiff as support for this proposition – the court flatly states, "a summary judgment movant 'may not file a reply brief appendix without first obtaining leave of court.'"  *Banda v. Owens Corning Corp.*, Civ. No. 3:17-CV-1787-B, 2018 WL 672654, at *3 (N.D. Tex. Dec. 21, 2018) (quoting *Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 103 (N.D. Tex. 2001)).  The court also noted that "leave of court is available only in limited circumstances."  *Id*.  As such, in *Banda*, the issue was not whether the defendant's reply brief was proper; the court specifically said it was not.  *See id*. at 4 (referring to defendant's "procedural misstep in not seeking leave").  Rather, the issue was whether the court would grant leave for the defendant to submit an appendix in support of its reply despite the general rule prohibiting it.  *Id*. at 3 ("The Court's charge, then, is to determine whether this is one of those limited circumstances" under which the court will grant leave to file an appendix with a reply brief).

CORE/3522697.0002/173426843.2

Similarly, in *Lynch v. Union Pac. R.R. Co*., No. 3:13-CV-2701-L, 2015 WL 6807716, at

*1 (N.D. Tex. Nov. 6, 2015), the court specifically stated:

> Plaintiff is correct that courts in the Northern District of Texas have held that, under
> the court's Local Civil Rules, leave must first be obtained to file an appendix in
> support of a reply to a motion.

The court did not – as represented by Debtor – find that rule does not apply to reply briefs that

submit new evidence related to arguments raised in the response. *See also Lawson v. Parker*

*Hannifin Corp*., No. 4:13-CV-923-O, 2014 WL 1158880, at *6 (N.D. Tex. March 20, 2014)

("[T]he Court agrees with Parker Hannifin that the reply appendix filed without leave of court and

without a certificate of conference is improper . . . .").

Further, in all three cases, the court granted leave to file a reply appendix based on

circumstances not present in this case.  In *Banda*, the court pointed out that the materials included

in the response were contradicted by the non-movant's prior deposition testimony and evidence.

*See Banda*, 2018 WL 672654, at *4.  The court noted that 'the Fifth Circuit 'does not allow a party

to defeat a motion for summary judgment using an affidavit that impeaches, without explanation,

sworn testimony.'"  *Id*. at *5.  However, contrary to Debtor's claim that *Banda* stands for the

proposition that the court's local rules do not prohibit filing a reply appendix, the court noted that

it reached this conclusion "cautiously and recognize[d] the importance of parties abiding by this

District's local rules," and further referred to its conclusion as an "infrequent result." *Id*. at *4.

Similarly, in *Lynch*, the court pointed out that the nonmovant had delayed its summary

judgment response to conduct additional discovery, and then had attached that newly obtained

discovery to his summary judgment response.  As such, the court felt that it was appropriate to

allow both parties – and not just the nonmovant – to refer to the newly obtained discovery.  *See*

*Lynch*, 2015 WL 6807716, at *1 ("Moreover, the deposition testimony of John Begley relied on

by Defendant that Plaintiff seeks to strike was obtained as a result of Plaintiff's request to delay

briefing on Defendant's summary judgment to depose Begley and other witnesses, and Plaintiff relies on John Begley's deposition in response to Defendant's summary judgment motion. . . .   The circumstances of this case, however, and in particular Plaintiff's request to delay briefing on Defendants' summary judgment motion to conduct discovery that he now relies on in his summary judgment response, justify granting Defendant leave to file its appendix in support of its reply.   To conclude otherwise would allow Plaintiff an unfair advantage in using a 'gotcha' procedural approach.").

Finally, in *Murray v. TXU Corp.*, No. Civ. A 303CV088P, 2005 WL 1313412 (N.D. Tex. May 27, 2005), the court "dispense[d] quickly" with a motion to strike a reply brief and supplemental appendix and request to file a sur-reply.   *Id.* at *4.   However, none of the arguments addressed by the court – and presumably raised by the parties – specifically addressed the propriety of filing a supplemental appendix without seeking leave of court.   Rather, the court focused on whether the non-movant would be permitted to file a sur-reply.   *See id.* ("A sur-reply is appropriate by the non-movant only when the movant raises new legal theories or attempts to present new evidence at the reply stage.   In this case, Debtor is not challenging any newly-presented legal theories raised by Defendants in their Reply.   Plaintiff simply wants an opportunity to continue the argument.").   The first two arguments "deal[t] with purported new arguments raised by" the party seeking summary judgment in their reply brief, which were merely claims that the movant in its reply had mischaracterized their arguments.   *Id.*   The court pointed out that such tactics are "expected" and it did not need to be "coddled" with a sur-reply to recognize when that occurs.   *Id.*   The third argument was that the reply brief improperly "cit[ed] to caselaw not previously cited by either party," which the court pointed out was not only permissible, but arguments otherwise were "nonsensical."   *Id.*   The final argument was that the reply brief "surreptitiously excluded portions

of Plaintiff's deposition;" however, the court pointed out that parties "routine[ly]" attach only excerpts from depositions, just as was done in the summary judgment response brief. *Id.* at 5. As such, the court never addressed the propriety of filing a supplemental appendix with a reply brief without first obtaining leave of court. It is possible that the parties agreed in *Murray* that the filing of a reply appendix was appropriate under circumstances not mentioned or that the court granted leave for the filing of a reply appendix in that case. However, the court never said that a reply appendix can be properly filed without leave of court, especially under circumstances similar to those before the Court here.

Debtor's attempts to distinguish the cases cited in the Motion to Strike are similarly unavailing. Debtor attempts to distinguish the cases cited in the Motion to Strike by pointing to minor differences in the facts of those cases. However, Debtor is unable to draw any distinction between the law applicable to those cases and the law applicable here.

For example, Debtor points out that the court in *Home Depot U.S.A. Inc. v. Nat'l Fire Ins. Co. of Hartford*, No. 3:06-CV-0073-D, 2007 WL 1969752 (N.D. Tex. June 27, 2007), felt the need to distinguish between Local Rule 56.2 – which prohibits parties from filing more than one summary judgment motion – and Rule 56.7 – which prohibits parties from filing supplemental materials in support of a motion for summary judgment. Response at ¶ 21. While this is true, it is also irrelevant. The purpose and effect of Rule 56.7 remain the same, regardless of whether it is compared to Rule 56.2. Indeed, Debtor fails to identify any manner in which the law summarized by the *Home Depot* Court is inaccurate. Moreover, Debtor has not sought leave to file its supplemental appendix under either Rule 56.2 or 56.7, and as such, it is improper.

Debtor also claims that the Fifth Circuit's opinion in *Bernhardt v. Richardson-Merrell, Inc.*, 892 F.2d 440 (5th Cir. 1990) and the Northern District of Texas's ruling in *Hyde v. Hoffman-La*

*Roche Inc.*, No. 3:04-CV-1473-B, 2008 WL 2923818 (N.D. Tex. July 30, 2008) are "irrelevant" because Debtor does not seek to submit evidence after summary judgment has been fully briefed or after a ruling.  Response at ¶ 22.  However, that argument is itself irrelevant.  Debtor's submission of additional exhibits in support of its reply brief is not improper because briefing had been completed, the Court has ruled, or because Debtor seeks a continuance.  It is improper because the Court's rules prohibit submission of additional exhibits in support of a summary judgment reply for the reasons stated in those cases.  Debtor is again unable to point out any manner in which either case inaccurately stated the important policy reasons for the Northern District of Texas's rules.  As such, Debtor's violation of those rules undermines those policies.

Perhaps most revealing, Debtor claims that *Spring Indus., Inc. v. Amer. Motorist Ins. Co.*, 137 F.R.D. 238 (N.D. Tex. 1991) does not support the Motion to Strike.  However, Debtor quotes that case as stating that "the purpose of replies 'is to rebut the nonmovant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion.  The document is to contain argument, *not new supporting materials*."  Response at ¶ 24 (emphasis added).  Despite this clear statement, Debtor still claims that the "reply brief was permitted without leave of court" because the reply appendix was not submitted "for the purpose of adding evidentiary support for [the] motion, but rather to directly rebut assertions raised for the first time in Defendant's Response."  As described above, this argument is factually incorrect, insofar as HCMS raised the prepayment defense well before filing their summary judgment response.  Plus, this argument is a distinction without difference.  If Debtor merely intended to "rebut" those arguments, it could have permissibly done so in its brief without filing additional evidentiary materials.  Furthermore, as quoted by Debtor in its response, the rule prohibits submitting "new supporting materials" with a reply brief, regardless of their purpose.

CORE/3522697.0002/173426843.2

Debtor also argues that *Racetrac Petr. Inc. v. JJ's Fast Stop, Inc.*, No. Civ. A 3:01-CV-1397, 2003 WL 251318 (N.D. Tex. Feb. 3, 2003) and *Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102 (N.D. Tex. 2001) are inapplicable because "there was no indication whether such evidence was submitted for the specific purpose of rebutting new arguments raised for the first time in the defendant's response." Response at ¶ 25. However, the courts' failure to comment on that issue rebuts Debtor's argument. If the rule prohibits only new evidence to support old arguments, then one would expect that issue to be mentioned either by the rule or the courts applying it. The fact that the courts did not address that issue demonstrates that court's rule prohibits exactly what it says: all evidence submitted in support of a summary judgment reply.

In short, the law on this point is clear. Debtor was required to seek leave of court before filing an appendix with its reply brief (and, in fact, should have conferred with Defendants prior to seeking leave of court). Debtor failed to do so. Debtor's attempts to avoid the applicable law by creating an exception – mentioned neither in the rule itself, nor in court decisions applying the rule – demonstrate that Debtor either willfully ignored the rule in the hope of obtaining an unfair advantage or simply hopes that the Court will not be aware of its own rules. In either case, the Court should not permit Debtor to do so, and should strike the evidence submitted with Debtor's reply brief.

## II.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court grant their Motion and that the Court strike Plaintiff's Supplemental Appendix, including the Klos Declaration.

Dated: April 1, 2022       Respectfully submitted,

          */s/Deborah Deitsch-Perez*    
          Deborah Deitsch-Perez
          State Bar No. 24036072
          Michael P. Aigen
          State Bar No. 24012196
          STINSON LLP
          3102 Oak Lawn Avenue, Suite 777
          Dallas, Texas 75219
          (214) 560-2201 telephone
          (214) 560-2203 facsimile
          Email: deborah.deitschperez@stinson.com
          Email: michael.aigen@stinson.com
          **ATTORNEYS FOR JAMES DONDERO, NANCY
DONDERO, HIGHLAND CAPITAL MANAGEMENT
SERVICES, INC. AND NEXPOINT REAL ESTATE
PARTNERS, LLC**

          */s/Clay M. Taylor*    
          Clay M. Taylor
          State Bar No. 24033261
          Bryan C. Assink
          State Bar No. 24089009
          BONDS ELLIS EPPICH SCHAFER JONES LLP
          420 Throckmorton Street, Suite 1000
          Fort Worth, Texas 76102
          (817) 405-6900 telephone
          (817) 405-6902 facsimile
          Email: clay.taylor@bondsellis.com
          Email: bryan.assink@bondsellis.com
          **ATTORNEYS FOR JAMES DONDERO**

          */s/Davor Rukavina*    
          Davor Rukavina
          Julian P. Vasek
          MUNSCH HARDT KOPF & HARR, P.C.
          500 N. Akard Street, Suite 3800
          Dallas, Texas 75202-2790
          (214) 855-7500 telephone
          (214) 978-4375 facsimile
          Email: drukavina@munsch.com

          **ATTORNEYS FOR NEXPOINT ADVISORS, L.P. AND
HIGHLAND CAPITAL MANAGEMENT FUND
ADVISORS, L.P.**

CORE/3522697.0002/173426843.2

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on April 1, 2022, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on counsel for Plaintiff Highland Capital Management, L.P. and on all other parties requesting or consenting to such service in this case.

*/s/Deborah Deitsch-Perez*
Deborah Deitsch-Perez

12

Clay M. Taylor
Bryan C. Assink
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: bryan.assink@bondsellis.com

**Attorneys for James Dondero**

Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

**Attorneys for James Dondero, Nancy Dondero,
Highland Capital Management Services, Inc. and
HCRE Partners, LLC**

Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email: drukavina@munsch.com

**Attorneys for NexPoint Advisors, L.P. and
Highland Capital Management Fund Advisors, L.P.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | **Case No. 19-34054** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | **Chapter 11** |
| | § | |
| Debtor. | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff, | § | **Adv. Proc. No. 21-03003-sgj** |
| | § | |
| vs. | § | |
| | § | |
| **JAMES DONDERO, NANCY DONDERO, AND
THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **Adv. Proc. No. 21-03005-sgj** |
| **vs.** | § | |
| | § | |
| **NEXPOINT ADVISORS, L.P., JAMES** | § | |
| **DONDERO, NANCY DONDERO, AND** | § | |
| **THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Adv. Proc. No. 21-03006-sgj** |
| **vs.** | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT** | § | |
| **SERVICES, INC., JAMES DONDERO,** | § | |
| **NANCY DONDERO, AND THE DUGABOY** | § | |
| **INVESTMENT TRUST,** | § | |
| | § | |
| **Defendants.** | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | **Adv. Proc. No. 21-03007-sgj** |
| **Plaintiff,** | § | |
| **vs.** | § | |
| | § | |
| **HCRE PARTNERS, LLC (n/k/a NexPoint Real** | § | |
| **Estate Partners, LLC), JAMES DONDERO,** | § | |
| **NANCY DONDERO, AND THE DUGABOY** | § | |
| **INVESTMENT TRUST,** | § | |
| | § | |
| **Defendants.** | § | |

## APPENDIX IN SUPPORT OF DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE APPENDIX IN SUPPORT OF PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST THE ALLEGED AGREEMENT DEFENDANTS

Defendants James Dondero, NexPoint Advisors, L.P., Highland Capital Management Services, Inc., and HCRE Partners, LLC file this *Appendix in Support of Defendants' Reply in Support of Defendants' Motion to Strike Appendix in Support of Plaintiff's Reply Memorandum of Law in Further Support of its Motion for Partial Summary Judgment Against the Alleged Agreement Defendants*, and request the Court take judicial notice of the documents contained herein.

1

| Exhibit | Document | Appendix Page(s) |
|:---:|:---|:---|
| **1** | **Declaration of Michael Aigen, dated April 1, 2022** | App. 1-4 |
| A | Email from Deborah Deitsch-Perez to J. Morris, dated October 28, 2021 | App. 5-6 |

2

Dated: April 1, 2022

Respectfully submitted,

*/s/Deborah Deitsch-Perez*
Deborah Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

**ATTORNEYS FOR JAMES DONDERO, NANCY
DONDERO, HIGHLAND CAPITAL MANAGEMENT
SERVICES, INC. AND NEXPOINT REAL ESTATE
PARTNERS, LLC**

*/s/Clay M. Taylor*
Clay M. Taylor
State Bar No. 24033261
Bryan C. Assink
State Bar No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: bryan.assink@bondsellis.com
**ATTORNEYS FOR JAMES DONDERO**

*/s/Davor Rukavina*
Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email: drukavina@munsch.com

**ATTORNEYS FOR NEXPOINT ADVISORS, L.P. AND
HIGHLAND CAPITAL MANAGEMENT FUND
ADVISORS, L.P.**

## <u>CERTIFICATE OF SERVICE</u>

     I, the undersigned, hereby certify that, on April 1, 2022, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on counsel for Plaintiff Highland Capital Management, L.P. and on all other parties requesting or consenting to such service in this case.

                                      */s/Deborah Deitsch-Perez*
                                      Deborah Deitsch-Perez

4

# Exhibit 1

Clay M. Taylor
Bryan C. Assink
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: bryan.assink@bondsellis.com
**Attorneys for James Dondero**

Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com
**Attorneys for James Dondero, Nancy  Dondero,
Highland Capital Management Services, Inc. and
HCRE Partners, LLC**

Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email: drukavina@munsch.com

**Attorneys for NexPoint Advisors, L.P. and
Highland Capital Management Fund Advisors, L.P.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | **Case No. 19-34054** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | **Chapter 11** |
| | § | |
| Debtor. | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff, | § | **Adv. Proc. No. 21-03003-sgj** |
| | § | |
| vs. | § | |
| | § | |
| **JAMES DONDERO, NANCY DONDERO, AND** | § | |
| **THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| Defendants. | § | |

**App. 2**

| | | |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § | |
| **Plaintiff,** | § § | **Adv. Proc. No. 21-03005-sgj** |
| **vs.** | § § | |
| **NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § | |
| **Defendants.** | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § | |
| **Plaintiff,** | § § | **Adv. Proc. No. 21-03006-sgj** |
| **vs.** | § § | |
| **HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § | |
| **Defendants.** | § § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § | **Adv. Proc. No. 21-03007-sgj** |
| **Plaintiff,** | § § | |
| **vs.** | § § | |
| **HCRE PARTNERS, LLC (n/k/a NexPoint Real Estate Partners, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § | |
| **Defendants.** | § § | |

## DECLARATION OF MICHAEL P. AIGEN IN SUPPORT OF DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE APPENDIX IN SUPPORT OF PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST THE ALLEGED AGREEMENT DEFENDANTS

Michael P. Aigen, pursuant to 28 U.S.C. § 1746(a), under penalty of perjury, declares as follows:

1.      I am a member of the law firm of Stinson LLP, counsel to Defendant James Dondero, Highland Capital Management Services, Inc. and HCRE Partners, LLC n/k/a NexPoint Real Estate Partners, LLC, and I submit this Declaration in support of the *Defendants' Reply in*

CORE/3522697.0002/173486849.1

**App. 3**

*Support of Defendants' Motion to Strike Appendix in Support of Plaintiff's Reply Memorandum of*

*Law in Further Support of its Motion for Partial Summary Judgment Against the Alleged*

*Agreement Defendants*, which is being filed concurrently with this Declaration.  I submit this

Declaration based on my personal knowledge and the documents listed below.

2.        Attached as **Exhibit A** is a true and correct copy of an email from Deborah Deitsch-

Perez to J. Morris, dated October 28, 2021.


Dated:  April 1, 2022                          */s/Michael P. Aigen*

                                               Michael P. Aigen

CORE/3522697.0002/173486849.1

**App. 4**

# Exhibit A

| | |
|---|---|
| **From:** | Deitsch-Perez, Deborah R. |
| **Sent:** | Thursday, October 28, 2021 3:37 PM |
| **To:** | John A. Morris |
| **Cc:** | Aigen, Michael P. |
| **Subject:** | Your requests |

John, I have lost track of which I have answered and which not, but to summarize what I thought you had asked about the term loans, in addition to the subsequent agreement defense, there are also defenses relating to Highland's failure to pay the term loans, covered by the waiver and estoppel paragraphs and relating to prepayment, covered by the justification paragraph.

I am not answering your request for a list of trial witnesses, because that is premature.

Are there any other documents (besides the book you sent) that you want Jim to have access to for the deposition?  Thx, Deborah

Deborah R. Deitsch-Perez
Partner
Dallas
214.560.2218
x62218

**App. 6**



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 26, 2022**

United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 19-34054 |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | Chapter 11 |
| | § | |
| Plaintiff. | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff, | § | **Adv. Proc. No. 21-03003-sgj** |
| | § | |
| vs. | § | |
| | § | |
| **JAMES DONDERO, NANCY DONDERO, AND** | § | |
| **THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| Defendants. | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | **Adv. Proc. No. 21-03005-sgj** |
| | § | |
| **NEXPOINT ADVISORS, L.P., JAMES** | § | |
| **DONDERO, NANCY DONDERO, AND** | § | |
| **THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| Defendants. | § | |

CORE/3522697.0002/173998935.1

| | | |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § | |
| **Plaintiff,** | § § | **Adv. Proc. No. 21-03006-sgj** |
| **vs.** | § § | |
| **HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § | |
| **Defendants.** | § § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § | **Adv. Proc. No. 21-03007-sgj** |
| **Plaintiff,** | § § | |
| **vs.** | § § | |
| **HCRE PARTNERS, LLC (n/k/a NexPoint Real Estate Partners, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § | |
| **Defendants.** | § § § | |

## ORDER GRANTING MOTION TO STRIKE APPENDIX IN SUPPORT OF PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST THE ALLEGED AGREEMENT DEFENDANTS

Upon consideration of *Defendants' Motion to Strike Appendix in Support of Plaintiff's Reply Memorandum of Law in Further Support of its Motion for Partial Summary Judgment Against the Alleged Agreement Defendants* (the "Motion"), any response thereto, the pleadings, the record of the above-captioned and related adversary proceedings, and the arguments presented by the parties before this Court, the Court hereby finds that the Motion should be GRANTED.

Accordingly,

**IT IS HEREBY ORDERED** that:

Plaintiff's Reply Declaration of David Klos in Further Support of Highland Capital Management L.P.'s Motion for Partial Summary Judgment is hereby stricken from the record of the summary judgment proceedings.

**## END OF ORDER ##**
