Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email: drukavina@munsch.com
Email: jvasek@munsch.com

*Attorneys for James Dondero, Highland Capital
Management Services, Inc. and NexPoint Real Estate
Partners, LLC*

*Attorneys for NexPoint Advisors, L.P. and
Highland Capital Management Fund Advisors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 19-34054** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | **Chapter 11** |
| | § | |
| **Debtor.** | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Adv. Proc. No. 21-03003-sgj** |
| | § | |
| **JAMES DONDERO, NANCY DONDERO,** | § | |
| **AND THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Adv. Proc. No. 21-03004-sgj** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT** | § | |
| **FUND ADVISORS, L.P.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO SUPPLEMENT BACKUP
DOCUMENTATION IN SUPPORT OF PROPOSED JUDGMENT – Page 1**

|  |  |  |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § | |
| **Plaintiff,** | § § | |
| **vs.** | § § | **Adv. Proc. No. 21-03005-sgj** |
| **NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § | |
| **Defendants.** | § § | |

|  |  |  |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § | |
| **Plaintiff,** | § § | |
| **vs.** | § § | **Adv. Proc. No. 21-03006-sgj** |
| **HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § § | |
| **Defendants.** | § § | |

|  |  |  |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § | |
| **Plaintiff,** | § § | |
| **vs.** | § § | **Adv. Proc. No. 21-03007-sgj** |
| **HCRE PARTNERS, LLC (n/k/a NexPoint Real Estate Partners, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § § | |
| **Defendants.** | § § | |

## <u>DEFENDANTS' OPPOSITION TO HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR LEAVE TO SUPPLEMENT BACKUP DOCUMENTATION IN SUPPORT OF PROPOSED JUDGMENT</u>

COMES NOW, Defendant James Dondero, NexPoint Advisors, L.P., Highland Capital

Management Services, Inc., Highland Capital Management Fund Advisors, L.P., and HCRE

Partners, LLC, the Defendants in the above-captioned and related adversary proceedings, and hereby submit this *Opposition to Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* (Defendants' "<u>Opposition</u>" and Plaintiff's "<u>Motion for Leave</u>").  Defendants would show the Court as follows:

## I.    <u>BACKGROUND</u>

1.    Defendants generally agree with the Opposition's first four paragraphs reciting the relevant background of this dispute.[1]    However, Plaintiff's characterization of its almost $400,000.00 attorney's fees discrepancy as an "Alleged Math Error"[2] is inaccurate because Plaintiff admits to not providing Defendants with complete figures by which to accurately calculate the total attorney's fees Plaintiff claims it is owed.[3]    Plaintiff's claim to defense counsel that "[t]here was no math error[,]" yet immediately "accounting" for the $400,000.00 difference by admitting that Plaintiff mistakenly did not include billing statements for January and February of 2022 makes Plaintiff's error an actual – not "alleged" – math error that prejudiced Defendants.

2.    There is sparse authority regarding the usage of Northern District of Texas Local Rule 56.7 to supplement a prevailing party's attorney's fees after prevailing at summary judgment. However, the Northern District of Texas has analogously addressed parties supplementing legal authorities under Local Rule 56.7:

> Local Civil Rule 56.7 provides: "Except for the motions, responses, replies, briefs, and appendixes required by these rules, a party may not, without the permission of the presiding judge, file supplemental pleadings, briefs, authorities, or evidence." The court  generally  discourages  attempts  to  file  supplemental  authorities  if  the

---

[1] *See* Motion for Leave, ¶¶ 1-4.

[2] *See Id.*, ¶ 5.

[3] *See* Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment, Ex. A. ("…we inadvertently omitted the invoices for January and February 2022 from HCMLP's initial submission").

authorities were previously available when a party submitted its motion, response, or reply brief.[4]

While the additional billing records here are not legal authorities, they were certainly previously available to Plaintiff when Plaintiff submitted its Notice of Attorney's Fees.  Plaintiff gives no explanation or other showing of good cause regarding why it did not include the additional bills other than simply claiming "we inadvertently omitted the invoices for January and February 2022[.]"[5] Thus, Plaintiff's Motion for Leave should be denied because it now seeks a second bite at the apple by including billing statements it had access to – and could have included – in its Notice of Attorney's fees.

3.     Further, the same court noted that a non-supplementing party must not suffer prejudice before a court may grant supplementation under Local Rule 56.7.[6]  Plaintiff does not once address the prejudice that Defendants will inevitably suffer if Plaintiff is allowed to supplement $400,000.00 in attorney's fees. Plaintiff's failure to include two entire months of its attorneys' billing statements has prejudiced Defendants by not allowing Defendants to timely examine the statements for accuracy, duplicity of work, redactions, and other factors relating to a reasonableness and necessity-of-attorney's-fees analysis.[7]  To allow Plaintiff to supplement its billing invoices only *after* this Court has found in favor of Plaintiff effectually gives Plaintiff two

---

[4] *Highland Capital Mgmt. L.P. v. Bank of Am., Nat. Ass'n*, No. 3:10-CV-1632-L, 2013 WL 4502789, at *28 (N.D. Tex. Aug. 23, 2013), aff'd sub nom. Highland Capital Mgmt., L.P. v. Bank of Am., N.A., 574 Fed. Appx. 486 (5th Cir. 2014).

[5] *See* Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment, Ex. A.

[6] *Highland Capital Mgmt. L.P. v. Bank of Am., Nat. Ass'n*, 2013 WL 4502789, at *28 (holding that, because the plaintiff did not suffer any "legal prejudice" by the court's consideration of supplemental authority, such authority would be admitted).

[7] *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469 (Tex. 2019) (affirming the Lodestar Method as the preferred method of determining what evidence is recommended to support the reasonableness and necessity of claimed attorney's fees).

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
**MOTION FOR LEAVE TO SUPPLEMENT BACKUP**
**DOCUMENTATION IN SUPPORT OF PROPOSED JUDGMENT – Page 4**

bites at the apple to recover an additional $400,000.00 it never presented to Defendants for examination in the first place.  If Plaintiff is allowed to supplement the record with $400,000.00 in previously unaccounted for attorney's fees, Defendant will be prejudiced and suffer undue surprise because it was not afforded an opportunity to examine those statements while it was briefing on Plaintiff's originally-provided billing statements.

## II.   <u>REQUEST FOR RELIEF</u>

4.   Defendants respectfully request this Court deny Plaintiff's Motion for Leave as Defendants will suffer prejudice.  In the event this Court decides to grant Plaintiff's Motion for Leave, Defendants respectfully request an opportunity for additional briefing to address Plaintiff's new billing invoices.

Dated: October 18, 2022                    Respectfully Submitted,

                                           /s/ Michael P. Aigen
                                           Deborah Deitsch-Perez
                                           State Bar No. 24036072
                                           Michael P. Aigen
                                           State Bar No. 24012196
                                           STINSON LLP
                                           2200 Ross Avenue, Suite 2900
                                           Dallas, Texas 75201
                                           (214) 560-2201 telephone
                                           (214) 560-2203 facsimile
                                           Email: deborah.deitschperez@stinson.com
                                           Email: michael.aigen@stinson.com

                                           *Attorneys for James Dondero, Highland
                                           Capital Management Services, Inc. and
                                           NexPoint Real Estate Partners, LLC*


                                           /s/ Julian P. Vasek
                                           Davor Rukavina
                                           Julian P. Vasek
                                           MUNSCH HARDT KOPF & HARR, P.C.
                                           500 N. Akard Street, Suite 3800
                                           Dallas, Texas 75202-2790
                                           (214) 855-7500 telephone
                                           (214) 978-4375 facsimile
                                           Email:  drukavina@munsch.com
                                           Email:  jvasek@munsch.com

                                           *Attorneys for NexPoint Advisors, L.P. and
                                           Highland Capital Management Fund
                                           Advisors, L.P.*

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO SUPPLEMENT BACKUP
DOCUMENTATION IN SUPPORT OF PROPOSED JUDGMENT – Page 6**
CORE/3522697.0002/177431688.4

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 18, 2022, a true and correct copy of the foregoing document was

served via the Court's Electronic Case Filing system to the parties that are registered or otherwise

entitled to receive electronic notices in this adversary proceeding.

/s/ Michael P. Aigen

Michael P. Aigen

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 19-34054 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | § | Chapter 11 |
| | § | |
| Debtor. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Adv. Proc. No. 21-03003-sgj |
| vs. | § | |
| | § | |
| JAMES DONDERO, NANCY DONDERO, | § | |
| AND THE DUGABOY INVESTMENT TRUST, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Adv. Proc. No. 21-03004-sgj |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT | § | |
| FUND ADVISORS, L.P., | § | |
| | § | |
| Defendant. | § | |

|  |  |  |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § § | |
| **Plaintiff,** | § § | |
| **vs.** | § § | **Adv. Proc. No. 21-03005-sgj** |
| **NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § | |
| **Defendants.** | § § § § | |

|  |  |  |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § | |
| **Plaintiff,** | § § | |
| **vs.** | § § | **Adv. Proc. No. 21-03006-sgj** |
| **HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § § | |
| **Defendants.** | § § | |

|  |  |  |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § | |
| **Plaintiff,** | § § | |
| **vs.** | § § | **Adv. Proc. No. 21-03007-sgj** |
| **HCRE PARTNERS, LLC (n/k/a NexPoint Real Estate Partners, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § | |
| **Defendants.** | § | |

## ORDER DENYING HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR LEAVE TO SUPPLEMENT BACKUP DOCUMENTATION IN SUPPORT OF PROPOSED JUDGMENT

Upon consideration of *Defendants' Opposition to Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* (Defendants' "Opposition" and Plaintiff's "Motion for Leave"), and the arguments presented by the parties before this Court, the Court hereby finds that the Plaintiff's Motion for Leave should be DENIED as set forth below. Accordingly,

**IT IS HEREBY ORDERED** that:

1.    The Motion for Leave is **DENIED** as set forth herein.

**## END OF ORDER ##**

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (TX Bar No. 24044908)
MHayward@HaywardFirm.com
Zachery Z. Annable (TX Bar No. 24053075)
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., §<br><br>Plaintiff, §<br><br>vs. §<br><br>JAMES DONDERO, NANCY DONDERO, AND THE<br>DUGABOY INVESTMENT TRUST, §<br><br>Defendants. § | Adv. Proc. No. 21-03003-sgj<br><br>Case No. 3:21-cv-00881-X |

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., § § § | |
| Plaintiff, § § | Adv. Proc. No. 21-03004-sgj |
| vs. § § § | |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., § § § | Case No. 3:21-cv-00881-X |
| Defendant. § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., § § § | |
| Plaintiff, § § | Adv. Proc. No. 21-03005-sgj |
| vs. § § | |
| NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, § § § § | Case No. 3:21-cv-00881-X |
| Defendants. § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., § § | |
| Plaintiff, § § | Adv. Proc. No. 21-03006-sgj |
| vs. § § | |
| HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, § § § § | Case No. 3:21-cv-00881-X |
| Defendants. § | |



| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| | § | Adv. Proc. No. 21-03007-sgj |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | Case No. 3:21-cv-00881-X |
| HCRE PARTNERS, LLC (n/k/a NexPoint | § | |
| Real Estate Partners, LLC), JAMES | § | |
| DONDERO, NANCY DONDERO, AND | § | |
| THE DUGABOY INVESTMENT TRUST, | § | |
| | § | |
| | § | |
| Defendants. | § | |

### HIGHLAND CAPITAL MANAGEMENT, L.P.'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO SUPPLEMENT BACKUP DOCUMENTATION IN SUPPORT OF PROPOSED JUDGMENT

Plaintiff files this reply in further support of its *Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* (the "Motion")[1] and in response to *Defendants' Opposition to Highland Capital Management L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* (the "Objection").[2]

### REPLY

1.      In its Motion, Plaintiff seeks leave to supplement its Backup Documentation with two invoices out of dozens filed on behalf of four different service providers that were inadvertently omitted from Plaintiff's initial submission. There can be no credible dispute that the Supplemental Invoices were inadvertently omitted because the value of the invoices—to the penny—was included in the total amount originally sought by Plaintiff. Defendants nevertheless

---

[1] *See* Adv. Pro. No. 21-03003 at Docket No. 205; Adv. Pro. No. 21-03004 at Docket No. 174; Adv. Pro. No. 21-03005 at Docket No. 222; Adv. Pro. No. 21-03006 at Docket No. 227; and Adv. Pro. No. 21-03007 at Docket No. 222. Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

[2] *See* Adv. Pro. No. 21-03003 at Docket No. 210; Adv. Pro. No. 21-03004 at Docket No. 179; Adv. Pro. No. 21-03005 at Docket No. 227; Adv. Pro. No. 21-03006 at Docket No. 232; and Adv. Pro. No. 21-03007 at Docket No. 227.

object, contending that they will be prejudiced if the Motion is granted. Defendants' arguments are spurious and the Objection should be overruled.

2.      Defendants' first contention is that they will be prejudiced because Plaintiff supposedly did not allow them "to timely examine the statements for accuracy, duplicity of work, redactions, and other factors relating to a reasonableness and necessity-of-attorney's-fees analysis." Objection ¶ 3. But Defendants' own conduct and applicable rules proves that this contention is absurd:

- In the original stipulation concerning this issue, ***Defendants and their counsel agreed that 18 days were sufficient to review a year-and-a-half's worth of invoices***;[3]

- In a stipulation concerning the same issue in the companion notes litigation concerning HCMFA, ***Defendants and their counsel agreed that 21 days were sufficient to review all invoices rendered in connection with that adversary proceeding***;[4]

- Here, under Local Bankruptcy Rule 7007-1(e), ***Defendants had 21 days to respond to the Motion***, a period equal to or greater than the periods Defendants voluntarily agreed to;[5] and

- Defendants had even more time because ***Plaintiff e-mailed copies of the Supplemental Invoices to Defendants' counsel seven (7) days before filing the Motion*** in an effort to avoid this unnecessary litigation (Defendants' counsel never responded to the e-mail).[6]

---

[3] *Notice of Stipulation for Objection to Report and Recommendation in Notes Litigation*, Case No. 3:21-cv-00881-X, Docket No. 53 (Plaintiff required to file form of judgment (including backup for fees and expenses) by August 5, 2022, with Defendants' objections due on August 18, 2022, eighteen (18) days later).

[4] *Notice of Stipulation Regarding Report and Recommendation to the District Court Regarding Highland Capital Management, L.P.'s Motion for Summary Judgment Against Highland Capital Management Fund Advisors, L.P.*, Case No. 3:21-cv-00881-X, Docket No. 75 (Plaintiff required to file form of judgment (including backup for fees and expenses) by November 2, 2022, with Defendants' objections due on November 23, 2022, twenty-one (21) days later).

[5] Local Bankruptcy Rule of the United States Bankruptcy Court for the Northern District of Texas 7007-1.

[6] Morris Dec. Ex. A (September 20, 2022 email to Defendants' counsel including, among other things, the Supplement Invoices).

3.    Thus, ***Defendants and their counsel had 28 days to review two invoices***.  After having agreed to review many more invoices in less time, Defendants' claim of "prejudice" is devoid of credibility and should be rejected out of hand.[7]

4.    Defendants' other contention is that they will be prejudiced because the "undue surprise" of the Motion is supposedly giving Plaintiff "two bites at the apple."  Objection ¶¶ 2-3. This contention is also meritless for at least the following reasons:

- There was no "surprise" of any kind because Plaintiff seeks not one penny more than it sought in its original submission;[8]

- Because Plaintiff seeks nothing more than it originally sought, it is not getting a "second bite" of anything but is merely supplementing the documentation that Defendants also should have known about;[9] and

- Being required to pay amounts due under a written and enforceable agreement cannot ever be "prejudicial."

5.    In short, Defendants will not be prejudiced by paying amounts due and owing under the Notes as a result of their default, particularly where the amounts never changed and they had more than sufficient time to raise substantive objections but failed to do so.

---

[7] Notably, despite claiming that 28 days were insufficient to review two invoices, Defendants never asked Plaintiff or this Court for an extension of time.  Indeed, in a transparent attempt to further delay the inevitable, Defendants audaciously "request an opportunity for additional briefing to address Plaintiff's new billing invoices" in the event the Court grants the Motion.  Objection ¶ 4.  Having passed on the opportunity to provide substantive objections to two Supplement Invoices despite having 28 days to do so, Defendants' disingenuous request for a "second bite at the apple" should be denied.

[8] *Compare Notice of Attorneys' Fees Calculation and Backup Documentation*, Adv. Pro. No. 21-03003, Docket No. 197, Ex. 1 (*Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Proposed Form of Judgment*), Ex. F (Summary) (showing Plaintiff originally sought $2,663,585.30 on account of Pachulski Stang Ziehl & Jones' fees) *with Response in Support of Plaintiff's Proposed Form of Judgment Awarding Attorneys' Fees and Costs*, Adv. Pro. No. 21-03003, Docket No. 208, Ex. 1 (showing Plaintiff still sought $2,663,585.30 on account of Pachulski Stang Ziehl & Jones' fees on the same day it filed the Motion).

[9] As the Court is aware, January and February 2022 were especially busy months in the Notes Litigation as the parties addressed HCMFA's motions and Plaintiff's summary judgment motion.  Consequently, Defendants could not have believed that Plaintiff did no work and incurred no expenses during those months.  Thus, either (a) Defendants also "inadvertently" failed to notice the omission of the Supplement Invoices, or (b) they were aware of it and are now misleading the Court with claims of prejudice.

## <u>CONCLUSION</u>

WHEREFORE, Plaintiff respectfully requests that the Court overrule the Objection in its entirety, grant the Motion, and grant such other and further relief as the Court deems just and proper under the circumstances.

*[REMAINDER OF PAGE INTENTIONALLY BLANK]*

Dated: October 21, 2022.

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
E-mail: jpomerantz@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
hwinograd@pszjlaw.com

- and -

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile:  (972) 755-7110

*Counsel for Highland Capital Management, L.P.*



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed October 24, 2022

_____
**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

-------------------------------------------------------------

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Adv. Proc. No. 21-03003-sgj |
| | § | |
| JAMES DONDERO, NANCY DONDERO, AND THE | § | |
| DUGABOY INVESTMENT TRUST, | § | |
| | § | Case No. 3:21-cv-00881-X |
| Defendants. | § | |
| | § | |

-------------------------------------------------------------

---

HIGHLAND CAPITAL MANAGEMENT, L.P.,

§
§
§
Plaintiff,    §    Adv. Proc. No. 21-03004-sgj
§
§
vs.    §
§    Case No. 3:21-cv-00881-X
§
HIGHLAND CAPITAL MANAGEMENT FUND    §
ADVISORS, L.P.,    §
§
§
Defendant.    §
§

---

HIGHLAND CAPITAL MANAGEMENT, L.P.,    §
§
§
Plaintiff,    §    Adv. Proc. No. 21-03005-sgj
§
§
vs.    §
§
NEXPOINT ADVISORS, L.P., JAMES    §    Case No. 3:21-cv-00881-X
DONDERO, NANCY DONDERO, AND    §
THE DUGABOY INVESTMENT TRUST,    §
§
§
Defendants.    §

---

HIGHLAND CAPITAL MANAGEMENT, L.P.,    §
§
§
Plaintiff,    §    Adv. Proc. No. 21-03006-sgj
§
§
vs.    §
§
HIGHLAND CAPITAL MANAGEMENT    §    Case No. 3:21-cv-00881-X
SERVICES, INC., JAMES DONDERO,    §
NANCY DONDERO, AND THE DUGABOY    §
INVESTMENT TRUST,    §
§
Defendants.    §

---

---------------------------------------------------------------

HIGHLAND CAPITAL MANAGEMENT, L.P.,

§
§
§
§                Adv. Proc. No. 21-03007-sgj
                 Plaintiff,                                          §
                                                                     §
vs.                                                                  §
                                                                     §          Case No. 3:21-cv-00881-X
                                                                     §
HCRE PARTNERS, LLC (n/k/a NexPoint                                   §
Real Estate Partners, LLC), JAMES                                    §
DONDERO, NANCY DONDERO, AND                                          §
THE DUGABOY INVESTMENT TRUST,                                        §
                                                                     §
                                                                     §
                 Defendants.                                         §
----------------------------------------------------------------§

## ORDER GRANTING HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR LEAVE TO SUPPLEMENT BACKUP DOCUMENTATION IN SUPPORT OF PROPOSED JUDGMENT

Upon consideration of *Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* (the "Motion")[1] filed by Highland Capital Management, L.P. ("Highland" or "Plaintiff"), the plaintiff in the above-captioned Adversary Proceedings,[2] (a) the arguments and evidence set forth in the Motion; (b) the *Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* and the exhibits annexed thereto;[3] (c) the arguments set forth in *Defendants' Opposition to Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment*;[4] and (d) the arguments set forth in *Highland Capital Management L.P.'s*

---

[1] Adv. Proc. Nos. 21-03003-sgj, Docket No. 205; 21-03004-sgj, Docket No. 174; 21-03005-sgj, Docket No. 222; 21-03006-sgj, Docket No. 227; 21-03007-sgj, Docket No. 222.

[2] Capitalized terms not defined herein shall have the meanings ascribed thereto in the Motion.

[3] Adv. Proc. Nos. 21-3003, Docket No. 206; 21-3004, Docket No. 175; 21-3005, Docket No. 223; 21-3006, Docket No. 228; 21-3007, Docket No. 223.

[4] Adv. Proc. Nos. 21-3003, Docket No. 210; 21-3004, Docket No. 179; 21-3005, Docket No. 227; 21-3006, Docket No. 232; 21-3007, Docket No. 227.

*Reply in Further Support of Its Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment*;[5] and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. § 1409; and this Court having found that Plaintiff's notice of the Motion was appropriate and that no other notice need be provided; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, the Court:

### FINDS AND DETERMINES THAT:

1.  Plaintiff's omission of the Supplemental Invoices appears to have been **<u>inadvertent</u>** (given that the amounts set forth therein were included in Highland's total fee request); and

2.  The Court views there to be **<u>no prejudice</u>** to Defendants in granting the requested leave (given that Defendants apparently had 28 days to review the Supplemental Invoices and chose simply to oppose the Motion rather than comment on the invoices—in the alternative—as to their reasonableness or lack thereof); and based on the foregoing, it is

### HEREBY ORDERED THAT:

1.  The Motion is **GRANTED**.

2.  The Backup Documentation to the Notice of Attorneys' Fees in support of the Proposed Judgment is hereby deemed supplemented with the Supplemental Invoices.

###End of Order###

---

[5] Adv. Proc. Nos. 21-03003-sgj, Docket No. 211; 21-03004-sgj, Docket No. 180; 21-03005-sgj, Docket No. 228; 21-03006-sgj, Docket No. 233; 21-03007-sgj, Docket No. 228.

Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Attorneys for James Dondero, Highland Capital
Management Services, Inc. and NexPoint Real Estate
Partners, LLC*

Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email: drukavina@munsch.com
Email: jvasek@munsch.com

*Attorneys for NexPoint Advisors, L.P. and
Highland Capital Management Fund Advisors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Case No. 19-34054** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | **Chapter 11** |
| | § | |
| **Debtor.** | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Adv. Proc. No. 21-03003-sgj** |
| | § | |
| **JAMES DONDERO, NANCY DONDERO,** | § | |
| **AND THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Adv. Proc. No. 21-03004-sgj** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT** | § | |
| **FUND ADVISORS, L.P.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT THEIR ARGUMENT AGAINST
PLAINTIFF'S NEWLY SUPPLEMENTED NOTICE OF ATTORNEYS' FEES – Page 1**

|  | § |  |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Adv. Proc. No. 21-03005-sgj** |
| | § | |
| **NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § | |
| | § | |
| **Defendants.** | § | |
| | § | |

|  | § |  |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Adv. Proc. No. 21-03006-sgj** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § | |
| | § | |
| **Defendants.** | § | |
| | § | |

|  | § |  |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **vs.** | § | **Adv. Proc. No. 21-03007-sgj** |
| | § | |
| **HCRE PARTNERS, LLC (n/k/a NexPoint Real Estate Partners, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT THEIR ARGUMENT AGAINST PLAINTIFF'S SUPPLEMENTED NOTICE OF ATTORNEYS' FEES

COMES NOW, Defendants James Dondero, NexPoint Advisors, L.P., Highland Capital

Management Services, Inc., Highland Capital Management Fund Advisors, L.P., and HCRE

Partners, LLC, the Defendants in the above-captioned and related adversary proceedings, pursuant

to Northern District of Texas Local Rule 56.7, and hereby submit this *Motion for Leave to*

*Supplement its Argument Against Plaintiff's Supplemented Notice of Attorney's Fees* (Defendants' "<u>Motion</u>", Plaintiff's "<u>Motion for Leave</u>", and the Court's "<u>Order</u>"). Defendants would show the Court as follows:

## I. <u>BACKGROUND</u>

After obtaining a favorable ruling at summary judgment, Plaintiff filed its *Notice of Attorneys' Fees Calculation and Backup Documentation* on August 5, 2022, claiming almost $2,800,000 in attorneys' fees and costs incurred throughout this litigation.[1] Defendants pointed out what appeared to be a math error because the total of the invoices provided was roughly $400,000 less than the $2.8 million that Plaintiff sought. Plaintiff responded, contending that the $400,000 was not a math error, it was simply a mistake in the supporting documentation submitted (or rather, not originally submitted) (the "<u>New Bills</u>"). Faced with its error, Plaintiff filed a Motion for Leave to introduce the New Bills into the evidentiary record. Over Defendants' Objection, the Court granted Plaintiff's Motion for Leave (the Court's "<u>Order</u>"). However, the Court's Order precluded Defendants from challenging the New Bills, stating only that Defendants face "no prejudice[,]" and precluded Defendants' ability to comment on the New Bills because Defendants "chose simply to oppose the Motion rather than comment on the [New Bills][.]"[2] Defendants now file their own Motion requesting leave from the Court to allow Defendants to supplement their argument against the New Bills – which total roughly $400,000.00 – because Defendants could not formally comment on invoices ***which had not yet been admitted into evidence***.[3]

---

[1] Adv. Pro. 21-03003-sgj [<mark>Dkt. 197</mark>]; Adv. Pro. 21-03004-sgj [<mark>Dkt. 169</mark>]; Adv. Pro. 21-03005-sgj [<mark>Dkt. 214</mark>]; Adv. Pro. 21-03006-sgj [<mark>Dkt. 219</mark>]; Adv. Pro. 21-03007-sgj [<mark>Dkt. 214</mark>].

[2] *Order Granting [Plaintiff's] Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment*, p. 4, Adv. Pro. 21-03003-sgj [<mark>Dkt. 212</mark>]; Adv. Pro. 21-03004-sgj [<mark>Dkt. 181</mark>]; Adv. Pro. 21-03005-sgj [<mark>Dkt. 229</mark>]; Adv. Pro. 21-03006-sgj [<mark>Dkt. 234</mark>]; Adv. Pro. 21-03007-sgj [<mark>Dkt. 229</mark>].

[3] Defendants also file this Objection to preserve the issue for appeal.

**DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT THEIR ARGUMENT AGAINST
PLAINTIFF'S NEWLY SUPPLEMENTED NOTICE OF ATTORNEYS' FEES – Page 3**

## II.  ARGUMENT

Defendants are victims of a procedural misstep committed by Plaintiff. Plaintiff's Motion for Leave was just that: a procedural mechanism under Northern District of Texas Local Rule 56.7 by which Plaintiff sought to include its additional invoices as ***supplemental evidence***. Until such supplemental materials are included in the record (i.e.: until this Court ruled on Plaintiff's Motion for Leave), those supplemental materials simply are ***not yet evidence***. Thus, Defendants' lack of "comment[s] on the invoices" should not come as any surprise, since, at the time Defendants responded to Plaintiff's Motion for Leave, the additional invoices were not evidence.  Now, because the Court has granted Plaintiff's Motion for Leave, the supplemental invoices ***are*** evidence, and Defendants seek leave from the Court in order to provide comments regarding the supplemental invoices.  The Court disproportionately chides Defendants for allegedly not strictly following procedural rules (while allowing Plaintiff wide latitude), causing Defendants to be cautious in taking the kind of shortcuts that the Court now says Defendants should have taken, such as commenting on documents not yet in evidence.

## III.  DEFENDANTS' COMMENTS TO PLAINTIFF'S SUPPLEMENTAL EVIDENCE

Defendants provide this Court with supplemental comments to Plaintiff's additional billing invoices for the sake of efficiency.  Put plainly, Plaintiff's supplemental bills further reflect that Plaintiff's law firm of Pachulski, Stang, Ziehl & Jones ("PSZJ") charged rates far in excess of the customary rates in the Northern District of Texas, and are therefore unreasonable for the same reasons briefed in *Defendants' Objections to Plaintiff's Proposed Form of Judgment Awarding Attorney's Fees and Costs*, Section II.B.6 [Dkt. 204].

Again, the "relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits," and the relevant market here is Dallas,

Texas.[4]  When compared to Plaintiff's local counsel, Hayward PLLC, PSZJ almost triples Hayward's fee rates.  Hayward's Dallas, Texas office charged between $400 and $450 per hour on this case.  PSZJ, on the other hand, having offices in Los Angeles, California, and New York, New York, charged rates ranging from $460 an hour (already more expensive than Hayward's highest rates) to **$1,265** per hour.

The decision to reduce an out-of-market attorney's fees to match those of the community in which the district court sits is soundly within the discretion of this Court.  *See Hopwood v. State of Texas*, 236 F.3d 256, 281 (5th Cir. 2000) (trial court reducing fees of Washington, D.C. attorney to match those normally charged in the Dallas, Texas market was not an abuse of discretion). This Court should do the same as the trial court in *Hopwood* and reduce PSZJ's coastal rates to those consistent with the Dallas market.

Along with being well-above the customary hourly rates charged in the Dallas community, Plaintiff's New Bills are excessive.[5]  "[P]laintiffs seeking attorney's fees are charged with the burden of showing the reasonableness of the hours bills, and therefore, are also charged with proving that the exercised billing judgment[,] . . .[which] requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant.  The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) (internal citations omitted) (affirming the district court's decision to reduce a fee award based on plaintiff's failure to establish proper billing judgment).

---

[4] *Tollett v. City of Kemah*, 285 F.3d 357, 369 (5th Cir. 2002).
[5] *See Defendants' Objections to Plaintiff's Proposed Form of Judgment Awarding Attorney's Fees and Costs*, Section II.A.2 for a discussion of the two-step lodestar method of determining fees.

Here, just ***one*** of Plaintiff's attorneys – associate Hayley Winograd – spent 44.8 hours drafting a response to Defendant NexPoint's *Notice and Objection . . .to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines*.[6] At that attorney's rate of $750 per hour (about 40% of her supervising partner John Morris' hourly rate of $1,265 per hour), Plaintiff incurred $33,600 for its attorney to draft a single response, not even considering Morris' fee to review Winograd's work.  Ultimately, that brief was only 25 pages in length, with 12 of the 25 pages consisting of factual background.[7]

Furthermore, Winograd and paralegal La Asia Canty spent a combined 48.9 hours to draft an "objection and response to HCMFA motion for reconsideration[,]" with Winograd billing 35 hours at her coastal rate of $750 per hour, and Canty billing 13.9 hours at her coastal paralegal rate of $495.00 per hour.[8] Plaintiff incurred $33,130.50 for Winograd and Canty to draft that objection, again not considering Morris' fee to review their work. Based on the time entries alone, Defendants cannot directly identify what brief (if any was filed) is the product of Winograd's and Canty's 48.9 hours. Regardless, Plaintiff fails to provide any explanation for this excessive and duplicative billing for straightforward briefings, and only one brief was located based on Plaintiff's time entries.

It is not merely these entries that are at issue, in addition to the issues raised in Defendants original objection, Defendants were generous in their review, thinking that Plaintiff's total bill was $400,000 less than it is now claiming.  If that had been known at the time, Defendants' scrutiny would have been greater.

---

[6] *See* Motion for Leave, Ex. A-1, throughout; *see also* Adv. Pro. 21-03005-sgj [Dkt. 148].
[7] *See [Plaintiff's] Brief in Support of its Objection and Response to Objections to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines*, Case 3:21-cv-00881-X [Dkt. 38].
[8] *See* Motion for Leave, Ex. A-1, throughout.

**DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT THEIR ARGUMENT AGAINST PLAINTIFF'S NEWLY SUPPLEMENTED NOTICE OF ATTORNEYS' FEES – Page 6**

## IV.     <u>REQUEST FOR RELIEF</u>

Defendants object to Plaintiff's proposed award of attorneys' fees and costs based on its New Bills.  Defendants request that the Court grant their Motion for Leave, and reduce any award of attorneys' fees to correspond with hourly rates normally charged in Dallas, Texas, as evidenced by local counsel Hayward's rates.  Additionally, or in the alternative, Defendants request that the Court reduce any award of attorneys' fees by an amount that excludes any excessive time billed.

Dated: November 2, 2022                    Respectfully submitted,

*/s/ Michael P. Aigen*
Deborah Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Attorneys for James Dondero, Highland*
*Capital Management Services, Inc. and*
*NexPoint Real Estate Partners, LLC*

*/s/ Julian P. Vasek*
Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email:  drukavina@munsch.com
Email:  jvasek@munsch.com

*Attorneys for NexPoint Advisors, L.P. and*
*Highland Capital Management Fund*
*Advisors, L.P.*

## CERTIFICATE OF CONFERENCE

I hereby certify that on October 28, 2022, I conferred with counsel for Plaintiff, John Morris, regarding the substance of the foregoing Motion.  Counsel for Plaintiff stated that Plaintiff opposes the relief requested in this Motion.

*/s/ Michael P. Aigen*
Michael P. Aigen

## CERTIFICATE OF SERVICE

I certify that on November 2, 2022, a true and correct copy of the foregoing document was served via the Court's Electronic Case Filing system to the parties that are registered or otherwise entitled to receive electronic notices in this adversary proceeding.

*/s/ Michael P. Aigen*
Michael P. Aigen

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | **Case No. 19-34054** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | **Chapter 11** |
| | § | |
| Plaintiff. | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff, | § | **Adv. Proc. No. 21-03003-sgj** |
| | § | |
| vs. | § | |
| | § | |
| **JAMES DONDERO, NANCY DONDERO, AND** | § | |
| **THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| Defendants. | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff, | § | **Adv. Proc. No. 21-03004-sgj** |
| | § | |
| vs. | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT** | § | |
| **FUND ADVISORS, L.P.,** | § | |
| | § | |
| Defendant. | § | |

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| **Plaintiff,** | § § § | **Adv. Proc. No. 21-03005-sgj** |
| **vs.** | § § | |
| NEXPOINT ADVISORS, L.P., JAMES DONDERO, AND NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § § § § § | |
| **Defendants.** | § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| **Plaintiff,** | § § | **Adv. Proc. No. 21-03006-sgj** |
| **vs.** | § § | |
| HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § § § § § | |
| **Defendants.** | § § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § | |
| **Plaintiff,** | § § | |
| **vs.** | § § | |
| **HCRE PARTNERS, LLC (n/k/a NexPoint Real Estate Partners, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § | **Adv. Proc. No. 21-03007-sgj** |
| **Defendants.** | § § | |

## ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT THEIR ARGUMENT AGAINST PLAINTIFF'S NEWLY SUPPLEMENTED NOTICE OF ATTORNEYS' FEES

Upon consideration of *Defendants' Motion for Leave to Supplement Their Argument Against Plaintiff's Newly Supplemented Notice of Attorneys' Fees* (the "Motion"), any response thereto, the pleadings, the record of the above-captioned and related adversary proceedings, and the arguments presented by the parties before this Court, the Court hereby finds that the Motion should be GRANTED.

Accordingly,

**IT IS HEREBY ORDERED** that:

Defendants are allowed to supplement their pleadings to raise additional arguments related

to the New Bills.

**## END OF ORDER ##**



**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 10, 2022**

**United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br>HIGHLAND CAPITAL MANAGEMENT, L.P.<br>Reorganized Debtor. | Case No. 19-34054-sgj11<br><br>Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Plaintiff.<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT FUND<br>ADVISORS, L.P.,<br><br>    Defendant. | Adversary No. 21-03004-sgj<br>Civ. Act. No. 3:21-cv-00881 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Plaintiff.<br><br>v.<br><br>NEXPOINT ADVISORS, L.P., JAMES<br>DONDERO, NANCY DONDERO, AND<br>THE DUGABOY INVESTMENT TRUST,<br><br>    Defendants. | Adversary No.: 21-03005-sgj<br>Civ. Act. No. 3:21-cv-00880<br><br>**(Consolidated Under Civ. Act. No. 3:21-cv-<br>00881)** |

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Plaintiff.<br><br>v.<br><br>JAMES D. DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,<br><br>    Defendants. | Adversary No. 21-03003-sgj<br>Civ. Act. No. 3:21-cv-01010<br>**(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Plaintiff.<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,<br><br>    Defendants. | Adversary No.: 21-03006-sgj<br>Civ. Act. No. 3:21-cv-01378<br>**(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Plaintiff.<br><br>v.<br><br>HCRE PARTNERS, LLC (n/k/a NEXPOINT REAL ESTATE PARTNERS, LLC), JAMES DONDERO, NANCY DONDERO AND THE DUGABOY INVESTMENT TRUST,<br><br>    Defendants. | Adversary No.: 21-03007-sgj<br>Civ. Act. No. 3:21-cv-01379<br>**(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |

## SUPPLEMENT TO REPORT AND RECOMMENDATION DATED JULY 19, 2022, TRANSMITTING PROPOSED FORMS OF JUDGMENT

## I.    Introduction and Background

On July 20, 2022, the bankruptcy clerk transmitted this court's *Report and Recommendation to District Court:  Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants[1] (With Respect to All Sixteen Promissory*

---

[1] The "Note Maker Defendants"—sometimes collectively referred to simply as the "Defendants"—are: James D. Dondero (Adv. Pro. 21-3003)(Civ. Action No. 3:21-cv-01010); Highland Capital Management Fund Advisors, L.P. (Adv. Pro. 21-3004)(Civ. Action No. 3:21-cv-00881); NexPoint Advisors, L.P. (Adv. Pro. 21-3005)(Civ. Action No.

*Notes) in the Above-Referenced Consolidated Note Actions* ("<u>R&R MPSJ</u>")[DE # 50][2] for filing

in the above-referenced consolidated Civ. Act. No. 3:21-cv-881.  In the R&R MPSJ, this court

recommended that the District Court enter summary judgment "holding the Note Maker

Defendants liable for (a) breach of contract and (b) turnover for all amounts due under the Notes,

pursuant to Bankruptcy Code Section 542, including the costs of collection and reasonable

attorneys' fees in an amount to be determined."  In the last paragraph of the R&R MPSJ, this court

directed Plaintiff (Highland) "**to promptly submit a form of Judgment applicable to each Note**

**Maker Defendant that calculates proper amounts due pursuant to this Report and**

**Recommendation, including interest accrued to date (and continuing to accrue per diem), as**

**well as costs and attorneys' fees incurred.**" The court further set forth the procedures for the

submission of the proposed forms of judgment and this court's transmittal of such to the District

Court for its consideration in connection with the R&R MPSJ:

> **The costs and attorneys' fees calculation shall be separately filed as a Notice**
> **with backup documentation attached. The Note Maker Defendants shall have**
> **21 days after the filing of such Notice to file an objection to the reasonableness**
> **of the attorneys' fees and costs.  The bankruptcy court will thereafter**
> **determine the reasonableness in Chambers (unless the bankruptcy court**
> **determines that a hearing is necessary) and will promptly submit the form**
> **Judgments, along with appropriate attorneys' fees and costs amounts inserted**
> **into the form Judgments, to the District Court, to consider along with this**
> **Report and Recommendation.**

R&R MPSJ, last para.

---

3:21-cv-00880); Highland Capital Management Services, Inc. (Adv. Pro. 21-3006)(Civ. Action No. 3:21-cv-01378); and HCRE Partners, LLC, n/k/a NexPoint Real Estate Partners, LLC (Adv. Pro. 21-3007)(Civ. Action No. 3:21-cv-01379).

[2] The R&R MPSJ was entered separately in each of the five underlying adversary proceedings on July 19, 2022 prior to transmittal to the District Court.  *See* Adv. Pro. 21-3003 [DE #191], Adv. Pro. 21-3004 [DE #163], Adv. Pro. 21-3005 [DE #207], Adv. Pro. 21-3006 [DE #213], and Adv. Pro. 21-3007 [DE #208].

II.    **Proposed Forms of Judgment and Notices of Attorneys' Fees and Costs**

A.    ***Highland Submits Proposed Forms of Judgment and Notices of Attorneys' Fees and Costs To Be Included Therein***

The parties entered into a stipulation (the "Stipulation") regarding the procedures for objecting to the R&R MPSJ in the District Court and for the submission of the proposed forms of judgment and attorneys' fees and costs to the bankruptcy court pursuant to the directive in the R&R MPSJ, which was filed on July 25, 2022, in each of the adversary proceedings[3] and on July 26, 2022, in the District Court.[4]  In the Stipulation, the parties agreed and stipulated to a briefing schedule as follows:[5]

1.    Plaintiff will file a form of judgment (as described in the R&R) (the "Proposed Judgment") with Notice by August 5, 2022;

2.    Defendants will file any objections to the R&R and/or the Proposed Judgment ("Defendants' Objections") by August 23, 2022; [and,]

3.    Plaintiff will respond to Defendants' Objections on or before September 27, 2022.

On August 5, 2022, Highland filed its *Declaration of David Klos in Support of Highland Capital Management, L.P.'s Proposed Form of Judgment*,[6] *Notice of Attorneys' Fees Calculation and Backup Documentation* regarding the fees and costs of Pachulski, Stang, Ziehl & Jones, L.L.P. ("PSZ&J"),[7] and *Notice of Attorneys' Fees Calculation and Backup Documentation of Hayward*

---

[3] *See* Adv. Pro. 21-3003 [DE #196], Adv. Pro. 21-3004 [DE #168], Adv. Pro. 21-3005 [DE #212], Adv. Pro. 21-3006 [DE #218], and Adv. Pro. 21-3007 [DE #213].

[4] *See* Notice of Stipulation for Objection to Report and Recommendation in Notes Litigation [DE #53].

[5] Stipulation at 4.

[6] *See* Adv. Pro. 21-3003 [DE #199], Adv. Pro. 21-3004 [DE #171], Adv. Pro. 21-3005 [DE #216], Adv. Pro. 21-3006 [DE #221], and Adv. Pro. 21-3007 [DE #216].

[7] *See* Adv. Pro. 21-3003 [DE #197], Adv. Pro. 21-3004 [DE #169], Adv. Pro. 21-3005 [DE #214], Adv. Pro. 21-3006 [DE #219], and Adv. Pro. 21-3007 [DE #214].

*PLLC.*[8]  Highland did not file with the bankruptcy court its proposed forms of judgment (but did upload the proposed form of judgment ("Proposed Judgment(s)") to the bankruptcy court's order processing system in each of the five adversary proceedings).

### B.    *Defendants Object to Proposed Form of Judgment Awarding Attorneys' Fees and Costs*

On August 23, 2022, the Defendants filed in the bankruptcy court *Defendants' Objection to Plaintiff's Proposed Form of Judgment Awarding Attorney's Fees and Costs*[9] in which they objected to Highland's proposed form of judgment and to the reasonableness of the attorneys' fees proposed to be included therein ("Proposed Judgment Objection").[10]  Defendants objections to the Proposed Judgment fall into one of seven categories:

(1) Mathematical error;

(2) Excessive redaction;

(3) Fees should be limited to breach of contract and turnover claims;

(4) "Unsegregated fees" should be excluded;

(5) Fees attributable to "unsuccessful litigation" should be excluded;

(6) PSZ&J's rates are too high;

(7) The distribution of fees and costs equally among the five Defendants is unreasonable.

---

[8] *See* Adv. Pro. 21-3003 [DE #198], Adv. Pro. 21-3004 [DE #170], Adv. Pro. 21-3005 [DE #215], Adv. Pro. 21-3006 [DE #220], and Adv. Pro. 21-3007 [DE #215].

[9] *See* Adv. Pro. 21-3003 [DE #204], Adv. Pro. 21-3004 [DE #173], Adv. Pro. 21-3005 [DE #221], Adv. Pro. 21-3006 [DE #226], and Adv. Pro. 21-3007 [DE #221].

[10] On the same day, the Defendants filed in the District Court *Defendants' Objection to the Bankruptcy Court's Report and Recommendation to the District Court Proposing That It Grant Summary Judgment in Favor of the Plaintiff* ("Objection to R&R MPSJ") [DCT DE #62].

### C.   *Highland Files Motion for Leave to Supplement Backup Documentation with Supplemental Invoices*

Defendants allege in the Proposed Judgment Objection that there is a math error ("Alleged Math Error") of $395,996.50, *see* Proposed Judgment Objection at 5-6, and "[t]here may be a small portion of that amount attributable to partially redacted entries for which the total was redacted, making it unduly difficult to decipher," *id.* at 6 n.2. On September 20, 2022, Highland's counsel emailed Defendants' counsel to inform them that there is no Alleged Math Error because: (a) Highland inadvertently omitted from its Backup Documentation the fee invoices for January and February 2022, and (b) some entries were redacted because they referred to tasks unrelated to the Notes Litigation, but the unredacted time should be added up and multiplied by the hourly rate of the applicable timekeeper. Morris Dec. Ex. A.[11] Highland also attached to its email, *inter alia*, the invoices for January and February 2022 (the "Supplemental Invoices"), which total $307,493.50 (and which account for approximately 80% of the Alleged Math Error). Morris Dec. Ex. B and Ex. C, respectively.  Highland's counsel offered to stipulate to this issue, advising Defendants' counsel that if they did not respond by noon on Friday, September 23, 2022, Highland would move for leave to supplement the Backup Documentation with the Supplemental Invoices. Morris Dec. Ex. A.  Defendants' counsel had not responded as of September 27, 2022, when Highland filed its Motion for Leave, seeking leave of the bankruptcy court to supplement the Backup Documentation with the Supplemental Invoices. Motion for Leave, ¶ 9. On the same day, Highland filed its *Response to Defendants' Objection to Plaintiff's*

---

[11] References to "Morris Dec." are to the *Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment*, Adv. Pro. 21-3003 [DE #206], Adv. Pro. 21-3004 [DE #175], Adv. Pro. 21-3005 [DE #223], Adv. Pro. 21-3006 [DE #228], and Adv. Pro. 21-3007 [DE #223], filed in the adversary proceedings in connection with Highland's *Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* ("Motion for Leave") filed on September 27, 2022. Adv. Pro. 21-3003 [DE #205], Adv. Pro. 21-3004 [DE #174], Adv. Pro. 21-3005 [DE #222], Adv. Pro. 21-3006 [DE #227], and Adv. Pro. 21-3007 [DE #222].

*Proposed Form of Judgment Awarding Attorney's Fees and Costs*[12] and its brief in support of its Proposed Form of Judgment Awarding Attorneys' Fees and Costs (together, the "Response").[13]

On October 18, 2022 – 28 days after Defendants' counsel had been provided with copies of the Supplemental Invoices – Defendants filed their *Opposition to Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* ("Opposition").[14] Defendants argued that Highland should not be allowed to supplement the Backup Documentation with the Supplemental Invoices because allowing such would cause Defendants to "suffer prejudice." Specifically, Defendants asserted that Highland's failure to include the Supplemental Invoices as part of the original Backup Documentation (a) "has prejudiced Defendants by not allowing Defendants to timely examine the statements for accuracy, duplicity of work, redactions, and other factors relating to a reasonableness and necessity-of-attorney's-fees analysis," (b) gives Highland "two bites at the apple to recover [fees and costs] it never presented to Defendants for examination in the first place," and (c) has caused Defendants to be prejudiced and to suffer "undue surprise because [they were] not afforded an opportunity to examine those statements while [they were] briefing on Plaintiff's originally-provided billing statements." Opposition, ¶ 3.

---

[12] Adv. Pro. 21-3003 [DE #207], Adv. Pro. 21-3004 [DE #176], Adv. Pro. 21-3005 [DE #224], Adv. Pro. 21-3006 [DE #229], and Adv. Pro. 21-3007 [DE #224].

[13] Adv. Pro. 21-3003 [DE #208], Adv. Pro. 21-3004 [DE #177], Adv. Pro. 21-3005 [DE #225], Adv. Pro. 21-3006 [DE #230], and Adv. Pro. 21-3007 [DE #225].

[14] Adv. Pro. 21-3003 [DE #210], Adv. Pro. 21-3004 [DE #179], Adv. Pro. 21-3005 [DE #227], Adv. Pro. 21-3006 [DE #232], and Adv. Pro. 21-3007 [DE #227].

On October 21, 2022, Highland filed its *Reply in Further Support of Its Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* ("Reply").[15]  This court considered Highland's Motion for Leave, Defendants' Opposition, and Highland's Reply and, on October 24, 2022, entered orders in each of the adversary proceedings, granting Highland's Motion for Leave, allowing Highland to supplement the Backup Documentation with the Supplemental Invoices.[16]

> **D.    This Court Recommends That the District Court Overrule Defendants' Objections to the Proposed Forms of Judgment Awarding Attorneys' Fees and Costs**

This court then turned to its in-chambers review of the Defendants' Proposed Judgment Objection in accordance with the procedures set forth in the "Submission of Judgment" section of its R&R MPSJ.  For the following reasons, this court recommends that the District Court overrule each of the objections set forth in Defendants' Proposed Judgment Objection:

*1.    Objection #1: Mathematical Error*

As noted above, Defendants object to the proposed attorneys' fees and costs based on an Alleged Math Error.  With leave of court, Highland supplemented the Backup Documentation with two invoices (for January 2022 and February 2022), which accounted for nearly 80% of the Alleged Math Error.  The remaining approximately 20% of the Alleged Math Error was attributable to the "partially redacted entries for which the total was redacted" and which Defendants found to be "unduly difficult to decipher."  Highland explained that multiplying the time identified in the unredacted portions of the partially redacted entries, only, by the hourly rate

---

[15] Adv. Pro. 21-3003 [DE #211], Adv. Pro. 21-3004 [DE #180], Adv. Pro. 21-3005 [DE #228], Adv. Pro. 21-3006 [DE #233], and Adv. Pro. 21-3007 [DE #228].

[16] Adv. Pro. 21-3003 [DE #212], Adv. Pro. 21-3004 [DE #181], Adv. Pro. 21-3005 [DE #229], Adv. Pro. 21-3006 [DE #234], and Adv. Pro. 21-3007 [DE #229].

of the identified timekeeper (and totaling the resultant amounts) accounts for the remaining Alleged Math Error, such that there is no math error in the proposed attorneys' fees and costs to be included in the Proposed Judgments.  Thus, this court recommends that the District Court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

2.  *Objection #2: Excessive Redaction*

Defendants contend that fees should not be awarded for "overly redacted" time entries.  As set forth in the Morris Declaration (filed in support of the Proposed Judgment(s) and Notices of Attorneys' Fees and Costs), Highland does not seek compensation for any time entry that was redacted; therefore, the court recommends that the district court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

3.  *Objection #3: Fees Should Be Limited to Breach of Contract and Turnover Claims*

Defendants argue that Plaintiff may only recover fees for the breach of contract and turnover claims in the complaints because those two counts were "the only claims addressed by the R&R issued by the Court," quoting the Texas Supreme Court case, *Tony Cullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006), for the proposition that "Absent a contract or statute, trial courts do not have inherent authority to require a losing party to pay the prevailing party's  fees." The *Chapa* case does not support Defendants' objection because the court there held, unremarkably, that because Texas law does not permit recovery for attorneys' fees on a fraud claim and because there was no contract between the parties allowing for such recovery, the trial court's inclusion of attorney fees in the judgment constituted error.  Here, the Notes at issue ***do*** provide that Highland is entitled to ***all*** costs of collection, not just those directly incurred on a subset of litigated issues. Specifically, Section 6 of each Note provides:

9

> **Attorneys' Fees.** If this Note is not paid at maturity (whether by acceleration or
> otherwise) and is placed in the hands of an attorney for collection, or if it is collected
> through a bankruptcy court or any other court after maturity, the Maker shall pay,
> in addition to all other amounts owing hereunder, all actual expenses of collection,
> all court costs and reasonable attorneys' fees and expenses incurred by the holder
> hereof.

Nothing in Section 6 limits Highland's recovery of "all actual expenses of collection" to only breach of contract and turnover claims, where all of the causes of action and claims asserted in the adversary proceeding were expenses of collecting on the Notes.

Moreover, the Texas Supreme Court in *Varner v. Cardenas*, 218 S.W.3d 68, 69 (Tex. 2007)(citations omitted), which expressly followed *Chapa*, upheld an award of attorneys' fees to the prevailing plaintiff who successfully sued on a promissory note that included fees incurred by the plaintiff in defending against the defendant's counterclaim:[17]

> But we disagree that fees defending against the [defendants'] counterclaim must be
> segregated too.  By asserting a shortfall of acreage as a defense and counterclaim,
> [defendants] sought to reduce the amount collected on the note; to collect the full
> amount, [plaintiffs] had to overcome this defense.  As their attorney's efforts to that
> effect were necessary to recover on their contract, they are recoverable.

Here, all of the counts in the amended complaint were included in connection with, and directly related to, Highland's pursuit of recovery on the Notes.  All of the time spent by Highland's counsel responding to Defendants' various defenses and litigating the myriad issues that have arisen in these proceedings were incurred in pursuit of, and were necessary to, Highland's recovery on the Notes.  Thus, because all of the attorneys' fees and costs submitted by Highland for

---

[17] *See also In re Arnette*, 2011 WL 3651294, *3 -*4 (Bankr. N.D. Tex. Aug. 18, 2011)(where the bankruptcy court found that fees incurred by plaintiff in plaintiff's successful suit on a note that were incurred to prove plaintiff's (a) fraud claims "contributed directly to the [plaintiff's] efforts to collect and enforce the notes against [the defendant such that] . . . [t]he terms of the notes themselves make these fees recoverable," and (b) § 523 claims "were part and parcel of its efforts to collect and enforce the breach of contract and suit on a note claims[, and, thus,] "fall within the ambit of the recoverable fees under the notes.").

inclusion in the Proposed Judgments were incurred as "actual expenses of collection" on the Notes, they are recoverable by Highland in the Proposed Judgments. For these reasons, this court recommends that the District Court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

4. *Objection #4: "Unsegregated fees" Should Be Excluded*

Defendants argue that Highland should not recover fees where counsels' time records did not "segregate" fees among the several Defendants, citing the *Clearview Properties*[18] case. *Clearview Properties* stands for the proposition that a plaintiff seeking an award of fees has the burden of demonstrating that segregation is not required and that a mere assertion that all claims against all defendants arise from common facts can be insufficient to satisfy that burden. Defendants ignore a critical distinction between these adversary proceedings and the *Clearview Properties* case: "*these Adversary Proceedings were consolidated for all purposes*, something to which the Defendants readily agreed." Response, ¶ 15. Early in the proceedings, this court approved a stipulation of the parties providing, among other things:[19]

> The Parties agree that discovery taken in this case will be consolidated with discovery taken in the [ ] [A]dversary [P]roceedings and all discovery in each of the [A]dversary [P]roceedings will be treated as if it was taken in all of the [A]dversary [P]roceedings . . . so that each witness will only need to be deposed once and documents produced in any of the [A]dversary [P]roceedings are usable as if received in every other [P]roceeding.

Highland points out the absurdity of Defendants' argument in its Response,[20]

---

[18] *Clearview Properties, L.P. v. Property Texas SC One Corp.*, 287 S.W.3d 132, 144 (Tex.App. – Houston [14th Dist.] 2009).

[19] *See Order Approving Stipulation Governing Discovery and Other Pre-Trial Issues*, at ¶ 4, Adv. Pro. 21-3003 [DE #86], Adv. Pro. 21-3004 [DE #67], Adv. Pro. 21-3005 [DE #70], Adv. Pro. 21-3006 [DE #75], and Adv. Pro. 21-3007 [DE #70].

[20] Response, at ¶ 20.

> The very consolidation that enabled all parties and this Court to enjoy at least some
> level of litigation efficiency, the very consolidation these Defendants wanted and
> moved this Court to impose, is now the consolidation Defendants would have this
> Court utterly ignore in favor of requiring Plaintiff to do the impossible—to
> segregate fees incurred in fully consolidated proceedings, Defendant by closely-
> affiliated Defendant, as though there were no consolidation either ordered by this
> Court or stipulated to by these Defendants. The egg has been thoroughly scrambled
> for well over a year. Defendants willingly scrambled it, but would now have the
> prevailing Plaintiff separate yolk from white.

This court agrees that Defendants should not now be heard to complain about the consequences of the very consolidation of these Adversary Proceedings that was done at the behest of all parties, including the Defendants, for the purposes of creating litigation efficiencies (which necessarily benefited all of the Defendants in the end by limiting the total attorneys' fees incurred in connection with the litigation of the consolidated proceedings). Accordingly, this court recommends that the District Court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

5.  *Objection #5: Fees Attributable to "Unsuccessful Litigation" Should Be Excluded*

In their Proposed Judgment Objection, Defendants argue that a plaintiff cannot recover attorneys' fees for work related to "***claims*** as to which he or she did not prevail," Proposed Judgment Objection, 16 (quoting a Massachusetts federal district court case—*Roggio v. Grasmuck*, 18 F.Supp.3d 49, 56 (D. Mass. 2014)(citing a First Circuit case, *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 336 (1st Cir. 2008))(emphasis added)).  Defendants follow with a "*see also*" citation to the only case cited by the Defendants that would be binding authority:  to the Fifth Circuit's *Wal-Mart Stores, Inc. v. Qore, Inc.*, 647 F.3d 237, 246-48 (5th Cir. 2011), for the proposition that Highland must "present evidence by which to allocate its legal fees among successful and unsuccessful ***claims***." *Id.* (emphasis added).  Finally, Defendants highlight three pieces of this complex and lengthy litigation as instances in which Highland "did not prevail" and

argue that, under their cited legal "authority," Highland cannot recover fees that are associated with those three pieces of litigation.

Neither the nonbinding authority nor the binding Fifth Circuit authority is applicable to Highland's ability to recover the full amount of the fees requested here. First, the authorities discuss the recoverability under certain circumstances of fees incurred in litigating successful *claims*, in the sense of causes of action, versus unsuccessful *claims*, again, in the sense of causes of action, in the same litigation. None of the three litigation instances identified by Defendants as "matters" in which Highland "did not prevail"[21] were separate *claims* (or causes of action) being pursued by Highland in the litigation. Rather, they were discrete issues that were litigated in the context of Highland's pursuit of collection on the Notes. And, as noted above, pursuant to the terms of the Notes, Highland is entitled to recover *all* expenses of collection, including attorneys' fees and costs. If attorneys' fees were incurred in the course of Highland's efforts to collect on the Notes, those fees are recoverable.

Defendants cite no law that requires a successful plaintiff entitled to *all* expenses (including costs and attorneys' fees) of collection on a note to prevail on every motion or issue that is litigated

---

[21] The three matters in which Defendants assert Highland "did not prevail" were (1) its opposition to Defendants' motion to strike a David Klos declaration; (2) its motion for sanctions that was filed as a part of a single motion seeking two forms of relief: (a) the striking of an argument in opposition to summary judgment that was precluded by a prior court order and (b) sanctions for that conduct; and (3) its efforts to consolidate these proceedings before a different district court judge than who ultimately received these cases. Highland argues that a plaintiff's "uniform success at every small step on the way to complete victory" is not required in order to recover *all* fees under the notes and that, even if such were a requirement, the Defendants "mischaracterize all three instances of so-called 'unsuccessful' litigation." Response, ¶ 23. With respect to Highland's opposition to the striking of the David Klos declaration, Highland notes that the Bankruptcy Court granted the motion on the ground that Highland had not sought leave to include the declaration in a reply appendix, and, thus, it "was a simple evidentiary ruling by the court and does not constitute an example of 'unsuccessful litigation.'" *Id.* at ¶ 23(a). With respect to the request for sanctions, Highland argues that it did not "lose" its "motion for sanctions"; rather, Highland prevailed on its motion seeking to strike one of Defendants' arguments in opposition to summary judgment that included a request for sanctions that the Bankruptcy Court did not grant when it granted the motion. *Id.* at ¶ 23(b). Lastly, Highland argues that its efforts to consolidate these proceedings before a different district judge "were good-faith efforts to maximize Plaintiff's chances of success in nascent litigation against a highly-litigious set of foes" that was resolved in a couple of weeks and was not "unreasonable." *Id.* at ¶ 23(c).

in a multi-faceted, multiple-defendant, multi-year, consolidated-for-all-purposes litigation to have "all expenses of collection" awarded as part of the judgment on the note.  Defendants' citation to the Fifth Circuit's *Wal-Mart* case is misplaced.   In the *Wal-Mart* case, the Fifth Circuit addressed the issue of whether, under Mississippi law, Wal-Mart was entitled to recover from one defendant the full amount of attorneys' fees incurred in its breach of contract and negligence suit against three firms that it had hired to assist with the design and construction of a new store after the jury had awarded damages to Wal-Mart on some, but not all, of its causes of action. After trial, the jury had found that the testing and inspection firm ("Qore") was liable for 10% of the damages to the building along with one of the other defendant firms, which the jury found to be liable for 90% of the damages to the building. *Wal-Mart*, 647 F.3d at 241.  The jury also determined that Qore's liability on the damages to the building claim was entirely attributable to its work done under its testing and inspection contract and not under its geotechnical services contract. *Id.*  By post-trial motion, Wal-mart sought to recover the entire amount of its fees incurred in the litigation—on all claims, successful and unsuccessful, and against all parties—from Qore. *Id.*  The district court granted Wal-Mart's motion subject to a small reduction attributable to an adjustment to the lodestar rate and some excessive billing. *Id.* at 242.  Qore appealed the district court's fee award, and asked the Fifth Circuit to vacate it. *Id.* at 242.

The Court first agreed with the district court's finding that a plain reading of an indemnity provision in the testing and inspection contract, which stated that "[Qore] . . . agrees to indemnify and hold Wal-Mart free and harmless from any claim, demand, loss, damage, or injury (including Attorney's fees) caused by any negligent act or omission by [Qore] . . . ," allowed for Wal-Mart's recovery of reasonable fees. *Id.* at 243.  Qore contended, though, that "in light of Wal-Mart's multiple claims against multiple parties, only one of which was successful as to Qore, the district

court's fee award should be vacated because Wal-Mart failed to present competent evidence by which to allocate its legal fees among successful and unsuccessful claims as required by Mississippi law" and that "Wal-Mart's recovery is limited to those fees incurred in prosecuting the single claim upon which it prevailed against Qore, i.e., fees spent proving Qore's fractional share of liability on the building repair claim. . . ." *Id.* at 244.   The Fifth Circuit agreed with Qore.  But, importantly as to why *Wal-Mart* does not support Defendants' objection here, the Fifth Circuit found that "Wal-Mart's recovery should have been limited to those attorney's fees incurred in proving Qore's liability on the building repair claim," *id.* at 245-46, only because the sole basis for Wal-Mart's recovery of attorney's fees against Qore was the contractual indemnity provision, and a plain reading of that provision—that entitled Wal-Mart to reimbursement of attorney's fees "caused by any negligent act or omission" on the part of Qore—limited Qore's duty to reimburse Wal-Mart for its reasonable attorney's fees "to those fees proximately and legally 'caused by' Qore's negligence." *Id.* at 245.

Here, to repeat a theme throughout this supplemental report and recommendation, all of the Notes that were the subject of this litigation and the Proposed Judgments provide that Highland is entitled to recover "***all*** actual expenses of collection" on the Notes, including "all court costs and reasonable attorneys' fees incurred by the holder hereof." (emphasis added). There is no limitation to the phrase "all actual expenses of collection" that is similar to the language in the contract in the *Wal-Mart* case that limited Wal-Mart's recovery of fees to those fees "caused by" Qore's negligence.  The attorneys' fees sought by Highland were all expenses incurred in the collection of the Notes in these consolidated proceedings in which Highland was successful against all of the Defendants identified in the Proposed Judgments and from whom Highland seeks recovery of reasonable attorneys' fees and costs.  In the *Wal-Mart* case, the defendants were

unaffiliated, the plaintiff did *not* prevail against all the defendants, and there was no mention of the type of deep consolidation of all proceedings in that litigation that has occurred in these Adversary Proceedings (at the behest and agreement of all of the parties to this litigation, including the Defendants). For these reasons, this court recommends that the District Court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

6. *Objection #6: PSZJ's's Rates Are Too High*

Defendants argue that PSZJ's rates are unreasonably high because they exceed the rates charged by local firms for similar services. This court has already approved PSZJ's rates as reasonable under § 330 and under the applicable standard originally announced by the Fifth Circuit in *Johnson*.[22] In addition, Mr. Dondero, when he controlled Highland, personally hired PSZJ to be bankruptcy counsel for Highland and "agreed, in writing, to the very fee structure and rates (albeit with disclosed, annual increases customary in the industry) he now complains about." *See* Response, ¶ 25. This court recommends that the District Court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

7. *Objection #7: The Distribution of Fees and Costs Among Defendants Is Unreasonable*

Defendants assert that Highland's proposed distribution of awarded fees among the five Defendants "is unreasonable because it arbitrarily advocates for a distribution of the fees among the five Defendants equally (one-fifth each) regardless of the amount of the proposed judgment

---

[22] *See* Bankr. Case No. 19-34054-sgj11, *Fifth and Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP* [BC DE #2906], at 37–39 (describing how PSZJ's fees satisfied the *Johnson* factors—*see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)); *Order Granting Fifth and Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP* [BC DE #3055].

against each Defendant and their involvement in the case." Proposed Judgment Objection, 21. In response, Highland indicates that it "is indifferent and has no objection if Defendants would rather allocate Plaintiff's fees and costs *pro rata*, based on the ratio of the outstanding principal and interest owed by each Obligor to the total principal and interest owed by all Obligors." Response, ¶ 27. Thus, without deciding whether an equal allocation among Defendants of attorneys' fees and costs is improper in these adversary proceedings, this court recommends to the District Court that the provision in each of the Proposed Judgments that allocates to each Defendant "one-fifth of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland," be replaced with an actual allocated amount of the fees and costs, which is a *pro rata* allocation based on the ratio of the outstanding principal and interest owed by each Note Maker Defendant to the total principal and interest owed by all Note Maker Defendants under the Proposed Judgments.

### III.    Submission of Proposed Forms of Judgment to District Court

Having considered the Proposed Judgment in each of the adversary proceedings and the Notices and Backup Documentation (as supplemented by Highland) regarding the attorneys' fees and costs to be inserted into each Proposed Judgment; Defendants' Proposed Judgment Objection; and Highland's Response; and for the reasons set forth herein, this court hereby supplements its R&R MPSJ and recommends to the District Court that it, after consideration of the R&R MPSJ and this supplemental report and recommendation, enter the applicable Proposed Judgment (as modified to reflect a *pro rata* allocation of attorneys' fees and costs based on the ratio of the outstanding principal and interest owed by each Note Maker Defendant to the total principal and interest owed by all Note Maker Defendants) in each of the five adversary proceedings that are hereby transmitted as exhibits hereto. The proposed forms of judgment in

Adv. Proc. No. 21-3003, Adv. Proc. No. 21-3004, Adv. Proc. No. 21-3005, Adv. Proc. No. 21-3006, and Adv. Proc. No. 21-3007 are attached hereto as **Exhibits A-E**, respectively.[23]

### *### End of Supplement to Report and Recommendation ###*

---

[23] A spreadsheet showing this court's calculation of the proposed allocation of attorneys' fees and costs to each Note Maker Defendant is attached hereto as **Exhibit F**.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |  |
|---|---|---|
| IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | Bankr. Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § § | |
| HIGLAND CAPITAL MANAGEMENT, L.P., | § § | Adv. Pro. No. 21-3003-sgj |
| Plaintiff, | § § | Civ. Act. No. 3:21-cv-1010-X |
| JAMES DONDERO, NANCY DONDERO, and THE DUGABOY INVESTMENT TRUST, | § § § | **(Consolidated under** **Civ. Act. No. 3:21-cv-881-X)** |
| Defendants. | § § § | |

## <u>PROPOSED FORM OF JUDGMENT</u>

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* (the "<u>Motion</u>") filed by Highland Capital Management, L.P. ("<u>Highland</u>" or "<u>Plaintiff</u>"), the reorganized debtor in the above-captioned chapter 11 case and plaintiff in the above-referenced adversary proceeding; and the Court having considered (a) Highland's Motion and all arguments and evidence admitted into the record in support of the Motion, (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion (the

1

**Exhibit A**

"Hearing"); and for the reasons set forth in the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* ("R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment*; the Court hereby enters the following final judgment (the "Final Judgment").

      **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff recover the following:

    1.     Mr. James Dondero ("Mr. Dondero") will owe Highland **$3,873,613.93** in accrued but unpaid principal and interest due under Dondero's First Note[1] (issued on February 2, 2018) as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on the First Dondero Note at the rate of **$278.50** per day and will increase to **$285.91** per day on **February 2, 2023**.

    2.     Mr. Dondero will owe Highland **$2,778,356.23** in accrued but unpaid principal and interest due under Dondero's Second Note (issued on August 1, 2018) as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on Dondero's Second Note at the rate of **$224.43** per day and will increase to **$231.05** per day on **August 1, 2023**.

    3.     Mr. Dondero will owe Highland **$2,778,339.88** in accrued but unpaid principal and interest due under Dondero's Third Note (issued on August 13, 2018) as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on Dondero's Third Note at the rate of **$218.20** per day and will increase to **$224.64** per day on **August 13, 2022**.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

4.        In addition to the forgoing, and pursuant to the terms of each applicable Note, Mr. Dondero shall pay to Highland the amount of **$443,074.35**, which is his *pro rata* allocation (based on the ratio of the outstanding principal and interest owed by Mr. Dondero to Plaintiff as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Plaintiff as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

5.        The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to <mark>28 U.S.C. § 1961</mark>, from the date of the entry of this Final Judgment, at a rate of [ ]%.  Interest shall be computed daily to the date of payment, except as provided in <mark>28 U.S.C. § 2516(b)</mark> and <mark>31 U.S.C. § 1304(b)</mark>, and shall be compounded annually.

# # # END OF ORDER # # #

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| | § | |
| IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Bankr. Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § | |
| | § | |
| HIGLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | Adv. Pro. No. 21-3004-sgj |
| Plaintiff, | § | |
| | § | Civ. Act. No. 3:21-cv-881-X |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## PROPOSED FORM OF JUDGMENT

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* (the "Motion") filed by Highland Capital Management, L.P. ("Highland" or "Plaintiff"), the reorganized debtor in the above-captioned chapter 11 case and plaintiff in the above-referenced adversary proceeding; and the Court having considered (a) Highland's Motion

1

**Exhibit B**

and all arguments and evidence admitted into the record in support of the Motion, (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and for the reasons set forth in the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* ("R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment*; the Court hereby enters the following final judgment (the "Final Judgment").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff recover the following:

1.       Highland Capital Management Fund Advisors, L.P. ("HCMFA") will owe Highland **$2,552,628.61** in accrued but unpaid principal and interest due under HCMFA's First Note[1] (issued on May 2, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on HCMFA's First Note at the rate of **$166.08** per day and will increase to **$170.05** per day on **May 2, 2023.**

2.       HCMFA will owe Highland **$5,317,989.86** in accrued but unpaid principal and interest due under HCMFA's Second Note (issued on May 3, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on HCMFA's Second Note at the rate of **$346.02** per day and will increase to **$354.29** per day on **May 3, 2023.**

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

3.        In addition to the forgoing, and pursuant to the terms of each applicable Note, HCMFA shall pay to Highland the amount of **$369,793.69**, which is its *pro rata* allocation (based on the ratio of the outstanding principal and interest owed by HCMFA to Plaintiff as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Plaintiff as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

4.        The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of [ ]%.  Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

# # # END OF ORDER # # #

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |
|---|---|
| IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., § | Bankr. Case No. 19-34054-sgj11 |
| Reorganized Debtor.  § | |
| § | |
| HIGLAND CAPITAL MANAGEMENT, L.P., § | Adv. Pro. No. 21-3005-sgj |
| Plaintiff,  § | Civ. Act. No. 3:21-cv-880-X |
| NEXPOINT ADVISORS, L.P., JAMES DONDERO, § | **(Consolidated under** |
| ADVISORS, L.P., NANCY DONDERO, and § | **Civ. Act. No. 3:21-cv-881-X)** |
| THE DUGABOY INVESTMENT TRUST § | |
| Defendants.  § | |

## PROPOSED FORM OF JUDGMENT

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* (the "Motion") filed by Highland Capital Management, L.P. ("Highland" or "Plaintiff"), the reorganized debtor in the above-captioned chapter 11 case and plaintiff in the above-referenced adversary proceeding; and the Court having considered (a) Highland's Motion and all arguments and evidence admitted into the record in support of the Motion, (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and for

1

**Exhibit C**

the reasons set forth in the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* (the "R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment*; the Court hereby enters the following final judgment (the "Final Judgment").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff recover the following:

1.      NexPoint Advisors, L.P. ("NexPoint") will owe Highland **$23,389,882.79** in accrued but unpaid principal and interest due under the NexPoint Term Note[1] (issued on May 31, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on the NexPoint Term Note at the rate of **$3,801.79** per day and will increase to **$4,029.90** per day on **May 31, 2023.**

2.      In addition to the forgoing, and pursuant to the terms of each the Note, NexPoint shall pay to Highland the amount of **$1,098,951.89**, which is its *pro rata* allocation (based on the ratio of the outstanding principal and interest owed by NexPoint to Plaintiff as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Plaintiff as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

3.      The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of [ ]%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

# # # END OF ORDER # # #

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| | § | |
| IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Bankr. Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |
| | § | |
| HIGLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | Adv. Pro. No. 21-3006-sgj |
| Plaintiff, | § | |
| | § | Civ. Act. No. 3:21-cv-1378-X |
| HIGHLAND CAPITAL MANAGEMENT | § | |
| SERVICES, INC., JAMES DONDERO, NANCY | § | **(Consolidated under** |
| DONDERO, and THE DUGABOY | § | **Civ. Act. No. 3:21-cv-881-X)** |
| INVESTMENT TRUST | § | |
| | § | |
| Defendants. | § | |
| | § | |

## <u>PROPOSED FORM OF JUDGMENT</u>

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* (the "<u>Motion</u>") filed by Highland Capital Management, L.P. ("<u>Highland</u>" or "<u>Plaintiff</u>"), the reorganized debtor in the above-captioned chapter 11 case and plaintiff in the above-referenced adversary proceeding; and the Court having considered (a) Highland's Motion and

1

**Exhibit D**

all arguments and evidence admitted into the record in support of the Motion, (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and for the reasons set forth in the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* (the "R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment*; the Court hereby enters the following final judgment (the "Final Judgment").

      **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff recover the following:

      1.      Highland Capital Management Services, Inc. ("HCMS") will owe Highland **$166,196.60** in accrued but unpaid principal and interest due under HCMS's First Demand Note[1] (issued on March 28, 2018), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on HCMS's First Demand Note at the rate of **$12.98** per day and will increase to **$13.35** per day on **March 26, 2023.**

      2.      HCMS will owe Highland **$222,917.23** in accrued but unpaid principal and interest due under HCMS's Second Demand Note (issued on June 25, 2018), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on HCMS's Second Demand Note at the rate of **$18.56** per day and will increase to **$19.13** per day on **June 25, 2023.**

      3.      HCMS will owe Highland **$425,435.63** in accrued but unpaid principal and interest due under HCMS's Third Demand Note (issued on May 29, 2019), as of August 8, 2022, after

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue under HCMS's Third Demand Note at the rate of **$27.73** per day and will increase to **$28.39** per day on **May 29, 2023**.

4.      HCMS will owe Highland **$159,454.92** in accrued but unpaid principal and interest due under HCMS's Fourth Demand Note (issued on June 26, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on HCMS's Fourth Demand Note at the rate of **$10.32** per day and will increase to **$10.57** per day on **June 26, 2023**.

5.      HCMS will owe Highland **$6,071,718.32** in accrued but unpaid principal and interest due under the HCMS Term Note (issued on May 31, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on the HCMS Term Note at the rate of **$455.09** per day and will increase to **$467.61** per day on **May 31, 2023**.

6.      In addition to the forgoing, and pursuant to the terms of each applicable Note, HCMS shall pay to Highland the amount of **$331,036.73**, which is its *pro rata* allocation (based on the ratio of the outstanding principal and interest owed by HCMS to Plaintiff as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Plaintiff as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

7.      The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of [ ]%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

# # # END OF ORDER # # #

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., | § § | Bankr. Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § § § | |
| HIGLAND CAPITAL MANAGEMENT, L.P., | § § | Adv. Pro. No. 21-3007-sgj |
| Plaintiff, | § § | Civ. Act. No. 3:21-cv-1379-X |
| HCRE PARTNERS, LLC (n/k/a NEXPOINT REAL REAL ESTATE PARTNERS, LLC)., JAMES DONDERO, NANCY DONDERO, and THE DUGABOY INVESTMENT TRUST | § § § § § | **(Consolidated under Civ. Act. No. 3:21-cv-881-X)** |
| Defendants. | § § § | |

## **PROPOSED FORM OF JUDGMENT**

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* (the "Motion") filed by Highland Capital Management, L.P. ("Highland" or "Plaintiff"), the reorganized debtor in the above-captioned chapter 11 case and plaintiff in the above-referenced adversary proceeding; and the Court having considered (a) Highland's Motion and all arguments and evidence admitted into the record in support of the Motion, (b) all responses and objections to the Motion

1

**Exhibit E**

and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and for the reasons set forth in the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* (the "R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment*; the Court hereby enters the following final judgment (the "Final Judgment").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff recover the following:

1.    HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC) ("HCRE") will owe Highland **$195,476.70** in accrued but unpaid principal and interest due under HCRE's First Demand Note[1] (issued on November 27, 2013), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on HCRE's First Demand Note at the rate of **$40.58** per day and will increase to **$43.83** per day on **November 27, 2022**.

2.    HCRE will owe Highland **$3,551,285.37** in accrued but unpaid principal and interest due under HCRE's Second Demand Note (issued on October 12, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on HCRE's Second Demand Note at the rate of **$730.34** per day and will increase to **$788.77** per day on **October 12, 2022**.

3.    HCRE will owe Highland **$986,472.32** in accrued but unpaid principal and interest due under HCRE's Third Demand Note (issued on October 15, 2018), as of August 8, 2022, after

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on HCRE's Third Demand Note at the rate of **$203.00** per day and will increase to **$219.24** per day on **October 15, 2022**.

4.      HCRE will owe Highland **$866,600.77** in accrued but unpaid principal and interest due under HCRE's Fourth Demand Note (issued on September 25, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue under HCRE's Fourth Demand Note at the rate of **$177.60** per day and will increase to **$191.81** per day on **September 25, 2022**.

5.      HCRE will owe Highland **$6,196,688.51** in accrued but unpaid principal and interest due under the HCRE Term Note (issued on May 31, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on the HCRE Term Note at the rate of **$1,337.94** per day and will increase to **$1,444.98** per day on **May 31, 2023**.

6.      In addition to the forgoing, and pursuant to the terms of each applicable Note, HCRE shall pay to Highland the amount of **$554,248.69**, which is its *pro rata* allocation (based on the ratio of the outstanding principal and interest owed by HCRE to Plaintiff as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Plaintiff as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

7.      The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of [ ]%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

# # # END OF ORDER # # #

## PROPOSED ALLOCATION OF ATTORNEYS' FEES AND COSTS

| Civ. Act. No.* | Bankr. Adv. # | Note Maker Defendant** | P&I by Note | P&I by Defendant | Attys' Fees Ratio (Def P&I/Tot P&I) | Pro Rata Amt Attys' Fees | Equal Allocation of Attys' Fees to each Def |
|---|---|---|---|---|---|---|---|
| 3:21-cv-1010 | 21-3003 | Dondero | $ 3,873,613.93 | | | | |
| | | | $ 2,778,356.23 | | | | |
| 3:21-cv-881 | 21-3004 | HCMFA | $ 2,778,339.88 | $ 9,430,310.04 | 0.158040598 | $ 443,074.35 | $ 559,421.07 |
| | | | $ 2,552,628.61 | | | | |
| 3:21-cv-880 | 21-3005 | NexPoint | $ 5,317,989.86 | $ 7,870,618.47 | 0.13220585 | $ 369,793.69 | $ 559,421.07 |
| 3:21-cv-1378 | 21-3006 | HCMS | $ 23,389,882.79 | $ 23,389,882.79 | 0.392888988 | $ 1,098,951.89 | $ 559,421.07 |
| | | | $ 166,196.60 | | | | |
| | | | $ 222,917.23 | | | | |
| | | | $ 425,435.63 | | | | |
| | | | $ 159,454.92 | | | | |
| 3:21-cv-1379 | 21-3007 | HCRE | $ 6,071,718.32 | $ 7,045,722.70 | 0.118349753 | $ 331,036.73 | $ 559,421.07 |
| | | | $ 195,476.70 | | | | |
| | | | $ 3,551,285.37 | | | | |
| | | | $ 986,472.32 | | | | |
| | | | $ 866,600.77 | | | | |
| | | | $ 6,196,688.51 | $ 11,796,523.67 | 0.198150811 | $ 554,248.69 | $ 559,421.07 |
| | | | $ 59,533,057.67 | $ 59,533,057.67 | 1 | $ 2,797,105.35 | $ 2,797,105.35 |

*The 5 Proceedings were consolidated at the District Court level under Civ. Act. No. 3:21-cv-881.

**Each of the proceedings (with the exception of 3:21-cv-881, where HCMFA is the only defendant) have additional defendants, but the Proposed Judgments are proposed to be entered against only the identified Note Maker Defendant in each proceeding.

**Exhibit F**

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (TX Bar No. 24044908)
Zachery Z. Annable (TX Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Adv. Proc. No. 21-03003-sgj |
| | § | |
| JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § | |
| | § | Case No. 3:21-cv-00881-X |
| | § | |
| Defendants. | § | |
| | § | |

---

HIGHLAND CAPITAL MANAGEMENT, L.P., §
§
§
Plaintiff, §       Adv. Proc. No. 21-03004-sgj
§
§
vs. §
§
§       Case No. 3:21-cv-00881-X
HIGHLAND CAPITAL MANAGEMENT FUND §
ADVISORS, L.P., §
§
§
Defendant. §
§

---

HIGHLAND CAPITAL MANAGEMENT, L.P., §
§
§
Plaintiff, §       Adv. Proc. No. 21-03005-sgj
§
§
vs. §
§
§       Case No. 3:21-cv-00881-X
NEXPOINT ADVISORS, L.P., JAMES §
DONDERO, NANCY DONDERO, AND §
THE DUGABOY INVESTMENT TRUST, §
§
§
Defendants. §

---

HIGHLAND CAPITAL MANAGEMENT, L.P., §
§
§
Plaintiff, §       Adv. Proc. No. 21-03006-sgj
§
§
vs. §
§
§       Case No. 3:21-cv-00881-X
HIGHLAND CAPITAL MANAGEMENT §
SERVICES, INC., JAMES DONDERO, §
NANCY DONDERO, AND THE DUGABOY §
INVESTMENT TRUST, §
§
§
Defendants. §

---

| | § | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| | § | Adv. Proc. No. 21-03007-sgj |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | Case No. 3:21-cv-00881-X |
| HCRE PARTNERS, LLC (n/k/a NexPoint | § | |
| Real Estate Partners, LLC), JAMES | § | |
| DONDERO, NANCY DONDERO, AND | § | |
| THE DUGABOY INVESTMENT TRUST, | § | |
| | § | |
| | § | |
| Defendants. | § | |

### HIGHLAND CAPITAL MANAGEMENT, L.P.'S OBJECTION TO DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT THEIR ARGUMENT AGAINST PLAINTIFFS' SUPPLEMENTED NOTICE OF ATTORNEYS' FEES

Highland Capital Management, L.P. ("Highland"), by and through its undersigned counsel, hereby files this objection (the "Objection") to *Defendants' Motion for Leave to Supplement Their Argument Against Plaintiffs' Supplemented Notice of Attorneys' Fees* (the "Motion").[1]  In support of its Objection, Highland states as follows:

### PRELIMINARY STATEMENT[2]

1.      In light of the Supplemental Motion Order and the Supplemental R&R recently entered by this Court, Defendants' objections in their Motion are arguably moot.  However, to avoid the inevitable appeal on procedural grounds, Highland respectfully requests that the Court grant the Motion and overrule the objections on the merits in order to conserve judicial resources and limit (to some modest degree) the expenses Highland is needlessly being forced to incur.

---

[1] *See* Adv. Pro. No. 21-03003 at Docket No. 216; Adv. Pro. No. 21-03004 at Docket No. 185; Adv. Pro. No. 21-03005 at Docket No. 233; Adv. Pro. No. 21-03006 at Docket No. 238; and Adv. Pro. No. 21-03007 at Docket No. 233.

[2] Capitalized terms not defined in this Preliminary Statement shall have the meanings ascribed to them below.

2.      Defendants identify two primary grievances: (a) PSZJ's rates are allegedly too high and (b) a PSZJ associate (Hayley Winograd) and legal assistant (La Asia Canty) inefficiently analyzed two motions and drafted Highland's responsive briefs and appendices. These feigned grievances are as outrageous as they are meritless.

3.      The reasonableness of PSZJ's rates has been litigated and decided twice already. As a reminder, Mr. Dondero controls all of the Defendants and personally hired PSZJ three years ago to represent Highland with full knowledge of its rates. Moreover, a review of the docket in this case and others also demonstrates that PSZJ's rates are comparable with its Dallas-based competitors and have been approved in other cases pending in this District. Defendants' complaint concerning PSZJ's rates should be rejected for the third time.

4.      Defendants' criticisms of PSZJ's time entries are equally meritless. In two short paragraphs, Defendants impugn Ms. Winograd and Ms. Canty by criticizing the time it took them to review Defendants' lengthy (but procedurally improper) motions and prepare draft responses and appendices. As shown below, the scope of the services provided establishes that Ms. Winograd and Ms. Canty were extraordinarily efficient. Of course, Defendants fail to suggest how much time they believe it should have taken Ms. Winograd and Ms. Canty to complete their work, nor did they present their own lawyers' time records for comparison. Instead, Defendants crassly toss out brief and conclusory allegations and force Highland to respond.

5.      In order to move this process forward, the Motion should be granted but Defendants' "objections" to the Supplemental Invoices should be overruled on the merits.

## OBJECTION

### A.    Procedural Background

6.      On September 20, 2022, Highland, through counsel, informed Defendants[3] of the inadvertent omission of two invoices (out of dozens) (the "Supplemental Invoices") supporting Highland's request for legal fees and expenses in the Notes litigation.  After Defendants ignored Highland's e-mail, Highland filed a motion to supplement on September 27, 2022 (the "Supplemental Motion").[4]

7.      On October 18, 2022, Defendants filed their opposition to the Supplemental Motion[5] arguing they were prejudiced by Highland's omission of the Supplemental Invoices but declining to challenge the Supplemental Invoices on the merits.[6]

8.      On October 24, 2022, this Court overruled Defendants' objections and entered an order granting the Supplemental Motion (the "Supplemental Motion Order").[7]

9.      On November 2, 2022, Defendants filed this Motion for the ostensible purpose of preserving their appellate rights and to lob a few needless of spurious objections.[8]

---

[3] "Defendants" means, collectively, James Dondero, Highland Capital Management Fund Advisors, L.P. ("HCMFA"), NexPoint Advisors, L.P. ("NexPoint"), Highland Capital Management Services, Inc. ("HCMS"), and NexPoint Real Estate Partners, LLC, f/k/a HCRE Partners, LLC ("HCRE").

[4] *See Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* filed in Adv. Pro. No. 21-03003 at Docket No. 205; Adv. Pro. No. 21-03004 at Docket No. 174; Adv. Pro. No. 21-03005 at Docket No. 222; Adv. Pro. No. 21-03006 at Docket No. 227; and Adv. Pro. No. 21-03007 at Docket No. 222.

[5] *See* Adv. Pro. No. 21-03003 at Docket No. 210; Adv. Pro. No. 21-03004 at Docket No. 179; Adv. Pro. No. 21-03005 at Docket No. 227; Adv. Pro. No. 21-03006 at Docket No. 232; and Adv. Pro. No. 21-03007 at Docket No. 227.

[6] In their Motion, Defendants assert that they "could not formally comment on invoices ***which had not yet been admitted into evidence.***"  Motion at 3 (emphasis in original).  But that's not what they said in their opposition to the Supplemental Motion where they simply (and implausibly) complained that 28 days was not enough time to review two invoices. *See, e.g.,* Adv. Pro. No. 21-03003 at Docket No. 210 at 4.  Defendants' assertion is also contradicted by the Motion itself:  Defendants did not wait for the Court to grant their motion for leave to supplement before addressing the merits.  Defendants could have, and should have, presented their objections in opposition to the Supplemental Motion.  But enough.  The Court should grant the Motion and overrule the "objections" on the merits.

[7] *See* Adv. Pro. No. 21-03003 at Docket No. 212; Adv. Pro. No. 21-03004 at Docket No. 181; Adv. Pro. No. 21-03005 at Docket No. 229; Adv. Pro. No. 21-03006 at Docket No. 234; and Adv. Pro. No. 21-03007 at Docket No. 229.

[8] Motion at 3, n.3.

B.    **Defendants' Third Challenge to PSZJ's Rates is—like the others—Meritless**

10.    Defendants' first complaint is that Highland's primary counsel, Pachulski Stang Ziehl & Jones LLP ("PSZJ"), allegedly "charged rates far in excess of the customary rates in the Northern District of Texas, and are therefore unreasonable . . ." Motion at 4.  This is Defendants' third challenge to PSZJ's rates and it fares no better than the earlier ones.[9]

11.    Indeed, the issue of PSZJ's rates has already been determined by this Court.  First, on November 11, 2021, this Court applied the so-called *Johnson* factors[10] and approved PSZJ's fees and rates as reasonable.[11]  Then, on November 10, 2022, this Court recommended that the District Court overrule Defendants' objection to, among other things, PSZJ's rates.[12]  These rulings should not have come as a surprise because courts in this District have recently approved PSZJ's fee applications (including PSZJ's rates) in other cases.[13]

12.    Nevertheless, Defendants persist.  As they did in their earlier objection, the ***only*** fact that Defendants rely on to support their contention that PSZJ's fees are "far in excess of the customary rates in the Northern District of Texas" is a comparison of the rates charged by Highland's local counsel, Hayward PLLC ("Hayward").  Motion at 4-5.  But that does not hold

---

[9] The prior challenges were lodged by some or all of the Defendants in connection with  (a) the estate professionals' final fee applications ("Final Fee Applications"), and (b) Highland's request for fees and expenses in the Notes Litigation.  *See Omnibus Objection and Response of NexPoint Advisors, L.P., Creditor and Party in Interest Under 11 U.S.C. § 1109(b), Pursuant to 11 U.S.C. § 330(a) and Federal Rule of Bankruptcy Procedure 2016 to Final Fee Applications Submitted by Various Estate Professionals* [Docket No. 2977 ¶ 30]; *Supplemental Omnibus Response of NexPoint Advisors, L.P., Creditor and Party in Interest Pursuant to 11 U.S.C. § 330(a) and Federal Rule of Bankruptcy Procedure 2016 to Final Fee Applications Submitted by Various Estate Professionals* [Docket No. 3015 ¶ 37]; *Defendants' Objections to Plaintiff's Proposed Form of Judgment Awarding Attorney's Fees and Costs* [Adv. Pro. No. 21-03003, Docket No. 204 at 20-21].

[10] *Johnson v. Georgia Highway Express, Inc.*, 488 F.3d 714 (5th Cir. 1974).

[11] *See Order Granting Fifth and Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP*, Case No. 19-34054-sgj11, Docket No. 3047 (Bankr. N.D. Tex. Nov. 22, 2021).

[12] *See Supplement to Report and Recommendation dated July 19, 2022, Transmitting Proposed Forms of Judgment* [Adv. Pro. No. 21-03003, Docket No. 217 at 16] (the "Supplemental R&R").

[13] *See, e.g., In re Tuesday Morning Corp., et al.*, Case No. 20-31476-hdh11, Docket No. 221, (Bankr. N.D. Tex. Apr. 1, 2021); *In re Studio Movie Grill Holdings, LLC, et al.*, Case No. 20-32633-sgj11, Docket No. 989 (Bankr. N.D. Tex. Jul. 9, 2021).

up, and Mr. Dondero—of all people—should know that since ***he personally hired both firms to***
***represent Highland in this bankruptcy case***.

13.     During the hearing on the Final Fee Applications, Highland and PSZJ lauded
Hayward's work, but—most respectfully—the comparison is not "apples to apples."  PSZJ is
widely recognized as having one of the premiere bankruptcy practices in the country, with nearly
80 restructuring professionals located in offices in Los Angeles, New York, Wilmington, San
Francisco, and (ironically) Houston.  It is a matter of public record that PSZJ serves as lead counsel
to debtors and creditors' committees in some of the largest and most complex bankruptcies
anywhere and regularly competes against firms with Dallas offices such as Kirkland & Ellis, Akin
Gump Strauss Hauer & Feld LLP, Weil Gotshal & Manges and DLA Piper LLP whose hourly rate
structures exceed PSZJ's (often by significant amounts).  In comparison, Hayward is a
considerably smaller, regional firm that does not generally compete on the same level.

14.     Instead, a more appropriate comparison would be to the Dallas-based attorneys at
Sidley Austin LLP ("Sidley"), a firm with a national practice that represented the official
committee of unsecured creditors in this case.  A quick review of Sidley's fee applications shows
hourly rates in excess of PSZJ's so-called "coastal" rates.  Hayley Winograd graduated from law
school in 2017 and joined PSZJ as an associate in 2020 following a judicial clerkship.[14]  In 2021,
PSZJ charged $695 per hour for Ms. Winograd's time.  At the same time, Sidley charged $815 per
hour for Juliana Hoffman (a 2017 restructuring associate); $715 per hour for Chandler Rognes (a
2019 litigation associate); and $885 for Elliot Bromagen (a 2017 restructuring associate in Sidley's

---

[14] Defendants suggest that Ms. Winograd's hourly rate is above some unidentified "market rate."  Motion at 6.  As
shown, that is inaccurate.

"non-coastal" Chicago office).[15]  Based on the foregoing, the hourly rate charged by PSZJ for its associate is actually less than the rates charged by one of its competitors.[16]

15.    If Mr. Dondero believed that PSZJ's rates were too high, he could have hired any Dallas-based firm he wanted to serve as Highland's lead bankruptcy counsel.  He did not and his current complaint lacks any factual basis or credibility and should be rejected for the third time.

## C.    Defendants' Gratuitous Attack on Ms. Winograd in Connection with the Expert Objection Is Meritless

16.    In a single paragraph, Defendants complain that Ms. Winograd spent 44.8 hours preparing Highland's initial draft response to the *Objection of NexPoint Advisors, L.P. to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines* (the "NexPoint's Expert Objection")[17] which they derisively describe as being "only 25 pages in length, with 12 of the 25 pages consisting of factual background."  Motion at 6.  A cursory review of NexPoint's Expert Objection and Highland's response proves that, if anything, Ms. Winograd was incredibly efficient.

---

[15] *See Twenty-First Monthly and Final Fee Application of Sidley Austin LLP, Attorneys for the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses for the Monthly Fee Period from July 1, 2021 Through and Including August 11, 2021 and for the Final Fee Period from October 29, 2019 Through and Including August 11, 2021*, Case No. 19-34054-sgj11, Docket No. 2904 at iv (Bankr. N.D. Tex. Oct. 8, 2021). Defendants also challenge John Morris' 2021 billing rate of $1,245 per hour (which they misstate as $1,265).  Mr. Morris is a senior litigation partner at PSZJ who graduated law from school in 1990.  Mr. Morris' rate is lower than that of Penny Reid, a Dallas-based Sidley litigation partner.  A 1989 graduate, Ms. Reid's 2021 billing rate was $1,400, more than 10% higher than Mr. Morris' rate. *See Id.*

[16] Reference to Sidley and the specific attorneys is for purposes of comparison only and is not intended as a challenge to their rates or skill.  To the contrary, PSZJ was impressed by Sidley's advocacy and the results they helped obtain for their constituents in this case.

[17] Case No. 3:21-cv-00880-X, Docket No. 21.  HCMS and HCRE joined in NexPoint's Expert Objection. *See, e.g.*, Case No. 3:21-cv-01378-X, Docket No. 26.

17.     NexPoint filed its Expert Objection on January 5, 2022, along with a brief ("NexPoint's Brief")[18] and an appendix ("NexPoint's Appendix")[19] in support thereof. NexPoint's Brief was 17 pages long and cited to 10 different cases and multiple statutes and rules. NexPoint's Appendix included 12 items spanning nearly 900 pages.

18.     As reflected in PSZJ's time records, Ms. Winograd reviewed and analyzed NexPoint's Objection, NexPoint's Brief, and NexPoint's Appendix and then prepared Highland's objection to NexPoint's Expert Motion,[20] including Highland's brief[21] and appendix[22] in support thereof. Highland's brief in opposition to NexPoint's Expert Objection was 25 pages long and cited to 45 cases and seven statutes and rules, and was supported by an appendix containing 18 items and spanning over 1,750 pages.

19.     That Ms. Winograd—working on her own—was able to wade through NexPoint's Expert Objection and supporting documentation, complete the legal research, and prepare a lengthy objection in just 45 hours is a testament to her efficiency and skill. Not surprisingly, Defendants never state how many hours they believe it should have taken Ms. Winograd to complete this work, nor did they have the temerity to make their lawyers' time records available for comparison.

---

[18] *Brief in Support of Objection of NexPoint Advisors, L.P. to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines* [Case No. 3:21-cv-00880-X, Docket No. 22].

[19] *Appendix in Support of Objection of NexPoint Advisors, L.P. to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines* [Case No. 3:21-cv-00880-X, Docket No. 23].

[20] *Highland Capital Management, L.P.'s Objection and Response to Objections to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines* [Case No. 3:21-cv-881-X, Docket No. 37] ("Highland's Response"). Highland's Response was filed in Case No. 3:21-cv-00881-X after the Notes Cases were consolidated (*see* Case No. 3:21-cv-00881-X, Docket No. 24) and in accordance with subsequent filings (*see* Case No. 3:21-cv-00881-X, Docket Nos. 25 and 27).

[21] *Brief in Support of Highland Capital Management, L.P.'s Objection and Response to Objections to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines* [Case No. 3:21-cv-00881-X, Docket No. 38].

[22] *Appendix in Support of Highland Capital Management, L.P.'s Objection and Response to Objections to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines* [Case No. 3:21-cv-00881-X, Docket No. 39].

DOCS_NY:46696.7 36027/005

20.     Defendants' objection to Ms. Winograd's efforts in opposing NexPoint's Expert Objection should be overruled.

**D.     Defendants' Gratuitous Attack on Ms. Winograd and Ms. Canty in Connection with the Amendment Objection Is Also Meritless**

21.     In passing, Defendants also complain that Ms. Winograd spent 35 hours, and Ms. Canty spent 13.9 hours, preparing Highland's initial draft response to the *Objection of Highland Capital Management Fund Advisors, L.P. to Order Denying Motion to Amend Answer* (the "HCMFA's Amendment Objection"),[23] which they minimize as one "straightforward" brief. Motion at 6.  Defendants do not identify the time entries they object to or explain how they came up with aggregate hours that are the subject of their grievance.  Yet, again, a cursory review of relevant documents proves that, if anything, Ms. Winograd and Ms. Canty were incredibly efficient.

22.     HCMFA filed its Amendment Objection on January 27, 2022, along with a brief ("HCMFA's Brief")[24] and an appendix ("HCMFA's Appendix")[25] in support thereof.  HCMFA's Brief was 21 pages long and cited to 20 different cases and multiple statutes and rules.  HCMFA's Appendix included 17 items exceeding over 2,700 pages in total.

23.     As reflected in PSZJ's time records, Ms. Winograd reviewed and analyzed HCMFA's Objection, HCMFA's Brief, and HCMFA's Appendix and then prepared Highland's

---

[23] Case No. 3:21-cv-00881-X, Docket No. 34.  Defendants' suggestion that they were confused as to which of their motions Ms. Winograd and Ms. Canty worked to respond to (Motion at 6) is undermined by the facts that (a) they were able to aggregate the hours they complained of to the tenth of an hour, and (b) the HCMFA Amendment Objection was the only objection they filed besides NexPoint's Expert Objection.  While Defendants failed to specify the time entries they are actually griping about, Highland believes they relate to the work required to respond to HCMFA's Amendment Motion.

[24] *Brief in Support of Objection of Highland Capital Management Advisors, L.P. to Order Denying Motion to Amend Answer* [Case No. 3:21-cv-00880-X, Docket No. 35].

[25] *Appendix in Support of Objection of Highland Capital Management Advisors, L.P. to Order Denying Motion to Amend Answer* [Case No. 3:21-cv-00880-X, Docket No. 36].

objection to the Amendment Motion,[26] including Highland's brief[27] and appendix[28] in support thereof.  Highland's brief in opposition to HCMFA's Amendment Objection was 25 pages long and cited to 43 cases and eight different statutes and rules, and was supported by an appendix containing 26 items and spanning over 900 pages.  As reflected in the Supplemental Invoices, Ms. Canty assisted in the preparation of the appendix and supporting the team as she always does.

24.     That Ms. Winograd and Ms. Canty were able to wade through HCMFA's Amendment Objection and supporting documentation, complete the legal research, and prepare a lengthy objection in fewer than 50 hours is, again, a testament to their efficiency and skill. Notably, Defendants never state how many hours they believe it should have taken Ms. Winograd and Ms. Canty to complete this work, nor did they have the temerity to make their lawyers' time records available for comparison.

25.     Defendants' crass objection to Ms. Winograd's and Ms. Canty's efforts in opposing HCMFA's Amendment Objection should be overruled.

## **CONCLUSION**

For the foregoing reasons, Highland respectfully requests that this Court deny the Motion and grant such other relief the Court deems just and proper.

*[Remainder of Page Intentionally Blank]*

---

[26] *Highland Capital Management, L.P.'s Objection and Response to Objection of Highland Capital Management Advisors, L.P. to Order Denying Motion to Amend Answer* [Case No. 3:21-cv-00881-X, Docket No. 44].

[27] *Brief in Support of Highland Capital Management, L.P.'s Objection and Response to Objection of Highland Capital Management Advisors, L.P. to Order Denying Motion to Amend Answer* [Case No. 3:21-cv-00881-X, Docket No. 45].

[28] *Appendix in Support of Highland Capital Management, L.P.'s Objection and Response to Objection of Highland Capital Management Advisors, L.P. to Order Denying Motion to Amend Answer* [Case No. 3:21-cv-00881-X, Docket No. 46].

9

Dated: November 17, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No.143717) (*pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*pro hac vice*)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA  90067
Tel:  (310) 277-6910
Fax:  (310) 201-0760
Email:      jpomerantz@pszjlaw.com
            jmorris@pszjlaw.com
            gdemo@pszjlaw.com
            hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel:  (972) 755-7100
Fax:  (972) 755-7110
Email:      MHayward@HaywardFirm.com
            ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

10

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

In Re:                                          §
Highland Capital Management, L.P.               §
                                                §      Case No.:    19−34054−sgj11
                              Debtor(s)          §      Chapter No.:   11
                                                §
Highland Capital Management, L.P.               §
                              Plaintiff(s)        §      Adversary No.:   21−03004−sgj
                                                §
          vs.                                   §
Highland Capital Management Fund Advisors, L.P.  §      Civil Case No.:        Civ. Act. No. 3:21−cv−00881
                              Defendant(s)        §
                                                §
Highland Capital Management, L.P.               §
                              Plaintiff(s)        §
                                                §
          vs.                                   §
Highland Capital Management Fund Advisors, L.P.  §
                              Defendant(s)        §
                                                §
                                                §


# NOTICE OF TRANSMITTAL OF REPORT AND RECOMMENDATION

I am transmitting:

      One copy of:  Supplement to Report and Recommendation Dated July 19, 2022, Transmitting
      Proposed Forms of Judgment .


DATED:  12/5/22                          FOR THE COURT:
                                         Robert P. Colwell, Clerk of Court

                                         by: /s/Sheniqua Whitaker, Deputy Clerk



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 10, 2022**

_____

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.<br><br>Reorganized Debtor. | Case No. 19-34054-sgj11<br><br>Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>   Plaintiff.<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.,<br><br>   Defendant. | Adversary No. 21-03004-sgj<br><br>Civ. Act. No. 3:21-cv-00881 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>   Plaintiff.<br><br>v.<br><br>NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,<br><br>   Defendants. | Adversary No.: 21-03005-sgj<br><br>Civ. Act. No. 3:21-cv-00880<br><br>**(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br>     Plaintiff. <br><br> v. <br><br> JAMES D. DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, <br><br>     Defendants. | Adversary No. 21-03003-sgj <br><br> Civ. Act. No. 3:21-cv-01010 <br><br> **(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br>     Plaintiff. <br><br> v. <br><br> HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, <br><br>     Defendants. | Adversary No.: 21-03006-sgj <br><br> Civ. Act. No. 3:21-cv-01378 <br><br> **(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br>     Plaintiff. <br><br> v. <br><br> HCRE PARTNERS, LLC (n/k/a NEXPOINT REAL ESTATE PARTNERS, LLC), JAMES DONDERO, NANCY DONDERO AND THE DUGABOY INVESTMENT TRUST, <br><br>     Defendants. | Adversary No.: 21-03007-sgj <br><br> Civ. Act. No. 3:21-cv-01379 <br><br> **(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |

## SUPPLEMENT TO REPORT AND RECOMMENDATION DATED JULY 19, 2022, TRANSMITTING PROPOSED FORMS OF JUDGMENT

## I.    Introduction and Background

On July 20, 2022, the bankruptcy clerk transmitted this court's *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants[1] (With Respect to All Sixteen Promissory*

---

[1] The "Note Maker Defendants"—sometimes collectively referred to simply as the "Defendants"—are: James D. Dondero (Adv. Pro. 21-3003)(Civ. Action No. 3:21-cv-01010); Highland Capital Management Fund Advisors, L.P. (Adv. Pro. 21-3004)(Civ. Action No. 3:21-cv-00881); NexPoint Advisors, L.P. (Adv. Pro. 21-3005)(Civ. Action No.

*Notes) in the Above-Referenced Consolidated Note Actions* ("<u>R&R MPSJ</u>")[DE # 50][2] for filing

in the above-referenced consolidated Civ. Act. No. 3:21-cv-881.  In the R&R MPSJ, this court

recommended that the District Court enter summary judgment "holding the Note Maker

Defendants liable for (a) breach of contract and (b) turnover for all amounts due under the Notes,

pursuant to Bankruptcy Code Section 542, including the costs of collection and reasonable

attorneys' fees in an amount to be determined."  In the last paragraph of the R&R MPSJ, this court

directed Plaintiff (Highland) "**to promptly submit a form of Judgment applicable to each Note**

**Maker Defendant that calculates proper amounts due pursuant to this Report and**

**Recommendation, including interest accrued to date (and continuing to accrue per diem), as**

**well as costs and attorneys' fees incurred.**" The court further set forth the procedures for the

submission of the proposed forms of judgment and this court's transmittal of such to the District

Court for its consideration in connection with the R&R MPSJ:

> **The costs and attorneys' fees calculation shall be separately filed as a Notice**
> **with backup documentation attached. The Note Maker Defendants shall have**
> **21 days after the filing of such Notice to file an objection to the reasonableness**
> **of the attorneys' fees and costs.  The bankruptcy court will thereafter**
> **determine the reasonableness in Chambers (unless the bankruptcy court**
> **determines that a hearing is necessary) and will promptly submit the form**
> **Judgments, along with appropriate attorneys' fees and costs amounts inserted**
> **into the form Judgments, to the District Court, to consider along with this**
> **Report and Recommendation.**

R&R MPSJ, last para.

---

3:21-cv-00880); Highland Capital Management Services, Inc. (Adv. Pro. 21-3006)(Civ. Action No. 3:21-cv-01378);
and HCRE Partners, LLC, n/k/a NexPoint Real Estate Partners, LLC (Adv. Pro. 21-3007)(Civ. Action No. 3:21-cv-
01379).

[2] The R&R MPSJ was entered separately in each of the five underlying adversary proceedings on July 19, 2022 prior
to transmittal to the District Court.  *See* Adv. Pro. 21-3003 [DE #191], Adv. Pro. 21-3004 [DE #163], Adv. Pro. 21-
3005 [DE #207], Adv. Pro. 21-3006 [DE #213], and Adv. Pro. 21-3007 [DE #208].

## II.    Proposed Forms of Judgment and Notices of Attorneys' Fees and Costs

### A.    *Highland Submits Proposed Forms of Judgment and Notices of Attorneys' Fees and Costs To Be Included Therein*

The parties entered into a stipulation (the "Stipulation") regarding the procedures for objecting to the R&R MPSJ in the District Court and for the submission of the proposed forms of judgment and attorneys' fees and costs to the bankruptcy court pursuant to the directive in the R&R MPSJ, which was filed on July 25, 2022, in each of the adversary proceedings[3] and on July 26, 2022, in the District Court.[4]  In the Stipulation, the parties agreed and stipulated to a briefing schedule as follows:[5]

1.  Plaintiff will file a form of judgment (as described in the R&R) (the "Proposed Judgment") with Notice by August 5, 2022;

2.  Defendants will file any objections to the R&R and/or the Proposed Judgment ("Defendants' Objections") by August 23, 2022; [and,]

3.  Plaintiff will respond to Defendants' Objections on or before September 27, 2022.

On August 5, 2022, Highland filed its *Declaration of David Klos in Support of Highland Capital Management, L.P.'s Proposed Form of Judgment*,[6] *Notice of Attorneys' Fees Calculation and Backup Documentation* regarding the fees and costs of Pachulski, Stang, Ziehl & Jones, L.L.P. ("PSZ&J"),[7] and *Notice of Attorneys' Fees Calculation and Backup Documentation of Hayward*

---

[3] *See* Adv. Pro. 21-3003 [DE #196], Adv. Pro. 21-3004 [DE #168], Adv. Pro. 21-3005 [DE #212], Adv. Pro. 21-3006 [DE #218], and Adv. Pro. 21-3007 [DE #213].

[4] *See* Notice of Stipulation for Objection to Report and Recommendation in Notes Litigation [DE #53].

[5] Stipulation at 4.

[6] *See* Adv. Pro. 21-3003 [DE #199], Adv. Pro. 21-3004 [DE #171], Adv. Pro. 21-3005 [DE #216], Adv. Pro. 21-3006 [DE #221], and Adv. Pro. 21-3007 [DE #216].

[7]*See* Adv. Pro. 21-3003 [DE #197], Adv. Pro. 21-3004 [DE #169], Adv. Pro. 21-3005 [DE #214], Adv. Pro. 21-3006 [DE #219], and Adv. Pro. 21-3007 [DE #214].

*PLLC*.[8]  Highland did not file with the bankruptcy court its proposed forms of judgment (but did

upload the proposed form of judgment ("Proposed Judgment(s)") to the bankruptcy court's order

processing system in each of the five adversary proceedings).

**B.**    ***Defendants Object to Proposed Form of Judgment Awarding Attorneys' Fees and
Costs***

On August 23, 2022, the Defendants filed in the bankruptcy court *Defendants' Objection

to Plaintiff's Proposed Form of Judgment Awarding Attorney's Fees and Costs*[9] in which they

objected to Highland's proposed form of judgment and to the reasonableness of the attorneys' fees

proposed to be included therein ("Proposed Judgment Objection").[10]  Defendants objections to the

Proposed Judgment fall into one of seven categories:

(1) Mathematical error;

(2) Excessive redaction;

(3) Fees should be limited to breach of contract and turnover claims;

(4) "Unsegregated fees" should be excluded;

(5) Fees attributable to "unsuccessful litigation" should be excluded;

(6) PSZ&J's rates are too high;

(7) The distribution of fees and costs equally among the five Defendants is unreasonable.

---

[8] *See* Adv. Pro. 21-3003 [DE #198], Adv. Pro. 21-3004 [DE #170], Adv. Pro. 21-3005 [DE #215], Adv. Pro. 21-3006 [DE #220], and Adv. Pro. 21-3007 [DE #215].

[9] *See* Adv. Pro. 21-3003 [DE #204], Adv. Pro. 21-3004 [DE #173], Adv. Pro. 21-3005 [DE #221], Adv. Pro. 21-3006 [DE #226], and Adv. Pro. 21-3007 [DE #221].

[10] On the same day, the Defendants filed in the District Court *Defendants' Objection to the Bankruptcy Court's Report and Recommendation to the District Court Proposing That It Grant Summary Judgment in Favor of the Plaintiff* ("Objection to R&R MPSJ") [DCT DE #62].

### C. *Highland Files Motion for Leave to Supplement Backup Documentation with Supplemental Invoices*

Defendants allege in the Proposed Judgment Objection that there is a math error ("Alleged Math Error") of $395,996.50, *see* Proposed Judgment Objection at 5-6, and "[t]here may be a small portion of that amount attributable to partially redacted entries for which the total was redacted, making it unduly difficult to decipher," *id.* at 6 n.2.  On September 20, 2022, Highland's counsel emailed Defendants' counsel to inform them that there is no Alleged Math Error because: (a) Highland inadvertently omitted from its Backup Documentation the fee invoices for January and February 2022, and (b) some entries were redacted because they referred to tasks unrelated to the Notes Litigation, but the unredacted time should be added up and multiplied by the hourly rate of the applicable timekeeper. Morris Dec. Ex. A.[11]  Highland also attached to its email, *inter alia*, the invoices for January and February 2022 (the "Supplemental Invoices"), which total $307,493.50 (and which account for approximately 80% of the Alleged Math Error). Morris Dec. Ex. B and Ex. C, respectively.  Highland's counsel offered to stipulate to this issue, advising Defendants' counsel that if they did not respond by noon on Friday, September 23, 2022, Highland would move for leave to supplement the Backup Documentation with the Supplemental Invoices. Morris Dec. Ex. A.  Defendants' counsel had not responded as of September 27, 2022, when Highland filed its Motion for Leave, seeking leave of the bankruptcy court to supplement the Backup Documentation with the Supplemental Invoices. Motion for Leave, ¶ 9.  On the same day, Highland filed its *Response to Defendants' Objection to Plaintiff's*

---

[11] References to "Morris Dec." are to the *Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment*, Adv. Pro. 21-3003 [DE #206], Adv. Pro. 21-3004 [DE #175], Adv. Pro. 21-3005 [DE #223], Adv. Pro. 21-3006 [DE #228], and Adv. Pro. 21-3007 [DE #223], filed in the adversary proceedings in connection with Highland's *Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* ("Motion for Leave") filed on September 27, 2022. Adv. Pro. 21-3003 [DE #205], Adv. Pro. 21-3004 [DE #174], Adv. Pro. 21-3005 [DE #222], Adv. Pro. 21-3006 [DE #227], and Adv. Pro. 21-3007 [DE #222].

*Proposed Form of Judgment Awarding Attorney's Fees and Costs*[12] and its brief in support of

its Proposed Form of Judgment Awarding Attorneys' Fees and Costs (together, the

"Response").[13]

On October 18, 2022 – 28 days after Defendants' counsel had been provided with copies

of the Supplemental Invoices – Defendants filed their *Opposition to Highland Capital

Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of

Proposed Judgment* ("Opposition").[14]  Defendants argued that Highland should not be allowed

to supplement the Backup Documentation with the Supplemental Invoices because allowing

such would cause Defendants to "suffer prejudice." Specifically, Defendants asserted that

Highland's failure to include the Supplemental Invoices as part of the original Backup

Documentation (a)  "has prejudiced Defendants by not allowing Defendants to timely examine

the statements for accuracy, duplicity of work, redactions, and other factors relating to a

reasonableness and necessity-of-attorney's-fees analysis," (b) gives Highland "two bites at the

apple to recover [fees and costs] it never presented to Defendants for examination in the first

place," and (c) has caused Defendants to be prejudiced and to suffer "undue surprise because

[they were] not afforded an opportunity to examine those statements while [they were] briefing

on Plaintiff's originally-provided billing statements." Opposition, ¶ 3.

---

[12] Adv. Pro. 21-3003 [DE #207], Adv. Pro. 21-3004 [DE #176], Adv. Pro. 21-3005 [DE #224], Adv. Pro. 21-3006 [DE #229], and Adv. Pro. 21-3007 [DE #224].

[13] Adv. Pro. 21-3003 [DE #208], Adv. Pro. 21-3004 [DE #177], Adv. Pro. 21-3005 [DE #225], Adv. Pro. 21-3006 [DE #230], and Adv. Pro. 21-3007 [DE #225].

[14] Adv. Pro. 21-3003 [DE #210], Adv. Pro. 21-3004 [DE #179], Adv. Pro. 21-3005 [DE #227], Adv. Pro. 21-3006 [DE #232], and Adv. Pro. 21-3007 [DE #227].

On October 21, 2022, Highland filed its *Reply in Further Support of Its Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* ("Reply").[15]  This court considered Highland's Motion for Leave, Defendants' Opposition, and Highland's Reply and, on October 24, 2022, entered orders in each of the adversary proceedings, granting Highland's Motion for Leave, allowing Highland to supplement the Backup Documentation with the Supplemental Invoices.[16]

**D.    This Court Recommends That the District Court Overrule Defendants' Objections to the Proposed Forms of Judgment Awarding Attorneys' Fees and Costs**

This court then turned to its in-chambers review of the Defendants' Proposed Judgment Objection in accordance with the procedures set forth in the "Submission of Judgment" section of its R&R MPSJ.  For the following reasons, this court recommends that the District Court overrule each of the objections set forth in Defendants' Proposed Judgment Objection:

*1.   Objection #1: Mathematical Error*

As noted above, Defendants object to the proposed attorneys' fees and costs based on an Alleged Math Error.  With leave of court, Highland supplemented the Backup Documentation with two invoices (for January 2022 and February 2022), which accounted for nearly 80% of the Alleged Math Error.  The remaining approximately 20% of the Alleged Math Error was attributable to the "partially redacted entries for which the total was redacted" and which Defendants found to be "unduly difficult to decipher."  Highland explained that multiplying the time identified in the unredacted portions of the partially redacted entries, only, by the hourly rate

---

[15] Adv. Pro. 21-3003 [DE #211], Adv. Pro. 21-3004 [DE #180], Adv. Pro. 21-3005 [DE #228], Adv. Pro. 21-3006 [DE #233], and Adv. Pro. 21-3007 [DE #228].

[16] Adv. Pro. 21-3003 [DE #212], Adv. Pro. 21-3004 [DE #181], Adv. Pro. 21-3005 [DE #229], Adv. Pro. 21-3006 [DE #234], and Adv. Pro. 21-3007 [DE #229].

of the identified timekeeper (and totaling the resultant amounts) accounts for the remaining Alleged Math Error, such that there is no math error in the proposed attorneys' fees and costs to be included in the Proposed Judgments. Thus, this court recommends that the District Court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

2. *Objection #2: Excessive Redaction*

Defendants contend that fees should not be awarded for "overly redacted" time entries. As set forth in the Morris Declaration (filed in support of the Proposed Judgment(s) and Notices of Attorneys' Fees and Costs), Highland does not seek compensation for any time entry that was redacted; therefore, the court recommends that the district court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

3. *Objection #3: Fees Should Be Limited to Breach of Contract and Turnover Claims*

Defendants argue that Plaintiff may only recover fees for the breach of contract and turnover claims in the complaints because those two counts were "the only claims addressed by the R&R issued by the Court," quoting the Texas Supreme Court case, *Tony Cullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006), for the proposition that "Absent a contract or statute, trial courts do not have inherent authority to require a losing party to pay the prevailing party's fees." The *Chapa* case does not support Defendants' objection because the court there held, unremarkably, that because Texas law does not permit recovery for attorneys' fees on a fraud claim and because there was no contract between the parties allowing for such recovery, the trial court's inclusion of attorney fees in the judgment constituted error. Here, the Notes at issue *do* provide that Highland is entitled to *all* costs of collection, not just those directly incurred on a subset of litigated issues. Specifically, Section 6 of each Note provides:

9

> **Attorneys' Fees.** If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, or if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

Nothing in Section 6 limits Highland's recovery of "all actual expenses of collection" to only breach of contract and turnover claims, where all of the causes of action and claims asserted in the adversary proceeding were expenses of collecting on the Notes.

Moreover, the Texas Supreme Court in *Varner v. Cardenas*, 218 S.W.3d 68, 69 (Tex. 2007)(citations omitted), which expressly followed *Chapa*, upheld an award of attorneys' fees to the prevailing plaintiff who successfully sued on a promissory note that included fees incurred by the plaintiff in defending against the defendant's counterclaim:[17]

> But we disagree that fees defending against the [defendants'] counterclaim must be segregated too. By asserting a shortfall of acreage as a defense and counterclaim, [defendants] sought to reduce the amount collected on the note; to collect the full amount, [plaintiffs] had to overcome this defense. As their attorney's efforts to that effect were necessary to recover on their contract, they are recoverable.

Here, all of the counts in the amended complaint were included in connection with, and directly related to, Highland's pursuit of recovery on the Notes. All of the time spent by Highland's counsel responding to Defendants' various defenses and litigating the myriad issues that have arisen in these proceedings were incurred in pursuit of, and were necessary to, Highland's recovery on the Notes. Thus, because all of the attorneys' fees and costs submitted by Highland for

---

[17] *See also In re Arnette*, 2011 WL 3651294, *3 -*4 (Bankr. N.D. Tex. Aug. 18, 2011)(where the bankruptcy court found that fees incurred by plaintiff in plaintiff's successful suit on a note that were incurred to prove plaintiff's (a) fraud claims "contributed directly to the [plaintiff's] efforts to collect and enforce the notes against [the defendant such that] . . . [t]he terms of the notes themselves make these fees recoverable," and (b) § 523 claims "were part and parcel of its efforts to collect and enforce the breach of contract and suit on a note claims[, and, thus,] "fall within the ambit of the recoverable fees under the notes.").

inclusion in the Proposed Judgments were incurred as "actual expenses of collection" on the Notes, they are recoverable by Highland in the Proposed Judgments. For these reasons, this court recommends that the District Court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

### 4. Objection #4: "Unsegregated fees" Should Be Excluded

Defendants argue that Highland should not recover fees where counsels' time records did not "segregate" fees among the several Defendants, citing the *Clearview Properties*[18] case. *Clearview Properties* stands for the proposition that a plaintiff seeking an award of fees has the burden of demonstrating that segregation is not required and that a mere assertion that all claims against all defendants arise from common facts can be insufficient to satisfy that burden. Defendants ignore a critical distinction between these adversary proceedings and the *Clearview Properties* case: "*these Adversary Proceedings were consolidated for all purposes*, something to which the Defendants readily agreed." Response, ¶ 15. Early in the proceedings, this court approved a stipulation of the parties providing, among other things:[19]

> The Parties agree that discovery taken in this case will be consolidated with discovery taken in the [ ] [A]dversary [P]roceedings and all discovery in each of the [A]dversary [P]roceedings will be treated as if it was taken in all of the [A]dversary [P]roceedings . . . so that each witness will only need to be deposed once and documents produced in any of the [A]dversary [P]roceedings are usable as if received in every other [P]roceeding.

Highland points out the absurdity of Defendants' argument in its Response,[20]

---

[18] *Clearview Properties, L.P. v. Property Texas SC One Corp.*, 287 S.W.3d 132, 144 (Tex.App. – Houston [14th Dist.] 2009).

[19] *See Order Approving Stipulation Governing Discovery and Other Pre-Trial Issues*, at ¶ 4, Adv. Pro. 21-3003 [DE #86], Adv. Pro. 21-3004 [DE #67], Adv. Pro. 21-3005 [DE #70], Adv. Pro. 21-3006 [DE #75], and Adv. Pro. 21-3007 [DE #70].

[20] Response, at ¶ 20.

> The very consolidation that enabled all parties and this Court to enjoy at least some level of litigation efficiency, the very consolidation these Defendants wanted and moved this Court to impose, is now the consolidation Defendants would have this Court utterly ignore in favor of requiring Plaintiff to do the impossible—to segregate fees incurred in fully consolidated proceedings, Defendant by closely-affiliated Defendant, as though there were no consolidation either ordered by this Court or stipulated to by these Defendants. The egg has been thoroughly scrambled for well over a year. Defendants willingly scrambled it, but would now have the prevailing Plaintiff separate yolk from white.

This court agrees that Defendants should not now be heard to complain about the consequences of the very consolidation of these Adversary Proceedings that was done at the behest of all parties, including the Defendants, for the purposes of creating litigation efficiencies (which necessarily benefited all of the Defendants in the end by limiting the total attorneys' fees incurred in connection with the litigation of the consolidated proceedings). Accordingly, this court recommends that the District Court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

5. *Objection #5: Fees Attributable to "Unsuccessful Litigation" Should Be Excluded*

In their Proposed Judgment Objection, Defendants argue that a plaintiff cannot recover attorneys' fees for work related to "***claims*** as to which he or she did not prevail," Proposed Judgment Objection, 16 (quoting a Massachusetts federal district court case—*Roggio v. Grasmuck*, 18 F.Supp.3d 49, 56 (D. Mass. 2014)(citing a First Circuit case, *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 336 (1st Cir. 2008))(emphasis added)). Defendants follow with a "*see also*" citation to the only case cited by the Defendants that would be binding authority: to the Fifth Circuit's *Wal-Mart Stores, Inc. v. Qore, Inc.*, 647 F.3d 237, 246-48 (5th Cir. 2011), for the proposition that Highland must "present evidence by which to allocate its legal fees among successful and unsuccessful ***claims***." *Id.* (emphasis added). Finally, Defendants highlight three pieces of this complex and lengthy litigation as instances in which Highland "did not prevail" and

argue that, under their cited legal "authority," Highland cannot recover fees that are associated with those three pieces of litigation.

Neither the nonbinding authority nor the binding Fifth Circuit authority is applicable to Highland's ability to recover the full amount of the fees requested here. First, the authorities discuss the recoverability under certain circumstances of fees incurred in litigating successful *claims*, in the sense of causes of action, versus unsuccessful *claims*, again, in the sense of causes of action, in the same litigation. None of the three litigation instances identified by Defendants as "matters" in which Highland "did not prevail"[21] were separate *claims* (or causes of action) being pursued by Highland in the litigation. Rather, they were discrete issues that were litigated in the context of Highland's pursuit of collection on the Notes. And, as noted above, pursuant to the terms of the Notes, Highland is entitled to recover *all* expenses of collection, including attorneys' fees and costs. If attorneys' fees were incurred in the course of Highland's efforts to collect on the Notes, those fees are recoverable.

Defendants cite no law that requires a successful plaintiff entitled to *all* expenses (including costs and attorneys' fees) of collection on a note to prevail on every motion or issue that is litigated

---

[21] The three matters in which Defendants assert Highland "did not prevail" were (1) its opposition to Defendants' motion to strike a David Klos declaration; (2) its motion for sanctions that was filed as a part of a single motion seeking two forms of relief: (a) the striking of an argument in opposition to summary judgment that was precluded by a prior court order and (b) sanctions for that conduct; and (3) its efforts to consolidate these proceedings before a different district court judge than who ultimately received these cases. Highland argues that a plaintiff's "uniform success at every small step on the way to complete victory" is not required in order to recover *all* fees under the notes and that, even if such were a requirement, the Defendants "mischaracterize all three instances of so-called 'unsuccessful' litigation." Response, ¶ 23. With respect to Highland's opposition to the striking of the David Klos declaration, Highland notes that the Bankruptcy Court granted the motion on the ground that Highland had not sought leave to include the declaration in a reply appendix, and, thus, it "was a simple evidentiary ruling by the court and does not constitute an example of 'unsuccessful litigation.'" *Id.* at ¶ 23(a). With respect to the request for sanctions, Highland argues that it did not "lose" its "motion for sanctions"; rather, Highland prevailed on its motion seeking to strike one of Defendants' arguments in opposition to summary judgment that included a request for sanctions that the Bankruptcy Court did not grant when it granted the motion. *Id.* at ¶ 23(b). Lastly, Highland argues that its efforts to consolidate these proceedings before a different district judge "were good-faith efforts to maximize Plaintiff's chances of success in nascent litigation against a highly-litigious set of foes" that was resolved in a couple of weeks and was not "unreasonable." *Id.* at ¶ 23(c).

in a multi-faceted, multiple-defendant, multi-year, consolidated-for-all-purposes litigation to have "all expenses of collection" awarded as part of the judgment on the note. Defendants' citation to the Fifth Circuit's *Wal-Mart* case is misplaced. In the *Wal-Mart* case, the Fifth Circuit addressed the issue of whether, under Mississippi law, Wal-Mart was entitled to recover from one defendant the full amount of attorneys' fees incurred in its breach of contract and negligence suit against three firms that it had hired to assist with the design and construction of a new store after the jury had awarded damages to Wal-Mart on some, but not all, of its causes of action. After trial, the jury had found that the testing and inspection firm ("Qore") was liable for 10% of the damages to the building along with one of the other defendant firms, which the jury found to be liable for 90% of the damages to the building. *Wal-Mart*, 647 F.3d at 241. The jury also determined that Qore's liability on the damages to the building claim was entirely attributable to its work done under its testing and inspection contract and not under its geotechnical services contract. *Id.* By post-trial motion, Wal-mart sought to recover the entire amount of its fees incurred in the litigation—on all claims, successful and unsuccessful, and against all parties—from Qore. *Id.* The district court granted Wal-Mart's motion subject to a small reduction attributable to an adjustment to the lodestar rate and some excessive billing. *Id.* at 242. Qore appealed the district court's fee award, and asked the Fifth Circuit to vacate it. *Id.* at 242.

The Court first agreed with the district court's finding that a plain reading of an indemnity provision in the testing and inspection contract, which stated that "[Qore] . . . agrees to indemnify and hold Wal-Mart free and harmless from any claim, demand, loss, damage, or injury (including Attorney's fees) caused by any negligent act or omission by [Qore] . . . ," allowed for Wal-Mart's recovery of reasonable fees. *Id.* at 243. Qore contended, though, that "in light of Wal-Mart's multiple claims against multiple parties, only one of which was successful as to Qore, the district

14

court's fee award should be vacated because Wal-Mart failed to present competent evidence by which to allocate its legal fees among successful and unsuccessful claims as required by Mississippi law" and that "Wal-Mart's recovery is limited to those fees incurred in prosecuting the single claim upon which it prevailed against Qore, i.e., fees spent proving Qore's fractional share of liability on the building repair claim. . . ." *Id.* at 244. The Fifth Circuit agreed with Qore. But, importantly as to why *Wal-Mart* does not support Defendants' objection here, the Fifth Circuit found that "Wal-Mart's recovery should have been limited to those attorney's fees incurred in proving Qore's liability on the building repair claim," *id.* at 245-46, only because the sole basis for Wal-Mart's recovery of attorney's fees against Qore was the contractual indemnity provision, and a plain reading of that provision—that entitled Wal-Mart to reimbursement of attorney's fees "caused by any negligent act or omission" on the part of Qore—limited Qore's duty to reimburse Wal-Mart for its reasonable attorney's fees "to those fees proximately and legally 'caused by' Qore's negligence." *Id.* at 245.

Here, to repeat a theme throughout this supplemental report and recommendation, all of the Notes that were the subject of this litigation and the Proposed Judgments provide that Highland is entitled to recover "***all*** actual expenses of collection" on the Notes, including "all court costs and reasonable attorneys' fees incurred by the holder hereof." (emphasis added). There is no limitation to the phrase "all actual expenses of collection" that is similar to the language in the contract in the *Wal-Mart* case that limited Wal-Mart's recovery of fees to those fees "caused by" Qore's negligence. The attorneys' fees sought by Highland were all expenses incurred in the collection of the Notes in these consolidated proceedings in which Highland was successful against all of the Defendants identified in the Proposed Judgments and from whom Highland seeks recovery of reasonable attorneys' fees and costs. In the *Wal-Mart* case, the defendants were

unaffiliated, the plaintiff did *not* prevail against all the defendants, and there was no mention of the type of deep consolidation of all proceedings in that litigation that has occurred in these Adversary Proceedings (at the behest and agreement of all of the parties to this litigation, including the Defendants). For these reasons, this court recommends that the District Court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

6. *Objection #6: PSZJ's's Rates Are Too High*

Defendants argue that PSZJ's rates are unreasonably high because they exceed the rates charged by local firms for similar services. This court has already approved PSZJ's rates as reasonable under § 330 and under the applicable standard originally announced by the Fifth Circuit in *Johnson*.[22] In addition, Mr. Dondero, when he controlled Highland, personally hired PSZJ to be bankruptcy counsel for Highland and "agreed, in writing, to the very fee structure and rates (albeit with disclosed, annual increases customary in the industry) he now complains about." *See* Response, ¶ 25. This court recommends that the District Court overrule this objection to the Proposed Judgments and reasonableness of attorneys' fees and costs to be included therein.

7. *Objection #7: The Distribution of Fees and Costs Among Defendants Is Unreasonable*

Defendants assert that Highland's proposed distribution of awarded fees among the five Defendants "is unreasonable because it arbitrarily advocates for a distribution of the fees among the five Defendants equally (one-fifth each) regardless of the amount of the proposed judgment

---

[22] *See* Bankr. Case No. 19-34054-sgj11, *Fifth and Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP* [BC DE #2906], at 37–39 (describing how PSZJ's fees satisfied the *Johnson* factors—*see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)); *Order Granting Fifth and Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP* [BC DE #3055].

against each Defendant and their involvement in the case." Proposed Judgment Objection, 21.  In response, Highland indicates that it "is indifferent and has no objection if Defendants would rather allocate Plaintiff's fees and costs *pro rata*, based on the ratio of the outstanding principal and interest owed by each Obligor to the total principal and interest owed by all Obligors." Response, ¶ 27.  Thus, without deciding whether an equal allocation among Defendants of attorneys' fees and costs is improper in these adversary proceedings, this court recommends to the District Court that the provision in each of the Proposed Judgments that allocates to each Defendant "one-fifth of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland," be replaced with an actual allocated amount of the fees and costs, which is a *pro rata* allocation based on the ratio of the outstanding principal and interest owed by each Note Maker Defendant to the total principal and interest owed by all Note Maker Defendants under the Proposed Judgments.

### III.    Submission of Proposed Forms of Judgment to District Court

Having considered the Proposed Judgment in each of the adversary proceedings and the Notices and Backup Documentation (as supplemented by Highland) regarding the attorneys' fees and costs to be inserted into each Proposed Judgment; Defendants' Proposed Judgment Objection; and Highland's Response; and for the reasons set forth herein, this court hereby supplements its R&R MPSJ and recommends to the District Court that it, after consideration of the R&R MPSJ and this supplemental report and recommendation, enter the applicable Proposed Judgment (as modified to reflect a *pro rata* allocation of attorneys' fees and costs based on the ratio of the outstanding principal and interest owed by each Note Maker Defendant to the total principal and interest owed by all Note Maker Defendants) in each of the five adversary proceedings that are hereby transmitted as exhibits hereto.  The proposed forms of judgment in

Adv. Proc. No. 21-3003, Adv. Proc. No. 21-3004, Adv. Proc. No. 21-3005, Adv. Proc. No. 21-3006, and Adv. Proc. No. 21-3007 are attached hereto as **Exhibits A-E**, respectively.[23]

### *### End of Supplement to Report and Recommendation ###*

---

[23] A spreadsheet showing this court's calculation of the proposed allocation of attorneys' fees and costs to each Note Maker Defendant is attached hereto as **Exhibit F**.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |  |
|---|---|---|
| IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | Bankr. Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § § | |
| HIGLAND CAPITAL MANAGEMENT, L.P., | § § | |
| Plaintiff, | § § | Adv. Pro. No. 21-3003-sgj |
| | § § | Civ. Act. No. 3:21-cv-1010-X |
| JAMES DONDERO, NANCY DONDERO, and THE DUGABOY INVESTMENT TRUST, | § § § | **(Consolidated under** |
| Defendants. | § § | **Civ. Act. No. 3:21-cv-881-X)** |
| | § | |

## PROPOSED FORM OF JUDGMENT

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* (the "Motion") filed by Highland Capital Management, L.P. ("Highland" or "Plaintiff"), the reorganized debtor in the above-captioned chapter 11 case and plaintiff in the above-referenced adversary proceeding; and the Court having considered (a) Highland's Motion and all arguments and evidence admitted into the record in support of the Motion, (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion (the

1

**Exhibit A**

Case 3:21-cv-00881-X    Document 34    Filed 12/05/22    Page 98 of 125    PageID 7065

"Hearing"); and for the reasons set forth in the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* ("R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment*; the Court hereby enters the following final judgment (the "Final Judgment").

    **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff recover the following:

    1.    Mr. James Dondero ("Mr. Dondero") will owe Highland **$3,873,613.93** in accrued but unpaid principal and interest due under Dondero's First Note[1] (issued on February 2, 2018) as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on the First Dondero Note at the rate of **$278.50** per day and will increase to **$285.91** per day on **February 2, 2023**.

    2.    Mr. Dondero will owe Highland **$2,778,356.23** in accrued but unpaid principal and interest due under Dondero's Second Note (issued on August 1, 2018) as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on Dondero's Second Note at the rate of **$224.43** per day and will increase to **$231.05** per day on **August 1, 2023**.

    3.    Mr. Dondero will owe Highland **$2,778,339.88** in accrued but unpaid principal and interest due under Dondero's Third Note (issued on August 13, 2018) as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on Dondero's Third Note at the rate of **$218.20** per day and will increase to **$224.64** per day on **August 13, 2022**.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

4.       In addition to the forgoing, and pursuant to the terms of each applicable Note, Mr. Dondero shall pay to Highland the amount of **$443,074.35**, which is his *pro rata* allocation (based on the ratio of the outstanding principal and interest owed by Mr. Dondero to Plaintiff as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Plaintiff as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

5.       The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of [ ]%.  Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

# # # END OF ORDER # # #

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| | § | |
| IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Bankr. Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § | |
| | § | |
| HIGLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | Adv. Pro. No. 21-3004-sgj |
| Plaintiff, | § | |
| | § | Civ. Act. No. 3:21-cv-881-X |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PROPOSED FORM OF JUDGMENT**

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* (the "Motion") filed by Highland Capital Management, L.P. ("Highland" or "Plaintiff"), the reorganized debtor in the above-captioned chapter 11 case and plaintiff in the above-referenced adversary proceeding; and the Court having considered (a) Highland's Motion

1

**Exhibit B**

and all arguments and evidence admitted into the record in support of the Motion, (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and for the reasons set forth in the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* ("R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment*; the Court hereby enters the following final judgment (the "Final Judgment").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff recover the following:

1.      Highland Capital Management Fund Advisors, L.P. ("HCMFA") will owe Highland **$2,552,628.61** in accrued but unpaid principal and interest due under HCMFA's First Note[1] (issued on May 2, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on HCMFA's First Note at the rate of **$166.08** per day and will increase to **$170.05** per day on **May 2, 2023.**

2.      HCMFA will owe Highland **$5,317,989.86** in accrued but unpaid principal and interest due under HCMFA's Second Note (issued on May 3, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on HCMFA's Second Note at the rate of **$346.02** per day and will increase to **$354.29** per day on **May 3, 2023.**

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

3.        In addition to the forgoing, and pursuant to the terms of each applicable Note, HCMFA shall pay to Highland the amount of **$369,793.69**, which is its *pro rata* allocation (based on the ratio of the outstanding principal and interest owed by HCMFA to Plaintiff as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Plaintiff as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

4.        The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of [ ]%.  Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

# # # END OF ORDER # # #

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Bankr. Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § | |
| | § | |
| HIGLAND CAPITAL MANAGEMENT, L.P., | § | Adv. Pro. No. 21-3005-sgj |
| Plaintiff, | § | Civ. Act. No. 3:21-cv-880-X |
| NEXPOINT ADVISORS, L.P., JAMES DONDERO, ADVISORS, L.P., NANCY DONDERO, and THE DUGABOY INVESTMENT TRUST | § | **(Consolidated under Civ. Act. No. 3:21-cv-881-X)** |
| Defendants. | § | |

## PROPOSED FORM OF JUDGMENT

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* (the "Motion") filed by Highland Capital Management, L.P. ("Highland" or "Plaintiff"), the reorganized debtor in the above-captioned chapter 11 case and plaintiff in the above-referenced adversary proceeding; and the Court having considered (a) Highland's Motion and all arguments and evidence admitted into the record in support of the Motion, (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and for

1

**Exhibit C**

the reasons set forth in the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* (the "R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment*; the Court hereby enters the following final judgment (the "Final Judgment").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff recover the following:

1.      NexPoint Advisors, L.P. ("NexPoint") will owe Highland **$23,389,882.79** in accrued but unpaid principal and interest due under the NexPoint Term Note[1] (issued on May 31, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on the NexPoint Term Note at the rate of **$3,801.79** per day and will increase to **$4,029.90** per day on **May 31, 2023.**

2.      In addition to the forgoing, and pursuant to the terms of each the Note, NexPoint shall pay to Highland the amount of **$1,098,951.89**, which is its *pro rata* allocation (based on the ratio of the outstanding principal and interest owed by NexPoint to Plaintiff as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Plaintiff as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

3.      The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of [ ]%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

# # # END OF ORDER # # #

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| § | |
| IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., § | Bankr. Case No. 19-34054-sgj11 |
| § | |
| Reorganized Debtor. § | |
| § | |
| HIGLAND CAPITAL MANAGEMENT, L.P., § | |
| § | Adv. Pro. No. 21-3006-sgj |
| Plaintiff, § | |
| § | Civ. Act. No. 3:21-cv-1378-X |
| HIGHLAND CAPITAL MANAGEMENT § | |
| SERVICES, INC., JAMES DONDERO, NANCY § | **(Consolidated under** |
| DONDERO, and THE DUGABOY § | **Civ. Act. No. 3:21-cv-881-X)** |
| INVESTMENT TRUST § | |
| § | |
| Defendants. § | |
| § | |

## <u>PROPOSED FORM OF JUDGMENT</u>

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* (the "<u>Motion</u>") filed by Highland Capital Management, L.P. ("<u>Highland</u>" or "<u>Plaintiff</u>"), the reorganized debtor in the above-captioned chapter 11 case and plaintiff in the above-referenced adversary proceeding; and the Court having considered (a) Highland's Motion and

**Exhibit D**

all arguments and evidence admitted into the record in support of the Motion, (b) all responses and objections to the Motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and for the reasons set forth in the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* (the "R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment*; the Court hereby enters the following final judgment (the "Final Judgment").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff recover the following:

1.    Highland Capital Management Services, Inc. ("HCMS") will owe Highland **$166,196.60** in accrued but unpaid principal and interest due under HCMS's First Demand Note[1] (issued on March 28, 2018), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on HCMS's First Demand Note at the rate of **$12.98** per day and will increase to **$13.35** per day on **March 26, 2023.**

2.    HCMS will owe Highland **$222,917.23** in accrued but unpaid principal and interest due under HCMS's Second Demand Note (issued on June 25, 2018), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on HCMS's Second Demand Note at the rate of **$18.56** per day and will increase to **$19.13** per day on **June 25, 2023.**

3.    HCMS will owe Highland **$425,435.63** in accrued but unpaid principal and interest due under HCMS's Third Demand Note (issued on May 29, 2019), as of August 8, 2022, after

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue under HCMS's Third Demand Note at the rate of **$27.73** per day and will increase to **$28.39** per day on **May 29, 2023**.

4.　　　　HCMS will owe Highland **$159,454.92** in accrued but unpaid principal and interest due under HCMS's Fourth Demand Note (issued on June 26, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on HCMS's Fourth Demand Note at the rate of **$10.32** per day and will increase to **$10.57** per day on **June 26, 2023**.

5.　　　　HCMS will owe Highland **$6,071,718.32** in accrued but unpaid principal and interest due under the HCMS Term Note (issued on May 31, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on the HCMS Term Note at the rate of **$455.09** per day and will increase to **$467.61** per day on **May 31, 2023**.

6.　　　　In addition to the forgoing, and pursuant to the terms of each applicable Note, HCMS shall pay to Highland the amount of **$331,036.73**, which is its *pro rata* allocation (based on the ratio of the outstanding principal and interest owed by HCMS to Plaintiff as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Plaintiff as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

7.　　　　The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of [ ]%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

# # # END OF ORDER # # #

3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |  |
|---|---|---|
| IN RE HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Reorganized Debtor. | § | Bankr. Case No. 19-34054-sgj11 |
| | § | |
| HIGLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | Adv. Pro. No. 21-3007-sgj |
| Plaintiff, | § | |
| | § | Civ. Act. No. 3:21-cv-1379-X |
| HCRE PARTNERS, LLC (n/k/a NEXPOINT REAL REAL ESTATE PARTNERS, LLC)., JAMES DONDERO, NANCY DONDERO, and THE DUGABOY INVESTMENT TRUST | § | **(Consolidated under** |
| | § | **Civ. Act. No. 3:21-cv-881-X)** |
| | § | |
| Defendants. | § | |

## <u>PROPOSED FORM OF JUDGMENT</u>

This matter having come before the Court on the *Motion for Partial Summary Judgment in Notes Actions* (the "<u>Motion</u>") filed by Highland Capital Management, L.P. ("<u>Highland</u>" or "<u>Plaintiff</u>"), the reorganized debtor in the above-captioned chapter 11 case and plaintiff in the above-referenced adversary proceeding; and the Court having considered (a) Highland's Motion and all arguments and evidence admitted into the record in support of the Motion, (b) all responses and objections to the Motion

1

**Exhibit E**

and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the Motion; and for the reasons set forth in the *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* (the "R&R") filed by the Bankruptcy Court on July 19, 2022, and the *Supplement to Report and Recommendation Dated July 19, 2022, Transmitting Proposed Forms of Judgment*; the Court hereby enters the following final judgment (the "Final Judgment").

　　　　**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff recover the following:

　　　　1.　　　　HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC) ("HCRE") will owe Highland **$195,476.70** in accrued but unpaid principal and interest due under HCRE's First Demand Note[1] (issued on November 27, 2013), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on HCRE's First Demand Note at the rate of **$40.58** per day and will increase to **$43.83** per day on **November 27, 2022**.

　　　　2.　　　　HCRE will owe Highland **$3,551,285.37** in accrued but unpaid principal and interest due under HCRE's Second Demand Note (issued on October 12, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on HCRE's Second Demand Note at the rate of **$730.34** per day and will increase to **$788.77** per day on **October 12, 2022**.

　　　　3.　　　　HCRE will owe Highland **$986,472.32** in accrued but unpaid principal and interest due under HCRE's Third Demand Note (issued on October 15, 2018), as of August 8, 2022, after

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on HCRE's Third Demand Note at the rate of **$203.00** per day and will increase to **$219.24** per day on **October 15, 2022**.

4.      HCRE will owe Highland **$866,600.77** in accrued but unpaid principal and interest due under HCRE's Fourth Demand Note (issued on September 25, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue under HCRE's Fourth Demand Note at the rate of **$177.60** per day and will increase to **$191.81** per day on **September 25, 2022**.

5.      HCRE will owe Highland **$6,196,688.51** in accrued but unpaid principal and interest due under the HCRE Term Note (issued on May 31, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on the HCRE Term Note at the rate of **$1,337.94** per day and will increase to **$1,444.98** per day on **May 31, 2023**.

6.      In addition to the forgoing, and pursuant to the terms of each applicable Note, HCRE shall pay to Highland the amount of **$554,248.69**, which is its *pro rata* allocation (based on the ratio of the outstanding principal and interest owed by HCRE to Plaintiff as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Plaintiff as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

7.      The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of [ ]%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

# # # END OF ORDER # # #

3

**PROPOSED ALLOCATION OF ATTORNEYS' FEES AND COSTS**

| Civ. Act. No.* | Bankr. Adv. # | Note Maker Defendant** | P&I by Note | P&I by Defendant | Attys' Fees Ratio (Def P&I/Tot P&I) | Pro Rata Amt Attys' Fees | Equal Allocation of Attys' Fees to each Def |
|---|---|---|---|---|---|---|---|
| 3:21-cv-1010 | 21-3003 | Dondero | $ 3,873,613.93 | | | | |
| | | | $ 2,778,356.23 | | | | |
| 3:21-cv-881 | 21-3004 | HCMFA | $ 2,778,339.88 | $ 9,430,310.04 | 0.158404598 | $ 443,074.35 | $ 559,421.07 |
| | | | $ 2,552,628.61 | | | | |
| 3:21-cv-880 | 21-3005 | NexPoint | $ 5,317,989.86 | $ 7,870,618.47 | 0.13220585 | $ 369,793.69 | $ 559,421.07 |
| 3:21-cv-1378 | 21-3006 | HCMS | $ 23,389,882.79 | $ 23,389,882.79 | 0.392888988 | $ 1,098,951.89 | $ 559,421.07 |
| | | | $ 166,196.60 | | | | |
| | | | $ 222,917.23 | | | | |
| | | | $ 425,435.63 | | | | |
| | | | $ 159,454.92 | | | | |
| 3:21-cv-1379 | 21-3007 | HCRE | $ 6,071,718.32 | $ 7,045,722.70 | 0.118349753 | $ 331,036.73 | $ 559,421.07 |
| | | | $ 195,476.70 | | | | |
| | | | $ 3,551,285.37 | | | | |
| | | | $ 986,472.32 | | | | |
| | | | $ 866,600.77 | | | | |
| | | | $ 6,196,688.51 | $ 11,796,523.67 | 0.198150811 | $ 554,248.69 | $ 559,421.07 |
| | | | | | | | |
| | | | $ 59,533,057.67 | $ 59,533,057.67 | 1 | $ 2,797,105.35 | $ 2,797,105.35 |

*The 5 Proceedings were consolidated at the District Court level under Civ. Act. No. 3:21-cv-881.

**Each of the proceedings (with the exception of 3:21-cv-881, where HCMFA is the only defendant) have additional defendants, but the Proposed Judgments are proposed to be entered against only the identified Note Maker Defendant in each proceeding.

**Exhibit F**



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 7, 2022**

United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.<br><br>Reorganized Debtor. | Case No. 19-34054-sgj11<br><br>Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>     Plaintiff.<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.,<br><br>     Defendant. | Adversary No. 21-03004-sgj<br><br>Civ. Act. No. 3:21-cv-00881 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>     Plaintiff.<br><br>v.<br><br>NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,<br><br>     Defendants. | Adversary No.: 21-03005-sgj<br><br>Civ. Act. No. 3:21-cv-00880<br><br>**(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br>     Plaintiff. <br><br> v. <br><br> JAMES D. DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, <br><br>     Defendants. | Adversary No. 21-03003-sgj <br> Civ. Act. No. 3:21-cv-01010 <br> **(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br>     Plaintiff. <br><br> v. <br><br> HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, <br><br>     Defendants. | Adversary No.: 21-03006-sgj <br> Civ. Act. No. 3:21-cv-01378 <br> **(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br>     Plaintiff. <br><br> v. <br><br> HCRE PARTNERS, LLC (n/k/a NEXPOINT REAL ESTATE PARTNERS, LLC), JAMES DONDERO, NANCY DONDERO AND THE DUGABOY INVESTMENT TRUST, <br><br>     Defendants. | Adversary No.: 21-03007-sgj <br> Civ. Act. No. 3:21-cv-01379 <br> **(Consolidated Under Civ. Act. No. 3:21-cv-00881)** |

## ORDER: (A) GRANTING DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT THEIR ARGUMENT AGAINST PLAINTIFF'S SUPPLEMENTED NOTICE OF ATTORNEYS' FEES; BUT (B) DENYING ANY FURTHER RELIEF

Came on for consideration the *Defendants' Motion for Leave to Supplement Their Argument Against Plaintiff's Supplemented Notice of Attorneys' Fees ("Defendants' Motion for Leave")*[1] filed on November 2, 2022. The *Defendants' Motion for Leave* relates to the

---

[1] See Adv. Pro. 21-3003 [DE #216], Adv. Pro. 21-3004 [DE #185], Adv. Pro. 21-3005 [DE #233], Adv. Pro. 21-3006 [DE #238], and Adv. Pro. 21-3007 [DE #233].

Notices and Backup Documentation for the attorneys' fees and costs that Plaintiff/Highland

seeks to have awarded as part of its damages in connection with the above-referenced actions.

Plaintiff/Highland filed its Notice and Backup Documentation for its attorneys' fees and

costs that Plaintiff/Highland seeks to have awarded as part of its damages in connection with

the above-referenced actions.  But then later, Plaintiff/Highland sought leave to supplement its

Backup Documentation with invoices from January and February of 2022 that it had previously

omitted ("*January/February Invoices*"), apparently due to inadvertence.  Defendants objected

to the bankruptcy court granting leave for this supplementation, but the bankruptcy court

overruled and granted leave on October 24, 2022, to allow Plaintiff/Highland to supplement its

attorneys' fee request with these *January/February Invoices*.[2] Then, in early November, the

bankruptcy court—not having seen the *Defendants' Motion for Leave* on the dockets in these

actions[3]—completed its review of the Notices and Backup Documentation; the Defendants'

original objection thereto; Highland's Response thereto; and the *January/February Invoices*.

On November 10, 2022, which was eight days after Defendants filed the *Defendants' Motion*

*for Leave*, the bankruptcy court issued its *Supplement to Report and Recommendation Dated July*

*19, 2022, Transmitting Proposed Forms of Judgment* ("*November 10, 2022 Supplement to R&R*")

in each of the above actions,[4] which was transmitted to the District Court on November 14,

2022.[5]  The *November 10, 2022 Supplement to R&R* recommended specific attorneys' fees and

---

[2] *See* Adv. Pro. 21-3003 [DE #212], Adv. Pro. 21-3004 [DE #181], Adv. Pro. 21-3005 [DE # 229], Adv. Pro. 21-3006 [DE #234], and Adv. Pro. 21-3007 [DE #229].  It is Defendants' specific objections to the reasonableness of the fees in the Supplemental Invoices that Defendants now seek leave to submit to the court for its consideration.

[3] This was an oversight in a bankruptcy case with multiple adversary proceedings that generate literally thousands of pages of filings on a regular basis.

[4] Adv. Pro. 21-3003 [DE #217], Adv. Pro. 21-3004 [DE #186], Adv. Pro. 21-3005 [DE #234], Adv. Pro. 21-3006 [DE #239], and Adv. Pro. 21-3007 [DE #234].

[5] *See* DCT DE ##80-83, with respect to Adv. Pro. 21-3003 (Civ. Act. No. 3:21-cv-1010), Adv. Pro. 21-3005 (Civ. Act. No. 21-880), Adv. Pro. 21-3006 (Civ. Act. No. 3:21-cv-1378), and Adv. Pro. 21-3007 (Civ. Act. No. 3:21-cv-

costs that the bankruptcy court determined were appropriate to award Plaintiff/Highland as part of its proposed Judgments. The recommended award included attorneys' fees and costs set forth in the *January/February Invoices*.

On November 17, 2022, Highland filed its *Objection to Defendants' Motion for Leave to Supplement Their Argument Against Plaintiff's Supplemented Notice of Attorneys' Fees* ("*Objection*").[6] It was at that point that the bankruptcy court realized its oversight in having missed on the docket the *Defendants' Motion for Leave*. The bankruptcy court then reviewed both *Defendants' Motion for Leave* and Highland's Objection thereto.

In *Defendants' Motion for Leave*, Defendants objected to the reasonableness of attorneys' fees set forth in the Plaintiff's/Highland's *January/February Invoices* on the bases that (a) the rates charged by Plaintiff's counsel, Pachulski Stang Ziehl & Jones, LLP ("PSZJ"), are too high, and (b) a PSZJ associate and legal assistant spent an unreasonable amount of time analyzing two motions and drafting Highland's responses thereto.

As to the billing rates, as previously noted in this court's *November 10, 2022 Supplement to R&R* recommending that the District Court overrule Defendants' objection to PSZJ's rates in the Backup Documentation as being too high to be reasonable, "This court has already approved PSZJ's rates as reasonable under § 330 and under the applicable standard originally announced by the Fifth Circuit in *Johnson*."[7] Moreover, Mr. Dondero (who controls the Defendants) personally hired PSZJ to be bankruptcy counsel for Highland when he controlled Highland, and agreed, in writing, to PSZJ's fee structure and rates. *November 10, 2022*

---

1379). The Supplement to R&R with respect to Adv. Pro. 21-3004 (Civ. Act. No. 3:21-cv-881) was transmitted on December 5, 2022, at DCT DE #89.

[6] Adv. Pro. 21-3003 [DE #221], Adv. Pro. 21-3004 [DE #188], Adv. Pro. 21-3005 [DE #237], Adv. Pro. 21-3006 [DE #244], and Adv. Pro. 21-3007 [DE #238].

[7] *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

*Supplement to R&R,* p. 16. The rates charged by PSZJ are reasonable when evaluated under the applicable lodestar factors and other appropriate legal standards. Among other things, the billing rates are reasonable when evaluated in the relevant market of firms that provide legal services in complex chapter 11 cases (both in Texas and other major markets). Notably, this has been a bankruptcy case of a multibillion-dollar enterprise with well over a billion dollars of claims asserted. The above-referenced actions involve tens of millions of dollars.

As to the time spent by PSZJ's associate and legal assistant on two specific motions and Plaintiff's/Highland's responses thereto, the bankruptcy court has reviewed once again these time entries and does not consider the time spent on these tasks to have been excessive. Most of the pleadings filed in the above-referenced actions have been lengthy and dense with footnotes, legal authority, and record references, and often have attached appendices of hundreds or thousands of pages. The bankruptcy court itself has spent hundreds of hours on these matters, so the bankruptcy court does not view the time spent by PSZJ's associate and legal assistant on the two matters in the *January/February Invoices* identified by Defendants as excessive – by comparison. Accordingly,

**IT IS ORDERED** that the *Defendants' Motion for Leave* **be, and hereby is, granted**.

**IT IS FURTHER ORDERED** that the bankruptcy court has determined that there is no need to amend its recommendations to the District Court in the *November 10, 2022 Supplement to R&R*. To be clear, the bankruptcy court has considered the merits of Defendants' specific objections raised in the *Defendants' Motion for Leave* filed November 2, 2022 to the *January/February Invoices* and has decided that those objections should be overruled.

### *### End of Order ###*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| *Plaintiff,* | § § | Civil Action No. 3:21-CV-0881-X |
| v. | § § | Consolidated with: |
| | § | 3:21-CV-0880-X |
| NEXPOINT ASSET MANAGEMENT, | § | 3:21-CV-1010-X |
| L.P., (F/K/A HIGHLAND CAPITAL | § | 3:21-CV-1378-X |
| MANAGEMENT FUND ADVISORS, | § | 3:21-CV-1379-X |
| L.P.), et al., | § | 3:21-CV-3160-X |
| | § | 3:21-CV-3162-X |
| *Defendants.* | § | 3:21-CV-3179-X |
| | § | 3:21-CV-3207-X |
| | § | 3:22-CV-0789-X |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND FINAL JUDGMENT

Before the Court is the Bankruptcy Court's Report and Recommendation on Plaintiff Highland Capital Management, L.P.'s ("Highland") motion for partial summary judgment. [Doc. 50]. Having carefully considered (1) Highland's motion and all arguments and evidence admitted into the record in support of the motion, (2) all responses and objections to the motion and all arguments and evidence admitted into the record in support of such responses and objections, and the arguments presented by counsel during the hearing held on April 20, 2022, on the motion, and for the reasons set forth in the Report and Recommendation (the "R&R") filed by the Bankruptcy Court on July 19, 2022, and the Supplement to the R&R filed December 5, 2022, the Court **ACCEPTS** the report and recommendation. The Court

**OVERRULES** the objections to the report and recommendation and **OVERRULES**
the objection to the supplement to the report and recommendation.  [Docs. 63, 87].

In accordance with the report and recommendation, the Court **GRANTS**
partial summary judgment for Highland and **ENTERS FINAL JUDGMENT** as
follows.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Highland recover the
following from James Dondero:

1. Dondero will owe Highland $3,873,613.93 in accrued but unpaid principal
and interest due under Dondero's First Note[1] (issued on February 2, 2018) as of
August 8, 2022, after application of all payments to outstanding principal and
interest.  As of August 9, 2022, interest will continue to accrue on the First Dondero
Note at the rate of $278.50 per day and will increase to $285.91 per day on February
2, 2023.

2. Dondero will owe Highland $2,778,356.23 in accrued but unpaid principal
and interest due under Dondero's Second Note (issued on August 1, 2018) as of
August 8, 2022, after application of all payments to outstanding principal and
interest.  As of August 9, 2022, interest will continue to accrue on Dondero's Second
Note at the rate of $224.43 per day and will increase to $231.05 per day on August 1,
2023.

3. Dondero will owe Highland $2,778,339.88 in accrued but unpaid principal
and interest due under Dondero's Third Note (issued on August 13, 2018) as of August

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the R&R.

8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on Dondero's Third Note at the rate of $218.20 per day and will increase to $224.64 per day on August 13, 2022.

4. In addition to the forgoing, and pursuant to the terms of each applicable Note, Dondero shall pay to Highland the amount of $443,074.35, which is his pro rata allocation (based on the ratio of the outstanding principal and interest owed by Dondero to Highland as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Highland as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Highland recover the following from NexPoint Asset Management, L.P. (f/k/a Highland Capital Management Fund Advisors, L.P.) ("NexPoint Asset Management"):

1. NexPoint Asset Management will owe Highland $2,552,628.61 in accrued but unpaid principal and interest due under NexPoint's First Note (issued on May 2, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on NexPoint's First Note at the rate of $166.08 per day and will increase to $170.05 per day on May 2, 2023.

2. NexPoint Asset Management will owe Highland $5,317,989.86 in accrued but unpaid principal and interest due under NexPoint's Second Note (issued on May 3, 2019), as of August 8, 2022, after application of all payments to outstanding

principal and interest.  As of August 9, 2022, interest will continue to accrue on NexPoint's Second Note at the rate of $346.02 per day and will increase to $354.29 per day on May 3, 2023.

3. In addition to the forgoing, and pursuant to the terms of each applicable Note, NexPoint Asset Management shall pay to Highland the amount of $369,793.69, which is its pro rata allocation (based on the ratio of the outstanding principal and interest owed by NexPoint Asset Management to Highland as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Highland as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Highland recover the following from NexPoint Advisors, L.P. ("NexPoint Advisors"):

1. NexPoint Advisors will owe Highland $23,389,882.79 in accrued but unpaid principal and interest due under the NexPoint Term Note (issued on May 31, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on the NexPoint Term Note at the rate of $3,801.79 per day and will increase to $4,029.90 per day on May 31, 2023.

2. In addition to the forgoing, and pursuant to the terms of each the Note, NexPoint Advisors shall pay to Highland the amount of $1,098,951.89, which is its pro rata allocation (based on the ratio of the outstanding principal and interest owed by NexPoint Advisors to Highland as of August 8, 2022, to the total principal and

interest owed by all Note Maker Defendants to Highland as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Highland recover the following from Highland Capital Management Services, Inc. ("HCMS"):

1. HCMS will owe Highland $166,196.60 in accrued but unpaid principal and interest due under HCMS's First Demand Note1 (issued on March 28, 2018), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on HCMS's First Demand Note at the rate of $12.98 per day and will increase to $13.35 per day on March 26, 2023.

2. HCMS will owe Highland $222,917.23 in accrued but unpaid principal and interest due under HCMS's Second Demand Note (issued on June 25, 2018), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on HCMS's Second Demand Note at the rate of $18.56 per day and will increase to $19.13 per day on June 25, 2023.

3. HCMS will owe Highland $425,435.63 in accrued but unpaid principal and interest due under HCMS's Third Demand Note (issued on May 29, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue under HCMS's Third

Demand Note at the rate of $27.73 per day and will increase to $28.39 per day on May 29, 2023.

4. HCMS will owe Highland $159,454.92 in accrued but unpaid principal and interest due under HCMS's Fourth Demand Note (issued on June 26, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on HCMS's Fourth Demand Note at the rate of $10.32 per day and will increase to $10.57 per day on June 26, 2023.

5. HCMS will owe Highland $6,071,718.32 in accrued but unpaid principal and interest due under the HCMS Term Note (issued on May 31, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on the HCMS Term Note at the rate of $455.09 per day and will increase to $467.61 per day on May 31, 2023.

6. In addition to the forgoing, and pursuant to the terms of each applicable Note, HCMS shall pay to Highland the amount of $331,036.73, which is its pro rata allocation (based on the ratio of the outstanding principal and interest owed by HCMS to Highland as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Highland as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Highland recover the following from NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC) ("NexPoint Real Estate"):

1. NexPoint Real Estate will owe Highland $195,476.70 in accrued but unpaid principal and interest due under HCRE's First Demand Note (issued on November 27, 2013), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on HCRE's First Demand Note at the rate of $40.58 per day and will increase to $43.83 per day on November 27, 2022.

2. NexPoint Real Estate will owe Highland $3,551,285.37 in accrued but unpaid principal and interest due under HCRE's Second Demand Note (issued on October 12, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on HCRE's Second Demand Note at the rate of $730.34 per day and will increase to $788.77 per day on October 12, 2022.

3. NexPoint Real Estate will owe Highland $986,472.32 in accrued but unpaid principal and interest due under HCRE's Third Demand Note (issued on October 15, 2018), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on HCRE's Third Demand Note at the rate of $203.00 per day and will increase to $219.24 per day on October 15, 2022.

4. NexPoint Real Estate will owe Highland $866,600.77 in accrued but unpaid principal and interest due under HCRE's Fourth Demand Note (issued on September 25, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue under

HCRE's Fourth Demand Note at the rate of $177.60 per day and will increase to $191.81 per day on September 25, 2022.

5. NexPoint Real Estate will owe Highland $6,196,688.51 in accrued but unpaid principal and interest due under the HCRE Term Note (issued on May 31, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on the HCRE Term Note at the rate of $1,337.94 per day and will increase to $1,444.98 per day on May 31, 2023.

6. In addition to the forgoing, and pursuant to the terms of each applicable Note, NexPoint Real Estate shall pay to Highland the amount of $554,248.69, which is its pro rata allocation (based on the ratio of the outstanding principal and interest owed by NexPoint Real Estate to Highland as of August 8, 2022, to the total principal and interest owed by all Note Maker Defendants to Highland as of August 8, 2022) of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by Highland.

* * * * *

The amounts set forth to be paid in this Final Judgment shall bear interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of this Final Judgment, at a rate of 5.35%. Interest shall be computed daily to the date of payment, except as provided in 28 U.S.C. § 2516(b) and 31 U.S.C. § 1304(b), and shall be compounded annually.

**IT IS SO ORDERED,** this 6th day of July, 2023.

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE