Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas  75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375
drukavina@munsch.com
jvasek@munsch.com

COUNSEL FOR NEXPOINT ADVISORS, L.P.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | Case No. 19-34054-sgj11 |
| Debtor. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Adv. No. 21-03005 |
| v. | § | |
| | § | |
| NEXPOINT ADVISORS, L.P. | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER

TO THE HONORABLE COURT:

COMES NOW NexPoint Advisors, L.P., the defendant (the "Defendant") in the above styled and numbered adversary proceeding (the "Adversary Proceeding"), and files this its *Defendant's Motion for Leave to Amend Answer* (the "Motion"), respectfully stating as follows:

### I.    SUMMARY

1.    This Adversary Proceeding concerns one promissory note allegedly payable by the Defendant to Highland Capital Management, L.P. (the "Plaintiff") in the amount of

**Appx. 00385**

$23,071,195.03 (the "<u>Note</u>").  While the Defendant was able to assert certain affirmative defenses to the Note in its original answer, now that the Defendant has access to former employees of the Plaintiff and to various books and records, and has had the time and ability to investigate potential additional affirmative defenses to the Note, the Defendant has learned that the Note is subject to a condition subsequent that discharged the Note.  Accordingly, and not having learned of these facts until recently, the Defendant respectfully seeks leave to assert resulting affirmative defenses.

## II.    <u>PROCEDRUAL BACKGROUND</u>

2.    On January 22, 2021, the Plaintiff filed its *Complaint for (i) Breach of Contract and (ii) Turnover of Property of the Debtor's Estate* (the "<u>Complaint</u>"), thereby initiating this Adversary Proceeding.

3.    On March 1, 2021, the Defendant filed its *Defendant's Original Answer* (the "<u>Answer</u>").

4.    The agreed scheduling order entered in this Adversary Proceeding does not contain a deadline to amend operative pleadings.  *See* Docket No. 13.

5.    This Adversary Proceeding is non-core and the Defendant has not consented to the Bankruptcy Court's entry of final orders or judgment.  The Defendant has asserted a right to trial by jury.  The Court has orally agreed that the Defendant has a right to a jury trial, and the Court has stated that it will recommend to the District Court that the reference of this Adversary Proceeding be withdrawn once the case is certified ready for trial.

## III.    <u>FACTUAL BACKGROUND</u>

6.    This Motion is supported by: (i) the Declaration of Dennis C. Sauter (the "<u>Sauter Declaration</u>"), attached hereto as Exhibit "A" and incorporated herein; and (ii) the Declaration of James Dondero (the "<u>Dondero Declaration</u>"), attached hereto as Exhibit "B" and incorporated herein.

7.      The Note is a term note, payable in annual installments of principal and interest. The Plaintiff alleges that the Defendant failed to make the annual payment due December 31, 2020, and that, accordingly, the Defendant breached the Note, the Plaintiff accelerated the Note, and the full unpaid amount of the Note remains outstanding.   On January 14, 2021, however, and as admitted by the Plaintiff, the Defendant made the full December 31 payment, which payment was not rejected by the Plaintiff.

8.      The Answer contains three affirmative defenses: two related to the Plaintiff having caused the alleged default in payment on the Note, as it was the Plaintiff, pursuant to the parties' then-existing shared services agreement, that was responsible for ensuring that the Defendant made the December 31 payment (as the Plaintiff had done in each prior year); and an affirmative defense of waiver, in that the Plaintiff accepted the Defendant's January 14 payment.

9.      The Defendant had all the information it needed at that time to assert these affirmative defenses, as the Defendant knew of the shared services agreement, expected the Plaintiff to ensure the Defendant timely made all payments, and obviously knew that it had made the January 14 payment.  However, at that time, and until recently, the Defendant was not able to investigate other potential affirmative defenses that it may have had.

10.      Prior to the end of February, 2021, and during all times relevant to the Notes, the Plaintiff and the Defendant were parties to that certain *Amended and Restated Shared Services Agreement* dated January 1, 2018 (the "Shared Services Agreement").  Exhibit A at ¶ 6.  This was standard business practices for the Plaintiff and various other affiliated companies, including other advisers, within the Plaintiff's "complex" of business: the Plaintiff would employ most of the employees and then share those employees with the Defendant and other "complex" entities, in exchange for payments by the Defendant and such other entities.  *Id.* at ¶¶ 6-7.  The Defendant otherwise had very few direct employees.  *Id.* at ¶ 6.  Thus, under the Shared Services Agreement, employees of the Plaintiff (many of whom were highly trained and specialized) provided many of

DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER—Page 3

the key services to the Defendant on an as-needed basis.  *Id.* at ¶¶ 7-8.  These services included legal, accounting, regulatory, compliance, IT, valuation, and tax services, among others.  *Id.* Additionally, under the Shared Services Agreement the Debtor provided critical electronic infrastructure to HCMFA and other "complex" entities, such that the books and records, and e-mail communications, of HCMFA were actually stored.  *Id.* at ¶ 8.

11.     The Defendants' own employees had very limited knowledge regarding the Note, although they knew about the circumstances of the alleged default, as noted above.  *Id.* at ¶ 13. They did not otherwise know, however, of the facts and circumstances surrounding the execution of the Note, or any conditions subsequent or other agreements that may affect the Note, thereby providing additional affirmative defenses.  *Id.* at ¶¶13-14.  At the time that the Defendant filed its Answer, the Defendant was precluded from discussing the Note with those employees of the Plaintiff that may have had relevant knowledge, and of reviewing books and records regarding the Note.  *Id.* at ¶¶ 14-16.  Specifically, the Plaintiff, through its CEO Mr. Seery, had prohibited employees of the Plaintiff from discussing matters with the Defendant that may relate to controversies or litigation under penalty of termination; the Defendant did not have access to all of its books and records, as they were in the possession of the Plaintiff pursuant to the Shared Services Agreement; and an injunction from the Bankruptcy Court prohibited Mr. Dondero from "indirectly" communicating with the Plaintiff's employees (Mr. Dondero controls the Defendant). *Id.* at ¶¶ 14-17.

12.     Around the time of the Answer, whether shortly before or after, Mr. James Dondero ("Dondero"), who is the president of the Defendant's general partner and the former Chief Executive of the Plaintiff, indicated that the Plaintiff frequently lent funds to Dondero or other entities affiliated with Dondero, which loans would be subject to promissory notes modified by conditions subsequent that may lead the notes to be discharged.  *Id.* at ¶ 14.  However, Dondero did not recall all details concerning the Note and whether this specific Note fell into the category

of dischargeable promissory notes. *Id.* The Defendant was not able to, at that time, undertake an investigation to determine whether this Note was in fact one of such dischargeable notes (for the reasons stated above), and the Defendant did not believe that it could assert an affirmative defense based on such discharge without undertaking such an investigation. *Id.* at ¶¶ 13-18.

13.     This situation changed in mid-May, 2021. *Id.* at ¶¶ 21-23. By April, 2021, the Plaintiff had terminated the Shared Services Agreement (as of late February, 2021) and the Plaintiff's former employees formed a new company, Skyview Group, which then contracted with the Defendant and others to continue providing essentially the same services they had previously provided through the Plaintiff. *Id.* March and April, 2021, were exceedingly busy for the Defendant, having to convert the Plaintiff's former employees and infrastructure to the new ones, and engaging in various other adversary proceedings and hearings against the Plaintiff. *Id.*

14.     By mid-May, 2021, however, the situation had calmed down enough, and the Defendant had access to the Plaintiff's former employees, including Frank Waterhouse, its former Chief Financial Officer, to mount a more thorough investigation of the Note. *Id.* at 23. Exhibit "B" at ¶ 10-12. Additionally, as additional lawyers began to work through the disclosures and issues in the cases, the Defendant learned of additional facts, including a February 2021 letter sent from D. Michael Lynn to the Plaintiff informing the Plaintiff of the dischargeable notes. *Id.* All of this triggered additional communications with Mr. Dondero and Mr. Waterhouse such that, by the end of May, 2021, the Defendant was able to confirm that the Note was subject to a condition subsequent of discharge. Exhibit "A" at ¶¶ 23-25; Exhibit "B" at ¶¶ 10-13.

15.     That condition subsequent is essentially the same as has been raised by Mr. Dondero and other defendants to promissory note claims brought by the Plaintiff. Essentially, instead of taking a large salary or profits from the Plaintiff, Mr. Dondero would, on an as needed basis, ask the Plaintiff to lend funds to himself or to other entities affiliated with him, such as the Defendant. Those notes were legitimate notes. However, as had been the practice at the Plaintiff

and as is not unusual in the industry, the notes could be, and in this instance were, subject to a condition subsequent that might lead to the forgiveness and discharge of the notes, and therefore to potential income to Mr. Dondero or other payors.  Exhibit "B" at ¶ 9.  That would occur when when an appreciated asset was sold.  *Id.*

16.     Thus, here, Mr. Dondero, for the Plaintiff, entered into an agreement with Nancy Dondero, as the representative of a majority of the Class A holders of the Plaintiff, that the Note would be discharged upon the disposition at above cost of any of the portfolio company interests managed and/or owned, directly or indirectly, by the Plaintiff and/or its affiliates or managed funds.  *Id.*  Hence the affirmative defense the Defendant seeks to assert by this Motion.

## IV.     DISCUSSION

17.     Attached hereto as Exhibit "C" is the Defendant's proposed Amended Answer, incorporating new defenses or affirmative defenses resulting from the knowledge of the facts above.

18.     Federal Rule of Civil Procedure 15, as made applicable to this Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7015, provides for leave to amend a pleading, which leave "[t]he court should freely give [] when justice so requires."  FED. R. CIV. P. 15(a)(2).

19.     The Court must "possess a 'substantial reason' to deny a request for leave to amend."  *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).  The Fifth Circuit has outlined five "consideration" guiding the Rule 15 inquiry: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment."  *Id.*

20.     <u>No Undue Delay</u>.  There has been no undue delay.  The Defendant filed its Answer only some one hundred (100) days ago.  This Adversary Proceeding has been pending for six (6) months.  The Defendant has not filed a prior motion for leave to amend.  And, most importantly,

as evidenced by the Sauter Declaration, the Defendant could not reasonably confirm the validity of the affirmative defense until recently, whereafter the Defendant acted promptly to file this Motion. Only as of mid-May was the Defendant able to satisfy itself, including through communications with former employees and others, that what Dondero remembered was accurate and that it applied to this Note specifically. The Defendant should not be penalized for having waited to confirm the validity of this defense, as opposed to rushing to assert it under Rule 11 before it could assure itself, and the Court, that the defense was valid.

21.   The Defendant will add the following. On March 16, 2021, Dondero filed an answer to a separate promissory note suit commenced against him by the Plaintiff, Adversary Proceeding No. 21-03003, at docket no. 6. In his answer, Dondero asserted an affirmative defense of: "Defendant asserts that Plaintiff's claims should be barred because it was previously agreed by Plaintiff that Plaintiff would not collect on the Notes." On April 6, 2021, Dondero amended his answer to assert an affirmative defense of: "Defendant asserts that Plaintiff's claims should be barred because prior to the demands for payment Plaintiff agreed that it would not collect on the Notes upon fulfillment of conditions subsequent." In other words, since, as of March and April, 2021, it was generally known that there were dischargeable promissory notes out there, the Defendant had no reason to wait to assert the same defenses except because it honestly waited until it could complete its own independent investigation.

22.   <u>No Bad Faith or Dilatory Motive</u>. There is no bad faith or dilatory motive for the same reasons as above; the Defendant only recently confirmed its defense, the Defendant moved for leave promptly after confirming the same; and leave to amend is not sought to avoid summary judgment or continue trial. Again, the reason for any delay is precisely to avoid a potential Rule 11 argument or issue in asserting an affirmative defense without a sufficient investigation having been mounted.

23.    <u>No Repeated Failures to Cure By Prior Amendments</u>.  This is the Defendant's first motion to amend.

24.    <u>No Undue Prejudice</u>.  There is no undue prejudice to the Plaintiff.  Discovery is ongoing and depositions have not been scheduled.  The Defendant is agreeable to further extending discovery.  The Plaintiff will have every reasonable opportunity to test the new defenses, and all underlying witness and documents related to the same are available.  Moreover, both from Mr. Lynn's February letter and from Dondero's prior answers, and other adversary proceedings pending, the Plaintiff is already facing this same affirmative defense, it does not come as a surprise to the Plaintiff, and the Plaintiff will have to take discovery, prepare briefing, and try the same issues anyway.  Finally, given that the Court agrees that the reference will have to be withdrawn, it is highly unlikely that the District Court will be able to convene a jury trial any time soon, meaning that there is no true trial date that will be prejudiced by the amendment.

25.    <u>No Futility of the Amendment</u>.  The Defendant's defense is not futile.  It is supported by *prima facie* evidence by the Dondero Declaration.  Whether the trier of fact agrees or disagrees with the defense is for the trier of fact, but the defense itself is not futile on its face.

26.    Accordingly, as no substantial reason exists to deny the amendment, the Court should "freely" grant leave to the Defendant to amend its Answer.

## V.    <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests that the Court enter an order: (i) granting this Motion; (ii) granting the Defendant leave to file the Amended Answer attached hereto as Exhibit "C"; and (iii) granting the Defendant such other and further relief to which it may be justly entitled.

RESPECTFULLY SUBMITTED this 9th day of June, 2021.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/  Davor Rukavina
      Davor Rukavina, Esq.
      Texas Bar No. 24030781
      Julian P. Vasek, Esq.
      Texas Bar No. 24070790
      3800 Ross Tower
      500 N. Akard Street
      Dallas, Texas  75201-6659
      Telephone: (214) 855-7500
      Facsimile: (214) 855-7584
      Email: drukavina@munsch.com

**COUNSEL FOR HIGHLAND CAPITAL
MANAGEMENT FUND ADVISORS, L.P.**

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that he discussed the relief requested herein with Jeff Pomerantz, Esq. and John Morris, Esq., on June 8, 2021, but that, as of the filing hereof, the Plaintiff has not consented to such relief and this Motion is therefore presented as opposed.

/s/  Davor Rukavina
Davor Rukavina

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this the 9th day of June, 2021, true and correct copies of this document and the exhibits hereto were electronically served by the Court's ECF system on parties entitled to notice thereof, including on the Plaintiff through its counsel of record.

/s/  Davor Rukavina
Davor Rukavina

# EXHIBIT 12

Jason M. Rudd
Texas State Bar No. 24028786
jason.rudd@wickphillips.com
Lauren K. Drawhorn
Texas State Bar No. 24074528
lauren.drawhorn@wickphillips.com
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Fax: (214) 692-6255

**COUNSEL FOR HIGHLAND CAPITAL
MANAGEMENT SERVICES, INC.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | **Chapter 11** |
| | § | |
| | § | **Case No.: 19-34054-sgj11** |
| Debtor. | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | **Adv. Pro. No. 21-03006-sgj** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT SERVICES, INC.,** | § | |
| | § | |
| | § | |
| Defendant. | § | |

## HIGHLAND CAPITAL MANAGEMENT SERVICES, INC.'S
## FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Highland Capital Management Services, Inc. ("HCMS" or "Defendant") files this First Amended Answer in response to Highland Capital Management L.P.'s ("Plaintiff" or "Debtor") Complaint for (I) Breach of Contract and (II) Turnover of Property of the Debtor's Estate (the "Complaint") and respectfully states as follows:

## PRELIMINARY STATEMENT[1]

1.     The first sentence of Paragraph 1 sets forth Plaintiff's objective in bringing the Complaint and does not require a response. To the extent a response is required, Defendant denies the allegations in the first sentence of Paragraph 1. The second sentence contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations in the second sentence of Paragraph 1.

2.     Paragraph 2 contains a summary of the relief Plaintiff seeks and does not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 2.

## JURISDICTION AND VENUE

3.     Defendant admits that this Adversary Proceeding relates to the Plaintiff's bankruptcy case but denies any implication that this fact confers constitutional authority on the Bankruptcy Court to adjudicate this dispute. Defendant denies any allegations in Paragraph 3 that are not expressly admitted.

4.     Paragraph 4 states a legal conclusion that does not require a response. To the extent a response is required, Defendant admits the Bankruptcy Court has statutory jurisdiction over this Adversary Proceeding but denies that the Court has constitutional authority over this Adversary Proceeding. Defendant denies any allegations in Paragraph 4 that are not expressly admitted.

5.     Defendant denies that Plaintiff's breach of contract claim is a core proceeding. Defendant further denies that a turnover proceeding under 11 U.S.C. § 542(b) is the appropriate mechanism to collect a contested debt. Defendant admits that a turnover proceeding under 11 U.S.C. § 542(b) is a statutorily core proceeding but denies that it is constitutionally core under *Stern v. Marshall*. Defendant does not consent to the Bankruptcy Court entering final orders or

---

[1]   The headings herein are from Plaintiff's Complaint and are solely included for the Court's convenience.

judgment in this Adversary Proceeding. Defendant denies any allegations in Paragraph 5 that are not expressly admitted.

6.     Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this District.

## THE PARTIES

7.     Defendant admits the allegations in Paragraph 7 of the Complaint.

8.     Defendant admits the allegations in Paragraph 8 of the Complaint.

## CASE BACKGROUND

9.     Defendant admits the allegations in Paragraph 9 of the Complaint.

10.     Defendant admits the allegations in Paragraph 10 of the Complaint.

11.     Defendant admits the allegations in Paragraph 11 of the Complaint.

12.     Defendant admits the allegations in Paragraph 12 of the Complaint.

## STATEMENT OF FACTS

**A.     The HCMS Demand Notes**

13.     Defendant admits it has executed at least one promissory note under which the Debtor is the payee. Defendant denies any allegations in Paragraph 13 that are not expressly admitted.

14.     Defendant admits that it signed the document attached to the Complaint as Exhibit 1. Defendant denies any allegations in Paragraph 14 that are not expressly admitted.

15.     Defendant admits that it signed the document attached to the Complaint as Exhibit 2. Defendant denies any allegations in Paragraph 15 that are not expressly admitted.

16.     Defendant denies that it signed the document attached to the Complaint as Exhibit 3. Defendant denies any allegations in Paragraph 16 that are not expressly admitted.

17.    Defendant denies that it signed the document attached to the Complaint as Exhibit 4. Defendant denies any allegations in Paragraph 17 that are not expressly admitted.

18.    Defendant admits that Plaintiff correctly transcribed Section 2 of Exhibits 1-4 to the Complaint in Paragraph 18.

19.    Defendant admits that Plaintiff correctly transcribed Section 4 of Exhibits 1-4 to the Complaint in Paragraph 19.

20.    Defendant admits that Plaintiff correctly transcribed Section 6 of Exhibits 1-4 of the Complaint in Paragraph 20.

**B.    Allegations regarding the Demand Notes**

21.    Defendant admits that Plaintiff sent it a copy of Exhibit 5. Defendant admits that Plaintiff correctly transcribed an excerpt of Exhibit 5 in the third sentence of Paragraph 21. Defendant denies any allegations in Paragraph 21 that are not expressly admitted.

22.    To the extent Paragraph 22 asserts a legal conclusion, no response is required, and it is denied. Defendant otherwise admits the allegations in Paragraph 22.

23.    Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 23 and, therefore, denies them.

24.    Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 24 and, therefore, denies them.

25.    Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 25 and, therefore, denies them.

26.    Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 26 and, therefore, denies them.

27.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in the first sentence of Paragraph 27 and, therefore, denies them. Defendant denies the allegations in the second sentence of Paragraph 27 of the Complaint.

**C.     The HCMS Term Note**

28.     Defendant admits that it has executed at least one promissory note under which Debtor is the payee. Defendant denies any allegations in Paragraph 28 that are not expressly admitted.

29.     Defendant admits it signed the document attached to the Complaint as Exhibit 6. Defendant denies any allegations in Paragraph 29 that are not expressly admitted.

30.     Defendant admits that Plaintiff correctly transcribed Section 2 of Exhibit 6 to the Complaint in Paragraph 30. Defendant denies any allegations in Paragraph 30 that are not expressly admitted.

31.     Defendant admits that Plaintiff correctly transcribed Section 3 of Exhibit 6 to the Complaint in Paragraph 31. Defendant denies any allegations in Paragraph 31 that are not expressly admitted.

32.     Defendant admits that Plaintiff correctly transcribed Section 4 of Exhibit 6 to the Complaint in Paragraph 32. Defendant denies any allegations in Paragraph 32 that are not expressly admitted.

33.     Defendant admits that Plaintiff correctly transcribed Section 6 of Exhibit 6 to the Complaint in Paragraph 33. Defendant denies any allegations in Paragraph 33 that are not expressly admitted.

**D.     Allegations regarding the Term Note.**

34.     To the extent Paragraph 34 of the Complaint asserts a legal conclusion, no response is required, and it is denied. Defendant otherwise denies Paragraph 34 of the Complaint.

35.     Defendant admits that Plaintiff sent it a copy of Exhibit 7. Defendant admits that

Plaintiff correctly transcribed an excerpt of Exhibit 7 in the third sentence of Paragraph 35 of the

Complaint. Defendant denies any allegations in Paragraph 35 that are not expressly admitted.

36.     Defendant is without sufficient information or knowledge to admit or deny the

allegations in Paragraph 36 of the Complaint and, therefore, denies them.

37.     Defendant denies Paragraph 37 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(For Breach of Contract)**

38.     Paragraph 38 of the Complaint seeks to incorporate the allegations in the preceding

paragraphs and does not require a response. Defendant incorporates all prior denials herein by

reference.

39.     Paragraph 39 of the Complaint states a legal conclusion that does not require a

response. To the extent it alleges facts, Defendant lacks sufficient information or knowledge to

admit or deny the allegations and, therefore, denies them.

40.     Paragraph 40 of the Complaint states a legal conclusion that does not require a

response. To the extent it alleges facts, Defendant lacks sufficient information or knowledge to

admit or deny the allegations and, therefore, denies them.

41.     Paragraph 41 of the Complaint states a legal conclusion that does not require a

response. To the extent it alleges facts, Defendant lacks sufficient information or knowledge to

admit or deny the allegations and, therefore, denies them.

42.     Paragraph 42 of the Complaint states a legal conclusion that does not require a

response. To the extent it alleges facts, Defendant lacks sufficient information or knowledge to

admit or deny the allegations and, therefore, denies them.

43.     Defendant denies Paragraph 43 of the Complaint.

44.      Defendant denies Paragraph 44 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Turnover by HCMS Pursuant to 11 U.S.C. § 549(b))

45.      Paragraph 45 seeks to incorporate the allegations in the preceding paragraphs and does not require a response. Defendant incorporates all prior denials herein by reference.

46.      Paragraph 46 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, Defendant lacks sufficient information or knowledge to admit or deny the allegations and, therefore, denies them.

47.      Paragraph 47 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, Defendant lacks sufficient information or knowledge to admit or deny the allegations and, therefore, denies them.

48.      Paragraph 48 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, Defendant lacks sufficient information or knowledge to admit or deny the allegations and, therefore, denies them.

49.      Defendant admits that Plaintiff transmitted Exhibits 5 and 7 to the Complaint. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 49 of the Complaint and, therefore, denies them.

50.      Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 50 of the Complaint and, therefore, denies them.

51.      Defendant denies Paragraph 51 of the Complaint.

52.      Defendant denies that Plaintiff is entitled to the relief requested in the prayer of the Complaint, including parts (i), (ii), and (iii).

## AFFIRMATIVE DEFENSES

53.    Plaintiff's claims are barred in whole or in part by the doctrine of justification and/or repudiation.

54.    Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

55.    Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

56.    Plaintiff's claims are barred in whole or in part because prior to the demands for payment Plaintiff agreed that it would not collect the Notes upon fulfillment of conditions subsequent. Specifically, sometime between December of the year in which each note was made and February of the following year, Nancy Dondero, as representative for a majority of the Class A shareholders of Plaintiff agreed with Mr. James Dondero, acting for Defendant, that Plaintiff would forgive the Notes if certain portfolio companies were sold for greater than cost or on a basis outside of Mr. Dondero's control. This agreement setting forth the conditions subsequent to demands for payment on the Notes was an oral agreement; however, Defendant believes there may be testimony or email correspondence that discusses the existence of this agreement that may be uncovered through discovery in this Adversary Proceeding.

57.    HCMS further asserts that each Note is ambiguous as a whole based on the signatory and/or references to unspecified related agreements.

## JURY DEMAND

58.    HCMS demands a trial by jury of all issues so triable under Federal Rule of Civil Procedure 38 and Federal Rule of Bankruptcy Procedure 9015.

59.    HCMS does not consent to the Bankruptcy Court conducting a jury trial and therefore demands such jury trial in the District Court.

## PRAYER

For these reasons, HCMS respectfully requests that, following a trial on the merits, the Court deny the relief Plaintiffs seeks through its Complaint, enter a judgment that the Plaintiff take nothing on the Complaint, and grant HCMS such other relief at law or in equity to which it may be entitled.

Respectfully submitted,

*/s/ Lauren K. Drawhorn*
Jason M. Rudd
Texas Bar No. 24028786
Lauren K. Drawhorn
Texas Bar No. 24074528
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Fax: (214) 692-6255
Email:  jason.rudd@wickphillips.com
        lauren.drawhorn@wickphillips.com

**COUNSEL FOR HIGHLAND MANAGEMENT SERVICES, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2021, a true and correct copy of the foregoing pleading was served via the Court's CM/ECF system upon counsel for the Plaintiff and all other parties requesting or consenting to such service in this adversary case.

Jeffrey N. Pomerantz
jpomerantz@pszjlaw.com
John A. Morris
jmorris@pszjlaw.com
Gregory V. Demo
gdemo@pszjlaw.com
Hayley R. Winograd
hwinograd@pszjlaw.com
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Facsimile: (310) 201-0760
*Counsel for Highland Capital Management, L.P.*

Melissa S. Hayward
MHayward@HaywardFirm.com
Zachery Z. Annable
ZAnnable@HaywardFirm.com
HAYWARD PLLC
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Fax: (972) 755-7110

*/s/ Lauren K. Drawhorn*
Lauren K. Drawhorn

# EXHIBIT 13

Appx. 00405

Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas  75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375

COUNSEL FOR HIGHLAND CAPITAL
MANAGEMENT FUND ADVISORS, L.P.



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| In re | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Chapter 11 |
| | § | |
| | § | Case No. 19-34054-sgj11 |
| Debtor. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. No. 21-03004 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P. | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S AMENDED ANSWER

COMES NOW Highland Capital Management Fund Advisors, L.P. (the "Defendant"), the

defendant in the above-styled and numbered adversary proceeding (the "Adversary Proceeding")

filed by Highland Capital Management, L.P. (the "Plaintiff"), and files this its *Defendant's*

*Amended Answer* (the "Answer"), responding to the *Complaint for (I) Breach of Contract and (II)*

*Turnover of Property of the Debtor's Estate* (the "Complaint").   Where an allegation in the

Complaint is not expressly admitted in this Answer, it is denied.

DEFENDANT'S AMENDED ANSWER                                                          Page **1** of **9**

## PRELIMINARY STATEMENT

1.      The first sentence of ¶ 1 sets forth the Plaintiff's objective in bringing the Complaint and does not require a response.  To the extent it contains factual allegations, they are denied.  The second sentence contains a legal conclusion that does not require a response.  To the extent it contains factual allegations, they are denied.

2.      Paragraph 2 contains a summary of the relief the Plaintiff seeks and does not require a response.  To the extent it contains factual allegations, they are denied.

## JURISDICTION AND VENUE

3.      The Defendant admits that this Adversary Proceeding relates to the Plaintiff's bankruptcy case but denies any implication that this fact confers Constitutional authority on the Bankruptcy Case to adjudicate this dispute.  Any allegations in ¶ 3 not expressly admitted are denied.

4.      The Defendant admits that the Court has statutory (but not Constitutional) jurisdiction to hear this Adversary Proceeding.  Any allegations in ¶ 4 not expressly admitted are denied.

5.      The Defendant denies that a breach of contract claim is core.  The Defendant denies that a § 542(b) turnover proceeding is the appropriate mechanism to collect a contested debt.  The Defendant admits that a § 542(b) turnover proceeding is statutorily core but denies that it is Constitutionally core under *Stern v. Marshall*.  The Defendant does not consent to the Bankruptcy Court entering final orders or judgment in this Adversary Proceeding.  Any allegations in ¶ 5 not expressly admitted are denied.

6.      The Defendant admits ¶ 6 of the Complaint.

## THE PARTIES

7.      The Defendant admits ¶ 7 of the Complaint.

8.      The Defendant admits ¶ 8 of the Complaint.

## CASE BACKGROUND

9.      The Defendant admits ¶ 9 of the Complaint.

10.     The Defendant admits ¶ 10 of the Complaint.

11.     The Defendant admits ¶ 11 of the Complaint.

12.     The Defendant admits ¶ 12 of the Complaint.

## STATEMENT OF FACTS

**A.      The HCMFA Notes**

13.     The Defendant admits that it has executed at least one promissory note under which the Debtor is the payee.  Any allegations in ¶ 13 not expressly admitted are denied.

14.     The Defendant denies ¶ 14 of the Complaint.

15.     The Defendant denies ¶ 15 of the Complaint.

16.     The Defendant denies ¶ 16 of the Complaint.  The document speaks for itself and the quote set forth in ¶ 16 is not verbatim.

17.     The Defendant denies ¶ 17 of the Complaint.  The document speaks for itself and the quote set forth in ¶ 17 is not verbatim.

18.     The Defendant admits ¶ 18 of the Complaint.

**B.      HCMFA's Default under Each Note**

19.     The Defendant admits that Exhibit 3 to the Complaint (the "Demand Letter") is a true and correct copy of what it purports to be and that the document speaks for itself.  To the extent ¶ 19 of the Complaint asserts a legal conclusion, no response is required, and it is denied. To the extent not expressly admitted, ¶ 19 of the Complaint is denied.

20.     To the extent ¶ 20 of the Complaint asserts a legal conclusion, no response is necessary, and it is denied.  The Defendant otherwise admits ¶ 20 of the Complaint.

21.     The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 21 of the Complaint and therefore denies the same.

22.     The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 22 of the Complaint and therefore denies the same.

23.     The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 23 of the Complaint and therefore denies the same.

24.     The Defendant denies ¶ 24 of the Complaint.

### FIRST CLAIM FOR RELIEF
**(For Breach of Contract)**

25.     Paragraph 25 of the Complaint is a sentence of incorporation that does not require a response. All prior denials are incorporated herein by reference.

26.     Paragraph 26 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, the Defendant denies the allegations in ¶ 26 of the Complaint.

27.     Paragraph 27 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, the Defendant denies the allegations in ¶ 27 of the Complaint.

28.     Paragraph 28 of the Complaint states a legal conclusion that does not require a response. To the extent it alleges facts, the Defendant denies the allegations in ¶ 28 of the Complaint.

29.     The Defendant denies ¶ 29 of the Complaint.

### SECOND CLAIM FOR RELIEF
**(Turnover by HCMFA Pursuant to 11 U.S.C. § 542(b))**

30.     Paragraph 30 of the Complaint is a sentence of incorporation that does not require a response. All prior denials are incorporated herein by reference.

31.     Paragraph 31 of the Complaint states a legal conclusion that does not require a response.  To the extent it alleges facts, the Defendant denies the allegations in ¶ 31 of the Complaint.

32.     Paragraph 32 of the Complaint states a legal conclusion that does not require a response.  To the extent it alleges facts, the Defendant denies the allegations in ¶ 32 of the Complaint.

33.     The Defendant denies ¶ 33 of the Complaint.

34.     Paragraph 34 of the Complaint states a legal conclusion that does not require a response.  The Defendant admits that the Plaintiff transmitted the Demand Letter.  To the extent ¶ 34 alleges other facts, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 34 of the Complaint and therefore denies the same.

35.     The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 35 of the Complaint and therefore denies the same.

36.     Paragraph 36 of the Complaint states a legal conclusion that does not require a response.  To the extent it alleges facts, the Defendant denies the allegations in ¶ 36 of the Complaint.

37.     The Defendant denies that the Plaintiff is entitled to the relief requested in the prayer, including parts (i), (ii), and (iii).

## AFFIRMATIVE DEFENSES

38.     At all material times to the Complaint, the Defendant, a registered advisor, advised various third-party funds as to their investments.  One such fund was Highland Global Allocation Fund ("HGAF").

39.     At all material times to the Complaint, the Defendant contracted with the Plaintiff whereby the Plaintiff, through its employees, would provide certain services to the Defendant,

including with respect to the Defendant's advice to the third-party funds.  These services so provided included accounting, legal, regulatory, valuation, and compliance services.

40.     In March, 2018, HGAF sold equity interests it held in TerreStar.  As part of this, it was necessary to calculate the "net asset value" ("NAV") of these securities and of HGAF assets. The Defendant was responsible for advising on the NAV.  In turn, pursuant to the Shared Services Agreement in effect at that time between the Plaintiff and the Defendant, the Plaintiff was responsible to the Defendant to calculate the NAV, and the Plaintiff had several employees charged with these and similar calculations as part of the Plaintiff's routine business services and as part of what the Plaintiff regularly provided to the Defendant and affiliated companies.

41.     The Plaintff made a mistake in calculating the NAV (the "NAV Error").  The NAV Error was discovered in early 2019 as HGAF was being converted from an open-ended fund to a closed-ended fund.  The Securities and Exchange Commission opened an investigation, and various employees and representatives of the Plaintiff, the Defendant, and HGAF worked with the SEC to correct the error and to compensate HGAF and the various investors in HGAF harmed by the NAV Error.  Ultimately, and working with the SEC, the Plantiff determined that the losses from the NAV Error to HGAF and its shareholders amounted to $7.5 million: (i) $6.1 million for the NAV Error itself, as well as rebating related advisor fees and processing costs; and (ii) $1.4 million of losses to the shareholders of HGAF.

42.     The Defendant accepted responsibility for the NAV Error and paid out $5,186,496 on February 15, 2019 and $2,398,842 on May 21, 2019.  In turn, the Plaintiff accepted responsibility to the Defendant for having caused the NAV Error, and the Plaintiff ultimately, whether through insurance or its own funds, compensated the Defendant for the above payments by paying, or causing to be paid, approximately $7.5 million to the Defendant directly or indirectly to HGAF and its investors.

43.    At this time, Frank Waterhouse ("Waterhouse") was the Chief Financial Officer to both the Plaintiff and the Defendant.  Waterhouse signed the two promissory notes the subject of the Complaint (the "Notes").  He did not sign the Notes in any representative capacity for the Defendant.  The Defendant did not authorize Waterhouse to sign the Notes or to bind the Defendant in any way to the Note.

44.    Waterhouse made a mistake in preparing and signing the Notes for the Defendant. Upon information and belief, Waterhouse was not aware that payments from the Plaintiff to the Defendant were to compensate the Defendant for the NAV Error and resulting damages, instead assuming that the Notes were like prior notes between the Plaintiff and the Defendant.  Waterhouse failed to properly inquire into the underlying transaction and, either for unknown accounting or other purposes, Waterhouse prepared and signed the Notes on his own, without proper knowledge of the underlying facts and without actual authority from either the Plaintiff or the Defendant.

45.    In sum, neither the Plaintiff nor the Defendant intended that any funds paid by the Plaintiff to the Defendant be treated as debt but that they instead be treated as compensation by the Plaintiff to the Defendant for the NAV Error that the Plaintiff caused.  The Notes are an unauthorized mistake and a nullity, and are void for a lack of consideration.

46.    To the extent Waterhouse had apparent authority to bind the Defendant to the Notes, such apparently authority does not apply to the Notes because Waterhouse's lack of actual authority is imputed to the Plaintiff, as Waterhouse was the CFO for the Plaintiff.

47.    Accordingly, the Notes are void or unenforceable for lack of consideration, for mutual mistake, and for the lack of authority from the Defendant to Waterhouse to execute the same for the Defendant.

## JURY DEMAND

48.     The Defendant demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Rule 9015 of the Federal Rules of Bankruptcy Procedure.

49.     The Defendant does <u>not</u> consent to the Bankruptcy Court conducting a jury trial and therefore demands a jury trial in the District Court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully request that, following a trial on the merits, the Court enter a judgment that the Plaintiff take noting on the Complaint and provide the Defendant such other relief to which it is entitled.

RESPECTFULLY SUBMITTED this 6th day of July, 2021.

**MUNSCH HARDT KOPF & HARR, P.C.**

By:  /s/  Davor Rukavina
        Davor Rukavina, Esq.
        Texas Bar No. 24030781
        Julian P. Vasek, Esq.
        Texas Bar No. 24070790
        500 N. Akard Street, Suite 3800
        Dallas, Texas  75202-2790
        Telephone: (214) 855-7500
        Facsimile: (214) 978-4375
        drukavina@munsch.com
        jvasek@munsch.com

**COUNSEL FOR HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on this the 6th day of July, 2021, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof, including on counsel for the plaintiff.

By:  /s/  Davor Rukavina
       Davor Rukavina, Esq.

# EXHIBIT 14

Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas  75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375
drukavina@munsch.com
jvasek@munsch.com

COUNSEL FOR NEXPOINT ADVISORS, L.P.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | Case No. 19-34054-sgj11 |
| Debtor. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Adv. No. 21-03005 |
| v. | § | |
| | § | |
| NEXPOINT ADVISORS, L.P. | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S FIRST AMENDED ANSWER

COMES NOW NexPoint Advisors, L.P. (the "Defendant"), the defendant in the above-styled and numbered adversary proceeding (the "Adversary Proceeding") filed by Highland Capital Management, L.P. (the "Plaintiff"), and files this its *Defendant's First Amended Answer* (the "Answer"), responding to the *Complaint for (I) Breach of Contract and (II) Turnover of Property of the Debtor's Estate* (the "Complaint").  Where an allegation in the Complaint is not expressly admitted in this Answer, it is denied.

Appx. 00416

## PRELIMINARY STATEMENT

1.      The first sentence of ¶ 1 sets forth the Plaintiff's objective in bringing the Complaint and does not require a response.  To the extent it contains factual allegations, they are denied.  The second sentence contains a legal conclusion that does not require a response.  To the extent it contains factual allegations, they are denied.

2.      Paragraph 2 contains a summary of the relief the Plaintiff seeks and does not require a response.  To the extent it contains factual allegations, they are denied.

## JURISDICTION AND VENUE

3.      The Defendant admits that this Adversary Proceeding relates to the Plaintiff's bankruptcy case but denies any implication that this fact confers Constitutional authority on the Bankruptcy Case to adjudicate this dispute.  Any allegations in ¶ 3 not expressly admitted are denied.

4.      The Defendant admits that the Court has statutory (but not Constitutional) jurisdiction to hear this Adversary Proceeding.  Any allegations in ¶ 4 not expressly admitted are denied.

5.      The Defendant denies that a breach of contract claim is core.  The Defendant denies that a § 542(b) turnover proceeding is the appropriate mechanism to collect a contested debt.  The Defendant admits that a § 542(b) turnover proceeding is statutorily core but denies that it is Constitutionally core under *Stern v. Marshall*.  The Defendant does not consent to the Bankruptcy Court entering final orders or judgment in this Adversary Proceeding.  Any allegations in ¶ 5 not expressly admitted are denied.

6.      The Defendant admits ¶ 6 of the Complaint.

## THE PARTIES

7.      The Defendant admits ¶ 7 of the Complaint.

DEFENDANT'S FIRST AMENDED ANSWER—Page 2

8.      The Defendant admits ¶ 8 of the Complaint.

## CASE BACKGROUND

9.      The Defendant admits ¶ 9 of the Complaint.

10.     The Defendant admits ¶ 10 of the Complaint.

11.     The Defendant admits ¶ 11 of the Complaint.

12.     The Defendant admits ¶ 12 of the Complaint.

## STATEMENT OF FACTS

A.      **The NPA Notes**

13.     The Defendant admits that it has executed at least one promissory note under which the Debtor is the payee.  Any allegations in ¶ 13 not expressly admitted are denied.

14.     The Defendant admits ¶ 14 of the Complaint.

15.     The Defendant denies ¶ 15 of the Complaint.  The document speaks for itself and the quote set forth in ¶ 15 is not verbatim.

16.     The Defendant admits ¶ 16 of the Complaint.

17.     The Defendant denies ¶ 17 of the Complaint.  The document speaks for itself and the quote set forth in ¶ 17 is not verbatim.

18.     The Defendant admits ¶ 18 of the Complaint.

B.      **NPA's Default under the Note**

19.     The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 19 of the Complaint and therefore denies the same.

20.     The Defendant admits that Exhibit 2 to the Complaint (the "Demand Letter") is a true and correct copy of what it purports to be and that the document speaks for itself.  To the extent ¶ 20 of the Complaint asserts a legal conclusion, no response is required, and it is denied. To the extent not expressly admitted, ¶ 20 of the Complaint is denied.

DEFENDANT'S FIRST AMENDED ANSWER—Page 3

21.     The Defendant admits that it paid the Debtor $1,406,111.92 on January 14, 2021. To the extent not expressly admitted, paragraph 21 of the Complaint is denied.

22.     The Defendant admits that Exhibit 3 to the Complaint (the "Second Demand Letter") is a true and correct copy of what it purports to be and that the document speaks for itself. To the extent ¶ 22 of the Complaint asserts a legal conclusion, no response is required, and it is denied.  To the extent not expressly admitted, ¶ 22 of the Complaint is denied.

23.     To the extent ¶ 23 of the Complaint asserts a legal conclusion, no response is necessary, and it is denied.  The Defendant otherwise admits ¶ 23 of the Complaint.

24.     The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 24 of the Complaint and therefore denies the same.

25.     The Defendant denies ¶ 25 of the Complaint.

### FIRST CLAIM FOR RELIEF
**(For Breach of Contract)**

26.     Paragraph 26 of the Complaint is a sentence of incorporation that does not require a response.  All prior denials are incorporated herein by reference.

27.     Paragraph 27 of the Complaint states a legal conclusion that does not require a response.  To the extent it alleges facts, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 27 of the Complaint and therefore denies the same.

28.     Paragraph 28 of the Complaint states a legal conclusion that does not require a response.  To the extent it alleges facts, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 28 of the Complaint and therefore denies the same.

29.     Paragraph 29 of the Complaint states a legal conclusion that does not require a response.  To the extent it alleges facts, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 29 of the Complaint and therefore denies the same.

30.     The Defendant denies ¶ 30 of the Complaint.

<u>**SECOND CLAIM FOR RELIEF**</u>
**(Turnover by HCMFA Pursuant to <mark>11 U.S.C. § 542(b))</mark>**

31.     Paragraph 31 of the Complaint is a sentence of incorporation that does not require a response.  All prior denials are incorporated herein by reference.

32.     Paragraph 32 of the Complaint states a legal conclusion that does not require a response.  To the extent it alleges facts, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 32 of the Complaint and therefore denies the same.

33.     Paragraph 33 of the Complaint states a legal conclusion that does not require a response.  To the extent it alleges facts, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 33 of the Complaint and therefore denies the same.

34.     The Defendant denies ¶ 34 of the Complaint.

35.     Paragraph 35 of the Complaint states a legal conclusion that does not require a response.  The Defendant admits that the Plaintiff transmitted the Demand Letter and the Second Demand Letter, and those documents speak for themselves.  To the extent ¶ 35 alleges other facts, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 35 of the Complaint and therefore denies the same.

36.     The Defendant denies ¶ 36 of the Complaint.

DEFENDANT'S FIRST AMENDED ANSWER—Page 5

37.     Paragraph 37 of the Complaint states a legal conclusion that does not require a response.  To the extent it alleges facts, the Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 37 of the Complaint and therefore denies the same.

38.     The Defendant denies that the Plaintiff is entitled to the relief requested in the prayer, including parts (i), (ii), and (iii).

## AFFIRMATIVE DEFENSES

39.     Pursuant to that certain Shared Services Agreement, the Plaintiff was responsible for making payments on behalf of the Defendant under the note.  Any alleged default under the note was the result of the Plaintiff's own negligence, misconduct, breach of contract, etc.

40.     Delay in the performance of a contract is excused when the party who seeks to enforce the contract caused the delay.  It was therefore inappropriate for the Plaintiff to accelerate the note when the brief delay in payment was the Plaintiff's own fault.

41.     Furthermore, the Plaintiff was waived the right to accelerate the note and/or the Plaintiff is estopped to enforce the alleged acceleration by accepting payment after the same.

42.     Furthermore, the Plaintiff's claims are barred in whole or in part because, prior to any alleged breach or acceleration, the Plaintiff agreed that it would not collect on the note upon fulfilment of certain conditions subsequent.  Specifically, sometime between December of the year in which each Note was made and February of the following year, Nancy Dondero, as representative for a majority of the Class A shareholders of Plaintiff agreed with Mr. James Dondero, acting for Defendant, that Plaintiff would forgive the Notes if certain portfolio companies were sold for greater than cost or on a basis outside of Mr. Dondero's control. This agreement setting forth the conditions subsequent to demands for payment on the Notes was an oral agreement; however, Defendant believes there may be testimony or email correspondence that

DEFENDANT'S FIRST AMENDED ANSWER—Page 6

discusses the existence of this agreement that may be uncovered through discovery in this Adversary Proceeding.

## **JURY DEMAND**

43.     The Defendant demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Rule 9015 of the Federal Rules of Bankruptcy Procedure.

44.     The Defendant does <u>not</u> consent to the Bankruptcy Court conducting a jury trial and therefore demands a jury trial in the District Court.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully request that, following a trial on the merits, the Court enter a judgment that the Plaintiff take nothing on the Complaint and provide the Defendant such other relief to which it is entitled.

RESPECTFULLY SUBMITTED this 9th day of August, 2021.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    Julian P. Vasek, Esq.
    Texas Bar No. 24070790
    500 N. Akard Street, Suite 3800
    Dallas, Texas  75202-2790
    Telephone: (214) 855-7500
    Facsimile: (214) 978-4375
    drukavina@munsch.com
    jvasek@munsch.com

**COUNSEL FOR NEXPOINT ADVISORS, L.P.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 9th day of August, 2021, a true and correct copy of this document was served electronically via the Court's CM/ECF system on the following recipients:

**Zachery Z. Annable**
Hayward PLLC
10501 N. Central Expressway
Suite 106
Dallas, TX 75231
Email: zannable@haywardfirm.com

**Melissa S. Hayward**
Hayward PLLC
10501 N. Central Expry, Ste. 106
Dallas, TX 75231
Email: MHayward@HaywardFirm.com

**Juliana Hoffman**
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Email: jhoffman@sidley.com

**Paige Holden Montgomery**
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
Email: pmontgomery@sidley.com

/s/  Davor Rukavina
    Davor Rukavina, Esq.

# EXHIBIT 15

Appx. 00424

Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375

*Counsel for Defendant NexPoint Advisors, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 19-34054-SGJ-11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Chapter 11 |
| | § | |
| Debtor. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | |
| | § | Adversary No.: 21-03005-sgj |
| NEXPOINT ADVISORS, L.P., JAMES | § | |
| DONDERO, NANCY DONDERO, AND | § | |
| DUGABOY INVESTMENT TRUST, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT NEXPOINT ADVISORS, L.P.'S
## ANSWER TO AMENDED COMPLAINT

Defendant NexPoint Advisors, L.P. ("NexPoint"), a defendant in the above-styled and numbered adversary proceeding (the "Adversary Proceeding") filed by Highland Capital Management, L.P. (the "Plaintiff"), hereby files this Answer (the "Answer") responding to the *Amended Complaint for (I) Breach of Contract and (II) Turnover of Property (III) Fraudulent Transfer, and (IV) Breach of Fiduciary Duty* [Adv. Dkt. 73] (the "Amended Complaint"). Where an allegation in the Amended Complaint is not expressly admitted in this Answer, it is denied.

## PRELIMINARY STATEMENT

1.      The first sentence of paragraph 1 of the Amended Complaint sets forth the Plaintiff's objective in bringing the Amended Complaint and does not require a response. To the extent it contains factual allegations, they are denied. The second sentence contains a legal conclusion that does not require a response. To the extent it contains factual allegations, they are denied.

2.      Defendant NexPoint admits that NPA's First Amended Answer speaks for itself. To the extent paragraph 2 contradicts the First Amended Answer, it is denied.

3.      Defendant NexPoint denies the allegations in paragraph 3 of the Amended Complaint.

4.      Paragraph 4 of the Amended Complaint sets forth the Plaintiff's objective in bringing the Amended Complaint and does not require a response. To the extent it contains factual allegations, they are denied.

5.      Paragraph 5 of the Amended Complaint contains a summary of the relief the Plaintiff seeks and does not require a response.  To the extent it contains factual allegations, they are denied.

## JURISDICTION AND VENUE

6.      Defendant NexPoint admits that this Adversary Proceeding relates to the Plaintiff's bankruptcy case but denies any implication that this fact confers Constitutional authority on the Bankruptcy Court to adjudicate this dispute. Any allegations in paragraph 6 not expressly admitted are denied.

7.      Defendant NexPoint admits that the Court has statutory (but not Constitutional) jurisdiction to hear this Adversary Proceeding. Any allegations in paragraph 7 not expressly admitted are denied.

8.      Defendant NexPoint denies the allegations contained in paragraph 8 of the Amended Complaint.  Defendant NexPoint does not consent to any trial before, or final order entered by, the Bankruptcy Court.  Defendant NexPoint demands a trial by jury of all issues so triable.

9.      Defendant NexPoint admits the allegations in paragraph 9 of the Amended Complaint.

## THE PARTIES

10.     Defendant NexPoint admits the allegations in paragraph 10 of the Amended Complaint.

11.     Defendant NexPoint admits the allegations in paragraph 11 of the Amended Complaint.

12.     Defendant NexPoint admits the allegations in paragraph 12 of the Amended Complaint.

13.     Defendant NexPoint lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the Amended Complaint and therefore denies the same.

14.     Defendant NexPoint lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Amended Complaint and therefore denies the same.

## CASE BACKGROUND

15.     Defendant NexPoint admits the allegations in paragraph 15 of the Amended Complaint.

16.     Defendant NexPoint admits the allegations in paragraph 16 of the Amended Complaint.

17.     Defendant NexPoint admits the allegations in paragraph 17 of the Amended Complaint.

18.     Defendant NexPoint admits the allegations in paragraph 18 of the Amended Complaint.

19.     Defendant NexPoint admits the allegations in paragraph 19 of the Amended Complaint.

## STATEMENT OF FACTS

20.     Defendant NexPoint admits that it has executed at least one promissory note under which the Debtor is a payee.  Any allegations in paragraph 20 note expressly admitted are denied.

21.     Defendant NexPoint admits the allegations in paragraph 21 of the Amended Complaint.

22.     Defendant NexPoint denies paragraph 22 of the Complaint.  The document speaks for itself and the quote set forth in paragraph 22 is not verbatim.

23.     Defendant NexPoint admits the allegations in paragraph 23 of the Amended Complaint.

24.     Defendant NexPoint denies paragraph 24 of the Complaint.  The document speaks for itself and the quote set forth in paragraph 24 is not verbatim.

25.     Defendant NexPoint admits the allegations in paragraph 25 of the Amended Complaint.

26.     Defendant NexPoint admits that it did not make a payment under the Note on December 31, 2020. Defendant NexPoint denies that any payment was due under the Note on December 31, 2020.  To the extent not expressly admitted, paragraph 26 of the Amended Complaint is denied.

27.     Defendant NexPoint admits that Exhibit 2 to the Amended Complaint (the "Demand Letter") is a true and correct copy of what it purports to be and that the document speaks for itself.   To the extent paragraph 27 of the Amended Complaint asserts a legal conclusion, no response is required, and it is denied.   To the extent not expressly admitted, paragraph 27 of the Amended Complaint is denied.

28.     Defendant NexPoint admits that it paid the Debtor $1,406,111.92 on January 14, 2021, but denies that any payment was due on December 31, 2020 or that this was an attempt to cure a default.   To the extent not expressly admitted, paragraph 28 of the Amended Complaint is denied.

29.     Defendant NexPoint admits that Exhibit 3 to the Amended Complaint (the "Second Demand Letter") is a true and correct copy of what it purports to be and that the document speaks for itself.   To the extent paragraph 29 of the Amended Complaint asserts a legal conclusion, no response is required, and it is denied.   To the extent not expressly admitted, paragraph 29 of the Amended Complaint is denied.

30.     To the extent paragraph 30 of the Amended Complaint asserts a legal conclusion, no response is necessary, and it is denied.   The Defendant otherwise admits paragraph 30 of the Amended Complaint.

31.     Defendant NexPoint lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Amended Complaint and therefore denies the same.

32.     Defendant NexPoint denies the allegations in paragraph 32 of the Amended Complaint.

33.     Defendant NexPoint admits that the Debtor filed the Original Complaint in this action on January 22, 2021, as alleged in the first sentence of paragraph 33 of the Amended

Complaint. Defendant NexPoint denies it is liable for the relief requested in the Original Complaint. To the extent not expressly admitted, paragraph 33 of the Amended Complaint is denied.

34.   Defendant NexPoint admits the allegations in paragraph 34 of the Amended Complaint.

35.   Defendant NexPoint admits the allegations in paragraph 35 of the Amended Complaint.

36.   Defendant NexPoint admits that NexPoint's First Amended Answer speaks for itself.  To the extent paragraph 36 contradicts the First Amended Answer, it is denied.

37.   Defendant NexPoint admits that NexPoint's First Amended Answer speaks for itself.  To the extent paragraph 37 contradicts the First Amended Answer, it is denied.

38.   Paragraph 38 of the Amended Complaint asserts a legal conclusion to which no answer is required.  To the extent of any factual allegation, Defendant NexPoint admits that Mr. Dondero controlled NPA and denies that he controlled the Debtor at the time of the Alleged Agreement.

39.   Defendant NexPoint lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of the Amended Complaint and therefore denies the same.

40.   Defendant NexPoint denies the allegations in paragraph 40 of the Amended Complaint.

41.   Defendant NexPoint admits that Exhibit 4 to the Amended Complaint is a true and correct copy of what it purports to be and that the document speaks for itself.  To the extent paragraph 41 of the Amended Complaint asserts a legal conclusion, no response is required, and

it is denied.  To the extent not expressly admitted, paragraph 41 of the Amended Complaint is denied.

42.     Paragraph 42 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

43.     Paragraph 43 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

**FIRST CLAIM FOR RELIEF**
**(against NexPoint)**
**(for Breach of Contract)**

44.     Paragraph 44 of the Amended Complaint is a sentence of incorporation that does not require a response.  All prior responses are incorporated herein by reference.

45.     Paragraph 45 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.  To the extent of any factual allegation, it is denied.

46.     Paragraph 46 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.  To the extent of any factual allegation, it is denied.

47.     Paragraph 47 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.  To the extent of any factual allegation, it is denied.

48.     Paragraph 48 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.  To the extent of any factual allegation, it is denied.

**SECOND CLAIM FOR RELIEF**
**(against NexPoint)**
**(Turnover by NexPoint Pursuant to 11 U.S.C. § 542(b))**

49.     Paragraph 49 of the Amended Complaint is a sentence of incorporation that does not require a response and is therefore denied. All prior responses are incorporated herein by reference.

---

50.      Paragraph 50 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.  To the extent of any factual allegation, it is denied.

51.      Paragraph 51 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.  To the extent of any factual allegation, it is denied.

52.      Paragraph 52 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.  To the extent of any factual allegation, it is denied.

53.      Paragraph 53 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.  Defendant NexPoint admits that the Plaintiff transmitted the Demand Letter and the Second Demand Letter, and those documents speak for themselves.

54.      Paragraph 54 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.  To the extent of any factual allegation, it is denied.

55.      Paragraph 55 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.  To the extent of any factual allegation, it is denied.

### THIRD CLAIM FOR RELIEF
**(Against NexPoint)**
**(Avoidance and Recovery of Actual Fraudulent Transfer under 11 U.S.C. §§ 548(a)(1)(A) and 550)**

56.      Paragraph 56 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

57.      Paragraph 57 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

58.      Paragraph 58 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.  To the extent of any factual allegation, it is denied.

59.     Paragraph 59 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.  To the extent of any factual allegation, it is denied.

60.     Paragraph 60 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.  To the extent of any factual allegation, it is denied.

61.     Paragraph 61 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.  To the extent of any factual allegation, it is denied.

### FOURTH CLAIM FOR RELIEF
**(Against NexPoint)**
**(Avoidance and Recovery of Actual Fraudulent Transfer Under 11 U.S.C. § 544(b) and 550, and Tex. Bus. & C. Code § 24.005(a)(1))**

62.     Paragraph 62 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

63.     Paragraph 63 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

64.     Paragraph 64 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.  To the extent of any factual allegation, it is denied.

65.     Paragraph 65 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.  To the extent of any factual allegation, it is denied.

66.     Paragraph 66 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.  To the extent of any factual allegation, it is denied.

### FIFTH CLAIM FOR RELIEF
**(Against Dugaboy Investment Trust and Nancy Dondero)**
**(For Declaratory Relief: -- 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7001)**

67.     Paragraph 67 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

68.    This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero.  Therefore, Defendant NexPoint is not required to respond to this claim.

69.    This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero.  Therefore, Defendant NexPoint is not required to respond to this claim.

70.    Paragraph 70 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

### SIXTH CLAIM FOR RELIEF
**(Against Dugaboy Investment Trust and Nancy Dondero)**
**(Breach of Fiduciary Duty)**

71.    Paragraph 71 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

72.     This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero.  Therefore, Defendant NexPoint is not required to respond to this claim.

73.    This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero.  Therefore, Defendant NexPoint is not required to respond to this claim.

74.     This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero.  Therefore, Defendant NexPoint is not required to respond to this claim.

### SEVENTH CLAIM FOR RELIEF
**(Against James Dondero and Nancy Dondero)**
**(Aiding and Abetting a Breach of Fiduciary Duty)**

75.    Paragraph 75 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

76.    This claim is only asserted against Defendants James Dondero and Nancy Dondero.  Therefore, Defendant NexPoint is not required to respond to this claim.

77.    This claim is only asserted against Defendants James Dondero and Nancy Dondero.  Therefore, Defendant NexPoint is not required to respond to this claim.

78.     This claim is only asserted against Defendants James Dondero and Nancy Dondero.  Therefore, Defendant NexPoint is not required to respond to this claim.

79.     This claim is only asserted against Defendants James Dondero and Nancy Dondero.  Therefore, Defendant NexPoint is not required to respond to this claim.

Defendant NexPoint denies that the Plaintiff is entitled to the relief requested in the prayer, including as to parts (i), (ii), (iii), (iv), (v), (vi), (vii) and (iii) [sic].

## AFFIRMATIVE DEFENSES

80.     Pursuant to that certain Shared Services Agreement, the Plaintiff was responsible for making payments on behalf of the Defendant under the note.  Any alleged default under the note was the result of the Plaintiff's own negligence, misconduct, breach of contract, etc.

81.     Delay in the performance of a contract is excused when the party who seeks to enforce the contract caused the delay.  It was therefore inappropriate for the Plaintiff to accelerate the note when the brief delay in payment was the Plaintiff's own fault.

82.     Furthermore, the Plaintiff has waived the right to accelerate the note and /or the Plaintiff is estopped to enforce the alleged acceleration by accepting payment after the same.

83.     Furthermore, the Plaintiff's claims are barred in whole or in part because, prior to any alleged breach or acceleration, the Plaintiff agreed that it would not collect on the note upon fulfilment of certain conditions subsequent. Specifically, sometime between December of the year in which each Note was made and February of the following year, Defendant Nancy Dondero, as representative for a majority of the Class A shareholders of Plaintiff agreed that Plaintiff would forgive the Notes if certain portfolio companies were sold for greater than cost or on a basis outside of Defendant James Dondero's control. This agreement setting forth the conditions subsequent to demands for payment on the Notes was an oral agreement; however, Defendant NexPoint believes there may be testimony or email correspondence that discusses the

existence of this agreement that may be uncovered through discovery in this Adversary Proceeding.

84.    Defendant NexPoint asserts that any fraudulent transfer claim is barred because NexPoint acted in good faith, without knowledge of any alleged avoidability, and because reasonably equivalent value was provided for any alleged transfer or obligation.

85.    Defendant NexPoint asserts that any fraudulent transfer claim is barred because no transferor or transferee, or obligor or obligee, was insolvent.

86.    To the extent of any avoidance, NexPoint asserts a lien under 11 U.S.C. § 548(c) to the extent that NexPoint gave value, and a similar preference lien under any applicable provision of the Texas Uniform Fraudulent Transfer Act.

## JURY DEMAND

87.    Defendant NexPoint demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Rule 9015 of the Federal Rules of Bankruptcy Procedure.

88.    Defendant NexPoint does not consent to the Bankruptcy Court conducting a jury trial and therefore demands a jury trial in the District Court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant NexPoint respectfully requests that, following a trial on the merits, the Court enter a judgment that the Plaintiff take nothing on the Amended Complaint and provide Defendant NexPoint such other relief to which it is entitled.

RESPECTFULLY SUBMITTED this 1st day of September, 2021.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/  Davor Rukavina

Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
3800 Ross Tower
500 N. Akard Street
Dallas, Texas  75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email: drukavina@munsch.com

**COUNSEL FOR NEXPOINT ADVISORS, L.P.**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that, on September 1, 2021, a true and correct copy of this document was served via the Court's CM/ECF system on counsel for the Plaintiff.

/s/ Davor Rukavina
Davor Rukavina

# EXHIBIT 16

Appx. 00438

Deborah Deitsch-Perez
Michael P. Aigen
**STINSON LLP**
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone: (214) 560-2201
Facsimile: (214) 560-2203

*Counsel for Defendant Highland Capital
Management Services, Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | **Case No. 19-34054-SGJ-11** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | **Chapter 11** |
| | § | |
| Debtor. | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | |
| | § | **Adversary No.: 21-03006-sgj** |
| **HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT HIGHLAND CAPITAL MANAGEMENT SERVICES, INC.'S
### ANSWER TO AMENDED COMPLAINT

Defendant Highland Capital Management Services, Inc. ("HCMS"), defendant in the

above-styled and numbered adversary proceeding (the "Adversary Proceeding") filed by Highland

Capital Management, L.P. (the "Plaintiff"), hereby files this Answer (the "Answer") responding

to the *Amended Complaint for (I) Breach of Contract and (II) Turnover of Property (III)*

*Fraudulent Transfer, and (IV) Breach of Fiduciary Duty* [Adv. Dkt. 68] (the "Amended

---

**Appx. 00439**

Complaint"). Where an allegation in the Amended Complaint is not expressly admitted in this Amended Answer, it is denied.

In filing this Answer, Defendant HCMS does not waive any rights to compel arbitration, as set forth in Defendants' Motion to Compel Arbitration [Adv. Dkt. 70], filed on September 1, 2021.[1]

## PRELIMINARY STATEMENT

1.    The first sentence of paragraph 1 of the Amended Complaint sets forth the Plaintiff's objective in bringing the Amended Complaint and does not require a response. To the extent it contains factual allegations, they are denied. The second sentence contains a legal conclusion that does not require a response. To the extent it contains factual allegations, they are denied.

2.    Defendant HCMS admits that HCMS' First Amended Answer speaks for itself.  To the extent paragraph 2 contradicts the First Amended Answer, it is denied.

3.    Defendant HCMS denies the allegations in paragraph 3 of the Amended Complaint.

4.    Paragraph 4 of the Amended Complaint sets forth the Plaintiff's objective in bringing the Amended Complaint and does not require a response. To the extent it contains factual allegations, they are denied.

5.    Paragraph 5 of the Amended Complaint contains a summary of the relief the Plaintiff seeks and does not require a response.  To the extent it contains factual allegations, they are denied.

---

[1] *Williams v. Cigna Financial Advisors, Inc.*, 56 F.3d 656 (5th Cir. 1995) (Defendant did not substantially invoke the judicial process and waive its right to arbitration despite removal of action to federal court, filing motion to dismiss, filing motion to stay proceedings, answering plaintiff's complaint, asserting counterclaim, and exchanging discovery); *Keytrade USA, Inc. v. AIN Temouchent M/V*, 404 F.3d 891 (5th Cir. 2005) (Arbitration not waived when defendant filed a 100-plus page motion for summary judgment and a concurrent motion to arbitrate); *Gulf Guaranty Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476 (5th Cir. 2002) (no waiver of arbitration right when the party seeking arbitration did no more than defend itself against the claims being arbitrated).

### JURISDICTION AND VENUE

6.      Defendant HCMS admits that this Adversary Proceeding relates to the Plaintiff's bankruptcy case but denies any implication that this fact confers Constitutional authority on the Bankruptcy Court to adjudicate this dispute. Any allegations in paragraph 6 not expressly admitted are denied.

7.      Defendant HCMS admits that the Court has statutory (but not Constitutional) jurisdiction to hear this Adversary Proceeding. Any allegations in paragraph 7 not expressly admitted are denied.

8.      Defendant HCMS denies that a breach of contract claim is core.  Defendant HCMS denies that a § 542(b) turnover proceeding is the appropriate mechanism to collect a contested debt. Defendant HCMS admits that a § 542(b) turnover proceeding is statutorily core but denies that it is Constitutionally core under *Stern v. Marshall*.  Defendant HCMS does <u>not</u> consent to the Bankruptcy Court entering final orders or judgment in this Adversary Proceeding. Any allegations in paragraph 8 not expressly admitted are denied.

9.      Subject to the Defendants' Motion to Compel Arbitration, Defendant HCMS admits paragraph 9 of the Amended Complaint.

### THE PARTIES

10.      Defendant HCMS admits the allegations in paragraph 10 of the Amended Complaint.

11.      Defendant HCMS admits the allegations in paragraph 11 of the Amended Complaint.

12.      Defendant HCMS admits that Defendant James Dondero was the President of the Debtor's General Partner, Strand Advisors, Inc. and the Debtor's CEO until his resignation on

January 9, 2020. The third sentence of paragraph 12 asserts a legal conclusion to which no response is required. Defendant HCMS denies any remaining allegations contained in paragraph 12.

13.     Defendant HCMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the Amended Complaint and therefore denies the same.

14.     Defendant HCMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Amended Complaint and therefore denies the same.

## CASE BACKGROUND

15.     Defendant HCMS admits the allegations in paragraph 15 of the Amended Complaint.

16.     Defendant HCMS admits the allegations in paragraph 16 of the Amended Complaint.

17.     Defendant HCMS admits the allegations in paragraph 17 of the Amended Complaint.

18.     Defendant HCMS admits the allegations in paragraph 18 of the Amended Complaint.

19.     Defendant HCMS admits the allegations in paragraph 19 of the Amended Complaint.

## STATEMENT OF FACTS

20.    Defendant HCMS admits that it has executed at least one promissory note under which the Debtor is a payee.  Any allegations in paragraph 20 note expressly admitted are denied.

21.    Defendant HCMS admits that it signed the document attached to the Complaint as Exhibit 1.  Defendant HCMS denies any allegations in paragraph 21 that are not expressly admitted.

22.    Defendant HCMS admits that it signed the document attached to the Complaint as Exhibit 2.  Defendant HCMS denies any allegations in paragraph 22 that are not expressly admitted.

23.    Defendant HCMS denies that it signed the document attached to the Complaint as Exhibit 3.  Defendant HCMS denies any allegations in paragraph 23 that are not expressly admitted.

24.    Defendant HCMS denies that it signed the document attached to the Complaint as Exhibit 4.  Defendant HCMS denies any allegations in paragraph 21 that are not expressly admitted.

25.    Defendant HCMS admits that Plaintiff correctly transcribed Section 2 of Exhibits 1-4 to the Complaint in paragraph 25.

26.    Defendant HCMS admits that Plaintiff correctly transcribed Section 4 of Exhibits 1-4 to the Complaint in paragraph 26.

27.    Defendant HCMS admits that Plaintiff correctly transcribed Section 6 of Exhibits 1-4 to the Complaint in paragraph 27.

28.    Defendant HCMS admits that Plaintiff sent it a copy of Exhibit 5.  Defendant HCMS admits that Plaintiff correctly transcribed an excerpt of Exhibit 5 in the third sentence of

Appx. 00443

paragraph 28.  Defendant HCMS denies any allegations in paragraph 28 that are not expressly admitted.

29.     To the extent paragraph 29 asserts a legal conclusion, no response is required, and it is denied.  Defendant HCMS otherwise admits the allegations in paragraph 29.

30.     Defendant HCMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 of the Amended Complaint and therefore denies the same.

31.     Defendant HCMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Amended Complaint and therefore denies the same.

32.     Defendant HCMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of the Amended Complaint and therefore denies the same.

33.     Defendant HCMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the Amended Complaint and therefore denies the same.

34.     Defendant HCMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 of the Amended Complaint and therefore denies the same.  Defendant HCMS denies the allegations in the second sentence of paragraph 34 of the Amended Complaint.

35.     Defendant HCMS admits that it has executed at least one promissory note under which Debtor is the payee.  Defendant HCMS denies any allegations in paragraph 35 that are not expressly admitted.

36.     Defendant HCMS admits that it signed the document attached to the Amended Complaint as Exhibit 6.  Defendant HCMS denies any allegations in paragraph 29 that are not expressly admitted.

37.     Defendant HCMS admits that Plaintiff correctly transcribed Section 2 of Exhibit 6 to the Amended Complaint in paragraph 37.  Defendant HCMS denies any allegations in paragraph 37 that are not expressly admitted.

38.     Defendant HCMS admits that Plaintiff correctly transcribed Section 3 of Exhibit 6 to the Amended Complaint in paragraph 38.  Defendant HCMS denies any allegations in paragraph 37 that are not expressly admitted.

39.     Defendant HCMS admits that Plaintiff correctly transcribed Section 4 of Exhibit 6 to the Amended Complaint in paragraph 39.  Defendant HCMS denies any allegations in paragraph 37 that are not expressly admitted.

40.     Defendant HCMS admits that Plaintiff correctly transcribed Section 6 of Exhibit 6 to the Amended Complaint in paragraph 40.  Defendant HCMS denies any allegations in paragraph 37 that are not expressly admitted.

41.     To the extent paragraph 41 of the Amended Complaint asserts a legal conclusion, no response is necessary, and it is denied.  Defendant HCMS otherwise denies paragraph 41 of the Amended Complaint.

42.     Defendant HCMS admits that Plaintiff sent it a copy of Exhibit 7.  Defendant HCMS admits that Plaintiff correctly transcribed an excerpt of Exhibit 7 in the third sentence of paragraph 42 of the Amended Complaint.  Defendant HCMS denies any allegations in paragraph 42 that are not expressly admitted.

43.     Defendant HCMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of the Amended Complaint and therefore denies the same.

44.     Defendant HCMS denies the allegations in paragraph 44 of the Amended Complaint.

45.     Defendant HCMS admits that the Debtor filed the Original Complaint in this action on January 22, 2021, as alleged in the first sentence of paragraph 45 of the Amended Complaint. Defendant HCMS denies it is liable for the relief requested in the Original Complaint. To the extent not expressly admitted, paragraph 45 of the Amended Complaint is denied.

46.     Defendant HCMS admits the allegations in paragraph 46 of the Amended Complaint.

47.     Defendant HCMS admits the allegations in paragraph 47 of the Amended Complaint.

48.     In response to the allegations in paragraph 48 of the Amended Complaint, Defendant HCMS admits that HCMS' First Amended Answer speaks for itself.  To the extent paragraph 48 contradicts the First Amended Answer, it is denied.

49.     Defendant HCMS admits that HCMS' First Amended Answer speaks for itself. To the extent paragraph 49 contradicts the First Amended Answer, it is denied.

50.     Paragraph 50 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

51.     Defendant HCMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 of the Amended Complaint and therefore denies the same.

52.     Defendant HCMS denies the allegations in paragraph 52 of the Amended Complaint.

53.     Defendant HCMS admits that Exhibit 8 to the Amended Complaint is a true and correct copy of what it purports to be and that the document speaks for itself.  To the extent paragraph 53 of the Amended Complaint asserts a legal conclusion, no response is required, and it is denied.  To the extent not expressly admitted, paragraph 53 of the Amended Complaint is denied.

54.     Paragraph 54 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

55.     Paragraph 55 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

**FIRST CLAIM FOR RELIEF**
**(against HCMS)**
**(for Breach of Contract)**

56.     Paragraph 56 of the Amended Complaint is a sentence of incorporation that does not require a response.  All prior responses are incorporated herein by reference.

57.     Paragraph 57 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

58.     Paragraph 58 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

59.     Paragraph 59 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

60.     Paragraph 60 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

61.     Defendant HCMS denies paragraph 61 of the Amended Complaint.

62.     Defendant HCMS denies paragraph 62 of the Amended Complaint.

## SECOND CLAIM FOR RELIEF
### (against HCMS)
### (Turnover by HCMS Pursuant to 11 U.S.C. § 542(b))

63.     Paragraph 63 of the Amended Complaint is a sentence of incorporation that does not require a response and is therefore denied. All prior responses are incorporated herein by reference.

64.     Paragraph 64 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

65.     Paragraph 65 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

66.     Paragraph 66 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

67.     Defendant HCMS admits that Plaintiff transmitted Exhibits 5 and 7 to the Amended Complaint.

68.     Paragraph 68 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

69.     Defendant HCMS denies paragraph 69 of the Amended Complaint.

## THIRD CLAIM FOR RELIEF
### (Against HCMS)
### (Avoidance and Recovery of Actual Fraudulent Transfer under 11 U.S.C. §§ 548(a)(1)(A) and 550)

70.     Paragraph 70 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

71.     Paragraph 71 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

72.     Paragraph 72 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

73.     Paragraph 73 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

74.     Paragraph 74 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

75.     Paragraph 75 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

**<u>FOURTH CLAIM FOR RELIEF</u>**
**(Against HCMS)**
**(Avoidance and Recovery of Actual Fraudulent Transfer Under 11 U.S.C. § 544(b) and 550, and Tex. Bus. & C. Code § 24.005(a)(1))**

76.     Paragraph 76 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

77.     Paragraph 77 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

78.     Paragraph 78 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

79.     Paragraph 79 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

80.     Paragraph 80 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

## FIFTH CLAIM FOR RELIEF
### (Against Dugaboy Investment Trust and Nancy Dondero)
### (For Declaratory Relief: -- 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7001)

81.     Paragraph 81 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

82.     This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero.  Therefore, Defendant HCMS is not required to respond to this claim.

83.     This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero.  Therefore, Defendant HCMS is not required to respond to this claim.

84.     Paragraph 84 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

## SIXTH CLAIM FOR RELIEF
### (Against Dugaboy Investment Trust and Nancy Dondero)
### (Breach of Fiduciary Duty)

85.     Paragraph 85 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

86.      This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero.  Therefore, Defendant HCMS is not required to respond to this claim.

87.     This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero.  Therefore, Defendant HCMS is not required to respond to this claim.

88.      This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero.  Therefore, Defendant HCMS is not required to respond to this claim.

## SEVENTH CLAIM FOR RELIEF
### (Against James Dondero and Nancy Dondero)
### (Aiding and Abetting a Breach of Fiduciary Duty)

89.     Paragraph 89 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

90.     This claim is only asserted against Defendants James Dondero and Nancy Dondero.  Therefore, Defendant HCMS is not required to respond to this claim.

91.     This claim is only asserted against Defendants James Dondero and Nancy Dondero.  Therefore, Defendant HCMS is not required to respond to this claim.

92.     This claim is only asserted against Defendants James Dondero and Nancy Dondero.  Therefore, Defendant HCMS is not required to respond to this claim.

93.     This claim is only asserted against Defendants James Dondero and Nancy Dondero.  Therefore, Defendant HCMS is not required to respond to this claim.

Defendant HCMS denies that the Plaintiff is entitled to the relief requested in the prayer, including as to parts (i), (ii), (iii), (iv), (v), (vi), (vii) and (iii) [sic].

## AFFIRMATIVE DEFENSES

94.     Plaintiff's claims are barred in whole or in part by the doctrine of justification and/or repudiation.

95.     Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

96.     Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

97.     Plaintiff's claims are barred in whole or in part because prior to the demands for payment Plaintiff agreed that it would not collect the Notes upon fulfillment of conditions subsequent. Specifically, sometime between December of the year in which each note was made and February of the following year, Defendant Nancy Dondero, as representative for a majority

of the Class A shareholders of Plaintiff agreed that Plaintiff would forgive the Notes if certain portfolio companies were sold for greater than cost or on a basis outside of Defendant James Dondero's control. This agreement setting forth the conditions subsequent to demands for payment on the Notes was an oral agreement; however, Defendant HCMS believes there may be testimony or email correspondence that discusses the existence of this agreement that may be uncovered through discovery in this Adversary Proceeding.

98.     Defendant HCMS further asserts that Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because at all relevant times Defendant HCMS acted in good faith.

99.     Defendant HCMS further asserts that Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because the alleged fraudulent transfer (*i.e.*, the "Alleged Agreement") was taken in good faith and for reasonably equivalent value.

100.    Defendant HCMS further asserts that Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because there was no intent to hinder, delay, or defraud any creditors of the Debtor by entering into the "Alleged Agreement."

101.    Defendant HCMS further asserts that Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because the Debtor was solvent at the time the "Alleged Agreement" was made.

102.    Defendant HCMS further asserts that each Note is ambiguous as a whole based on the signatory and/or references to unspecified related agreements.

## JURY DEMAND

103.    Except to the extent compelled to arbitration, Defendant HCMS demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Rule 9015 of the Federal Rules of Bankruptcy Procedure.

104.    Defendant HCMS does <u>not</u> consent to the Bankruptcy Court conducting a jury

trial and therefore demands a jury trial in the District Court.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant HCMS respectfully requests that,

following a trial on the merits, the Court enter a judgment that the Plaintiff take nothing on the

Amended Complaint and provide Defendant HCMS such other relief to which it is entitled**.**

Dated: September 1, 2021                    Respectfully submitted,

                                            */s/ Deborah Deitsch-Perez*
                                            Deborah Deitsch-Perez
                                            Texas State Bar No. 24036072
                                            Michael P. Aigen
                                            Texas State Bar No. 24012196
                                            STINSON LLP
                                            3102 Oak Lawn Avenue, Suite 777
                                            Dallas, Texas 75219-4259
                                            Telephone: (214) 560-2201
                                            Email:  deborah.deitschperez@stinson.com
                                            Email:  michael.aigen@stinson.com

                                            **ATTORNEYS FOR DEFENDANT
                                            HIGHLAND CAPITAL
                                            MANAGEMENT SERVICES, INC.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on September 1, 2021, a true and correct copy of
this document was served via the Court's CM/ECF system on counsel for the Plaintiff.

                                            */s/ Deborah Deitsch-Perez*
                                            Deborah Deitsch-Perez

# EXHIBIT 17

Deborah Deitsch-Perez
Michael P. Aigen
**STINSON LLP**
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone: (214) 560-2201
Facsimile: (214) 560-2203

*Counsel for Defendant HCRE Partners, LLC*
*(n/k/a NexPoint Real Estate Partners, LLC)*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | **Case No. 19-34054-SGJ-11** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | **Chapter 11** |
| | § | |
| Debtor. | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | |
| | § | **Adversary No.: 21-03007-sgj** |
| **HCRE PARTNERS, LLC (n/k/a NEXPOINT** | § | |
| **REAL ESTATE PARTNERS, LLC), JAMES** | § | |
| **DONDERO, NANCY DONDERO, AND THE** | § | |
| **DUGABOY INVESTMENT TRUST** | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT HCRE PARTNERS, LLC (n/k/a NEXPOINT REAL ESTATE
## PARTNERS, LLC)'S ANSWER TO AMENDED COMPLAINT

Defendant HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC) ("NREP"),

defendant in the above-styled and numbered adversary proceeding (the "Adversary Proceeding")

filed by Highland Capital Management, L.P. (the "Plaintiff"), hereby files this Answer (the

"Answer") responding to the *Amended Complaint for (I) Breach of Contract and (II) Turnover of*

*Property (III) Fraudulent Transfer, and (IV) Breach of Fiduciary Duty* [Adv. Dkt. 63] (the

**Appx. 00455**

"Amended Complaint"). Where an allegation in the Amended Complaint is not expressly admitted in this Amended Answer, it is denied.

In filing this Answer, Defendant NREP does not waive any rights to compel arbitration, as set forth in Defendants' Motion to Compel Arbitration [Adv. Dkt. 65], filed on September 1, 2021.[1]

## PRELIMINARY STATEMENT

1.      The first sentence of paragraph 1 of the Amended Complaint sets forth the Plaintiff's objective in bringing the Amended Complaint and does not require a response. To the extent it contains factual allegations, they are denied. The second sentence contains a legal conclusion that does not require a response. To the extent it contains factual allegations, they are denied.

2.      Defendant NREP admits that NREP's First Amended Answer speaks for itself.  To the extent paragraph 2 contradicts the First Amended Answer, it is denied.

3.      Defendant NREP denies the allegations in paragraph 3 of the Amended Complaint.

4.      Paragraph 4 of the Amended Complaint sets forth the Plaintiff's objective in bringing the Amended Complaint and does not require a response. To the extent it contains factual allegations, they are denied.

---

[1] *Williams v. Cigna Financial Advisors, Inc.*, 56 F.3d 656 (5th Cir. 1995) (Defendant did not substantially invoke the judicial process and waive its right to arbitration despite removal of action to federal court, filing motion to dismiss, filing motion to stay proceedings, answering plaintiff's complaint, asserting counterclaim, and exchanging discovery); *Keytrade USA, Inc. v. AIN Temouchent M/V*, 404 F.3d 891 (5th Cir. 2005) (Arbitration not waived when defendant filed a 100-plus page motion for summary judgment and a concurrent motion to arbitrate); *Gulf Guaranty Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476 (5th Cir. 2002) (no waiver of arbitration right when the party seeking arbitration did no more than defend itself against the claims made against it).

DEFENDANT HCRE PARTNERS, LLC (N/K/A NEXPOINT REAL ESTATE
PARTNERS, LLC)'S ANSWER TO AMENDED COMPLAINT                                    PAGE 2
CORE/3522697.0002/169030070

Appx. 00456

5.      Paragraph 5 of the Amended Complaint contains a summary of the relief the Plaintiff seeks and does not require a response.  To the extent it contains factual allegations, they are denied.

## JURISDICTION AND VENUE

6.      Defendant NREP admits that this Adversary Proceeding relates to the Plaintiff's bankruptcy case but denies any implication that this fact confers Constitutional authority on the Bankruptcy Court to adjudicate this dispute. Any allegations in paragraph 6 not expressly admitted are denied.

7.      Defendant NREP admits that the Court has statutory (but not Constitutional) jurisdiction to hear this Adversary Proceeding. Any allegations in paragraph 7 not expressly admitted are denied.

8.      Defendant NREP denies that a breach of contract claim is core.  Defendant NREP denies that a § 542(b) turnover proceeding is the appropriate mechanism to collect a contested debt. Defendant NREP admits that a § 542(b) turnover proceeding is statutorily core but denies that it is Constitutionally core under *Stern v. Marshall*.  Defendant NREP does not consent to the Bankruptcy Court entering final orders or judgment in this Adversary Proceeding.  Any allegations in paragraph 8 not expressly admitted are denied.

9.      Subject to the Defendants' Motion to Compel Arbitration, Defendant NREP admits paragraph 9 of the Amended Complaint.

## THE PARTIES

10.     Defendant NREP admits the allegations in paragraph 10 of the Amended Complaint.

---

DEFENDANT HCRE PARTNERS, LLC (N/K/A NEXPOINT REAL ESTATE
PARTNERS, LLC)'S ANSWER TO AMENDED COMPLAINT                                              PAGE 3
CORE/3522697.0002/169030070

Appx. 00457

11.    Defendant NREP admits the allegations in paragraph 11 of the Amended Complaint.

12.    Defendant NREP admits that Defendant James Dondero was the President of the Debtor's General Partner, Strand Advisors, Inc. and the Debtor's CEO until his resignation on January 9, 2020.  The third sentence of paragraph 12 asserts a legal conclusion to which no response is required.  Defendant NREP denies any remaining allegations contained in paragraph 12.

13.    Defendant NREP lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the Amended Complaint and therefore denies the same.

14.    Defendant NREP lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Amended Complaint and therefore denies the same.

**CASE BACKGROUND**

15.    Defendant NREP admits the allegations in paragraph 15 of the Amended Complaint.

16.    Defendant NREP admits the allegations in paragraph 16 of the Amended Complaint.

17.    Defendant NREP admits the allegations in paragraph 17 of the Amended Complaint.

18.    Defendant NREP admits the allegations in paragraph 18 of the Amended Complaint.

DEFENDANT HCRE PARTNERS, LLC (N/K/A NEXPOINT REAL ESTATE
PARTNERS, LLC)'S ANSWER TO AMENDED COMPLAINT                                    PAGE 4
CORE/3522697.0002/169030070

Appx. 00458

19.     Defendant NREP admits the allegations in paragraph 19 of the Amended Complaint.

## **STATEMENT OF FACTS**

20.     Defendant NREP admits that it has executed at least one promissory note under which the Debtor is a payee.  Any allegations in paragraph 20 note expressly admitted are denied.

21.     Defendant NREP admits that it signed the document attached to the Amended Complaint as Exhibit 1.  Defendant NREP denies any allegations in paragraph 21 that are not expressly admitted.

22.     Defendant NREP admits that it signed the document attached to the Amended Complaint as Exhibit 2.  Defendant NREP denies any allegations in paragraph 22 that are not expressly admitted.

23.     Defendant NREP admits that it signed the document attached to the Amended Complaint as Exhibit 3.  Defendant NREP denies any allegations in paragraph 23 that are not expressly admitted.

24.     Defendant NREP admits that it signed the document attached to the Amended Complaint as Exhibit 4.  Defendant NREP denies any allegations in paragraph 24 that are not expressly admitted.

25.     Defendant NREP admits that Plaintiff correctly transcribed Section 2 of Exhibits 1-4 to the Amended Complaint in paragraph 25.

26.     Defendant NREP admits that Plaintiff correctly transcribed Section 4 of Exhibits 1-4 to the Amended Complaint in paragraph 26.

27.     Defendant NREP admits that Plaintiff correctly transcribed Section 6 of Exhibits 1-4 to the Amended Complaint in paragraph 27.

DEFENDANT HCRE PARTNERS, LLC (N/K/A NEXPOINT REAL ESTATE
PARTNERS, LLC)'S ANSWER TO AMENDED COMPLAINT                                    PAGE 5
CORE/3522697.0002/169030070

Appx. 00459

28.     Defendant NREP admits that Plaintiff sent it a copy of Exhibit 5.  Defendant NREP admits that Plaintiff correctly transcribed an excerpt of Exhibit 5 in the third sentence of paragraph 28.  Defendant NREP denies any allegations in paragraph 28 that are not expressly admitted.

29.     To the extent paragraph 29 asserts a legal conclusion, no response is required, and it is denied.  Defendant otherwise admits the allegations in paragraph 29.

30.     Defendant NREP lacks sufficient information or knowledge to admit or deny the allegations in paragraph 30 and, therefore, denies them.

31.     Defendant NREP lacks sufficient information or knowledge to admit or deny the allegations in paragraph 31 and, therefore, denies them.

32.     Defendant NREP lacks sufficient information or knowledge to admit or deny the allegations in paragraph 32 and, therefore, denies them.

33.     Defendant NREP lacks sufficient information or knowledge to admit or deny the allegations in paragraph 33 and, therefore, denies them.

34.     Defendant NREP lacks sufficient information or knowledge to admit or deny the allegations in paragraph 34 and, therefore, denies them.

35.     Defendant NREP denies the allegations in paragraph 35 of the Amended Complaint.

36.     Defendant NREP admits that it has executed at least one promissory note under which Debtor is the payee.  Defendant NREP denies any allegations in paragraph 36 that are not expressly admitted.

37.     Defendant NREP admits that it signed the document attached to the Complaint as Exhibit 6.  Defendant NREP denies any allegations in paragraph 37 that are not expressly admitted.

DEFENDANT HCRE PARTNERS, LLC (N/K/A NEXPOINT REAL ESTATE
PARTNERS, LLC)'S ANSWER TO AMENDED COMPLAINT                                                    PAGE 6
CORE/3522697.0002/169030070

Appx. 00460

38.     Defendant NREP admits that Plaintiff correctly transcribed Section 2 of Exhibit 6 to the Amended Complaint in paragraph 38.   Defendant NREP denies any allegations in paragraph 38 that are not expressly admitted.

39.     Defendant NREP admits that Plaintiff correctly transcribed Section 3 of Exhibit 6 to the Amended Complaint in paragraph 39.   Defendant NREP denies any allegations in paragraph 39 that are not expressly admitted.

40.     Defendant NREP admits that Plaintiff correctly transcribed Section 4 of Exhibit 6 to the Amended Complaint in paragraph 40.   Defendant NREP denies any allegations in paragraph 40 that are not expressly admitted.

41.     Defendant NREP admits that Plaintiff correctly transcribed Section 6 of Exhibit 6 to the Amended Complaint in paragraph 41.   Defendant NREP denies any allegations in paragraph 41 that are not expressly admitted.

42.     To the extent paragraph 42 of the Amended Complaint asserts a legal conclusion, no response is required, and it is denied.   Defendant NREP otherwise denies paragraph 42 of the Amended Complaint.

43.     Defendant NREP admits that Plaintiff sent it a copy of Exhibit 7.   Defendant NREP admits that Plaintiff correctly transcribed an excerpt of Exhibit 7 in the third sentence of paragraph 43 of the Amended Complaint.   Defendant NREP denies any allegations in paragraph 43 that are note expressly admitted.

44.     To the extent paragraph 44 of the Amended Complaint asserts a legal conclusion, no response is required, and it is denied.   Defendant NREP otherwise admits paragraph 44 of the Amended Complaint.

DEFENDANT HCRE PARTNERS, LLC (N/K/A NEXPOINT REAL ESTATE
PARTNERS, LLC)'S ANSWER TO AMENDED COMPLAINT                                          PAGE 7
CORE/3522697.0002/169030070

Appx. 00461

45.     Defendant NREP is without sufficient information or knowledge to admit or deny the allegations in paragraph 45 of the Amended Complaint and, therefore, denies them.

46.     Defendant NREP denies paragraph 46 of the Amended Complaint.

47.     Defendant NREP admits that the Debtor filed the Original Complaint in this action on January 22, 2021, as alleged in the first sentence of paragraph 47 of the Amended Complaint. Defendant NREP denies it is liable for the relief requested in the Original Complaint. To the extent not expressly admitted, paragraph 47 of the Amended Complaint is denied.

48.     Defendant NREP admits the allegations in paragraph 48 of the Amended Complaint.

49.     Defendant NREP admits that NREP's First Amended Answer speaks for itself.  To the extent paragraph 49 contradicts the First Amended Answer, it is denied.

50.     In response to the allegations in paragraph 48 of the Amended Complaint, Defendant NREP admits that NREP's First Amended Answer speaks for itself.  To the extent paragraph 50 contradicts the First Amended Answer, it is denied.

51.     Defendant NREP admits that NREP's First Amended Answer speaks for itself.  To the extent paragraph 51 contradicts the First Amended Answer, it is denied.

52.     Paragraph 52 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

53.     Defendant NREP lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 of the Amended Complaint and therefore denies the same.

54.     Defendant NREP admits that Exhibit 4 to the Amended Complaint is a true and correct copy of what it purports to be and that the document speaks for itself.  To the extent

DEFENDANT HCRE PARTNERS, LLC (N/K/A NEXPOINT REAL ESTATE
PARTNERS, LLC)'S ANSWER TO AMENDED COMPLAINT                                              PAGE 8
CORE/3522697.0002/169030070

Appx. 00462

paragraph 41 of the Amended Complaint asserts a legal conclusion, no response is required, and it is denied.  To the extent not expressly admitted, paragraph 54 of the Amended Complaint is denied.

55.     Defendant NREP admits that Exhibit 4 to the Amended Complaint is a true and correct copy of what it purports to be and that the document speaks for itself.  To the extent paragraph 41 of the Amended Complaint asserts a legal conclusion, no response is required, and it is denied.  To the extent not expressly admitted, paragraph 54 of the Amended Complaint is denied.

56.     Paragraph 56 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

57.     Paragraph 57 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

**FIRST CLAIM FOR RELIEF**
**(against NREP)**
**(for Breach of Contract)**

58.     Paragraph 58 of the Amended Complaint is a sentence of incorporation that does not require a response.  All prior responses are incorporated herein by reference.

59.     Paragraph 59 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

60.     Paragraph 60 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

61.     Paragraph 61 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

DEFENDANT HCRE PARTNERS, LLC (N/K/A NEXPOINT REAL ESTATE
PARTNERS, LLC)'S ANSWER TO AMENDED COMPLAINT                                    PAGE 9
CORE/3522697.0002/169030070

Appx. 00463

62.     Paragraph 62 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

63.     Defendant NREP denies paragraph 63 of the Amended Complaint.

64.     Defendant NREP denies paragraph 64 of the Amended Complaint.

### SECOND CLAIM FOR RELIEF
#### (against NREP)
#### (Turnover by NREP Pursuant to 11 U.S.C. § 542(b))

65.     Paragraph 65 of the Amended Complaint is a sentence of incorporation that does not require a response and is therefore denied. All prior responses are incorporated herein by reference.

66.     Paragraph 66 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

67.     Paragraph 67 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

68.     Paragraph 68 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

69.     Defendant NREP admits that Plaintiff transmitted Exhibits 5 and 7 to the Amended Complaint.  Defendant NREP lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 69 of the Amended Complaint and, therefore, denies them.

70.     Paragraph 70 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied Defendant

71.     Defendant NREP denies paragraph 71 of the Amended Complaint.

DEFENDANT HCRE PARTNERS, LLC (N/K/A NEXPOINT REAL ESTATE
PARTNERS, LLC)'S ANSWER TO AMENDED COMPLAINT                                    PAGE 10
CORE/3522697.0002/169030070

Appx. 00464

### THIRD CLAIM FOR RELIEF
### (Against NREP)
### (Avoidance and Recovery of Actual Fraudulent Transfer under 11 U.S.C. §§ 548(a)(1)(A) and 550)

72.     Paragraph 72 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

73.     Paragraph 73 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

74.     Paragraph 74 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

75.     Paragraph 75 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

76.     Paragraph 76 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

77.     Paragraph 77 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

### FOURTH CLAIM FOR RELIEF
### (Against NREP)
### (Avoidance and Recovery of Actual Fraudulent Transfer Under 11 U.S.C. § 544(b) and 550, and Tex. Bus. & C. Code § 24.005(a)(1))

78.     Paragraph 78 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

79.     Paragraph 79 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

DEFENDANT HCRE PARTNERS, LLC (N/K/A NEXPOINT REAL ESTATE
PARTNERS, LLC)'S ANSWER TO AMENDED COMPLAINT                                    PAGE 11
CORE/3522697.0002/169030070

Appx. 00465

80.    Paragraph 80 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

81.    Paragraph 81 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

82.    Paragraph 82 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

### FIFTH CLAIM FOR RELIEF
**(Against Dugaboy Investment Trust and Nancy Dondero)**
**(For Declaratory Relief: -- 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7001)**

83.    Paragraph 83 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

84.    This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero.  Therefore, Defendant NREP is not required to respond to this claim.

85.    This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero.  Therefore, Defendant NREP is not required to respond to this claim.

86.    Paragraph 70 of the Amended Complaint states a legal conclusion that does not require a response and is therefore denied.

### SIXTH CLAIM FOR RELIEF
**(Against Dugaboy Investment Trust and Nancy Dondero)**
**(Breach of Fiduciary Duty)**

87.    Paragraph 87 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

88.     This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero.  Therefore, Defendant NREP is not required to respond to this claim.

DEFENDANT HCRE PARTNERS, LLC (N/K/A NEXPOINT REAL ESTATE
PARTNERS, LLC)'S ANSWER TO AMENDED COMPLAINT                                   PAGE 12
CORE/3522697.0002/169030070

Appx. 00466

89.     This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero.  Therefore, Defendant NREP is not required to respond to this claim.

90.      This claim is only asserted against Defendants Dugaboy Investment Trust and Nancy Dondero.  Therefore, Defendant NREP is not required to respond to this claim.

## SEVENTH CLAIM FOR RELIEF
### (Against James Dondero and Nancy Dondero)
### (Aiding and Abetting a Breach of Fiduciary Duty)

91.     Paragraph 91 of the Amended Complaint is a sentence of incorporation that does not require a response. All prior responses are incorporated herein by reference.

92.     This claim is only asserted against Defendants James Dondero and Nancy Dondero.  Therefore, Defendant NREP is not required to respond to this claim.

93.     This claim is only asserted against Defendants James Dondero and Nancy Dondero.  Therefore, Defendant NREP is not required to respond to this claim.

94.     This claim is only asserted against Defendants James Dondero and Nancy Dondero.  Therefore, Defendant NREP is not required to respond to this claim.

95.     This claim is only asserted against Defendants James Dondero and Nancy Dondero.  Therefore, Defendant NREP is not required to respond to this claim.

Defendant NREP denies that the Plaintiff is entitled to the relief requested in the prayer, including as to parts (i), (ii), (iii), (iv), (v), (vi), (vii) and (iii) [sic].

## AFFIRMATIVE DEFENSES

96.     Plaintiff's claims are barred in whole or in part by the doctrine of justification and/or repudiation.

97.     Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

98.     Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

DEFENDANT HCRE PARTNERS, LLC (N/K/A NEXPOINT REAL ESTATE PARTNERS, LLC)'S ANSWER TO AMENDED COMPLAINT                                        PAGE 13
CORE/3522697.0002/169030070

Appx. 00467

99.     Plaintiff's claims are barred in whole or in part because prior to the demands for payment, Plaintiff agreed that it would not collect the Notes upon fulfillment of conditions subsequent. Specifically, sometime between December of the year in which each Note was made and February of the following year, Defendant Nancy Dondero, as representative for a majority of the Class A shareholders of Plaintiff agreed that Plaintiff would forgive the Notes if certain portfolio companies were sold for greater than cost or on a basis outside of Defendant James Dondero's control. This agreement setting forth the conditions subsequent to demands for payment on the Notes was an oral agreement; however, Defendant NREP believes there may be testimony or email correspondence that discusses the existence of this agreement that may be uncovered through discovery in this Adversary Proceeding.

100.    Defendant NREP further asserts that Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because at all relevant times Defendant NREP acted in good faith.

101.    Defendant NREP further asserts that Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because the alleged fraudulent transfer (*i.e.*, the "Alleged Agreement") was taken in good faith and for reasonably equivalent value.

102.    Defendant NREP further asserts that Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because there was no intent to hinder, delay, or defraud any creditors of the Debtor by entering into the "Alleged Agreement."

103.    Defendant NREP further asserts that Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because the Debtor was solvent at the time the "Alleged Agreement" was made.

104.    Defendant NREP further asserts that each Note is ambiguous as a whole based on references to unspecified related agreements.

DEFENDANT HCRE PARTNERS, LLC (N/K/A NEXPOINT REAL ESTATE
PARTNERS, LLC)'S ANSWER TO AMENDED COMPLAINT                                      PAGE 14
CORE/3522697.0002/169030070

Appx. 00468

## JURY DEMAND

105.    Except to the extent compelled to arbitration, Defendant NREP demands a trial

by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and

Rule 9015 of the Federal Rules of Bankruptcy Procedure.

106.    Defendant NREP does <u>not</u> consent to the Bankruptcy Court conducting a jury

trial and therefore demands a jury trial in the District Court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant NREP respectfully requests that,

following a trial on the merits, the Court enter a judgment that the Plaintiff take nothing on the

Amended Complaint and provide Defendant NREP such other relief to which it is entitled**.**

Dated: September 1, 2021                    Respectfully submitted,

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
Texas State Bar No. 24036072
Michael P. Aigen
Texas State Bar No. 24012196
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219-4259
Telephone: (214) 560-2201
Email:  deborah.deitschperez@stinson.com
Email:  michael.aigen@stinson.com

**ATTORNEYS FOR DEFENDANT
HCRE PARTNERS, LLC (N/K/A
NEXPOINT REAL ESTATE
PARTNERS, LLC)**

DEFENDANT HCRE PARTNERS, LLC (N/K/A NEXPOINT REAL ESTATE
PARTNERS, LLC)'S ANSWER TO AMENDED COMPLAINT                    PAGE 15
CORE/3522697.0002/169030070

**Appx. 00469**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on September 1, 2021, a true and correct copy of this document was served via the Court's CM/ECF system on counsel for the Plaintiff.

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez

DEFENDANT HCRE PARTNERS, LLC (N/K/A NEXPOINT REAL ESTATE
PARTNERS, LLC)'S ANSWER TO AMENDED COMPLAINT                                    PAGE 16
CORE/3522697.0002/169030070

Appx. 00470

# EXHIBIT 18

Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375
drukavina@munsch.com
jvasek@munsch.com

*Counsel for Highland Capital Management Fund Advisors, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| | § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. No. 21-03004 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P. | § | |
| | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION

TO:   Highland Capital Management, L.P. through its counsel of record, Jeffrey Pomerantz and John Morris, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067, jpomerantz@pszjlaw.com; jmorris@pszjlaw.com; Zachery Annable, Hayward PLLC, 10501 N. Central Expy., Ste. 106, Dallas, TX 75231, zannable@haywardfirm.com

Highland Capital Management Fund Advisors, L.P. ("HCMFA"), the defendant in the above-styled and numbered adversary proceeding, hereby makes the following objections and

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS
FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION                Page **1** of 7

Appx. 00472

gives the following responses to the *Debtor's First Requests for Admissions Directed to Highland Capital Management Fund Advisors, L.P.*, the *Debtor's First Request for Production of Documents Directed to Highland Capital Management Fund Advisors, L.P.*, and the *Debtor's First Set of Interrogatories Directed to Highland Capital Management Fund Advisors, L.P.*, pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure and Rules 7033, 7034, and 7036 of the Federal Rules of Bankruptcy Procedure.

## I.    REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION 1:**

Admit that attached as Exhibit A is a true and correct copy of the Note (a) executed by HCMFA, as maker, in favor of the Debtor, as payee, (b) dated May 2, 2019, (c) in the original principal amount of $2,400,000.

**RESPONSE:**  HCMFA admits only that the document attached as Exhibit A purports to be a note dated May 2, 2019 in the original principal amount of $2,400,000.  HCMFA denies that the note represents a legitimate debt, and HCMFA denies that Frank Waterhouse had the authority to execute the note on its behalf.  To the extent not expressly admitted, this request is denied.

**REQUEST FOR ADMISSION 2:**

Admit that attached as Exhibit B is a true and correct copy of the Note (a) executed by HCMFA, as maker, in favor of the Debtor, as payee, (b) dated May 3, 2019, (c) in the original principal amount of $5,000,000.

**RESPONSE:**  HCMFA admits only that the document attached as Exhibit B purports to be a note dated May 3, 2019 in the original principal amount of $5,000,000.  HCMFA denies that the note represents a legitimate debt, and HCMFA denies that Frank Waterhouse had the authority to execute the note on its behalf.  To the extent not expressly admitted, this request is denied.

**REQUEST FOR ADMISSION 3:**

Admit that attached as Exhibit C is the Debtor's Demand Letter to HCMFA demanding payment of the accrued interest and principal due on the Notes in the aggregate amount of $7,687,653.07 (the "Outstanding Amount"), by December 11, 2020.

**RESPONSE:**  HCMFA admits that Exhibit C is a true and correct copy of a letter the Debtor sent to HCMFA on or about December 11, 2020.  HCMFA denies that the letter had any legal effect.  To the extent not expressly admitted, this request is denied.

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS
FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION          Page **2** of **7**

Appx. 00473

**REQUEST FOR ADMISSION 4:**

Admit that HCMFA has not paid the Debtor the Outstanding Amount.

**RESPONSE:**  HCMFA denies that any amount is due and payable under the note. HCMFA admits that it has not paid the amount the Debtor demanded in its December 11, 2020 letter.  To the extent not expressly admitted, this request is denied.

## II.      REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION 1:**

All Documents and Communications Concerning Your denial of any of the allegations set forth in paragraph 19 of the Complaint, including Your contention that "[t]o the extent not expressly admitted, ¶ 19 of the Complaint is denied," stated in paragraph 19 of the Answer.

**RESPONSE:**  HCMFA will produce responsive, non-privileged documents from January 1, 2019 to present that are within its possession, custody, or control.  HCMFA notes, however, that most responsive documents will likely be on the Debtor's servers, to which HCMFA does not have access.  The Debtor therefore should encounter responsive documents in connection with responding to HCMFA's requests for production.

**REQUEST FOR PRODUCTION 2:**

All Documents and Communications Concerning Your denial of any of the allegations set forth in paragraph 20 of the Complaint. See paragraph 20 of the Answer.

**RESPONSE:**  HCMFA will produce responsive, non-privileged documents from January 1, 2019 to present that are within its possession, custody, or control.  HCMFA notes, however, that most responsive documents will likely be on the Debtor's servers, to which HCMFA does not have access.  The Debtor therefore should encounter responsive documents in connection with responding to HCMFA's requests for production.

**REQUEST FOR PRODUCTION 3:**

All Documents and Communications Concerning Your denial of the allegation that "[p]ursuant to Section 4 of each Note, each Note is in default and is currently due and payable," as referenced in paragraph 24 of the Answer.

**RESPONSE:**  HCMFA will produce responsive, non-privileged documents from January 1, 2019 to present that are within its possession, custody, or control.  HCMFA notes, however, that most responsive documents will likely be on the Debtor's servers, to which HCMFA does not have access.  The Debtor therefore should encounter responsive documents in connection with responding to HCMFA's requests for production.

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS
FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION                Page **3** of **7**

Appx. 00474

**REQUEST FOR PRODUCTION 4:**

All Documents and Communications Concerning Your denial of the allegation that "[a]s a direct and proximate cause of HCMFA's breach of each Note, the Debtor has suffered damages in the total amount of at least $7,687,653.07 as of December 11, 2020, plus an amount equal to all accrued but unpaid interest from that date, plus the Debtor's cost of collection," as referenced in paragraph 29 of the Answer.

**RESPONSE:** HCMFA will produce responsive, non-privileged documents from January 1, 2019 to present that are within its possession, custody, or control. HCMFA notes, however, that most responsive documents will likely be on the Debtor's servers, to which HCMFA does not have access. The Debtor therefore should encounter responsive documents in connection with responding to HCMFA's requests for production.

**REQUEST FOR PRODUCTION 5:**

All Documents and Communications Concerning Your denial of the allegation that "HCMFA has not paid the amounts due under each Note to the Debtor," as referenced in paragraph 33 of the Answer.

**RESPONSE:** HCMFA will produce responsive, non-privileged documents from January 1, 2019 to present that are within its possession, custody, or control. HCMFA notes, however, that most responsive documents will likely be on the Debtor's servers, to which HCMFA does not have access. The Debtor therefore should encounter responsive documents in connection with responding to HCMFA's requests for production.

**REQUEST FOR PRODUCTION 6:**

All Documents and Communications Concerning Your denial that "[t]he Debtor has made demand for the turnover of the amounts due under each Note," as referenced in paragraph 34 of the Answer.

**RESPONSE:** HCMFA will produce responsive, non-privileged documents from January 1, 2019 to present that are within its possession, custody, or control. HCMFA notes, however, that most responsive documents will likely be on the Debtor's servers, to which HCMFA does not have access. The Debtor therefore should encounter responsive documents in connection with responding to HCMFA's requests for production.

**REQUEST FOR PRODUCTION 7:**

All Documents and Communications Concerning any legal or equitable defense that You intend to assert in the above-referenced Adversary Proceeding.

**RESPONSE:** HCMFA will produce responsive, non-privileged documents from January 1, 2019 to present that are within its possession, custody, or control. HCMFA notes, however, that most responsive documents will likely be on the Debtor's servers, to which HCMFA does not have access. The Debtor therefore should encounter responsive documents in connection with responding to HCMFA's requests for production.

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS
FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION        Page **4** of **7**

**Appx. 00475**

**REQUEST FOR PRODUCTION 8:**

All Documents and Communications that You intend to offer into evidence in the above referenced Adversary Proceeding.

**RESPONSE:**  HCMFA objects to this request to the extent it seeks to impose obligations that exceed those imposed by applicable law.  HCMFA is still in the process of identifying documents and communications it will offer into evidence, and the parties have stipulated to a deadline for filing witness and exhibit lists (August 30, 2021).  For the avoidance of doubt, documents responsive to this request will likely be responsive to other requests, in which case they will not be withheld elsewhere based on this objection.

## III.    INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify every person that You believe has personal knowledge of any legal or equitable defense that You intend to assert in the above-referenced Adversary Proceeding.

**RESPONSE:**  HCMFA objects to this request to the extent it asks HCMFA to identify attorneys whose knowledge would be privileged.  Subject to such objection, HCMFA identifies James Dondero, Frank Waterhouse, Jason Post, Thomas Surgent, Lauren Thedford, and Will Mabry.

**INTERROGATORY NO. 2:**

Identify each witness that You intend to call at the Hearing in this Adversary Proceeding.

**RESPONSE:**  HCMFA objects to this request to the extent it seeks to impose obligations that exceed those imposed by applicable law.  HCMFA is still in the process of identifying witnesses it will call at trial, and the parties have stipulated to a deadline for filing witness and exhibit lists (August 30, 2021).  For the avoidance of doubt, individuals responsive to this request will likely be responsive to other interrogatories, in which case their identities will not be withheld elsewhere based on this objection.

## IV.    RESERVATION OF RIGHTS

HCMFA reserves the right to amend or supplement these written objections and responses at any time, consistent with the applicable Federal Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this 19th day of May, 2021.

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS
FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION          Page **5** of **7**

Appx. 00476

**MUNSCH HARDT KOPF & HARR, P.C.**

By:  /s/  *Julian P. Vasek*
 Davor Rukavina, Esq.
 Texas Bar No. 24030781
 Julian P. Vasek, Esq.
 Texas Bar No. 24070790
 500 N. Akard Street, Suite 3800
 Dallas, Texas  75202-2790
 Telephone: (214) 855-7500
 Facsimile: (214) 978-4375
 drukavina@munsch.com
 jvasek@munsch.com

**COUNSEL FOR HIGHLAND CAPITAL
MANAGEMENT FUND ADVISORS,
L.P.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on the 19th day of May, 2021, a true and correct copy of this document was electronically served via email on counsel for the Debtor (jpomerantz@pszjlaw.com; jmorriss@pszjlaw.com; zannable@haywardfirm.com).

/s/  *Julian P. Vasek*
 Julian P. Vasek, Esq.

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS
FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION                     Page **6** of 7

Appx. 00477

<u>Verification</u>

STATE OF TEXAS                      §
                                   §
COUNTY OF DALLAS                   §

    Before me, the undersigned notary, on this day personally appeared James Dondero, the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

    "My name is James Dondero. I am capable of making this Verification. I have read the foregoing document. The facts stated in the answers to the interrogatories are within my personal knowledge and/or are based on information I obtained from other persons, and are true and correct."

Highland Capital Management Fund Advisors, L.P.

By:    Strand Advisors XVI, Inc., its General Partner

By:

Name:  James Dondero

Title:  Director

SUBSCRIBED AND SWORN TO BEFORE ME on this the _19th_ day of May, 2021.

Notary Public, State of Texas
My Commission Expires:  6/19/2

LINDA LAUCHNER
Notary Public, State of Texas
Comm. Expires 06-19-2021
Notary ID 1049001

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS
FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION
4812-5420-5417v.3 .                                           Page 7 of 7

Appx. 00478

# EXHIBIT 19

Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas  75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375
drukavina@munsch.com
jvasek@munsch.com

*Counsel for NexPoint Advisors, L.P*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| | § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | Adv. No. 21-03005 |
| v. | § | |
| | § | |
| NEXPOINT ADVISORS, L.P., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION

TO:   Highland Capital Management, L.P. through its counsel of record, Jeffrey Pomerantz and John Morris, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067, jpomerantz@pszjlaw.com; jmorris@pszjlaw.com; Zachery Annable, Hayward PLLC, 10501 N. Central Expy., Ste. 106, Dallas, TX 75231, zannable@haywardfirm.com

NexPoint Advisors, L.P. ("NexPoint"), the defendant in the above-styled and numbered adversary proceeding, hereby makes the following objections and gives the following responses

---

Appx. 00480

to the *Debtor's First Requests for Admissions Directed to NexPoint Advisors, L.P.*, the *Debtor's First Request for Production of Documents Directed to NexPoint Advisors, L.P.*, and the *Debtor's First Set of Interrogatories Directed to NexPoint Advisors, L.P.*, pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure and Rules 7033, 7034, and 7036 of the Federal Rules of Bankruptcy Procedure.

## I.     REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION 1:**

Admit that attached as **Exhibit A** is a true and correct copy of the Note (a) executed by NPA, as maker, in favor of the Debtor, as payee, (b) dated May 31, 2017, (c) in the original face amount of $30,746,812.33.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION 2:**

Admit that on or about May 31, 2017, the Debtor paid $30,746,812.33 to NPA (or for its benefit) in exchange for the Note (the "Consideration").

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION 3:**

Admit that attached as **Exhibit B** is the Debtor's January 7, 2021 demand letter (the "Demand Letter") to NPA demanding payment of the accrued interest and principal due, and any other amounts due on the Note, in the aggregate amount of $24,471,804.98 as of January 8, 2021.

**RESPONSE:** NexPoint admits that Exhibit B is a true and correct copy of a letter the Debtor sent to NexPoint on or about January 7, 2021. NexPoint denies the letter had any legal effect given that the Debtor caused NexPoint's alleged default. To the extent not expressly admitted, this request is denied.

**REQUEST FOR ADMISSION 4:**

Admit that, after receiving the Demand Letter, NPA never asked, requested, or demanded that the Debtor make any payments on the Note on behalf of NPA.

**RESPONSE:** NexPoint admits that it made no such express request, but NexPoint denies it had any obligation to request that the Debtor do something it was already obligated to do. To the extent not expressly admitted, this request is denied.

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS
FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION         Page **2** of 8

Appx. 00481

**REQUEST FOR ADMISSION 5:**

Admit that (a) on January 14, 2021, NPA paid the Debtor $1,406,111.92 that was due under the Note on December 31, 2020 (the "January Payment"), and (b) the Debtor did nothing to assist or aid NPA in making the January Payment.

**RESPONSE:** NexPoint admits that it made the January Payment but denies that the January Payment was past due through any fault of NexPoint. NexPoint admits that the Debtor wrongfully failed to assist NexPoint with making payments when due under the Note, including the January Payment. To the extent not expressly admitted, this request is denied.

**REQUEST FOR ADMISSION 6:**

Admit that attached as **Exhibit C** is the Debtor's January 15, 2021 demand letter (the "Second Demand Letter") to NPA demanding payment of the accrued interest and principal due, and any other amounts due on the Note, in the aggregate amount of $23,071,195.03 as of January 15, 2021 (the "Outstanding Amount").

**RESPONSE:** NexPoint admits that Exhibit C is a true and correct copy of a letter the Debtor sent to NexPoint on or about January 15, 2021. NexPoint denies the letter had any legal effect given that the Debtor caused NexPoint's alleged default. To the extent not expressly admitted, this request is denied.

**REQUEST FOR ADMISSION 7:**

Admit that, as of January 22, 2021, NPA has not paid the Debtor the Outstanding Amount.

**RESPONSE:** NexPoint denies that any amount is due and payable under the note. NexPoint admits that it has not paid the balance owing under the note, as such balance is not due. To the extent not expressly admitted, this request is denied.

## II.     REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION 1:**

All Documents and Communications Concerning Your contention that "Plaintiff was responsible for making payments on behalf of the Defendant under the [N]ote," as alleged in paragraph 39 of the Answer.

**RESPONSE:** NexPoint will produce responsive, non-privileged documents from May 31, 2017 to present that are within its possession, custody, or control. NexPoint notes, however, that most responsive documents will likely be on the Debtor's servers, to which NexPoint does not have access. The Debtor therefore should encounter responsive documents in connection with responding to NexPoint's requests for production.

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS
FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION          Page **3** of **8**

Appx. 00482

**REQUEST FOR PRODUCTION 2:**

All Documents and Communications Concerning Your contention that "[a]ny alleged default under the [N]ote was the result of Plaintiff's own negligence, misconduct, breach of contract, etc.," as alleged in paragraph 39 of the Answer.

**RESPONSE:** NexPoint will produce responsive, non-privileged documents from May 31, 2017 to present that are within its possession, custody, or control. NexPoint notes, however, that most responsive documents will likely be on the Debtor's servers, to which NexPoint does not have access. The Debtor therefore should encounter responsive documents in connection with responding to NexPoint's requests for production.

**REQUEST FOR PRODUCTION 3:**

All Documents and Communications Concerning Your contention that "the brief delay in payment was the Plaintiff's own fault," as alleged in paragraph 40 of the Answer.

**RESPONSE:** NexPoint will produce responsive, non-privileged documents from May 31, 2017 to present that are within its possession, custody, or control. NexPoint notes, however, that most responsive documents will likely be on the Debtor's servers, to which NexPoint does not have access. The Debtor therefore should encounter responsive documents in connection with responding to NexPoint's requests for production.

**REQUEST FOR PRODUCTION 4:**

All Documents and Communications Concerning the affirmative defenses of "waiver" or "estoppel." *See* Answer ¶ 41.

**RESPONSE:** NexPoint will produce responsive, non-privileged documents from May 31, 2017 to present that are within its possession, custody, or control. NexPoint notes, however, that most responsive documents will likely be on the Debtor's servers, to which NexPoint does not have access. The Debtor therefore should encounter responsive documents in connection with responding to NexPoint's requests for production.

**REQUEST FOR PRODUCTION 5:**

All Documents and Communications Concerning the Default Letter, including but not limited to any subsequent request or demand by NPA that the Debtor make the payment demanded under the Note on Your behalf.

**RESPONSE:** NexPoint will produce responsive, non-privileged documents from May 31, 2017 to present that are within its possession, custody, or control. NexPoint notes, however, that most responsive documents will likely be on the Debtor's servers, to which NexPoint does not have access. The Debtor therefore should encounter responsive documents in connection with responding to NexPoint's requests for production.

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS
FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION          Page **4** of 8

Appx. 00483

**REQUEST FOR PRODUCTION 6:**

All Documents and Communications that You intend to offer into evidence in this Adversary Proceeding.

**RESPONSE:**  NexPoint objects to this request to the extent it seeks to impose obligations that exceed those imposed by applicable law.  NexPoint is still in the process of identifying documents and communications it will offer into evidence, and the parties have stipulated to a deadline for filing witness and exhibit lists (July 26, 2021).  For the avoidance of doubt, documents responsive to this request will likely be responsive to other requests, in which case they will not be withheld elsewhere based on this objection.

## III.    INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each person who You believe has personal knowledge of any facts Concerning Your contention that "Plaintiff was responsible for making payments on behalf of the Defendant under the [N]ote," as alleged in paragraph 39 of the Answer.

**RESPONSE:**  Frank Waterhouse and James Dondero.

**INTERROGATORY NO. 2:**

Identify each person who You believe has personal knowledge of any facts to Concerning Your contention that "[a]ny alleged default under the [N]ote was the result of Plaintiff's own negligence, misconduct, breach of contract, etc.," as alleged in paragraph 39 of the Answer.

**RESPONSE:**  Frank Waterhouse and James Dondero.

**INTERROGATORY NO. 3:**

Identify each person who You believe has personal knowledge of any facts Concerning Your contention that "the brief delay in payment was the Plaintiff's own fault," as  alleged in paragraph 40 of the Answer.

**RESPONSE:**  Frank Waterhouse and James Dondero.

**INTERROGATORY NO. 4:**

Identify each person who You believe has personal knowledge of any facts Concerning Your contention that "the brief delay in payment was the Plaintiff's own fault," as alleged in paragraph 40 of the Answer.

**RESPONSE:**  Frank Waterhouse and James Dondero.

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS
FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION                Page **5** of 8

Appx. 00484

**INTERROGATORY NO. 5:**

Identify each person who You believe has personal knowledge of any facts Concerning Your response to the Demand Letter, including but not limited to any subsequent request or demand by NPA that the Debtor make the payment demanded under the Note on Your behalf, if any.

**RESPONSE:** Frank Waterhouse and James Dondero.

**INTERROGATORY NO. 6:**

Identify each witness that You intend to call at trial in this Adversary Proceeding.

**RESPONSE:** NexPoint objects to this request to the extent it seeks to impose obligations that exceed those imposed by applicable law. NexPoint is still in the process of identifying witnesses it will call at trial, and the parties have stipulated to a deadline for filing witness and exhibit lists (July 26, 2021). For the avoidance of doubt, names responsive to this request will likely be responsive to other requests, in which case they will not be withheld elsewhere based on this objection.

## IV.    RESERVATION OF RIGHTS

NexPoint reserves the right to amend or supplement these written objections and responses at any time, consistent with the applicable Federal Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this 3rd day of May, 2021.

**MUNSCH HARDT KOPF & HARR, P.C.**

By:  /s/  Davor Rukavina
_____
Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
500 N. Akard Street, Suite 3800
Dallas, Texas  75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375
drukavina@munsch.com
jvasek@munsch.com

**COUNSEL FOR NEXPOINT ADVISORS, L.P.**

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS
FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION                Page **6** of 8

Appx. 00485

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on the 3rd day of May, 2021, a true and correct copy of this document was electronically served via email on counsel for the Debtor (jpomerantz@pszjlaw.com; jmorriss@pszjlaw.com; zannable@haywardfirm.com).

/s/ Davor Rukavina
Davor Rukavina, Esq.

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS
FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION          Page **7** of **8**

Appx. 00486

<u>Verification</u>

STATE OF TEXAS      §
                             §
COUNTY OF DALLAS___ §

        Before me, the undersigned notary, on this day personally appeared
_____, the affiant, whose identity is known to me. After I
administered an oath, affiant testified as follows:

        "My name is _____. I am capable of making
this Verification. I have read the foregoing document. The facts stated in the answers to the
interrogatories are within my personal knowledge and/or are based on information I obtained from
other persons, and are true and correct."

                NexPoint Advisors, L.P.

                By: _____

                Title: _____

      SUBSCRIBED AND SWORN TO BEFORE ME on this the ____ day of May, 2021.

                _____
                Notary Public, State of Texas
                My Commission Expires: _____

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS
FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION     Page **8** of **8**
4845-9657-9815v.2 019717.00001

Appx. 00487

# EXHIBIT 20

Jason M. Rudd
Texas State Bar No. 24028786
jason.rudd@wickphillips.com
Lauren K. Drawhorn
Texas State Bar No. 24074528
lauren.drawhorn@wickphillips.com
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Fax: (214) 692-6255

**COUNSEL FOR HIGHLAND CAPITAL
MANAGEMENT SERVICES, INC.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT,** | § | **Chapter 11** |
| **L.P.** | § | |
| | § | **Case No.: 19-34054-sgj11** |
| Debtor. | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT,** | § | |
| **L.P.** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | **Adv. Pro. No. 21-03006-sgj** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT** | § | |
| **SERVICES, INC.,** | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT HIGHLAND CAPITAL MANAGEMENT
SERVICES, INC.'S RESPONSES TO HIGHLAND CAPITAL
MANAGEMENT, L.P.'S FIRST REQUESTS FOR ADMISSION**

Defendant Highland Capital Management Services, Inc.'s ("Defendant" or "HCMS")
hereby responds to Highland Capital Management, L.P.'s (the "Debtor") First Requests for
Admission as follows:

---

D-CNL003076

**Appx. 00489**

<u>**RESPONSES TO FIRST REQUESTS FOR ADMISSION**</u>

<u>**REQUEST FOR ADMISSION NO. 1**</u>:    Admit that attached as **Exhibit A** is a true and correct copy of the Demand Note (a) executed by HCMS, as maker, in favor of the Debtor, as payee, (b) dated March 28, 2018, (c) in the original principal amount of $150,000.

<u>**RESPONSE:**</u> Admit.

<u>**REQUEST FOR ADMISSION NO. 2**</u>:    Admit that attached as **Exhibit B** is a true and correct copy of the Demand Note (a) executed by HCMS, as maker, in favor of the Debtor, as payee, (b) dated June 25, 2018, (c) in the original principal amount of $200,000.

<u>**RESPONSE:**</u> Admit.

<u>**REQUEST FOR ADMISSION NO. 3**</u>:    Admit that attached as **Exhibit C** is a true and correct copy of the Demand Note (a) executed by HCMS, as maker, in favor of the Debtor, as payee, (b) dated May 29, 2019, (c) in the original principal amount of $400,000.

<u>**RESPONSE:**</u> Deny.

<u>**REQUEST FOR ADMISSION NO. 4**</u>:    Admit that attached as **Exhibit D** is a true and correct copy of the Demand Note (a) executed by HCMS, as maker, in favor of the Debtor, as payee, (b) dated June 26, 2019, (c) in the original principal amount of $150,000.

<u>**RESPONSE:**</u> Deny.

<u>**REQUEST FOR ADMISSION NO. 5**</u>:    Admit that attached as **Exhibit E** is a true and correct copy of the Term Note (a) executed by HCMS, as maker, in favor of the Debtor, as payee, (b) dated May 31, 2017, (c) in the original principal amount of $20,247,628.02.

<u>**RESPONSE:**</u> Admit.

<u>**REQUEST FOR ADMISSION NO. 6**</u>:    Admit that attached as **Exhibit F** is a true and correct copy of the Debtor's First Demand Letter to HCMS demanding payment of the accrued interest and principal due on the Demand Notes in the aggregate amount of $947,519.43 by December 11, 2020.

<u>**RESPONSE:**</u> HCMS admits that Exhibit F purports to be a letter from Debtor to HCMS dated December 3, 2020, demanding HCMS pay $947,519.43 by December 11, 2020, and the Debtor alleged such amount constituted accrued interest and payment on certain promissory notes issued 3/28/2018, 6/25/2018, 5/29/2019, and 6/26/2019.

<u>**REQUEST FOR ADMISSION NO. 7**</u>:    Admit that attached as **Exhibit G** is a true and correct copy of the Debtor's Second Demand Letter to HCMS demanding immediate payment of the accrued interest, principal, and all other amounts due on the Term Note in the aggregate amount of $6,757,248.95.

D-CNL003077

**Appx. 00490**

**RESPONSE:** HCMS admits that Exhibit G purports to be a letter from Debtor to HCMS dated January 7, 2021, demanding HCMS immediately pay $6,757,248.95, and the Debtor alleged such amount constituted accrued principal, interest, and any other amounts due on a certain promissory note dated May 31, 2017.

**REQUEST FOR ADMISSION NO. 8**:      Admit that the Debtor does not owe any debt or obligation to HCMS arising from, concerning, or otherwise relating to any of the Demand Notes.

**RESPONSE:** Deny.

Respectfully submitted,

*/s/ Lauren K. Drawhorn*
Jason M. Rudd
Texas Bar No. 24028786
Lauren K. Drawhorn
Texas Bar No. 24074528
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Fax: (214) 692-6255
Email:  jason.rudd@wickphillips.com
          lauren.drawhorn@wickphillips.com

**COUNSEL FOR HIGHLAND CAPITAL MANAGEMENT SERVICES, INC.**

D-CNL003078
**Appx. 00491**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on June 14, 2021, a true and correct copy of the foregoing document was served via email on counsel for the Debtor.

Jeffrey N. Pomerantz
jpomerantz@pszjlaw.com
John A. Morris
jmorris@pszjlaw.com
Gregory V. Demo
gdemo@pszjlaw.com
Hayley R. Winograd
hwinograd@pszjlaw.com
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Facsimile: (310) 201-0760
*Counsel for Highland Capital Management, L.P.*

Melissa S. Hayward
MHayward@HaywardFirm.com
Zachery Z. Annable
ZAnnable@HaywardFirm.com
HAYWARD PLLC
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Fax: (972) 755-7110

*/s/ Lauren K. Drawhorn*
Lauren K. Drawhorn

D-CNL003079
Appx. 00492

# EXHIBIT 21

Jason M. Rudd
Texas State Bar No. 24028786
jason.rudd@wickphillips.com
Lauren K. Drawhorn
Texas State Bar No. 24074528
lauren.drawhorn@wickphillips.com
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Fax: (214) 692-6255

**COUNSEL FOR HIGHLAND CAPITAL
MANAGEMENT SERVICES, INC.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | **Chapter 11** |
| | § | |
| | § | **Case No.: 19-34054-sgj11** |
|     Debtor. | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | |
| | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | **Adv. Pro. No. 21-03006-sgj** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT SERVICES, INC.,** | § | |
| | § | |
| | § | |
|     Defendant. | § | |

## DEFENDANT HIGHLAND CAPITAL MANAGEMENT SERVICES, INC.'S ANSWERS TO HIGHLAND CAPITAL MANAGEMENT, L.P.'S FIRST SET OF INTERROGATORIES

Defendant Highland Capital Management Services, Inc.'s ("Defendant" or "HCMS") hereby responds to Highland Capital Management, L.P.'s (the "Debtor") First Set of Interrogatories as follows:

D-CNL003071
**Appx. 00494**

## ANSWERS TO FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**       Identify every person that You believe has personal knowledge of the facts and circumstances Concerning Your affirmative defense that the Debtor's claims are "barred in whole or in part by the doctrine of justification and/or repudiation," as alleged in paragraph 53 of the Answer.

**ANSWER:**    HCMS believes the following persons have knowledge of the facts and circumstances surrounding HCMS' justification and/or repudiation defense:

> **Corporate representative of HCMS**
> c/o WICK PHILLIPS GOULD & MARTIN LLP,
> Attn: Lauren K. Drawhorn
> 100 Throckmorton St., Suite 1500
> Fort Worth, TX 76102

> **Corporate representative of Debtor**
> c/o PACHULSKI STANG ZIEHL & JONES, LLP, Attn: John Morris
> 10100 Santa Monica Blvd., 13th Floor
> Los Angeles, CA 90067

> **James Dondero**
> c/o BONDS ELLIS EPPIC SHAFER JONES LLP
> Attn: Clay M. Taylor and Bryan C. Assink
> 420 Throckmorton St., Suite 1000
> Fort Worth, Texas 76102

> **Frank Waterhouse**
> c/o Ross & Smith PC
> Attn: Frances Smith
> 700 N. Pearl Street, Suite 1610
> Dallas, TX 75201

> **Kristin Hendrix**
> c/o PACHULSKI STANG ZIEHL & JONES, LLP, Attn: John Morris
> 10100 Santa Monica Blvd., 13th Floor
> Los Angeles, CA 90067

> **David Klos**
> c/o PACHULSKI STANG ZIEHL & JONES, LLP, Attn: John Morris
> 10100 Santa Monica Blvd., 13th Floor
> Los Angeles, CA 90067

**INTERROGATORY NO. 2:**       Identify every person that You believe has personal knowledge of the facts and circumstances Concerning Your affirmative defense that the Debtor's "claims are barred in whole or in part by the doctrine of estoppel," as alleged in paragraph 54 of the Answer.

D-CNL003072
**Appx. 00495**

**ANSWER:**    HCMS believes the following persons have knowledge of the facts and circumstances surrounding HCMS' estoppel defense:

> **Corporate representative of HCMS**
> c/o WICK PHILLIPS GOULD & MARTIN LLP,
> Attn: Lauren K. Drawhorn
> 100 Throckmorton St., Suite 1500
> Fort Worth, TX 76102
>
> **Corporate representative of Debtor**
> c/o PACHULSKI STANG ZIEHL & JONES, LLP, Attn: John Morris
> 10100 Santa Monica Blvd., 13th Floor
> Los Angeles, CA 90067
>
> **James Dondero**
> c/o BONDS ELLIS EPPIC SHAFER JONES LLP
> Attn: Clay M. Taylor and Bryan C. Assink
> 420 Throckmorton St., Suite 1000
> Fort Worth, Texas 76102
>
> **Frank Waterhouse**
> c/o Ross & Smith PC
> Attn: Frances Smith
> 700 N. Pearl Street, Suite 1610
> Dallas, TX 75201
>
> **Kristin Hendrix**
> c/o PACHULSKI STANG ZIEHL & JONES, LLP, Attn: John Morris
> 10100 Santa Monica Blvd., 13th Floor
> Los Angeles, CA 90067
>
> **David Klos**
> c/o PACHULSKI STANG ZIEHL & JONES, LLP, Attn: John Morris
> 10100 Santa Monica Blvd., 13th Floor
> Los Angeles, CA 90067

**INTERROGATORY NO. 3:**    Identify every person that You believe has personal knowledge of the facts and circumstances Concerning Your affirmative defense that the Debtor's "claims are barred in whole or in part by the doctrine of waiver," as alleged in paragraph 55 of the Answer.

**ANSWER:**    HCMS believes the following persons have knowledge of the facts and circumstances surrounding HCMS' waiver defense:

D-CNL003073
Appx. 00496

**Corporate representative of HCMS**
c/o WICK PHILLIPS GOULD & MARTIN LLP,
Attn: Lauren K. Drawhorn
100 Throckmorton St., Suite 1500
Fort Worth, TX 76102

**Corporate representative of Debtor**
c/o PACHULSKI STANG ZIEHL & JONES, LLP, Attn: John Morris
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067

**James Dondero**
c/o BONDS ELLIS EPPIC SHAFER JONES LLP
Attn: Clay M. Taylor and Bryan C. Assink
420 Throckmorton St., Suite 1000
Fort Worth, Texas 76102

**Frank Waterhouse**
c/o Ross & Smith PC
Attn: Frances Smith
700 N. Pearl Street, Suite 1610
Dallas, TX 75201

**Kristin Hendrix**
c/o PACHULSKI STANG ZIEHL & JONES, LLP, Attn: John Morris
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067

**David Klos**
c/o PACHULSKI STANG ZIEHL & JONES, LLP, Attn: John Morris
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067

**INTERROGATORY NO. 4:**      Identify every person that You believe has personal knowledge of the facts and circumstances Concerning Your affirmative defense that the Debtor's "claims are barred in whole or in part by the doctrines of offset and/or setoff," as alleged in paragraph 56 of the Answer.

**ANSWER:**    HCMS withdraws its affirmative defense of offset and/or setoff.

**INTERROGATORY NO. 5:**      Identify every debt and obligation that You contend the Debtor owes to You and is subject to "offset and/or setoff," as alleged in paragraph 56 of the Answer, including (a) the amount of the debt or obligation, (b) the date the debt or obligation was incurred, (c) the proof of claim in which You asserted a right to recover on the debt or obligation, if any, (d) the person who authorized the Debtor to incur the debt or obligation, and (e) the facts and circumstances concerning the Debtor's accrual of such debt or obligation.

**ANSWER:**    HCMS withdraws its affirmative defense of offset and/or setoff.

D-CNL003074

**INTERROGATORY NO. 6:**     Identify each witness that You intend to call at trial in this Adversary Proceeding.

**ANSWER:**    HCMS will provide its list of witnesses within the time required under the Federal Rules of Civil Procedures, the agreed-upon Scheduling Order in this case, and the Local Rules for the United States Bankruptcy Court for the Northern District of Texas.

Respectfully submitted,

*/s/ Lauren K. Drawhorn*
Jason M. Rudd
Texas Bar No. 24028786
Lauren K. Drawhorn
Texas Bar No. 24074528
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Fax: (214) 692-6255
Email:  jason.rudd@wickphillips.com
         lauren.drawhorn@wickphillips.com

**COUNSEL FOR HIGHLAND CAPITAL MANAGEMENT SERVICES, INC.**

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on June 14, 2021, a true and correct copy of the foregoing document was served via email on counsel for the Debtor.

Jeffrey N. Pomerantz
jpomerantz@pszjlaw.com
John A. Morris
jmorris@pszjlaw.com
Gregory V. Demo
gdemo@pszjlaw.com
Hayley R. Winograd
hwinograd@pszjlaw.com
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Facsimile: (310) 201-0760
*Counsel for Highland Capital Management, L.P.*

Melissa S. Hayward
MHayward@HaywardFirm.com
Zachery Z. Annable
ZAnnable@HaywardFirm.com
HAYWARD PLLC
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Fax: (972) 755-7110

*/s/ Lauren K. Drawhorn*
Lauren K. Drawhorn

**DEFENDANT HIGHLAND CAPITAL MANAGEMENT SERVICES, INC.'S ANSWERS TO HIGHLAND CAPITAL MANAGEMENT, L.P.'S FIRST SET OF INTERROGATORIES**     **PAGE 5 OF 5**

# EXHIBIT 22

Jason M. Rudd
Texas State Bar No. 24028786
jason.rudd@wickphillips.com
Lauren K. Drawhorn
Texas State Bar No. 24074528
lauren.drawhorn@wickphillips.com
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Fax: (214) 692-6255

**COUNSEL FOR NEXPOINT REAL ESTATE**
**PARTNERS, LLC F/K/A HCRE PARTNERS, LLC**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Chapter 11** |
| **HIGHLAND CAPITAL MANAGEMENT,** | § | |
| **L.P.** | § | **Case No.: 19-34054-sgj11** |
| | § | |
| Debtor. | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT,** | § | |
| **L.P.** | § | |
| | § | |
| Plaintiff, | § | |
| | § | **Adv. Pro. No. 21-03007-sgj** |
| vs. | § | |
| | § | |
| **HCRE PARTNERS, LLC (n/k/a** | § | |
| **NEXPOINT REAL ESTATE PARTNERS,** | § | |
| **LLC),** | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT NEXPOINT REAL ESTATE PARTNERS, LLC F/K/A
### HCRE PARTNERS, LLC'S RESPONSES TO DEBTOR HIGHLAND
### CAPITAL MANAGEMENT, L.P.'S REQUEST FOR ADMISSIONS

To:   Highland Capital Management, L.P., by and through its attorneys of record, John Morris, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California 90067

Defendant NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC's

("Defendant" or "NREP") responds as follows to Highland Capital Management, L.P.'s

---

**DEFENDANT NEXPOINT REAL ESTATE PARTNERS, LLC F/K/A HCRE PARTNERS, LLC'S**
**RESPONSES TO DEBTOR HIGHLAND CAPITAL MANAGEMENT, L.P.'S REQUEST FOR**
**ADMISSIONS**

**PAGE 1 OF 6**

**Appx. 00500**

("HCMLP") Request for Admissions. NREP specifically reserves the right to reasonably supplement and amend any and all of its responses, answers, and objections in accordance with the Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure.

## RESPONSES TO REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1**:     Admit that attached as **Exhibit 1** to the Complaint is a true and correct copy of a Demand Note (a) executed by James Dondero on Your behalf, as maker, in favor of the Debtor, as payee, (b) dated November 27, 2013, (c) in the original face amount of $100,000 (the "November 2013 Note").

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 2**:     Admit that on or about November 27, 2013, the Debtor paid $100,000 to You (or for Your benefit) in exchange for the November 2013 Note.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 3**:     Admit that on or about November 27, 2013, the Debtor transferred $100,000 to an account for Your benefit.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 4**:     Admit that attached as **Exhibit 2** to the Complaint is a true and correct copy of a Demand Note (a) executed by James Dondero on Your behalf, as maker, in favor of the Debtor, as payee, (b) dated October 12, 2017, (c) in the original face amount of $2,500,000 (the "October 2017 Note").

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 5**:     Admit that on or about October 12, 2017, the Debtor paid $2,500,000 to You (or for Your benefit) in exchange for the October 2017 Note.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 6**:     Admit that on or about October 12, 2017, the Debtor transferred $2,500,000 to an account for Your benefit.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 7**:     Admit that attached as **Exhibit 3** to the Complaint is a true and correct copy of a Demand Note (a) executed by James Dondero on Your behalf, as maker, in favor of the Debtor, as payee, (b) dated October 15, 2018, (c) in the original face amount of $750,000 (the "October 2018 Note").

DEFENDANT NEXPOINT REAL ESTATE PARTNERS, LLC F/K/A HCRE PARTNERS, LLC'S     PAGE 2 OF 6
RESPONSES TO DEBTOR HIGHLAND CAPITAL MANAGEMENT, L.P.'S REQUEST FOR
ADMISSIONS

Appx. 00501

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 8**:     Admit that on or about October 15, 2018, the Debtor paid $750,000 to You (or for Your benefit) in exchange for the October 2018 Note.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 9**:     Admit that on or about October 15, 2018, the Debtor transferred $750,000 to an account for Your benefit.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 10**:     Admit that attached as **Exhibit 4** to the Complaint is a true and correct copy of a Demand Note (a) executed by James Dondero on Your behalf, as maker, in favor of the Debtor, as payee, (b) dated September 25, 2019, (c) in the original face amount of $900,000 (the "September 2019 Note").

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 11**:     Admit that on or about September 25, 2019, the Debtor paid $900,000 to You (or for Your benefit) in exchange for the September 2019 Note.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 12**:     Admit that on or about September 25, 2019, the Debtor transferred $900,000 to an account for Your benefit.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 13**:     Admit that attached as Exhibit 6 to the Complaint is a true and correct copy of the Term Note (a) executed by James Dondero on Your behalf, as maker, in favor of the Debtor, as payee, (b) dated May 31, 2017, (c) in the original face amount of $6,059,831.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 14**:     Admit that You gave the Term Note to the Debtor in consideration for the Debtor's agreement to cancel and extinguish each of the Prior Notes (as defined in the Term Note and as specifically identified in Exhibit A to the Term Note), including all obligations then due and owing under each of the Prior Notes.

**RESPONSE:** NREP admits the Term Note substituted for and superseded in their entirety certain promissory notes described in Exhibit A to the Term Note. NREP denies the remainder of this Request.

DEFENDANT NEXPOINT REAL ESTATE PARTNERS, LLC F/K/A HCRE PARTNERS, LLC'S
RESPONSES TO DEBTOR HIGHLAND CAPITAL MANAGEMENT, L.P.'S REQUEST FOR
ADMISSIONS

PAGE 3 OF 6

Appx. 00502

**REQUEST FOR ADMISSION NO. 15**:   Admit that attached as **Exhibit 5** to the Complaint is the Debtor's December 3, 2020 demand letter (the "Demand Letter") to You demanding payment of the accrued interest and principal due and payable on the Demand Notes in the aggregate amount of $5,0012,260.96 (the "Outstanding Amount").

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 16**:   Admit that as of May 31, 2021, You have not paid the Debtor the Outstanding Amount.

**RESPONSE:** NREP admits only that NREP has not paid the Debtor the amount the Debtor asserts is due on the Demand Notes in the amount of $5,012,260.96. NREP denies the remainder of this Request.

**REQUEST FOR ADMISSION NO. 17**:   Admit that You have not paid any amounts due under any of the Demands Notes since December 3, 2020.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION NO. 18**:   Admit that attached as **Exhibit 7** to the Complaint is the Debtor's January 7, 2021 default letter (the "Default Letter") to You demanding payment of the accrued interest and principal due and payable on the Term Note in the amount of $6,145,466.84 (the "Unpaid Term Loan Amount").

**RESPONSE:** NREP admits that Exhibit 7 to the Complaint purports to be a letter from Debtor dated January 7, 2021 alleging NREP is in default under the Term Note and demanding NREP pay $6,145,466.84, and the Debtor alleged such amount constituted accrued interest and principal due and payable on the Term Note.

**REQUEST FOR ADMISSION NO. 19**:   Admit that as of May 31, 2021, You have not paid the Debtor the Unpaid Term Loan Amount.

**RESPONSE:** NREP admits only that NREP has not paid the Debtor the amount the Debtor asserts is due on the Term Note in the amount of $5,012,260.96. NREP denies the remainder of this Request.

**REQUEST FOR ADMISSION NO. 20**:   Admit that on or about December 31, 2017, You paid the Annual Installment then due under the Term Note.

**RESPONSE:** NREP admits that payment was made on the Term Note on or around December 31, 2017.

**REQUEST FOR ADMISSION NO. 21**:   Admit that on or about December 31, 2018, You paid the Annual Installment then due under the Term Note.

**RESPONSE:** NREP admits that payment was made on the Term Note on or around December 19, 2018.

DEFENDANT NEXPOINT REAL ESTATE PARTNERS, LLC F/K/A HCRE PARTNERS, LLC'S          PAGE 4 OF 6
RESPONSES TO DEBTOR HIGHLAND CAPITAL MANAGEMENT, L.P.'S REQUEST FOR
ADMISSIONS

Appx. 00503

**REQUEST FOR ADMISSION NO. 22**:   Admit that on or about December 31, 2019, You paid the Annual Installment then due under the Term Note.

**RESPONSE:** NREP admits that payment was made on the Term Note on or around December 30, 2019.

**REQUEST FOR ADMISSION NO. 23**:   Admit that You failed to pay the Annual Installment due under the Term Note on December 31, 2020.

**RESPONSE:** Deny.

Respectfully submitted,

*/s/ Lauren K. Drawhorn*
Jason M. Rudd
Texas Bar No. 24028786
Lauren K. Drawhorn
Texas Bar No. 24074528
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Fax: (214) 692-6255
Email:  jason.rudd@wickphillips.com
          lauren.drawhorn@wickphillips.com

**COUNSEL FOR NEXPOINT REAL ESTATE PARTNERS, LLC'S F/K/A HCRE PARTNERS, LLC**

DEFENDANT NEXPOINT REAL ESTATE PARTNERS, LLC F/K/A HCRE PARTNERS, LLC'S          PAGE 5 OF 6
RESPONSES TO DEBTOR HIGHLAND CAPITAL MANAGEMENT, L.P.'S REQUEST FOR
ADMISSIONS

Appx. 00504

## <u>CERTIFICATE OF SERVICE</u>

   I, the undersigned, hereby certify that, on July 6, 2021, a true and correct copy of the foregoing document was served via email on counsel for the Debtor.

Jeffrey N. Pomerantz
jpomerantz@pszjlaw.com
John A. Morris
jmorris@pszjlaw.com
Gregory V. Demo
gdemo@pszjlaw.com
Hayley R. Winograd
hwinograd@pszjlaw.com
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Facsimile: (310) 201-0760
*Counsel for Highland Capital Management, L.P.*

Melissa S. Hayward
MHayward@HaywardFirm.com
Zachery Z. Annable
ZAnnable@HaywardFirm.com
HAYWARD PLLC
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Fax: (972) 755-7110

          */s/ Lauren K. Drawhorn*
           Lauren K. Drawhorn

**DEFENDANT NEXPOINT REAL ESTATE PARTNERS, LLC F/K/A HCRE PARTNERS, LLC'S RESPONSES TO DEBTOR HIGHLAND CAPITAL MANAGEMENT, L.P.'S REQUEST FOR ADMISSIONS**    **PAGE 6 OF 6**

Appx. 00505

# EXHIBIT 23

Jason M. Rudd
Texas State Bar No. 24028786
jason.rudd@wickphillips.com
Lauren K. Drawhorn
Texas State Bar No. 24074528
lauren.drawhorn@wickphillips.com
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Fax: (214) 692-6255

**COUNSEL FOR NEXPOINT REAL ESTATE
PARTNERS, LLC F/K/A HCRE PARTNERS, LLC**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: § | |
| § | **Chapter 11** |
| **HIGHLAND CAPITAL MANAGEMENT,** § | |
| **L.P.** § | **Case No.: 19-34054-sgj11** |
| § | |
| Debtor. § | |
| § | |
| **HIGHLAND CAPITAL MANAGEMENT,** § | |
| **L.P.** § | |
| § | |
| Plaintiff, § | |
| § | **Adv. Pro. No. 21-03007-sgj** |
| vs. § | |
| § | |
| **HCRE PARTNERS, LLC (n/k/a** § | |
| **NEXPOINT REAL ESTATE PARTNERS,** § | |
| **LLC),** § | |
| § | |
| Defendant. § | |

## DEFENDANT NEXPOINT REAL ESTATE PARTNERS, LLC F/K/A
## HCRE PARTNERS, LLC'S ANSWERS TO DEBTOR HIGHLAND
## CAPITAL MANAGEMENT, L.P.'S FIRST SET OF INTERROGATORIES

To:   Highland Capital Management, L.P., by and through its attorneys of record, John Morris,
Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles,
California 90067

Defendant NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC's

("Defendant" or "NREP") responds as follows to Highland Capital Management, L.P.'s

**DEFENDANT NEXPOINT REAL ESTATE PARTNERS, LLC F/K/A HCRE PARTNERS, LLC'S**   **PAGE 1 OF 6**
**ANSWERS TO DEBTOR HIGHLAND CAPITAL MANAGEMENT, L.P.'S FIRST SET OF**
**INTERROGATORIES**

Appx. 00507

("HCMLP") First Set of Interrogatories. NREP specifically reserves the right to reasonably supplement and amend any and all of its responses, answers, and objections in accordance with the Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure.

<u>**ANSWERS TO FIRST SET OF INTERROGATORIES**</u>

**<u>INTERROGATORY NO. 1:</u>**        Identify each person who You believe has actual knowledge Concerning the (a) preparation, (b) purpose, and (c) execution of each of the Demand Notes, including any such person's last known contact information.

**<u>ANSWER:</u>**    NREP believes the following persons may have knowledge of the facts and circumstances surrounding the Demand Notes:

> **Corporate representative of NREP**
> c/o WICK PHILLIPS GOULD & MARTIN LLP,
> Attn: Lauren K. Drawhorn
> 100 Throckmorton St., Suite 1500
> Fort Worth, TX 76102

> **Corporate representative of Debtor**
> c/o PACHULSKI STANG ZIEHL & JONES, LLP, Attn: John Morris
> 10100 Santa Monica Blvd., 13th Floor
> Los Angeles, CA 90067

> **James Dondero**
> c/o BONDS ELLIS EPPIC SHAFER JONES LLP
> Attn: Clay M. Taylor and Bryan C. Assink
> 420 Throckmorton St., Suite 1000
> Fort Worth, TX 76102

> **Frank Waterhouse**
> c/o Ross & Smith PC
> Attn: Frances Smith
> 700 N. Pearl Street, Suite 1610
> Dallas, TX 75201

> **Kristin Hendrix**
> c/o PACHULSKI STANG ZIEHL & JONES, LLP, Attn: John Morris
> 10100 Santa Monica Blvd., 13th Floor
> Los Angeles, CA 90067

> **David Klos**
> c/o PACHULSKI STANG ZIEHL & JONES, LLP, Attn: John Morris
> 10100 Santa Monica Blvd., 13th Floor
> Los Angeles, CA 90067

DEFENDANT NEXPOINT REAL ESTATE PARTNERS, LLC F/K/A HCRE PARTNERS, LLC'S         PAGE 2 OF 6
ANSWERS TO DEBTOR HIGHLAND CAPITAL MANAGEMENT, L.P.'S FIRST SET OF
INTERROGATORIES

Appx. 00508

**Scott Ellington**
c/o Ross & Smith PC
Attn: Frances Smith
700 N. Pearl Street, Suite 1610
Dallas, TX 75201

**John Honis**
Tel: 214-335-7969

**INTERROGATORY NO. 2:**        Identify each person who You believe has actual knowledge Concerning the (a) preparation, (b) purpose, and (c) execution of the Term Note, including any such person's last known contact information.

**ANSWER:**    NREP believes the following persons may have knowledge of the facts and circumstances surrounding the Term Note:

**Corporate representative of NREP**
c/o Wick Phillips Gould & Martin LLP,
Attn: Lauren K. Drawhorn
100 Throckmorton St., Suite 1500
Fort Worth, TX 76102

**Corporate representative of Debtor**
c/o Pachulski Stang Ziehl & Jones, LLP, Attn: John Morris
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067

**James Dondero**
c/o Bonds Ellis Eppic Shafer Jones LLP
Attn: Clay M. Taylor and Bryan C. Assink
420 Throckmorton St., Suite 1000
Fort Worth, TX 76102

**Frank Waterhouse**
c/o Ross & Smith PC
Attn: Frances Smith
700 N. Pearl Street, Suite 1610
Dallas, TX 75201

**Kristin Hendrix**
c/o Pachulski Stang Ziehl & Jones, LLP, Attn: John Morris
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067

Defendant NexPoint Real Estate Partners, LLC f/k/a HCRE Partners, LLC's    Page 3 of 6
Answers to Debtor Highland Capital Management, L.P.'s First Set of
Interrogatories

Appx. 00509

**David Klos**
c/o PACHULSKI STANG ZIEHL & JONES, LLP, Attn: John Morris
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067

**Scott Ellington**
c/o ROSS & SMITH PC
Attn: Frances Smith
700 N. Pearl Street, Suite 1610
Dallas, TX 75201

**John Honis**
Tel: 214-335-7969

**INTERROGATORY NO. 3:**        Identify each person who You believe has actual knowledge of any facts Concerning any of the affirmative defenses set forth in Your answer, including any such person's last known contact information.

**ANSWER:**   NREP believes the following persons may have knowledge of the facts concerning NREP's affirmative defenses:

**Corporate representative of NREP**
c/o WICK PHILLIPS GOULD & MARTIN LLP,
Attn: Lauren K. Drawhorn
100 Throckmorton St., Suite 1500
Fort Worth, TX 76102

**Corporate representative of Debtor**
c/o PACHULSKI STANG ZIEHL & JONES, LLP, Attn: John Morris
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067

**James Dondero**
c/o BONDS ELLIS EPPIC SHAFER JONES LLP
Attn: Clay M. Taylor and Bryan C. Assink
420 Throckmorton St., Suite 1000
Fort Worth, TX 76102

**Frank Waterhouse**
c/o Ross & Smith PC
Attn: Frances Smith
700 N. Pearl Street, Suite 1610
Dallas, TX 75201

DEFENDANT NEXPOINT REAL ESTATE PARTNERS, LLC F/K/A HCRE PARTNERS, LLC'S
ANSWERS TO DEBTOR HIGHLAND CAPITAL MANAGEMENT, L.P.'S FIRST SET OF
INTERROGATORIES                                                                  PAGE 4 OF 6

Appx. 00510

**Kristin Hendrix**
c/o Pachulski Stang Ziehl & Jones, LLP, Attn: John Morris
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067

**David Klos**
c/o Pachulski Stang Ziehl & Jones, LLP, Attn: John Morris
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067

**Nancy Dondero**
Crescent Research Services Inc.
Vero Beach, FL
Tel: 772-234-6182

**INTERROGATORY NO. 4:**         Identify (a) anything of value that You received in exchange for each Demand Note, and (b) the date You received anything of value in exchange for each Note.

**ANSWER:**    NREP received the funds evidenced in each Demand Note on or about the date that each Demand Note was entered into by the parties to the Demand Notes.

**INTERROGATORY NO. 5:**         Identify (a) anything of value that You received in exchange for the Term Note, and (b) the date You received anything of value in exchange for the Term Note.

**ANSWER:**    NREP received the funds evidenced in the Term Note on or about the date the Term Note was entered into by the parties to the Term Note.

**INTERROGATORY NO. 6:**         Identify every debt that You contend the Debtor owes to You and that is subject to "offset and/or setoff," as referenced in paragraph 58 of Your Answer, including (a) the amount of such debt, (b) the date that such debt was allegedly incurred, (c) the facts and circumstances Concerning the Debtor's incurrence of such debt, and the Demand Note or Term Note subject to any alleged "offset and/or setoff."

**ANSWER:**    NREP withdraws its offset and/or setoff defense.

**INTERROGATORY NO. 7:**         Identify each person who You believe has actual knowledge of any debt identified in response to Interrogatory No. 6.

**ANSWER:**    NREP withdraws its offset and/or setoff defense.

**INTERROGATORY NO. 8:**         Identify each witness You intend to call at trial in this Adversary Proceeding.

---

DEFENDANT NEXPOINT REAL ESTATE PARTNERS, LLC F/K/A HCRE PARTNERS, LLC'S                    PAGE 5 OF 6
ANSWERS TO DEBTOR HIGHLAND CAPITAL MANAGEMENT, L.P.'S FIRST SET OF
INTERROGATORIES

Appx. 00511

**ANSWER:**    NREP will provide its list of witnesses within the time required under the Federal Rules of Civil Procedures, the agreed-upon Scheduling Order in this case, and the Local Rules for the United States Bankruptcy Court for the Northern District of Texas.

Respectfully submitted,

*/s/ Lauren K. Drawhorn*
Jason M. Rudd
Texas Bar No. 24028786
Lauren K. Drawhorn
Texas Bar No. 24074528
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Fax: (214) 692-6255
Email:  jason.rudd@wickphillips.com
lauren.drawhorn@wickphillips.com

**COUNSEL FOR NEXPOINT REAL ESTATE PARTNERS, LLC'S F/K/A HCRE PARTNERS, LLC**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on July 6, 2021, a true and correct copy of the foregoing document was served via email on counsel for the Debtor.

Jeffrey N. Pomerantz
jpomerantz@pszjlaw.com
John A. Morris
jmorris@pszjlaw.com
Gregory V. Demo
gdemo@pszjlaw.com
Hayley R. Winograd
hwinograd@pszjlaw.com
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Facsimile: (310) 201-0760
*Counsel for Highland Capital Management, L.P.*

Melissa S. Hayward
MHayward@HaywardFirm.com
Zachery Z. Annable
ZAnnable@HaywardFirm.com
HAYWARD PLLC
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Fax: (972) 755-7110

*/s/ Lauren K. Drawhorn*
Lauren K. Drawhorn

**DEFENDANT NEXPOINT REAL ESTATE PARTNERS, LLC F/K/A HCRE PARTNERS, LLC'S ANSWERS TO DEBTOR HIGHLAND CAPITAL MANAGEMENT, L.P.'S FIRST SET OF INTERROGATORIES**    **PAGE 6 OF 6**

Appx. 00512

# EXHIBIT 24

Appx. 00513

Clay M. Taylor
Bryan C. Assink
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: bryan.assink@bondsellis.com
**ATTORNEYS FOR JAMES DONDERO**

Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com
**ATTORNEYS FOR JAMES DONDERO**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Chapter 11 |
| | § | |
| Debtor. | § | Case No. 19-34054-sgj11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | Adversary Proceeding No. |
| | § | |
| vs. | § | 21-03003-sgj |
| | § | |
| JAMES DONDERO, NANCY DONDERO, AND | § | |
| THE DUGABOY INVESTMENT TRUST, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## DEFENDANT JAMES DONDERO'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION

TO:    Highland Capital Management, L.P., by and through its attorneys of record, Zachery Z. Annable, Hayward PLLC, 10501 N. Central Expy., Ste. 106, Dallas, Texas 75231.

Defendant James Dondero ("Defendant" or "Dondero") serves his Objections and Responses to Plaintiff Highland Capital Management, L.P.'s ("Debtor" or "Highland") Requests for Admission, Interrogatories, and Requests for Production ("Requests"), as follows:

CORE/3522697.0002/169336907.3

Appx. 00514

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:**

All Documents and Communications Concerning the existence of the Agreement.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request for Production No. 2:**

All Documents and Communications Concerning the negotiation of the Agreement.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request for Production No. 3:**

All Documents and Communications Concerning the terms of the Agreement.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request for Production No. 4:**

All Communications Concerning the Agreement between You and (a) Nancy Dondero, or (b) Mark Okada, or (c) Frank Waterhouse, or (d) PricewaterhouseCoopers LLP or (d) any Class A shareholders of Highland (*see* paragraph 82 of the Amended Answer) for the period January 1, 2018 to the present. *See* paragraph 82 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

CORE/3522697.0002/169336907.3

**Appx. 00515**

**Request for Production No. 5:**

All Documents and Communications Concerning the cost of the "portfolio companies," as referred to in paragraph 82 of the Amended Answer, including Documents and Communications sufficient to identify the (a) portfolio company, (b) the date each portfolio company was acquired, (c) the consideration paid by Highland for its investment in the portfolio company.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request for Production No. 6:**

All Documents and Communications Concerning the value of each of the "portfolio companies" at or around the time the Agreement was entered into.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request for Production No. 7:**

All Documents and Communications Concerning Mr. Dondero's assertion that "Plaintiff's claims are barred, in whole or in part, due to waiver," as alleged in paragraph 83 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request for Production No. 8:**

3

All Documents and Communications Concerning Mr. Dondero's assertion that "Plaintiff's claims are barred, in whole or in part, due to estoppel," as alleged in paragraph 84 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request for Production No. 9:**

All Documents and Communications Concerning Mr. Dondero's assertion that "Plaintiff's claims are barred, in whole or in part, due to failure of consideration," as alleged in paragraph 86 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request for Production No. 10:**

All Documents and Communications Concerning Mr. Dondero's assertion that "Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because at all relevant times Defendant James Dondero acted in good faith," as alleged in paragraph 87 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request for Production No. 11:**

All Documents and Communications Concerning Mr. Dondero's assertion that "Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because the alleged transfer (*i.e.*,

the 'Alleged Agreement') was . . . for reasonably equivalent value," as alleged in paragraph 88 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request for Production No. 12:**

All Documents and Communications Concerning Mr. Dondero's assertion that "Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because there was no intent to hinder, delay, or defraud any creditors of the Debtor by entering into the 'Alleged Agreement,'" as alleged in paragraph 89 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request for Production No. 13:**

All Documents and Communications Concerning Mr. Dondero's allegation that the use of "forgivable loans [was] a practice that was standard at [Highland]," as alleged in paragraph 83 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request for Production No. 14:**

All Documents and Communications Concerning any loan ever given by Highland that was actually forgiven, including any loan ever given by Highland to: (a) Mr. Dondero, (b) Highland Capital Management Fund Advisors, L.P., (c) NexPoint Advisors, L.P., (d) HCRE

Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC), (e) Highland Capital Management

Services, Inc., that was actually forgiven.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request for Production No. 15:**

All Documents and Communications reflecting Your compensation for the years 2016,

2017, 2018, 2019, and 2020, including salary, deferred benefits, bonuses, expense reimbursements,

and tax returns.

**RESPONSE:**

Dondero objects to this Request because the documents requested are in the possession of the Debtor and the Debtor has refused to produce these documents in this litigation. Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request for Production No. 16:**

All Documents provided to each of Your two experts. *See James Dondero's Rule 26(a)(2)*

*Expert Disclosures*, disclosed on May 28, 2021.

**RESPONSE:**

Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request for Production No. 17:**

For each year during the period 2016 through the present, those portions of Your federal

and state income tax returns Concerning Highland or any current or former affiliate of Highland.

**RESPONSE:**

Dondero objects to this Request because it seeks documents not reasonably calculated to lead to the discovery of relevant information. Subject to this objection, Dondero will produce responsive documents, if any, at a mutually agreeable place and time.

**Request for Production No. 18:**

To the extent not responsive to the prior Requests, all Documents and Communications

Concerning each of Your responses to the Interrogatories.

**RESPONSE:**

Dondero objects to this Request because it is vague and not specifically tailored. Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request for Production No. 19:**

All Documents You intend to introduce at trial in this Adversary Proceeding.

**RESPONSE:**

Subject to any scheduling order agreed to by the parties or entered by the Court, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

CORE/3522697.0002/169336907.3

Appx. 00520

## REQUESTS FOR ADMISSION

**Request for Admission No. 1:**

Admit that You never disclosed the terms of the Agreement to PricewaterhouseCoopers LLP.

**RESPONSE:**

ADMIT.

**Request for Admission No. 2:**

Admit that You never disclosed the existence of the Agreement to PricewaterhouseCoopers LLP.

**RESPONSE:**

ADMIT.

**Request for Admission No. 3:**

Admit that, prior to the commencement of the Adversary Proceeding, You never disclosed the terms of the Agreement to Frank Waterhouse.

**RESPONSE:**

DENY.

**Request for Admission No. 4:**

Admit that, prior to the commencement of the Adversary Proceeding, You never disclosed the existence of the Agreement to Frank Waterhouse.

**RESPONSE:**

DENY.

**Request for Admission No. 5:**

Admit that, prior to the commencement of the Adversary Proceeding, You never disclosed the terms of the Agreement to Mark Okada.

8

**RESPONSE:**

ADMIT.

**Request for Admission No. 6:**

Admit that, prior to the commencement of the Adversary Proceeding, You never disclosed the existence of the Agreement to Mark Okada.

**RESPONSE:**

ADMIT.

**Request for Admission No. 7:**

Admit that no document was created prior to the commencement of the Adversary Proceeding that reflects or memorializes the terms of the Agreement.

**RESPONSE:**

ADMIT.

**Request for Admission No. 8:**

Admit that no document was created prior to the commencement of the Adversary Proceeding Concerning the existence of the Agreement.

**RESPONSE:**

DENY.

**Request for Admission No. 9:**

Admit that, prior to the commencement of the Adversary Proceeding, You never disclosed the terms of the Agreement to any creditor of Highland.

**RESPONSE:**

DENY.

**Request for Admission No. 10:**

Admit that, prior to the commencement of the Adversary Proceeding, You never disclosed the existence of the Agreement to any creditor of Highland.

**RESPONSE:**

DENY.

**Request for Admission No. 11:**

Admit that, prior to the commencement of the Adversary Proceeding, You never disclosed the terms of the Agreement to the Bankruptcy Court.

**RESPONSE:**

ADMIT.

**Request for Admission No. 12:**

Admit that, prior to the commencement of the Adversary Proceeding, You never disclosed the existence of the Agreement to the Bankruptcy Court.

**RESPONSE:**

ADMIT.

**Request for Admission No. 13:**

Admit that You never caused Highland to disclose the terms of the Agreement in connection with the Bankruptcy Case.

**RESPONSE:**

ADMIT.

**Request for Admission No. 14:**

Admit that You never caused Highland to disclose the existence of the Agreement in connection with the Bankruptcy Case.

**RESPONSE:**

ADMIT.

10

**Request for Admission No. 15:**

Admit that Highland never gave You a loan that was actually forgiven.

**RESPONSE:**

ADMIT.

**Request for Admission No. 16:**

Admit that Highland never gave Mark Okada a loan that was actually forgiven.

**RESPONSE:**

ADMIT.

**Request for Admission No. 17:**

Admit that Highland never gave a loan to any entity directly or indirectly owned or controlled by You that was actually forgiven.

**RESPONSE:**

ADMIT.

CORE/3522697.0002/169336907.3

## INTERROGATORIES

**Interrogatory No. 1:**

Identify the "testimony" that You believe "discusses the existence of [the Agreement] that may be uncovered through discovery in this Adversary Proceeding," including the (a) name of the witness, (b) the substance of the anticipated testimony, and (c) the basis for Your belief. *See* paragraph 82 of the Amended Answer.

**RESPONSE:**

James Dondero objects to this Interrogatory because discovery is ongoing and because the Interrogatory seeks privileged information.

**Interrogatory No. 2:**

Identify the "email correspondence" that You believe "discusses the existence of [the Agreement] that may be uncovered through discovery in this Adversary Proceeding," including the (a) name(s) of the sender(s) and recipient(s) of such email correspondence, (b) the date of any such email correspondence, and (c) the substance of any such e-mail correspondence. *See* paragraph 82 of the Amended Answer.

**RESPONSE:**

James Dondero objects to this Interrogatory because discovery is ongoing and because the Interrogatory seeks privileged information.

**Interrogatory No. 3:**

Identify the "portfolio companies" referred to in paragraph 82 of the Amended Answer.

**RESPONSE:**

MGM, Cornerstone, and Trussway.

**Interrogatory No. 4:**

Identify every loan made by Highland that was actually forgiven, including (a) the date of the loan, (b) the principal amount of the loan, (c) the obligor/debtor under the loan, (d) the reason

CORE/3522697.0002/169336907.3

for the loan, (e) the date the loan was forgiven, (f) the amount of principal forgiven, and (g) the reason the loan was forgiven.

**RESPONSE:**

James Dondero objects to this Interrogatory because this information is in the possession of Plaintiff and Plaintiff has refused to provide this information to James Dondero in discovery. Therefore, James Dondero is unable to respond to this Interrogatory. Subject to these objections, James Dondero believes the following individuals may have received loans made by Highland that were forgiven, in whole or in part:  Mike Hurley, Tim Lawler, Pat Daugherty, Jack Yang, Paul Adkins, Gibran Mahmud, Jean-Luc Eberlin, and Appu Mundassery.

**Interrogatory No. 5:**

Identify which part or parts of the Notes are "ambiguous," as alleged in paragraph 85 of the Amended Answer, and state the basis for Your belief.

**RESPONSE:**

James Dondero contends that each note as a whole is ambiguous because it refers to additional agreements without specifying them.

**Interrogatory No. 6:**

Identify all witnesses You intend to call at trial for the Adversary Proceeding.

**RESPONSE:**

James Dondero objects to this Interrogatory because it is premature. James Dondero will identify any witnesses in accordance with any scheduling order entered by the Court.

13

Dated: September 27, 2021          Respectfully submitted,

*/s/Michael P. Aigen*
Deborah Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

-and-

*/s/Clay M. Taylor*
Clay M. Taylor
State Bar No. 24033261
Bryan C. Assink
State Bar No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: bryan.assink@bondsellis.com

**ATTORNEYS FOR JAMES DONDERO**

## VERIFICATION

STATE OF TEXAS      )
                              )
COUNTY OF DALLAS    )

On this day, James D. Dondero appeared before me, the undersigned notary public, and upon his oath, certified that he had read DEFENDANT JAMES DONDERO'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S INTERROGATORIES and that the facts stated therein are within his personal knowledge and are true and correct to the best of his knowledge, information and belief.

_____
JAMES D. DONDERO

SWORN TO and SUBSCRIBED before me by James D. Dondero on the 27th day of September, 2021.



Notary Public for the State of TX

TARA LOIBEN
Notary Public, State of Texas
Comm. Expires 04-15-2023
Notary ID 128585486

15

CORE/3522697.0002/169336907.3

**Appx. 00528**

## __CERTIFICATE OF SERVICE__

I, the undersigned, hereby certify that, on September 27, 2021, a true and correct copy of the foregoing document was served via email on counsel for the Debtor.

_/s/ Michael P. Aigen_____
Michael P. Aigen

CORE/3522697.0002/169336907.3

**Appx. 00529**

# EXHIBIT 25

Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

**– AND –**

Daniel P. Elms
State Bar No. 24002049
GREENBERG TRAURIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
(214) 665-3600 telephone
(214) 665-3601 facsimile
Email: elmsd@gtlaw.com

**ATTORNEYS FOR NANCY DONDERO**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | Case No. 19-34054-sgj1 1 |
| Debtor. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | Adversary Proceeding No. |
| | § | |
| vs. | § | 21-03003-sgj |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT | § | |
| SERVICES, INC., JAMES DONDERO, NANCY | § | |
| DONDERO, AND THE DUGABOY | § | |
| INVESTMENT TRUST, | § | |
| | § | |
| Defendants. | § | |

1

**DEFENDANT NANCY DONDERO'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION, INTERROGATORIES, AND <u>REQUESTS FOR PRODUCTION</u>**

TO:    Highland Capital Management, L.P., by and through its attorneys of record, Zachery Z. Annable, Hayward PLLC, 10501 N. Central Expy., Ste. 106, Dallas, Texas 75231.

Defendant Nancy Dondero ("<u>Defendant</u>" or "<u>Dondero</u>") serves her Objections and Responses to Plaintiff Highland Capital Management, L.P.'s ("<u>Debtor</u>" or "<u>Highland</u>") Requests for Admission, Interrogatories, and Requests for Production ("<u>Requests</u>"), as follows:

<strong><u>REQUESTS FOR PRODUCTION</u></strong>

**<u>Request For Production No. 1</u>:**

All Documents and Communications Concerning the existence of the Agreement.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**<u>Request For Production No. 2</u>:**

All Documents and Communications Concerning the negotiation of the Agreement.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**<u>Request For Production No. 3</u>:**

All Documents and Communications Concerning the terms of the Agreement.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 4:**

All Documents and Communications you actually reviewed in connection with Your decision to enter into the Agreement.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 5:**

All Communications Concerning the Agreement between You and (a) James Dondero, or (b) Mark Okada, or (c) Frank Waterhouse, or (d) PricewaterhouseCoopers LLP, or (e) any Class A shareholders of Highland (see paragraph 82 of the Amended Answer) for the period January 1, 2018 to the present.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 6:**

All Documents and Communications Concerning the "portfolio companies," as referred to in paragraph 82 of the Amended Answer.

**RESPONSE:**

CORE/3522697.0002/169345143.4

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 7:**

All Documents and Communications Concerning James Dondero's assertion that "Plaintiff's claims are barred, in whole or in part, due to waiver," as alleged in paragraph 83 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 8:**

All Documents and Communications Concerning James Dondero's assertion that "Plaintiff's claims are barred, in whole or in part, due to estoppel," as alleged in paragraph 84 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 9:**

All Documents and Communications Concerning James Dondero's assertion that "Plaintiff's claims are barred, in whole or in part, due to failure of consideration," as alleged in paragraph 86 of the Amended Answer.

**RESPONSE:**

CORE/3522697.0002/169345143.4

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 10:**

All Documents and Communications Concerning James Dondero's assertion that "Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because at all relevant times Defendant James Dondero acted in good faith," as alleged in paragraph 87 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 11:**

All Documents and Communications Concerning James Dondero's assertion that "Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because the alleged transfer (i.e., the 'Alleged Agreement') was . . . for reasonably equivalent value," as alleged in paragraph 88 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 12:**

All Documents and Communications Concerning James Dondero's assertion that "Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because there was no

CORE/3522697.0002/169345143.4

intent to hinder, delay, or defraud any creditors of the Debtor by entering into the 'Alleged Agreement,'" as alleged in paragraph 89 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 13:**

All Documents and Communications Concerning any agreement You ever entered into "as representative for a majority of the Class A shareholders of Plaintiff." See paragraph 82 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 14:**

To the extent not responsive to the prior Requests, all Documents and Communications Concerning each of Your responses to the Interrogatories.

**RESPONSE:**

Dondero objects to this Request because it is vague and not specifically tailored. Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 15:**

All Documents You intend to introduce at trial in this Adversary Proceeding.

6

**RESPONSE:**

Subject to any scheduling order agreed to by the parties or entered by the Court, Dondero will produce all responsive documents, if any, at a mutually agreeable place and time.

7

## REQUESTS FOR ADMISSION

**Request For Admission No. 1:**

Admit that You never disclosed the terms of the Agreement to PricewaterhouseCoopers LLP.

**RESPONSE:**

ADMIT.

**Request For Admission No. 2:**

Admit that You never disclosed the existence of the Agreement to PricewaterhouseCoopers LLP.

**RESPONSE:**

ADMIT.

**Request For Admission No. 3:**

Admit that, prior to the commencement of the Adversary Proceeding, You never disclosed the terms of the Agreement to Frank Waterhouse.

**RESPONSE:**

ADMIT.

**Request For Admission No. 4:**

Admit that, prior to the commencement of the Adversary Proceeding, You never disclosed the existence of the Agreement to Frank Waterhouse.

**RESPONSE:**

ADMIT.

**Request For Admission No. 5:**

Admit that, prior to the commencement of the Adversary Proceeding, You never disclosed the terms of the Agreement to Mark Okada.

8

**RESPONSE:**

ADMIT.

**Request For Admission No. 6:**

Admit that, prior to the commencement of the Adversary Proceeding, You never disclosed the existence of the Agreement to Mark Okada.

**RESPONSE:**

ADMIT.

**Request For Admission No. 7:**

Admit that no document was created prior to the commencement of the Adversary Proceeding that reflects or memorializes the terms of the Agreement.

**RESPONSE:**

Nancy Dondero lacks sufficient information to admit or deny this request.

**Request For Admission No. 8:**

Admit that no document was created prior to the commencement of the Adversary Proceeding Concerning the existence of the Agreement.

**RESPONSE:**

Nancy Dondero lacks sufficient information to admit or deny this request.

**Request For Admission No. 9:**

Admit that, prior to the commencement of the Adversary Proceeding, You never disclosed the terms of the Agreement to any creditor of Highland.

**RESPONSE:**

ADMIT.

**Request For Admission No. 10:**

9

Admit that, prior to the commencement of the Adversary Proceeding, You never disclosed the existence of the Agreement to any creditor of Highland.

**RESPONSE:**

ADMIT.

**Request For Admission No. 11:**

Admit that, prior to the commencement of the Adversary Proceeding, You never disclosed the terms of the Agreement to the Bankruptcy Court.

**RESPONSE:**

ADMIT.

**Request For Admission No. 12:**

Admit that, prior to the commencement of the Adversary Proceeding, You never disclosed the existence of the Agreement to the Bankruptcy Court.

**RESPONSE:**

ADMIT.

**Request For Admission No. 13:**

Admit that You never caused Highland to disclose the terms of the Agreement in connection with the Bankruptcy Case.

**RESPONSE:**

ADMIT.

**Request For Admission No. 14:**

Admit that You never caused Highland to disclose the existence of the Agreement in connection with the Bankruptcy Case.

**RESPONSE:**

ADMIT.

10

**Request For Admission No. 15:**

Admit that, prior to the Commencement of the Adversary Proceeding, You never disclosed the terms of the Agreement to anyone.

**RESPONSE:**

ADMIT (other than my brother).

**Request For Admission No. 16:**

Admit that, prior to the Commencement of the Adversary Proceeding, You never disclosed the existence of the Agreement to anyone.

**RESPONSE:**

ADMIT (other than my brother).

CORE/3522697.0002/169345143.4

**Appx. 00541**

## INTERROGATORIES

**Interrogatory No. 1:**

Identify each individual to whom You disclosed the terms of the Agreement prior to the commencement of the Action, including (a) the name of each person, (b) the date the disclosure was made, and (c) the substance of the disclosure.

**RESPONSE:**

None.

**Interrogatory No. 2:**

Identify each Person to whom You disclosed the existence of the Agreement prior to the commencement of the Adversary Proceeding, including (a) the name of each person, (b) the date the disclosure was made, and (c) the substance of the disclosure.

**RESPONSE:**

None.

**Interrogatory No. 3:**

Identify every Document and Communication Concerning the terms of the Agreement.

**RESPONSE:**

The Fourth Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P.

**Interrogatory No. 4:**

Identify every Document and Communication Concerning the existence of the Agreement.

**RESPONSE:**

The Fourth Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P.

**Interrogatory No. 5:**

Identify every Document and Communication you reviewed in connection with Your decision to enter into the Agreement.

**RESPONSE:**

In addition to conversations with James Dondero, Nancy Dondero either reviewed or discussed with James Dondero the Fourth Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P. and The Dugaboy Trust documents.


**Interrogatory No. 6:**

Other than the Agreement (as set forth in paragraph 82 of the Amended Answer), identify every agreement You ever entered into "as a representative of a majority of Class A shareholders of Plaintiff," including (a) the parties with whom the agreement was made, (b) the date of the agreement, and (c) the terms of the agreement.

**Response:**

Other than generally approving compensation, including the Agreements at issue in the Notes proceedings, none.

**Interrogatory No. 7:**

Identify all witnesses You intend to call at trial for the Adversary Proceeding.

**RESPONSE:**

Nancy Dondero objects to this Interrogatory because it is premature. Nancy Dondero will identify any witnesses in accordance with any scheduling order entered by the Court.

13

Dated: September 27, 2021                   Respectfully submitted,

                                            /s/Michael P. Aigen
                                            Deborah Deitsch-Perez
                                            State Bar No. 24036072
                                            Michael P. Aigen
                                            State Bar No. 24012196
                                            STINSON LLP
                                            3102 Oak Lawn Avenue, Suite 777
                                            Dallas, Texas 75219
                                            (214) 560-2201 telephone
                                            (214) 560-2203 facsimile
                                            Email: deborah.deitschperez@stinson.com
                                            Email: michael.aigen@stinson.com

                                            -and-

                                            /s/Daniel P. Elms
                                            Daniel P. Elms
                                            State Bar No. 24002049
                                            GREENBERG TRAURIG, LLP
                                            2200 Ross Avenue, Suite 5200
                                            Dallas, Texas 75201
                                            (214) 665-3600 telephone
                                            (214) 665-3601 facsimile
                                            Email: elmsd@gtlaw.com

                                            **ATTORNEYS FOR NANCY DONDERO**

## VERIFICATION

STATE OF COLORADO      )
                       )
COUNTY OF PITKIN       )

     On this day, Nancy Dondero appeared before me, the undersigned notary public, and upon her oath, certified that she had read DEFENDANT NANCY DONDERO'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S INTERROGATORIES and that the facts stated therein are within her personal knowledge and are true and correct to the best of her knowledge, information and belief.

                                                         _____
                                                          NANCY DONDERO

     SWORN TO and SUBSCRIBED before me by Nancy Dondero on the __ day of September, 2021.

                                                          _____
                                                Notary Public in and for the State of Colorado

CORE/3522697.0002/169345143.4

**Appx. 00545**

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that, on September 27, 2021, a true and correct copy of the foregoing document was served via email on counsel for the Debtor.

<u>/s/ Michael P. Aigen</u>
Michael P. Aigen

16

**Appx. 00546**

# EXHIBIT 26

Douglas S. Draper (La. Bar No. 5073)
Leslie A. Collins (La. Bar No. 14891)
Greta M. Brouphy (La. Bar No. 26216)
HELLER, DRAPER & HORN, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130
(504) 299-3300 telephone
(504) 299-3399 facsimile

**ATTORNEYS FOR THE DUGABOY INVESTMENT
TRUST**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Case No. 19-34054-sgjl 1 |
| Debtor. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| Plaintiff, | § | Adversary Proceeding No. |
| vs. | § | 21-03003-sgj |
| JAMES DONDERO, NANCY DONDERO, | § | |
| AND THE DUGABOY INVESTMENT TRUST, | § | |
| Defendants. | § | |

## DEFENDANT THE DUGABOY INVESTMENT TRUST'S OBJECTIONS AND
## RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION, INTERROGATORIES,
## AND REQUESTS FOR PRODUCTION

TO:   Highland Capital Management, L.P., by and through its attorneys of record, Zachery Z.
      Annable, Hayward PLLC, 10501 N. Central Expy., Ste. 106, Dallas, Texas 75231.

      Defendant The Dugaboy Investment Trust ("Defendant" or "Dugaboy") serves its

Objections and Responses to Plaintiff Highland Capital Management, L.P.'s ("Debtor" or

"Highland") Requests for Admission, Interrogatories, and Requests for Production ("Requests"),

as follows:

## REQUESTS FOR PRODUCTION

**Request For Production No. 1:**

All Documents and Communications Concerning the existence of the Agreement.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dugaboy will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 2:**

All Documents and Communications Concerning the negotiation of the Agreement.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dugaboy will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 3:**

All Documents and Communications Concerning the terms of the Agreement.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dugaboy will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 4:**

All Documents and Communications you actually reviewed in connection with Your

decision to enter into the Agreement.

CORE/3522697.0002/169683159.1

**Appx. 00549**

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dugaboy will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 5:**

All Communications Concerning the Agreement between You and (a) James Dondero, or (b) Mark Okada, or (c) Frank Waterhouse, or (d) Nancy Dondero, or (e) any Class A shareholders of Highland. *See* paragraph 82 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dugaboy will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 6:**

All Documents and Communications Concerning the "portfolio companies," as referred to in paragraph 82 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dugaboy will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 7:**

All Documents and Communications Concerning James Dondero's assertion that "Plaintiff's claims are barred, in whole or in part, due to waiver," as alleged in paragraph 83 of the Amended Answer.

**RESPONSE:**

3

Appx. 00550

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dugaboy will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 8:**

All Documents and Communications Concerning James Dondero's assertion that "Plaintiff's claims are barred, in whole or in part, due to estoppel," as alleged in paragraph 84 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dugaboy will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 9:**

All Documents and Communications Concerning James Dondero's assertion that "Plaintiff's claims are barred, in whole or in part, due to failure of consideration," as alleged in paragraph 86 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dugaboy will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 10:**

All Documents and Communications Concerning James Dondero's assertion that "Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because at all relevant times Defendant James Dondero acted in good faith," as alleged in paragraph 87 of the Amended Answer.

4

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dugaboy will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 11:**

All Documents and Communications Concerning James Dondero's assertion that "Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because the alleged transfer (*i.e.*, the 'Alleged Agreement') was . . . for reasonably equivalent value," as alleged in paragraph 88 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dugaboy will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 12:**

All Documents and Communications Concerning James Dondero's assertion that "Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because there was no intent to hinder, delay, or defraud any creditors of the Debtor by entering into the 'Alleged Agreement,'" as alleged in paragraph 89 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dugaboy will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 13:**

All Documents and Communications Concerning any agreement Nancy Dondero ever entered into "as representative for a majority of the Class A shareholders of Plaintiff." *See* paragraph 82 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dugaboy will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 14:**

To the extent not responsive to the prior Requests, all Documents and Communications Concerning each of Your responses to the Interrogatories.

**RESPONSE:**

Dugaboy objects to this Request because it is vague and not specifically tailored. Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Dugaboy will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 15:**

All Documents You intend to introduce at trial in this Adversary Proceeding.

**RESPONSE:**

Subject to any scheduling order agreed to by the parties or entered by the Court, Dugaboy will produce all responsive documents, if any, at a mutually agreeable place and time.

## REQUESTS FOR ADMISSION

**Request For Admission No. 1:**

Admit that You never disclosed the terms of the Agreement to PricewaterhouseCoopers LLP.

**RESPONSE:**

ADMIT.

**Request For Admission No. 2:**

Admit that You never disclosed the existence of the Agreement to PricewaterhouseCoopers LLP.

**RESPONSE:**

ADMIT.

**Request For Admission No. 3:**

Admit that, prior to the commencement of the Adversary Proceeding, You never disclosed the terms of the Agreement to Frank Waterhouse.

**RESPONSE:**

ADMIT.

**Request For Admission No. 4:**

Admit that, prior to the commencement of the Adversary Proceeding, You never disclosed the existence of the Agreement to Frank Waterhouse.

**RESPONSE:**

ADMIT.

**Request For Admission No. 5:**

Admit that, prior to the commencement of the Adversary Proceeding, You never disclosed the terms of the Agreement to Mark Okada.

7

**RESPONSE:**

    ADMIT.

**Request For Admission No. 6:**

    Admit that, prior to the commencement of the Adversary Proceeding, You never disclosed the existence of the Agreement to Mark Okada.

**RESPONSE:**

    ADMIT.

**Request For Admission No. 7:**

    Admit that no document was created prior to the commencement of the Adversary Proceeding that reflects or memorializes the terms of the Agreement.

**RESPONSE:**

    Dugaboy lacks sufficient information to admit or deny this request.

**Request For Admission No. 8:**

    Admit that no document was created prior to the commencement of the Adversary Proceeding Concerning the existence of the Agreement.

**RESPONSE:**

    Dugaboy lacks sufficient information to admit or deny this request.

**Request For Admission No. 9:**

    Admit that, prior to the commencement of the Adversary Proceeding, You never disclosed the terms of the Agreement to any creditor of Highland.

**RESPONSE:**

    ADMIT.

**Request For Admission No. 10:**

Admit that, prior to the commencement of the Adversary Proceeding, You never disclosed the existence of the Agreement to any creditor of Highland.

**RESPONSE:**

ADMIT.

**Request For Admission No. 11:**

Admit that, prior to the commencement of the Adversary Proceeding, You never disclosed the terms of the Agreement to the Bankruptcy Court.

**RESPONSE:**

ADMIT.

**Request For Admission No. 12:**

Admit that, prior to the commencement of the Adversary Proceeding, You never disclosed the existence of the Agreement to the Bankruptcy Court.

**RESPONSE:**

ADMIT.

**Request For Admission No. 13:**

Admit that You never caused Highland to disclose the terms of the Agreement in connection with the Bankruptcy Case.

**RESPONSE:**

ADMIT.

**Request For Admission No. 14:**

Admit that You never caused Highland to disclose the existence of the Agreement in connection with the Bankruptcy Case.

**RESPONSE:**

ADMIT.

CORE/3522697.0002/169683159.1

Appx. 00556

**Request For Admission No. 15:**

Admit that, prior to the Commencement of the Adversary Proceeding, You never disclosed the terms of the Agreement to anyone.

**RESPONSE:**

ADMIT.

**Request For Admission No. 16:**

Admit that, prior to the Commencement of the Adversary Proceeding, You never disclosed the existence of the Agreement to anyone.

**RESPONSE:**

ADMIT.

10

## <u>INTERROGATORIES</u>

**<u>Interrogatory No. 1</u>:**

Identify each individual to whom You disclosed the terms of the Agreement prior to the commencement of the Adversary Proceeding, including (a) the name of each person, (b) the date the disclosure was made, and (c) the substance of the disclosure.

**RESPONSE:**

None.

**<u>Interrogatory No. 2</u>:**

Identify each Person to whom You disclosed the existence of the Agreement prior to the commencement of the Adversary Proceeding, including (a) the name of each person, (b) the date the disclosure was made, and (c) the substance of the disclosure.

**RESPONSE:**

None.

**<u>Interrogatory No. 3</u>:**

Identify every Document and Communication Concerning the terms of the Agreement.

**RESPONSE:**

The Fourth Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P.

**<u>Interrogatory No. 4</u>:**

Identify every Document and Communication Concerning the existence of the Agreement.

**RESPONSE:**

The Fourth Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P.

**<u>Interrogatory No. 5</u>:**

11

Identify every Document and Communication you reviewed in connection with Your decision to enter into the Agreement.

**RESPONSE:**

In addition to conversations with James Dondero, Nancy Dondero either reviewed or discussed with James Dondero the Fourth Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P. and The Dugaboy Trust documents.

**Interrogatory No. 6:**

Other than the Agreement (as set forth in paragraph 82 of the Amended Answer), identify every agreement Nancy Dondero ever entered into "as a representative of a majority of Class A shareholders of Plaintiff," including (a) the parties with whom the agreement was made, (b) the date of the agreement, and (c) the terms of the agreement.

**Response:**

Other than generally approving compensation, including the Agreements at issue in the Notes proceedings, none.

**Interrogatory No. 7:**

Identify all witnesses You intend to call at trial for the Adversary Proceeding.

**RESPONSE:**

Dugaboy objects to this Interrogatory because it is premature. Dugaboy will identify any witnesses in accordance with any scheduling order entered by the Court.

12

Dated: September 27, 2021            Respectfully submitted,

*/s/Douglas Draper*
Douglas S. Draper (La. Bar No. 5073)
Leslie A. Collins (La. Bar No. 14891)
Greta M. Brouphy (La. Bar No. 26216)
HELLER, DRAPER & HORN, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130
(504) 299-3300 telephone
(504) 299-3399 facsimile

13

## VERIFICATION

STATE OF COLORADO   )
                           )
COUNTY OF PITKIN     )

On this day, Nancy Dondero appeared before me, the undersigned notary public, and upon her oath, certified that she has read DEFENDANT THE DUGABOY INVESTMENT TRUST'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S INTERROGATORIES and that the facts stated therein are within her personal knowledge and are true and correct to the best of her knowledge, information and belief.

_____
NANCY DONDERO

SWORN TO and SUBSCRIBED before me by Nancy Dondero on the ___ day of September, 2021.

_____
Notary Public in and for the State of Colorado

CORE/3522697.0002/169683159.1

Appx. 00561

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that, on September 27, 2021, a true and correct copy of the foregoing document was served via email on counsel for the Debtor.

*/s/Douglas S. Draper*
Douglas S. Draper

CORE/3522697.0002/169683159.1

Appx. 00562

**EXHIBIT 27**

Davor Rukavina
Thomas D. Berghman
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email:  drukavina@munsch.com

**ATTORNEYS FOR NEXPOINT ADVISORS, L.P.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | Case No. 19-34054-sgj11 |
| Debtor. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | Adversary Proceeding No. |
| | § | |
| vs. | § | 21-03005-sgj |
| | § | |
| NEXPOINT ADVISORS, L.P., JAMES | § | |
| DONDERO, NANCY DONDERO, AND THE | § | |
| DUGABOY INVESTMENT TRUST, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT NEXPOINT ADVISORS, L.P.'S OBJECTIONS AND RESPONSES TO**
**PLAINTIFF'S REQUESTS FOR ADMISSION, INTERROGATORIES, AND**
**REQUESTS FOR PRODUCTION**

TO:  Highland Capital Management, L.P., by and through its attorneys of record, Zachery Z.
     Annable, Hayward PLLC, 10501 N. Central Expy., Ste. 106, Dallas, Texas 75231.

Defendant NexPoint Advisors, L.P. ("Defendant" or "NexPoint") serves its Objections and

Responses to Plaintiff Highland Capital Management, L.P.'s ("Debtor" or "Highland") Requests

for Admission, Interrogatories, and Requests for Production ("Requests"), as follows:

1

<u>**REQUESTS FOR PRODUCTION**</u>

<u>**Request for Production No. 1**</u>:

All Documents and Communications Concerning the existence of the Agreement.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

<u>**Request for Production No. 2**</u>:

All Documents and Communications Concerning the negotiation of the Agreement.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

<u>**Request for Production No. 3**</u>:

All Documents and Communications Concerning the terms of the Agreement.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

<u>**Request for Production No. 4**</u>:

All Communications Concerning the Agreement between You and (a) James Dondero, or

(b) Nancy Dondero, or (c) Frank Waterhouse, or (d) Your outside auditor(s), or (e) any Class A

shareholders of Highland (*see* paragraph 83 of the Amended Answer) for the period January 1,

2018 to the present.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

2

**Request for Production No. 5:**

All Documents and Communications Concerning Your assertion that "Plaintiff was responsible for making payments on behalf of the Defendant under the note," as alleged in paragraph 80 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request for Production No. 6:**

All Documents and Communications Concerning Your assertion that "[a]ny alleged default under the note was the result of the Plaintiff's negligence, misconduct, breach of contract, etc.," as alleged in paragraph 80 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request for Production No. 7:**

All Documents and Communications Concerning Your assertion that Plaintiff "caused the delay" in the performance of the contract, as alleged in paragraph 81 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request for Production No. 8:**

All Documents and Communications Concerning Your assertion that "Plaintiff has waived the right to accelerate the note and/or the Plaintiff is estopped to enforce the alleged acceleration by accepting payment after the same," as alleged in paragraph 82 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request for Production No. 9:**

All Documents and Communications Concerning Your assertion that NexPoint acted in "good faith," as alleged in paragraph 84 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request for Production No. 10:**

All Documents and Communications Concerning Your assertion that "reasonably equivalent value was provided for any alleged transfer or obligation," as alleged in paragraph 84 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request for Production No. 11:**

Your audited financial statements for the period January 1, 2018 to the present.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, redacted as needed, at a mutually agreeable place and time.

**Request for Production No. 12:**

Your unaudited financial statements for the period January 1, 2018 to the present, to the extent any portion of that time period is not covered by the audited financial statements.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, redacted as needed, at a mutually agreeable place and time.

**Request for Production No. 13:**

For the period January 1, 2018 through the present, all Communications between You and

Your outside auditor(s) concerning the Notes.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request for Production No. 14:**

All Documents and Communications Concerning any compensation that You paid to

James Dondero for each of Your fiscal years 2016, 2017, 2018, and 2019, and 2020.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request for Production No. 15:**

All Documents and Communications Concerning any loan that You ever made to or for

the benefit of James Dondero.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request for Production No. 16:**

All Documents and Communications Concerning any Loan that You ever made to or for

the benefit of James Dondero that You forgave.

5

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request for Production No. 17:**

To the extent not responsive to the prior requests, all Documents and Communications

Concerning each of Your responses to the Interrogatories.

**RESPONSE:**

Defendant objects to this Request because it is vague and not specifically tailored. Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request for Production No. 18:**

All Documents You intend to introduce at trial in this Adversary Proceeding.

**RESPONSE:**

Subject to any scheduling order agreed to by the parties or entered by the Court, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

6

## REQUESTS FOR ADMISSION

**Request for Admission No. 1:**

Admit that You never disclosed the terms of the Agreement to Your outside auditor(s).

**RESPONSE:**

ADMIT.

**Request for Admission No. 2:**

Admit that You never disclosed the existence of the Agreement to Your outside auditor(s).

**RESPONSE:**

ADMIT.

**Request for Admission No. 3:**

Admit that, prior to the commencement of the Adversary Proceeding, You never disclosed the terms of the Agreement to Frank Waterhouse.

**RESPONSE:**

DENY.

**Request for Admission No. 4:**

Admit that, prior to the commencement of the Adversary Proceeding, You never disclosed the existence of the Agreement to Frank Waterhouse.

**RESPONSE:**

DENY.

**Request for Admission No. 5:**

Admit that no document was created prior to the commencement of the Adversary Proceeding that reflects or memorializes the terms of the Agreement.

**RESPONSE:**

ADMIT.

7

**Request for Admission No. 6:**

Admit that no document was created prior to the commencement of the Adversary Proceeding Concerning the existence of the Agreement.

**RESPONSE:**

DENY.

**Request for Admission No. 7:**

Admit that You did not disclose the terms of the Agreement in connection with the Bankruptcy Case at any time prior to March 1, 2021, including in connection with any objection to the Plan or Disclosure Statement.

**RESPONSE:**

DENY.

**Request for Admission No. 8:**

Admit that You did not disclose the existence of the Agreement in connection with the Bankruptcy Case at any time prior to March 1, 2021, including in connection with any objection to the Plan or Disclosure Statement.

**RESPONSE:**

DENY.

8

## <u>INTERROGATORIES</u>

**<u>Interrogatory No. 1</u>:**

Identify the "testimony" that You believe "discusses the existence of [the Agreement] that may be uncovered through discovery in this Adversary Proceeding," including the (a) name of the witness, (b) the substance of the anticipated testimony, and (c) the basis for Your belief. See paragraph 83 of the Amended Answer.

**RESPONSE:**

Defendant objects to this Interrogatory because discovery is ongoing and because the Interrogatory seeks privileged information.

**<u>Interrogatory No. 2</u>:**

Identify the "email correspondence" that You believe "discusses the existence of [the Agreement] that may be uncovered through discovery in this Adversary Proceeding," including the (a) name(s) of the sender(s) and recipient(s) of such email correspondence, (b) the date of any such email correspondence, and (c) the substance of any such e-mail correspondence.

**RESPONSE:**

Defendant objects to this Interrogatory because discovery is ongoing and because the Interrogatory seeks privileged information.

**<u>Interrogatory No. 3</u>:**

Identify each of Your employees, officers, representatives, and agents who knew of the terms and existence of the Agreement prior to March 1, 2021, and for each such person, identify (a) the name of the person, (b) the person's title or connection to You, (c) the date on which the person first learned of the terms and existence of the Agreement, and (d) how and from whom the person first learned of the terms and existence of the Agreement.

**RESPONSE:**

Defendant objects to this Interrogatory to the extent that it seeks privileged information. Subject to this objection, Defendant states that James Dondero and Frank Waterhouse knew of the terms and existence of the Agreement prior to March 1, 2021.

**<u>Interrogatory No. 4:</u>**

Identify all witnesses You intend to call at trial for the Adversary Proceeding.

**RESPONSE:**

Defendant objects to this Interrogatory because it is premature. Defendant will identify any witnesses in accordance with any scheduling order entered by the Court.

10

Dated: September 27, 2021        Respectfully submitted,

*/s/Julian P. Vasek*
Davor Rukavina
State Bar No. 24030781
Thomas D. Berghman
State Bar No. 24082683
Julian P. Vasek.
State Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375
Email:  drukavina@munsch.com
Email: tberghman@munsch.com
Email: jvasek@munsch.com

**ATTORNEYS FOR NEXPOINT ADVISORS, L.P.**

## VERIFICATION

STATE OF TEXAS        )
                      )
COUNTY OF DALLAS      )

On this day, James D. Dondero appeared before me, the undersigned notary public, and upon his oath, certified that he had read DEFENDANT NEXPOINT ADVISORS, L.P.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S INTERROGATORIES and that the facts stated therein are within his personal knowledge and are true and correct to the best of his knowledge, information and belief.

_____
JAMES D. DONDERO

SWORN TO and SUBSCRIBED before me by James D. Dondero on the 27th day of September, 2021.

_____
Notary Public for the State of TX

TARA LOIBEN
Notary Public, State of Texas
Comm. Expires 04-15-2023
Notary ID 128585486

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that, on September 27, 2021, a true and correct copy of the foregoing document was served via email on counsel for the Debtor.

*/s/ Julian P. Vasek*
Julian P. Vasek

13

**Appx. 00576**

# EXHIBIT 28

Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

**ATTORNEYS FOR HIGHLAND CAPITAL MANAGEMENT SERVICES, INC.**

## IN THE UNITED STATES BANKRUPTCY
## COURT FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | Case No. 19-34054-sgj1 1 |
| Debtor. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | Adversary Proceeding No. |
| | § | |
| vs. | § | 21-03006-sgj |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANT HIGHLAND CAPITAL MANAGEMENT SERVICES, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION**

TO:   Highland Capital Management, L.P., by and through its attorneys of record, Zachery Z. Annable, Hayward PLLC, 10501 N. Central Expy., Ste. 106, Dallas, Texas 75231.

Defendant Highland Capital Management Services, Inc. ("Defendant" or "HCMS")

serves its Objections and Responses to Plaintiff Highland Capital Management, L.P.'s ("Debtor"

1

or "<u>Highland</u>") Requests for Admission, Interrogatories, and Requests for Production

("<u>Requests</u>"), as follows:

<h2 style="text-align:center"><u>REQUESTS FOR PRODUCTION</u></h2>

**<u>Request For Production No. 1</u>:**

All Documents and Communications Concerning the existence of the Agreement.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

**<u>Request For Production No. 2</u>:**

All Documents and Communications Concerning the negotiation of the Agreement.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

**<u>Request For Production No. 3</u>:**

All Documents and Communications Concerning the terms of the Agreement.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

**<u>Request For Production No. 4</u>:**

All Communications Concerning the Agreement between You and (a) James Dondero, or

(b) Nancy Dondero, or (c) Frank Waterhouse, or (d) any Class A shareholders of Highland (*see*

paragraph 97 of the Amended Answer), or (e) Your outside auditor(s) for the period January 1,

2018 to the present.

**RESPONSE:**

2

**Appx. 00579**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 5:**

All Documents and Communications Concerning Your assertion that "Plaintiff's claims are barred, in whole or in part, due to waiver," as alleged in paragraph 96 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 6:**

All Documents and Communications Concerning Your assertion that "Plaintiff's claims are barred, in whole or in part, due to estoppel," as alleged in paragraph 95 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 7:**

All Documents and Communications Concerning Your assertion that "Plaintiff's claims are barred in whole or in part by the doctrine of justification and/or repudiation," as alleged in paragraph 94 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 8:**

CORE/3522697.0002/169345241.2

All Documents and Communications Concerning Your assertion that "Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because at all relevant times Defendant HCMS acted in good faith," as alleged in paragraph 98 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 9:**

All Documents and Communications Concerning Your assertion that "Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because the alleged transfer (i.e., the "Alleged Agreement") was . . . for reasonably equivalent value," as alleged in paragraph 99 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 10:**

All Documents and Communications Concerning Your assertion that "Plaintiff's fraudulent transfer claims should be barred, in whole or in part, because there was no intent to hinder, delay, or defraud any creditors of the Debtor by entering into the 'Alleged Agreement'," as alleged in paragraph 100 of the Amended Answer.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 11:**

Your audited financial statements for the period January 1, 2018 to the present.

CORE/3522697.0002/169345241.2

Appx. 00581

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, redacted as needed, at a mutually agreeable place and time.

**Request For Production No. 12:**

Your unaudited financial statements for the period January 1, 2018 to the present, to the

extent any portion of that time period is not covered by the audited financial statements.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, redacted as needed, at a mutually agreeable place and time.

**Request For Production No. 13:**

For the period January 1, 2018 through the present, all Communications between You

and Your outside auditor(s) concerning the Notes.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 14:**

All Documents and Communications Concerning any compensation that You paid to

James Dondero for each of Your fiscal years 2016, 2017, 2018, and 2019, and 2020.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 15:**

CORE/3522697.0002/169345241.2

**Appx. 00582**

All Documents and Communications Concerning any loan that You ever made to or for the benefit of James Dondero.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 16:**

All Documents and Communications Concerning any Loan that You ever made to or for the benefit of James Dondero that You forgave.

**RESPONSE:**

Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 17:**

To the extent not responsive to the prior requests, all Documents and Communications Concerning each of Your responses to the Interrogatories.

**RESPONSE:**

Defendant objects to this Request because it is vague and not specifically tailored. Subject to any restrictions imposed by the Debtor and/or the Bankruptcy Court impeding the collection of responsive documents, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

**Request For Production No. 18:**

All Documents You intend to introduce at trial in this Adversary Proceeding.

**RESPONSE:**

Subject to any scheduling order agreed to by the parties or entered by the Court, Defendant will produce all responsive documents, if any, at a mutually agreeable place and time.

CORE/3522697.0002/169345241.2

**Appx. 00583**

## REQUESTS FOR ADMISSION

**Request For Admission No. 1:**

Admit that You never disclosed the terms of the Agreement to Your outside auditor(s).

**RESPONSE:**

ADMIT.

**Request For Admission No. 2:**

Admit that You never disclosed the existence of the Agreement to Your outside auditor(s).

**RESPONSE:**

ADMIT.

**Request For Admission No. 3:**

Admit that, prior to the commencement of the Adversary Proceeding, You never disclosed the terms of the Agreement to Frank Waterhouse.

**RESPONSE:**

DENY.

**Request For Admission No. 4:**

Admit that, prior to the commencement of the Adversary Proceeding, You never disclosed the existence of the Agreement to Frank Waterhouse.

**RESPONSE:**

DENY.

**Request For Admission No. 5:**

Admit that no document was created prior to the commencement of the Adversary Proceeding that reflects or memorializes the terms of the Agreement.

**RESPONSE:**

7