PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:    jpomerantz@pszjlaw.com
          jmorris@pszjlaw.com
          gdemo@pszjlaw.com
          hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:    MHayward@HaywardFirm.com
          ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

---------------------------------------------------------------------

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Adv. Proc. No. 21-03003-sgj |
| | § | |
| JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § | |
| | § | |
| | § | Case No. 3:21-cv-00881-X |
| Defendants. | § | |
| | § | |

---------------------------------------------------------------------

| | § | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| | § | |
| Plaintiff, | § | Adv. Proc. No. 21-03004-sgj |
| | § | |
| | § | |
| vs. | § | |
| | § | Case No. 3:21-cv-00881-X |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., | § | |
| | § | |
| | § | |
| Defendant. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | Adv. Proc. No. 21-03005-sgj |
| | § | |
| | § | |
| vs. | § | |
| | § | Case No. 3:21-cv-00881-X |
| NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § | |
| | § | |
| | § | |
| Defendants. | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | Adv. Proc. No. 21-03006-sgj |
| | § | |
| vs. | § | |
| | § | Case No. 3:21-cv-00881-X |
| HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § | |
| | § | |
| | § | |
| Defendants. | § | |

| | § | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| | § | Adv. Proc. No. 21-03007-sgj |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | Case No. 3:21-cv-00881-X |
| HCRE PARTNERS, LLC (n/k/a NexPoint | § | |
| Real Estate Partners, LLC), JAMES | § | |
| DONDERO, NANCY DONDERO, AND | § | |
| THE DUGABOY INVESTMENT TRUST, | § | |
| | § | |
| | § | |
| Defendants. | § | |

### DECLARATION OF DAVID KLOS IN SUPPORT OF HIGHLAND CAPITAL MANAGEMENT L.P.'S PROPOSED FORM OF JUDGMENT

I, David Klos, pursuant to 28 U.S.C. § 1746, under penalty of perjury, declare as follows:

1.      I am the Chief Financial Officer ("CFO") of the reorganized Highland Capital Management, L.P. ("Highland"), and I submit this Declaration in support of *Highland Capital Management, L.P.'s Proposed Form of Judgment* (the "Proposed Judgment").  I have personal knowledge of the work and arithmetic calculations described below.

2.      I joined Highland in 2009 and served as Controller from 2017 to 2020 and Chief Accounting Officer from 2020 to February 2021.  At all relevant times, I reported to Frank Waterhouse until he left the company in February 2021.  I was appointed CFO in March 2021 following confirmation of Highland's Plan.[1]

3.      I understand that on July 19, 2022, the Bankruptcy Court rendered a *Report and Recommendation to District Court: Court Should Grant Plaintiff's Motion for Partial*

---

[1] Capitalized terms not defined herein shall have the meanings ascribed in *Highland Capital Management, L.P.'s Amended Memorandum of Law in Support of Motion for Partial Summary Judgment* filed in Adv. Pro. No. 21-03003 at Docket No. 137; Adv. Pro. No. 21-03004 at Docket No. 95; Adv. Pro. No. 21-03005 at Docket No. 136; Adv. Pro. No. 21-03006 at Docket No. 133; and Adv. Pro. No. 21-03007 at Docket No. 128 (the "Motion").

*Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* (the "R&R"),[2] and that in the R&R, the Court directed Highland to "submit a form of Judgment applicable to each Note Maker Defendant that calculates proper amounts due pursuant to th[e] Report and Recommendation, including interest accrued to date (and continuing per diem), as well as attorneys' fees incurred."  R&R at 44-45.

4.      As set forth below, and in accordance with the Court's direction in the R&R, I and others working at my direction have calculated the proper amounts due under each of the sixteen (16) Notes at issue, including (a) unpaid principal and interest due as of August 8, 2022, and (b) the applicable per diem rate of interest at different points in time.

## A. SUMMARY OF PRINCIPAL AND INTERST DUE AS OF AUGUST 8, 2022

5.      Attached as **Exhibit A** is a summary of the amount of principal and unpaid interest due and owing to Highland as of August 8, 2022, on each Note.

6.      **Exhibit A** sets forth (a) an informal name identifier for each Note; (b) the original date of each Note (which is the same day that each Obligor borrowed the principal amount of each Note from Highland); (c) the amount of principal and unpaid interest due and owing as of December 17, 2021 (the date of the calculations used for the Motion), under each Note; (d) the amount of principal and unpaid interest due and owing as of August 8, 2022, under each Note; (e) the amount of interest accruing per day as of August 8, 2022, under each Note (*i.e.*, the "per diem" interest); (f) the future date upon which the per diem interest will change (see further discussion

---

[2] Identical copies of the R&R were filed in Adv. Pro. No. 21-03003 at Docket No. 191; Adv. Pro. No. 21-03004 at Docket No. 163; Adv. Pro. No. 21-03005 at Docket No. 207; Adv. Pro. No. 21-03006 at Docket No. 213; and Adv. Pro. No. 21-03007 at Docket No. 208.

below); and (g) the amount of interest accruing on each Note per day upon the next date that interest is capitalized into principal.

7.　　As shown on **Exhibit A**, the aggregate principal and interest due and owing as of August 8, 2022 is **$59,533,057.65**, with per diem interest of **$8,049.17** as of the same date.[3]

## B.　　METHODOLOGY FOR CALCULATING PRINCIPAL AND INTEREST DUE

8.　　In the ordinary course of business, accounting personnel at Highland working under my direction maintain a schedule of promissory notes issued in exchange for loans made by Highland, including the Notes at issue in these cases (the "Note Schedule"). The Note Schedule is updated monthly to calculate interest due under outstanding promissory notes (again, including each of the Notes at issue) and reconciled to Highland's general ledger.

9.　　Using the Note Schedule as applicable to each Note, interest was calculated through August 8, 2022, based on actual days elapsed at the applicable interest rate for each note, based on a 365-day year. Certain Obligors made payments under certain of their respective Notes between December 17, 2021 and December 31, 2021 (the "Subsequent Payments"). In accordance with the terms of each Note, the Subsequent Payments were applied first to outstanding interest as of December 31, 2021, and then to principal to the extent the amount of any Subsequent Payment exceeded the outstanding unpaid interest as of December 31, 2021. In other words, the Subsequent Payments reduced the total principal and accrued but unpaid interest that otherwise would have been outstanding.

---

[3] For the avoidance of doubt, this amount does not include amounts due and owing by HCMFA under two additional notes issued by HCMFA in February 26, 2014 and February 26, 2016, respectively, which are the subject of a separate collection action commenced by Highland against HCMFA. *See* Adv. Proc. 21-03082-sgj.

10.     To calculate a per diem interest amount for each of the Notes, the outstanding principal balance of each Note as of August 8, 2022, was multiplied by the stated interest rate for that Note and then divided by 365 to determine a per diem amount.

11.     Additionally, and in accordance with the terms of each Note, accrued and unpaid interest is capitalized on the anniversary of the original date of the applicable Note (for example, for a Note dated May 31, 2017, unpaid and outstanding interest is added to the outstanding principal balance on May 31 each year, and outstanding interest is reduced to zero). On these anniversary dates, the per diem amount increases because the outstanding principal amount has increased (in other words, interest is compounding annually).

12.     Accordingly, in addition to providing the per diem amount for each of the Notes as of August 8, 2022, an additional calculation has been included to denote (a) the next date after August 8, 2022, that interest will be capitalized and (b) the new per diem amount from that date until the next anniversary of the original date of the Note.[4]  The calculation of the new per diem amount is identical to the calculation of the current per diem amount, except that rather than using the outstanding principal balance as of August 8, 2022, it uses the outstanding principal balance as of the next date that outstanding interest is scheduled to be capitalized into the principal balance.

C.     **CALCULATION OF PRINCIPAL AND INTEREST DUE UNDER EACH NOTE AS OF AUGUST 8, 2022, AND THE APPLICABLE PER DIEM RATES THEREAFTER**

---

[4] These calculations assume that none of the Obligors will make any further Subsequent Payments under any of the Notes until any judgment that may be entered is satisfied.

13.    Following the methodology described above, attached as **Exhibit B** is a spreadsheet showing that Mr. James Dondero ("Dondero") will owe Highland **$3,873,613.93** in accrued but unpaid principal and interest due under the First Dondero Note (issued on February 2, 2018) as of August 8, 2022, after application of all payments to outstanding principal and interest. As of August 9, 2022, interest will continue to accrue on the First Dondero Note at the rate of **$278.50** per day and will increase to **$285.91** per day on **February 2, 2023.**

14.    Following the methodology described above, attached as **Exhibit C** is a spreadsheet showing that Mr. Dondero will owe Highland **$2,778,356.23** in accrued but unpaid principal and interest due under the Second Dondero Note (issued on August 1, 2018), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on the Second Dondero Note at the rate of **$224.43** per day and will increase to **$231.05** per day on **August 1, 2023.**

15.    Following the methodology described above, attached as **Exhibit D** is a spreadsheet showing that Mr. Dondero will owe Highland **$2,778,339.88** in accrued but unpaid principal and interest due under the Third Dondero Note (issued on August 13, 2018), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on the Third Dondero Note at the rate of **$218.20** per day and will increase to **$224.64** per day on **August 13, 2022.**

16.    Following the methodology described above, attached as **Exhibit E** is a spreadsheet showing that HCMFA will owe Highland **$2,552,628.61** in accrued but unpaid principal and interest due under the First HCMFA Note (issued on May 2, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022,

interest will continue to accrue on the First HCMFA Note at the rate of **$166.08** per day and will increase to **$170.05** per day on **May 2, 2023.**

17.     Following the methodology described above, attached as **Exhibit F** is a spreadsheet showing that HCMFA will owe Highland **$5,317,989.86** in accrued but unpaid principal and interest due under the Second HCMFA Note (issued on May 3, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on the Second HCMFA Note at the rate of **$346.02** per day and will increase to **$354.29** per day on **May 3, 2023.**

18.     Following the methodology described above, attached as **Exhibit G** is a spreadsheet showing that HCMS will owe Highland **$166,196.60** in accrued but unpaid principal and interest due under the First HCMS Demand Note (issued on March 28, 2018), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on the First HCMS Demand Note at the rate of **$12.98** per day and will increase to **$13.35** per day on **March 28, 2023.**

19.     Following the methodology described above, attached as **Exhibit H** is a spreadsheet showing that HCMS will owe Highland **$222,917.23** in accrued but unpaid principal and interest due under the Second HCMS Demand Note (issued on June 25, 2018), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on the Second HCMS Demand Note at the rate of **$18.56** per day and will increase to **$19.13** per day on **June 25, 2023.**

20.     Following the methodology described above, attached as **Exhibit I** is a spreadsheet showing that HCMS will owe Highland **$425,435.63** in accrued but unpaid principal and interest due under the Third HCMS Demand Note (issued on May 29, 2019), as of August 8,

2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue under the Third HCMS Demand Note at the rate of **$27.73** per day and will increase to **$28.39** per day on **May 29, 2023.**

21.     Following the methodology described above, attached as **Exhibit J** is a spreadsheet showing that HCMS will owe Highland **$159,454.92** in accrued but unpaid principal and interest due under the Fourth HCMS Demand Note (issued on June 26, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on the Fourth HCMS Demand Note at the rate of **$10.32** per day and will increase to **$10.57** per day on **June 26, 2023.**

22.     Following the methodology described above, attached as **Exhibit K** is a spreadsheet showing that HCMS will owe Highland **$6,071,718.32** in accrued but unpaid principal and interest due under the HCMS Term Note (issued on May 31, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on the HCMS Term Note at the rate of **$455.09** per day and will increase to **$467.61** per day on **May 31, 2023.**

23.     Following the methodology described above, attached as **Exhibit L** is a spreadsheet showing that HCRE will owe Highland **$195,476.70** in accrued but unpaid principal and interest due under the First HCRE Demand Note (issued on November 27, 2013), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on the First HCRE Demand Note at the rate of **$40.58** per day and will increase to **$43.83** per day on **November 27, 2022.**

24.     Following the methodology described above, attached as **Exhibit M** is a spreadsheet showing that HCRE will owe Highland **$3,551,285.37** in accrued but unpaid principal

and interest due under the Second HCRE Demand Note (issued on October 12, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on the Second HCRE Demand Note at the rate of **$730.34** per day and will increase to **$788.77** per day on **October 12, 2022.**

      25.     Following the methodology described above, attached as **Exhibit N** is a spreadsheet showing that HCRE will owe Highland **$986,472.32** in accrued but unpaid principal and interest due under the Third HCRE Demand Note (issued on October 15, 2018), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on the Third HCRE Demand Note at the rate of **$203.00** per day and will increase to **$219.24** per day on **October 15, 2022.**

      26.     Following the methodology described above, attached as **Exhibit O** is a spreadsheet showing that HCRE will owe Highland **$866,600.77** in accrued but unpaid principal and interest due under the Fourth HCRE Demand Note (issued on September 25, 2019), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue under the Fourth HCRE Demand Note at the rate of **$177.60** per day and will increase to **$191.81** per day on **September 25, 2022.**

      27.     Following the methodology described above, attached as **Exhibit P** is a spreadsheet showing that HCRE will owe Highland **$6,196,688.51** in accrued but unpaid principal and interest due under the HCRE Term Note (issued on May 31, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on the HCRE Term Note at the rate of **$1,337.94** per day and will increase to **$1,444.98** per day on **May 31, 2023.**

28.    Following the methodology described above, attached as **Exhibit Q** is a spreadsheet showing that NexPoint will owe Highland **$23,389,882.79** in accrued but unpaid principal and interest due under the NexPoint Term Note (issued on May 31, 2017), as of August 8, 2022, after application of all payments to outstanding principal and interest.  As of August 9, 2022, interest will continue to accrue on the NexPoint Term Note at the rate of **$3,801.79** per day and will increase to **$4,029.90** per day on **May 31, 2023.**

29.    I declare under penalty of perjury that the forgoing is true and correct.

Dated: August 5, 2022

_____ */s/ David Klos* _____
David Klos

# EXHIBIT A

*Summary\**
*Principal and interest due on various notes as of specific dates, along with per diem amounts and the dates of changes in per diem*

| | Original Date of Note | As of December 17, 2021 | As of August 8, 2022 | Per Diem as of August 8, 2022 | Next date of change in per diem (from capitalization of interest) | Per Diem for next year following date of change in per diem |
|---|---|---|---|---|---|---|
| **Dondero** | | | | | | |
| Dondero #4 | 2/2/2018 | 3,808,783.89 | 3,873,613.93 | $ 278.50 | 2/2/2023 | $ 285.91 |
| Dondero #5 | 8/1/2018 | 2,727,300.55 | 2,778,356.23 | $ 224.43 | 8/1/2023 | $ 231.05 |
| Dondero #6 | 8/13/2018 | 2,727,280.61 | 2,778,339.88 | $ 218.20 | 8/13/2022 | $ 224.64 |
| **Dondero Total** | | $ 9,263,365.05 | $ 9,430,310.03 | $ 721.13 | | |
| | | | | | | |
| Per R&R | | $ 9,263,365.05 | | | | |
| Difference | | - | | | | |
| | | | | | | |
| **Highland Capital Management Fund Advisors, LP (HCMFA)** | | | | | | |
| HCMFA #6 | 5/2/2019 | 2,553,982.49 | 2,552,628.61 | $ 166.08 | 5/2/2023 | $ 170.05 |
| HCMFA #7 | 5/3/2019 | 5,320,453.60 | 5,317,989.86 | $ 346.02 | 5/3/2023 | $ 354.29 |
| **HCMFA Total\*\*** | | $ 7,874,436.09 | $ 7,870,618.47 | $ 512.10 | | |
| | | | | | | |
| Per R&R | | $ 7,874,436.09 | | | | |
| Difference | | - | | | | |
| | | | | | | |
| **HCM Services, Inc. (Demand only)** | | | | | | |
| HCMSI #46 | 3/26/2018 | 166,777.82 | 166,196.60 | $ 12.98 | 3/26/2023 | $ 13.35 |
| HCMSI #47 | 6/25/2018 | 222,082.34 | 222,917.23 | $ 18.56 | 6/25/2023 | $ 19.13 |
| HCMSI #48 | 5/29/2019 | 424,922.32 | 425,435.63 | $ 27.73 | 5/29/2023 | $ 28.39 |
| HCMSI #49 | 6/26/2019 | 158,980.33 | 159,454.92 | $ 10.32 | 6/26/2023 | $ 10.57 |
| **HCM Services Demand Total\*\*** | | $ 972,762.81 | $ 974,004.37 | $ 69.59 | | |
| | | | | | | |
| Per R&R | | $ 972,762.81 | | | | |
| Difference | | - | | | | |
| | | | | | | |
| **HCM Services, Inc. (Term only)** | | | | | | |
| **HCMSI Term\*\*** | 5/31/2017 | $ 6,748,456.31 | $ 6,071,718.32 | $ 455.09 | 5/31/2023 | $ 467.61 |
| | | | | | | |
| Per R&R | | $ 6,748,456.31 | | | | |
| Difference | | - | | | | |
| | | | | | | |
| **HCRE (Demand only)** | | | | | | |
| HCRE #9 | 11/27/2013 | 185,979.85 | 195,476.70 | $ 40.58 | 11/27/2022 | $ 43.83 |
| HCRE #10 | 10/12/2017 | 3,380,385.47 | 3,551,285.37 | $ 730.34 | 10/12/2022 | $ 788.77 |
| HCRE #11 | 10/15/2018 | 938,970.62 | 986,472.32 | $ 203.00 | 10/15/2022 | $ 219.24 |
| HCRE #12 | 9/25/2019 | 825,042.29 | 866,600.77 | $ 177.60 | 9/25/2022 | $ 191.81 |
| **HCRE Demand Total** | | $ 5,330,378.23 | $ 5,599,835.16 | $ 1,151.53 | | |
| | | | | | | |
| Per R&R | | $ 5,330,378.23 | | | | |
| Difference | | - | | | | |
| | | | | | | |
| **HCRE (Term only)** | | | | | | |
| **HCRE Term** | 5/31/2017 | $ 5,899,962.22 | $ 6,196,688.51 | $ 1,337.94 | 5/31/2023 | $ 1,444.98 |
| | | | | | | |
| Per R&R | | $ 5,899,962.22 | | | | |
| Difference | | - | | | | |
| | | | | | | |
| **NexPoint Advisors, LP** | | | | | | |
| **NexPoint Term\*\*** | 5/31/2017 | $ 24,383,877.27 | $ 23,389,882.79 | $ 3,801.79 | 5/31/2023 | $ 4,029.90 |
| | | | | | | |
| Per R&R | | $ 24,383,877.27 | | | | |
| Difference | | - | | | | |
| | | | | | | |
| **Grand Total from Summary Judgment** | | | $ 59,533,057.65 | $ 8,049.17 Per diem | $ 8,523.50 | Future per diem, post-PIK |

*\* Not included above are collection of costs of recovery and attorneys' fees*
*\*\* Note that one or more payments made between December 17, 2021 and August 8, 2022 has been applied to outstanding principal and/or interest.*
*The balances as of August 8, 2022 reflect the application of such payment(s).*

# EXHIBIT B

**Dondero #4**

| | | |
|---|---|---|
| Closing Date | 2/2/2018 | |
| Total Commitment | $ | 3,825,000 |
| Rate | 2.660% | |

| Date | Interest Accrual | Interest Paid | Accrued Interest | Beg Prin Bal | Principal Paid | Ending Prin Bal | Total of Outstanding Principal and Interest (selected dates) | Total Paid |
|---|---|---|---|---|---|---|---|---|
| 2/2/2018 | | | | | | 3,825,000.00 | | |
| 2/28/2018 | 7,247.59 | | 7,247.59 | 3,825,000.00 | | 3,825,000.00 | | |
| 3/31/2018 | 8,641.36 | | 15,888.95 | 3,825,000.00 | | 3,825,000.00 | | |
| 4/30/2018 | 8,362.60 | | 24,251.55 | 3,825,000.00 | | 3,825,000.00 | | |
| 5/31/2018 | 8,641.36 | | 32,892.90 | 3,825,000.00 | | 3,825,000.00 | | |
| 6/30/2018 | 8,362.60 | | 41,255.51 | 3,825,000.00 | | 3,825,000.00 | | |
| 7/31/2018 | 8,641.36 | | 49,896.86 | 3,825,000.00 | | 3,825,000.00 | | |
| 8/31/2018 | 8,641.36 | | 58,538.22 | 3,825,000.00 | | 3,825,000.00 | | |
| 9/30/2018 | 8,362.60 | | 66,900.82 | 3,825,000.00 | | 3,825,000.00 | | |
| 10/31/2018 | 8,641.36 | | 75,542.18 | 3,825,000.00 | | 3,825,000.00 | | |
| 11/30/2018 | 8,362.60 | | 83,904.78 | 3,825,000.00 | | 3,825,000.00 | | |
| 12/31/2018 | 8,641.36 | | 92,546.14 | 3,825,000.00 | | 3,825,000.00 | | |
| 1/31/2019 | 8,641.36 | | 101,187.49 | 3,825,000.00 | | 3,825,000.00 | | |
| 2/2/2019 | 557.51 | (101,745.00) | - | 3,825,000.00 | 101,745.00 | 3,926,745.00 | | - *Annual Compound Interest |
| 2/28/2019 | 7,440.37 | | 7,440.37 | 3,926,745.00 | | 3,926,745.00 | | |
| 3/31/2019 | 8,871.22 | | 16,311.59 | 3,926,745.00 | | 3,926,745.00 | | |
| 4/30/2019 | 8,585.05 | | 24,896.64 | 3,926,745.00 | | 3,926,745.00 | | |
| 5/31/2019 | 8,871.22 | | 33,767.86 | 3,926,745.00 | | 3,926,745.00 | | |
| 6/30/2019 | 8,585.05 | | 42,352.90 | 3,926,745.00 | | 3,926,745.00 | | |
| 7/31/2019 | 8,871.22 | | 51,224.12 | 3,926,745.00 | | 3,926,745.00 | | |
| 8/31/2019 | 8,871.22 | | 60,095.34 | 3,926,745.00 | | 3,926,745.00 | | |
| 9/30/2019 | 8,585.05 | | 68,680.38 | 3,926,745.00 | | 3,926,745.00 | | |
| 10/15/2019 | 4,292.52 | | 72,972.91 | 3,926,745.00 | | 3,926,745.00 | | |
| 10/31/2019 | 4,578.69 | | 77,551.60 | 3,926,745.00 | | 3,926,745.00 | | |
| 11/30/2019 | 8,585.05 | | 86,136.65 | 3,926,745.00 | | 3,926,745.00 | | |
| 12/23/2019 | 6,581.87 | (166,840.32) | (74,121.80) | 3,926,745.00 | (239,475.29) | 3,687,269.71 | | (406,315.61) Principal + interest |
| 12/31/2019 | 2,149.73 | | (71,972.07) | 3,687,269.71 | | 3,687,269.71 | | |
| 1/31/2020 | 8,330.20 | | (63,641.87) | 3,687,269.71 | | 3,687,269.71 | | |
| 2/2/2020 | 537.43 | | (63,104.44) | 3,687,269.71 | - | 3,687,269.71 | | |
| 2/29/2020 | 7,255.33 | | (55,849.11) | 3,687,269.71 | | 3,687,269.71 | | |
| 3/31/2020 | 8,330.20 | | (47,518.91) | 3,687,269.71 | | 3,687,269.71 | | |
| 4/30/2020 | 8,061.48 | | (39,457.43) | 3,687,269.71 | | 3,687,269.71 | | |
| 5/31/2020 | 8,330.20 | | (31,127.23) | 3,687,269.71 | | 3,687,269.71 | | |
| 6/30/2020 | 8,061.48 | | (23,065.74) | 3,687,269.71 | | 3,687,269.71 | | |
| 7/31/2020 | 8,330.20 | | (14,735.55) | 3,687,269.71 | | 3,687,269.71 | | |
| 8/31/2020 | 8,330.20 | | (6,405.35) | 3,687,269.71 | | 3,687,269.71 | | |
| 9/30/2020 | 8,061.48 | | 1,656.14 | 3,687,269.71 | | 3,687,269.71 | | |
| 10/31/2020 | 8,330.20 | | 9,986.34 | 3,687,269.71 | | 3,687,269.71 | | |
| 11/30/2020 | 8,061.48 | | 18,047.82 | 3,687,269.71 | | 3,687,269.71 | | |
| 12/31/2020 | 8,330.20 | | 26,378.02 | 3,687,269.71 | | 3,687,269.71 | | |
| 1/31/2021 | 8,330.20 | | 34,708.22 | 3,687,269.71 | | 3,687,269.71 | | |
| 2/2/2021 | 537.43 | (35,245.65) | - | 3,687,269.71 | 35,245.65 | 3,722,515.36 | | - *Annual Compound Interest |
| 2/28/2021 | 7,053.40 | | 7,053.40 | 3,722,515.36 | | 3,722,515.36 | | |
| 3/31/2021 | 8,409.83 | | 15,463.23 | 3,722,515.36 | | 3,722,515.36 | | |
| 4/30/2021 | 8,138.54 | | 23,601.77 | 3,722,515.36 | | 3,722,515.36 | | |
| 5/31/2021 | 8,409.83 | | 32,011.59 | 3,722,515.36 | | 3,722,515.36 | | |
| 6/30/2021 | 8,138.54 | | 40,150.13 | 3,722,515.36 | | 3,722,515.36 | | |
| 7/31/2021 | 8,409.83 | | 48,559.96 | 3,722,515.36 | | 3,722,515.36 | | |
| 8/31/2021 | 8,409.83 | | 56,969.78 | 3,722,515.36 | | 3,722,515.36 | | |
| 9/30/2021 | 8,138.54 | | 65,108.32 | 3,722,515.36 | | 3,722,515.36 | | |
| 10/31/2021 | 8,409.83 | | 73,518.15 | 3,722,515.36 | | 3,722,515.36 | | |
| 11/30/2021 | 8,138.54 | | 81,656.69 | 3,722,515.36 | | 3,722,515.36 | | |
| 12/17/2021 | 4,611.84 | | 86,268.53 | 3,722,515.36 | | 3,722,515.36 | 3,808,783.89 | |
| 1/31/2022 | 12,207.81 | | 98,476.34 | 3,722,515.36 | | 3,722,515.36 | | |
| 2/2/2022 | 542.57 | (99,018.91) | - | 3,722,515.36 | 99,018.91 | 3,821,534.27 | | - *Annual Compound Interest |
| 2/28/2022 | 7,241.02 | | 7,241.02 | 3,821,534.27 | | 3,821,534.27 | | |
| 3/31/2022 | 8,633.53 | | 15,874.55 | 3,821,534.27 | | 3,821,534.27 | | |
| 4/30/2022 | 8,355.03 | | 24,229.57 | 3,821,534.27 | | 3,821,534.27 | | |
| 5/31/2022 | 8,633.53 | | 32,863.10 | 3,821,534.27 | | 3,821,534.27 | | |
| 6/30/2022 | 8,355.03 | | 41,218.13 | 3,821,534.27 | | 3,821,534.27 | | |
| 7/31/2022 | 8,633.53 | | 49,851.65 | 3,821,534.27 | | 3,821,534.27 | | |
| 8/8/2022 | 2,228.01 | | 52,079.66 | 3,821,534.27 | | 3,821,534.27 | 3,873,613.93 | |
| 9/30/2022 | 14,760.55 | | 66,840.20 | 3,821,534.27 | | 3,821,534.27 | | |
| 10/31/2022 | 8,633.53 | | 75,473.73 | 3,821,534.27 | | 3,821,534.27 | | |
| 11/30/2022 | 8,355.03 | | 83,828.76 | 3,821,534.27 | | 3,821,534.27 | | |
| 12/31/2022 | 8,633.53 | | 92,462.28 | 3,821,534.27 | | 3,821,534.27 | | |
| 1/31/2023 | 8,633.53 | | 101,095.81 | 3,821,534.27 | | 3,821,534.27 | | |
| 2/2/2023 | 557.00 | (101,652.81) | - | 3,821,534.27 | 101,652.81 | 3,923,187.08 | | - *Annual Compound Interest |

# EXHIBIT C

**Dondero #5**

| | |
|---|---|
| Closing Date | 8/1/2018 |
| Total Commitment | $ 2,500,000 |
| Rate | 2.950% |

| Date | Interest Accrual | Interest Paid | Accrued Interest | Beg Prin Bal | Principal Paid | Ending Prin Bal | Total of Outstanding Principal and Interest (selected dates) | Total Paid | |
|---|---|---|---|---|---|---|---|---|---|
| 8/1/2018 | | | | 2,500,000.00 | | 2,500,000.00 | | | |
| 8/31/2018 | 6,061.64 | | 6,061.64 | 2,500,000.00 | | 2,500,000.00 | | | |
| 9/30/2018 | 6,061.64 | | 12,123.29 | 2,500,000.00 | | 2,500,000.00 | | | |
| 10/31/2018 | 6,263.70 | | 18,386.99 | 2,500,000.00 | | 2,500,000.00 | | | |
| 11/30/2018 | 6,061.64 | | 24,448.63 | 2,500,000.00 | | 2,500,000.00 | | | |
| 12/31/2018 | 6,263.70 | | 30,712.33 | 2,500,000.00 | | 2,500,000.00 | | | |
| 1/31/2019 | 6,263.70 | | 36,976.03 | 2,500,000.00 | | 2,500,000.00 | | | |
| 2/28/2019 | 5,657.53 | | 42,633.56 | 2,500,000.00 | | 2,500,000.00 | | | |
| 3/31/2019 | 6,263.70 | | 48,897.26 | 2,500,000.00 | | 2,500,000.00 | | | |
| 4/30/2019 | 6,061.64 | | 54,958.90 | 2,500,000.00 | | 2,500,000.00 | | | |
| 5/31/2019 | 6,263.70 | | 61,222.60 | 2,500,000.00 | | 2,500,000.00 | | | |
| 6/30/2019 | 6,061.64 | | 67,284.25 | 2,500,000.00 | | 2,500,000.00 | | | |
| 7/31/2019 | 6,263.70 | | 73,547.95 | 2,500,000.00 | | 2,500,000.00 | | | |
| 8/1/2019 | 202.05 | (73,750.00) | 6,061.64 | 2,500,000.00 | 73,750.00 | 2,573,750.00 | | - | *Annual Compound Interest |
| 8/31/2019 | 6,240.46 | | 6,240.46 | 2,573,750.00 | | 2,573,750.00 | | | |
| 9/30/2019 | 6,240.46 | | 12,480.92 | 2,573,750.00 | | 2,573,750.00 | | | |
| 10/15/2019 | 3,120.23 | | 15,601.16 | 2,573,750.00 | | 2,573,750.00 | | | |
| 10/31/2019 | 3,328.25 | | 18,929.40 | 2,573,750.00 | | 2,573,750.00 | | | |
| 11/30/2019 | 6,240.46 | | 25,169.86 | 2,573,750.00 | | 2,573,750.00 | | | |
| 12/23/2019 | 4,784.35 | (29,954.22) | (0.00) | 2,573,750.00 | | 2,573,750.00 | | (29,954.22) Interest | |
| 12/31/2019 | 1,664.12 | | 1,664.12 | 2,573,750.00 | | 2,573,750.00 | | | |
| 1/31/2020 | 6,448.48 | | 8,112.60 | 2,573,750.00 | | 2,573,750.00 | | | |
| 2/29/2020 | 6,032.45 | | 14,145.05 | 2,573,750.00 | | 2,573,750.00 | | | |
| 3/31/2020 | 6,448.48 | | 20,593.52 | 2,573,750.00 | | 2,573,750.00 | | | |
| 4/30/2020 | 6,240.46 | | 26,833.99 | 2,573,750.00 | | 2,573,750.00 | | | |
| 5/31/2020 | 6,448.48 | | 33,282.46 | 2,573,750.00 | | 2,573,750.00 | | | |
| 6/30/2020 | 6,240.46 | | 39,522.93 | 2,573,750.00 | | 2,573,750.00 | | | |
| 7/31/2020 | 6,448.48 | | 45,971.41 | 2,573,750.00 | | 2,573,750.00 | | | |
| 8/1/2020 | 208.02 | (46,179.42) | 0.00 | 2,573,750.00 | 46,179.42 | 2,619,929.42 | | - | *Annual Compound Interest |
| 8/31/2020 | 6,352.43 | | 6,352.43 | 2,619,929.42 | | 2,619,929.42 | | | |
| 9/30/2020 | 6,352.43 | | 12,704.86 | 2,619,929.42 | | 2,619,929.42 | | | |
| 10/31/2020 | 6,564.18 | | 19,269.04 | 2,619,929.42 | | 2,619,929.42 | | | |
| 11/30/2020 | 6,352.43 | | 25,621.47 | 2,619,929.42 | | 2,619,929.42 | | | |
| 12/31/2020 | 6,564.18 | | 32,185.65 | 2,619,929.42 | | 2,619,929.42 | | | |
| 1/31/2021 | 6,564.18 | | 38,749.83 | 2,619,929.42 | | 2,619,929.42 | | | |
| 2/28/2021 | 5,928.94 | | 44,678.77 | 2,619,929.42 | | 2,619,929.42 | | | |
| 3/31/2021 | 6,564.18 | | 51,242.95 | 2,619,929.42 | | 2,619,929.42 | | | |
| 4/30/2021 | 6,352.43 | | 57,595.38 | 2,619,929.42 | | 2,619,929.42 | | | |
| 5/31/2021 | 6,564.18 | | 64,159.56 | 2,619,929.42 | | 2,619,929.42 | | | |
| 6/30/2021 | 6,352.43 | | 70,511.99 | 2,619,929.42 | | 2,619,929.42 | | | |
| 7/31/2021 | 6,564.18 | | 77,076.17 | 2,619,929.42 | | 2,619,929.42 | | | |
| 8/1/2021 | 211.75 | (77,287.92) | (0.00) | 2,619,929.42 | 77,287.92 | 2,697,217.34 | | - | *Annual Compound Interest |
| 8/31/2021 | 6,539.83 | | 6,539.83 | 2,697,217.34 | - | 2,697,217.34 | | | |
| 9/30/2021 | 6,539.83 | | 13,079.65 | 2,697,217.34 | | 2,697,217.34 | | | |
| 10/31/2021 | 6,757.82 | | 19,837.48 | 2,697,217.34 | | 2,697,217.34 | | | |
| 11/30/2021 | 6,539.83 | | 26,377.31 | 2,697,217.34 | | 2,697,217.34 | | | |
| 12/17/2021 | 3,705.90 | | 30,083.21 | 2,697,217.34 | | 2,697,217.34 | 2,727,300.55 | | |
| 1/31/2022 | 9,809.74 | | 39,892.95 | 2,697,217.34 | | 2,697,217.34 | | | |
| 2/28/2022 | 6,103.84 | | 45,996.79 | 2,697,217.34 | | 2,697,217.34 | | | |
| 3/31/2022 | 6,757.82 | | 52,754.61 | 2,697,217.34 | | 2,697,217.34 | | | |
| 4/30/2022 | 6,539.83 | | 59,294.44 | 2,697,217.34 | | 2,697,217.34 | | | |
| 5/31/2022 | 6,757.82 | | 66,052.26 | 2,697,217.34 | | 2,697,217.34 | | | |
| 6/30/2022 | 6,539.83 | | 72,592.09 | 2,697,217.34 | | 2,697,217.34 | | | |
| 7/31/2022 | 6,757.82 | | 79,349.92 | 2,697,217.34 | | 2,697,217.34 | | | |
| 8/1/2022 | 217.99 | (79,567.91) | 1,570.98 | 2,697,217.34 | 79,567.91 | 2,776,785.25 | | - | *Annual Compound Interest |
| 8/8/2022 | 1,570.98 | | 1,570.98 | 2,776,785.25 | | 2,776,785.25 | 2,778,356.23 | | |
| 9/30/2022 | 11,894.53 | | 13,465.51 | 2,776,785.25 | | 2,776,785.25 | | | |
| 10/31/2022 | 6,957.18 | | 20,422.68 | 2,776,785.25 | | 2,776,785.25 | | | |
| 11/30/2022 | 6,732.75 | | 27,155.44 | 2,776,785.25 | | 2,776,785.25 | | | |
| 12/31/2022 | 6,957.18 | | 34,112.62 | 2,776,785.25 | | 2,776,785.25 | | | |
| 1/31/2023 | 6,957.18 | | 41,069.79 | 2,776,785.25 | | 2,776,785.25 | | | |
| 2/28/2023 | 6,283.90 | | 47,353.70 | 2,776,785.25 | | 2,776,785.25 | | | |
| 3/31/2023 | 6,957.18 | | 54,310.88 | 2,776,785.25 | | 2,776,785.25 | | | |
| 4/30/2023 | 6,732.75 | | 61,043.63 | 2,776,785.25 | | 2,776,785.25 | | | |
| 5/31/2023 | 6,957.18 | | 68,000.81 | 2,776,785.25 | | 2,776,785.25 | | | |
| 6/30/2023 | 6,732.75 | | 74,733.56 | 2,776,785.25 | | 2,776,785.25 | | | |
| 7/31/2023 | 6,957.18 | | 81,690.74 | 2,776,785.25 | | 2,776,785.25 | | | |
| 8/1/2023 | 224.43 | (81,915.16) | - | 2,776,785.25 | 81,915.16 | 2,858,700.41 | | - | *Annual Compound Interest |

# EXHIBIT D

**Dondero #6**

| | | |
|---|---|---|
| Closing Date | | 8/13/2018 |
| Total Commitment | $ | 2,500,000 |
| Rate | | 2.950% |

| Date | Interest Accrual | Interest Paid | Accrued Interest | Beg Prin Bal | Principal Paid | Ending Prin Bal | Total of Outstanding Principal and Interest (selected dates) | Total Paid | |
|---|---|---|---|---|---|---|---|---|---|
| 8/13/2018 | | | | | | 2,500,000.00 | | | |
| 8/31/2018 | 3,636.99 | | 3,636.99 | 2,500,000.00 | | 2,500,000.00 | | | |
| 9/30/2018 | 6,061.64 | | 9,698.63 | 2,500,000.00 | | 2,500,000.00 | | | |
| 10/31/2018 | 6,263.70 | | 15,962.33 | 2,500,000.00 | | 2,500,000.00 | | | |
| 11/30/2018 | 6,061.64 | | 22,023.97 | 2,500,000.00 | | 2,500,000.00 | | | |
| 12/31/2018 | 6,263.70 | | 28,287.67 | 2,500,000.00 | | 2,500,000.00 | | | |
| 1/31/2019 | 6,263.70 | | 34,551.37 | 2,500,000.00 | | 2,500,000.00 | | | |
| 2/28/2019 | 5,657.53 | | 40,208.90 | 2,500,000.00 | | 2,500,000.00 | | | |
| 3/31/2019 | 6,263.70 | | 46,472.60 | 2,500,000.00 | | 2,500,000.00 | | | |
| 4/30/2019 | 6,061.64 | | 52,534.25 | 2,500,000.00 | | 2,500,000.00 | | | |
| 5/31/2019 | 6,263.70 | | 58,797.95 | 2,500,000.00 | | 2,500,000.00 | | | |
| 6/30/2019 | 6,061.64 | | 64,859.59 | 2,500,000.00 | | 2,500,000.00 | | | |
| 7/31/2019 | 6,263.70 | | 71,123.29 | 2,500,000.00 | | 2,500,000.00 | | | |
| 8/13/2019 | 2,626.71 | (73,750.00) | - | 2,500,000.00 | 73,750.00 | 2,573,750.00 | | - | *Annual Compound Interest |
| 8/31/2019 | 3,744.28 | | 3,744.28 | 2,573,750.00 | | 2,573,750.00 | | | |
| 9/30/2019 | 6,240.46 | | 9,984.74 | 2,573,750.00 | | 2,573,750.00 | | | |
| 10/15/2019 | 3,120.23 | | 13,104.97 | 2,573,750.00 | | 2,573,750.00 | | | |
| 10/31/2019 | 3,328.25 | | 16,433.22 | 2,573,750.00 | | 2,573,750.00 | | | |
| 11/30/2019 | 6,240.46 | | 22,673.68 | 2,573,750.00 | | 2,573,750.00 | | | |
| 12/23/2019 | 4,784.35 | (27,458.03) | 0.00 | 2,573,750.00 | | 2,573,750.00 | | (27,458.03) | Interest |
| 12/31/2019 | 1,664.12 | | 1,664.12 | 2,573,750.00 | | 2,573,750.00 | | | |
| 1/31/2020 | 6,448.48 | | 8,112.61 | 2,573,750.00 | | 2,573,750.00 | | | |
| 2/29/2020 | 6,032.45 | | 14,145.05 | 2,573,750.00 | | 2,573,750.00 | | | |
| 3/31/2020 | 6,448.48 | | 20,593.53 | 2,573,750.00 | | 2,573,750.00 | | | |
| 4/30/2020 | 6,240.46 | | 26,833.99 | 2,573,750.00 | | 2,573,750.00 | | | |
| 5/31/2020 | 6,448.48 | | 33,282.47 | 2,573,750.00 | | 2,573,750.00 | | | |
| 6/30/2020 | 6,240.46 | | 39,522.93 | 2,573,750.00 | | 2,573,750.00 | | | |
| 7/31/2020 | 6,448.48 | | 45,971.41 | 2,573,750.00 | | 2,573,750.00 | | | |
| 8/13/2020 | 2,704.20 | (48,675.61) | 0.00 | 2,573,750.00 | 48,675.61 | 2,622,425.61 | | - | *Annual Compound Interest |
| 8/31/2020 | 3,815.09 | | 3,815.09 | 2,622,425.61 | | 2,622,425.61 | | | |
| 9/30/2020 | 6,358.48 | | 10,173.57 | 2,622,425.61 | | 2,622,425.61 | | | |
| 10/31/2020 | 6,570.43 | | 16,744.01 | 2,622,425.61 | | 2,622,425.61 | | | |
| 11/30/2020 | 6,358.48 | | 23,102.49 | 2,622,425.61 | | 2,622,425.61 | | | |
| 12/31/2020 | 6,570.43 | | 29,672.93 | 2,622,425.61 | | 2,622,425.61 | | | |
| 1/31/2021 | 6,570.43 | | 36,243.36 | 2,622,425.61 | | 2,622,425.61 | | | |
| 2/28/2021 | 5,934.59 | | 42,177.94 | 2,622,425.61 | | 2,622,425.61 | | | |
| 3/31/2021 | 6,570.43 | | 48,748.38 | 2,622,425.61 | | 2,622,425.61 | | | |
| 4/30/2021 | 6,358.48 | | 55,106.86 | 2,622,425.61 | | 2,622,425.61 | | | |
| 5/31/2021 | 6,570.43 | | 61,677.30 | 2,622,425.61 | | 2,622,425.61 | | | |
| 6/30/2021 | 6,358.48 | | 68,035.78 | 2,622,425.61 | | 2,622,425.61 | | | |
| 7/31/2021 | 6,570.43 | | 74,606.21 | 2,622,425.61 | | 2,622,425.61 | | | |
| 8/13/2021 | 2,755.34 | (77,361.56) | (0.00) | 2,622,425.61 | 77,361.56 | 2,699,787.17 | | - | *Annual Compound Interest |
| 8/31/2021 | 3,927.64 | | 3,927.64 | 2,699,787.17 | - | 2,699,787.17 | | | |
| 9/30/2021 | 6,546.06 | | 10,473.69 | 2,699,787.17 | | 2,699,787.17 | | | |
| 10/31/2021 | 6,764.26 | | 17,237.95 | 2,699,787.17 | | 2,699,787.17 | | | |
| 11/30/2021 | 6,546.06 | | 23,784.01 | 2,699,787.17 | | 2,699,787.17 | | | |
| 12/17/2021 | 3,709.43 | | 27,493.44 | 2,699,787.17 | | 2,699,787.17 | 2,727,280.61 | | |
| 1/31/2022 | 9,819.09 | | 37,312.53 | 2,699,787.17 | | 2,699,787.17 | | | |
| 2/28/2022 | 6,109.66 | | 43,422.19 | 2,699,787.17 | | 2,699,787.17 | | | |
| 3/31/2022 | 6,764.26 | | 50,186.45 | 2,699,787.17 | | 2,699,787.17 | | | |
| 4/30/2022 | 6,546.06 | | 56,732.51 | 2,699,787.17 | | 2,699,787.17 | | | |
| 5/31/2022 | 6,764.26 | | 63,496.77 | 2,699,787.17 | | 2,699,787.17 | | | |
| 6/30/2022 | 6,546.06 | | 70,042.83 | 2,699,787.17 | | 2,699,787.17 | | | |
| 8/8/2022 | 8,509.88 | | 78,552.71 | 2,699,787.17 | | 2,699,787.17 | 2,778,339.88 | | |
| 8/13/2022 | 1,091.01 | (79,643.72) | - | 2,699,787.17 | 79,643.72 | 2,779,430.89 | | - | *Annual Compound Interest |

# EXHIBIT E

**HCMFA #6**

| | | | |
|---|---|---|---|
| **Closing Date** | | 5/2/2019 | |
| **Total Commitment** | $ | 2,400,000 | |
| **Rate** | | 2.390% | |

| Date | Interest Accrual | Interest Paid | Accrued Interest | Beg Prin Bal | Principal Paid | Ending Prin Bal | Total of Outstanding Principal and Interest (selected dates) | Total Paid | |
|---|---|---|---|---|---|---|---|---|---|
| 5/2/2019 | | | | | | 2,400,000.00 | | | |
| 5/31/2019 | 4,557.37 | | 4,557.37 | 2,400,000.00 | | 2,400,000.00 | | | |
| 6/30/2019 | 4,714.52 | | 9,271.89 | 2,400,000.00 | | 2,400,000.00 | | | |
| 7/31/2019 | 4,871.67 | | 14,143.56 | 2,400,000.00 | | 2,400,000.00 | | | |
| 8/31/2019 | 4,871.67 | | 19,015.23 | 2,400,000.00 | | 2,400,000.00 | | | |
| 9/30/2019 | 4,714.52 | | 23,729.75 | 2,400,000.00 | | 2,400,000.00 | | | |
| 10/15/2019 | 2,357.26 | | 26,087.01 | 2,400,000.00 | | 2,400,000.00 | | | |
| 10/31/2019 | 2,514.41 | | 28,601.42 | 2,400,000.00 | | 2,400,000.00 | | | |
| 11/30/2019 | 4,714.52 | | 33,315.95 | 2,400,000.00 | | 2,400,000.00 | | | |
| 12/31/2019 | 4,871.67 | | 38,187.62 | 2,400,000.00 | | 2,400,000.00 | | | |
| 1/31/2020 | 4,871.67 | | 43,059.29 | 2,400,000.00 | | 2,400,000.00 | | | |
| 2/29/2020 | 4,557.37 | | 47,616.66 | 2,400,000.00 | | 2,400,000.00 | | | |
| 3/31/2020 | 4,871.67 | | 52,488.33 | 2,400,000.00 | | 2,400,000.00 | | | |
| 4/30/2020 | 4,714.52 | | 57,202.85 | 2,400,000.00 | | 2,400,000.00 | | | |
| 5/2/2020 | 314.30 | (57,517.15) | 0.00 | 2,400,000.00 | 57,517.15 | 2,457,517.15 | | - | *Annual Compound Interest |
| 5/31/2020 | 4,666.59 | | 4,666.59 | 2,457,517.15 | | 2,457,517.15 | | | |
| 6/30/2020 | 4,827.51 | | 9,494.10 | 2,457,517.15 | | 2,457,517.15 | | | |
| 7/31/2020 | 4,988.42 | | 14,482.52 | 2,457,517.15 | | 2,457,517.15 | | | |
| 8/31/2020 | 4,988.42 | | 19,470.94 | 2,457,517.15 | | 2,457,517.15 | | | |
| 9/30/2020 | 4,827.51 | | 24,298.45 | 2,457,517.15 | | 2,457,517.15 | | | |
| 10/31/2020 | 4,988.42 | | 29,286.87 | 2,457,517.15 | | 2,457,517.15 | | | |
| 11/30/2020 | 4,827.51 | | 34,114.38 | 2,457,517.15 | | 2,457,517.15 | | | |
| 12/31/2020 | 4,988.42 | | 39,102.80 | 2,457,517.15 | | 2,457,517.15 | | | |
| 1/31/2021 | 4,988.42 | | 44,091.22 | 2,457,517.15 | | 2,457,517.15 | | | |
| 2/28/2021 | 4,505.67 | | 48,596.90 | 2,457,517.15 | | 2,457,517.15 | | | |
| 3/31/2021 | 4,988.42 | | 53,585.32 | 2,457,517.15 | | 2,457,517.15 | | | |
| 4/30/2021 | 4,827.51 | | 58,412.83 | 2,457,517.15 | | 2,457,517.15 | | | |
| 5/2/2021 | 321.83 | (58,734.66) | - | 2,457,517.15 | 58,734.66 | 2,516,251.81 | | - | *Annual Compound Interest |
| 5/31/2021 | 4,778.12 | | 4,778.12 | 2,516,251.81 | | 2,516,251.81 | | | |
| 6/30/2021 | 4,942.88 | | 9,721.00 | 2,516,251.81 | | 2,516,251.81 | | | |
| 7/31/2021 | 5,107.65 | | 14,828.65 | 2,516,251.81 | | 2,516,251.81 | | | |
| 8/31/2021 | 5,107.65 | | 19,936.30 | 2,516,251.81 | | 2,516,251.81 | | | |
| 9/30/2021 | 4,942.88 | | 24,879.18 | 2,516,251.81 | | 2,516,251.81 | | | |
| 10/31/2021 | 5,107.65 | | 29,986.83 | 2,516,251.81 | | 2,516,251.81 | | | |
| <mark>12/17/2021</mark> | <mark>7,743.85</mark> | | <mark>37,730.68</mark> | <mark>2,516,251.81</mark> | | <mark>2,516,251.81</mark> | <mark>2,553,982.49</mark> | | |
| 12/31/2021 | 2,306.68 | (40,037.36) | | 2,516,251.81 | | 2,516,251.81 | | (40,037.36) | Interest |
| 1/31/2022 | 5,107.65 | | 5,107.64 | 2,516,251.81 | | 2,516,251.81 | | | |
| 2/28/2022 | 4,613.36 | | 9,721.00 | 2,516,251.81 | | 2,516,251.81 | | | |
| 3/31/2022 | 5,107.65 | | 14,828.65 | 2,516,251.81 | | 2,516,251.81 | | | |
| 4/30/2022 | 4,942.88 | | 19,771.53 | 2,516,251.81 | | 2,516,251.81 | | | |
| 5/2/2022 | 329.53 | (20,101.06) | - | 2,516,251.81 | 20,101.06 | 2,536,352.87 | | - | *Annual Compound Interest |
| 5/31/2022 | 4,816.29 | | 4,816.29 | 2,536,352.87 | | 2,536,352.87 | | | |
| 6/30/2022 | 4,982.37 | | 9,798.66 | 2,536,352.87 | | 2,536,352.87 | | | |
| 7/31/2022 | 5,148.45 | | 14,947.11 | 2,536,352.87 | | 2,536,352.87 | | | |
| <mark>8/8/2022</mark> | <mark>1,328.63</mark> | | <mark>16,275.74</mark> | <mark>2,536,352.87</mark> | | <mark>2,536,352.87</mark> | <mark>2,552,628.61</mark> | | |
| 9/30/2022 | 8,802.19 | | 25,077.93 | 2,536,352.87 | | 2,536,352.87 | | | |
| 10/31/2022 | 5,148.45 | | 30,226.38 | 2,536,352.87 | | 2,536,352.87 | | | |
| 11/30/2022 | 4,982.37 | | 35,208.75 | 2,536,352.87 | | 2,536,352.87 | | | |
| 12/31/2022 | 5,148.45 | | 40,357.20 | 2,536,352.87 | | 2,536,352.87 | | | |
| 1/31/2023 | 5,148.45 | | 45,505.64 | 2,536,352.87 | | 2,536,352.87 | | | |
| 2/28/2023 | 4,650.21 | | 50,155.86 | 2,536,352.87 | | 2,536,352.87 | | | |
| 3/31/2023 | 5,148.45 | | 55,304.31 | 2,536,352.87 | | 2,536,352.87 | | | |
| 4/30/2023 | 4,982.37 | | 60,286.68 | 2,536,352.87 | | 2,536,352.87 | | | |
| 5/2/2023 | 332.16 | (60,618.83) | - | 2,536,352.87 | 60,618.83 | 2,596,971.70 | | - | *Annual Compound Interest |

# EXHIBIT F

**HCMFA #7**

| | |
|---|---|
| **Closing Date** | 5/3/2019 |
| **Total Commitment** | $ 5,000,000 |
| **Rate** | 2.390% |

| Date | Interest Accrual | Interest Paid | Accrued Interest | Beg Prin Bal | Principal Paid | Ending Prin Bal | Total of Outstanding Principal and Interest (selected dates) | Total Paid | |
|---|---|---|---|---|---|---|---|---|---|
| 5/3/2019 | | | | | | 5,000,000.00 | | | |
| 5/31/2019 | 9,167.12 | | 9,167.12 | 5,000,000.00 | | 5,000,000.00 | | | |
| 6/30/2019 | 9,821.92 | | 18,989.04 | 5,000,000.00 | | 5,000,000.00 | | | |
| 7/31/2019 | 10,149.32 | | 29,138.36 | 5,000,000.00 | | 5,000,000.00 | | | |
| 8/31/2019 | 10,149.32 | | 39,287.67 | 5,000,000.00 | | 5,000,000.00 | | | |
| 9/30/2019 | 9,821.92 | | 49,109.59 | 5,000,000.00 | | 5,000,000.00 | | | |
| 10/15/2019 | 4,910.96 | | 54,020.55 | 5,000,000.00 | | 5,000,000.00 | | | |
| 10/31/2019 | 5,238.36 | | 59,258.90 | 5,000,000.00 | | 5,000,000.00 | | | |
| 11/30/2019 | 9,821.92 | | 69,080.82 | 5,000,000.00 | | 5,000,000.00 | | | |
| 12/31/2019 | 10,149.32 | | 79,230.14 | 5,000,000.00 | | 5,000,000.00 | | | |
| 1/31/2020 | 10,149.32 | | 89,379.45 | 5,000,000.00 | | 5,000,000.00 | | | |
| 2/29/2020 | 9,494.52 | | 98,873.97 | 5,000,000.00 | | 5,000,000.00 | | | |
| 3/31/2020 | 10,149.32 | | 109,023.29 | 5,000,000.00 | | 5,000,000.00 | | | |
| 4/30/2020 | 9,821.92 | | 118,845.21 | 5,000,000.00 | | 5,000,000.00 | | | |
| 5/3/2020 | 982.19 | (119,827.40) | (0.00) | 5,000,000.00 | 119,827.40 | 5,119,827.40 | | - | *Annual Compound Interest |
| 5/31/2020 | 9,386.82 | | 9,386.82 | 5,119,827.40 | | 5,119,827.40 | | | |
| 6/30/2020 | 10,057.30 | | 19,444.12 | 5,119,827.40 | | 5,119,827.40 | | | |
| 7/31/2020 | 10,392.55 | | 29,836.67 | 5,119,827.40 | | 5,119,827.40 | | | |
| 8/31/2020 | 10,392.55 | | 40,229.22 | 5,119,827.40 | | 5,119,827.40 | | | |
| 9/30/2020 | 10,057.30 | | 50,286.52 | 5,119,827.40 | | 5,119,827.40 | | | |
| 10/31/2020 | 10,392.55 | | 60,679.07 | 5,119,827.40 | | 5,119,827.40 | | | |
| 11/30/2020 | 10,057.30 | | 70,736.37 | 5,119,827.40 | | 5,119,827.40 | | | |
| 12/31/2020 | 10,392.55 | | 81,128.92 | 5,119,827.40 | | 5,119,827.40 | | | |
| 1/31/2021 | 10,392.55 | | 91,521.47 | 5,119,827.40 | | 5,119,827.40 | | | |
| 2/28/2021 | 9,386.82 | | 100,908.29 | 5,119,827.40 | | 5,119,827.40 | | | |
| 3/31/2021 | 10,392.55 | | 111,300.84 | 5,119,827.40 | | 5,119,827.40 | | | |
| 4/30/2021 | 10,057.30 | | 121,358.14 | 5,119,827.40 | | 5,119,827.40 | | | |
| 5/3/2021 | 1,005.73 | (122,363.87) | - | 5,119,827.40 | 122,363.87 | 5,242,191.27 | | - | *Annual Compound Interest |
| 5/31/2021 | 9,611.16 | | 9,611.16 | 5,242,191.27 | | 5,242,191.27 | | | |
| 6/30/2021 | 10,297.67 | | 19,908.84 | 5,242,191.27 | | 5,242,191.27 | | | |
| 7/31/2021 | 10,640.93 | | 30,549.77 | 5,242,191.27 | | 5,242,191.27 | | | |
| 8/31/2021 | 10,640.93 | | 41,190.70 | 5,242,191.27 | | 5,242,191.27 | | | |
| 9/30/2021 | 10,297.67 | | 51,488.37 | 5,242,191.27 | | 5,242,191.27 | | | |
| 10/31/2021 | 10,640.93 | | 62,129.30 | 5,242,191.27 | | 5,242,191.27 | | | |
| 12/17/2021 | 16,133.02 | | 78,262.33 | 5,242,191.27 | | 5,242,191.27 | 5,320,453.60 | | |
| 12/31/2021 | 4,805.58 | (83,053.85) | 14.06 | 5,242,191.27 | | 5,242,191.27 | | (83,053.85) | Interest |
| 1/31/2022 | 10,640.93 | | 10,654.99 | 5,242,191.27 | | 5,242,191.27 | | | |
| 2/28/2022 | 9,611.16 | | 20,266.15 | 5,242,191.27 | | 5,242,191.27 | | | |
| 3/31/2022 | 10,640.93 | | 30,907.08 | 5,242,191.27 | | 5,242,191.27 | | | |
| 4/30/2022 | 10,297.67 | | 41,204.75 | 5,242,191.27 | | 5,242,191.27 | | | |
| 5/3/2022 | 1,029.77 | (42,234.52) | - | 5,242,191.27 | 42,234.52 | 5,284,425.79 | | - | *Annual Compound Interest |
| 5/31/2022 | 9,688.60 | | 9,688.60 | 5,284,425.79 | | 5,284,425.79 | | | |
| 6/30/2022 | 10,380.64 | | 20,069.24 | 5,284,425.79 | | 5,284,425.79 | | | |
| 7/31/2022 | 10,726.66 | | 30,795.90 | 5,284,425.79 | | 5,284,425.79 | | | |
| 8/8/2022 | 2,768.17 | | 33,564.07 | 5,284,425.79 | | 5,284,425.79 | 5,317,989.86 | | |
| 9/30/2022 | 18,339.13 | | 51,903.20 | 5,284,425.79 | | 5,284,425.79 | | | |
| 10/31/2022 | 10,726.66 | | 62,629.86 | 5,284,425.79 | | 5,284,425.79 | | | |
| 11/30/2022 | 10,380.64 | | 73,010.50 | 5,284,425.79 | | 5,284,425.79 | | | |
| 12/31/2022 | 10,726.66 | | 83,737.16 | 5,284,425.79 | | 5,284,425.79 | | | |
| 1/31/2023 | 10,726.66 | | 94,463.82 | 5,284,425.79 | | 5,284,425.79 | | | |
| 2/28/2023 | 9,688.60 | | 104,152.41 | 5,284,425.79 | | 5,284,425.79 | | | |
| 3/31/2023 | 10,726.66 | | 114,879.07 | 5,284,425.79 | | 5,284,425.79 | | | |
| 4/30/2023 | 10,380.64 | | 125,259.71 | 5,284,425.79 | | 5,284,425.79 | | | |
| 5/3/2023 | 1,038.06 | (126,297.78) | - | 5,284,425.79 | 126,297.78 | 5,410,723.57 | | - | *Annual Compound Interest |

# EXHIBIT G

**HCMSI #46**

| | | |
|---|---|---|
| Closing Date | | 3/26/2018 |
| Total Commitment | $ | 150,000 |
| Rate | | 2.880% |

| Date | Interest Accrual | Interest Paid | Accrued Interest | Beg Prin Bal | Principal Paid | Ending Prin Bal | Total of Outstanding Principal and Interest (selected dates) | Total Paid | |
|---|---|---|---|---|---|---|---|---|---|
| 3/26/2018 | | | | | | 150,000.00 | | | |
| 3/31/2018 | 59.18 | | 59.18 | 150,000.00 | | 150,000.00 | | | |
| 4/30/2018 | 355.07 | | 414.25 | 150,000.00 | | 150,000.00 | | | |
| 5/31/2018 | 366.90 | | 781.15 | 150,000.00 | | 150,000.00 | | | |
| 6/30/2018 | 355.07 | | 1,136.22 | 150,000.00 | | 150,000.00 | | | |
| 7/31/2018 | 366.90 | | 1,503.12 | 150,000.00 | | 150,000.00 | | | |
| 8/31/2018 | 366.90 | | 1,870.03 | 150,000.00 | | 150,000.00 | | | |
| 9/30/2018 | 355.07 | | 2,225.10 | 150,000.00 | | 150,000.00 | | | |
| 10/31/2018 | 366.90 | | 2,592.00 | 150,000.00 | | 150,000.00 | | | |
| 11/30/2018 | 355.07 | | 2,947.07 | 150,000.00 | | 150,000.00 | | | |
| 12/31/2018 | 366.90 | | 3,313.97 | 150,000.00 | | 150,000.00 | | | |
| 1/31/2019 | 366.90 | | 3,680.88 | 150,000.00 | | 150,000.00 | | | |
| 2/28/2019 | 331.40 | | 4,012.27 | 150,000.00 | | 150,000.00 | | | |
| 3/26/2019 | 307.73 | (4,320.00) | - | 150,000.00 | 4,320.00 | 154,320.00 | | - | *Annual Compound Interest |
| 3/31/2019 | 60.88 | | 60.88 | 154,320.00 | | 154,320.00 | | | |
| 4/30/2019 | 365.29 | | 426.18 | 154,320.00 | | 154,320.00 | | | |
| 5/31/2019 | 377.47 | | 803.65 | 154,320.00 | | 154,320.00 | | | |
| 6/30/2019 | 365.29 | | 1,168.94 | 154,320.00 | | 154,320.00 | | | |
| 7/31/2019 | 377.47 | | 1,546.41 | 154,320.00 | | 154,320.00 | | | |
| 8/31/2019 | 377.47 | | 1,923.88 | 154,320.00 | | 154,320.00 | | | |
| 9/30/2019 | 365.29 | | 2,289.18 | 154,320.00 | | 154,320.00 | | | |
| 10/15/2019 | 182.65 | | 2,471.83 | 154,320.00 | | 154,320.00 | | | |
| 10/31/2019 | 194.82 | | 2,666.65 | 154,320.00 | | 154,320.00 | | | |
| 11/30/2019 | 365.29 | | 3,031.94 | 154,320.00 | | 154,320.00 | | | |
| 12/31/2019 | 377.47 | | 3,409.42 | 154,320.00 | | 154,320.00 | | | |
| 1/31/2020 | 377.47 | | 3,786.89 | 154,320.00 | | 154,320.00 | | | |
| 2/29/2020 | 353.12 | | 4,140.00 | 154,320.00 | | 154,320.00 | | | |
| 3/26/2020 | 316.59 | (4,456.59) | 0.00 | 154,320.00 | 4,456.59 | 158,776.59 | | - | *Annual Compound Interest |
| 3/31/2020 | 62.64 | | 62.64 | 158,776.59 | | 158,776.59 | | | |
| 4/30/2020 | 375.84 | | 438.49 | 158,776.59 | | 158,776.59 | | | |
| 5/31/2020 | 388.37 | | 826.86 | 158,776.59 | | 158,776.59 | | | |
| 6/30/2020 | 375.84 | | 1,202.70 | 158,776.59 | | 158,776.59 | | | |
| 7/31/2020 | 388.37 | | 1,591.07 | 158,776.59 | | 158,776.59 | | | |
| 8/31/2020 | 388.37 | | 1,979.45 | 158,776.59 | | 158,776.59 | | | |
| 9/30/2020 | 375.84 | | 2,355.29 | 158,776.59 | | 158,776.59 | | | |
| 10/31/2020 | 388.37 | | 2,743.66 | 158,776.59 | | 158,776.59 | | | |
| 11/30/2020 | 375.84 | | 3,119.51 | 158,776.59 | | 158,776.59 | | | |
| 12/31/2020 | 388.37 | | 3,507.88 | 158,776.59 | | 158,776.59 | | | |
| 1/31/2021 | 388.37 | | 3,896.25 | 158,776.59 | | 158,776.59 | | | |
| 2/28/2021 | 350.79 | | 4,247.04 | 158,776.59 | | 158,776.59 | | | |
| 3/26/2021 | 325.73 | (4,572.77) | - | 158,776.59 | 4,572.77 | 163,349.36 | | - | *Annual Compound Interest |
| 3/31/2021 | 64.44 | | 64.44 | 163,349.36 | | 163,349.36 | | | |
| 4/30/2021 | 386.67 | | 451.11 | 163,349.36 | | 163,349.36 | | | |
| 5/31/2021 | 399.56 | | 850.67 | 163,349.36 | | 163,349.36 | | | |
| 6/30/2021 | 386.67 | | 1,237.34 | 163,349.36 | | 163,349.36 | | | |
| 7/31/2021 | 399.56 | | 1,636.89 | 163,349.36 | | 163,349.36 | | | |
| 8/31/2021 | 399.56 | | 2,036.45 | 163,349.36 | | 163,349.36 | | | |
| 9/30/2021 | 386.67 | | 2,423.12 | 163,349.36 | | 163,349.36 | | | |
| 10/31/2021 | 399.56 | | 2,822.68 | 163,349.36 | | 163,349.36 | | | |
| **12/17/2021** | **605.78** | | **3,428.46** | **163,349.36** | | **163,349.36** | **166,777.82** | | |
| 12/31/2021 | 180.45 | (3,608.90) | 0.00 | 163,349.36 | | 163,349.36 | | (3,608.90) Interest | |
| 1/31/2022 | 399.56 | | 399.56 | 163,349.36 | | 163,349.36 | | | |
| 2/28/2022 | 360.89 | | 760.45 | 163,349.36 | | 163,349.36 | | | |
| 3/26/2022 | 335.11 | (1,095.56) | - | 163,349.36 | 1,095.56 | 164,444.92 | | - | *Annual Compound Interest |
| 3/31/2022 | 64.88 | | 64.88 | 164,444.92 | | 164,444.92 | | | |
| 4/30/2022 | 389.26 | | 454.14 | 164,444.92 | | 164,444.92 | | | |
| 5/31/2022 | 402.24 | | 856.38 | 164,444.92 | | 164,444.92 | | | |
| 6/30/2022 | 389.26 | | 1,245.64 | 164,444.92 | | 164,444.92 | | | |
| 7/31/2022 | 402.24 | | 1,647.87 | 164,444.92 | | 164,444.92 | | | |
| **8/8/2022** | **103.80** | | **1,751.68** | **164,444.92** | | **164,444.92** | **166,196.60** | | |
| 9/30/2022 | 687.70 | | 2,439.37 | 164,444.92 | | 164,444.92 | | | |
| 10/31/2022 | 402.24 | | 2,841.61 | 164,444.92 | | 164,444.92 | | | |
| 11/30/2022 | 389.26 | | 3,230.87 | 164,444.92 | | 164,444.92 | | | |
| 12/31/2022 | 402.24 | | 3,633.11 | 164,444.92 | | 164,444.92 | | | |
| 1/31/2023 | 402.24 | | 4,035.34 | 164,444.92 | | 164,444.92 | | | |
| 3/26/2023 | 700.67 | (4,736.01) | - | 164,444.92 | 4,736.01 | 169,180.93 | | - | *Annual Compound Interest |

# EXHIBIT H

**HCMSI #47**

| | |
|---|---|
| **Closing Date** | 6/25/2018 |
| **Total Commitment** | $ 200,000 |
| **Rate** | 3.050% |

| Date | Interest Accrual | Interest Paid | Accrued Interest | Beg Prin Bal | Principal Paid | Ending Prin Bal | Total of Outstanding Principal and Interest (selected dates) | Total Paid |
|---|---|---|---|---|---|---|---|---|
| 6/25/2018 | | | | 200,000.00 | | | | |
| 6/30/2018 | 83.56 | | 83.56 | 200,000.00 | | 200,000.00 | | |
| 7/31/2018 | 518.08 | | 601.64 | 200,000.00 | | 200,000.00 | | |
| 8/31/2018 | 518.08 | | 1,119.73 | 200,000.00 | | 200,000.00 | | |
| 9/30/2018 | 501.37 | | 1,621.10 | 200,000.00 | | 200,000.00 | | |
| 10/31/2018 | 518.08 | | 2,139.18 | 200,000.00 | | 200,000.00 | | |
| 11/30/2018 | 501.37 | | 2,640.55 | 200,000.00 | | 200,000.00 | | |
| 12/31/2018 | 518.08 | | 3,158.63 | 200,000.00 | | 200,000.00 | | |
| 1/31/2019 | 518.08 | | 3,676.71 | 200,000.00 | | 200,000.00 | | |
| 2/28/2019 | 467.95 | | 4,144.66 | 200,000.00 | | 200,000.00 | | |
| 3/31/2019 | 518.08 | | 4,662.74 | 200,000.00 | | 200,000.00 | | |
| 4/30/2019 | 501.37 | | 5,164.11 | 200,000.00 | | 200,000.00 | | |
| 5/31/2019 | 518.08 | | 5,682.19 | 200,000.00 | | 200,000.00 | | |
| 6/25/2019 | 417.81 | (6,100.00) | - | 200,000.00 | 6,100.00 | 206,100.00 | - | *Annual Compound Interest |
| 6/30/2019 | 86.11 | | 86.11 | 206,100.00 | | 206,100.00 | | |
| 7/31/2019 | 533.88 | | 619.99 | 206,100.00 | | 206,100.00 | | |
| 8/31/2019 | 533.88 | | 1,153.88 | 206,100.00 | | 206,100.00 | | |
| 9/30/2019 | 516.66 | | 1,670.54 | 206,100.00 | | 206,100.00 | | |
| 10/15/2019 | 258.33 | | 1,928.87 | 206,100.00 | | 206,100.00 | | |
| 10/31/2019 | 275.55 | | 2,204.42 | 206,100.00 | | 206,100.00 | | |
| 11/30/2019 | 516.66 | | 2,721.08 | 206,100.00 | | 206,100.00 | | |
| 12/31/2019 | 533.88 | | 3,254.97 | 206,100.00 | | 206,100.00 | | |
| 1/31/2020 | 533.88 | | 3,788.85 | 206,100.00 | | 206,100.00 | | |
| 2/29/2020 | 499.44 | | 4,288.29 | 206,100.00 | | 206,100.00 | | |
| 3/31/2020 | 533.88 | | 4,822.18 | 206,100.00 | | 206,100.00 | | |
| 4/30/2020 | 516.66 | | 5,338.84 | 206,100.00 | | 206,100.00 | | |
| 5/31/2020 | 533.88 | | 5,872.72 | 206,100.00 | | 206,100.00 | | |
| 6/25/2020 | 430.55 | (6,303.27) | 0.00 | 206,100.00 | 6,303.27 | 212,403.27 | - | *Annual Compound Interest |
| 6/30/2020 | 88.74 | | 88.75 | 212,403.27 | | 212,403.27 | | |
| 7/31/2020 | 550.21 | | 638.96 | 212,403.27 | | 212,403.27 | | |
| 8/31/2020 | 550.21 | | 1,189.17 | 212,403.27 | | 212,403.27 | | |
| 9/30/2020 | 532.46 | | 1,721.63 | 212,403.27 | | 212,403.27 | | |
| 10/31/2020 | 550.21 | | 2,271.84 | 212,403.27 | | 212,403.27 | | |
| 11/30/2020 | 532.46 | | 2,804.31 | 212,403.27 | | 212,403.27 | | |
| 12/31/2020 | 550.21 | | 3,354.52 | 212,403.27 | | 212,403.27 | | |
| 1/31/2021 | 550.21 | | 3,904.73 | 212,403.27 | | 212,403.27 | | |
| 2/28/2021 | 496.97 | | 4,401.70 | 212,403.27 | | 212,403.27 | | |
| 3/31/2021 | 550.21 | | 4,951.91 | 212,403.27 | | 212,403.27 | | |
| 4/30/2021 | 532.46 | | 5,484.37 | 212,403.27 | | 212,403.27 | | |
| 5/31/2021 | 550.21 | | 6,034.58 | 212,403.27 | | 212,403.27 | | |
| 6/25/2021 | 443.72 | (6,478.30) | - | 212,403.27 | 6,478.30 | 218,881.57 | - | *Annual Compound Interest |
| 6/30/2021 | 91.45 | | 91.45 | 218,881.57 | | 218,881.57 | | |
| 7/31/2021 | 566.99 | | 658.44 | 218,881.57 | | 218,881.57 | | |
| 8/31/2021 | 566.99 | | 1,225.44 | 218,881.57 | | 218,881.57 | | |
| 9/30/2021 | 548.70 | | 1,774.14 | 218,881.57 | | 218,881.57 | | |
| 10/31/2021 | 566.99 | | 2,341.13 | 218,881.57 | | 218,881.57 | | |
| 12/17/2021 | 859.63 | | 3,200.77 | 218,881.57 | | 218,881.57 | 222,082.34 | |
| 12/31/2021 | 256.06 | (3,456.83) | (0.00) | 218,881.57 | | 218,881.57 | | (3,456.83) *Interest* |
| 1/31/2022 | 566.99 | | 566.99 | 218,881.57 | | 218,881.57 | | |
| 2/28/2022 | 512.12 | | 1,079.12 | 218,881.57 | | 218,881.57 | | |
| 3/31/2022 | 566.99 | | 1,646.11 | 218,881.57 | | 218,881.57 | | |
| 4/30/2022 | 548.70 | | 2,194.81 | 218,881.57 | | 218,881.57 | | |
| 5/31/2022 | 566.99 | | 2,761.81 | 218,881.57 | | 218,881.57 | | |
| 6/25/2022 | 457.25 | (3,219.06) | - | 218,881.57 | 3,219.06 | 222,100.63 | - | *Annual Compound Interest |
| 6/30/2022 | 92.80 | | 92.80 | 222,100.63 | | 222,100.63 | | |
| 7/31/2022 | 575.33 | | 668.13 | 222,100.63 | | 222,100.63 | | |
| 8/8/2022 | 148.47 | | 816.60 | 222,100.63 | | 222,100.63 | 222,917.23 | |
| 9/30/2022 | 983.63 | | 1,800.23 | 222,100.63 | | 222,100.63 | | |
| 10/31/2022 | 575.33 | | 2,375.56 | 222,100.63 | | 222,100.63 | | |
| 11/30/2022 | 556.77 | | 2,932.34 | 222,100.63 | | 222,100.63 | | |
| 12/31/2022 | 575.33 | | 3,507.67 | 222,100.63 | | 222,100.63 | | |
| 1/31/2023 | 575.33 | | 4,083.00 | 222,100.63 | | 222,100.63 | | |
| 2/28/2023 | 519.65 | | 4,602.66 | 222,100.63 | | 222,100.63 | | |
| 3/31/2023 | 575.33 | | 5,177.99 | 222,100.63 | | 222,100.63 | | |
| 4/30/2023 | 556.77 | | 5,734.76 | 222,100.63 | | 222,100.63 | | |
| 5/31/2023 | 575.33 | | 6,310.09 | 222,100.63 | | 222,100.63 | | |
| 6/25/2023 | 463.98 | (6,774.07) | - | 222,100.63 | 6,774.07 | 228,874.70 | - | *Annual Compound Interest |

# EXHIBIT I

**HCMSI #48**

| | | |
|---|---|---|
| **Closing Date** | 5/29/2019 | |
| **Total Commitment** | $ | 400,000 |
| **Rate** | 2.390% | |

| Date | Interest Accrual | Interest Paid | Accrued Interest | Beg Prin Bal | Principal Paid | Ending Prin Bal | Total of Outstanding Principal and Interest (selected dates) | Total Paid |
|---|---|---|---|---|---|---|---|---|
| 5/29/2019 | | | | | | 400,000.00 | | |
| 5/31/2019 | 52.38 | | 52.38 | 400,000.00 | | 400,000.00 | | |
| 6/30/2019 | 785.75 | | 838.14 | 400,000.00 | | 400,000.00 | | |
| 7/31/2019 | 811.95 | | 1,650.08 | 400,000.00 | | 400,000.00 | | |
| 8/31/2019 | 811.95 | | 2,462.03 | 400,000.00 | | 400,000.00 | | |
| 9/30/2019 | 785.75 | | 3,247.78 | 400,000.00 | | 400,000.00 | | |
| 10/15/2019 | 392.88 | | 3,640.66 | 400,000.00 | | 400,000.00 | | |
| 10/31/2019 | 419.07 | | 4,059.73 | 400,000.00 | | 400,000.00 | | |
| 11/30/2019 | 785.75 | | 4,845.48 | 400,000.00 | | 400,000.00 | | |
| 12/31/2019 | 811.95 | | 5,657.42 | 400,000.00 | | 400,000.00 | | |
| 1/31/2020 | 811.95 | | 6,469.37 | 400,000.00 | | 400,000.00 | | |
| 2/29/2020 | 759.56 | | 7,228.93 | 400,000.00 | | 400,000.00 | | |
| 3/31/2020 | 811.95 | | 8,040.88 | 400,000.00 | | 400,000.00 | | |
| 4/30/2020 | 785.75 | | 8,826.63 | 400,000.00 | | 400,000.00 | | |
| 5/29/2020 | 759.56 | (9,586.19) | 0.00 | 400,000.00 | 9,586.19 | 409,586.19 | | - *Annual Compound Interest |
| 5/31/2020 | 53.64 | | 53.64 | 409,586.19 | | 409,586.19 | | |
| 6/30/2020 | 804.58 | | 858.23 | 409,586.19 | | 409,586.19 | | |
| 7/31/2020 | 831.40 | | 1,689.63 | 409,586.19 | | 409,586.19 | | |
| 8/31/2020 | 831.40 | | 2,521.03 | 409,586.19 | | 409,586.19 | | |
| 9/30/2020 | 804.58 | | 3,325.62 | 409,586.19 | | 409,586.19 | | |
| 10/31/2020 | 831.40 | | 4,157.02 | 409,586.19 | | 409,586.19 | | |
| 11/30/2020 | 804.58 | | 4,961.61 | 409,586.19 | | 409,586.19 | | |
| 12/31/2020 | 831.40 | | 5,793.01 | 409,586.19 | | 409,586.19 | | |
| 1/31/2021 | 831.40 | | 6,624.41 | 409,586.19 | | 409,586.19 | | |
| 2/28/2021 | 750.95 | | 7,375.36 | 409,586.19 | | 409,586.19 | | |
| 3/31/2021 | 831.40 | | 8,206.76 | 409,586.19 | | 409,586.19 | | |
| 4/30/2021 | 804.58 | | 9,011.35 | 409,586.19 | | 409,586.19 | | |
| 5/29/2021 | 777.76 | (9,789.11) | - | 409,586.19 | 9,789.11 | 419,375.30 | | - *Annual Compound Interest |
| 5/31/2021 | 54.92 | | 54.92 | 419,375.30 | | 419,375.30 | | |
| 6/30/2021 | 823.81 | | 878.73 | 419,375.30 | | 419,375.30 | | |
| 7/31/2021 | 851.27 | | 1,730.01 | 419,375.30 | | 419,375.30 | | |
| 8/31/2021 | 851.27 | | 2,581.28 | 419,375.30 | | 419,375.30 | | |
| 9/30/2021 | 823.81 | | 3,405.10 | 419,375.30 | | 419,375.30 | | |
| 10/31/2021 | 851.27 | | 4,256.37 | 419,375.30 | | 419,375.30 | | |
| 12/17/2021 | 1,290.64 | | 5,547.01 | 419,375.30 | | 419,375.30 | 424,922.32 | |
| 12/31/2021 | 384.45 | (5,931.46) | 0.00 | 419,375.30 | | 419,375.30 | | (5,931.46) Interest |
| 1/31/2022 | 851.27 | | 851.27 | 419,375.30 | | 419,375.30 | | |
| 2/28/2022 | 768.89 | | 1,620.17 | 419,375.30 | | 419,375.30 | | |
| 3/31/2022 | 851.27 | | 2,471.44 | 419,375.30 | | 419,375.30 | | |
| 4/30/2022 | 823.81 | | 3,295.26 | 419,375.30 | | 419,375.30 | | |
| 5/29/2022 | 796.35 | (4,091.61) | - | 419,375.30 | 4,091.61 | 423,466.91 | | - *Annual Compound Interest |
| 5/31/2022 | 55.46 | | 55.46 | 423,466.91 | | 423,466.91 | | |
| 6/30/2022 | 831.85 | | 887.31 | 423,466.91 | | 423,466.91 | | |
| 7/31/2022 | 859.58 | | 1,746.89 | 423,466.91 | | 423,466.91 | | |
| 8/8/2022 | 221.83 | | 1,968.72 | 423,466.91 | | 423,466.91 | 425,435.63 | |
| 9/30/2022 | 1,469.60 | | 3,438.32 | 423,466.91 | | 423,466.91 | | |
| 10/31/2022 | 859.58 | | 4,297.90 | 423,466.91 | | 423,466.91 | | |
| 11/30/2022 | 831.85 | | 5,129.75 | 423,466.91 | | 423,466.91 | | |
| 12/31/2022 | 859.58 | | 5,989.33 | 423,466.91 | | 423,466.91 | | |
| 1/31/2023 | 859.58 | | 6,848.91 | 423,466.91 | | 423,466.91 | | |
| 2/28/2023 | 776.39 | | 7,625.30 | 423,466.91 | | 423,466.91 | | |
| 3/31/2023 | 859.58 | | 8,484.88 | 423,466.91 | | 423,466.91 | | |
| 4/30/2023 | 831.85 | | 9,316.74 | 423,466.91 | | 423,466.91 | | |
| 5/29/2023 | 804.12 | (10,120.86) | - | 423,466.91 | 10,120.86 | 433,587.77 | | - *Annual Compound Interest |

# EXHIBIT J

**HCMSI #49**

| | |
|---|---|
| Closing Date | 6/26/2019 |
| Total Commitment | $ 150,000 |
| Rate | 2.370% |
| Note: | Payable On Demand; compounded annually on anniversary date |

| Date | Interest Accrual | Interest Paid | Accrued Interest | Beg Prin Bal | Principal Paid | Ending Prin Bal | Total of Outstanding Principal and Interest (selected dates) | Total Paid |
|---|---|---|---|---|---|---|---|---|
| 6/26/2019 | | | | | | 150,000.00 | | |
| 6/30/2019 | 38.96 | | 38.96 | 150,000.00 | | 150,000.00 | | |
| 7/31/2019 | 301.93 | | 340.89 | 150,000.00 | | 150,000.00 | | |
| 8/31/2019 | 301.93 | | 642.82 | 150,000.00 | | 150,000.00 | | |
| 9/30/2019 | 292.19 | | 935.01 | 150,000.00 | | 150,000.00 | | |
| 10/15/2019 | 146.10 | | 1,081.11 | 150,000.00 | | 150,000.00 | | |
| 10/31/2019 | 155.84 | | 1,236.95 | 150,000.00 | | 150,000.00 | | |
| 11/30/2019 | 292.19 | | 1,529.14 | 150,000.00 | | 150,000.00 | | |
| 12/31/2019 | 301.93 | | 1,831.07 | 150,000.00 | | 150,000.00 | | |
| 1/31/2020 | 301.93 | | 2,133.00 | 150,000.00 | | 150,000.00 | | |
| 2/29/2020 | 282.45 | | 2,415.45 | 150,000.00 | | 150,000.00 | | |
| 3/31/2020 | 301.93 | | 2,717.38 | 150,000.00 | | 150,000.00 | | |
| 4/30/2020 | 292.19 | | 3,009.58 | 150,000.00 | | 150,000.00 | | |
| 5/31/2020 | 301.93 | | 3,311.51 | 150,000.00 | | 150,000.00 | | |
| 6/26/2020 | 253.23 | (3,564.74) | (0.00) | 150,000.00 | 3,564.74 | 153,564.74 | | - *Annual Compound Interest* |
| 6/30/2020 | 39.88 | | 39.88 | 153,564.74 | | 153,564.74 | | |
| 7/31/2020 | 309.11 | | 348.99 | 153,564.74 | | 153,564.74 | | |
| 8/31/2020 | 309.11 | | 658.10 | 153,564.74 | | 153,564.74 | | |
| 9/30/2020 | 299.14 | | 957.23 | 153,564.74 | | 153,564.74 | | |
| 10/31/2020 | 309.11 | | 1,266.34 | 153,564.74 | | 153,564.74 | | |
| 11/30/2020 | 299.14 | | 1,565.48 | 153,564.74 | | 153,564.74 | | |
| 12/31/2020 | 309.11 | | 1,874.58 | 153,564.74 | | 153,564.74 | | |
| 1/31/2021 | 309.11 | | 2,183.69 | 153,564.74 | | 153,564.74 | | |
| 2/28/2021 | 279.19 | | 2,462.88 | 153,564.74 | | 153,564.74 | | |
| 3/31/2021 | 309.11 | | 2,771.99 | 153,564.74 | | 153,564.74 | | |
| 4/30/2021 | 299.14 | | 3,071.13 | 153,564.74 | | 153,564.74 | | |
| 5/31/2021 | 309.11 | | 3,380.23 | 153,564.74 | | 153,564.74 | | |
| 6/26/2021 | 259.25 | (3,639.48) | - | 153,564.74 | 3,639.48 | 157,204.22 | | - *Annual Compound Interest* |
| 6/30/2021 | 40.83 | | 40.83 | 157,204.22 | | 157,204.22 | | |
| 7/31/2021 | 316.43 | | 357.26 | 157,204.22 | | 157,204.22 | | |
| 8/31/2021 | 316.43 | | 673.70 | 157,204.22 | | 157,204.22 | | |
| 9/30/2021 | 306.23 | | 979.92 | 157,204.22 | | 157,204.22 | | |
| 10/31/2021 | 316.43 | | 1,296.35 | 157,204.22 | | 157,204.22 | | |
| 12/17/2021 | 479.75 | | 1,776.11 | 157,204.22 | | 157,204.22 | 158,980.33 | |
| 12/31/2021 | 142.91 | (1,919.01) | 0.00 | 157,204.22 | | 157,204.22 | | (1,919.01) *Interest* |
| 1/31/2022 | 316.43 | | 316.43 | 157,204.22 | | 157,204.22 | | |
| 2/28/2022 | 285.81 | | 602.24 | 157,204.22 | | 157,204.22 | | |
| 3/31/2022 | 316.43 | | 918.68 | 157,204.22 | | 157,204.22 | | |
| 4/30/2022 | 306.23 | | 1,224.90 | 157,204.22 | | 157,204.22 | | |
| 5/31/2022 | 316.43 | | 1,541.33 | 157,204.22 | | 157,204.22 | | |
| 6/26/2022 | 265.40 | (1,806.73) | - | 157,204.22 | 1,806.73 | 159,010.95 | | - *Annual Compound Interest* |
| 6/30/2022 | 41.30 | | 41.30 | 159,010.95 | | 159,010.95 | | |
| 7/31/2022 | 320.07 | | 361.37 | 159,010.95 | | 159,010.95 | | |
| 8/8/2022 | 82.60 | | 443.97 | 159,010.95 | | 159,010.95 | 159,454.92 | |
| 9/30/2022 | 547.22 | | 991.18 | 159,010.95 | | 159,010.95 | | |
| 10/31/2022 | 320.07 | | 1,311.25 | 159,010.95 | | 159,010.95 | | |
| 11/30/2022 | 309.74 | | 1,621.00 | 159,010.95 | | 159,010.95 | | |
| 12/31/2022 | 320.07 | | 1,941.07 | 159,010.95 | | 159,010.95 | | |
| 1/31/2023 | 320.07 | | 2,261.14 | 159,010.95 | | 159,010.95 | | |
| 2/28/2023 | 289.09 | | 2,550.23 | 159,010.95 | | 159,010.95 | | |
| 3/31/2023 | 320.07 | | 2,870.30 | 159,010.95 | | 159,010.95 | | |
| 4/30/2023 | 309.74 | | 3,180.04 | 159,010.95 | | 159,010.95 | | |
| 5/31/2023 | 320.07 | | 3,500.11 | 159,010.95 | | 159,010.95 | | |
| 6/26/2023 | 268.45 | (3,768.56) | - | 159,010.95 | 3,768.56 | 162,779.51 | | - *Annual Compound Interest* |

# EXHIBIT K

**HCMSI Term**

| | | |
|---|---|---|
| Closing Date | | 5/31/2017 |
| Total Commitment | $ | 20,247,628 |
| Rate | | 2.750% |

| Date | Interest Accrual | Interest Paid | Accrued Interest | Beg Prin Bal | Principal Paid | Ending Prin Bal | Total of Outstanding Principal and Interest (selected dates) | Total Paid | |
|---|---|---|---|---|---|---|---|---|---|
| 5/31/2017 | | | | 20,247,628.02 | | 20,247,628.02 | | | |
| 5/31/2017 | - | | - | 20,247,628.02 | | 20,247,628.02 | | | |
| 6/23/2017 | 35,086.64 | (35,086.64) | - | 20,247,628.02 | (950,129.80) | 19,297,498.22 | | (985,216.44) | |
| 6/30/2017 | 10,177.45 | | 10,177.45 | 19,297,498.22 | | 19,297,498.22 | | - | |
| 7/6/2017 | 8,723.53 | (18,900.97) | - | 19,297,498.22 | (888,395.28) | 18,409,102.95 | | (907,296.25) | |
| 7/18/2017 | 16,643.85 | (16,643.85) | 0.00 | 18,409,102.95 | (1,014,819.85) | 17,394,283.10 | | (1,031,463.70) | |
| 7/31/2017 | 17,036.87 | | 17,036.87 | 17,394,283.10 | | 17,394,283.10 | | - | |
| 8/25/2017 | 32,763.20 | (199,329.33) | (149,529.26) | 17,394,283.10 | (1,771,930.80) | 15,622,352.30 | | (1,971,260.13) | |
| 8/31/2017 | 7,062.16 | | (142,467.10) | 15,622,352.30 | | 15,622,352.30 | | - | |
| 9/30/2017 | 35,310.80 | | (107,156.30) | 15,622,352.30 | | 15,622,352.30 | | - | |
| 10/31/2017 | 34,847.82 | | (70,668.48) | 15,622,352.30 | | 15,622,352.30 | | - | |
| 11/30/2017 | 35,310.80 | | (35,357.68) | 15,622,352.30 | | 15,622,352.30 | | - | |
| 12/21/2017 | 24,717.56 | (10,640.13) | (1,500,000.00) | 14,122,352.30 | | 14,122,352.30 | | (1,500,000.00) | |
| 12/31/2017 | 10,640.13 | | 0.00 | 14,122,352.30 | | 14,122,352.30 | | - | |
| 1/31/2018 | 32,984.40 | | 32,984.40 | 14,122,352.30 | | 14,122,352.30 | | - | |
| 2/28/2018 | 29,792.36 | | 62,776.76 | 14,122,352.30 | | 14,122,352.30 | | - | |
| 3/31/2018 | 32,984.40 | | 95,761.16 | 14,122,352.30 | | 14,122,352.30 | | - | |
| 4/30/2018 | 31,920.39 | | 127,681.54 | 14,122,352.30 | | 14,122,352.30 | | - | |
| 5/31/2018 | 32,984.40 | (160,665.94) | 0.00 | 14,122,352.30 | 160,665.94 | 14,283,018.24 | | - | *Annual Compound Interest* |
| 6/30/2018 | 32,283.53 | | 32,283.54 | 14,283,018.24 | | 14,283,018.24 | | - | |
| 7/31/2018 | 33,359.65 | | 65,643.19 | 14,283,018.24 | | 14,283,018.24 | | - | |
| 8/31/2018 | 33,359.65 | | 99,002.84 | 14,283,018.24 | | 14,283,018.24 | | - | |
| 9/30/2018 | 32,283.53 | | 131,286.37 | 14,283,018.24 | | 14,283,018.24 | | - | |
| 10/8/2018 | 8,608.94 | (412,000.00) | (272,104.68) | 14,283,018.24 | (588,000.00) | 13,695,018.24 | | (1,000,000.00) | *Principal and interest* |
| 10/31/2018 | 23,731.78 | | (248,372.91) | 13,695,018.24 | | 13,695,018.24 | | - | |
| 11/30/2018 | 30,954.49 | | (217,418.41) | 13,695,018.24 | | 13,695,018.24 | | - | |
| 12/31/2018 | 31,986.31 | | (185,432.10) | 13,695,018.24 | | 13,695,018.24 | | - | |
| 1/31/2019 | 31,986.31 | | (153,445.79) | 13,695,018.24 | | 13,695,018.24 | | - | |
| 2/28/2019 | 28,890.86 | | (124,554.93) | 13,695,018.24 | | 13,695,018.24 | | - | |
| 3/5/2019 | 5,159.08 | (37,904.91) | (157,300.76) | 13,695,018.24 | (977,095.09) | 12,717,923.15 | | (1,015,000.00) | *Principal and interest* |
| 3/31/2019 | 24,913.19 | | (132,387.57) | 12,717,923.15 | | 12,717,923.15 | | - | |
| 4/30/2019 | 28,745.99 | | (103,641.58) | 12,717,923.15 | | 12,717,923.15 | | - | |
| 5/31/2019 | 29,704.19 | | (73,937.39) | 12,717,923.15 | | 12,717,923.15 | | - | |
| 6/30/2019 | 28,745.99 | | (45,191.40) | 12,717,923.15 | | 12,717,923.15 | | - | |
| 7/31/2019 | 29,704.19 | | (15,487.21) | 12,717,923.15 | | 12,717,923.15 | | - | |
| 8/9/2019 | 8,623.80 | | (6,863.41) | 12,717,923.15 | (550,000.00) | 12,167,923.15 | | (550,000.00) | *Principal* |
| 8/21/2019 | 11,001.14 | (4,137.73) | (0.00) | 12,167,923.15 | (5,595,862.27) | 6,572,060.88 | | (5,600,000.00) | *Principal and interest* |
| 8/31/2019 | 4,951.55 | | 4,951.55 | 6,572,060.88 | | 6,572,060.88 | | - | |
| 9/30/2019 | 14,854.66 | | 19,806.21 | 6,572,060.88 | | 6,572,060.88 | | - | |
| 10/15/2019 | 7,427.33 | | 27,233.54 | 6,572,060.88 | | 6,572,060.88 | | - | |
| 10/31/2019 | 7,922.48 | | 35,156.02 | 6,572,060.88 | | 6,572,060.88 | | - | |
| 11/30/2019 | 14,854.66 | | 50,010.68 | 6,572,060.88 | | 6,572,060.88 | | - | |
| 12/30/2019 | 14,854.66 | (65,360.49) | (495.15) | 6,572,060.88 | | 6,572,060.88 | | (65,360.49) | *Interest* |
| 12/31/2019 | 495.16 | | 0.00 | 6,572,060.88 | | 6,572,060.88 | | - | |
| 1/31/2020 | 15,349.81 | | 15,349.82 | 6,572,060.88 | | 6,572,060.88 | | - | |
| 2/29/2020 | 14,359.50 | | 29,709.32 | 6,572,060.88 | | 6,572,060.88 | | - | |
| 3/31/2020 | 15,349.81 | | 45,059.13 | 6,572,060.88 | | 6,572,060.88 | | - | |
| 4/30/2020 | 14,854.66 | | 59,913.79 | 6,572,060.88 | | 6,572,060.88 | | - | |
| 5/31/2020 | 15,349.81 | (75,263.60) | - | 6,572,060.88 | 75,263.60 | 6,647,324.48 | | - | *Annual Compound Interest* |
| 6/30/2020 | 15,024.77 | | 15,024.77 | 6,647,324.48 | | 6,647,324.48 | | - | |
| 7/31/2020 | 15,525.60 | | 30,550.37 | 6,647,324.48 | | 6,647,324.48 | | - | |
| 8/31/2020 | 15,525.60 | | 46,075.98 | 6,647,324.48 | | 6,647,324.48 | | - | |
| 9/30/2020 | 15,024.77 | | 61,100.75 | 6,647,324.48 | | 6,647,324.48 | | - | |
| 10/31/2020 | 15,525.60 | | 76,626.35 | 6,647,324.48 | | 6,647,324.48 | | - | |
| 11/30/2020 | 15,024.77 | | 91,651.12 | 6,647,324.48 | | 6,647,324.48 | | - | |
| 12/31/2020 | 15,525.60 | | 107,176.72 | 6,647,324.48 | | 6,647,324.48 | | - | |
| 1/21/2021 | 10,517.34 | (117,694.07) | - | 6,647,324.48 | (63,532.76) | 6,583,791.72 | | (181,226.83) | *Principal and interest* |
| 1/31/2021 | 4,960.39 | | 4,960.39 | 6,583,791.72 | | 6,583,791.72 | | - | |
| 2/28/2021 | 18,849.49 | | 18,849.49 | 6,583,791.72 | | 6,583,791.72 | | - | |
| 3/31/2021 | 15,377.21 | | 34,226.70 | 6,583,791.72 | | 6,583,791.72 | | - | |
| 4/30/2021 | 14,881.17 | | 49,107.87 | 6,583,791.72 | | 6,583,791.72 | | - | |
| 5/31/2021 | 15,377.21 | (64,485.08) | - | 6,583,791.72 | 64,485.08 | 6,648,276.80 | | - | *Annual Compound Interest* |
| 6/30/2021 | 15,026.93 | | 15,026.93 | 6,648,276.80 | | 6,648,276.80 | | - | |
| 7/31/2021 | 15,527.82 | | 30,554.75 | 6,648,276.80 | | 6,648,276.80 | | - | |
| 8/31/2021 | 15,527.82 | | 46,082.58 | 6,648,276.80 | | 6,648,276.80 | | - | |
| 9/30/2021 | 15,026.93 | | 61,109.50 | 6,648,276.80 | | 6,648,276.80 | | - | |
| 10/31/2021 | 15,527.82 | | 76,637.33 | 6,648,276.80 | | 6,648,276.80 | | - | |
| 12/17/2021 | 23,542.19 | | 100,179.51 | 6,648,276.80 | | 6,648,276.80 | 6,748,456.31 | - | |
| 12/31/2021 | 7,012.57 | (107,192.08) | (0.00) | 6,648,276.80 | (675,905.80) | 5,972,371.00 | | (783,097.88) | *Principal and interest* |
| 1/31/2022 | 13,949.17 | | 13,949.17 | 5,972,371.00 | | 5,972,371.00 | | - | |
| 2/28/2022 | 12,599.25 | | 26,548.42 | 5,972,371.00 | | 5,972,371.00 | | - | |
| 3/31/2022 | 13,949.17 | | 40,497.58 | 5,972,371.00 | | 5,972,371.00 | | - | |
| 4/30/2022 | 13,499.19 | | 53,996.78 | 5,972,371.00 | | 5,972,371.00 | | - | |
| 5/31/2022 | 13,949.17 | (67,945.95) | - | 5,972,371.00 | 67,945.95 | 6,040,316.95 | | - | *Annual Compound Interest* |
| 6/30/2022 | 13,652.77 | | 13,652.77 | 6,040,316.95 | | 6,040,316.95 | | - | |
| 7/31/2022 | 14,107.86 | | 27,760.63 | 6,040,316.95 | | 6,040,316.95 | | - | |
| 8/8/2022 | 3,640.74 | | 31,401.37 | 6,040,316.95 | | 6,040,316.95 | 6,071,718.32 | - | |
| 9/30/2022 | 24,119.90 | | 55,521.27 | 6,040,316.95 | | 6,040,316.95 | | - | |
| 10/31/2022 | 14,107.86 | | 69,629.13 | 6,040,316.95 | | 6,040,316.95 | | - | |
| 11/30/2022 | 13,652.77 | | 83,281.90 | 6,040,316.95 | | 6,040,316.95 | | - | |
| 12/31/2022 | 14,107.86 | | 97,389.77 | 6,040,316.95 | | 6,040,316.95 | | - | |
| 1/31/2023 | 14,107.86 | | 111,497.63 | 6,040,316.95 | | 6,040,316.95 | | - | |
| 2/28/2023 | 12,742.59 | | 124,240.22 | 6,040,316.95 | | 6,040,316.95 | | - | |
| 3/31/2023 | 14,107.86 | | 138,348.08 | 6,040,316.95 | | 6,040,316.95 | | - | |
| 4/30/2023 | 13,652.77 | | 152,000.85 | 6,040,316.95 | | 6,040,316.95 | | - | |
| 5/31/2023 | 14,107.86 | (166,108.72) | - | 6,040,316.95 | 166,108.72 | 6,206,425.66 | | - | *Annual Compound Interest* |

# EXHIBIT L

**HCRE #9**

| | | |
|---|---|---|
| Closing Date | | 11/27/2013 |
| Total Commitment | $ | 100,000 |
| Rate | | 8.000% |

| Date | Interest Accrual | Interest Paid | Accrued Interest | Beg Prin Bal | Principal Paid | Ending Prin Bal | Total of Outstanding Principal and Interest (selected dates) | Total Paid |
|---|---|---|---|---|---|---|---|---|
| 11/27/2013 | | | | | | 100,000.00 | | |
| 11/30/2013 | 65.75 | | 65.75 | 100,000.00 | | 100,000.00 | | |
| 12/31/2013 | 679.45 | | 745.21 | 100,000.00 | | 100,000.00 | | |
| 1/31/2014 | 679.45 | | 1,424.66 | 100,000.00 | | 100,000.00 | | |
| 2/28/2014 | 613.70 | | 2,038.36 | 100,000.00 | | 100,000.00 | | |
| 3/31/2014 | 679.45 | | 2,717.81 | 100,000.00 | | 100,000.00 | | |
| 4/30/2014 | 657.53 | | 3,375.34 | 100,000.00 | | 100,000.00 | | |
| 5/31/2014 | 679.45 | | 4,054.79 | 100,000.00 | | 100,000.00 | | |
| 6/30/2014 | 657.53 | | 4,712.33 | 100,000.00 | | 100,000.00 | | |
| 7/31/2014 | 679.45 | | 5,391.78 | 100,000.00 | | 100,000.00 | | |
| 8/31/2014 | 679.45 | | 6,071.23 | 100,000.00 | | 100,000.00 | | |
| 9/30/2014 | 657.53 | | 6,728.77 | 100,000.00 | | 100,000.00 | | |
| 10/31/2014 | 679.45 | | 7,408.22 | 100,000.00 | | 100,000.00 | | |
| 11/27/2014 | 591.78 | (8,000.00) | - | 100,000.00 | 8,000.00 | 108,000.00 | | - *Annual Compound Interest |
| 11/30/2014 | 71.01 | | 71.01 | 108,000.00 | | 108,000.00 | | |
| 12/31/2014 | 733.81 | | 804.82 | 108,000.00 | | 108,000.00 | | |
| 1/31/2015 | 733.81 | | 1,538.63 | 108,000.00 | | 108,000.00 | | |
| 2/28/2015 | 662.79 | | 2,201.42 | 108,000.00 | | 108,000.00 | | |
| 3/31/2015 | 733.81 | | 2,935.23 | 108,000.00 | | 108,000.00 | | |
| 4/30/2015 | 710.14 | | 3,645.37 | 108,000.00 | | 108,000.00 | | |
| 5/31/2015 | 733.81 | | 4,379.18 | 108,000.00 | | 108,000.00 | | |
| 6/30/2015 | 710.14 | | 5,089.32 | 108,000.00 | | 108,000.00 | | |
| 7/31/2015 | 733.81 | | 5,823.12 | 108,000.00 | | 108,000.00 | | |
| 8/31/2015 | 733.81 | | 6,556.93 | 108,000.00 | | 108,000.00 | | |
| 9/30/2015 | 710.14 | | 7,267.07 | 108,000.00 | | 108,000.00 | | |
| 10/31/2015 | 733.81 | | 8,000.88 | 108,000.00 | | 108,000.00 | | |
| 11/27/2015 | 639.12 | (8,640.00) | - | 108,000.00 | 8,640.00 | 116,640.00 | | - *Annual Compound Interest |
| 11/30/2015 | 76.69 | | 76.69 | 116,640.00 | | 116,640.00 | | |
| 12/31/2015 | 792.51 | | 869.21 | 116,640.00 | | 116,640.00 | | |
| 1/31/2016 | 792.51 | | 1,661.72 | 116,640.00 | | 116,640.00 | | |
| 2/29/2016 | 741.38 | | 2,403.10 | 116,640.00 | | 116,640.00 | | |
| 3/31/2016 | 792.51 | | 3,195.62 | 116,640.00 | | 116,640.00 | | |
| 4/30/2016 | 766.95 | | 3,962.56 | 116,640.00 | | 116,640.00 | | |
| 5/31/2016 | 792.51 | | 4,755.08 | 116,640.00 | | 116,640.00 | | |
| 6/30/2016 | 766.95 | | 5,522.03 | 116,640.00 | | 116,640.00 | | |
| 7/31/2016 | 792.51 | | 6,314.54 | 116,640.00 | | 116,640.00 | | |
| 8/31/2016 | 792.51 | | 7,107.05 | 116,640.00 | | 116,640.00 | | |
| 9/30/2016 | 766.95 | | 7,874.00 | 116,640.00 | | 116,640.00 | | |
| 10/31/2016 | 792.51 | | 8,666.51 | 116,640.00 | | 116,640.00 | | |
| 11/27/2016 | 690.25 | (9,356.76) | 0.00 | 116,640.00 | 9,356.76 | 125,996.76 | | - *Annual Compound Interest |
| 11/30/2016 | 82.85 | | 82.85 | 125,996.76 | | 125,996.76 | | |
| 12/31/2016 | 856.09 | | 938.94 | 125,996.76 | | 125,996.76 | | |
| 1/31/2017 | 856.09 | | 1,795.03 | 125,996.76 | | 125,996.76 | | |
| 2/28/2017 | 773.24 | | 2,568.27 | 125,996.76 | | 125,996.76 | | |
| 3/31/2017 | 856.09 | | 3,424.36 | 125,996.76 | | 125,996.76 | | |
| 4/30/2017 | 828.47 | | 4,252.83 | 125,996.76 | | 125,996.76 | | |
| 5/31/2017 | 856.09 | | 5,108.91 | 125,996.76 | | 125,996.76 | | |
| 6/30/2017 | 828.47 | | 5,937.39 | 125,996.76 | | 125,996.76 | | |
| 7/31/2017 | 856.09 | | 6,793.47 | 125,996.76 | | 125,996.76 | | |
| 8/31/2017 | 856.09 | | 7,649.56 | 125,996.76 | | 125,996.76 | | |
| 9/30/2017 | 828.47 | | 8,478.03 | 125,996.76 | | 125,996.76 | | |
| 10/31/2017 | 856.09 | | 9,334.12 | 125,996.76 | | 125,996.76 | | |
| 11/27/2017 | 745.62 | (10,079.75) | (0.00) | 125,996.76 | 10,079.75 | 136,076.51 | | - *Annual Compound Interest |
| 11/30/2017 | 89.47 | | 89.47 | 136,076.51 | | 136,076.51 | | |
| 12/31/2017 | 924.57 | | 1,014.05 | 136,076.51 | | 136,076.51 | | |
| 1/31/2018 | 924.57 | | 1,938.62 | 136,076.51 | | 136,076.51 | | |
| 2/28/2018 | 835.10 | | 2,773.72 | 136,076.51 | | 136,076.51 | | |
| 3/31/2018 | 924.57 | | 3,698.29 | 136,076.51 | | 136,076.51 | | |
| 4/30/2018 | 894.75 | | 4,593.04 | 136,076.51 | | 136,076.51 | | |
| 5/31/2018 | 924.57 | | 5,517.62 | 136,076.51 | | 136,076.51 | | |
| 6/30/2018 | 894.75 | | 6,412.37 | 136,076.51 | | 136,076.51 | | |
| 7/31/2018 | 924.57 | | 7,336.94 | 136,076.51 | | 136,076.51 | | |
| 8/31/2018 | 924.57 | | 8,261.52 | 136,076.51 | | 136,076.51 | | |
| 9/30/2018 | 894.75 | | 9,156.27 | 136,076.51 | | 136,076.51 | | |
| 10/31/2018 | 924.57 | | 10,080.84 | 136,076.51 | | 136,076.51 | | |
| 11/27/2018 | 805.27 | (10,886.12) | (0.00) | 136,076.51 | 10,886.12 | 146,962.63 | | - *Annual Compound Interest |
| 11/30/2018 | 96.63 | | 96.63 | 146,962.63 | | 146,962.63 | | |
| 12/31/2018 | 998.54 | | 1,095.17 | 146,962.63 | | 146,962.63 | | |
| 1/31/2019 | 998.54 | | 2,093.71 | 146,962.63 | | 146,962.63 | | |
| 2/28/2019 | 901.91 | | 2,995.62 | 146,962.63 | | 146,962.63 | | |
| 3/31/2019 | 998.54 | | 3,994.16 | 146,962.63 | | 146,962.63 | | |
| 4/30/2019 | 966.33 | | 4,960.49 | 146,962.63 | | 146,962.63 | | |
| 5/31/2019 | 998.54 | | 5,959.03 | 146,962.63 | | 146,962.63 | | |
| 6/30/2019 | 966.33 | | 6,925.36 | 146,962.63 | | 146,962.63 | | |
| 7/31/2019 | 998.54 | | 7,923.90 | 146,962.63 | | 146,962.63 | | |
| 8/31/2019 | 998.54 | | 8,922.44 | 146,962.63 | | 146,962.63 | | |
| 9/30/2019 | 966.33 | | 9,888.77 | 146,962.63 | | 146,962.63 | | |
| 10/15/2019 | 483.16 | | 10,371.93 | 146,962.63 | | 146,962.63 | | |
| 10/31/2019 | 515.38 | | 10,887.31 | 146,962.63 | | 146,962.63 | | |
| 11/27/2019 | 869.70 | (11,757.01) | (0.00) | 146,962.63 | 11,757.01 | 158,719.64 | | - *Annual Compound Interest |

**HCRE #9**

| | | |
|---|---|---|
| **Closing Date** | 11/27/2013 | |
| **Total Commitment** | $ | 100,000 |
| **Rate** | 8.000% | |

| Date | Interest Accrual | Interest Paid | Accrued Interest | Beg Prin Bal | Principal Paid | Ending Prin Bal | Total of Outstanding Principal and Interest (selected dates) | Total Paid | |
|---|---|---|---|---|---|---|---|---|---|
| 11/30/2019 | 104.36 | | 104.36 | 158,719.64 | | 158,719.64 | | | |
| 12/31/2019 | 1,078.42 | | 1,182.78 | 158,719.64 | | 158,719.64 | | | |
| 1/31/2020 | 1,078.42 | | 2,261.21 | 158,719.64 | | 158,719.64 | | | |
| 2/29/2020 | 1,008.85 | | 3,270.06 | 158,719.64 | | 158,719.64 | | | |
| 3/31/2020 | 1,078.42 | | 4,348.48 | 158,719.64 | | 158,719.64 | | | |
| 4/30/2020 | 1,043.64 | | 5,392.12 | 158,719.64 | | 158,719.64 | | | |
| 5/31/2020 | 1,078.42 | | 6,470.54 | 158,719.64 | | 158,719.64 | | | |
| 6/30/2020 | 1,043.64 | | 7,514.18 | 158,719.64 | | 158,719.64 | | | |
| 7/31/2020 | 1,078.42 | | 8,592.60 | 158,719.64 | | 158,719.64 | | | |
| 8/31/2020 | 1,078.42 | | 9,671.02 | 158,719.64 | | 158,719.64 | | | |
| 9/30/2020 | 1,043.64 | | 10,714.66 | 158,719.64 | | 158,719.64 | | | |
| 10/31/2020 | 1,078.42 | | 11,793.08 | 158,719.64 | | 158,719.64 | | | |
| 11/27/2020 | 939.27 | (12,732.36) | (0.00) | 158,719.64 | 12,732.36 | 171,452.00 | | - | *Annual Compound Interest |
| 11/30/2020 | 112.74 | | 112.75 | 171,452.00 | | 171,452.00 | | | |
| 12/31/2020 | 1,164.93 | | 1,277.67 | 171,452.00 | | 171,452.00 | | | |
| 1/21/2021 | 789.15 | - | 2,066.81 | 171,452.00 | - | 171,452.00 | | | |
| 1/31/2021 | 375.79 | | 2,442.60 | 171,452.00 | | 171,452.00 | | | |
| 2/28/2021 | 1,052.20 | | 3,494.80 | 171,452.00 | | 171,452.00 | | | |
| 3/31/2021 | 1,164.93 | | 4,659.73 | 171,452.00 | | 171,452.00 | | | |
| 4/30/2021 | 1,127.36 | | 5,787.09 | 171,452.00 | | 171,452.00 | | | |
| 5/31/2021 | 1,164.93 | | 6,952.02 | 171,452.00 | | 171,452.00 | | | |
| 6/30/2021 | 1,127.36 | | 8,079.38 | 171,452.00 | | 171,452.00 | | | |
| 7/31/2021 | 1,164.93 | | 9,244.31 | 171,452.00 | | 171,452.00 | | | |
| 8/31/2021 | 1,164.93 | | 10,409.25 | 171,452.00 | | 171,452.00 | | | |
| 9/30/2021 | 1,127.36 | | 11,536.60 | 171,452.00 | | 171,452.00 | | | |
| 10/31/2021 | 1,164.93 | | 12,701.54 | 171,452.00 | | 171,452.00 | | | |
| 11/27/2021 | 1,014.62 | (13,716.16) | - | 171,452.00 | 13,716.16 | 185,168.16 | | - | *Annual Compound Interest |
| 11/30/2021 | 121.75 | | 121.75 | 185,168.16 | | 185,168.16 | | | |
| 12/17/2021 | 689.94 | | 811.70 | 185,168.16 | | 185,168.16 | 185,979.85 | | |
| 1/31/2022 | 1,826.32 | | 2,638.01 | 185,168.16 | | 185,168.16 | | | |
| 2/28/2022 | 1,136.37 | | 3,774.39 | 185,168.16 | | 185,168.16 | | | |
| 3/31/2022 | 1,258.13 | | 5,032.52 | 185,168.16 | | 185,168.16 | | | |
| 4/30/2022 | 1,217.54 | | 6,250.06 | 185,168.16 | | 185,168.16 | | | |
| 5/31/2022 | 1,258.13 | | 7,508.19 | 185,168.16 | | 185,168.16 | | | |
| 6/30/2022 | 1,217.54 | | 8,725.73 | 185,168.16 | | 185,168.16 | | | |
| 7/31/2022 | 1,258.13 | | 9,983.86 | 185,168.16 | | 185,168.16 | | | |
| 8/8/2022 | 324.68 | | 10,308.54 | 185,168.16 | | 185,168.16 | 195,476.70 | | |
| 9/30/2022 | 2,150.99 | | 12,459.53 | 185,168.16 | | 185,168.16 | | | |
| 10/31/2022 | 1,258.13 | | 13,717.66 | 185,168.16 | | 185,168.16 | | | |
| 11/27/2022 | 1,095.79 | (14,813.45) | - | 185,168.16 | 14,813.45 | 199,981.61 | | - | *Annual Compound Interest |

# EXHIBIT M

**HCRE #10**

| | | |
|---|---|---|
| Closing Date | | 10/12/2017 |
| Total Commitment | $ | 2,500,000 |
| Rate | | 8.000% |

| Date | Interest Accrual | Interest Paid | Accrued Interest | Beg Prin Bal | Principal Paid | Ending Prin Bal | Total of Outstanding Principal and Interest (selected dates) | Total Paid |
|---|---|---|---|---|---|---|---|---|
| 10/12/2017 | | | | | | 2,500,000.00 | | |
| 10/31/2017 | 10,410.96 | | 10,410.96 | 2,500,000.00 | | 2,500,000.00 | | |
| 11/30/2017 | 16,438.36 | | 26,849.32 | 2,500,000.00 | | 2,500,000.00 | | |
| 12/31/2017 | 16,986.30 | | 43,835.62 | 2,500,000.00 | | 2,500,000.00 | | |
| 1/31/2018 | 16,986.30 | | 60,821.92 | 2,500,000.00 | | 2,500,000.00 | | |
| 2/28/2018 | 15,342.47 | | 76,164.38 | 2,500,000.00 | | 2,500,000.00 | | |
| 3/31/2018 | 16,986.30 | | 93,150.68 | 2,500,000.00 | | 2,500,000.00 | | |
| 4/30/2018 | 16,438.36 | | 109,589.04 | 2,500,000.00 | | 2,500,000.00 | | |
| 5/31/2018 | 16,986.30 | | 126,575.34 | 2,500,000.00 | | 2,500,000.00 | | |
| 6/30/2018 | 16,438.36 | | 143,013.70 | 2,500,000.00 | | 2,500,000.00 | | |
| 7/31/2018 | 16,986.30 | | 160,000.00 | 2,500,000.00 | | 2,500,000.00 | | |
| 8/31/2018 | 16,986.30 | | 176,986.30 | 2,500,000.00 | | 2,500,000.00 | | |
| 9/30/2018 | 16,438.36 | | 193,424.66 | 2,500,000.00 | | 2,500,000.00 | | |
| 10/12/2018 | 6,575.34 | (200,000.00) | - | 2,500,000.00 | 200,000.00 | 2,700,000.00 | - | *Annual Compound Interest |
| 10/31/2018 | 11,243.84 | | 11,243.84 | 2,700,000.00 | | 2,700,000.00 | | |
| 11/30/2018 | 17,753.42 | | 28,997.26 | 2,700,000.00 | | 2,700,000.00 | | |
| 12/31/2018 | 18,345.21 | | 47,342.47 | 2,700,000.00 | | 2,700,000.00 | | |
| 1/31/2019 | 18,345.21 | | 65,687.67 | 2,700,000.00 | | 2,700,000.00 | | |
| 2/28/2019 | 16,569.86 | | 82,257.53 | 2,700,000.00 | | 2,700,000.00 | | |
| 3/31/2019 | 18,345.21 | | 100,602.74 | 2,700,000.00 | | 2,700,000.00 | | |
| 4/30/2019 | 17,753.42 | | 118,356.16 | 2,700,000.00 | | 2,700,000.00 | | |
| 5/31/2019 | 18,345.21 | | 136,701.37 | 2,700,000.00 | | 2,700,000.00 | | |
| 6/30/2019 | 17,753.42 | | 154,454.79 | 2,700,000.00 | | 2,700,000.00 | | |
| 7/31/2019 | 18,345.21 | | 172,800.00 | 2,700,000.00 | | 2,700,000.00 | | |
| 8/31/2019 | 18,345.21 | | 191,145.21 | 2,700,000.00 | | 2,700,000.00 | | |
| 9/30/2019 | 17,753.42 | | 208,898.63 | 2,700,000.00 | | 2,700,000.00 | | |
| 10/12/2019 | 7,101.37 | (216,000.00) | - | 2,700,000.00 | 216,000.00 | 2,916,000.00 | - | *Annual Compound Interest |
| 10/15/2019 | 1,917.37 | | 1,917.37 | 2,916,000.00 | | 2,916,000.00 | | |
| 10/31/2019 | 10,225.97 | | 12,143.34 | 2,916,000.00 | | 2,916,000.00 | | |
| 11/30/2019 | 19,173.70 | | 31,317.04 | 2,916,000.00 | | 2,916,000.00 | | |
| 12/31/2019 | 19,812.82 | | 51,129.86 | 2,916,000.00 | | 2,916,000.00 | | |
| 1/31/2020 | 19,812.82 | | 70,942.68 | 2,916,000.00 | | 2,916,000.00 | | |
| 2/29/2020 | 18,534.58 | | 89,477.26 | 2,916,000.00 | | 2,916,000.00 | | |
| 3/31/2020 | 19,812.82 | | 109,290.08 | 2,916,000.00 | | 2,916,000.00 | | |
| 4/30/2020 | 19,173.70 | | 128,463.78 | 2,916,000.00 | | 2,916,000.00 | | |
| 5/31/2020 | 19,812.82 | | 148,276.60 | 2,916,000.00 | | 2,916,000.00 | | |
| 6/30/2020 | 19,173.70 | | 167,450.30 | 2,916,000.00 | | 2,916,000.00 | | |
| 7/31/2020 | 19,812.82 | | 187,263.12 | 2,916,000.00 | | 2,916,000.00 | | |
| 8/31/2020 | 19,812.82 | | 207,075.95 | 2,916,000.00 | | 2,916,000.00 | | |
| 9/30/2020 | 19,173.70 | | 226,249.64 | 2,916,000.00 | | 2,916,000.00 | | |
| 10/12/2020 | 7,669.48 | (233,919.12) | 0.00 | 2,916,000.00 | 233,919.12 | 3,149,919.12 | - | *Annual Compound Interest |
| 10/31/2020 | 13,117.47 | | 13,117.47 | 3,149,919.12 | | 3,149,919.12 | | |
| 11/30/2020 | 20,711.80 | | 33,829.27 | 3,149,919.12 | | 3,149,919.12 | | |
| 12/31/2020 | 21,402.19 | | 55,231.46 | 3,149,919.12 | | 3,149,919.12 | | |
| 1/21/2021 | 14,498.26 | (69,729.72) | (0.00) | 3,149,919.12 | | 3,149,919.12 | (69,729.72) | Interest |
| 1/31/2021 | 6,903.93 | | 6,903.93 | 3,149,919.12 | | 3,149,919.12 | | |
| 2/28/2021 | 19,331.01 | | 26,234.94 | 3,149,919.12 | | 3,149,919.12 | | |
| 3/31/2021 | 21,402.19 | | 47,637.13 | 3,149,919.12 | | 3,149,919.12 | | |
| 4/30/2021 | 20,711.80 | | 68,348.93 | 3,149,919.12 | | 3,149,919.12 | | |
| 5/31/2021 | 21,402.19 | | 89,751.12 | 3,149,919.12 | | 3,149,919.12 | | |
| 6/30/2021 | 20,711.80 | | 110,462.92 | 3,149,919.12 | | 3,149,919.12 | | |
| 7/31/2021 | 21,402.19 | | 131,865.11 | 3,149,919.12 | | 3,149,919.12 | | |
| 8/31/2021 | 21,402.19 | | 153,267.30 | 3,149,919.12 | | 3,149,919.12 | | |
| 9/30/2021 | 20,711.80 | | 173,979.09 | 3,149,919.12 | | 3,149,919.12 | | |
| 10/12/2021 | 8,284.72 | (182,263.81) | 0.00 | 3,149,919.12 | 182,263.81 | 3,332,182.93 | - | *Annual Compound Interest |
| 10/31/2021 | 13,876.49 | | 13,876.49 | 3,332,182.93 | | 3,332,182.93 | | |
| 11/30/2021 | 21,910.24 | | 35,786.73 | 3,332,182.93 | | 3,332,182.93 | | |
| 12/17/2021 | 12,415.80 | | 48,202.54 | 3,332,182.93 | | 3,332,182.93 | 3,380,385.47 | |
| 1/31/2022 | 32,865.37 | | 81,067.91 | 3,332,182.93 | | 3,332,182.93 | | |
| 2/28/2022 | 20,449.56 | | 101,517.47 | 3,332,182.93 | | 3,332,182.93 | | |
| 3/31/2022 | 22,640.59 | | 124,158.05 | 3,332,182.93 | | 3,332,182.93 | | |
| 4/30/2022 | 21,910.24 | | 146,068.30 | 3,332,182.93 | | 3,332,182.93 | | |
| 5/31/2022 | 22,640.59 | | 168,708.88 | 3,332,182.93 | | 3,332,182.93 | | |
| 6/30/2022 | 21,910.24 | | 190,619.13 | 3,332,182.93 | | 3,332,182.93 | | |
| 7/31/2022 | 22,640.59 | | 213,259.71 | 3,332,182.93 | | 3,332,182.93 | | |
| 8/8/2022 | 5,842.73 | | 219,102.44 | 3,332,182.93 | | 3,332,182.93 | 3,551,285.37 | |
| 9/30/2022 | 38,708.10 | | 257,810.54 | 3,332,182.93 | | 3,332,182.93 | | |
| 10/12/2022 | 8,764.10 | (266,574.64) | - | 3,332,182.93 | 266,574.64 | 3,598,757.57 | - | *Annual Compound Interest |

# EXHIBIT N

**HCRE #11**

| | | |
|---|---|---|
| Closing Date | | 10/15/2018 |
| Total Commitment | $ | 750,000 |
| Rate | | 8.000% |

| Date | Interest Accrual | Interest Paid | Accrued Interest | Beg Prin Bal | Principal Paid | Ending Prin Bal | Total of Outstanding Principal and Interest (selected dates) | Total Paid | |
|---|---|---|---|---|---|---|---|---|---|
| 10/15/2018 | | | | | | 750,000.00 | | | |
| 10/31/2018 | 2,630.14 | | 2,630.14 | 750,000.00 | | 750,000.00 | | | |
| 11/30/2018 | 4,931.51 | | 7,561.64 | 750,000.00 | | 750,000.00 | | | |
| 12/31/2018 | 5,095.89 | | 12,657.53 | 750,000.00 | | 750,000.00 | | | |
| 1/31/2019 | 5,095.89 | | 17,753.42 | 750,000.00 | | 750,000.00 | | | |
| 2/28/2019 | 4,602.74 | | 22,356.16 | 750,000.00 | | 750,000.00 | | | |
| 3/31/2019 | 5,095.89 | | 27,452.05 | 750,000.00 | | 750,000.00 | | | |
| 4/30/2019 | 4,931.51 | | 32,383.56 | 750,000.00 | | 750,000.00 | | | |
| 5/31/2019 | 5,095.89 | | 37,479.45 | 750,000.00 | | 750,000.00 | | | |
| 6/30/2019 | 4,931.51 | | 42,410.96 | 750,000.00 | | 750,000.00 | | | |
| 7/31/2019 | 5,095.89 | | 47,506.85 | 750,000.00 | | 750,000.00 | | | |
| 8/31/2019 | 5,095.89 | | 52,602.74 | 750,000.00 | | 750,000.00 | | | |
| 9/30/2019 | 4,931.51 | | 57,534.25 | 750,000.00 | | 750,000.00 | | | |
| 10/15/2019 | 2,465.75 | (60,000.00) | - | 750,000.00 | 60,000.00 | 810,000.00 | | - | *Annual Compound Interest |
| 10/31/2019 | 2,840.55 | | 2,840.55 | 810,000.00 | | 810,000.00 | | | |
| 11/30/2019 | 5,326.03 | | 8,166.58 | 810,000.00 | | 810,000.00 | | | |
| 12/31/2019 | 5,503.56 | | 13,670.14 | 810,000.00 | | 810,000.00 | | | |
| 1/31/2020 | 5,503.56 | | 19,173.70 | 810,000.00 | | 810,000.00 | | | |
| 2/29/2020 | 5,148.49 | | 24,322.19 | 810,000.00 | | 810,000.00 | | | |
| 3/31/2020 | 5,503.56 | | 29,825.75 | 810,000.00 | | 810,000.00 | | | |
| 4/30/2020 | 5,326.03 | | 35,151.78 | 810,000.00 | | 810,000.00 | | | |
| 5/31/2020 | 5,503.56 | | 40,655.34 | 810,000.00 | | 810,000.00 | | | |
| 6/30/2020 | 5,326.03 | | 45,981.37 | 810,000.00 | | 810,000.00 | | | |
| 7/31/2020 | 5,503.56 | | 51,484.93 | 810,000.00 | | 810,000.00 | | | |
| 8/31/2020 | 5,503.56 | | 56,988.49 | 810,000.00 | | 810,000.00 | | | |
| 9/30/2020 | 5,326.03 | | 62,314.52 | 810,000.00 | | 810,000.00 | | | |
| 10/15/2020 | 2,663.01 | (64,977.53) | 0.00 | 810,000.00 | 64,977.53 | 874,977.53 | | - | *Annual Compound Interest |
| 10/31/2020 | 3,068.41 | | 3,068.42 | 874,977.53 | | 874,977.53 | | | |
| 11/30/2020 | 5,753.28 | | 8,821.70 | 874,977.53 | | 874,977.53 | | | |
| 12/31/2020 | 5,945.05 | | 14,766.75 | 874,977.53 | | 874,977.53 | | | |
| 1/21/2021 | 4,027.29 | (18,794.04) | 0.00 | 874,977.53 | | 874,977.53 | | (18,794.04) | Interest |
| 1/31/2021 | 1,917.76 | | 1,917.76 | 874,977.53 | | 874,977.53 | | | |
| 2/28/2021 | 5,369.73 | | 7,287.49 | 874,977.53 | | 874,977.53 | | | |
| 3/31/2021 | 5,945.05 | | 13,232.54 | 874,977.53 | | 874,977.53 | | | |
| 4/30/2021 | 5,753.28 | | 18,985.82 | 874,977.53 | | 874,977.53 | | | |
| 5/31/2021 | 5,945.05 | | 24,930.87 | 874,977.53 | | 874,977.53 | | | |
| 6/30/2021 | 5,753.28 | | 30,684.15 | 874,977.53 | | 874,977.53 | | | |
| 7/31/2021 | 5,945.05 | | 36,629.20 | 874,977.53 | | 874,977.53 | | | |
| 8/31/2021 | 5,945.05 | | 42,574.25 | 874,977.53 | | 874,977.53 | | | |
| 9/30/2021 | 5,753.28 | | 48,327.53 | 874,977.53 | | 874,977.53 | | | |
| 10/15/2021 | 2,876.64 | (51,204.17) | (0.00) | 874,977.53 | 51,204.17 | 926,181.70 | | - | *Annual Compound Interest |
| 10/31/2021 | 3,247.98 | | 3,247.98 | 926,181.70 | | 926,181.70 | | | |
| 11/30/2021 | 6,089.96 | | 9,337.94 | 926,181.70 | | 926,181.70 | | | |
| 12/17/2021 | 3,450.98 | | 12,788.92 | 926,181.70 | | 926,181.70 | 938,970.62 | | |
| 1/31/2022 | 9,134.94 | | 21,923.86 | 926,181.70 | | 926,181.70 | | | |
| 2/28/2022 | 5,683.96 | | 27,607.82 | 926,181.70 | | 926,181.70 | | | |
| 3/31/2022 | 6,292.96 | | 33,900.78 | 926,181.70 | | 926,181.70 | | | |
| 4/30/2022 | 6,089.96 | | 39,990.75 | 926,181.70 | | 926,181.70 | | | |
| 5/31/2022 | 6,292.96 | | 46,283.71 | 926,181.70 | | 926,181.70 | | | |
| 6/30/2022 | 6,089.96 | | 52,373.67 | 926,181.70 | | 926,181.70 | | | |
| 7/31/2022 | 6,292.96 | | 58,666.63 | 926,181.70 | | 926,181.70 | | | |
| 8/8/2022 | 1,623.99 | | 60,290.62 | 926,181.70 | | 926,181.70 | 986,472.32 | | |
| 9/30/2022 | 10,758.93 | | 71,049.55 | 926,181.70 | | 926,181.70 | | | |
| 10/15/2022 | 3,044.98 | (74,094.53) | - | 926,181.70 | 74,094.53 | 1,000,276.23 | | - | *Annual Compound Interest |

# EXHIBIT O

**HCRE #12**

| | |
|---|---|
| Closing Date | 9/25/2019 |
| Total Commitment | $   900,000 |
| Rate | 8.000% |
| Note: | Payable On Demand; compounded annually on anniversary date |

| Date | Interest Accrual | Interest Paid | Accrued Interest | Beg Prin Bal | Principal Paid | Ending Prin Bal | Total of Outstanding Principal and Interest (selected dates) | Total Paid | |
|---|---|---|---|---|---|---|---|---|---|
| 9/25/2019 | | | | | | 900,000.00 | | | |
| 9/30/2019 | 986.30 | (986.30) | 0.00 | 900,000.00 | (204,732.70) | 695,267.30 | | (205,719.00) | |
| 10/15/2019 | 2,285.81 | | 2,285.81 | 695,267.30 | | 695,267.30 | | | |
| 10/31/2019 | 2,438.20 | | 4,724.01 | 695,267.30 | | 695,267.30 | | | |
| 11/30/2019 | 4,571.62 | | 9,295.63 | 695,267.30 | | 695,267.30 | | | |
| 12/31/2019 | 4,724.01 | | 14,019.64 | 695,267.30 | | 695,267.30 | | | |
| 1/31/2020 | 4,724.01 | | 18,743.65 | 695,267.30 | | 695,267.30 | | | |
| 2/29/2020 | 4,419.23 | | 23,162.88 | 695,267.30 | | 695,267.30 | | | |
| 3/31/2020 | 4,724.01 | | 27,886.89 | 695,267.30 | | 695,267.30 | | | |
| 4/30/2020 | 4,571.62 | | 32,458.51 | 695,267.30 | | 695,267.30 | | | |
| 5/31/2020 | 4,724.01 | | 37,182.52 | 695,267.30 | | 695,267.30 | | | |
| 6/30/2020 | 4,571.62 | | 41,754.14 | 695,267.30 | | 695,267.30 | | | |
| 7/31/2020 | 4,724.01 | | 46,478.14 | 695,267.30 | | 695,267.30 | | | |
| 8/31/2020 | 4,724.01 | | 51,202.15 | 695,267.30 | | 695,267.30 | | | |
| 9/25/2020 | 3,809.68 | (55,011.84) | (0.00) | 695,267.30 | 55,011.84 | 750,279.14 | | - | *Annual Compound Interest |
| 9/30/2020 | 822.22 | | 822.22 | 750,279.14 | | 750,279.14 | | | |
| 10/31/2020 | 5,097.79 | | 5,920.01 | 750,279.14 | | 750,279.14 | | | |
| 11/30/2020 | 4,933.34 | | 10,853.35 | 750,279.14 | | 750,279.14 | | | |
| 12/31/2020 | 5,097.79 | | 15,951.14 | 750,279.14 | | 750,279.14 | | | |
| 1/21/2021 | 3,453.34 | - | 19,404.48 | 750,279.14 | | 750,279.14 | | | |
| 1/31/2021 | 1,644.45 | | 21,048.92 | 750,279.14 | | 750,279.14 | | | |
| 2/28/2021 | 4,604.45 | | 25,653.38 | 750,279.14 | | 750,279.14 | | | |
| 3/31/2021 | 5,097.79 | | 30,751.16 | 750,279.14 | | 750,279.14 | | | |
| 4/30/2021 | 4,933.34 | | 35,684.51 | 750,279.14 | | 750,279.14 | | | |
| 5/31/2021 | 5,097.79 | | 40,782.29 | 750,279.14 | | 750,279.14 | | | |
| 6/30/2021 | 4,933.34 | | 45,715.63 | 750,279.14 | | 750,279.14 | | | |
| 7/31/2021 | 5,097.79 | | 50,813.42 | 750,279.14 | | 750,279.14 | | | |
| 8/31/2021 | 5,097.79 | | 55,911.21 | 750,279.14 | | 750,279.14 | | | |
| 9/25/2021 | 4,111.12 | (60,022.33) | 750,279.14 | 60,022.33 | 810,301.47 | | - | *Annual Compound Interest |
| 9/30/2021 | 888.00 | | 888.00 | 810,301.47 | | 810,301.47 | | | |
| 10/31/2021 | 5,505.61 | | 6,393.61 | 810,301.47 | | 810,301.47 | | | |
| 11/30/2021 | 5,328.01 | | 11,721.62 | 810,301.47 | | 810,301.47 | | | |
| 12/17/2021 | 3,019.21 | | 14,740.82 | 810,301.47 | | 810,301.47 | 825,042.29 | | |
| 1/31/2022 | 7,992.01 | | 22,732.84 | 810,301.47 | | 810,301.47 | | | |
| 2/28/2022 | 4,972.81 | | 27,705.65 | 810,301.47 | | 810,301.47 | | | |
| 3/31/2022 | 5,505.61 | | 33,211.26 | 810,301.47 | | 810,301.47 | | | |
| 4/30/2022 | 5,328.01 | | 38,539.27 | 810,301.47 | | 810,301.47 | | | |
| 5/31/2022 | 5,505.61 | | 44,044.88 | 810,301.47 | | 810,301.47 | | | |
| 6/30/2022 | 5,328.01 | | 49,372.89 | 810,301.47 | | 810,301.47 | | | |
| 7/31/2022 | 5,505.61 | | 54,878.50 | 810,301.47 | | 810,301.47 | | | |
| 8/8/2022 | 1,420.80 | | 56,299.30 | 810,301.47 | | 810,301.47 | 866,600.77 | | |
| 9/25/2022 | 8,524.82 | (64,824.11) | - | 810,301.47 | 64,824.11 | 875,125.58 | | - | *Annual Compound Interest |

# EXHIBIT P

**HCRE Term**

| | | |
|---|---|---|
| Closing Date | 5/31/2017 | |
| Total Commitment | $ 6,059,832 | |
| Rate | 8.000% | |

| Date | Interest Accrual | Interest Paid | Accrued Interest | Beg Prin Bal | Principal Paid | Ending Prin Bal | Total of Outstanding Principal and Interest (selected dates) | Total Paid |
|---|---|---|---|---|---|---|---|---|
| 5/31/2017 | | | | | | $ 6,059,832 | | |
| 6/30/2017 | 39,845.47 | | 39,845.47 | 6,059,831.51 | | 6,059,831.51 | | |
| 7/31/2017 | 41,173.65 | | 81,019.12 | 6,059,831.51 | | 6,059,831.51 | | |
| 8/31/2017 | 41,173.65 | | 122,192.77 | 6,059,831.51 | | 6,059,831.51 | | |
| 9/30/2017 | 39,845.47 | | 162,038.23 | 6,059,831.51 | | 6,059,831.51 | | |
| 10/31/2017 | 41,173.65 | | 203,211.88 | 6,059,831.51 | | 6,059,831.51 | | |
| 11/30/2017 | 39,845.47 | | 243,057.35 | 6,059,831.51 | | 6,059,831.51 | | |
| 12/27/2017 | 35,860.92 | | 278,918.27 | 6,059,831.51 | | 6,059,831.51 | | |
| 12/31/2017 | 5,312.73 | (284,231.00) | 0.00 | 6,059,831.51 | (201,994.38) | 5,857,837.13 | | (486,225.38) *Principal and interest* |
| 1/31/2018 | 39,801.19 | | 39,801.20 | 5,857,837.13 | | 5,857,837.13 | | |
| 2/28/2018 | 35,949.47 | | 75,750.66 | 5,857,837.13 | | 5,857,837.13 | | |
| 3/31/2018 | 39,801.19 | | 115,551.86 | 5,857,837.13 | | 5,857,837.13 | | |
| 4/30/2018 | 38,517.29 | | 154,069.14 | 5,857,837.13 | | 5,857,837.13 | | |
| 5/31/2018 | 39,801.19 | (193,870.34) | (0.00) | 5,857,837.13 | 193,870.34 | 6,051,707.47 | | - *Annual Compound Interest* |
| 6/30/2018 | 39,792.05 | | 39,792.05 | 6,051,707.47 | | 6,051,707.47 | | |
| 7/31/2018 | 41,118.45 | | 80,910.50 | 6,051,707.47 | | 6,051,707.47 | | |
| 8/31/2018 | 41,118.45 | | 122,028.95 | 6,051,707.47 | | 6,051,707.47 | | |
| 9/30/2018 | 39,792.05 | | 161,821.00 | 6,051,707.47 | | 6,051,707.47 | | |
| 10/31/2018 | 41,118.45 | | 202,939.45 | 6,051,707.47 | | 6,051,707.47 | | |
| 11/30/2018 | 39,792.05 | | 242,731.50 | 6,051,707.47 | | 6,051,707.47 | | |
| 12/19/2018 | 25,201.63 | (453,220.06) | (185,286.93) | 6,051,707.47 | (201,994.38) | 5,849,713.09 | | (655,214.44) *Principal and interest* |
| 12/31/2018 | 15,385.55 | | (169,901.39) | 5,849,713.09 | | 5,849,713.09 | | |
| 1/31/2019 | 39,746.00 | | (130,155.39) | 5,849,713.09 | | 5,849,713.09 | | |
| 2/28/2019 | 35,899.61 | | (94,255.78) | 5,849,713.09 | | 5,849,713.09 | | |
| 3/31/2019 | 39,746.00 | | (54,509.78) | 5,849,713.09 | | 5,849,713.09 | | |
| 4/30/2019 | 38,463.87 | | (16,045.92) | 5,849,713.09 | | 5,849,713.09 | | |
| 5/31/2019 | 39,746.00 | (23,700.08) | (0.00) | 5,849,713.09 | 23,700.08 | 5,873,413.17 | | - *Annual Compound Interest* |
| 6/30/2019 | 38,619.70 | | 38,619.70 | 5,873,413.17 | | 5,873,413.17 | | |
| 7/31/2019 | 39,907.03 | | 78,526.73 | 5,873,413.17 | | 5,873,413.17 | | |
| 8/31/2019 | 39,907.03 | | 118,433.75 | 5,873,413.17 | | 5,873,413.17 | | |
| 9/30/2019 | 38,619.70 | | 157,053.46 | 5,873,413.17 | | 5,873,413.17 | | |
| 10/15/2019 | 19,309.85 | | 176,363.31 | 5,873,413.17 | | 5,873,413.17 | | |
| 10/31/2019 | 20,597.17 | | 196,960.48 | 5,873,413.17 | | 5,873,413.17 | | |
| 11/30/2019 | 38,619.70 | | 235,580.19 | 5,873,413.17 | | 5,873,413.17 | | |
| 12/30/2019 | 38,619.70 | -275,487.21 | (1,287.32) | 5,873,413.17 | -201,994.40 | 5,671,418.77 | | (477,481.61) *Principal and interest* |
| 12/31/2019 | 1,243.05 | | (44.27) | 5,671,418.77 | | 5,671,418.77 | | |
| 1/31/2020 | 38,534.57 | | 38,490.30 | 5,671,418.77 | | 5,671,418.77 | | |
| 2/29/2020 | 36,048.47 | | 74,538.77 | 5,671,418.77 | | 5,671,418.77 | | |
| 3/31/2020 | 38,534.57 | | 113,073.34 | 5,671,418.77 | | 5,671,418.77 | | |
| 4/30/2020 | 37,291.52 | | 150,364.86 | 5,671,418.77 | | 5,671,418.77 | | |
| 5/31/2020 | 38,534.57 | (188,899.43) | 0.00 | 5,671,418.77 | 188,899.43 | 5,860,318.20 | | - *Annual Compound Interest* |
| 6/30/2020 | 38,533.60 | | 38,533.60 | 5,860,318.20 | | 5,860,318.20 | | |
| 7/31/2020 | 39,818.05 | | 78,351.66 | 5,860,318.20 | | 5,860,318.20 | | |
| 8/31/2020 | 39,818.05 | | 118,169.71 | 5,860,318.20 | | 5,860,318.20 | | |
| 9/30/2020 | 38,533.60 | | 156,703.31 | 5,860,318.20 | | 5,860,318.20 | | |
| 10/31/2020 | 39,818.05 | | 196,521.36 | 5,860,318.20 | | 5,860,318.20 | | |
| 11/30/2020 | 38,533.60 | | 235,054.96 | 5,860,318.20 | | 5,860,318.20 | | |
| 12/31/2020 | 39,818.05 | | 274,873.01 | 5,860,318.20 | | 5,860,318.20 | | |
| 1/21/2021 | 26,973.52 | (274,917.29) | 26,929.24 | 5,860,318.20 | (390,893.80) | 5,469,424.40 | | (665,811.09) *Principal and interest* |
| 1/31/2021 | 11,987.78 | | 38,917.02 | 5,469,424.40 | | 5,469,424.40 | | |
| 2/28/2021 | 33,565.78 | | 72,482.80 | 5,469,424.40 | | 5,469,424.40 | | |
| 3/31/2021 | 37,162.12 | | 109,644.92 | 5,469,424.40 | | 5,469,424.40 | | |
| 4/30/2021 | 35,963.34 | | 145,608.26 | 5,469,424.40 | | 5,469,424.40 | | |
| 5/31/2021 | 37,162.12 | (182,770.37) | - | 5,469,424.40 | 182,770.37 | 5,652,194.77 | | - *Annual Compound Interest* |
| 6/30/2021 | 37,165.12 | | 37,165.12 | 5,652,194.77 | | 5,652,194.77 | | |
| 7/31/2021 | 38,403.95 | | 75,569.07 | 5,652,194.77 | | 5,652,194.77 | | |
| 8/31/2021 | 38,403.95 | | 113,973.02 | 5,652,194.77 | | 5,652,194.77 | | |
| 9/30/2021 | 37,165.12 | | 151,138.14 | 5,652,194.77 | | 5,652,194.77 | | |
| 10/31/2021 | 38,403.95 | | 189,542.09 | 5,652,194.77 | | 5,652,194.77 | | |
| 11/30/2021 | 37,165.12 | | 226,707.21 | 5,652,194.77 | | 5,652,194.77 | | |
| 12/17/2021 | 21,060.23 | | 247,767.44 | 5,652,194.77 | | 5,652,194.77 | 5,899,962.22 | |
| 1/31/2022 | 55,747.67 | | 303,515.12 | 5,652,194.77 | | 5,652,194.77 | | |
| 2/28/2022 | 34,687.44 | | 338,202.56 | 5,652,194.77 | | 5,652,194.77 | | |
| 3/31/2022 | 38,403.95 | | 376,606.51 | 5,652,194.77 | | 5,652,194.77 | | |

**HCRE Term**

| | |
|---|---|
| **Closing Date** | 5/31/2017 |
| **Total Commitment** | $ 6,059,832 |
| **Rate** | 8.000% |

| Date | Interest Accrual | Interest Paid | Accrued Interest | Beg Prin Bal | Principal Paid | Ending Prin Bal | Total of Outstanding Principal and Interest (selected dates) | Total Paid | |
|---|---|---|---|---|---|---|---|---|---|
| 4/30/2022 | 37,165.12 | | 413,771.63 | 5,652,194.77 | | 5,652,194.77 | | | |
| 5/31/2022 | 38,403.95 | (452,175.58) | - | 5,652,194.77 | 452,175.58 | 6,104,370.36 | | - | *Annual Compound Interest |
| 6/30/2022 | 40,138.33 | | 40,138.33 | 6,104,370.36 | | 6,104,370.36 | | | |
| 7/31/2022 | 41,476.27 | | 81,614.60 | 6,104,370.36 | | 6,104,370.36 | | | |
| 8/8/2022 | 10,703.55 | | 92,318.15 | 6,104,370.36 | | 6,104,370.36 | 6,196,688.51 | | |
| 9/30/2022 | 70,911.04 | | 163,229.19 | 6,104,370.36 | | 6,104,370.36 | | | |
| 10/31/2022 | 41,476.27 | | 204,705.46 | 6,104,370.36 | | 6,104,370.36 | | | |
| 11/30/2022 | 40,138.33 | | 244,843.79 | 6,104,370.36 | | 6,104,370.36 | | | |
| 12/31/2022 | 41,476.27 | | 286,320.06 | 6,104,370.36 | | 6,104,370.36 | | | |
| 1/31/2023 | 41,476.27 | | 327,796.33 | 6,104,370.36 | | 6,104,370.36 | | | |
| 2/28/2023 | 37,462.44 | | 365,258.76 | 6,104,370.36 | | 6,104,370.36 | | | |
| 3/31/2023 | 41,476.27 | | 406,735.03 | 6,104,370.36 | | 6,104,370.36 | | | |
| 4/30/2023 | 40,138.33 | | 446,873.36 | 6,104,370.36 | | 6,104,370.36 | | | |
| 5/31/2023 | 41,476.27 | (488,349.63) | - | 6,104,370.36 | 488,349.63 | 6,592,719.99 | | - | *Annual Compound Interest |

# EXHIBIT Q

**NPA Term**

| | | |
|---|---|---|
| **Closing Date** | 5/31/2017 | |
| **Total Commitment** | $ | 30,746,812 |
| **Rate** | 6.000% | |
| **Maturity:** | 12/31/2047 | |

| Date | Interest Accrual | Interest Paid | Accrued Interest | Beg Prin Bal | Principal Paid | Ending Prin Bal | Total of Outstanding Principal and Interest (selected dates) | Total Paid | |
|---|---|---|---|---|---|---|---|---|---|
| 5/31/2017 | | | | | | 30,746,812.33 | | | |
| 6/30/2017 | 151,628.12 | | 151,628.12 | $   30,746,812 | | 30,746,812.33 | | | |
| 7/31/2017 | 156,682.39 | | 308,310.50 | 30,746,812.33 | | 30,746,812.33 | | | |
| 8/31/2017 | 156,682.39 | | 464,992.89 | 30,746,812.33 | | 30,746,812.33 | | | |
| 9/30/2017 | 151,628.12 | | 616,621.00 | 30,746,812.33 | | 30,746,812.33 | | | |
| 10/20/2017 | 101,085.41 | (717,706.41) | - | 30,746,812.33 | (82,293.59) | 30,664,518.74 | | (800,000.00) | *Principal and interest* |
| 10/31/2017 | 55,448.17 | | 55,448.17 | 30,664,518.74 | | 30,664,518.74 | | | |
| 11/30/2017 | 151,222.28 | | 206,670.46 | 30,664,518.74 | | 30,664,518.74 | | | |
| 12/5/2017 | 25,203.71 | (358,904.83) | (127,030.67) | 30,664,518.74 | (942,600.16) | 29,721,918.58 | | (1,301,504.99) | *Principal and interest* |
| 12/31/2017 | 127,030.67 | | (0.00) | 29,721,918.58 | | 29,721,918.58 | | | |
| 1/31/2018 | 151,459.64 | | 151,459.64 | 29,721,918.58 | | 29,721,918.58 | | | |
| 2/28/2018 | 136,802.26 | | 288,261.90 | 29,721,918.58 | | 29,721,918.58 | | | |
| 3/31/2018 | 151,459.64 | | 439,721.54 | 29,721,918.58 | | 29,721,918.58 | | | |
| 4/10/2018 | 48,857.95 | (439,721.54) | 48,857.95 | 29,721,918.58 | | 29,721,918.58 | | (439,721.54) | *Interest* |
| 4/30/2018 | 97,715.90 | | 146,573.85 | 29,721,918.58 | | 29,721,918.58 | | | |
| 5/1/2018 | 4,885.79 | (146,573.85) | 4,885.79 | 29,721,918.58 | | 29,721,918.58 | | (146,573.85) | *Interest* |
| 5/9/2018 | 39,086.36 | (879,927.65) | (835,955.50) | 29,721,918.58 | | 29,721,918.58 | | (879,927.65) | *Interest* |
| 5/31/2018 | 107,487.49 | | (728,468.01) | 29,721,918.58 | | 29,721,918.58 | | | |
| 6/30/2018 | 146,573.85 | | (581,894.17) | 29,721,918.58 | | 29,721,918.58 | | | |
| 7/31/2018 | 151,459.64 | | (430,434.53) | 29,721,918.58 | | 29,721,918.58 | | | |
| 8/31/2018 | 151,459.64 | | (278,974.89) | 29,721,918.58 | | 29,721,918.58 | | | |
| 9/5/2018 | 24,428.97 | | (254,545.91) | 29,721,918.58 | (280,765.40) | 29,441,153.18 | | (280,765.40) | *Principal* |
| 9/21/2018 | 77,434.27 | | (177,111.65) | 29,441,153.18 | (1,023,750.00) | 28,417,403.18 | | (1,023,750.00) | *Principal* |
| 9/30/2018 | 42,042.19 | | (135,069.46) | 28,417,403.18 | | 28,417,403.18 | | | |
| 10/31/2018 | 144,811.97 | | 9,742.51 | 28,417,403.18 | | 28,417,403.18 | | | |
| 11/30/2018 | 140,140.62 | | 149,883.13 | 28,417,403.18 | | 28,417,403.18 | | | |
| 12/18/2018 | 84,084.37 | (294,695.10) | (60,727.60) | 28,417,403.18 | | 28,417,403.18 | | (294,695.10) | *Interest* |
| 12/31/2018 | 60,727.60 | | (0.00) | 28,417,403.18 | | 28,417,403.18 | | | |
| 1/31/2019 | 144,811.97 | | 144,811.97 | 28,417,403.18 | | 28,417,403.18 | | | |
| 2/28/2019 | 130,797.91 | | 275,609.88 | 28,417,403.18 | | 28,417,403.18 | | | |
| 3/29/2019 | 135,469.26 | (411,079.15) | (0.00) | 28,417,403.18 | (338,920.85) | 28,078,482.33 | | (750,000.00) | *Principal and interest* |
| 3/31/2019 | 9,231.28 | | 9,231.28 | 28,078,482.33 | | 28,078,482.33 | | | |
| 4/16/2019 | 73,850.25 | (83,081.53) | 0.00 | 28,078,482.33 | (1,216,918.47) | 26,861,563.86 | | (1,300,000.00) | *Principal and interest* |
| 4/30/2019 | 61,818.39 | | 61,818.40 | 26,861,563.86 | | 26,861,563.86 | | | |
| 5/31/2019 | 136,883.59 | (198,701.98) | 0.00 | 26,861,563.86 | 198,701.98 | 27,060,265.84 | | - | *Annual Compound Interest* |
| 6/4/2019 | 17,793.05 | (17,793.05) | 0.00 | 27,060,265.84 | (282,206.95) | 26,778,058.89 | | (300,000.00) | *Principal and interest* |
| 6/19/2019 | 66,028.09 | (66,028.10) | (0.00) | 26,778,058.89 | (2,033,971.90) | 24,744,086.99 | | (2,100,000.00) | *Principal and interest* |
| 6/30/2019 | 44,742.73 | | 44,742.73 | 24,744,086.99 | | 24,744,086.99 | | | |
| 7/9/2019 | 36,607.69 | (81,350.42) | (0.00) | 24,744,086.99 | (548,649.58) | 24,195,437.41 | | (630,000.00) | *Principal and interest* |
| 7/31/2019 | 87,501.31 | | 87,501.31 | 24,195,437.41 | | 24,195,437.41 | | | |
| 8/13/2019 | 51,705.32 | (139,206.62) | 0.00 | 24,195,437.41 | (1,160,793.38) | 23,034,644.03 | | (1,300,000.00) | *Principal and interest* |
| 8/31/2019 | 68,157.30 | | 68,157.31 | 23,034,644.03 | | 23,034,644.03 | | | |
| 9/30/2019 | 113,595.50 | | 181,752.81 | 23,034,644.03 | | 23,034,644.03 | | | |
| 10/15/2019 | 56,797.75 | | 238,550.56 | 23,034,644.03 | | 23,034,644.03 | | | |
| 10/31/2019 | 60,584.27 | | 299,134.83 | 23,034,644.03 | | 23,034,644.03 | | | |
| 11/30/2019 | 113,595.50 | | 412,730.34 | 23,034,644.03 | | 23,034,644.03 | | | |
| 12/30/2019 | 113,595.50 | (530,112.36) | (3,786.52) | 23,034,644.03 | | 23,034,644.03 | | (530,112.36) | |
| 12/31/2019 | 3,786.52 | | 0.00 | 23,034,644.03 | | 23,034,644.03 | | | |
| 1/31/2020 | 117,382.02 | | 117,382.02 | 23,034,644.03 | | 23,034,644.03 | | | |
| 2/29/2020 | 109,808.99 | | 227,191.01 | 23,034,644.03 | | 23,034,644.03 | | | |
| 3/31/2020 | 117,382.02 | | 344,573.03 | 23,034,644.03 | | 23,034,644.03 | | | |
| 4/30/2020 | 113,595.50 | | 458,168.54 | 23,034,644.03 | | 23,034,644.03 | | | |
| 5/31/2020 | 117,382.02 | (575,550.56) | (0.00) | 23,034,644.03 | 575,550.56 | 23,610,194.59 | | - | *Annual Compound Interest* |
| 6/30/2020 | 116,433.84 | | 116,433.83 | 23,610,194.59 | | 23,610,194.59 | | | |
| 7/31/2020 | 120,314.96 | | 236,748.80 | 23,610,194.59 | | 23,610,194.59 | | | |
| 8/31/2020 | 120,314.96 | | 357,063.76 | 23,610,194.59 | | 23,610,194.59 | | | |
| 9/30/2020 | 116,433.84 | | 473,497.60 | 23,610,194.59 | | 23,610,194.59 | | | |
| 10/31/2020 | 120,314.96 | | 593,812.56 | 23,610,194.59 | | 23,610,194.59 | | | |
| 11/30/2020 | 116,433.84 | | 710,246.40 | 23,610,194.59 | | 23,610,194.59 | | | |
| 12/31/2020 | 120,314.96 | | 830,561.36 | 23,610,194.59 | | 23,610,194.59 | | | |
| 1/14/2021 | 54,335.79 | (830,561.36) | 54,335.79 | 23,610,194.59 | (575,550.56) | 23,034,644.03 | | (1,406,111.92) | *Principal and interest* |

**NPA Term**

| | |
|---|---|
| **Closing Date** | 5/31/2017 |
| **Total Commitment** | $ 30,746,812 |
| **Rate** | 6.000% |
| **Maturity:** | 12/31/2047 |

| Date | Interest Accrual | Interest Paid | Accrued Interest | Beg Prin Bal | Principal Paid | Ending Prin Bal | Total of Outstanding Principal and Interest (selected dates) | Total Paid | |
|---|---|---|---|---|---|---|---|---|---|
| 1/31/2021 | 64,370.79 | | 118,706.58 | 23,034,644.03 | | 23,034,644.03 | | | |
| 2/28/2021 | 106,022.47 | | 224,729.05 | 23,034,644.03 | | 23,034,644.03 | | | |
| 3/31/2021 | 117,382.02 | | 342,111.07 | 23,034,644.03 | | 23,034,644.03 | | | |
| 4/30/2021 | 113,595.50 | | 455,706.58 | 23,034,644.03 | | 23,034,644.03 | | | |
| 5/31/2021 | 117,382.02 | (573,088.60) | - | 23,034,644.03 | 573,088.60 | 23,607,732.63 | | - | *Annual Compound Interest |
| 6/30/2021 | 116,421.70 | | 116,421.70 | 23,607,732.63 | | 23,607,732.63 | | | |
| 7/31/2021 | 120,302.42 | | 236,724.11 | 23,607,732.63 | | 23,607,732.63 | | | |
| 8/31/2021 | 120,302.42 | | 357,026.53 | 23,607,732.63 | | 23,607,732.63 | | | |
| 9/30/2021 | 116,421.70 | | 473,448.23 | 23,607,732.63 | | 23,607,732.63 | | | |
| 10/31/2021 | 120,302.42 | | 593,750.65 | 23,607,732.63 | | 23,607,732.63 | | | |
| 12/17/2021 | 182,393.99 | | 776,144.63 | 23,607,732.63 | | 23,607,732.63 | 24,383,877.27 | | |
| 12/31/2021 | 54,330.12 | (830,474.76) | - | 23,607,732.63 | (1,040,339.37) | 22,567,393.26 | | (1,870,814.13) | Principal and interest |
| 1/31/2022 | 115,000.96 | | 115,000.96 | 22,567,393.26 | | 22,567,393.26 | | | |
| 2/28/2022 | 103,871.84 | | 218,872.80 | 22,567,393.26 | | 22,567,393.26 | | | |
| 3/31/2022 | 115,000.96 | | 333,873.76 | 22,567,393.26 | | 22,567,393.26 | | | |
| 4/30/2022 | 111,291.25 | | 445,165.02 | 22,567,393.26 | | 22,567,393.26 | | | |
| 5/31/2022 | 115,000.96 | (560,165.98) | - | 22,567,393.26 | 560,165.98 | 23,127,559.24 | | - | *Annual Compound Interest |
| 6/30/2022 | 114,053.72 | | 114,053.72 | 23,127,559.24 | | 23,127,559.24 | | | |
| 7/31/2022 | 117,855.51 | | 231,909.22 | 23,127,559.24 | | 23,127,559.24 | | | |
| 8/8/2022 | 30,414.32 | | 262,323.55 | 23,127,559.24 | | 23,127,559.24 | 23,389,882.79 | | |
| 9/30/2022 | 201,494.90 | | 463,818.45 | 23,127,559.24 | | 23,127,559.24 | | | |
| 10/31/2022 | 117,855.51 | | 581,673.96 | 23,127,559.24 | | 23,127,559.24 | | | |
| 11/30/2022 | 114,053.72 | | 695,727.67 | 23,127,559.24 | | 23,127,559.24 | | | |
| 12/31/2022 | 117,855.51 | | 813,583.18 | 23,127,559.24 | | 23,127,559.24 | | | |
| 1/31/2023 | 117,855.51 | | 931,438.69 | 23,127,559.24 | | 23,127,559.24 | | | |
| 2/28/2023 | 106,450.14 | | 1,037,888.82 | 23,127,559.24 | | 23,127,559.24 | | | |
| 3/31/2023 | 117,855.51 | | 1,155,744.33 | 23,127,559.24 | | 23,127,559.24 | | | |
| 4/30/2023 | 114,053.72 | | 1,269,798.05 | 23,127,559.24 | | 23,127,559.24 | | | |
| 5/31/2023 | 117,855.51 | (1,387,653.55) | - | 23,127,559.24 | 1,387,653.55 | 24,515,212.80 | | - | *Annual Compound Interest |

Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Attorneys for James Dondero, Highland Capital
Management Services, Inc. and NexPoint Real Estate
Partners, LLC*

Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email:  drukavina@munsch.com

*Attorneys for NexPoint Advisors, L.P. and Highland
Capital Management Fund Advisors, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 19-34054** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | **Chapter 11** |
| | § | |
| **Debtor.** | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | **Adv. Proc. No. 21-03003-sgj** |
| | § | |
| **vs.** | § | |
| | § | |
| **JAMES DONDERO, NANCY DONDERO,** | § | |
| **AND THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| **Defendants.** | § | |

CORE/3522697.0002/176256542.9

| | | |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Adv. Proc. No. 21-03004-sgj** |
| **vs.** | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Adv. Proc. No. 21-03005-sgj** |
| **vs.** | § | |
| | § | |
| **NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Adv. Proc. No. 21-03006-sgj** |
| **vs.** | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **vs.** | § | **Adv. Proc. No. 21-03007-sgj** |
| | § | |
| **HCRE PARTNERS, LLC (n/k/a NexPoint Real Estate Partners, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| **Defendants.** | § | |

CORE/3522697.0002/176256542.9

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED FORM OF JUDGMENT AWARDING ATTORNEY'S FEES AND COSTS

Plaintiff Highland Capital Management, L.P. ("Plaintiff") is requesting an excessive award of attorneys' fees and costs. Plaintiff has requested an award of $2,797,105.35. Of that amount, almost all of it is for attorneys' fees billed by Plaintiff's attorneys of the law firm of Pachulski, Stang, Ziehl & Jones LLP ($2,663,585.30), specifically, 95% of the total attorneys' fees and costs.

Defendants James Dondero ("Dondero"), Highland Capital Management Fund Advisors, L.P. ("HCMFA"), NexPoint Advisors, L.P. ("NexPoint"), Highland Capital Management Services, Inc. ("HCMS"), and HCRE Partners, LLC ("HCRE") (collectively, the "Defendants") object to Plaintiff's proposed award of attorneys' fees and costs. The Court should reject the proposed award because it contains a material math error of almost $400,000, fails to allocate the work to the specific cases and Defendants from whom fees are sought, and seeks fees for unnecessary work and/or for matters in which Plaintiff did not prevail or for which recovery of attorneys' fees is not permitted. Defendants request that the Court reduce any award of attorneys' fees and costs as requested herein to account for the math error, to reduce the fees to local rates, eliminate fees for unnecessary/unsuccessful/non-contract-claim-related work, and to eliminate time not properly allocated (or remand for such allocation to be done).

## I.    STATEMENT OF FACTS

Each of the thirteen Demand Notes and three Term Notes under which the Court has recommended an award of attorneys' fees to Plaintiff permit the holder of the note to collect from the Maker only "actual expenses of collection, all court costs and ***reasonable*** attorneys' fees and expenses incurred by the holder hereof[,]" as stated in its Report and Recommendation (the "R&R"). R&R at 13, 16 (emphasis added). The R&R proposes awarding judgment to Plaintiff on all the Demand Notes and Term Notes, including "reasonable attorneys' fees" and costs.

Plaintiff's Proposed Form of Judgment proposes that each of the five Defendants—Dondero, HCMFA, HCMS, HCRE, and NexPoint—pay "one-fifth of the total allocable and actual expenses of collection, including attorneys' fees and costs, incurred by [Plaintiff]" "pursuant to the terms of each

applicable Note."[1]   However, there were different arguments for different Defendants and for different Notes, there were depositions that related to all defendants and depositions that related to only some cases and some Defendants.   There were arguments and proceedings that related only to the term loans and there were arguments that related to HCMFA only.   There are issues that are addressed in the Court's Report and Recommendation and issues that are not, such as the claims attempted to be added by amendment and subject to the motion to compel arbitration and/or to dismiss, that Plaintiff indicated would be dismissed if it prevailed on the Note claims.   Moreover, Plaintiff's proposed fee award seeks fees for work related to the claims sought to be added by Plaintiff's amendment even though these claims (unlike contract claims) are subject to the American Rule (prohibiting fee-shifting).

Finally, and as described in greater detail below, Plaintiff has incorrectly totaled the fees for which it seeks recovery, adding almost $400,000 to the total.

## II.      ARGUMENTS AND OBJECTIONS

### A.      Applicable Law

#### 1.      Whether Segregation of an Award of Fees By Each Defendant is Required is a Question of Law.

"State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision."   *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 – 62 (5th Cir. 2002) (citation omitted).   Here, the rule of decision on the Notes comes under Texas state law.   Under Texas state law, "[t]he trial court's decision as to whether segregation is required is a question of law [the reviewing court] review[s] de novo."   *Clearview Properties, L.P. v. Property Texas SC One Corp.*, 287 S.W.3d 132, 143 (Tex. App. 2009).

---

[1] Adv. Proc. No. 21-3003, Proposed Form of Judgment, ¶ 4; Adv. Proc. No. 21-3004, Proposed Form of Judgment, ¶ 3; Adv. Proc. No. 21-3005, Proposed Form of Judgment, ¶ 2; Adv. Proc. No. 21-3006, Proposed Form of Judgment, ¶ 6; Adv. Proc. No. 21-3007, Proposed Form of Judgment, ¶ 6.

CORE/3522697.0002/176256542.9

2.    **Federal Courts Consider a Number of Factors in Determining the Reasonableness of an Award of Attorneys' Fees.**

Federal courts and Texas courts generally determine reasonableness of an award of attorneys' fees

based on the two-step lodestar method:

> Courts must apply a two-step method for determining a reasonable fee award. First, they calculate the lodestar, which is equal to the **numbers of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work**. **In calculating the lodestar, the court should exclude all time that is excessive, duplicative, or inadequately documented.** Second, the court should consider whether to decrease or enhance the lodestar based on the *Johnson* factors. The court must provide a reasonably specific explanation for all aspects of a fee determination.

> The *Johnson* factors are: (1) **the time and labor required**; (2) **the novelty and difficulty of the issues in the case**; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) **the customary fee charged for those services in the relevant community**; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) **the amount involved and the results obtained**; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Combs v. City of Huntington, Texas*, 829 F.3d 388, 391 n.1 (5th Cir. 2016) (citations and internal marks

omitted) (emphasis added); *see also In re Texans CUSO Inc. Grp., LLC*, 426 B.R. 194, 222–23 (Bankr.

N.D. Tex. 2010) (citing *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex.

1997)).

". . . [T]he trial court's award must be based on supporting evidence." *McGibney v. Rauhauser*,

549 S.W.3d 816, 821 (Tex. App. 2018). ". . . [A] trial judge is obliged to do more than simply act as a

rubber-stamp, accepting carte blanche the amount appearing on the bill." *Id.* "The District Court has the

duty to cut fees which the applicant has not shown to be reasonable." *United States v. Wagner*, 930 F.

Supp. 1148, 1154 (N.D. Tex. 1996) (citation omitted).

B.    **Arguments**

1.    The Court Should Reduce the Proposed Award by the Amount of the Math Error in the Calculation of Fees Charged by PSZJ.

The amount of fees claimed by Pachulski, Stang, Ziehl & Jones LLP ($2,663,585.30) is

$395,996.50 in excess of the total of the non-redacted time entries in the PSZJ Notice. Defendants added

up the non-redacted entries in the PSZJ Notice.  There is a difference of $395,996.50 between the sum

claimed by Plaintiff for PSZJ attorneys' fees and the total of the non-redacted entries for PSZJ.

Using the PSZJ Notice, Defendants added each non-redacted entry listed from bate-stamp page

number 12 to 236 and 264 to 294 and each aggregate entry on page numbers 245, 263, 305, 314, 319, 321,

and 332.  The sum of those entries from page 12 to 332 was $2,267,588.80.  The amount claimed on bate

stamp page number 356 of the PSZJ Notice for PSZJ attorneys' fees is $2,663,585.30.  The difference

between the two amounts is $395,996.50.  The Court must exclude $395,996.50 from the proposed award.[2]

    2.    Overly Redacted Time Records are not Sufficient Evidence to Support a Fee
          Award.

"Redacted entries must be excluded if they do not provide sufficient information to classify and

evaluate the activities and hours expended." *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 800

(S.D. Tex. 2009).  Where a description is "so heavily redacted as to be meaningless," a court must not

award fees related to such an entry.  *McGibney v. Rauhauser*, 549 S.W.3d 816, 822 (Tex. App. 2018).

Here, nearly all of the PSZJ Notice entries documented on pages 1 to 231 of the PSZJ Notice are entirely

redacted—date, timekeeper, matter, description, hours, rate, amount—all completely redacted.  Many of

the PSZJ Notice entries from pages 232 to 332 also are entirely redacted or a particular element is entirely

redacted, such as the description of the work performed or accounting for the number of hours worked.

The entries are redacted "so heavily as to be meaningless."  *McGibney v. Rauhauser*, 549 S.W.3d 816,

822 (Tex. App. 2018).

    3.    Recoverable Fees are Limited to Breach of Contract and Turnover, Which are the
          Only Claims Plaintiff Prevailed on and are the Only Claims For Which Plaintiff
          Sought Attorneys' Fees.

In its Amended Complaint, Plaintiff asserted claims for breach of contract, turnover of property,

fraudulent transfer (under 11 U.S.C. sec. 548), fraudulent transfer (under 11 U.S.C. secs. 544(b) and 550),

declaratory relief, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty.  In its written

---

[2] There may be a small portion of that amount attributable to partially redacted entries for which the total was
redacted, making it unduly difficult to decipher.

request for fees, Plaintiff correctly only sought to recover attorneys' fees for its breach of contract and turnover claims in its Amended Complaint and those are the only claims addressed by the R&R issued by the Court. In other words, Plaintiff was only the prevailing party on its claims for breach of contract and turnover of property and, thus, it is not entitled to recover any attorneys' fees for work done on its other claims. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006) ("Absent a contract or statute, trial courts do not have inherent authority to require a losing party to pay the prevailing party's fees.").

Because not all fees are recoverable, fee claimants have always been required to segregate fees between claims for which they are recoverable and claims for which they are not. *G.R.A.V.I.T.Y. Enterprises, Inc. v. Reece Supply Co.*, 177 S.W.3d 537, 547 (Tex. App. 2005) ("As the supreme court has made clear, section 38.001 requires recovery of damages for a claimant to be eligible to recover attorneys' fees."). Moreover, attorneys' fees are not recoverable for the claims asserted by Plaintiff other than breach of contract and turnover. *In re Jenkins,* 617 B.R. 91, 113 (Bankr. N.D. Tex. 2020) ("With this bedrock principle in mind, neither section 548 nor section 550 of the Bankruptcy Code provides for the recovery of attorneys' fees and expenses in a fraudulent transfer case."); *Massachusetts Mut. Life Ins. Co. v. Sanders*, 787 F.Supp.2d 628, 641 (S.D. Tex. 2011) (denying motion for award of attorneys' fees because the federal Declaratory Judgment Act does not provide statutory authority to award attorneys' fees); *Life Ins. Co. Robbins v. Robbins*, 550 S.W.3d 846, 855 (Tex. App. 2018) ("Attorney's fees are not available for a breach-of-fiduciary duty claim.").

Whether by mistake or otherwise, despite nominally only requesting fees for its contract claims, Plaintiff's fee request includes time for at least $222,000 in fees devoted to amending the complaint to add these claims for which fees cannot be recovered and then addressing the motions to dismiss those claim or compel arbitration. There are doubtless additional amounts that are hard to discern because included in general descriptions, but the readily identifiable time entries for this work for which fees may not be recovered are:

**Plaintiff spent at least $35,753.50 amending its complaint, to add claims that are unrelated to the recover on the Notes and for which Plaintiff cannot recover fees.**

| 07/04/2021 | JE | BL | Prepare memo on implications of amending Note Suit Complaints to add fraudulent transfer cause of action. | 10.00 | 1195.00 | $11,950.00 |
|---|---|---|---|---|---|---|
| 07/06/2021 | JAM | BL | E-mail to M. Aigen, other defense counsel on notes litigation, concerning proposed Amended Complaint and scheduling matters (0.3); review written responses and document production from HCRE in notes litigation (0.3). | 0.60 | 1245.00 | $747.00 |
| 07/07/2021 | JAM | BL | E-mails w/ D. Rukavina re: proposed amended complaint (0.2). | 0.20 | 1245.00 | $249.00 |
| 07/11/2021 | JAM | BL | Work on Amended Complaints in notes litigation (2.2); e-mails w/ D. Rukavina re: NexPoint amended answer (0.1). | 2.30 | 1245.00 | $2,863.50 |
| 07/13/2021 | JAM | BL | E-mail to D. Rukavina re: NexPoint amended answer (0.2); e-mails w/ D. Klos, J. Seery re: HCMFA amended answer (0.2); review revise draft Amended Complaint for Dondero (0.4); review/revise draft Amended Complaint for HCMFA (0.9); review/revise draft Amended Complaint for NexPoint (0.9); review/revise draft Amended Complaint for HCRE (0.9); review/revise draft Amended Complaint for HCM Services, Inc. (0.9); draft e-mail to M. Aigen and other defense counsel re: schedule and related matters (0.6); e-mail to J. Seery re: amended complaints and HCMFA (0.2); tel c. w/ J. Seery re: HCMFA proposed amended complaint (0.2); e-mail to M. Aigen and other defense counsel, J. Pomerantz, G Demo re: Amended Complaints (0.1). | 5.50 | 1245.00 | $6,847.50 |
| 08/09/2021 | HRW | BL | Call with J. Morris re: amended complaints re: notes | 0.20 | 695.00 | $139.00 |
| 08/11/2021 | HRW | NL | Draft motion to file amended complaints for notes litigations (2.8) | 2.80 | 695.00 | $1,946.00 |
| 08/12/2021 | HRW | NL | Draft motion to file amended complaints for notes litigations (3.0) | 3.00 | 695.00 | $2,085.00 |
| 08/13/2021 | JAM | NL | Review motion to amend complaint and proposed orders (0.9); e-mails w/ G. Demo, H. Winograd re: motion to amend complaint and proposed orders (0.2); e-mails w/ M. Aigen, others, re: scheduling order and motion to amend complaints (0.4). | 1.50 | 1245.00 | $1,867.50 |
| 08/13/2021 | HRW | NL | Edit and finalize motions to file amended complaints in notes litigations (1.2). | 1.20 | 695.00 | $834.00 |

8

| 08/17/2021 | JAM | NL | Review/revise motions for leave to amend complaints in Notes Litigation (1.1); e-mail to L. Canty, Z. Annable, H. Winograd re: motions for leave to amend complaints in Notes Litigation and related matters (0.2); e-mails w/ Z. Annable, H. Winograd re: motions to amend complaints in Notes Litigation (0.1). | 1.40 | 1245.00 | $1,743.00 |
| 08/17/2021 | LSC | NL | Prepare and transmit exhibits to motions to amend. | 0.50 | 460.00 | $230.00 |
| 08/18/2021 | JAM | NL | Communications w/ M. Aigen, Z. Annable re: form of Order for motions for leave to amend complaints (0.2); tel c. w/ D. Rukavina re: Advisors' motion for protective order (0.2). | 0.40 | 1245.00 | $498.00 |
| 08/18/2021 | LSC | NL | Transmit proposed orders on motions to amend. | 0.20 | 460.00 | $92.00 |
| 08/26/2021 | JAM | NL | E-mails w/ H. Winograd, Z. Annable re: filing of Amended Complaints (0.2); e-mails w/ H. Winograd, D. Rukavina re: scheduling order for HCMFA notes litigation (not subject to amended complaint) (0.2). | 0.40 | 1245.00 | $498.00 |
| 08/26/2021 | LSC | NL | Prepare exhibits to amended complaints (.7); prepare exhibits to orders approving discovery stipulations (.3). | 1.00 | 460.00 | $460.00 |
| 08/26/2021 | HRW | NL | Prepare and review amended complaints and

exhibits for notes litigations filings (1.5); Communicate with opposing counsel for Advisors re: discovery stipulations (0.1); Review discovery stipulations for notes litigations (0.1). | 1.70 | 695.00 | $1,181.50 |
| 08/27/2021 | JAM | NL | E-mails w/ D. Rukavina, M. Aigen re: timing of answers and discovery demands (0.1); e-mails w/ Z. Annable re: filing of amended answers and orders approving scheduling stipulations (0.2). | 0.30 | 1245.00 | $373.50 |
| 08/27/2021 | HRW | NL | Review adversary cover sheets for notes litigations (0.2); Review and prepare discovery stipulations and proposed orders for notes litigations (1.0). | 1.20 | 695.00 | $834.00 |
| 08/29/2021 | JMF | NL | Review amended complaints re notes litigation. | 0.30 | 1050.00 | $315.00 |

**Plaintiff spent $84,139.00 drafting a response to a motion to dismiss the claims for which attorneys' fees are not recoverable:**

| 09/13/2021 | HRW | NL | Review motion to dismiss in notes litigations (2.0). | 2.00 | 695.00 | $1,390.00 |
| 09/14/2021 | HRW | NL | Review motion to dismiss complaint in notes litigation (2.0). | 2.00 | 695.00 | $1,390.00 |
| 09/15/2021 | HRW | NL | Research re: motion to dismiss complaint in notes litigation (3.5). | 3.50 | 695.00 | $2,432.50 |
| 09/17/2021 | HRW | NL | Review and research re: motion to dismiss in notes litigations (3.5). | 3.50 | 695.00 | $2,432.50 |

| 09/18/2021 | HRW | NL | Draft and research re: motion to dismiss in notes litigations (5.5). | 5.50 | 695.00 | $3,822.50 |
|---|---|---|---|---|---|---|
| 09/19/2021 | HRW | NL | Draft and research re: motion to dismiss in notes litigations (8.5). | 8.50 | 695.00 | $5,907.50 |
| 09/20/2021 | HRW | NL | Draft opposition to motion to dismiss in notes litigations (13.0). | 13.00 | 695.00 | $9,035.00 |
| 09/21/2021 | HRW | NL | Draft opposition to motion to dismiss in notes litigations (9.0). | 9.00 | 695.00 | $6,255.00 |
| 09/22/2021 | HRW | NL | Draft opposition to motion to dismiss in notes litigations (11.0). | 11.00 | 695.00 | $7,645.00 |
| 09/23/2021 | JAM | NL | Tel c. w/ L. Canty re: document review (0.1); tel c. w/ J. Seery re: strategy for responding to motions (0.2); tel c. w/ J. Pomerantz re: strategy for responding to motions (0.1); review documents (3.1). | 3.50 | 1245.00 | $4,357.50 |
| 09/23/2021 | HRW | NL | Draft opposition to motion to dismiss in notes litigations (12.0). | 12.00 | 695.00 | $8,340.00 |
| 09/24/2021 | HRW | NL | Draft opposition to motion to dismiss in notes litigations (9.0). | 9.00 | 695.00 | $6,255.00 |
| 09/26/2021 | HRW | NL | Draft opposition to motion to dismiss in notes litigations (7.0). | 7.00 | 695.00 | $4,865.00 |
| 09/27/2021 | JAM | NL | Review/revise opposition to motion to dismiss (2.5); review/revise written responses to discovery (2.4); e-mails w/ J. Seery, J. Pomerantz, G. Demo, H. Winograd re: written responses to discovery (0.2); tel c. w. J. Seery re: written responses to discovery (0.2); tel c. w/ J. Pomerantz re: oppositions to MTD and arbitration (0.2); tel c. w/ J. Pomerantz, J. Koop re: opposition to motion to compel arbitration (0.4); further revisions to written responses to discovery (0.2); communications w/ J. Seery re: responses to written discovery (0.1). | 6.20 | 1245.00 | $7,719.00 |
| 09/27/2021 | GVD | NL | Review response to motion to dismiss litigation | 0.60 | 950.00 | $570.00 |
| 09/27/2021 | HRW | NL | Draft opposition to motion to dismiss in notes litigations (7.5). | 7.50 | 695.00 | $5,212.50 |
| 09/28/2021 | GVD | NL | Review motion to dismiss response | 1.00 | 950.00 | $950.00 |
| 09/28/2021 | HRW | NL | Draft and file opposition to motion to dismiss in notes litigations (8.0). | 8.00 | 695.00 | $5,560.00 |

**Plaintiff spent $67,283.50 drafting a response to the motion to compel arbitration:**

| 09/13/2021 | JAK | NL | Begin review of motion to compel arbitration (0.8); strategy and planning discussion with John Morris, Jeff Pomerantz, and Hayley Winograd (0.8); follow-up discussion with Jeff Pomerantz regarding arbitration motion (0.2); additional review and analysis of arbitration motion (1.1); | 2.90 | 1100.00 | $3,190.00 |
|---|---|---|---|---|---|---|
| 09/17/2021 | JAK | NL | Review previous pleadings and begin outlining opposition to demand for arbitration; | 1.40 | 1100.00 | $1,540.00 |
| 09/19/2021 | JAM | NL | Review of documents and docket and e-mails to J. Kropp, J. Pomerantz, G. Demo, H. Winograd re: facts and arguments concerning opposition to motion to compel arbitration (3.0); further communications w/ J. Kropp re: arbitration motion (0.1). | 3.10 | 1245.00 | $3,859.50 |
| 09/19/2021 | JAK | NL | Email correspondence with John Morris regarding various arguments pertaining to waiver and estoppel for arbitration motion objection; review and analyze transcripts from previous hearing; begin research regarding various arguments for arbitration objection; | 3.30 | 1100.00 | $3,630.00 |
| 09/20/2021 | JAK | NL | Drafting of portions of objection to arbitration motion; research legal issues for use in same; emails with John Morris regarding additional arguments and support for same; review and analyze provisions of limited partnership agreement for use in arguments in opposition of arbitration agreement; memo outlining legal issues to be researched and supporting direction; | 4.40 | 1100.00 | $4,840.00 |
| 09/22/2021 | JJK | NL | Research for opp. to motion re: arbitration. | 4.80 | 995.00 | $4,776.00 |
| 09/22/2021 | JJK | NL | Research for opp. to arbitration motion and emails Kroop on same. | 1.40 | 995.00 | $1,393.00 |
| 09/22/2021 | JAK | NL | Extensive drafting of opposition to arbitration motion; legal research regarding issues and arguments for same; emails with internal research group regarding issues for researching and related matters; | 6.90 | 1100.00 | $7,590.00 |
| 09/23/2021 | JJK | NL | Research for opp. to arbitration motion; conf. call Kroop and Keane on same (0.6). | 5.80 | 995.00 | $5,771.00 |
| 09/23/2021 | JJK | NL | Research for opp. to arbitration motion. | 3.10 | 995.00 | $3,084.50 |
| 09/23/2021 | JAK | NL | Review and analyze initial research results on issues pertaining to arbitration opposition from Jonathan Kim and Peter Keane; extensive drafting of arbitration opposition; additional case research and analysis regarding arguments for same; confer with Jonathan Kim and Peter Keane regarding same; | 4.90 | 1100.00 | $5,390.00 |

11

| 09/27/2021 | JAK | NL | Strategy discussion with John Morris and Jeff Pomerantz regarding opposition to arbitration motion and related matters; extensive additional drafting, research, and review of issues and portions of arbitration motion opposition; work with Greg Demo regarding confirmation-related citations and background for use in opposition; additional drafting and revisions to arbitration opposition; | 3.10 | 1100.00 | $3,410.00 |
| 09/28/2021 | JAM | NL | Review/revise draft opposition to motion to compel arbitration (4.8); e-mails w/ J. Seery, J. Pomerantz, J. Koop, G. Demo, H. Winograd re: opposition to motion to compel arbitration (0.4); tel c. w/ J. Seery re: opposition to motion to compel arbitration (0.1); | 9.10 | 1245.00 | $11,329.50 |
| 09/28/2021 | JAK | NL | Extensive revisions, review, and editing of opposition to arbitration motion; edits and review of declaration in support of same; confer over telephone and emails with John Morris and Jeff Pomerantz regarding same; final edits and preparation of opposition for filing and service; supervise filing and service of same, with drafting of cover response per local rules; | 6.80 | 1100.00 | $7,480.00 |

**Plaintiff spent at least $15,654.50 on one day of work on the reply brief for its motion to amend the complaint:[3]**

| 05/20/2021 | JE | BL | Work on reply brief (11.0); review motion to amend complaint (.4); call with Mr. Morris regarding briefing (.3); research judgment issues (1.4). | 13.10 | 1195.00 | $15,654.50 |

**Plaintiff spent $19,336.50 for five attorneys to conduct the half-day hearing on a motion to dismiss and motion to compel arbitration:**

| 11/09/2021 | JNP | NL | Prepare for hearings. | 1.00 | 1295.00 | $1,295.00 |
| 11/09/2021 | JNP | NL | Participate in hearings on motion to compel arbitration and motion to dismiss. | 3.50 | 1295.00 | $4,532.50 |
| 11/09/2021 | LSC | NL | Prepare for and assist at hearing on motions to stay and motions to dismiss. | 3.50 | 460.00 | $1,610.00 |
| 11/09/2021 | GVD | NL | Attend hearing on notes litigation | 3.70 | 950.00 | $3,515.00 |
| 11/09/2021 | HRW | NL | Hearing on motions to dismiss and compel arbitration (3.2). | 3.20 | 695.00 | $2,224.00 |

---

[3] Alternatively, Defendants object to any recovery related to this work because it does not appear to be related to this litigation. This entry refers to 11 hours of work with the description, "Work on reply brief."  However, there does not appear to be any reply brief filed by Plaintiff any time near this time period.  Therefore, these funds should be deducted because they were either unnecessary because they relate to a reply for a motion to amend that was never filed or because they are completely unrelated to this litigation and were erroneously included in the fee statements.

| 11/09/2021 | JAK | NL | Preparation and additional research in preparation for arbitration and dismissal hearings (1.9); attend and conduct hearings on arbitration and dismissal motions (3.5); follow-up call with team regarding hearing results (0.2). | 5.60 | 1100.00 | $6,160.00 |
|---|---|---|---|---|---|---|

   4.     The Court Should Exclude All Entries That are Not Segregated By Defendant.

"When a plaintiff seeks to charge a defendant with its attorneys' fees, the plaintiff must prove that

the fees were incurred while suing the defendant sought to be charged with the fees on a claim which

allows recovery of such fees." *In re Mud King Products, Inc.*, 525 B.R. 43, 55 (Bankr. S.D. Tex. 2015)

(internal marks omitted) (quoting *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1 (Tex. 1991)).  "In

cases with multiple defendants, to recover its attorneys' fees, the plaintiff must segregate the fees owed by

each defendant so that defendants are not charged fees for which they are not responsible." *Id.*  In *Mud*

*King Products*, the court excluded from the award time spent in prosecution of claims against other

defendants.  *Id.*, at 56; *see also Jackson Law Office, P.C. v. Chappell*, 37 S.W.3d 15, 23 (Tex. App. 2000)

("When a lawsuit involves multiple claims or multiple parties, the proponent has a duty to segregate non-

recoverable fees from recoverable fees, *and to segregate the fees owed by different parties*.") (emphasis

added).

   Here, there are multiple Defendants:  Dondero, HCMFA, HCMS, HCRE, and NexPoint.

Therefore, to recover its attorneys' fees, Plaintiff must segregate the fees owed by each Defendant so that

Defendants are not charged fees for which they are not responsible.  *See Mud King Products*, 525 B.R. at

55.  Because Plaintiff has failed to segregate fees owed by each Defendant, the Court, as in *Mud King*

*Products*, should exclude from the award against each Defendant all time spent in prosecution of claims

against other Defendants.  *See id.*, at 56.

   Plaintiff incorrectly alleges that the "there was no reasonable way to allocate the Fees and

Expenses separately between each Note Litigation" because "there was substantial overlap in the legal

and factual issues in the five adversary proceedings."[4]  Under Texas law, "[t]he party seeking to recover

---

[4] *See e.g.,* Adv. Proc. No. 21-3003, Dkt. 197, Ex. 1, ¶ 16.

attorney's fees bears the burden of demonstrating segregation is not required." *Clearview Properties, L.P. v. Property Texas SC One Corp.*, 287 S.W.3d 132, 144 (Tex. App. 2009).  Here, Plaintiff has not carried its burden.

The court in *Clearview Properties* clarified that the burden is not met by simply claiming, as Plaintiff essentially does here, that all the claims "arise from the same factual base." *Clearview Properties*, 287 S.W.3d, at 144.  "[J]ust because the claims overlap among the [] defendants does not mean that their legal defenses were identical." *Id.*  As a result, the *Clearview Properties* court required segregation and remanded for proper proof of attorneys' fees. *Id.*, at 144–45.

Several federal circuit courts of appeal have held that segregation of fees among multiple defendants is appropriate under the circumstances. *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 337 (1st Cir. 2008); *El-Haken v. BJY Inc.*, 415 F.3d 1068, 1075–75 (9th Cir. 2005); *Koster v. Perales*, 903 F.2d 131, 139 (2d. Cir. 1990); *see also Roggio v. Grasmuck*, 18 F.Supp.3d 49, 60 (D. Mass. 2014); *see also Fischer as Trustee v. Fischer as Co-Trustee*, 332 So.3d 516, 519 – 20 (Fla. App. 4th 2021) (holding that, where claims were filed separately and later consolidated, apportionment was required).  Among the types of apportionment that may be used, "time expended" per defendant is appropriate when time dedicated to one defendant is clearly disproportionate to another defendant. *Torres-Rivera*, 524 F.3d, at 337.

In this case, there clearly has been time expended for some Defendants that is clearly disproportionate to other Defendants.  For example, Dondero and other defendants (e.g., Nancy Dondero and Dugaboy) that were not party to the Notes on which the proposed judgment is based and are not part of the proposed judgment in the R&R filed a motion to dismiss and motion to compel arbitration of certain breach of fiduciary duty claims (separate claims from the Notes).[5]  In response to the motion to dismiss and motion to compel, as shown above, Plaintiff spent **$84,139.00** drafting a response; an additional **$67,283.50** drafting a response to Defendants' motion to compel arbitration; at least

---

[5] *See e.g.,* Adv. Proc. No. 21-3005, Dkt. 68, Dkt. 69.

**$15,654.50** for one day's work on a reply brief for its motion to amend the complaint; and finally

**$19,336.50** for five attorneys to conduct the half-day hearing on Defendants' motion to dismiss and

motion to compel arbitration. And it also racked up at least **$35,753.50** on amending its complaint in the

first place, something that did not involve HCMFA, HCMS, HCRE, and NexPoint at all.

    Therefore, it clearly would be inequitable to hold HCMFA, HCMS, HCRE, and NexPoint

responsible for such fees because they had nothing to do with the litigation. But more importantly, as

noted above, because the motion to dismiss and motion to compel arbitration are not part of the Report

and Recommendation at all, and concerned claims ***for which attorneys' fees were not even sought and***

***even if successful, attorneys' fees and costs could not be recovered***, these fees cannot be awarded against

any Defendant.[6]

    Defendants calculate at least **$222,000** spent on the claims for which they are not entitled to seek

fees, not including all the time included in billing entries largely related to other matters for which it is not

easy to segregate out the non-recoverable time. "The [proposed] fee award, therefore, cannot stand."

*Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 339 (1st Cir. 2008). Where "time records of the attorneys

do not generally segregate the time spent," because "plaintiff bears the burden of proving that the time

entries are reasonable," "if a time entry includes both recoverable costs and non-recoverable costs, and

there is no clear way to segregate them, the court may simply exclude the entire entry." *Roggio v.*

*Grasmuck*, 18 F.Supp.3d 49, 60 (D. Mass. 2014) (citing *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331,

336 (1st Cir. 2008)).

    Here, by Defendants' estimate, after a review of the PSZJ Notice and Hayward Notice, Plaintiff

has identified a particular Defendant or particular Defendants in about 300 entries of the total of 1,482

time entries submitted as part of the proposed fee award. The fact that Plaintiff sometimes identifies the

Defendant or issue clearly enough to determine what party should be charged, means that segregation was

not impossible. The Court should exclude the fees for all entries that do not identify a Defendant and the

---

[6] See Section 0.

case, as well as all entries where it is impossible to tell whether impermissible items are included, such as where time for dealing with the non-contract claims is mixed in with time dealing with the contract claims.

In the alternative, the Court should reduce the award for the clearly impermissible time and require Plaintiff to submit additional evidence that segregates the remaining fees per Defendant. "Where fees are authorized, fee claimants have always been required to segregate fees between claims for which they are recoverable and claims for which they are not." *Transverse, L.L.C. v. Iowa Wireless Services, L.L.C.*, 992 F.3d 336, 344 (5th Cir. 2021) (internal marks omitted); *see also Wal-Mart Stores, Inc. v. Qore, Inc.*, 647 F.3d 237, 244, 246–48 (5th Cir. 2011) (holding the "multiple claims against multiple parties" "could have been easily segregated"). In *Transverse*, even though various claims had a "common set of underlying facts" and "rest[] on the same evidence and seek[] the same damages," the claims based on different contracts required segregation of fees. *Transverse, L.L.C.*, 992 F.3d, at 344–45. The court required a determination on remand on the basis of evidence in the form of affidavits and exhibits that would afford the Court "adequate bases for making a fee award" and also noted that it was an appropriate remedy for awarded fees simply be cut its fees in half. *Id.*, at 346.

     5.     The Court Should Reduce the Proposed Award by the Amount of all Fees Charged to Plaintiff that are Related to Unsuccessful Litigation by Plaintiff.

"A plaintiff should not recover attorneys' fees for work on claims as to which he or she did not prevail." *Roggio v. Grasmuck*, 18 F. Supp. 3d 49, 56 (D. Mass. 2014) (citing *See Torres–Rivera*, 524 F.3d, at 336); *see also Wal-Mart Stores, Inc. v. Qore, Inc.*, 647 F.3d 237, 246–48 (5th Cir. 2011) (vacating the district court's fee award because Wal-Mart failed to present competent evidence by which to allocate its legal fees among successful and unsuccessful claims). "When a plaintiff prevails on some, but not all, of multiple claims . . . the court must filter out the time spent on unsuccessful claims and award the prevailing party fees related solely to time spent litigating the winning claim(s)." *Roggio*, 18 F. Supp. 3d, at 56 (internal marks omitted) (citing *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 298 (1st Cir.2001)). For example, time spent on discovery regarding damages that were not recovered

should be excluded.  *Id.* at 57.  Further, where the court 'cannot determine the extent of the overlap, because plaintiff did not explain what motions [] they were working on with specificity," entries including time for unsuccessful claims should be excluded in their entirety.  *Id.*

Here, Plaintiff did not prevail in a number of matters litigated against Defendants.  First, Plaintiff lost its opposition to Defendants' motion to strike the Klos declaration.[7]  Plaintiff's time entries devoted to opposing the motion to strike appear to run from March 8, 2022 to March 21, 2022.  Work on the Klos declaration is set forth in entries dated December 16, 2021.  The Klos declaration was integrated into the Plaintiff's motion for summary judgment.  Many of the time entries running from December 2, 2021 to December 20, 2021 were devoted to the motion for summary judgment, and it is unclear what amount of the time devoted to motion for summary judgment was devoted to facts furnished by the stricken Klos declaration.

Second, Plaintiff lost its motion for sanctions.[8]  Plaintiff's time entries devoted to reply brief for the motion for sanctions appear to run from March 11, 2022 to March 14, 2022.  Just the reply brief entries that were relatively easy to find in the billing entries amount to over $30,000, before even considering the time spent on the motion.  It is unclear what time was spent on the actual motion because Plaintiff's time entries are not detailed enough to include that information. Plaintiff should be compelled to provide that information so that the time spent on this unsuccessful motion can be identified and deducted.

**Plaintiff spent $30,634.50 drafting a reply regarding Plaintiff's motion for sanctions.**

| 03/11/2022 | HRW | Draft reply ISO motion for sanctions (7.5). | 7.50 | 750.00 | $5,625.00 |
| 03/12/2022 | HRW | Draft reply ISO motion for sanctions and related tasks (6.5). | 6.50 | 750.00 | $4,875.00 |
| 03/13/2022 | HRW | Draft reply ISO motion for sanctions and related tasks (8.5). | 8.50 | 750.00 | $6,375.00 |

---

[7] *See e.g.,* Adv. Proc. No. 21-3006, Dkt. 207.
[8] *See e.g.,* Adv. Proc. No. 21-3006, Dkt. 208.

| 03/14/2022 | JAM | | Review/revise draft reply on motion to strike/sanctions/contempt (4.2); tel c. w/ H. Winograd re: revisions/status of reply on motion to strike/sanctions/contempt (0.2); tel c. w/ H. Winograd re: revisions/status of reply on motion to strike/sanctions/contempt (0.2); further review/revisions to reply brief in support of motion to strike/sanctions/contempt (1.5). | 6.10 | 1395.00 | $8,509.50 |
| 03/14/2022 | HRW | | Draft reply ISO motion for sanctions and related tasks (7.0). | 7.00 | 750.00 | $5,250.00 |

Third, Plaintiff's work on a motion to consolidate (over $56,000) was unnecessary, because Defendants had agreed to consolidate and Plaintiff wasted everyone's time with its unsuccessful motion to consolidate before a judge that was not presiding over the first filed district court case, which was denied in favor of the successful motion Defendants were forced to file, seeking consolidation before the correct court.[9]  Plaintiff's time entries for the motion to consolidate, as shown below, run from November 23, 2021 to December 6, 2021.

**Plaintiff spent at least $56,066.00 drafting a motion to consolidate cases regarding the Demand Notes and Term Notes.**

| 11/23/2021 | HRW | NL | Draft motion to consolidate note actions (6.0). | 6.00 | 695.00 | $4,170.00 |
| 11/24/2021 | JAM | NL | Review/revise draft motion to consolidate notes litigations in the District Court (2.6). | 2.60 | 1245.00 | $3,237.00 |
| 11/24/2021 | HRW | NL | Review motion to consolidate note actions (1.5). | 1.50 | 695.00 | $1,042.50 |
| 11/25/2021 | JAM | NL | Review/revise draft Memorandum of Law in support of motion to consolidate notes litigations pending in the United States District Courts (5.1); communications w/ H. Winograd, L. Canty re: draft | 5.30 | 1245.00 | $6,598.50 |

---

[9] *See e.g.,* Adv. Proc. No. 21-3006, Dkt. 212.

CORE/3522697.0002/176256542.9

| | | | Memorandum of Law in support of motion to consolidate notes litigations pending in the United States District Courts and exhibits for summary judgment motion (0.2). | | | |
|---|---|---|---|---|---|---|
| 11/26/2021 | JAM | NL | Review/revise draft Memorandum of Law in support of motion to consolidate notes litigations pending in the United States District Courts (2.7); e-mails to J. Pomerantz, G. Demo, H. Winograd re: draft Memorandum of Law in support of motion to consolidate notes litigations pending in the United States District Courts (0.2). | 2.90 | 1245.00 | $3,610.50 |
| 11/26/2021 | GVD | NL | Review motion to consolidate and correspondence with J. Morris re same | 0.30 | 950.00 | $285.00 |
| 11/26/2021 | HRW | NL | Draft motion to consolidate notes litigations (9.0). | 9.00 | 695.00 | $6,255.00 |
| 11/27/2021 | JAM | NL | Continued work on motion to consolidate notes actions in district court (5.0); communications w/ J. Pomerantz, G. Demo, H. Winograd re: motion to consolidate notes actions in district court (0.2). | 5.20 | 1245.00 | $6,474.00 |
| 11/27/2021 | HRW | NL | Draft motion to consolidate notes litigations (9.5). | 9.50 | 695.00 | $6,602.50 |
| 11/28/2021 | JAM | NL | Continued work on motion to consolidate notes actions in district court (3.1); e-mails to J. Pomerantz, G. Demo, H. Winograd re: revised motion to consolidate notes actions in district court (0.2). | 3.30 | 1245.00 | $4,108.50 |
| 11/28/2021 | GVD | NL | Review and revise motion to consolidate notes litigations | 0.90 | 950.00 | $855.00 |
| 12/02/2021 | HRW | NL | Draft motion to consolidate notes litigations and ancillary documents (4.0). | 4.00 | 695.00 | $2,780.00 |
| 12/03/2021 | JAM | NL | Review/revise motion for consolidation of notes cases in District Court (4.1); e-mails w/ D. Rukavina re: scheduling and sanctions motion (0.3) tel c. w/ H. Winograd re: motion to consolidate (0.4); review draft order and motion (0.2). | 5.00 | 1245.00 | $6,225.00 |
| 12/03/2021 | HRW | NL | Draft motion to consolidate notes litigations and ancillary documents (2.5). | 2.50 | 695.00 | $1,737.50 |
| 12/06/2021 | HRW | NL | Review and finalize motion to consolidate (3.0). | 3.00 | 695.00 | $2,085.00 |

The Court "must filter out the time spent on unsuccessful claims and award the prevailing party fees related solely to time spent litigating the winning claim(s)." *See Roggio*, 18 F. Supp. 3d, at 56. The time spent preparing the Klos declaration and the Klos-related parts of the motion for summary judgment, the time spent opposing the motion to strike, the time spent on the motion for sanctions, and the time spent on the motion to consolidate, which based on the above, total over $86,000, should be excluded. *Id.* at 57. Where the Court "cannot determine the extent of the overlap" between entries that are related to

19

the Klos declaration, motion to strike, motion for sanctions, or motion to consolidate, on the one hand, and entries that may be related something else, on the other hand, the Court should exclude all such entries that may be related "because plaintiff did not explain what [] they were working on with specificity." *Id.*

> 6.    Plaintiff's Law Firm of Pachulski, Stang, Ziehl & Jones Charged Rates Far in Excess of the Customary Rates in the Northern District of Texas.

Plaintiff's attorneys of the law firm of Pachulski, Stang, Ziehl & Jones LLP ("PSZJ") charged attorneys' fees at rates that are not customary in the Northern District of Texas and are therefore unreasonable.

The "relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits." *Tollett v. City of Kemah*, 285 F.3d 357, 369 (5th Cir. 2002) (citations and internal marks omitted). Here, the relevant market is Dallas, Texas. "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Tollett v. City of Kemah*, 285 F.3d 357, 368–69 (5th Cir. 2002) (citation omitted). Here, Plaintiff's attorneys offered no such affidavits.

However, according to the documentation provided by Plaintiff regarding their attorneys' fees in this case, specifically the Hayward Notice, Plaintiff's local counsel, Hayward PLLC, with its office in Dallas, Texas, charged $400.00 to $450.00 per hour. PSZJ, on the other hand, with its office in Los Angeles, California, according to the pleadings and bills in the exhibits to the PSZJ Notice, and with its attorneys (that billed the time to be awarded) having bar licenses in California and New York according to the pleadings and the PSZJ Notice, charged rates from $460 to **$1,265** per hour.

In one case in which the federal Fifth Circuit Court of Appeals did "not perceive [the case] to have been extraordinarily difficult" and the type of matter "has been the subject of legal discourse for many years," the court held that the trial court's decision to cut the billing attorney's Washington D.C. rate in half to meet Dallas rates was not an abuse of discretion. *Hopwood v. State of Texas*, 236 F.3d 256, 281 (5th Cir.

2000).  Here, the Court should do the same and cut PSZJ's Los Angeles and New York rates in half to bring them on par with Dallas rates.

The exception that would support an award using out-of-district rates does not apply here.  "Courts have found the use of out-of-district prevailing rates proper where a case is transferred for the convenience of the parties and witnesses," and the party wishes to retain previously retained counsel from the initial district.  *Midkiff v. Prudential Ins. Co. of Am.*, 571 F. Supp. 3d 660, 667 (W.D. Tex. 2021) (citations omitted).  Here, the bankruptcy was originally filed in Delaware and transferred to the Northern District of Texas.  Plaintiff's attorneys of PSZJ appear to be located in Los Angeles and New York.  They also have not pled that their out-of-district rates should apply.  There is no reason to award fees in this case at Los Angeles or New York rates.

> **7.**    **Plaintiff's Suggested Manner of Distribution of the Fees and Costs Among the Defendants is Unreasonable Because it Ignores Each Defendant's Proposed Relative Liability.**

Plaintiff's proposed award of attorneys' fees is unreasonable because it arbitrarily advocates for a distribution of the fees among the five Defendants equally (one-fifth each) regardless of the amount of the proposed judgment against each Defendant and their involvement in the case.

Where a party is assigned liability for attorneys' fees and costs in excess of their "interest" and "part of the entire controversy," it is an abuse of discretion and "justice requires that the part of the judgment relating to taxing costs in the trial court be reformed."  *Gasperson v. Madill Nat. Bank*, 455 S.W.2d 381, 386, 399 (Tex. Civ. App. 1970).  For example, in *Gasperson*, where a defendant was responsible for about 9% of the money judgment and initially apportioned 66% of the fees and costs (jointly and severally with other parties), the court reversed and reformed the judgment to apportion the defendant about 9% of the fees and costs.  *Gasperson v. Madill Nat. Bank*, 455 S.W.2d 381, 386, 399 (Tex. Civ. App. 1970).  Plaintiff's Proposed Form of Judgment proposes that each Defendant pay **20.00%** of the proposed award of fees and

costs.[10]  It would be an abuse of discretion to award fees and costs in this manner.  *See Gasperson*, 455 S.W.2d, at 386, 399.

## III.    CONCLUSION

Defendants object to Plaintiff's proposed award of attorneys' fees and costs.  Defendants request that the Court reduce any award of attorneys' fees and costs as requested herein to account for the $395,996.50 math error, to reduce the fees to local rates, eliminate fees for unnecessary/unsuccessful/non-contract-related work, and to eliminate time not properly allocated (or remand for such allocation to be done, or reduce the fees by 50% after eliminating the impermissible entries).

Respectfully submitted,

*/s/Deborah Deitsch-Perez*
Deborah Deitsch-Perez
State Bar No. 24036072
Michael P. Aigen
State Bar No. 24012196
STINSON LLP
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Attorneys for James Dondero, Highland Capital Management Services, Inc. and NexPoint Real Estate Partners, LLC*

*/s/Davor Rukavina*
Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
Email:  drukavina@munsch.com

*Attorneys for NexPoint Advisors, L.P. and Highland Capital Management Fund Advisors, L.P.*

---

[10] Adv. Proc. No. 21-3003, ¶ 4; Adv. Proc. No. 21-3004, ¶ 3; Adv. Proc. No. 21-3005, ¶ 2; Adv. Proc. No. 21-3006, ¶ 6; Adv. Proc. No. 21-3007, ¶ 6.

CORE/3522697.0002/176256542.9

## CERTIFICATE OF SERVICE

I certify that on August 23, 2022, a true and correct copy of the foregoing document was served

via the Court's Electronic Case Filing system to the parties that are registered or otherwise entitled to

receive electronic notices in this adversary proceeding.

/s/ Michael P. Aigen
Michael P. Aigen

CORE/3522697.0002/176256542.9

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (TX Bar No. 24044908)
MHayward@HaywardFirm.com
Zachery Z. Annable (TX Bar No. 24053075)
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

---------------------------------------------------------------

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | Adv. Proc. No. 21-03003-sgj |
| vs. | § | |
| | § | |
| JAMES DONDERO, NANCY DONDERO, AND THE | § | |
| DUGABOY INVESTMENT TRUST, | § | Case No. 3:21-cv-00881-X |
| | § | |
| Defendants. | § | |
| | § | |

---------------------------------------------------------------

---

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § |
| | § |
| | § |
| Plaintiff, | §  Adv. Proc. No. 21-03004-sgj |
| | § |
| vs. | § |
| | §  Case No. 3:21-cv-00881-X |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., | § |
| | § |
| | § |
| Defendant. | § |

---

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § |
| | § |
| Plaintiff, | §  Adv. Proc. No. 21-03005-sgj |
| | § |
| vs. | § |
| | §  Case No. 3:21-cv-00881-X |
| NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § |
| | § |
| Defendants. | § |

---

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § |
| | § |
| Plaintiff, | §  Adv. Proc. No. 21-03006-sgj |
| | § |
| vs. | § |
| | §  Case No. 3:21-cv-00881-X |
| HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § |
| | § |
| Defendants. | § |

---



| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| | § | Adv. Proc. No. 21-03007-sgj |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | Case No. 3:21-cv-00881-X |
| HCRE PARTNERS, LLC (n/k/a NexPoint | § | |
| Real Estate Partners, LLC), JAMES | § | |
| DONDERO, NANCY DONDERO, AND | § | |
| THE DUGABOY INVESTMENT TRUST, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR LEAVE TO SUPPLEMENT BACKUP DOCUMENTATION IN SUPPORT OF PROPOSED JUDGMENT**

Highland Capital Management, L.P. (the "<u>Plaintiff</u>" or "<u>Highland</u>"), by and through its undersigned counsel, hereby files this motion (the "<u>Motion</u>") to supplement its backup documentation (the "<u>Backup Documentation</u>") in support of its *Notice of Attorneys' Fees Calculation and Backup Documentation*[1] (the "<u>Notice of Attorneys' Fees</u>") in support of its *Proposed Form of Judgment* (the "<u>Proposed Judgment</u>") in connection with the above-captioned adversary proceedings (the "<u>Adversary Proceedings</u>" or "<u>Notes Litigation</u>").

## I.   <u>RELEVANT BACKROUND</u>

1.    On December 17, 2021, Plaintiff moved for summary judgment in the Adversary Proceedings against Highland Capital Management Fund Advisors, L.P. ("<u>HCMFA</u>"), and for partial summary judgment against James D. Dondero ("<u>Dondero</u>"), NexPoint Advisors, L.P. ("<u>NexPoint</u>"), Highland Capital Management Services, Inc. ("<u>HCMS</u>"), and HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC) ("<u>HCRE</u>") (collectively, the "<u>Defendants</u>").  *See* Adv.

---

[1] *See* Adv. Pro. No. 21-03003 at Docket No. 197; Adv. Pro. No. 21-03004 at Docket No. 169; Adv. Pro. No. 21-03005 at Docket No. 214; Adv. Pro. No. 21-03006 at Docket No. 219; and Adv. Pro. No. 21-03007 at Docket No. 214.

Proc. Nos. 21-03003-sgj at Docket No. 132;[2] 21-03004-sgj at Docket No. 83; 21-03005-sgj at Docket No. 131; 21-03006-sgj at Docket No. 129; and 21-03007-sgj at Docket No. 124 (collectively referred to as the "Motion for Summary Judgment"). Oral argument on the Motion for Summary Judgment was held on April 20, 2022.

2.     On July 20, 2022, the Bankruptcy Court issued its *Report and Recommendation to the District Court: Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants (With Respect to All Sixteen Promissory Notes) in the Above-Referenced Consolidated Note Actions* [D. Ct. Docket No. 50-1][3] (the "R&R"), in which it recommended that this Court grant the Motion for Summary Judgment against all Defendants.

3.     On August 5, 2022, in accordance with the Bankruptcy Court's directive in the R&R, Highland filed the Notice of Attorneys' Fees with respect to, among other things, Plaintiff's cost of collection arising from legal services provided by its lead counsel, Pachulski Stang Ziehl & Jones LLP ("PSZJ").

4.     On August 23, 2022, Defendants filed their objections to (a) the R&R[4] (the "R&R Objection") and (b) the Proposed Judgment[5] (the "Proposed Judgment Objection").

5.     As relevant here, Defendants objected to the Proposed Judgment on the ground that, in pertinent part, there was an alleged "math error" of $395,996.50, *see* Proposed Judgment Objection at 5-6 (the "Alleged Math Error"), and "[t]here may be a small portion of that amount

---

[2] Refers to the docket maintained in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court").

[3] Refers to the docket maintained in the District Court.

[4] *See* D. Ct. Docket Nos. 62 and 63.

[5] *See* Adv. Pro. No. 21-03003 at Docket No. 204; Adv. Pro. No. 21-03004 at Docket No. 173; Adv. Pro. No. 21-03005 at Docket No. 221; Adv. Pro. No. 21-03006 at Docket No. 226; and Adv. Pro. No. 21-03007 at Docket No. 221.

attributable to partially redacted entries for which the total was redacted, making it unduly difficult to decipher," *id.* at 6 n. 2 (the "Relevant Objection").

6.      On September 20, 2022, Highland's counsel emailed Defendants' counsel in an attempt to resolve the Relevant Objection. **Morris Dec. Ex. A**.[6]

7.      Specifically, Highland's counsel informed Defendants' counsel that there is no Alleged Math Error because there are two simple reasons for the discrepancy: (a) Highland inadvertently omitted from its Backup Documentation the invoices for January and February 2022, and (b) some entries were redacted because they referred to tasks unrelated to the Notes Litigation, but the unredacted time should be added up and multiplied by the hourly rate of the applicable timekeeper. **Morris Dec. Ex. A**.  Highland also attached to its email, *inter alia*, the invoices for January and February 2022 (the "Supplemental Invoices"), which total $307,493.50 (and which therefore accounts for almost 80% of the Alleged Math Error). **Morris Dec. Ex B** and **Ex. C**, respectively.

8.      Highland's counsel also proposed to stipulate to this issue in order to reduce the burden on the Court, advising Defendants' counsel that if they did not respond by noon on Friday, September 23, 2022, Highland would move for leave to supplement the Backup Documentation with the Supplemental Invoices.  **Morris Dec. Ex. A**.

9.       Defendants' counsel did not respond by September 23, 2022 (or anytime thereafter).  Accordingly, Highland files the instant Motion.

---

[6] References to "Morris Dec." are to the *Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment*, filed concurrently herewith.

## II.      RELIEF REQUESTED

10.      Highland respectfully requests leave, pursuant to Local Rule 56.7, to supplement the Backup Documentation with the Supplemental Invoices, as the Supplemental Invoices were inadvertently omitted from the Backup Documentation when the Notice of Attorneys' Fees was originally filed on August 5, 2022.

## III.      CONCLUSION

WHEREFORE, Highland respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting Highland leave to supplement its Backup Documentation with the Supplemental Invoices, and granting Highland such other and further relief it deems just and proper.

[*Remainder of Page Intentionally Blank*]

Dated: September 27, 2022.

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
E-mail: jpomerantz@pszjlaw.com
            jmorris@pszjlaw.com
            gdemo@pszjlaw.com
            hwinograd@pszjlaw.com

- and -


**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile:  (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that, on September 20, 2022, counsel for Highland corresponded with counsel for Defendants regarding the relief requested in the foregoing Motion, and counsel for Defendants did not respond regarding the relief requested in the Motion.

*/s/ Zachery Z. Annable*
Zachery Z. Annable

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

---------------------------------------------------------------

HIGHLAND CAPITAL MANAGEMENT, L.P.,

     Plaintiff,

vs.

JAMES DONDERO, NANCY DONDERO, AND THE
DUGABOY INVESTMENT TRUST,

     Defendants.

---------------------------------------------------------------

§
§
§
§
§
§
§
§
§
§
§
§

Adv. Proc. No. 21-03003-sgj

Case No. 3:21-cv-00881-X

---

HIGHLAND CAPITAL MANAGEMENT, L.P.,

§
§
§
§                    Adv. Proc. No. 21-03004-sgj
§

                              Plaintiff,

§
§

vs.

§
§                    Case No. 3:21-cv-00881-X
§

HIGHLAND CAPITAL MANAGEMENT FUND
ADVISORS, L.P.,

§
§
§
§

                              Defendant.

§
§
§

---

HIGHLAND CAPITAL MANAGEMENT, L.P.,

§
§
§
§                    Adv. Proc. No. 21-03005-sgj

                              Plaintiff,

§
§

vs.

§
§                    Case No. 3:21-cv-00881-X
§

NEXPOINT ADVISORS, L.P., JAMES
DONDERO, NANCY DONDERO, AND
THE DUGABOY INVESTMENT TRUST,

§
§
§

                              Defendants.

§
§

HIGHLAND CAPITAL MANAGEMENT, L.P.,

§
§

                              Plaintiff,

§
§                    Adv. Proc. No. 21-03006-sgj

vs.

§
§
§

HIGHLAND CAPITAL MANAGEMENT
SERVICES, INC., JAMES DONDERO,
NANCY DONDERO, AND THE DUGABOY
INVESTMENT TRUST,

§
§                    Case No. 3:21-cv-00881-X
§
§
§

                              Defendants.

§
§

---



---

HIGHLAND CAPITAL MANAGEMENT, L.P., §
                                                §
                                                §      Adv. Proc. No. 21-03007-sgj
                              Plaintiff,        §
                                                §
vs.                                             §
                                                §      Case No. 3:21-cv-00881-X
HCRE PARTNERS, LLC (n/k/a NexPoint              §
Real Estate Partners, LLC), JAMES               §
DONDERO, NANCY DONDERO, AND                     §
THE DUGABOY INVESTMENT TRUST,                   §
                                                §
                              Defendants.        §
                                                §

---

**ORDER GRANTING**
**HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR LEAVE TO SUPPLEMENT**
**BACKUP DOCUMENTATION IN SUPPORT OF PROPOSED JUDGMENT**

Upon consideration of *Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* [Docket No. __] (the "Motion")[1] filed by Highland Capital Management, L.P. ("Highland" or "Plaintiff"), the plaintiff in the above-captioned Adversary Proceedings; and this Court having considered the arguments and evidence set forth in (a) the Motion; (b) the *Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* [Docket No. __] (the "Morris Dec."); and (c) the exhibits annexed to the Morris Dec.; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. § 1409; and this Court having found that the Plaintiff's notice of the Motion and opportunity for a hearing on the Motion was appropriate and that no other notice need be provided; and upon all of the proceedings had before this Court; and after due

---

[1] Capitalized terms not defined herein shall take on the meaning ascribed thereto in the Motion.

deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

    1.      The Motion is **GRANTED**.

    2.      The Backup Documentation to the Notice of Attorneys' Fees in support of the Proposed Judgment is hereby deemed supplemented with the Supplemental Invoices, as attached to the Morris Dec. as Exhibits B and C, which is attached hereto as **Exhibit 1**.

###End of Order###

# **EXHIBIT 1**

# Pachulski Stang Ziehl & Jones LLP

10100 Santa Monica Blvd.
13th Floor
Los Angeles, CA 90067

Board of Directors
Highland Capital Management LP
100 Crescent Court, Suite 1850
Dallas, TX  75201

January 31, 2022
Invoice     129683
Client       36027
Matter       00004
**JNP**

RE:  Notes Litigation

---

### STATEMENT OF PROFESSIONAL SERVICES RENDERED THROUGH  01/31/2022

| | |
|---|---|
| FEES | $140,045.50 |
| **TOTAL CURRENT CHARGES** | **$140,045.50** |
| **TOTAL BALANCE DUE** | **$140,045.50** |

Pachulski Stang Ziehl & Jones LLP

Highland Capital Management LP

36027    - 00004

Page:    2

Invoice 129683

January 31, 2022

---

### Summary of Services by Professional

| ID | Name | Title | Rate | Hours | Amount |
|----|------|-------|------|-------|--------|
| GVD | Demo, Gregory Vincent | Counsel | 1095.00 | 1.50 | $1,642.50 |
| HRW | Winograd , Hayley  R. | Associate | 750.00 | 83.50 | $62,625.00 |
| JAK | Kroop, Jordan A. | Counsel | 1195.00 | 0.80 | $956.00 |
| JAM | Morris, John A. | Partner | 1395.00 | 42.30 | $59,008.50 |
| JE | Elkin, Judith | Counsel | 1325.00 | 1.20 | $1,590.00 |
| JMF | Fried, Joshua M. | Partner | 1145.00 | 2.80 | $3,206.00 |
| JNP | Pomerantz, Jeffrey N. | Partner | 1445.00 | 3.00 | $4,335.00 |
| LSC | Canty, La Asia S. | Paralegal | 495.00 | 13.50 | $6,682.50 |
| | | | | 148.60 | $140,045.50 |

Pachulski Stang Ziehl & Jones LLP

Highland Capital Management LP

36027   - 00004

## Summary of Services by Task Code

| Task Code | Description | Hours | Amount |
|-----------|-------------|-------|--------|
|           |             | 148.60 | $140,045.50 |
|           |             | 148.60 | $140,045.50 |

Pachulski Stang Ziehl & Jones LLP

Highland Capital Management LP

36027    - 00004

Page:      4

Invoice 129683

January 31, 2022

|  |  |  | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 06/13/2021 | HRW | Call with J. Morris, J. Pomerantz, and J. Kroop (0.8). | 0.80 | 750.00 | $600.00 |
| 06/13/2021 | HRW | Review motion to dismiss in notes litigations (2.0). | 2.00 | 750.00 | $1,500.00 |
| 01/04/2022 | JAM | E-mails w/ D. Rukavina, Z. Annable re: hearing on HCMFA motion for leave to amend and Sauter testimony (0.2). | 0.20 | 1395.00 | $279.00 |
| 01/05/2022 | JNP | Review motion to reconsider notes; Conference with Gregory V. Demo and John A. Morris regarding same. | 0.30 | 1445.00 | $433.50 |
| 01/05/2022 | JMF | Review motion for reconsideration of order denying expert disclosure. | 0.30 | 1145.00 | $343.50 |
| 01/05/2022 | JAM | Tel c. w/ L. Canty re: witness and exhibit list (0.1); communications w/ J. Seery, D. Klos re: default letter to HCRE (0.1). | 0.20 | 1395.00 | $279.00 |
| 01/05/2022 | LSC | Preparation of exhibit list and exhibits for 1_10_22 hearing on HCMFA's second motion to amend. | 1.70 | 495.00 | $841.50 |
| 01/06/2022 | JNP | Conference with John A. Morris regarding upcoming hearing on answer amendment and related issues. | 0.30 | 1445.00 | $433.50 |
| 01/06/2022 | JAM | E-mails w/ Z. Annable, J. Pomerantz, G. Demo, H. Winograd re: cross-examination of Sauter and communications with Court (0.3). | 0.30 | 1395.00 | $418.50 |
| 01/06/2022 | LSC | Preparation of materials for 1_10_22 hearing on HCMFA second motion to amend (.5); finalize and transmit exhibits to local counsel for filing (.6). | 1.10 | 495.00 | $544.50 |
| 01/06/2022 | JE | Review order to consolidate, motion on discovery to district court and related briefing and various related pleadings. | 1.20 | 1325.00 | $1,590.00 |
| 01/06/2022 | HRW | Email J. Pomerantz, J. Morris, G. Demo re: Order consolidating notes cases (0.2). | 0.20 | 750.00 | $150.00 |
| 01/06/2022 | HRW | Review Order consolidating notes cases (0.3). | 0.30 | 750.00 | $225.00 |
| 01/07/2022 | JMF | Review reply re motion to amend amend answers in notes litigation. | 0.50 | 1145.00 | $572.50 |
| 01/07/2022 | JAM | Prepare for evidentiary hearing on HCMFA's motion for leave to amend answer (1.2). | 1.20 | 1395.00 | $1,674.00 |
| 01/07/2022 | HRW | Research re: appeal of order denying motion to extend discovery (1.0). | 1.00 | 750.00 | $750.00 |
| 01/07/2022 | HRW | Email J. Morris, J. Pomerantz, G. Demo re: HCMFA | 0.10 | 750.00 | $75.00 |

Pachulski Stang Ziehl & Jones LLP                                    Page:     5
Highland Capital Management LP                                       Invoice 129683
36027    - 00004                                                    January 31, 2022

|  |  |  | Hours | Rate | Amount |
|---|---|---|---|---|---|
|  |  | reply ISO second motion to amend the answer (0.1). |  |  |  |
| 01/07/2022 | HRW | Review HCMFA reply ISO second motion to amend the answer (0.8). | 0.80 | 750.00 | $600.00 |
| 01/07/2022 | HRW | Email J. Pomerantz, J. Morris, G. Demo re: appeal of order denying motion to extend discovery (0.5). | 0.50 | 750.00 | $375.00 |
| 01/07/2022 | HRW | Email Z. Annable re: appeal of order denying motion to extend discovery (0.1). | 0.10 | 750.00 | $75.00 |
| 01/08/2022 | JAM | Prepare for evidentiary hearing on HCMFA's motion for leave to amend its answer (4.1). | 4.10 | 1395.00 | $5,719.50 |
| 01/10/2022 | JNP | Conference with John A. Morris regarding hearing on motion to amend answer. | 0.10 | 1445.00 | $144.50 |
| 01/10/2022 | JAM | Prepare for hearing on HCMFA's motion for leave to amend (7.2); hearing on HCMFA's motion for leave to amend (4.7); tel c. w/ G. Demo re: follow up to hearing (0.1). | 12.00 | 1395.00 | $16,740.00 |
| 01/10/2022 | JAM | Tel c. w/ J. Pomerantz, G. Demo, adversaries, court re: consolidation implications and briefing (0.4). | 0.40 | 1395.00 | $558.00 |
| 01/10/2022 | LSC | Revise witness and exhibit list and coordinate filing of same with local counsel (.3); prepare for and assist at hearing on HCMFA's Second Motion to Amend Answer (5.5). | 6.40 | 495.00 | $3,168.00 |
| 01/10/2022 | GVD | Conference with J. Morris re follow up to hearing re amendment of complaint | 0.10 | 1095.00 | $109.50 |
| 01/10/2022 | HRW | Email J. Morris re: second HCMFA adversary proceeding (0.1). | 0.10 | 750.00 | $75.00 |
| 01/10/2022 | HRW | Research re: motion to reconsider order denying motion to extend discovery (1.5). | 1.50 | 750.00 | $1,125.00 |
| 01/10/2022 | HRW | Hearing on HCMFA second motion to amend answer (4.5). | 4.50 | 750.00 | $3,375.00 |
| 01/10/2022 | HRW | Review HCMFA rule 26 disclosures (0.2). | 0.20 | 750.00 | $150.00 |
| 01/10/2022 | HRW | Email J. Pomerantz, J. Morris, G. Demo re: motion for reconsideration of order denying motion to extend discovery (0.3). | 0.30 | 750.00 | $225.00 |
| 01/11/2022 | JAM | E-mails w/ J. Pomerantz, G. Demo, M. Aigen re: request for extension of time to oppose motion for PSJ (0.3). | 0.30 | 1395.00 | $418.50 |
| 01/11/2022 | HRW | Research re: appeal of order denying motion to extend discovery (3.0). | 3.00 | 750.00 | $2,250.00 |
| 01/11/2022 | HRW | Review emails from opposing counsel and J. Morris re: scheduling for MSJ (0.1). | 0.10 | 750.00 | $75.00 |

Pachulski Stang Ziehl & Jones LLP

Highland Capital Management LP

36027    - 00004

Page:        6

Invoice 129683

January 31, 2022

| | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 01/11/2022 | HRW | Email J. Kroop re: appeal of order denying motion to extend discovery (0.2). | 0.20 | 750.00 | $150.00 |
| 01/11/2022 | HRW | Email J. Kroop re: consolidation of appeals of order denying arbitration (0.1). | 0.10 | 750.00 | $75.00 |
| 01/11/2022 | HRW | Email J. Pomerantz, J. Kroop, J. Morris, G. Demo re:  appeal of order denying motion to extend discovery (0.3). | 0.30 | 750.00 | $225.00 |
| 01/11/2022 | JAK | Review of strategic considerations for consolidation of four appeals of arbitration denial in emails with Hayley Winograd. | 0.30 | 1195.00 | $358.50 |
| 01/11/2022 | JAK | Analyze legal issues pertaining to motion for reconsideration under Rule 72 as opposed to direct appeal with Hayley Winograd. | 0.50 | 1195.00 | $597.50 |
| 01/12/2022 | JNP | Conference with Hayley R. Winograd, John A. Morris  and Gregory V. Demo regarding consolidation order and next steps. | 0.50 | 1445.00 | $722.50 |
| 01/12/2022 | JAM | Review draft stipulation extending briefing schedule on PSJ motion (0.2); e-mails w/ Defense counsel re: stipulation extending briefing schedule on PSJ motion (0.1); tel c. w/ J. Pomerantz, G. Demo, H. Winograd re: strategy for addressing motions in District Court (0.5). | 0.80 | 1395.00 | $1,116.00 |
| 01/12/2022 | GVD | Conference with J. Pomerantz, J. Morris, and H. Winograd re notes litigation issues and next steps | 0.50 | 1095.00 | $547.50 |
| 01/12/2022 | HRW | Email J. Morris, J. Pomerantz, G. Demo re: pending motions in consolidated cases (0.1). | 0.10 | 750.00 | $75.00 |
| 01/12/2022 | HRW | Call with G. Demo, J. Morris, G. Demo re: nexpoint objection to order denying motion to extend (0.6). | 0.60 | 750.00 | $450.00 |
| 01/12/2022 | HRW | Review order re: pending motions in consolidated cases (0.1). | 0.10 | 750.00 | $75.00 |
| 01/12/2022 | HRW | Research re: response to nexpoint objection to order denying motion to extend (3.0). | 3.00 | 750.00 | $2,250.00 |
| 01/13/2022 | HRW | Research and draft response to nexpoint objection to order denying motion to extend (5.0). | 5.00 | 750.00 | $3,750.00 |
| 01/14/2022 | JNP | Emails regarding response to motion for reconsideration of expert discovery order. | 0.10 | 1445.00 | $144.50 |
| 01/14/2022 | JAM | Review/revise HCMFA's draft stipulation concerning the withdrawal of the reference in HCMFA II (0.7); e-mail to defense counsel, J. Pomerantz, G. Demo, H. Winograd re: revised draft stipulation concerning the withdrawal of the reference in HCMFA II (0.1). | 0.80 | 1395.00 | $1,116.00 |

Pachulski Stang Ziehl & Jones LLP

Highland Capital Management LP

36027    - 00004

Page:     7

Invoice 129683

January 31, 2022

| | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 01/14/2022 | HRW | Email Z. Annable re: objection to order denying motion to extend (0.1). | 0.10 | 750.00 | $75.00 |
| 01/14/2022 | HRW | Draft response to nexpoint objection to order denying motion to extend (2.5). | 2.50 | 750.00 | $1,875.00 |
| 01/14/2022 | HRW | Email J. Morris stipulation re: briefing schedule on nexpoint objection to order denying motion to extend (0.1). | 0.10 | 750.00 | $75.00 |
| 01/14/2022 | HRW | Review nexpoint motion re: objection to order denying motion to extend (0.2). | 0.20 | 750.00 | $150.00 |
| 01/14/2022 | HRW | Call with J. Morris re: nexpoint objection to order denying motion to extend (0.2). | 0.20 | 750.00 | $150.00 |
| 01/14/2022 | HRW | Draft stipulation re: briefing schedule on nexpoint objection to order denying motion to extend (0.5). | 0.50 | 750.00 | $375.00 |
| 01/14/2022 | HRW | Email J. Pomerantz, J. Morris, G. Demo re: nexpoint objection to order denying motion to extend (0.2). | 0.20 | 750.00 | $150.00 |
| 01/17/2022 | HRW | Draft response to nexpoint objection to order denying motion to extend (6.5). | 6.50 | 750.00 | $4,875.00 |
| 01/18/2022 | JNP | Review stipulation with retail boards regarding discovery and conference with John A. Morris regarding same. | 0.20 | 1445.00 | $289.00 |
| 01/18/2022 | HRW | Draft response to nexpoint objection to order denying motion to extend (6.0). | 6.00 | 750.00 | $4,500.00 |
| 01/19/2022 | JNP | Review of retail boards stipulation; Conference with John A. Morris regarding. | 0.20 | 1445.00 | $289.00 |
| 01/19/2022 | JAM | E-mails w/ M. Aigen, J. Pomerantz, G. Demo, H. Winograd re: request for extension of page limit (0.2). | 0.20 | 1395.00 | $279.00 |
| 01/19/2022 | HRW | Draft response to nexpoint objection to order denying motion to extend (7.0) / Code: NL | 7.00 | 750.00 | $5,250.00 |
| 01/19/2022 | HRW | Review email from opposing counsel to Court re: re: extension of page limit for MSJ (0.1). | 0.10 | 750.00 | $75.00 |
| 01/19/2022 | HRW | Review email between J. Morris and opposing counsel re: extension of page limit for MSJ (0.1). | 0.10 | 750.00 | $75.00 |
| 01/20/2022 | JNP | Conference with John A. Morris regarding various litigation updates. | 0.20 | 1445.00 | $289.00 |
| 01/20/2022 | JNP | Review emails regarding motion to extend page limit for response. | 0.10 | 1445.00 | $144.50 |
| 01/20/2022 | JNP | Conference with John A. Morris regarding summary judgment motion and related. | 0.20 | 1445.00 | $289.00 |
| 01/20/2022 | JMF | Review opposition to motion for summary | 0.50 | 1145.00 | $572.50 |

Pachulski Stang Ziehl & Jones LLP

Highland Capital Management LP

36027    - 00004

Page:     8

Invoice 129683

January 31, 2022

| | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | judgment. | | | |
| 01/20/2022 | JAM | E-mails w/ defense counsel, court, internal team re: page limit issues (0.6); review J. Dondero Declaration for HCMFA opposition (0.4); tel c. w/ H. Winograd re: notes litigation (0.1); tel c. w/ J. Pomerantz re: status, HCMFA filing (0.2). | 1.30 | 1395.00 | $1,813.50 |
| 01/20/2022 | GVD | Review responses to motions for summary judgment | 0.50 | 1095.00 | $547.50 |
| 01/20/2022 | HRW | Review stipulation re: briefing schedule on nexpoint objection to order denying motion to extend (0.2). | 0.20 | 750.00 | $150.00 |
| 01/20/2022 | HRW | Review email between J. Morris and opposing counsel re: extension of page limit for MSJ (0.2). | 0.20 | 750.00 | $150.00 |
| 01/20/2022 | HRW | Review J. Morris email from J. Morris to Court re: extension of page limit for MSJ (0.1). | 0.10 | 750.00 | $75.00 |
| 01/20/2022 | HRW | Draft response to nexpoint objection to order denying motion to extend (7.0). | 7.00 | 750.00 | $5,250.00 |
| 01/20/2022 | HRW | Email J. Morris re: stipulation on briefing schedule for nexpoint objection to order denying motion to extend (0.1). | 0.10 | 750.00 | $75.00 |
| 01/20/2022 | HRW | Review emails re: scheduling of MSJ oral argument (0.1). | 0.10 | 750.00 | $75.00 |
| 01/21/2022 | JNP | Conference with John A. Morris regarding potential sanctions for order violations. | 0.20 | 1445.00 | $289.00 |
| 01/21/2022 | JMF | Review motion to withdraw reference re Dondero notes litigation proceeding. | 0.50 | 1145.00 | $572.50 |
| 01/21/2022 | JAM | E-mails w/ defense counsel, J. Pomerantz, J. Seery re: timing of oral argument on notes litigation (0.3); review appendix in support of defendants' opposition (0.5); draft e-mail re: potential contempt motion (0.6). | 1.40 | 1395.00 | $1,953.00 |
| 01/21/2022 | GVD | Conference with J. Morris re responses to motions for summary judgment and next steps (0.1); review draft email from J. Morris re contempt issues (0.1) | 0.20 | 1095.00 | $219.00 |
| 01/21/2022 | HRW | Review J. Morris email re: motion to move argument on MSJ  motion (0.1). | 0.10 | 750.00 | $75.00 |
| 01/21/2022 | HRW | Review email from J. Morris re: notice of intent to file contempt motion re: MSJ evidence (0.1). | 0.10 | 750.00 | $75.00 |
| 01/21/2022 | HRW | Review B. Asskin email re: motion to exceed page limit in MSJ response (0.1). | 0.10 | 750.00 | $75.00 |
| 01/21/2022 | HRW | Review J. Morris email re: contempt for MSJ evidence (0.1). | 0.10 | 750.00 | $75.00 |
| 01/21/2022 | HRW | Review Dondero renewed motion for ruling on R&R | 0.20 | 750.00 | $150.00 |

Pachulski Stang Ziehl & Jones LLP

Page:      9

Highland Capital Management LP

Invoice 129683

36027    - 00004

January 31, 2022

|  |  |  | Hours | Rate | Amount |
|---|---|---|---|---|---|
|  |  | (0.2). |  |  |  |
| 01/21/2022 | HRW | Review email J. Pomerantz and J. Morris re: Dondero renewed motion for ruling on R&R (0.1). | 0.10 | 750.00 | $75.00 |
| 01/21/2022 | HRW | Email J. Morris, J. Pomerantz, G. Demo re: re: notice of intent to file contempt motion re: MSJ evidence (0.1). | 0.10 | 750.00 | $75.00 |
| 01/21/2022 | HRW | Email J. Pomerantz re: Dondero renewed motion for ruling on R&R (0.1). | 0.10 | 750.00 | $75.00 |
| 01/21/2022 | HRW | Review consolidation order (0.2). | 0.20 | 750.00 | $150.00 |
| 01/22/2022 | JAM | E-mails w/ J. Seery, J. Pomerantz, G. Demo, H. Winograd, defense counsel re: possible contempt motion (0.3). | 0.30 | 1395.00 | $418.50 |
| 01/22/2022 | HRW | Review email from J. Morris re: re: notice of intent to file contempt motion re: MSJ evidence (0.1). | 0.10 | 750.00 | $75.00 |
| 01/24/2022 | JMF | Review motion to withdraw reference re Dondero adversary. | 0.30 | 1145.00 | $343.50 |
| 01/24/2022 | JAM | Review/analyze briefs in opposition to SJ motion (4.3); e-mails w/ M. Aigen re: contempt motion (0.2); tel c. w/ H. Winograd re: review of opposition papers and plans for reply (0.5). | 5.00 | 1395.00 | $6,975.00 |
| 01/24/2022 | HRW | Edit stipulation for motion for reconsideration (0.1). | 0.10 | 750.00 | $75.00 |
| 01/24/2022 | HRW | Email J. Morris re: stipulation for motion for reconsideration (0.1). | 0.10 | 750.00 | $75.00 |
| 01/24/2022 | HRW | Email D. Rukavina and M. Aigen re: stipulation for motion for reconsideration (0.1). | 0.10 | 750.00 | $75.00 |
| 01/24/2022 | HRW | Call with J. Morris re: MSJ reply (0.5). | 0.50 | 750.00 | $375.00 |
| 01/25/2022 | JAM | Review/revise stipulation concerning "appeal" of expert order (0.1); e-mails w/ M. Aigen, others re: contempt (0.1); review opposition papers (1.1). | 1.30 | 1395.00 | $1,813.50 |
| 01/25/2022 | HRW | Review emails re: scheduling of MSJ hearing (0.1). | 0.10 | 750.00 | $75.00 |
| 01/25/2022 | HRW | Review emails from J. Morris and M. Aigen re: MSJ evidence (0.2). | 0.20 | 750.00 | $150.00 |
| 01/25/2022 | HRW | Email J. Morris, G. Demo, J. Pomerantz re: contempt motion re: MSJ filing (0.2). | 0.20 | 750.00 | $150.00 |
| 01/25/2022 | HRW | Email D. Rukavina and M. Aigen re: stipulation for motion for reconsideration (0.1). | 0.10 | 750.00 | $75.00 |
| 01/25/2022 | HRW | Research for contempt motion re: MSJ filing (1.0). | 1.00 | 750.00 | $750.00 |
| 01/26/2022 | JAM | E-mail to defense counsel re: possible contempt motion (0.9); work on reply brief (1.7). | 2.60 | 1395.00 | $3,627.00 |

Pachulski Stang Ziehl & Jones LLP

Highland Capital Management LP

36027   - 00004

Page:   10

Invoice 129683

January 31, 2022

| | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 01/26/2022 | HRW | Draft response to nexpoint objection to order denying motion to extend (6.0). | 6.00 | 750.00 | $4,500.00 |
| 01/26/2022 | HRW | Draft HCMFA discovery requests for second notes adversary (0.5). | 0.50 | 750.00 | $375.00 |
| 01/26/2022 | HRW | Review emails from J. Morris and M. Aigen re: MSJ evidence (0.1). | 0.10 | 750.00 | $75.00 |
| 01/26/2022 | HRW | Review D. Rukavina email re: scheduling of briefing on motion for reconsideration (0.1). | 0.10 | 750.00 | $75.00 |
| 01/27/2022 | JNP | Review reply regarding motion for reconsideration and conference with Hayley R. Winograd regarding same. | 0.30 | 1445.00 | $433.50 |
| 01/27/2022 | JMF | Review motion for reconsideration re order denying request to amended answer. | 0.40 | 1145.00 | $458.00 |
| 01/27/2022 | JAM | Review/revise draft brief in opposition to motion for reconsideration of denial of expert motion (1.0); continued review of opposition papers (2.8). | 3.80 | 1395.00 | $5,301.00 |
| 01/27/2022 | GVD | Conference with J. Morris re status of notes litigation | 0.20 | 1095.00 | $219.00 |
| 01/27/2022 | HRW | Draft response to nexpoint objection to order denying motion to extend (1.8). | 1.80 | 750.00 | $1,350.00 |
| 01/27/2022 | HRW | Email J. Pomerantz, G. Demo, J. Morris re: response and objection to motion for reconsideration (0.2). | 0.20 | 750.00 | $150.00 |
| 01/27/2022 | HRW | Email J. Pomerantz, G. Demo, J. Morris re: HCMFA motion for reconsideration of order denying motion to amend (0.1). | 0.10 | 750.00 | $75.00 |
| 01/27/2022 | HRW | Email L. Canty re: response and objection to motion for reconsideration (0.1). | 0.10 | 750.00 | $75.00 |
| ███████ | ███ | ███████████████████ | ███ | ███ | ███████ |
| 01/27/2022 | HRW | Call with J. Pomerantz re: response and objection to motion for reconsideration (0.1). | 0.10 | 750.00 | $75.00 |
| 01/27/2022 | HRW | Review HCMFA motion for reconsideration of order denying motion to amend (0.3). | 0.30 | 750.00 | $225.00 |
| 01/28/2022 | JNP | Conference with John A. Morris regarding summary judgment and related issues. | 0.20 | 1445.00 | $289.00 |
| 01/28/2022 | JAM | Continued work on reply for partial summary judgment motion (3.6). | 3.60 | 1395.00 | $5,022.00 |
| ███████ | ███ | ███████████████████ | ███ | ███ | ███████ |
| ███████ | ███ | ███████████████████ | ███ | ███ | ███████ |

Pachulski Stang Ziehl & Jones LLP                          Page:    11
Highland Capital Management LP                             Invoice 129683
36027   - 00004                                           January 31, 2022

|            |     |                                                                                                                                                                                                           | Hours | Rate | Amount |
|------------|-----|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|------|--------|
| 01/29/2022 | HRW | Draft response to nexpoint motion for reconsideration (2.5).                                                                                                                                                   | 2.50  | 750.00 | $1,875.00 |
| 01/30/2022 | JAM | ██████████████████████ review/revise objection to appeal of order denying extension of expert discovery deadline (0.4); tel c. w/ H. Winograd re: reply briefs for notes litigation SJ motion (0.5). | ██    | 1395.00 | ██ |
| 01/30/2022 | LSC | Preparation of appendix in support of objection to motion for reconsideration, including updates to objection and amendments to same.                                                                          | 4.30  | 495.00 | $2,128.50 |
| 01/30/2022 | HRW | Email J. Seery re: nexpoint motion for reconsideration (0.1).                                                                                                                                                  | 0.10  | 750.00 | $75.00 |
| 01/30/2022 | HRW | Draft response to nexpoint motion for reconsideration (1.0).                                                                                                                                                   | 1.00  | 750.00 | $750.00 |
| 01/30/2022 | HRW | Call with L. Canty re: nexpoint motion for reconsideration (0.1).                                                                                                                                              | 0.10  | 750.00 | $75.00 |
| 01/30/2022 | HRW | Call with J. Morris re: MSJ (0.5).                                                                                                                                                                             | 0.50  | 750.00 | $375.00 |
| 01/31/2022 | JNP | Review final draft of response regarding motion for reconsideration.                                                                                                                                          | 0.10  | 1445.00 | $144.50 |
| 01/31/2022 | JMF | Review reply to motion for reconsideration of bankruptcy order re expert discovery.                                                                                                                            | 0.30  | 1145.00 | $343.50 |
| 01/31/2022 | JAM | Communications w/ H. Winograd re: revisions to brief in opposition to reconsideration of order denying extension of expert discovery deadline (0.3); review final brief in opposition to reconsideration of expert discovery order (0.2); ██████████████████. | ██ | 1395.00 | ██ |
| 01/31/2022 | HRW | Email J. Morris re: response to nexpoint motion for reconsideration (0.1).                                                                                                                                     | 0.10  | 750.00 | $75.00 |
| 01/31/2022 | HRW | Research re: reply to HCMFA summary judgment (2.5).                                                                                                                                                            | 2.50  | 750.00 | $1,875.00 |
| 01/31/2022 | HRW | Call with J. Morris re: response to nexpoint motion for reconsideration (0.1).                                                                                                                                 | 0.10  | 750.00 | $75.00 |
| ██████     | ██  | ████████████████                                                                                                                                                                                              | ██    | ██   | ██     |
| 01/31/2022 | HRW | Call with L. Canty re: nexpoint motion for reconsideration (0.1).                                                                                                                                              | 0.10  | 750.00 | $75.00 |
| 01/31/2022 | HRW | Draft and file response to nexpoint motion for reconsideration (2.5).                                                                                                                                          | 2.50  | 750.00 | $1,875.00 |

Pachulski Stang Ziehl & Jones LLP

Highland Capital Management LP

36027   - 00004

Page:     12

Invoice 129683

January 31, 2022

|  |  |  | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 01/31/2022 | HRW | Email Z. Annable re: response to nexpoint motion for reconsideration (0.2). | 0.20 | 750.00 | $150.00 |
| ███ | ███ | ███████████████████ | ███ | ███ | ███ |
| ███ | ███ | ███████████████████ | ███ | ███ | ███ |
|  |  |  | **148.60** |  | **$140,045.50** |

**TOTAL SERVICES FOR THIS MATTER:**                    $140,045.50

Pachulski Stang Ziehl & Jones LLP                                      Page:    13
Highland Capital Management LP                                         Invoice 129683
36027    - 00004                                                      January 31, 2022

---

## REMITTANCE ADVICE

### Please inlcude this Remittance with your payment

**For current services rendered through:**    **01/31/2022**

**Total Fees**                                                                      **$140,045.50**

**Total Due on Current Invoice**                                                    **$140,045.50**

   **Outstanding Balance from prior invoices as of**    **01/31/2022**    **(May not include recent payments)**

| A/R Bill Number | Invoice Date | Fees Billed | Expenses Billed | Balance Due |
|---|---|---|---|---|

   **Total Amount Due on Current and Prior Invoices:**                              **$140,045.50**

# Pachulski Stang Ziehl & Jones LLP

10100 Santa Monica Blvd.
13th Floor
Los Angeles, CA 90067

James P. Secry, Jr.
Highland Capital Management LP
100 Crescent Court, Suite 1850
Dallas, TX  75201

|  | |
|---|---|
| February 28, 2022 | |
| Invoice | 129792 |
| Client | 36027 |
| Matter | 00004 |
| | **JNP** |

RE:  Notes Litigation

---

### STATEMENT OF PROFESSIONAL SERVICES RENDERED THROUGH  02/28/2022

| | |
|---|---|
| FEES | $172,582.50 |
| **TOTAL CURRENT CHARGES** | **$172,582.50** |
| **BALANCE FORWARD** | **$140,045.50** |
| **LAST PAYMENT** | **$140,045.50** |
| **TOTAL BALANCE DUE** | **$172,582.50** |

Pachulski Stang Ziehl & Jones LLP

Highland Capital Management LP

36027    - 00004

Page:      2

Invoice 129792

February 28, 2022

## Summary of Services by Professional

| ID | Name | Title | Rate | Hours | Amount |
|----|------|-------|------|-------|--------|
| GVD | Demo, Gregory Vincent | Counsel | 1095.00 | 2.40 | $2,628.00 |
| HRW | Winograd , Hayley  R. | Associate | 750.00 | 103.00 | $77,250.00 |
| JAM | Morris, John A. | Partner | 1395.00 | 51.80 | $72,261.00 |
| JMF | Fried, Joshua M. | Partner | 1145.00 | 2.20 | $2,519.00 |
| JNP | Pomerantz, Jeffrey N. | Partner | 1445.00 | 1.10 | $1,589.50 |
| LSC | Canty, La Asia S. | Paralegal | 495.00 | 33.00 | $16,335.00 |
| | | | | 193.50 | $172,582.50 |

Pachulski Stang Ziehl & Jones LLP

Highland Capital Management LP

36027    - 00004

Page:     3

Invoice 129792

February 28, 2022

## Summary of Services by Task Code

| Task Code | Description | Hours | Amount |
|-----------|-------------|-------|--------|
| | | 193.50 | $172,582.50 |
| | | 193.50 | $172,582.50 |

Pachulski Stang Ziehl & Jones LLP

Highland Capital Management LP

36027    - 00004

Page:        4

Invoice 129792

February 28, 2022

|  |  |  | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 12/03/2021 | LSC | Prepare appendix in support of motion to consolidate actions. | 0.40 | 495.00 | $198.00 |
| 01/26/2022 | LSC | Research and transmittal of various documents, including discovery, in connection with preparation for response to motion for reconsideration. | 2.10 | 495.00 | $1,039.50 |
| 02/01/2022 | JAM | Tel c. w/ H. Winograd re: motion to strike and for sanctions re: Tully Report and barred defense (0.4). | 0.40 | 1395.00 | $558.00 |
| 02/01/2022 | HRW | Draft reply ISO motion for summary judgment (3.5). | 3.50 | 750.00 | $2,625.00 |
| 02/01/2022 | HRW | Call with J. Morris re: reply ISO motion for summary judgment (0.3). | 0.30 | 750.00 | $225.00 |
| 02/01/2022 | HRW | Email J. Pomerantz, J. Morris, G. Demo re: HCMFA motion for reconsideration of order denying motion to amend (0.1). | 0.10 | 750.00 | $75.00 |
| 02/01/2022 | HRW | Email J. Morris re: reply ISO motion for summary judgment (0.1). | 0.10 | 750.00 | $75.00 |
| 02/02/2022 | JAM | Work on reply papers (3.7). | 3.70 | 1395.00 | $5,161.50 |
| 02/02/2022 | HRW | Draft reply ISO motion for summary judgment (7.5). | 7.50 | 750.00 | $5,625.00 |
| 02/03/2022 | JAM | Tel c. w/ H. Winograd re: HCMFA opposition to motion for summary judgment (0.2); work on reply in support of motion for partial summary judgment (5.5). | 5.70 | 1395.00 | $7,951.50 |
| 02/03/2022 | HRW | Draft reply ISO summary judgment (8.5). | 8.50 | 750.00 | $6,375.00 |
| 02/04/2022 | JAM | Begin drafting sanctions motion (2.2). | 2.20 | 1395.00 | $3,069.00 |
| 02/04/2022 | JAM | Continued work on reply for PSJ motion (4.1); tel c. w/ H. Winograd re: status of drafting replies (0.1). | 4.20 | 1395.00 | $5,859.00 |
| 02/04/2022 | HRW | Draft reply ISO summary judgment (9.0). | 9.00 | 750.00 | $6,750.00 |
| 02/05/2022 | JAM | Work on contempt motion (3.7); | 3.70 | 1395.00 | $5,161.50 |
| 02/05/2022 | HRW | Draft reply ISO summary judgment (9.5). | 9.50 | 750.00 | $7,125.00 |
| 02/06/2022 | JAM | Continued work on Reply for Alleged Agreement Defendants (7.5); tel c. w/ J. Seery re: reply for motion for partial summary judgment and related matters (0.2); e-mails w/ J. Seery, PSZJ team re: reply brief (0.2). | 7.90 | 1395.00 | $11,020.50 |
| 02/06/2022 | JAM | Continued work on contempt motion (1.6); e-mail to PSZJ team re: contempt motion (0.1); e-mail to L. Canty, H. Winograd re: exhibits for contempt motion (0.2). | 1.90 | 1395.00 | $2,650.50 |

Pachulski Stang Ziehl & Jones LLP

Highland Capital Management LP

36027    - 00004

Page:      5

Invoice 129792

February 28, 2022

|  |  |  | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 02/06/2022 | LSC | Preparation of appendix and exhibits to motion for sanctions/contempt. | 1.40 | 495.00 | $693.00 |
| 02/06/2022 | GVD | Review draft contempt motion | 0.50 | 1095.00 | $547.50 |
| 02/06/2022 | HRW | Draft reply ISO summary judgment (10.0). | 10.00 | 750.00 | $7,500.00 |
| 02/06/2022 | HRW | Draft motions for contempt and to strike summary judgment evidence (2.0). | 2.00 | 750.00 | $1,500.00 |
| 02/07/2022 | JNP | Conference with John A. Morris regarding motion to strike. | 0.30 | 1445.00 | $433.50 |
| 02/07/2022 | JNP | Review latest version of motion to strike. | 0.10 | 1445.00 | $144.50 |
| 02/07/2022 | JMF | Review motions to strike and sanctions re expert discovery. | 0.60 | 1145.00 | $687.00 |
| 02/07/2022 | JAM | Continued work on contempt motion (3.4); e-mails to J.. Seery, PSZJ team re: contempt motion (0.1). | 3.50 | 1395.00 | $4,882.50 |
| 02/07/2022 | JAM | Work on reply papers (including HCMFA brief, non-HCMFA brief, JAM Declaration, Klos Declaration) (10.3): tel c. w/ H. Winograd re: reply papers (0.1); tel c. w/ G. Demo re: reply papers (0.1); tel c. w/ D. Klos re: Klos Declaration (0.2); tel c. w/ J. Pomerantz re: reply papers (0.3); tel c. w/ D. Klos re: Klos Declaration (0.2); tel c. w/ J. Seery re: reply papers (0.1); tel c. w/ J. Seery, D. Klos re: Klos Declaration (0.1); tel c. w/ H. Winograd re: reply papers (0.1); tel c. w/ L. Canty, H. Winograd, Z. Annable re: reply papers (0.4); tel c. w/ H. Winograd re: reply papers (0.1). | 12.00 | 1395.00 | $16,740.00 |
| 02/07/2022 | LSC | Assist with preparation of contempt motion, including preparation of additional exhibits, preparation of declaration in support of same, and revisions to same. | 3.60 | 495.00 | $1,782.00 |
| 02/07/2022 | LSC | Assist with preparation of reply in support of summary judgment (non-HCMFA parties), including research, revisions, and insertion of pincites in the same. | 3.90 | 495.00 | $1,930.50 |
| 02/07/2022 | LSC | Assist with preparation of reply in support of summary judgment (HCMFA), including research, revisions, and insertion of pincites in the same. | 4.60 | 495.00 | $2,277.00 |
| 02/07/2022 | GVD | Conference with J. Morris re status of notes litigation | 0.10 | 1095.00 | $109.50 |
| 02/07/2022 | GVD | Review motion for contempt | 0.30 | 1095.00 | $328.50 |
| 02/07/2022 | GVD | Review transcript re DC Sauter testimony | 1.10 | 1095.00 | $1,204.50 |
| 02/07/2022 | HRW | Draft reply ISO summary judgment (10.0). | 10.00 | 750.00 | $7,500.00 |

Pachulski Stang Ziehl & Jones LLP

Highland Capital Management LP

36027    - 00004

Page:     6

Invoice 129792

February 28, 2022

| | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 02/07/2022 | HRW | Draft motions for contempt and to strike summary judgment evidence (1.5). | 1.50 | 750.00 | $1,125.00 |
| 02/08/2022 | JNP | Conference with John A. Morris regarding summary judgment papers and related issues. | 0.20 | 1445.00 | $289.00 |
| 02/08/2022 | JMF | Review reply to summary judgment opposition. | 0.40 | 1145.00 | $458.00 |
| 02/10/2022 | HRW | Review email from Z. Annable with Court re: scheduling for motion to strike and for contempt (0.1). | 0.10 | 750.00 | $75.00 |
| 02/11/2022 | HRW | Review notice of hearing re: motion to strike and for contempt (0.1). | 0.10 | 750.00 | $75.00 |
| 02/11/2022 | HRW | Email Z. Annable re: notice of hearing on motion to strike and for contempt (0.1). | 0.10 | 750.00 | $75.00 |
| 02/13/2022 | HRW | Draft objection and response to HCMFA motion for reconsideration of order denying motion to amend (2.5). | 2.50 | 750.00 | $1,875.00 |
| 02/14/2022 | JNP | Review reply regarding expert witness reconsideration motion. | 0.10 | 1445.00 | $144.50 |
| 02/14/2022 | HRW | Draft objection and response to HCMFA motion for reconsideration (6.5). | 6.50 | 750.00 | $4,875.00 |
| 02/14/2022 | HRW | Review email from J. Pomerantz re: NexPoint reply ISO motion for reconsideration (0.1). | 0.10 | 750.00 | $75.00 |
| 02/14/2022 | HRW | Review NexPoint reply ISO motion for reconsideration (0.5). | 0.50 | 750.00 | $375.00 |
| 02/15/2022 | JMF | Review reply to motion to extend expert discovery. | 0.30 | 1145.00 | $343.50 |
| 02/15/2022 | HRW | Draft objection and response to HCMFA motion for reconsideration (7.5). | 7.50 | 750.00 | $5,625.00 |
| 02/15/2022 | HRW | Email Z. Annable MSJ amended notice of hearing (0.1). | 0.10 | 750.00 | $75.00 |
| 02/15/2022 | HRW | Review MSJ amended notice of hearing (0.1). | 0.10 | 750.00 | $75.00 |
| 02/15/2022 | HRW | Call with L. Canty re: objection and response to HCMFA motion for reconsideration (0.1). | 0.10 | 750.00 | $75.00 |
| 02/16/2022 | JAM | Tel c. w/ H. Winograd re: objection to appeal of order denying HCMFA leave to amend (0.1). | 0.10 | 1395.00 | $139.50 |
| 02/16/2022 | LSC | Review and revise draft opposition to motion for reconsideration and continued preparation of appendix/exhibits. | 5.30 | 495.00 | $2,623.50 |
| 02/16/2022 | HRW | Draft objection and response to HCMFA motion for reconsideration (11.0). | 11.00 | 750.00 | $8,250.00 |
| 02/17/2022 | JNP | Review reply regarding motion for reconsideration | 0.20 | 1445.00 | $289.00 |

Pachulski Stang Ziehl & Jones LLP
Highland Capital Management LP
36027   - 00004

Page:   7
Invoice 129792
February 28, 2022

| | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | and email to and from Hayley R. Winograd regarding same. | | | |
| 02/17/2022 | JMF | Review oppo to motion to district court to amend answer re review of bankruptcy court order denying motion. | 0.50 | 1145.00 | $572.50 |
| 02/17/2022 | JAM | Review/revise opposition to HCMFA appeal of denial of motion to amend answer (3.7); communications w/ H. Winograd, Z. Annable re: opposition to HCMFA appeal of denial of motion to amend answer (0.6). | 4.30 | 1395.00 | $5,998.50 |
| 02/17/2022 | LSC | Assist with preparation of objection to HCMFA motion for reconsideration, including continued preparation of appendix and additional exhibits, review and revisions to objection, and confer and correspond regarding the same. | 8.60 | 495.00 | $4,257.00 |
| 02/17/2022 | GVD | Review draft response to motion for reconsideration | 0.40 | 1095.00 | $438.00 |
| 02/17/2022 | HRW | Draft objection and response to HCMFA motion for reconsideration and related tasks (9.5). | 9.50 | 750.00 | $7,125.00 |
| 02/18/2022 | JAM | Tel c. w/ H. Winograd re: status of notes litigation/briefing (0.2); tel c. w/ H. Winograd re: correction to Appendix, appeals to district court (0.3); e-mail to H. Winograd, L. Canty re: supplementing the appendix for additional costs and expenses in notes litigation (0.2). | 0.70 | 1395.00 | $976.50 |
| 02/18/2022 | LSC | Attention to amendment to brief in support of motion to strike, including preparation of amended exhibit and confer and correspond with attorneys regarding the same (.4); research and correspondence regarding issue with sealed exhibit (.3). | 0.70 | 495.00 | $346.50 |
| 02/18/2022 | HRW | Review email from Z. Annable and J. Morris re: response to HCMFA motion for reconsideration and related tasks (0.2). | 0.20 | 750.00 | $150.00 |
| 02/18/2022 | HRW | Email Z. Annable and J. Morris re: motion for contempt and to strike (0.2). | 0.20 | 750.00 | $150.00 |
| 02/18/2022 | HRW | Draft errata re: motion for contempt and to strike (0.5). | 0.50 | 750.00 | $375.00 |
| 02/24/2022 | JAM | E-mails w/ Z. Annable, H. Winograd re: propriety of filing an Appendix in support of the Reply (0.3); review cases concerning the same (0.2). | 0.50 | 1395.00 | $697.50 |
| 02/24/2022 | LSC | Begin preparation of additional exhibits in connection with summary judgment hearing. | 1.30 | 495.00 | $643.50 |
| 02/24/2022 | HRW | Review email from M. Aigen and J. Morris re: | 0.10 | 750.00 | $75.00 |

Pachulski Stang Ziehl & Jones LLP

Highland Capital Management LP

36027    - 00004

Page:     8

Invoice 129792

February 28, 2022

| | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | motion to strike appendix in reply to MSJ pleading (0.1). | | | |
| 02/24/2022 | HRW | Review emails from J. Morris and Z. Annable re: motion to strike appendix in reply to MSJ pleading (0.2). | 0.20 | 750.00 | $150.00 |
| 02/24/2022 | HRW | Email J. Morris and Z. Annable re: motion to strike appendix in reply to MSJ pleading (0.2). | 0.20 | 750.00 | $150.00 |
| 02/24/2022 | HRW | Research re: motion to strike appendix in reply to MSJ pleading (1.0). | 1.00 | 750.00 | $750.00 |
| 02/25/2022 | JNP | Review motion to strike. | 0.20 | 1445.00 | $289.00 |
| 02/25/2022 | JMF | Review motion to strike appendix re notes litigation. | 0.40 | 1145.00 | $458.00 |
| 02/25/2022 | JAM | E-mails w/ D. Rukavina, Z. Annable re: sealing of HCMFA 2018 audit report (0.2); preliminary review of motion to strike and communications w/ J. Pomerantz, G. Demo, H. Winograd concerning the same (0.2). | 0.40 | 1395.00 | $558.00 |
| 02/25/2022 | HRW | Review defendants' motion to strike appendix in MSJ reply (0.3). | 0.30 | 750.00 | $225.00 |
| 02/25/2022 | HRW | Review emails from J. Morris and D. Rukavina re: HCMFA motion for reconsideration materials and motion to seal document (0.1). | 0.10 | 750.00 | $75.00 |
| 02/28/2022 | JAM | Preliminary work on response to motion to strike (0.3); preliminary review of opposition to motion to strike/sanctions/contempt (0.3). | 0.60 | 1395.00 | $837.00 |
| 02/28/2022 | LSC | Preparation of additional exhibits in connection with summary judgment. | 1.10 | 495.00 | $544.50 |
| | | | **193.50** | | **$172,582.50** |

**TOTAL SERVICES FOR THIS MATTER:**                                    **$172,582.50**

Pachulski Stang Ziehl & Jones LLP

Highland Capital Management LP

36027   - 00004

Page:      9

Invoice 129792

February 28, 2022

---

**REMITTANCE ADVICE**

**Please inlcude this Remittance with your payment**

**For current services rendered through:**     **02/28/2022**

**Total Fees**                                                                                    **$172,582.50**

**Total Due on Current Invoice**                                                  **$172,582.50**

**Outstanding Balance from prior invoices as of**      **02/28/2022**      **(May not include recent payments)**

| A/R Bill Number | Invoice Date | Fees Billed | Expenses Billed | Balance Due |
|---|---|---|---|---|

**Total Amount Due on Current and Prior Invoices:**                         **$172,582.50**

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (TX Bar No. 24044908)
MHayward@HaywardFirm.com
Zachery Z. Annable (TX Bar No. 24053075)
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

-------------------------------------------------------------------

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Adv. Proc. No. 21-03003-sgj |
| vs. | § | |
| | § | |
| JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § | Case No. 3:21-cv-00881-X |
| | § | |
| Defendants. | § | |
| | § | |

-------------------------------------------------------------------

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| | § | |
| Plaintiff, | § | Adv. Proc. No. 21-03004-sgj |
| | § | |
| vs. | § | |
| | § | Case No. 3:21-cv-00881-X |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., | § | |
| | § | |
| | § | |
| Defendant. | § | |

-------------------------------------------------------------------

---

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | Adv. Proc. No. 21-03005-sgj |
| | § | |
| vs. | § | |
| | § | |
| NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § | Case No. 3:21-cv-00881-X |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

---

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | Adv. Proc. No. 21-03006-sgj |
| | § | |
| vs. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § | Case No. 3:21-cv-00881-X |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

---

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| | § | Adv. Proc. No. 21-03007-sgj |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | Case No. 3:21-cv-00881-X |
| HCRE PARTNERS, LLC (n/k/a NexPoint Real Estate Partners, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

---

## DECLARATION OF JOHN A. MORRIS IN SUPPORT OF HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR LEAVE TO SUPPLEMENT BACKUP DOCUMENTATION IN SUPPORT OF PROPOSED JUDGMENT

I, John A. Morris, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, declare as follows:

1.      I am an attorney in the law firm of Pachulski, Stang, Ziehl & Jones LLP, counsel to Highland Capital Management, L.P. ("Highland" or "Plaintiff"), and I submit this Declaration in support of *Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* (the "Motion")[1] being filed concurrently with this Declaration.  I submit this Declaration based on my personal knowledge and review of the documents listed below.

2.      Attached as **Exhibit A** is a true and correct copy of an email communication between myself and Defendants' counsel, dated September 20, 2022.

3.      Attached as **Exhibit B** is a true and correct copy of the January 2022 invoice, which was inadvertently omitted from the Backup Documentation.

4.      Attached as **Exhibit C** is a true and correct copy of the February 2022 invoice, which was inadvertently omitted from the Backup Documentation.

Dated: September 27, 2022                                  */s/ John A. Morris*
                                                                          John A. Morris

---

[1] Capitalized terms not defined herein shall take on the meanings ascribed thereto in the Motion.

# EXHIBIT A

**From:** John A. Morris
**Sent:** Tuesday, September 20, 2022 5:21 PM
**To:** Aigen, Michael P. (michael.aigen@stinson.com) <michael.aigen@stinson.com>; Deborah R. Deitsch-Perez (deborah.deitschperez@stinson.com) <deborah.deitschperez@stinson.com>; Rukavina, Davor (drukavina@munsch.com) <drukavina@munsch.com>; Berghman, Thomas (tberghman@munsch.com) <tberghman@munsch.com>
**Cc:** Hayley R. Winograd <hwinograd@pszjlaw.com>
**Subject:** Highland: Defendants' Objections to Proposed Forms of Order

Counsel:

We write with respect to the Defendants' first two objections to the proposed forms of judgment:  (a) the alleged "math error" of $395,996.50, and (b) redactions (the "Relevant Objections").

1. There was no math error

We do not believe there was any "math error."  There difference is accounted for in two ways.

- First, as you presumably saw, we inadvertently omitted the invoices for January and February 2022 from HCMLP's initial submission, two particularly heavy months given the substantial motion practice.
- Second, as indicated in Defendants' footnote 2, some entries were redacted because they referred to tasks unrelated to the Notes litigation; but if you add the un-redacted time and multiplied it by the hourly rate of the applicable time keeper, you'd have compensable time.

Attached is a zip file with certain information.

Included are the invoices for January and February 2022, which total $307,493.50 (and which therefore accounts for almost 80% of the alleged "math error").

Also included at the bottom of the zip file is a "summary" of the PSZJ fees.

The "back up" for each monthly amount on the "summary" lists the entries on each invoice for which compensation is sought; we also included the actual, redacted invoices for your convenience.

If you take the two issues  identified above into account, we find no error.

2. Redactions

As I explained in my Declaration, HCMLP does not seek to charge the Defendants for any entries that are redacted (*see* paragraph 10).  Redactions were heavy until August 2021 because ALL litigation was charged under the generic code "BL" (for "bankruptcy litigation").  The redacted entries were for work unrelated to the Notes Litigation; again, **no** compensation is sought for those entries.  Note that, as reflected in the "back up," if portions of an entry are un-redacted, then compensation is sought for those portions but (again) you have to manually add the time and multiply it by the hourly rate of the time keeper.

3. Proposal

We would like to try to stipulate these issues to reduce the burden on the Court – particularly issues for which there should be an objectively "final answer" – and we have two options:

A.   After reviewing the summary and the "back up," stipulate (a) to an aggregate number, (b) that HCMLP does not seek compensation for any "redacted entries," and (c) the Defendants withdraw the Relevant Objections.  We can draft a simple Stipulation for your consideration if that would be helpful.

B.   If not, we'll file a motion for leave to supplement the record with the attached documents and we'll lay all of this out for the Court, but please let us know if Defendants are opposed or unopposed to such a motion.

Please let us know if you have any questions about the information in the zip file.  Otherwise, please let us know how the Defendants would like to proceed by noon on Friday.

Regards,

John

**John A. Morris**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 212.561.7760
Tel: 212.561.7700 | Fax: 212.561.7777
jmorris@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

# EXHIBIT B

# Pachulski Stang Ziehl & Jones LLP

10100 Santa Monica Blvd.
13th Floor
Los Angeles, CA 90067

Board of Directors
Highland Capital Management LP
100 Crescent Court, Suite 1850
Dallas, TX  75201

| | January 31, 2022 |
|---|---|
| Invoice | 129683 |
| Client | 36027 |
| Matter | 00004 |
| | **JNP** |

RE:  Notes Litigation

---

### STATEMENT OF PROFESSIONAL SERVICES RENDERED THROUGH  01/31/2022

| | |
|---|---|
| FEES | $140,045.50 |
| **TOTAL CURRENT CHARGES** | **$140,045.50** |
| **TOTAL BALANCE DUE** | **$140,045.50** |

Pachulski Stang Ziehl & Jones LLP

Highland Capital Management LP

36027    - 00004

Page:    2

Invoice 129683

January 31, 2022

## Summary of Services by Professional

| ID | Name | Title | Rate | Hours | Amount |
|----|------|-------|------|-------|--------|
| GVD | Demo, Gregory Vincent | Counsel | 1095.00 | 1.50 | $1,642.50 |
| HRW | Winograd , Hayley  R. | Associate | 750.00 | 83.50 | $62,625.00 |
| JAK | Kroop, Jordan A. | Counsel | 1195.00 | 0.80 | $956.00 |
| JAM | Morris, John A. | Partner | 1395.00 | 42.30 | $59,008.50 |
| JE | Elkin, Judith | Counsel | 1325.00 | 1.20 | $1,590.00 |
| JMF | Fried, Joshua M. | Partner | 1145.00 | 2.80 | $3,206.00 |
| JNP | Pomerantz, Jeffrey N. | Partner | 1445.00 | 3.00 | $4,335.00 |
| LSC | Canty, La Asia S. | Paralegal | 495.00 | 13.50 | $6,682.50 |
| | | | | 148.60 | $140,045.50 |

Pachulski Stang Ziehl & Jones LLP

Highland Capital Management LP

36027    - 00004

Page:    3

Invoice 129683

January 31, 2022

---

## Summary of Services by Task Code

| Task Code | Description | Hours | Amount |
|---|---|---:|---:|
| | | 148.60 | $140,045.50 |
| | | 148.60 | $140,045.50 |

Pachulski Stang Ziehl & Jones LLP

Highland Capital Management LP

36027    - 00004

Page:    4

Invoice 129683

January 31, 2022

|  |  |  | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 06/13/2021 | HRW | Call with J. Morris, J. Pomerantz, and J. Kroop (0.8). | 0.80 | 750.00 | $600.00 |
| 06/13/2021 | HRW | Review motion to dismiss in notes litigations (2.0). | 2.00 | 750.00 | $1,500.00 |
| 01/04/2022 | JAM | E-mails w/ D. Rukavina, Z. Annable re: hearing on HCMFA motion for leave to amend and Sauter testimony (0.2). | 0.20 | 1395.00 | $279.00 |
| 01/05/2022 | JNP | Review motion to reconsider notes; Conference with Gregory V. Demo and John A. Morris regarding same. | 0.30 | 1445.00 | $433.50 |
| 01/05/2022 | JMF | Review motion for reconsideration of order denying expert disclosure. | 0.30 | 1145.00 | $343.50 |
| 01/05/2022 | JAM | Tel c. w/ L. Canty re: witness and exhibit list (0.1); communications w/ J. Seery, D. Klos re: default letter to HCRE (0.1). | 0.20 | 1395.00 | $279.00 |
| 01/05/2022 | LSC | Preparation of exhibit list and exhibits for 1_10_22 hearing on HCMFA's second motion to amend. | 1.70 | 495.00 | $841.50 |
| 01/06/2022 | JNP | Conference with John A. Morris regarding upcoming hearing on answer amendment and related issues. | 0.30 | 1445.00 | $433.50 |
| 01/06/2022 | JAM | E-mails w/ Z. Annable, J. Pomerantz, G. Demo, H. Winograd re: cross-examination of Sauter and communications with Court (0.3). | 0.30 | 1395.00 | $418.50 |
| 01/06/2022 | LSC | Preparation of materials for 1_10_22 hearing on HCMFA second motion to amend (.5); finalize and transmit exhibits to local counsel for filing (.6). | 1.10 | 495.00 | $544.50 |
| 01/06/2022 | JE | Review order to consolidate, motion on discovery to district court and related briefing and various related pleadings. | 1.20 | 1325.00 | $1,590.00 |
| 01/06/2022 | HRW | Email J. Pomerantz, J. Morris, G. Demo re: Order consolidating notes cases (0.2). | 0.20 | 750.00 | $150.00 |
| 01/06/2022 | HRW | Review Order consolidating notes cases (0.3). | 0.30 | 750.00 | $225.00 |
| 01/07/2022 | JMF | Review reply re motion to amend amend answers in notes litigation. | 0.50 | 1145.00 | $572.50 |
| 01/07/2022 | JAM | Prepare for evidentiary hearing on HCMFA's motion for leave to amend answer (1.2). | 1.20 | 1395.00 | $1,674.00 |
| 01/07/2022 | HRW | Research re: appeal of order denying motion to extend discovery (1.0). | 1.00 | 750.00 | $750.00 |
| 01/07/2022 | HRW | Email J. Morris, J. Pomerantz, G. Demo re: HCMFA | 0.10 | 750.00 | $75.00 |

Pachulski Stang Ziehl & Jones LLP

Page:     5

Highland Capital Management LP

Invoice 129683

36027    - 00004

January 31, 2022

| | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | reply ISO second motion to amend the answer (0.1). | | | |
| 01/07/2022 | HRW | Review HCMFA reply ISO second motion to amend the answer (0.8). | 0.80 | 750.00 | $600.00 |
| 01/07/2022 | HRW | Email J. Pomerantz, J. Morris, G. Demo re: appeal of order denying motion to extend discovery (0.5). | 0.50 | 750.00 | $375.00 |
| 01/07/2022 | HRW | Email Z. Annable re: appeal of order denying motion to extend discovery (0.1). | 0.10 | 750.00 | $75.00 |
| 01/08/2022 | JAM | Prepare for evidentiary hearing on HCMFA's motion for leave to amend its answer (4.1). | 4.10 | 1395.00 | $5,719.50 |
| 01/10/2022 | JNP | Conference with John A. Morris regarding hearing on motion to amend answer. | 0.10 | 1445.00 | $144.50 |
| 01/10/2022 | JAM | Prepare for hearing on HCMFA's motion for leave to amend (7.2); hearing on HCMFA's motion for leave to amend (4.7); tel c. w/ G. Demo re: follow up to hearing (0.1). | 12.00 | 1395.00 | $16,740.00 |
| 01/10/2022 | JAM | Tel c. w/ J. Pomerantz, G. Demo, adversaries, court re: consolidation implications and briefing (0.4). | 0.40 | 1395.00 | $558.00 |
| 01/10/2022 | LSC | Revise witness and exhibit list and coordinate filing of same with local counsel (.3); prepare for and assist at hearing on HCMFA's Second Motion to Amend Answer (5.5). | 6.40 | 495.00 | $3,168.00 |
| 01/10/2022 | GVD | Conference with J. Morris re follow up to hearing re amendment of complaint | 0.10 | 1095.00 | $109.50 |
| 01/10/2022 | HRW | Email J. Morris re: second HCMFA adversary proceeding (0.1). | 0.10 | 750.00 | $75.00 |
| 01/10/2022 | HRW | Research re: motion to reconsider order denying motion to extend discovery (1.5). | 1.50 | 750.00 | $1,125.00 |
| 01/10/2022 | HRW | Hearing on HCMFA second motion to amend answer (4.5). | 4.50 | 750.00 | $3,375.00 |
| 01/10/2022 | HRW | Review HCMFA rule 26 disclosures (0.2). | 0.20 | 750.00 | $150.00 |
| 01/10/2022 | HRW | Email J. Pomerantz, J. Morris, G. Demo re: motion for reconsideration of order denying motion to extend discovery (0.3). | 0.30 | 750.00 | $225.00 |
| 01/11/2022 | JAM | E-mails w/ J. Pomerantz, G. Demo, M. Aigen re: request for extension of time to oppose motion for PSJ (0.3). | 0.30 | 1395.00 | $418.50 |
| 01/11/2022 | HRW | Research re: appeal of order denying motion to extend discovery (3.0). | 3.00 | 750.00 | $2,250.00 |
| 01/11/2022 | HRW | Review emails from opposing counsel and J. Morris re: scheduling for MSJ (0.1). | 0.10 | 750.00 | $75.00 |

Pachulski Stang Ziehl & Jones LLP                                    Page:        6
Highland Capital Management LP                                       Invoice 129683
36027    - 00004                                                    January 31, 2022

---

|  |  |  | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 01/11/2022 | HRW | Email J. Kroop re: appeal of order denying motion to extend discovery (0.2). | 0.20 | 750.00 | $150.00 |
| 01/11/2022 | HRW | Email J. Kroop re: consolidation of appeals of order denying arbitration (0.1). | 0.10 | 750.00 | $75.00 |
| 01/11/2022 | HRW | Email J. Pomerantz, J. Kroop, J. Morris, G. Demo re:  appeal of order denying motion to extend discovery (0.3). | 0.30 | 750.00 | $225.00 |
| 01/11/2022 | JAK | Review of strategic considerations for consolidation of four appeals of arbitration denial in emails with Hayley Winograd. | 0.30 | 1195.00 | $358.50 |
| 01/11/2022 | JAK | Analyze legal issues pertaining to motion for reconsideration under Rule 72 as opposed to direct appeal with Hayley Winograd. | 0.50 | 1195.00 | $597.50 |
| 01/12/2022 | JNP | Conference with Hayley R. Winograd, John A. Morris  and Gregory V. Demo regarding consolidation order and next steps. | 0.50 | 1445.00 | $722.50 |
| 01/12/2022 | JAM | Review draft stipulation extending briefing schedule on PSJ motion (0.2); e-mails w/ Defense counsel re: stipulation extending briefing schedule on PSJ motion (0.1); tel c. w/ J. Pomerantz, G. Demo, H. Winograd re: strategy for addressing motions in District Court (0.5). | 0.80 | 1395.00 | $1,116.00 |
| 01/12/2022 | GVD | Conference with J. Pomerantz, J. Morris, and H. Winograd re notes litigation issues and next steps | 0.50 | 1095.00 | $547.50 |
| 01/12/2022 | HRW | Email J. Morris, J. Pomerantz, G. Demo re: pending motions in consolidated cases (0.1). | 0.10 | 750.00 | $75.00 |
| 01/12/2022 | HRW | Call with G. Demo, J. Morris, G. Demo re: nexpoint objection to order denying motion to extend (0.6). | 0.60 | 750.00 | $450.00 |
| 01/12/2022 | HRW | Review order re: pending motions in consolidated cases (0.1). | 0.10 | 750.00 | $75.00 |
| 01/12/2022 | HRW | Research re: response to nexpoint objection to order denying motion to extend (3.0). | 3.00 | 750.00 | $2,250.00 |
| 01/13/2022 | HRW | Research and draft response to nexpoint objection to order denying motion to extend (5.0). | 5.00 | 750.00 | $3,750.00 |
| 01/14/2022 | JNP | Emails regarding response to motion for reconsideration of expert discovery order. | 0.10 | 1445.00 | $144.50 |
| 01/14/2022 | JAM | Review/revise HCMFA's draft stipulation concerning the withdrawal of the reference in HCMFA II (0.7); e-mail to defense counsel, J. Pomerantz, G. Demo, H. Winograd re: revised draft stipulation concerning the withdrawal of the reference in HCMFA II (0.1). | 0.80 | 1395.00 | $1,116.00 |

Pachulski Stang Ziehl & Jones LLP                                    Page:       7

Highland Capital Management LP                                       Invoice 129683

36027   - 00004                                                     January 31, 2022

| | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 01/14/2022 | HRW | Email Z. Annable re: objection to order denying motion to extend (0.1). | 0.10 | 750.00 | $75.00 |
| 01/14/2022 | HRW | Draft response to nexpoint objection to order denying motion to extend (2.5). | 2.50 | 750.00 | $1,875.00 |
| 01/14/2022 | HRW | Email J. Morris stipulation re: briefing schedule on nexpoint objection to order denying motion to extend (0.1). | 0.10 | 750.00 | $75.00 |
| 01/14/2022 | HRW | Review nexpoint motion re: objection to order denying motion to extend (0.2). | 0.20 | 750.00 | $150.00 |
| 01/14/2022 | HRW | Call with J. Morris re: nexpoint objection to order denying motion to extend (0.2). | 0.20 | 750.00 | $150.00 |
| 01/14/2022 | HRW | Draft stipulation re: briefing schedule on nexpoint objection to order denying motion to extend (0.5). | 0.50 | 750.00 | $375.00 |
| 01/14/2022 | HRW | Email J. Pomerantz, J. Morris, G. Demo re: nexpoint objection to order denying motion to extend (0.2). | 0.20 | 750.00 | $150.00 |
| 01/17/2022 | HRW | Draft response to nexpoint objection to order denying motion to extend (6.5). | 6.50 | 750.00 | $4,875.00 |
| 01/18/2022 | JNP | Review stipulation with retail boards regarding discovery and conference with John A. Morris regarding same. | 0.20 | 1445.00 | $289.00 |
| 01/18/2022 | HRW | Draft response to nexpoint objection to order denying motion to extend (6.0). | 6.00 | 750.00 | $4,500.00 |
| 01/19/2022 | JNP | Review of retail boards stipulation; Conference with John A. Morris regarding. | 0.20 | 1445.00 | $289.00 |
| 01/19/2022 | JAM | E-mails w/ M. Aigen, J. Pomerantz, G. Demo, H. Winograd re: request for extension of page limit (0.2). | 0.20 | 1395.00 | $279.00 |
| 01/19/2022 | HRW | Draft response to nexpoint objection to order denying motion to extend (7.0) / Code: NL | 7.00 | 750.00 | $5,250.00 |
| 01/19/2022 | HRW | Review email from opposing counsel to Court re: re: extension of page limit for MSJ (0.1). | 0.10 | 750.00 | $75.00 |
| 01/19/2022 | HRW | Review email between J. Morris and opposing counsel re: extension of page limit for MSJ (0.1). | 0.10 | 750.00 | $75.00 |
| 01/20/2022 | JNP | Conference with John A. Morris regarding various litigation updates. | 0.20 | 1445.00 | $289.00 |
| 01/20/2022 | JNP | Review emails regarding motion to extend page limit for response. | 0.10 | 1445.00 | $144.50 |
| 01/20/2022 | JNP | Conference with John A. Morris regarding summary judgment motion and related. | 0.20 | 1445.00 | $289.00 |
| 01/20/2022 | JMF | Review opposition to motion for summary | 0.50 | 1145.00 | $572.50 |

Pachulski Stang Ziehl & Jones LLP

Highland Capital Management LP

36027   - 00004

Page:   8

Invoice 129683

January 31, 2022

| | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | judgment. | | | |
| 01/20/2022 | JAM | E-mails w/ defense counsel, court, internal team re: page limit issues (0.6); review J. Dondero Declaration for HCMFA opposition (0.4); tel c. w/ H. Winograd re: notes litigation (0.1); tel c. w/ J. Pomerantz re: status, HCMFA filing (0.2). | 1.30 | 1395.00 | $1,813.50 |
| 01/20/2022 | GVD | Review responses to motions for summary judgment | 0.50 | 1095.00 | $547.50 |
| 01/20/2022 | HRW | Review stipulation re: briefing schedule on nexpoint objection to order denying motion to extend (0.2). | 0.20 | 750.00 | $150.00 |
| 01/20/2022 | HRW | Review email between J. Morris and opposing counsel re: extension of page limit for MSJ (0.2). | 0.20 | 750.00 | $150.00 |
| 01/20/2022 | HRW | Review J. Morris email from J. Morris to Court re: extension of page limit for MSJ (0.1). | 0.10 | 750.00 | $75.00 |
| 01/20/2022 | HRW | Draft response to nexpoint objection to order denying motion to extend (7.0). | 7.00 | 750.00 | $5,250.00 |
| 01/20/2022 | HRW | Email J. Morris re: stipulation on briefing schedule for nexpoint objection to order denying motion to extend (0.1). | 0.10 | 750.00 | $75.00 |
| 01/20/2022 | HRW | Review emails re: scheduling of MSJ oral argument (0.1). | 0.10 | 750.00 | $75.00 |
| 01/21/2022 | JNP | Conference with John A. Morris regarding potential sanctions for order violations. | 0.20 | 1445.00 | $289.00 |
| 01/21/2022 | JMF | Review motion to withdraw reference re Dondero notes litigation proceeding. | 0.50 | 1145.00 | $572.50 |
| 01/21/2022 | JAM | E-mails w/ defense counsel, J. Pomerantz, J. Seery re: timing of oral argument on notes litigation (0.3); review appendix in support of defendants' opposition (0.5); draft e-mail re: potential contempt motion (0.6). | 1.40 | 1395.00 | $1,953.00 |
| 01/21/2022 | GVD | Conference with J. Morris re responses to motions for summary judgment and next steps (0.1); review draft email from J. Morris re contempt issues (0.1) | 0.20 | 1095.00 | $219.00 |
| 01/21/2022 | HRW | Review J. Morris email re: motion to move argument on MSJ  motion (0.1). | 0.10 | 750.00 | $75.00 |
| 01/21/2022 | HRW | Review email from J. Morris re: notice of intent to file contempt motion re: MSJ evidence (0.1). | 0.10 | 750.00 | $75.00 |
| 01/21/2022 | HRW | Review B. Asskin email re: motion to exceed page limit in MSJ response (0.1). | 0.10 | 750.00 | $75.00 |
| 01/21/2022 | HRW | Review J. Morris email re: contempt for MSJ evidence (0.1). | 0.10 | 750.00 | $75.00 |
| 01/21/2022 | HRW | Review Dondero renewed motion for ruling on R&R | 0.20 | 750.00 | $150.00 |

Pachulski Stang Ziehl & Jones LLP

Highland Capital Management LP

36027   - 00004

Page:      9

Invoice 129683

January 31, 2022

| | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | (0.2). | | | |
| 01/21/2022 | HRW | Review email J. Pomerantz and J. Morris re: Dondero renewed motion for ruling on R&R (0.1). | 0.10 | 750.00 | $75.00 |
| 01/21/2022 | HRW | Email J. Morris, J. Pomerantz, G. Demo re: re: notice of intent to file contempt motion re: MSJ evidence (0.1). | 0.10 | 750.00 | $75.00 |
| 01/21/2022 | HRW | Email J. Pomerantz re: Dondero renewed motion for ruling on R&R (0.1). | 0.10 | 750.00 | $75.00 |
| 01/21/2022 | HRW | Review consolidation order (0.2). | 0.20 | 750.00 | $150.00 |
| 01/22/2022 | JAM | E-mails w/ J. Seery, J. Pomerantz, G. Demo, H. Winograd, defense counsel re: possible contempt motion (0.3). | 0.30 | 1395.00 | $418.50 |
| 01/22/2022 | HRW | Review email from J. Morris re: re: notice of intent to file contempt motion re: MSJ evidence (0.1). | 0.10 | 750.00 | $75.00 |
| 01/24/2022 | JMF | Review motion to withdraw reference re Dondero adversary. | 0.30 | 1145.00 | $343.50 |
| 01/24/2022 | JAM | Review/analyze briefs in opposition to SJ motion (4.3); e-mails w/ M. Aigen re: contempt motion (0.2); tel c. w/ H. Winograd re: review of opposition papers and plans for reply (0.5). | 5.00 | 1395.00 | $6,975.00 |
| 01/24/2022 | HRW | Edit stipulation for motion for reconsideration (0.1). | 0.10 | 750.00 | $75.00 |
| 01/24/2022 | HRW | Email J. Morris re: stipulation for motion for reconsideration (0.1). | 0.10 | 750.00 | $75.00 |
| 01/24/2022 | HRW | Email D. Rukavina and M. Aigen re: stipulation for motion for reconsideration (0.1). | 0.10 | 750.00 | $75.00 |
| 01/24/2022 | HRW | Call with J. Morris re: MSJ reply (0.5). | 0.50 | 750.00 | $375.00 |
| 01/25/2022 | JAM | Review/revise stipulation concerning "appeal" of expert order (0.1); e-mails w/ M. Aigen, others re: contempt (0.1); review opposition papers (1.1). | 1.30 | 1395.00 | $1,813.50 |
| 01/25/2022 | HRW | Review emails re: scheduling of MSJ hearing (0.1). | 0.10 | 750.00 | $75.00 |
| 01/25/2022 | HRW | Review emails from J. Morris and M. Aigen re: MSJ evidence (0.2). | 0.20 | 750.00 | $150.00 |
| 01/25/2022 | HRW | Email J. Morris, G. Demo, J. Pomerantz re: contempt motion re: MSJ filing (0.2). | 0.20 | 750.00 | $150.00 |
| 01/25/2022 | HRW | Email D. Rukavina and M. Aigen re: stipulation for motion for reconsideration (0.1). | 0.10 | 750.00 | $75.00 |
| 01/25/2022 | HRW | Research for contempt motion re: MSJ filing (1.0). | 1.00 | 750.00 | $750.00 |
| 01/26/2022 | JAM | E-mail to defense counsel re: possible contempt motion (0.9); work on reply brief (1.7). | 2.60 | 1395.00 | $3,627.00 |

Pachulski Stang Ziehl & Jones LLP

Highland Capital Management LP

36027   - 00004

Page:   10

Invoice 129683

January 31, 2022

| | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 01/26/2022 | HRW | Draft response to nexpoint objection to order denying motion to extend (6.0). | 6.00 | 750.00 | $4,500.00 |
| 01/26/2022 | HRW | Draft HCMFA discovery requests for second notes adversary (0.5). | 0.50 | 750.00 | $375.00 |
| 01/26/2022 | HRW | Review emails from J. Morris and M. Aigen re: MSJ evidence (0.1). | 0.10 | 750.00 | $75.00 |
| 01/26/2022 | HRW | Review D. Rukavina email re: scheduling of briefing on motion for reconsideration (0.1). | 0.10 | 750.00 | $75.00 |
| 01/27/2022 | JNP | Review reply regarding motion for reconsideration and conference with Hayley R. Winograd regarding same. | 0.30 | 1445.00 | $433.50 |
| 01/27/2022 | JMF | Review motion for reconsideration re order denying request to amended answer. | 0.40 | 1145.00 | $458.00 |
| 01/27/2022 | JAM | Review/revise draft brief in opposition to motion for reconsideration of denial of expert motion (1.0); continued review of opposition papers (2.8). | 3.80 | 1395.00 | $5,301.00 |
| 01/27/2022 | GVD | Conference with J. Morris re status of notes litigation | 0.20 | 1095.00 | $219.00 |
| 01/27/2022 | HRW | Draft response to nexpoint objection to order denying motion to extend (1.8). | 1.80 | 750.00 | $1,350.00 |
| 01/27/2022 | HRW | Email J. Pomerantz, G. Demo, J. Morris re: response and objection to motion for reconsideration (0.2). | 0.20 | 750.00 | $150.00 |
| 01/27/2022 | HRW | Email J. Pomerantz, G. Demo, J. Morris re: HCMFA motion for reconsideration of order denying motion to amend (0.1). | 0.10 | 750.00 | $75.00 |
| 01/27/2022 | HRW | Email L. Canty re: response and objection to motion for reconsideration (0.1). | 0.10 | 750.00 | $75.00 |
| ███████ | ███ | ███████████████████ | ███ | ███ | ███████ |
| 01/27/2022 | HRW | Call with J. Pomerantz re: response and objection to motion for reconsideration (0.1). | 0.10 | 750.00 | $75.00 |
| 01/27/2022 | HRW | Review HCMFA motion for reconsideration of order denying motion to amend (0.3). | 0.30 | 750.00 | $225.00 |
| 01/28/2022 | JNP | Conference with John A. Morris regarding summary judgment and related issues. | 0.20 | 1445.00 | $289.00 |
| 01/28/2022 | JAM | Continued work on reply for partial summary judgment motion (3.6). | 3.60 | 1395.00 | $5,022.00 |
| ███████ | ███ | ███████████████████ | ███ | ███ | ███████ |
| ███████ | ███ | ███████████████████ | ███ | ███ | ███████ |

Pachulski Stang Ziehl & Jones LLP                                    Page:    11
Highland Capital Management LP                                       Invoice 129683
36027   - 00004                                                     January 31, 2022

|  |  |  | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 01/29/2022 | HRW | Draft response to nexpoint motion for reconsideration (2.5). | 2.50 | 750.00 | $1,875.00 |
| 01/30/2022 | JAM | ███████████████████ review/revise objection to appeal of order denying extension of expert discovery deadline (0.4); tel c. w/ H. Winograd re: reply briefs for notes litigation SJ motion (0.5). | ███ | 1395.00 | ███ |
| 01/30/2022 | LSC | Preparation of appendix in support of objection to motion for reconsideration, including updates to objection and amendments to same. | 4.30 | 495.00 | $2,128.50 |
| 01/30/2022 | HRW | Email J. Seery re: nexpoint motion for reconsideration (0.1). | 0.10 | 750.00 | $75.00 |
| 01/30/2022 | HRW | Draft response to nexpoint motion for reconsideration (1.0). | 1.00 | 750.00 | $750.00 |
| 01/30/2022 | HRW | Call with L. Canty re: nexpoint motion for reconsideration (0.1). | 0.10 | 750.00 | $75.00 |
| 01/30/2022 | HRW | Call with J. Morris re: MSJ (0.5). | 0.50 | 750.00 | $375.00 |
| 01/31/2022 | JNP | Review final draft of response regarding motion for reconsideration. | 0.10 | 1445.00 | $144.50 |
| 01/31/2022 | JMF | Review reply to motion for reconsideration of bankruptcy order re expert discovery. | 0.30 | 1145.00 | $343.50 |
| 01/31/2022 | JAM | Communications w/ H. Winograd re: revisions to brief in opposition to reconsideration of order denying extension of expert discovery deadline (0.3); review final brief in opposition to reconsideration of expert discovery order (0.2); ███████████████████. | ███ | 1395.00 | ███ |
| 01/31/2022 | HRW | Email J. Morris re: response to nexpoint motion for reconsideration (0.1). | 0.10 | 750.00 | $75.00 |
| 01/31/2022 | HRW | Research re: reply to HCMFA summary judgment (2.5). | 2.50 | 750.00 | $1,875.00 |
| 01/31/2022 | HRW | Call with J. Morris re: response to nexpoint motion for reconsideration (0.1). | 0.10 | 750.00 | $75.00 |
| ███████ | ███ | ███████████████████ | ███ | ███ | ███ |
| 01/31/2022 | HRW | Call with L. Canty re: nexpoint motion for reconsideration (0.1). | 0.10 | 750.00 | $75.00 |
| 01/31/2022 | HRW | Draft and file response to nexpoint motion for reconsideration (2.5). | 2.50 | 750.00 | $1,875.00 |

Pachulski Stang Ziehl & Jones LLP

Highland Capital Management LP

36027   - 00004

Page:   12

Invoice 129683

January 31, 2022

| | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 01/31/2022 | HRW | Email Z. Annable re: response to nexpoint motion for reconsideration (0.2). | 0.20 | 750.00 | $150.00 |
| ■■■ | ■■ | ■■■■■■■■■ | ■■ | ■■ | ■■ |
| ■■■ | ■■ | ■■■■■■■■■ | ■■ | ■■ | ■■ |
| | | | **148.60** | | **$140,045.50** |

**TOTAL SERVICES FOR THIS MATTER:**                                     **$140,045.50**

Pachulski Stang Ziehl & Jones LLP

Highland Capital Management LP

36027    - 00004

Page:    13

Invoice 129683

January 31, 2022

---

### REMITTANCE ADVICE

**Please inlcude this Remittance with your payment**

**For current services rendered through:**    **01/31/2022**

**Total Fees**                                                                              **$140,045.50**

**Total Due on Current Invoice**                                          **$140,045.50**

  **Outstanding Balance from prior invoices as of**    **01/31/2022**    **(May not include recent payments)**

| A/R Bill Number | Invoice Date | Fees Billed | Expenses Billed | Balance Due |
|---|---|---|---|---|

        **Total Amount Due on Current and Prior Invoices:**    **$140,045.50**

# EXHIBIT C

# Pachulski Stang Ziehl & Jones LLP

10100 Santa Monica Blvd.
13th Floor
Los Angeles, CA 90067

James P. Secry, Jr.
Highland Capital Management LP
100 Crescent Court, Suite 1850
Dallas, TX  75201

|  | February 28, 2022 |
|---|---|
| Invoice | 129792 |
| Client | 36027 |
| Matter | 00004 |
|  | **JNP** |

RE:  Notes Litigation

---

### STATEMENT OF PROFESSIONAL SERVICES RENDERED THROUGH  02/28/2022

| | |
|---|---|
| FEES | $172,582.50 |
| **TOTAL CURRENT CHARGES** | **$172,582.50** |
| **BALANCE FORWARD** | **$140,045.50** |
| **LAST PAYMENT** | **$140,045.50** |
| **TOTAL BALANCE DUE** | **$172,582.50** |

Pachulski Stang Ziehl & Jones LLP

Highland Capital Management LP

36027    - 00004

Page:      2

Invoice 129792

February 28, 2022

---

### Summary of Services by Professional

| ID | Name | Title | Rate | Hours | Amount |
|----|------|-------|------|-------|--------|
| GVD | Demo, Gregory Vincent | Counsel | 1095.00 | 2.40 | $2,628.00 |
| HRW | Winograd , Hayley  R. | Associate | 750.00 | 103.00 | $77,250.00 |
| JAM | Morris, John A. | Partner | 1395.00 | 51.80 | $72,261.00 |
| JMF | Fried, Joshua M. | Partner | 1145.00 | 2.20 | $2,519.00 |
| JNP | Pomerantz, Jeffrey N. | Partner | 1445.00 | 1.10 | $1,589.50 |
| LSC | Canty, La Asia S. | Paralegal | 495.00 | 33.00 | $16,335.00 |
| | | | | 193.50 | $172,582.50 |

Pachulski Stang Ziehl & Jones LLP        Page:    3
Highland Capital Management LP        Invoice 129792
36027    - 00004        February 28, 2022

## Summary of Services by Task Code

| Task Code | Description | Hours | Amount |
|---|---|---|---|
| | | 193.50 | $172,582.50 |
| | | 193.50 | $172,582.50 |

Pachulski Stang Ziehl & Jones LLP                                    Page:     4
Highland Capital Management LP                                       Invoice 129792
36027    - 00004                                                    February 28, 2022

_____

|            |       |                                                                  | Hours | Rate | Amount |
|------------|-------|------------------------------------------------------------------|-------|------|--------|
| 12/03/2021 | LSC   | Prepare appendix in support of motion to consolidate actions.     | 0.40  | 495.00 | $198.00 |
| 01/26/2022 | LSC   | Research and transmittal of various documents, including discovery, in connection with preparation for response to motion for reconsideration. | 2.10 | 495.00 | $1,039.50 |
| 02/01/2022 | JAM   | Tel c. w/ H. Winograd re: motion to strike and for sanctions re: Tully Report and barred defense (0.4). | 0.40 | 1395.00 | $558.00 |
| 02/01/2022 | HRW   | Draft reply ISO motion for summary judgment (3.5). | 3.50 | 750.00 | $2,625.00 |
| 02/01/2022 | HRW   | Call with J. Morris re: reply ISO motion for summary judgment (0.3). | 0.30 | 750.00 | $225.00 |
| 02/01/2022 | HRW   | Email J. Pomerantz, J. Morris, G. Demo re: HCMFA motion for reconsideration of order denying motion to amend (0.1). | 0.10 | 750.00 | $75.00 |
| 02/01/2022 | HRW   | Email J. Morris re: reply ISO motion for summary judgment (0.1). | 0.10 | 750.00 | $75.00 |
| 02/02/2022 | JAM   | Work on reply papers (3.7). | 3.70 | 1395.00 | $5,161.50 |
| 02/02/2022 | HRW   | Draft reply ISO motion for summary judgment (7.5). | 7.50 | 750.00 | $5,625.00 |
| 02/03/2022 | JAM   | Tel c. w/ H. Winograd re: HCMFA opposition to motion for summary judgment (0.2); work on reply in support of motion for partial summary judgment (5.5). | 5.70 | 1395.00 | $7,951.50 |
| 02/03/2022 | HRW   | Draft reply ISO summary judgment (8.5). | 8.50 | 750.00 | $6,375.00 |
| 02/04/2022 | JAM   | Begin drafting sanctions motion (2.2). | 2.20 | 1395.00 | $3,069.00 |
| 02/04/2022 | JAM   | Continued work on reply for PSJ motion (4.1); tel c. w/ H. Winograd re: status of drafting replies (0.1). | 4.20 | 1395.00 | $5,859.00 |
| 02/04/2022 | HRW   | Draft reply ISO summary judgment (9.0). | 9.00 | 750.00 | $6,750.00 |
| 02/05/2022 | JAM   | Work on contempt motion (3.7); | 3.70 | 1395.00 | $5,161.50 |
| 02/05/2022 | HRW   | Draft reply ISO summary judgment (9.5). | 9.50 | 750.00 | $7,125.00 |
| 02/06/2022 | JAM   | Continued work on Reply for Alleged Agreement Defendants (7.5); tel c. w/ J. Seery re: reply for motion for partial summary judgment and related matters (0.2); e-mails w/ J. Seery, PSZJ team re: reply brief (0.2). | 7.90 | 1395.00 | $11,020.50 |
| 02/06/2022 | JAM   | Continued work on contempt motion (1.6); e-mail to PSZJ team re: contempt motion (0.1); e-mail to L. Canty, H. Winograd re: exhibits for contempt motion (0.2). | 1.90 | 1395.00 | $2,650.50 |

Pachulski Stang Ziehl & Jones LLP

Highland Capital Management LP

36027    - 00004

Page:      5

Invoice 129792

February 28, 2022

| | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 02/06/2022 | LSC | Preparation of appendix and exhibits to motion for sanctions/contempt. | 1.40 | 495.00 | $693.00 |
| 02/06/2022 | GVD | Review draft contempt motion | 0.50 | 1095.00 | $547.50 |
| 02/06/2022 | HRW | Draft reply ISO summary judgment (10.0). | 10.00 | 750.00 | $7,500.00 |
| 02/06/2022 | HRW | Draft motions for contempt and to strike summary judgment evidence (2.0). | 2.00 | 750.00 | $1,500.00 |
| 02/07/2022 | JNP | Conference with John A. Morris regarding motion to strike. | 0.30 | 1445.00 | $433.50 |
| 02/07/2022 | JNP | Review latest version of motion to strike. | 0.10 | 1445.00 | $144.50 |
| 02/07/2022 | JMF | Review motions to strike and sanctions re expert discovery. | 0.60 | 1145.00 | $687.00 |
| 02/07/2022 | JAM | Continued work on contempt motion (3.4); e-mails to J.. Seery, PSZJ team re: contempt motion (0.1). | 3.50 | 1395.00 | $4,882.50 |
| 02/07/2022 | JAM | Work on reply papers (including HCMFA brief, non-HCMFA brief, JAM Declaration, Klos Declaration) (10.3): tel c. w/ H. Winograd re: reply papers (0.1); tel c. w/ G. Demo re: reply papers (0.1); tel c. w/ D. Klos re: Klos Declaration (0.2); tel c. w/ J. Pomerantz re: reply papers (0.3); tel c. w/ D. Klos re: Klos Declaration (0.2); tel c. w/ J. Seery re: reply papers (0.1); tel c. w/ J. Seery, D. Klos re: Klos Declaration (0.1); tel c. w/ H. Winograd re: reply papers (0.1); tel c. w/ L. Canty, H. Winograd, Z. Annable re: reply papers (0.4); tel c. w/ H. Winograd re: reply papers (0.1). | 12.00 | 1395.00 | $16,740.00 |
| 02/07/2022 | LSC | Assist with preparation of contempt motion, including preparation of additional exhibits, preparation of declaration in support of same, and revisions to same. | 3.60 | 495.00 | $1,782.00 |
| 02/07/2022 | LSC | Assist with preparation of reply in support of summary judgment (non-HCMFA parties), including research, revisions, and insertion of pincites in the same. | 3.90 | 495.00 | $1,930.50 |
| 02/07/2022 | LSC | Assist with preparation of reply in support of summary judgment (HCMFA), including research, revisions, and insertion of pincites in the same. | 4.60 | 495.00 | $2,277.00 |
| 02/07/2022 | GVD | Conference with J. Morris re status of notes litigation | 0.10 | 1095.00 | $109.50 |
| 02/07/2022 | GVD | Review motion for contempt | 0.30 | 1095.00 | $328.50 |
| 02/07/2022 | GVD | Review transcript re DC Sauter testimony | 1.10 | 1095.00 | $1,204.50 |
| 02/07/2022 | HRW | Draft reply ISO summary judgment (10.0). | 10.00 | 750.00 | $7,500.00 |

Pachulski Stang Ziehl & Jones LLP

Highland Capital Management LP

36027    - 00004

Page:    6

Invoice 129792

February 28, 2022

| | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 02/07/2022 | HRW | Draft motions for contempt and to strike summary judgment evidence (1.5). | 1.50 | 750.00 | $1,125.00 |
| 02/08/2022 | JNP | Conference with John A. Morris regarding summary judgment papers and related issues. | 0.20 | 1445.00 | $289.00 |
| 02/08/2022 | JMF | Review reply to summary judgment opposition. | 0.40 | 1145.00 | $458.00 |
| 02/10/2022 | HRW | Review email from Z. Annable with Court re: scheduling for motion to strike and for contempt (0.1). | 0.10 | 750.00 | $75.00 |
| 02/11/2022 | HRW | Review notice of hearing re: motion to strike and for contempt (0.1). | 0.10 | 750.00 | $75.00 |
| 02/11/2022 | HRW | Email Z. Annable re: notice of hearing on motion to strike and for contempt (0.1). | 0.10 | 750.00 | $75.00 |
| 02/13/2022 | HRW | Draft objection and response to HCMFA motion for reconsideration of order denying motion to amend (2.5). | 2.50 | 750.00 | $1,875.00 |
| 02/14/2022 | JNP | Review reply regarding expert witness reconsideration motion. | 0.10 | 1445.00 | $144.50 |
| 02/14/2022 | HRW | Draft objection and response to HCMFA motion for reconsideration (6.5). | 6.50 | 750.00 | $4,875.00 |
| 02/14/2022 | HRW | Review email from J. Pomerantz re: NexPoint reply ISO motion for reconsideration (0.1). | 0.10 | 750.00 | $75.00 |
| 02/14/2022 | HRW | Review NexPoint reply ISO motion for reconsideration (0.5). | 0.50 | 750.00 | $375.00 |
| 02/15/2022 | JMF | Review reply to motion to extend expert discovery. | 0.30 | 1145.00 | $343.50 |
| 02/15/2022 | HRW | Draft objection and response to HCMFA motion for reconsideration (7.5). | 7.50 | 750.00 | $5,625.00 |
| 02/15/2022 | HRW | Email Z. Annable MSJ amended notice of hearing (0.1). | 0.10 | 750.00 | $75.00 |
| 02/15/2022 | HRW | Review MSJ amended notice of hearing (0.1). | 0.10 | 750.00 | $75.00 |
| 02/15/2022 | HRW | Call with L. Canty re: objection and response to HCMFA motion for reconsideration (0.1). | 0.10 | 750.00 | $75.00 |
| 02/16/2022 | JAM | Tel c. w/ H. Winograd re: objection to appeal of order denying HCMFA leave to amend (0.1). | 0.10 | 1395.00 | $139.50 |
| 02/16/2022 | LSC | Review and revise draft opposition to motion for reconsideration and continued preparation of appendix/exhibits. | 5.30 | 495.00 | $2,623.50 |
| 02/16/2022 | HRW | Draft objection and response to HCMFA motion for reconsideration (11.0). | 11.00 | 750.00 | $8,250.00 |
| 02/17/2022 | JNP | Review reply regarding motion for reconsideration | 0.20 | 1445.00 | $289.00 |

Pachulski Stang Ziehl & Jones LLP                                          Page:      7
Highland Capital Management LP                                            Invoice 129792
36027    - 00004                                                          February 28, 2022

_____

|            |      |                                                                 | Hours | Rate    | Amount     |
|------------|------|-----------------------------------------------------------------|-------|---------|------------|
|            |      | and email to and from Hayley R. Winograd regarding same.         |       |         |            |
| 02/17/2022 | JMF  | Review oppo to motion to district court to amend answer re review of bankruptcy court order denying motion. | 0.50 | 1145.00 | $572.50 |
| 02/17/2022 | JAM  | Review/revise opposition to HCMFA appeal of denial of motion to amend answer (3.7); communications w/ H. Winograd, Z. Annable re: opposition to HCMFA appeal of denial of motion to amend answer (0.6). | 4.30 | 1395.00 | $5,998.50 |
| 02/17/2022 | LSC  | Assist with preparation of objection to HCMFA motion for reconsideration, including continued preparation of appendix and additional exhibits, review and revisions to objection, and confer and correspond regarding the same. | 8.60 | 495.00 | $4,257.00 |
| 02/17/2022 | GVD  | Review draft response to motion for reconsideration | 0.40 | 1095.00 | $438.00 |
| 02/17/2022 | HRW  | Draft objection and response to HCMFA motion for reconsideration and related tasks (9.5). | 9.50 | 750.00 | $7,125.00 |
| 02/18/2022 | JAM  | Tel c. w/ H. Winograd re: status of notes litigation/briefing (0.2); tel c. w/ H. Winograd re: correction to Appendix, appeals to district court (0.3); e-mail to H. Winograd, L. Canty re: supplementing the appendix for additional costs and expenses in notes litigation (0.2). | 0.70 | 1395.00 | $976.50 |
| 02/18/2022 | LSC  | Attention to amendment to brief in support of motion to strike, including preparation of amended exhibit and confer and correspond with attorneys regarding the same (.4); research and correspondence regarding issue with sealed exhibit (.3). | 0.70 | 495.00 | $346.50 |
| 02/18/2022 | HRW  | Review email from Z. Annable and J. Morris re: response to HCMFA motion for reconsideration and related tasks (0.2). | 0.20 | 750.00 | $150.00 |
| 02/18/2022 | HRW  | Email Z. Annable and J. Morris re: motion for contempt and to strike (0.2). | 0.20 | 750.00 | $150.00 |
| 02/18/2022 | HRW  | Draft errata re: motion for contempt and to strike (0.5). | 0.50 | 750.00 | $375.00 |
| 02/24/2022 | JAM  | E-mails w/ Z. Annable, H. Winograd re: propriety of filing an Appendix in support of the Reply (0.3); review cases concerning the same (0.2). | 0.50 | 1395.00 | $697.50 |
| 02/24/2022 | LSC  | Begin preparation of additional exhibits in connection with summary judgment hearing. | 1.30 | 495.00 | $643.50 |
| 02/24/2022 | HRW  | Review email from M. Aigen and J. Morris re: | 0.10 | 750.00 | $75.00 |

Pachulski Stang Ziehl & Jones LLP

Page:      8

Highland Capital Management LP

Invoice 129792

36027    - 00004

February 28, 2022

| | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | motion to strike appendix in reply to MSJ pleading (0.1). | | | |
| 02/24/2022 | HRW | Review emails from J. Morris and Z. Annable re: motion to strike appendix in reply to MSJ pleading (0.2). | 0.20 | 750.00 | $150.00 |
| 02/24/2022 | HRW | Email J. Morris and Z. Annable re: motion to strike appendix in reply to MSJ pleading (0.2). | 0.20 | 750.00 | $150.00 |
| 02/24/2022 | HRW | Research re: motion to strike appendix in reply to MSJ pleading (1.0). | 1.00 | 750.00 | $750.00 |
| 02/25/2022 | JNP | Review motion to strike. | 0.20 | 1445.00 | $289.00 |
| 02/25/2022 | JMF | Review motion to strike appendix re notes litigation. | 0.40 | 1145.00 | $458.00 |
| 02/25/2022 | JAM | E-mails w/ D. Rukavina, Z. Annable re: sealing of HCMFA 2018 audit report (0.2); preliminary review of motion to strike and communications w/ J. Pomerantz, G. Demo, H. Winograd concerning the same (0.2). | 0.40 | 1395.00 | $558.00 |
| 02/25/2022 | HRW | Review defendants' motion to strike appendix in MSJ reply (0.3). | 0.30 | 750.00 | $225.00 |
| 02/25/2022 | HRW | Review emails from J. Morris and D. Rukavina re: HCMFA motion for reconsideration materials and motion to seal document (0.1). | 0.10 | 750.00 | $75.00 |
| 02/28/2022 | JAM | Preliminary work on response to motion to strike (0.3); preliminary review of opposition to motion to strike/sanctions/contempt (0.3). | 0.60 | 1395.00 | $837.00 |
| 02/28/2022 | LSC | Preparation of additional exhibits in connection with summary judgment. | 1.10 | 495.00 | $544.50 |
| | | | **193.50** | | **$172,582.50** |

**TOTAL SERVICES FOR THIS MATTER:**                     **$172,582.50**

Pachulski Stang Ziehl & Jones LLP

Highland Capital Management LP

36027    - 00004

Page:     9

Invoice 129792

February 28, 2022

---

**REMITTANCE ADVICE**

**Please inlcude this Remittance with your payment**

**For current services rendered through:    02/28/2022**

**Total Fees**                                                                    **$172,582.50**

**Total Due on Current Invoice**                                   **$172,582.50**

**Outstanding Balance from prior invoices as of      02/28/2022      (May not include recent payments)**

| A/R Bill Number | Invoice Date | Fees Billed | Expenses Billed | Balance Due |
|---|---|---|---|---|

**Total Amount Due on Current and Prior Invoices:**              **$172,582.50**

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:    jpomerantz@pszjlaw.com
          jmorris@pszjlaw.com
          gdemo@pszjlaw.com
          hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:    MHayward@HaywardFirm.com
          ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

---------------------------------------------------------------------

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Adv. Proc. No. 21-03003-sgj |
| | § | |
| JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § | |
| | § | |
| | § | Case No. 3:21-cv-00881-X |
| Defendants. | § | |
| | § | |

---------------------------------------------------------------------

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| | § | |
| Plaintiff, | § | Adv. Proc. No. 21-03004-sgj |
| | § | |
| vs. | § | |
| | § | |
| | § | Case No. 3:21-cv-00881-X |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., | § | |
| | § | |
| | § | |
| Defendant. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | Adv. Proc. No. 21-03005-sgj |
| | § | |
| vs. | § | |
| | § | Case No. 3:21-cv-00881-X |
| NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § | |
| | § | |
| | § | |
| Defendants. | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | Adv. Proc. No. 21-03006-sgj |
| | § | |
| vs. | § | |
| | § | Case No. 3:21-cv-00881-X |
| HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § | |
| | § | |
| | § | |
| Defendants. | § | |



HIGHLAND CAPITAL MANAGEMENT, L.P., §
§
§
Plaintiff, §     Adv. Proc. No. 21-03007-sgj
§
vs. §
§
§     Case No. 3:21-cv-00881-X
HCRE PARTNERS, LLC (n/k/a NexPoint §
Real Estate Partners, LLC), JAMES §
DONDERO, NANCY DONDERO, AND §
THE DUGABOY INVESTMENT TRUST, §
§
§
Defendants. §

**HIGHLAND CAPITAL MANAGEMENT, L.P.'S RESPONSE TO DEFENDANTS'
OBJECTIONS TO PLAINTIFF'S PROPOSED FORM OF JUDGMENT AWARDING
ATTORNEY'S FEES AND COSTS**

Highland Capital Management, L.P., the reorganized debtor and the plaintiff in the above-captioned adversary proceedings ("<u>Highland</u>" or "<u>Plaintiff</u>"), hereby files this response (the "<u>Response</u>") to *Defendants' Objections to Plaintiff's Proposed Form of Judgment Awarding Attorney's Fees and Costs* (the "<u>Objection</u>").[1]  Highland fully incorporates by reference its contemporaneously filed brief (the "<u>Brief</u>") in response to the Objection and would show unto the Court as follows:

<u>**RELIEF REQUESTED**</u>[2]

1.      By this Response, Highland respectfully requests that the Court enter an order overruling the Objection.

2.      Pursuant to Rules 7.1(d) and (h) of the *Local Civil Rules of the United States*

---

[1] The defendants (collectively, the "<u>Defendants</u>") filed identical copies of their Objection in each of the Adversary Proceedings.  *See* Adv. Pro. No. 21-03003-sgj, Docket No. 204; Adv. Pro. No. 21-03004-sgj, Docket No. 173; Adv. Pro. No. 21-03005-sgj, Docket No. 221; Adv. Pro. No. 21-03006-sgj, Docket No. 226; Adv. Pro. No. 21-03007-sgj, Docket No. 221.

[2] Capitalized terms shall have the meanings ascribed to them in the Brief.

*District Court for the Northern District of Texas, Dallas Division* (the "<u>Local Rules</u>"), the Brief is

being filed contemporaneously with this Response and is incorporated by reference.

**<u>PRAYER</u>**

WHEREFORE, Highland respectfully requests that the Court (i) overrule the Objection,

and (ii) grant such other and further relief as the Court deems just and proper.

Dated:  September 27, 2022          **PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        hwinograd@pszjlaw.com


-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
        ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

2

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:   MHayward@HaywardFirm.com
         ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

---------------------------------------------------------------------

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Adv. Proc. No. 21-03003-sgj |
| | § | |
| JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | § | |
| | § | Case No. 3:21-cv-00881-X |
| Defendants. | § | |
| | § | |

---------------------------------------------------------------------

---

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | §<br>§<br>§ |
| Plaintiff, | § Adv. Proc. No. 21-03004-sgj<br>§<br>§ |
| vs. | §<br>§<br>§ Case No. 3:21-cv-00881-X |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., | §<br>§<br>§ |
| Defendant. | §<br>§<br>§ |

---

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | §<br>§<br>§ |
| Plaintiff, | § Adv. Proc. No. 21-03005-sgj<br>§<br>§ |
| vs. | §<br>§<br>§ Case No. 3:21-cv-00881-X |
| NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | §<br>§<br>§ |
| Defendants. | § |

---

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | §<br>§ |
| Plaintiff, | § Adv. Proc. No. 21-03006-sgj<br>§ |
| vs. | §<br>§ Case No. 3:21-cv-00881-X |
| HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST, | §<br>§<br>§ |
| Defendants. | § |

---

---------------------------------------------------

HIGHLAND CAPITAL MANAGEMENT, L.P.,

§
§
§
§                      Adv. Proc. No. 21-03007-sgj
                       Plaintiff,
§
vs.
§
§                      Case No. 3:21-cv-00881-X
§
HCRE PARTNERS, LLC (n/k/a NexPoint
§
Real Estate Partners, LLC), JAMES
§
DONDERO, NANCY DONDERO, AND
§
THE DUGABOY INVESTMENT TRUST,
§
§
§
                       Defendants.
§

---------------------------------------------------

## **TABLE OF CONTENTS**

**Page**

Objection #1: Mathematical Error ................................................................................................ 1

Objection #2: Excessive Redaction ............................................................................................. 3

Objection #3: Fees Should Be Limited to Breach of Contract and Turnover Claims .................. 3

Objection #4: Exclude "Unsegregated" Fees............................................................................... 6

Objection #5: Plaintiff Should Not Get Fees for "Unsuccessful Litigation"................................ 8

Objection #6: PSZJ's Rates Are Too High .................................................................................. 11

Objection #7: The Distribution of Fees and Costs Among Defendants is Unreasonable............ 12

CONCLUSION............................................................................................................................. 12

## TABLE OF AUTHORITIES

**CASES**

*In re Studio Movie Grill Holdings, LLC, et al.,*
   Case No. 20-32633-sgj11 (Bankr. N.D. Tex. July 9, 2021) ..................................................... 16

*In re Tuesday Morning Corp., et al.,*
   Case No. 20-31476-hdh11 (Bankr. N.D. Tex. April 1, 2021) ................................................... 16

*Johnson v. Georgia Highway Express, Inc.,*
   488 F.2d 714 (5th Cir. 1974) ..................................................................................................... 15

*Tony Cullo Motors I, L.P. v. Chapa,*
   212 S.W.3d 299 (Tex. 2006)......................................................................................................... 8

*Varner v. Cardenas,*
   218 S.W.3d 68 (Tex. 2007).......................................................................................................... 8, 9

**RESPONSE IN SUPPORT OF PLAINTIFF'S PROPOSED
FORM OF JUDGMENT AWARDING ATTORNEYS' FEES AND COSTS**

Highland Capital Management, L.P. ("<u>Highland</u>" or "<u>Plaintiff</u>"), plaintiff in the above-referenced procedurally-consolidated adversary proceedings (the "<u>Adversary Proceedings</u>"), files this response (the "<u>Response</u>") to *Defendants' Objections to Plaintiff's Proposed Form of Judgment Awarding Attorney's Fees and Costs* (the "<u>Objection</u>")[1] in further support of its *Proposed Form of Judgment* and its *Notice of Attorneys' Fees Calculation and Backup Documentation* (the "<u>Notice</u>")[2] filed on August 5, 2022. The above-captioned Defendants raise seven concerns in their Objection regarding the reasonableness and collectability of fees detailed in the Notice as having been actually incurred by Plaintiff's lead counsel, Pachulski Stang Ziehl & Jones LLP ("<u>PSZJ</u>"). The first six of Defendant's objections lack merit. The seventh is not so much an objection as it is a request that does not concern Plaintiff.

<u>**Objection #1: Mathematical Error**</u>

1.      Defendants allege that the Notice overstated PSZJ's fees by $395,996.50. Objection at 5-6.  Defendants are mistaken.  There are two reasons for the gap between the calculations set forth in the Notice and Defendants' calculations.

2.      ***First***, Plaintiff inadvertently omitted from the Notice PSZJ's invoices for January and February 2022.[3]  Those months were particularly active and PSZJ's fees and expenses totaled

---

[1] The defendants (collectively, the "<u>Defendants</u>" and together with Plaintiff, the "<u>Parties</u>") filed identical copies of their Objection in each of the Adversary Proceedings.  *See* Adv. Pro. No. 21-03003-sgj, Docket No. 204; Adv. Pro. No. 21-03004-sgj, Docket No. 173; Adv. Pro. No. 21-03005-sgj, Docket No. 221; Adv. Pro. No. 21-03006-sgj, Docket No. 226; and Adv. Pro. No. 21-03007-sgj, Docket No. 221.

[2] *See* Adv. Pro. No. 21-03003 at Docket No. 197; Adv. Pro. No. 21-03004 at Docket No. 169; Adv. Pro. No. 21-03005 at Docket No. 214; Adv. Pro. No. 21-03006 at Docket No. 219; and Adv. Pro. No. 21-03007 at Docket No. 214.

[3] *See Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* (*see, e.g.*, Adv. Pro. No. 21-03003-sgj, Docket No. 206) ("<u>Morris 9/27 Dec.</u>"), **Exhibits B** and **C**.

1

$307,493.50 (almost 80% of the alleged "math error").  Plaintiff is simultaneously moving to supplement the record to add these two inadvertently omitted invoices.

3.      **Second**, during the period December 1, 2020 through August 10, 2021, timekeepers at PSZJ recorded time spent on the Notes Litigation under the general code "BL" (for "Bankruptcy Litigation") where time spent on litigation matters other than the Notes Litigation was also recorded.[4]  In the documentation supporting the Notice, all unrelated work was redacted and no compensation is sought with respect to the redacted entries.  However, Plaintiff *does* seek compensation for the unredacted entries that are part of the "cost of collection."  Defendants identified the issue but asserted it was "unduly difficult to decipher."  Objection at 6, n. 2.  That's overstated.  While perhaps a bit tedious, it is not at all difficult to calculate:  for each partially-redacted entry for which compensation is sought, Plaintiff simply added the total unredacted time and multiplied it by the timekeeper's hourly rate.

4.      The results are easy to see.  Attached as <mark>Exhibit 1</mark> is a summary of each month's fees charged by PSZJ for the Notes Litigation that are part of Plaintiff's "cost of collection" (at least through July 31, 2022) (the "Summary").  Attached as **Exhibits 2** through **10**, respectively, is the "backup" to the Summary for each month from December 2020 through August 10, 2021 (the "Backup").  The Backup shows each entry for the applicable month for which compensation is sought as part of Plaintiff's "cost of collection," including all the unredacted portions of the invoices.[5]

---

[4] This issue most commonly (but not exclusively) occurred between December 1, 2020 and August 10, 2021 when time spent on the Notes Litigation was recorded in PSZJ's broad "Bankruptcy Litigation" (or, "BL") code where other litigation matters were also recorded.  *See Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Proposed Form of Judgment* (Adv. Pro. No. 21-03003-sgj, <mark>Docket No. 197</mark>) ("<u>Morris 8/5 Dec.</u>") ¶ 7.

[5] As an example, on January 21, 2021, Hayley Winograd recorded time under the "BL" code.  Except for two entries totaling 0.5 hours, none of the entries concerned the Notes Litigation, so they were redacted and no compensation is sough for them.  But because the two unredacted entries concerned the Notes Litigation, the "backup" for January

5.      In sum, there was no error in the Notice.  The Summary includes the value of the Additional Invoices, and the Backup specifically identifies every entry for which compensation is sought.   The total fees and expenses for PSZJ were properly calculated in the aggregate amount of $2,663,585.30.[6]

### Objection #2: Excessive Redaction

6.      Defendants contend that fees should not be awarded for "overly redacted" time entries.  Objection at 6.  Plaintiff does not quarrel with this general principal but notes that it simply does not apply here.

7.      As set forth above and in the declaration filed in support of the Notice,[7] Plaintiff does not seek compensation for any time entry (whether in whole or in part) that was redacted.

### Objection #3: Fees Should Be Limited to Breach of Contract and Turnover Claims

8.      Defendants argue that Plaintiff may only recover fees for the breach of contract and turnover claims in the complaints because those two counts were the "the only claims addressed by the R&R issued by the Court." *See* Objection at 6-13.  This argument lacks merit, as the Defendants implicitly acknowledge by quoting the *Tony Cullo Motors* case: "Absent a **contract** or statute, trial courts do not have inherent authority to require a losing party to pay the prevailing party's fees."[8]  The promissory notes at the heart of these Adversary Proceedings constitute

---

2021, includes a line item for Ms. Winograd for January 21, 2021, showing the entries, the time billed, and the total compensation sought (*i.e.*, $695 hourly rate x 0.5 hours = $347.50).  **Exhibit 3**.

[6] After receiving the Objection, Plaintiff provided copies of the Additional Invoices, the Summary, and the Backup to Defendants' counsel in an effort to resolve this portion of the Objection.  Regrettably, Defendants' counsel never responded.  *See* **Morris 9/27 Dec. Exhibit A**.

[7] *See* Morris 8/5 Dec. ¶ 10.

[8] *Tony Cullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006) (emphasis added) does not help Defendants in the least. The court there held, unremarkably, that because Texas law does not permit recovery for attorneys' fees on a fraud claim, and because there was no contract between the parties allowing for such recovery, the trial court's inclusion of attorney fees in the judgment constituted error.

3

contracts under which Plaintiff is entitled to *all* costs of collection, not just those directly incurred on a subset of litigated issues.

9.      Section 6 of each promissory note ("<u>Section 6</u>") provides:

> **Attorneys' Fees.** If this Note is not paid at maturity (whether by acceleration or otherwise) and is placed in the hands of an attorney for collection, of if it is collected through a bankruptcy court or any other court after maturity, the Maker shall pay, in addition to all other amounts owing hereunder, all actual expenses of collection, all court costs and reasonable attorneys' fees and expenses incurred by the holder hereof.

10.      Nothing in Section 6 limits Plaintiff's recovery of "all actual expenses of collection" on any basis. Prevailing on one count of a complaint versus another is irrelevant. The legal nature of one count of a complaint versus another is irrelevant. Whether Plaintiff was effectively forced to amend its complaints to add counts in direct response to Defendants' manufactured and ultimately unproven "condition subsequent" defense, and whether Plaintiff "prevailed" on those additional counts, is irrelevant. Texas decisional law[9] pertaining to circumstances where no contract exists between the litigants providing for an award of attorneys' fees to the prevailing party is irrelevant (and Defendants' own case citation says so).

11.      All that matters is that Section 6 expressly provides for Plaintiff to recover "all actual expenses of collection," without limitation or qualification of any kind. Thus, "all" expenses

---

[9] Defendants cite no case where a Texas state court or a federal court refused to enforce an unambiguous provision in a promissory note entitling the note's holder to "all" attorneys' fees; no case limiting fees falling within such a note provision to the noteholder prevailing or not prevailing on a particular count in a complaint; and no case even limiting fees incurred in the unsuccessful prosecution or defense of some motion along the way toward judgment. Notably, *Varner v. Cardenas*, 218 S.W.3d 68, 69 (Tex. 2007), which expressly followed *Tony Cullo Motors*, not only upheld the trial court's award of attorneys' fees to the prevailing plaintiff who successfully sued on a promissory note, but also allowed the judgment to include attorneys' fees the plaintiff incurred in defending against the defendant's counterclaim:

> But we disagree that fees defending against the [defendant's] counterclaim must be segregated too. By asserting a shortfall in acreage as a defense and counterclaim, [defendant] sought to reduce the amount collected on the note; to collect the full amount, [plaintiff] had to overcome this defense. As [plaintiff's] attorney's efforts to that effect were necessary to recover on their contract, they are recoverable.

DOCS_NY:46479.5 36027/004

includes, for example, "all" filing fees, court costs, witness fees and court reporter fees, as well as all expenses associated with discovery. And, as specifically concerns the Objection, "all" means *all "*reasonable attorneys' fees and expenses incurred by" Plaintiff.

12.      That Plaintiff incurred significant attorneys' fees in amending the complaints following Defendants' announcement of their fanciful "condition subsequent" defense does not take those fees outside the purview of the word "all." This is especially true because all of the fees Defendants argue should be excluded from the judgments were incurred because of Defendants' own machinations. Rather than acknowledge that they had no meritorious defense to the payment of unambiguous demand notes, all in default, Defendants turned these straightforward collection actions into an orgy of litigation, fabricating meritless defenses, advancing unpersuasive arguments, requiring extensive discovery and numerous depositions, amending their answers, and forcing Plaintiff to amend the complaints to respond to the novel "condition subsequent" defense.

13.      *All* of the fees Plaintiff incurred in playing Defendants' cynical game of Whack-a-Mole, in overcoming every obstacle Defendants attempted to place in Plaintiff's path toward judgment—even in responding to Defendants' ill-fated attempt to compel an arbitration of these simple collection matters and Defendants' immediate appeal of this Court's ruling denying their arbitration motion—all of it, for more than a year, is directly attributable to Defendants' own litigation strategies, choices, and impositions on Plaintiff and on this Court.[10] *Defendants*, not Plaintiff, caused the word "all" in the notes to encompass far more fees than might otherwise have been incurred had Defendants not cravenly attempted to defend the indefensible.

14.      Defendants' attempt to artificially limit the fees Plaintiff actually incurred in connection with these Adversary Proceedings—which **only** involve the collection of promissory

---

[10] *See Varner v. Cardenas*, 218 S.W.3d at 69.

notes "not paid at maturity … collected through a bankruptcy court …"—ignores the plain meaning of the notes. There is nothing ambiguous about the phrase "all actual expenses of collection." The drafter of the notes should be commended for writing so clear and unambiguous a provision. That drafter, of course, was Mr. Dondero.

### **Objection #4: Exclude "Unsegregated" Fees**

15.     Defendants argue that Plaintiff should not recover fees because counsel's time records did not "segregate" fees among the several Defendants, citing the *Clearview Properties* case. *See* Objection at 13-16. *Clearview Properties* stands for the unremarkable proposition that a plaintiff seeking an award of fees bears the burden of demonstrating that segregation is not required, and asserting that all claims against all defendants arise from common facts can be insufficient to satisfy that burden. Defendants ignore, of course, a critical component of these Adversary Proceedings, a component absent from the *Clearview Properties* case: *these Adversary Proceedings were consolidated for all purposes*, something to which the Defendants readily agreed.

16.     Indeed, before most of the fact depositions or any expert discovery was undertaken, the Parties entered into a court-approved Stipulation providing, among other things, that:

> The Parties agree that discovery taken in this case will be consolidated with discovery taken in the [] [A]dversary [P]roceedings and all discovery in each of the [A]dversary [P]roceedings will be treated as if it was taken in all of the [A]dversary [P]roceedings . . . so that each witness will only need to be deposed once and documents produced in any of the [Adversary P]roceedings are usable as if received in every other [P]roceeding.

*See Order Approving Stipulation Governing Discovery and Other Pre-Trial Issues* [Adv. Pro. No. 21-03003-sgj, Docket No. 86] ¶ 4.[11]

---

[11] *See also* Adv. Pro. No. 21-03004-sgj, Docket No. 68 (same); Adv. Pro. No. 21-03005-sgj, Docket No. 70 (same); Adv. Pro. No. 21-03006-sgj, Docket No. 75 (same); and Adv. Pro. No. 21-03007-sgj, Docket No. 70 (same).

17.     It is disingenuous for Defendants to agree to the consolidation of discovery and then later complain about the consolidation of discovery.  Defendants themselves consented to and participated in consolidated hearings on all matters, consolidated discovery in all respects—by agreement, all witnesses, common to the parties, sat for deposition once, not separately for each Defendant—and consolidated proceedings and hearings on summary judgment.

18.     Indeed, **all** of the Defendants have now asserted the "conditions subsequent" defense,[12] and even HCMFA relied on the same witnesses as the other Defendants for its remaining defenses, all of whom testified once, and took consolidated discovery with all other Defendants. Defendants' suggestion that the proceedings in these completely consolidated cases remained separate is not credible. Counsel for all Defendants participated in all proceedings in this Court and all discovery because everything was consolidated, just as Defendants themselves wanted.

19.     That consolidation only made sense. At all times, each of these Defendants was owned and controlled by Mr. Dondero. All Defendants were close affiliates of one another. The individual Defendants were brother and sister. All Defendants asserted the same fabricated "condition subsequent" defense.[13] All designated the same witnesses to be deposed—once, not several times. All were represented by the same law firms in these consolidated proceedings,

---

[12] While HCMFA did not assert the "conditions subsequent" defense in the main notes litigation, it did so in the follow-up adversary proceeding where Plaintiff seeks to collect on two promissory notes issued by HCMFA that were the subject of a forbearance agreement and that were therefore not included in the main notes litigation.  *See* Adv. Pro. No. 21-03082-sgj (the "Second HCMFA Action").  The District Court, *sua sponte*, consolidated the Second HCMFA Action with the main notes litigation (*see* Case No. 3:21-cv-00881-X, Docket No. 49), and Plaintiff moved for summary judgment in the Second HCMFA Action based in substantial part on the evidence adduced in the main notes litigation (*see, e.g.*, Adv. Pro. No. 21-03082-sgj, Docket No. 48 (Plaintiff's Appendix including all documents (including deposition transcripts) used to support its motion for summary judgment in the main notes litigation)). Thus, all Defendants agreed to, and benefitted from, the consolidation of the Adversary Proceedings and discovery for efficiency purposes.

[13] *See* Adv. Pro. No. 21-03082-sgj, Docket No. 48 (Plaintiff's Appendix, Ex. 215 (deposition transcript of James Dondero taken in the Second HCMFA Action), Appx. 4906-07) (agreement that transcripts from main notes litigation could be used in the Second HCMFA Action for efficiency purposes); (Plaintiff's Appendix, Ex. 210 (deposition transcript of Nancy Dondero taken in the Second HCMFA Action), Appx. 4842-43) (agreement that transcripts from main notes litigation could be used in the Second HCMFA Action for efficiency purposes).

7

appeared at all depositions and all hearings, and obviously collaborated in the defense of these actions. The promissory notes—they all contain Section 6, entitling Highland to "all expenses of collection"—are all functionally identical. To ignore all of this and persist in the pretense that each Defendant has litigated these matters separately from one another is to elevate form over substance and, worse, allow these Defendants to benefit from the consolidation while simultaneously punishing Plaintiff—the prevailing party—for that same consolidation.

20.    The very consolidation that enabled all parties and this Court to enjoy at least some level of litigation efficiency, the very consolidation these Defendants wanted and moved this Court to impose, is now the consolidation Defendants would have this Court utterly ignore in favor of requiring Plaintiff to do the impossible—to segregate fees incurred in fully consolidated proceedings, Defendant by closely-affiliated Defendant, as though there were no consolidation either ordered by this Court or stipulated to by these Defendants.[14] The egg has been thoroughly scrambled for well over a year. Defendants willingly scrambled it, but would now have the prevailing Plaintiff separate yolk from white. This is ridiculous.

**Objection #5: Plaintiff Should Not Get Fees for "Unsuccessful Litigation"**

21.    Defendants attempt to highlight three pieces of this lengthy litigation as the sole examples of instances in which Plaintiff did not prevail, then argue unpersuasively that the fees associated with those three pieces are not recoverable.

22.    As a threshold matter, the entire argument ignores the simple, unavoidable fact of Section 6, which entitles Plaintiff to "all expenses of collection" without regard to whether Plaintiff

---

[14] None of the cases—even the oddly-included and non-binding case from Florida state court—Defendants cite in support of this particular objection included a consolidation of proceedings against closely-affiliated defendants. None featured consolidated actions on functionally identical, unambiguous promissory notes all made by defendants payable to a close affiliate of the defendants. None featured consolidated discovery using identical witnesses testifying once at deposition for all defendants. None addressed circumstances even remotely resembling these consolidated Adversary Proceedings.

prevailed or not on isolated motions along the way to a judgment in full on the merits. As stated above, no law—not Texas state law, not bankruptcy law—requires a successful plaintiff *entitled to **all** costs and fees of collection on a note* to prevail on every jot and tittle in a multi-faceted, multiple-defendant, multi-year litigation in order to have "all expenses of collection" awarded as part of the judgment on the note. None of Defendants' cases in this section of the Objection stands for such a proposition. The only cited case binding on this Court—the *Wal-Mart* case—says nothing of the sort and is otherwise inapplicable because it did not involve an action on a note, or a contract that entitled the prevailing party to all fees, or consolidated litigation against closely-affiliated defendants.[15]

23.     Even if Plaintiff's uniform success at every small step on the way to complete victory mattered at all (and it does not), Defendants mischaracterize all three instances of so-called "unsuccessful" litigation:

        a.      Defendants moved to strike the Klos declaration attached to Plaintiff's reply appendix in support of summary judgment, (*see, e.g.*, Adv. Proc. 21-3003, Docket No. 169), and the Bankruptcy Court granted the motion to strike on the ground that Plaintiff did not seek leave of court to include the Klos declaration in a reply appendix, (*see id.* at Docket No. 187). Thus, this was a simple evidentiary ruling by the court and does not constitute an example of "unsuccessful litigation."

---

[15] Even the Objection demonstrates *Wal-Mart*'s inapplicability by quoting that case thus: "multiple claims against multiple parties … could have been **easily segregated** …." 647 F.3d 237, 244, 246–48 (5th Cir. 2021) (emphasis added). In that case, the plaintiff did *not* prevail against all the defendants, as Highland did here. The defendants were unaffiliated, and there was no mention of the type of deep consolidation of all proceedings in that litigation that typified these Adversary Proceedings.

b.      Plaintiff did not "lose" its "motion for sanctions."[16] The motion Defendants refer to was not a stand-alone motion for sanctions. That motion[17] was a single motion seeking two forms of relief: (i) the striking of an argument in opposition to summary judgment that was precluded by a prior court order; and (ii) sanctions for that conduct. Plaintiff *prevailed* on that motion because this Court granted the motion to strike. Yes, the Court declined to award sanctions, but it granted the motion.[18] It would have been impossible to parse the work done with respect to the striking of the impermissible argument from the work done with respect to seeking sanctions for pursuing the same impermissible argument. Not surprisingly, Defendants cite no law that would award fees for prevailing on one form of relief in a motion while denying fees for not prevailing on another form of relief in the same motion based on the same conduct and advancing the same arguments. Such a rule, especially in the present circumstances, would be absurd. Plaintiff prevailed on that motion and, even ignoring that Plaintiff is entitled to *all* fees under the notes, Plaintiff's fees incurred in connection with that motion would be awardable even under Defendants' theory.

c.      Plaintiff's efforts to consolidate these proceedings before a different district court judge than that ultimately received these cases were undeniably a part of the integrated tactics and actions taken in these collection cases. It is technically true that Plaintiff did not prevail in its effort to consolidate these cases before that other judge, but those were good-faith efforts to maximize Plaintiff's chances of success in nascent litigation against a highly-litigious set of foes. No one "wasted everyone's time …."[19] Compared with months and months of litigation caused by

---

[16] Objection at 17.

[17] Adv. Proc. No. 21-3006, Docket No. 162.

[18] Adv. Proc. No. 21-3006, Docket No. 208.

[19] Objection at 18.    Indeed, as the Bankruptcy Court explained, the Plaintiff followed the "typical procedure in consolidation actions" but the District Court consolidated the cases before a different judge for reasons of "judicial

DOCS_NY:46479.5 36027/004

Defendants' pulling the "condition subsequent" defense out of the ether, then litigating a meritless arbitration demand (and then appealing this Court's rejection of that demand), Plaintiff's initial consolidation motion, resolved over the course of a couple weeks, is hardly unreasonable. And, again, none of this matters because the notes entitle Plaintiff to "all expenses of collection."

### **Objection #6: PSZJ's Rates Are Too High**

24.     Defendants argue that PSZJ's rates are unreasonably high because they exceed the rates that some law firms located in Dallas charge for similar services. But this Court has already approved PSZJ's rates as reasonable under Bankruptcy Code § 330 after Defendant NexPoint opposed PSZJ's final fee application in the administrative case.[20] Moreover, this Court has already heard argument regarding PSZJ's billing rates and has already approved those rates as reasonable under the applicable standard originally announced by the Fifth Circuit in *Johnson.*[21]

25.     Wholly aside from the reasonableness of PSZJ's rates in relation to the complexity of this Chapter 11 case, the notably high value of the estate's assets, and the unrestrained litigiousness Mr. Dondero and his entities foisted on these proceedings, it is worth emphasizing that Mr. Dondero, in his capacity as President of Highland, personally hired Plaintiff's counsel when he controlled Highland and agreed, in writing, to the very fee structure and rates (albeit with

---

efficiency" and "due to certain other factors." *See Report and Recommendation to District Court:  Court Should Grant Plaintiff's Motion for Partial Summary Judgment Against All Five Note Maker Defendants*, Adv. Pro. No. 21-03003-sgj, Docket No. 191 at 4, n.5.

[20] *See* Case No. 19-34054-sgj11 (the "Bankruptcy Docket"), Docket No. 2906, *Fifth and Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP* at 37–39 (describing how PSZJ's fees satisfied the so-called *Johnson* factors—*see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)); Bankruptcy Docket No. 3055, *Order Granting Fifth and Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP* (the "Final Fee Order").

[21] Although it is true that Defendant NexPoint timely appealed this Court's Final Fee Order, the District Court dismissed that appeal without reaching the merits because NexPoint lacked appellate standing under the Fifth Circuit's "person aggrieved" standard. *See NexPoint Advisors, L.P. v. Pachulski Stang Ziehl & Jones LLP et al.*, case no. 3:21-cv-03086-K (N.D. Tex.), Docket No. 37, *Memorandum Opinion and Order*. Unsurprisingly, NexPoint has now appealed the District Court's dismissal order to the Fifth Circuit Court of Appeals and will undoubtedly ask the Fifth Circuit to overturn the "person aggrieved" standard adopted and re-adopted in decades of the Court of Appeals' own jurisprudence.

11

disclosed, annual increases customary in the industry) he now complains about. The irony of Defendants now objecting to PSZJ's rates is almost too much. Mr. Dondero and the other Defendants he owns and controls cannot now be heard to object to fee rates that he agreed to when he engaged PSZJ to act as Highland's primary Chapter 11 counsel.

26.    PSZJ's fee rates have also been approved as reasonable in other Chapter 11 cases in this District in cases not as complex as this one and in cases that did not feature a vexatious litigant bent on making good on his threat to "burn the place down." *See, e.g.*, *In re Studio Movie Grill Holdings, LLC, et al.,* Case No. 20-32633-sgj11 (Bankr. N.D. Tex. July 9, 2021), Docket No. 989; *In re Tuesday Morning Corp., et al.,* Case No. 20-31476-hdh11 (Bankr. N.D. Tex. April 1, 2021), Docket No. 2214.

### Objection #7: The Distribution of Fees and Costs Among Defendants Is Unreasonable

27.    Finally, Defendants express dissatisfaction with Plaintiff's proposed equal distribution of awarded fees among all five Defendants. Plaintiff is indifferent and has no objection if Defendants would rather allocate Plaintiff's fees and costs *pro rata*, based on the ratio of the outstanding principal and interest owed by each Obligor to the total principal and interest owed by all Obligors.

### CONCLUSION

28.    The Objection lacks merit in all respects. Plaintiff is entitled to "all expenses of collection" of all notes, which includes all fees Plaintiff incurred in this consolidated set of Adversary Proceedings made endlessly complicated and litigious by the very Defendants now seeking to prevent Plaintiff from recovering fees under the unambiguous provision of promissory notes Mr. Dondero wrote. The Court should overrule the Objection and include in the final judgment in this matter all fees and costs submitted to this Court in the Notice and otherwise.

Dated: September 27, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        hwinograd@pszjlaw.com


-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

13

# EXHIBIT 1

| Month | Invoice # | Total Invoice | Misapplied Fees (If any) | Adjusted Invoice |
|---|---|---|---|---|
| December 2020 (Matter 002)* | 126769 | $26,033.00 | $0.00 | $26,033.00 |
| January 2021 (Matter 002)** | 127125 | $53,348.00 | $0.00 | $53,348.00 |
| February 2021 (Matter 002) | 127314 | $1,307.50 | $0.00 | $1,307.50 |
| March 2021 (Matter 002) | 127522 | $53,270.50 | $0.00 | $53,270.50 |
| April 2021 (Matter 002)*** | 127680 | $125,307.50 | $0.00 | $125,307.50 |
| May 2021 (Matter 002) | 127958 | $260,971.50 | $0.00 | $260,971.50 |
| June 2021 (Matter 002) | 128195 | $101,276.50 | $0.00 | $101,276.50 |
| July 2021 (Matter 002) | 128292 | $65,093.00 | $0.00 | $65,093.00 |
| August 1 - 10 2021 (Matter 002)**** | 128474 | $135,289.00 | $0.00 | $135,289.00 |
| August 11 - 31, 2021 (Matter 003) | 128567 | $31,635.50 | $0.00 | $31,635.50 |
| September 2021(Matter 003) | 128688 | $235,361.50 | $0.00 | $235,361.50 |
| Supplement through October 7, 2021 (Matter 002) (JAM) | 128606 | $3,237.00 | $0.00 | $3,237.00 |
| October 2021 | 128950 | $375,653.50 | $0.00 | $375,653.50 |
| November 2021 | 129043 | $325,888.50 | ($3,221.00) | $322,667.50 |
| December 2021 | 129324 | $345,649.00 | ($2,542.50) | $343,106.50 |
| January 2022 (Matter 004) | 129683 | $140,045.50 | ($5,134.50) | $134,911.00 |
| February 2022 | 129792 | $172,582.50 | $0.00 | $172,582.50 |
| March 2022 | 129886 | $85,373.00 | $0.00 | $85,373.00 |
| April 2022 | 130115 | $109,294.80 | $0.00 | $109,294.80 |
| May 2022 | 130359 | $4,430.50 | $0.00 | $4,430.50 |
| June 2022 | 130403 | $1,674.00 | $0.00 | $1,674.00 |
| July 2022 | 130494 | $21,761.50 | $0.00 | $21,761.50 |
| **TOTAL DUE** | | | | **$2,663,585.30** |

**\*Differs from Trial Exhibit 169 in that an entry from 12/20/21 was removed, as it does not apply to the Notes Litigation.**

**\*\*Differs from Trial Exhibit 170 in that a portion of an entry from 1/22/21 totaling 0.2 hours was inadvertently omtited from Trial Exhibit 170.**

**\*\*\*Differs from Trial Exhibit 173 in that 2 entries from 4/29/21 totaling 0.7 hours were inadvertently omitted from Trial Exhibit 173.**

**\*\*\*\*Differs from Trial Exhibit 178 in that: (i) eleven entries from 06/04/21, 06/10/21, 07/01/21, 07/06/21, 07/09/21, 07/29/21, 07/30/21, 08/02/21 and 08/10/21 were removed, as they do not apply to the Notes Litigation; (ii) one entry from 8/10/22 totaling 0.1 hour was inadvertently omtited from Trial Exhibit 178.**

# EXHIBIT 2

| DATE | TKPR | TASK | DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|---|---|---|
| 12/5/2020 | GIG | BL | Research re bankruptcy court jurisdiction over note | 2.20 | $895.00 | $1,969.00 |
| 12/7/2020 | IDK | BL | E-mails with G Glazer on status of Stern issues re demand note litigation vs Dondero related entities. | 0.10 | $1,145.00 | $114.50 |
| 12/7/2020 | GIG | BL | Research re bankruptcy court jurisdiction over note | 5.50 | $895.00 | $4,922.50 |
| 12/7/2020 | GIG | BL | Research re bankruptcy court jurisdiction over note | 4.30 | $895.00 | $3,848.50 |
| 12/8/2020 | GIG | BL | Research re bankruptcy court jurisdiction over note | 1.20 | $895.00 | $1,074.00 |
| 12/8/2020 | GIG | BL | Prepare memo re jurisdiction issue | 6.90 | $895.00 | $6,175.50 |
| 12/8/2020 | GIG | BL | Emails Ira D. Kharasch re jurisdiction memo | 0.10 | $895.00 | $89.50 |
| 12/9/2020 | IDK | BL | Attend conference call with J. Pomerantz, others, demand note upcoming litigation,  (.8). | 0.80 | $1,145.00 | $916.00 |
| 12/10/2020 | GIG | BL | Emails Ira D. Kharasch re jurisdiction memo | 0.10 | $895.00 | $89.50 |
| 12/11/2020 | GIG | BL | Emails with Gregory V. Demo re jurisdiction | 0.20 | $895.00 | $179.00 |
| 12/11/2020 | GVD | BL | Review research re bankruptcy jurisdiction | 0.30 | $825.00 | $247.50 |
| 12/15/2020 | BEL | BL | Telephone conference with John A. Morris regarding complaint regarding demand notes. | 0.20 | $825.00 | $165.00 |
| 12/15/2020 | BEL | BL | Review demand notes. | 0.50 | $825.00 | $412.50 |
| 12/15/2020 | JAM | BL | telephone conference with B. Levine re: collection actions on demand notes (0.1); | 0.10 | $1,075.00 | $107.50 |
| 12/16/2020 | BEL | BL | Review notes and draft complaint. | 3.70 | $825.00 | $3,052.50 |
| 12/20/2020 | JAM | BL | review/revise complaint against Dondero for breach of demand notes (0.8); e-mail to J. Pomerantz, I. Kharasch, G. Demo, H. Winograd, B. Levine re: complaint against Dondero (0.1). | 0.90 | $1,075.00 | $967.50 |
| 12/21/2020 | JNP | BL | Review draft complaint against Dondero for demand notes. | 0.10 | $1,075.00 | $107.50 |
| 12/21/2020 | JAM | BL | Telephone conference with J. Pomerantz, I. Kharasch, G. Demo, H. Winograd re: HarbourVest settlement, demand notes, (1.0); e-mail to J. Seery, J. Pomerantz, I. Kharasch, G. Demo, H. Winograd re: complaint against Dondero (demand notes) (0.1). | 1.10 | $1,075.00 | $1,182.50 |
| 12/27/2020 | GVD | BL | Review and revise complaint re demand notes | 0.50 | $825.00 | $412.50 |
| | | | **TOTAL** | | | **$26,033.00** |

# EXHIBIT 3

| DATE | TKPR | TASK | DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|---|---|---|
| 1/7/2021 | JAM | BL | e-mail to M. Clemente, P. Montgomery, J. Pomerantz, G. Demo re: complaint against defaulting demand note parties (0.2); | 0.20 | $1,245.00 | $249.00 |
| 1/9/2021 | IDK | BL | Attend conference call with internal team on prep/status for prosecution of demand notes  (2.0) | 2.00 | $1,325.00 | $2,650.00 |
| 1/10/2021 | IDK | BL | E-mails with K Brown re overseeing demand note | 0.20 | $1,325.00 | $265.00 |
| 1/11/2021 | IDK | BL | Telephone conference and e-mails with K Brown re prosecuting demand notes vs Dondero (.2). | 0.20 | $1,325.00 | $265.00 |
| 1/11/2021 | IDK | BL | E-mails with B Levine re demand notes and need to commence actions and prior draft of complaint (.2); E-mails with local counsel re same re writs of attachment for same (.3). | 0.50 | $1,325.00 | $662.50 |
| 1/12/2021 | IDK | BL | E-mails with K Brown, H Winograd re getting complaints filed on demand notes and logistics (.2). | 0.20 | $1,325.00 | $265.00 |
| 1/12/2021 | KHB | BL | Emails with I. Kharasch and Hayley R. Winograd re complaints on promissory notes and writs of attachment. | 0.20 | $1,225.00 | $245.00 |
| 1/12/2021 | GVD | BL | Correspondence with PSZJ litigation team re demand letters | 0.20 | $950.00 | $190.00 |
| 1/12/2021 | HRW | BL | Review Dondero demand note complaint (0.2);  Review demand letters (0.3) | 0.50 | $695.00 | $347.50 |
| 1/13/2021 | IDK | BL | E-mails with K Brown, others re legal issues, | 0.40 | $1,325.00 | $530.00 |
| 1/13/2021 | KHB | BL | Review complaint and demand letters re promissory | 1.90 | $1,225.00 | $2,327.50 |
| 1/13/2021 | BEL | BL | Emails regarding draft Dondero complaint. | 0.20 | $950.00 | $190.00 |
| 1/13/2021 | GVD | BL | Conference with K. Brown and H. Winograd re | 0.80 | $950.00 | $760.00 |
| 1/13/2021 | HRW | BL | Call with G. Demo and K. Brown re: demand note complaints (0.6); Call with G. Demo re: demand note complaints (0.1); Review Demand Notes and related documents (0.8); Draft Demand Note Complaints against Dondero and related entities (4.5). | 6.00 | $695.00 | $4,170.00 |
| 1/14/2021 | IDK | BL | E-mails with H Winograd and J Morris re next steps | 0.10 | $1,325.00 | $132.50 |
| 1/14/2021 | JNP | BL | Review email regarding suits against noteholders | 0.10 | $1,295.00 | $129.50 |
| 1/14/2021 | KHB | BL | call with Greg Demo (GD), J. Morris (JM) and Hayley Winograd ("HG") re litigation strategy on promissory notes (.4); confer with HG re form of complaints (.2); review and revise complaint (1.6); emails with HG re revisions to complaints (.5). | 2.70 | $1,225.00 | $3,307.50 |
| 1/14/2021 | JAM | BL | telephone conference with G. Demo re: complaints against makers of notes (0.2); telephone conference with K. Brown, H. Winograd, G. Demo (partial participation) re: complaints against makers of notes (0.5) | 0.70 | $1,245.00 | $871.50 |
| 1/14/2021 | HRW | BL | Draft Demand Note Complaints against Dondero and related entities (5.5); PSZJ call re: Demand Note Complaints and litigation strategy (0.5); Review Demand Notes and related documents (1.0); Call with K. Brown re: Demand Note Complaints (0.1) | 7.10 | $695.00 | $4,934.50 |
| 1/15/2021 | KHB | BL | Work on complaints on promissory notes (4.4). | 5.20 | $1,225.00 | $6,370.00 |
| 1/15/2021 | GVD | BL | Review and revise demand note complaint | 0.30 | $950.00 | $285.00 |
| 1/15/2021 | HRW | BL | Draft Demand Note Complaints against Dondero and related entities (7.5). | 7.50 | $695.00 | $5,212.50 |
| 1/16/2021 | HRW | BL | Draft complaints against Dondero and related | 4.80 | $695.00 | $3,336.00 |
| 1/17/2021 | HRW | BL | Draft complaints against Dondero and related entities re: demand notes (4.5). | 4.50 | $695.00 | $3,127.50 |

| DATE | TKPR | TASK | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|------|-------------|-------|------|--------|
| 1/18/2021 | JNP | BL | Conference with Sidley, John A. Morris, Ira D. | 0.70 | $1,295.00 | $906.50 |
| 1/18/2021 | KHB | BL | review comments to complaints on promissory notes by J. Morris and email to J. Morris and H. Winograd re same (.2); work on complaints (.7); call with Committee counsel, J. Morris and J. Pomerantz re litigation strategy (.7). | 1.60 | $1,225.00 | $1,960.00 |
| 1/18/2021 | JAM | BL | review/revise draft Complaint against Dondero for recovery under demand notes (0.9); e-mail to K. Brown, H. Winograd, J. Pomerantz, I. Kharasch, G. Demo re: revisions to draft Complaint against Dondero for recovery under demand notes (0.2); e-mails to Sidley, J. Pomerantz, G. Demo, H. Winograd re: complaints for recovery under demand notes (0.3); | 1.40 | $1,245.00 | $1,743.00 |
| 1/18/2021 | HRW | BL | Draft complaints against Dondero and related entities re: demand notes (7.5); Call with Committee re: litigation strategy (0.8). | 8.30 | $695.00 | $5,768.50 |
| 1/22/2021 | KHB | BL | Emails with H. Winograd and J. Morris re complaints on promissory notes. | 0.20 | $1,225.00 | $245.00 |
| 1/22/2021 | JAM | BL | review complaints concerning demand notes and send e-mail to Z. Annable, J. Pomerantz, I. Kharasch, G. Demo, H. Winograd concerning the same (0.2); review Z. Annable comments to note complaints and cover sheets (0.2); e-mail to Z. Annable re: note complaints and cover sheets (0.1); telephone conference with J. Seery re: note complaints (0.1); | 0.60 | $1,245.00 | $747.00 |
| 1/28/2021 | JMF | BL | Review complaints and background re notes receivables re HCMS, HCRE, and HCMFA. | 1.10 | $1,050.00 | $1,155.00 |
| | | | **TOTAL** | | | **$53,348.00** |

# EXHIBIT 4

| DATE | TKPR | TASK | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|------|-------------|-------|------|--------|
| 2/2/2021 | HRW | BL | Draft letters to HCRE and HCMS re: partial payments and demand letters (1.3). | 1.30 | $695.00 | $903.50 |
| 2/6/2021 | IDK | BL | E-mails with G Demo re correspondence with Gov | 0.20 | $1,325.00 | $265.00 |
| 2/8/2021 | HRW | BL | Draft follow-up to demand letters for HCRE and HCSM | 0.20 | $695.00 | $139.00 |
| | | | **TOTAL** | | | **$1,307.50** |

# EXHIBIT 5

| DATE | TKPR | TASK | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|------|-------------|-------|------|--------|
| 3/2/2021 | JAM | BL | review of status of adversary proceedings concerning promissory notes (0.4); e-mail to J. Pomerantz, I. Kharasch, G. Demo, H. Winograd re: status of adversary proceedings concerning promissory notes (0.2). | 0.60 | $1,245.00 | $747.00 |
| 3/2/2021 | HRW | BL | Prepare joint proposed scheduling order for demand note adversary proceedings involving HCMFA and NPA (1.2); Review adversary proceedings and critical dates (0.6); Review NPA and HCMFA answer to complaints (0.4); | 2.20 | $695.00 | $1,529.00 |
| 3/3/2021 | HRW | BL | Prepare joint proposed scheduling order for demand note adversary proceedings (0.8); e-mails with H. Winograd re: model scheduling order for notes litigation (0.1); e-mail to. L. | 0.80 | $695.00 | $556.00 |
| 3/4/2021 | JAM | BL | Hogewood, D. Rukavina re: proposed scheduling orders for HCMFA and Nexpoint notes litigation (0.2) | 0.30 | $1,245.00 | $1,529.00 |
| 3/4/2021 | HRW | BL | Prepare joint proposed scheduling order for demand note adversary proceedings (1.8); e-mail to L. Drawhorn, H. Winograd re: proposed scheduling orders for HCRE and HCMS notes | 1.80 | $695.00 | $1,251.00 |
| 3/5/2021 | JAM | BL | litigation (0.2); e-mail to D. Rukavina re: proposed scheduling orders for Nexpoint and HCMFA notes litigation (0.1). | 0.30 | $1,245.00 | $373.50 |
| 3/7/2021 | JAM | BL | Review/revise proposed scheduling orders for HCMFA and NexPoint notes litigation (0.4); e-mail to D. Rukavina, L. Hogewood, H. Winograd re: revised proposed scheduling orders for HCMFA and NexPoint notes litigation (0.2); | 0.60 | $1,245.00 | $747.00 |
| 3/7/2021 | GVD | BL | Correspondence with J. Morris re term note defaults | 0.20 | $950.00 | $190.00 |
| 3/8/2021 | JNP | BL | Conference with John A. Morris regarding | 0.10 | $1,295.00 | $129.50 |
| 3/8/2021 | JAM | BL | communications with J. Seery, J. Pomerantz, J. Bonds re: Dondero request for extension of time to respond to notes litigation (0.2). | 0.20 | $1,245.00 | $249.00 |
| 3/8/2021 | HRW | BL | Review and draft joint proposed scheduling orders for Demand Note adversary proceedings relating to HCRE, HCMFA, NPA, HCMS (1.5); | 1.50 | $695.00 | $1,042.50 |
| 3/9/2021 | JAM | BL | e-mails with H. Winograd, Z. Annable re: scheduling orders for the HCRE and HCMS adversary proceedings (0.2); e-mails with H. Winograd, Z. Annable re: scheduling orders for NexPoint and HCMFA adversary proceedings (0.1); | 0.30 | $1,245.00 | $373.50 |
| 3/9/2021 | HRW | BL | Review joint proposed scheduling orders for Demand Note adversary proceedings relating to HCRE, HCMFA, NPA, HCMS (0.8). | 0.80 | $695.00 | $556.00 |
| 3/10/2021 | JAM | BL | communications with Z. Annable, D. Rukavina, H. Winograd re: scheduling matters for notes litigation (0.2); | 0.20 | $1,245.00 | $249.00 |
| 3/17/2021 | JAM | BL | e-mail to J. Pomerantz, I. Kharasch, G. Demo, H. Winograd re: discovery of Dondero on notes litigation (0.7). | 0.70 | $1,245.00 | $871.50 |
| 3/17/2021 | HRW | BL | Review Dondero answer to demand note complaint | 3.90 | $695.00 | $2,710.50 |
| 3/17/2021 | JAM | BL | E-mail to J. Seery re: promissory notes' litigation (0.1); review/revise draft document request for Dondero (notes litigation) (0.2); e-mail to G. Demo, H.  Winograd re: requests to admit for Dondero (notes litigation) (0.3); | 0.60 | $1,245.00 | $747.00 |
| 3/18/2021 | HRW | BL | Draft discovery demands directed to Dondero for demand note litigation (2.8); | 2.80 | $695.00 | $1,946.00 |
| 3/19/2021 | JAM | BL | review/revise discovery requests to Dondero re: notes litigation (0.3); e-mails to J. Seery, J. Pomernatz, I. Kharasch, G. Demo, H. Winograd re: discovery requests to Dondero re: notes litigation (0.2); review/revise and send e-mail to J. Seery, PSZJ team re: scheduling of notes litigation (0.2); | 0.70 | $1,245.00 | $871.50 |
| 3/24/2021 | HRW | BL | Draft response to Dondero's motion for a continuance of demand note proceeding (0.4). | 0.40 | $695.00 | $278.00 |
| 3/25/2021 | JAM | BL | E-mails to Bonds Ellis re: Debtor's discovery demands for Dondero notes litigation (0.3). | 0.30 | $1,245.00 | $373.50 |
| 3/26/2021 | JNP | BL | Review Dondero motion for continuance of note lawsuit. | 0.10 | $1,295.00 | $129.50 |
| 3/26/2021 | JNP | BL | Review emails regarding Dondero note litigation | 0.10 | $1,295.00 | $129.50 |

MARCH 2021

| DATE | TKPR | TASK | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|------|-------------|-------|------|--------|
| 3/26/2021 | JAM | BL | Telephone conference with J. Seery re: Dondero | 2.90 | $1,245.00 | $3,610.50 |
| 3/26/2021 | GVD | BL | Conference with J. Morris re demand note issues | 0.20 | $950.00 | $190.00 |
| 3/26/2021 | HRW | BL | Call with J. Morris re: objection to Dondero | 2.10 | $695.00 | $1,459.50 |
| 3/27/2021 | JAM | BL | Review documents and draft objection to Dondero | 4.90 | $1,245.00 | $6,100.50 |
| 3/27/2021 | LSC | BL | Review documents and retrieve and prepare exhibits | 4.40 | $460.00 | $2,024.00 |
| 3/27/2021 | HRW | BL | Draft objection to Dondero's emergency motion to | 5.00 | $695.00 | $3,475.00 |
| 3/28/2021 | JAM | BL | E-mails with D. Klos, K. Hendricks, J. Pomerantz, I. | 5.60 | $1,245.00 | $6,972.00 |
| 3/28/2021 | LSC | BL | Continued preparation of exhibits in connection with | 1.20 | $460.00 | $552.00 |
| 3/28/2021 | HRW | BL | Draft objection to Dondero's emergency motion tocontinue demand note proceeding (4.5). | 4.50 | $695.00 | $3,127.50 |
| 3/29/2021 | JNP | BL | Review opposition to motion by Dondero to continue trial on note litigation. | 0.10 | $1,295.00 | $129.50 |
| 3/29/2021 | JAM | BL | Review and send RFAs for Dondero's notes litigation (0.2); revise objection to Dondero's motion to modify scheduling order (0.9); e-mails to J. Pomerantz, I. Kharasch, G. Demo, H. Winograd, L. Canty re: revised objection to Dondero's motion to modify scheduling order and exhibits in support thereof (0.2); review exhibits and e-mail to L. Canty re: redactions and related matters (0.5); e-mails to J. Seery, J. Pomerantz, I. Kharasch, G. Demo, H. Winograd re: draft objection to Dondero's motion to modify scheduling order and exhibits in support thereof (0.1); review/revise objection to Dondero motion to modify scheduling order (0.2); review/revise JAM declaration in support of objection to Dondero motion to modify scheduling order (0.3). | 2.40 | $1,245.00 | $2,988.00 |
| 3/29/2021 | LSC | BL | Prepare redacted exhibits for Objection to Dondero motion to modify scheduling order. | 0.50 | $460.00 | $230.00 |
| 3/29/2021 | HRW | BL | Edit and review objection to Dondero's emergency motion to continue demand note proceedings (2.5). | 2.50 | $695.00 | $1,737.50 |
| 3/30/2021 | JNP | BL | Emails regarding Court ruling on extending Dondero | 0.10 | $1,295.00 | $129.50 |
| 3/30/2021 | JAM | BL | Review/revise objection to Dondero motion to | 1.10 | $1,245.00 | $1,369.50 |
| 3/30/2021 | LSC | BL | Redact additional exhibits (.3); research and review | 3.20 | $460.00 | $1,472.00 |
| 3/31/2021 | JAM | BL | e-mails with B. Assink, H. Winograd re: modified scheduling order in Dondero's notes litigation (0.1)., | 0.10 | $1,245.00 | $124.50 |
| | | | **TOTAL** | | | **$53,270.50** |

# EXHIBIT 6

| DATE | TKPR | TASK | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|------|-------------|-------|------|--------|
| 4/1/2021 | IDK | BL | E-mails with J Pomerantz, G Demo, CEO re | 0.20 | $1,325.00 | $265.00 |
| 4/1/2021 | JNP | BL | Emails to and from Gregory V. Demo regarding D. Rukavina email regarding withdrawal of the reference. | 0.10 | $1,295.00 | $129.50 |
| 4/1/2021 | JNP | BL | Review and respond to email regarding withdrawal of reference for note lawsuits. | 0.10 | $1,295.00 | $129.50 |
| 4/1/2021 | JAM | BL | Telephone conference with H. Winograd re: discovery in AP against Advisors (notes litigation) (0.1); prepare discovery document requests and interrogatories for AP against Advisors (notes litigation) (0.9); review/revise requests for admission for AP against Advisors (notes litigation (0.3); e-mails with H. Winograd re: discovery requests for AP against Advisors (notes litigation (0.2); e-mail to D. Rukavina, H. Winograd re: discovery in AP against Advisors (notes litigation) (0.1). | 1.60 | $1,245.00 | $1,992.00 |
| 4/1/2021 | HRW | BL | Call with J. Morris re: discovery in NPA demand note litigation (0.1); Draft discovery demands in NPA demand note litigation (1.0); Review adversary proceeding critical dates (0.6). | 1.70 | $695.00 | $1,181.50 |
| 4/2/2021 | JNP | BL | Review witness list and reply brief regarding Committee's motion regarding Dondero discovery. | 0.20 | $1,295.00 | $259.00 |
| 4/4/2021 | JAM | BL | E-mail to H. Winograd re: notes litigation (0.1); | 0.10 | $1,245.00 | $124.50 |
| 4/5/2021 | HRW | BL | Review amended scheduling order for Dondero demand note proceeding (0.5). | 0.50 | $695.00 | $347.50 |
| 4/6/2021 | IDK | BL | E-mails with G Demo re Dondero withdrawal of reference motion and our prior research on jurisdiction issues re same | 0.30 | $1,325.00 | $397.50 |
| 4/7/2021 | JAM | BL | Review Dondero's amended answer in notes | 1.70 | $1,245.00 | $2,116.50 |
| 4/7/2021 | HRW | BL | Draft discovery demands for Dondero demand note | 0.90 | $695.00 | $625.50 |
| 4/8/2021 | HRW | BL | Review demand note adversary proceeding complaints (0.3). | 0.30 | $695.00 | $208.50 |
| 4/9/2021 | IDK | BL | E-mails with G Demo, others on Plan provisions re note collection/litigation issues | 0.30 | $1,325.00 | $397.50 |
| 4/9/2021 | JMF | BL | Review notes receivable litigation and amounts due from noteholders re plan implementation (2.1) | 2.10 | $1,050.00 | $2,205.00 |
| 4/9/2021 | JAM | BL | Review of rules re: withdrawal of the reference (0.4); telephone conference with Z. Annable re: rules for withdrawal of the reference (0.1); | 0.50 | $1,245.00 | $622.50 |
| 4/9/2021 | GVD | BL | Review issues re notes litigation | 0.60 | $950.00 | $570.00 |
| 4/12/2021 | GVD | BL | Review issues re repayment of notes | 0.60 | $950.00 | $570.00 |
| 4/13/2021 | JMF | BL | Review motion and brief for withdrawal of references re demand notes. | 0.50 | $1,050.00 | $525.00 |
| 4/13/2021 | JAM | BL | Review Answers to complaints filed by Advisors in | 0.60 | $1,245.00 | $747.00 |
| 4/14/2021 | JNP | BL | Email to D. Rukavina regarding scheduling for motion to withdraw reference. | 0.10 | $1,295.00 | $129.50 |
| 4/14/2021 | JNP | BL | Email to and from D. Rukavina regarding hearing on motion to withdraw reference. | 0.10 | $1,295.00 | $129.50 |
| 4/14/2021 | JNP | BL | Conference with John A. Morris regarding hearing on motion to withdraw reference. | 0.10 | $1,295.00 | $129.50 |
| 4/14/2021 | JNP | BL | Review motion to withdraw reference. | 0.20 | $1,295.00 | $259.00 |
| 4/14/2021 | JAM | BL | e-mails with D. Rukavina, J. Pomerantz re: scheduling issues concerning adversary proceeding against Advisors and Funds (0.5); e-mail to Court, D. Rukavina, L. Hogewood, J. Pomerantz re: scheduling issues concerning adversary proceeding against Advisors and Funds (0.3;) | 0.80 | $1,245.00 | $996.00 |
| 4/14/2021 | GVD | BL | Correspondence re note and discovery request | 0.10 | $950.00 | $95.00 |
| 4/14/2021 | HRW | BL | Draft Rule 26 disclosures for Dondero demand note adversary proceeding (2.0). | 2.00 | $695.00 | $1,390.00 |

| DATE | TKPR | TASK | DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|---|---|---|
| 4/15/2021 | IDK | BL | Review and consider G Demo's memo on | 0.40 | $1,325.00 | $530.00 |
| 4/15/2021 | HRW | BL | Prepare Rule 26 disclosures for Dondero demand note adversary proceeding (0.6). | 0.60 | $695.00 | $417.00 |
| 4/16/2021 | IDK | BL | E-mail and telephone conference with J Pomerantz re Dondero withdrawal of reference motions and logistics on response to same and J Kim (.2); E-mail and telephone conference with G Demo re same and relevant pleadings (.2); E-mails with J Kim re need for responses to Dondero withdrawal of reference motions (.2). | 0.60 | $1,325.00 | $795.00 |
| 4/16/2021 | JJK | BL | Research re: reference withdrawal, core matter, Stern, related issues. | 3.70 | $995.00 | $3,681.50 |
| 4/16/2021 | JNP | BL | Conference with Ira D. Kharasch regarding motion | 0.20 | $1,295.00 | $259.00 |
| 4/16/2021 | JNP | BL | Review Dondero motion to stay pending withdrawal | 0.20 | $1,295.00 | $259.00 |
| 4/16/2021 | GVD | BL | Review Dondero motion re withdrawal of the reference | 0.20 | $950.00 | $190.00 |
| 4/16/2021 | GVD | BL | Conference with I. Kharasch re motions to withdraw | 0.20 | $950.00 | $190.00 |
| 4/16/2021 | HRW | BL | Review Dondero withdrawal of reference filed in demand note adversary proceeding (0.5). | 0.50 | $695.00 | $347.50 |
| 4/16/2021 | HRW | BL | Review Dondero's motion to stay demand note | 0.30 | $695.00 | $208.50 |
| 4/18/2021 | JAM | BL | Review Dondero motion to expedite stay motion (0.3); e-mail to J. Pomerantz, I. Kharasch, G. Demo, | 3.40 | $1,245.00 | $4,233.00 |
| 4/17/2021 | HRW | BL | Draft demand note discovery requests (2.5). | 2.50 | $695.00 | $1,737.50 |
| 4/18/2021 | JNP | BL | Review and comment on opposition to motion for stay of discovery and emails regarding same. | 0.20 | $1,295.00 | $259.00 |
| 4/18/2021 | JAM | BL | Review and revise initial draft objection to Dondero's motion to expedite motion for stay (2.9); e-mail to J. Pomerantz, I. Kharasch, G. Demo, H. Winograd re: initial draft objection to Dondero's motion to expedite motion for stay (0.1); draft JAM declaration in support of objection to Dondero's motion to expedite motion for stay (0.5); e-mail to Z. Annable, G. Demo, H. Winograd re: declaration and objection concerning Dondero's motion to expedite (0.1). | 3.60 | $1,245.00 | $4,482.00 |
| 4/18/2021 | GVD | BL | Review objection to motion to expedite | 0.30 | $950.00 | $285.00 |
| 4/18/2021 | HRW | BL | Draft demand note discovery requests (3.5). | 3.50 | $695.00 | $2,432.50 |
| 4/19/2021 | JJK | BL | Research/analysis reference withdrawal, core | 7.80 | $995.00 | $7,761.00 |
| 4/19/2021 | JAM | BL | Review/revise objection to Dondero motion to | 2.00 | $1,245.00 | $2,490.00 |
| 4/19/2021 | HRW | BL | Draft discovery demands for HCMFA demand note proceeding (1.2). | 1.20 | $695.00 | $834.00 |
| 4/20/2021 | JJK | BL | Research/analysis of Stern, jurisdiction, reference, related issues. | 3.10 | $995.00 | $3,084.50 |
| 4/20/2021 | JJK | BL | Analysis/research jurisdiction, Stern, reference issues. | 4.30 | $995.00 | $4,278.50 |
| 4/20/2021 | JJK | BL | Analysis Stern, jurisdiction, reference, related issues. | 3.10 | $995.00 | $3,084.50 |
| 4/20/2021 | JNP | BL | Conference with John A. Morris regarding funds/ advisor adversary proceeding and related. | 0.20 | $1,295.00 | $259.00 |
| 4/21/2021 | JJK | BL | Research and prepare objection to NexPoint | 2.10 | $995.00 | $2,089.50 |
| 4/21/2021 | JJK | BL | Research and prepare objection to | 5.40 | $995.00 | $5,373.00 |
| 4/21/2021 | JJK | BL | Research/draft objection to HCMFA reference | 3.00 | $995.00 | $2,985.00 |
| 4/21/2021 | JNP | BL | Research regarding withdrawal reference and | 0.40 | $1,295.00 | $518.00 |
| 4/22/2021 | JJK | BL | Research re reference withdrawal issues. | 0.80 | $995.00 | $796.00 |

| DATE | TKPR | TASK | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|------|-------------|-------|------|--------|
| 4/22/2021 | JNP | BL | Review of memo regarding withdrawal of the reference. | 0.20 | $1,295.00 | $259.00 |
| 4/22/2021 | LAF | BL | Legal research re: "Tax loan" & withdrawal of reference. | 0.50 | $475.00 | $237.50 |
| 4/22/2021 | JAM | BL | Review Dondero discovery requests (0.2); review | 0.50 | $1,245.00 | $622.50 |
| 4/22/2021 | GVD | BL | Review Dondero discovery requests | 0.20 | $950.00 | $190.00 |
| 4/23/2021 | LAF | BL | Citecheck & edit memos on withdrawal of reference. | 5.80 | $475.00 | $2,755.00 |
| 4/25/2021 | JAM | BL | E-mails to L. Drawhorn, J. Seery, J. Pomerantz re: HCRE's proposed amended of notes complaint (0.1). | 0.10 | $1,245.00 | $124.50 |
| 4/26/2021 | IDK | BL | E-mails with J Pomerantz re status on oppositions to motions to withdraw reference, (.2). | 0.20 | $1,325.00 | $265.00 |
| 4/26/2021 | JJK | BL | Prepare objections to reference withdrawal motions of Dondero, NexPoint, HCMFA (separate adversary proceedings). | 4.60 | $995.00 | $4,577.00 |
| 4/26/2021 | JNP | BL | Conference with PSZJ team regarding pending | 0.80 | $1,295.00 | $1,036.00 |
| 4/26/2021 | JNP | BL | Review memo regarding withdrawal of reference | 0.10 | $1,295.00 | $129.50 |
| 4/26/2021 | JNP | BL | Review emails regarding Dondero discovery in | 0.10 | $1,295.00 | $129.50 |
| 4/26/2021 | JAM | BL | Review Dondero's third set of discovery requests | 0.60 | $1,245.00 | $747.00 |
| 4/26/2021 | HRW | BL | Call with G. Demo, J. Morris, B. Sharp, and meta e-discovery reps regarding responding to various discovery requests in adversary proceedings. | 0.20 | $695.00 | $139.00 |
| 4/26/2021 | HRW | BL | Review discovery demands in Notes Litigation. | 1.00 | $695.00 | $695.00 |
| 4/26/2021 | HRW | BL | Research summary judgement standard for notes litigation. | 2.20 | $695.00 | $1,529.00 |
| 4/27/2021 | JJK | BL | Review docs and prepare objections to reference withdrawal motions of Dondero, NexPoint, HCMFA (separate adv. proceedings). | 9.10 | $995.00 | $9,054.50 |
| 4/27/2021 | JAM | BL | Review rules and documents and send e-mail to H. Winograd, J. Pomerantz, I. Kharasch, G Demo re: potential motion for summary judgment (Dondero, notes litigation) (0.5). | 0.50 | $1,245.00 | $622.50 |
| 4/28/2021 | JJK | BL | Research and further revisions to objection to Dondero reference motion. | 4.20 | $995.00 | $4,179.00 |
| 4/28/2021 | JJK | BL | Research/analysis re: Dondero claims and reference | 4.00 | $995.00 | $3,980.00 |
| 4/28/2021 | JJK | BL | Work on withdrawal of reference response | 2.50 | $995.00 | $2,487.50 |
| 4/28/2021 | JNP | BL | Review email from M. Clemente regarding pending | 0.10 | $1,295.00 | $129.50 |
| 4/28/2021 | RJF | BL | Review motion to amend, original complaint, related | 1.30 | $1,395.00 | $1,813.50 |
| 4/28/2021 | JMF | BL | Review HCMFA answer. | 0.30 | $1,050.00 | $315.00 |
| 4/28/2021 | GVD | BL | Review response to motion to withdrawal the | 0.50 | $950.00 | $475.00 |
| 4/28/2021 | HRW | BL | Review Dondero's responses to discovery requests in | 0.10 | $695.00 | $69.50 |
| 4/28/2021 | HRW | BL | Draft Responses and Objections for NPA discovery | 0.30 | $695.00 | $208.50 |
| 4/29/2021 | JAM | BL | Telephone conference with H. Winograd re: responses to Advisors' discovery requests in notes litigation (0.6). | 0.60 | $1,245.00 | $747.00 |
| 4/29/2021 | GVD | BL | Conference with DSI/HCMLP/H. Winograd re discovery | 0.30 | $950.00 | $285.00 |
| 4/29/2021 | GVD | BL | Conference with H. Winograd re discovery issues | 0.40 | $950.00 | $380.00 |
| 4/29/2021 | GVD | BL | Conference with J. Seery re notes enforcement issues | 0.20 | $950.00 | $190.00 |
| 4/29/2021 | HRW | BL | Call with G. Demo regarding NPA discovery requests in notes litigation. | 0.40 | $695.00 | $278.00 |
| 4/29/2021 | HRW | BL | Call with G. Demo, K. Hendrix, D. Klos, J. Donahue regarding NPA discovery requests in notes litigation. | 0.30 | $695.00 | $208.50 |
| 4/29/2021 | HRW | BL | Draft responses & objections to NPA's discovery requests in notes litigation. | 8.00 | $695.00 | $5,560.00 |

| DATE | TKPR | TASK | DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|---|---|---|
| 4/29/2021 | HRW | BL | Call with J. Morris regarding NPA discovery in notes litigation. | 0.60 | $695.00 | $417.00 |
| 4/30/2021 | IDK | BL | E-mails with J Kim re opposition to Advisors' and others motions to withdraw the reference (.6); Review of revised oppositions to same (.2). | 0.80 | $1,325.00 | $1,060.00 |
| 4/30/2021 | JJK | BL | Additional research for objections to withdrawal reference motions of NexPoint, HCMFA, Dondero, and revise same objections. | 3.60 | $995.00 | $3,582.00 |
| 4/30/2021 | JJK | BL | Revise objections to reference withdrawal motions and emails Kharasch on same. | 2.10 | $995.00 | $2,089.50 |
| 4/30/2021 | JMF | BL | Review motion to stay adversary proceedings. | 0.40 | $1,050.00 | $420.00 |
| 4/30/2021 | HRW | BL | Draft responses and objections to NPA's discovery requests in notes litigation. | 3.50 | $695.00 | $2,432.50 |
| 4/30/2021 | HRW | BL | Call with J. Morris regarding NPA discovery | 0.10 | $695.00 | $69.50 |
| 4/30/2021 | HRW | BL | Call with D. Klos regarding NPA discovery requests | 0.60 | $695.00 | $417.00 |
| | | | **TOTAL** | | | **$125,307.50** |

# EXHIBIT 7

| DATE | TKPR | TASK | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|------|-------------|-------|------|--------|
| 5/1/2021 | GVD | BL | Further revise motion to enforce the reference | 4.30 | $950.00 | $4,085.00 |
| 5/2/2021 | IDK | BL | Review of J Pomerantz comments to draft | 0.30 | $1,325.00 | $397.50 |
| 5/2/2021 | JJK | BL | Analysis withdrawal issues; revise | 4.30 | $995.00 | $4,278.50 |
| 5/2/2021 | GVD | BL | Further revise and circulate motion to enforce the | 4.80 | $950.00 | $4,560.00 |
| 5/2/2021 | GVD | BL | Correspondence re extension of answer date | 0.20 | $950.00 | $190.00 |
| 5/3/2021 | IDK | BL | E-mails with J Kim re his latest revised opposition to | 1.40 | $1,325.00 | $1,855.00 |
| 5/3/2021 | JJK | BL | Emails Pomerantz, Demo re: opp to NexPoint/HCMFA withdrawal reference motions; research/analysis/revisions to same. | 2.40 | $995.00 | $2,388.00 |
| 5/3/2021 | JJK | BL | Prepare opp to HCMFA withdrawal reference motion and analysis for same. | 2.70 | $995.00 | $2,686.50 |
| 5/3/2021 | JJK | BL | Analysis/revise oppositions to NexPoint and HCMFA reference motions. | 3.70 | $995.00 | $3,681.50 |
| 5/3/2021 | JJK | BL | Research/analysis re: reference withdrawal matters. | 1.00 | $995.00 | $995.00 |
| 5/3/2021 | JNP | BL | Brief review of motion to enforce reference. | 1.00 | $1,295.00 | $1,295.00 |
| 5/3/2021 | JNP | BL | Conference with Robert J. Feinstein regarding motion to enforce reference and related litigation matters. | 0.30 | $1,295.00 | $388.50 |
| 5/3/2021 | JNP | BL | Conference with Robert J. Feinstein and Gregory V. Demo regarding  motion to enforce reference. | 0.20 | $1,295.00 | $259.00 |
| 5/3/2021 | JNP | BL | Review revised motion to withdraw reference response. | 0.30 | $1,295.00 | $388.50 |
| 5/3/2021 | JNP | BL | Conference with Jonathan J. Kim, Ira D. Kharasch and Gregory V. Demo regarding motion to withdraw | 0.60 | $1,295.00 | $777.00 |
| 5/3/2021 | GVD | BL | Revise and serve demand letter re Dugaboy note | 0.30 | $950.00 | $285.00 |
| 5/3/2021 | GVD | BL | Revise and serve demand letter re Hunter Mountain | 0.30 | $950.00 | $285.00 |
| 5/3/2021 | GVD | BL | Conference with PSZJ team re response to | 0.40 | $950.00 | $380.00 |
| 5/3/2021 | GVD | BL | Review and revise response to motion to enforce the | 1.20 | $950.00 | $1,140.00 |
| 5/3/2021 | GVD | BL | Follow up conference with PSZJ re opposition to | 0.30 | $950.00 | $285.00 |
| 5/3/2021 | GVD | BL | Conference with J. Morris re status of notes | 0.20 | $950.00 | $190.00 |
| 5/4/2021 | IDK | BL | Review of J Kim's next version of opposition to | 1.00 | $1,325.00 | $1,325.00 |
| 5/4/2021 | JJK | BL | Emails Demo, Morris, Pomerantz on withdrawal reference pleadings issues; research/revise | 2.20 | $995.00 | $2,189.00 |
| 5/4/2021 | JJK | BL | Emails Demo on withdrawal reference pleadings | 3.90 | $995.00 | $3,880.50 |
| 5/4/2021 | JNP | BL | Review and comment on latest version on motion to | 0.20 | $1,295.00 | $259.00 |
| 5/4/2021 | RJF | BL | Review and revise motion to enforce the reference. | 1.30 | $1,395.00 | $1,813.50 |
| 5/4/2021 | JAM | BL | Review draft opposition to withdraw the reference | 0.40 | $1,245.00 | $498.00 |
| 5/4/2021 | HRW | BL | Call with DSI regarding NPA document production for demand note proceeding. | 0.50 | $695.00 | $347.50 |
| 5/4/2021 | HRW | BL | Call with R. Half and J. Morris regarding NPA document production in demand note litigation. | 0.20 | $695.00 | $139.00 |
| 5/4/2021 | HRW | BL | Prepare for call with R. Half and J. Morris regarding NPA document production in demand note litigation. | 1.20 | $695.00 | $834.00 |
| 5/4/2021 | HRW | BL | Review J. Seery comments to NPA R&O's in | 0.30 | $695.00 | $208.50 |
| 5/5/2021 | JJK | BL | Research/finalize objection to Dondero motion to withdraw reference. | 3.70 | $995.00 | $3,681.50 |
| 5/5/2021 | JAM | BL | E-mails with B. Assink re: Dondero document production (notes litigation (0.2); review Dondero document production (0.1). | 0.30 | $1,245.00 | $373.50 |

| DATE | TKPR | TASK | DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|---|---|---|
| 5/5/2021 | HRW | BL | Prepare interrogatory verification for R&Os to NPA | 0.50 | $695.00 | $347.50 |
| 5/6/2021 | IDK | BL | Review of updated opposition to Dondero motion to | 0.80 | $1,325.00 | $1,060.00 |
| 5/6/2021 | IDK | BL | E-mails with J Kim re mistake made in filed | 0.40 | $1,325.00 | $530.00 |
| 5/6/2021 | JJK | BL | Emails Kharasch on withdrawal reference | 4.20 | $995.00 | $4,179.00 |
| 5/6/2021 | HRW | BL | Communicate with R. Half re: NPA production in demand note proceeding (0.9); Call with L. Canty re: NPA production in notes litigation (0.1); Review critical dates re: Dondero stay motion and motion to withdraw reference in notes litigation (0.2); Prepare search terms for NPA production in notes litigation (0.3). | 1.50 | $695.00 | $1,042.50 |
| 5/7/2021 | IDK | BL | Review of draft addendum to prior filed opposition to Dondero motion to withdraw ref and consider changes (.2); E-mails with J Kim and J Pomerantz re same, as well as feedback of local counsel (.3). | 0.50 | $1,325.00 | $662.50 |
| 5/7/2021 | JJK | BL | Two conf. calls (2x 0.3) with Pomerantz, Kharasch, Demo on reference withdrawal oppositions. | 0.60 | $995.00 | $597.00 |
| 5/7/2021 | JNP | BL | Review further filing regarding opposition to motion | 0.10 | $1,295.00 | $129.50 |
| 5/7/2021 | HRW | BL | Review discovery requests in notes litigation (2.0); | 2.30 | $695.00 | $1,598.50 |
| 5/8/2021 | RJF | BL | Review and revise motion to enforce. | 0.80 | $1,395.00 | $1,116.00 |
| 5/8/2021 | JAM | BL | Review/revise document requests, interrogatories, | 1.30 | $1,245.00 | $1,618.50 |
| 5/8/2021 | HRW | BL | Draft discovery demands for notes litigation (3.5); | 4.70 | $695.00 | $3,266.50 |
| 5/9/2021 | HRW | BL | Review discovery requests to Debtor in notes | 3.50 | $695.00 | $2,432.50 |
| 5/10/2021 | RJF | BL | Begin work on motion to dismiss. | 1.00 | $1,395.00 | $1,395.00 |
| 5/10/2021 | JAM | BL | E-mail to J. Rudd, L. Drawhorn re: discovery in | 0.40 | $1,245.00 | $498.00 |
| 5/10/2021 | HRW | BL | Draft and review discovery search criteria for NPA | 5.00 | $695.00 | $3,475.00 |
| 5/11/2021 | JAM | BL | E-mails with B. Assink re: discovery on Dondero | 1.10 | $1,245.00 | $1,369.50 |
| 5/11/2021 | LSC | BL | Assist with preparation of responses and objections | 0.60 | $460.00 | $276.00 |
| 5/11/2021 | GVD | BL | Conference with counsel to Hunter Mountain re note | 0.30 | $950.00 | $285.00 |
| 5/11/2021 | HRW | BL | Draft search terms for document production for NPA | 1.90 | $695.00 | $1,320.50 |
| 5/12/2021 | HRW | BL | Gather documents responsive to NPA discovery | 0.40 | $695.00 | $278.00 |
| 5/13/2021 | HRW | BL | Draft responses and objections to Dondero discovery in demand note litigation (2.0). | 2.00 | $695.00 | $1,390.00 |
| 5/14/2021 | JAM | BL | Meet and confer call with M Aigen re: Rule 30(b)(6) topics and depositions (0.3); e-mails with M. Aigen, Bonds Ellis, J. Pomerantz re: discovery (0.2); review/revise draft responses and objections to Dondero's discovery requests (notes litigation) (1.1). | 1.60 | $1,245.00 | $1,992.00 |
| 5/14/2021 | HRW | BL | Draft responses and objections to Dondero discovery | 2.50 | $695.00 | $1,737.50 |
| 5/16/2021 | JAM | BL | Draft objection to Dondero's motion to compel (4.2); e-mails with H. Winograd re: draft objection to Dondero's motion to compel (0.1). | 4.30 | $1,245.00 | $5,353.50 |
| 5/17/2021 | JAM | BL | Review/revise objection to Dondero motion to compel (2.0); e-mails with J. Pomerantz, G. Demo, H. Winograd, Z. Annable re: draft objection to Dondero motion to compel (0.2); draft JAM declaration in support of Debtor's objection to Dondero motion to compel (0.7); e-mails with G. Demo, H. Winograd, L. Canty, Z. Annable re: exhibits to JAM declaration (0.2). | 3.10 | $1,245.00 | $3,859.50 |
| 5/17/2021 | LSC | BL | Conduct research in connection with motion to withdraw the reference for G. Demo. | 0.60 | $460.00 | $276.00 |
| 5/17/2021 | LSC | BL | Assist with preparation of exhibits in connection with Debtor's Objection to Motion to Compel Deposition Testimony of James P. Seery, Jr. | 0.40 | $460.00 | $184.00 |

| DATE | TKPR | TASK | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|------|-------------|-------|------|--------|
| 5/17/2021 | GVD | BL | Review response to motion to compel | 0.30 | $950.00 | $285.00 |
| 5/17/2021 | GVD | BL | Review correspondence re Reid Collins engagement | 0.20 | $950.00 | $190.00 |
| 5/17/2021 | GVD | BL | Prepare for argument on motions to withdraw the reference | 0.80 | $950.00 | $760.00 |
| 5/17/2021 | HRW | BL | Oversee discovery searches and production for NPA notes litigation (0.3); Review opposition to Dondero motion to compel in notes litigation (0.2). | 0.50 | $695.00 | $347.50 |
| 5/18/2021 | JNP | BL | Review motion to withdraw the reference in | 0.40 | $1,295.00 | $518.00 |
| 5/18/2021 | JNP | BL | Review reply regarding motion to withdraw | 0.10 | $1,295.00 | $129.50 |
| 5/18/2021 | JMF | BL | Review response re discovery motion to compel testimony re demand notes. | 0.30 | $1,050.00 | $315.00 |
| 5/18/2021 | GVD | BL | Prepare for argument re motion to withdraw the | 4.90 | $950.00 | $4,655.00 |
| 5/18/2021 | HRW | BL | Gather general discovery in notes litigations (0.5); | 1.20 | $695.00 | $834.00 |
| 5/19/2021 | IDK | BL | Attend conference call with J Pomerantz, others on | 1.20 | $1,325.00 | $1,590.00 |
| 5/19/2021 | JNP | BL | Participate on zoom hearing prep for motions to withdraw the reference with Gregory V. Demo, John | 1.20 | $1,295.00 | $1,554.00 |
| 5/19/2021 | JAM | BL | Review documents and e-mails to H. Winograd, L. | 1.30 | $1,245.00 | $1,618.50 |
| 5/19/2021 | LSC | BL | Review documents and prepare supplemental | 12.90 | $460.00 | $5,934.00 |
| 5/19/2021 | GVD | BL | Attend conference with PSZJ working team re | 1.20 | $950.00 | $1,140.00 |
| 5/19/2021 | GVD | BL | Prepare for argument on motion to withdraw the | 3.10 | $950.00 | $2,945.00 |
| 5/19/2021 | HRW | BL | Send amended discovery R&Os to opposing counsel | 0.50 | $695.00 | $347.50 |
| 5/19/2021 | HRW | BL | Prepare and review document production to | 2.20 | $695.00 | $1,529.00 |
| 5/20/2021 | JNP | BL | Participate in hearing on motion to compel J. Seery testimony. | 1.10 | $1,295.00 | $1,424.50 |
| 5/20/2021 | JNP | BL | Emails to and from J. Seery and Gregory V. Demo regarding Latham communications with DSI. | 0.10 | $1,295.00 | $129.50 |
| 5/20/2021 | JNP | BL | Emails to and from John A. Morris regarding U. S. Trustee inquiry. | 0.10 | $1,295.00 | $129.50 |
| 5/20/2021 | JAM | BL | Preparing for hearing on Dondero's motion to compel (0.3); court conference on Dondero's motion to compel (1.1). | 1.40 | $1,245.00 | $1,743.00 |
| 5/20/2021 | GVD | BL | Attend hearing re motion to compel | 1.10 | $950.00 | $1,045.00 |
| 5/20/2021 | JE | BL | Work on reply brief (11.0); review motion to amend | 13.10 | $1,195.00 | $15,654.50 |
| 5/21/2021 | JMF | BL | Review replies re contempt and reference | 0.40 | $1,050.00 | $420.00 |
| 5/21/2021 | JAM | BL | Finalize responses and objections to Dondero's | 0.20 | $1,245.00 | $249.00 |
| 5/21/2021 | GVD | BL | Prepare witness and exhibit list re notes litigation | 0.60 | $950.00 | $570.00 |
| 5/22/2021 | JNP | BL | Review motion to compel testimony of former | 0.20 | $1,295.00 | $259.00 |
| 5/22/2021 | GVD | BL | Conference with J. Morris, J. Seery, and HCMLP | 1.10 | $950.00 | $1,045.00 |
| 5/22/2021 | GVD | BL | Review motions for leave to amend | 0.20 | $950.00 | $190.00 |
| 5/22/2021 | HRW | BL | Review HCMFA motion to amend answer (0.5). | 0.50 | $695.00 | $347.50 |
| 5/23/2021 | JNP | BL | Emails to and from D. Rukavina regarding Sauter | 0.20 | $1,295.00 | $259.00 |
| 5/23/2021 | JAM | BL | Prepare Subpoena for DC Sauter (notes litigation) | 4.70 | $1,245.00 | $5,851.50 |
| 5/23/2021 | LSC | BL | Preparation of amended exhibit lists (3) and exhibits | 5.60 | $460.00 | $2,576.00 |
| 5/23/2021 | GVD | BL | Conference with J. Morris re motion to withdraw | 0.10 | $950.00 | $95.00 |
| 5/23/2021 | GVD | BL | Conference with J. Seery and J. Morris re depo prep | 1.20 | $950.00 | $1,140.00 |

| DATE | TKPR | TASK | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|------|-------------|-------|------|--------|
| 5/23/2021 | GVD | BL | Conference with J. Morris re evidentiary issues for | 1.10 | $950.00 | $1,045.00 |
| 5/23/2021 | GVD | BL | Prepare for hearing on motion to withdraw the | 2.90 | $950.00 | $2,755.00 |
| 5/24/2021 | IDK | BL | Attend conference call re notes collection issues (.3). | 0.30 | $1,325.00 | $397.50 |
| 5/24/2021 | JNP | BL | Review and comment on Gregory V. Demo outline | 0.50 | $1,295.00 | $647.50 |
| 5/24/2021 | JNP | BL | Conference with Gregory V. Demo, Ira D. Kharasch | 0.60 | $1,295.00 | $777.00 |
| 5/24/2021 | JNP | BL | Conference with PSZJ team regarding update on notes litigation. | 0.30 | $1,295.00 | $388.50 |
| 5/24/2021 | JNP | BL | Conference with John A. Morris regarding proposal | 0.10 | $1,295.00 | $129.50 |
| 5/24/2021 | RJF | BL | Internal call regarding notes litigation. | 0.30 | $1,395.00 | $418.50 |
| 5/24/2021 | JMF | BL | Review litigation summary (.3); status call re same | 0.60 | $1,050.00 | $630.00 |
| 5/24/2021 | JMF | BL | Status call re  issues in notes payable litigation. | 0.30 | $1,050.00 | $315.00 |
| 5/24/2021 | JMF | BL | Review motion to amend answer re notes litigation. | 0.30 | $1,050.00 | $315.00 |
| 5/24/2021 | JAM | BL | Tel c. w/ J. Dubel re: motions to amend and | 7.00 | $1,245.00 | $8,715.00 |
| 5/24/2021 | GVD | BL | Prepare for hearing on motion to withdraw the reference | 5.80 | $950.00 | $5,510.00 |
| 5/24/2021 | GVD | BL | Attend deposition of J. Seery re Dondero note litigation | 2.60 | $950.00 | $2,470.00 |
| 5/24/2021 | GVD | BL | Conference with J. Seery and J. Morris re follow up to Seery deposition | 0.30 | $950.00 | $285.00 |
| 5/24/2021 | GVD | BL | Conference with PSZJ re status of note litigation and motion to withdraw the reference | 0.60 | $950.00 | $570.00 |
| 5/24/2021 | GVD | BL | Attend PSZJ status conference on notes litigation | 0.30 | $950.00 | $285.00 |
| 5/25/2021 | JNP | BL | Participate on hearing regarding motions to | 2.80 | $1,295.00 | $3,626.00 |
| 5/25/2021 | JNP | BL | Conference with J. Seery and John A. Morris after | 0.40 | $1,295.00 | $518.00 |
| 5/25/2021 | JNP | BL | Emails regarding answer date and response. | 0.10 | $1,295.00 | $129.50 |
| 5/25/2021 | JAM | BL | Prepare Notice of Service of Subpoena (NexBank) | 1.00 | $1,245.00 | $1,245.00 |
| 5/25/2021 | JAM | BL | Tel c. w/ G. Demo re: withdrawal of the reference | 4.80 | $1,245.00 | $5,976.00 |
| 5/25/2021 | LSC | BL | Prepare for and assist at hearing on motions to stay | 2.30 | $460.00 | $1,058.00 |
| 5/25/2021 | LSC | BL | Preparation of supplemental production to Dondero. | 2.00 | $460.00 | $920.00 |
| 5/25/2021 | GVD | BL | Prepare for evidentiary hearing on motion to withdraw reference | 3.80 | $950.00 | $3,610.00 |
| 5/25/2021 | GVD | BL | Attend hearing on motions to withdraw the reference | 2.10 | $950.00 | $1,995.00 |
| 5/25/2021 | GVD | BL | Conference with team re follow up to hearing on motion to withdraw the reference | 0.50 | $950.00 | $475.00 |
| 5/25/2021 | GVD | BL | Conference with J. Morris on evidentiary hearing on motion to withdraw | 0.30 | $950.00 | $285.00 |
| 5/25/2021 | GVD | BL | Conference with J. Romey re status of note litigation | 0.20 | $950.00 | $190.00 |
| 5/26/2021 | JAM | BL | Tel c. w/ D. Rukavina re: discovery concerning | 7.20 | $1,245.00 | $8,964.00 |
| 5/26/2021 | LSC | BL | Preparation of exhibits and materials in connection | 3.20 | $460.00 | $1,472.00 |
| 5/26/2021 | HRW | BL | Review production for NPA discovery requests in notes litigation (0.3) | 0.30 | $695.00 | $208.50 |
| 5/27/2021 | JNP | BL | Conference with John A. Morris regarding Dondero amended answer and discovery issues. | 0.20 | $1,295.00 | $259.00 |
| 5/27/2021 | JAM | BL | Review/revise written responses to Advisor's | 2.70 | $1,245.00 | $3,361.50 |
| 5/28/2021 | JNP | BL | Conference with John A. Morris regarding Dondero | 0.10 | $1,295.00 | $129.50 |
| 5/28/2021 | JAM | BL | Prepare for Dondero deposition (3.5); Dondero | 8.80 | $1,245.00 | $10,956.00 |

| DATE | TKPR | TASK | DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|---|---|---|
| 5/28/2021 | LSC | BL | Preparation for and assist at deposition of Jim | 5.50 | $460.00 | $2,530.00 |
| 5/28/2021 | GVD | BL | Revise and circulate response to resignation letter | 0.20 | $950.00 | $190.00 |
| 5/28/2021 | GVD | BL | Attend Dondero Deposition (partial) | 1.60 | $950.00 | $1,520.00 |
| 5/28/2021 | HRW | BL | Prepare responses and objections to HCMFA | 0.40 | $695.00 | $278.00 |
| 5/28/2021 | HRW | BL | Deposition of Dondero in connection with notes | 3.50 | $695.00 | $2,432.50 |
| 5/28/2021 | HRW | BL | Review production for NPA discovery requests in | 0.30 | $695.00 | $208.50 |
| 5/29/2021 | JAM | BL | E-mails to Counsel re: Zoom instructions for | 0.60 | $1,245.00 | $747.00 |
| 5/29/2021 | JAM | BL | Review HCMFA's second request for discovery | 4.40 | $1,245.00 | $5,478.00 |
| 5/29/2021 | HRW | BL | Draft opposition to HCRE and HCMS motions for leave to amend answer in notes litigation (2.0) | 2.00 | $695.00 | $1,390.00 |
| 5/29/2021 | HRW | BL | Call with J. Morris re: opposition to HCRE and HCMS motions for leave to amend answer in notes litigation (0.3) | 0.30 | $695.00 | $208.50 |
| 5/30/2021 | JAM | BL | Review documents (1.9); tel c. w/ G. Demo re: document review/facts (1.1); e-mails w/ G. Demo re: facts (0.3); tel c. w/ G. Demo re: document review/facts (0.6); prepare for depositions (0.8) | 4.70 | $1,245.00 | $5,851.50 |
| 5/30/2021 | GVD | BL | Conference with J. Morris re deposition preparation | 0.60 | $950.00 | $570.00 |
| 5/30/2021 | HRW | BL | Draft opposition to HCRE and HCMS motions for leave to amend answer in notes litigation (3.5) | 3.50 | $695.00 | $2,432.50 |
| 5/31/2021 | JAM | BL | Analyze G. Scott prior deposition transcript (2.4); analysis of use of Scott transcript, and e-mail to J. Pomerantz, G. Demo, H. Winograd concerning the same (0.6); prepare for Dondero and Scott depositions (6.4); e-mails w/ L. Canty re: deposition exhibits (0.2); tel c. w/ G. Demo, C. Wilkins re: potential conflicts (0.2) | 9.80 | $1,245.00 | $12,201.00 |
| 5/31/2021 | JAM | BL | Review/revise discovery requests for HCRE (notes litigation (0.4); e-mail to L. Drawhorn, G. Demo, H. Winograd, J. Rudd re: discovery requests for HCRE (notes litigation) (0.1); tel c. w/ H. Winograd re: status of brief for opposition to motion to amend (0.2) | 0.70 | $1,245.00 | $871.50 |
| 5/31/2021 | HRW | BL | Draft opposition to HCRE and HCMS motions for leave to amend answer in notes litigation (9.5) | 9.50 | $695.00 | $6,602.50 |
| | | | **TOTAL** | | | **$260,971.50** |

# EXHIBIT 8

| DATE | TKPR | TASK | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|------|-------------|-------|------|--------|
| 5/19/2021 | CHM | BL | Review Dondero notes litigation document production and cross check for privilege filter; email production links to H. Winograd and J. Morris. | 4.50 | $750.00 | $3,375.00 |
| 6/1/2021 | JAM | BL | Review/revise objection to HCMS motion for leave to amend answer (2.2); e-mail to J. Pomerantz, G. | 3.00 | $1,245.00 | $3,735.00 |
| 6/1/2021 | LSC | BL | Draft declarations in support of oppositions to HCMS and HCRE motions to amend (1.1); assist with revising and finalizing of oppositions to HCMS and HCRE motions to amend (1.3); revise and finalize exhibits (.5). | 2.90 | $460.00 | $1,334.00 |
| 6/1/2021 | GVD | BL | Review and revise motion for leave to amend HCRE and HCMS answers | 2.00 | $950.00 | $1,900.00 |
| 6/1/2021 | HRW | BL | Draft opposition to HCRE and HCMS motions for leave to amend answer in notes litigation (12.5) | 12.50 | $695.00 | $8,687.50 |
| 6/2/2021 | JMF | BL | Review responses to motions for leave to amend answer. | 0.40 | $1,050.00 | $420.00 |
| 6/2/2021 | GVD | BL | Correspondence with J. Morris re HCRE/HCMS motion for leave to withdraw the reference | 0.40 | $950.00 | $380.00 |
| 6/2/2021 | GVD | BL | Draft demand letter re HCMFA notes and serve same | 0.60 | $950.00 | $570.00 |
| 6/2/2021 | HRW | BL | Review documents produced in Dondero notes litigation (0.1) | 0.10 | $695.00 | $69.50 |
| 6/3/2021 | JAM | BL | E-mail to L. Drawhorn, J. Rudd, J. Pomerantz, G. Demo re: motion to withdraw the reference and related matters (0.3); e-mails w/ M. Aigen, Dondero's other counsel, J. Pomerantz, G. Demo, H. Winograd re: scheduling of expert depositions (0.1); prepare notices of deposition for Nancy Dondero and Dondero's expert witnesses and send to Z. Annable, H. Winograd (0.2); review HCRE/HCMS motions (0.3) | 0.90 | $1,245.00 | $1,120.50 |
| 6/3/2021 | LSC | BL | Review documents, redact, and prepare NexPoint document production (and address numerous issues with). | 8.20 | $460.00 | $3,772.00 |
| 6/3/2021 | GVD | BL | Correspondence with J. Donohue re demand letters on notes | 0.20 | $950.00 | $190.00 |
| 6/3/2021 | GVD | BL | Correspondence with J. Morris re HCRE/HCMS motions for leave to amend | 0.20 | $950.00 | $190.00 |
| 6/3/2021 | GVD | BL | Correspondence with J. Morris and H. Winograd re status of notes litigation | 0.20 | $950.00 | $190.00 |
| 6/3/2021 | HRW | BL | Prepare document production for NexPoint discovery in connection with notes litigation (1.0) | 1.00 | $695.00 | $695.00 |
| 6/3/2021 | HRW | BL | Call with L. Canty re: document production for NexPoint discovery in connection with notes litigation (0.2) | 0.20 | $695.00 | $139.00 |
| 6/3/2021 | HRW | BL | Draft responses and objections to document requests in HCMS notes litigation (1.0) | 1.00 | $695.00 | $695.00 |
| 6/3/2021 | HRW | BL | Prepare search terms for document production in HCMS notes litigation (0.5) | 0.50 | $695.00 | $347.50 |
| 6/4/2021 | LSC | BL | Transmit HCRE document production to additional party. | 0.20 | $460.00 | $92.00 |
| 6/4/2021 | HRW | BL | Draft 30(b)(6) deposition notice directed to HCMS and HCRE (0.6) | 0.60 | $695.00 | $417.00 |
| 6/4/2021 | HRW | BL | Send production for NexPoint discovery demands re: notes litigation to opposing counsel (0.1) | 0.10 | $695.00 | $69.50 |
| 6/6/2021 | HRW | BL | Review HCMFA motion to amend (1.0) | 1.00 | $695.00 | $695.00 |
| 6/7/2021 | JAM | BL | Review/revise Rule 30(b)(6) deposition notice for HCRE (0.1); e-mail to H. Winograd re: Rule 30(b)(6) deposition notice for HCRE (0.1); review/revise Rule 30(b)(6) deposition notice for HCMS (0.1); e-mail to H. Winograd re: Rule 30(b)(6) deposition notice for HCMS (0.1). | 0.40 | $1,245.00 | $498.00 |
| 6/7/2021 | HRW | BL | Communications with DSI re: HCMS discovery (0.2) | 0.20 | $695.00 | $139.00 |
| 6/7/2021 | HRW | BL | Draft R&Os to HCMS discovery (2.6) | 2.60 | $695.00 | $1,807.00 |
| 6/7/2021 | HRW | BL | Draft search terms for HCMS document production (1.0) | 1.00 | $695.00 | $695.00 |

| DATE | TKPR | TASK | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|------|-------------|-------|------|--------|
| 6/7/2021 | HRW | BL | Edit and review 30(b)(6) deposition notice directed to HCMS and HCRE (0.2) | 0.20 | $695.00 | $139.00 |
| 6/8/2021 | HRW | BL | Communications with DSI re: HCMS discovery (0.3) | 0.30 | $695.00 | $208.50 |
| 6/8/2021 | HRW | BL | Draft R&Os to HCMS discovery (1.5) | 1.50 | $695.00 | $1,042.50 |
| 6/8/2021 | HRW | BL | Draft search terms for HCMS document production (1.0) | 1.00 | $695.00 | $695.00 |
| 6/9/2021 | JNP | BL | Review of motion to amend answer. | 0.10 | $1,295.00 | $129.50 |
| 6/9/2021 | JNP | BL | Review motion to modify answer and emails regarding same. | 0.20 | $1,295.00 | $259.00 |
| 6/9/2021 | JMF | BL | Review motion for leave to amend answer. | 0.30 | $1,050.00 | $315.00 |
| 6/9/2021 | JAM | BL | Review/revise R&Os to HCMS's discovery requests | 0.80 | $1,245.00 | $996.00 |
| 6/9/2021 | LSC | BL | Preparation of document production to HCMS, | 5.70 | $460.00 | $2,622.00 |
| 6/9/2021 | HRW | BL | Draft R&Os for HCMS discovery demands (4.3) | 4.30 | $695.00 | $2,988.50 |
| 6/9/2021 | HRW | BL | Communicate with L. Canty re: HCMS document production (0.7) | 0.70 | $695.00 | $486.50 |
| 6/9/2021 | HRW | BL | Organize and review document production for HCMS (1.3) | 1.30 | $695.00 | $903.50 |
| 6/9/2021 | HRW | BL | Send HCMS productions in response to document | 0.20 | $695.00 | $139.00 |
| 6/9/2021 | HRW | BL | Communicate with client re: R&OS to HCMS discovery and verification (0.2) | 0.20 | $695.00 | $139.00 |
| 6/10/2021 | IDK | BL | Office conference with J Morris re upcoming | 0.30 | $1,325.00 | $397.50 |
| 6/10/2021 | JNP | BL | Participation in hearing on motion to amend answer. | 1.50 | $1,295.00 | $1,942.50 |
| 6/10/2021 | JAM | BL | Prepare for hearing on HCRE and HCMS motion for leave to amend (2.3); court hearing on HCRE and HCMS motion for leave to amend (0.8); telephone | 3.30 | $1,245.00 | $4,108.50 |
| 6/10/2021 | LSC | BL | Research in connection with subpoena and correspondence with H. Winograd regarding the same. | 0.90 | $460.00 | $414.00 |
| 6/10/2021 | LSC | BL | Prepare for and assist at hearing on motion to amend. | 3.00 | $460.00 | $1,380.00 |
| 6/10/2021 | GVD | BL | Attend hearing on motion to amend notes | 2.50 | $950.00 | $2,375.00 |
| 6/10/2021 | HRW | BL | Call with J. Morris re: PwC subpoenas (0.1) | 0.10 | $695.00 | $69.50 |
| 6/10/2021 | HRW | BL | Call with G. Demo re: HCMFA motion to amend (0.1) | 0.10 | $695.00 | $69.50 |
| 6/10/2021 | HRW | BL | Review HCMFA motion to amend (1.2) | 1.20 | $695.00 | $834.00 |
| 6/10/2021 | HRW | BL | Draft opposition to HMCFA motion to amend (0.6) | 0.60 | $695.00 | $417.00 |
| 6/10/2021 | HRW | BL | Draft document and deposition subpoenas for PwC (2.6) | 2.60 | $695.00 | $1,807.00 |
| 6/10/2021 | HRW | BL | Call with L. Canty re: PwC subpoenas (0.1) | 0.10 | $695.00 | $69.50 |
| 6/10/2021 | HRW | BL | Hearing on HCRE/HCMS motion to amend answer (1.0) | 1.00 | $695.00 | $695.00 |
| 6/11/2021 | JNP | BL | Review emails regarding consolidation of notes litigation. | 0.10 | $1,295.00 | $129.50 |
| 6/11/2021 | JNP | BL | Review of response to motion to quash. | 0.10 | $1,295.00 | $129.50 |
| 6/11/2021 | JNP | BL | Conference with J. Seery, Robert J. Feinstein and Gregory V. Demo regarding status of Sentinel matters and next steps. | 0.50 | $1,295.00 | $647.50 |
| 6/11/2021 | GVD | BL | Conference with J. Morris and H. Winograd re status of HCMFA amended answer | 0.50 | $950.00 | $475.00 |
| 6/11/2021 | GVD | BL | Correspondence with D. Rukavina re amendments to notes litigation | 0.20 | $950.00 | $190.00 |

| DATE | TKPR | TASK | DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|---|---|---|
| 6/11/2021 | HRW | BL | Draft subpoenas and ancillary documents for PwC in connection with HCMS notes litigation (1.6) | 1.60 | $695.00 | $1,112.00 |
| 6/11/2021 | HRW | BL | Send PwC subpoena to representative of PwC for HCMS notes litigation (0.2) | 0.20 | $695.00 | $139.00 |
| 6/11/2021 | HRW | BL | Communicate with local counsel and J. Morris re: subpoenas for PwC for HCMS notes litigation (0.6) | 0.60 | $695.00 | $417.00 |
| 6/11/2021 | HRW | BL | Meeting with client for notarization of ROG verification in connection with HCMS R&Os in notes litigation (0.1) | 0.10 | $695.00 | $69.50 |
| 6/11/2021 | HRW | BL | Communications with client and notary for ROG verification in connection with HCMS R&Os in notes litigation (0.1) | 0.10 | $695.00 | $69.50 |
| 6/11/2021 | HRW | BL | Send opposing counsel ROG verification for HCMS R&Os in notes litigation (0.1) | 0.10 | $695.00 | $69.50 |
| 6/11/2021 | HRW | BL | Call with J. Morris and G. Demo re: HCMFA motion to amend answer in notes litigation (0.5) | 0.50 | $695.00 | $347.50 |
| 6/11/2021 | HRW | BL | Draft 30(b)(6) deposition notices for HCMFA and NPA for notes litigations (0.4) | 0.40 | $695.00 | $278.00 |
| 6/14/2021 | JAM | BL | E-mails w/ D. Rukavina re: discovery in the notes litigation against the Advisors (0.3). | 0.30 | $1,245.00 | $373.50 |
| 6/16/2021 | JAM | BL | Draft e-mail to counsel for defendants in notes litigation re: discovery, proposed amendments (0.8). | 0.80 | $1,245.00 | $996.00 |
| 6/16/2021 | JAM | BL | Review/revise e-mail to counsel for defendants in | 0.40 | $1,245.00 | $498.00 |
| 6/17/2021 | HRW | BL | Draft search terms for HCMFA production in notes | 1.50 | $695.00 | $1,042.50 |
| 6/18/2021 | JAM | BL | Review PwC Subpoena from Dondero (0.1); tel c. w/ J. Seery re: PwC subpoena from Dondero (0.1); e-mails w/ M. Aigen, J. Pomerantz re: PwC subpoena and financial statements (0.1). | 0.30 | $1,245.00 | $373.50 |
| 6/21/2021 | JNP | BL | Email to and from Gregory V. Demo regarding concerns with note defendant disposing of assets. | 0.10 | $1,295.00 | $129.50 |
| 6/21/2021 | JAM | BL | Communications w/ M. Aigen, counsel for all defendants, J. Pomerantz, G. Demo, H. Winograd re: discovery and schedule for notes litigations (0.3). | 0.30 | $1,245.00 | $373.50 |
| 6/21/2021 | HRW | BL | Communicate with DSI re: HCMFA discovery in notes litigation (0.2); Review HCMFA motion to amend answer (0.2); Draft search terms for HCMFA discovery in notes litigation (0.3). | 0.70 | $695.00 | $486.50 |
| 6/22/2021 | JAM | BL | Analyze status of notes litigations and prepare | 0.70 | $1,245.00 | $871.50 |
| 6/23/2021 | JAM | BL | Tel c. w/ H. Winograd re: amending the complaint to | 0.20 | $1,245.00 | $249.00 |
| 6/23/2021 | HRW | BL | Communicate with R. Half re: privilege review in | 0.30 | $695.00 | $208.50 |
| 6/24/2021 | JAM | BL | Tel c. w/ counsel to PwC re: subpoena (0.1); tel c. w/ H. Winograd re: amended complaint (0.1). | 0.20 | $1,245.00 | $249.00 |
| 6/24/2021 | HRW | BL | Hearing on HCMFA motion to amend (0.3); Review | 8.40 | $695.00 | $5,838.00 |
| 6/25/2021 | IDK | BL | E-mails with G Demo re issues on Dondero conversion of HCMFA to holding company and impact on note litigation, and related background to same, including memo from Wilmer Hale on same. | 0.40 | $1,325.00 | $530.00 |
| 6/25/2021 | JAM | BL | Tel c. w/ H. Winograd re: amended complaints for notes litigation (0.3). | 0.30 | $1,245.00 | $373.50 |
| 6/25/2021 | GVD | BL | Correspondence with J. Morris and H. Winograd re preparation for amendment to the notes litigation | 0.30 | $950.00 | $285.00 |

| DATE | TKPR | TASK | DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|---|---|---|
| 6/25/2021 | HRW | BL | Draft amended complaint for notes litigation (3.8); Call with J. Morris re: amended complaints for notes litigation (0.2); Research re: additional claims in notes litigation (2.0); Review HCMFA discovery and production (0.2); Send counsel for HCMFA first production (0.1); Review outstanding litigation critical dates (0.4). | 6.70 | $695.00 | $4,656.50 |
| 6/27/2021 | JAM | BL | Review/revise draft Amended Complaint against Dondero (1.2); e-mails w/ H. Winograd, G. Demo re: revised Amended Complaint against Dondero (0.3). | 1.50 | $1,245.00 | $1,867.50 |
| 6/27/2021 | HRW | BL | Draft amended complaint for notes litigation (6.5); Research re: additional claims for amended claim in notes litigation (1.0). | 7.50 | $695.00 | $5,212.50 |
| 6/28/2021 | JNP | BL | Review amended complaint. | 0.20 | $1,295.00 | $259.00 |
| 6/28/2021 | JNP | BL | Conference with John A. Morris regarding amended complaint. | 0.20 | $1,295.00 | $259.00 |
| 6/28/2021 | JNP | BL | Email to and from Ira D. Kharasch and J. Elkin regarding research regarding withdrawal of the | 0.20 | $1,295.00 | $259.00 |
| 6/28/2021 | JAM | BL | Review/revise draft amended complaint against | 1.60 | $1,245.00 | $1,992.00 |
| 6/28/2021 | HRW | BL | Draft amended complaint for notes litigation (1.6); | 3.80 | $695.00 | $2,641.00 |
| 6/29/2021 | JNP | BL | Review opposition to motion to withdraw reference. | 0.30 | $1,295.00 | $388.50 |
| 6/29/2021 | GVD | BL | Correspondence with PSZJ working group re notes litigation | 0.20 | $950.00 | $190.00 |
| 6/29/2021 | GVD | BL | Review amended notes complaint | 0.90 | $950.00 | $855.00 |
| 6/29/2021 | HRW | BL | Research re: amended complaint for notes litigations (1.2); Review amended complaint re: notes litigations (0.5); Draft R&Os for HCRE discovery requests in notes litigation (1.4). | 3.10 | $695.00 | $2,154.50 |
| 6/30/2021 | JAM | BL | E-mails w/ G. Demo, H. Winograd re: potential | 1.60 | $1,245.00 | $1,992.00 |
| 6/30/2021 | GVD | BL | Correspondence with PSZJ team re revisions to | 0.20 | $950.00 | $190.00 |
| 6/30/2021 | HRW | BL | Draft and review R&Os to HCRE discovery in notes litigation (0.7); Draft search terms for HCRE production in notes litigation (1.2); Call with L. Canty re: HCRE production in notes litigation (0.1); Review and gather HCRE production in notes litigation (0.8); Send HCRE production and R&Os to opposing counsel (0.1); Edit amended complaint re: notes litigation (0.6); Research re: fraudulent transfer and fiduciary claims for amended complaint in notes litigation (1.6). | 5.10 | $695.00 | $3,544.50 |
| | | | **TOTAL** | | | **$101,276.50** |

# EXHIBIT 9

| DATE | TKPR | TASK | DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|---|---|---|
| 7/1/2021 | JAM | BL | Further revisions to draft Amended Complaint (0.4); e-mails w/ G. Demo, H. Winograd, J. Pomerantz re: revisions to draft Amended Complaint (0.2). | 0.60 | $1,245.00 | $747.00 |
| 7/1/2021 | GVD | BL | Review revisions to letter re conflicts of interest | 0.40 | $950.00 | $380.00 |
| 7/1/2021 | GVD | BL | Review amended complaint re notes litigation and correspondence re same | 0.30 | $950.00 | $285.00 |
| 7/1/2021 | HRW | BL | Edit and review amended complaint for notes litigation (0.6); Assist client re: verification for HCRE interrogatories in notes litigation (0.1); Review supplemental production for HCMFA and NPA notes litigations (0.1); Send verification for HCRE interrogatories to opposing counsel in notes litigation (0.1). | 0.90 | $695.00 | $625.50 |
| 7/2/2021 | HRW | BL | Review supplemental production for HCMFA and NPA notes litigations (0.2); Send supplemental production for HCMFA and NPA notes litigations to opposing counsel (0.1). | 0.30 | $695.00 | $208.50 |
| 7/3/2021 | GVD | BL | Correspondence with J. Elkin re fraudulent conveyance actions in notes litigation | 0.20 | $950.00 | $190.00 |
| 7/3/2021 | JE | BL | Review additional transcripts and pleadings on fraudulent transfers; correspondence with Mr. Morris and Mr. Demo. | 5.30 | $1,195.00 | $6,333.50 |
| 7/4/2021 | JE | BL | Prepare memo on implications of amending Note Suit Complaints to add fraudulent transfer cause of action. | 10.00 | $1,195.00 | $11,950.00 |
| 7/6/2021 | JAM | BL | E-mail to M. Aigen, other defense counsel on notes litigation, concerning proposed Amended Complaint and scheduling matters (0.3); review written responses and document production from HCRE in notes litigation (0.3). | 0.60 | $1,245.00 | $747.00 |
| 7/7/2021 | JNP | BL | Review Bankruptcy Court report and | 0.10 | $1,295.00 | $129.50 |
| 7/7/2021 | JMF | BL | Review report and recommendations re notes | 0.60 | $1,050.00 | $630.00 |
| 7/7/2021 | JAM | BL | E-mails w/ D. Rukavina re: proposed amended | 0.20 | $1,245.00 | $249.00 |
| 7/8/2021 | JNP | BL | Participate in hearing on motion to amend and motion to stay notes actions. | 0.20 | $1,295.00 | $259.00 |
| 7/8/2021 | JNP | BL | Conference with J. Dubel regarding hearing on notes litigation. | 0.20 | $1,295.00 | $259.00 |
| 7/8/2021 | JAM | BL | Court hearing on HCRE/HCMS motions to withdraw the reference and related matters (0.8); tel c. w/ J. Pomerantz re: court hearing (0.1). | 0.90 | $1,245.00 | $1,120.50 |
| 7/8/2021 | JE | BL | Review certain documents relating to note suits (.5); call with Mr. Pomerantz, Mr. Morris and Mr. Demo regarding reference issues, preference issues and jury trials (.4). | 0.90 | $1,195.00 | $1,075.50 |
| 7/8/2021 | HRW | BL | Send production to counsel for HCRE (0.1). | 0.10 | $695.00 | $69.50 |
| 7/9/2021 | JAM | BL | Review M. Aigen e-mail re: notes litigation and | 0.10 | $1,245.00 | $124.50 |
| 7/11/2021 | JAM | BL | Work on Amended Complaints in notes litigation (2.2); e-mails w/ D. Rukavina re: NexPoint amended | 2.30 | $1,245.00 | $2,863.50 |
| 7/12/2021 | JAM | BL | Analysis of status of each of the Notes Litigations. | 1.20 | $1,245.00 | $1,494.00 |
| 7/13/2021 | JNP | BL | Conference with John A. Morris regarding notes litigation and defenses. | 0.20 | $1,295.00 | $259.00 |
| 7/13/2021 | JAM | BL | E-mail to D. Rukavina re: NexPoint amended | 5.50 | $1,245.00 | $6,847.50 |
| 7/15/2021 | JNP | BL | Review and execute pro hac vice applications for District Court note litigation. | 0.10 | $1,295.00 | $129.50 |
| 7/19/2021 | JMF | BL | Review report and recommendations re notes | 1.10 | $1,050.00 | $1,155.00 |
| 7/19/2021 | JAM | BL | E-mails w/ D. Rukavina re: NexPoint's amended | 0.30 | $1,245.00 | $373.50 |

| DATE | TKPR | TASK | DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|---|---|---|
| 7/20/2021 | JAM | BL | E-mails w/ J. Wander, L. Drawhorn re: PwC subpoena (0.2); e-mails w/ J. Vasek, D. Rukavina, J. Pomerantz re: HCMFA motion for protective order | 0.40 | $1,245.00 | $498.00 |
| 7/21/2021 | JNP | BL | Review brief regarding report and recommendation on withdrawal of reference and emails regarding same. | 0.10 | $1,295.00 | $129.50 |
| 7/21/2021 | JAM | BL | E-mail to J. Vasek, D. Rukavina, J. Pomerantz, H. Wingrad re: motion for protective order (0.3); e-mails w/ M. Aigen re: scheduling stipulation (0.1); e-mails w/ L. Drawhorn, J. Wander re: PwC subpoena (0.2); e-mail to D. Rukavina re: PwC subpoena (0.2). | 0.80 | $1,245.00 | $996.00 |
| 7/23/2021 | IDK | BL | E-mails with local counsel, J. Pomerantz re issues on | 0.80 | $1,325.00 | $1,060.00 |
| 7/23/2021 | JNP | BL | Review and respond to email regarding stipulation to | 0.10 | $1,295.00 | $129.50 |
| 7/23/2021 | JAM | BL | E-mails w/ J. Wander, L. Drawhorn, D. Rukavina re: | 1.40 | $1,245.00 | $1,743.00 |
| 7/24/2021 | IDK | BL | E-mails and telephone conference with J. Pomerantz | 0.90 | $1,325.00 | $1,192.50 |
| 7/26/2021 | IDK | BL | Review and consider J Kim draft motion to strike Dondero objection to report and rec, as well as his summary of caselaw (.5); E-mail J Pomerantz re timing on same (.1); E-mails with attorneys re problems on filing motion to strike same and issues on procedure re District Court for same (.3). | 0.90 | $1,325.00 | $1,192.50 |
| 7/26/2021 | IDK | BL | E-mail local counsel re District Court order adopting R&R of Judge Jurnigan re HCM Services and review of same. | 0.20 | $1,325.00 | $265.00 |
| 7/26/2021 | JNP | BL | Review and respond to email regarding motion to | 0.10 | $1,295.00 | $129.50 |
| 7/26/2021 | RJF | BL | Review draft motion to strike objection to reference | 0.40 | $1,395.00 | $558.00 |
| 7/26/2021 | JAM | BL | Review/analyze HCMLP's audited financials from | 2.00 | $1,245.00 | $2,490.00 |
| 7/27/2021 | IDK | BL | E-mails with J Kim re decision to file response to Dondero objection to R&R vs motion to strike. | 0.20 | $1,325.00 | $265.00 |
| 7/27/2021 | JAM | BL | E-mails w/ J. Seery, L. Canty, M. Aigen re: audited financial statements (0.3). | 0.30 | $1,245.00 | $373.50 |
| 7/29/2021 | JMF | BL | Review notes adversary proceedings district and bankruptcy dockets and draft memorandum re pending issues and status re same. | 2.10 | $1,050.00 | $2,205.00 |
| 7/29/2021 | JAM | BL | Review audited financial statements and prepare for PwC deposition (1.1); e-mails w/ M. Aigen, L. Canty re: PwC financial statements (0.2); e-mails w/ L. Drawhorn, J. Seery re: Wick Phillips proposed withdrawal from notes litigation (0.1). | 1.40 | $1,245.00 | $1,743.00 |
| 7/29/2021 | HRW | BL | Send production to opposing counsel for notes litigation (0.1). | 0.10 | $695.00 | $69.50 |
| 7/29/2021 | HRW | BL | Review objections to R&Rs issued in notes litigations (0.5). | 0.50 | $695.00 | $347.50 |
| 7/29/2021 | HRW | BL | Review and edit chart of District Court proceedings for notes litigations (0.6). | 0.60 | $695.00 | $417.00 |
| 7/30/2021 | JNP | BL | Email to and from Jonathan J. Kim regarding status of reports and recommendations in connection with motion to withdraw reference. | 0.20 | $1,295.00 | $259.00 |
| 7/30/2021 | JAM | BL | E-mail to L. Lambert, M. Clemente, J. Pomerantz re: Advisors' motion for protective order (0.2); prepare for PwC deposition (4.3); PwC deposition (2.0). | 6.50 | $1,245.00 | $8,092.50 |
| 7/30/2021 | HRW | BL | Review pleadings in District Court notes litigations (1.0). | 1.00 | $695.00 | $695.00 |
| 7/30/2021 | HRW | BL | Review deadlines for District Court notes litigations (0.5). | 0.50 | $695.00 | $347.50 |
| 7/30/2021 | HRW | BL | Deposition of Peet Burger for notes litigations (2.0). | 2.00 | $695.00 | $1,390.00 |
| | | | **TOTAL** | | | **$65,093.00** |

# EXHIBIT 10

| DATE | TKPR | TASK | DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|---|---|---|
| 4/15/2021 | JAM | BL | Review/revise Rule 26 disclosures for Dondero notes litigation (0.8); e-mails with H. Winograd, Z. Annable re: Rule 26 disclosures for Dondero notes litigation (0.2);  telephone conference with B. Assink re: Dondero's withdrawal of the reference in notes litigation and related matters (0.1); review Dondero motion to withdraw the reference and stay the notes litigation (0.3). | 0.50 | $1,245.00 | $622.50 |
| 4/23/2021 | JAM | BL | telephone conference with B. Sharp re: e-discovery (0.1); | 0.10 | $1,245.00 | $124.50 |
| 5/25/2021 | CHM | BL | Email K. Kim re document production. | 0.10 | $750.00 | $75.00 |
| 5/25/2021 | CHM | BL | Exchange multiple emails with IDS re document | 0.40 | $750.00 | $300.00 |
| 5/25/2021 | CHM | BL | Emails with J. Morris and B. Sharp re document production. | 0.30 | $750.00 | $225.00 |
| 5/26/2021 | CHM | BL | Prepare Nexpoint document production and check document being produced; email H. Winograd re same. | 3.20 | $750.00 | $2,400.00 |
| 5/26/2021 | CHM | BL | Review email from H. Winograd re RFPs and reply. | 0.10 | $750.00 | $75.00 |
| 5/27/2021 | CHM | BL | Review requests for production and documents being produced and search terms run for completeness. | 4.00 | $750.00 | $3,000.00 |
| 5/27/2021 | CHM | BL | Review search terms and exchange emails with H. Winograd and IDS team re new production searches. | 1.10 | $750.00 | $825.00 |
| 5/28/2021 | CHM | BL | Review email from J. Vaughn and reply. | 0.10 | $750.00 | $75.00 |
| 5/28/2021 | CHM | BL | Run document production and review of documents being produced. | 1.80 | $750.00 | $1,350.00 |
| 6/2/2021 | CHM | BL | Review document production issues and coordinate with IDS team re same. | 0.30 | $750.00 | $225.00 |
| 6/2/2021 | CHM | BL | Email H. Winograd re document production issues. | 0.10 | $750.00 | $75.00 |
| 6/3/2021 | CHM | BL | Review RFPs and coordinate searches with IDS team; review document hits re same. | 3.20 | $750.00 | $2,400.00 |
| 6/7/2021 | CHM | BL | Review email from B. Sharp and reply. | 0.10 | $750.00 | $75.00 |
| 6/7/2021 | CHM | BL | Review RFPs and proposed search terms; email IDS team re same and review results. | 2.50 | $750.00 | $1,875.00 |
| 6/9/2021 | CHM | BL | Correspond with G. Crane and H. Winograd re privilege review and begin preparation of privilege assignments. | 3.00 | $750.00 | $2,250.00 |
| 6/9/2021 | CHM | BL | Review documents for responsiveness and run production. | 3.70 | $750.00 | $2,775.00 |
| 6/9/2021 | CHM | BL | Email IDS team re additional searches. | 0.20 | $750.00 | $150.00 |
| 6/11/2021 | CHM | BL | Review documents flagged by G. Crane and reply re same. | 0.30 | $750.00 | $225.00 |
| 6/11/2021 | JAM | BL | Telephone conference with G. Demo, H. Winograd re: HCMFA and NexPoint motions to amend (0.5); telephone conference with J. Seery re: HCMFA and NexPoint motion to amend (0.1); e-mail to D. Rukavina, J. Vasek, J. Pomerantz, G. Demo, H. Winograd re: proposed amended complaints for HCMFA and NexPoint in notes litigation (0.4); e-mail to D. Rukavina, J. Vasek, J. Pomerantz, G. Demo, H. Winograd re: Rule 30(b)(6) notices in notes litigation (0.2); review/revise subpoena for PwC for HCMFA and NexPoint notes litigation (0.3); communications w/ H. Winograd, Z. Annable re: substance of PwC subpoena and issues concerning service (0.3). | 1.80 | $1,245.00 | $2,241.00 |
| 6/12/2021 | CHM | BL | Review email from J. Morris re G. Crane privilege review and reply. | 0.10 | $750.00 | $75.00 |
| 6/15/2021 | CHM | BL | Review email from G. Crane re privilege review and reply. | 0.10 | $750.00 | $75.00 |
| 6/15/2021 | CHM | BL | Create and update privilege review assignments and email G. Crane re same. | 1.00 | $750.00 | $750.00 |

| DATE | TKPR | TASK | DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|---|---|---|
| 6/15/2021 | CHM | BL | Review discovery and deadline tracker and update; coordinate with H. Winograd re next priority. | 0.50 | $750.00 | $375.00 |
| 6/15/2021 | CHM | BL | Emails with G. Crane re parameters of privilege review and RFPs for responsiveness review. | 0.20 | $750.00 | $150.00 |
| 6/15/2021 | CHM | BL | Review G. Crane privilege tagging re HCMS production; email H. Winograd re same. | 0.80 | $750.00 | $600.00 |
| 6/16/2021 | CHM | BL | Emails with J. Morris, G. Demo and IDS team re additional custodian collection. | 0.20 | $750.00 | $150.00 |
| 6/21/2021 | CHM | BL | Review RFP and proposed search terms and coordinate searches with IDS team. | 0.50 | $750.00 | $375.00 |
| 6/22/2021 | CHM | BL | Exchange emails with IDS team re requested searches. | 0.10 | $750.00 | $75.00 |
| 6/23/2021 | CHM | BL | Review email from H. Winograd re HCMFA document searches and reply. | 0.10 | $750.00 | $75.00 |
| 6/23/2021 | CHM | BL | Review RFP and coordinate additional searches with IDS team. | 0.50 | $750.00 | $375.00 |
| 6/24/2021 | CHM | BL | Review email from G. Crane re coding issues; review database and impacted documents. | 0.60 | $750.00 | $450.00 |
| 6/24/2021 | CHM | BL | Draft email to IDS team re pending documents. | 0.40 | $750.00 | $300.00 |
| 6/24/2021 | CHM | BL | Review documents for responsiveness and run production re first portion of HCMFA documents. | 3.90 | $750.00 | $2,925.00 |
| 6/28/2021 | CHM | BL | Review email from G. Crane re review status and reply. | 0.10 | $750.00 | $75.00 |
| 6/28/2021 | CHM | BL | Review documents for responsiveness and run production re 2nd set of HCMFA requests. | 3.50 | $750.00 | $2,625.00 |
| 7/1/2021 | CHM | BL | Review RFPs, run preliminary searches in existing database and email IDS re HCRE search terms. | 0.60 | $750.00 | $450.00 |
| 7/1/2021 | LSC | BL | Prepare supplemental HCMFA production. | 0.30 | $460.00 | $138.00 |
| 7/1/2021 | LSC | BL | Preparation of NPA supplemental production. | 0.30 | $460.00 | $138.00 |
| 7/2/2021 | CHM | BL | Draft email to IDS team re privilege filter issue. | 0.30 | $750.00 | $225.00 |
| 7/2/2021 | CHM | BL | Review prior productions re privilege filter issues. | 3.30 | $750.00 | $2,475.00 |
| 7/6/2021 | LSC | BL | Research and correspondence regarding privileged documents and supplemental document production. | 0.90 | $460.00 | $414.00 |
| 7/7/2021 | LAF | BL | Legal research re: Withdrawal of reference; update chart of rules/general orders in various districts. | 3.30 | $475.00 | $1,567.50 |
| 7/8/2021 | CHM | BL | Review HCRE search results and email IDS re same. | 1.80 | $750.00 | $1,350.00 |
| 7/8/2021 | CHM | BL | Run production re HCRE search results and review same; email link to H. Winograd. | 2.00 | $750.00 | $1,500.00 |
| 7/8/2021 | CHM | BL | Review email from K. Kim re privilege filter and reply. | 0.10 | $750.00 | $75.00 |
| 7/8/2021 | LSC | BL | Retrieve and review HCRE document production. | 1.70 | $460.00 | $782.00 |
| 7/12/2021 | LSC | BL | Circulate responses to Court's order requiring disclosures and correspondence regarding the same. | 0.30 | $460.00 | $138.00 |
| 7/12/2021 | LSC | BL | Review Dondero designation, related documents and correspondence with J. Morris regarding same. | 0.50 | $460.00 | $230.00 |
| 7/15/2021 | JEO | BL | Review court ordered disclosures | 1.00 | $1,050.00 | $1,050.00 |
| 7/21/2021 | LSC | BL | Retrieve PwC document production. | 0.60 | $460.00 | $276.00 |

| DATE | TKPR | TASK | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|------|-------------|-------|------|--------|
| 7/24/2021 | JJK | BL | Emails Kharasch on Debtor's motion to strike Dondero objection to R&R. | 0.30 | $995.00 | $298.50 |
| 7/25/2021 | JJK | BL | Research and review pleadings and prepare motion to strike Dondero objection to R&R. | 3.40 | $995.00 | $3,383.00 |
| 7/25/2021 | JJK | BL | Research, review documents, and prepare motion to strike Dondero objection. | 5.90 | $995.00 | $5,870.50 |
| 7/27/2021 | LSC | BL | Redact supplemental document production. | 3.20 | $460.00 | $1,472.00 |
| 7/28/2021 | IDK | BL | E-mails with local counsel and J Pomerantz re new motion for reconsideration filed in District Court to R&R by HCMSI, and next steps re same, and review of same (.5); E-mails with J Kim re same and need to respond to HCMSI pleadings (.2). | 0.70 | $1,325.00 | $927.50 |
| 7/28/2021 | IDK | BL | Review of District Court order adopting R&R of Judge Jurnigan re NexPoint Advisors and its objection to the R&R (.2); E-mails with J Kim re same (.2). | 0.40 | $1,325.00 | $530.00 |
| 7/28/2021 | JJK | BL | Emails Kharasch on multiple replies/objections re: reference withdrawal and consider same. | 0.20 | $995.00 | $199.00 |
| 7/28/2021 | JJK | BL | Research, analysis, pleading review to prepare | 5.00 | $995.00 | $4,975.00 |
| 7/29/2021 | IDK | BL | E-mails with J Kim, others on the status of the 5 objections/motions for reconsideration to bankruptcy court R&R to District Court and issues on our various responses to same (.4); E-mails with H Winograd and J Fried re same and re deadlines to same and updated chart (.2). | 0.60 | $1,325.00 | $795.00 |
| 7/29/2021 | JJK | BL | Research and prepare replies to Dondero, et al. re: bankruptcy court reports. | 3.90 | $995.00 | $3,880.50 |
| 7/29/2021 | JJK | BL | Review pleadings, research, and prepare replies to Dondero, et al., re: bankruptcy court reports. | 4.50 | $995.00 | $4,477.50 |
| 7/29/2021 | JEO | BL | Email follow up on critical dates issue regarding deposition scheduling | 0.20 | $1,050.00 | $210.00 |
| 7/29/2021 | LSC | BL | Preparation of Consolidated Notes Litigation Production. | 2.40 | $460.00 | $1,104.00 |
| 7/30/2021 | CHM | BL | Email correspondence re non-email document collection. | 0.50 | $750.00 | $375.00 |
| 7/30/2021 | CHM | BL | Email IDS team re Surgent screenshot. | 0.10 | $750.00 | $75.00 |
| 7/30/2021 | IDK | BL | E-mails with J Kim, others on status/issues on the 5 Dondero related motions to withdraw the reference and response status/drafts (.4); E-mails with local counsel, H Winograd on updates to timing on filing responses to same (.1). | 0.50 | $1,325.00 | $662.50 |
| 7/30/2021 | JJK | BL | Research and prepare replies/objections to Dondero, et al. re: bankruptcy court reports. | 5.70 | $995.00 | $5,671.50 |
| 7/30/2021 | LSC | BL | Prepare for and assist at deposition of Peet Burger. | 3.00 | $460.00 | $1,380.00 |
| 7/31/2021 | IDK | BL | Review of correspondence to Texas litigation specialists on various questions on motions to withdraw reference and related objections to R&R. | 0.20 | $1,325.00 | $265.00 |

| DATE | TKPR | TASK | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|------|-------------|-------|------|--------|
| 7/31/2021 | JJK | BL | Research, prepare replies/objections re: bankruptcy court's reports & recommendations. | 5.50 | $995.00 | $5,472.50 |
| 8/1/2021 | JJK | BL | Research, review documents, and prepare replies to objections to reports/recommendations and opposition to motion to reconsider. | 5.20 | $995.00 | $5,174.00 |
| 8/1/2021 | JJK | BL | Prepare replies to objections to reports/recommendations and motion to reconsider. | 3.60 | $995.00 | $3,582.00 |
| 8/2/2021 | IDK | BL | Review and consider correspondence between H Winograd and local counsel re deadlines to object to pleadings on 5 matters re report and rec to D Court as well as H Winograd of chart on all related actions (.5). | 0.50 | $1,325.00 | $662.50 |
| 8/2/2021 | IDK | BL | E-mails with J Kim re 5 outstanding motions to withdraw reference and objections to report and rec by defendants, and various issues on opponents bias of judge argument (.4); Telephone conference with J Kim re same (.3). | 0.70 | $1,325.00 | $927.50 |
| 8/2/2021 | IDK | BL | E-mails with special Texas litigation counsel on notes litigation and withdrawal of ref and coordination of call re same (.2). | 0.20 | $1,325.00 | $265.00 |
| 8/2/2021 | JJK | BL | Review objections to bankruptcy court reports and prepare additonal responses thereto. | 1.20 | $995.00 | $1,194.00 |
| 8/2/2021 | JJK | BL | Calls Kharasch re: replies to objections to reports/recommendations. | 0.10 | $995.00 | $99.50 |
| 8/2/2021 | JJK | BL | Call Kharasch on several replies re: withdrawal of reference. | 0.20 | $995.00 | $199.00 |
| 8/2/2021 | JJK | BL | Revise replies re: objections to withdrawal of reference, etc. | 0.20 | $995.00 | $199.00 |
| 8/2/2021 | JJK | BL | Prepare replies to objections to Reports, etc. | 1.20 | $995.00 | $1,194.00 |
| 8/3/2021 | IDK | BL | Review and consider J Kim's draft of response to Dondero objection in District Court to bankruptcy report and recommendation and need for changes (.3); Numerous E-mails with J Kim re need for extensive revisions to same and his responses and new draft re same (.5); E-mail H Winograd re materials to supplement same response (.1). | 0.90 | $1,325.00 | $1,192.50 |
| 8/3/2021 | JJK | BL | Review objections to reports/recommendations and prepare additional replies thereto for filing. | 4.80 | $995.00 | $4,776.00 |
| 8/3/2021 | JJK | BL | Emails local counsel, Winograd on Debtor replies re: reports and consider issues (0.6); emails Kharasch, Pomerantz on Dondero and HCMFA | 2.90 | $995.00 | $2,885.50 |

| DATE | TKPR | TASK | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|------|-------------|-------|------|--------|
| | | | replies (0.1); prepare replies re: Reports and related research/analysis (2.2). | | | |
| 8/3/2021 | JNP | BL | Conference with John A. Morris and D. Ashby regarding continued investigation. | 0.50 | $1,295.00 | $647.50 |
| 8/3/2021 | JNP | BL | Conference with Farralon, Holland & Knight, John A. Morris and Gregory V. Demo regarding Dondero discovery action. | 0.50 | $1,295.00 | $647.50 |
| 8/3/2021 | HRW | BL | Research and draft response to HCMFA objection to R&R in notes litigation (1.5) | 1.50 | $695.00 | $1,042.50 |
| 8/3/2021 | HRW | BL | Review notes litigations deadlines (0.6) | 0.60 | $695.00 | $417.00 |
| 8/4/2021 | IDK | BL | Telephone conferences with J Morris and J Pomerantz re result of hearing today as well as need for his comments to draft response to Dondero objection to Report and Recommendation to District Court (.4); Telephone conference with J Pomerantz re timing on filing given feedback of litigation | 0.60 | $1,325.00 | $795.00 |
| 8/4/2021 | IDK | BL | E-mails with J Kim and local counsel re status on our response to Dondero objection to R&R (.3); E-mails with J Morris re his revisions to such response, including quick review of same (.2); E-mails with J Kim re same and status on responding to HCMFA objection to R&R and similar changes for same (.2). | 0.70 | $1,325.00 | $927.50 |
| 8/4/2021 | IDK | BL | Numerous E-mails with Gruber, Texas litigation counsel, on their feedback on communications with D Court and timing for responses to Dondero entities objections to R&R (.4). | 0.40 | $1,325.00 | $530.00 |
| 8/4/2021 | JJK | BL | Continue work on replies for filing to objections to reports/recommendations. | 4.70 | $995.00 | $4,676.50 |
| 8/4/2021 | JJK | BL | Emails Kharasch on Reports replies, related research and review; emails local counsel re: same and certificates of interestedness for various suits. | 4.20 | $995.00 | $4,179.00 |
| 8/4/2021 | JNP | BL | Conference with Ira D. Kharasch regarding response regarding objections to reports and recommendation on withdrawal motions. | 0.10 | $1,295.00 | $129.50 |
| 8/4/2021 | JAM | BL | Review/revise draft response to Dondero objection to Report and Recommendations (1.1); e-mail to I. Kharasch, J. Kim, G. Demo re:  revised draft response to Dondero objection to Report and Recommendations (0.1). | 1.20 | $1,245.00 | $1,494.00 |
| 8/5/2021 | IDK | BL | E-mail J Kim re his draft response to HCMFA objection to R&R, including review of same (.3); E-mails with J Morris re same and his changes, along with final response (.3). | 0.60 | $1,325.00 | $795.00 |
| 8/5/2021 | JJK | BL | Emails Morris on HCMFA reply matters. | 0.10 | $995.00 | $99.50 |
| 8/5/2021 | JJK | BL | Continue work on replies and filing thereof to | 4.20 | $995.00 | $4,179.00 |

AUGUST 10 2021

| DATE | TKPR | TASK | DESCRIPTION | HOURS | RATE | AMOUNT |
|------|------|------|-------------|-------|------|--------|
| | | | objections to reports/recommendations. | | | |
| 8/5/2021 | JJK | BL | Emails Morris on HCMFA reply and review comments. | 0.10 | $995.00 | $99.50 |
| 8/5/2021 | JJK | BL | Coordinate finalizing HCMFA reply and filing/service; prepare other replies re: Reports. | 3.00 | $995.00 | $2,985.00 |
| 8/5/2021 | JMF | BL | Review response to opposition to bankruptcy court recommendations to district court. | 0.30 | $1,050.00 | $315.00 |
| 8/5/2021 | JAM | BL | Review/revise objection to HCMFA motion for reconsideration of report and recommendations on notes litigation (0.9); e-mails w/ J. Kim, I. Kharasch re: revisions to objection to HCMFA motion for reconsideration of report and recommendations on notes litigation (0.1). | 1.00 | $1,245.00 | $1,245.00 |
| 8/5/2021 | GVD | BL | Correspondence with working group re status of notes litigation | 0.20 | $950.00 | $190.00 |
| 8/6/2021 | IDK | BL | Review of draft response to HCRE objection in D Court to R&R, along with J Kim commentary on same. | 0.40 | $1,325.00 | $530.00 |
| 8/6/2021 | JAM | BL | Review/revise scheduling stipulation for notes litigation (0.6); e-mail to H. Winograd re: revised scheduling stipulation (0.1); e-mail to M. Aigen re: revised scheduling stipulation (0.1). | 0.80 | $1,245.00 | $996.00 |
| 8/6/2021 | LSC | BL | Assist with preparation of discovery requests, including preparation of exhibits. | 1.40 | $460.00 | $644.00 |
| 8/9/2021 | HRW | BL | Call with J. Morris re: amended complaints re: notes | 0.20 | $695.00 | $139.00 |
| 8/10/2021 | IDK | BL | Review of J Kim's response to motion for reconsideration of R&R by HCRE Partners (.3); E-mails with J Morris re need for his feedback (.1); Review of revised response to HCRE objection (.2); E-mails with J Kim and Local counsel re same (.1). | 0.70 | $1,325.00 | $927.50 |
| 8/10/2021 | IDK | BL | Review of HCMS motion for reconsideration to D Court of R&R of bankruptcy court (.3); E-mails with J Kim re same and need for response to same and issues re same (.2). | 0.50 | $1,325.00 | $662.50 |
| | | | **TOTAL** | | | **$135,289.00** |

Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Attorneys for James Dondero, Highland Capital
Management Services, Inc. and NexPoint Real Estate
Partners, LLC*

Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email: drukavina@munsch.com
Email: jvasek@munsch.com

*Attorneys for NexPoint Advisors, L.P. and
Highland Capital Management Fund Advisors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Case No. 19-34054** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | **Chapter 11** |
| | § | |
| Debtor. | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Adv. Proc. No. 21-03003-sgj** |
| | § | |
| **JAMES DONDERO, NANCY DONDERO,** | § | |
| **AND THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Adv. Proc. No. 21-03004-sgj** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT** | § | |
| **FUND ADVISORS, L.P.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO SUPPLEMENT BACKUP
DOCUMENTATION IN SUPPORT OF PROPOSED JUDGMENT – Page 1**
CORE/3522697.0002/177431688.4

| | | |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § | |
| **Plaintiff,** | § § | |
| **vs.** | § § § | **Adv. Proc. No. 21-03005-sgj** |
| **NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § | |
| **Defendants.** | § § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § | |
| **Plaintiff,** | § § | |
| **vs.** | § § § | **Adv. Proc. No. 21-03006-sgj** |
| **HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § § | |
| **Defendants.** | § § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § | |
| **Plaintiff,** | § § | |
| **vs.** | § § § | **Adv. Proc. No. 21-03007-sgj** |
| **HCRE PARTNERS, LLC (n/k/a NexPoint Real Estate Partners, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § § § § § | |
| **Defendants.** | § § | |

## <u>DEFENDANTS' OPPOSITION TO HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR LEAVE TO SUPPLEMENT BACKUP DOCUMENTATION IN SUPPORT OF PROPOSED JUDGMENT</u>

COMES NOW, Defendant James Dondero, NexPoint Advisors, L.P., Highland Capital

Management Services, Inc., Highland Capital Management Fund Advisors, L.P., and HCRE

Partners, LLC, the Defendants in the above-captioned and related adversary proceedings, and hereby submit this *Opposition to Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* (Defendants' "<u>Opposition</u>" and Plaintiff's "<u>Motion for Leave</u>").  Defendants would show the Court as follows:

## I.    <u>BACKGROUND</u>

1.    Defendants generally agree with the Opposition's first four paragraphs reciting the relevant background of this dispute.[1]  However, Plaintiff's characterization of its almost $400,000.00 attorney's fees discrepancy as an "Alleged Math Error"[2] is inaccurate because Plaintiff admits to not providing Defendants with complete figures by which to accurately calculate the total attorney's fees Plaintiff claims it is owed.[3]  Plaintiff's claim to defense counsel that "[t]here was no math error[,]" yet immediately "accounting" for the $400,000.00 difference by admitting that Plaintiff mistakenly did not include billing statements for January and February of 2022 makes Plaintiff's error an actual – not "alleged" – math error that prejudiced Defendants.

2.    There is sparse authority regarding the usage of Northern District of Texas Local Rule 56.7 to supplement a prevailing party's attorney's fees after prevailing at summary judgment. However, the Northern District of Texas has analogously addressed parties supplementing legal authorities under Local Rule 56.7:

> Local Civil Rule 56.7 provides: "Except for the motions, responses, replies, briefs, and appendixes required by these rules, a party may not, without the permission of the presiding judge, file supplemental pleadings, briefs, authorities, or evidence." The court  generally  discourages  attempts  to  file  supplemental  authorities  if  the

---

[1] *See* Motion for Leave, ¶¶ 1-4.

[2] *See Id.*, ¶ 5.

[3] *See* Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment, Ex. A. ("…we inadvertently omitted the invoices for January and February 2022 from HCMLP's initial submission").

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
**MOTION FOR LEAVE TO SUPPLEMENT BACKUP**
**DOCUMENTATION IN SUPPORT OF PROPOSED JUDGMENT – Page 3**
CORE/3522697.0002/177431688.4

authorities were previously available when a party submitted its motion, response, or reply brief.[4]

While the additional billing records here are not legal authorities, they were certainly previously available to Plaintiff when Plaintiff submitted its Notice of Attorney's Fees.  Plaintiff gives no explanation or other showing of good cause regarding why it did not include the additional bills other than simply claiming "we inadvertently omitted the invoices for January and February 2022[.]"[5] Thus, Plaintiff's Motion for Leave should be denied because it now seeks a second bite at the apple by including billing statements it had access to – and could have included – in its Notice of Attorney's fees.

3.    Further, the same court noted that a non-supplementing party must not suffer prejudice before a court may grant supplementation under Local Rule 56.7.[6]  Plaintiff does not once address the prejudice that Defendants will inevitably suffer if Plaintiff is allowed to supplement $400,000.00 in attorney's fees. Plaintiff's failure to include two entire months of its attorneys' billing statements has prejudiced Defendants by not allowing Defendants to timely examine the statements for accuracy, duplicity of work, redactions, and other factors relating to a reasonableness and necessity-of-attorney's-fees analysis.[7]  To allow Plaintiff to supplement its billing invoices only *after* this Court has found in favor of Plaintiff effectually gives Plaintiff two

---

[4] *Highland Capital Mgmt. L.P. v. Bank of Am., Nat. Ass'n*, No. 3:10-CV-1632-L, 2013 WL 4502789, at *28 (N.D. Tex. Aug. 23, 2013), aff'd sub nom. Highland Capital Mgmt., L.P. v. Bank of Am., N.A., 574 Fed. Appx. 486 (5th Cir. 2014).

[5] *See* Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment, Ex. A.

[6] *Highland Capital Mgmt. L.P. v. Bank of Am., Nat. Ass'n*, 2013 WL 4502789, at *28 (holding that, because the plaintiff did not suffer any "legal prejudice" by the court's consideration of supplemental authority, such authority would be admitted).

[7] *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469 (Tex. 2019) (affirming the Lodestar Method as the preferred method of determining what evidence is recommended to support the reasonableness and necessity of claimed attorney's fees).

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO SUPPLEMENT BACKUP
DOCUMENTATION IN SUPPORT OF PROPOSED JUDGMENT – Page 4**
CORE/3522697.0002/177431688.4

bites at the apple to recover an additional $400,000.00 it never presented to Defendants for examination in the first place.  If Plaintiff is allowed to supplement the record with $400,000.00 in previously unaccounted for attorney's fees, Defendant will be prejudiced and suffer undue surprise because it was not afforded an opportunity to examine those statements while it was briefing on Plaintiff's originally-provided billing statements.

## II.      <u>REQUEST FOR RELIEF</u>

4.      Defendants respectfully request this Court deny Plaintiff's Motion for Leave as Defendants will suffer prejudice.  In the event this Court decides to grant Plaintiff's Motion for Leave, Defendants respectfully request an opportunity for additional briefing to address Plaintiff's new billing invoices.

Dated: October 18, 2022                    Respectfully Submitted,

                                           /s/ Michael P. Aigen
                                           Deborah Deitsch-Perez
                                           State Bar No. 24036072
                                           Michael P. Aigen
                                           State Bar No. 24012196
                                           STINSON LLP
                                           2200 Ross Avenue, Suite 2900
                                           Dallas, Texas 75201
                                           (214) 560-2201 telephone
                                           (214) 560-2203 facsimile
                                           Email: deborah.deitschperez@stinson.com
                                           Email: michael.aigen@stinson.com

                                           *Attorneys for James Dondero, Highland
                                           Capital Management Services, Inc. and
                                           NexPoint Real Estate Partners, LLC*

                                           /s/ Julian P. Vasek
                                           Davor Rukavina
                                           Julian P. Vasek
                                           MUNSCH HARDT KOPF & HARR, P.C.
                                           500 N. Akard Street, Suite 3800
                                           Dallas, Texas 75202-2790
                                           (214) 855-7500 telephone
                                           (214) 978-4375 facsimile
                                           Email:  drukavina@munsch.com
                                           Email:  jvasek@munsch.com

                                           *Attorneys for NexPoint Advisors, L.P. and
                                           Highland Capital Management Fund
                                           Advisors, L.P.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 18, 2022, a true and correct copy of the foregoing document was

served via the Court's Electronic Case Filing system to the parties that are registered or otherwise

entitled to receive electronic notices in this adversary proceeding.

*/s/ Michael P. Aigen*
Michael P. Aigen

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 19-34054** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | **Chapter 11** |
| | § | |
| Debtor. | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | **Adv. Proc. No. 21-03003-sgj** |
| vs. | § | |
| | § | |
| **JAMES DONDERO, NANCY DONDERO,** | § | |
| **AND THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| Defendants. | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | **Adv. Proc. No. 21-03004-sgj** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT** | § | |
| **FUND ADVISORS, L.P.,** | § | |
| | § | |
| Defendant. | § | |

|  | § |  |
| --- | --- | --- |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **Adv. Proc. No. 21-03005-sgj** |
| **NEXPOINT ADVISORS, L.P., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

|  | § |  |
| --- | --- | --- |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Adv. Proc. No. 21-03006-sgj** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| **Defendants.** | § | |

|  | § |  |
| --- | --- | --- |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **vs.** | § | |
| | § | **Adv. Proc. No. 21-03007-sgj** |
| **HCRE PARTNERS, LLC (n/k/a NexPoint Real Estate Partners, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| **Defendants.** | § | |

CORE/3522697.0002/177501033.1

## ORDER DENYING HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR LEAVE TO SUPPLEMENT BACKUP DOCUMENTATION IN SUPPORT OF PROPOSED JUDGMENT

Upon consideration of *Defendants' Opposition to Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* (Defendants' "Opposition" and Plaintiff's "Motion for Leave"), and the arguments presented by the parties before this Court, the Court hereby finds that the Plaintiff's Motion for Leave should be DENIED as set forth below. Accordingly,

**IT IS HEREBY ORDERED** that:

1.     The Motion for Leave is **DENIED** as set forth herein.

**## END OF ORDER ##**

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (TX Bar No. 24044908)
MHayward@HaywardFirm.com
Zachery Z. Annable (TX Bar No. 24053075)
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Adv. Proc. No. 21-03003-sgj |
| | § | |
| JAMES DONDERO, NANCY DONDERO, AND THE | § | |
| DUGABOY INVESTMENT TRUST, | § | Case No. 3:21-cv-00881-X |
| | § | |
| Defendants. | § | |
| | § | |

---

HIGHLAND CAPITAL MANAGEMENT, L.P., §
§
§
Plaintiff,                        §   Adv. Proc. No. 21-03004-sgj
§
vs.                                      §
§
§   Case No. 3:21-cv-00881-X
§
HIGHLAND CAPITAL MANAGEMENT FUND   §
ADVISORS, L.P.,                    §
§
§
Defendant.                §
§

---

HIGHLAND CAPITAL MANAGEMENT, L.P., §
§
§
Plaintiff,                        §   Adv. Proc. No. 21-03005-sgj
§
vs.                                      §
§
NEXPOINT ADVISORS, L.P., JAMES     §   Case No. 3:21-cv-00881-X
DONDERO, NANCY DONDERO, AND        §
THE DUGABOY INVESTMENT TRUST,      §
§
Defendants.               §

---

HIGHLAND CAPITAL MANAGEMENT, L.P., §
§
§
Plaintiff,                        §   Adv. Proc. No. 21-03006-sgj
§
vs.                                      §
§
HIGHLAND CAPITAL MANAGEMENT        §   Case No. 3:21-cv-00881-X
SERVICES, INC., JAMES DONDERO,     §
NANCY DONDERO, AND THE DUGABOY     §
INVESTMENT TRUST,                  §
§
Defendants.               §

---



| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| | § | Adv. Proc. No. 21-03007-sgj |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | Case No. 3:21-cv-00881-X |
| HCRE PARTNERS, LLC (n/k/a NexPoint | § | |
| Real Estate Partners, LLC), JAMES | § | |
| DONDERO, NANCY DONDERO, AND | § | |
| THE DUGABOY INVESTMENT TRUST, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**HIGHLAND CAPITAL MANAGEMENT, L.P.'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO SUPPLEMENT BACKUP DOCUMENTATION IN SUPPORT OF PROPOSED JUDGMENT**

Plaintiff files this reply in further support of its *Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* (the "Motion")[1] and in response to *Defendants' Opposition to Highland Capital Management L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* (the "Objection").[2]

## REPLY

1.    In its Motion, Plaintiff seeks leave to supplement its Backup Documentation with two invoices out of dozens filed on behalf of four different service providers that were inadvertently omitted from Plaintiff's initial submission.  There can be no credible dispute that the Supplemental Invoices were inadvertently omitted because the value of the invoices—to the penny—was included in the total amount originally sought by Plaintiff.  Defendants nevertheless

---

[1] *See* Adv. Pro. No. 21-03003 at Docket No. 205; Adv. Pro. No. 21-03004 at Docket No. 174; Adv. Pro. No. 21-03005 at Docket No. 222; Adv. Pro. No. 21-03006 at Docket No. 227; and Adv. Pro. No. 21-03007 at Docket No. 222. Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

[2] *See* Adv. Pro. No. 21-03003 at Docket No. 210; Adv. Pro. No. 21-03004 at Docket No. 179; Adv. Pro. No. 21-03005 at Docket No. 227; Adv. Pro. No. 21-03006 at Docket No. 232; and Adv. Pro. No. 21-03007 at Docket No. 227.

object, contending that they will be prejudiced if the Motion is granted.  Defendants' arguments are spurious and the Objection should be overruled.

2.      Defendants' first contention is that they will be prejudiced because Plaintiff supposedly did not allow them "to timely examine the statements for accuracy, duplicity of work, redactions, and other factors relating to a reasonableness and necessity-of-attorney's-fees analysis."  Objection ¶ 3.  But Defendants' own conduct and applicable rules proves that this contention is absurd:

- In the original stipulation concerning this issue, ***Defendants and their counsel agreed that 18 days were sufficient to review a year-and-a-half's worth of invoices***;[3]

- In a stipulation concerning the same issue in the companion notes litigation concerning HCMFA, ***Defendants and their counsel agreed that 21 days were sufficient to review all invoices rendered in connection with that adversary proceeding***;[4]

- Here, under Local Bankruptcy Rule 7007-1(e), ***Defendants had 21 days to respond to the Motion***, a period equal to or greater than the periods Defendants voluntarily agreed to;[5] and

- Defendants had even more time because ***Plaintiff e-mailed copies of the Supplemental Invoices to Defendants' counsel seven (7) days before filing the Motion*** in an effort to avoid this unnecessary litigation (Defendants' counsel never responded to the e-mail).[6]

---

[3] *Notice of Stipulation for Objection to Report and Recommendation in Notes Litigation*, Case No. 3:21-cv-00881-X, Docket No. 53 (Plaintiff required to file form of judgment (including backup for fees and expenses) by August 5, 2022, with Defendants' objections due on August 18, 2022, eighteen (18) days later).

[4] *Notice of Stipulation Regarding Report and Recommendation to the District Court Regarding Highland Capital Management, L.P.'s Motion for Summary Judgment Against Highland Capital Management Fund Advisors, L.P.*, Case No. 3:21-cv-00881-X, Docket No. 75 (Plaintiff required to file form of judgment (including backup for fees and expenses) by November 2, 2022, with Defendants' objections due on November 23, 2022, twenty-one (21) days later).

[5] Local Bankruptcy Rule of the United States Bankruptcy Court for the Northern District of Texas 7007-1.

[6] Morris Dec. Ex. A (September 20, 2022 email to Defendants' counsel including, among other things, the Supplement Invoices).

3.      Thus, ***Defendants and their counsel had 28 days to review two invoices***.  After
having agreed to review many more invoices in less time, Defendants' claim of "prejudice" is
devoid of credibility and should be rejected out of hand.[7]

4.      Defendants' other contention is that they will be prejudiced because the "undue
surprise" of the Motion is supposedly giving Plaintiff "two bites at the apple."  Objection ¶¶ 2-3.
This contention is also meritless for at least the following reasons:

- There was no "surprise" of any kind because Plaintiff seeks not one penny more than it
  sought in its original submission;[8]

- Because Plaintiff seeks nothing more than it originally sought, it is not getting a "second
  bite" of anything but is merely supplementing the documentation that Defendants also
  should have known about;[9] and

- Being required to pay amounts due under a written and enforceable agreement cannot ever
  be "prejudicial."

5.      In short, Defendants will not be prejudiced by paying amounts due and owing under
the Notes as a result of their default, particularly where the amounts never changed and they had
more than sufficient time to raise substantive objections but failed to do so.

---

[7] Notably, despite claiming that 28 days were insufficient to review two invoices, Defendants never asked Plaintiff or
this Court for an extension of time.  Indeed, in a transparent attempt to further delay the inevitable, Defendants
audaciously "request an opportunity for additional briefing to address Plaintiff's new billing invoices" in the event the
Court grants the Motion.  Objection ¶ 4.  Having passed on the opportunity to provide substantive objections to two
Supplement Invoices despite having 28 days to do so, Defendants' disingenuous request for a "second bite at the
apple" should be denied.

[8] *Compare Notice of Attorneys' Fees Calculation and Backup Documentation*, Adv. Pro. No. 21-3003, Docket No.
197, Ex. 1 (*Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Proposed Form of
Judgment*), Ex. F (Summary) (showing Plaintiff originally sought $2,663,585.30 on account of Pachulski Stang Ziehl
& Jones' fees) *with Response in Support of Plaintiff's Proposed Form of Judgment Awarding Attorneys' Fees and
Costs*, Adv. Pro. No. 21-03003, Docket No. 208, Ex. 1 (showing Plaintiff still sought $2,663,585.30 on account of
Pachulski Stang Ziehl & Jones' fees on the same day it filed the Motion).

[9] As the Court is aware, January and February 2022 were especially busy months in the Notes Litigation as the parties
addressed HCMFA's motions and Plaintiff's summary judgment motion.  Consequently, Defendants could not have
believed that Plaintiff did no work and incurred no expenses during those months.  Thus, either (a) Defendants also
"inadvertently" failed to notice the omission of the Supplement Invoices, or (b) they were aware of it and are now
misleading the Court with claims of prejudice.

3

## <u>CONCLUSION</u>

WHEREFORE, Plaintiff respectfully requests that the Court overrule the Objection in its entirety, grant the Motion, and grant such other and further relief as the Court deems just and proper under the circumstances.

*[REMAINDER OF PAGE INTENTIONALLY BLANK]*

Dated: October 21, 2022.

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
E-mail: jpomerantz@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
hwinograd@pszjlaw.com

- and -

**HAYWARD PLLC**

_/s/ Zachery Z. Annable_
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile:  (972) 755-7110

_Counsel for Highland Capital Management, L.P._



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 24, 2022**

_____

**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

---------------------------------------------------------------------------

HIGHLAND CAPITAL MANAGEMENT, L.P.,

                Plaintiff,

vs.

JAMES DONDERO, NANCY DONDERO, AND THE
DUGABOY INVESTMENT TRUST,

                Defendants.

---------------------------------------------------------------------------

§
§
§
§
§
§
§
§
§
§
§
§

Adv. Proc. No. 21-03003-sgj

Case No. 3:21-cv-00881-X

------------------------------------------------------------

HIGHLAND CAPITAL MANAGEMENT, L.P.,

§
§
§

Plaintiff,

§    Adv. Proc. No. 21-03004-sgj
§
§

vs.

§
§
§    Case No. 3:21-cv-00881-X
§

HIGHLAND CAPITAL MANAGEMENT FUND
ADVISORS, L.P.,

§
§
§
§
§

Defendant.

§
§
§

------------------------------------------------------------

HIGHLAND CAPITAL MANAGEMENT, L.P.,

§
§
§

Plaintiff,

§    Adv. Proc. No. 21-03005-sgj
§
§

vs.

§
§
§    Case No. 3:21-cv-00881-X
§

NEXPOINT ADVISORS, L.P., JAMES
DONDERO, NANCY DONDERO, AND
THE DUGABOY INVESTMENT TRUST,

§
§
§
§

Defendants.

§
§

HIGHLAND CAPITAL MANAGEMENT, L.P.,

§
§

Plaintiff,

§    Adv. Proc. No. 21-03006-sgj
§
§

vs.

§
§
§    Case No. 3:21-cv-00881-X
§

HIGHLAND CAPITAL MANAGEMENT
SERVICES, INC., JAMES DONDERO,
NANCY DONDERO, AND THE DUGABOY
INVESTMENT TRUST,

§
§
§
§
§

Defendants.

§
§

------------------------------------------------------------

---------------------------------------------------------

HIGHLAND CAPITAL MANAGEMENT, L.P.,    §
§
§
                Plaintiff,    §     Adv. Proc. No. 21-03007-sgj
§
vs.    §
§
   §    Case No. 3:21-cv-00881-X
HCRE PARTNERS, LLC (n/k/a NexPoint    §
Real Estate Partners, LLC), JAMES    §
DONDERO, NANCY DONDERO, AND    §
THE DUGABOY INVESTMENT TRUST,    §
§
§
               Defendants.    §

---------------------------------------------------------

## ORDER GRANTING HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR LEAVE TO SUPPLEMENT BACKUP DOCUMENTATION IN SUPPORT OF PROPOSED JUDGMENT

Upon consideration of *Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* (the "Motion")[1] filed by Highland Capital Management, L.P. ("Highland" or "Plaintiff"), the plaintiff in the above-captioned Adversary Proceedings,[2] (a) the arguments and evidence set forth in the Motion; (b) the *Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment* and the exhibits annexed thereto;[3] (c) the arguments set forth in *Defendants' Opposition to Highland Capital Management, L.P.'s Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment*;[4] and (d) the arguments set forth in *Highland Capital Management L.P.'s*

---

[1] Adv. Proc. Nos. 21-03003-sgj, Docket No. 205; 21-03004-sgj, Docket No. 174; 21-03005-sgj, Docket No. 222; 21-03006-sgj, Docket No. 227; 21-03007-sgj, Docket No. 222.

[2] Capitalized terms not defined herein shall have the meanings ascribed thereto in the Motion.

[3] Adv. Proc. Nos. 21-3003, Docket No. 206; 21-3004, Docket No. 175; 21-3005, Docket No. 223; 21-3006, Docket No. 228; 21-3007, Docket No. 223.

[4] Adv. Proc. Nos. 21-3003, Docket No. 210; 21-3004, Docket No. 179; 21-3005, Docket No. 227; 21-3006, Docket No. 232; 21-3007, Docket No. 227.

*Reply in Further Support of Its Motion for Leave to Supplement Backup Documentation in Support of Proposed Judgment*;[5] and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. § 1409; and this Court having found that Plaintiff's notice of the Motion was appropriate and that no other notice need be provided; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, the Court:

**FINDS AND DETERMINES THAT**:

1.    Plaintiff's omission of the Supplemental Invoices appears to have been **<u>inadvertent</u>** (given that the amounts set forth therein were included in Highland's total fee request); and

2.    The Court views there to be **<u>no prejudice</u>** to Defendants in granting the requested leave (given that Defendants apparently had 28 days to review the Supplemental Invoices and chose simply to oppose the Motion rather than comment on the invoices—in the alternative—as to their reasonableness or lack thereof); and based on the foregoing, it is

**HEREBY ORDERED THAT**:

1.    The Motion is **GRANTED**.

2.    The Backup Documentation to the Notice of Attorneys' Fees in support of the Proposed Judgment is hereby deemed supplemented with the Supplemental Invoices.

###End of Order###

---

[5] Adv. Proc. Nos. 21-03003-sgj, Docket No. 211; 21-03004-sgj, Docket No. 180; 21-03005-sgj, Docket No. 228; 21-03006-sgj, Docket No. 233; 21-03007-sgj, Docket No. 228.

Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
(214) 560-2201 telephone
(214) 560-2203 facsimile
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Attorneys for James Dondero, Highland Capital
Management Services, Inc. and NexPoint Real Estate
Partners, LLC*

Davor Rukavina
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75202-2790
(214) 855-7500 telephone
(214) 978-4375 facsimile
Email: drukavina@munsch.com
Email: jvasek@munsch.com

*Attorneys for NexPoint Advisors, L.P. and
Highland Capital Management Fund Advisors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 19-34054** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | **Chapter 11** |
| | § | |
| **Debtor.** | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **Adv. Proc. No. 21-03003-sgj** |
| **vs.** | § | |
| | § | |
| **JAMES DONDERO, NANCY DONDERO,** | § | |
| **AND THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Adv. Proc. No. 21-03004-sgj** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT** | § | |
| **FUND ADVISORS, L.P.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT THEIR ARGUMENT AGAINST
PLAINTIFF'S NEWLY SUPPLEMENTED NOTICE OF ATTORNEYS' FEES – Page 1**
CORE/3522697.0002/177849203.3

|  |  |
|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** §<br>§<br>**Plaintiff,** §<br>§<br>**vs.** §<br>§<br>**NEXPOINT ADVISORS, L.P., JAMES** §<br>**DONDERO, NANCY DONDERO, AND THE** §<br>**DUGABOY INVESTMENT TRUST,** §<br>§<br>**Defendants.** §<br>§ | **Adv. Proc. No. 21-03005-sgj** |

|  |  |
|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** §<br>§<br>**Plaintiff,** §<br>§<br>**vs.** §<br>§<br>**HIGHLAND CAPITAL MANAGEMENT** §<br>**SERVICES, INC., JAMES DONDERO, NANCY** §<br>**DONDERO, AND THE DUGABOY** §<br>**INVESTMENT TRUST,** §<br>§<br>**Defendants.** §<br>§ | **Adv. Proc. No. 21-03006-sgj** |

|  |  |
|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** §<br>§<br>**Plaintiff,** §<br>§<br>**vs.** §<br>§<br>**HCRE PARTNERS, LLC (n/k/a NexPoint Real** §<br>**Estate Partners, LLC), JAMES DONDERO,** §<br>**NANCY DONDERO, AND THE DUGABOY** §<br>**INVESTMENT TRUST,** §<br>§<br>**Defendants.** §<br>§ | **Adv. Proc. No. 21-03007-sgj** |

## <u>DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT THEIR ARGUMENT</u><br><u>AGAINST PLAINTIFF'S SUPPLEMENTED NOTICE OF ATTORNEYS' FEES</u>

COMES NOW, Defendants James Dondero, NexPoint Advisors, L.P., Highland Capital

Management Services, Inc., Highland Capital Management Fund Advisors, L.P., and HCRE

Partners, LLC, the Defendants in the above-captioned and related adversary proceedings, pursuant

to Northern District of Texas Local Rule 56.7, and hereby submit this *Motion for Leave to*

**DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT THEIR ARGUMENT AGAINST**
**PLAINTIFF'S NEWLY SUPPLEMENTED NOTICE OF ATTORNEYS' FEES – Page 2**
CORE/3522697.0002/177849203.3

*Supplement its Argument Against Plaintiff's Supplemented Notice of Attorney's Fees* (Defendants'
"<u>Motion</u>", Plaintiff's "<u>Motion for Leave</u>", and the Court's "<u>Order</u>").  Defendants would show the
Court as follows:

## I.    <u>BACKGROUND</u>

After obtaining a favorable ruling at summary judgment, Plaintiff filed its *Notice of
Attorneys' Fees Calculation and Backup Documentation* on August 5, 2022, claiming almost
$2,800,000 in attorneys' fees and costs incurred throughout this litigation.[1]  Defendants pointed
out what appeared to be a math error because the total of the invoices provided was roughly
$400,000 less than the $2.8 million that Plaintiff sought.  Plaintiff responded, contending that the
$400,000 was not a math error, it was simply a mistake in the supporting documentation submitted
(or rather, not originally submitted) (the "<u>New Bills</u>").  Faced with its error, Plaintiff filed a Motion
for Leave to introduce the New Bills into the evidentiary record.  Over Defendants' Objection, the
Court granted Plaintiff's Motion for Leave (the Court's "<u>Order</u>"). However, the Court's Order
precluded Defendants from challenging the New Bills, stating only that Defendants face "no
prejudice[,]" and precluded Defendants' ability to comment on the New Bills because Defendants
"chose simply to oppose the Motion rather than comment on the [New Bills][.]"[2] Defendants now
file their own Motion requesting leave from the Court to allow Defendants to supplement their
argument against the New Bills – which total roughly $400,000.00 – because Defendants could
not formally comment on invoices ***which had not yet been admitted into evidence***.[3]

---

[1] Adv. Pro. 21-03003-sgj [Dkt. 197]; Adv. Pro. 21-03004-sgj [Dkt. 169]; Adv. Pro. 21-03005-sgj [Dkt. 214]; Adv.
Pro. 21-03006-sgj [Dkt. 219]; Adv. Pro. 21-03007-sgj [Dkt. 214].
[2] *Order Granting [Plaintiff's] Motion for Leave to Supplement Backup Documentation in Support of Proposed
Judgment*, p. 4, Adv. Pro. 21-03003-sgj [Dkt. 212]; Adv. Pro. 21-03004-sgj [Dkt. 181]; Adv. Pro. 21-03005-sgj [Dkt.
229]; Adv. Pro. 21-03006-sgj [Dkt. 234]; Adv. Pro. 21-03007-sgj [Dkt. 229].
[3] Defendants also file this Objection to preserve the issue for appeal.

**DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT THEIR ARGUMENT AGAINST
PLAINTIFF'S NEWLY SUPPLEMENTED NOTICE OF ATTORNEYS' FEES – Page 3**

## II.    ARGUMENT

Defendants are victims of a procedural misstep committed by Plaintiff. Plaintiff's Motion for Leave was just that: a procedural mechanism under Northern District of Texas Local Rule 56.7 by which Plaintiff sought to include its additional invoices as *supplemental evidence*. Until such supplemental materials are included in the record (i.e.: until this Court ruled on Plaintiff's Motion for Leave), those supplemental materials simply are *not yet evidence*. Thus, Defendants' lack of "comment[s] on the invoices" should not come as any surprise, since, at the time Defendants responded to Plaintiff's Motion for Leave, the additional invoices were not evidence. Now, because the Court has granted Plaintiff's Motion for Leave, the supplemental invoices *are* evidence, and Defendants seek leave from the Court in order to provide comments regarding the supplemental invoices. The Court disproportionately chides Defendants for allegedly not strictly following procedural rules (while allowing Plaintiff wide latitude), causing Defendants to be cautious in taking the kind of shortcuts that the Court now says Defendants should have taken, such as commenting on documents not yet in evidence.

## III.    DEFENDANTS' COMMENTS TO PLAINTIFF'S SUPPLEMENTAL EVIDENCE

Defendants provide this Court with supplemental comments to Plaintiff's additional billing invoices for the sake of efficiency. Put plainly, Plaintiff's supplemental bills further reflect that Plaintiff's law firm of Pachulski, Stang, Ziehl & Jones ("PSZJ") charged rates far in excess of the customary rates in the Northern District of Texas, and are therefore unreasonable for the same reasons briefed in *Defendants' Objections to Plaintiff's Proposed Form of Judgment Awarding Attorney's Fees and Costs*, Section II.B.6 [Dkt. 204].

Again, the "relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits," and the relevant market here is Dallas,

**DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT THEIR ARGUMENT AGAINST PLAINTIFF'S NEWLY SUPPLEMENTED NOTICE OF ATTORNEYS' FEES – Page 4**
CORE/3522697.0002/177849203.3

Texas.[4]    When compared to Plaintiff's local counsel, Hayward PLLC, PSZJ almost triples

Hayward's fee rates.  Hayward's Dallas, Texas office charged between $400 and $450 per hour

on this case.  PSZJ, on the other hand, having offices in Los Angeles, California, and New York,

New York, charged rates ranging from $460 an hour (already more expensive than Hayward's

highest rates) to **$1,265** per hour.

 The decision to reduce an out-of-market attorney's fees to match those of the community

in which the district court sits is soundly within the discretion of this Court.  *See Hopwood v. State*

*of Texas*, 236 F.3d 256, 281 (5th Cir. 2000) (trial court reducing fees of Washington, D.C. attorney

to match those normally charged in the Dallas, Texas market was not an abuse of discretion). This

Court should do the same as the trial court in *Hopwood* and reduce PSZJ's coastal rates to those

consistent with the Dallas market.

 Along with being well-above the customary hourly rates charged in the Dallas community,

Plaintiff's New Bills are excessive.[5]  "[P]laintiffs seeking attorney's fees are charged with the

burden of showing the reasonableness of the hours bills, and therefore, are also charged with

proving that the exercised billing judgment[,] . . .[which] requires documentation of the hours

charged and of the hours written off as unproductive, excessive, or redundant.  The proper remedy

for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction

of the award by a percentage intended to substitute for the exercise of billing judgment." *Saizan v.*

*Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) (internal citations omitted)

(affirming the district court's decision to reduce a fee award based on plaintiff's failure to establish

proper billing judgment).

---

[4] *Tollett v. City of Kemah*, 285 F.3d 357, 369 (5th Cir. 2002).
[5] *See Defendants' Objections to Plaintiff's Proposed Form of Judgment Awarding Attorney's Fees and Costs*, Section II.A.2 for a discussion of the two-step lodestar method of determining fees.

**DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT THEIR ARGUMENT AGAINST
PLAINTIFF'S NEWLY SUPPLEMENTED NOTICE OF ATTORNEYS' FEES – Page 5**

Here, just **one** of Plaintiff's attorneys – associate Hayley Winograd – spent 44.8 hours drafting a response to Defendant NexPoint's *Notice and Objection . . .to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines*.[6] At that attorney's rate of $750 per hour (about 40% of her supervising partner John Morris' hourly rate of $1,265 per hour), Plaintiff incurred $33,600 for its attorney to draft a single response, not even considering Morris' fee to review Winograd's work.  Ultimately, that brief was only 25 pages in length, with 12 of the 25 pages consisting of factual background.[7]

Furthermore, Winograd and paralegal La Asia Canty spent a combined 48.9 hours to draft an "objection and response to HCMFA motion for reconsideration[,]" with Winograd billing 35 hours at her coastal rate of $750 per hour, and Canty billing 13.9 hours at her coastal paralegal rate of $495.00 per hour.[8] Plaintiff incurred $33,130.50 for Winograd and Canty to draft that objection, again not considering Morris' fee to review their work. Based on the time entries alone, Defendants cannot directly identify what brief (if any was filed) is the product of Winograd's and Canty's 48.9 hours. Regardless, Plaintiff fails to provide any explanation for this excessive and duplicative billing for straightforward briefings, and only one brief was located based on Plaintiff's time entries.

It is not merely these entries that are at issue, in addition to the issues raised in Defendants original objection, Defendants were generous in their review, thinking that Plaintiff's total bill was $400,000 less than it is now claiming.  If that had been known at the time, Defendants' scrutiny would have been greater.

---

[6] *See* Motion for Leave, Ex. A-1, throughout; *see also* Adv. Pro. 21-03005-sgj [Dkt. 148].
[7] *See [Plaintiff's] Brief in Support of its Objection and Response to Objections to Order Denying Motions to Extend Expert Disclosure and Discovery Deadlines*, Case 3:21-cv-00881-X [Dkt. 38].
[8] *See* Motion for Leave, Ex. A-1, throughout.

## IV.     REQUEST FOR RELIEF

Defendants object to Plaintiff's proposed award of attorneys' fees and costs based on its

New Bills.  Defendants request that the Court grant their Motion for Leave, and reduce any award

of attorneys' fees to correspond with hourly rates normally charged in Dallas, Texas, as evidenced

by local counsel Hayward's rates.  Additionally, or in the alternative, Defendants request that the

Court reduce any award of attorneys' fees by an amount that excludes any excessive time billed.

Dated: November 2, 2022                    Respectfully submitted,

                                           */s/ Michael P. Aigen*
                                           Deborah Deitsch-Perez
                                           State Bar No. 24036072
                                           Michael P. Aigen
                                           State Bar No. 24012196
                                           STINSON LLP
                                           2200 Ross Avenue, Suite 2900
                                           Dallas, Texas 75201
                                           (214) 560-2201 telephone
                                           (214) 560-2203 facsimile
                                           Email: deborah.deitschperez@stinson.com
                                           Email: michael.aigen@stinson.com

                                           *Attorneys for James Dondero, Highland
                                           Capital Management Services, Inc. and
                                           NexPoint Real Estate Partners, LLC*


                                           */s/ Julian P. Vasek*
                                           Davor Rukavina
                                           Julian P. Vasek
                                           MUNSCH HARDT KOPF & HARR, P.C.
                                           500 N. Akard Street, Suite 3800
                                           Dallas, Texas 75202-2790
                                           (214) 855-7500 telephone
                                           (214) 978-4375 facsimile
                                           Email:  drukavina@munsch.com
                                           Email:  jvasek@munsch.com

                                           *Attorneys for NexPoint Advisors, L.P. and
                                           Highland Capital Management Fund
                                           Advisors, L.P.*

**DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT THEIR ARGUMENT AGAINST
PLAINTIFF'S NEWLY SUPPLEMENTED NOTICE OF ATTORNEYS' FEES – Page 7**

## CERTIFICATE OF CONFERENCE

I hereby certify that on October 28, 2022, I conferred with counsel for Plaintiff, John Morris, regarding the substance of the foregoing Motion.  Counsel for Plaintiff stated that Plaintiff opposes the relief requested in this Motion.

*/s/ Michael P. Aigen*

Michael P. Aigen

## CERTIFICATE OF SERVICE

I certify that on November 2, 2022, a true and correct copy of the foregoing document was served via the Court's Electronic Case Filing system to the parties that are registered or otherwise entitled to receive electronic notices in this adversary proceeding.

*/s/ Michael P. Aigen*

Michael P. Aigen

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | **Case No. 19-34054** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.** | § | **Chapter 11** |
| | § | |
| Plaintiff. | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff, | § | **Adv. Proc. No. 21-03003-sgj** |
| | § | |
| vs. | § | |
| | § | |
| **JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| | § | |
| Defendants. | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| Plaintiff, | § | **Adv. Proc. No. 21-03004-sgj** |
| | § | |
| vs. | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.,** | § | |
| | § | |
| | § | |
| Defendant. | § | |

| | | |
|---|---|---|
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**NEXPOINT ADVISORS, L.P., JAMES DONDERO, AND NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,**<br><br>**Defendants.** | § § § § § § § § § § § § § | **Adv. Proc. No. 21-03005-sgj** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**HIGHLAND CAPITAL MANAGEMENT SERVICES, INC., JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,**<br><br>**Defendants.** | § § § § § § § § § § § § § | **Adv. Proc. No. 21-03006-sgj** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**HCRE PARTNERS, LLC (n/k/a NexPoint Real Estate Partners, LLC), JAMES DONDERO, NANCY DONDERO, AND THE DUGABOY INVESTMENT TRUST,**<br><br>**Defendants.** | § § § § § § § § § § § § | **Adv. Proc. No. 21-03007-sgj** |

## ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT THEIR ARGUMENT AGAINST PLAINTIFF'S NEWLY SUPPLEMENTED NOTICE OF ATTORNEYS' FEES

Upon consideration of *Defendants' Motion for Leave to Supplement Their Argument Against Plaintiff's Newly Supplemented Notice of Attorneys' Fees* (the "Motion"), any response thereto, the pleadings, the record of the above-captioned and related adversary proceedings, and the arguments presented by the parties before this Court, the Court hereby finds that the Motion should be GRANTED.

Accordingly,

**IT IS HEREBY ORDERED** that:

Defendants are allowed to supplement their pleadings to raise additional arguments related to the New Bills.

**## END OF ORDER ##**
