Sawnie A. McEntire
Texas State Bar No. 13590100
smcentire@pmmlaw.com
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 237-4300
Facsimile: (214) 237-4340

Roger L. McCleary
Texas State Bar No. 13393700
rmccleary@pmmlaw.com
One Riverway, Suite 1800
Houston, Texas 77056
Telephone: (713) 960-7315
Facsimile: (713) 960-7347
*Attorneys for Hunter Mountain Investment Trust*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P. | § § § | |
| Plaintiff. | § | Case No. 3:21-cv-00881-X |
| vs. | § § | (Consolidated with 3:21-cv-00880-X, |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P. et al., | § § § | 3:21-cv-01010-X, 3:21-cv-01378-X, 3:21-cv-01379-X) |
| Defendants. | § § | |

**HUNTER MOUNTAIN INVESTMENT TRUST'S BRIEF IN SUPPORT OF ITS OBJECTION AND MOTION TO STRIKE HIGHLAND CAPITAL MANAGEMENT, L.P.'S SUPPLEMENTAL APPENDIX AND SELECTED PORTIONS OF THE REPLY IN SUPPORT OF ITS MOTION TO DEEM THE DONDERO ENTITIES VEXATIOUS LITIGANTS AND FOR RELATED RELIEF**

Hunter Mountain Investment Trust ("HMIT") files this brief (the "Brief")[1] in support of its objection and motion ("Motion") to strike Highland Capital Management, L.P.'s ("HCM") Supplemental Appendix, Declaration of Gregory V. Demo [Dkt. 190] ("Supplemental Appendix") and selected portions of HCM's Reply [Dkt. 189] in Further Support of Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief ("HCM's Motion" or "Motion") [Dkt. 136]. In support of its Motion, HMIT respectfully states a follows:

## I.    INTRODUCTION

1.      HMIT objects to the Supplemental Appendix [Dkt. 190] attached to the Reply [Dkt. 189] as well as the Reply [Dkt. 189], because HCM filed both without leave of court. The Reply now presents voluminous new "evidence" and several new arguments. The Supplemental Appendix increases the size of HCM's proposed evidence by nearly doubling the page count. By not seeking leave of Court, HCM is ignoring established procedures and authority in the Northern District of Texas.

2.      Much of HCM's new "evidence" is dated after HCM's original Motion, and some of this so-called evidence is being used to support new, albeit erroneous allegations against HMIT. This includes, without limitation, a new argument that "the DAF—a Dondero Entity—controls HMIT through its ownership of Rand Advisors, LLC." In

---

[1] Nothing in this Brief or related Motion is an admission of any of the disputed facts and HMIT denies all material allegations asserted against it, and fully reserves all of its procedural and substantive rights.

support, HCM relies on purported evidence and allegations "on information and belief." *See* Reply [Dkt. 189] at ¶15 and notes 23-24. HCM also advances new allegations in Paragraphs 2, 6, 13-15, 18, and 3538 of their Reply to which HMIT also objects. The Court should strike these new allegations and all new "evidence." Otherwise, HMIT will be severely prejudiced having been denied an opportunity to respond to new allegations and new "evidentiary" material.

3.     Alternatively, HMIT seeks leave to file a sur-reply to provide an opportunity to fully respond to HCM's new arguments.

## II.     <u>BACKGROUND</u>

4.     On July 14, 2023, HCM filed its Motion [Dkt. 136] and 35-page Supporting Memorandum [Dkt. 137] with Appendix [Dkt. 138]. The original Appendix included 80 Exhibits totaling 2,926 pages. Exhibit 1 also included a 15-page chart consisting of distorted and misleading descriptions of the so-called "Dondero Entities" involvement in litigation.

5.     On December 15, 2023, HMIT filed its Memorandum of Law in Opposition to HCM's Motion [Dkt. 171], and Appendix in Support [Dkt. 172] which included 21 Exhibits.

6.     After receiving the opposition briefs of various parties, HCM sought an extension of time to file a reply brief, and also asked for permission to file an 89-page

reply. *See* [Dkt. 181].   On January 17, 2024, the Court granted HCM's request for extension of time, but limited HCM to a 25-page reply. *See* [Dkt. 182].

7.      On February 9, 2024, HCM filed its Reply [Dkt. 189] and Supplemental Appendix [Dkt. 190], which included another 25 Exhibits totaling 2317 pages.

## III.   <u>ARGUMENT & AUTHORITIES</u>

### A.   *OBJECTION AND MOTION TO STRIKE*

8.      District courts in the Northern District of Texas clearly hold that: "court[s] generally will not consider arguments raised for the first time in a reply brief." *White v. City of Red Oak, Texas*, No. 3:13-CV-4477-P, 2014 WL 11460871 at *1 (N.D. Tex. July 31, 2014)(quoting *Penn. Gen. Ins. Co v. Story*, No. 3:03-cv-0330-G, 2002 WL 21435511, at *1 (N.D. Tex. June 10, 2003)). Otherwise, to do so, "would deprive the non-movant of a meaningful opportunity to respond." *Id*. (quoting *Jackson v. Dallas Cnty. Juvenile Prob. Dep't*, No. 3:06-CV-264-M, 2007 WL 2187250, at *4 (N.D. Tex. July 30, 2007)); *see also Staton Holdings, Inc. v. First Data Corp.*, No. 3:04-cv-2321-P, 2005 WL 2219249, at *4 n.1 (N.D. Tex. Sept. 9, 2005)("the scope of the reply brief must be limited to addressing the arguments raised by the response. The reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court.'")(quoting *United States v. Feinberg*, 89 F.3d 333, 340-41 (7th Cir. 1996)); *In re Reagor-Dykes Motors, LP*, No. 18-50214-RLJ-11, 2022 WL 468065, at *4 (Bankr. N.D. Tex. Feb. 15, 2022) ("A court need not

consider late-filed evidence or new facts that are raised for the first time in a reply brief.") (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894-98 (1990).

9.      In the unusual circumstance where a party wishes to attempt to offer or justify new arguments (and new supporting evidence) in a reply brief, the party ***must*** seek leave of court. *See United States v. City of Dallas, Tex.*, 3:09-cv-142-0, 2011 WL 4912590, at *4 (N.D. Tex. Sep. 27, 2011) (. . . a party may not file evidence with a reply brief without first obtaining leave of court"); *Racetrac Petroleum, Inc., v. J.J.'s Fast Stop, Inc.*, No. 3:01-CV-1397, 2003 WL 251318, at * 19 (N.D. Tex. Feb. 3.2003) (same).

10.      Here, HCM filed a 2,317-page Supplemental Appendix, which nearly doubled the size of its original Appendix. HMIT objects that HCM has done so without leave of Court contrary to established authority in the Northern District of Texas. HMIT requests that the Court strike the Supplemental Appendix in its entirety.

11.      Alternatively, HMIT objects to and requests that the Court strike the Supplemental Appendix Exhibits 8-10 and 12 which HCM relies upon to advance new arguments including that "the DAF—a Dondero Entity—controls HMIT through its ownership of Rand Advisors, LLC." *See* HCM Reply at ¶ 15 and notes 23-24; Supp. App. Ex. 9 (Form ADV Uniform Application for Investment Advisor Registration and Report by Exempt Advisors for Rand Advisors, LLC dated 2/15/2023); Supp. App. Ex. 10 (Form ADV Part 2A for Rand Advisors, LLC for February 2023). HCM also objects and seeks to strike the revised new Exhibit 1 to the Reply, which is an "updated" chart fraught

with additional mischaracterizations as well as new allegations set forth in Paragraphs 2, 6, 13-15, 18, and 35 – 38.

12.     HCM is using its Reply and Supplemental Appendix to supplement its original, deficient Motion rather than reply to HMIT's responsive arguments and evidence. For this reason, the Supplemental Appendix and the new allegations in the Reply should not be considered. *Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F. Supp. 2d 545, 551 (N.D. Tex. 2006) ("The court directed the Webers to file a reply brief; it did not grant them leave to raise new grounds for vacatur [of the arbitration award] or to introduce new evidence. Because the Webers have in effect used their reply brief to supplement their motion and to add a new basis for vacatur, the court concludes that the new argument and supporting evidence should be stricken.").

**B.     *ALTERNATIVE REQUEST FOR SUR-REPLY***

13.     Alternatively, and subject to and without waiving HMIT's objections to HCM's new allegations and evidence – or HMIT's position that leave to file a sur-reply will not remedy the prejudice occasioned by HCM's new allegations and evidence – HMIT requests leave to file a sur-reply with evidence. "When new arguments are raised, a court may strike the evidence or arguments or it may grant the opposing party leave

to file a sur-reply." *White Oak*, 2014 WL 11460871 at *1; *Penn. Gen.*, 2002 WL 21435511 at *1 (same).[2]

14.     Here, HCM included in the Supplemental Appendix alleged events that occurred after HCM's Motion was filed. For example, the Supplemental Appendix (at Exhibit 1) includes a self-serving, erroneous and misleading summary of an "updated" chart purportedly "showing the litigation caused by the Dondero Entities." *See also* Supp. App. Exs. 4, 6, 9-10, 12-14, 16, 18, 20-23, 25. HMIT objects to and moves to strike this purported evidence. This Supplemental Appendix includes hearing transcripts, press release, emails, correspondence, and Form ADV Reports all dated after the July 14, 2023 filing of HCM's Motion. The Reply also includes new arguments and allegations.

15.     A sur-reply is particularly appropriate in these circumstances. *See Budri v. Firstfleet Inc.*, No. 3:19-CV-0409 (June 10, 2020 N.D. Tex.) (granting non-movant leave to file sur-reply and noting: "In their reply, the defendants point to events that occurred after they filed their supplemental brief . . . but they did not seek leave to submit additional evidence. Because the reply contains new allegations and evidence to which the plaintiff has not had a meaningful opportunity to respond, he must be afforded the opportunity to address this 'new evidence' if it is to be considered."); *see also US v. $92,203.00*, 537 F.3d 504 at n. 1 (5th Cir. 2008)("a moving party is typically not permitted

---

[2] While sur-reply briefs generally are disfavored, there is a widely recognized exception in the Northern District of Texas where new evidence is presented. *See id*.

to submit new evidence after its initial brief unless the nonmoving party has an opportunity to respond"); *see also Blanchard & Co. v. Heritage Cap. Corp.*, No. 3:97-v-0690-H, 1997 WL 757909, at *1 (N.D. Tex. Dec. 1, 1997) (granting leave to file sur-reply).

16.   HMIT commits to filing a maximum of a 10-page sur-reply brief within 10 business days after the Court's order granting leave.

### C.   *HEARING REQUEST*

HMIT requests an oral hearing to fully respond to HCM's Motion, as well as the new allegations and evidence presented in the Reply and Supplemental Appendix.

### D.   *INCORPORATION*

Pursuant to Federal Rule of Civil Procedure 10, HMIT incorporates the legal authorities and legal arguments set forth in the Brief in Support of Motion to Strike Portions of Highland Capital Management LP's Reply Brief or for Alternative Relief, which was filed by James Dondero, Get Good Trust, Highland Capital Management Fund Advisors, L.P., NextPoint Asset Management LP, Real Estate Partners, LLC, Strand Advisors, Inc., and the DugaBoy Investment Trust.

WHEREFORE, PREMISES CONSIDERED, HMIT requests that the Court strike HCM's Supplemental Appendix and selected portions of HCM's Reply; or in the alternative, grant HMIT leave to file a sur-reply with evidence; and grant HMIT's request for an oral hearing; and otherwise deny HCM's Motion in its entirety; and grant HMIT all such further relief to which HMIT may be justly entitled.

Dated: February 23, 2024        Respectfully Submitted,

        PARSONS MCENTIRE MCCLEARY PLLC

        By: */s/ Sawnie A. McEntire*

> Sawnie A. McEntire
> Texas State Bar No. 13590100
> smcentire@pmmlaw.com
> 1700 Pacific Avenue, Suite 4400
> Dallas, Texas 75201
> Telephone: (214) 237-4300
> Facsimile: (214) 237-4340
>
> Roger L. McCleary
> Texas State Bar No. 13393700
> rmcleary@pmmlaw.com
> One Riverway, Suite 1800
> Houston, Texas 77056
> Telephone: (713) 960-7315
> Facsimile: (713) 960-7347
>
> *Attorneys for Hunter Mountain*
> *Investment Trust*

## CERTIFICATE OF CONFERENCE

On February 22, 2024, and pursuant to N. D. Texas Local Rule 7.1, I conferred with opposing counsel, Mr. John A. Morris, regarding the relief requested in this Motion. As a result of this conference, I received an email dated February 23, 2024, in which opposing counsel indicated that Highland Capital Management, L.P. ("HCM") would not oppose the filing of a sur-reply strictly limited to the specific factual assertions in paragraphs 37

9

and 38 of HCM's Reply, provided that the Sur-Reply is filed within 10 days and is limited to 10 pages, but that if HMIT seeks any different or additional relief HCM opposes the entirety of the Motion. HMIT is seeking additional and different relief and, accordingly, this Motion is opposed.

/s/ Roger L. McCleary
Roger L. McCleary

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 23, 2024, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof.

/s/ Sawnie A. McEntire
Sawnie A. McEntire