**GREENBERG TRAURIG, LLP**
Daniel P. Elms
State Bar No. 24002049
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601
Email: elmsd@gtlaw.com

*Counsel for Nancy Dondero*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>v.<br><br><br><br>HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., et al.,<br><br>Defendants. | Case No. 3:21-cv-00881-X<br><br>(Consolidated with 3:21-cv-00880-X; 3:21-cv-01010-X, 3:21-cv-01378-X, 3:21-cv-01379-X) |

**NANCY DONDERO'S MOTION TO STRIKE PORTIONS OF HIGHLAND CAPITAL MANAGEMENT, L.P.'S REPLY BRIEF OR FOR ALTERNATE RELIEF**

Nancy Dondero respectfully submits this Motion to Strike Portions of Highland Capital Management, L.P.'s Reply Brief or for Alternate Relief, as follows:

## I.   INTRODUCTION

1.   As described in her Memorandum of Law in Opposition (the "Opposition") to Highland Capital Management, L.P.'s ("HCMLP") Motion to Deem Dondero Parties Vexatious Litigants and for Related Relief (the "Vexatious Litigant Motion"), Nancy Dondero's only involvement in ligation with HCMLP was because (i) HCMLP sued her in a group of adversary

cases relating to certain promissory notes; and (ii) the Unsecured Creditors' Committee sought to issue to her an expansive request for a Rule 2004 examination. Nancy Dondero has never initiated any litigation against HCMLP or any of the "Covered Parties," as such are defined in the Vexatious Litigant Motion.

2. Given the above and for other reasons, HCMLP failed to establish any basis for declaring Ms. Dondero a vexatious litigant. This failure prompted HCMLP to assert new arguments against Ms. Dondero, based on newly submitted evidence, in its Reply to Objections to Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief (the "Reply Brief"). HCMLP's new arguments and new evidence are improper, unfair, and should be stricken.

## II.   FACTS RELEVANT TO NANCY DONDERO

3. HCMLP filed its Vexatious Litigant Motion on July 14, 2023. Dkt. 137. In support of same, HCMLP filed a 35-page Memorandum of Law and attached a nearly 3,000-page Appendix (the "Original Appendix"). Dkt. 138. The Original Appendix included a 15-page chart purporting to describe the supposedly vexatious actions taken by the Dondero Entities in the context of the HCMLP chapter 11 bankruptcy case. *Id*. (Appx. 00001-00016)

4. Notably, Nancy Dondero is mentioned just once in HMCLP's Original Appendix chart, where it summarizes the Conditional Forgiveness Agreement[1] asserted by James Dondero in the defense of HCMLP's claims for recovery of certain promissory notes. *Id*. (Appx. 00016).

5. In addition to the chart, HCMLP's Original Appendix includes 79 separate exhibits. *Id.* Nancy Dondero is again mentioned just once in those approximately 2,000 pages, when Grant Scott identified her during his deposition as the Trustee for the Dugaboy Investment Trust ("Dugaboy"). *Id.* (Appx. 1809).

---

[1] The Conditional Forgiveness Agreement is defined in the Opposition. Dkt. 168 at ¶ 6.

**Nancy Dondero's Joinder in Motion to Strike Portions of**
**Highland Capital Management, L.P.'s Reply Brief or for Alternative Relief —Page 2**

6. On December 16, 2023, Nancy Dondero filed her Opposition. Dkt. 168. On January 12, 2024, after receiving Nancy Dondero's Opposition (along with those filed by others whom HCMLP seeks to deem vexatious litigants), HCMLP sought this Court's approval of an extension of time to file an 89-page reply. Dkt. 181. On January 17, 2024, the Court allowed the extension of time but limited HCMLP to a 25-page reply brief. Dkt. 182.

7. On February 9, 2024, HCMLP filed its Reply Brief. Dkt. 189. Perhaps dissatisfied with the 25-page limit, the Reply Brief includes a "Supplemental Appendix" containing 25 new exhibits totaling over 2,300 pages. Dkt 190.

8. Included in the Supplemental Appendix as Exhibit 11 is the entire transcript of an October 18, 2021 deposition of Nancy Dondero. Dkt. 190 (Appx. 000864-000964). This transcript was obviously available to HCMLP when it filed its Vexatious Litigant Motion, but HCMLP offers no explanation why it was not included in the Original Appendix.[2]

9. HCMLP's Reply Brief cites to Ms. Dondero's newly-submitted deposition testimony to impugn the merits of the Conditional Forgiveness Agreement. Dkt. 189 at ¶ 16 and n. 29. In fact, HCMLP cites 25 pages of the deposition transcript to support its claim that "At her deposition, Nancy [Dondero] effectively conceded her willing participation in [James] Dondero's conspiracy." Dkt. 189 at n. 29.

A. **HCMLP Is Not Permitted to Advance New Arguments in Its Reply Brief Legal.**

10. "'The scope of the reply brief must be limited to addressing the arguments raised by the response. The reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court.'" *Staton Holdings, Inc. v. First Data Corp.*, No. 3:04-cv-2321-P, 2005 WL 2219249, at *4 n. 1 (N.D. Tex. Sept. 9, 2005) (quoting *United States v. Feinberg*, 89 F.3d 333,

---

[2] HCMLP unquestionably had a copy of this transcript. Mr. Dondero's deposition was taken by the same law firm that filed the Vexatious Litigant Motion. *Cf.* Dkt. 137 and Dkt. 190 at Appx. 00865.

**Nancy Dondero's Joinder in Motion to Strike Portions of
Highland Capital Management, L.P.'s Reply Brief or for Alternative Relief —Page 3**

340-41 (7th Cir. 1996)); *see also, In re Reagor-Dykes Motors, LP*, No. 18-50214-RLJ-11, 2022 WL 468065, at *4 (Bankr. N.D. Tex. Feb. 15, 2022) ("A court need not consider late-filed evidence or new facts that are raised for the first time in a reply brief.") (*citing Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894-98 (1990). To rectify the injustice created when a movant raises new arguments or cites new evidence for the first time in a reply brief, a court may strike the new evidence or arguments raised. *See, White v. City of Red Oak, Texas*, No. 3:13-cv-4477-P, 2014 WL 11460871, at *1 (N.D. Tex. July 31, 2014) (recognizing that striking newly raised evidence and argument is an appropriate remedy).

**(1)     HCMLP's "Conspiracy" Argument Is New.**

11.     As noted in her Opposition, Nancy Dondero is only mentioned twice in the Vexatious Litigant Motion (once as "Nancy Dondero" and once as James Dondero's "sister"). Dkt. 168 at ¶ 2. The Opposition explains that the only reason Nancy Dondero was ever involved in any litigation against HCMLP was because HCMLP initiated legal process – whether adversary litigation or a subpoena for records – against her. *Id*. at ¶¶ 7-8; 14.

12.     In its Reply Brief, HCMLP tweaks its argument to claim that Nancy Dondero "conspired" with James Dondero with respect to the Conditional Forgiveness Agreement. Dkt 189 at ¶ 16 and n. 29. This new argument was not raised in the Vexatious Litigant Motion, *See, generally,* Dkt 136, and it does not fairly address any aspect of Nancy Dondero's argument that she was a litigant only at HCMLP's insistence. *See, generally*, Dkt 168. Notwithstanding its lack of merit, Nancy Dondero should have the right to respond to this "conspiracy" allegation, and to address, explain, or supplement the deposition testimony that HCMLP has cited to support it.

13.     Importantly, HCMLP was required to demonstrate that *each* accused person and entity has acted in a manner warranting a vexatious litigant sanction. *See, Baum v. Blue Moon*

*Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008). HCMLP's Vexatious Litigation Motion failed that charge as to Nancy Dondero, both as to the evidence submitted and the legal consequences of it. Given this failure, HCMLP has pivoted to a new "conspiracy" theory, ostensibly supported by new evidence, in its Reply Brief. That is procedurally and substantively unfair, and striking HCMLP's new arguments and evidence is the appropriate remedy.

**(2)   HCMLP's "Control by Proxy" Argument Is New.**

14.   HCMLP's Reply Brief, also cites to a portion of the Memorandum of Law in Opposition to Highland Capital Management, L.P.'s Motion to Deem Dondero Parties Vexation Litigation filed by James Dondero, among others (the "James Dondero Opposition"), to argue that it reflects James Dondero's admission that he controls Dugaboy. Dkt. 189 at ¶ 8 and n. 7 (*citing* Dkt. 173 at 23-24). Nancy Dondero believes this materially mischaracterizes the James Dondero Opposition.

15.   Nevertheless, HCMLP's Reply Brief argues, for the first time, that because James Dondero controls Dugaboy, he must therefore also control Dugaboy's trustees, including Nancy Dondero. Dkt. 189 at ¶ 8 and n. 7; ¶ 17. By contrast, the Vexatious Litigant Motion did not claim that James Dondero controls Nancy Dondero, much less offer any cogent argument or evidence to support such a claim. *See, generally,* Dkt. 138.[3] Nancy Dondero was never given a full and fair opportunity to respond to the accusation that she is controlled by James Dondero and it should therefore be stricken.

---

[3] The Vexatious Litigant Motion does lump Nancy Dondero within the definition of "Dondero Entities." Dkt. 137 at n. 2. However, as pointed out in the Opposition, the Bankruptcy Court' Confirmation Order did not categorize Nancy Dondero as a "Dondero Related Entity." Dkt. 168 at ¶¶ 32-33.

**Nancy Dondero's Joinder in Motion to Strike Portions of**
**Highland Capital Management, L.P.'s Reply Brief or for Alternative Relief —Page 5**

**B.      HCMLP Is Not Permitted to Submit New Evidence with Its Reply Brief.**

16.     "It is well established that a party may not file evidence with a reply brief without first obtaining leave of court." *United States v. City of Dallas, Tex.*, No. 3:09-cv-142-0, 2011 WL 4912590, at *4 (N.D. Tex. Sep. 27, 2011); *Racetrac Petroleum, Inc., v. J.J.'s Fast Stop, Inc.*, No. 3:01-CV-1397, 2003 WL 251318, at *19 (N.D. Tex. Feb. 3, 2003) (same). HCMLP failed to seek or obtain leave to file additional evidence with its Reply Brief, and the Court should therefore strike it.

17.     Alternatively, prejudice caused by new arguments or new evidence in a reply brief can be remedied by permitting the non-movant to file a sur-reply. *See Pennsylvania Gen. Ins. Co. v. Story*, No. 3:03-cv-0330-G, 2003 WL 21435511, at *1 (N.D. Tex. June 10, 2003) ("no palpable injustice exists where nonmovants are given a chance to respond") (internal citations and quotations omitted) (denying motion to strike but granting leave to file sur-reply); *see also Blanchard & Co. v. Heritage Cap. Corp.*, No. 3:97-v-0690-H, 1997 WL 757909, at *1 (N.D. Tex. Dec. 1, 1997) (same). Indeed, a non-movant "*must* be afforded the opportunity to address . . . 'new evidence' if it is to be considered." *See Budri v. Firstfleet Inc.*, No. 3:19-CV-0409 (June 10, 2020 N.D. Tex.) (granting non-movant leave to file sur-reply) (emphasis added).

### III.     CONCLUSION AND REQUEST FOR RELIEF

HCMLP was required to raise any arguments and cite any evidence it wanted to rely upon to support its Vexatious Litigant Motion in its opening brief. HCMLP's failure to do so, and its inclusion of new arguments and new evidence in its Reply Brief, has substantially prejudiced Nancy Dondero. This Court should grant Nancy Dondero's Motion to Strike and order that the following shall be stricken in their entirety: (i) Dkt 189 Reply Brief paragraphs 8(v), 16, 17, and 40; and (ii) Dkt. 190 Supplemental Appendix Exhibit 11 (Appx. 000864-000964). Alternatively,

the Court should grant Nancy Dondero leave to file a sur-reply to address the new arguments raised and new evidence raised for the first time in the Reply Brief.

> **GREENBERG TRAURIG, LLP**
>
> */s/ Daniel P. Elms*
> Daniel P. Elms
> State Bar No. 24002049
> 2200 Ross Avenue, Suite 5200
> Dallas, Texas 75201
> Telephone: (214) 665-3600
> Facsimile: (214) 665-3601
> Email: elmsd@gtlaw.com
>
> *Counsel for Nancy Dondero*

## CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that on February 26 and 27, 2024, I corresponded via email with John Morris, counsel for Highland Capital Management, L.P., regarding the relief sought in this Motion and the basis for same, and Mr. Morris advised me that he is opposed to such relief.

> */s/ Daniel P. Elms*
> Daniel P. Elms

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 27, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel for record.

> */s/ Daniel P. Elms*
> Daniel P. Elms