PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:   MHayward@HaywardFirm.com
         ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | Case No. 3:21-cv-00881-X |
| | § | |
| vs. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., et al., | § | (Consolidated with 3:21-cv-00880-X, 3:21-cv-01010-X, 3:21-cv-01378-X, 3:21-cv-01379-X) |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

# BRIEF IN SUPPORT OF HIGHLAND CAPITAL MANAGEMENT, L.P.'S OMNIBUS OBJECTION TO MOTIONS TO STRIKE REPLY AND SUPPORTING EXHIBITS OR, <u>ALTERNATIVELY, FOR LEAVE TO FILE A SURREPLY</u>

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ................................................................................................1

BACKGROUND .....................................................................................................................2

LEGAL ARGUMENT.............................................................................................................9

      A.     The Dondero Entities' Motion to Strike Should Be Denied...................................9

      B.     The Dondero Entities' Motion to File a Surreply Should Be Denied...................11

      C.     If This Court Grants Any Relief, It Should Be Specifically Limited ...................12

CONCLUSION........................................................................................................................12

# TABLE OF AUTHORITIES

**Page**

## CASES

*Banda v. Owens Corning Corp.*,
   2018 U.S. Dist. LEXIS 214844 (N.D. Tex. Dec. 21, 2018) ............................................ 10

*Horton v. Med-Sense Guaranteed Ass'n*,
   2021 U.S. Dist. LEXIS 164317 (N.D. Tex. Apr. 6, 2021) ........................................... 9, 11

*Krohn v. Spectrum Gulf Cost, LLC*,
   2019 U.S. Dist. LEXIS 161107 (N.D. Tex. Sept. 19, 2019) .......................................... 10

*Lacker v. West*,
   147 F. Supp. 2d 538 (N.D. Tex. 2001) ............................................................. 10

*Lynch v. Union Pac. R.R. Co.*,
   2015 U.S. Dist. LEXIS 152674 (N.D. Tex. Nov. 6, 2015) ............................... 9, 10, 11, 12

*Murray v. TXU Corp.*,
   2005 U.S. Dist. LEXIS 10298 (N.D. Tex. May 27, 2005) ............................................ 12

*Srk Holdings v. S. Towing Co.*,
   2021 U.S. Dist. LEXIS 228612 (S.D. Tex. Nov. 30, 2021) .......................................... 11

*Staton Holdings, Inc. v. First Data Corp.*,
   2005 WL 2219249 (N.D. Tex. Sept. 9, 2005) ....................................................... 9

*Terry v. The Charitable Donor Advised Fund, L.P.*,
   2024 U.S. Dist. LEXIS 36334 (S.D.N.Y. Mar. 1, 2024) ............................................. 7

HCMLP[1] files this brief in support of its response (the "Response") in opposition to the motions to strike filed by (i) HMIT (the "HMIT Motion") [D.I. 194], (ii) the DAF Entities [D.I. 196] (the "DAF Motion"), (iii) Dondero, HCMFA, NPA, HCMS, HCRE, Dugaboy, Strand, and Get Good [D.I. 197] (the "Dondero Motion"), and (iv) Nancy Dondero [D.I. 198] (the "Nancy Motion," and together with the HMIT Motion, the DAF Motion, and the Dondero Motion, the "Motions"). In furtherance of its Response, HCMLP respectfully states as follows:

## PRELIMINARY STATEMENT

1.      Implicitly acknowledging the strength of the arguments and supporting documentation cited in HCMLP's Reply, the Dondero Entities, in another coordinated effort, seek to strike virtually all of it or, alternatively, file sur-replies so they may "get the last word." Under the circumstances, there is no basis to grant such "extraordinary" and "exceptional" relief, and the Motion should be denied.

2.      The parties agree on one thing: a reply brief should respond to arguments and assertions set forth in a responsive pleading. That is exactly what HCMLP's Reply and supporting Reply Exhibits accomplish. As the detailed charts below irrefutably establish, ***every argument and factual assertion in HCMLP's Reply that the Dondero Entities contend is "new" is, in fact, directly responsive to arguments and assertions set forth in the Objections***. Indeed, the arguments and factual assertions in HCMLP's Reply follow directly from those set forth in HCMLP's original motion. Because HCMLP's Reply and related evidence are responsive to arguments raised and evidence relied on by the Dondero Entities, there is no basis to strike any portion of HCMLP's Reply or grant leave to file any sur-replies.

---

[1] Capitalized terms used but not defined herein have the meanings given to them below or in *Highland Capital Management, L.P.'s Reply to Objections to Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief* [D.I. 189] (the "Reply"). HCMLP is concurrently filing its *Appendix and Declaration of Gregory V. Demo in Support of Omnibus Objection to Motions to Strike Reply and Supporting Exhibits or, Alternatively, for Leave to File a Surreply* (the "Appendix"). Citations to the Appendix are notated as "Ex. #, Appx. #."

3.      Nor is there any basis to strike any of the Reply Exhibits. Again, each Reply Exhibit directly responds to a Dondero Entity's argument in the Objections. Further, nearly all of the Reply Exhibits are publicly available and could have been cited to without the submission of a supplemental appendix. Yet the Dondero Entities now seek to strike the Reply Exhibits in an effort to prevent this Court from considering evidence and arguments that directly contradict the their factual misrepresentations. While HCMLP arguably should have sought leave to file a supplemental appendix, the Dondero Entities have no credible claim of prejudice and this Court should exercise its discretion and consider the Reply Exhibits. The evidence directly rebuts the Dondero Entities' contentions, bolsters arguments made in HCMLP's original motion, and does not support any new issues, legal arguments, or theories.

4.      For the reasons set forth herein, the Dondero Entities' Motions should be denied.

## BACKGROUND

5.      On July 14, 2023, HCMLP moved to have the Dondero Entities deemed vexatious litigants and for related relief.[2]

6.      On December 16, 2023, the Dondero Entities filed their Objections[3] in which they argued, in pertinent part, that (i) they were not controlled by Dondero and (ii) their conduct during the Bankruptcy Case or in other matters was not vexatious or in bad faith.

7.      On February 9, 2024, HCMLP filed its Reply to directly address, *inter alia*, the Dondero Entities' arguments premised on erroneous statements of fact and mischaracterizations of settled court orders.

8.      In support of its Reply, HCMLP offered 25 documents (collectively, the "Reply Exhibits"),[4] ***all of which directly respond to the Objections and (with five exceptions) are***

---

[2] D.I. 136, 137, 138.
[3] D.I. 166, 167, 168, 171, 173.

*publicly available*. Specifically, 20 of the 25 Reply Exhibits were (i) the Dondero Entities' own regulatory filings with the Securities and Exchange Commission or similar foreign bodies, (ii) documents concerning Dondero-related litigation that were filed on court dockets, (iii) correspondence between Dondero Entities, and (iv) a chart summarizing certain docket entries concerning Dondero-related litigation. The remaining exhibits[5] are (a) PSZJ's correspondence with certain Dondero Entities, (b) HCMLP's correspondence with Canadian regulators expressly referred to (but not included) in the Dondero Objection,[6] and (c) the corporate documents confirming Dondero's previous disclosures about his control and ownership of HCMS.[7]

9.      Accordingly, the Dondero Entities knew of all of the Reply Exhibits before they filed their Objections or the Reply was filed.

10.     Approximately two weeks later, on February 23, 2024, HMIT filed the HMIT Motion seeking to strike Reply Exhibits 1, 8-10 and 12 and paragraphs 2, 6, 13-15, 18, and 35-38 of the Reply or, in the alternative, requesting leave to file a surreply.[8]

11.     That same day, the DAF Entities filed the DAF Motion seeking to strike the Reply Exhibits *in their entirety* and the Reply to the extent it relied on the Reply Exhibits (although the DAF Entities did not bother to connect the Reply and any of the Reply Exhibits).

---

[4] The Reply Exhibits were attached to, and authenticated in, the *Supplemental Appendix and Declaration of Gregory V. Demo in Further Support of Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief*. D.I. 190.

[5] Reply Exhibits 3, 13, 14, 22, and 23 (collectively, the "Non-Public Documents").

[6] *See* Dondero Obj. at 19-20.

[7] *Notice and Disclosure of NexPoint re Entities and Highland Capital Management Services Inc. in Response to Court's Sua Sponte Order Requiring Disclosures*, B.D.I. 2544, at 3 (Bankr. N.D. Tex. July 9, 2021) (disclosing "Mr. Dondero owns 75% of the direct ownership interest in HCMS" and that Dondero is HCMS' president); Highland Income Fund, Certified Shareholder Report (Form N-CSR), Item 8 (Mar. 10, 2023) ("HCM Services is controlled by Mr. Dondero and Mr. Mark Okada by virtue of their respective share ownership.")

[8] Validating HCMLP's contention that the Dondero Entities are acting in concert, HMIT purported to incorporate by reference Dondero's Motion (HMIT Motion at 8) even though that Motion was not filed and would not be filed until the following week.

12.     Three days later, on February 26, 2024, Dondero filed the Dondero Motion seeking to strike Reply Exhibits 1, 4, 6, 12-14, 16, and 18-23, and paragraphs 2, 6-15, 17, 23, and 38 of the Reply or, in the alternative, requesting leave to file a surreply.

13.     Finally, on February 27, 2024, Nancy filed the Nancy Motion seeking to strike Reply Exhibit 11 and paragraphs 8(v), 16, 17, and 40 of the Reply or, in the alternative, requesting leave to file a surreply.

14.     In their Motions, the Dondero Entities contend that HCMLP advanced "new" arguments in its Reply, based on "new" evidence, which deprived them of their ability to respond. The Dondero Entities' contentions are misplaced. As the charts below prove, the paragraphs of the Reply and the Reply Exhibits the Dondero Entities seek to strike directly respond to arguments (and factual misrepresentations) raised in the Objections:[9]

| Objection: | Reply[10] |
|---|---|
| Dondero Obj. at 24 (arguing Funds are independent because they are represented by independent counsel) | Reply ¶¶ 6-7 (discussing Dondero's use of various law firms and lawyers to coordinate and implement his vexatious litigation strategy) |
| Dondero Obj. at 25 (arguing CLOH is independent because it has "independent outside counsel") | |
| Dondero Obj. at 33-34 (arguing case law does not allow the Court to deem the Dondero Entities vexatious because they have legal counsel) | |
| Dondero Obj. at 34 (arguing the Dondero Entities have not acted in bad faith because they are "represented by numerous sophisticated outside counsel bound by rules of procedural and professional ethics") | |
| Dondero Obj. at 41-42 (arguing the Dondero Entities are not vexatious because they have "acted through sophisticated | |

---

[9] For the avoidance of doubt, the challenged arguments in the Reply follow directly from HCMLP's arguments in its original motion, including (as relevant here) that the Dondero Entities were "dominated and controlled by or acting in concert with Dondero" and were "engaged in a coordinated litigation strategy" against "HCMLP and its management" to "undermine HCMLP's confirmed Plan." *See* Brief ¶ 1; *see also id*. ¶¶ 4, 14-15, 21-31, 40, 42. The Dondero Entities disputed these arguments in their Objections. Consistent with the Brief, HCMLP responded to the Dondero Entities' arguments in the Reply. Thus, the Dondero Entities' primary assertion that HCMLP's arguments in the Reply—that Dondero controlled the Dondero Entities and the Dondero Entities are continuing their concerted and coordinated efforts to harass HCMLP—are "new" and unexpected is plainly wrong.

[10] The Dondero Entities also moved to strike paragraph 2 of the Reply. Paragraph 2 summarizes paragraphs 23, 34, and 38 and footnotes 70 and 108 of the Reply. The Dondero Entities did not seek to strike paragraph 34 or footnotes 70 or 108, and, accordingly, there is no basis to strike those portions of paragraph 2. For the reasons set forth herein, there is no basis to strike references to paragraphs 23 and 38 in paragraph 2.

| | |
|---|---|
| outside counsel that understands the rules of law") | |
| Dondero Obj. at 23-24 (conceding ownership or control of Strand, NPA, HCMFA, Get Good, Dugaboy, HCRE, and PCMG but not conceding control of HCMS) | Reply ¶ 8 (summarizing Dondero's admission that he owns or controls Strand, NPA, HCMFA, Get Good, Dugaboy, HCRE, and PCMG and alleging Dondero owns/controls HCMS) |
| Funds Obj. ¶ 15 (arguing Funds are governed by independent boards and are therefore independent of Dondero) | Reply ¶ 9 (quoting Fifth Circuit ruling affirming Dondero's control of the Funds notwithstanding their allegedly "independent" boards) |
| Dondero Obj. at 24, n.45, n.47 (same) | |
| Funds Obj. ¶ 15 (arguing *Lanotte* found Funds independent from Dondero) | Reply ¶ 10 (distinguishing *Lanotte* and comparing it to *NexPoint*) |
| Dondero Obj. at 24 n.45 (same) | |
| DAF Obj. ¶¶ 6-8 (arguing CLOH is ostensibly controlled by Patrick and Murphy, DAF is ostensibly controlled by Patrick, and neither "Dondero nor any of his affiliates … have a direct or indirect ability or right to control" the DAF Entities) | Reply ¶ 11 (summarizing the DAF Entities' allegations concerning Patrick's and Murphy's ostensible control and denial of Dondero control) |
| Dondero Obj. at 24-25 (alleging DAF Entities are independent and ostensibly controlled by Patrick) | |
| Dondero Obj. at 24-25 (alleging DAF Entities are independent and ostensibly controlled by Patrick) | Reply ¶ 12 (summarizing this Court's order affirming factual findings regarding Dondero's influence and control over the DAF Entities) |
| HMIT Obj. ¶¶ 8-9 (arguing Patrick ostensibly controls HMIT and Dondero has no control) | Reply ¶ 13 (summarizing and contesting HMIT's allegation that Patrick is its control person) |
| HMIT Obj. ¶¶ 33-35 (arguing HCMLP has no evidence of Dondero's control over HMIT) | |
| Dondero Obj. at 25 (arguing that Patrick administers HMIT) | |
| HMIT Obj. ¶¶ 8-9 (arguing Patrick ostensibly controls HMIT and Dondero has no control) | Reply ¶ 14 (summarizing Patrick's testimony regarding Dondero's influence over HMIT and Dugaboy's status as HMIT's economic stakeholder) |
| HMIT Obj. ¶¶ 33-35 (arguing HCMLP has no evidence of Dondero's control over HMIT) | |
| Dondero Obj. at 25 (arguing that Patrick administers HMIT) | |
| HMIT Obj. ¶¶ 8-9 (arguing neither Dondero nor a Dondero entity owns an interest in HMIT) | Reply ¶ 15 (citing DAF's regulatory filings to show DAF's ultimate ownership of HMIT) |
| Dondero Obj. at 25 (arguing HMIT is not owned by a Dondero Entity) | |
| Nancy Obj. ¶¶ 3 ("Nancy Dondero has never done anything in the nature of vexatious, abusive, or frivolous litigation conduct, and HCMLP's only option is to try to deem her guilty by association.") | Reply ¶ 16 (rebutting Nancy's argument based on her conduct in the Notes litigation, including her extensive admissions that she does not control Dugaboy and lacked a good faith basis to assert the discredited "oral agreement" defense) |
| Nancy Obj. ¶ 4 ("Ms. Dondero was the target, not the instigator, of the litigation process") | |
| Nancy Obj. ¶¶ 5-13, 21, 25 (arguing Nancy's conduct in the Notes litigation was appropriate) | |
| Dondero Obj. at 23-24 | Reply ¶ 17 (citing Dondero's admission of control over Dugaboy and extrapolating control of Nancy from same) |
| Nancy Obj. ¶ 6 (conceding Nancy was Dugaboy's trustee) | |
| Nancy Obj. ¶¶ 1, 3-13, 21, 25 (arguing Nancy's conduct was not vexatious) | Reply ¶ 18 (summarizing the Dondero Entities' vexatious conduct with citations to Brief ¶¶ 21-30) |
| Dondero Obj. at 10-23 (arguing the Dondero Entities are not vexatious) | |

| | |
|---|---|
| Funds Obj. ¶ 11 (arguing the Funds are not vexatious) | |
| DAF Obj. ¶¶ 64-65 (arguing the DAF Entities are not vexatious) | |
| HMIT Obj. ¶¶ 3, 5, 25, 29-31, 35 (arguing HMIT is not vexatious and has acted in good faith) | |
| Dondero Obj. at 20 ("Dondero and Strand recently filed a Motion … seeking to file a complaint against HCMLP's law firm, Pachulski, for providing legal advice to Dondero and Strand at a time when it was conflicted from doing so") | Reply ¶ 23 (pointing out that Dondero and Strand withdrew their Motion for leave to sue Pachulski in the face of a threat of Rule 11 sanctions) |
| Dondero Obj. at 41 (same) | |
| HMIT Obj. ¶¶ 8-9, 12-17, 30 (arguing HCMLP mischaracterized the Rule 202 petitions) | Reply ¶ 35 (summarizing HMIT's Rule 202 petitions in Texas state court and suit in the Bankruptcy Court for insider trading; Reply ¶ 35 largely restates ¶¶ 24-25 and 30 of the Brief) |
| HMIT Obj. ¶¶ 20-21 (arguing HCMLP mischaracterized HMIT's insider trading action) | |
| Dondero Obj. at 15, n.25 (arguing that HMIT's motion for leave to sue Seery for insider trading was justified) | |
| Dondero Obj. at 41 (same) | |
| HMIT Obj. ¶¶ 20-21 (arguing HCMLP mischaracterized HMIT's insider trading action) | Reply ¶ 36 (summarizing status of HMIT's motion for leave to sue Seery discussed at Brief ¶ 30 and Bankruptcy Court's findings that HMIT's suit was vexatious) |
| HMIT Obj. ¶¶ 3, 5, 25, 29-31, 35 (arguing HMIT's insider trading action is supported by evidence and was brought in good faith and not to be vexatious) | |
| Dondero Obj. at 15, n.25 (arguing HMIT's motion for leave to sue Seery for insider trading was justified) | |
| Dondero Obj. at 41 (same) | |
| HMIT Obj. ¶ 34 (arguing "there is evidence" (i.e., the balance sheet) showing HMIT is in the money and should be considered a Claimant Trust Beneficiary) | Reply ¶ 37 (summarizing status of HMIT's motion for reconsideration of denial of standing based on adjusted *pro forma* balance sheet) |
| Dondero Obj. at 1, 11-12, 21, n.1, n.21, n.39 (arguing balance sheet shows HCMLP is solvent with sufficient assets to pay HMIT/Dugaboy and that HCMLP is manipulating finances to avoid paying creditors) | |
| DAF Obj. ¶¶ 26-29, 72-73 (arguing balance sheet shows HMIT is solvent and impermissibly withholding payments to creditors) | |
| HMIT Obj. ¶ 34 (arguing "there is evidence" (i.e., the balance sheet) showing HMIT is in the money and should be considered a Claimant Trust Beneficiary) | Reply ¶ 38 (summarizing HMIT's attempts to re-litigate standing and status as Claimant Trust Beneficiary since October 2023) |
| Nancy Obj. ¶¶ 1, 3-13, 21, 25 (arguing Nancy's conduct was not vexatious but ignoring her role as Dugaboy's trustee) | Reply ¶ 40 (arguing that Nancy, as Dugaboy's trustee, should be held accountable for Dugaboy's vexatiousness) |

Similarly, the Reply Exhibits directly responded to the arguments in the Objections.

| Decl. Exh. | Type of Document | Responsive To: | Available At: |
|---|---|---|---|
| | | | |

| Decl. Exh. | Type of Document | Responsive To: | Available At: |
|---|---|---|---|
| 1. | Litigation Chart | Dondero Obj. at 10-23, 24-25, 33-34, 41-42; DAF Obj. ¶¶ 64-65; HMIT Obj. ¶¶ 3, 5, 25, 29-31, 35; Nancy Obj. ¶¶ 3-13, 21, 25; Funds Obj. ¶ 11 | Various Court Dockets[11] |
| 2. | Email (Dondero and Ellington) | Dondero Obj. at 24-25, 33-34, 41-42 | Adv. Proc. No. 20-03190-sgj, D.I. 50-7 (Bankr. N.D. Tex. Jan. 7, 2021) |
| 3. | HCMS Organizational Documents | Dondero Obj. at 23-24 | N/A |
| 4. | SEC Filing | Funds Obj. ¶ 15; Dondero Obj. ¶ 25, n.45, n.47 | https://www.sec.gov/Archives/edgar/data/1622148/000119312523291374/d540929dncsr.htm |
| 5. | SEC Filing | Funds Obj. ¶ 15; Dondero Obj. ¶ 25, n.45, n.47 | https://www.sec.gov/Archives/edgar/data/1710680/000119312523067397/d398748dncsr.htm |
| 6. | SEC Filing | Funds Obj. ¶ 15; Dondero Obj. ¶ 25, n.45, n.47 | https://www.sec.gov/Archives/edgar/data/1356115/000135611523000015/nxdt-20230930.htm |
| 7. | SEC Filing | Funds Obj. ¶ 15; Dondero Obj. ¶ 25, n.45, n.47 | https://www.sec.gov/Archives/edgar/data/1588272/000119312523079332/d437941d10k.htm |
| 8. | Transcript of Hearing | HMIT Obj. ¶¶ 8-9, 33-35; Dondero Obj. at 25 | B.D.I. 3843 |
| 9. | SEC Filing | HMIT Obj. ¶¶ 8-9; Dondero Obj. at 25 | https://reports.adviserinfo.sec.gov/reports/ADV/172839/PDF/172839.pdf |
| 10. | SEC Filing | HMIT Obj. ¶¶ 8-9; Dondero Obj. at 25 | https://files.adviserinfo.sec.gov/IAPD/Content/Common/crd_iapd_Brochure.aspx?BRCHR_VRSN_ID=813048 |
| 11. | Transcript of Deposition | Nancy Obj. ¶¶ 3-13, 21, 25 | Adv. Proc. No. 21-03003-sgj, D.I. 135, Ex. 100 (Bankr. N.D. Tex. Dec. 18, 2021) |
| 12. | Transcript of Hearing | Nancy Obj. ¶¶ 1, 3-13, 21, 25; Dondero Obj. at 10-25; Funds Obj. ¶ 11; DAF Obj. ¶¶ 64-65; HMIT Obj. ¶¶ 3, 5, 25, 29-31, 35 | B.D.I. 4030[12] |
| 13. | Email (PSZJ and Dondero's counsel) | Dondero Obj. at 20, 41 | N/A |
| 14. | Email (PSZJ and Dondero's counsel) | Dondero Obj. at 20, 41 | N/A |

---

[11] The Dondero Entities argue, at great length, that the litigation chart contained new arguments and evidence. Again, that is false. HCMLP simply updated the litigation chart based on publicly available docket entries to reflect the current status of the various Dondero Entity litigations. A redline showing the changes made to the litigation chart is attached to the Appendix as Ex. 1, Appx. 1-20. The Southern District of New York's recent dismissal of NSOF's counterclaims in Dondero's lawsuit against Terry, Acis, USBank, and HCLOF (Brief n.13) is not included on the chart. *See Terry v. The Charitable Donor Advised Fund, L.P.*, 2024 U.S. Dist. LEXIS 36534, at *8 (S.D.N.Y. Mar. 1, 2024) (dismissing NSOF's "creative, but meritless arguments," in their entirety, as an attempt to "reconfigure the fundamental elements of [NSOF's] investment" in the Acis CLOs).

[12] Transcript will be made available to the public on March 24, 2024.

| Decl. Exh. | Type of Document | Responsive To: | Available At: |
|---|---|---|---|
| 15. | Transcript of Hearing | Dondero Obj. at 16 | Adv. Proc. No. 21-03020-sgj, D.I. 183 (Bankr. N.D. Tex. Aug. 10, 2022) |
| 16. | Transcript of Hearing | Dondero Obj. at 16-17 | B.D.I. 3987[13] |
| 17. | SEDAR Filing[14] | Dondero Obj. at 19-20 | https://www.sedarplus.ca/csa-party/records/document.html?id=3350a5a3f95683b05eb32db0331078716ff41150a4ba746e5ff03c976fcbcaa3 |
| 18. | SEDAR Filing | Dondero Obj. at 19-20 | https://www.sedarplus.ca/csa-party/viewInstance/view.html?id=0c11f8b7998bcd96abf7c98d0335d6bd7126ac146f8aaf88&_timestamp=12191475498138982 |
| 19. | Canadian Regulatory Filing | Dondero Obj. at 19-20 | https://www.capitalmarketstribunal.ca/en/proceedings/highland-capital-management-lp-re/application-matter-highland-capital-management-lp-and-nexpoint-hospitality-trust |
| 20. | SEDAR Filing | Dondero Obj. at 19-20 | https://www.sedarplus.ca/csa-party/viewInstance/view.html?id=0c11f8b7998bcd96cad9180c931cf52448afb0d033dddf3d&_timestamp=12191538703285671 |
| 21. | Canadian Regulatory Filing | Dondero Obj. at 19-20 | https://www.capitalmarketstribunal.ca/en/proceedings/highland-capital-management-lp-re/notice-withdrawal-matter-highland-capital-management-lp-and-nexpoint-hospitality-trust |
| 22. | Letter to Canadian Regulator | Dondero Obj. at 19-20 | N/A |
| 23. | Letter to Canadian Regulator | Dondero Obj. at 19-20 | N/A |
| 24. | Transcript of Hearing | DAF Obj. ¶¶ 12-17 | B.D.I. 571 |
| 25. | Guernsey Court Order | DAF Obj. ¶ 41 | https://www.guernseylegalresources.gg/CHttpHandler.ashx?documentid=85011 |

If the Reply were revised to replace citations to Reply Exhibits with citations to the public source, only the five Non-Public Documents and Reply Exhibit 1 would need to be included in an appendix. A copy of the Reply, revised to reflect citations to the public source rather than the Declaration, is attached to the Appendix as Ex. 2, Appx. 21-53.

---

[13] Transcript will be made available to the public on March 5, 2024.

[14] SEDAR is the public filing system for the Ontario Securities Commission.

15.     Ultimately, as discussed below, the Reply does not raise any new arguments, and the Reply Exhibits directly refutes the Dondero Entities' false presentation of certain facts. Thus, the Reply and Reply Exhibits do exactly what is proper, expected, and required—they directly respond to the Dondero Entities' arguments in the Objections.

## LEGAL ARGUMENT

### A.     The Dondero Entities' Motion to Strike Should Be Denied

16.     The Dondero Entities argue the Reply and/or the Reply Exhibits should be stricken because they "are replete with new arguments and citations to evidence not mentioned in the Vexatious Litigant Motion."[15] However, as the Dondero Entities acknowledge, a reply brief is intended to "address[] the arguments raised by the response" and is not limited to the opening brief. *See, e.g.*, Dondero Motion ¶ 8 ("It is axiomatic that 'the scope of a reply brief must be limited to addressing the arguments raised by the response.'") (citing *Staton Holdings, Inc. v. First Data Corp.*, 2005 WL 2219249, at *4, n.1 (N.D. Tex. Sept. 9, 2005) (citations omitted)); *see also Horton v. Med-Sense Guaranteed Ass'n*, 2021 U.S. Dist. LEXIS 164317, at 7-8 (N.D. Tex. Apr. 6, 2021) (same); *Lynch v. Union Pac. R.R. Co.*, 2015 U.S. Dist. LEXIS 152674, at *3 (N.D. Tex. Nov. 6, 2015) ("Because Defendant's reply and related evidence are responsive to arguments raised and evidence relied on by Plaintiff in his … response, this is not a situation in which a new issue was raised for the first time in a reply that would require the court to give [Plaintiff] an opportunity to respond to Defendant's reply .…") As the charts above conclusively establish, the Reply and the Reply Exhibits accomplish that proper objective by directly responding to the Objections—and, for good measure, the Reply was entirely consistent with the Brief.[16] There is no basis to strike the Reply or any of the Reply Exhibits.

---

[15] *See, e.g.*, Dondero Motion ¶ 9.

[16] *See* n.9 *supra*.

17.     Although HCMLP arguably should have sought leave to file the Reply Exhibits,[17] none of the Reply Exhibits or the related provisions in the Reply should be stricken for failure to seek leave. Rule 7.1(i) of the Local Rules provides:

> (1) A party who relies on materials—including depositions, documents, electronically stored information, affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials—to support or oppose a motion must include the materials in an appendix.

The Local Rule thus focuses on materials that are not a matter of public record and cannot be viewed by the Court (or opposing counsel) without a movant providing a copy. As set forth above, the Reply Exhibits—other than the five Non-Public Documents—are all publicly available and could have been cited without inclusion in an appendix. In other words, the Reply Exhibits were largely unnecessary but were filed for the Court's convenience.

18.     Moreover, Courts in this District routinely decline to strike appendices filed without leave when they respond to opposing arguments. *See Lynch*, 2015 U.S. Dist. LEXIS 152674, at *3-4 (declining to strike an appendix filed without leave when material in the appendix was responsive to arguments raised in response and striking it "would allow [a party] an unfair advantage in using a 'gotcha' procedural approach"); *see also Krohn v. Spectrum Gulf Cost, LLC*, 2019 U.S. Dist. LEXIS 161107, at *2 n.1 (N.D. Tex. Sept. 19, 2019) ("Although the evidence was submitted for the first time in Defendant's Reply, the Court will consider it, as it 'rebut[s] Plaintiff's Response' and 'bolster[s] the arguments' made in the Motion.") (citations omitted)); *Banda v. Owens Corning Corp.*, 2018 U.S. Dist. LEXIS 214844, at *11 (N.D. Tex. Dec. 21, 2018) ("Despite Defendant's procedural misstep in not seeking leave, the Court chooses to exercise its discretion in considering Defendant's Reply Appendix … because the evidence rebuts Banda's Response to the motion for Summary Judgment, bolsters arguments made in

---

[17] *Lacker v. West*, 147 F. Supp. 2d 538, 540 (N.D. Tex. 2001) (denying defendant leave to file surreply and stating filing an appendix without leave of court was "not necessarily a violation of the local rules").

Defendant's initial Motion, and does not raise new issues, legal arguments, or theories"); *Srk Holdings v. S. Towing Co.*, 2021 U.S. Dist. LEXIS 228612, at *5-6 (S.D. Tex. Nov. 30, 2021) (declining to strike an appendix filed without leave when it rebutted argument raised in response and "in order to giv[e] each party a full and fair opportunity to address the issues ….")

19.     As set forth above, *each* Reply Exhibit directly responds to an argument made by the Dondero Entities in the Objections. Nor can the Dondero Entities credibly claim prejudice if the exhibits are admitted. The Reply Exhibits were (i) transcripts of, or motions filed or orders entered in, proceedings *in which the Dondero Entities were parties*, (ii) regulatory filings *created and filed by the Dondero Entities*, or (iii) correspondence *with or between the Dondero Entities*. The Dondero Entities generally knew about the exhibits *before* they filed their Objections yet now seek to strike them. Their motive is clear: the Reply Exhibits and related provisions in the Reply prove the Objections are false, and the Dondero Entities want their misrepresentations of fact and law to remain uncorrected. The Dondero Entities' attempt to prevent this Court from considering arguments and evidence directly relevant to the original motion and the Objections is exactly the type of procedural "gotcha" this Court has rejected. *See, e.g., Lynch*, 2015 U.S. Dist. LEXIS 152674, at *3-4.

**B.      The Dondero Entities' Motion to File a Surreply Should Be Denied**

20.     For similar reasons, this Court should deny the Dondero Entities' request to file a surreply. "Surreplies … are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word. … [S]urreplies are usually not helpful … and [are] only permit[ted] ... in exceptional and extraordinary circumstances." *Id.* at *4 (denying leave to file surreply when reply was responsive to nonmovant's response). To justify a surreply, a party has the burden of "identify[ing] new issues, theories, or arguments that the movant raised for the first time in its reply brief" that are not responsive to arguments raised in a response. *Horton*, 2021

U.S. LEXIS 164317, at *7-8; *see also Lynch*, 2015 U.S. Dist. LEXIS 152674, at *4; *Murray v. TXU Corp.*, 2005 U.S. Dist. LEXIS 10298 (N.D. Tex. May 27, 2005) (same).

21.     As set forth at great length above, the Reply directly responds to the Dondero Entities' arguments in the Objections (and is entirely consistent with the Brief). There are no "exceptional or extraordinary circumstances" that justify a surreply.

**C.     If This Court Grants Any Relief, It Should Be Specifically Limited**

22.     HCMLP believes the Motions should be denied in their entirety; however, if this Court is inclined to grant any relief, HCMLP respectfully requests that it be specifically limited.

23.     Although directly responsive to the Objections, HCMLP acknowledges that the continuing vexatious conduct described in paragraphs 37-38 of the Reply and in Reply Exhibits 12-14 occurred after the Dondero Entities filed their Objections. Accordingly, if this Court grants any relief, HCMLP requests that it be limited to giving HMIT and Dondero five business days to each file a 5-page surreply specifically limited to responding to paragraphs 37-38 of the Reply and the Reply Exhibits cited therein and in Reply Exhibits 12-14.

24.     The Motions filed by Nancy and the DAF Entities should, respectfully, be denied in their entirety. The Reply does not allege any facts against Nancy or the DAF Entities that occurred after the filing of the Nancy or DAF Objections.

<u>CONCLUSION</u>

WHEREFORE, HCMLP respectfully requests that the Court deny the Motions (or, alternatively, grant the limited and specific relief set forth above) and grant such other and further relief as the Court deems just and proper.

*[REMAINDER OF PAGE INTENTIONALLY BLANK]*

Dated: March 4, 2024
                                              **PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
          jmorris@pszjlaw.com
          gdemo@pszjlaw.com
          hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*

Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110
Email: MHayward@HaywardFirm.com
       ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*