**GREENBERG TRAURIG, LLP**
Daniel P. Elms
State Bar No. 24002049
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601
Email:  elmsd@gtlaw.com

*Counsel for Nancy Dondero*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> § <br> § <br> § <br> HIGHLAND CAPITAL MANAGEMENT FUND § <br> ADVISORS, L.P., et al., § <br> § <br> Defendants. § <br> § | Case No. 3:21-cv-00881-X <br><br> (Consolidated with 3:21-cv-00880-X; 3:21-cv-01010-X, 3:21-cv-01378-X, 3:21-cv-01379-X) |

### NANCY DONDERO'S REPLY IN SUPPORT OF MOTION TO STRIKE
### PORTIONS OF HIGHLAND CAPITAL MANAGEMENT, L.P.'S
### REPLY BRIEF OR FOR ALTERNATE RELIEF

Nancy Dondero respectfully submits this Reply in Support of Motion to Strike Portions of

Highland Capital Management, L.P.'s Reply Brief or for Alternate Relief, as follows:[1]

**A.    HCMLP's Reply Improperly Includes New Arguments Regarding Nancy Dondero.**

1.    The Motion's only argument as to why Nancy Dondero should be deemed a

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meaning as in Nancy Dondero's Motion to Strike Portions of Highland Capital Management, L.P.'s Reply Brief or for Alternate Relief [Dkt. 168].

**Nancy Dondero's Reply in Support of Motion to Strike Portions of**
**Highland Capital Management, L.P.'s Reply Brief or for Alternative Relief —Page 1**

vexatious litigant is that she entered into the Conditional Forgiveness Agreement with James Dondero. [Dkt. 137 at ¶¶ 14, 26 (fourth bullet)]. The Opposition explains why a pre-litigation agreement, which Nancy Dondero has never asserted in any litigation involving HCMLP, is not a sufficient ground to deem her a vexatious litigant [Dkt. 168 at ¶¶ 2, 25-26]. The Opposition also details all of Nancy Dondero's involvement in actual litigation with HCMLP – all of which was initiated by HCMLP – and argues that it likewise fails to provide adequate grounds to deem her a vexatious litigant [Dkt. 168 at ¶¶ 8-16, 21-24].

2. The portions of the Reply that Nancy Dondero seeks to strike do not address either of these arguments or advance any theory or argument contained in HCMLP's Motion.

**HCMLP Reply Paragraph 8(v):**

3. Reply Paragraph 8(v) argues that James Dondero has admitted that he controls Dugaboy [Dkt. 189 at ¶ 8]. This argument does not address in any way whether the Conditional Forgiveness Agreement or Nancy Dondero's participation in litigation against HCMLP could support a finding that she is a vexatious litigant. Thus, it is a new argument and should be stricken.

**HCMLP Reply Paragraph 16:**

4. HCMLP characterizes Reply Paragraph 16 as reflecting argument about Nancy Dondero's "extensive admissions that she does not control Dugaboy and [she] lacked a good faith basis to assert the discredited 'oral agreement' defense" [Dkt. 200 at 5]. HCMLP misses on both counts. First, Nancy Dondero's Opposition says nothing about her control or lack thereof over Dugaboy and does not contain a word minimize or disavowing her role or responsibilities as Dugaboy's trustee. In fact, it says the opposite [Dkt. 168 at ¶ 6 ("Nancy Dondero was Dugaboy's trustee"]. Thus, Reply Paragraph 16 offers a new argument to attack a claim that Nancy Dondero has never made.

5. Second, HCMLP's argument that Nancy Dondero lacked a good faith basis to assert the "discredited 'oral agreement'" defense is also non-responsive because the Opposition makes clear (but which HCMLP already knew) that Nancy Dondero never asserted that defense in any pleading or otherwise [Dkt. 168 at ¶¶ 25-26]. So HCMLP's defense of Reply Paragraph 16 is that it challenges Nancy Dondero's right to assert a defense that she never asserted [Dkt. 200 at 5]. This is illogical and Paragraph 16 should be stricken.

**HCMLP Reply Paragraph 17:**

6. As noted above, the Opposition acknowledges that Nancy Dondero is Dugaboy's trustee [Dkt. 168 at ¶ 6]. HCMLP claims that Reply Paragraph 17 responds to this by asserting that James Dondero admits that he controls Dugaboy and, therefore, Dugaboy's trustees, including Nancy Dondero [Dkt. 200 at 5].

7. HCMLP does not explain how Nancy Dondero can be deemed a vexatious litigant if her actions are controlled by someone else. Indeed, his new argument is the *opposite* of HCMLP's argument in its Motion. And because it appeared for the first time in the Reply, Nancy Dondero never had the opportunity to address the notion that she and her actions are controlled by James Dondero. This is improper and unfair, and Paragraph 17 should be stricken.

**HCMLP Reply Paragraph 40:**

8. Lastly, Reply Paragraph 40 appears to argue that because Dugaboy was allegedly vexatious, and because Nancy Dondero is Dugaboy's trustee, that necessarily means that Nancy Dondero was also vexatious [Dkt. 189 at ¶ 40]. This is a new argument, does not further any argument made in HCMLP's Motion, and does not reply at all to Nancy Dondero's Opposition.

9. The Motion seeks to deem **both** Nancy Dondero and Dugaboy as vexatious litigants [*See,* Dkt. 137]. However, the Motion never argues that Nancy Dondero should be deemed a

vexatious litigant because of Dugaboy's conduct in litigation. Reply Paragraph 40 reflects a massive pivot by HCMLP arguing, for the first time, that Nancy Dondero should be deemed a vexatious litigant because of Dugaboy's actions.

10. Again, Nancy Dondero did not have fair notice of HCMLP's new "vexatious by proxy" or "vexatious by agency" argument, and it does not address any aspect of Nancy Dondero's Opposition. Paragraph 40 reflects a new argument and it should be stricken.

**B.  HCMLP Has Failed to Justify the Submission of New Evidence with Its Reply.**

11. HCMLP acknowledges that it should have sought and obtained leave of Court before submitting new evidence with its Reply [*See*, Dkt. 200 at ¶¶ 3, 17]. It does not, however, offer any explanation or rationale for its failure to do so.

12. HCMLP argues that there is no basis to complain about its new Reply evidence because most of it – including Nancy Dondero's deposition transcript – is publicly available [Dkt. 200 at ¶¶ 17]. HCMLP cites no legal authorities supporting this argument, and there is nothing in the Northern District Local Civil Rules suggesting that publicly available documents get different treatment when it comes to submitting new evidence with a Reply.[2] HCMLP tries to graft an imaginary "publicly available document" exception to Local Rule 7.1(i), but that finds no support in the text of the Rule or any logical construction of it [Dkt. 200 at ¶ 17].

13. The legal authorities offered by HCMLP are inapposite. All of them involved conduct by the non-movant that justified the consideration of new evidence, but none of which occurred in this case. In *Lynch v. Union Pac. R.R. Co.*, No. 3:13-CV-2701-L, 2015 LEXIS 152674 (N.D. Tex., Nov. 6, 2015), for example, the court relied on the non-movant's request to delay briefing to obtain the evidence submitted with the reply and noted that the non-movant had

---

[2] N.D. Tex. L.R. 7.1(f) authorizes reply briefs. N.D. Tex. L.R. 7.2(e) discusses an appendix of evidence accompanying "a party's motion or response," but it does not mention a reply.

**Nancy Dondero's Reply in Support of Motion to Strike Portions of
Highland Capital Management, L.P.'s Reply Brief or for Alternative Relief —Page 4**

included testimony from the same deposition in his response. Neither factor is present here – Nancy Dondero has never asked to delay briefing to obtain any evidence, and she did not include any part of her deposition transcript in her Opposition. To the contrary, HCMLP has had Nancy Dondero's deposition transcript for years, but inexplicably waited until filing its Reply to offer it as supporting evidence.

14.  HCMLP's other authorities are equally unhelpful to its argument. One of those cases, *Banda v. Owens Corning Corp.*, C.A. No. 3:17-CV-1787-B, 2018 U.S. Dist. LEXIS 214844, *10 (N.D. Tex. Dec. 21, 2018), involved a responsive declaration that contradicted the non-movant's prior deposition testimony. The court permitted relevant portions of that deposition transcript as reply evidence. Another of those cases, *Srk Holdings v. S. Towing Co.*, C.A. No. 3:20-cv-00110, 2021 U.S. Dist. LEXIS 228612, ** 5-6 (S.D. Tex. Nov. 30, 2021), allowed new reply evidence to respond to evidence that first appeared in the non-movant's response. A third case, *Krohn v. Spectrum Gulf Coast, LLC*, No. 3:18-CV-2722-S, 2019 U.S. Dist. LEXIS 161107, **1-2 (N.D. Tex., Sept. 19, 2019), allowed new reply evidence to address the relatively perfunctory question of whether the non-movant had opened an email. HCMLP, by contrast, offers its new reply evidence to try to prove, among other matters, that Nancy Dondero participated in a conspiracy [Dkt. 189 at ¶ 16, n. 29 (citing Nancy Dondero's deposition testimony as evidence of her "willing participation in James Dondero's conspiracy[.]")].

15.  Unsurprising, not one of HCMLP's authorities involves a motion to deem the non-movant a vexatious litigant. Rather, all of those cases involved a motion to dismiss, motion to compel arbitration, or motion for summary judgment. Those courts permitted new reply evidence for purposes of adjudicating a single motion in a single case. The relief that HCMLP seeks against Nancy Dondero is categorically different – it would materially limit her ability to exercise her

constitutional rights to seek redress in our federal courts. If there is any circumstance when a non-movant should not be ambushed by new arguments or new evidence in a reply brief, this is it.

**GREENBERG TRAURIG, LLP**

*/s/ Daniel P. Elms*
Daniel P. Elms
State Bar No. 24002049
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601
Email: elmsd@gtlaw.com

*Counsel for Nancy Dondero*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 18, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel for record.

*/s/ Daniel P. Elms*
Daniel P. Elms
