Sawnie A. McEntire
Texas State Bar No. 13590100
smcentire@pmmlaw.com
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 237-4300
Facsimile: (214) 237-4340

Roger L. McCleary
Texas State Bar No. 13393700
rmccleary@pmmlaw.com
One Riverway, Suite 1800
Houston, Texas 77056
Telephone: (713) 960-7315
Facsimile: (713) 960-7347
*Attorneys for Hunter Mountain Investment Trust*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P. | § § § | |
| Plaintiff. | § | Case No. 3:21-cv-00881-X |
| vs. | § § | (Consolidated with 3:21-cv-00880-X, |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P. et al., | § § § | 3:21-cv-01010-X, 3:21-cv-01378-X, 3:21-cv-01379-X) |
| | § | |
| Defendants. | § | |

## HUNTER MOUNTAIN INVESTMENT TRUST'S REPLY BRIEF
## IN SUPPORT OF ITS MOTION TO STRIKE

Hunter Mountain Investment Trust ("HMIT") files this Reply[1] ("Reply") in support of its Motion ("Motion") to Strike Highland Capital Management, L.P.'s ("HCM") Supplemental Appendix, Declaration of Gregory V. Demo [Dkt. 190] ("Supplemental Appendix") and selected portions of HCM's Reply [Dkt. 189] in Further Support of Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief ("HCM's Motion") [Dkt. 136]. In support of its Reply, HMIT respectfully states as follows.

## I.   **OVERVIEW**

1.      HCM's Brief in Support of its Omnibus Objection to Motions to Strike Reply and Supporting Exhibits or, Alternatively, for Leave to File Sur-Reply ("HCM's Response") [Dkt. 200] relies on four flawed arguments: (1) HCM's Reply and Supplemental Appendix asserted no new arguments related to the Objections;[2] (2) new arguments and evidence are available on reply under Local Rule 7.1 if the information is publicly available; (3) because there were no new arguments, HCM had no obligation

---

[1] Nothing in this Reply or related Motion and Brief is an admission of any of the disputed facts and HMIT denies all material allegations asserted against it, and fully reserves all of its procedural and substantive rights.

[2] "Objections" is defined to include the following. On December 15, 2023, HMIT filed its Memorandum in Opposition to Highland Capital Management L.P.'s Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief [Dkt. 171]. Several other entities and individuals (whom HCM also seeks to have deemed "vexatious") filed separate opposition briefs. *See* Dkts. 173 (filed by James Dondero, Get Good Trust, Highland Capital Management Fund Advisors, L.P., NextPoint Asset Management LP, Real Estate Partners, LLC, Strand Advisors, Inc., and the DugaBoy Investment Trust); Dkt. 166 (filed by Highland Income Fund, NexPoint Strategic Opportunities Fund (n/k/a NexPoint Diversified Real Estate Trust), Highland Global Allocation Fund, and NexPoint Capital, Inc.); Dkt. 167 (filed by The Charitable DAF Fund, L.P. and CLO HoldCo, Ltd.); Dkt. 168 (filed by Nancy Dondero).

to seek leave to assert new arguments and file 2,317 pages of new "evidence"; and (4) if any relief is available, it should be limited to the arguments and "evidence" which post-dated the filing of the Objections. Each of these arguments fails.

2.      HCM's Response to HMIT's Motion to Strike fails to discuss HCM's new arguments and new "evidence" in any meaningful detail, instead lumping together (in a self-serving and confusing manner) various arguments from the so-called "Dondero Entities" (which HMIT rejects as a mischaracterization and distortion). HCM attempts to  respond by using two charts—one for new arguments and another for new "evidence." However, the charts lack any meaningful narrative. Worse, much of HCM's new arguments and "evidence" in the Reply relate to purported events which occurred after the HCM Motion was filed, and even after the Objections were filed—by definition these materials are new and should be stricken.

3.      The mere fact that exhibits are publicly available does not create an exception to the general rule (and the Local Rule) that evidence should not be included on reply. HCM cites no persuasive authority supporting this argument other than quoting Local Rule 7.1.  But the prevailing authority holds that Rule 7.1 disallows all evidence on reply.

4.      HCM's failure to seek leave is not a mere, inconsequential "misstep." HCM's Reply presents voluminous new "evidence" and several new arguments. The Supplemental Appendix increases the size of HCM's proposed evidence by nearly

3

doubling the page count. By not seeking leave of Court, HCM ignored established procedures and authority in the Northern District of Texas. The Court should strike the new allegations and all new "evidence." If the entire Appendix is not stricken, then Exhibits 1, 8-10 and 12 related to new arguments regarding HMIT should be stricken.

5.      Alternatively, HMIT seeks leave to file a sur-reply (with evidence) to provide an opportunity to fully respond to HCM's new arguments and "evidence."

## II.      ARGUMENT AND AUTHORITIES

### A.      HCM's Reply Includes Expansive New Arguments and "Evidence"

6.      HCM's new arguments include, without limitation, a new argument that "the DAF—a Dondero Entity—controls HMIT through its ownership of Rand Advisors, LLC" *See* HCM Reply at ¶15 [Dkt. 189]. Rand Advisors LLC was not mentioned in HCM's Motion or in the Objections. In support, HCM relies on purported evidence and allegations "on information and belief." *See* HCM Reply [Dkt. 189] at ¶15 and notes 23-24. The new "evidence" includes Supp. App. Ex. 1 ("updated" chart of separate litigation events); Supp. Ex. 8 (Hearing Transcript), Supp. Ex. 9 (Form ADV Uniform Application for Investment Advisor Registration and Report by Exempt Advisors for Rand Advisors, LLC dated 2/15/2023); Supp. App. Ex. 10 (Form ADV Part 2A for Rand Advisors, LLC for February 2023). HCM's Response is misleading in its statement that somehow this new argument and purported evidence (upon information and belief) is responsive to

4

the evidence provided in HMIT's Objection. *See* HCM Reply [Dkt. 200] at p. 5. This attempted justification fails because it does not specifically respond to HMIT's Objection.

7.     The fact that Paragraph 2 is supposedly a summary of other portions of HCM's Reply also is inconsequential. But it is not a mere summary—it is a new argument that relies on purported events which occurred after HCM's Motion was filed. The paragraph then mischaracterizes other legal proceedings suggesting those proceedings were meritless when they certainly are not. But HMIT has not had the opportunity to present evidence to refute these new arguments. Paragraph 18 also suffers from the same one-sided mischaracterizations.

8.     Paragraphs 13-15 relate to separate litigation that is on appeal and which occurred after HCM's Motion was filed. HCM's new argument alleges that Mark Patrick's referenced testimony allegedly established that he did not control HMIT. But the referenced testimony is taken out of context and is contrary to other testimony from Mr. Patrick from that litigation in addition to other evidence, all of which would be presented if the Court finds that a sur-reply is warranted. Paragraphs 35-38 also mischaracterize this separate litigation.

9.     A reply brief is generally limited to addressing matters presented in a motion and response. *See Petty v. Portofino Council of Co-owners, Inc.*, 702 F. Supp. 2d 721, 730 n.3 (S.D. Tex. 2010) ("[T]he scope of the reply brief must be limited to addressing the arguments raised by the [response].") (citation omitted); *see also AAR, Inc. v. Nunez*, 408

F. App'x 828, 830 (5th Cir. 2011) ("Generally, and for obvious reasons, a reply brief . . . is

not the appropriate vehicle for presenting new arguments or legal theories").

**B.**  **Publicly Available Documents Are Reply Evidence Which Should be Stricken**

10.     HCM mistakenly argues that the vast majority of the Supplemental

Appendix includes publicly available documents and, as such, those exhibits should not

be stricken. But HCM cites virtually no authority for this proposition. As an initial

matter, the fact that publicly available documents are publicly available and "known"

by an entity does not mean that the entity "knows" the document will be used to support

new arguments in a reply to which it cannot respond without a sur-reply. *See White v.*

*City of Red Oak, Texas*, No. 3:13-CV-4477-P, 2014 WL 11460871 at *1 (N.D. Tex. July 31,

2014) (party is not required to probe through documents and pleadings in order to

predict a movant's new arguments).

11.     HCM's Response cites no case law for the proposition that publicly

available documents can be included in a reply appendix. This is likely because that is

not what courts consider when evaluating a motion to strike. Instead, courts look to

whether the evidence (whether public or not) is being used to support new arguments.

*White*, 2014 WL 11460871 at *1 (no new arguments on reply); *Penn. Gen. Ins. Co v. Story*,

No. 3:03-cv-0330-G, 2002 WL 21435511, at *1 (N.D. Tex. June 10, 2003)(same); *Staton*

*Holdings, Inc. v. First Data Corp.*, No. 3:04-cv-2321-P, 2005 WL 2219249, at *4 n.1 (N.D.

Tex. Sept. 9, 2005)(no new arguments or legal theories); *In re Reagor-Dykes Motors, LP*,

No. 18-50214-RLJ-11, 2022 WL 468065, at *4 (Bankr. N.D. Tex. Feb. 15, 2022)(no new facts

or arguments); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894-98 (1990) (same).

12.     New evidence from events after a motion is filed (and definitely after a

response is filed) is particularly concerning because there is no meaningful opportunity

to respond. *See Budri v. Firstfleet Inc.*, No. 3:19-CV-0409 (N.D. Tex. June 10, 2020) (holding

that plaintiff must have opportunity to respond to evidence regarding events that

occurred after the initial briefing); *see also Blanchard & Co. v. Heritage Cap. Corp.*, No. 3:97-

v-0690-H, 1997 WL 757909, at *1 (N.D. Tex. Dec. 1, 1997) (granting leave to file sur-reply).

Here, much of the Supplemental Appendix and most of the new arguments are from

alleged events after HCM's Motion was filed. As stated, the Supplemental Appendix (at

Supp. App. Ex. 1) includes a self-serving and misleading summary of an "updated" chart

— purportedly "showing the litigation caused by the Dondero Entities." *See also* Supp.

App. Exs. 4, 6, 9-10, 12-14, 16, 18, 20-23, 25 (including hearing transcripts, press release,

emails, correspondence, and Form ADV Reports all dated after the July 14, 2023 filing of

HCM's Motion).

**C.     HCM Failed to Seek the Required Leave of Court**

13.     Generally, when a party wishes to attempt to offer or justify new arguments

(and new supporting evidence) in a reply brief, the party should seek leave of court. *See*

*United States v. City of Dallas, Tex.*, 3:09-cv-142-0, 2011 WL 4912590, at *4 (N.D. Tex. Sep.

27, 2011) (. . . a party may not file evidence with a reply brief without first obtaining leave

of court"); *Racetrac Petroleum, Inc., v. J.J.'s Fast Stop, Inc.*, No. 3:01-CV-1397, 2003 WL

251318, at * 19 (N.D. Tex. Feb. 3. 2003) (same).

14.    HCM's Response relies on cases where courts declined to strike reply

appendices because they did not include new evidence or arguments. The cases are

inapposite. *Lynch*, 2015 LEXIS 15674 at *1 (arguments in reply were "specifically

directed" to response). Moreover, the cases relate to limited evidence to support reply

arguments, which were not new and were initially in the movant's motion. *Krohn*, 2019

LEXIS 161107 at *2 n.1; *Banda*, 2018 LEXIS 214844 at *11 (both allowing limited reply

evidence based on arguments in the initial motion).

15.    Here, HCM filed a 2,317-page Supplemental Appendix, which nearly

doubled the size of its original Appendix. The sheer volume of the evidence should

require that HCM seek leave from the Court before flooding the Court's file with

voluminous new evidence. Moreover, leave was particularly required here where the

voluminous new evidence appears to be an attempt to circumvent the Court's order

limiting HCM's Reply to 25 pages (instead of allowing the 89 pages HCM requested).

*See* Dkts. 181-182.

16.    HMIT will be severely prejudiced if the Appendix is not stricken.

Alternatively, HMIT requests leave to file a sur-reply with evidence.

### III.   <u>CONCLUSION</u>

WHEREFORE, HMIT requests that the Court strike HCM's Supplemental Appendix and selected portions of HCM's Reply; or in the alternative, grant HMIT leave to file a sur-reply with evidence; and grant HMIT's request for an oral hearing; and otherwise deny HCM's Motion in its entirety; and grant HMIT all such further relief to which HMIT may be justly entitled.

Dated: March 18, 2024

Respectfully Submitted,

PARSONS MCENTIRE MCCLEARY PLLC

By: <u>/s/ Sawnie A. McEntire</u>
    Sawnie A. McEntire
    Texas State Bar No. 13590100
    <u>smcentire@pmmlaw.com</u>
    1700 Pacific Avenue, Suite 4400
    Dallas, Texas 75201
    Telephone: (214) 237-4300
    Facsimile: (214) 237-4340

    Roger L. McCleary
    Texas State Bar No. 13393700
    <u>rmcleary@pmmlaw.com</u>
    One Riverway, Suite 1800
    Houston, Texas 77056
    Telephone: (713) 960-7315
    Facsimile: (713) 960-7347

    *Attorneys for Hunter Mountain*
    *Investment Trust*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 18, 2024, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof.

*/s/ Sawnie A. McEntire*
Sawnie A. McEntire

3153213-v1