Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Counsel for James Dondero, NexPoint Asset
Management, L.P., NexPoint Advisors, L.P.,
Highland Capital Management Services, Inc.,
NexPoint Real Estate Partners, LLC, and
The Dugaboy Investment Trust*

Amy L. Ruhland
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
901 S. Mopac Expressway
Building 1, Suite 300
Austin, Texas 78746
Telephone: (650) 623-1401
Email: aruhland@reichmanjorgensen.com

*Counsel for James Dondero, The Dugaboy
Investment Trust, Get Good Trust, and Strand
Advisors, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | **Chapter 11** |
| | § | |
| | § | **Case No. 19-34054-sgj11** |
| | § | |
| **Debtor.** | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | **Civ. Act. No. 3:21-cv-00881-X** |
| | § | |
| v. | § | **(Consolidated with 3:21-cv-00880-X, 3:21-cv-01010-X, 3:21-cv-01378-X, 3:21-cv-01379-X)** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., et al.** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' RESPONSE TO HIGHLAND'S REQUEST TO
## TAKE JUDICIAL NOTICE OF CERTAIN DECISIONS

## TABLE OF CONTENTS

Page

I.    PRELIMINARY STATEMENT ........................................................................ 2

II.   PROCEDURAL HISTORY.............................................................................. 2

III.  ARGUMENT ................................................................................................... 5

    **A.**   THE COURT SHOULD NOT INCLUDE OR EVEN CONSIDER THE BANKRUPTCY COURT ORDER THAT HIGHLAND SEEKS TO ADD TO THE RECORD AS EVIDENCE ................................................................... 5

    **B.**   THE TARGETED PARTIES DO NOT OPPOSE THIS COURT TAKING NOTICE OF THE FIFTH'S CIRCUIT'S REVERSAL OF THE CONTEMPT DECISION......................................................................................................... 7

IV.   CONCLUSION................................................................................................. 8

CORE/3522697.0002/189086634.7

## I.      PRELIMINARY STATEMENT

1.      James Dondero, Get Good Trust, Highland Capital Management Fund Advisors, L.P.; NexPoint Asset Management, L.P.; NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC) ("HCRE"); Strand Advisors, Inc.; and The Dugaboy Investment Trust (the "Targeted Parties") oppose Highland Capital Management, L.P.'s ("Highland") effort to expand the record on which it seeks to rely to ask this Court to hold the Targeted Parties and many others to be vexatious litigants. As explained below, the bankruptcy court order Highland seeks to add to the record is the subject of a motion for reconsideration because of its material errors and therefore should not be relied upon by this Court. The Targeted Parties have no objection to this Court taking into account the recent Fifth Circuit opinion vacating the bankruptcy court's order (that this Court had affirmed) holding various parties in contempt (the "Contempt Reversal Opinion"). The Contempt Reversal Opinion seriously undermines Highland's argument that the Targeted Parties are the sole cause of the multiplicity of litigation in the Highland bankruptcy.

## II.     PROCEDURAL HISTORY

2.      Highland filed its Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief ("Motion") [Dkt. 136] on July 14, 2023. In support of the Motion, Highland filed a 35-page memorandum of law in support [Dkt. 137] and a 2,934-page appendix [Dkt. 138]. Exhibit 1 to the Appendix was a dense, 15-page chart purporting to describe the supposedly vexatious actions taken by the Targeted Entities in the context of the Highland chapter 11 bankruptcy case. Dkt. 138 at pp. 2-16. In reality, that chart contained a litany of mischaracterizations and argument at odds with the evidence. Along with the chart, Highland attached another 79 exhibits comprising approximately 2,916 pages.

3.      On December 16, 2023, the Targeted Parties filed their Memorandum of Law in Opposition to Motion to Deem Various Parties Vexatious Litigants and for Related Relief

("Opposition"). Dkt. 173. Several other entities and individuals – that Highland also seeks to have declared "vexatious" – represented by other counsel, filed separate opposition briefs. *See* Dkts. 166 filed by Highland Income Fund, NexPoint Strategic Opportunities Fund (n/k/a NexPoint Diversified Real Estate Trust), Highland Global Allocation Fund, and NexPoint Capital, Inc.; Dkt. 167 filed by The Charitable DAF Fund, L.P. and CLO HoldCo, Ltd.; Dkt. 168 filed by Nancy Dondero; and Dkt. 171 filed by Hunter Mountain Investment Trust. In general, the briefs filed by Targeted Parties and others challenged Highland's characterization of the facts, including, in particular, Highland's unsupported contention that all Targeted Parties should be treated alike because all are under the control of Mr. Dondero. *See, e.g.*, Dkt. 173 at pp. 23-26, 45. The Targeted Parties also argued that this Court lacks the jurisdiction to order the relief requested and that the sweeping relief sought is unprecedented and inappropriate. Dkts. 166-168, 171, 173.

4.      On February 9, 2024, Highland filed its reply brief in support of the Motion. Dkt. 189. Rather than simply responding to the arguments made by the Targeted Parties in their opposition briefs, Highland took the opportunity to flood the record with new factual arguments and thousands of pages of new evidence. As a result, on February 26, 2024, the Targeted Parties filed a Motion to Strike Portions of Highland Capital Management, L.P.'s Reply to Objections to Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief, asking the Court to strike Highland's new evidence and arguments. Dkt. 197. That motion is pending.

5.      On Tuesday, March 12, 2024, at 10:54 am, counsel for Highland e-mailed counsel for the Targeted Parties and demanded that they inform Highland whether the Targeted Parties would stipulate that Highland could supplement the Motion record with Judge Jernigan's recent inflammatory decision sanctioning HCRE for the cost of litigating a proof of claim that HCRE had

sought to withdraw but that Highland insisted on bringing to trial.[1]  Around seven hours later, at 6:14 pm, Highland demanded an answer, stating it would file a motion by noon on Wednesday, and arguing that two and a half days was more than enough time to respond[2] (despite the fact that counsel for the Targeted Parties had told counsel for Highland that because it was Spring Break week, counsel for the Targeted Parties would need a couple of days to confer with clients and co-counsel; that there was no conceivable need to demand a rush; and that the period from late-morning Tuesday to noon Wednesday was one day, not two and a half days).[3]  In any event, on Thursday, March 14, 2024, counsel for the Targeted Parties informed Highland that because HCRE would be moving for reconsideration of the order Highland sought to add to the record, they could not consent.[4]

6.      Notwithstanding its request for an immediate response in mid-March, it was not until May 1, 2024, that Highland filed the subject Request, asking the Court to take judicial notice of (a) the Memorandum Opinion and Order Granting Highland Capital Management, L.P.'s Motion for (A) Bad Faith Finding and (B) Attorneys' Fees Against NexPoint Real Estate Partners LLC (f/k/a HCRE Partners, LLC) in Connection with Proof of Claim # 146 ("Bad Faith Decision") [Motion Ex. A]; and (b) the United States Court of Appeals for the Fifth Circuit's opinion, dated April 4, 2024, in connection with the appeal of The Charitable DAF Fund, L.P. v. Highland Capital Mgmt., L.P., No. 22-11036 (5th Cir.) [Motion Ex. B] ("Contempt Reversal Opinion" and together with the Bad Faith Decision, the "Orders"). Dkt. 205.

---

[1] *See* email exchange between counsel dated March 12, 2024, attached to the Deitsch-Perez Declaration as Exhibit 1, at p. 3.

[2] *Id.* at p. 1.

[3] *Id.*

[4] *Id.*

CORE/3522697.0002/189086634.7

III.     **ARGUMENT**

   A.     **THE COURT SHOULD NOT INCLUDE OR EVEN CONSIDER THE BANKRUPTCY COURT ORDER THAT HIGHLAND SEEKS TO ADD TO THE RECORD AS EVIDENCE**

   7.     It is not acceptable or appropriate to add new evidence— the Bad Faith Decision —without allowing HCRE (the subject of the decision and one of the Targeted Parties) and all of the other parties Highland seeks to label as vexatious to evidence the demonstrably false predicate to the Bad Faith Decision.[5] As described below, the Bad Faith Decision was erroneous for several reasons.

   8.     First, the core premise of the Bad Faith Decision is contrary to unequivocal and unrebutted testimony in the record.[6] The bankruptcy court concluded that HCRE was acting in "bad faith" because it was "unwilling to withdraw the Proof of Claim ***with prejudice*** to asserting its claims again in any future litigation in any forum."[7] That is not true. To the contrary, two lawyers for HCRE and Mr. Dondero himself repeatedly represented on the record that HCRE would withdraw its Proof of Claim ("POC") with prejudice and to waive any right to appeal. And true to its word, HCRE did not file an appeal of the bankruptcy court's order disallowing the POC.[8]

---

[5] As Movants pointed out in their Motion to Strike Portions of Highland Capital Management, L.P.'s Reply to Objections to Motion to Deem the Dondero Entities Vexatious Litigants [Dkt. No. 197], parties are not permitted to file evidence with a reply brief without first obtaining leave of court. United States v. City of Dallas, Tex., No. 3:09-cv-142-0, 2011 WL 4912590, at *4 (N.D. Tex. Sep. 27, 2011) (Findings, Conclusions, and Recommendation of the United States Magistrate Judge accepted in Moore v. City of Dallas, Tex., No. 3:09-CV-1452-O, 2011 WL 4907303, at *1 (N.D. Tex. Oct. 14, 2011)); Racetrac Petroleum, Inc., v. J.J.'s Fast Stop, Inc., No. 3:01-CV-1397, 2003 WL 251318, at *18-*19 (N.D. Tex. Feb. 3, 2003) (same). Here, Highland is attempting to submit new evidence after their reply brief was filed without properly seeking leave of court.

[6] Memorandum of Law in Support of Motion for Relief from Order, filed March 19, 2024 (Bankr. Dkt. 404) at pp. 14-15.

[7] Bad Faith Decision at pp. 3, 27.

[8] *Id.* at p. 5.

9.      Second, because the bankruptcy court's finding of bad faith was based on an erroneous premise of fact (HCRE's supposed refusal to withdraw the POC with prejudice), the bankruptcy court's conclusion that "but for" HCRE's refusal to withdraw the POC, Highland would not have incurred additional attorneys' fees and costs continuing to fight it, is wrong.[9]

10.     Finally, there are other problems with the Bad Faith Decision. For example, the bankruptcy court purported to take judicial notice of "information" unrelated to HCRE contained in the legal argument section of a brief filed by Highland in another case.[10] That was improper for several reasons, including because the bankruptcy court did not give HCRE an opportunity to be heard on this information about which the bankruptcy court took judicial notice and because the "information" was unsubstantiated legal argument. The bankruptcy court also based its finding that HCRE acted in bad faith in part on the action of its former counsel, Wick Phillips Gould & Martin, LLP, in contesting a motion filed by Highland seeking to disqualify the former firm from its representation of HCRE. But the bankruptcy court denied Highland its fees in connection with that fight, and Highland had not sought to make the disqualification fight the basis for its motion that resulted in the Bad Faith Decision, preventing HCRE from addressing the issue before the bankruptcy court's ruling.

11.     Each of these arguments is fully set forth in two briefs filed by HCRE in the bankruptcy court: (1) a Memorandum of Law in Support of Motion for Relief from Order, filed March 19, 2024 (Bankr. Dkt. 4041); and (2) a Reply in Support of Motion for Relief From Order, filed May 1, 2024 (Bankr. Dkt. No. 4055). These pleadings are collectively called the

---

[9] *Id.* at p. 25.
[10] *Id.* at pp. 17-19.

"Reconsideration Pleadings."[11] If this Court adds the Bad Faith Decision to its record, fairness dictates that it also add the Reconsideration Pleadings.[12]

### B. THE TARGETED PARTIES DO NOT OPPOSE THIS COURT TAKING NOTICE OF THE FIFTH'S CIRCUIT'S REVERSAL OF THE CONTEMPT DECISION

12.     The Targeted Parties do not oppose bringing to the Court's attention the fact that the Fifth Circuit vacated the contempt decision on which Highland relied heavily in asserting that the Targeted Parties are vexatious litigants. Ironically, Highland also relies on this Court's initial (now overturned) affirmance of the bankruptcy court's contempt order and the Targeted Parties' (now successful) appeal of that contempt order as evidence of vexatiousness.[13] Thus, it is indeed significant that on April 4, 2024, the Fifth Circuit ***vacated and remanded the contempt order***, finding that the bankruptcy court had abused its discretion. *See Matter of Highland Capital Mgmt., L.P.*, 98 F.4th 170, 177 (5th Cir. 2024).

13.     The Fifth Circuit commented on vexatious litigation in the Highland bankruptcy case, citing to its previous opinion's characterization of the case as akin to a "nasty breakup." *Id*. at 172 (citing *Matter of Highland Cap. Mgmt., L.P.*, 48 F.4th 419, 424 (5th Cir. 2022). The Fifth Circuit was plainly referring to the Highland side as (also) litigious, as it would not make sense for the Court to be citing ***the very order it was vacating*** as evidence of the successful appellant's supposedly bad conduct. As briefed to this Court months ago, Highland and its affiliates have themselves been very litigious in the Highland bankruptcy case.[14]

---

[11] This motion is still pending and has not been ruled on by the bankruptcy court.

[12] *Budri v. FirstFleet Inc.*, No. 3:19-CV-0409-N-BH, 2020 WL 10816627, at *2 (N.D. Tex. June 10, 2020)) (non-movant "must be afforded the opportunity to address… 'new evidence' if it is to be considered.").

[13] Dkt. No. 134 at ¶26.

[14] *See* Dkt. No. 167 at p. 25.

7

14.     In fact, in the Contempt Reversal Opinion, the Fifth Circuit found that "Highland incurred virtually all its contempt-related expenses because the bankruptcy court permitted extensive discovery and conducted a marathon evidentiary hearing to unearth Dondero's role in filing the Motion," and ruled that "[n]either Highland nor the bankruptcy court was permitted to seize on DAF's error and leverage it into a punitive proceeding." *Id*. at 176. Highland's one-sided narrative to this Court, of course, ignores all of its own vexatious litigiousness, now found by the Fifth Circuit to have been employed by Highland and the bankruptcy court "to seize on DAF's error and leverage it into a punitive proceeding." *Id.*[15] Ironically, Highland here seeks to have this Court rule that the Targeted Parties are vexatious litigants, in part because they successfully appealed lower court orders to the Fifth Circuit (in connection with which the court found that ***Highland*** abused the process).

15.     The Contempt Reversal Opinion highlights Highland's willingness to urge courts to exceed their jurisdiction, which Highland does here by advocating an unprecedented and unlawful extension of power under the All Writs Act.

## IV.     CONCLUSION

16.     For all of the forgoing reasons, Highland's request to supplement the record as to the Bad Faith Finding should be denied, but this Court should take into account the Fifth Circuit's decision vacating the bankruptcy court's ill-considered contempt order.

---

[15] *See* Dkt. No. 189.

Respectfully submitted,


**STINSON LLP**

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
Texas Bar No. 24036072
Michael P. Aigen
Texas Bar No. 24012196
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Counsel for James Dondero, NexPoint Asset Advisors, Management, L.P., NexPoint Advisors, L.P., Highland Capital Management Services, Inc., NexPoint Real Estate Partners, LLC, and The Dugaboy Investment Trust*


**REICHMAN   JORGENSEN   LEHMAN   & FELDBERG LLP**

*/s/ Amy L. Ruhland*
Amy L. Ruhland
Texas Bar No. 24043561
901 S. Mopac Expressway
Suite 300
Austin, Texas 78746
Telephone: (650) 623-1401
Email:  aruhland@reichmanjorgensen.com

*Counsel for James Dondero, The Dugaboy Investment Trust, Get Good Trust, and Strand Advisors, Inc.*

CORE/3522697.0002/189086634.7

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 8, 2024, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.

*/s/Deborah Deitsch-Perez*
Deborah Deitsch-Perez