Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
Telephone: (214) 560-2201
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Counsel for James Dondero, NexPoint Asset Management, L.P., NexPoint Advisors, L.P., Highland Capital Management Services, Inc., NexPoint Real Estate Partners, LLC, and The Dugaboy Investment Trust*

Amy L. Ruhland
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
515 Congress Ave., Suite 1900
Austin, Texas 78701
Telephone: (650) 623-1401
Email: aruhland@reichmanjorgensen.com

*Counsel for James Dondero, The Dugaboy Investment Trust, Get Good Trust, and Strand Advisors, Inc.*

Daniel P. Elms
GREENBERG TRAURIG LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Email: dan.elms@gtlaw.com

*Counsel for Nancy Dondero*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § § | **Chapter 11** |
| | | **Case No. 19-34054-sgj11** |
| Debtor. | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § § | |
| Plaintiff, | § § | **Civ. Act. No. 3:21-cv-00881-X** |
| v. | § § § | **(Consolidated with 3:21-cv-00880-X, 3:21-cv-01010-X, 3:21-cv-01378-X, 3:21-cv-01379-X)** |
| **HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., et al.** | § § § | |
| Defendants. | § § | |

## <u>RESPONDENTS' RESPONSE TO JULY 19, 2024 ORDER</u>

## TABLE OF CONTENTS

                                                                                                                                                      <u>Page</u>

TABLE OF AUTHORITIES ............................................................**Error! Bookmark not defined.**

I.     INTRODUCTION ............................................................................................................... 1

II.    PROCEDURAL HISTORY................................................................................................. 1

III.   THIS COURT LACKS JURISDICTION TO ISSUE THE INJUNCTION SOUGHT BY HIGHLAND .......................................................................................................................... 4

         A.      The Court May Not Invoke the All Writs Act to Issue Any Injunction in the Note Actions ...................................................................................................................... 4

                 1.      The Court May Not Rely on its "Original" Jurisdiction to Act .................. 5

                 2.      The Relief Requested by Highland Is Not "Collateral" to the Court's Note Judgments ..................................................................................................... 7

         B.      The All Writs Act Does Not Empower the Court to Enjoin All Targeted Parties.. 8

IV.   CONCLUSION................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Carroll*,
  2016 U.S. Bankr. LEXIS 937 (Bankr. M.D. La. Mar. 16, 2016) ............................................. 10

*Clinton v. Goldsmith*,
  526 U.S. 529 (1999) ............................................................................................................ 4, 5

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
  545 U.S. 546 (2005) ................................................................................................................ 5

*ITT Cmty. Dev. Corp. v. Barton*,
  569 F.2d 1351 (5th Cir. 1978) ................................................................................................ 8

*Klay v. United Healthgroup, Inc.*,
  376 F.3d 1092 (11th Cir. 2004) ...................................................................................... 4, 6, 8

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994) ................................................................................................................ 6

*MicCap Media Finance, L.L.C. v. Pathway Data, Inc.*,
  929 F.3d 310 (5th Cir. 2019) .................................................................................................. 6

*Rohe v. Wells Fargo Bank, N.A.*,
  988 F.3d 1256 (11th Cir. 2021) .......................................................................................... 4, 7

*Schum v. Fortress Value Recovery Fund I LLC*,
  2019 WL 7856719 (N.D. Tex. Dec. 2, 2019) ......................................................................... 6

*U.S. v. New York Tel. Co.*,
  434 U.S. 159 (1977) .............................................................................................................. 10

**Statutes**

28 U.S.C. § 158 ............................................................................................................................ 3, 5

28 U.S.C. § 1331 ............................................................................................................................. 5

28 U.S.C. § 1332 ............................................................................................................................. 5

28 U.S.C. § 1334 ............................................................................................................................. 3

28 U.S.C. § 1651 ..................................................................................................................... *passim*

## I. INTRODUCTION

The Court has asked for additional briefing on the jurisdictional scope of the All Writs Act. Dkt. 210. James Dondero, NexPoint Asset Management, L.P. (f/k/a Highland Capital Management Fund Advisors, L.P.) ("NAM"), NexPoint Advisors, L.P. ("NPA"), NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC) ("HCRE"), Highland Capital Management Services, Inc. ("HCMS"), Strand Advisors, Inc., Get Good Trust, The Dugaboy Investment Trust, and Nancy Dondero provide this response to explain why the Court lacks jurisdiction to issue the relief sought by Highland in its Motion to Deem the Dondero Entities Vexatious Litigants and for Related Relief ("Motion").

As explained in greater detail below, this Court may not issue any relief pursuant to the All Writs Act because the Note Actions—the only cases before the Court—have been resolved by final judgment and are now on appeal to the Fifth Circuit. As a result, there is no underlying case left for this Court to adjudicate or manage, depriving the Court of jurisdiction to issue an order under the Act. Further, contrary to the position taken by Highland in its Response to Court's Order ("Highland's Brief"), this Court's "original" jurisdiction does not empower the Court to act at this juncture of the case, nor can the relief requested by Highland be considered "collateral" to the Court's jurisdiction over the Note Actions. The All Writs Act may not be invoked under these circumstances, and Highland's Motion must be denied.

## II. PROCEDURAL HISTORY

The consolidated cases previously before this Court arose from adversary proceedings initiated by Highland in the main bankruptcy case against various individuals and entities allegedly liable to Highland on certain promissory notes (referred to as the "Note Actions").[1] The original

---

[1] *See* Adv. No. 21-03003; Adv. 21-03004; Adv. 21-03005; Adv. No. 21-03006; Adv. No. 21-03007; Adv. No. 21-03082.

1

defendants in the Note Actions were James Dondero, NAM, NPA, HCRE, and HCMS. Later, Highland amended several of its adversary complaints to add new claims for aiding and abetting breach of fiduciary duty ("FD Claims") against Dondero and two new defendants, Nancy Dondero and The Dugaboy Investment Trust ("FD Claim Defendants"). The FD Claim Defendants moved to dismiss those claims, the bankruptcy court denied their motion, and the FD Claim Defendants appealed. Highland then agreed to stay the appeal and to refrain from pursuing the FD Claims if it prevailed on its contract claims in the Note Actions.[2] Accordingly, only James Dondero, NAM, NPA, HCRE, and HCMS can be considered defendants in the Note Actions. Get Good, Strand, Dugaboy, and Nancy Dondero cannot.

The Note Actions initially came before this Court when the defendants moved to withdraw the reference from the bankruptcy court. Dkt. 1. On the bankruptcy court's recommendation, this Court ordered the reference withdrawn for trial but deferred all pretrial matters to the bankruptcy court. Dkt. 14. Thereafter, the bankruptcy court issued reports recommending that summary judgment be granted in Highland's favor.[3] This Court adopted the bankruptcy court's recommendations and entered final judgments in the Note Actions on August 3, 2023 ("Note Judgments").[4] The defendants appealed the Note Judgments to the Fifth Circuit, commencing *Highland Capital Mgmt., L.P. v. NexPoint Asset Mgmt., L.P., et al.*, Case No. 23-10911 (5th Cir.).[5]

On July 14, 2023, Highland filed the Motion at issue, seeking a sweeping order from this Court declaring that James D. Dondero ("Dondero") and any person or entity seemingly aligned

---

[2] *See Highland Capital Mgmt., L.P. v. Dondero, et al.*, Adv. Proc. No. 21-03003-sgj (N.D. Tex.), Dkt. 156; *Highland Capital Mgmt., L.P. v. Dondero, et al.*, No. 3:21-cv-03160-C (N.D. Tex.) Dkt. 2.

[3] *See* Adv. Proc. 21-03003, Dkt. 67; Adv. Proc. 21-03004, Dkt. 50; Adv. Proc. 21-03005, Dkt. 40; Adv. Proc. 21-03006, Dkt. 47; Adv. Proc. 21-03007, Dkt. 44. The Note Actions were consolidated before the Northern District of Texas as Case No. 3:21-cv-00881-X.

[4] Dkts. 127-128, 133, 143-148.

[5] *See* Notice of Appeal to United States Court of Appeals for the Fifth Circuit, Dkt. No. 158 (App. 3286-3289).

with him ("Targeted Parties") "vexatious" and prohibiting the Targeted Parties from commencing any lawsuit or proceeding in any forum anywhere in the world without first jumping through a litany of procedural hoops. *See generally* Dkt. 137. Notably, as described above, only a handful of the Targeted Parties were ever parties to the Note Actions.

On December 16, 2023, Defendants filed their Memorandum of Law in Opposition to Motion to Deem Various Parties Vexatious Litigants and for Related Relief ("Opposition"). Dkt. 173. Besides responding to the merits of the Motion, Defendants argued in their Opposition that this Court lacks jurisdiction to consider the Motion because, while a district court has appellate jurisdiction over final judgments, orders, and decrees of the bankruptcy court, the Motion does not fall into any of these categories, and the Motion is not an original lawsuit that would invoke this Court's original jurisdiction over federal question and diversity cases.[6]

Subsequently, on July 19, 2023, the Court issued an Order seeking additional briefing on the jurisdictional scope of the All Writs Act. Highland filed its Response to Court's Order on August 12, 2024 ("Highland's Brief"), arguing that the All Writs Act "authorizes this Court to enjoin all vexatious parties affiliated, or acting in concert, with James Dondero regardless of whether they were named as defendants in the Note Actions."[7] Highland further argues that the Court has jurisdiction to enjoin the Targeted Parties both because it has "original" jurisdiction to manage matters emanating from the Highland bankruptcy case and the Note Actions and because such an injunction is "collateral" to the Note Judgments.[8]

---

[6] Opposition, Dkt. 173, at 28-31.

[7] Highland's Brief, Dkt. 215, at 1-2.

[8] *Id.* at 4, 6 ("[T]his Court is exercising its *original* jurisdiction under 28 U.S.C. § 1334—not its appellate jurisdiction under 28 U.S.C. § 158—because the Note Actions are non-core and the Order of Reference was withdrawn . . . .").

3

As explained below, as well in the briefs filed by other Targeted Parties in response to Highland's Brief (in which Defendants join as applicable), Highland's arguments are wrong, and this Court lacks jurisdiction to issue the relief sought in Highland's Motion.

### III. THIS COURT LACKS JURISDICTION TO ISSUE THE INJUNCTION SOUGHT BY HIGHLAND

#### A. The Court May Not Invoke the All Writs Act to Issue Any Injunction in the Note Actions

Contrary to the position taken by Highland in its Motion and Brief, this Court does not have jurisdiction to award the relief requested by Highland pursuant to the All Writs Act. The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Despite the broad language of the statute, a district court's jurisdiction under the All Writs Act is not limitless. *See Clinton v. Goldsmith*, 526 U.S. 529, 534–35 (1999). Moreover, as even Highland concedes, the All Writs Act "is not an independent grant of jurisdiction." *Id*. (quoting *Texas v. Real Parties In Int.*, 259 F.3d 387, 392 (5th Cir. 2001)); *see also* Highland Br. at 7. Instead, the Act affords federal courts the power to act in aid of their *existing* jurisdiction. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092 (11th Cir. 2004) (the All Writs Act codifies courts' "inherent power to protect the *jurisdiction they already have*, derived from some other source") (emphasis added).[9] Thus, where there is no underlying case over which a district court has current jurisdiction, the court may not issue an order under the All Writs Act. *Rohe v. Wells Fargo Bank, N.A.*, 988 F.3d 1256, 1259 (11th Cir. 2021) ("[T]his case is not the kind of case in which an order under the [All Writs] Act could properly be issued

---

[9] Highland concedes this point as well. Highland's Brief at 7.

because there is no underlying proceeding over which the District Court has jurisdiction."); *see also Goldsmith*, at 534–35 (All Writs Act "does not enlarge" a court's jurisdiction).

Highland concedes that "this Court lost jurisdiction over *the Note Judgments* under the 'divestiture doctrine'" because Note Actions are now on appeal to the Fifth Circuit. *See* Highland's Brief at 6.[10] But Highland argues that this Court nonetheless has the power to issue the injunction both because this Court has "original" jurisdiction over bankruptcy-related matters and because the Court retained jurisdiction to adjudicate matters "collateral" to the Note Judgments. *Id.* at 6-7. Highland is wrong on both fronts.

### 1.     The Court May Not Rely on its "Original" Jurisdiction to Act

As Defendants argued in their Opposition, the Court should deny Highland's Motion because the Court lacks jurisdiction to consider it. Under 28 U.S.C. § 158, a district court has appellate jurisdiction over final judgments, orders, and decrees of the bankruptcy court, as well as any appeals of interlocutory orders allowed by statute or with leave of court. Highland's Motion does not fall into any of these categories. Alternatively, a district court has original jurisdiction over federal question and diversity cases. 28 U.S.C. §§ 1331,1332; *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). But Highland's Motion is not an original lawsuit invoking this Court's federal question or diversity jurisdiction either.

In an effort to overcome these obstacles, Highland argues that the Court has "original jurisdiction over the Bankruptcy Case and the Note Actions," giving the Court the power to grant Highland's Motion "to protect both its *current* jurisdiction over the Note Actions and its jurisdiction over *future* appeals and matters withdrawn from the Bankruptcy Court."[11] Highland

---

[10] Thus, it makes no difference—as Highland seems to suggest—that Highland filed its Motion prior to the defendants' appeals of the Note Actions.

[11] Highland's Brief at 1.

5

principally relies on *Schum v. Fortress Value Recovery Fund I LLC*, 2019 WL 7856719 (N.D. Tex. Dec. 2, 2019) to support its jurisdictional argument.[12]

Highland's reliance on *Schum* is misplaced. In that case, the district court was presiding over an *ongoing* appeal in which the appellant was seeking to reopen *the entire bankruptcy case* and to reconsider and deny claims filed within it. 2019 WL 7856719, at *1. In that very different context, the district court exercised its jurisdiction under the All Writs Act to declare a litigant vexatious. *Id.* at *4-7. And even then, the district court's injunction applied to a single litigant and only prohibited filings relating to the two bankruptcy cases in which the litigant had been involved, one of which led to the appeal before the district court. *Id.* at *4. The court determined that the injunction was appropriate because the prohibited filings would directly affect the court's appellate jurisdiction in the bankruptcy cases. *Id*.

Here, by contrast, Highland asks the Court to issue an injunction in a case that has now concluded and is on appeal before a different court. Further, the injunction would apply to a litany of named and unnamed litigants and prohibit filings by those litigants in any venue anywhere in the world. Those are distinctions with a difference. It is axiomatic that federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *MicCap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). Thus, a federal court may only issue an All Writs Act injunction in a case that is ongoing and over which the Court has jurisdiction. After all, the Act explicitly authorizes injunctions only "in aid of" the courts' "respective jurisdictions." 28 U.S.C. § 1651; *see also Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1102, 1113 (11th Cir. 2004).

---

[12] Highland's Brief at 8-9.

6

Highland concedes, as it must, that the appeals of the Note Cases divested this Court of jurisdiction to act on the Note Judgments. So there is no ongoing case pending before this Court. But Highland argues that the Court has original jurisdiction over the broader bankruptcy "case," such that it can invoke the All Writs Act even as the Note Actions are on appeal to the Fifth Circuit. Highland is incorrect. As the Eleventh Circuit explained in *Rohe v. Wells Fargo Bank, N.A.*, "[t]he bankruptcy case falls within the purview of the bankruptcy court, which is well-equipped to protect the proceeding's integrity." 988 F.3d 1256, 1268 (11th Cir. 2021).[13] Thus, "the bankruptcy case is not a proceeding on which non-appellate use of the All Writs Act by the District Court [can] be predicated." *Id.*[14] This Court does not have jurisdiction over the entire Highland bankruptcy case by virtue of presiding over the Note Actions, and the All Writs Act cannot be invoked by the Court independently of an ongoing proceeding over which the Court has jurisdiction.

### 2.   The Relief Requested by Highland Is Not "Collateral" to the Court's Note Judgments

Highland next argues that the Court may issue the relief requested by Highland because the Court retained jurisdiction in the Note Actions "'collateral' to the Note Judgments."[15] Again, Highland is wrong.

---

[13] As Respondents explained in their Opposition, the bankruptcy court presiding over Highland's bankruptcy has done just that, by enjoining potential litigants from initiating future proceedings against or affecting Highland or its estate without first seeking permission from the bankruptcy court, an injunction power that the bankruptcy court has repeatedly exercised. *See* Opposition at 41.

[14] Highland attempts to distinguish *Rohe* by arguing that, in that case, unlike here, the movant was seeking the issuance of a writ of mandamus pursuant to the All Writs Act. Highland's Brief at 6 n.10. But that makes no difference to the court's analysis, which did not depend on the type of relief requested. Instead, the court made clear that its analysis related to the difference between "the use of the Act in a court's appellate capacity" and "the non-appellate use of the Act." 988 F.3d at 1264. Like Highland here, the movant in *Rohe* was asking the district court to exercise its power under the All Writs Act in the context of a non-appellate proceeding. *Id.* at 1259. The court refused to do so. *Id.* at 1268.

[15] Highland's Brief at 6-7.

The All Writs Act empowers a federal court to employ procedures necessary to promote the resolution of issues in a case properly before it, but that power is limited to facilitating the court's effort <u>to manage the case before it to judgment</u>. *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978). As the Fifth Circuit has further explained, "if a court is able to effect a full and complete resolution of the issues before it without resorting to the extraordinary measures contemplated under the Act, then such measures cannot be employed." *Id.*; *see also Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1102, 1113 (11th Cir. 2004) (reversing district court's issuance of injunctions pursuant to All Writs Act because court could not explain how the behavior at issue "threatened or undermined its jurisdiction over a pending matter").

Highland does not and cannot argue that the Targeted Parties have done anything to impede Court's power to manage the cases actually before it—the Note Actions. To the contrary, the Court fully and finally resolved the Note Actions on summary judgment without any interference from the Targeted Parties, the vast majority of whom played no role at all in the Note Actions. And the few Targeted Parties that did participate were *defendants* who raised appropriate and timely arguments. Indeed, on August 6, 2024, the Fifth Circuit heard oral argument in the Notes Fifth Circuit Appeal (available at: https://www.ca5.uscourts.gov/OralArgRecordings/23/23-10911_8-6-2024.mp3), where it indicated, at an absolute minimum, that it was questioning the grant of summary judgement. Regardless, there is nothing left for this Court to do in the Note Actions or on the Note Judgments, and there is certainly no basis for the Court to exercise its "extraordinary" power under the All Writs Act to restrain the Targeted Parties under the circumstances of this adversary proceeding.

### B. The All Writs Act Does Not Empower the Court to Enjoin All Targeted Parties

Highland also argues that the Court may enjoin all Targeted Parties without regard to their participation in the Note Actions or their individual actions in the broader bankruptcy case.

According to Highland, it has "simply" targeted the defendants in the Note Actions and "any entity directly or indirectly controlled by, or acting in concert with, Dondero."[16] Highland further argues that there is ample precedent for enjoining non-parties to the litigation at issue under the All Writs Act.[17] These arguments are without merit.

    First, there is nothing "simple" about the list of individuals and entities that Highland asks this Court to enjoin under the All Writs Act. What Highland's Motion actually seeks is an injunction against a litany of individuals and entities (named and unnamed) that Highland refers to, self-servingly, as the alleged "Dondero Entities," including: (a) Dondero, (b) NPA, (c) HCM, (d) HCRE, (e) HCMS, (f) Nancy Dondero, and (g) *any entity directly or indirectly controlled by, or acting in concert with*, Dondero, *including, without limitation*, (i) The Charitable DAF Fund, L.P. ("DAF"), (ii) CLO HoldCo, Ltd. ("CLOH"), (iii) The Dugaboy Investment Trust ("Dugaboy"), (iv) Get Good Investment Trust ("Get Good"), (v) Hunter Mountain Investment Trust ("HMIT"), (vi) NexPoint Strategic Opportunities Fund n/k/a NexPoint Diversified Real Estate ("NSOF"), (vii) Highland Income Fund, (viii) Highland Fixed Income Fund, (ix) Highland Global Allocation Fund, (x) NexPoint Capital, Inc., (xi) Strand Advisors, Inc., (xii) The Get Good Non-Exempt Trust 1, (xiii) The Get Good Non-Exempt Trust 2, and (xiv) PCMG Trading Partners XXIII, L.P. ("PCMG").[18] Highland has not cited a single case involving an All Writs Act injunction with as broad a scope of enjoined parties as this, particularly one that applies to non-parties with no relationship to the proceeding in which the injunction is to be issued and some of whom would have no notice of the proceeding's existence.

---

[16] Highland's Brief at 10.

[17] *Id.* at 11-13.

[18] Motion at 1 n.2, 27.

9

Second, Highland's reliance on *In re Carroll*, 2016 U.S. Bankr. LEXIS 937 (Bankr. M.D. La. Mar. 16, 2016) as support for the breadth of the injunction sought is unavailing. In *Carroll*, unlike here, the court issuing the injunction against vexatious litigants was *the bankruptcy court itself*. *Id.* at *5. Further, the injunction in *Carroll* applied only to four litigants (who were known to the bankruptcy court and who had each personally acted in a manner that interfered with the bankruptcy case) and prohibited those litigants (or anyone acting on their behalf) from filing future pleadings in the bankruptcy case or its related proceedings in the bankruptcy court. *Id.* Finally, in *Carroll*, unlike here, the bankruptcy court was presented with evidence that all four litigants enjoined had personally taken actions that were meritless and vexatious in the bankruptcy court and had "conspired" together to harm the bankruptcy estate and its creditors. *Id.* at *24-25. Thus, it made sense for the court to prohibit those individuals and anyone acting on their behalf (something the bankruptcy court could verify at the time of filing) from making future filings in the bankruptcy court without permission.

These facts are a far cry from the evidence presented by Highland in its Motion. It has not presented evidence that each Targeted Party has acted in a vexatious manner; it has not presented evidence that the Targeted Parties conspired to harm the estate and its creditors; it has not presented probative evidence that each of the Targeted Parties are controlled by Dondero; and it has not shown that each of the Targeted Parties "are in a position to frustrate the implementation of a court order or the proper administration of justice," which is required if the Court is to enjoin the parties under the All Writs Act. *U.S. v. New York Tel. Co.*, 434 U.S. 159, 174 (1977).

### IV.  CONCLUSION

There is no precedent for the issuance of an injunction like the one sought by Highland under the All Writs Act. Nor is there any case cited by Highland that has the type of procedural posture presented here, where the adversary proceeding before the Court has concluded and is on

appeal, where there is no ongoing threat to this Court's jurisdiction in the adversary proceeding before it, and where there is no evidence that any of the Targeted Parties have acted in any manner to frustrate or threaten this Court's jurisdiction. The All Writs Act cannot justify the injunction sought, and Highland's Motion should be denied.

Respectfully submitted,

**STINSON LLP**

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
Texas Bar No. 24036072
Michael P. Aigen
Texas Bar No. 24012196
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Counsel for James Dondero, NexPoint Asset Advisors, Management, L.P., NexPoint Advisors, L.P., Highland Capital Management Services, Inc., NexPoint Real Estate Partners, LLC, and The Dugaboy Investment Trust*

**REICHMAN JORGENSEN LEHMAN & FELDBERG LLP**

*/s/ Amy L. Ruhland*
Amy L. Ruhland
Texas Bar No. 24043561
901 S. Mopac Expressway
Suite 300
Austin, Texas 78746
Telephone: (650) 623-1401
Email: aruhland@reichmanjorgensen.com

*Counsel for James Dondero, The Dugaboy Investment Trust, Get Good Trust, and Strand Advisors, Inc.*

11

                **GREENBERG TRAURIG LLP**

                */s/ Daniel P. Elms*
                Daniel P. Elms
                Texas Bar No. 24002049
                2200 Ross Avenue, Suite 5200
                Dallas, Texas 75201
                Telephone: (214) 665-3660
                Email: dan.elms@gtlaw.com

                *Counsel for Nancy Dondero*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 26, 2024, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.

                */s/ Deborah Deitsch-Perez*
                Deborah Deitsch-Perez

CORE/3522697.0002/192011202.7