Deborah Deitsch-Perez
Michael P. Aigen
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
Telephone: (214) 560-2201
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § § | **Chapter 11** |
| | § | **Case No. 19-34054-sgj11** |
| Debtor. | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § § | |
| Plaintiff, | § § | **Civ. Act. No. 3:21-cv-00881-X** |
| v. | § § § | **(Consolidated with 3:21-cv-00880-X, 3:21-cv-01010-X, 3:21-cv-01378-X, 3:21-cv-01379-X)** |
| **HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., et al.** | § § § § | |
| Defendants. | § | |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER OF WITHDRAWAL PURSUANT TO 28 U.S.C. § 2042 WITH RESPECT TO THE JUDGMENTS ENTERED AGAINST DEFENDANTS**

CORE/3522697.0002/193841885.7

## I.  INTRODUCTION

Defendants James Dondero, NexPoint Asset Management, L.P. (f/k/a Highland Capital Management Fund Advisors, L.P.) ("NAM"), NexPoint Advisors, L.P. ("NPA"), NexPoint Real Estate Partners, LLC (f/k/a HCRE Partners, LLC) ("HCRE"), and Highland Capital Management Services, Inc. ("HCMS") submit this response in opposition to Highland Capital Management, L.P.'s ("Highland") Motion for an Order of Withdrawal Pursuant to 28 U.S.C. § 2042 with Respect to the Judgments Entered against Defendants ("Motion") [Dkt 223]. In its Motion, Highland asks the Court for an order directing the Clerk of the United States District Court for the Northern District of Texas ("Clerk") to release all cash deposited into the Treasury Registry ("Registry") pursuant to the Court's Order Granting Agreed Emergency Motion for an Order Approving Stipulation for the Bonding of Judgments and Stays of Executions Pending Appeals ("Bonding Order") [Dkt. 149], plus all accrued interest, in partial satisfaction of the final judgments (hereinafter, the "Final Judgments") entered against Defendants. Motion at 1-2. Highland, however, has incorrectly calculated the amount due to it under the Final Judgments. As demonstrated below and by the evidence submitted by Highland, there is more than enough money in the Registry to satisfy the Final Judgments. Highland's attempt to collect more than it is allegedly owed is an unwarranted and transparent attempt to continue to harass and burden Defendants and an attempt to unjustly enrich itself at the expense of Defendants. Therefore, Highland's collection efforts should be stopped, and the Motion should be denied.

## II.  RESPONSE

1.  On January 22, 2021, Highland commenced five adversary proceedings against each Defendant respectively in the United States Bankruptcy Court for the Northern District of Texas. On November 9, 2021, Highland commenced a sixth adversary proceeding against NAM.

The six adversary proceedings are collectively called the "Note Actions." Each of the Note Actions were brought to collect amounts under promissory notes executed by Highland.

2. On July 6, 2023, the Court entered Orders Adopting Report and Recommendation and Final Judgment, pursuant to which the Court accepted the bankruptcy court's recommendation that summary judgment be entered against Defendants in the Notes Actions.

3. On August 3, 2023, the Court entered the Bonding Order and the Final Judgments against Defendants [Dkts. 142-149]. Subsequently, pursuant to the Bonding Order, Defendants deposited cash into the Registry in the total amount of $68,902,707.24. Motion at ¶ 10. Defendants also made additional deposits into the Registry in the amount of $73,709.12 to comply with top-up interest requirements, making up the difference between the interest earned on the deposits in the Registry and the judgment rate applicable to the Final Judgments as of the date of each of the deposits. Motion at ¶ 11. As of October 31, 2024, $4,457,434.44 in interest has accrued on the cash deposited in the Registry.

4. Defendants appealed the Final Judgments, and the Fifth Circuit issued an opinion affirming the Final Judgments. On November 5, 2024, the mandate was issued with respect to the appeal. Motion at ¶ 19.

5. Also on November 5, 2024, Highland filed its Motion, asking the Court to direct the Clerk to pay to Highland all the funds in the Registry "in partial satisfaction of the Final Judgments, with such Total Cash Security being credited against the respective Final Judgments…." Motion at ¶ 20.

6. The Court should refuse Highland's request. The funds in the Registry are more than sufficient to satisfy the Final Judgments, and thus the funds should not be released to Highland in partial satisfaction of the Final Judgments.

7. Highland's Motion provides no calculations as to how much it believes is owed and fails to explain how the funds in the Registry are insufficient. Highland submitted a Declaration of Daivd Klos ("Klos Declaration") in support of the Motion, which supposedly provided "the reasons … that the Total Cash Security [] is insufficient to fully satisfy the Final Judgments, plus interest." Motion at ¶ 2. The Klos Declaration, however, does no such thing.

8. The only explanation in the Klos Declaration with respect to how the amounts in the Registry are not sufficient to satisfy the Final Judgments is the following conclusory paragraph:

> Highland disputes that Defendants paid the proper amount of Top Up Interest for several reasons. For example, (a) Top Up Interest should have been determined based on postjudgment interest accruing from July 31, 2023 (the date of the Final Judgments) rather than from the date Defendants chose to post the Cash Security (which are the dates Defendants improperly used to calculate Top Up Interest), and (b) Defendants have not paid any Top Up Interest since February 2, 2024 [Docket No. 187].

Klos Declaration at ¶ 15.

9. The flaw in Highland and Mr. Klos's calculations derives from Highland's claim that it is entitled to compounding interest, as well as cumulative interest above 5.35%. Specifically, Highland claims that it is entitled to interest on all amounts in the Registry, including the top-up payments made by Defendants and any interest earned above 5.35% annually, and not just 5.35% annual interest on the original judgment amounts deposited by Defendants into the Registry. *See* Klos Declaration at ¶¶ 14-15. In other words, although Defendants do not have access to Highland's calculations (which were never provided), it is clear that Highland is not calculating interest in accordance with the specific terms of the Final Judgments. Highland incorrectly calculated how much it is owed, not from the bond amounts, but instead from the bond amounts plus the additional top-up payments made by Defendants in accordance with the Court's Bonding

Order and without consideration of cumulative interest over "5.35% compounded annually," as specifically ordered in the Final Judgments.

10. As the calculations in **Exhibit 1**—which correctly calculates interest from the terms set forth in the Final Judgments—demonstrate:

a. The total interest that has been paid into the Registry by Defendants is $4,531,143.57, and the total amount of interest owed to Highland as of October 31, 2024, is $3,752685.25, leaving a surplus in the Registry of $778,458.32.

b. The cumulative average interest rate earned within the Court Registry on both the principal bond amounts and the top-up interest payments made by Defendants was 5.44%. Per the Final Judgments, Highland is not entitled to interest above 5.35% compounded annually. Top-up interest payments were required to provide security in the event interest earned in the registry of the court was lower than 5.35% annually. Because top up payments were calculated monthly, in some months, payments were required. But in many months, the money earned on the deposited funds exceeded the post-judgment interest rate of 5.35%, either because the rate was higher or because interest was accruing on amounts higher than the Final Judgment amounts because of the presence of earned interest and top-up interest payments in the registry of the court. Notwithstanding these overages, periodic refunds were ***not*** made to Defendants. Highland seeks to misuse the top-up interest provision, which was intended to ensure that the interest earned was at least 5.35% annually, ***not to change the court-ordered post judgment interest***. Is short, Highland is not entitled to interest over 5.35% annually.

11. The per diem amounts Highland provides in its motion for interest to accrue after October 31, 2024 are also inflated. These are simple calculations for interest compounded annually

at 5.35%. Again, while Defendants do not have access to the calculations made by Highland to compute the per diem amounts in ¶ 20 of the Motion, it is clear that Highland's calculations include compounding interest, including on funds that do not belong to Highland, which would unjustly enrich Highland with funds that belong to Defendants. *See* **Exhibit 2**.[1]

12.    Accordingly, Highland has failed to properly calculate the interest and failed to demonstrate why the amounts in the Registry are not sufficient to satisfy the Final Judgments. The Motion should be denied.

### III.    CONCLUSION

WHEREFORE, Defendants respectfully request that the Court deny the motion and grant Defendants any further relief as the Court deems just and proper.

---

[1] Additionally, the "Total Cash Security" amounts in the same table as the per diem amounts suggested by Highland in ¶ 20 of the Motion match the "Net Total" figures in the "Ending Balance" rows in the October 31, 2024 reports from the Court appended to the Klos Declaration supporting the Motion, but it is clear in the very same reports that Highland/Klos are calculating from "Principal" amounts that include Defendants' top-up interest payments. Although it would make sense that these reports would quantify the top-up interest payments as if they were additional principal, as those funds were additional cash that increased the amount on which they are calculating their interest, the top-up interest payments are in fact interest payments, as the name clearly states, and Highland is not entitled to interest on interest under the Final Judgments. Instead, the interest should be calculated from the judgment amounts enumerated in each of the Final Judgments. *See* **Exhibits 1 and 2**.

Respectfully submitted,

**STINSON LLP**

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez
Texas Bar No. 24036072
Michael P. Aigen
Texas Bar No. 24012196
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
Telephone: (214) 560-2201
Facsimile: (214) 560-2203
Email: deborah.deitschperez@stinson.com
Email: michael.aigen@stinson.com

*Counsel for James Dondero, NexPoint Asset Advisors, Management, L.P., NexPoint Advisors, L.P., Highland Capital Management Services, Inc., NexPoint Real Estate Partners, LLC, and The Dugaboy Investment Trust*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 26, 2024, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.

*/s/ Deborah Deitsch-Perez*
Deborah Deitsch-Perez

CORE/3522697.0002/193841885.7