PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910; Fax: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
MHayward@HaywardFirm.com
Zachery Z. Annable (Texas Bar No. 24053075)
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100; Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Reorganized Debtor. | § § § § § § § Chapter 11<br><br>Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., et al.,<br><br>Defendants. | § § § § § § § § § § § § § § Case No. 3:21-cv-00881-X<br><br>(Consolidated with 3:21-cv-00880; 3:21-cv-01010; 3:21-cv-01360; 3:21-cv-01362; 3:21-cv-01378; 3:21-cv-01379; 3:21-cv-03207; 3:22-cv-0789) |

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

**HIGHLAND'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR AN ORDER OF WITHDRAWAL PURSUANT TO 28 U.S.C. § 2042 WITH RESPECT TO THE JUDGMENTS ENTERED AGAINST DEFENDANTS**

Highland Capital Management, L.P. ("Plaintiff" or "Highland"), the plaintiff in the above-captioned consolidated Action[2] and the reorganized debtor in the above-captioned Bankruptcy Case, by and through its undersigned counsel, files this reply to Defendants' *Response in Opposition to Plaintiff's Motion for an Order of Withdrawal Pursuant to 28 U.S.C. § 2042 with Respect to the Judgments Entered Against Defendants* [Docket No. 228] (the "Opposition"). In reply to the Opposition and in further support of the Motion, Highland respectfully states as follows:

**REPLY**

1. Whether mistakenly or malevolently in error, Defendants' Opposition is arithmetically and legally wrong. In fact, the Opposition proves that Plaintiff is entitled to an order from this Court directing the Clerk of the Court to immediately turnover to Plaintiff all amounts in the Registry deposited to secure the Final Judgments.[3]

**There Is No Genuine Dispute That Paid Interest Is Less Than Interest Due**

2. There is no dispute that the aggregate amount of the Final Judgments equals $68,902,707.24 (the "Combined Judgment Amount" or the "Cash Security"), the aggregate

---

[2] "Action" and all other terms not otherwise defined herein have the meanings ascribed to them in Highland's *Motion for an Order of Withdrawal Pursuant to 28 U.S.C. § 2042 with Respect to the Judgments Entered Against Defendants* [Docket No. 223] (the "Motion") or the respective Final Judgments, as the case may be.

[3] As a professional courtesy, and in an effort to alleviate the burden on the Court and the parties, Highland immediately brought the basic and obvious arithmetical errors to the attention of Defendants' counsel on Wednesday morning, November 27, and demanded that Defendants withdraw the Opposition and consent to the relief requested in the Motion. Defendants' counsel stated that they would "look into" Highland's contentions but would be unable to respond until November 29. The afternoon of November 29, Defendants' counsel stated Defendants would issue a "correction" later that day or on Monday, December 2, but ignored Highland's specific inquiry as to whether Defendants would consent to the relief requested. Given the egregious and fatal nature of Defendants' arithmetical errors, Defendants' continued refusal to consent to the relief requested necessitated the filing of this Reply.

amount Defendants deposited into the Registry in 2023. Opposition ¶3; Bonding Stipulation (first recital).

3. There is also no dispute that the Final Judgments provide that interest accrues on the Combined Judgment Amount at the applicable Federal Judgment Rate ("FJR") of 5.35% per annum up to the date of satisfaction, and accrued interest is compounded annually. *See Order Adopting Report and Recommendation and Final Judgment* [Docket No. 128] at 8; *Order Adopting Report and Recommendation and Final Judgment* [Docket No. 133] ¶4. *See also* Opposition ¶¶ 9 and 10(b) (recognizing requirement that interest be "compounded annually").[4]

4. To secure the Final Judgments pending appeal to the Fifth Circuit, at various times in 2023 following entry of this Court's order granting the Bonding Motion [Docket No. 149], the Defendants deposited the Cash Security into the Registry. Opposition ¶3.

5. The Parties agree that, through October 31, 2024, interest in the aggregate amount of $4,531,143.57[5] was added to the Cash Security (the "Paid Interest"). Opposition ¶10(a). Thus, as of October 31, 2024, the Registry held a total of $73,433,850.81 to secure the Final Judgments.

6. Defendants contend that the Paid Interest exceeds the amounts due to Highland for post-judgment interest at the FJR. Opposition ¶10(a). But simple arithmetic—even using one of Defendants' erroneous assumptions—proves that Paid Interest is less than the required FJR interest due and owing to Highland as of October 31, 2024, and Highland is entitled to the entire amount held in the Registry.

---

[4] Notwithstanding this recognition, Defendants' calculation of amounts due did not actually include any annual compounding of interest—an error Highland accepts for purposes of this Motion only. Highland reserves the right to seek interest that includes the effects of compounding.

[5] Paid Interest included interest earned at the Registry plus any Top-Up Interest paid into the Registry by Defendants to cover Registry earnings shortfalls versus the 5.35% FJR. Highland calculates a *de minimis* difference of $0.01.

7. Defendants assume that post-judgment interest should be calculated during a 456-day period from August 3, 2023 (the date the amended judgments were entered) and October 31, 2024 (the last day before "per diem" interest begins) (the "Interest Day Assumption"). *See* Opposition, Ex. 1, column 4.[6]

8. Based on the three applicable inputs ((i) the Cash Security, (ii) the FJR, and (iii) the Interest Day Assumption, all of which Highland and Defendants agree on for purposes of this Motion), Paid Interest ($4,531,143.57) is indisputably less than the interest legally due under the Final Judgments: **(i) $68,902,707.24 x (ii) 5.35% / 365 x (iii) 456 = $4,605,343.69** ("Interest Due").

9. Since Paid Interest was $74,200.12 *less* than Interest Due, the Court should grant the Motion and direct the Clerk to immediately release all funds in the Registry to Highland, subject to Highland's reservation of rights.

**Defendants' Analysis Contains Numerous (and Obvious) Arithmetic Errors**

10. Defendants' analysis (**Exhibit A** attached hereto (highlighting added)) contains eight (8) obvious arithmetical errors which—when corrected—again prove that Paid Interest is less than Interest Due. Quite simply, in eight separate rows of their spreadsheet, Defendants **added** per diem interest to the number of days instead of **multiplying** per diem interest amount by the number of days. This obvious error **understates the Interest Due by $852,658.44** and magically converts a deficit into an imaginary "surplus." *See* Opposition ¶10(a).

11. As set out on Exhibit A, the fifth column of the spreadsheet purports to show the product of per diem interest multiplied by the Interest Day Assumption (*i.e.*, 456 days).

---

[6] Highland accepts the Interest Day Assumption for purposes of this Motion only and reserves the right to seek interest from July 31, 2023 (the stipulated date of the Final Judgments), plus all required compound interest.

12.  But beginning in the second row of column 5 and continuing with *every* third row thereafter, the calculation is simply—and egregiously—wrong. The incorrect entries are pulled from Exhibit A and described below (annotated Exhibit A highlights the errors):

| **Summary of basic math** | A | B | | A + B | A x B | |
|---|---|---|---|---|---|---|
| Judgment Debtor [Dkt ref] | Judgment amount [Reference Judgment Debtors Ex. 1] | Per Diem [Reference Judgment Debtors Ex. 1] | # Days per Defendants [Reference Judgment Debtors Ex. 1] | Incorrect Calculation of Interest Total per Judgment Debtors | Correct Highland re-calculation[7] | Difference due to basic math errors |
| NPAM (HCMFA) [Dkt. 143 P2] | $5,452,960.55 | $ 799.27 | 456 | $ 1,255.27 | $ 364,466.92 | $ 363,211.65 |
| NPAM (HCMFA) [Dkt. 144 P2] | 1,034,106.08 | 151.57 | 456 | 607.57 | 69,117.95 | 68,510.38 |
| NPA [Dkt. 145 P2] | 1,102,978.87 | 161.67 | 456 | 617.67 | 73,721.29 | 73,103.62 |
| NREP (HCRE) [Dkt. 146 P3] | 1,061,829.42 | 155.64 | 456 | 611.64 | 70,970.93 | 70,359.29 |
| NREP (HCRE) [Dkt. 146 P6] | 556,279.67 | 81.54 | 456 | 537.54 | 37,180.82 | 36,643.28 |
| HCMS [Dkt. 147 P3] | 436,232.03 | 63.94 | 456 | 519.94 | 29,157.03 | 28,637.09 |
| HCMS [Dkt. 147 P6] | 332,249.78 | 48.70 | 456 | 504.70 | 22,207.03 | 21,702.33 |
| Dondero [Dkt. 148 P1] | 2,863,123.24 | 419.66 | 456 | 875.66 | 191,366.45 | 190,490.79 |
| Total | | | | $ 5,529.99 | $ 858,188.43 | $ **852,658.44** |

13.  Again, it appears that for these specific entries, instead of *multiplying* (AxB) the per diem interest by the number of days to determine aggregate interest owed, Defendants mistakenly *added* (A+B) one day of per diem interest to $456.00 [sic]: a simple and obvious material error.

14.  The aggregate amount of these obvious arithmetical errors equals $852,658.44—an amount that exceeds the $778,458.32 that Defendants mistakenly contend is a "surplus." Opposition ¶10(a).

---

[7] Solely for purposes of demonstrating the magnitude of Defendants' basic arithmetical error, Highland has re-calculated the interest using Defendants' non-compounding convention. A full calculation of the amounts due to Highland under the Final Judgments, with proper compounding and the current per diem interest amount, is set out on **Exhibit B** hereto.

15. Thus, using Defendants' own analysis (and ignoring any of its other faults (*e.g.*, actual days, lack of required compounding)), but simply correcting for their eight obvious arithmetical errors, Paid Interest is indisputably less than Interest Due. Therefore, the Court should grant the Motion and direct the Clerk to disburse all amounts in the Registry, subject to Highland's reservation of rights to seek such further and additional interest and costs it contends are due and owing.

## CONCLUSION

WHEREFORE, Highland respectfully requests that the Court grant the Motion, enter the Proposed Order, and grant Highland any further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: November 29, 2024 | **PACHULSKI STANG ZIEHL & JONES LLP**<br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>John A. Morris (NY Bar No. 2405397)<br>Gregory V. Demo (NY Bar No. 5371992)<br>Hayley R. Winograd (NY Bar No. 5612569)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email: jpomerantz@pszjlaw.com<br>  jmorris@pszjlaw.com<br>  gdemo@pszjlaw.com<br>  hwinograd@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>MHayward@HaywardFirm.com<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100<br>Fax: (972) 755-7110<br><br>*Counsel for Highland Capital Management, L.P.* |