UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br> *Plaintiff,* <br><br> v. <br><br> NEXPOINT ASSET MANAGEMENT, L.P., (F/K/A HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.), et al., <br><br> *Defendants.* | § § § § § § § § § § § § § § § § § | Civil Action No. 3:21-CV-0881-X <br><br> Consolidated with: <br> 3:21-CV-0880-X <br> 3:21-CV-1010-X <br> 3:21-CV-1378-X <br> 3:21-CV-1379-X <br> 3:21-CV-3160-X <br> 3:21-CV-3162-X <br> 3:21-CV-3179-X <br> 3:21-CV-3207-X <br> 3:22-CV-0789-X |

**MEMORANDUM OPINION AND ORDER**

This Court has the power to enjoin litigants who engage in frivolous and vexatious litigation tactics before this Court. The Plaintiff in this case asks the Court to shut down future potential litigation brought by both the Defendants and other non-parties to this suit based on their litigation actions and appeals taken in other courts. The Court declines to do so. Before the Court are Plaintiff Highland Capital Management, L.P.'s ("Highland") Motion to Deem the Dondero Entities Vexatious Litigants (Doc. 136); multiple motions to strike Highland's reply and supplemental appendix (Docs. 194, 196, 197, 198); and a joint motion for a hearing on Highland's motion (Doc. 209). Highland has also filed multiple status reports requesting the Court take judicial notice of other judicial opinions and orders released since the filing

1

of its original motion.[1] Defendants objected to one of those requests. (Doc. 206). After reviewing the law and the parties' briefing, the Court **DENIES** Highland's Motion to Deem the Dondero Entities Vexatious Litigants. (Doc. 136). As the Court has denied the motion, the Court finds all relevant motions to strike (Docs. 194, 196, 197, 198) and Defendants' objections (Doc. 206) to be **MOOT**. The Court finds the issues have been more than adequately briefed and finds no reason to have a hearing on this motion and the issues presented. The Court **DENIES** the joint motion for a hearing. (Doc. 209).

## I.    Background

This case is a consolidation of multiple cases stemming from the same bankruptcy case with similar claims. The cases were consolidated before this Court. (Doc. 24). On July 14, 2023, Highland filed a motion to deem the Dondero Entities vexatious litigants. (Doc. 136). On August 3, 2023, the Court entered final judgments on the note claims (Doc. 143–148), pursuant to the parties' stipulation and motion (Doc. 139). These judgments were appealed (Doc. 153-158), and the Fifth Circuit affirmed. (Doc. 226, 227). Throughout the pendency of the appeal, the parties filed additional briefing on the All Writs Act at the Court's request, and Highland filed additional status reports asking the Court to take judicial notice of other opinions related to the parties present in this case.

---

[1] Docs. 205, 212, 222, 225.

## II. Legal Standard

The inherent powers of federal courts includes "the authority to sanction a party or attorney when necessary to achieve the orderly and expeditious disposition of [the court's] docket."[2] To impose a sanction using its inherent powers, the Court must make a specific finding of bad faith.[3] The standard for such a sanction is "extremely high."[4] "The [C]ourt must find that the very temple of justice has been defiled by the sanctioned party's conduct."[5]

"Federal courts also have authority to enjoin vexatious litigants under the All Writs Act"[6] as a check against parties "who abuse the court system and harass their opponents."[7] With this power, the Court can "enjoin[] future filings to protect its jurisdiction and control its docket."[8] But "an injunction against future filings must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants."[9]

## III. Analysis

Highland seeks a sweeping injunction that would enjoin multiple Dondero related or adjacent entities—some who are before this Court, some who are not—from

---

[2] *In re Carroll*, 850 F.3d 811, 815 (5th Cir. 2017) (per curiam).

[3] *Goldin v. Bartholow*, 166 F.3d 710, 722 (5th Cir. 1999).

[4] *Id.*

[5] *Id.* at 722–23 (cleaned up).

[6] *In re Carroll*, 850 F.3d at 815.

[7] *Clark v. Mortenson*, 93 F. App'x 643, 654 (5th Cir. 2004).

[8] *Id.*

[9] *Id.* (cleaned up).

3

pursuing, instituting, or commencing a claim or cause of action of any kind, including regulatory or administrative actions, against multiple Highland related entities—some who are before this Court, some who are not—which arise from or are related to the underlying bankruptcy case or the management of any of the Highland entities or properties. The plaintiff, defendants, and third parties have filed briefs on this issue, arguing about, among other things, jurisdiction, scope, and sanctionable conduct.

This Court declines to enter such an injunction in this case. First, this case arises from a case in bankruptcy court, and it is not necessary for this Court to act here where the bankruptcy court can and has. Chief Judge Jernigan has the jurisdiction and power to issue sanctions and pre-filing injunctions, where appropriate.[10] Even more on point, the Circuit Court has stated that this bankruptcy court has power to sanction James Dondero as a vexatious litigant.[11] The bankruptcy court has already entered a Gatekeeper Order to prohibit claims by Dondero and others against Highland Capital and related entities under the Fifth Amended Plan of Reorganization, which has been affirmed by the Fifth Circuit.[12]

---

[10] *See In re Carroll*, 850 F.3d 811, 815 (5th Cir. 2017) (per curiam) ("We begin by noting the bankruptcy court has numerous tools by which to sanction the conduct of individuals. . . . [A] bankruptcy court can issue any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the bankruptcy code.")

[11] *In re Highland Capital Mgmt., L.P.*, 48 F.4th 419, 439 n.19 (5th Cir. 2022) ("Nothing in this opinion should be construed to hinder the bankruptcy court's power to enjoin and impose sanctions on Dondero and other entities by following the procedures to designate them vexatious litigants.") (citing *In re Carroll*, 850 F.3d at 815).

[12] *See id.* at 439.

Second, the proposed injunction is beyond the scope of that permitted by the Fifth Circuit. The Fifth Circuit has struck provisions of a district court's pre-filing injunction that enjoined a party from filing in federal appellate courts, state agencies, and state courts.[13] Highland seeks a claim-based injunction that could reach into federal agencies, other federal courts, state courts, and state agencies. "[T]hose courts or agencies are capable of taking appropriate action on their own."[14]

Third, this case is limited to claims related to a series of loans. The final judgments in this case have been affirmed by the Fifth Circuit Court of Appeals, and the parties have reached a stipulation as to the amount in the Court registry, which the Court has accepted and signed. (Doc. 233). It would be inappropriate for this Court to now, at the end of this dispute, enter a pre-filing injunction over multiple entities and persons that subjects those individuals to this Court's control.

For these reasons, the Court disagrees that a vexatious litigant finding or pre-filing injunction is appropriate at this time. Should any party before this Court undertake vexatious or bad-faith conduct in other cases before this Court, the Court may revisit this issue upon an appropriate motion in such a case.

### IV. Conclusion

The Court **DENIES** Highland's Motion (Doc. 136); **FINDS AS MOOT** the non-movant's and third-parties' related motions to strike the reply (Docs. 194, 196, 197, 198); and **DENIES** the joint motion for a hearing (Doc. 209).

---

[13] *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 192 (5th Cir. 2008).

[14] *Id.* (cleaned up).

**IT IS SO ORDERED,** this 23rd day of December, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE